Dan Jacobson SBN 134978
dlj@jacobsonlawyers.com
Ronak Patel SBN 296296
rp@jacobsonlawyers.com
JACOBSON & ASSOCIATES
315 Centennial Way
Tustin, CA   92780
Tel:    (714) 505-4872
Fax:    (714) 730-5400

Attorneys for Defendant & Crossclaimant,
MICHAEL COHEN

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEATBOX MUSIC PTY, LTD.<br><br>Plaintiff,<br><br>v.<br><br>LABRADOR ENTERTAINMENT INC., et al.<br><br>Defendants. | Case No.: 2:17-cv-06108-MWF-JPR<br><br>**MICHAEL COHEN'S CROSS CLAIM AGAINST LABRADOR ENTERTAINMENT, INC. FOR:**<br><br>(1)  **EXPRESS INDEMNITY**<br>(2)  **EQUITABLE INDEMNITY**<br>(3)  **BREACH OF CONTRACT** |
| MICHAEL COHEN, an individual;<br><br>Cross-Claimant,<br><br>v.<br><br>LABRADOR ENTERTAINMENT INC., D/B/A SPIDER CUES MUSIC LIBRARY, a California Corporation;<br><br>Cross-Defendant. | Courtroom:  5A<br>Judge:      Hon. Michael W. Fitzgerald<br><br>Complaint Filed:    August 17, 2017<br>Cross-Claim Filed:  November 21, 2017<br>Trial Date:         None Set |

- 1 -

1    Crossclaimant, Michael Cohen ("Cohen"), alleges as follows:

2                                    **PARTIES**

3    1.    Cohen is an individual residing in Los Angeles County, California.

4          Cohen's vocation involves the composition of music.

5    2.    Cross-Defendant, Labrador Entertainment, Inc., D/B/A Spider Cues

6          Music Library ("Labrador"), is a California Corporation with its central

7          office located at 22400 Sentar Road, Woodland Hills, California 91364.

8                          **JURISDICTION AND VENUE**

9    3.    Cohen's Crossclaim arises out of the same transaction or occurrence

10         which is a subject matter of the Complaint filed by Plaintiff, Beatbox

11         Music Pty., Ltd. ("Plaintiff" or "Beatbox"), against Cohen and Labrador in

12         the above-captioned matter.  (*See, e.g.,* Paragraph 12 of the Complaint

13         (ECF 1) filed by Beatbox, in which Beatbox alleges the existence of the

14         agreement upon which this Crossclaim is based.)  Therefore, this Court

15         has jurisdiction over this Cross-Claim pursuant to Section (g) of Rule 13

16         of the Federal Rules of Civil Procedure.

17   4.    Venue in this court is proper pursuant to 28 U.S.C. § 1391(b)(1) because it

18         is the judicial district in which the Cross-Defendants reside.  On an

19         equally proper basis, venue in this court would also be proper pursuant to

20         28 U.S.C. § 1391(b)(2) because this judicial district is where a substantial

21         part of the events giving rise to this dispute occurred.

22                                    **FACTS**

23   *Cohen's Profession As A Musical Composer*

24   5.    Cross-Claimant Cohen is and has been regularly engaged in the

25         composition of music as his profession.  Cohen is a member of the

26         American Society of Composers, Authors, and Publishers ("ASCAP").

27   6.    Cohen regularly composes songs for a variety of entities and/or offers

28         such entities various types of licensing rights in exchange for royalties on

- 2 -

1    those songs.

2    *Cohen's Business and Contractual Relationship with Labrador*

3    7.    Labrador is a California Corporation operated by Noel Palmer Webb, an

4          individual residing in Los Angeles, California, who currently serves as the

5          Labrador's Chief Executive Officer, Secretary, Chief Financial Officer,

6          and as its only Director.

7    8.    At some time towards the beginning of 2008, Labrador entered into

8          negotiations with Cohen to acquire the right to license various musical

9          compositions which Cohen created.

10   9.    A copy of the Composer's Agreement is attached hereto as **Exhibit A**.

11         (Please note that **Exhibit A** came from the plaintiff's complaint, and thus

12         bears the marks resulting from the filing of that complaint.)  The effective

13         date of the Composer's Agreement was February 14, 2008.

