Case 2:17-cv-06108-MWF-JPR   Document 40   Filed 12/28/17   Page 1 of 6   Page ID #:193

BROWNE GEORGE ROSS LLP
Guy C. Nicholson (State Bar No. 106133)
  gnicholson@bgrfirm.com
David F. Berry (State Bar No. 112743)
  dberry@bgrfirm.com
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile:  (310) 275-5697

Attorneys for Defendant
Labrador Entertainment, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| BEATBOX MUSIC, PTY, LTD.,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>LABRADOR ENTERTAINMENT, INC., DBA SPIDER CUES MUSIC LIBRARY, a California corporation,<br><br>　　　　Defendants. | Case No. 2:17-cv-6108-MWF (JPRx)<br>*Assigned to the Hon. Michael W. Fitzgerald*<br><br>**ANSWER OF LABRADOR ENTERTAINMENT, INC., D/B/A SPIDER CUES MUSIC LIBRARY TO CROSS-CLAIM OF MICHAEL COHEN; DEMAND FOR TRIAL BY JURY**<br><br>Judge:　Hon. Michael W. Fitzgerald<br><br>Trial Date: March 20, 2019 |
| MICHAEL COHEN, an individual,<br><br>　　　Cross-Complainant,<br><br>　vs.<br><br>LABRADOR ENTERTAINMENT INC., D/B/A SPIDER CUES MUSIC LIBRARY, a California Corporation,<br><br>　　　Cross-Defendant. | |

Case No. 2:17-cv-6108-MWF (JPRx)

ANSWER OF LABRADOR ENTERTAINMENT, INC., D/B/A SPIDER CUES MUSIC LIBRARY TO CROSS-CLAIM OF MICHAEL COHEN

Labrador Entertainment, Inc. D/B/A Spider Cues Music Library ("Labrador") responds to the cross-claim of Michael Cohen ("Cohen") as follows:

1-2    Labrador admits the allegations in paragraphs 1 and 2.

3-4    These allegations are legal conclusions, which do not require an admission or denial.

5.    Labrador admits the first sentence of paragraph 5 but lacks knowledge sufficient to respond to the second sentence, and therefore denies same on information and belief.

6.    Labrador admits that Cohen regularly composes songs, but lacks knowledge sufficient to respond to the remainder of paragraph 6 and therefore denies same on information and belief.

7.    Labrador admits the allegations in paragraph 7.

8.    Labrador denies the allegations in paragraph 8.

9.    Labrador admits the allegations in paragraph 9.

10.    Labrador admits that Section 1.1 grants Labrador rights, but denies the remainder of paragraph 10.

11.    Labrador asserts that the language in Section 1.1 speaks for itself.

12.    Labrador admits the allegations in paragraph 12.

13.    Labrador admits that paragraph 13 partially quotes Section 6.1 of the Composer's Agreement.

14.    Labrador admits that paragraph 14 partially quotes Section 2.1 of the Composer's Agreement.

15.    Labrador admits the allegations in paragraph 15.

16.    Labrador admits that the licensed composition was two minutes and twenty two seconds in length, and that Cohen represented it to be an original work.

17.    Labrador admits the allegations in paragraph 17.

18.    Labrador asserts that the language in Exhibit B speaks for itself.

19.    Labrador admits the allegations in paragraph 19.

20. Labrador asserts that the language in Exhibit C speaks for itself.

21. Labrador admits the allegations in paragraph 21.

22. Labrador denies the allegations in paragraph 22.

23-26. Labrador admits the allegations in paragraphs 23-26.

27. Labrador denies that the Licensed Composition was altered or adapted, but admits that the NZ Party used portions of the Licensed Composition in television and radio commercials.

28. Labrador denies that the Licensed Composition was altered or adapted or that anyone fundamentally changed the nature of Cohen's original work, but admits that Cohen was not consulted with by Labrador. Labrador lacks knowledge sufficient to respond to the remainder of paragraph 28, and therefore denies same on information and belief.

29. Labrador denies that there were any alterations or adaptions of the Licensed Composition, authorized or not, but admits the NZ Party used the Licensed Composition on television and radio commercials in 2014.

30. Labrador denies that there were alterations or adaptations of the Licensed Composition, authorized or not, but admits the remainder of paragraph 30.

31. Labrador denies that there were alterations or adaptations of the Licensed Composition, authorized or not, but admits the remainder of paragraph 31.

