Guy C. Nicholson (State Bar No. 106133)
 gnicholson@bgrfirm.com
Carl Alan Roth (State Bar No. 151517)
 croth@bgrfirm.com
BROWNE GEORGE ROSS LLP
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile: (310) 275-5697

Attorneys for Defendant and Cross-Defendant Labrador Entertainment, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| BEATBOX MUSIC, PTY, LTD.,<br><br>Plaintiff,<br><br>vs.<br><br>LABRADOR ENTERTAINMENT, INC., DBA SPIDER CUES MUSIC LIBRARY, a California corporation,<br><br>Defendants.<br><br>MICHAEL COHEN, an individual,<br><br>Cross-Complainant,<br><br>vs.<br><br>LABRADOR ENTERTAINMENT INC., D/B/A SPIDER CUES MUSIC LIBRARY, a California Corporation,<br><br>Cross-Defendant. | Case No. 2:17-cv-6108-MWF (JPRx)<br>*The Hon. Michael W. Fitzgerald*<br>*Courtroom 5A*<br><br>**DEFENDANT/CROSS-DEFENDANT LABRADOR ENTERTAINMENT, INC.'S MEMORANDUM RE STATUS OF THE NEW ZEALAND MATTER**<br><br>Date:  N/A<br>Time:  N/A<br>Courtroom:  5A<br><br>Trial Date:         March 19, 2019<br>Cross-Claim Filed: November 21 2017<br>Action Filed:       August 17, 2017 |

Labrador Entertainment, Inc. ("Labrador") files this memorandum in response to the Court's January 16, 2019 request that the parties describe the procedural posture and forecast of the related New Zealand Action.

**The New Zealand Action Has Been Bifurcated**. As the parties have explained, the infringement and indemnification portions of the New Zealand Action have been bifurcated. That bifurcation was described in New Zealand in a document signed by Beatbox's New Zealand counsel as follows:

> The applicants seek an order that the indemnity claims, being all of **the defendants' [NZNP's]claims against the third parties [including Beatbox], the third parties claims against other third parties**, the fifth third party's [Beatbox's] claims against the fourth party [Labrador] and the fourth party's [Labrador's] claims against the fifth party [Cohen], be tried separately from and after judgment on the plaintiffs' claim against the defendants.[1]

**This Case Parallels The Second Phase Of The New Zealand Case**. Neither Cross-Complainant Michael Cohen nor Plaintiffs Beatbox Music, Pty., Ltd. dispute the parallels between this case and the indemnity portions of the New Zealand Action. In particular, they do not dispute that both cases:

- involve Beatbox, Labrador, and Cohen;
- arise out the April 2009 Agreement and the February 2008 Agreements;
- involve the same witnesses: Peter Baker, Nikki Martin, Michael Cohen, and Noel Webb;
- involve the same documents: and,
- assert the same contract and indemnity claims.

**New Zealand Is The More Convenient Forum**. And, in fact, Labrador has shown that all of the parties and witnesses, besides the Cohen and Webb, reside in Oceania:

- Beatbox and Peter Baker are in Pennant Hills, Australia;

---

[1] The orders and briefing quoted in this memorandum are attached to the Robert Stewart Affidavit filed in support of Labrador's Motion To Stay.

- Greg Hamilton and the New Zealand National Party, the alleged infringer, are headquartered in New Zealand;
- The advertising agency that licensed the allegedly infringing music video – Stan 3 – is located in Taupo, New Zealand;
- The New Zealand licensee of "Eminem Esque" – Sale – and Amcos NZ which provided the license to sale are headquartered in Auckland, New Zealand;
- The Australian licensor who licensed "Eminem Esque" to Amcos NZ – Amcos – is headquartered in Sydney, Australia.

**Beatbox Has Already Insisted That New Zealand Is The Proper Forum.**

In rendering its decision on the jurisdictional motion, the court emphasized that Beatbox had argued that the April 2009 Agreement was to be wholly or in part performed in New Zealand. Indeed, Beatbox added in its argument to the New Zealand courts:

> that New Zealand is the appropriate forum because it is compellingly so for all aspects of the dispute between all other parties, and **because its claim against Labrador is so closely connected with the dispute involving all the other parties**. The alternative would require Beatbox to defend its position without recourse to the party whose warranty and indemnity it relied on. Beatbox would also be subject to the risks created by pursuing its claim to contribution or indemnity for the adverse consequences of its reliance on the warranty and indemnity in subsequent litigation in another jurisdiction. The risks in that sequential determination would be greater if (in all respects without prejudice to its denials) Beatbox was persuaded to contribute to a settlement of the overall proceeding, and then sought recovery of a contribution to that sum in subsequent proceedings in California.

