Dan Jacobson, State Bar No. 134978
dlj@jacobsonlawyers.com
Ronak Patel, State Bar Number 296296
rp@jacobsonlawyers.com
**JACOBSON & ASSOCIATES**
1352 Irvine Boulevard, Suite 205
Tustin, California 92780
Tel: (714) 505-4872

Attorneys for Defendant and Crossclaimant,
**Michael Cohen**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| BEATBOX MUSIC, PTY, LTD.,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>LABRADOR ENTERTAINMENT, INC., DBA SPIDER CUES MUSIC LIBRARY, a California corporation,<br><br>　　　　Defendants.<br><br>MICHAEL COHEN, an individual,<br><br>　　　　Cross-Complainant,<br><br>vs.<br><br>LABRADOR ENTERTAINMENT INC., D/B/A SPIDER CUES MUSIC LIBRARY, a California Corporation,<br><br>　　　　Cross-Defendant. | Case No. 2:17-cv-6108-MWF (JPRx)<br>*Assigned to the Hon. Michael W. Fitzgerald*<br><br>**JOINT STATUS REPORT [JULY 8, 2019]**<br><br>Action Filed:　　August 17, 2017<br>Cross-Claim Filed: November 21, 2017<br>Action Stayed:　　April 10, 2018 |

Pursuant to the Court's April 10, 2018 Order and its February 8, 2019 Order, the parties to this action, Plaintiff Beatbox Music Pty, Ltd. ("Beatbox"), Defendant and Cross-Defendant Labrador Entertainment, Inc. d/b/a Spider Cues Music Library ("Labrador") and Noel Palmer Webb, and Defendant/Cross-Claimant Michael Cohen ("Cohen") (collectively the "Parties"), hereby submit this Joint Report.

### A.  The Court Previously Maintained the Stay in Light of a Promised Mediation that Was to Take Place by May 2019.

The Court most recently considered the propriety of the stay in January and February of this year, 2019. (Docket No.s 68, 69, and 70). At that time, Labrador and Beatbox represented to the court (in their written statements) that a mediation as to contribution issues would take place within three months. (*Id.*). In its February 8, 2019 order, the court held that "[i]n light of these statements, the action remains **STAYED** pending the completion of mediation." (*Id.* [emphasis added]).

In April 2019, the Parties filed a joint status report. In that report, the Parties noted that no mediation had taken place or had been even agreed to at the time of the report. (Docket 71). Labrador represented that the parties were awaiting the outcome of an application for leave to appeal to the Supreme Court of New Zealand. (*Id.*). Labrador desired for the stay to continue despite the lack of progress of the potential mediation, while both Beatbox and Cohen agreed that the stay should be lifted. (*Id.*).

### B.  New Zealand Supreme Court Dismissed the Latest Appeal Two Months Ago, But the New Zealand Parties Have Still Not Conducted—Nor Even Committed to—a Mediation.

On May 14, 2019 the Supreme Court of New Zealand rejected the appeal of the New Zealand case. A true and correct copy of this order is attached hereto as Exhibit A. Nearly two months have passed since the Supreme Court decision, but, as reported by Beatbox, the parties have not yet agreed to a mediation or settlement conference, and that at least some parties may seek to settle the claims through a hearing before

the New Zealand High Court. It has now been five months since Labrador represented that it "would expect a mediation could take reasonably promptly, within the next three months or so." (Docket 70 [citing Docket 69, Exhibit A.)

### C. Beatbox and Cohen Agree that the Stay Must Be Lifted, and Maintaining the Stay Prejudices Each of Them.

Beatbox and Cohen each agree that the stay should not be maintained. Labrador continues to promise a mediation, but none has been scheduled. This Court has noted, the stay is largely premised on the hopes of a timely mediation that might eliminate or minimize the liability risks. (Docket No. 70). It has been nearly two years since this case was filed and a year and half since it has been stayed, and no progress on *even an agreement to mediate* has been made.

