BLAISE & NITSCHKE, P.C.
HEATHER L. BLAISE, ESQ. (SBN 261619)
123 N. Wacker Drive, Suite 250
Chicago, IL 60606
Telephone: 312-448-6602
Email: hblaise@blaisenitschkelaw.com

Attorneys for Plaintiff, BEATBOX MUSIC PTY, LTD.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEATBOX MUSIC PTY, LTD.,<br><br>Plaintiff,<br><br>v.<br><br>LABRADOR ENTERTAINMENT, INC. D/B/A SPIDER CUES MUSIC LIBRARY, a California corporation, et al.,<br><br>Defendants.<br><br>MICHAEL COHEN, an individual,<br><br>Cross-Complainant,<br><br>v.<br><br>LABRADOR ENTERTAINMENT, INC. D/B/A SPIDER CUES MUSIC LIBRARY, a California corporation,<br><br>Cross-Defendant. | CASE NO: 2:17-cv-6108 MWF (JPRx)<br>*Assigned to the Hon. Michael W. Fitzgerald*<br><br>**BEATBOX MUSIC PTY, LTD.'S (1) NOTICE OF MOTION AND MOTION TO AMEND PLEADINGS TO REINSTATE CAUSES OF ACTION, ADD PARTIES, AND ADD CAUSES OF ACTION; (2) MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; (3) AFFIDAVIT OF HEATHER L. BLAISE IN SUPPORT THEREOF; and (4) [Proposed] ORDER**<br><br>**Date: January 13, 2020**<br>**Time: 10:00 a.m.**<br>**Courtroom: 5A**<br><br>Trial Date: June 23, 2020<br>Cross-Claim Filed: November 21, 2017<br>Action Filed: August 17, 2017 |

1
**BEATBOX MUSIC PTY, LTD.'S (1) NOTICE OF MOTION AND MOTION TO AMEND PLEADINGS TO REINSTATE CAUSES OF ACTION, ADD PARTIES, AND ADD CAUSES OF ACTION; (2) MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; and (4) (PROPOSED) ORDER**

# NOTICE OF MOTION

TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, AND TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on January 13, 2020 at 10:00 a.m., or as soon thereafter as the matter may be heard before the Honorable Michael W. Fitzgerald, in Courtroom 5A of the United States District Court, Central District of California, located at 350 W. First Street, Los Angeles, California 90012, or as ordered by the Court, Plaintiff BEATBOX MUSIC PTY, LTD., by and through their attorneys, will move to Amend Peadings to Reinstate Causes of Action, Add Parties, and Add Causes of Action.

This motion is based upon this Notice of Motion, the attached exhibits, the Affidavit of Heather L. Blaise and exhibits thereto; the pleadings on file in this action; and such other further pleadings, papers, transcripts, and matters that may be properly presented to the Court.

This motion is made following the conference of counsel pursuant to Local Rule 7-3 which took place on December 2 through December 10, 2019.

Dated: December 11, 2019          Respectfully submitted,

                                  **BEATBOX MUSIC PTY, LTD.**

                                    /s/ Heather L. Blaise
                                  HEATHER L. BLAISE, ESQ. (SBN 261619)
                                  123 N. Wacker Drive, Suite 250
                                  Chicago, IL 60606
                                  Telephone: 312-448-6602
                                  Email: hblaise@blaisenitschkelaw.com

                                  *Attorney for Plaintiff*

# **TABLE OF CONTENTS**

Page

NOTICE OF MOTION ……………………………………………..………… 2
TABLE OF CONTENTS ………………………………………………….….. 3
TABLE OF AUTHORITIES ……………………………………………..….. 4
INTRODUCTION………………………………………………………….….. 5
MEET AND CONFER……………………………………….………………. 7
APPLICABLE LAW…………………………………………………………... 7
TIMELINE OF PLEADINGS AND SCHEDULING ORDERS ……………..... 9
ARGUMENT
   I.  PLAINTIFF HAS GOOD CAUSE TO AMEND
      THE PLEADINGS …...……………………………..………….. 11
      A.  PLAINTIFF WAS DILIGENT IN ASSISTING THE COURT IN
           CREATING A WORKABLE RULE 16 ORDER ……………..….. 12
      B.  NONCOMPLIANCE WITH RULE 16 WAS NOT FORESEEABLE
           AT THE TIME OF THE SCHEDULING CONFERENCE ……… 12
          1. Noel Webb/Labrador Entertainment, Inc./Labrador
             Entertainment LLC/Webb Family Trust ……………………... 14
          2. MCPC Holdings, LLC ……………………………………...... 16
      C.  PLAINTIFF WAS DILIGENT IN SEEKING AMENDMENT OF
           THE RULE 16 ORDER ……………………….…..………… 17
REQUESTS FOR RELIEF ……………………………………………………… 15
PROPOSED ORDER …………………………………………………………… 19

