UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
<u>CIVIL MINUTES—GENERAL</u>

**Case No.** CV 17-6108-MWF (JPRx)      **Date:** January 17, 2020

Title:     Beatbox Music Pty, Ltd. v. Labrador Entertainment, Inc., et al.

Present:    <u>The Honorable MICHAEL W. FITZGERALD, U.S. District Judge</u>

         Deputy Clerk:                          Court Reporter:
         Rita Sanchez                         Not Reported

         Attorneys Present for Plaintiff:        Attorneys Present for Defendant:
         None Present                         None Present

**Proceedings (In Chambers):**      ORDER RE: MOTION TO AMEND PLEADINGS TO REINSTATE CAUSES OF ACTION, ADD PARTIES, AND ADD CAUSES OF ACTION [88]; MOTION FOR LEAVE OF COURT TO WITHDAW AS COUNSEL OF RECORD [92]

Before the Court are two motions:

First, there is Plaintiff Beatbox Music Pty, Ltd.'s ("Beatbox") Motion to Amend Pleadings to Reinstate Causes of Action, Add Parties, and Add Causes of Action ("Amendment Motion"), filed on December 11, 2019. (Docket No. 88). On December 21, 2019, Defendant and Cross-Claimant Michael Cohen filed an Opposition. ("Cohen Opp." (Docket No. 95)). On December 23, 2019, Defendant Labrador Entertainment, Inc. d/b/a Spider Cues Music Library ("Labrador") filed an Opposition. ("Labrador Opp." (Docket No. 96)). On December 30, 2019, Plaintiff filed the Replies. ("Reply to Cohen Opp." (Docket No. 99); "Reply to Labrador Opp." (Docket No. 98)).

Second, there is the Motion for Leave of Court to Withdraw as Counsel of Record, filed by counsel for Labrador ("BGR Motion"), filed by the law firm of Browne George Ross ("BGR") on December 16, 2019. (Docket No. 92). On December 30, 2019, BGR filed a Notice of Non-Opposition. (Docket No. 97).

The Court has read and considered the papers filed in connection with the motions, and held a hearing on January 13, 2020.

---

**CIVIL MINUTES—GENERAL**                        1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

Case No. CV 17-6108-MWF (JPRx)     Date: January 17, 2020
Title:    Beatbox Music Pty, Ltd. v. Labrador Entertainment, Inc., et al.

For the reasons discussed below, the motions are ruled upon as follows:

- The Amendment Motion is **GRANTED.** Although Beatbox failed to attach the proposed FAC as an attachment to its Motion, it sufficiently described its proposed amendments in its Motion and subsequently attached the proposed FAC in its Reply. Beatbox has also demonstrated that it acted diligently, which satisfies Rule 16(b)'s good cause standard. The Court also determines that amendment is proper under Rule 15(a) because Defendants have not established futility or undue prejudice.

- The BGR Motion is **GRANTED.** Labrador's counsel have demonstrated good cause to withdrawal and have taken reasonable steps to avoid foreseeable prejudice to Labrador and other parties in this action.

## I.     BACKGROUND

### A.     Factual Background

The Court has previously summarized the background of this case in connection with Labrador's Motion to Stay. (Docket No. 58). The following background is substantially the same.

On August 17, 2017, Beatbox, an Australian music publishing company, filed a Complaint against the following Defendants: Labrador, a California corporation; Noel Palmer Webb, a California resident; and Michael Cohen, a California resident. (Complaint (Docket No. 1) ¶¶ 1-4). In the Complaint, Beatbox asserts five claims for relief: (1) breach of contract against Labrador and Cohen; (2) breach of covenant of good faith and fair dealing against all Defendants; (3) express indemnity against Labrador; (4) breach of fiduciary duty against Labrador; and (5) "alter ego theory" against Labrador and Webb. (*Id.* ¶¶ 41-77).

