BLAISE & NITSCHKE, P.C.
HEATHER L. BLAISE, ESQ. (SBN 261619)
123 N. Wacker Drive, Suite 250
Chicago, IL 60606
Telephone: 312-448-6602
Email: hblaise@blaisenitschkelaw.com

Attorneys for Plaintiff,
BEATBOX MUSIC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEATBOX MUSIC PTY, LTD.,<br><br>Plaintiff,<br><br>v.<br><br>LABRADOR ENTERTAINMENT, INC. D/B/A SPIDER CUES MUSIC LIBRARY, a California corporation; NOEL PALMER WEBB, an individual; MICHAEL COHEN, an individual; LABRADOR ENTERTAINMENT, LLC; MCPC HOLDINGS, LLC; WEBB FAMILY TRUST and DOES 1-20, inclusive,<br><br>Defendants. | CASE NO: 2:17-cv-6108 MWF (JPRx)<br>*Assigned to the Hon. Michael W. Fitzgerald*<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES FOR:**<br>   1) **BREACH OF CONTRACT**<br>   2) **BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING**<br>   3) **ACTION FOR INDEMNITY UNDER WRITTEN INDEMNITY CONTRACT**<br>   4) **BREACH OF FIDUCIARY DUTY**<br>   5) **ALTER EGO**<br>   6) **FRAUDULENT CONVEYANCES**<br><br>Trial Date:      June 23, 2020<br>Cross-Claim Filed: November 21, 2017<br>Action Filed:     August 17, 2017 |

# PARTIES

1. Plaintiff BEATBOX MUSIC PTY, LTD ("Beatbox") is a music publisher located at Suite 9, 7 Ramsay Road, Pennant Hills NSW 2120, Australia.

2. Defendant LABRADOR ENTERTAINMENT, INC. D/B/A as SPIDER CUES MUSIC LIBRARY. ("Labrador") is a California corporation with its central office located at 22400 Sentar Road, Woodland Hills, California 91364. Labrador was incorporated on October 17, 2000 and remains incorporated on the date this pleading is filed.

3. Defendant LABRADOR ENTERTAINMENT, LLC is a California corporation with its central address located at 23679 Calabasas Rd. Suite 1087, Calabasas, CA 91302. LABRADOR ENTERTAINMENT, LLC was incorporated on October 31, 2016 and remains incorporated on the date this pleading is filed. Webb caused LABRADOR ENTERTAINMENT, INC. to transfer all of its assets to LABRADOR ENTERTAINMENT, LLC. and/or THE WEBB FAMILY TRUST after becoming aware of the claims against Defendant Labrador which are the subject of this suit.

4. Defendant NOEL PALMER WEBB ("Webb") is an individual who resides at 22400 Sentar Road, Woodland Hills, California 91364. Webb is the President of Labrador Entertainment, LLC and Labrador Entertainment, Inc.

5. Defendant, THE WEBB FAMILY TRUST, is a trust owning 100 percent stock in Labrador Entertainment, LLC.

6. Defendant Michael Cohen ("Cohen") is an individual who resides, on information and belief, in Los Angeles, California and is a composer of musical compositions. Cohen claims to have written the Musical Composition, the subject of this lawsuit.

7. Defendant MCPC HOLDINGS, LLC, is a Nevada Corporation with its central address located at 2050 S MAGIC WAY #295, HENDERSON, NV, 89002,

USA. MCPC HOLDINGS, LLC was incorporated on June 19, 2017 and remains incorporated on the date this pleading is filed.

8. Defendant Michael Cohen caused all of his security interests to be transferred to MCPC Holdings, LLC after becoming aware of the claims against him which are the subject of this lawsuit.

9. At all times herein mentioned, all Defendants, individually and collectively, are and were agents and/or joint venturers of each other, and in doing the acts alleged herein were acting within the course and scope of such agency.

10. Each Defendant had actual and/or constructive knowledge of the acts of the other Defendant as described herein, and ratified, approved, joined in, acquiesced in, and/or authorized the acts of the other, and/or retained the benefits of said acts.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the Plaintiff is a citizen of a foreign state, Australia, and Defendants are citizens of California and the amount in controversy is in excess of $75,000.00.

12. Moreover, Plaintiff and Defendants executed an Agreement on April 1, 2009 (hereinafter the "2009 Agreement"), binding them to the laws and exclusive jurisdiction of the State of California. *See* attached Exhibit A.

