BLAISE & NITSCHKE, P.C.
HEATHER L. BLAISE, ESQ. (SBN 261619)
123 N. Wacker Drive, Suite 250
Chicago, IL 60606
Telephone: 312-448-6602
Email: hblaise@blaisenitschkelaw.com

Attorneys for Plaintiff,
BEATBOX MUSIC PTY, LTD.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEATBOX MUSIC PTY, LTD.,<br><br>Plaintiff,<br><br>v.<br><br>LABRADOR ENTERTAINMENT, INC. D/B/A SPIDER CUES MUSIC LIBRARY, et al.<br><br>Defendants.<br><hr>MICHAEL COHEN, an individual;<br><br>Cross-Complainant,<br><br>v.<br><br>LABRADOR ENTERTAINMENT, INC. D/B/A SPIDER CUES MUSIC LIBRARY, a California Corporation<br><br>Cross-Defendant. | CASE NO: 2:17-cv-6108 MWF (JPRx)<br>*Assigned to the Hon. Michael W. Fitzgerald*<br><br>**BEATBOX MUSIC PTY, LTD.'S (1) NOTICE OF MOTION; (2) MOTION TO STRIKE COHEN'S EXPERT REPORT OF ESKELIN; EXCLUDE ESKELIN AS EXPERT WITNESS; TO STRIKE MOTION FOR PARTIAL SUMMARY JUDGMENT; AND FOR OTHER RELIEF; (3) DECLARATION OF HEATHER L. BLAISE IN SUPPORT THEREOF; and (4) [PROPOSED] ORDER**<br><br>**Date:       March 16, 2020**<br>**Time:       10:00 a.m.**<br>**Courtroom:  3A**<br><br>Trial Date:       June 23, 2020<br>Cross-Claim Filed: November 21, 2017<br>Action Filed:      August 17, 2017 |

---

1

MOTION TO STRIKE COHEN'S EXPERT REPORT OF ESKELIN; EXCLUDE ESKELIN AS EXPERT WITNESS; TO STRIKE MOTION FOR PARTIAL SUMMARY JUDGMENT; AND FOR OTHER RELIEF

## NOTICE OF MOTION

TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, AND TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on March 16, 2020 at 10:00 a.m., or as soon thereafter as the matter may be heard before the Honorable Michael W. Fitzgerald of the United States District Court, in Courtroom 5A of the United States District Court, Central District of California, located at 350 West First Street, Courtroom 5A, Los Angeles, California 90012, Plaintiff Beatbox Music Pty, Ltd. ("Plaintiff"), by and through undersigned counsel, will move to STRIKE COHEN's EXPERT REPORT OF ESKELIN; EXCLUDE ESKELIN AS EXPERT WITNESS; TO STRIKE MOTION FOR PARTIAL SUMMARY JUDGMENT; AND FOR OTHER RELIEF.

This motion is based upon this Notice of Motion, accompanying Motion, the Declaration of Heather L. Blaise and exhibits thereto; the pleadings on file in this action; and such other further pleadings, papers, transcripts and matters that may be properly presented to the Court.

This motion is made following the conference of counsel pursuant to Local Rule 7-3 concerning the substance of this motion, which took place in person on January 9 and 10, 2020 and through letters on or about January 10, 2020 and January 21, 2020.

Dated: February 21, 2020

Respectfully submitted,

**BEATBOX MUSIC PTY, LTD.**

_/s/ Heather L. Blaise_

HEATHER L. BLAISE, ESQ. (SBN 261619)
123 N. Wacker Drive, Suite 250
Chicago, IL 60606
Telephone: 312-448-6602
Email: hblaise@blaisenitschkelaw.com
_Attorney for Plaintiff_

2

MOTION TO STRIKE COHEN'S EXPERT REPORT OF ESKELIN; EXCLUDE ESKELIN AS EXPERT WITNESS; TO STRIKE MOTION FOR PARTIAL SUMMARY JUDGMENT; AND FOR OTHER RELIEF

**<u>PLAINTIFF'S MOTION TO STRIKE COHEN'S EXPERT REPORT OF
ESKELIN; EXCLUDE ESKELIN AS EXPERT WITNESS; TO STRIKE
MOTION FOR PARTIAL SUMMARY JUDGMENT; AND FOR OTHER
RELIEF</u>**

Plaintiff Beatbox Music Pty., Ltd. ("Beatbox") respectfully moves this
Honorable Court, pursuant to Federal Rules of Civil Procedure 37 and 26 and to
STRIKE COHEN'S EXPERT REPORT OF ESKELIN; EXCLUDE ESKELIN AS
EXPERT WITNESS; TO STRIKE MOTION FOR PARTIAL SUMMARY
JUDGMENT; AND FOR OTHER RELIEF.

