Daniel Lee Jacobson SBN 134978
JACOBSON & ASSOCIATES
1352 Irvine Blvd. Suite 205
Tustin, CA   92780
(714) 505-4872
dlj@jacobsonlawyers.com

Attorneys for Defendant/Crossclaimant Michael Cohen and Defendant MCPC Holdings LLC

U.S. District Court for the

Central District of California

| | |
|---|---|
| BEATBOX MUSIC PTY, LTD., | Case #: 2:17-cv-06108-MWF-JPR |
| Plaintiff | |
| v. | Defendant/Crossclaimant Michael Cohen's Opposition to Plaintiff Beatbox Music PTY, LTD.'s Motion (a) to Strike Dr. Gerald Eskelin's Expert Report; (b) to exclude Dr. Eskelin as Mr. Cohen's Expert Witness; (c) to Strike Mr. Cohen's Motion for Partial Summary Judgment; and (d) for other relief |
| LABRADOR ENTERTAINMENT, INC., et al. | |
| Defendant | |
| AND ALL RELATED CROSSCLAIMS | Date:        03/16/20<br>Time:        10:00<br>Courtroom:   3A<br>Trial date:  06/23/20<br><br>Complaint filed: 08/22/17 |

///

///

///

- 1 -

## I. Introduction

The moving party is Beatbox Music PTY, LTD. ("Beatbox" herein). The opposing party is Defendant Michael Cohen[1] ("Mr. Cohen" herein).

This is an admittedly odd, short, and only procedurally-based Opposition to the above-entitled motion. The reason for this oddness is that the *motion to which this Opposition is responsive was served and filed on* 02/24/20, and *the Opposition is due* 02/24/20. A Motion must be filed and served no later than 28 days before the hearing. L.R. 6-1; Opposition must be no later than 21 days before the hearing. 7-9. The hearing is set for 03/16/20. The motion was filed on 02/24/20, *only 21 days before the hearing – 21 days before the hearing is when this Opposition is due*. Thus, *this Opposition is due* and is being filed on very same day as the motion to which it responds was filed with the clerk and served on the parties. Beatbox's motion is to strike Dr. Gerald Eskelin's expert report, exclude Dr. Eskelin as expert witness, and to strike Mr. Cohen's Motion for Partial Summary Judgment.

## II. Request

It is respectfully requested that the Court not hear the moving party's motion on or before 03/16/20, as said party has requested, because such a hearing would flagrantly violate Mr. Cohen's due process rights.

///

---

[1] Mr. Cohen is also a crossclaimant; but, that is irrelevant to this Opposition.

### III. Facts

Mr. Cohen served and filed a Motion for Partial Summary Judgment ("MPSJ" herein) on 02/17/20. Request for Judicial Notice # 4. February 17, 2020 was the first day that a Stay which had been placed on the instant case, was lifted. Request for Judicial Notice # 1. The current Rule 16 Scheduling Order requires that the last day for motions to be heard, is on 03/16/20. Request for Judicial Notice # 2. Mr. Cohen's filing of his MPSJ on 02/17/20, for a 03/16/20 hearing met the 28 day filing/notice requirements of L.R. 6-1. Mr. Cohen was very careful to file on 02/17/20, threading the needle, as he wants this case to terminate as soon as possible; but, he also wants to obey and be cognizant of the Court's rules.

### IV. Relevant Deadlines

*III.a. Deadline for filing/service of Notice of Motion*:

A Motion must be filed and served no later than 28 days before the date set for the hearing on said Motion.  L.R. 6-1.

*III.b.  Deadline for Opposition to Motion*:

Opposition to a Motion must be filed no later than 21 days before the date set for hearing on the subject motion. L.R. 7-9.

As Beatbox's motion is set to be heard on 03/16/20, it should have been filed no later than 02/17/20 (28 days prior to the hearing). L.R. 6-1. Instead, Beatbox filed its motion on 02/24/20 (21 days prior to the hearing), which is the same day that the instant Opposition to the motion must be and is being filed.  L.R. 7-9.

Mr. Cohen threaded the needle, to have his Motion for Partial Summary Judgment heard.  He followed the rules, serving and filing on the day that the Stay was lifted (02/17/20), for a hearing to be heard on the last day that motions are allowed to be heard (03/16/20); thus obeying L.R 6-1.

On the other hand, Beatbox chose not to thread the needle and chose not to follow the rules.  Beatbox didn't even file an ex parte request to somehow have its motion heard on a date that would allow Mr. Cohen to properly oppose that motion. Instead, Beatbox chose to use the needle to poke the rules. Beatbox just blithely served its motion on 02/24/20, 21 days before the last day that motions are allowed to be heard (03/16/20); and, on *the very day that Mr. Cohen's Opposition is due – 02/24/20,* 21 days before the hearing. L.R. 7-9.

### V. Court's 01/22/20 Order

On 01/22/20 the Court ordered, "The Court has stayed this matter to 2/17/2020 . . . . If counsel appears on behalf of [Defendant] Labrador [Entertainment, Inc.],[2] the Court anticipates that the pretrial and trial dates will have to be continued and will request a proposal from the parties." Request for Judicial Notice # 3.  If the Court hears Beatbox's motion at all, such hearing should take place under any new Rule 16 Order that the Court issues. To do otherwise would be to award Beatbox's bad behavior.

---

[2]   The Court had recently granted Labrador's previous attorneys, their request to be relieved as attorneys of record.

Of course, that portion of Beatbox's motion that requests that the Court not consider Dr. Eskelin's opinions as part of Mr. Cohen's MPSJ will be moot by then, but that's not Mr. Cohen's fault. It is Beatbox which chose not to file on time; it is Beatbox which chose not to make an ex parte request for relief; and, it is Beatbox which never contacted Mr. Cohen's lawyer to ask for a stipulation or to try to compromise in any way.

### V. Substantive issues

Mr. Cohen apologizes profusely for not including in this Opposition, the substantive facts, law, and argument opposing Plaintiff Beatbox's motion. But, it is literally impossible for Mr. Cohen to respond substantively on the very day that he was served. "The law does not require the doing of a futile act." *United States v. Pena-Gutierrez* 222 F.2d 1080, 1088 (9th Cir. 2000). [Internal citations and quotation marks omitted.]

This and Mr. Cohen's basic due process rights make a substantive Opposition to a motion *filed on the same day that such opposition is due*, simply impossible.

In case the Court chooses to hear Beatbox's motion on 03/16/20, Beatbox will attempt to file a substantive Opposition Beatbox to motion on or before 03/02/20.[3]

///

---

[3] The word "attempt" is used, because Mr. Cohen's lawyer does not know if the clerk will respond with a notice of filing deficiencies.

## VI. Conclusion

Beatbox filed and served its motion on the day that this Opposition is being written and must be served. That's just plain wrong.

It is respectfully requested that the Court not hear the moving party's motion on 03/16/20, as Beatbox has requested. Such a hearing would flagrantly violate Mr. Cohen's due process rights.

DATED: 02/24/20              /s/ Dan Jacobson
                                                   Dan Jacobson, Jacobson & Associates,
                                                   Attorney for Defendant Michael Cohen