Daniel Lee Jacobson SBN 134978
JACOBSON & ASSOCIATES
1352 Irvine Blvd. Suite 205
Tustin, CA   92780
(714) 505-4872
dlj@jacobsonlawyers.com

Attorneys for Defendant/Crossclaimant Michael Cohen

U.S. District Court for the

Central District of California

| | |
|---|---|
| BEATBOX MUSIC PTY, LTD., <br><br> Plaintiff <br><br> v. <br><br> LABRADOR ENTERTAINMENT, INC., et al. <br><br> Defendant <br> _____ <br> AND ALL RELATED CROSSCLAIMS | Case #: 2:17-cv-06108-MWF-JPR <br><br> Defendant/Crossclaimant Michael Cohen's Reply to Plaintiff's Opposition to Michael Cohen's Motion for Partial Summary Judgment <br><br> Date:       03/16/20 <br> Time:       10:00 <br> Courtroom:  5A <br> Trial date:  06/23/20 <br><br> Complaint filed: 08/22/17 |

///

///

///

- 0 -

# TABLE OF CONTENTS

Page(s)

**TABLE OF AUTHORITIES** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

**I. Introduction** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

**II. A motion must be electronically filed no later than 28 days prior to the date that it is to be heard. L.R. 6-1** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

**III. There is a split of authority as to "whether the [heightened] pleading standards of [*Bell Atl. Corp. v.*] *Twombly* [550 U.S. 544] and [*Ashcroft v.*] and *Iqbal* [556 U.S. 662] apply to affirmative defenses."** *Vazquez-Robles v. CommoLoCo*, 186 F. Supp. 3d 138, 148-149 (C.D. Cal. 2016). . . 2

**IV. An "assignee . . . acquire[s] no greater rights than its assignor."** *Royal Bank Exp. Fin. Co. v. Bestways Distrib. Co.* 229 Cal. App.3d 764, 765-766 (1991). . . . . . . . . . . 3

**V. Harm is an element of breach of contract** . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

**VI. The attempted application of copyright law to this contract case is erroneous**. . 5

**VII. The importance of the words contained in § 1.1(e) of the "Assignment" clause in the Composer's Agreement**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .6

///

**VIII. "[W]ords in a contract are to be understood in their usual and ordinary sense unless used by the parties in some technical sense."** *County of Orange v. Santa Margarita Water Dist.* **44 Cal. App.4th 189, 192 (1996). "[T]he 'ordinary' sense of a word is to be found in its dictionary definition."** *Scott v. Continental Insurance* **44 Cal. App.4th 24, 29-30. (1996).** . . . . . .8

*VIII.1. Beatbox's Musicology expert Dr. Alexander Stewart's Expert Report:* . . . . . . . 9

*VIII.2. Dr. Stewart's deposition:* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*VIII.3. the New Zealand's court's decision:* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*VIII.4. Beatbox's Production Music Expert Ms. Margaret Saadi Kramer's Expert Report:* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*VIII.5. Copyright law:* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Abs Entm't v. CBS* 908 F.3D 405 (9th Cir. 2018) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Ashcroft v. Iqbal* 556 U.S. 662, cited in *Vazquez-Robles v. CommoLoCo*, 186 F. Supp. 3d 138, 148-149 (C.D. Cal. 2016) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Baroness Small Estates, Inc. v. BJ's Restaurants, Inc.* 2011 U.S. Dist. LEXIS 86917, 15 (C.D. Cal. 08/05/11), cited at *SmartMetric, Inc. v. MasterCard Int'l Inc.*, No. CV-11-7126, 2012 U.S. Dist. LEXIS 193022, 5 (C.D. Cal. 07/09/12) . . . . . . . . . . . . . . . . . . 2, 3

*Bay City Surgery v. Int'l Longshore and Warehouse Union,* No. CV15-6209, 2016 U.S. Dist. LEXIS 195302 (C.D. Cal. 07/09/16) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .3

