1  Daniel Lee Jacobson SBN 134978
   JACOBSON & ASSOCIATES
2  1352 Irvine Blvd. Suite
   Tustin, CA  92780
3  (714) 505-4872
   dlj@jacobsonlawyers.com
4
   Attorneys for Defendant/Crossclaimant Michael Cohen, and Defendant MCPC
5  Holdings, LLC

6

7

8                    U.S. District Court for the

9                   Central District of California

10

11

12  BEATBOX MUSIC PTY, LTD.,              Case #: 2:17-cv-06108-MWF-JPR

13        Plaintiff

14  v.                                    Counterdefendant Michael
                                          Cohen's Answer to the
15                                        "FIRST AMENDED
                                          COUNTERCLAIM ¶ BY
    LABRADOR ENTERTAINMENT,               LABRADOR
16  INC., et al.                          ENTERTAINMENT, INC. DBA
                                          SPIDER CUES MUSIC
17        Defendant                       LIBRARY, a California
                                          corporation . . . AGAINST . . .
18                                        MICHAEL COHEN, an
    AND ALL RELATED CROSSCLAIMS           individual,
19                                        COUNTERDEFENDANT "

20

21                                        Original Complaint filed:
                                          08/22/17
22

23

24        Please note that the First Amended Counterclaim to which this Answer responds

25  is at p. 16 of 51 of "FIRST [AMENDED] (sic) ANSWER TO FIRST AMENDED

26  COMPLAINT OF DEFENDANT LABRADOR ENTERTAINMENT FOR: ¶ 1.

27  BREACH OF CONTRACT; ¶ 2. EXPRESS INDEMNITY; ¶ FOR DEFENDANTS

28  LABRADOR ENTERTAINMENT, LLC, LABRADOR ENTERTAINMENT, INC.,

- 1 -

NOEL WEBB AND THE WEBB FAMILY TRUST FOR ¶ 1. ALTER EGO."

Counterdefendant MICHAEL COHEN ("Cohen"), answers the First Amended Counterclaim ("FACC") filed by Counterclaimant Labrador Entertainment, Inc. ("Labrador, Inc."), as follows:

"<strong><u>NATURE OF CLAIMS</u></strong>"

1.    In answer to Paragraph 1, Cohen declines to respond to those allegations made by Labrador against Plaintiff Beatbox Music PTY, LTD. on the ground that *in this Answer*, Cohen has not standing to do such. Cohen denies all allegations against him that are based on the fact that the counterclaim against Cohen is conditional, as p. 16, par. 1, lines 7-11 says, "These counterclaims . . . redress [sic] . . . against Cohen, *if required*, Indemnification." (Italics added.) Cohen denies that Exhibit A is a true and correct copy the contract into which he entered with Labrador, Inc. Cohen admits that Exhibit A is a portion of said contract. Cohen admits that Exhibit B is a true and correct copy of the contract between Labrador, Inc. and Beatbox. Cohen is without information enough to either admit or deny that said contract was for the purposes stated in par. 1.

2.    As to par. 2, Cohen denies that Exhibit A granted Labrador, Inc. worldwide rights title and interest in a collection of musical compositions listed in the Exhibit A because Exhibit A is not a full copy of the Labrador Inc./Cohen contract, and par. 2 does not fully state the relevant portion of the Labrador Inc./Cohen contract.

3.    As to par. 3, Cohen admits that Exhibit B says that Labrador, Inc. . . . "wishes to appoint the Sub Publisher . . . as sole Sub publisher for the recordings in the territories of Australia, New Zealand, [and] Fiji."

4.    As to par. 4, Cohen does not have knowledge sufficient enough to admit to the facts contained in par. 4, and on that basis denies them.

5.      As to par. 5, Cohen does not have knowledge sufficient enough to admit to the facts contained in par. 5, and on that basis denies them.

6.      As to par. 6, Cohen does not know what is meant by "[t]his Eminem Esque" as stated in par. 6, and on that basis denies the allegations in that paragraph. Also, Cohen's denial of the allegations in par. 2 is relevant as the definition of "the Cohen Compositions'" is questionable because Exhibit A is not a true and correct copy of the Labrador, Inc./Cohen contract.

