Daniel Lee Jacobson SBN 134978
JACOBSON & ASSOCIATES
1352 Irvine Blvd., Suite 205
Tustin, CA  92780
(714) 505-4872
dlj@jacobsonlawyers.com

Attorneys for Defendants
Michael Cohen & MCPC Holdings, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BEATBOX MUSIC PTY, LTD, | CASE NO.: 2:17-cv-6108-MWF-JPRx |
| Plaintiff | **Brief in Lieu of Oral Argument** |
| v. | Date: Pursuant to Fed. R. Civ. P. 78 & L-R 7-15, the Court has found that this matter is appropriate for submission on the papers without oral argument, and has taken such argument off-calendar (03/30/20 had been the calendared date) |
| LABRADOR ENTERTAINMENT, INC. D/B/A SPIDER CUES MUSIC LIBRARY, a California corporation; NOEL PALMER WEBB, an individual; MICHAEL COHEN, an individual; LABRADOR ENTERTAINMENT, LLC; MCPC HOLDINGS, LLC; WEBB FAMILY TRUST and DOES 1-20, inclusive, | Time: N/A<br>Courtroom: 5A<br>Trial Date: None set |
| Defendants. | Dist. Judge Michael W. Fitzgerald |
| | Mag. Judge Jean P. Rosenbluth |
| | Complaint Filed August 17, 2017 |

A.   **Introduction**:

This is the briefest of briefs. It is only meant to offer some vital but short comments as to a bit of what Defendants Michael Cohen ("Mr. Cohen") & MCPC Holdings, LLC ("MCPC") would have orally added to the discussion re Co-Defendant Labrador Entertainment, Inc.'s Fed. R. Civ. P. 12(b)(6) motion, if there were an oral hearing on that motion.

- 1 -
Michael Cohen's and MCPC Holdings' Brief in Lieu of Oral Argument

On 03/13/20 Chief Judge Virginia Phillips issued a General Order that, *inter alia*, suspended most civil hearings through 05/01/20. Order of the Chief Judge 20-042. On 04/13/20 Judge Phillips extended that suspension date through 06/01/20. Order of the Chief Judge 20-05. On 03/23/20 this Court order that Labrador, et al.'s motion would not be heard orally, as per Fed. R. Civ. P. 78 & L-R 7-15.

Because of the pandemic emergency, Mr. Cohen & MCPC request that the Court simply read this "briefest of briefs".

**B.    Scope**:

Mr. Cohen & MCPC have been sued under the First Amended Complaint ("FAC") for certain of the same causes of action ("COA") as has Labrador, et al. Labrador, et al.'s 12(b)(6) motion addresses certain of those COAs. This brief comments on two such COAs, the 2nd COA & the 7th COA. Mr. Cohen & MCPC plan to file a Motion for Judgment on the Pleadings under Fed. R. Civ. Pro. 12(c), which will be *much more detailed* than is the instant brief as to those two COA, and will also address COA 6 & 8.[1]

In the meantime, here are Mr. Cohen's & MCPC's brief comments supporting Labrador, et al.'s motion.

**C.    As to the 2nd COA, for tortious breach of the implied covenant of good faith and fair dealing:**

California has not recognized a tortious breach of the implied covenant of good faith and fair dealing for 32 years. *Foley v. Interactive Data Corp.,* 47 Cal.3d 654, *see* 682-700 (1988)*; Guz v. Bechtel National,* 24 Cal.4th 314, 352 (2000); *Cates Construction, Inc. v. Talbot Partners*, 21 Cal.4th 28, 43 (1999); *Spinks v. Equity Residential Briarwood Apartments,* 171 Cal.App.4th 1004, 1054 (2009)**.**

///

---

[1] The 12(c) motion will be much more detailed in its analysis, both generally and, as is appropriate, specifically, based on how the FAC is pleaded against Mr. Cohen & MCPC.

- 2 -

Michael Cohen's and MCPC Holdings' Brief in Lieu of Oral Argument

The remedies sought by the FAC's 2nd COA are tort remedies. To state the apparent, tort remedies are only available in tort. Thus, the 2nd COA should be understood in the context of a 12(b)(6) (or 12(c)) motion as a tort.[2] Since California does not recognize a tortious breach of the implied covenant of good faith and fair dealing COA, Labrador, et al. should prevail. The COA should be dismissed without leave to amend, because to allow leave to amend would allow the continuance of a cause of action that simply does not exist.

**D.     As to the 7th COA for fraudulent conveyance at common law**:

A common law fraudulent transfer "cause of action accrues not when the transfer occurs but when the judgment against the debtor is secured." *Macedo v. Bosio,* 86 Cal.App.4th 1044,1051 (2001). "'[A]ccrue' is defined [by California's courts] as, 'to come into existence as a legally enforceable claim.'" *In Re Marriage of Shore,* 71 Cal.App.3d 290, footnote 3 (1977), citing *Webster's New Collegiate Dict.* (7th ed. 1971) p. 6.

Beatbox has not alleged and cannot allege that it has a "judgment . . . secured [against Labrador, et al.]." Beatbox cannot make this allegation, because it is in the instant case that Beatbox hopes to "secure [such a] judgment." To state the clear, no judgment has been secured in this case. Since securing a judgment is an essential element of fraudulent conveyance at common law, and there is no such judgment, the fraudulent conveyance at common law COA should be dismissed as against Labrador, et al. The dismissal should be without leave to amend, because it is a physical impossibility for a judgment to be secured against Labrador, et al., prior to the conclusion of the instant case.

---

[2] Please recall that the 1st and 2nd Causes of Action in the FAC are the subjects of a Motion for Partial Summary Judgment on different issues. In that motion the 2nd Cause of Action, for Breach of the Implied Covenant of Good Faith and Fair Dealing is treated simply as a breach of contract cause of action, which simply names the type of breach alleged. In the 12(c) motion that Mr. Cohen & MCPC intend to file, the tortious remedies sought in that cause of action are examined. In that motion the moving parties could come to no conclusion under 12(c) other than that those tortious remedies colored the entire cause of action, making a tort cause of action for breach of the implied covenant. The same is true re Labrador, et al.'s 12(b)(6) motion. California does not recognize such a tort.

**Conclusion**:

It is hoped that this "briefest of briefs" has been helpful.

DATED:    06/02/20

/s/ Dan Jacobson
Dan Jacobson, Jacobson & Associates,
Attorney for Defendants Michael Cohen
& MCPC Holdings, LLC