UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  CV-17-6108-MWF (JPRx)          **Date:  July 17, 2020**
Title:     Beatbox Music Pty, Ltd. v. Labrador Entertainment, Inc., et al.

Present:   The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

         Deputy Clerk:                    Court Reporter:
         Rita Sanchez                     Not Reported

         Attorneys Present for Plaintiff:   Attorneys Present for Defendants:
         None Present                     None Present

**Proceedings (In Chambers):**   ORDER RE: MOTION FOR PARTIAL SUMMARY
                          JUDGMENT [115]; MOTION TO STRIKE EXPERT
                          REPORT OF GERALD ESKELIN, EXCLUDE
                          EXPERT TESTIMONY OF GERALD ESKELIN,
                          AND STRIKE MOTION FOR PARTIAL
                          SUMMARY JUDGMENT [123]; MOTION TO
                          DISMISS [133]; MOTION TO STRIKE
                          DEFENDANTS COHEN & MCPC HOLDINGS,
                          LLC'S BRIEF IN LIEU OF ORAL ARGUMENT
                          [152]

     Before the Court are four motions:

     First, there is Defendant, Counter-Defendant, and Cross-Claimant Michael
Cohen's ("Cohen") Motion for Partial Summary Judgment (the "MSJ"), filed on
February 17, 2020.  (Docket No. 115-1).  Plaintiff and Counter-Defendant Beatbox
Music Pty, Ltd. ("Beatbox") filed an Opposition on February 25, 2020.  ("Beatbox
MSJ Opp." (Docket No. 126)).  Cohen filed a Reply on March 2, 2020.  ("Cohen MSJ
Reply" (Docket No. 134)).

     Second, there is Beatbox's Motion to Strike the Expert Report of Gerald Eskelin
("Eskelin"), Exclude Eskelin's Expert Testimony, and Strike the MSJ (the "Motion to
Strike"), filed on February 21, 2020.  (Docket No. 123).  Cohen filed Oppositions on
February 24 and 25, 2020.  ("Cohen Motion to Strike Opp." (Docket Nos. 124, 129)).

_____
**CIVIL MINUTES—GENERAL**                                              **1**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV-17-6108-MWF (JPRx)            Date:  July 17, 2020**

Title:      Beatbox Music Pty, Ltd. v. Labrador Entertainment, Inc., et al.

Beatbox filed a Reply on March 2, 2020.  ("Beatbox Motion to Strike Reply" (Docket No. 135)).

Third, there is Defendant, Counter-Claimant, and Cross-Defendant Labrador Entertainment, Inc. d/b/a Spider Cues Music Library ("Labrador Inc."), Defendant Labrador Entertainment, LLC ("Labrador LLC"), Defendant Noel Palmer Webb ("Webb"), and Defendant Webb Family Trust's ("Webb Trust") (collectively "Labrador Defendants") Motion to Dismiss (the "MTD"), filed on March 2, 2020. (Docket No. 133).  Beatbox filed an Opposition on March 9, 2020.  ("Beatbox MTD Opp." (Docket No. 140)).  The Labrador Defendants filed a Reply on March 16, 2020. ("Labrador MTD Reply" (Docket No. 141)).

Fourth, there is Beatbox's Motion to Strike Cohen and Defendant MCPC Holdings, LCC's ("MCPC") Brief in Lieu of Oral Argument ("Motion to Strike the Cohen MTD Surreply"), filed on July 1, 2020.  (Docket No. 152).  On July 2, 2020, Cohen and MCPC filed an Opposition.  (Docket No. 153).  On July 13, 2020, Beatbox filed a Reply.  (Docket No. 156).

The first three motions were set for hearing on March 30, 2020.  The Court read and considered the papers on the motions and deemed the matters appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78(b); Local Rule 7-15.  The hearing was therefore **VACATED** and removed from the Court's calendar.

For the reasons discussed below, the motions are ruled upon as follows:

- The MSJ is **DENIED**.  There remain genuine issues of triable fact as to whether Cohen misrepresented the Cohen Composition's authorship and originality at the inception of the Labrador-Cohen Agreement to Beatbox's detriment (on a third-party beneficiary theory).  Therefore, summary judgment is improper on Beatbox's breach of contract claims against Cohen.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-17-6108-MWF (JPRx)              Date:  July 17, 2020
Title:      Beatbox Music Pty, Ltd. v. Labrador Entertainment, Inc., et al.

- The Motion to Strike is **GRANTED** *in part* and **DENIED** *in part*.
  Cohen's expert report is partially inadequate under Rule 26 because it
  fails to disclose the basis and reasons for Eskelin's opinions and the facts,
  data, and exhibits Eskelin considered in forming those opinions.

- The MTD is **GRANTED** *in part* and **DENIED** *in part*.  The Court,

  - **GRANTS** the MTD *without leave to amend* as to Beatbox's
    second claim of breach of the implied covenant of good faith and
    fair dealing because it is duplicative of Beatbox's breach of contract
    claim;

  - **GRANTS** the MTD *with leave to amend* as to Beatbox's fourth
    claim of breach of fiduciary duty against Labrador Inc. because as a
    principal, Labrador Inc. owes no fiduciary duty to Beatbox;

  - **DENIES** the MTD as to Beatbox's seventh and eighth claims of
    statutory and common law fraudulent conveyance because they are
    sufficiently pled and ripe for adjudication; and

  - **DENIES** the MTD as to Beatbox's request for punitive damages
    and Beatbox's request for attorneys' fees and costs to the extent
    they pertain to third party claims.

- The Motion to Strike the Cohen MTD Surreply is **GRANTED**.

## I.    BACKGROUND

### A.    Factual Background

    The Court has previously summarized the background of this case in connection
with Labrador Inc.'s Motion to Stay and Beatbox's Motion for Leave to Amend

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** **CV-17-6108-MWF (JPRx)**           **Date: July 17, 2020**

Title:      Beatbox Music Pty, Ltd. v. Labrador Entertainment, Inc., et al.

Pleadings. (Docket Nos. 58, 102). The following background is substantially the same.

Beatbox's First Amended Complaint, Cohen's Crossclaim, and Labrador Inc.'s Counterclaim all relate to a composer agreement dated February 14, 2008, between Labrador Inc. and Cohen (the "Labrador-Cohen Agreement"), and a music publishing agreement dated April 1, 2009, between Labrador Inc. and Beatbox (the "Labrador-Beatbox Agreement"). (*See* First Amended Complaint ("FAC") (Docket No. 105) ¶¶ 16, 18, Exs. A, B; Crossclaim (Docket No. 38) ¶¶ 9, 17, Exs. A, B; Counterclaim (Docket No. 139) ¶¶ 79, 108, Exs. A, B).

Cohen is a composer. (Crossclaim ¶¶ 1, 5-6). Labrador Inc. is a music publisher. (FAC ¶ 18). Webb is the President of Labrador Inc. and Labrador LLC. (*Id*. ¶ 4). The Webb Trust owns 100 percent stock in Labrador LLC. (*Id*. ¶ 5). Pursuant to the Labrador-Cohen Agreement, Labrador Inc. acquired certain rights to Cohen's musical compositions, including a two-minute and twenty-two-second track titled "SQ mc Eminem esque" (the "Cohen Composition"). (Crossclaim ¶¶ 10, 15-16).

Beatbox, like Labrador Inc., is also a music publisher located in Australia. (FAC ¶¶ 1, 18). Pursuant to the Labrador-Beatbox Agreement, "Labrador periodically sent music to Beatbox for use by Beatbox consistent with the [Labrador-Beatbox] Agreement to arrange the music into albums to provide to Beatbox's clients." (*Id*. ¶ 24). One such musical piece was the Cohen Composition. (*See id.* ¶ 34; Crossclaim ¶ 17).

