Daniel Lee Jacobson SBN 134978
JACOBSON & ASSOCIATES
1352 Irvine Blvd., Suite 205
Tustin, CA   92780
(714) 505-4872
dlj@jacobsonlawyers.com

Attorneys for Defendants
Michael Cohen & MCPC Holdings, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEATBOX MUSIC PTY, LTD.,<br><br>      Plaintiff<br><br>v.<br><br>LABRADOR ENTERTAINMENT, INC. D/B/A SPIDER CUES MUSIC LIBRARY, a California corporation; NOEL PALMER WEBB, an individual; MICHAEL COHEN, an individual; LABRADOR ENTERTAINMENT, LLC; MCPC HOLDINGS, LLC; WEBB FAMILY TRUST and DOES 1-20, inclusive,<br><br>      Defendant | Case #: 2:17-cv-06108-MWF-JPR<br><br>**Defendants Michael Cohen's and MCPC Holdings, LLC's Memorandum of Points and Authorities Supporting Their Motion for Judgment on the Pleadings as to the 1st, 2nd, and 6th, Causes of Action, Fed. R. Civ. P. 12(c)**<br><br>Date:          11/16/20<br>Time:         10:00 a.m.<br>Courtroom:   5A<br>Trial date:    11/30/21<br><br>Dist. Judge Michael W. Fitzgerald<br><br>Mag. Judge Jean P. Rosenbluth<br><br>Complaint Filed August 17, 2017 |

///

///

///

# TABLE OF CONTENTS

Page(s):

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

A.   **Introduction** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    Meet and confer . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

B.   **Federal Rules of Civil Procedure 12(c)** . . . . . . . . . . . . . . . . . . . . . . . . . . 2

C.   **The First Cause of Action, for "Breach of Contract" cannot stand** . . . . . . 2

    C.1.   In order to allege a breach of contract, the plaintiff must allege – a breach of contract. CACI 303 (4) & (5) . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    C.2.   "Some jurisdictions use the third party beneficiary concept to find 'privity.' [California] do[es] not believe this fiction is necessary." *Gilbert Financial v. Steelform,* 82 Cal. App. 3rd 65 n.5 (1978) . . . . . . . . . . . . 3

    C.3.   "When there is no privity of contract, California law requires a showing that a plaintiff relied on an alleged warranty." *Asghari v. Volkswagen Group*, 42 F. Supp. 3d 1306, 1334 (C.D. Cal. 2013.) . . . . . . . . . . . . . . 4

    C.4.   Conclusion as to the First COA, for "Breach of Contract" cannot stand . 6

D.   **The Second Cause of Action for Breach of the Covenant of Good Faith and Fair Dealing cannot stand against either MCPC or Mr. Cohen** . . . . . . . . . 7

    D.1.   In order to allege a breach of contract the plaintiff must allege a contract. CACI 303(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

    D.2.   In order to allege a breach of contract, the plaintiff must allege – a breach of contract. CACI 303 (4) & (5) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

    D.3.   The 2nd COA for "Breach of the Implied Covenant of Good Faith and Fair Dealing" is duplicative of the First Cause of Action for "Breach of Contract". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

    D.4.   California does not recognize Breach of the Covenant of Good Faith and Fair Dealing **as a tort.** *Foley v. Interactive Data Corp.,* 47 Cal.3d 654, *see* 682-700 (1988); *Guz v. Bechtel National,* 24 Cal.4th 317, 352 (2000); *Cates Construction, Inc. v. Talbot Partners,* 21 Cal.4th 28, 43 (1999); *Spinks v. Equity Residential Briarwood Apartments,* 171 Cal. App. 4th 1004, 1054 (2009) [Bolding added.] . . . . . . . . . . . . . . . . . . . . . 10

    D.5.   Conclusion as to why the Second Cause of Action for Breach of the Covenant of Good Faith and Fair Dealing cannot stand against MCPC and against Mr. Cohen . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

-i-

**Defendants Michael Cohen's and MCPC Holdings, LLC's Memorandum of Points and Authorities Supporting Their Fed. R. Civ. Pro. 12(c) Motion as to Causes of Action 1, 2, & 6**

E.      "[T]here is no such thing as a substantive alter ego claim at all:  'A claim against a defendant, based on the alter ego theory, is not itself a claim for substantive relief, e.g., breach of contract or to set aside a fraudulent conveyance, but rather, procedural . . . .'" *Ahcom, Ltd. v. Smeding*, 623 F.3d 1248, 1251 (9th Cir. 2010), citing and quoting *Hennessey's Tavern, Inc. v. Am. Air Filter Co.*, 204 Cal. App. 3d 1351 (Ct. App. 1988). . . . . . . 15

        E.1    What constitutes a cause of action: . . . . . . . . . . . . . . . . . . . . . . . . . . 15

        E.2.   Even as a legal theory "designed to suppl[y] an additional judgment defendant *after* liability exists," *Double Bogey, L.P. supra* at p. 1052, the FAC's alter ego allegations fail . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

               E.2.a.    Pleading allegations of fraud on "information and belief". 16

               E.2.b.    The relaxation of the Rule 9(b) pleading with particularity rule does not apply . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

               E.2.c.    Even if the facts were within the Mr. Cohen's peculiar knowledge, the information and belief fraud pleading could not stand, because there is no "statement of facts upon which the belief is founded." *Wool, supra*, 818 F.2d 1433, 1439 . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

        E.3.   Conclusion re alter ego "cause of action" . . . . . . . . . . . . . . . . . . . . . 19

F.      Conclusion: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

-ii-

**Defendants Michael Cohen's and MCPC Holdings, LLC's Memorandum of Points and Authorities Supporting Their Fed. R. Civ. Pro. 12(c) Motion as to Causes of Action 1, 2, & 6**

1
2

TABLE OF AUTHORITIES

Page(s)

<u>CASES</u>

3   *Ahcom, Ltd. v. Smeding*, 623 F.3d 1248 (9th Cir. 2010) . . . . . . . . . . . . . . . . . . 15, 19

4

5   *Ahcom, Ltd. v. Smeding*, 623 F.3d 1248, 1251 (9th Cir. 2010), citing and quoting

6   *Hennessey's Tavern, Inc. v. Am. Air Filter Co.*, 204 Cal. App. 3d 1351 (Ct. App. 1988)

7   . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

8

9   *Alexander v. City of Greensboro*, 801 F. Supp. 2d 429 (S.D. Cal. 2016) . . . . . . . . . . 2

10

11  *Applied Equipment Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal.4th 503 (1994) . . . . n. 11

12

13  *Ashcroft v. Iqbal*, 556 U.S. 662, 278 (2009), quoting *Bell Atl. Corp. v. Twombly,* 550

14  U.S. 544, 570 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .14

15

16  *Asghari v. Volkswagen Group*, 42 F. Supp.3d 1306 (C.D. Cal. 2013) . . . . . . . . . 4, 5, 6

17

18  *Brooks v. Caswell*, 2015 U.S. Dist. LEXIS 118187, p. 9 (D.O. September 3, 2015) . . 2

19

20  *Cates Construction, Inc. v. Talbot Partners*, 21 Cal.4th 28 (1999) . . . . . 10, 12, 13, 14

21

22  *Chubb Custom Inc. v. Space SYS./Loral, Inc.,* 710 F.3d 946 (9th Cir. 2013). . . . . . 14

23

24  *Discover Prop. & Cas. Ins. Co. v. Blair*, Case No. EDCV 13-00290, U.S. Dist. LEXIS

25  128029 at *25-29 (C.D. Cal. August 26, 2014). . . . . . . . . . . . . . . . . . . . . . . . . . . 6

26

27  *Double Bogey, L.P. v. Enea*, 794 F.3d 1047 (9th Cir. 2015) . . . . . . . . . . . . 15, 16, 19