14   *Musical Composition Use and Licensing Rights under the Composer's Agreement*

15   10.   Per Section 1.1 of the Composer's Agreement, Labrador received certain

16         limited rights to the musical compositions which were subject to the

17         Composer's Agreement.

18   11.   Pursuant to Section 1.1(f) of the Composer's Agreement (which

19         incorporates Section 1.1(e) of the Composer's Agreement), Labrador was

20         prohibited from licensing the right to "alter, expand, adapt, and translate

21         the Composition(s)" to a third party unless it required that the third party

22         first consult with Cohen about any such alteration, expansion, adaptation,

23         or translation.

24   *Indemnity and Payment Obligations under the Composer's Agreement*

25   12.   The Composer's Agreement also imposes certain indemnity and payment

26         obligations on Labrador with respect to Cohen.

27   13.   Pursuant to Section 6.1 of the Composer's Agreement, Labrador is

28         required to "indemnify and hold [Cohen] free, safe, and harmless from and

- 3 -

against any losses, damages, actions, causes of actions, expenses or liabilities, including without limitation, reasonable attorney's fees and costs, whether incurred before or after the entry of judgement, resulting from or by reason of . . . . any third party claims resulting from [Labrador's] exercise of its rights hereunder . . . . to alter [and] adapt the Compositions pursuant to the terms of the Agreement."

14. Among other payment obligations, Section 2.1 of the Composer's Agreement requires that "[i]n the event that [Labrador] obtains interest from a third party to license the Composition(s) outside of the film trailer market and [Labrador] issues such license for the Composition(s) to such third party, [Labrador] shall pay [Cohen] a sum equal to fifty percent (50%) of any and all gross monies received from any mechanical, license, and synchronisation income received by [Labrador]."

***The Licensed Composition***

15. Among several dozen other songs, the Composer's Agreement contained a song titled "SQ mc eminem esque" (hereinafter the "Licensed Composition").

16. The Licensed Composition was two minutes and twenty two seconds in length, and was an original work.

***Labrador's Improper Use and Licensing of the Licensed Composition***

17. In or about 2009, Labrador entered an agreement with Beatbox which licensed the rights to various musical compositions, including the Licensed Composition (the agreement is hereinafter referred to as the "2009 Labrador-Beatbox Agreement").  A copy of the 2009 Labrador-Beatbox Agreement is attached hereto as **Exhibit B**.

18. The 2009 Labrador-Beatbox Agreement included no provisions which required Beatbox to consult with Cohen if they wished to alter, expand, adapt, and/or translate music created by Cohen, such as the Licensed

- 4 -

MICHAEL COHEN'S CROSSCLAIM AGAINST LABRADOR ENTERTAINMENT, INC.

Composition.

19. In February 2014, Labrador and Beatbox executed an amendment to the 2009 Labrador-Beatbox Agreement (the "2014 Labrador-Beatbox Amendment").  A copy of the 2014 Labrador-Beatbox Amendment is attached hereto as **Exhibit C**. (Please note that **Exhibit C** came from the plaintiff's complaint, and thus bears the marks resulting from the filing of that complaint.) The 2014 Labrador-Beatbox Amendment had an effective date of February 22, 2014.

20. The 2014 Labrador-Beatbox Amendment did not include any requirements that Beatbox consult with Cohen prior to altering, expanding, adapting, and/or translating music created by Cohen, such as the Licensed Composition.

21. Since entering the Composer's Agreement, Cohen has received several payments from Labrador for use of his music, as well as further requests for additional musical compositions.

22. When notifying Cohen of payments, Labrador specified the nature of the source of the payments, such as the television program his musical compositions were used in or the country his musical compositions were used in.

23. Labrador notified Cohen of a payment to him on May 19, 2014.  Labrador payed Cohen nine hundred and twenty five dollars and twenty nice cents for general use in "Spider Cues US and International sync projects." There was no specification of use of any of his music compositions in New Zealand.

24. Since the May 19, 2014 payment to Cohen, Labrador has made no further payments to Cohen.

***The Unauthorized Alteration and/or Adaptation of the Licensed Composition***

25. In or prior to 2014, Beatbox provided the Licensed Composition to the

1   Australian Mechanical Copyright Owners Society ("AMCOS").

2   26.   In or about 2014, AMCOS provided the Licensed Composition to the New

3   Zealand National Party (the "NZ Party").

4   27.   The NZ Party did not use the Licensed Composition in its original form.