32. Labrador admits the allegations in paragraph 32, except for the misspelling of AMCOS.

33. Labrador admits that it added Cohen as a party to the NZ Litigation. Labrador denies the remainder of paragraph 33.

34. Labrador admits the allegations in paragraph 34.

35. Labrador admits that it has not indemnified Cohen, but denies that it has any indemnity obligations to Cohen.

36. Labrador reasserts its responses to paragraphs 1-35, inclusive, as though fully set forth herein.

37. Labrador admits the allegations in paragraph 37.

38. Labrador admits that paragraph 38 quotes part of Section 6.1.

39. Labrador admits that paragraph 39 quotes part of Section 1.1(e) and that Section 1.1(e) is incorporated into Section 1.1(f).

40-42. Labrador denies the allegations in paragraphs 40, 41 and 42.

43. Labrador reasserts its responses to paragraphs 1-35, inclusive, as though fully set forth herein.

44. Labrador denies that Beatbox asserts it is a beneficiary of Labrador's alleged express indemnity obligations under the Composers Agreement, but admits the remainder of paragraph 44.

45. Labrador admits that Cohen has denied some of the allegations in Beatbox's complaint, but denies the remainder of paragraph 45.

46. Labrador denies the allegations in paragraph 46.

47. Labrador reasserts its responses to paragraphs 1-35, inclusive, as though fully set forth herein.

48. Labrador admits the allegations in paragraph 48.

49. Labrador admits that the quoted language is part of Section 1.1(e) of the Composer's Agreement, which is incorporated into Section 1.1(f), but denies there was any alteration, expansion, adaptation or translation.

50. Labrador denies the allegations in paragraph 50.

51. Labrador denies the allegations in paragraph 51.

52. Labrador admits the allegations in paragraph 52.

53. Labrador admits the allegations in paragraph 53.

54-55. Labrador denies the allegations in paragraph 54-55.

### FIRST AFFIRMATIVE DEFENSE

The Cross-Claim in its entirety, fails to state facts sufficient to constitute a cause of action against Labrador.

## SECOND AFFIRMATIVE DEFENSE

The first cause of action fails to state facts sufficient to constitute a cause of action for Express Indemnity.

## THIRD AFFIRMATIVE DEFENSE

The second cause of action fails to state facts sufficient to constitute a cause of action for Equitable Indemnity.

## FOURTH AFFIRMATIVE DEFENSE

The third cause of action fails to state facts sufficient to constitute a cause of action for Breach of Contract.

## FIFTH AFFIRMATIVE DEFENSE

Cohen's claims are barred, in whole or in part, by Cohen's own negligence and other wrongful conduct.

## SIXTH AFFIRMATIVE DEFENSE

Cohen's claims are barred by Cohen's unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

Cohen's claims are precluded by Cohen's material breaches of the Composer's Agreement, including but not limited to breaches of the representations and warranties contained in part 4 therein.

## EIGHTH AFFIRMATIVE DEFENSE

Both this cross-claim and the complaint of Beatbox are not ripe for adjudication.

## NINTH AFFIRMATIVE DEFENSE

Cohen is in default in New Zealand on a claim filed by Labrador related to this subject matter and is consequently estopped from bringing this action.

Wherefore, Labrador prays for judgment as follows:

1. That the cross-claim be dismissed;
2. For cots of suit incurred herein;

3. For reasonable attorney's fees incurred in connection with this litigation, the NZ Litigation and any other fees incurred based upon claims that the Licensed Composition infringed any copyright of others; and

4. For such other, further or different relief as the Court may deem just and proper in the premises.

DATED:  December 28, 2017          BROWNE GEORGE ROSS LLP
                                                    Guy C. Nicholson
                                                    David F. Berry


                                            By:     /s/ David F. Berry
                                                      David F. Berry
                                            Attorneys for Defendant
                                            Labrador Entertainment, Inc.


## **DEMAND FOR TRIAL BY JURY**

Labrador hereby demands a trial by jury on the cross-claim asserted against it by Cohen.

DATED:  December 28, 2017          BROWNE GEORGE ROSS LLP
                                                    Guy C. Nicholson
                                                    David F. Berry


                                            By:     /s/ David F. Berry
                                                      David F. Berry
                                            Attorneys for Defendant
                                            Labrador Entertainment, Inc.