In light of these arguments by BeatBox, the New Zealand court found that:

> [o]nce the character of the dispute between Beatbox and Labrador is treated as wider than the narrow issue of whether Eninem Esque was covered by the warranty and indemnity at the relevant time, I am satisfied that **New Zealand is the appropriate forum** for the trial of the present dispute. **The appropriateness of the forum substantially outweighs the additional imposition of expense and inconvenience that will be caused for Labrador.** I have reached this view appreciating the reluctance the Court should have to assert its jurisdiction over a foreign entity.

In the context of that jurisdictional dispute, Beatbox argued that:

> Issues that go to the heart of Beatbox's claim against Labrador will be ventilated in this proceeding whether Labrador is joined or not. These issues include infringement and damages. If Labrador is not joined, **it and Beatbox will face the economically and practically inefficient prospect of having to re-litigate the same issues in California's Courts.**"

**The Status Of The New Zealand Action.** Attached hereto as Exhibit A is a letter from Labrador's New Zealand counsel, Robert Stewart, explaining the status of the New Zealand matter.

**The California Case Should Remain Stayed Pending Resolution Of The Second Phase Of The New Zealand Action.** Cross-complainant Michael Cohen's and Plaintiffs Beatbox Music, Pty., Ltd.'s liability will be determined by the indemnity claim portion of the New Zealand Action: (1) Beatbox's liability is predicated on a finding that it must indemnify the infringement claim defendant – NZNP – or other third parties participating in the New Zealand Action; and (2) Cohen's liability cannot and will not be fully determined until final judgments are entered in both the infringement and the indemnification portions of the New Zealand Action.

In sum, this action should remain stayed. We also recommend that the Court conduct a Status Conference on July 1, 2019 to ascertain whether the appellate process in New Zealand is concluded <u>and</u> whether any progress towards settlement has been made in New Zealand.

Dated: January 30, 2019         Respectfully submitted,

                                By: ___/s/ Carl Alan Roth___
                                        Carl Alan Roth

1192316.1                          -3-                    Case No. 2:17-cv-6108-MWF (JPRx)
DEFENDANT/CROSS-DEFENDANT LABRADOR ENTERTAINMENT, INC.'S
MEMORANDUM RE STATUS OF THE NEW ZEALAND MATTER

# EXHIBIT A

**Robert Stewart**
Barrister

p +
m
e
w

28 January 2019

Browne George Ross LLP
2121 Avenue of the Stars, Suite 2800
Los Angeles
California 90067
U S A

For: Carl A Roth

### NEW ZEALAND LITIGATION INVOLVING LABRADOR ENTERTAINMENT INC

I set out below an update in relation to the New Zealand litigation involving our mutual client, Labrador Entertainment, Inc ("Labrador"). As you know, I represent Labrador in the current New Zealand litigation.[i] I am aware that Labrador is being sued by Beatbox Music Pty Ltd ("Beatbox") in California in relation to what are essentially the same issues between Beatbox and Labrador that arise in the New Zealand litigation. I also understand that the proceeding in California is currently stayed. You have requested an update from me in relation to the New Zealand litigation.

As you know, following a two-week trial in May 2017, on 25 October 2017 the New Zealand High Court issued its judgment in the proceeding brought by the owners of copyright in the musical work "Lose Yourself" (collectively referred to as "Eight Mile") against the New Zealand National Party and others. Eight Mile alleged the National Party had infringed its copyright in the work through the use of production music in a National Party election advertisement. The production music (described as a "sound-alike" called Eminem Esque) was composed by Michael Cohen and supplied to the National Party through a number of third parties. Our mutual client, Labrador Entertainment Inc was one of those third parties. It acquired the rights to Eminem Esque from Mr Cohen and subsequently licensed the use of the work in Australia and New Zealand to Beatbox. Beatbox registered the work with the centralized copyright collecting society in the territory, AMCOS (Australasian Mechanical Copyright Owners Society Ltd), which in turn supplied the work to the creative agencies that synchronised Eminem Esque into the National Party's election advertisement.