What's more, Beatbox and Coen note a California Action, i.e. Beatbox's complaint against Labrador and Cohen, and Cohen's crossclaim against Labrador, will be necessary *no matter what the outcome* of the (still hypothetical) New Zealand mediation is. Specifically, both Beatbox and Cohen allege to have *already suffered recoverable damages in this matter* in the form of the *attorneys fees they have so far incurred*.

Thus, even if Beatbox was adjudged to owe no contribution in a hypothetical settlement, it would still seek damages against Labrador and Cohen, and Cohen would still need to seek indemnity from Labrador through its crossclaim in the event that Beatbox succeeded on its claim. Additionally, Cohen likewise has already sustained similar damages (i.e. the attorneys fees he has expended), and can *only recover* through the California courts as it is not involved in the New Zealand case and the New Zealand courts have no jurisdiction over him.

As the foregoing demonstrates, litigation in California is necessary and unavoidable. Maintaining the stay thus does not aid judicial economy, but in fact only aids Labrador—at the prejudice of Beatbox and Cohen—as Labrador only has

defensive claims (i.e. Labrador is not seeking any affirmative relief in the form of a crossclaim or counterclaim against either party in this action). As such, Beatbox and Cohen contend the stay should be lifted and the parties should be allowed to seek resolution of their claims.

### D. Labrador Submits That This Case Should Remain Stayed.

Cohen and Beatbox seek, in this case, indemnification for claims arising from the New Zealand infringement judgment. In particular, they are parties to, and their liability will be determined by, the indemnity claim portion of the New Zealand Action.

- Beatbox's liability is predicated on a finding that it must indemnify the infringement claim defendant – NZNP – or other third parties participating in the New Zealand Action.

- As for Cohen, his liability cannot and will not be fully determined until final judgments are entered in both the infringement and the indemnification portions of the New Zealand Action.

As the parties have explained, the infringement and indemnification portions of the New Zealand Action have been bifurcated. Beatbox's New Zealand barrister has explained, in support of Beatbox's opposition here, that "Beatbox is the fifth third party, joined to the proceeding by the first and second defendants, the New Zealand National Party and Gregory Hamilton, respectively."

In short, Beatbox and Cohen have potential indemnity liability fully ripens only upon the conclusion of the indemnity portion of the New Zealand Action. There is no reason to proceed on Beatbox's indemnity claims against Labrador and Cohen, Labrador's indemnity claims against Cohen, and Cohen's indemnity claim against Labrador, until the parties know whether Beatbox faces any liability to NZNP or Hamilton. And, in fact, the most efficient way to proceed is – just as Beatbox argued in New Zealand – for all of the indemnity claims to be resolved in a single action in New Zealand.

As for mediation, Labrador's counsel in New Zealand has informed Labrador as follows:

> No agreement to mediate has been entered into. The idea of a mediation has been floated informally between counsel for the defendants and some of the third parties, but at the moment those parties appear to be awaiting the outcome of Eight Mile's application for leave to appeal to the Supreme Court. That application is being heard on the afternoon of 2 May 2019 (NZ time). It may be some weeks after that before a judgment is released.

DATED: July 8, 2019                JACOBSON & ASSOCIATES
    Dan Jacobson
    Ronak Patel

By: __/s/Ronak Patel__
Ronak Patel
Attorneys for Defendant and Crossclaimant,
Michael Cohen

DATED: July 8, 2019                BROWNE GEORGE ROSS LLP
    Guy C. Nicholson
    Carl Alan Roth

By: __/s/Carl Alan Roth__
Carl Alan Roth
Attorneys for Defendants
Labrador Entertainment, Inc. and
Noel Palmer Webb

DATED: July 8, 2019                BLAISE & NITSCHKE, P.C.
    Heather L. Blaise

By: __/s/Heather L. Blaise__
Heather L. Blaise
Attorneys for Plaintiff Beatbox Music, Pty, Ltd.