**BEATBOX MUSIC PTY, LTD.'S (1) NOTICE OF MOTION AND MOTION TO AMEND PLEADINGS TO REINSTATE CAUSES OF ACTION, ADD PARTIES, AND ADD CAUSES OF ACTION; (2) MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; AND (4) (PROPOSED) ORDER**

# TABLE OF AUTHORITIES

**Cases**

*AmerisourceBergen Corp.*,
 465 F.3d at 952 ………………………………………………………….. 8

*Dependable Highway Exp., Inc. v. Navigators Ins. Co.*,
 498 F.3d 1059, 1066 (9th Cir. 2007) …………………………………….… 9

*Grant v. United States*,
 No. 2:11-cv-00360 LKK KJN PS, 2011 U.S. Dist. LEXIS 131662,
 at *11-13 (E.D. Cal. Nov. 14, 2011) …………………………….......… 9, 12, 17

*Jackson v. Laureate, Inc.*,
 186 F.R.D. 605, 607 (E.D. Cal. 1999) ………………………………….….. 9, 12, 17

*Johnson v. Mammoth Recreations, Inc.*,
 975 F.2d 604, 607 (9th Cir. 1992) ………………………………………………. 8

*Kuschner v. Nationwide Credit, Inc.*,
 256 F.R.D. 684, 687 (E.D. Cal. 2009) ………………………………….…….. 9, 12, 17

*Leyva v. Certified Grocers of California, Ltd.*,
 593 F.2d 857, 864 (9th Cir. 1979) …………………………………………..……… 9

*Zivkovic v. So. Cal. Edison Co.*,
 302 F.3d 1080, 1087 (9th Cir. 2002) …………………………………………….. 8, 11

**Statutes**

Voidable Transactions Act (Civ. Code, § 3439 et seq.) …………………….…13-16

**Rules**

Local Rule 7-3…………………………………………………………….………..... 7

Federal Rules of Civil Procedure 15(a) ................................................................ 7

Federal Rules of Civil Procedure 16(b)(4) …………………….………. 8, 11, 17

4

**BEATBOX MUSIC PTY, LTD.'S (1) NOTICE OF MOTION AND MOTION TO AMEND PLEADINGS TO REINSTATE CAUSES OF ACTION, ADD PARTIES, AND ADD CAUSES OF ACTION; (2) MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; AND (4) (PROPOSED) ORDER**

Plaintiff Beatbox Music Pty., Ltd. ("Beatbox") respectfully moves this Honorable Court, pursuant to Federal Rules of Civil Procedure 15(a) and other applicable federal and local rules, for leave to Amend Pleadings to Reinstate Causes of Action, Add Parties and Add Causes of Action.

## INTRODUCTION

On or about December 2, 3, and 4, 2019, the parties engaged in depositions, specifically of Noel Webb ("Webb") individually and as the person most knowledgeable in the above-captioned matter for Labrador Entertainment, Inc., as well as of Michael Cohen ("Cohen"), Peter Baker and Barbara Baker. *See* Notices of Depositions, attached hereto and incorporated herein as Group Exhibit A.

On or about December 2, 2019, Webb initially testified he held no interest in any entities other than Labrador Entertainment, Inc. *See* December 2, 2019 Deposition of Noel Webb, hereinafter Exhibit B at 71:21-72:5. However, on or about December 3, 2019, Mr. Webb continued his deposition with a clarification about a question posed to him on December 2, 2019 regarding any entities he had an interest in. *See* December 3, 2019 Deposition of Noel Webb, hereinafter Exhibit C at 199:21-200:24. Mr. Webb testified that he misunderstood the question and he in fact does have several other entities, including but not limited to an entity formed on October 31, 2016, entitled Labrador Entertainment, LLC. *See* Exhibit C at 199:25-200:15*; see also* California Secretary of State Registration attached hereto and incorporated herein as Exhibit D.