On October 26, 2017, Plaintiff dismissed Fourth and Fifth Claims without prejudice. (Docket No. 31).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
<u>CIVIL MINUTES—GENERAL</u>

**Case No.** CV 17-6108-MWF (JPRx)         **Date:** January 17, 2020
**Title:**     Beatbox Music Pty, Ltd. v. Labrador Entertainment, Inc., et al.

On November 21, 2017, Defendant Cohen filed a Crossclaim against co-defendant Labrador, asserting express indemnity, equitable indemnity, and breach of contract claims. (Crossclaim ¶¶ 36-55 (Docket No. 38)).

Both Beatbox's Complaint and Cohen's Crossclaim relate to a "composer's agreement" dated February 14, 2008, between Labrador and Cohen (the "Labrador-Cohen Agreement"), and an agreement dated April 1, 2009, between Labrador and Beatbox (the "Labrador-Beatbox Agreement"). (*See* Complaint ¶¶ 12, 14, Exs. A, B; Crossclaim ¶¶ 9, 17, Exs. A, B).

Cohen is a composer. (Crossclaim ¶¶ 1, 5-6). Labrador is a music publisher. (Complaint ¶ 14). Webb is the President of Labrador and acted as its sole authorized agent during all relevant times. (*Id.* ¶ 3). Pursuant to the Labrador-Cohen Agreement, Labrador acquired certain rights to Cohen's musical compositions, including a two-minute and twenty-two-second track titled "SQ mc Eminem esque" (the "Cohen Composition"). (Crossclaim ¶¶ 10, 15-16).

Beatbox, like Labrador, is also a music publisher. (Complaint ¶¶ 1, 14). Pursuant to the Labrador-Beatbox Agreement, "Labrador periodically sent music to Beatbox for use by Beatbox consistent with the [Labrador-Beatbox] Agreement to arrange the music into albums to provide to Beatbox's clients." (*Id.* ¶ 20). One such musical piece was the Cohen Composition. (*See id.* ¶ 30; Crossclaim ¶ 17).

At some point in 2014, Beatbox "provided" the Cohen Composition (which it had received from Labrador, and which Labrador had received from Cohen) to the Australian Mechanical Copyright Owners Association ("AMCOS"). (Crossclaim ¶ 25). Soon thereafter, AMCOS "provided" the Cohen Composition to the New Zealand National Party, which in turn featured the Cohen Composition (or an altered version of it, according to Cohen) in a 2014 election campaign advertisement. (*Id.* ¶¶ 26-27; Complaint ¶ 30).

On September 16, 2014, Eight Mile Style LLC ("EMS"), a company affiliated with the rap artist Eminem, filed a copyright infringement lawsuit against the New Zealand National Party in the High Court of New Zealand, Wellington Registry (the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
<u>CIVIL MINUTES—GENERAL</u>

**Case No.** CV 17-6108-MWF (JPRx)        **Date:** January 17, 2020
**Title:**     Beatbox Music Pty, Ltd. v. Labrador Entertainment, Inc., et al.

"New Zealand Action"), after the New Zealand National Party had taken down the relevant commercial but refused to pay a $1.5 million settlement demand. (Complaint ¶¶ 31-33). EMS alleged that the New Zealand National Party's broadcast of the Cohen Composition (or an altered version of it) infringed upon the copyright of Eminem's 2002 hit *Lose Yourself*. (*Id.* ¶ 33).

Various parties in this action were added (or putatively added) as a party to the New Zealand Action. (Complaint ¶¶ 34-35, 37; Crossclaim ¶¶ 32-33). The New Zealand National Party and AMCOS added Beatbox, arguing that Beatbox must indemnify them. (Complaint ¶¶ 34-35, 37). In turn, Beatbox added Labrador to the action, claiming that Labrador must indemnify it pursuant to indemnification provisions in the Labrador-Beatbox Agreement. (Docket No. 58 at 3). Labrador then filed a statement of claim against Cohen in the action. (*Id.* at 4). However, Cohen has not appeared or otherwise participated in the New Zealand Action. (*Id.*).