13. This Court also has subject matter jurisdiction under 28 U.S.C. § 1367(a) over Plaintiff's claims seeking damages for violations of state law because said claims arise out of the same case or controversy for which, as set forth above, this Court already has proper subject matter jurisdiction.

14. This Court has personal jurisdiction over Defendants in that, among other things, Defendants do business in this Judicial District, and Plaintiffs do business and are suffering harm in this Judicial District.

15. Venue is proper in this Judicial district pursuant to 28 U.S.C. §§ 1391(b)-(d).

## FACTS COMMON TO ALL COUNTS

16. On or about February 2008, Defendant Labrador and Defendant Cohen entered into a written agreement wherein Defendant Cohen represented and warranted that all musical compositions provided to Labrador were his "sole, exclusive and original work" and that they did not "infringe upon or violate the copyrights or any other rights whatsoever of any person, firm, or entity." *See* attached Exhibit A, "Composer's Agreement". Composer's Agreement also requires indemnity for Cohen's infringing acts.

17. At all relevant times herein, Plaintiff was an intended beneficiary of the written agreement between Defendant Cohen and Defendant Labrador.

18. Beatbox entered into the 2009 Agreement with Labrador, which established Beatbox as the sole Sub Publisher for the licensed territory for the introduction and exploitation of all records made to be issued during the term of the 2009 Agreement and any extensions thereto by the Publisher, Labrador, of musical compositions and sound recordings issued as part of the background music library catalogue known as Spider Cues Music Library ("Music Library"). *See* attached Exhibit B.

19. At all relevant times, Beatbox only used musical compositions which were in the Music Library at the time of use.

20. On or about February, 2014, an amendment was made to the 2009 Agreement, it was signed and executed by both Beatbox and Labrador's President, Noel Webb. *See* attached Exhibit C.

21. Section 16 of the 2009 Agreement lays out the representations and warranties which Labrador and Beatbox agreed upon. *See* attached Exhibit A.

22. In Section 16(iv) of the 2009 Agreement, Labrador represents and

warrants that all compositions subject to the 2009 Agreement are original and that none of the compositions infringes upon any other copyrighted work or the rights of any third party. *See* attached Exhibit A.

23. In Section 16(v) of the 2009 Agreement, Labrador "agrees to indemnify and hold harmless the Sub-Publisher, its successors and assigns of and from any and all loss, liability and expense incurred by reason of any infringement of rights or other claim inconsistent with the Publisher's guarantees, warranties, representations, and undertaking contained in this Agreement" ("Indemnity Clause"). *See* attached Exhibit A.

24. On or about 2009, Labrador periodically sent music to Beatbox for use by Beatbox consistent with the 2009 Agreement to arrange the music into albums to provide to Beatbox's clients.

25. On or about 2009, Beatbox provided Defendant Labrador with an excel spreadsheet which contained instructions as to how each track was arranged and to be used by Beatbox's clients.

26. On or about 2012, Defendant Labrador emailed Beatbox stating that Labrador is putting its music tracks into an album format, yet the music was still the same music just in a different form. Defendant Labrador stated that Beatbox did not need to change the way Beatbox was offering the Music Library.

27. On or about 2014, Labrador stated that it was once more rearranging its library albums. However, this time, Labrador indicated that it would be removing selected tracks, remastering some of the music, in an attempt to create a better overall impression of Labrador's compositions. Labrador further stated that it wanted all sub-publishers, including Plaintiff, to use the newly created line up of albums for the Music Library (hereinafter referred to as the "New Music Library").

28. On or about 2014, Beatbox met with Defendant Labrador in Los Angeles, California, to discuss issues that arose from Labrador's changes to the

Music Library. The meeting ended with the agreement that Labrador was to send Beatbox the music that was to be included in the New Music Library which would be issued to Beatbox's clients.

29. Labrador failed to direct Beatbox to remove any music tracks found in the existing Music Library (which had already been circulated to clients) which, on information and belief, Labrador knew or had reason to know that such tracks allegedly potentially infringed the rights of third parties.

30. Importantly, Labrador never directed Beatbox to remove the relevant track from circulation for licensing.

31. On or about 2014, Defendant Labrador failed to properly send the agreed upon music files to Beatbox in the appropriate format. Many of the tracks that Labrador sent did not contain the requisite metadata needed for Beatbox to issue the music to clients. The metadata pertained to the information associated with each track, including but not limited to, the artist, track title, composer, and date of creation.