## <u>INTRODUCTION</u>

On or about July 24, 2019, this Honorable Court ordered that expert
disclosure to close on December 6, 2019 and rebuttal expert disclosures to occur on
January 17, 2020. *See* Order on Jury Trial, Dkt. 78. On November 26, 2019,
Defendant Cohen provided the woefully deficient expert disclosure of Gerald
Eskelin to Plaintiff. *See* Declaration of Heather L. Blaise, attached hereto and
incorporated herein as Exhibit 1 at Exhibit A. On January 9 and 10, 2020, Plaintiff
and counsel for Cohen discussed the issues Plaintiff had with the insufficiencies of
Eskelin's Report (the "Report"). On January 10, 2020, Plaintiff sent counsel for
Cohen a Meet and Confer letter identifying the issues with the Report and
summarizing the issues discussed during the conversations. *See* Exhibit 1 at Exhibit
B. On January 21, 2020, counsel for Cohen responded to the January 10, 2020 Meet
and Confer letter without resolution. *See* Exhibit 1 at Exhibit C.

On January 13, 2020, this Honorable Court held a hearing which result in the
granting Plaintiff's Motion to Amend the Complaint and on January 17, 2020 this
Court entered an Order stating, *in pertinent part*:

Apart from Plaintiff's filing of the FAC, the action is otherwise STAYED until February 17, 2020, or until Labrador files notice with the Court that it has retained new counsel.

On January 22, 2020, this Honorable Court entered the following Order:

SCHEDULING NOTICE by Judge Michael W. Fitzgerald. The Court has stayed this matter to 2/17/2020, or upon the filing of a Notice of Appearance of Counsel on behalf of Defendant Labrador Entertainment, Inc. ("Labrador"), whichever occurs first. If counsel appears on behalf of Labrador, the Court anticipates that the pretrial and trial dates will have to be continued and will request a proposal from the parties. If no counsel appears on behalf of Labrador, Plaintiff was ordered to proceed with an application for entry of default against Labrador by 3/2/2020. If that occurs, the remaining parties should, at that time, stipulate to continue the pretrial and trial dates. IT IS SO ORDERED. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (rs) TEXT ONLY ENTRY

On February 17, 2020, Defendant Cohen filed a Partial Motion for Summary Judgment (Dkt. 115) before expert discovery has been completed in this case (in light of the stay) and which relies upon the Declaration of Gerald Eskelin, who is facially not qualified to offer expert opinion on the topics so address and whose report is woefully deficient and subject to strike un Rule 37 and 26. As a result of the foregoing, Plaintiff brings this Motion.

## MEET AND CONFER

This motion is made following that conference of counsel pursuant to Local Rules for the United States District Court for the Central District of California (the "Local Rules") 7-3 as further discussed above.

## APPLICABLE LAW

Federal Rule of Civil Procedure 26(a)(2), states *in pertinent part*:

2) Disclosure of Expert Testimony.
(A) In General. In addition to the disclosures required by Rule 26(a)(1),

4

a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705.

(B) Witnesses Who Must Provide a Written Report. Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:

(i) a complete statement of all opinions the witness will express and the basis and reasons for them;

(ii) the facts or data considered by the witness in forming them;

(iii) any exhibits that will be used to summarize or support them;

(iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;

(v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

(vi) a statement of the compensation to be paid for the study and testimony in the case.

USCS Fed Rules Civ Proc R 26.

Meanwhile, FRCP 37 provides:

. . .

(c) Failure to Disclose, to Supplement an Earlier Response, or to Admit. (1) Failure to Disclose or Supplement. If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:

(A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;

(B) may inform the jury of the party's failure; and

(C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)–(vi).

1 | USCS Fed Rules Civ Proc R 37.