*Bell Atl. Corp. v. Twombly* 550 U.S. 544, cited in *Vazquez-Robles v. CommoLoCo*, 186 F. Supp. 3d 138, 148-149 (C.D. Cal. 2016) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*County of Orange v. Santa Margarita Water Dist.* 44 Cal. App.4th 189, 192 (1996) . . 8

*Dyna-Med, Inc. v. Fair Employment & Housing Com* 43 Cal.3d 1379, 1391, fn. 13 (1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*First Commercial Mortgage Co. v. Reece*, 89 Cal.App.4th 731, 745 (2001) . . . . . . . . . 5

*InvestmentSignals v. Irrisoft,* 2011 U.S. Dist. LEXIS 85646, 7 (D.N.H. 08/01/11), cited at *SmartMetric, Inc. v. MasterCard Int'l Inc.*, No. CV-11-7126, 2012 U.S. Dist. LEXIS 193022, 5 (C.D. Cal. 07/09/12) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Retired Employees Assn. of Orange County, Inc. v. County of Orange* 52 Cal.4th 1171, 1179-1180 (2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Richmond v. Mission Bank*, No. 14-cv-00184, 2014 U.S. Dist. LEXIS 67920 . . . . . . . . 2

*Ronay Family Limited Partnership v. Tweed* 216 Cal. App.4th 830, 843 (2018) . . . . . . 6

*Royal Bank Esp. Fin. Co. v. Bestways Distrib. Co.* 229 Cal. App.3d 764, 765-766 . . . . 3

*Scott v. Continental Insurance* 44 Cal. App.4th 24, 29-30. (1996) . . . . . . . . . . . . . . . . . . 8

*SmartMetric, Inc. v. MasterCard Int'l Inc.*, No. CV-11-7126, 2012 U.S. Dist. LEXIS 193022 (C.D. Cal. 07/09/12) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3

*Vazquez-Robles v. CommoLoCo*, 186 F. Supp. 3d 138, 148-149 (C.D. Cal. 2016). . . . 2, footnote 4

**RULES**

Local Rule 6-1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

# I. Introduction

The sole purpose of this Reply is to respond to Plaintiff Beatbox Music PTY, LTD.'s ("Beatbox") Opposition to Defendant Michael Cohen's ("Mr. Cohen") Motion for a Partial Summary Judgment ("MPSJ").

## II. A motion must be electronically filed no later than 28 days prior to the date that it is to be heard. L.R. 6-1

Beatbox's Opposition claims that Mr. Cohen filed both his Answer to Beatbox's First Amended Complaint ("FAC") and the subject MPSJ on 02/18/20, 27 days before the 03/16/20 hearing date. Opposition 7:13-16.

That's not true. Mr. Cohen filed both his Answer to the FAC, and the moving papers re the instant MPSJ on 02/17/20, which was (a) the first day that the most recent Stay was lifted, and (b) 28 days prior to the 03/16/20 hearing date, the last day that motions can be heard under the current Rule 16 Scheduling Order.[1] Mr. Cohen is anxious to move this case along, while following the rules.

///

---

[1] Curiously, the Opposition later explicitly states the truth about the Answer's filing date, and maybe implicitly states that the MPSJ was timely filed. Opposition 19:8-15. In that same paragraph of the *Opposition* Beatbox asks that the Court (a) strike Mr. Cohen's affirmative defenses, or (b) grant leave for Beatbox to file a Reply to Mr. Cohen's action. Opposition 19:8-15. As there is no basis for either (a) or (b), Mr. Cohen requests that the Court not grant such requests.

### III. There is a split of authority as to "whether the [heightened] pleading standards of [*Bell Atl. Corp. v.*] *Twombly* [550 U.S. 544] and [*Ashcroft v.*] and *Iqbal* [556 U.S. 662] apply to affirmative defenses." *Vazquez-Robles v. CommoLoCo*, 186 F. Supp. 3d 138, 148-149 (C.D. Cal. 2016).

The Opposition complains at least at pp. 11:12-13:11, that Mr. Cohen's affirmative defense of "failure to state a claim" is not an appropriate affirmative defense; and does so without informing the Court that there is a split of authority on this point.