7.      As to par. 7, Cohen admits the allegations contained in par. 7.

8.      As to par. 8, Cohen does not have enough information to know if Labrador, Inc. "asserts" that it is "free from fault in the New Zealand Action;" he therefore denies the allegations in par. 8.

9.      As to par. 9, Cohen does not have enough information to admit or to deny the allegations in par. 9; on that basis he denies them.

10.     As to par. 10, Cohen does not have enough information to admit or to deny the allegations in par. 10; on that basis he denies them.

11.      As to par. 11, Cohen denies all allegations against him based on the fact that the counterclaim against Cohen is conditional, as p. 17, par. 11, lines 18-20 says, "[*I*]*f Labrador, Inc. is found responsible* for any sum . . . *then Labrador, Inc.* seeks indemnification from Cohen." (Italics added.) These counterclaims . . . redress [sic] . . . against Cohen, *if required*, Indemnification." (Italics added.)

This denial and the basis for it applies to each and every paragraph of this Answer, as the entirety of the counterclaim is conditional and thus inappropriately filed.

///

12.     As to par. 12, Cohen does not have enough information as to whether Labrador, Inc. was at "all times . . . relevant" was located in L.A. Cohen admits that Labrador, Inc. was incorporated as a California corporation in 2000.

13.     As to par. 13, Cohen does not have enough information to know if the address stated therein is Beatbox's current address. On that basis Cohen denies the allegations contained in par. 13.

14.     As to par. 14, Cohen admits that is an individual and that he is a composer. He denies that he lives in Los Angeles, CA.

15.     As to par. 15, Cohen does not have enough information to admit or to deny the allegations contained in par. 15; and, on that basis denies them.

44 (sic).     [Please note that the paragraph following par. 15 is number 44.] Cohen denies that allegations contained in par. 44.


**"GENERAL ALLEGATIONS"**

16.     As to par. 16, Cohen admits the allegations contained therein.

17.     As to par. 17,  Cohen does not have enough information to admit or to deny the allegations contained in par. 17; and, on that basis denies them.

18.     As to par. 18, Cohen does not have enough information to admit or to deny the allegations contained in par. 18; and, on that basis denies them.

19.     As to par. 19, Cohen does not have enough information to admit or to deny the allegations contained in par. 19; and, on that basis denies them.

20.     As to par. 20, Cohen does not have enough information to admit or to deny the allegations contained in par. 20; and, on that basis denies them.

21.     As to par. 21, Cohen does not have enough information to admit or to deny the allegations contained in par. 21; and, on that basis denies them.

22.     As to par. 22, Cohen does not have enough information to admit or to deny the allegations contained in par. 22; and, on that basis denies them.

23.　　As to par. 23, Cohen does not have enough information to admit or to deny the allegations contained in par. 23; and, on that basis denies them.

24.　　As to par 24, Cohen does not have enough information to admit or to deny the allegations contained in par. 24; and, on that basis denies them.

25.　　As to par. 25, Cohen does not have enough information to admit or to deny the allegations contained in par. 25; and, on that basis denies them.

26.　　As to par. 26, Cohen does not have enough information to admit or to deny the allegations contained in par. 26; and, on that basis denies them.

27.　　As to par. 27, Cohen does not have enough information to admit or to deny the allegations contained in par. 27; and, on that basis denies them.

28.　　As to par. 28, Cohen does not have enough information to admit or to deny the allegations contained in par. 28; and, on that basis denies them.

29.　　As to par. 29, Cohen does not have enough information to admit or to deny the allegations contained in par. 29; and, on that basis denies them

30.　　As to par. 30, because the wording of said paragraph is vague and ambiguous, Cohen does not have enough information to admit or to deny the allegations contained in par. 30; and on that basis denies them.

31.　　As to par. 31, because the wording of said paragraph is vague, ambiguous, overbroad, and speculative, Cohen does not have enough information to admit or to deny the allegations contained in par. 31; and on that basis denies them.

32.　　As to par. 32, Cohen does not have enough information to admit or to deny the allegations contained in par. 32; and on that basis denies them.

33.　　As to par. 33, Cohen does not have enough information to admit or to deny the allegations contained in par. 33; and, on that basis denies them.