At some point in 2014, Beatbox "provided" the Cohen Composition (which it had received from Labrador Inc., and which Labrador Inc. had received from Cohen) to the Australian Mechanical Copyright Owners Association ("AMCOS"). (Crossclaim ¶ 25). Soon thereafter, AMCOS "provided" the Cohen Composition to the New Zealand National Party, which in turn featured the Cohen Composition (or an altered version of it, according to Cohen) in a 2014 election campaign advertisement. (*Id.* ¶¶ 26-27; FAC ¶ 34).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV-17-6108-MWF (JPRx)              Date:  July 17, 2020**
Title:      Beatbox Music Pty, Ltd. v. Labrador Entertainment, Inc., et al.

On September 16, 2014, Eight Mile Style LLC ("EMS"), a company affiliated with the rap artist Eminem, filed a copyright infringement lawsuit against the New Zealand National Party in the High Court of New Zealand, Wellington Registry (the "New Zealand Action"), after the New Zealand National Party had taken down the relevant commercial but refused to pay a $1.5 million settlement demand.  (FAC ¶¶ 35-37).  EMS alleged that the New Zealand National Party's broadcast of the Cohen Composition (or an altered version of it) infringed upon the copyright of Eminem's 2002 hit song *Lose Yourself*.  (*Id.* ¶ 37).

Various parties in this action were added (or putatively added) as a party to the New Zealand Action.  (FAC ¶¶ 38-39, 41; Crossclaim ¶¶ 32-33).  The New Zealand National Party and AMCOS added Beatbox, arguing that Beatbox must indemnify them.  (FAC ¶¶ 38-39, 41).  In turn, Beatbox added Labrador Inc. to the action, claiming that Labrador Inc. must indemnify it pursuant to indemnification provisions in the Labrador-Beatbox Agreement.  (Docket No. 58 at 3).  Labrador Inc. then filed a statement of claim against Cohen in the action.  (*Id.* at 4).  However, Cohen has not appeared or otherwise participated in the New Zealand Action.  (*Id.*).

In September 2016, all parties to the New Zealand Action agreed to first try EMS's underlying copyright infringement claims, and then to separately try the various indemnity claims after establishing liability and damages on EMS's copyright infringement claims.  (*Id.*).

On October 25, 2017, following a trial on the underlying copyright infringement portion of the New Zealand Action, the New Zealand High Court found that, through its use of the Cohen Composition in its campaign ad, the New Zealand National Party had infringed upon the copyright of *Lose Yourself*.  The court awarded EMS NZ$600,000 in damages.  (*Id.*).

The parties appealed the decision, and the New Zealand Court of Appeal issued a judgment on December 18, 2018.  (Docket No. 65 at 1).  The Court of Appeal quashed the award of damages of NZ$600,000 and substituted it with an award of NZ$225,000.  (*Id.*).  The Court of Appeal also dismissed the cross-appeal.  (*Id.*).

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV-17-6108-MWF (JPRx)                Date:  July 17, 2020**
Title:       Beatbox Music Pty, Ltd. v. Labrador Entertainment, Inc., et al.

In the present lawsuit, Beatbox seeks indemnification from both Labrador Inc. and Cohen pursuant to the Labrador-Beatbox Agreement and pursuant to the Labrador-Cohen Agreement (on a third-party beneficiary theory). (*See* FAC ¶¶ 45-54).  Through its Counterclaim, Labrador Inc. seeks indemnification from both Beatbox and Cohen pursuant to the Labrador-Beatbox Agreement and pursuant to the Labrador-Cohen Agreement.  (*See* Counterclaim ¶¶ 187-220).  And, through his Crossclaim, Cohen seeks indemnification from Labrador Inc. pursuant to the Labrador-Cohen Agreement. (*See* Crossclaim ¶¶ 36-42, 47-55).

### B.      **Procedural Background**

Beatbox commenced this action on August 17, 2017.  (*See generally* Complaint (Docket No. 1)).  On November 21, 2017, Cohen filed a Crossclaim against co-defendant Labrador Inc., asserting: (1) express indemnity, (2) equitable indemnity, and (3) breach of contract claims. (Crossclaim ¶¶ 36-55).

On March 7, 2018, Labrador Inc. filed a motion to stay.  (Docket No. 48).  On April 10, 2018, the Court stayed the action in light of the related case in front of the New Zealand High Court.  (Docket No. 58).  On June 10, 2019, the Court lifted the stay. (Docket No. 73).  On July 24, 2019, the Court issued a Scheduling Order setting the deadline for initial expert disclosures on December 6, 2019 and the deadline for rebuttal expert disclosures on January 17, 2020.  (Docket No. 78).  On November 26, 2019, Cohen provided Eskelin's initial expert report to Beatbox.  (Declaration of Heather L. Blaise dated February 21, 2020 ("Blaise Decl.") ¶ 4, Ex. A (Docket No. 123-1)).

On December 11, 2019, Beatbox moved to amend its Complaint to add new defendants and additional claims.  (Docket No. 88).  On December 16, 2019, counsel for Labrador Inc. filed a motion for leave to withdraw as counsel of record.  (Docket No. 92).  On January 17, 2020, the Court granted Beatbox's motion to amend the Complaint requiring that Beatbox file a FAC by January 24, 2020, but otherwise stayed the action until February 17, 2020 to allow Labrador time to retain new counsel. (Docket No. 102).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-17-6108-MWF (JPRx)                Date:  July 17, 2020
Title:     Beatbox Music Pty, Ltd. v. Labrador Entertainment, Inc., et al.

On January 24, 2020, Beatbox filed a FAC against the following Defendants: Labrador Inc., a California corporation; Labrador LLC, a California limited-liability company; Webb, a California resident; the Webb Trust; Cohen, a California resident; and MCPC, a Nevada limited-liability company.  (FAC ¶¶ 1-10).  In the FAC, Beatbox asserts eight claims for relief: (1) breach of contract against Labrador Inc. and Cohen; (2) breach of the implied covenant of good faith and fair dealing against all Defendants; (3) express indemnity against Labrador Inc.; (4) breach of fiduciary duty against Labrador Inc.; (5) "alter ego theory" against the Labrador Defendants; (6) "alter ego theory" against Cohen and MCPC; (7) fraudulent conveyance under common law against the Labrador Defendants, Cohen, and MCPC; and (8) fraudulent conveyance under California's Uniform Fraudulent Transfer Act (the "UFTA").  (*Id.* ¶¶ 45-97).

On March 2, 2020, Labrador Inc. filed an Answer and Counterclaim, which it amended on March 7, 2020.  (Docket Nos. 132, 139).  In the Counterclaim, Labrador Inc. asserts five claims for relief: (1) breach of contract against Beatbox; (2) indemnification against Beatbox; (3) indemnification against Cohen; (4) negligence against Beatbox; and (5) breach of fiduciary duty against Beatbox.  (Counterclaim ¶¶ 187-220).

## II.   **The MSJ**

### A.   **Legal Standard**

In deciding a motion for summary judgment under Federal Rule of Civil Procedure 56, the Court applies *Anderson*, *Celotex*, and their Ninth Circuit progeny. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).  "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).

The Ninth Circuit has defined the shifting burden of proof governing motions for summary judgment where the non-moving party bears the burden of proof at trial:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-17-6108-MWF (JPRx)                    Date:  July 17, 2020
Title:       Beatbox Music Pty, Ltd. v. Labrador Entertainment, Inc., et al.