28

-iii-

*Drouet v. Moulton,* 245 Cal. App. 2d 667 (1966) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Durell v. Sharp Healthcare,* 183 Cal. App. 4th 1350 (2010) . . . . . . . . . . . . . . . . . . 10

*Foley v. Interactive Data Corp.*, 47 Cal.3d 654 (1988) . . . . . . . . . . . . . 10, 12, 13, 14

*Fred J. Smartley, Jr.* 108 F.2d 603 (4th Cir. 1940) . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Freeman & Mills v. Belcher Oil*, 11 Cal.4th 85 (1995) . . . . . . . . . . . . . . . . . . . . . . . 12

*Gilbert Financial v. Steelform,* 82 Cal. App. 3rd 65 (1978) . . . . . . . . . . . . . . . . . . . . . 3

*Grand Fabrics Int'l v. Melrose Textile,* Case No. 18-748, 2018 U.S. DIST. LEXIS 227592, at *3-4 (C.D. Cal. 2018),  citing and quoting *Levy v. State Farm Mutual Automobile Ins. Co.* 150 Cal. App. 4th 1, 5 (2007) . . . . . . . . . . . . . . 2, 3, 5, 6, 8, n. 8

*Guz v. Bechtel National, Inc.*, 24 Cal.4th 317 (2000) . . . . . . . . . . . . . . . . . . . . . . 10, 14

*Hunter v. Up-Right* 6 Cal.4th 1174 (1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*In Re Huffy Corp. Secs. Litig.,* 577 F.Supp. 2d 968 (S.D. Ohio, 2008) . . . . . . . . . . 17

*In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, & Prod. Liab. Litig*., 754 F. Supp. 2d 114 (C.D. Cal. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Indian Oasis-Baboquivari Unified Sch. Dist. No. 40* 91 F.3d 1240 (9th Cir. 1995) . 10

*Jackson v. Mayweather,* 10 Cal. App. 5th 1240 (2017) . . . . . . . . . . . . . . . . . . . . . . . 11

*Levy v. State Farm Mutual Automobile Ins. Co.* 150 Cal. App. 4th 1 (2007) . . . . . . . .
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3, 5, 6, 8, n. 8

*Messenger v. Anderson,* 225 U.S. 436 (1912) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Morales v. Paschen Mgmt. Corp., Case No,.* CV 19-2505-MWF, 2019 U.S. Dist.
LEXIS 164857, p. 22 (C.D. July 9, 2019) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16, 20

*Mosqueda v. Am. Honda Motor Co.*, 443 F. Supp. 3d. 1115 (C.D. Cal. 2020) . . . . . . .
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4, n. 2

*Navarro v. Block,* 250 F.3d 729 (9th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Pharms. v. Corixa Corp.,* Case No. 01-1637, 2003 U.S. Dist. LEXIS 29274 *43 (S.D.
Cal. May 28, 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Prince v. Pacific Gas & Electric,* 45 Cal. 4th 1151. . . . . . . . . . . . . . . . . . . 11, 12, n. 9

*Rony v. Costa*, 210 Cal. App. 4th 746 (2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Rossmoor Sanitation, Inc. v. Pylon, Inc.,* 13 Cal. 3d 622 (1975) . . . . . . . . . . . . 11, 12

*Shins v. Laytonville Unified School Dist.,* Case No. No. 93-16096, 1995 U.S. App.
LEXIS 2493 *10 (1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Skrbina v. Fleming Companies*, 45 Cal. App.4th 1353 (1986) . . . . . . . . . . . 15, 16, 19

*Snyder v. TAMKO Bldg. Prod., Inc.*, No. 1:15-CV-01892-TLN-KJN, 2019 U.S. Dist.

LEXIS 169378, 2019 WL 4747950, at *7 (E.D. Cal. Sept. 30, 2019) . . . . . . . . . . . . 3

*Solid 21, Inc. v. Breitling USA, Inc.*, 512 Fed. Appx. 685 (9th Cir. 2013) . . . . . . . . . 2

*Spinks v. Equity Residential Briarwood Apartments,* 171 Cal. App. 4th 1004 (2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 12, 13, 14

*Spinks v. Equity Residential Briarwood Apartments,* 171 Cal. App. 4th 1004, 1054 (2009), citing and quoting *Cates Construction, Inc. v. Talbot Partners*, 21 Cal. 4th 28, 43 (1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12,  n. 4

*Stop Loss Ins. v Brown & Toland Medical Group,* 143 Cal App. 4th 1036 (2006) . . 12

*Tameny v. Atlantic Richfield Co.* 27 Cal.3d 167 (1988) . . . . . . . . . . . . . . . . . . . . . . .13

*United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047 (9th Cir. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 8

*Vess v. Ciba-Geigy Corp.,USA,* 317 F.3d 1097, 1106 (9th Cir. 2003), citing *Cooper v. Pickett,* 137 F.3d 616, 627 (9th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17, 18

*Wady v. Provident Life and Accident Ins. Co. of Am.* 216 F. Supp. 2d 1060, 1066 (C.D. 2002) (quoting *Mesler v. Bragg Mgmt. Co.* 39 Cal.3d 290, 300 (1985) . . . . .  16

*Wool v. Tandem Computers*, 818 F.2d 1433 (9th Cir. 1986) . . . . . . 17, 18, n. 16, n. 19

*Zatkin v. Primuth*, 551 F.Supp. 39 (S.D. Cal. 1982) . . . . . . . . . . . . . . . . . . . . . . . . 16

**Defendants Michael Cohen's and MCPC Holdings, LLC's Memorandum of Points and Authorities Supporting Their Fed. R. Civ. Pro. 12(c) Motion as to Causes of Action 1, 2, & 6**

## RULES

Federal Rule of Civil Procedure 9(b) . . . . . . . . . . . . . . . 16, 17, 18, 20, 21, n.16, n.18

Federal Rule of Civil Procedure 11 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Federal Rule of Civil Procedure 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 5, 8

Federal Rule of Civil Procedure 12(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2, 8, n. 7

Federal Rule of Civil Procedure 56 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1


## CALIFORNIA CIVIL JURY INSTRUCTIONS

CACI 303 (1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

CACI 303 (4) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3, 7

CACI 303 (5) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3, 7


## DICTIONARY

Dictionary.com, at https://www.dictionary.com/browse/essential . . . . . . . . . . . . . .  6

Dictionary.com, at https://www.dictionary.com/browse/element?s=t. . . . . . . . . . . .  6


## PRACTICE GUIDES

5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1298, at 416 & n.94 (1969) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  16

5 Wright & Miller, § 1298, at 416 & n.95 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  17

Gossman, Lewis "John N. Pomeroy (2008)" *Yale Biographical Dictionary of American Law*, Roger K. Newman, ed. 2008. . . . . . . . . . . . . . . . . . . . . . . . . . . . .  n. 14

Comes now Defendants Michael Cohen ("Mr. Cohen") and MCPC Holdings, LLC ("MCPC") to move for a Judgment on the Pleadings pursuant to Fed. R. Civ. Proc. 12(c).

**A.   Introduction**

The operative complaint is Plaintiff Beatbox Music Pty, LTD's ("Beatbox") First Amended Complaint ("FAC"). This motion addresses the 1st, 2nd, and 6th Causes of Action ("COA")s as those COAs are alleged against Mr. Cohen or Mr. Cohen and MCPC.

This case was filed under diversity jurisdiction. (FAC 3:14-17); and, the FAC alleges that the parties had agreed that California law would apply. (FAC 3:18-20.) Thus, California substantive law applies.