5   Instead of using the full two minute and twenty two second track, the NZ

6   Party altered and/or adapted the Licensed Composition and used the

7   altered and/or adapted version in both television and radio commercials in

8   New Zealand, reordering small, disconnected segments of the Licensed

9   Composition into a short musical piece.

10   28.   Neither the NZ Party, Beatbox, Labrador, AMCOS, nor any other party

11   consulted with Cohen prior to adapting and/or altering the Licensed

12   Composition in this manner.  Cohen never otherwise authorized this

13   alteration and/or adaptation, and would not have authorized it had he been

14   consulted, as it fundamentally changed the nature of his original work.

15   29.   The NZ Party used the unauthorized alterations and/or adaptions of the

16   Licensed Composition in its television and radio commercials in 2014.

17   30.   After using the unauthorized alterations and/or adaptations of the Licensed

18   Composition, the NZ Party was notified by Eminem and his associated

19   publishing entities (Eminem and these entities are, collectively, "8 Mile"),

20   that it believed the unauthorized alterations and/or adaptations of the

21   Licensed Composition constituted an infringement of its copyrighted

22   musical composition, "Lose Yourself."  8 Mile demanded that payment of

23   one and a half million dollars for copyright infringement from the NZ

24   Party.

25   31.   The NZ Party ceased use of the unauthorized alterations and/or

26   adaptations of the Licensed Composition, but refused to pay the monetary

27   damages demanded by 8 Mile.

28   32.   Subsequent to the NZ Party's refusal to comply with 8 Mile's demand,

MICHAEL COHEN'S CROSSCLAIM AGAINST LABRADOR ENTERTAINMENT, INC.

litigation ensued before the High Court of New Zealand between the NZ Party and 8 Mile (the "NZ Litigation").  Eventually, AMOCS, Beatbox, and Labrador were added as parties to the NZ Litigation.

***Labrador Has Not Yet Indemnified Cohen***

33.   Despite its indemnity obligations to Cohen and its misuse of the Licensed Composition, Labrador subsequently added Cohen as a party to the NZ Litigation.  The High Court of New Zealand does not have jurisdiction over Cohen in the NZ Litigation.

34.   In or about August 2017, Beatbox filed this current action, naming Labrador, Webb, and Cohen as defendants.

35.   Despite its indemnity obligations to Cohen, Labrador has not indemnified Cohen.

<u>FIRST CAUSE OF ACTION</u>

EXPRESS INDEMNITY

36.   Cohen re-alleges and incorporates by reference the allegations set forth in Paragraphs 1 through 35, inclusive, as though fully set forth herein.

37.   Cohen and Labrador entered into the Composer's Agreement which, among other things, included an indemnity provision.

38.   Pursuant to the indemnity provisions contained in Section 6.1 of the Composer's Agreement, Labrador is obligated to "indemnify and hold [Cohen] free, safe, and harmless from and against any losses, damages, actions, causes of actions, expenses or liabilities, including without limitation, reasonable attorney's fees and costs, whether incurred before or after the entry of judgement, resulting from or by reason of . . . . any third party claims resulting from [Labrador's] exercise of its rights hereunder . . . . to alter [and] adapt the Compositions pursuant to the terms of the Agreement."

39.   Furthermore, Section 1.1(f) of the Composer's Agreement (which

MICHAEL COHEN'S CROSSCLAIM AGAINST LABRADOR ENTERTAINMENT, INC.

incorporates Section 1.1(e) of the Composer's Agreement), prohibited Labrador from licensing the right to "alter, expand, adapt, and translate the Composition(s)" to a third party unless it required that the third party first consult with Cohen about any such alteration, expansion, adaptation, or translation.

40.     Notwithstanding, Labrador violated Section 1.1(f) of the Composer's Agreement by licensing the Licensed Composition to Beatbox without including this limitation, after which a downstream party, i.e. the NZ Party, altered and/or adapted the Licensed Composition without first consulting with Cohen.  This in turn has exposed Cohen to litigation and other claims.

41.     As a proximate result of Labrador's actions, Cohen has incurred and continues to incur an undetermined amount of damages, including, but not necessarily limited to, the reasonable attorney's fees incurred thus far in this action.

42.     By virtue of the Composer's Agreement and/or any other applicable law, Labrador must hold Cohen harmless and indemnify him for the amount of any judgement or settlement, and for its reasonable attorneys fees, costs, and any other damages or costs which Cohen incurs in connection with Labrador's improper exploitation of the Licensed Composition.  The total amount of reasonable attorneys fees, costs, and other damages is not presently known, and Cohen will ask leave of this Court to insert the amount at the time of trial.