At paragraph [6] of the High Court judgment, the judge described the procedural situation as follows:

> This proceeding is being heard in two parts. The first is a hearing to determine the liability of the National Party and the quantum of damages, if any. The second concerns a separate hearing to determine third party liability, if any. This decision deals with the first hearing only, namely, the issues of liability and quantum against the National Party as the alleged publisher of the infringing work. The third party liability hearing awaits the outcome of this trial.

The National Party had joined the creative agencies to the proceeding as third parties. The creative agencies had joined AMCOS to the proceeding. AMCOS then joined Beatbox to the proceeding. Beatbox then joined Labrador to the proceeding and finally Labrador joined Mr Cohen to the proceeding. In the New Zealand proceeding Beatbox claims it has a right to be indemnified for any third party liability by virtue of its licensing agreement with Labrador. Labrador claims it has a right of indemnification from Mr Cohen pursuant to a warranty as to originality it received from Mr Cohen when it acquired Eminem Esque.

**Shortland Chambers**

Level 13, 70 Shortland Street
Auckland 1010, New Zealand

PO Box 4338, Shortland Street
Auckland 1140, New Zealand

Accordingly, issues of liability between the various third parties, including Beatbox, Labrador and Mr Cohen, are to be determined at the second hearing. For reasons that follow, that hearing has yet to take place.

The High Court judgment concluded that the National Party's use of Eminem Esque in its election advertisement was an infringement of copyright in "Lose Yourself" and awarded Eight Mile damages of NZ$600,000 plus interest (at the rate of 5% calculated from 28 June 2014, which was the date the election advertisement containing Eminem Esque was made public, to the date of payment).

The National Party subsequently appealed the High Court judgment to the Court of Appeal on the issue of quantum of damages only. No substantive steps were taken by any of the third parties in the New Zealand proceeding while the judgment was under appeal.

Following a hearing in July last year the New Zealand Court of Appeal released its judgment on 18 December 2018. The Court of Appeal reduced the damages awarded by the High Court from NZ$600,000 to NZ$225,000.

Judgments of the New Zealand Court of Appeal may be appealed to the Supreme Court by leave. The Supreme Court is New Zealand's highest court and therefore there is no right of appeal beyond the Supreme Court. The relevant rules of procedure provide that Eight Mile has 20 working days to file an application for leave to appeal should it wish to appeal the Court of Appeal's judgment. As a result of the summer vacation and other holidays, that 20 working day period does not expire until 8 February 2019. Accordingly, it is highly unlikely that any of the third parties will take any steps towards the second part of the High Court proceeding ( to determine third party liability) until it is known whether Eight Mile intends to apply for leave to appeal to the Supreme Court.

If Eight Mile does not apply for leave to appeal, then I would expect the National Party will pay the damages, interest and costs awarded against it and then seek to recover that sum from the third parties. I would also expect the lawyers acting for the various third parties to commence discussions regarding their respective liability for and level of contribution to the total sum sought so that a global settlement between the National Party and the third parties can be achieved on best possible terms for all. My hope is that the National Party and the third parties will all agree to mediate the dispute, which will avoid the cost and inherent uncertainty of litigation. I spoke to counsel for the National Party yesterday and he agreed that a mediation of the remaining third party issues was the best way forward. If an agreement to mediate can be reached, then I would expect a mediation could take place reasonably promptly, within the next three months or so. If there is no agreement, then the fallback position is part two of the original litigation.

In my opinion, based on my knowledge of the High Court proceeding and experience of the High Court allocating trial dates, it is unlikely that the second part of the High Court hearing will be heard this year. Even if the third parties complete any additional interlocutory matters that may be required promptly, it is unlikely that the High Court in Wellington will be able to accommodate a two-week trial before 2020.

If Eight Mile does apply for leave to appeal, that application is likely to be on the papers and should be determined within approximately three months of being filed. If leave is granted, the substantive appeal is unlikely to be heard until the last quarter of this year. If there is an appeal to the Supreme Court, then I consider it unlikely that any of the third parties will take any further steps in the New Zealand proceeding until the outcome of that appeal process is known.

Please let me know if you need any further information.

Yours sincerely

**Robert Stewart**
Barrister

---

[1] Eight Mile Style LLC & Anor v The New Zealand National Party & Ors, CIV-2014-485-11220, Wellington HC