Counsel for Beatbox also learned, during the course of Webb's deposition, that Webb caused Labrador Entertainment, LLC to purchase the assets of Labrador Entertainment, Inc. for $67,000.00 after Webb was put on notice of the claim that ultimately resulted in the lawsuit entitled New Zealand National Party v. Eight Mile Style LLC, CIV 2014-485-1120 ("New Zealand claim"). *See* Exhibit C at 202:14-23. As there was a pending claim against Labrador Entertainment, Inc., this admission provides a sufficient basis for Plaintiff to allege causes of action sounding in

5

BEATBOX MUSIC PTY, LTD.'S (1) NOTICE OF MOTION AND MOTION TO AMEND PLEADINGS TO REINSTATE CAUSES OF ACTION, ADD PARTIES, AND ADD CAUSES OF ACTION; (2) MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; AND (4) (PROPOSED) ORDER

fraudulent conveyance and unity of interest permitting the piercing of the corporate veil, against both Webb, in his individual capacity, and Labrador Entertainment, LLC. Indeed, Mr. Webb further testified that he diverts payments that belong to Labrador Entertainment, Inc. to his new LLC, Labrador Entertainment, LLC. *See* Exhibit C at 211:4-212:9. In addition, Webb further contradicted his testimony from December 2, 2019, stating that Labrador Entertainment, Inc. is in fact owned by the Webb Family Trust, a trust that he also created and transferred interests after being put on notice of this claim. *See* Exhibit C at 198:15-21.

Michael Cohen's deposition raised similar concerns. On or about December 3, 2019, Cohen testified that he holds his investment portfolio in MCPC Holdings, LLC, of which he is the sole owner. *See* December 3, 2019 Deposition of Michael Cohen, attached hereto and incorporated herein as Exhibit E at 83:12-84:2. Such corporation was formed on June 19, 2017, after Cohen became aware of the copyright infringement claim to shield his assets from collection. While Mr. Cohen was instructed by his counsel not to answer any further questions about his assets and/or financial circumstances, his admission regarding MCPC Holdings, LLC and the assets that he moved into the entity after being aware of this claim, were answered without objection. *See* Nevada Secretary of State Business Entity Screenshot attached hereto and incorporated herein as Exhibit F; *See* December 3, 2019 Deposition of Michael Cohen, attached hereto and incorporated herein as Exhibit E at 84:12-86:12. Accordingly, Plaintiff has sufficient facts upon which to allege that Defendant Cohen fraudulently conveyed his assets to MCPC Holdings, LLC after becoming aware of the copyright infringement New Zealand claim. *See* Exhibit F.

As a result of the foregoing, Mr. Webb and Mr. Cohen's testimony provides Plaintiff with a good faith basis to reinstate the alter ego causes of action, to reinstate Noel Webb individually as a Defendant, to add fraudulent conveyances causes of action, and add additional parties, namely, Labrador Entertainment, LLC,

6

BEATBOX MUSIC PTY, LTD.'S (1) NOTICE OF MOTION AND MOTION TO AMEND PLEADINGS TO REINSTATE CAUSES OF ACTION, ADD PARTIES, AND ADD CAUSES OF ACTION; (2) MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; AND (4) (PROPOSED) ORDER

the Webb Family Trust, and MCPC Holdings, LLC. Accordingly, Plaintiff files the instant Motion.

## MEET AND CONFER

On or about December 2, 3 and 4, 2019, the undersigned Counsel conferred in person with Counsel for Labrador and Michael Cohen respectively as it relates to the necessity to bring the instant motion. This motion is made following that conference of counsel pursuant to Local Rules for the United States District Court for the Central District of California (the "Local Rules") 7-3. Counsel for Labrador orally opposed all motions discussed by Plaintiff's counsel. Counsel for Cohen stands unopposed to the Motion to Amend Pleadings to Reinstate Causes of Action, Add Parties and Add Causes of Action as it relates to Labrador. Further, the undersigned Counsel corresponded in writing to both counsels regarding the instant Motion on or about December 4, 2019 attached hereto and incorporated herein as Exhibit G. As of today's date, Plaintiff received a response from Defendant Labrador only as it relates to outstanding discovery addressed in a prior motion, and has not received a response regarding the instant motion in writing. As of today's date, Plaintiff received two written responses from counsel for Cohen opposing this Motion as it relates to Cohen, *in pertinent part*, because Cohen first contended that Plaintiff requested the lengthy stay imposed by the Court, but Plaintiff pointedly corrected counsel for Cohen, who has since amended his opposition letter to the instant motion. However, as the record reflects, Plaintiff vehemently objected and opposed the stay, and it was Labrador who sought the stay, apparently to provide the Defendants an opportunity to conceal and raid their assets to the detriment and prejudice of Plaintiff. *See* Letters dated December 10, 2019 attached hereto and incorporated herein as Group Exhibit H.