In September 2016, all parties to the New Zealand Action agreed to first try EMS's underlying copyright infringement claims, and then to separately try the various indemnity claims after establishing liability and damages on EMS's copyright infringement claims. (*Id.*).

On October 25, 2017, following a trial on the underlying copyright infringement portion of the New Zealand Action, the New Zealand High Court found that, through its use of the Cohen Composition in its campaign ad, the New Zealand National Party had infringed upon the copyright of *Lose Yourself*. The court awarded EMS NZ$600,000 in damages. (*Id.*).

The parties appealed the decision, and the New Zealand Court of Appeal issued a judgment on December 18, 2018. (Docket No. 65 at 1). The Court of Appeal quashed the award of damages of NZ$600,000 and substituted it with an award of NZ$225,000. (*Id.*). The Court of Appeal also dismissed the cross-appeal. (*Id.*).

In the present lawsuit, Beatbox seeks indemnification from both Labrador and Cohen pursuant to the Labrador-Beatbox Agreement and pursuant to the Labrador-Cohen Agreement (on a third-party beneficiary theory). (*See* Complaint ¶¶ 41-50).

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

Case No.  CV 17-6108-MWF (JPRx)          Date:  January 17, 2020
Title:  Beatbox Music Pty, Ltd. v. Labrador Entertainment, Inc., et al.

And, through his Crossclaim, Cohen seeks indemnification from Labrador pursuant to the Labrador-Cohen Agreement.  (*See* Crossclaim ¶¶ 36-42, 47-55).

### B. Procedural Background

Plaintiff commenced this action on August 17, 2017.  (*See generally* Complaint).

On March 7, 2018, Labrador filed a Motion to Stay.  (Docket No. 48).  On April 10, 2018, the Court stayed the action in light of the related case in front of the New Zealand High Court.  (Docket No. 58).  On June 10, 2019, the Court lifted the stay.  (Docket No. 73)

On July 24, 2019, the Court issued a Scheduling Order.  (Docket No. 78).  The Scheduling Order set September 16, 2019 as the deadline to amend pleadings or add parties.  (*Id.* at 2).  It also set a deadline of December 6, 2019 to conduct discovery.  (*Id.*).  Trial is currently scheduled for June 23, 2020.  (*Id.*).

Plaintiff now seeks leave to amend its Complaint to add new defendants and new claims.  Plaintiff failed to attach a proposed amended pleading with its Motion.  (*See* Docket No. 88).  However, Plaintiff attached the proposed First Amended Complaint with one of its Reply briefs.  (*See* Docket No. 100-1 ("Proposed FAC")).

## II. AMENDMENT MOTION

### A. Legal Standard

Pursuant to Federal Rule of Civil Procedure 16, a scheduling order "may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4); *see also* Fed. R. Civ. P. 6(b)(1)(A) (requiring good cause to extend the time to accomplish an act that must be done within a specified time).  The Rule 16 "good cause" standard "primarily considers the diligence of the party seeking the amendment."  *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000); *see also Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("Although the existence or degree of prejudice to the party opposing the modification

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
<u>CIVIL MINUTES—GENERAL</u>

**Case No.** CV 17-6108-MWF (JPRx)        **Date:** January 17, 2020

**Title:**     Beatbox Music Pty, Ltd. v. Labrador Entertainment, Inc., et al.

might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification . . . If that party was not diligent, the inquiry should end."). "A party, however, cannot show good cause if the party knew or should have known of the grounds for the claims [the party] sought to add well before [the party] moved for leave to amend." *RePET, Inc. v. Zhao*, No. ED-CV-15-2315-VAP (SPx), 2017 WL 11444648, at *2 (C.D. Cal. Jan. 13, 2017).

Assuming a party satisfies Rule 16's good cause standard, that party must still satisfy Rule 15. Rule 15 requires that leave to amend "be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). The Supreme Court identified five factors a court should consider when deciding whether to grant leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether the plaintiff has previously amended its complaint. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). Of these, "the consideration of prejudice to the opposing party carries the greatest weight." *Sonoma Cty. Ass'n of Retired Employees v. Sonoma Cty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (quoting *Eminence Capital, LLC*, 316 F.3d at 1052).