32. On or about 2014, after Defendant Labrador sent insufficient musical compositions to Beatbox, Labrador sent Beatbox a "Fix List" of titles that needed to be removed from the collection of music that Labrador had already sent. The "Fix List" contained a list of track title changes as well as composer name changes.

33. In response to the "Fix List", Beatbox reiterated for the second time that Labrador needed to send Beatbox only the Music Library files that could be distributed with sufficient metadata that Beatbox could then issue to clients. Labrador did not send the updated Music Library to Beatbox.

34. On or about 2014, the New Zealand National Party (hereinafter the "NZ Party") used a track from the Music Library entitled "Eminem esque", (hereinafter the "Musical Composition") in their television commercial.

35. On or about 2014, the NZ Party was notified by the owner, Marshall

Mathers and his publishing entities (collectively "8 Mile"), that the Musical Composition was allegedly infringing on the rights of 8 Mile in the musical composition known as "Lose Yourself." Soon thereafter, 8 Mile demanded $1.5 million US dollars from the NZ Party for the alleged infringement.

36. The NZ Party took down the commercial, but refused pay the monetary settlement demanded by 8 Mile.

37. On or about 2014, 8 Mile filed suit against NZ Party in New Zealand, alleging that the soundtrack for the 2014 election campaign advertisement infringed the recording artist's Eminem's "Lose Yourself."

38. The Australian Mechanical Copyright Owners Society (hereinafter "AMCOS") has continually deducted from Beatbox's royalty payments over the past three years, starting on or about April 3, 2015. The reasoning for these deductions was to cover AMCOS's external legal fees in relation to the case in New Zealand. From April 2015 to May 2017, AMCOS has deducted $231,221.33 US from Beatbox for AMCOS' alleged legal fees.

39. On or about 2015, AMCOS reached a settlement agreement with 8 Mile in relation to the use, by Beatbox's clients based in Australia, of the allegedly infringing track over the past seven years. On information and belief, the settlement amount was $70,686.00 US. The settlement was agreed upon without any consultation with or approval from Beatbox.

40. On or about June 5, 2015 to on or about May 15, 2017, Beatbox has incurred legal fees related to this lawsuit totaling $320,367.36 US.

41. On or about 2015, Beatbox was joined to the action by the NZ Party and AMCOS (the entity that granted the license to the Musical Composition to the NZ Party) as the New Zealand equivalent of a third party defendant.

42. In 2014, Beatbox notified Labrador that Beatbox expected to be indemnified pursuant to the Indemnity Clause of the 2009 Agreement.

43. To date, Labrador has refused to honor its indemnity obligations.

44. As a result of the Defendants actions, Plaintiff has suffered extensive financial damages, far in excess of $75,000.00.

## FIRST CAUSE OF ACTION

### (Breach of Contract)

### (Against Labrador and Cohen)

45. Plaintiff repeats and re-alleges paragraphs 1 through 40 contained in this Complaint, as though said paragraphs were set forth fully herein.

42. On or about February 2008, Defendant Labrador and Defendant Cohen entered into a written agreement wherein Defendant Cohen represented and warranted that all musical compositions provided to Labrador were his "sole, exclusive and original work" and that they did not "infringe upon or violate the copyrights or any other rights whatsoever of any person, firm, or entity." See attached Exhibit A. Composer's Agreement also requires indemnity for Cohen's infringing acts.

43. At all relevant times herein, Plaintiff was an intended beneficiary of the written agreement between Defendant Cohen and Defendant Labrador.

44. Plaintiff Beatbox and Defendants entered into an enforceable contract, the 2009 Agreement, in which Beatbox received the rights to use the Music Library in consideration of an advancement of $3,500.00.

45. The contract also contained an Indemnity Clause, which both parties agreed to, stated that Labrador would be liable for any copyright infringement issues that arose from use of the Music Library.

46. Plaintiff Beatbox fully performed its obligations under the contract by paying Defendant Labrador the advancement of $3,500.00 for the use of the Music Library and otherwise complying with its obligations during the term of the Agreement.

47. Defendants breached the contract by violating Section 16(iv) of the 2009 Agreement which guaranteed that the compositions were original and that none of the compositions infringed any other copyright work or the rights of any third party. *See* Exhibit A.