2 | **ARGUMENT**

3 | I. **THE REPORT OF GERALD ESKELIN SHOULD BE STRICKEN AS INSUFFICIENT**

4 |

5 | Federal Rule of Civil Procedure 26(a)(2), states in pertinent part:

6 | 2) Disclosure of Expert Testimony.
(A) In General. In addition to the disclosures required by Rule 26(a)(1),

7 | a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence

8 | 702, 703, or 705.

9 | (B) Witnesses Who Must Provide a Written Report. Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied

10 | by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the

11 | case or one whose duties as the party's employee regularly involve

12 | giving expert testimony. The report must contain:

13 | (i) a complete statement of all opinions the witness will express and the basis and reasons for them;

14 | (ii) the facts or data considered by the witness in forming them;

15 | (iii) any exhibits that will be used to summarize or support them;

16 | (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;

17 | (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

18 | (vi) a statement of the compensation to be paid for the study and

19 | testimony in the case.

20 | USCS Fed Rules Civ Proc R 26

21 | The Report fails to meet the disclosure requirements above in numerous ways.

22 | Accordingly, the Report should be stricken. If an expert report is not submitted in

23 | accordance with Rule 26(a), the court has the discretion to exclude the evidence

24 | associated with the expert "on a motion, at a hearing, or at a trial, unless the failure

25 | was substantially justified or is harmless." Fed. R. Civ. P. 37(c*); see also Yeti by*

26 | *Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir.2001) (noting

27 |

28 |

that "[t]wo express exceptions ameliorate the harshness of Rule 37(c)(1): The information may be introduced if the parties' failure to disclose the required information is substantially justified or harmless"). *Schenk v. Novartis Pharm. Corp.*, No. CV-12-08223-PCT-NVW, 2014 U.S. Dist. LEXIS 100175, at *9 (D. Ariz. July 23, 2014)

Below is a non-exhaustive list of the deficiencies in the Report:

1.      The statements made in the Expert Report are conclusory and fail to provide any factual support for the opinions they express, and thus should be stricken. *Schenk v. Novartis Pharm. Corp.*, No. CV-12-08223-PCT-NVW, 2014 U.S. Dist. LEXIS 100175, at *10 (D. Ariz. July 23, 2014);

2.      The Report fails to include the facts or data considered by the witness in forming them, and thus should be stricken. *Lewert v. Boiron, Inc.*, 212 F. Supp. 3d 917, 931 (C.D. Cal. 2016);

3.      The Report fails to reference and/or include any exhibits that will be used to summarize or support them, and thus should be stricken. *Oliner v. Kontrabecki* (*In re Cent. European Indus. Dev. Co.*, LLC), 427 B.R. 149, 159 (Bankr. N.D. Cal. 2009); and

4.      The Expert's Depositions and Publications Exhibit is dated April 25, 2012 and refers to depositions and publications older than 4 years for depositions and older than 10 years for publications—neither of which comply with Rule 26(a)(2), and thus should be stricken. *Lewert v. Boiron, Inc.*, 212 F. Supp. 3d 917, 931 (C.D. Cal. 2016).

Finally, any attempt at supplementing the expert disclosure should be denied, because "supplementary disclosures are intended only to supplement, and are not to be used to provide an extension of the deadline to provide expert reports" and the cutoff for expert disclosure was December 6, 2019. *Metro Ford Truck Sales, Inc. v.*

1 | *Ford Motor Co.*, 145 F.3d 320, 324 (5th Cir. 1998). Where an initial disclosure is so
2 | incomplete that it does not satisfy Rule 26(a)(2)(B), and the second report contains
3 | the information, reasoning and opinions which must be disclosed in the initial
4 | disclosure, the expert may be limited to testifying to only opinions disclosed in the
5 | timely initial report. *Keener v. U.S.*, 181 F.R.D. 639, 642 (D. Mont. 1998), *citing*
6 | *Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990). *Johnson v. Sacramento*
7 | *Cty.*, No. CIV-S-06-0169 DFL GGH, 2007 U.S. Dist. LEXIS 6298, at *6-7 (E.D.
8 | Cal. Jan. 12, 2007).