This Court pointed out in *Vazquez-Robles v. CommoLoCo, Inc.* 186 F. Supp.3d 138 (C.D. Cal. 2016) that "the district courts are split" on whether the heightened pleading standards of *Twombly* and *Iqbal* apply to affirmative defenses. *Vazquez-Robles* at p. 148 & footnote 4. The Opposition cites cases such as *Richmond v. Mission Bank*, No. 14-cv-00184, 2014 U.S. Dist. LEXIS 67920. The *Richmond* Court said that the "heightened 'plausibility' standards" of *Twombly* and *Iqbal* should apply to affirmative defenses. *Richmond* at p. 8

But, in *SmartMetric, Inc. v. MasterCard Int'l Inc.*, No. CV-11-7126, 2012 U.S. Dist. LEXIS 193022 (C.D. Cal. 07/09/12) this Court observed with approval that *Baroness Small Estates, Inc. v. BJ's Restaurants, Inc.* 2011 U.S. Dist. LEXIS 86917 (C.D. Cal. 08/05/11) states, "The Ninth Circuit, . . . has not required a heightened

Defendant/crossclaimant Michael Cohen's Reply to Beatbox
Opposition to Mr. Cohen's Motion for Partial Summary Judgment

pleading standard for affirmative defenses." *SmartMetric* at p. 5. In that same case, this Court also observed with approval that *InvestmentSignals v. Irrisoft,* 2011 U.S. Dist. LEXIS 85646, 7 (D.N.H. 08/01/11) said, "[W]ith respect to affirmative defenses, *Twombly* and *Iqbal* simply do not apply." *SmartMetric* at p. 5. In *SmartMetric*, this Court ruled that the defendants had, "sufficiently [] pled their . . . affirmative defenses." *SmartMetric* at p. 5.

In *Bay City Surgery v. Int'l Longshore and Warehouse Union,* No. CV15-6209, 2016 U.S. Dist. LEXIS 195302 (C.D. Cal. 07/09/16), the plaintiff's attempt to strike "failure to state a claim" as an affirmative defense was "**DENIED**" by this Court. *Bay City Surgery* at pp. 5-6. As this Court explained in *Bay City,* "Although the courts in this District have split on the issue as to whether [*Twombly* and *Iqbal*] should apply to the pleading of affirmative defenses, the Ninth Circuit has continued to recognize the validity of the 'fair notice' standard in the context of pleading affirmative defenses even after *Twombly* and *Iqbal*." *Bay City* at p. 3.

**IV. An "assignee . . . acquire[s] no greater rights than its assignor."**

***Royal Bank Exp. Fin. Co. v. Bestways Distrib. Co.***

**229 Cal. App.3d 764, 765-766 (1991).**

Mr. Cohen assigned certain rights to Labrador Entertainment, Inc. ("Labrador"), and allowed Labrador to assign those rights to others. But, Mr. Cohen *never assigned* to Labrador the right to adapt and alter eminem-esque *without consulting Mr. Cohen*.

The 2008 Composer's Agreement is crystal clear on this point.

Section 1.1(e) of the "Assignment" clause only assigns Labrador "[t]he right to alter [and] adapt [eminem-esque] **in consultation with [Mr. Cohen].**"[2] (Section 1.1(f) allows Labrador to assign and sell the § 1.1(e) right to others.) As § 1.1(e) only allows Labrador "[t]he right to alter [and] adapt [eminem-esque] **in consultation with [Mr. Cohen]**," then it is literally impossible for Labrador to assign to Beatbox, and for Beatbox to assign to *anyone else*, the right to alter and adapt eminem-esque *without consulting Mr. Cohen*. The two concepts are antithetical to one another. They cannot co-exist in logic, physics, fact, or law.