34.　　As to par. 34, Cohen does not have enough information to admit or to deny the allegations contained in par. 34; and, on that basis denies them.

Defendant Michael Cohen's Answer to the First Amended Counterclaim

35. As to par. 35, Cohen does not have enough information to admit or to deny the allegations contained in par. 35; and, on that basis denies them.

36. As to par. 36, Cohen does not have enough information to admit or to deny the allegations contained in par. 36; and, on that basis denies them.

37. As to par. 37, Cohen does not have enough information to admit or to deny the allegations contained in par. 37; and, on that basis denies them.

38. As to par. 38, Cohen does not have enough information to admit or to deny the allegations contained in par. 38; and, on that basis denies them.

39. As to par. 39, Cohen does not have enough information to admit or to deny the allegations contained in par. 39; and, on that basis denies them.

40. As to par. 40, Cohen does not have enough information to admit or to deny the allegations contained in par. 40; and, on that basis denies them.

41. As to par. 41, Cohen does not have enough information to admit or to deny the allegations contained in par. 41; and, on that basis denies them.

42. As to par. 42, Cohen does not have enough information to admit or to deny the allegations contained in par. 42; and, on that basis denies them.

43. As to par. 43, Cohen does not have enough information to admit or to deny the allegations contained in par. 43; and, on that basis denies them.

44. As to par. 44, Cohen does not have enough information to admit or to deny the allegations contained in par. 44; and, on that basis denies them.

45. As to par. 45, because the wording of said paragraph is vague and ambiguous, Cohen does not have enough information to admit or to deny the allegations contained in par. 30; and on that basis denies them.

46. As to par. 46, Cohen admits that he is a composer of musical compositions. Cohen admits that he wrote a musical composition entitled eminem-esque; but, denies any implication that the musical composition that he wrote is the only musical composition that is at issue in this lawsuit.

47.   As to par. 47, Cohen does not have enough information to admit or to deny the allegations contained in par. 47; and, on that basis denies them.

48.   As to par. 48, Cohen does not have enough information to admit or to deny the allegations contained in par. 48; and, on that basis denies them.

49.   As to par. 49, Cohen does not have enough information to admit or to deny the allegations contained in par. 49; and, on that basis denies them.

50.   As to par. 50, Cohen does not have enough information to admit or to deny the allegations contained in par. 50; and, on that basis denies them.

51.   As to par. 51, Cohen does not have enough information to admit or to deny the allegations contained in par. 51; and, on that basis denies them.

52.   As to par. 52, Cohen does not have enough information to admit or to deny the allegations contained in par. 52; and, on that basis denies them.

53.   As to par. 53, Cohen does not have enough information to admit or to deny the allegations contained in par. 53; and, on that basis denies them.

54.   As to par. 54, Cohen does not have enough information to admit or to deny the allegations contained in par. 54; and, on that basis denies them.

55.   As to par. 55, Cohen does not have enough information to admit or to deny the allegations contained in par. 55; and, on that basis denies them.

56.   As to par. 56, Cohen does not have enough information to admit or to deny the allegations contained in par. 56; and, on that basis denies them.

57.   As to par. 57, Cohen does not have enough information to admit or to deny the allegations contained in par. 57; and, on that basis denies them.

58.   As to par. 58, Cohen does not have enough information to admit or to deny the allegations contained in par. 58; and, on that basis denies them.

59.   As to par. 59, Cohen does not have enough information to admit or to deny the allegations contained in par. 59; and, on that basis denies them.

60.   As to par. 60, Cohen does not have enough information to admit or to deny the allegations contained in par. 60; and, on that basis denies them.

Defendant Michael Cohen's Answer to the First Amended Counterclaim

61.   As to par. 61, Cohen does not have enough information to admit or to deny the allegations contained in par. 61; and, on that basis denies them.

62.   As to par. 62, Cohen admits to the allegations.

63.   As to par. 63, because the wording of said paragraph is vague and ambiguous, Cohen does not have enough information to admit or to deny the allegations contained in par. 63; and on that basis denies them.

64.   As to par. 64, because the wording of said paragraph is vague and ambiguous, Cohen does not have enough information to admit or to deny the allegations contained in par. 64; and on that basis denies them.