> The moving party initially bears the burden of proving the absence of a
> genuine issue of material fact.  Where the non-moving party bears the
> burden of proof at trial, the moving party need only prove that there is
> an absence of evidence to support the non-moving party's case.  Where
> the moving party meets that burden, the burden then shifts to the non-
> moving party to designate specific facts demonstrating the existence of
> genuine issues for trial.  This burden is not a light one.  The non-
> moving party must show more than the mere existence of a scintilla of
> evidence.  The non-moving party must do more than show there is
> some "metaphysical doubt" as to the material facts at issue.  In fact, the
> non-moving party must come forth with evidence from which a jury
> could reasonably render a verdict in the non-moving party's favor.

*Coomes v. Edmonds Sch. Dist. No. 15*, 816 F.3d 1255, 1259 n.2 (9th Cir. 2016)
(quoting *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010)).  "A motion
for summary judgment may not be defeated, however, by evidence that is 'merely
colorable' or 'is not significantly probative.'"  *Anderson*, 477 U.S. at 249-50.

       "When the party moving for summary judgment would bear the burden of proof
at trial, 'it must come forward with evidence which would entitle it to a directed
verdict if the evidence went uncontroverted at trial.'"  *C.A.R. Transp. Brokerage Co. v.
Darden Restaurants, Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (quoting *Houghton v.
South*, 965 F.2d 1532, 1536 (9th Cir. 1992)).

       **B.      Request for Judicial Notice**

       In conjunction with the MSJ, Cohen requests that the Court take judicial notice
of excerpts of Webster's Third New International Dictionary and excerpts of pleadings
from the instant case.  (*See* Request for Judicial Notice ("MSJ RJN") (Docket No. 115-
3)).  Beatbox did not oppose Cohen's request.

       The Court may take judicial notice of court filings and other matters of public
record.  *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir.

_____

CIVIL MINUTES—GENERAL                                             8

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-17-6108-MWF (JPRx)                Date:  July 17, 2020
Title:      Beatbox Music Pty, Ltd. v. Labrador Entertainment, Inc., et al.

2006).  However, here the Court does not rely on any of the requested documents in ruling on the MSJ.  Accordingly, the Court **DENIES** the MSJ RJN *as moot*.

### C.      Discussion

Cohen moves for partial summary judgment on peculiar grounds.  Cohen requests that the Court grant summary judgment on his first affirmative defense, which alleges that Beatbox "fails to state facts sufficient to constitute a claim," (Docket No. 114 at 12), with respect to Beatbox's first claim for breach of contract and second claim for breach of the implied covenant of good faith and fair dealing.  (*See* MSJ at 6-7).  Cohen argues that there are no genuine disputes of material fact to preclude summary judgment on his first affirmative defense for failure to state a claim.

### 1.      Affirmative Defenses

As a preliminary matter, Beatbox argues that Cohen is not entitled to summary judgment because failure to state a claim is not a proper affirmative defense.  (*See* Beatbox MSJ Opp. at 10-11).  However, district courts are split over whether an assertion of a failure to state a claim should be allowed as an affirmative defense. *Compare J & J Sports Prods., Inc. v. Vizcarra*, 2011 WL 4501318, at *3 (N.D. Cal. Sept. 27, 2011) and *Barnes v. AT&T Pension Ben. Plan–Nonbargained Program*, 718 F. Supp. 2d 1167, 1174 (N.D. Cal. 2010) (striking defense, noting that failure to state a claim under Rule 12(b)(6) is more properly brought as a motion and not as an affirmative defense) *with Valley Community Bank v. Progressive Cas. Ins. Co.*, 2011 WL 1833116, at *3 (N.D. Cal. May 13, 2011) (denying motion to strike failure-to-state-claim defense as one that may be raised in any pleading under Rule 12(h)(2)) and *Robinson v. Adams*, 2009 WL 4042894, at *1 (E.D. Cal. Nov. 20, 2009).  As this Court has held in other cases, Cohen can assert failure to state a claim as an affirmative defense.  *See, e.g.*, *Bay City Surgery Ctr., Inc. v. Int'l Longshore & Warehouse Union-Pac. Mar. Ass'n Welfare Plan Bd. of Trustees*, No. CV15-6209-MWF (AFM), 2016 WL 11185299, at *2 (C.D. Cal. Aug. 31, 2016) (denying plaintiffs' motion to strike failure to state claim affirmative defense).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-17-6108-MWF (JPRx)                    Date:  July 17, 2020
Title:      Beatbox Music Pty, Ltd. v. Labrador Entertainment, Inc., et al.

The Court also rejects Beatbox's suggestion that the Supreme Court's interpretation of Rule 8(a)(2) as articulated in *Twombly* and *Iqbal* should apply to the pleading of affirmative defenses as governed by Rule 8(c).  (Beatbox MSJ Opp. at 12).  Although the courts in this District have split on the issue as to whether these decisions should apply to the pleading of affirmative defenses, the Ninth Circuit has continued to recognize the validity of the "fair notice" standard in the context of pleading affirmative defenses even after *Twombly* and *Iqbal*.  *See Simmons v. Navajo County*, 609 F.3d 1011, 1023 (9th Cir. 2010) (quoting *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979), *overruled on other grounds by Castro v. County of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016) (en banc)); *see also Vogel v. Linden Optometry APC*, No. CV 13-00295-GAF (SHX), 2013 WL 1831686, at *3 (C.D. Cal. Apr. 30, 2013) (collecting cases).  Accordingly, Beatbox's request for leave to file a motion to strike Cohen's affirmative defenses as insufficiently pled is **DENIED**.

### 2.      Disputed Facts Regarding Alleged Contractual Breach

Cohen is not entitled to summary judgment because he has not presented undisputed material facts to successfully challenge the sufficiency of Beatbox's breach of contract claims.  Cohen contends that the following assertions entitle him to summary judgment:

(a)      [Beatbox] did not possess the right to adapt or alter the musical piece called "eminem-esque" *without consultation* with Mr. Cohen.

(b)      No one to whom [Beatbox] assigned any rights re eminem-esque possessed the right to adapt or alter eminem-esque *without consultation* with Mr. Cohen.

(c)      As used in the subject contract "adapt" means to make suitable or fit (as for a particular use, purpose, or situation).  Fit; suit.  To make suitable (for a new or different use or situation) by means of changes or modifications.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-17-6108-MWF (JPRx)                    Date:  July 17, 2020
Title:      Beatbox Music Pty, Ltd. v. Labrador Entertainment, Inc., et al.

(d)      As used in the subject contract "alter" means to cause to become different in some particular characteristic (as measure, dimension, course, arrangement, or inclination) without changing into something else.

(e)      Neither [Beatbox] nor anyone else consulted with Mr. Cohen regarding any adaptation or alteration of eminem-esque.

(MSJ at 7-8 (emphasis in original)).  Thus, Cohen seems to suggest that Beatbox cannot maintain its breach of contract claims against him because Beatbox allegedly "altered" or "adapted" the Cohen Composition without consulting him in contravention with the Labrador-Cohen Agreement.  (*Id.*).  The Court disagrees.  Even if Cohen's arguments were supported by undisputed facts, none of these arguments refute any essential elements of Beatbox's breach of contract claims.