<u>Meet and confer</u>

On 09/25/20 Mr. Cohen's and MCPC's attorney, Dan Jacobson, wrote to Beatbox's attorney, Heather Blaise, in order to meet and confer in an attempt to resolve this matter informally. That 09/25/20 letter asked for a response within 10 days. Exhibit "A" to Declaration of Dan Jacobson. On 10/05/20 Mr. Jacobson emailed Ms. Blaise to point out a non-substantive typo in his previous letter; to say that the contemplated motion for judgment on the pleadings would not address the remedial 7th and 8th COAs; and, to extend the response to 10/07/20.  Exhibit "B" to Declaration of Dan Jacobson, pp. 2-3.

Ms. Blaise responded to Mr. Jacobson's email on 10/05/20, with an email asking, "What time are you able to speak tomorrow?" Exhibit "C", p. 2 to  Declaration of Dan Jacobson. The two lawyers spoke on the phone on 10/06/20. A confirmatory email re that conversation is Exhibit "C", p. 1. Ms. Blaise threatened a Rule 11 motion, because there had previously been a Fed. R. Civ. P. 56 motion. Mr. Jacobson pointed out that the basis for a Fed. R. Civ. P. 12(c) motion is completely different from that for a Rule 56 motion. *See Navarro v. Block,* 250 F.3d 729, 733 (9th Cir. 2001).  The matter did not informally resolve.

### B. Federal Rules of Civil Procedure 12(c)

Fed. R. Civ. P. 12(c) states, "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."

"A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is analyzed under the same standard as a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." *Alexander v. City of Greensboro*, 801 F. Supp. 2d 429, 433 (S.D. Cal. 2016). "Because Rule 12(c) and Federal Rule of Civil Procedure 12(b)(6) are 'functionally identical,' courts must apply 'the same standard of review' to both motions. *United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011)." *Brooks v. Caswell*, Case No. 3:14-cv-01232, 2015 U.S. Dist. LEXIS 118187, p. 9 (D.O. September 3, 2015.)

In other words, a 12(c) motion (as well as a 12(b)(6) motion) tests "the adequacy of the pleadings." *Solid 21, Inc. v. Breitling USA, Inc.*, 512 Fed. Appx. 685, 687 (9th Cir. 2013). In this motion the adequacy the FAC's 1st, 2nd, and 6th COAs is tested; and, they fail.

### C. The First Cause of Action, for "Breach of Contract" cannot stand

> **C.1.** <u>In order to allege a breach of contract, the plaintiff must allege – a breach of contract. CACI 303 (4) & (5)</u>

"'Facts alleging a breach, like all essential elements of a breach of contract cause of action, must be pleaded with specificity.'" *Grand Fabrics Int'l v. Melrose Textile,* Case No. 18-748, 2018 U.S. DIST. LEXIS 227592, at *3-4 (C.D. Cal. 2018), citing and quoting *Levy v. State Farm Mutual Automobile Ins. Co.* 150 Cal. App. 4th 1, 5 (2007).

///

///

///

The FAC does not specifically, or even generally, allege that Mr. Cohen breached a contract. Thus the 1st COA – for Breach of Contract – cannot lie. CACI 303(4) & (5).[1]

C.2. "Some jurisdictions use the third party beneficiary concept to find 'privity.' [California] do[es] not believe this fiction is necessary." *Gilbert Financial v. Steelform*, 82 Cal. App. 3rd 65 n.5 (1978)

Beatbox alleges that it is a 3rd party beneficiary to a 02/14/08 Mr. Cohen/Labrador, Inc. contract. (FAC 4:11-12.)

The FAC has no allegation of privity between Mr. Cohen and Beatbox re the 02/14/08 Mr. Cohen/Labrador, Inc. contract. This demonstrates that there was no privity. "'Facts alleging a breach, like all *essential elements* of a breach of contract cause of action, must be pleaded with specificity.'" *Grand Fabrics Int'l v. Melrose Textile,* Case No. 18-748, 2018 U.S. DIST. LEXIS 227592, at *3-4 (C.D. Cal. 2018), citing and quoting *Levy v. State Farm Mutual Automobile Ins. Co.* 150 Cal. App. 4th 1, 5 (2007). [Italics added.] That privity is not pleaded demonstrates that none existed between Beatbox and Mr. Cohen.

However, modernly there does not have to be privity in order for Beatbox to make a 3rd party beneficiary claim. *Gilbert Financial*, supra, at n. 5.

In March of 2020 this court dubbed the concept described in above in *Gilbert Financial*, supra, as the "third-party beneficiary exception" to the rule of privity. *Mosqueda v. Am. Honda Motor Co.*, 443 F. Supp. 3d. 1115, 1128 (C.D. Cal. 2020). This court acknowledged that, "California district courts are split on the application of the third party beneficiary exception to the rule of privity," citing and quoting *Snyder v. TAMKO Bldg. Prod., Inc.*, Case No. 1:15-CV-01892-TLN-KJN, 2019 U.S. Dist. LEXIS 169378, 2019 WL 4747950, at *7 (E.D. Cal. Sept. 30, 2019). But, this court went on to say, that "'the clear weight of authority compels a conclusion that where

---

[1] Please do not be confused by the body of the FAC's occasional mislabeling of the exhibits. On 04/03/20, via *Dkt.* 147, the Court ordered that the parties' stipulation, *Dkt. 146*, which contained and named Exhibits A-C, be deemed attached to the FAC. Pursuant to that stipulation, Exhibit "A" is the 02/14/08 Mr. Cohen/Labrador, Inc. contract; Exhibit "B" is the 2009 Labrador, Inc./Beatbox contract; and, Exhibit "C" is a 2014 amendment to the Labrador, Inc./ Beatbox Contract.

**Defendants Michael Cohen's and MCPC Holdings, LLC's Memorandum of Points and Authorities Supporting Their Fed. R. Civ. Pro. 12(c) Motion as to Causes of Action 1, 2, & 6**

plaintiffs successfully plead third-party beneficiary status, they successfully plead a breach of implied warranty claim,'" citing and quoting *In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, & Prod. Liab. Litig.*, 754 F. Supp. 2d 1145, 1184 (C.D. Cal. 2010). The *Mosqueda* Court applied the third party beneficiary exception equally to both an implied warranty and to an express warranty. *Mosqueda*, supra, 1128-1129.[2]

> ### C.3.   "When there is no privity of contract, California law requires a showing that a plaintiff relied on an alleged warranty." *Asghari v. Volkswagen Group*, 42 F. Supp. 3d 1306, 1334 (C.D. Cal. 2013.)

As will be seen, no reliance is alleged; and, under the facts pleaded and not pleaded in this case, reliance is an essential element, which must be alleged.

"A warranty is a promise that a proposition of fact is true." *Fred J. Smartley, Jr.* 108 F.2d 603, 606. (4th Cir. 1940). "[U]nder California law [an express warranty is] an affirmation of fact or promise or a description of the [subject of the contract]" *Mosqueda*, supra 443 F. Supp. 3d 1115, 1129 (C.D. Cal. 2020). [Internal quotation marks and citation omitted.]

Beatbox has alleged that Mr. Cohen made the following affirmations of fact in the 02/14/08 Mr. Cohen/Labrador, Inc. contract, "Defendant Cohen represented and warranted that all musical compositions were his 'sole, exclusive and original work' and that they did not 'infringe upon or violate the copyrights or any other rights whatsoever of any person, firm, or entity.'" (FAC 8:9-15.)[3]

There is *no allegation* anywhere in the FAC that *Beatbox* ever *relied on* anything in *the 02/14/08 Mr. Cohen/Labrador, Inc. contract*, including the alleged

---

[2]   But, please note that as to the express warranty, this court required reliance on that warranty. See *Mosqueda,* supra, at 1129.