### SECOND CAUSE OF ACTION

### EQUITABLE INDEMNITY

43.     Cohen re-alleges and incorporates by reference the allegations set forth in Paragraphs 1 through 35, inclusive, as though fully set forth herein.

44.     On or about August 17, 2017, Beatbox filed the Complaint in the above-

captioned action against Cohen and Labrador. For the purposes of indemnification and without admitting the truth of the allegations contained therein, Cohen incorporates the Complaint by reference. In the Complaint, Beatbox alleges that it has suffered damages and is entitled to relief as a result of the actions of Cohen and Labrador, which Beatbox alleges amount to a breach of contract and a breach of the covenant of good faith and fair dealing, and by virtue of Labrador's express indemnity obligations under the Composer's Agreement.

45.   Cohen has denied the allegations contained in the Complaint against it. In the event that it is determined that any of Beatbox's charging allegations are true and Beatbox has suffered any damages or injury whatsoever, said damages or injuries were caused by the acts or omissions of Labrador, and not by the acts or omissions of Cohen.

46.   In the event that Cohen is subjected to liability to Beatbox, Cohen is entitled to be indemnified in full by Labrador, for such costs, attorneys fees, and other expenses which have been and in the future may be incurred by Cohen in the defense of this action. An actual controversy has arised and now exists between Cohen and Labrador, concerning the above-mentioned right of full indemnification of Cohen by Labrador.

### THIRD CAUSE OF ACTION

### BREACH OF CONTRACT

47.   Cohen re-alleges and incorporates by reference the allegation set forth in Paragraphs 1 through 35, inclusive, as though set fully set forth herein.

48.   Cohen and Labrador entered into an express contract, i.e. the Composer's Agreement, which imposed various obligations upon Labrador.

49.   Pursuant to Section 1.1(f) of the Composer's Agreement (which incorporates Section 1.1(e) of the Composer's Agreement), Labrador was prohibited from licensing the right to "alter, expand, adapt, and translate

the Composition(s)" to a third party unless it required that the third party first consult with Cohen about any such alteration, expansion, adaptation, or translation. including the Licensed Composition.

50. Labrador did not impose the limitations described in the preceding paragraph on Beatbox or its sub-licensees, such as the NZ Party, when licensing the Licensed Composition and other musical compositions subject to the Composer's Agreement.  As a result of Labrador's failure to do so, the NZ Party made an unauthorized alteration and/or adaptation of the License Composition, which led to the NZ Litigation and now this litigation.

51. Furthermore, Section 2.1 requires Labrador to pay Cohen fifty percent of the gross monies it receives from licensing of musical compositions subject to the Composer's Agreement.

52. Labrador has not paid Cohen for licensing of the Licensed Composition in 2014 to the NZ Party, and has not since paid any amounts for the licensing of any of the musical compositions subject to the Composer's Agreement.

53. A duty of good faith and fair dealing was implied in the Composer's Agreement.

54. Labrador breached Section 1.1(f) and Section 2.1 of the Composer's Agreement by licensing the Licensed Composition without the limitations described in Paragraph 49 and by failing to pay Cohen for the licensing of the Licensed Composition.

55. As a direct and proximate result of Labrador's breach of contract, Labrador has directly caused damages to Cohen, including, but not necessarily limited to, damages in the form of reasonable attorneys fees and other costs relating to litigation that has ensued as a result, and damages in the form of unpaid amounts owed to Cohen.

///

- 10 -

## PRAYER FOR RELIEF

WHEREFORE, Cohen respectfully prays for relief against Labrador as follows:

1.    In the event that any amount is awarded to Beatbox against Cohen under any theory of liability, for said sum or a portion of said sum;

2.    For its reasonable attorneys fees and costs in connection with this litigation, the NZ Litigation, or any other reasonable attorneys fees and costs, or other damages, arising out of Labrador's misuse of the Licensed Composition;

3.    For costs of the suit herein incurred; and

4.    For such other and further relief as the Court may deem just and proper.

Dated: November 21, 2017          **JACOBSON & ASSOCIATES**

/s/ Ronak Patel

Dan Jacobson
Ronak Patel
Attorneys for Defendant and Cross-Claimant, MICHAEL COHEN

MICHAEL COHEN'S CROSSCLAIM AGAINST LABRADOR ENTERTAINMENT, INC.