## APPLICABLE LAW

Federal Rules of Civil Procedure 15(a) provides:

"(1) *Amending as a Matter of Course.* A party may amend its pleading once as a

7

matter of course within:

>(A) 21 days after serving it, or
>
>(B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

(2) *Other Amendments.* In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

(3) *Time to Respond.* Unless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later."

"Once the district court ha[s] filed a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16 which establishe[s] a timetable for amending pleadings that rule's standards control[]" whether the scheduling order should be modified to permit the filing of an amended complaint. *See Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 607 (9th Cir. 1992)*; accord AmerisourceBergen Corp.,* 465 F.3d at 952; *see also Jackson v. Laureate, Inc.,* 186 F.R.D. 605, 607 (E.D. Cal. 1999) (stating that "once the district court has filed a pretrial scheduling order pursuant to Rule 16 which establishes a timetable for amending pleadings, a motion seeking to amend pleadings is governed first by Rule 16(b), and only secondarily by Rule 15(a).").

Pursuant to Federal Rule of Civil Procedure 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." *See also Zivkovic v. So. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) ("In general, the pretrial scheduling order can only be modified 'upon a showing of good cause.'") (citing *Johnson,* 975 F.2d at 607). In *Johnson*, the Ninth Circuit Court of Appeals described Rule 16's "good cause" inquiry:

8

BEATBOX MUSIC PTY, LTD.'S (1) NOTICE OF MOTION AND MOTION TO AMEND PLEADINGS TO REINSTATE CAUSES OF ACTION, ADD PARTIES, AND ADD CAUSES OF ACTION; (2) MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; AND (4) (PROPOSED) ORDER

Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension…. *Grant v. United States*, No. 2:11-cv-00360 LKK KJN PS, 2011 U.S. Dist. LEXIS 131662, at *11-13 (E.D. Cal. Nov. 14, 2011). [T]o demonstrate diligence under Rule 16's "good cause" standard, the movant may be required to show the following: (1) that she was diligent in assisting the Court in creating a workable Rule 16 order; (2) that her noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and (3) that she was diligent in seeking amendment of the Rule 16 order, once it became apparent that she could not comply with the order. *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999)*; accord Kuschner v. Nationwide Credit, Inc.*, 256 F.R.D. 684, 687 (E.D. Cal. 2009). *Grant v. United States*, No. 2:11-cv-00360 LKK KJN PS, 2011 U.S. Dist. LEXIS 131662, at *14 (E.D. Cal. Nov. 14, 2011).

Moreover, this Court has the inherent "power to control its docket and calendar and to provide for a just determination of the cases pending before it." *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979); *see also Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) (affirming "the general principle that a district court possesses the inherent power to control its docket and promote efficient use of judicial resources").

## **TIMELINE OF PLEADINGS AND SCHEDULING ORDERS**

Per the timeline below, Plaintiff moves to amend pleadings to reinstate causes of action, add parties and add causes of action.

8/17/2017: Complaint Filed Against Noel Webb, Labrador Entertainment, Inc, and Michael Cohen. *See* Dkt. 1;

11/21/2017: Cross Complaint Filed by Michael Cohen Against Labrador Entertainment, Inc. *See* Dkt. 38;

10/26/2017: Parties jointly stipulated to dismiss the Breach of Fiduciary Duty and Alter Ego Causes of Actions against Noel Webb. *See* Dkt. 31;

1/23/2018-11/20/2019: Parties Engaged in written discovery requests, and on or about December 6, 2019 the Undersigned has sought leave to compel requests accordingly. *See* Dkt. 86;

4/10/2018: Labrador Entertainment, Inc.'s Motion to Stay was Granted and it was lifted on 07/11/2019. *See* Dkt. 58 and 73;

3/13/2018: Plaintiff's Discovery Requests to Defendants;

3/13/2018: Plaintiff's First Set of Requests for Production of Documents to Defendant Labrador Entertainment, INC. D/B/A Spider Cues Music Library;

3/13/2018: Plaintiff's first Set of Requests to Admit to Defendant Labrador Entertainment, INC. D/B/A/ Spider Cues Music Library;

3/13/2018: Plaintiff's First Set of Interrogatories to Defendant Labrador Entertainment, INC. D/B/A Spider Cues Music Library;

3/13/2018: Plaintiff's First Set of Request for Production of Documents to Defendant Michael Cohen;

3/13/2018: Plaintiff's First Set of Interrogatories to Defendant Michael Cohen;

3/13/2018: Plaintiff's First Set of Requests to Admit to Defendant Michael Cohen

9/6/2019: Defendant Labrador's Response to Plaintiff's First Set of Requests to Admit;