### B. <u>Discussion</u>

Plaintiff seeks leave to amend the Complaint to add new parties, add new claims, and reinstate claims it has previously dismissed. ***First***, Plaintiff seeks to add Labrador Entertainment, Inc. and the Webb Family Trust as new defendants in this action. ***Second***, Plaintiff seeks to reinstate the breach of fiduciary duty claim against Labrador. ***Third,*** Plaintiff seeks to reinstate an "alter ego theory" under Labrador and Noel Webb, and additionally assert the claim against new defendants Labrador Entertainment LLC and the Webb Family Trust. ***Fourth***, Plaintiff seeks to assert another "alter ego theory" claim against Defendants Cohen and MCPC Holdings, LLC. ***Fifth***, Plaintiff seeks to assert two fraudulent conveyance claims, one under the Uniform Voidable Transactions Act ("UVTA"), Civ. Code, § 3439 *et seq.*, and another under common law, against Defendants Labrador Entertainment Inc., Labrador Entertainment LLC, Noel Webb, Cohen, the Webb Family Trust, and MCPC Holdings, LLC.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

**Case No.** CV 17-6108-MWF (JPRx)                **Date:** January 17, 2020
**Title:**     Beatbox Music Pty, Ltd. v. Labrador Entertainment, Inc., et al.

### 1.      Plaintiff's Violation of Local Rule 15-1

As a threshold matter, Defendants argue that the Amendment Motion should be denied because Plaintiff failed to attach the Proposed FAC with its Motion. (Cohen Opp. at 5-6; Labrador Opp. at 3-4).

Under Local Rule 15-1, "[a]ny proposed amended pleading must be filed as an attachment to the related motion or stipulation." L.R. 15-1. Failure to comply with Local Rule 15-1 may constitute a reason to deny its Motion. *See Solo v. Dawson*, No. CV 09-05623 MMM (RCx), 2010 WL 11509232, at *5 (C.D. Cal. May 6, 2010) ("Although the court will consider the merits of plaintiffs' motion to the extent possible based on the facts provided, it notes that plaintiffs' failure to comply with Local Rule 15-1 constitutes and independent reason to deny their motion.").

Here, Plaintiff filed the Proposed FAC with one of its Reply briefs – after Oppositions to the Amendment Motion were both due and filed. (*See* Docket Nos. 95, 96, 99). At the hearing, Cohen argued that he was prejudiced from Plaintiff's failure to attach the Proposed FAC in the opening brief because he was not aware that Plaintiff intended to assert a ***common law*** fraudulent conveyance claim against him when he filed his Opposition. However, it is undisputed that Cohen was aware that Plaintiff intended to assert a ***UVTA*** fraudulent conveyance claim based on the same allegations. Therefore, the Court concludes that Cohen was not sufficiently prejudiced.

Because Plaintiff sufficiently described the proposed amendments it seeks to make in its opening brief, the Court will consider the merits. However, counsel are warned to scrupulously comply with all Local Rules in the future.

### 2.      Good Cause

Plaintiff asserts that it "has diligently worked to seek all relevant information from Defendants by written discovery." (Amendment Motion at 12). But Plaintiff asserts that it "was unaware of any indication of fraudulent actions, commingling of assets of Defendants, and/or raiding of the assets of the Defendants by Labrador Entertainment, Inc., Noel Webb, and/or Michael Cohen" until it took the depositions of

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

**Case No.  CV 17-6108-MWF (JPRx)**               **Date:  January 17, 2020**
**Title:**       Beatbox Music Pty, Ltd. v. Labrador Entertainment, Inc., et al.

Webb and Cohen.  (*Id.* at 12-17).  Since learning of these facts, Plaintiff asserts that it acted diligently to amend the Complaint to add the alter ego and fraudulent conveyance claims.  (*Id.* at 17).