48. Under the impression that all compositions were free from any copyright infringement, Plaintiff Beatbox provided the NZ Party with the track entitled "Eminem esque", a track from the Music Library provided by Defendant Labrador.

49. The NZ Party used the selection "Eminem esque" for the creation of its commercial, which resulted in multiple lawsuits/claims in Australia and New Zealand regarding copyright infringement. These lawsuits occurred through a direct breach of the 2009 Agreement by Defendants.

50. As a direct and proximate result of Defendants' breaches, Plaintiff has suffered damages in excess of $75,000.00.

WHEREFORE, Plaintiff Beatbox prays for judgment as set forth below.

## SECOND CAUSE OF ACTION

**(Breach of Covenant of Good Faith and Fair Dealing)**

**(Against All Defendants)**

51. Plaintiff repeats and re-alleges paragraphs 1 through 50 contained in this Complaint, as though said paragraphs were set forth in fully herein.

52. On or about February 2008, Defendant Labrador and Defendant Cohen entered into a written agreement wherein Defendant Cohen represented and warranted that all musical compositions provided to Labrador were his "sole, exclusive and original work" and that they did not "infringe upon or violate the copyrights or any other rights whatsoever of any person, firm, or entity." See attached Exhibit A. Composer's Agreement also requires indemnity for Cohen's infringing acts.

53. At all relevant times herein, Plaintiff was an intended beneficiary of the written agreement between Defendant Cohen and Defendant Labrador.

54. Plaintiff and Defendant Labrador are parties to a contract with one another under the 2009 Agreement appointing Plaintiff as the Sub-Publisher for Defendant Labrador's Music Library.

55. Every contract imposes the duty of good faith and fair dealing upon the parties in performance and enforcement of the contract.

56. Implied in the 2009 Agreement between Plaintiff Beatbox and Defendants was a covenant of good faith and fair dealing.

57. Defendants acted in bad faith by sending Musical Compositions that were not original and that infringed other copyright work and the rights of a third party.

58. As a direct and proximate result of Defendants' breach of the covenant of good faith and fair dealing, Defendants have directly caused damages to Plaintiff Beatbox, in the form of bad faith reputational damages and financial damages as a result of third party lawsuits and claims.

WHEREFORE, Plaintiff Beatbox prays for judgment for all damages as revealed during discovery and proven at trial.

## THIRD CAUSE OF ACTION
**(Express Indemnity)**
**(Against Labrador)**

59. Plaintiff repeats and re-alleges paragraphs 1 through 58 contained in this Complaint, as though said paragraphs were set forth fully herein.

60. Plaintiff Beatbox and Defendants entered into the aforementioned 2009 Agreement which contained, among other things, Express Indemnity and Guarantee Clauses.

61. Pursuant to the Express Indemnity and Guarantee Clauses in Section

16(v), Defendant Labrador "agrees to indemnify and hold harmless the Sub-Publisher, its successors and assigns of and from any and all loss, liability and expense incurred by reason of any infringement of rights or other claim inconsistent with the Publisher's guarantees, warranties, representations, and undertaking contained in this agreement."

62. Furthermore, section 16(iv) of the 2009 Agreement states that the compositions provided in the Music Library are original and that none of the compositions infringe any other copyright work or the rights of any third party.

63. However, Defendants directly violated section 16(iv) of the 2009 Agreement by sending Plaintiff Beatbox a Music Library that was not original and infringed other copyright work and the rights of a third party.

64. As a direct and proximate result of Defendants actions, Plaintiff Beatbox has incurred and continues to incur an undetermined amount of damages. Furthermore, the Indemnity Clause in the executed 2009 Agreement at Section 16(v) authorizes "the liability and expense incurred by reason of any infringement of rights or other claim inconsistent with the Publishers guarantees, warranties, representations, and undertakings to be paid to Plaintiff Beatbox, including the recovery of reasonable attorney's fees in any action to enforce the terms of the Indemnity Clause.

65. By virtue of the 2009 Agreement and/or applicable law, said Defendants must hold Plaintiff harmless and indemnify them for the amount of any judgment or settlement, and for expenses, costs, legal fees, and other damages and costs which Plaintiff incurs in connection with the copyright infringement of the Musical Composition. The total amount of Plaintiff Beatbox's costs and attorneys' fees is not yet known, and Beatbox will ask leave of this Court to insert such amount at the time of trial.