9 | The purpose of the changes to Rule 26, effective some 16 years ago, was to
10 | greatly reduce, or possibly eliminate, the need for depositions of experts. *Oliner v.*
11 | *Kontrabecki* (*In re Cent. European Indus. Dev. Co., LLC*), 427 B.R. 149, 159
12 | (Bankr. N.D. Cal. 2009), *citing Salgado by Salgado v. GMC*, 150 F.3d 735, 742 n.6
13 | (7th Cir. 1998) (stating that an expert report must be detailed and complete so that
14 | "opposing counsel is not forced to depose an expert in order to avoid ambush at trial
15 | and sufficiently complete so as to shorten or decrease the need for expert depositions
16 | and conserve resources").

17 | Importantly, nothing contained in the Report identifies how Dr. Gerald
18 | Eskelin is remotely qualified to opine that the contractual meanings of the words
19 | "alter" or "adapt" have no meaning in the music industry. *See* Exhibit 1 at Exhibit A.
20 | Indeed, the Report does not indicate Eskelin's background, knowledge, experience
21 | and/or training as it relates to contractual meanings and/or licensing in the music
22 | industry.  Notably, Eskelin's Report is silent as to any background other than that of
23 | a musician. *See id.*

## II. GERALD ESKELIN SHOULD BE EXCLUDED AS AN EXPERT WITNESS AS UNQUALIFIED TO OPINE ON CONTRACTUAL MEANINGS

8

MOTION TO STRIKE COHEN'S EXPERT REPORT OF ESKELIN; EXCLUDE ESKELIN AS EXPERT WITNESS; TO STRIKE MOTION FOR PARTIAL SUMMARY JUDGMENT; AND FOR OTHER RELIEF

Either in an apparent attempt to overcome the glaring deficiencies of the Report or in a flagrant departure from his obligations under Rule 26, Defendant Cohen attaches a Declaration of Eskelin in support of his Motion for Partial Summary Judgment which for the first time states "I have been in music for sixty-two years, and fifty-seven years in the music industry." *See* Exhibit 1 at Exhibit D. Notably, nothing disclosed by Cohen indicates that Eskelin is qualified to opine about contractual meanings in music industry contracts, he is not an attorney, nor does he have any disclosed experience negotiating and/or entering into music licensing agreements, let alone production music licensing. Moreover, nothing about his experience in the "music industry" was disclosed before December 6, 2019. For the foregoing reasons, the Report should be stricken; Eskelin's Declaration should be stricken; and Eskelin should be excluded as an expert witness for Cohen.

## III. PLAINTIFF SHOULD BE AWARDED ITS ATTORNEYS' FEES FOR BEING FORCED TO BRING THIS MOTION AS A DISCOVERY SANCTION

Plaintiff attempted to resolve the facially deficient issues with Defendant Cohen prior to being forced to bring this Motion. Not only did Defendant Cohen fail to take any action to bring his Report in compliance with Rule 26 and 37, but he exceeded the scope of his Report in supporting his ill-fated Motion for Partial Summary Judgment relying upon a similarly unsupported Declaration from Eskelin, all while the case has been subject to a stay and Plaintiff has been unable to supplement its expert reports and/or disclose expert rebuttal as a result of the stay. Defendant Cohen missed the deadline of December 6, 2019. Such gamesmanship should not be tolerated and Defendant Cohen should not be permitted to prejudice Plaintiff by prematurely filing Motions for Partial Summary Judgment while expert discovery remains outstanding.

The court has the discretion to fashion appropriate sanctions for incomplete expert reports. *Wintice Group, Inc.*, 2011 383039, at *3 (*quoting Keener v. United States*, 181 F.R.D. 639, 641 (D. Mont. 1998))("If full compliance with Rule 26(a) is not made, Rule 37(c)(1)mandates some sanction, 'the degree and severity of which are within the discretion of the trial judge.'"). *Hernandez v. Creative Concepts*, No. 2:10-cv-02132-PMP -VCF, 2013 U.S. Dist. LEXIS 13350, at *24 (D. Nev. Jan. 30, 2013)(sanctions of $2,000.00 for failing to disclose a complete expert report).