Since Mr. Cohen was never consulted, any adapted or altered publication of eminem-esque would have to have been done without Mr. Cohen's assignment and would have to have nothing to do with the 2008 Composer's Agreement.[3]

### V. Harm is an element of breach of contract

The Opposition claims that Mr. Cohen breached the 2008 Composer's Agreement's warranties and representations the moment that Mr. Cohen "conveyed" eminem-esque. Opposition 14:12-14. That's impossible. That conveyance was pursuant to the terms of the Composer's Agreement and occurred upon execution of

---

[2] Bolding added.

[3] Please recall that the MPSJ doesn't ask the Court to decide if there was an adaptation or an alteration. "[A]t this point Mr. Cohen thinks that adjudication of that issue should be left for trial, and ruled upon as a matter of fact." MPSJ Memorandum of Ps & As, p. 3:10-12. Beatbox apparently agrees. Opposition 14:25-27.

that agreement.

If it were possible, then an individual would be liable for damages caused by a car that he/she just bought, before the car left the lot. Damages are an element of breach of contract. The Opposition even recognizes such, by way of its citation of *First Commercial Mortgage Co. v. Reece*, 89 Cal.App.4th 731, 745 (2001), for that very proposition. Opposition. 10:18-22.

It's impossible for there to have been a breach of the Composer's Agreement at the moment of its execution.

## VI. The attempted application of copyright law to this contract case is erroneous.

As explained above in IV, any adapted or altered "version" of eminem-esque was published outside of the 2008 Composer's Agreement. Thus, nothing in that agreement, including any representation or warranty, was implicated by way of such publication.

Therefore discussion of copyright law is out-of-place in the extreme.

That brings this Reply to a crucial portion of this case and the crux of the instant MPSJ, that is the meaning of "adapt" and "alter," as used in § 1.1 of the 2008 Composer's Agreement.

///

### VII. The importance of the words contained

### in § 1.1(e) of the "Assignment" clause in the Composer's Agreement.

Under the concept of *expressio unius est exclusio alterius* the expression of certain things necessarily involves the exclusion of other things. *Dyna-Med, Inc. v. Fair Employment & Housing Com* 43 Cal.3d 1379, 1391, fn. 13 (1987). Although *Dyna-Med* utilized *expressio unius est exclusio alterius* in statutory construction, that concept is also used in contractual interpretation. *Ronay Family Limited Partnership v. Tweed* 216 Cal. App.4th 830, 843 (2018).

Section 1.1 of the Composer's agreement, the "Assignment" clause, contains a non-exhaustive list of five rights that Mr. Cohen assigned to Labrador. Those rights are: "(a) The right to use or record new lyrics in connection with the melody of the composition(s)[4], or a new melody in connection with the lyrics thereof; ¶ (b) The right to use, publish, advertise, perform, produce, reproduce, disseminate and exploit the Composition(s) by any means now or hereafter known, or not do [sic] any of the foregoing; ¶ (c) Any and all rights to the performance of the composition(s)[;] ¶ (d)The right to alter or change the title[;] ¶ (e) The right to **alter**, expand, **adapt**, and translate the Composition(s) **in consultation with Composer.**"[5,6] (Paragraph (f) allows

---

[4]  Including eminem-esque

[5]  Mr. Cohen

[6]  All of the bolding in this paragraph "e" is added.

Labrador to assign any such right to others.)

Out of all of these five enumerated rights there is *only one* such right that **requires consultation with Mr. Cohen**. Further, even though the above is a non-exclusive list (Labrador's "rights will include, but not be limited to") such is of no moment as to the right stated in (e). "[A]s a general matter, implied terms should never be read to vary express terms." *Retired Employees Assn. of Orange County, Inc. v. County of Orange* 52 Cal.4th 1171, 1179-1180 (2011). And, there's no evidence that the general rule should not be followed in this case. Thus, the words of § 1.1(e) express what that section means.

Logic dictates that § 1.1(e)'s **requirement that Mr. Cohen be consulted** if eminem-esque is adapted or altered is very, very important – no other right has that requirement.