65.   As to par. 65, because the wording of said paragraph is vague and ambiguous, Cohen does not have enough information to admit or to deny the allegations contained in par. 30; and on that basis denies them.

66.   As to par. 66, Cohen does not have enough information to admit or to deny the allegations contained in par. 66; and, on that basis denies them.

67.   As to par. 67, Cohen does not have enough information to admit or to deny the allegations contained in par. 67; and, on that basis denies them.

68.   As to par. 68, Cohen does not have enough information to admit or to deny the allegations contained in par. 68; and, on that basis denies them.

69.   As to par. 69, Cohen does not have enough information to admit or to deny the allegations contained in par. 69; and, on that basis denies them.

70.   As to par. 70, Cohen does not have enough information to admit or to deny the allegations contained in par.70; and, on that basis denies them.

71.   As to par. 71, Cohen does not have enough information to admit or to deny the allegations contained in par. 71; and, on that basis denies them.

72.   As to par. 72, Cohen does not have enough information to admit or to deny the allegations contained in par. 72; and, on that basis denies them.

73.   As to par. 73, Cohen does not have enough information to admit or to deny the allegations contained in par. 73; and, on that basis denies them.

74. As to par. 74, because the wording of said paragraph is vague and ambiguous, Cohen does not have enough information to admit or to deny the allegations contained in par. 74; and on that basis denies them.

75. As to par. 75, Cohen does not have enough information to admit or to deny the allegations contained in par. 75; and, on that basis denies them.

76. As to par. 76, Cohen does not have enough information to admit or to deny the allegations contained in par. 76; and, on that basis denies them.

77. As to par. 77, Cohen does not have enough information to admit or to deny the allegations contained in par. 77; and, on that basis denies them.

78. As to par. 78, Cohen does not have enough information to admit or to deny the allegations contained in par. 78; and, on that basis denies them.

79. As to par. 79, Cohen admits that he entered into an agreement with Labrador, Inc. on 02/14/08. Cohen denies that that Exhibit A is a true and correct copy of that agreement. Cohen denies the remainder of the allegations because none of the descriptions of rights that are in the actual agreement are listed in par. 79. Further, the actual agreement failed because of lack of consideration.

80. As to par. 80, the allegations are unintelligible, vague, and ambiguous. Based on such, Cohen denies said allegations.

81. As to par. 81, the allegations are unintelligible, vague, and ambiguous. Based on such, Cohen denies said allegations.

82. As to par. 82, Cohen denies the allegations.

83. As to par. 83, Cohen admits that he wrote a musical composition entitled eminem-esque.

84. As to par. 84, Cohen does not have enough information to admit or to deny the allegations contained in par. 84; and, on that basis denies them.

85. As to par. 85, Cohen does not have enough information to admit or to deny the allegations contained in par. 85; and, on that basis denies them.

86.  As to par. 86, Cohen does not have enough information to admit or to deny the allegations contained in par. 86; and, on that basis denies them.

87.  As to par. 87, the allegations therein reference the "Cohen Agreement," as defined in par. 1, which says that said agreement is represented by Exhibit A. Cohen denies that Exhibit A is a true and correct copy of an agreement that he made with Labrador, Inc. and thereon denies the allegations in par. 87.

88.  As to par. 88, Cohen does not have enough information to admit or to deny the allegations contained in par. 88; and, on that basis denies them.

89.  As to par. 89, Cohen does not have enough information to admit or to deny the allegations contained in par. 89; and, on that basis denies them.

90.  As to par. 90, Cohen does not have enough information to admit or to deny the allegations contained in par. 90; and, on that basis denies them.

91.  As to par. 91, Cohen does not have enough information to admit or to deny the allegations contained in par. 91; and, on that basis denies them.

92.  As to par. 92, Cohen does not have enough information to admit or to deny the allegations contained in par. 92; and, on that basis denies them.

93.  As to par. 93, Cohen does not have enough information to admit or to deny the allegations contained in par. 93; and, on that basis denies them.

94.  As to par. 94, Cohen does not have enough information to admit or to deny the allegations contained in par. 94; and, on that basis denies them.

95.  As to par. 95, Cohen does not have enough information to admit or to deny the allegations contained in par. 95; and, on that basis denies them.