A claim for breach of contract requires the following elements: (1) the existence of a contract, (2) the plaintiff's performance or excuse for nonperformance, (3) the defendant's breach, and (4) resulting damages to the plaintiff.  *Oasis West Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821 (2011).  A claim for breach of the implied covenant of good faith and fair dealing requires a plaintiff to show: (1) the parties entered into a contract, (2) the plaintiff fulfilled his obligations under the contract, (3) any conditions precedent to the defendant's performance occurred, (4) the defendant unfairly interfered with the plaintiff's right to receive the benefits of the contract; and (5) the plaintiff was harmed by the defendant's conduct.  *In re Yahoo! Inc. Customer Data Sec. Breach Litig.*, No. 16-MD-02752-LHK, 2017 WL 3727318, at *48 (N.D. Cal. Aug. 30, 2017) (internal quotation marks and citations omitted).

Beatbox argues that Cohen breached the representations and warranties provisions of the Labrador-Cohen Agreement by asserting that the Cohen Composition was his "sole, exclusive and original work," and that it did not "infringe upon or violate the copyrights or any other rights whatsoever of any person, firm, or entity" when the New Zealand High Court determined that the Cohen Composition (or an altered version of it) infringed upon the copyright of *Lose Yourself*.  (Beatbox MSJ Opp. at 7-9; *see also* FAC ¶ 16).  There remain genuine issues of triable fact as to

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-17-6108-MWF (JPRx)                Date:  July 17, 2020

Title:       Beatbox Music Pty, Ltd. v. Labrador Entertainment, Inc., et al.

whether Cohen misrepresented the Cohen Composition's authorship and originality at the inception of the Labrador-Cohen Agreement to Beatbox's detriment (on a third-party beneficiary theory), which Cohen's allegations of subsequent unauthorized alterations or adaptations do not resolve.  Indeed, Beatbox's alleged failure to consult with Cohen prior to altering or adapting the Cohen Composition does not absolve Cohen of liability for allegedly breaching his representations and warranties of original copyright ownership.  *Plotnik v. Meihaus*, 208 Cal. App. 4th 1590, 1602 (2012) (holding that one who breaches a contract "cannot recover for a subsequent breach by the other party").  Summary judgment is therefore inappropriate on Beatbox's breach of contract claims against Cohen.

### 3.     Contract Interpretation

Moreover, the "material facts" Cohen presents as support for his position are hardly undisputed.  Cohen urges the Court to find that the following "material facts" are not genuinely in dispute under Rule 56(g):

1.     The following law applies to the transitive verbs "adapt" and "alter," as those verbs are used in the 2008 Composer Agreement between Mr. Cohen and Labrador.  "[W]ords in a contract are to be understood in their usual and ordinary sense unless used by the parties in some technical sense."  *County of Orange v. Santa Margarita Water Dist.*, 44 Cal. App. 4th 189, 192 (1996).

2.     In the music industry the transitive verbs "adapt" and "alter" have no technical meaning.

3.     "[T]he 'ordinary' sense of a word is to be found in its dictionary definition."  *Scott v. Continental Insurance Company*, 44 Cal. App. 4th 24, 29-30 (1996).

4.     The ordinary definition of the transitive verb "adapt" means to make suitable or fit (as for a particular use, purpose, or situation). Fit; suit. To

---

CIVIL MINUTES—GENERAL                                    12

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-17-6108-MWF (JPRx)                    Date:  July 17, 2020
Title:       Beatbox Music Pty, Ltd. v. Labrador Entertainment, Inc., et al.

make suitable (for a new or different use or situation) by means of changes or modifications.

5.       The ordinary definition of the transitive verb "alter" means to cause to become different in some particular characteristic (as measure, dimension, course, or inclination) without changing into something else.

6.       There was no consultation with Mr. Cohen re[garding] altering or adapting the composition "eminem-esque."

(MSJ at 9-10).  Most of these statements are not facts; rather, they are legal conclusions and propositions whose relevance to Beatbox's underlying breach of contract allegations is questionable.  Furthermore, Beatbox disputes that the evidentiary record in this case supports a legal conclusion regarding the contractual meaning of certain terms in the parties' production music licensing agreements. (Beatbox MSJ Opp. at 21-25).

Beatbox argues that "alter" and "adapt" have technical meanings in the production music licensing business as they relate to the creation of derivative works and do not relate to the custom and practice of editing music to fit audiovisual works in order to synchronize sound and image.  (*See* Docket Nos. 125-6, 125-7).  Beatbox explains that a "derivative work" is defined in the U.S. Copyright Act as a work "based upon one or more preexisting works" that "recast[s], transform[s], or adapt[s]" a preexisting work; thus, according to Beatbox, the terms "adapt" and "alter" carry a specialized meaning in the music industry when analyzing whether a preexisting sound recording has been sufficiently modified to create a derivate sound recording that represents an original work of authorship worthy of copyright protection.  (Beatbox MSJ Opp. at 22-25); *see also* 17 U.S.C. § 101.

Because Beatbox offers evidentiary support for a competing interpretation of the contracts' language based on music industry standards and U.S. Copyright law, the Court cannot conclude that Cohen's interpretation is undisputed.  The parties' conflicting evidence regarding the correct contract interpretation and the parties'

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-17-6108-MWF (JPRx)                Date:  July 17, 2020
Title:       Beatbox Music Pty, Ltd. v. Labrador Entertainment, Inc., et al.

ensuing contractual obligations raises questions of fact that are best left to the jury. "[A]mbiguity in a contract raises a question of fact precluding summary judgment" because it "raises a question of intent."  *Bank of Am. Nat'l Tr. & Sav. Ass'n v. Allstate Ins. Co., 29 F. Supp. 2d 1129*, 1139 (C.D. Cal. 1998) (citing *National Union Fire Ins. Co. v. Argonaut Ins. Co.*, 701 F.2d 95, 97 (9th Cir. 1983)).

Accordingly, Cohen's MSJ is **DENIED** in its *entirety*.

## III.   **The Motion to Strike**

### A.      **Legal Standard**

Federal Rule of Civil Procedure Rule 26 requires a party to disclose the identity of each expert witness "accompanied by a written report—prepared and signed by the witness."  Fed. R. Civ. P. 26(a)(2)(B).  Rule 26 further requires that the expert disclosure include the following information: (i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them; (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years; (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and (vi) a statement of the compensation to be paid for the study and testimony in the case.  *Id.*  The parties are to submit their expert disclosures "at the times and in the sequence that the court orders."  Fed. R. Civ. P. 26(a)(2)(D).

Federal Rule of Civil Procedure 37(c)(1) states that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless"; *see also Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) ("[W]e give particularly wide latitude to the district court's discretion to issue sanctions under Rule 37(c)(1).").  The moving party bears the burden of showing a discovery violation has occurred.  *See Hernandez ex rel. Telles-Hernandez v. Sutter Med. Ctr. of Santa*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-17-6108-MWF (JPRx)               Date:  July 17, 2020
Title:      Beatbox Music Pty, Ltd. v. Labrador Entertainment, Inc., et al.

*Rosa*, No. C 06-03350 SBA, 2008 WL 2156987, at *13 (N.D. Cal. May 20, 2008).
The burden then shifts to the party facing discovery sanctions to show that its failure to disclose was either justified or harmless.  *Yeti by Molly, Ltd.*, 259 F.3d at 1107; *see also R & R Sails, Inc. v. Ins. Co. of Pa.*, 673 F.3d 1240, 1246 (9th Cir. 2012).

In addition, the Ninth Circuit has articulated a five-part test for evaluating whether to impose sanctions tantamount to dismissal:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Anheuser-Busch, Inc. v. Natural Beverage Distribs.*, 69 F.3d 337, 348 (9th Cir. 1995).