[3]   It is true that Beatbox alleges a 2009 contract with Labrador, Inc., wherein **Labrador, Inc.** is alleged to have warranted that which is similar to what Mr. Cohen warranted to Labrador.  (FAC 9:1-4.)  But, there is no allegation that Mr. Cohen was not at all involved in the 2009 Labrador, Inc./Beatbox contract.

[Please do not be confused by FAC 9:4's direction to "*See* Exhibit A." That exhibit is the 2008 Mr. Cohen/Labrador, Inc. contract. Please see footnote 1 of this memorandum for a full explanation of Beatbox's typo.]

*warranties.* To the contrary, the FAC alleges (1) that Beatbox is an Australian company, FAC p. 7:17; (2) that Mr. Cohen is a "citizen[] of California," FAC p. 3:16; and, (3) that Beatbox contracted with *Labrador, Inc.*, FAC p. 4:18.

It is true that (1), (2), and (3) do not demonstrate that Beatbox did not plead reliance on the 02/14/08 Mr. Cohen/Labrador, Inc. contract's alleged warranties (although they may provide some inferences of physical and figurative distance between Mr. Cohen and Beatbox). What *does demonstrate conclusively* that Beatbox's FAC does not plead that Beatbox relied on the 02/14/08 Mr. Cohen/Labrador, Inc. contract's alleged warranties is simply this – ***Beatbox's FAC does not plead that Beatbox relied on the 02/14/08 Mr. Cohen/Labrador, Inc. contract's alleged warranties***.

"'Facts alleging a breach, like **all essential elements** of a breach of contract cause of action, must be pleaded with specificity.'" *Grand Fabrics Int'l v. Melrose Textile,* Case No. 18-748, 2018 U.S. DIST. LEXIS 227592, at *3-4 (C.D. Cal. 2018), citing and quoting *Levy v. State Farm Mutual Automobile Ins. Co.* 150 Cal. App. 4th 1, 5 (2007). [Bolding added.]

The question is whether reliance on warranties is an "essential element[]." *Asghari v. Volkswagen Group*, supra answers that question with a firm "yes."

*Asghari v. Volkswagen Group* was a ruling on a Fed. R. Civ. P. 12(b)(6) motion to dismiss. *Asghari,* supra 42 F. Supp. 3d 1306, 1313. In that warranty case there was **no privity** and none was pleaded. *Asghari,* supra 42 F. Supp. 3d 1306, 1334-1335; and, "[t]he **complaint d[id] not allege that any plaintiff relied on the express warranty**." **Consequently**, the court conclude[d] that plaintiffs have **failed to state a claim for breach of express warranty under California law**." *Asghari,* supra 42 F. Supp. 3d 1306, 1335. [Bolding added.] So, in a breach of contract cause of action, in which the res is an alleged breach of warranty, when no privity is pleaded, reliance must be pleaded. "When there is no privity of contract, California law requires a

showing that a plaintiff relied on an alleged warranty." *Asghari,* supra 42 F. Supp. 3d 1306, 1334.

Further, in order to understand the plain meaning of a phrase, it is appropriate for a Court to "break[] [the phrase] down into its constituent parts," and to use an ordinary dictionary to define each non-technical word, then to put those "constituent parts" together. *Pharms. v. Corixa Corp.,* Case No. 01-1637, 2003 U.S. Dist. LEXIS 29274 *43 (S.D. Cal. May 28, 2003), see also *Discover Prop. & Cas. Ins. Co. v. Blair*, Case No. EDCV 13-00290, U.S. Dist. LEXIS 128029 at *25-29 (C.D. Cal. August 26, 2014).

"Essential" means "absolutely necessary, indispensable." Dictionary.com, at https://www.dictionary.com/browse/essential. "Element" means "a component." Dictionary.com, at https://www.dictionary.com/browse/element?s=t.

Thus "essential element" means an indispensable component. Reliance on a warranty is a requirement for breach, when there is no privity, *Asghari,* supra 42 F. Supp. 3d 1306, 1334; that reliance, that element, is an indispensable component to a breach cause each of warranty of action. *Id.* Reliance on the alleged warranty is an "essential element." Thus, it must be pleaded. *Grand Fabrics Int'l v. Melrose Textile,* Case No. 18-748, 2018 U.S. DIST. LEXIS 227592, at *3-4 (C.D. Cal. 2018),  citing and quoting *Levy v. State Farm Mutual Automobile Ins. Co.* 150 Cal. App. 4th 1, 5 (2007).

Because the FAC does not allege that Beatbox relied-on the subject warranties the 1st COA for breach of contract must be dismissed.

### C.4.   Conclusion as to the First COA, for "Breach of Contract" cannot stand

So, (1) In order to allege a breach of contract, the plaintiff must allege – a breach of contract. Because there *is no breach alleged* against Mr. Cohen, the Breach of Contract cause of action against him must be dismissed. (2) Beatbox never alleged privity with Mr. Cohen. (3) Lack of privity does not prevent a 3rd party beneficiary claim. (4) A 3rd party beneficiary claim that lacks an allegation of privity must

-6-

allege reliance on any warranty allegedly breached. (5) The FAC **never alleges that Beatbox ever relied on any warranty allegedly given by Mr. Cohen**.

Thus, the 1st COA for Breach of Contract must be dismissed. No breach is alleged; No privity is alleged; When there is no privity, **reliance** on an allegedly breach warranty **must be pleaded –** *No such reliance is pleaded.*

### D.   The Second Cause of Action for Breach of the Covenant of Good Faith and Fair Dealing cannot stand against either MCPC or Mr. Cohen

MCPC urges dismissal of the 2nd COA on two grounds (1) There is no allegation that MCPC entered a contract, with anyone; (2) There is no allegation that MCPC breached a contract.

Both MCPC and Mr. Cohen urge dismissal of the 2nd COA on three grounds. Those grounds are stated in the alternative. (1) There is no breach alleged against either MCPC or Mr. Cohen; (2) The 2nd COA is duplicative of the 1st COA; (3) The 2nd COA is pleaded as a *tortious* breach of the implied covenant of good faith and fair dealing. California does not recognize a *tort* of breach of the implied covenant.[4]

#### D.1.   In order to allege a breach of contract the plaintiff must allege a contract. CACI 303(1)

In order to breach a covenant, implied or otherwise, there must be a contract. *See* CACI 303(1). The FAC does not allege that MCPC had a contract – with anyone. In fact, the FAC alleges that MCPC was created on 06/19/17 (FAC 3:1), years after the creation of any contract alleged in the FAC  Thus, the 2nd COA must be dismissed as to MCPC.

///

---

[4]   "The California Supreme Court 'recognizes only one exception to the general rule [that an action for breach of the implied covenant of good faith and fair dealing does not sound in tort]: tort remedies are available for a breach of the covenant in cases involving insurance policies.'" *Spinks v. Equity Residential Briarwood Apartments,* 171 Cal. App. 4th 1004, 1054 (2009), citing and quoting *Cates Construction, Inc. v. Talbot Partners,* 21 Cal. 4th 28, 43 (1999).

D.2.   In order to allege a breach of contract, the plaintiff must allege – a breach of contract. CACI 303 (4) & (5)

"'Facts alleging a breach, like all essential elements of a breach of contract cause of action, must be pleaded with specificity.'" *Grand Fabrics Int'l v. Melrose Textile,* Case No. 18-748, 2018 U.S. DIST. LEXIS 227592, at *3-4 (C.D. Cal. 2018), citing and quoting *Levy v. State Farm Mutual Automobile Ins. Co.* 150 Cal. App. 4th 1, 5 (2007).