9/6/2019: Defendant Labrador's Response to Plaintiff's Interrogatories (Set One);

9/6/2019: Defendant Labrador's Responses to Plaintiff's First Set of Requests for Production of Documents;

9/11/2019: Defendant/Crossclaimant Michael Cohen's Responses to Plaintiff's First Set of Requests to Admit;

| | | |
|---|---|---|
| 9/11/2019: | Defendant/Crossclaimant Michael Cohen's Responses to Plaintiff's First Set of Interrogatories; |
| 9/11/2019: | Defendant & Crossclaimant Michael Cohen's Responses to Plaintiff's First Set of Requests for Production of Documents. |
| 7/24/2019: | Order Entered in Regards to Jury Trial, Deadlines, Trial Preparation, and Governing Conduct of Attorneys and Parties. *See* Dkt. 78; |
| 9/16/2019: | Last Day to Add Parties/Amend Pleadings. *See* Dkt. 78; The first date that the Defendants agreed to be available for their depositions was on December 2, 2019. |
| 12/2/2019-12/4/2019: | Depositions of Noel Webb ("Webb") individually and as the person most knowledgeable in the above-captioned mater for Labrador Entertainment, Inc.; Michael Cohen ("Cohen"); Peter Baker and Barbara Baker. *See* Group Exhibit A. |

## ARGUMENT

### I. PLAINTIFF HAS GOOD CAUSE TO AMEND THE PLEADINGS

Pursuant to Federal Rule of Civil Procedure 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." *See also Zivkovic v. So. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) ("In general, the pretrial scheduling order can only be modified 'upon a showing of good cause.'") (citing *Johnson*, 975 F.2d at 607).

Here, this Honorable Order Court entered an order on or about July 24, 2019 providing that the last day to add parties/amend pleadings was September 16, 2019. *See* Dkt. 78. However, this date was well before the fact discovery cut-off date. Accordingly, Federal Rule of Civil Procedure 16(b)(4) applies herein, and Plaintiff meets the burden of establishing good cause. As stated above, Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. To demonstrate diligence under Rule 16's "good cause" standard, the movant may be required to show the following: (1) that she was

11

diligent in assisting the Court in creating a workable Rule 16 order; (2) that her noncompliance with a Rule 16 deadline occurred; and (3) that she was diligent in seeking amendment of the Rule 16 order, once it became apparent that she could not comply with the order. *Jackson*, 186 F.R.D. at 608 (citations omitted); *accord Kuschner v. Nationwide Credit, Inc.*, 256 F.R.D. 684, 689 (E.D. Cal 2009). *Grant v. United States*, No. 2:11-cv-00360 LKK KJN PS, 2011 U.S. Dist. LEXIS 131662, at *14 (E.D. Cal. Nov. 14, 2011).

### A. PLAINTIFF WAS DILIGENT IN ASSISTING THE COURT IN CREATING A WORKABLE RULE 16 ORDER

Plaintiff certainly meets this element as there were no issues presented as it relates to the July 24, 2019 Order. Namely, the Parties conferred on or about July 19, 2019 regarding the Joint Schedule of Pretrial and Trial Dates and Plaintiff filed such Schedule with this Honorable Court on or about July 22, 2019. *See* Dkt. 78. Accordingly, the first element is met.

### B. NONCOMPLIANCE WITH RULE 16 WAS NOT FORESEEABLE AT THE TIME OF THE SCHEDULING CONFERENCE

As the Joint Schedule of Pretrial and Trial Dates' last day to add parties/amend pleadings was September 16, 2019, Plaintiff will not be in compliance with the Rule 16 deadline. However, as shown throughout this Motion, Plaintiff was unable to comply with the deadline as Plaintiff only first became aware of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference on or about December 3, 2019.

Plaintiff has diligently worked to seek all relevant information from Defendants by written discovery, including Requests for Production, Interrogatories, and Request for Admission. Moreover, Defendant Cohen repeatedly requested for extensions to respond to discovery. Up until the depositions on December 3 and 4, 2019, Plaintiff was unaware of any indication of fraudulent actions, commingling of

12

BEATBOX MUSIC PTY, LTD.'S (1) NOTICE OF MOTION AND MOTION TO AMEND PLEADINGS TO REINSTATE CAUSES OF ACTION, ADD PARTIES, AND ADD CAUSES OF ACTION; (2) MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; AND (4) (PROPOSED) ORDER

assets of the Defendants, and/or raiding of the assets of the Defendants by Labrador Entertainment, Inc., Noel Webb, and/or Michael Cohen.