Plaintiff took the deposition of Noel Webb on December 2 and 3, 2019.  (Amendment Motion at 14-15).  On the second day of his deposition, Webb testified that he conveyed Labrador Entertainment, Inc.'s assets to a different entity named Labrador Entertainment, LLC for $67,000.  (*Id.* at 14-15) (citing Deposition of Noel Webb Volume II ("Webb Depo. II") at 202:14-23 (Docket No. 88-3)).  Plaintiff further asserts that Labrador Entertainment, LLC bought the assets of Labrador Entertainment, Inc. after the New Zealand Action began.  (Amendment Motion at 15).  Webb also testified that Labrador Entertainment, Inc. is owned by Webb Family Trust, a trust that he created and into which he transferred assets.  (*Id.*) (citing Webb Depo. II at 198:15-199:22).

Plaintiff asserts that Webb's testimony is contradictory to his written discovery answers.  (Reply to Labrador Opp. at 7).  Although Plaintiff does not cite to any record demonstrating what Webb's discovery answers were, Defendants do not contradict this assertion by Plaintiff.

Plaintiff also took the deposition of Michael Cohen on December 3, 2019.  Cohen testified at his deposition that he formed MCPC Holdings, LLC and that he is the sole owner of the investment portfolio held by the entity.  (Amendment Motion at 16-17) (citing Deposition of Michael Cohen ("Cohen Depo.") at 83:12-84:2 (Docket No. 88-5)).  Cohen was subsequently instructed by his counsel not to answer any further questions about his assets and/or financial circumstances.  (Amendment Motion at 16) (citing Cohen Depo. at 84:12-86:12).  Plaintiff asserts that Cohen formed the LLC after he became aware of the copyright infringement claim in order to shield his assets from collection.  (Amendment Motion at 16).

Defendants Labrador and Cohen do not dispute that Plaintiff first learned about these entities at the depositions.  However, they fault Plaintiff for not scheduling the depositions until December 3, 2019 – three days before the discovery deadline.  (Cohen Opp. at 8-9; Labrador Opp. at 4-6).  The parties quibble about who was at f

**CIVIL MINUTES—GENERAL**                                                                          8

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

Case No.  CV 17-6108-MWF (JPRx)                    Date:  January 17, 2020
Title:       Beatbox Music Pty, Ltd. v. Labrador Entertainment, Inc., et al.

The Court determines that Plaintiff has acted diligently. The parties dispute whether Plaintiff or Defendants were at fault for scheduling the depositions so late in the discovery process. Regardless, the parties do not dispute that Plaintiff served its written discovery requests early, but Defendants were not forthcoming in their responses to Plaintiff's requests. Therefore, it appears that Defendants bear some responsibility for Plaintiff's belated discovery of Defendants' alleged fraudulent conveyances. *See Ramirez-Castellanos v. Nugget Mkt., Inc.*, No. 2:17-CV-01025-JAM-AC, 2018 WL 5880794, at *3 (E.D. Cal. Nov. 8, 2018) ("[A] defendant may not hide the ball, only to later complain that the plaintiff took too long to find it."). Moreover, the Court notes that there is no allegation that Plaintiff "is acting out of bad faith or with dilatory motives," which also supports the Court's conclusion that Plaintiff acted diligently. *Navarro v. Eskanos & Adler*, No. C 06-02231 WHA, 2006 WL 3533039, at *2 (N.D. Cal. Dec. 7, 2006).

Where "the court determines that refusal to allow a modification might result in injustice while allowance would cause no substantial injury to the opponent and no more than slight inconvenience to the court, a modification should ordinarily be allowed." *Capistrano Unified Sch. Dist.*, 656 F. Supp. 2d at 1195 n.8 (citing *U.S. v. First Nat. Bank of Circle*, 652 F.2d 882, 887 (9th Cir. 1981)). Therefore, the Court determines that Plaintiff has demonstrated sufficient diligence to demonstrate good cause under Rule 16(b).