WHEREFORE, Plaintiff Beatbox prays for judgment as set forth below.

# FOURTH CAUSE OF ACTION

**(Breach of Fiduciary Duty)**

**(Against Defendant Labrador)**

66. Plaintiff repeats and re-alleges paragraphs 1 through 65 contained in this Complaint, as though said paragraphs were set forth in full herein.

67. Defendants, acting as the Publisher of the Music Library, owed Plaintiff Beatbox fiduciary duties of duties of care, loyalty, candor, good faith and fair dealing, and independence. Beatbox, as the Sub-Publisher, relied on the Publisher to provide them with a Music Library free of any copyright infringement.

68. Beatbox placed its trust and confidence in Defendant in that regard, which was assumed and accepted. Defendants were obligated to fulfill the 2009 Agreement with the utmost care and good faith.

69. Defendant Labrador violated the fiduciary duty of care, loyalty, candor, good faith and fair dealing, and independence owed to Plaintiff Beatbox and has acted to put the personal interests of Defendant Labrador ahead of the interests of Plaintiff Beatbox.

70. Defendant Labrador failed to exercise the care required, and breached his duties of care, loyalty, candor, good faith and fair dealing, and independence owed to Plaintiff Beatbox by, among others, sending Plaintiff Beatbox a Music Library that was not in compliance with copyright laws.

71. Defendant Labrador knew or should have known that the Musical Composition infringed upon the rights of third parties.

72. By reason of the foregoing acts, practices, and course of conduct, Defendant Labrador failed to exercise ordinary care and diligence in the exercise of its fiduciary obligations toward Plaintiff Beatbox.

73. As a direct and proximate result of Defendants' breaches of their duties, Plaintiff Beatbox has suffered damages in an amount to be proven at trial.

74. Defendants' conduct was intentionally deceitful and done with the

intent of depriving Beatbox of its legal rights, and to cause it injury. Defendants' actions subjected Beatbox to unjust hardship and undue injury. Defendants' conduct was malicious, fraudulent and oppressive, and was committed with a conscious disregard of the rights of Beatbox. Accordingly, Beatbox is entitled to an award of punitive or exemplary damages in an amount sufficient to punish Defendants.

WHEREFORE, Plaintiff Beatbox prays for judgment as set forth below.

## FIFTH CAUSE OF ACTION

### (Alter Ego Theory)

**(Against Defendants Labrador Entertainment, LLC, Labrador Entertainment, Inc., Noel Webb, And The Webb Family Trust)**

75. Plaintiff repeats and re-alleges paragraphs 1 through 74 contained in this Complaint, as though said paragraphs were set forth in full herein.

76. There exists and at all times herein relevant there existed a unity of interest and ownership between Labrador Entertainment, Inc. D/B/A Spider Cues Music Library, Labrador Entertainment, LLC, Noel Palmer Webb, and The Webb Family Trust such that any individuality and separateness between Labrador Entertainment, Inc., Labrador Entertainment, LLC, the Webb Family Trust, and Webb has ceased, and Labrador Entertainment, Inc. is the alter ego of Webb and Labrador Entertainment, LLC and The Webb Family Trust in that:

   a. Defendant Labrador Entertainment, Inc. is a mere shell and sham without capital, assets, stock, or stockholders. Webb has used Labrador Entertainment, Inc., Labrador Entertainment, LLC and The Webb Family Trust to avoid individual liability and for the purpose of hindering, delaying, or defrauding all of Webb's, Labrador Entertainment, Inc. and Labrador Entertainment, LLC's then or future creditors, including Plaintiff, in the collection of their claims against Defendants.

   b. Webb has utilized the assets of Labrador Entertainment, Inc. for his

        personal use, has caused assets of Labrador Entertainment, Inc. to be transferred to Labrador Entertainment, LLC without adequate consideration, has transferred the assets Labrador Entertainment, Inc. without adequate consideration, and has caused funds belonging to Labrador Entertainment, Inc. to be diverted to bank accounts belonging to Labrador Entertainment, LLC.

    c.    Webb has caused Labrador Entertainment, Inc. to become a mere shell, instrumentality, and conduit through which Webb carried on business in Labrador Entertainment, Inc. and Labrador Entertainment, LLC exactly as he had conducted business prior to organization, exercising complete control and dominance of such business to such an extent that any individuality or separateness of Labrador Entertainment, Inc, versus Webb and/or Labrador Entertainment, LLC does not and at all times herein mentioned did not exist.

    d.    Labrador Entertainment, Inc. and Labrador Entertainment, LLC are and were controlled, dominated, and operated by Webb in his individual capacity in that the activities and business of both Labrador corporate entities were carried out without the holding of directors' or shareholders' meetings, without maintaining records or minutes of proceedings, and without other directors or shareholders approving personal transactions between Webb and the Labrador entities.