## IV.   COHEN'S MOTION FOR PARTIAL SUMMARY JUDGMENT SHOULD BE STRICKEN AS PREMATURE AND INSOFAR AS IT RELIES UPON THE DECLARATION OF GERALD ESKELIN

For the reasons identified above, Plaintiff should not be required to substantively respond to Defendant Cohen's Motion for Partial Summary Judgment insofar as it relies upon the expert opinion of Eskelin without any foundation that Eskelin is qualified to make opinions relating to the meaning of contractual terms in the music industry. In addition, requiring Plaintiff to respond to the ill-advised Motion for Partial Summary Judgment before the close of expert discovery would be a waste of judicial resources; prejudicial to Plaintiff; and clearly not a result this Court intended when entering the orders dated January 17 and 22, 2020.

WHEREFORE, Plaintiff respectfully request that this Court enter an order:

1) Striking the Report of Eskelin;

2) Excluding Eskelin as an expert or *in the alternative* excluding Eskelin as an expert in contractual terms;

3) Striking Defendant Cohen's Motion for Partial Summary Judgment as premature and based upon a Declaration from a facially unqualified expert;

4) Entering an order for the remainder of deadlines for rebuttal discovery;

1     5) Granting Plaintiff its attorneys' fees and costs for being forced to bring

2          this Motion; and

3     6) for any and all other relief this Court deems necessary and just.

4

5  Dated: February 21, 2020                    Respectfully submitted,

6                                              **BEATBOX MUSIC PTY, LTD.**

7                                               */s/ Heather L. Blaise*

8                                              HEATHER L. BLAISE, ESQ. (SBN 261619)
                                               123 N. Wacker Drive, Suite 250

9                                              Chicago, IL 60606

10                                             Telephone: 312-448-6602
                                               Email: hblaise@blaisenitschkelaw.com

11                                             *Attorney for Plaintiff*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                             11

28

BLAISE & NITSCHKE, P.C.
HEATHER L. BLAISE, ESQ. (SBN 261619)
123 N. Wacker Drive, Suite 250
Chicago, IL 60606
Telephone: 312-448-6602
Email: hblaise@blaisenitschkelaw.com

Attorneys for Plaintiff,
BEATBOX MUSIC PTY, LTD.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEATBOX MUSIC PTY, LTD., <br><br> Plaintiff, <br><br> v. <br><br> LABRADOR ENTERTAINMENT, INC. D/B/A SPIDER CUES MUSIC LIBRARY, et al. <br><br> Defendants. <br>———————————————<br> MICHAEL COHEN, an individual; <br><br> Cross-Complainant, <br><br> v. <br><br> LABRADOR ENTERTAINMENT, INC. D/B/A SPIDER CUES MUSIC LIBRARY, a California Corporation <br><br> Cross-Defendant. | Case No. 2:17-cv-6108-MWF (JPRx) <br> *The Hon. Michael W. Fitzgerald* <br><br> **[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE COHEN's EXPERT REPORT OF ESKELIN; EXCLUDE ESKELIN AS EXPERT WITNESS; TO STRIKE MOTION FOR PARTIAL SUMMARY JUDGMENT; AND FOR OTHER RELIEF** <br><br> Trial Date:          June 23, 2020 <br> Cross-Claim Filed: November 21, 2017 <br> Action Filed:        August 17, 2017 <br><br> Dist. Judge Michael W. Fitzgerald <br><br> Mag. Judge Jean P. Rosenbluth |

1

## [PROPOSED] ORDER

The Court hereby ORDERS as follows:

    1)  The Report of Eskelin is stricken;

    2)  Eskelin is excluded as an expert;

    3)  Eskelin is excluded as an expert to offer expert opinion on the meaning of contractual terms;

    4)  Defendant Cohen's Motion for Partial Summary Judgment is stricken as premature and based upon the Eskelin Declaration from a facially unqualified expert;

    5)  Plaintiff is granted its attorneys' fees and costs for being forced to bring this Motion as a sanction; and

    6)  for any and all other relief this Court deems necessary and just.

IT IS SO ORDERED.

Dated:  March ___, 2020      By:_____

                                    The Honorable Michael W. Fitzgerald
                                    United States District Judge

Prepared by:
BLAISE & NITSCHKE, P.C.
Attorney for Plaintiff,
Beatbox Music Pty, Ltd.

BEATBOX MUSIC PTY, LTD.'S [PROPOSED] ORDER