///

**VIII. "[W]ords in a contract are to be understood in their usual and ordinary sense unless used by the parties in some technical sense."** *County of Orange v. Santa Margarita Water Dist.* **44 Cal. App.4th 189, 192 (1996). "[T]he 'ordinary' sense of a word is to be found in its dictionary definition."** *Scott v. Continental Insurance* **44 Cal. App.4th 24, 29-30. (1996).**

Beatbox appears to make a futile attempt to show that "adapt" and "alter" have music industry technical meanings. In order to do that, Beatbox relies on (1) Beatbox's Musicology expert Dr. Alexander Stewart's Expert Report; (2) Dr. Stewart's deposition; (3) the New Zealand court's decision; (4) Beatbox's Production Music Expert Ms. Margaret Saadi Kramer's Expert Report; and (5) the "rough draft" of Ms. Saadi Kramer's deposition. Beatbox's "Statement of Genuine Disputes of Fact," 26:7-8, fourth column.[7] (This Reply did not use the Exhibit designations in that fourth column because they skip some letters; they are A (corresponding to 1, above); B (corresponding to 2, above); C (corresponding to 3, above) F (corresponding to 4, above), and G (corresponding to 5, above). The Opposition also makes an unavailing attempt to use copyright law to show technical meanings for adapt and alter. All is discussed below.

---

[7] Please note that it is difficult to tell if all of the exhibits in this 4th column are meant to apply to Beatbox's statement in the 3rd column re technical meaning. That's because the 3rd column contains several other statements, not relating to the technical meaning concept. So, this Reply has to discuss all of the exhibits mentioned in the 4th column.

*VIII.1. Beatbox's Musicology expert Dr. Alexander Stewart's Expert Report*:

Dr. Stewart's report doesn't mention the word "adapt;" and only mentions the word "alter" to describe what he thinks is a "slight" alteration (Dr. Stewart's Report p. 4, par. 4, p. 6, par. 5; and, to say that he thinks that there was no alteration (Dr. Stewart's Report p. 7, par. 1). The report has *no discussion* as to any technical meaning of "adapt" or "alter."

*VIII.2. Dr. Stewart's deposition*:

Dr. Stewart's deposition mentions the word "alter" once; and, that mention has nothing to do with defining the word. Dr. Stewart's deposition. 23:11. The word "adapt" is not mentioned.

*VIII.3. the New Zealand's court's decision*:

The New Zealand court decision doesn't mention the word "adapt." "Alternative," both in its form as a noun and as an adjective is used several time. "Alter" is used in par. 95, but not in a way that is specific to music. The transitive verb "alter," which was used in § 1.1(e) isn't in the decision. There is no discussion of anything close to the use of "alter" as it is stated in § 1.1(e).

///

*VIII.4. Beatbox's Production Music Expert Ms. Margaret Saadi Kramer's Expert Report*:

This is greatly discussed in the MPSJ moving papers. The bottom line of that discussion is that in her deposition, Ms. Saadi Kramer finally says that both "alter" and "adapt" mean, in the "context" of "the production music business," "to modify to one extent or another." Deposition of Ms. Saadi Kramer, p. 90, lines 9-23. (See MPSJ Declaration of Dan Jacobson #s 23-26.)

*VIII.5. Copyright law*:

The Opposition cites no copyright law that in any way defines either adapt or alter. Rather, the Opposition cites copyright law that uses the ordinary definition of such words to define other words. For instance, the Opposition cites 17 U.S.C. 101. That statute defines numerous words and phrases. One of those phrases is "derivative work." The statute uses the dictionary sense of the word "adapt" to define that phrase. "A 'derivative work' is a work based on one or more pre-existing works [in a] form in which a work may be . . . adapted." The Opposition cites *Abs Entm't v. CBS* 908 F.3D 405 (9th Cir. 2018) apparently because that cases uses the word "alter" at p. 418; but, that word is used in its dictionary definition sense.

DATED: 03/02/20                                        /s/ Dan Jacobson
                                                                       Dan Jacobson, Jacobson & Associates,
                                                                       Attorney for Defendant Michael Cohen