96.  As to par. 96, Cohen does not have enough information to admit or to deny the allegations contained in par. 96; and, on that basis denies them.

97.  As to par. 97, Cohen does not have enough information to admit or to deny the allegations contained in par. 97; and, on that basis denies them.

98.  As to par. 98, Cohen does not have enough information to admit or to deny the allegations contained in par. 98; and, on that basis denies them.

Defendant Michael Cohen's Answer to the First Amended Counterclaim

99.    As to par. 99, Cohen does not have enough information to admit or to deny the allegations contained in par. 99; and, on that basis denies them.

100.   As to par. 100, Cohen does not have enough information to admit or to deny the allegations contained in par. 100; and, on that basis denies them.

101.   As to par. 101, Cohen does not have enough information to admit or to deny the allegations contained in par. 101; and, on that basis denies them.

102.   As to par. 102, Cohen does not have enough information to admit or to deny the allegations contained in par. 102; and, on that basis denies them.

103.   As to par. 103, Cohen admits that the words, "[t]his Agreement constitutes the entire agreement between the parties hereto at the date hereof and the parties hereto enter into it solely on the basis without reliance on any other representations whatsoever," appear on Exhibit B.

104.   As to par. 104, Cohen does not have enough information to admit or to deny the allegations contained in par. 104; and, on that basis denies them.

105.   As to par. 105, Cohen does not have enough information to admit or to deny the allegations contained in par. 105; and, on that basis denies them.

106.   As to par. 106, Cohen does not have enough information to admit or to deny the allegations contained in par. 106; and, on that basis denies them.

107.   As to par. 107, Cohen does not have enough information to admit or to deny the allegations contained in par. 107; and, on that basis denies them.

108.   As to par. 108, the words "on or about" make the allegation contained in said par. vague. However, through discovery Cohen has learned and does admit that on 04/01/09 Beatbox and Labrador, Inc. entered into an agreement.

109.   As to par. 109, Cohen lacks standing to admit or deny the allegation therein, in this Answer.

110.   As to par. 110, Cohen does not have enough information to admit or to deny the allegations contained in par. 110; and, on that basis denies them.

111.   As to par. 111, Cohen does not have enough information to admit or to deny the allegations contained in par. 111; and, on that basis denies them.

112.   As to par. 112, Cohen does not have enough information to admit or to deny the allegations contained in par. 112; and, on that basis denies them.

113.   As to par. 113, Cohen does not have enough information to admit or to deny the allegations contained in par. 113; and, on that basis denies them.

114.   As to par. 114, Cohen does not have enough information to admit or to deny the allegations contained in par. 114; and, on that basis denies them.

115.   As to par. 115, Cohen does not have enough information to admit or to deny the allegations contained in par. 115; and, on that basis denies them.

116.   As to par. 116, Cohen does not have enough information to admit or to deny the allegations contained in par. 116; and, on that basis denies them.

117.   As to par. 117, Cohen does not have enough information to admit or to deny the allegations contained in par. 117; and, on that basis denies them.

118.   As to par. 118, Cohen does not have enough information to admit or to deny the allegations contained in par. 118; and, on that basis denies them.

119.   As to par. 119, Cohen does not have enough information to admit or to deny the allegations contained in par. 119; and, on that basis denies them.

120.   As to par. 120, Cohen does not have enough information to admit or to deny the allegations contained in par. 120; and, on that basis denies them.

121.   As to par. 121, Cohen does not have enough information to admit or to deny the allegations contained in par. 121; and, on that basis denies them.

122.   As to par. 122, Cohen does not have enough information to admit or to deny the allegations contained in par. 122; and, on that basis denies them.

123.   As to par. 123, Cohen does not have enough information to admit or to deny the allegations contained in par. 123; and, on that basis denies them.

124.   As to par. 124, Cohen does not have enough information to admit or to deny the allegations contained in par. 124; and, on that basis denies them.

Defendant Michael Cohen's Answer to the First Amended Counterclaim

125.   As to par. 125, Cohen does not have enough information to admit or to deny the allegations contained in par. 125; and, on that basis denies them.

126.   As to par. 126, Cohen does not have enough information to admit or to deny the allegations contained in par. 126; and, on that basis denies them.