### B.    Request for Judicial Notice

In conjunction with his Opposition to the Motion to Strike, Cohen requests that the Court take judicial notice of certain court-ordered deadlines and the dates on which the parties filed and served certain pleadings in the instant case.  (*See* Request for Judicial Notice ("Motion to Strike RJN") (Docket No. 124-2)).  Beatbox did not oppose Cohen's request.

As discussed above, the Court may take judicial notice of court filings and other matters of public record.  *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (noting that a court may take judicial notice of "undisputed matters of public record"); *see also Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (taking judicial notice of pleadings, memoranda, and other court filings).  The Court, however, does not rely on the information contained in the Motion to Strike RJN in ruling on the Motion to Strike and accordingly **DENIES** it *as moot*.

### C.    Discussion

Beatbox requests various forms of relief in its Motion to Strike.  First, Beatbox seeks to strike Eskelin's initial expert report (the "Report") because it fails to comply with the mandatory disclosure requirements of Rule 26.  Second, Beatbox seeks to

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-17-6108-MWF (JPRx)                Date:  July 17, 2020
Title:       Beatbox Music Pty, Ltd. v. Labrador Entertainment, Inc., et al.

exclude Eskelin's expert testimony because he lacks qualification and his opinions are unreliable.  Third, Beatbox seeks to strike the MSJ because it partially relies on Eskelin's expert opinion.  Fourth, Beatbox seeks sanctions against Cohen for prematurely filing the MSJ prior to the close of expert discovery and Beatbox seeks to recover its fees and costs incurred in bringing this Motion to Strike.  (*See generally* Motion to Strike).

*First*, Beatbox argues that the Report should be stricken pursuant to Rule 37 because it fails to comply with the mandatory disclosure requirements of Rule 26 by offering conclusory opinions, failing to provide the facts, data and exhibits supporting Eskelin's opinions, and failing to list Eskelin's most recent publications and expert testimony.  (*Id.* at 7).  Specifically, Beatbox argues that the Report provides no facts to show that Eskelin is "qualified to opine that the contractual meanings of the words 'alter' or 'adapt' have no meaning in the music industry" and provides no description of Eskelin's "background, knowledge, experience and/or training as it relates to contractual meanings and/or licensing in the music industry."  (*Id.* at 8).  Beatbox further argues the Report should be stricken because Eskelin does not disclose his publications from the past 10 years and his expert testimony from the past 4 years.  (*Id.* at 7).  Beatbox insists that Rule 26's disclosure requirements are necessary to avoid having to learn key facts about an expert's opinion through deposition.  (*Id.* at 8).  Finally, Beatbox argues that Cohen should be barred from supplementing the Report because the December 6, 2019 initial expert disclosure deadline has already passed.  (*Id.* at 7-8).

In response, Cohen argues that he has complied with Rule 26.  (Cohen Motion to Strike Opp. at 3-10).  Specifically, Cohen argues that the Report does not contain conclusory opinions, but rather Eskelin's opinions—plainly summarized on one page—are "short, direct, and to the point."  (*Id.* at 3; *see also* Docket No. 123-1 at 5).  While the Court agrees that Eskelin is not required to offer lengthy or complex opinions, he is required to disclose the facts and data he considered in forming his opinions.  Several of Eskelin's opinions are unsupported by facts and the Report provides no explanation of his methodology.  For example, Eskelin opines that

CIVIL MINUTES—GENERAL                                                          16

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV-17-6108-MWF (JPRx)                Date:  July 17, 2020**

Title:       Beatbox Music Pty, Ltd. v. Labrador Entertainment, Inc., et al.

"Eminem esque was both altered and adapted, as published by the New Zealand National Party" and that he "found that the music in the advert[isement] was largely identical to the major portion of the music content in the composition" but Eskelin makes no mention of the data or analysis he used to arrive at these conclusions. (Docket No. 123-1 at 5).

Cohen also argues the Report does not list the exhibits Eskelin used to support his opinions because "there aren't any such exhibits."  (Cohen Motion to Strike Opp. at 6).  Based on Eskelin's stated opinions, the Court can reasonably infer that Eskelin analyzed, at a minimum, the terms in the Labrador-Cohen Agreement, the Cohen Composition, and the allegedly altered version of the Cohen Composition that the New Zealand National Party used in its campaign advertisement; however, none of these sources are referenced in the Report.  Such an expert disclosure is inadequate.  Cohen "cannot expect [Beatbox] to wade through [all the discovery produced in this case] trying to guess upon which of the documents [and other materials Eskelin] may or may not have relied."  *Companhia Energetica Potiguar v. Caterpillar Inc.*, No. 14-CV-24277, 2016 WL 7507848, at *6 (S.D. Fla. Aug. 1, 2016) (striking expert report for failure to sufficiently identify facts or data under Rule 26); *see also Jackson v. United States*, No. C 05-3006 MHP, 2007 WL 4532223, at *5 (N.D. Cal. Dec. 19, 2007) ("Although [expert]'s report states in general terms that he reached these conclusions based on the records in this case as well as the representations of plaintiff's counsel, he cites to no specific evidence or statement of fact to support his conclusions.  Far from being detailed and complete, this conclusory and unsupported statement does not meet the requirements of [Rule] 26(a)(2)(B).").

Additionally, Beatbox challenges the adequacy of Eskelin's music industry knowledge and experience, but as Cohen correctly points out, Eskelin's qualifications are described in his curriculum vitae which was included in the Report.  (Docket No. 123-1 at 7).  Cohen also indicates that Eskelin has authored no publications in the past 10 years and has provided no expert testimony in the past 4 years.  (Cohen Motion to Strike Opp. at 6-7).  Therefore, excluding this information from the Report is substantially justified.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV-17-6108-MWF (JPRx)**          **Date:  July 17, 2020**
Title:       Beatbox Music Pty, Ltd. v. Labrador Entertainment, Inc., et al.

In sum, the Report as drafted violates Rule 26.  But the Court does not believe the appropriate remedy here is striking the report in its entirety, which would leave Cohen with no expert report.  Instead, the appropriate remedy is to require Cohen to submit a revised expert report that sufficiently explains the basis and reasons for Eskelin's opinions and lists the facts, data, and exhibits on which Eskelin relies, as required.

*Second*, to the extent Beatbox seeks to demonstrate that Eskelin's opinions are unreliable because he lacks specific experience relating to contract interpretation and music licensing, Beatbox may proffer rebuttal expert testimony or elicit such weaknesses during cross-examination at trial.

*Third*, Beatbox's request to strike the MSJ is **DENIED** *as moot*.

*Fourth*, the Court is not inclined to impose sanctions against Cohen or award any attorneys' fees or costs to Beatbox.

Accordingly, the Motion to Strike is **GRANTED** *in part* and **DENIED** *in part*. Cohen shall serve an Amended Expert Report ("Amended Report") by **August 3, 2020** to cure the deficiencies identified above—the absence of the basis and reasons for Eskelin's opinions and the facts, data, and exhibits he considered in forming those opinions—but shall go no further.  In other words, although the Court has allowed Cohen to serve an Amended Report, Eskelin's opinions should not change and no new opinions should be added.  The parties are further **ORDERED** to meet and confer and file a Joint Report with new proposed pre-trial dates, including a deadline for rebuttal expert disclosures, and trial dates by no later than **August 17, 2020**.