The FAC does not specifically, or even generally, allege that MCPC or Mr. Cohen breached a contract. When examining a complaint under Fed. R. Civ. P. 12(b)(6), a court must examine the complaint as a whole, <u>See</u> *Shins v. Laytonville Unified School Dist.,* Case No. 93-16096, 1995 U.S. App. LEXIS 2493 *10 (1995); and, thus the same is true for an examination under Fed. R. Civ. P. 12(c). <u>See</u> *United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 (9th Cir. 2011).

The statement at FAC 10:10-12, stating that "Defendant<u>s</u>," committed bad faith cannot be true as to Mr. Cohen or MCPC. [Underscoring added.] The FAC alleges that MCPC was created on 06/19/17 (FAC 2:27-3:1), many years after any contract alleged in the FAC was entered by anyone. Thus, MCPC cannot be a party to any alleged contract; thus, MCPC could not have breached any alleged contractual covenant.

As to both MCPC and Mr. Cohen, there simply is no breach alleged, notwithstanding FAC 10:10-12's facial allegation that "Defendant<u>s</u> acted in bad faith by sending Musical Compositions . . . [to] third parties:" The FAC alleges only two substantive contracts, the 02/08/14 contract between Mr. Cohen and Labrador, Inc. whereby Mr. Cohen would provide certain of his compositions to Labrador, Inc., Exhibit "A" to the FAC; and, a 2009 contract between Labrador, Inc. and Beatbox, whereby Beatbox would be "Sub-Publisher" to "Publisher" Labrador, Inc., for "Australia, New Zealand, [and] Fiji." (FAC, Exhibit "B", p. 1.)[5]

---

[5]   Please see this memorandum at footnote 1, *supra*, in order to not be confused by FAC's occasional mislabeling of exhibits.

-8-

**Defendants Michael Cohen's and MCPC Holdings, LLC's Memorandum of Points and Authorities Supporting Their Fed. R. Civ. Pro. 12(c) Motion as to Causes of Action 1, 2, & 6**

Under the Labrador, Inc./Beatbox contract, Labrador, Inc. would provide to Beatbox the music contained in Labrador, Inc.'s library. (FAC, Exhibit "B", p. 1.) As the exhibits show, only Labrador, Inc. is alleged to have sent any music to Beatbox. Similarly, the FAC pleads, "**Labrador** periodically sent music to Beatbox for use by Beatbox consistent with the 2009 Agreement." (FAC 5:10-11.) [Bolding added.] *Labrador,* not Mr. Cohen or the then yet-to-exist MCPC.

Thus, the 2nd COA cannot lie as against MCPC and Mr. Cohen.

Alternatively,

> ### D.3.  The 2nd COA for "Breach of the Implied Covenant of Good Faith and Fair Dealing" is duplicative of the First Cause of Action for "Breach of Contract"

The law of the case doctrine "expresses the practice of courts generally to refuse to reopen what has been decided." *Messenger v. Anderson,* 225 U.S. 436, 444 (1912). The Court granted Labrador, Inc.'s Fed. R. Civ. P. 12(b)(6) motion to dismiss the 2nd COA for Breach of the Implied Covenant of Good Faith and Fair Dealing "because it is duplicative of Beatbox's breach of contract claim," *Dkt.* 157, p. 28. The 2nd COA's allegations against MCPC and Mr. Cohen are the exact same as those which are alleged against Labrador, Inc., "Defendant̲s̲ acted in bad faith . . . ." FAC 10:10-12 [underscoring added].

If the 2nd COA is duplicative of the 1st COA as to Labrador, Inc., then it has to be so as to MCPC and Mr. Cohen, because the relevant allegations against Labrador and against MCPC and Mr. Cohen are essentially identical; e.g., the FAC alleges a contractual relationship with Labrador, Inc. (FAC, 10:3-5), and a contractual relationship with Mr. Cohen, albeit a 3rd party beneficiary relationship contractual relationship. (FAC, 4:11-12.)

Thus, the 2nd COA must be dismissed as to both MCPC and Mr. Cohen.

Alternatively:

D.4.   California does not recognize Breach of the Covenant of Good Faith and Fair Dealing **as a tort.**[6] *Foley v. Interactive Data Corp.,* 47 Cal.3d 654, *see* 682-700 (1988); *Guz v. Bechtel National,* 24 Cal.4th 317, 352 (2000); *Cates Construction, Inc. v. Talbot Partners,* 21 Cal.4th 28, 43 (1999); *Spinks v. Equity Residential Briarwood Apartments,* 171 Cal. App. 4th 1004, 1054 (2009) [Bolding added.]

As the Court pointed out in ruling on Labrador, Inc.'s Motion to Dismiss, "[A]n implied covenant claim can be asserted outside of the insurance context because the covenant is implied into every contract by law. *Durell*[] [*v. Sharp Healthcare,*] 183 Cal. App. 4th [1350,] at 1369 [(2010)]." *Dkt.* 157, p. 22.   In bringing its motion to dismiss Labrador, Inc. did not discuss the damages sought by Beatbox in its breach of the implied covenant COA, and how those sought damages can color the COA itself. Thus, the Court did not have occasion to discuss such in its ruling. Courts are not bound by a prior decision concerning an issue that was not raised or decided. See *Indian Oasis-Baboquivari Unified Sch. Dist. No. 40* 91 F.3d 1240, 1249 (9th Cir. 1995).

The damages for which a cause of action prays, can assist in defining that cause of action. For instance, a supposed cause of action that prays for punitive damages probably at least demonstrates *an attempt* to bring a tort cause of action, otherwise there would be no prayer for punitive damages. Thus, if the 2nd COA for Breach of the Implied Covenant of Good Faith and Fair Dealing prays for tort damages, that COA is probably at least an attempt to allege a tort cause of action. This deserves examination.

The 2nd COA for Breach of the Implied Covenant of Good Faith and Fair Dealing does indeed pray for *tort* remedies. Specifically, it prays for "*bad faith reputational* damages and financial damages as a result of third party lawsuits and claims." (FAC 10:15.) [Italics added.] "Bad faith" and "reputational" damages not only evoke thoughts of tort damages, according to California's courts *they are tort*

---

[6]   Except in certain insurance cases.

*damages*. Since such tort damages are indicative of what *used to be a cognizable California tort*, that Beatbox is probably attempting to bring a tort action should not be ignored.

As for "bad faith reputational damages," those are tort damages by definition. *See* e.g. *Jackson v. Mayweather,* 10 Cal. App. 5th 1240, 1260 (2017) ["reputational injuries" (and thus apparently the damages flowing therefrom) can be caused by the *tort* of libel]; *Rony v. Costa*, 210 Cal. App. 4th 746, 756 (2012) [likening reputational damages to emotional damages (which are tort in nature);] *Drouet v. Moulton,* 245 Cal. App. 2d 667, 672 ( 1966) [injury to the "reputation" of a business begets *tort* damages].[7]

As for "bad faith . . . financial damages as a result of third party lawsuits and claims," that's an indemnity allegation. Indemnity "may be defined as the obligation resting on one party to make good a loss or damage another party has incurred." *Rossmoor Sanitation, Inc. v. Pylon, Inc.,* 13 Cal. 3d 622, 628 (1975) "[T]here are only two basic types of indemnity: express indemnity and equitable indemnity." *Prince v. Pacific Gas & Electric,* 45 Cal. 4th 1151, 1157. Beatbox never claims in its FAC that it has the right to express indemnity under the only contract of which Mr. Cohen is a party, that is the 02/14/08 Mr. Cohen/Labrador, Inc. contract.[8]  What's left is equitable indemnity. "It is well settled in California that equitable indemnity [sounds in] tort." *Stop Loss Ins. v Brown & Toland Medical Group,* 143 Cal. App. 4th 1036, 1040

---

[7]     In Mr. Cohen's previous Motion for Partial Summary Judgment ("MPSJ"), the substantive portion of Beatbox's 2nd COA (i.e. the non-damages elements of a contract) was treated as a contract cause of action that names the duty in its title. But, in this Fed. R. Civ. P. 12(c) motion, which tests the legal sufficiency of a COA, that the 2nd COA prays for tort damages, must be addressed. While those damages were not at issue in the MPSJ, they are axiomatically at issue in this 12(c) motion. The type of damages sought can go a long way in categorizing the subject cause of action. For instance, a cause of action that prays for punitive damages should sound in tort. In this case, a cause of action that prays for tort damages should also sound in tort.