There was not a scintilla of evidence in any response from the Defendants regarding any additional entities formed after knowledge of the copyright infringement action in New Zealand, and certainly no evidence regarding fraudulent conveyances as it relates to the same.

A fraudulent transfer under the Uniform Voidable Transactions Act (UVTA) (Civ. Code, § 3439 et seq.) is a transfer by a debtor of property to a third person undertaken with the intent to prevent a creditor from reaching that interest to satisfy its claim. Under the UVTA, a transfer can be invalid either because of actual fraud (Civ. Code, § 3439.04, subd. (a)) or constructive fraud (Civ. Code, §§ 3439.04, subd. (b), 3439.05).

Actual fraud under the Uniform Voidable Transactions Act (Civ. Code, § 3439 et seq.) is shown when a transfer is made, or an obligation is incurred, with actual intent to hinder, delay, or defraud any creditor of the debtor (Civ. Code, § 3439.04, subd. (a)(1)). Such a transfer is voidable as to a creditor of the debtor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred (§ 3439.04, subd. (a)).

Constructive fraud under the Uniform Voidable Transactions Act (Civ. Code, § 3439 et seq.) can be shown in either of two ways. First, a transfer is constructively fraudulent where a debtor makes a transfer or incurs an obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor either: (A) was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or (B) intended to incur, or believed or reasonably should have believed that the debtor would incur, debts beyond the debtor's ability to pay as they became due (Civ. Code, § 3439.04, subd. (a)(2)). As with actual fraud, this form of transfer is voidable as to a creditor no matter whether the creditor's claim arose

before or after the transfer (§ 3439.04, subd. (a)). Second, a transfer is constructively fraudulent when a debtor makes a transfer or incurs an obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation (Civ. Code, § 3439.05, subd. (a)). This form of transfer is voidable as to a creditor whose claim arose before the transfer was made.

Here, we have both actual and constructive fraud under the Uniform Voidable Transactions Act. Defendant Labrador Entertainment, Inc. transferred his assets to Labrador Entertainment, LLC with the intent to prevent Beatbox from reaching that interest. Secondly, on information and belief, Defendant Cohen transferred his assets to MCPC Holdings, LLC in an attempt to prevent Beatbox from reaching that interest. Both of these actions amount to actual fraud as they have been done with actual intent to hinder, delay, or defraud Beatbox.

Similarly, the actions amount to constructive fraud against Defendant Labrador Entertainment, Inc. as Noel Webb testified that he made a transfer of $67,000.00 to Labrador Entertainment, LLC -which after discovery ensues on the transfer will likely show that it was not a reasonably equivalent value in exchange for the transfer or obligation. *See* Exhibit C at 202:14-23. Such transfer allegedly makes Labrador Entertainment, Inc. insolvent. Further, as it relates to Michael Cohen and MCPC Holdings, LLC, discovery on the subject matter will likely show the same course of action based on the timing of his entity formation.

Accordingly, Plaintiff should be granted leave to amend its complaint to add fraudulent conveyance causes of action against the Defendants.

### 1. Noel Webb/Labrador Entertainment, Inc./Labrador Entertainment LLC/Webb Family Trust

Plaintiff was only made aware of Noel Webb's actions during the second day of depositions wherein Webb testified that he has several other entities, including but not limited to an entity formed on October 31, 2016, entitled Labrador

14

BEATBOX MUSIC PTY, LTD.'S (1) NOTICE OF MOTION AND MOTION TO AMEND PLEADINGS TO REINSTATE CAUSES OF ACTION, ADD PARTIES, AND ADD CAUSES OF ACTION; (2) MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; AND (4) (PROPOSED) ORDER

Entertainment, LLC, formed after his knowledge of the New Zealand claim. *See* Exhibit C at 199:25-200:15*; see also* Exhibit D. Counsel for Beatbox also learned, during the course of Webb's deposition, that Webb caused Labrador Entertainment, LLC to purchase the assets of Labrador Entertainment, Inc. for $67,000.00 after the inception of the suit New Zealand National Party v. Eight Mile Style LLC, CIV 2014-485-1120 ("New Zealand claim"). *See* Exhibit C at 202:14-23. Indeed, Mr. Webb testified that he diverts payments that belong to the Labrador Entertainment, Inc. to Labrador Entertainment, LLC. *See* Exhibit C at 211:4-212:9. In addition, Webb further contradicted his testimony from December 2, 2019, stating that Labrador Entertainment, Inc. is in fact owned by the Webb Family Trust, a trust that he also created and transferred interests after being put on notice of this claim. *See* Exhibit C at 198:15-21.