### 3. Rule 15(a)

Rule 15 requires that leave to amend be freely given when justice so requires. Fed. R. Civ. P. 15(a). Nonetheless, Defendants argue that the Court should not give leave to amend because the proposed amendments would be futile and because they would be unduly prejudiced.

#### a. *Futility*

Leave to amend will not be granted if the amendment would be futile. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 188 (9th Cir. 1987) ("[F]utile amendments should not be permitted."). An amendment will not be futile "unless it appears beyond

---

**CIVIL MINUTES—GENERAL**                                                                 9

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

Case No.  CV 17-6108-MWF (JPRx)          Date: January 17, 2020
Title:     Beatbox Music Pty, Ltd. v. Labrador Entertainment, Inc., et al.

doubt" that Plaintiff's amended complaint "could prove no set of facts in support of their claims which would entitle them to relief." *Id.*

As to the alter ego claims, Cohen and Labrador argue that Plaintiff has shown no evidence for its proposed claim against them. (Cohen Opp. at 11-12; Labrador Opp. at 9-10). Plaintiff disputes this assertion by pointing to Cohen's and Webb's depositions. For example, Cohen testified in his deposition that he holds his investment portfolio in MCPC Holdings, LLC, which was formed on June 19, 2017 – after Cohen became aware of the copyright infringement claim. (Reply to Cohen Opp. at 11). Webb also testified in his deposition that he raided all of Labrador's assets and transferred them to a new entity, Labrador Entertainment, LLC, to the detriment of Plaintiff. (Reply to Labrador Opp. at 10-11).

As to the fraudulent transfer claims, Cohen and Labrador argue that the claims are not ripe. (Cohen Opp. 12-13; Labrador Opp. at 10-11). Specifically, they point out that the UVTA claim involves a fraudulent transfer by a "debtor" of property to a third person with the intent to prevent a "creditor" from reaching that interest to satisfy its claims. (*Id.*). However, they argue that Cohen and Labrador are "debtors" and Beatbox is not a "creditor" because Beatbox has not prevailed in this lawsuit. (Labrador Opp. at 10-11). In response, Plaintiff argues that the claims are ripe because Defendants allegedly fraudulently conveyed their assets after becoming aware of the copyright infringement claim in the New Zealand Action. (Reply to Cohen Opp. at 12).

The Court determines that the alter ego claims are not futile. While Defendants may believe that Plaintiff has not gathered sufficient evidence to a state claim, Defendants have not demonstrated beyond doubt that there is no set of facts in support of Plaintiff's claims.

It is a closer call whether the fraudulent transfer claims are futile. If Plaintiff's claim is hinged on the potential success of this litigation, it appears that Plaintiff's fraudulent transfer claim under UVTA may be premature. However, the Court will reserve the judgment on the issue at this juncture. Defendants are, of course, welcome to raise the issue in a Rule 12(b)(6) motion or prompt summary judgment motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

**Case No.** CV 17-6108-MWF (JPRx)          **Date:** January 17, 2020

**Title:**    Beatbox Music Pty, Ltd. v. Labrador Entertainment, Inc., et al.

### b. *Prejudice*

Even if Plaintiff were able to make a showing of good cause, Labrador argues that the Amendment Motion should be denied because it would be unduly prejudiced. (Labrador Opp. at 11-13). First, Labrador argues that it will be prejudiced because the new claims are based on a different set of operative facts. (*Id.* at 12). Second, Labrador argues that the proposed amendment would result in an undue delay. (*Id.* at 11). Both arguments are not persuasive.

As to the first argument, the Court determines that Plaintiff's new claims do not materially change the operative facts of this case. In the Complaint, Plaintiff asserted that Defendants must indemnify Plaintiff from their infringing acts pursuant to the Labrador-Beatbox Agreement and the Labrador-Cohen Agreement. These allegations remain unchanged. Therefore, the new claims does not "greatly alter[] the nature of the litigation." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990); *see also Ramirez-Castellano*, 2018 WL 5880794, at *4 (determining that defendants were not unduly prejudiced by the plaintiff's addition of two defendants under an alter ego theory of liability because the "alter-ego theory of liability does not materially change the operative facts of this case.").