77.    Adherence to the fiction of the separate existence of Labrador Entertainment, Inc., and Labrador Entertainment, LLC, THE WEBB FAMILY TRUST as entities distinct from Webb would permit an abuse of the corporate privilege and would sanction fraud and permit injustice in that Plaintiff would be prohibited from enforcing the Judgment.

**FIRST AMENDED COMPLAINT FOR DAMAGES**

WHEREFORE, Plaintiff Beatbox prays for judgment as set forth below.

## SIXTH CAUSE OF ACTION

**(Alter Ego Theory)**

**(Against Defendant Cohen, And MCPC Holdings, LLC)**

78. Plaintiff repeats and re-alleges paragraphs 1 through 77 contained in this Complaint, as though said paragraphs were set forth in full herein.

79. There exists and at all times herein relevant there existed a unity of interest and ownership between MCPC Holdings, LLC ("MCPC, LLC") and Michael Cohen, such that any individuality and separateness between MCPC, LLC and Cohen has ceased, and MCPC, LLC is the alter ego of Cohen in that:

   a. Cohen is the sole owner of MCPC, LLC;

   b. On information and belief, Cohen incorporated MCPC, LLC to avoid Judgment creditors;

   c. On information and belief Cohen has used MCPC, LLC to avoid individual liability and for the purpose of hindering, delaying, or defrauding all of Cohen's then or future creditors, including Plaintiff, in the collection of their claims against Defendants.

   d. On information and belief, Cohen has caused MCPC, LLC to become an instrumentality and conduit through which Cohen's carried on business exactly as he had conducted business as an individual to such an extent that any individuality or separateness of MCPC, LLC, versus Cohen does not and at all times herein mentioned did not exist.

   e. MCPC, LLC is and was controlled, dominated, and operated by Cohen in his individual capacity in that on information and belief the activities and business of MCPC, LLC was carried out without the holding of directors' or shareholders' meetings, without maintaining records or minutes of proceedings, and without other directors or

shareholders approving personal transactions between Cohen and MCPC, LLC.

80. Adherence to the fiction of the separate existence of MCPC, LLC as an entity distinct from Cohen would permit an abuse of the corporate privilege and would sanction fraud and permit injustice in that Plaintiff would be prohibited from enforcing the Judgment.

WHEREFORE, Plaintiff Beatbox prays for judgment as set forth below.

## SEVENTH CAUSE OF ACTION

### (Fraudulent Conveyance At Common Law)

### (Against Defendants Labrador Entertainment, LLC, Labrador Entertainment, Inc., Noel Webb, Defendant Cohen, The Webb Family Trust and MCPC Holdings, LLC)

81. Plaintiff repeats and re-alleges paragraphs 1 through 80 contained in this Complaint, as though said paragraphs were set forth in full herein.

82. After becoming aware of the claims against him by Plaintiff, Noel Webb caused Defendant Labrador Entertainment, Inc, to transfer all of the assets of it to THE WEBB FAMILY TRUST and then to Defendant Labrador Entertainment, LLC.

83. After becoming aware of the claims against him by Plaintiff, Michael Cohen sold his real estate and transferred all of the security interest assets to MCPC Holdings, LLC.

84. Further, Defendant Webb continues to direct and divert payments which belong to Defendant Labrador Entertainment, Inc. to Defendant Labrador Entertainment, LLC with the intent to prevent Plaintiff from reaching that interest to satisfy its claim.

85. But for Defendants' actions in fraudulently transferring their assets to the detriment of Plaintiff, Plaintiff would have been able to collect from the assets of Defendant Cohen and Defendant Labrador Entertainment, Inc.

WHEREFORE, Plaintiff Beatbox prays for judgment as set forth below.

## EIGHTH CAUSE OF ACTION

### (Fraudulent Conveyance Under California's Uniform Fraudulent Transfer Act)

### (Against Defendants Labrador Entertainment, LLC, Labrador Entertainment, Inc., The Webb Family Trust, Noel Webb, Defendant Cohen and MCPC Holdings, LLC)

86. Plaintiff repeats and re-alleges paragraphs 1 through 85 contained in this Complaint, as though said paragraphs were set forth in full herein.