127.   As to par. 127, Cohen does not have enough information to admit or to deny the allegations contained in par. 127; and, on that basis denies them.

128.   As to par. 128, Cohen does not have enough information to admit or to deny the allegations contained in par. 128; and, on that basis denies them.

129.   As to par. 129, Cohen does not have enough information to admit or to deny the allegations contained in par. 129; and, on that basis denies them.

130.   As to par. 130, Cohen does not have enough information to admit or to deny the allegations contained in par. 130; and, on that basis denies them.

131.   As to par. 131, Cohen does not have enough information to admit or to deny the allegations contained in par. 131; and, on that basis denies them.

132.   As to par. 132, Cohen does not have enough information to admit or to deny the allegations contained in par. 132; and, on that basis denies them.

133.   As to par. 133, Cohen does not have enough information to admit or to deny the allegations contained in par. 133; and, on that basis denies them.

134.   As to par. 134, Cohen does not have enough information to admit or to deny the allegations contained in par. 134; and, on that basis denies them.

135.   As to par. 135, Cohen does not have enough information to admit or to deny the allegations contained in par. 135; and, on that basis denies them.

136.   As to par. 136, Cohen does not have enough information to admit or to deny the allegations contained in par. 136; and, on that basis denies them.

137.   As to par. 137, Cohen does not have enough information to admit or to deny the allegations contained in par. 137; and, on that basis denies them.

138.   As to par. 138, Cohen does not have enough information to admit or to deny the allegations contained in par. 138; and, on that basis denies them.

Defendant Michael Cohen's Answer to the First Amended Counterclaim

139.  As to par. 139, Cohen does not have enough information to admit or to deny the allegations contained in par. 139; and, on that basis denies them.

140.  As to par. 140, Cohen does not have enough information to admit or to deny the allegations contained in par. 140; and, on that basis denies them.

141.  As to par. 141, Cohen does not have enough information to admit or to deny the allegations contained in par. 141; and, on that basis denies them.

142.  As to par. 142, Cohen does not have enough information to admit or to deny the allegations contained in par. 142; and, on that basis denies them.

143.  As to par. 143, Cohen does not have enough information to admit or to deny the allegations contained in par. 143; and, on that basis denies them.

144.  As to par. 144, Cohen does not have enough information to admit or to deny the allegations contained in par. 144; and, on that basis denies them.

145.  As to par. 145, Cohen does not have enough information to admit or to deny the allegations contained in par. 145; and, on that basis denies them.

146.  As to par. 146, Cohen does not have enough information to admit or to deny the allegations contained in par. 146; and, on that basis denies them.

147.  As to par. 147, Cohen does not have enough information to admit or to deny the allegations contained in par. 147; and, on that basis denies them.

148.  As to par. 148, Cohen does not have enough information to admit or to deny the allegations contained in par. 148; and, on that basis denies them.

149.  As to par. 149, Cohen does not have enough information to admit or to deny the allegations contained in par. 149; and, on that basis denies them.

150.  As to par. 150, Cohen does not have enough information to admit or to deny the allegations contained in par. 150; and, on that basis denies them.

151.  As to par. 151, Cohen does not have enough information to admit or to deny the allegations contained in par. 151; and, on that basis denies them.

152.  As to par. 152, Cohen does not have enough information to admit or to deny the allegations contained in par. 152; and, on that basis denies them.

Defendant Michael Cohen's Answer to the First Amended Counterclaim

153.   As to par. 153, Cohen does not have enough information to admit or to deny the allegations contained in par. 153; and, on that basis denies them.

154.   As to par. 154, Cohen does not have enough information to admit or to deny the allegations contained in par. 154; and, on that basis denies them.

155.   As to par. 155, Cohen does not have enough information to admit or to deny the allegations contained in par. 155; and, on that basis denies them.

156.   As to par. 156, Cohen does not have enough information to admit or to deny the allegations contained in par. 156; and, on that basis denies them.

157.   As to par. 157, Cohen does not have enough information to admit or to deny the allegations contained in par. 157; and, on that basis denies them.

158.   As to par. 158, Cohen does not have enough information to admit or to deny the allegations contained in par. 158; and, on that basis denies them.

159.   As to par. 159, Cohen does not have enough information to admit or to deny the allegations contained in par. 159; and, on that basis denies them.