## IV.   The MTD

### A.   Legal Standard

Under Federal Rule of Civil Procedure 12(b), if a party decides to raise any one of the defenses permitted by Rule 12(b), it "shall be made before pleading if a further

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-17-6108-MWF (JPRx)                    Date:  July 17, 2020
Title:      Beatbox Music Pty, Ltd. v. Labrador Entertainment, Inc., et al.

pleading is permitted." Fed. R. Civ. P. 12(b). That is, if a defendant decides to assert
a Rule 12(b) defense by motion, then the defendant must do so before filing an answer.
In this case, the Labrador Defendants bring a motion to dismiss for failure to state a
claim, pursuant to Rule 12(b)(6), simultaneously with their Answer and Counterclaim
filed on March 2, 2020 and later amended on March 7, 2020. (*See* Docket Nos. 132,
133, 139). "[S]hould the defendant file a Rule 12(b) motion simultaneously with the
answer, the district court will view the motion as having preceded the answer and thus
as having been interposed in timely fashion." *Knoles v. Teva Pharm. USA, Inc.*, No.
17-CV-06580-BLF, 2019 WL 5268928, at *2 (N.D. Cal. Oct. 17, 2019) (quoting
5C Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and
Procedure § 1361 (3d ed. 2004)). Accordingly, the Court finds the Labrador
Defendants' Rule 12(b)(6) motion to be timely. Beatbox does not argue to the
contrary.

     "Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a
cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable
legal theory." *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013). "To survive a
motion to dismiss, a complaint must contain sufficient factual matter . . . to 'state a
claim for relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting
*Twombly*, 550 U.S. at 570). The Court must disregard allegations that are legal
conclusions, even when disguised as facts. *See id.* at 681 ("It is the conclusory nature
of respondent's allegations, rather than their extravagantly fanciful nature, that
disentitles them to the presumption of truth."); *Eclectic Props. E., LLC v. Marcus &
Millichap Co.*, 751 F.3d 990, 996 (9th Cir. 2014). "Although 'a well-pleaded
complaint may proceed even if it strikes a savvy judge that actual proof is improbable,'
plaintiffs must include sufficient 'factual enhancement' to cross 'the line between
possibility and plausibility.'" *Eclectic Props.*, 751 F.3d at 995 (quoting *Twombly*, 550
U.S. at 556-57) (internal citations omitted).

     The Court must then determine whether, based on the allegations that remain
and all reasonable inferences that may be drawn therefrom, the complaint alleges a
plausible claim for relief. *See Iqbal*, 556 U.S. at 679; *Cafasso, U.S. ex rel. v. Gen.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-17-6108-MWF (JPRx)              Date:  July 17, 2020
Title:      Beatbox Music Pty, Ltd. v. Labrador Entertainment, Inc., et al.

*Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 (9th Cir. 2011).  "Determining whether a
complaint states a plausible claim for relief is 'a context-specific task that requires the
reviewing court to draw on its judicial experience and common sense.'"  *Ebner v.
Fresh, Inc.*, 838 F.3d 958, 963 (9th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 679).  Where
the facts as pleaded in the complaint indicate that there are two alternative
explanations, only one of which would result in liability, "plaintiffs cannot offer
allegations that are merely consistent with their favored explanation but are also
consistent with the alternative explanation.  Something more is needed, such as facts
tending to exclude the possibility that the alternative explanation is true, in order to
render plaintiffs' allegations plausible."  *Eclectic Props.*, 751 F.3d at 996-97; *see also
Somers*, 729 F.3d at 960.

   B.    **Surreply**

      On June 2, 2020, Cohen and MCPC filed a Brief in Lieu of Oral Argument
without seeking leave of Court.  ("Cohen MTD Surreply" (Docket No. 149)).  Beatbox
filed a Motion to Strike the Cohen MTD Surreply, arguing that the surreply was filed
without leave of Court and in violation of the Local Rules.  (Motion so Strike the
Cohen MTD Surreply at 4).  Beatbox objects to the Court's consideration of the
substance of the surreply because Plaintiff does not have the ability to respond to the
arguments advanced in the surreply.  (*Id.*).

      Beatbox is correct that Cohen and MCPC should not have filed the Cohen MTD
Surreply without a prior written order of the Court.  (*See* L.R. 7-10).  Therefore,
Beatbox's Motion to Strike the Cohen MTD is **GRANTED.**  However, nothing in the
surreply changes the Court's ruling on the MTD, and therefore, the motion could have
alternatively been denied as moot.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-17-6108-MWF (JPRx)              Date:  July 17, 2020
Title:      Beatbox Music Pty, Ltd. v. Labrador Entertainment, Inc., et al.

### C.  Discussion

#### 1.  Breach of Implied Covenant of Good Faith and Fair Dealing

The Labrador Defendants argue that Beatbox fails to state a claim for breach of the implied covenant of good faith and fair dealing because (1) the claim is limited to insurance contracts which are not at issue here; (2) as alleged against Labrador Inc., the claim is duplicative of Beatbox's breach of contract claim; and (3) as alleged against the remaining Labrador Defendants, the claim is inapplicable because those parties had no contract with Beatbox.  (*See* MTD at 16-18).

A covenant of good faith and fair dealing is implied into every contract by law. *Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1369 (2010).  "The covenant is read into contracts and functions 'as a supplement to the express contractual covenants, to prevent a contracting party from engaging in conduct which (while not technically transgressing the express covenants) frustrates the other party's rights to the benefits of the contract.'"  *Thrifty Payless, Inc. v. Americana at Brand, LLC*, 218 Cal. App. 4th 1230, 1244 (2013).

The Court must look to the "purposes and express terms of the contract" to determine whether the duty of good faith has been breached because "the implied covenant of good faith is read into contracts 'in order to protect the express covenants or promises of the contract, not to protect some general public policy interest not directly tied to the contract's purpose.'"  *Carma Developers (Cal.), Inc. v. Marathon Dev. California, Inc.*, 2 Cal. 4th 342, 373 (1992) (quoting *Foley v. Interactive Data Corp.*, 47 Cal. 3d 654, 690 (1988)).  To determine whether the defendant's conduct breached its duty, the Court must decide whether the "conduct, though not prohibited, is nevertheless contrary to the contract's purposes and the parties' legitimate expectations." *Id.*  However, "[i]f the allegations do not go beyond the statement of a mere contract breach and, relying on the same alleged acts, simply seek the same damages or other relief already claimed in a companion contract cause of action, they may be disregarded as superfluous as no additional claim is actually stated." *Careau & Co. v. Security Pacific Business Credit, Inc.*, 222 Cal. App. 3d 1371, 1395 (1990).

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-17-6108-MWF (JPRx)              Date:  July 17, 2020
Title:      Beatbox Music Pty, Ltd. v. Labrador Entertainment, Inc., et al.

Contrary to the Labrador Defendants' argument, an implied covenant claim can be asserted outside of the insurance context because the covenant is implied into every contract by law. *Durell*, 183 Cal. App. 4th at 1369.  Still, the Court agrees that Beatbox fails to state an implied covenant claim against Labrador Inc. because it is duplicative of Beatbox's breach of contract claim.  Beatbox's breach of contract claim alleges that Defendants "breached the [Labrador-Beatbox Agreement] by violating Section 16(iv) . . . which guaranteed that the compositions were original and that none of the compositions infringed any other copyright work or the rights of any third party."  (FAC ¶ 51).  Meanwhile, its implied covenant claim alleges that Defendants "acted in bad faith by sending Musical Compositions [to Beatbox] that were not original and that infringed other copyright work and the rights of a third party."  (*Id.* ¶ 61).  Clearly, these two claims are premised on identical conduct: Labrador Inc. allegedly conveyed an infringing musical composition to Beatbox.  Thus, Beatbox's allegations against Labrador Inc. as to breach of the implied covenant of good faith and fair dealing "do not go beyond the statement of a mere contract breach, [and] simply seek the same damages or other relief already claimed in a companion contract cause of action" and thus may be "disregarded as superfluous."  *See Careau & Co.*, 222 Cal. App. 3d at 1395.