[8]     "'Facts alleging a breach, like all essential elements of a breach of contract cause of action, must be pleaded with specificity.'" *Grand Fabrics Int'l v. Melrose Textile,* Case No. 18-748, 2018 U.S. DIST. LEXIS 227592, *3-4 (C.D. Cal. 2018), citing and quoting *Levy v. State Farm Mutual Automobile Ins. Co.* 150 Cal. App. 4th 1, 5 (2007). While in FAC pars. 16, 42, & 52. Beatbox alleges that there is an indemnity clause in the 02/14/08 contract, it doesn't allege that Beatbox is a beneficiary of such.

-11-

(2006). "[I]mplied indemnity[9] [is] a tort concept." *Rossmoor Sanitation, Inc. v. Pylon, Inc.,* supra 13 Cal. 3d 622, 628; and "implied contractual indemnity is now viewed simply as "a form of equitable indemnity." *Prince,* supra at 1157.

Thus, the damages sought for breach of the implied covenant of good faith and fair dealing are tort damages. To the extent that the Court decides that the damages so sought color the 2nd COA as tortious, the following discussion is offered.

"Because the covenant of good faith and fair dealing essentially is a contract term that aims to effectuate the contractual intentions of the parties, 'compensation for its breach has almost always been limited to contract rather than tort remedies.' *Foley*, supra, 47 Cal.3d [654] at p. 684 [(1988).]; see *Freeman & Mills v. Belcher Oil,* 11 Cal.4th 85, 94 (1995); *Hunter v. Up-Right* 6 Cal.4th 1174, 1180 (1993) []. At present, this court **[the California Supreme court] recognizes only one exception to that general rule**: tort remedies are available for a breach of the covenant in cases involving insurance policies. (*Hunter* [*v. Up-Right, Inc.*], 6 Cal.4th 1174 at pp. 1180-1181; Foley, supra, 47 Cal.3d [654]at p. 684 [(1988)].)" *Cates Construction, Inc. v. Talbot Partners*, 21 Cal.4th 28, 43 (1999).

And California law on this point has not changed since the publication of *Cates,* supra – California does not recognize breach of the implied covenant of good faith and fair dealing *as a tort* (except in certain cases involving insurance policies.) California's Court of Appeal explained. "[A] party 'may not recover in tort for … breach of the implied covenant of good faith and fair dealing.'" *Spinks v. Equity Residential Briarwood Apartments*, 171 Cal. App. 4th 1004, 1054 (2009), citing *Cates*, at p. 61.

For years the California Supreme Court viewed breach of the implied covenant of good faith and fair dealing as a tort. See, e.g. *Tameny v. Atlantic Richfield Co.* 27 Cal.3d 167 (1988) (Long overruled by *Foley*, immediately *infra,* and its progeny).

---

[9]    "[I]mplied contractual indemnity is now viewed simply as "a form of equitable indemnity," *Prince,* supra at 1157; and it does not require a contract. *Prince,* supra at 1159.

But, that view ended decades ago. In 1988, the California Supreme Court published *Foley v. Interactive Data* Corp., 47 Cal.3d 654 (1988). *Foley* was a wrongful termination case that *slammed the brakes on what had been the tort* of breach of the implied covenant of good faith and fair dealing.[10] In *Foley* the Supreme Court recognized the potential for tort remedies for breach of the implied covenant only when there is a "special relationship" between the parties, like that of insured/insurer. *Foley*, at p. 693. At p. 693 *Foley* <u>seemed</u> to leave the door slightly ajar to allow tort recovery for the implied covenant in non-insurance cases, if such a special relationship were established.

But that slightly ajar door has been shut and locked-up tightly. Since the California Supreme Court's 1988 publication of *Foley*, **that court has found no special relationship allowing for tort damages for breach of the implied covenant of good faith and fair dealing, except for that relationship which exists between insurer and insured.** *Cates Construction, Inc. v. Talbot Partners*, 21 Cal.4th 28, 43 (1999); *Spinks v. Equity Residential Briarwood Apartments*, 171 Cal. App. 4th 1004, 1054 (2009).[11]

Since Beatbox's 2nd COA, for breach of the implied covenant of good faith and fair dealing, prays for tort damages, it axiomatically sounds in tort. But as explained,

---

[10] This dramatic judicial policy change resulted from a dramatic political change. California has "retention elections" at which time the People are asked whether a particular Appellate Justice should be "retained." Request for Judicial Notice # 1. Chief Justice Rose Bird, and Associate Justices Cruz Reynoso, and Joseph Grodin had been appointed to the Supreme Court by Governor Jerry Brown. Request for Judicial Notice # 2. In 1986 Justices Bird, Reynoso, and Grodin lost their retention elections. Request for Judicial Notice # 3. With those losses and with other vacancies, the new and conservative Governor, George Deukmejian, was able to appoint five out the seven Supreme Court justices, causing a dramatic change in judicial philosophy. Request for Judicial Notice # 4.

[11] While footnote 10 sheds light on the societal changes that took place in California in the 1980s, the resultant Judicial philosophy included stricter differentiation between contract damages and tort damages. "Contract damages are generally limited to those within the contemplation of the parties when the contract was entered into or at least reasonably foreseeable by them at that time.   . . .¶ In contrast, tort damages are awarded . . . [f]or the breach of an obligation not arising from contract, the measure of damages . . . is the amount which will compensate for all the detriment proximately caused thereby, whether it could have been anticipated or not." *Applied Equipment Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal.4th 503, 515-516 (1994) [Citation and quotation marks omitted.]

---

-13-

there is no such tort.[12] *Foley v. Interactive Data* Corp., 47 Cal.3d 654 (1988); *Guz v. Bechtel National, Inc.*, 24 Cal.4th 317, 352; *Cates Construction, Inc. v. Talbot Partners,* 21 Cal.4th 28, 43 (1999); *Spinks v. Equity Residential Briarwood Apartments*, 171 Cal. App. 4th 1004, 1054 (2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 278 (2009), quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "Dismissal is proper when the complaint does not make out a cognizable legal theory or does not allege sufficient facts to support a cognizable legal theory." *Chubb Custom Inc. v. Space SYS./Loral, Inc.,* 710 F.3d 946, 956 (9th Cir. 2013).

The FAC's tortious breach of the implied covenant of good faith and fair dealing COA cannot be sustained, because it is not a cognizable claim.

### D.5. <u>Conclusion as to why the Second Cause of Action for Breach of the Covenant of Good Faith and Fair Dealing cannot stand against MCPC and against Mr. Cohen</u>

There is no allegation that MCPC entered a contract, with anyone. Thus, it is is impossible for MCPC to have breach a covenant. Therefore, the 2nd COA must be dismissed as against MCPC.

For three independent and alterative reasons the 2nd COA for Breach of the Implied Covenant of Good Faith and Fair Dealing cannot stand against MCPC and against Mr. Cohen. (1) There is no breach alleged against either MCPC or Mr. Cohen; (2) The 2nd COA is duplicative of the 1st COA; (3) The 2nd COA is pleaded as a *tortious* breach of the implied covenant of good faith and fair dealing. California does not recognize a *tort* of breach of the implied covenant.

Therefore, the 2nd COA must be dismissed as against both MCPC and Mr. Cohen.