It is clear based on the foregoing that Noel Webb not only fraudulently conveyed assets of Defendant Labrador Entertainment, Inc. to new entities, but has commingled the assets of Defendant Labrador Entertainment, Inc. in an attempt to deny Plaintiff any ability to collect against Defendant Labrador Entertainment, Inc. Had the undersigned Counsel been made aware of such entity formation and/or transfer of assets and/or diversion of capital from the Defendant Labrador Entertainment, Inc to the new entities owned and/or controlled by Webb, Counsel would have never agreed to jointly stipulate to dismiss Alter Ego cause of action against Noel Webb, individually.

Moreover, based on the knowledge Plaintiff now has, Plaintiff is forced to not only move to reinstate the Alter Ego cause of action against Noel Webb individually, but to also add a Fraudulent Conveyance cause of action under Uniform Voidable Transactions Act (Civ. Code, § 3439 et seq.). Finally, based on the foregoing, Plaintiff also has no choice but to seek leave to add Labrador Entertainment, LLC, Noel Webb individually, and the Webb Family Trust as Defendants in the lawsuit as it relates to both Alter Ego and Uniform Voidable Transactions Act (Civ. Code, §

3439 et seq.). Importantly, Plaintiff could bring these claims as a separate lawsuit but doing so would result in a waste of judicial economy and cause more delays in the administration of justice, given the lengthy stay sought by and granted to Labrador Entertainment, Inc. apparently to allow Webb and Labrador Entertainment, LLC. an opportunity to raid the corporate assets of Labrador Entertainment, Inc. Ironically, Defendant Labrador Entertainment, Inc. vigorously argued in support of their Motion to Stay, that it would not prejudicially affect Plaintiff. However, based on the new developments, it is clear that Plaintiff has been prejudicially affected as on information and belief, Noel Webb raided Labrador Entertainment, Inc.'s assets during the stay, thus forcing us to bring the instant motion.

### 2. MCPC Holdings, LLC

Similarly, Plaintiff learned of Michael Cohen's fraudulent actions on or about December 3, 2019 wherein he testified that that he holds his investment portfolio in MCPC Holdings, LLC, of which he is the sole owner. *See* Exhibit E at 83:12-84:2. Such corporation was formed on June 19, 2017 after Cohen became aware of the copyright infringement claim to shield his assets from collection. Mr. Cohen was instructed by his counsel not to answer any further questions about his assets and/or financial circumstance. *See* Exhibit F; *see also* Exhibit E at 84:12-86:12.

Accordingly, Plaintiff has sufficient facts to allege that Defendant Cohen fraudulently conveyed his assets to MCPC Holdings, LLC after becoming aware of this claim.

Thus, Plaintiff has no choice but to move to amend the Complaint to add an Alter Ego cause of action and Fraudulent Conveyance action under Uniform Voidable Transactions Act (Civ. Code, § 3439 et seq.) against Michael Cohen individually and MCPC Holdings, LLC. Accordingly, Plaintiff also seeks leave to add MCPC Holdings, LLC as a Defendant.

16

BEATBOX MUSIC PTY, LTD.'S (1) NOTICE OF MOTION AND MOTION TO AMEND PLEADINGS TO REINSTATE CAUSES OF ACTION, ADD PARTIES, AND ADD CAUSES OF ACTION; (2) MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; AND (4) (PROPOSED) ORDER

## C. PLAINTIFF WAS DILIGENT IN SEEKING AMENDMENT OF THE RULE 16 ORDER

As required under the rules, the undersigned Counsel was diligent in seeking amendment of the Rule 16 Order once it became apparent that she could not comply with the order. *Jackson,* 186 F.R.D. at 608 (citations omitted)*; accord Kuschner v. Nationwide Credit, Inc.,* 256 F.R.D. 684, 687 (E.D. Cal. 2009). *Grant v. United States*, No. 2:11-cv-00360 LKK KJN PS, 2011 U.S. Dist. LEXIS 131662, at *14 (E.D. Cal. Nov. 14, 2011).

The undersigned Counsel was in depositions for the above-captioned matter until December 4, 2019. *See* Group Exhibit A. Counsel then engaged in mediation on December 5, 2019. *See* Affidavit of Heather L. Blaise attached hereto and incorporated herein as Exhibit I. Counsel went straight from the mediation to Los Angeles International Airport for a flight back to Chicago where she resides. *Ibid.* Counsel landed around 1:00 AM CST on December 6, 2019. *Ibid.* On December 6, 2019, the undersigned Counsel diligently worked on the Motion to Compel until about 2:00 AM CST/12:00 AM PST. *See* Dkt. 86 and Exhibit I. Counsel then engaged in additional research as it relates to the instant Motion, and awaited receipt of the certified transcripts on December 9, 2019, and brings the Motion today. *See* Exhibit I. Accordingly, the undersigned Counsel has been diligent in seeking the amendment.