As to the second argument, the Court determines that Labrador will be unduly prejudiced from the delay. Although the proposed amendments will likely result in additional discovery and continued deadlines, the Court does not expect the delay to be significant. Moreover, the Court notes that Labrador was the party who previously sought a lengthy stay in this action. Moreover, as explained further below, the action will likely need to be stayed for a month regardless of Plaintiff's proposed amendment because Labrador's counsel is seeking to withdraw from this action.

In conclusion, the Court determines that Plaintiff has demonstrated good cause to amend the Complaint and grants its request for leave to amend.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
<u>CIVIL MINUTES—GENERAL</u>

**Case No.** CV 17-6108-MWF (JPRx)       **Date:** January 17, 2020

**Title:** Beatbox Music Pty, Ltd. v. Labrador Entertainment, Inc., et al.

### III. **<u>BGR MOTION</u>**

Whether to grant an application to withdraw is a matter within the Court's discretion. *United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009). "The motion for leave to withdraw must be supported by good cause." L.R. 83-2.3.2. "Unless good cause is shown and the ends of justice require, no substitution or relief of attorney will be approved that will cause delay in prosecution of the case to completion." L.R. 83-2.3.5.

In determining whether to grant counsel's motion to withdraw, courts often weigh the following four factors: "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may result to other litigants; (3) the harm withdrawal might cause to the administration of justice[;] and (4) the degree to which withdrawal will delay the resolution of the case." *Kazovsky v. Metrocities Mortgage, LLC*, 2:11-CV-06079-ODW (FMOx), 2012 WL 8747557, at *1 (C.D. Cal. June 4, 2012) (quoting *Huntington Learning Ctrs., Inc. v. Educ. Gateway, Inc.*, No. CV 09-3200-PSG (VBKx), 2009 WL 2337863, at *1 (C.D. Cal. June 28, 2009)).

In assessing the reasons for withdrawal, the Court looks to the California Rules of Professional Conduct. *See Stewart v. Boeing Co.*, No. CV 12-05621 RSWL, 2013 WL 3168269, at *1 (C.D. Cal. June 19, 2013) ("Federal courts also often look to applicable state rules in determining whether adequate grounds exist to excuse counsel from further representation."); *U.A. Local 342 Joint Labor-Mgmt. Comm. v. S. City Refrigeration, Inc.*, No. C-09-3219 JCS, 2010 WL 1293522, at *3 (N.D. Cal. Mar. 31, 2010) ("In this district, courts look to the standards of professional conduct required of members of the State Bar of California in determining whether counsel may withdraw representation.").

Labrador's counsel have demonstrated good cause for withdrawal. They explain that Labrador has failed to make timely pay its fees owed to BGR in violation of Labrador's written engagement and fee agreement. (Declaration of Carl Alan Roth ("Roth Decl.") ¶ 4 (Docket No. 92-1)). BGR also asserts that it has become clear that BGR and Labrador have reached an impasse with respect to litigation strategy making it difficult for BGR to effectively and professionally represent Labrador. (*Id.* ¶ 5).

---

**CIVIL MINUTES—GENERAL**        12

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
<u>CIVIL MINUTES—GENERAL</u>

**Case No.** CV 17-6108-MWF (JPRx)         **Date:** January 17, 2020
**Title:**     Beatbox Music Pty, Ltd. v. Labrador Entertainment, Inc., et al.

Therefore, BGR asserts that its ability to represent Labrador has been severally and detrimentally affected. (BGR Motion at 1).

      Further, Labrador's counsel have taken reasonable steps to avoid any foreseeable prejudice to Labrador by notifying it of BGR's intent to withdraw as counsel of record both orally and by writing. (Roth Decl. ¶ 13). Labrador also does not object to BGR's withdrawal as counsel and the filing of this motion. (*Id.* ¶ 17). Further, in good faith, BGR has remained Labrador's counsel until the close of discovery while not having received full payment for its work from Labrador. (*Id.* ¶ 20). Apart from the Amendment Motion, there are no other motions pending in this action. While trial is currently set for June 23, 2020, it will likely be continued in light of the Amendment Motion. Accordingly, withdrawal will have limited impact on the administration of justice and the resolution of the case.