87. After becoming aware of the claims against him by Plaintiff, Noel Webb caused Defendant Labrador Entertainment, Inc, to transfer all of the assets of it to Defendant Labrador Entertainment, LLC, including but not limited to, copyrights and the right to collect income for the exploitation of the copyrights of others.

88. After becoming aware of the claims against him by Plaintiff, Michael Cohen sold his real estate and transferred all of the security interest assets to MCPC Holdings, LLC.

89. Further, Defendant Webb continues to direct and divert payments which belong to Defendant Labrador Entertainment, Inc. to Defendant Labrador Entertainment, LLC with the intent to prevent Plaintiff from reaching the interests of Defendant Labrador Entertainment, Inc. to satisfy its claim.

90. But for Defendant Webb and Defendant Cohen's actions in transferring assets, Plaintiff would have been able to collect from Defendants the assets that have been transferred with the obvious intent to deprive Plaintiff from its ability to collect against Defendant Cohen and Defendant Labrador Entertainment, Inc.

91. Defendant Cohen and Defendant Labrador Entertainment, Inc. both acted with actual intent to hinder, delay, and/or defraud Plaintiff.

92. Defendant Cohen and Defendant Labrador Entertainment, Inc. in failing

to comply with their contractual indemnity obligations which gave rise to Plaintiff's damages and claims herein, and in transferring their assets reasonably anticipated that Plaintiff would be unable to collect from Defendant Cohen and/or Defendant Labrador Entertainment, Inc.

93. Defendants Labrador Entertainment, LLC, MCPC Holdings, LLC, Defendant Webb, Defendant Webb Family Trust aided and abetted Defendant Cohen and Defendant Labrador Entertainment, Inc in the commission of the intentional tort of fraudulent transfer because (a) each knew the other's conduct constitutes a breach of duty and gave substantial assistance or encouragement to the other Defendants to so act or (b) gave substantial assistance to the other in accomplishing a tortious result and the defendant's own conduct, separately considered, constitutes a breach of duty to the third person.

WHEREFORE, Plaintiff Beatbox prays for judgment as set forth below

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment as follows:

For the First Cause of Action:

    1. a sum in excess of $75,000 as proven at trial; and

For the Second Cause of Action:

    2. a sum in excess of $75,000 as proven at trial.

For the Third Cause of Action:

    3. a sum in excess of $75,000 as proven at trial.

For the Fourth Cause of Action:

    4. a sum in excess of $75,000 as proven at trial.

    5. for punitive damages in an amount sufficient to punish Defendants.

For the Fifth Cause of Action:

    6. a sum in excess of $75,000 as proven at trial; And that Labrador and Webb be held jointly and severally liable for all elements of

    the Judgement obtained on behalf of Plaintiff and against Defendants Webb and Labrador;

7.  punitive damages according to proof.

For the Sixth Cause of Action:

8.  a sum in excess of $75,000 as proven at trial; And that Labrador and Webb be held jointly and severally liable for all elements of the Judgement.

9.  punitive damages according to proof.

For the Seventh Cause of Action:

10.  a sum in excess of $75,000 as proven at trial; And that Labrador and Webb be held jointly and severally liable for all elements of the Judgement.

11.  punitive damages according to proof.

For the Eighth Cause of Action:

12.  a sum in excess of $75,000 as proven at trial; And that Labrador and Webb be held jointly and severally liable for all elements of the Judgement.

13.  punitive damages according to proof.

For All Causes of Action;

14.  for interest on such principal sum at the rate of 10% per annum, pursuant to Cal. Civ. Code § 3289;

15.  a constructive trust pursuant to Cal. Civ. Code §§2223, 2224;

16.  enter an order voiding any transfers of assets made by Defendant Cohen and/or Defendant Labrador Entertainment, Inc. since their knowledge of the claims underlying this suit;

17.  punitive damages for intentional torts;

18.  for attorney's fees and costs of suit incurred herein pursuant to contract; and

19. for such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

Dated: 24th day of January, 2020

                                      Respectfully submitted,
                                      BEATBOX MUSIC PTY LTD.

_/s/ H. Blaise_

HEATHER L. BLAISE, ESQ.
One of its attorneys