160.   As to par. 160, Cohen does not have enough information to admit or to deny the allegations contained in par. 160; and, on that basis denies them.

161.   As to par. 161, Cohen does not have enough information to admit or to deny the allegations contained in par. 161; and, on that basis denies them.

162.   As to par. 162, Cohen does not have enough information to admit or to deny the allegations contained in par. 162; and, on that basis denies them.

163.   As to par. 163, Cohen does not have enough information to admit or to deny the allegations contained in par. 163; and, on that basis denies them.

164.   As to par. 164, Cohen does not have enough information to admit or to deny the allegations contained in par. 164; and, on that basis denies them.

165.   As to par. 165, Cohen does not have enough information to admit or to deny the allegations contained in par. 165; and, on that basis denies them.

166.   As to par. 166, Cohen does not have enough information to admit or to deny the allegations contained in par. 166; and, on that basis denies them.

167. As to par. 167, Cohen does not have enough information to admit or to deny the allegations contained in par. 167; and, on that basis denies them.

168. As to par. 168, Cohen does not have enough information to admit or to deny the allegations contained in par. 168; and, on that basis denies them.

169. As to par. 169, Cohen does not have enough information to admit or to deny the allegations contained in par. 169; and, on that basis denies them.

170. As to par. 170, Cohen does not have enough information to admit or to deny the allegations contained in par. 170; and, on that basis denies them.

171. As to par. 171, Cohen does not have enough information to admit or to deny the allegations contained in par. 171; and, on that basis denies them.

172. As to par. 172, Cohen does not have enough information to admit or to deny the allegations contained in par. 172; and, on that basis denies them.

173. As to par. 173, Cohen does not have enough information to admit or to deny the allegations contained in par. 173; and, on that basis denies them.

174. As to par. 174, Cohen does not have enough information to admit or to deny the allegations contained in par. 174; and, on that basis denies them.

175. As to par. 175, Cohen does not have enough information to admit or to deny the allegations contained in par. 175; and, on that basis denies them.

176. As to par. 176, Cohen does not have enough information to admit or to deny the allegations contained in par. 176; and, on that basis denies them.

177. As to par. 177, Cohen does not have enough information to admit or to deny the allegations contained in par. 177; and, on that basis denies them.

178. As to par. 178, Cohen does not have enough information to admit or to deny the allegations contained in par. 178; and, on that basis denies them.

179. As to par. 179, Cohen does not have enough information to admit or to deny the allegations contained in par. 179; and, on that basis denies them.

180. As to par. 180, Cohen does not have enough information to admit or to deny the allegations contained in par. 180; and, on that basis denies them.

181. As to par. 181, Cohen does not have enough information to admit or to deny the allegations contained in par. 181; and, on that basis denies them.

182. As to par. 182, Cohen does not have enough information to admit or to deny the allegations contained in par. 182; and, on that basis denies them.

183. As to par. 183, Cohen does not have enough information to admit or to deny the allegations contained in par. 183; and, on that basis denies them.

184. As to par. 184, Cohen does not have enough information to admit or to deny the allegations contained in par. 184; and, on that basis denies them.

185. As to par. 185, Cohen does not have enough information to admit or to deny the allegations contained in par. 185; and, on that basis denies them.

186. As to par. 186, Cohen does not have enough information to admit or to deny the allegations contained in par. 186; and, on that basis denies them.

187-198. These paragraphs constitute causes of action that are not against Cohen. Thus, Cohen lacks standing in this Answer to admit or deny the allegations contained in said paragraph.

## COUNT THREE

### (Indemnification against Cohen)

199. Cohen restates, re-pleads, and re-alleges what he has stated in paragraphs 1-198.

200. As to par. 200, Cohen denies that Exhibit A is a true and correct copy of a contract into which he entered with Labrador, Inc. Cohen denies that there is a par. 6.1 in Exhibit A; and, based thereon, denies the allegations in par. 200.

201. As to par. 201, Cohen denies that other parties have alleged anything. Cohen admits that the plaintiff has sued Labrador, Inc. The remainder of the par. is vague and ambiguous and thus Cohen must deny said remainder.