With respect to the remaining Labrador Defendants—Labrador LLC, Webb, and the Webb Trust—the Court agrees that Beatbox cannot maintain its implied covenant claim against them because they are not parties to the Labrador-Beatbox Agreement.  "[T]he implied covenant of good faith and fair dealing rests upon the existence of some specific contractual obligation."  *Asare-Antwi v. Wells Fargo, N.A.*, No. SACV 19-00887-JVS (KESx), 2019 WL 4570039, at *7 (C.D. Cal. Aug. 6, 2019) (quoting *Racine & Laramie, Ltd. v. Dep't of Parks & Recreation*, 11 Cal. App. 4th 1026, 1031 (1992)).

As a result, the Court **GRANTS** the Labrador Defendants' motion to dismiss Beatbox's second claim of breach of the implied covenant of good faith and fair dealing.  Moreover, because the Court finds that amendment of this claim would be futile in light of Beatbox's existing breach of contract claim, the Court **DENIES**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-17-6108-MWF (JPRx)              Date:  July 17, 2020
Title:       Beatbox Music Pty, Ltd. v. Labrador Entertainment, Inc., et al.

Beatbox's request for leave to amend its implied covenant claim.  *See DCD Programs,
Ltd. v. Leighton*, 833 F.2d 183, 188 (9th Cir. 1987) ("[F]utile amendments should not
be permitted.").

## 2.      Breach of Fiduciary Duty

Beatbox alleges that Labrador Inc. "violated the fiduciary duty of care, loyalty,
candor, good faith and fair dealing, and independence [it] owed to . . . Beatbox."  (FAC
¶ 73).  Labrador Inc. argues that Beatbox cannot state a claim for breach of fiduciary
duty against it because as the principal in Labrador Inc. and Beatbox's principal-agent
relationship, Labrador Inc. owes no fiduciary duty to Beatbox.  (*See* MTD at 18-23).

To prove a claim for breach of fiduciary duty, Beatbox must allege facts
showing "the existence of a fiduciary relationship, breach of [that] fiduciary duty, and
damages."  *Oasis W. Realty, LLC v. Goldman*, 51 Cal. 4th 811, 820 (2011).  A
principal-agent relationship is one of many types of associations that give rise to
fiduciary obligations under California law.  *Mendoza v. Rast Produce* Co., 140 Cal.
App. 4th 1395, 1398 (2006) ("California law recognizes that . . . an agent owes
fiduciary duties to his or her principal . . . .").  An entity need not be formally
designated as another's agent to owe fiduciary duties; rather, the test is functional:
"California courts define an agent as 'anyone who undertakes to transact some
business, or manage some affair, for another, by authority of and on account of the
latter, and to render an account of such transactions.'"  *In re Coupon Clearing Serv.,
Inc.*, 113 F.3d 1091, 1099 (9th Cir. 1997) (citing *Violette v. Shoup*, 16 Cal. App. 4th
611, 620 (1993)). To determine the existence of an agency relationship, therefore,
courts must examine (1) whether an entity is authorized to act on behalf of another and
(2) the degree of control the latter exercises over the former.  *Id.*

Here, the parties agree that Beatbox was an agent of Labrador Inc., but disagree
as to whether Labrador Inc. consequently owed Beatbox a fiduciary duty.  (*See* MTD
at 20-21 *and* Beatbox MTD Opp. at 22).  Beatbox argues that "[i]t is non-sensical to
assume that the agency relationship and the subsequent fiduciary duties that arose
therefrom could only be a unilateral transaction."  (Beatbox MTD Opp. at 24).

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-17-6108-MWF (JPRx)              Date:  July 17, 2020
Title:      Beatbox Music Pty, Ltd. v. Labrador Entertainment, Inc., et al.

However, that is indeed the law.  An agent is a fiduciary, and as such assumes "a fiduciary duty to act loyally for the principal's benefit in all matters connected with the agency relationship."  *Burton Way Hotels, Ltd. v. Four Seasons Hotels Ltd.*, No. CV 11-303 PSG (PLAx), 2012 WL 12883616, at *17 (C.D. Cal. Feb. 23, 2012) (citations omitted).  A principal is not a fiduciary, but still owes the agent certain duties including, but not limited to, compensation and indemnification.  *See Trimble v. Steinfeldt*, 178 Cal. App. 3d 646, 651 (1986) (citations omitted) ("[I]t is settled that, absent agreement to the contrary, a principal is liable to his agent for compensation."); *see also Hollingsworth v. Perry*, 570 U.S. 693, 714 (2013) (holding a principal has a duty to indemnify the agent against expenses and other losses incurred by the agent in defending against actions brought by third parties if the agent acted with actual authority in taking the action challenged by the third party's suit).

Accordingly, Beatbox's fourth claim of breach of fiduciary duty against Labrador Inc. must be **DISMISSED** *without prejudice* in the event Beatbox can allege Labrador Inc. breached a duty it owed Beatbox as its principal.

### 3.    Fraudulent Conveyance

The Labrador Defendants argue that Beatbox's statutory and common law fraudulent conveyance claims are not ripe for adjudication because no final judgment has been entered against Labrador Inc.  (*See* MTD at 23-25).  The Labrador Defendants specifically contend that, "[i]t is only if [Beatbox's] judgment is upheld and the time for appeal has expired, or an appeal is taken, and the judgment is upheld that [Beatbox] will have any basis for [its fraudulent conveyance] claims at all."  (*Id.* at 25).

A fraudulent conveyance is "a transfer by the debtor of the property to a third person undertaken with the intent to prevent a creditor from reaching the interest to satisfy its claim."  *Yaesu Elecs. Corp. v. Tamara*, 28 Cal. App. 4th 8, 13 (1994).  Under the UFTA, a fraudulent transfer occurs when a debtor makes a transfer or incurs an obligation "[w]ith actual intent to hinder, delay, or defraud any creditor of the debtor."  Cal. Civ. Code § 3439.04(a)(1).  Section 3439.07 "sets forth a creditor's remedies

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-17-6108-MWF (JPRx)                Date:  July 17, 2020
Title:      Beatbox Music Pty, Ltd. v. Labrador Entertainment, Inc., et al.

under the UFTA, including 'avoidance of a transfer, attachment, and the equitable remedies of injunction and receivership as well as any other relief the circumstances may require." *Fidelity Nat. Title Ins. Co. v. Schroeder*, 179 Cal. App. 4th 834, 841 (2009) (internal quotation marks, citations, and alterations omitted).

First, the Court notes that an unripe dispute is properly dismissed under Rule 12(b)(1) for lack of subject-matter jurisdiction, rather than under Rule 12(b)(6) for failure to state a claim.  Moreover, the Court finds the Labrador Defendants' ripeness arguments unpersuasive.  A "claim" need not be reduced to a judgment or finalized before one is a "creditor" under the UTFA, as the Labrador Defendants maintain, or before Beatbox can sue for fraudulent conveyance.  A "creditor" is one who "has a claim."  Cal. Civ. Code § 3439.01(c).  A "claim," in turn, "means a right to payment, *whether or not the right is reduced to judgment*, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured."  Cal. Civ. Code § 3439.01(b) (emphasis added).  Therefore, Beatbox's statutory fraudulent conveyance claim is not unripe because its underlying claim against Labrador Inc. has not been reduced to judgment.