---

[12]     Except for the insurance cases exception.

**E.**   **"[T]here is no such thing as a substantive alter ego claim at all:  'A claim against a defendant, based on the alter ego theory, is not itself a claim for substantive relief, e.g., breach of contract or to set aside a fraudulent conveyance, but rather, procedural . . . .'"** *Ahcom, Ltd. v. Smeding***, 623 F.3d 1248, 1251 (9th Cir. 2010), citing and quoting** *Hennessey's Tavern, Inc. v. Am. Air Filter Co.***, 204 Cal. App. 3d 1351 (Ct. App. 1988).**

The FAC's 6th COA is for "Alter Ego Theory" against Mr. Cohen and MCPC; It is an at least attempted COA, as it is labeled as a COA (FAC 14:2-4), and as it prays for damages. FAC 16:6 & 19:4-6.[13] But, "there is no such thing as a substantive alter ego claim." *Ahcom, Ltd. v. Smeding*, 623 F.3d 1248, 1251 (9th Cir. 2010). Rather, the alter ego "doctrine [] merely supplies an additional judgment defendant *after* liability exists." *Double Bogey, L.P. v. Enea*, 794 F.3d 1047, 1052 (9th Cir. 2015) [Italics in original].

<u>E.1</u>   <u>What constitutes a cause of action</u>:

This case was filed under diversity jurisdiction. (FAC 3:14-17); and, the FAC alleges that the parties had agreed that California law would apply. (FAC 3:18-20.) Thus, California substantive law applies. In fact, all of Beatbox's claims are State Claims. Thus, it is important to know what a "cause of action" is, under California law.

"California defines a 'cause of action' in accord with [California's 1st law professor, John N.][14] Pomeroy's 'primary right' theory. . . . A cause of action consists of (1) a *primary right* possessed by the plaintiff and a corresponding *primary duty* imposed upon the defendant, and (2) a *delict or wrong* committed by the defendant which constitutes a breach of such primary right and duty.'" *Skrbina v. Fleming Companies* 45 Cal. App. 4th 1353, 1364 (1986). [Internal citation and quotation marks omitted. Italics in *Skrbina*.] That the 6th COA is pleaded as an attempted COA cannot be argued, as the 6th COA seeks damages.

---

[13]   Please note that because of an apparent "typo", FAC19:4-6 supposedly prays for damages against Labrador, Inc, et al., re the 6th COA The 6th COA concerns only MCPC and Mr. Cohen.

[14]   Gossman, Lewis "John N. Pomeroy (2008)" *Yale Biographical Dictionary of American Law*, Roger K. Newman, ed. 2008.

-15-

Put in the language of simple a simple arithmetic formula, under substantive California law:  Primary right + primary duty + corresponding wrong = cause of action. (*Skrbina,* supra, at p. 1364.) The alter ego theory cannot be a cause of action, because it does not have the elements of this equation.

<u>E.2.</u>   <u>Even as a legal theory "designed to suppl[y] an additional judgment defendant *after* liability exists," *Double Bogey, L.P. supra* at p. 1052, the FAC's alter ego allegations fail</u>

In *Morales v. Paschen Mgmt. Corp.*, Case No. CV 19-2505-MWF, 2019 U.S. Dist. LEXIS 164857, *22 (C.D. July 9, 2019) this court said, "To demonstrate that [two persons] are alter egos of each other, Plaintiff would need to show: '(1) that there be such unity of interest and ownership that the separate personalities of the [one person] and [the other person] no longer exist and (2) that, if the acts are treated as those of the [acting defendant] alone, an inequitable result will follow.' *Wady v. Provident Life and Accident Ins. Co. of Am.* 216 F. Supp. 2d 1060, 1066 (C.D. 2002) (quoting *Mesler v. Bragg Mgmt. Co.* 39 Cal.3d 290, 300 (1985) (emphasis [omitted from *Morales*]))."

The substance of the FAC's 6th "cause of action," "Alter Ego Theory" begins at paragraph 79 at FAC, 15:7.  Paragraph 79 alleges the legal framework of the 1st prong of the *Morales* test, *Morales,* supra 2019 U.S. Dist. LEXIS 164857, *22. The legal framework for prong two is never alleged. Subparagraphs 79.a - 79.e contain the *supposed* substantive factual allegations.[15]

<u>E.2.a.  Pleading allegations of fraud on "information and belief"</u>

"'Allegations of fraud based on information and belief usually do not satisfy the degree of particularity required under Rule 9(b)' *Zatkin v. Primuth*, 551 F.Supp. 39, 42 (S.D. Cal. 1982); see 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1298, at 416 & n.94 (1969). . . . However, 'the rule may be relaxed as to matters peculiarly within the opposing party's knowledge.' 5 Wright & Miller, § 1298, at 416

---

[15]   Subparagraph 79.a is a standout paragraph, in that it states a true fact and does so without alleging that fact on information and belief. "Cohen is the sole owner of MCPC, LLC." (FAC, 15:11.) Mr. Cohen is the sole member of MCPC, so that statement is true.

**Defendants Michael Cohen's and MCPC Holdings, LLC's Memorandum of Points and Authorities Supporting Their Fed. R. Civ. Pro. 12(c) Motion as to Causes of Action 1, 2, & 6**

& n.95. . . . [But, if a plaintiff relies on this exception, the plaintiff must include in the subject pleading] a statement of the facts upon which the belief is founded." *Wool v. Tandem Computers*, 818 F.2d 1433, 1439 (9th Cir. 1986). (Interpreted as overturned by statute on a different matter in some circuits, but not in the 9th Circuit, as stated at *In Re Huffy Corp. Secs. Litig.*, 577 F.Supp. 2d 968, 984-986 (S.D. Ohio 2008).)[16]

"Averments of fraud must be accompanied by 'the who, what, where, when, and how' of the misconduct charged." *Vess v. Ciba-Geigy Corp.,USA,* 317 F.3d 1097, 1106 (9th Cir. 2003), citing *Cooper v. Pickett,* 137 F.3d 616, 627 (9th Cir. 1997). Rather than pleading with specificity, paragraphs 79.a.-79.e. plead with generality.

All of the alter ego "factual" allegations are allegations of fraud and are pleaded on information and belief.[17] (FAC, 15:7-16:2 [the entirety of alter ego allegations].)[18]

### E.2.b.   <u>The relaxation of the Rule 9(b) pleading with particularity rule does not apply</u>

If a fact is "peculiarly within the opposing party's knowledge," then information and belief pleading of an allegation of fraud is allowed.[19]  *Wool*, <u>supra,</u> 818 F.2d 1433, 1439. (Internal citation and quotation marks omitted.) FAC, Par. 83 alleges that Mr. Cohen transferred his real property to MCPC. (FAC 16:19-21.) It is plain that the transfer of real property is a matter of public record, the antithesis of being "peculiarly within [Mr. Cohen's knowledge]." Thus, the relaxation of the ban on information and belief pleading re fraud, is not allowed.

---

[16]   Although Rule 9 is mentioned in the *Wool* quotation and the FAC's alter ego "cause of action" is not denominated as a fraud cause of action, its allegations are allegations of fraud. The situation was similar in *Wool*. The "complaint [was] based on SEC allegations, [but the] paragraphs [at issue] allege[d] misleading statements, misrepresentations, and specific acts of fraud." *Wool,* <u>supra,</u> at p. 1439-1440.

[17]   Except for that allegation stating that MCPC is a sole member LLC.

[18]   Par. 78 re-alleges pars. 1-77. (FAC, 15:4-5.) Par. 8 alleges that Mr. Cohen "caused all of his security interests to be transferred to MCPC Holdings, LLC after becoming aware of the claims . . . [in] this lawsuit." But, such a conclusory, overbroad, & non-specific paragraph – a paragraph that is listed at the beginning of the FAC under "parties" is the antithesis of a Rule 9(b) pleaded paragraph.