As shown above, Plaintiff certainly has acted with diligence and meets the good cause standard under Federal Rule of Civil Procedure 16(b)(4).

Accordingly, Plaintiff respectfully requests that this Honorable Court:

1) reinstate the Alter Ego theory against Labrador Entertainment, Inc. and Noel Webb;

2) allow Plaintiff to amend its Complaint to add a Fraudulent Conveyance cause of action against Labrador Entertainment, Inc. and Noel Webb;

3) allow Plaintiff to add Labrador Entertainment, LLC and the Webb Family Trust as Defendants to Alter Ego and Fraudulent Conveyance;

4) allow Plaintiff to amend its Complaint to add the Alter Ego theory against Michael Cohen;

5) allow Plaintiff to amend its Complaint to add a Fraudulent Conveyance action against Michael Cohen;

6) allow Plaintiff to add MCPC Holdings, LLC as a Defendant to Alter Ego and Fraudulent Conveyance;

7) leave to extend the trial accordingly; and

8) any and all relief this Court deems necessary and just.

Dated: December 11, 2019            Respectfully submitted,

**BEATBOX MUSIC PTY, LTD.**
 /s/ Heather L. Blaise
HEATHER L. BLAISE, ESQ. (SBN 261619)
123 N. Wacker Drive, Suite 250
Chicago, IL 60606
Telephone: 312-448-6602
Email: hblaise@blaisenitschkelaw.com

*Attorney for Plaintiff*

BLAISE & NITSCHKE, P.C.
HEATHER L. BLAISE, ESQ. (SBN 261619)
123 N. Wacker Drive, Suite 250
Chicago, IL 60606
Telephone: 312-448-6602
Email: hblaise@blaisenitschkelaw.com

Attorneys for Plaintiff,
BEATBOX MUSIC PTY, LTD.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEATBOX MUSIC PTY, LTD.,<br><br>Plaintiff,<br><br>v.<br><br>LABRADOR ENTERTAINMENT, INC. D/B/A SPIDER CUES MUSIC LIBRARY, et al.<br><br>Defendants.<br>_____<br>MICHAEL COHEN, an individual;<br><br>Cross-Complainant,<br><br>v.<br><br>LABRADOR ENTERTAINMENT, INC. D/B/A SPIDER CUES MUSIC LIBRARY, a California Corporation<br><br>Cross-Defendant. | Case No. 2:17-cv-6108-MWF (JPRx)<br>*The Hon. Michael W. Fitzgerald*<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION TO AMEND PLEADINGS TO REINSTATE CAUSES OF ACTION, ADD PARTIES AND ADD CAUSES OF ACTION**<br><br>Trial Date:        June 23, 2020<br>Cross-Claim Filed: November 21, 2017<br>Action Filed:      August 17, 2017<br><br>Dist. Judge Michael W. Fitzgerald<br><br>Mag. Judge Jean P. Rosenbluth |

BEATBOX MUSIC PTY, LTD.'S (1) NOTICE OF MOTION AND MOTION TO AMEND PLEADINGS TO REINSTATE CAUSES OF ACTION, ADD PARTIES, AND ADD CAUSES OF ACTION; (2) MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; AND (4) (PROPOSED) ORDER

# [PROPOSED] ORDER

The Court hereby ORDERS as follows:

1) The Alter Ego theory against Labrador Entertainment, Inc., Noel Webb, shall be reinstated;

2) Plaintiff shall be allowed to amend its complaint to add both Labrador Entertainment, LLC, and the Webb Family Trust as Defendants;

3) Plaintiff shall be allowed to amend its complaint to add an Alter Ego theory against both Michael Cohen and MCPC Holdings, LLC, respectively;

4) Plaintiff shall be granted leave to amend its complaint to add Fraudulent Conveyance causes of action against Labrador Entertainment, Inc., Noel Webb, Labrador Entertainment, LLC, the Webb Family Trust, Michael Cohen, and MCPC Holdings, LLC; and

5) Leave to extend trial accordingly.

IT IS SO ORDERED.

Dated: December ___, 2019         By:_____
                                  The Honorable Michael W. Fitzgerald
                                  United States District Judge

Prepared by:
BLAISE & NITSCHKE, P.C.
Attorney for Plaintiff,
Beatbox Music Pty, Ltd.