      Plaintiff Beatbox and Defendant/Cross-claimant Cohen do not oppose the Motion. (Docket No. 97).

      For the reasons stated above, the Motion is **GRANTED**. BGR shall serve a copy of this Order on Labrador by mail, e-mail, or any other practical means of service calculated to give actual notice of the withdrawal, and then file a proof of service within five court days of the filing of this Order. After filing the proof of service, BGR is **GRANTED LEAVE** to withdraw and will be deemed withdrawn as counsel of record. The docket shall reflect the withdrawal.

      At the hearing, the Court also raised the issue of Defendant Noel Webb. The parties' implicit understanding appears to be that he was no longer part of this action, but will be reinstated as a party after Plaintiff files the FAC.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
<u>CIVIL MINUTES—GENERAL</u>

**Case No.** CV 17-6108-MWF (JPRx)        **Date:** January 17, 2020

**Title:**     Beatbox Music Pty, Ltd. v. Labrador Entertainment, Inc., et al.

## IV. <u>CONCLUSION</u>

For the reasons discussed above, the Amendment Motion is **GRANTED**. Plaintiff may file the Proposed FAC by **January 24, 2020.**

The BGR Motion is **GRANTED**.

Apart from Plaintiff's filing of the FAC, the action is otherwise **STAYED** until **February 17, 2020**, or until Labrador files notice with the Court that it has retained new counsel. The basic rule is that a corporation must appear in federal court through counsel. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council,* 506 U.S. 194, 201-02 (1993) (only natural persons may proceed *in forma pauperis* because, *inter alia*, organizations need a lawyer in federal court); *Osgood v. Main Streat Mktg., LLC*, No. 16CV2415-GPC(BGS), 2017 WL 7362740, at *2 (S.D. Cal. Mar. 27, 2017) (explaining that an LLC may not proceed without counsel). Accordingly, because Labrador cannot proceed pro se in this action, should Labrador fail to file the above notice, Plaintiff shall apply for entry of default against Labrador by no later than **March 2, 2020**, and shall move for default judgment within ten (10) days of entry of default by the Clerk.

IT IS SO ORDERED.

The Court may not provide advice to any party, including persons who are not represented by a lawyer. (Such persons are known as "pro se litigants.") However, this District does have a "Pro Se Clinic" that can provide information and assistance about many aspects of civil litigation in this Court. Public Counsel's Federal Pro Se Clinic provides free legal assistance to people representing themselves in the United States District Court for the Central District of California. The Pro Se Clinic is located at the Roybal Federal Building and Courthouse, 255 East Temple Street, Los Angeles, California 90012.

The Los Angeles Clinic operates by appointment only. You may schedule an appointment either by calling the Clinic or by using an internet portal. You can call the

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

**Case No.** CV 17-6108-MWF (JPRx)         **Date:** January 17, 2020
**Title:**     Beatbox Music Pty, Ltd. v. Labrador Entertainment, Inc., et al.

clinic at (213) 385-2977, ext. 270, or you can submit an internet request at the following site: http://prose.cacd.uscourts.gov/los-angeles.

Clinic staff can respond to many questions with a telephonic appointment or through your email account. It may be more convenient to email your questions or schedule a telephonic appointment. Staff can also schedule you for an in-person appointment at their location in the Roybal Federal Building and Courthouse.

In addition, the Court has information of importance to pro se litigants at the "People Without Lawyers" link, http://prose.cacd.uscourts.gov/.

Pro se litigants may also apply to the Court for permission to electronically file. Form CV-005 is available at http://www.cacd.uscourts.gov/court-procedures/forms.

The Court's website home page is http://www.cacd.uscourts.gov.