202. As to par. 202, Cohen denies the allegations therein.

203. As to par. 203, Cohen does not have enough information to admit or to deny the allegations contained in par. 203; and, on that basis denies them.

204-220.    These paragraphs constitute causes of action that are not against Cohen. Thus, Cohen lacks standing in this Answer to admit or deny the allegations contained in said paragraph.

## AFFIRMATIVE DEFENSES

Unless otherwise specifically provided, Cohen raises each of the following affirmative defenses to each and every cause of action or claim asserted by Beatbox. Cohen specifically reserves all rights to withdraw any affirmative defense as investigation and discovery in this matter may dictate.  Further, Cohen reserves the right to amend these affirmative defenses as additional facts are obtained through discovery and investigation.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

Each cause of action against Cohen fails to state facts sufficient to constitute a cause of action against Cohen upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Each cause of action against Cohen is barred by the applicable statute of limitations, including but not limited to, California Code of Civil Procedure Sections 337, 339, and 343.

## THIRD AFFIRMATIVE DEFENSE
### (Laches)

Each cause of action against Cohen is barred, in whole or in part, by the doctrine of laches.

## FOURTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

Each cause of action against Cohen is barred, in whole or in part, by the doctrine of unclean hands.

///

## FIFTH AFFIRMATIVE DEFENSE

### (Waiver)

Each cause of action against Cohen is barred, in whole or in part, because Labrador, Inc., by its conduct has waived the claims contained in each such cause of action.

## SIXTH AFFIRMATIVE DEFENSE

### (Estoppel)

Each cause of action against Cohen is barred, in whole or in part by virtue of the doctrine of estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

### (Failure of a Condition)

Each cause of action against Cohen is barred by the virtue of a condition required to occur, when in fact the occurrence of said condition is necessary for Cohen to have liability to Labrador, Inc.

## EIGHTH AFFIRMATIVE DEFENSE

### (Fault of Others)

Each cause of action against Cohen is If Labrador, Inc. has suffered and/or will suffer damages, Labrador, Inc. suffered or will suffer said damages, in whole or in part, as a result of the fault of persons other than Cohen.

## NINTH AFFIRMATIVE DEFENSE

### (Failure of Consideration)

Each of Labrador, Inc.'s causes of action against Cohen must fail because the consideration that Labrador, Inc. promised to Cohen failed.

## TENTH AFFIRMATIVE DEFENSE

### (Standing)

Labrador, Inc. lacks standing to bring its claims, partially because of its lack of a contractual relationship or a 3rd party contractual relationship with Cohen.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Ripeness)

The allegations contained in the FACC are not ripe and thus are not capable of being adjudicated.

## TWELFTH  AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

To the extent this Court were to find that Labrador, Inc. suffered or will suffer damages and to the extent that this Court were to find Cohen liable, in whole or in part, for such damages, Labrador, Inc.'s recovery is bared in whole or in part, because Labrador, Inc. failed to mitigate those  damages

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Right to Raise Additional Defenses)

Labrador, Inc.  has failed to describe the causes of action with sufficient particularity to enable Cohen to determine all of his legal and equitable rights.  Cohen therefore reserves the right to amend and/or supplement his Answer and affirmative defenses to assert any and all pertinent defenses ascertained through investigation and discovery in this action.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Counterclaim is conditional)

The counterclaim is conditional. By its terms, it only would become operational if the plaintiff were to obtain a judgment against the counterclaimant. A conditional pleading is inappropriate and unlawful.

## PRAYER FOR RELIEF

Cohen denies that any of Counterclaimant is entitled to any of the relief.  Cohen prays that no Counterclaimant take anything, the instant Counterclaim be dismissed with prejudice, and that Cohen be awarded his costs of suit, including without limitation, reasonable attorney fees and such other relief as may be just and proper.

Further, the Instant Counterclaim is conditional and speculative. Its operative terms would be activated unless something occurs. Thus, the instant Counterclaim is inappropriate and unlawful, and therefore should be dismissed with prejudice.

DATED: 03/27/2020                                    **JACOBSON & ASSOCIATES**

                                        By:_____/s/  Dan Jacobson_____
                                            Dan Jacobson,
                                            Attorneys for Defendants
                                            Michael Cohen and
                                            MCPC Holdings, LLC