Beatbox has also asserted a claim for fraudulent conveyance under California common law.  (FAC ¶¶ 85-89).  Because the necessary elements and available remedies for a fraudulent transfer under common law are the same as under the UFTA, the common law claim is adequately pled for the same reasons stated above.  *See, e.g.*, *Lehman Bros. Holdings Inc. v. Cafcalas*, No. LA CV-16-03167 JAK (PJWx), 2018 WL 6074597, at *6 (C.D. Cal. Feb. 27, 2018) (citation omitted).

Accordingly, the Court **DENIES** the MTD with respect to Beatbox's seventh and eighth claims of statutory and common law fraudulent conveyance.

### 4.      Punitive Damages and Attorneys' Fees and Costs

The Labrador Defendants argue, to the extent the Court dismisses Beatbox's fourth claim of breach of fiduciary duty, seventh claim of fraudulent conveyance under common law, and eighth claim of fraudulent conveyance under the UFTA, the Court

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-17-6108-MWF (JPRx)                  Date:  July 17, 2020
Title:       Beatbox Music Pty, Ltd. v. Labrador Entertainment, Inc., et al.

should strike Beatbox's request for punitive damages under Rule 12(f) because Beatbox's remaining claims are ineligible for punitive damages.  (*See* MTD at 26). The Labrador Defendants also argue that Beatbox's prayer for attorneys' fees and costs is unsupported by contract or statute and, therefore, should be stricken from the FAC under Rule 12(f) as well.  (*Id.* at 26-27).

As an initial matter, the Court will construe the Labrador Defendants' request to strike punitive damages and attorneys' fees and costs as a motion to dismiss under Rule 12(b)(6), rather than a motion to strike under Rule 12(f).  A motion to strike must involve (1) an insufficient defense, (2) a redundant matter, (3) an immaterial matter, (4) an impertinent matter, or (5) a scandalous matter.  Fed. R. Civ. P. 12(f); *Kelley v. Corrections Corp. of Am.*, 750 F. Supp. 2d 1132, 1146 (E.D. Cal. 2010) ("The proper medium for challenging the sufficiency of factual allegations in a complaint is through Rule 12(b)(6) not Rule 12(f).").

Where a motion is in substance a Rule 12(b)(6) motion, but is incorrectly denominated as a Rule 12(f) motion, the Court may convert the improperly designated Rule 12(f) motion into a Rule 12(b)(6) motion. *See, e.g.*, *Guarantee Real Estate v. Hanover Ins. Co.*, No. 1:14-CV-860-TLN, 2014 WL 5817536, at *5 (E.D. Cal. Nov. 7, 2014) ("Defendant's Motion to Strike is in substance a Rule 12(b)(6) motion because it involves the sufficiency of Plaintiff's claim for punitive damages. Accordingly, the Court converts Defendant's Motion to Strike to a Motion to Dismiss."); *Maclellan v. Cnty. of Alameda*, No. 12-CV-5795-MMC, 2013 WL 163732, at *1 (N.D. Cal. Jan. 15, 2013) (same).

Here, because Beatbox's fraud-based claims survive the MTD, Beatbox's request for punitive damages survives as well.  With regards to attorneys' fees and costs, Beatbox argues it can recover legal expenses based on the indemnification provision in the Labrador-Beatbox Agreement.  On the other hand, the Labrador Defendants contend the indemnity provision is not an attorneys' fee clause.  Generally, an indemnification provision allows one party to recover costs incurred defending actions by third parties, not attorney fees incurred in an action between the parties to the contract.  *See Rideau v. Stewart Title of California, Inc.*, 235 Cal. App. 4th 1286,

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-17-6108-MWF (JPRx)                    Date:  July 17, 2020
Title:       Beatbox Music Pty, Ltd. v. Labrador Entertainment, Inc., et al.

1298 (2015).  A clause that contains the words "indemnify" and "hold harmless" generally obligates the indemnitor to reimburse the indemnitee for any damages the indemnitee becomes obligated to pay third persons—that is, it relates to third party claims, not attorney fees incurred in litigation between the parties to the indemnity agreement itself.  *See Carr Business Enterprises, Inc. v. City of Chowchilla*, 166 Cal. App. 4th 14, 22-23 (2008) (barring recovery of attorney fees incurred in enforcing indemnification agreement).

The Labrador-Beatbox indemnification provision states, in pertinent part: "[Labrador Inc.] agrees to indemnify and hold harmless [Beatbox], its successors and assigns of and from any and all loss, liability and expense incurred by reason of any infringement of rights or other claim inconsistent with [Labrador Inc.'s] guarantees, warranties, representations and undertakings contained in [the Labrador-Beatbox Agreement]."  (Docket No. 133 at 33, Paragraph 16(v)).  Thus, based on the contractual language at issue here, the Court determines that Beatbox can recover attorneys' fees and costs incurred in defending against third party claims, but cannot recover legal expenses incurred in pursuing the instant suit.

Accordingly, the MTD is **DENIED** as to Beatbox's request for punitive damages and likewise **DENIED** as to Beatbox's request for attorneys' fees and costs to the extent they pertain to third party claims.

## V.    CONCLUSION

For the foregoing reasons, the Court rules upon the Motions as follows:

- The MSJ is **DENIED**.  There remain genuine issues of triable fact as to whether Cohen breached his representations and warranties of original copyright ownership under the Labrador-Cohen Agreement to Beatbox's detriment (on a third-party beneficiary theory).  Therefore, summary judgment is improper on Beatbox's breach of contract claims against Cohen.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES—GENERAL</u>

**Case No.**  CV-17-6108-MWF (JPRx)               **Date:  July 17, 2020**
Title:      Beatbox Music Pty, Ltd. v. Labrador Entertainment, Inc., et al.

- The Motion to Strike is **GRANTED** *in part* and **DENIED** *in part*. Cohen's expert report is partially inadequate under Rule 26 because it fails to disclose the basis and reasons for Eskelin's opinions and the facts, data, and exhibits Eskelin considered in forming those opinions.

- The MTD is **GRANTED** *in part* and **DENIED** *in part*.  The Court,

  - **GRANTS** the MTD *without leave to amend* as to Beatbox's second claim of breach of the implied covenant of good faith and fair dealing because it is duplicative of Beatbox's breach of contract claim;

  - **GRANTS** the MTD *with leave to amend* as to Beatbox's fourth claim of breach of fiduciary duty against Labrador Inc. because as a principal, Labrador Inc. owes no fiduciary duty to Beatbox;

  - **DENIES** the MTD as to Beatbox's seventh and eighth claims of statutory and common law fraudulent conveyance because they are sufficiently pled and ripe for adjudication; and

  - **DENIES** the MTD as to Beatbox's request for punitive damages and Beatbox's request for attorneys' fees and costs to the extent they pertain to third party claims.

- Beatbox's Motion to Strike the Cohen MTD Surreply is **GRANTED**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES—GENERAL</u>

**Case No.  CV-17-6108-MWF (JPRx)**                **Date:  July 17, 2020**

Title:      Beatbox Music Pty, Ltd. v. Labrador Entertainment, Inc., et al.

　　　If Beatbox chooses to amend its pleadings in conformance with this Order, the Second Amended Complaint ("SAC") is due on or before **August 3, 2020.**  If Beatbox files a SAC, Defendants shall file a response by **August 17, 2020**.

　　　The parties are further **ORDERED** to meet and confer and file a Joint Report with new proposed pre-trial dates, including a deadline for rebuttal expert disclosures, and trial dates by no later than **August 17, 2020**.

　　　IT IS SO ORDERED.