[19]   If the pleadings contain a statement of the facts upon which the belief is based. *Wool v. Tandem Computers*, 818 F.2d 1433, 1439.

---

-17-

In fact, the alter ego fraud allegations are extraordinarily conclusory, the opposite of the "particularity" pleading required by Fed. R. Civ. P. 9(b). For example, par 79.c. of the FAC says, "On information and belief Cohen has used MCPC, LLC to avoid individual liability and for the purpose of hindering, delaying, or defrauding all of Cohen's then or future creditors, including Plaintiff, in the collection of their claims against Defendants." (FAC, 15:14-18.) "Averments of fraud must be accompanied by 'the who, what, where, when, and how' of the misconduct charged." *Vess v. Ciba-Geigy Corp.,USA,* 317 F.3d 1097, 1106 (9th Cir. 2003), citing *Cooper v. Pickett,* 137 F.3d 616, 627 (9th Cir. 1997). There is no "what;"[20] there is no "when;" and in any particularized sense, there is no "where," in the alter ego "cause of action".

The other "factual" allegations re alter ego are also bereft of the particularity requirements of Rule 9(b), as they are pleaded on information and belief and are extraordinarily conclusory, in violation of Rule 9(b).[21] See *Wool*, supra, 818 F.2d 1433, 1439.

> E.2.c.    Even if the facts were within the Mr. Cohen's peculiar knowledge, the information and belief fraud pleading could not stand, because there is no "statement of facts upon which the belief is founded." *Wool, supra,* 818 F.2d 1433, 1439

If a plaintiff relies on the above exception of the ban on information and belief pleading of fraud allegations, then that plaintiff must provide, "a statement of facts upon which the belief is founded," and must provide that statement with the subject pleading. *Wool,* supra, p. 1439. The FAC contains no such statement. Thus, the fraud allegations pleaded on information and belief (the entirety of the alter ego factual allegations)[22] are not acceptable allegations.

---

[20] Except maybe if one were to extrapolate from par. 83 of the FAC; but, extrapolation is an antithesis of particularization, which is required by Fed. R. Civ. P. 9(b).

[21] With the exception of the allegations resulting from MCPC being a sole member LLC.

[22] With the exception of the allegations resulting from MCPC being a sole member LLC.

### E.3.   Conclusion re alter ego "cause of action"

Here's the bottom line. There simply is no substantive COA for "Alter Ego Theory." *Ahcom, Ltd. v. Smeding*, 623 F.3d 1248, 1251 (9th Cir. 2010); and, <u>see</u> *Skrbina v. Fleming Companies* 45 Cal. App. 4th 1353, 1364 (explaining Professor Pomeroy's concept of what constitutes a cause of action, and California's strict fidelity to Professor Pomeroy's concept.) The alter ego "doctrine [] merely supplies an additional judgment defendant *after* liability exists." *Double Bogey, L.P. v. Enea*, 794 F.3d 1047, 1052 (9th Cir. 2015) [Italics in original].

And, even if there were such a COA, as shown there are a myriad of issues that would prevent that COA from coming to fruition.

Thus, the "Alter Ego" COA and the allegations contained therein must fail.

### F.   **Conclusion**:

Please consider:

As to the 1st COA for "Breach of Contract":

\*\*\*   There is no plausible allegation that Mr. Cohen breached a contract;

\*\*\*   Privity is not pleaded;

\*\*\*   Privity doesn't have to be pleaded in order for Beatbox to establish a 3rd party beneficiary relationship;

\*\*\*   However when there is no privity, in order for a 3rd party beneficiary to prevail on a breach of contract claim based on a breach of warranty – the 3rd party beneficiary *must plead that it relied on said warranty*;

\*\*\*   There is no allegation that Beatbox relied on the warranties that Mr. Cohen allegedly gave to Labrador, Inc., which are the only warranties alleged to have been given by Mr. Cohen;

\*\*\*   There is no allegation that Beatbox even knew Mr. Cohen or ever saw, let alone relied-on the warranties alleged to be in the Mr. Cohen/Labrador, Inc. contract – the contract to which Beatbox claims to be a 3rd party beneficiary;

\*\*\*   All essential elements to a breach of contract COA must be pleaded;

     *** When the gravamen of a 3rd party breach of contract COA is breach of warranty, and no privity is alleged, **reliance** on the alleged warranties **must be pleaded**.  In this case *no such reliance is pleaded*.

Thus, the 1st COA must be dismissed.

     As to the 2nd COA, re MCPC:

     *** There is no allegation that MCPC entered a contract, with anyone.

Thus, the 2nd COA must be dismissed as to MCPC.

     As to the 2nd COA, re MCPC and Mr. Cohen:

     *** There is no plausible allegation that either MCPC or Mr. Cohen breached a contract.

     Alternatively,

     *** The 2nd COA is duplicative of the 1st COA.

     Alternatively,

     *** The damages for which Beatbox has prayed are tort damages, which should lead the 2nd COA to sound in tort.

     *** The *tort* of Breach of the Implied Covenant of Good Faith and Fair Dealing is not recognized in California.

Thus, the 2nd COA must be dismissed, as to both Mr. Cohen and MCPC.

     As to the 6th COA for "Alter Ego Theory" as to Mr. Cohen & MCPC:

     *** There is no cognizable cause of action for "Alter Ego Theory."

     *** The alter ego doctrine supplies an additional judgment defendant after liability is found to exist. However in this case, such usage of the doctrine fails because:

     *** The 2nd prong of the *Morales* test is not pleaded.

     *** What is pleaded are allegations of fraud, which under Rule 9(b) must be pleaded with specificity;

     *** The 6th COA is not pleaded with specificity;

     *** Under Rule 9, allegations of fraud cannot be pleaded on information and

belief, as they are in the 6th COA;

    \*\*\*    The requirement of pleading fraud allegations with "the who, what, where, when, and how" are not met;

    \*\*\*    While relaxation of Rule 9(b)'s specificity requirements is allowed as to matters peculiarly within the opposing party's knowledge, such "knowledge" is not peculiarly within the knowledge of either Mr. Cohen or MCPC;

    \*\*\*    Even if the allegations of fraud were within Mr. Cohen's or MCPC's peculiar knowledge, the allegations could not be accepted because the FAC was not accompanied by what would in that case be required, a "statement of facts upon which the belief is founded."

Thus, the 6th COA must be dismissed, as to both Mr. Cohen and MCPC.

    The FAC's faults are not mere slights. In substantial part they reveal gaping holes in Beatbox's case. For instance, if there being no allegation of reliance on Mr. Cohen's alleged warranties means that there was in fact no reliance on Mr. Cohen's alleged warranties, then the breach of contract COA is far outside the boundaries of the law.

    The 2nd COA is either duplicative of the 1st COA or it is an attempt to plead a tort that hasn't been recognized by California since 1988. In either case, the 2nd COA stands on stilts that are bored into quicksand.

///

///

///

The 6th COA is simply not a cause of action. That it prays for damages demonstrates that it tries to be a cause of action. But, it does not follow Professor Pomeroy's (and thus California's) dictates as to what a cause of action is; the courts have repeatedly exclaimed that it is not a cause of action; and, it runs roughshod over important, well-grounded, and substantive Federal pleading rules.

Thus, the FAC's 1st COA must be dismissed as to Mr. Cohen; and the 2nd and 6th COAs must be dismissed as to both Mr. Cohen and MCPC.

Dated: 10/15/20                                    Jacobson & Associates

                                                        /s/ Dan Jacobson
                                         Dan Jacobson, Attorney
                                         for Michael Cohen & MCPC Holdings, LLC