1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

BLAISE & NITSCHKE, P.C.
HEATHER L. BLAISE, ESQ. (SBN 261619)
123 N. Wacker Drive, Suite 250
Chicago, IL 60606
Telephone: 312-448-6602
Email: hblaise@blaisenitschkelaw.com

Attorneys for Plaintiff,
BEATBOX MUSIC PTY, LTD.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEATBOX MUSIC PTY, LTD.,<br><br>Plaintiff,<br><br>v.<br><br>LABRADOR ENTERTAINMENT, INC. D/B/A SPIDER CUES MUSIC LIBRARY, a California corporation; NOEL PALMER WEBB, an individual; MICHAEL COHEN, an individual; LABRADOR ENTERTAINMENT, LLC; MCPC HOLDINGS, LLC; WEBB FAMILY TRUST and DOES 1-20, inclusive,<br><br>Defendants. | CASE NO: 2:17-cv-6108 MWF (JPRx)<br>*Assigned to the Hon. Michael W. Fitzgerald*<br><br>**PLAINTIFF BEATBOX MUSIC PTY, LTD.'S RESPONSE IN OPPOSITION TO MICHAEL COHEN'S AND MCPC HOLDINGS, LLC'S MOTION FOR JUDGMENT ON THE PLEADINGS AS TO THE FIRST AMENDED COMPLAINT'S 1ST, 2ND, & 6TH CAUSES OF ACTION** |
| MICHAEL COHEN, an individual,<br><br>Cross-Complainant,<br><br>v.<br><br>LABRADOR ENTERTAINMENT, INC. D/B/A SPIDER CUES MUSIC LIBRARY, a California Corporation,<br><br>Cross-Defendant. | **Hearing Date:** **November 16, 2020**<br>**Time:** **10:00 AM**<br>**Courtroom:** **5A**<br><br>Trial Date:     November 30, 2021<br>Cross-Claim Filed: November 21, 2017<br>Action Filed:    August 17, 2017 |

1
2
3
4
5
6
7
8
9

LABRADOR ENTERTAINMENT INC.,
D/B/A SPIDER CUES MUSIC
LIBRARY, a California Corporation, ET
AL.,

Counter-Claimants,

v.

BEATBOX MUSIC PTY, LTD.,
MICHAEL COHEN, and individual, and
DOES 1-20, inclusive,

Counter-Defendants.

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

# TABLE OF CONTENTS

2 | TABLE OF CONTENTS..........................................................................iii
3 | TABLE OF AUTHORITIES ....................................................................iv
4
5 | STANDARD OF REVIEW .......................................................................1
6 | ARGUMENT ............................................................................................3
7 |   Alter Ego ............................................................................................11
8
9 | CONCLUSION........................................................................................14

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF AUTHORITIES

**Cases**

*Asghari v. Volkswagen Grp. of Am., Inc.*,
   42 F. Supp. 3d 1306 (C.D. Cal. 2013)...................................................6

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) .............................................................2, 3, 8

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007) ......................................................................2

*Bily v. Arthur Young & Co.*,
   3 Cal. 4th 370 (1992)..................................................................10

*Cadence Design Sys. v. Pounce Consulting, Inc.*,
   No. 17-cv-04732-PJH (SK), 2019 U.S. Dist. LEXIS 68125
   (N.D. Cal. Apr. 1, 2019).............................................................11

*California Emergency Physicians Medical Group v. PacifiCare of California*,
   111 Cal. App. 4th 1127 (2003)......................................................4

*Casitas A Footwear Co. v. Lbsecond, Inc.*,
   No. CV 18-4410 FMO (SKx), 2018 U.S. Dist. LEXIS 198046
   (C.D. Cal. Nov. 19, 2018) ..........................................................11

*Cervantes v. Countrywide Home Loans, Inc.*,
   656 F.3d 1034 (9th Cir. 2011).......................................................8

*Durell v. Sharp Healthcare*,
   183 Cal. App. 4th 1350 (2010)....................................................10

*Dworkin v. Hustler Magazine, Inc.*,
   867 F.2d 1188 (9th Cir. 1989)........................................................1

*Enron Oil Trading & Transp. Co. v. Walbrook Ins. Co.*,
   132 F.3d 526 (9th Cir. 1997).........................................................2

*Fleming v. Pickard*,
   581 F.3d 922 (9th Cir. 2009).........................................................1

*Gillibeau v. City of Richmond*,
   417 F.2d 426 (9th Cir. 1969).........................................................2

*Hearns v. San Bernardino Police Dep't*,
   530 F.3d 1124 (9th Cir. 2008).......................................................2

*Hishon v. King & Spalding*,
   467 U.S. 69 (1984) .......................................................................1

*In re Yahoo! Inc. Customer Data Sec. Breach Litig.*,
   No. 16-MD-02752-LHK, 2017 WL 3727318 (N.D. Cal. Aug. 30, 2017)................5

*Leek v. Cooper*,
   194 Cal. App. 4th 399 (2011).......................................................11

*Lehman Bros. Holdings Inc. v. Cafcalas*,
   No. LA CV-16-03167 JAK (PJWx), 2018 WL 6074597

- iv -

PLAINTIFF BEATBOX MUSIC PTY, LTD.'S RESPONSE TO MICHAEL COHEN'S AND MCPC HOLDINGS, LLC'S MOTION FOR JUDGMENT ON
THE PLEADINGS AS TO THE FIRST AMENDED COMPLAINT'S 1ST, 2ND, & 6TH CAUSES OF ACTION

(C.D. Cal. Feb. 27, 2018) .................................................................. 14

*Levy v. State Farm Mut. Auto. Ins. Co.*,
   150 Cal. App. 4th 1 (2007) ............................................................... 3

*Luzon v. Atlas Ins. Agency, Inc.*,
   284 F. Supp. 2d 1261 (D. Haw. 2003) ............................................... 1

*McGann v. Ernst & Young*,
   102 F.3d 390 (9th Cir. 1996) ............................................................ 2

*McGlinchy v. Shell Chemical Co.*,
   845 F.2d 802 (9th Cir. 1988) ......................................................... 1, 2

*McHenry v. Renne*,
   84 F.3d 1172 (9th Cir. 1996) ............................................................ 2

*Mendiondo v. Centinela Hosp. Med. Ctr.*,
   521 F.3d 1097 (9th Cir. 2008) .......................................................... 2

*Mosqueda v. Am. Honda Motor Co.*,
   443 F. Supp. 3d 1115 (C.D. Cal. 2020) ............................................. 6

*Murphy v. Allstate Ins. Co.*,
   17 Cal. 3d 937 (1976) ...................................................................... 10

*Oasis West Realty, LLC v. Goldman*,
   51 Cal. 4th 811 (2011) ...................................................................... 5

*Ott v. Home Sav. & Loan Asso.*,
   265 F.2d 643 (9th Cir. 1958) ............................................................ 7

*Pac. Bell Tel. Co. v. 88 Connection Corp.*,
   No. 15-cv-04554-LB, 2016 U.S. Dist. LEXIS 77345
   (N.D. Cal. June 14, 2016) ........................................................... 12, 14

*Plotnik v. Meihaus*,
   208 Cal. App. 4th 1590 (2012) ...................................................... 5, 9

*Prouty v. Gores Tech. Grp.*,
   121 Cal. App. 4th 1225 (2004) ........................................................ 10

*Schauer v. Mandarin Gems of Cal., Inc.*,
   125 Cal. App. 4th 949 (2005) ............................................................ 4

*Signal Hill Aviation Co. v. Stroppe*,
   96 Cl.App.3d 627 (1979) ................................................................. 12

*Spinks v. Equity Residential Briarwood Apartments*,
   171 Cal. App. 4th 1004 (2009) ........................................................ 10

*Starr v. Baca*,
   652 F.3d 1202 (9th Cir. 2011) .......................................................... 3

*Swierkiewicz v. Sorema N.A.*,
   534 U.S. 506 (2002) ......................................................................... 3

*Vasey v. California Dance Co.*,
   70 Cal.App.3d 742 (1977) ............................................................... 12

**Statutes**

Cal Civ Code § 1559..................................................................................7

**Rules**

Fed. R. Civ. P. 8.................................................................................2, 3
Fed. R. Civ. P. 10..................................................................................7
Fed. R. Civ. P. 11..................................................................................6
Fed. R. Civ. P. 12.............................................................................1, 4

Plaintiff Beatbox Music Pty., Ltd. ("Beatbox") respectfully submits its Response in Opposition to Defendants Michael Cohen (hereinafter "Cohen") and MCPC Holdings, LLC's (hereinafter "MCPC") (collectively, hereinafter "Cohen Defendants") Motion for Judgment on the Pleadings as to the First Amended Complaint's (hereinafter "FAC") 1st, 2nd, and 6th Causes of Action (hereinafter "Motion for Judgment" or "MFJ"). In support thereof, Plaintiff states as follows:

## STANDARD OF REVIEW

Rule 12(c) states, "[a]fter the pleadings are closed-but early enough not to delay trial-a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Judgment on the pleadings is properly granted when the court, accepting all the allegations in the pleadings as true and construing them in the light most favorable to the nonmoving party, concludes that the moving party is entitled to judgment as a matter of law. *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). No issue of material fact may be in dispute. *Id*. Importantly, Cohen and MCPC's MFJ never asks for judgment as a matter of law and only requests "dismissal."

When Rule 12(c) is used to raise the defense of failure to state a claim upon which relief can be granted, the standard governing the Rule 12(c) motion for judgment on the pleadings is the same as that governing a Rule 12(b)(6) motion. *See McGlinchy v. Shell Chemical Co.*, 845 F.2d 802, 810 (9th Cir. 1988); *Luzon v. Atlas Ins. Agency, Inc.*, 284 F. Supp. 2d 1261, 1262 (D. Haw. 2003). As a result, a motion for judgment on the pleadings for failure to state a claim may be granted "'only if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations.'" *McGlinchy*, 845 F.2d at 810 (*quoting Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)); *see also Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989) ("The principal difference between motions filed pursuant to Rule 12(b) and Rule 12(c) is the time of filing. Because the motions are functionally identical, the same standard of review applicable to a Rule 12(b) motion applies to its Rule 12(c) analog.").

Thus, "[a] judgment on the pleadings is properly granted when, taking all allegations in the pleading as true, the moving party is entitled to judgment as a matter of law." *Enron Oil Trading & Transp. Co. v. Walbrook Ins. Co.*, 132 F.3d 526, 528 (9th Cir. 1997) (*citing McGann v. Ernst & Young*, 102 F.3d 390, 392 (9th Cir. 1996)). "Not only must the court accept all material allegations in the complaint as true, but the complaint must be construed, and all doubts resolved, in the light most favorable to the plaintiff." *McGlinchy*, 845 F.2d at 810.

To withstand a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility" if the plaintiff pleads facts that allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

Federal Rule of Civil Procedure 8 mandates that a complaint include a "short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and that each allegation "be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). A complaint that is so confusing that its "'true substance, if any, is well disguised'" may be dismissed for failure to satisfy Rule 8. *Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1131 (9th Cir. 2008) (*quoting Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969)); *see also McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996) ("Something labeled a complaint but written ..., prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint.")

A complaint may be dismissed for failure to comply with Rule 8 where it fails to provide the defendants fair notice of the wrongs allegedly committed. *See McHenry*, 84 F.3d at 1178-80 (affirming dismissal where "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery"); *cf. Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1105 n. 4 (9th Cir. 2008) (finding dismissal under Rule 8 was in error where

- 2 -

1  "the complaint provide[d] fair notice of the wrongs allegedly committed by

2  defendants and [did] not qualify as overly verbose, confusing, or rambling"). "When

3  there are well-pleaded factual allegations, a court should assume their veracity and

4  then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556

5  U.S. at 679.

6  <div align="center">**ARGUMENT**</div>

7  As in the Cohen Defendants' previous bizarre filings in this case, the MFJ

8  invites this Court down yet another confusing rabbit hole to nowhere with respect to

9  Count I of the First Amended Complaint. First, in the Memorandum of Points and

10  Authorities Supporting their MFJ (hereinafter "Memorandum" or "MFJ Memo"),

11  Cohen Defendants argue that the FAC fails to plead privity with sufficient specificity.

12  (MFJ Memo at 2:19-3:3; 3:8-3:15.) Cohen Defendants rely on *Levy v. State Farm*

13  *Mut. Auto. Ins. Co.* for the proposition that in California state court a plaintiff must

14  plead facts to establish each element of a breach of contract action with specificity;

15  such reliance is misplaced and flies in the face of Rule 8. *Levy*, 150 Cal. App. 4th 1, 5

16  (2007). Rule 8(a) requires only that a pleading contain "a short and plain statement of

17  the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule

18  8(a) applies to all civil claims except those containing averments of "fraud or

19  mistake," which must be pleaded with particularity under Rule 9(b). Fed. R. Civ. P. 8,

20  9. The Supreme Court has narrowly construed Rule 9(b) to apply only to the types of

21  actions enumerated in the rule--those alleging fraud or mistake--and has not extended

22  the heightened pleading standard to other legal theories. *See Swierkiewicz v. Sorema*

23  *N.A.*, 534 U.S. 506, 513 (2002) (declining to apply Rule 9(b) to claims for violations

24  of 42 U.S.C. § 1983 or employment discrimination claims). Indeed, "[a] complaint

25  must 'contain sufficient allegations of underlying facts to give fair notice and to

26  enable the opposing party to defend itself effectively,' and those allegations 'must

27  plausibly suggest an entitlement to relief[.]'" *Starr v. Baca*, 652 F.3d 1202, 1216 (9th

28  Cir. 2011). Under California law, a person seeking to enforce a contract as a third

<div align="center">- 3 -</div>

1  party beneficiary "'must plead a contract which was made expressly for [its] benefit

2  and one in which it clearly appears that [it] was a beneficiary.'" *Schauer v. Mandarin*

3  *Gems of Cal., Inc.*, 125 Cal. App. 4th 949, 957 (2005), *quoting California Emergency*

4  *Physicians Medical Group v. PacifiCare of California*, 111 Cal. App. 4th 1127, 1138

5  (2003), finding sufficient pleading of third-party beneficiary status in favor of fiancé

6  when "[d]efendant entered into a written contract with Plaintiff's fiancee [*sic*] to

7  purchase the subject engagement ring for the sole and stated purpose of giving it [to]

8  Plaintiff."

9       Thus, Plaintiff need not plead any additional facts with specificity in the FAC,

10  as documented by this Court's Order dated July 17, 2020 (hereinafter "Order"),

11  which denied Cohen Defendants' Motion for Summary Judgment on their

12  Affirmative Defense of Failure to State a Claim under Fed. R. Civ. P. 12(b)(6),

13  specifically finding that: "[t]here remain genuine issues of triable fact as to whether

14  Cohen misrepresented the Cohen Composition's authorship and originality at the

15  inception of the Labrador-Cohen Agreement to Beatbox's detriment (on a third-party

16  beneficiary theory). Therefore, summary judgment is improper on Beatbox's breach

17  of contract claims against Cohen." (Order at 2.) This Court further identified that in

18  the FAC "Beatbox seeks indemnification from both Labrador Inc. and Cohen

19  pursuant to the Labrador-Beatbox Agreement and pursuant to the Labrador-Cohen

20  Agreement (on a third-party beneficiary theory). (FAC ¶¶ 45-54.) Through its

21  Counterclaim, Labrador Inc. seeks indemnification from both Beatbox and Cohen

22  pursuant to the Labrador-Beatbox Agreement and pursuant to the Labrador-Cohen

23  Agreement. (See Counterclaim ¶¶ 187-220)." (Order at 6.)

24       Indeed, this Court has already ruled on the issue of the sufficiency of Plaintiff's

25  pleading under Fed. R. Civ. P. 12(b)(6), for its Breach of Contract Count against

26  Cohen Defendants explaining:

27       A claim for breach of contract requires the following elements: (1) the
        existence of a contract, (2) the plaintiff's performance or excuse for
28

- 4 -

nonperformance, (3) the defendant's breach, and (4) resulting damages to the plaintiff. *Oasis West Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821 (2011). A claim for breach of the implied covenant of good faith and fair dealing requires a plaintiff to show: (1) the parties entered into a contract, (2) the plaintiff fulfilled his obligations under the contract, (3) any conditions precedent to the defendant's performance occurred, (4) the defendant unfairly interfered with the plaintiff's right to receive the benefits of the contract; and (5) the plaintiff was harmed by the defendant's conduct. *In re Yahoo! Inc. Customer Data Sec. Breach Litig.*, No. 16-MD-02752-LHK, 2017 WL 3727318, at *48 (N.D. Cal. Aug. 30, 2017) (internal quotation marks and citations omitted).

Beatbox argues that Cohen breached the representations and warranties provisions of the Labrador-Cohen Agreement by asserting that the Cohen Composition was his "sole, exclusive and original work," and that it did not "infringe upon or violate the copyrights or any other rights whatsoever of any person, firm, or entity" when the New Zealand High Court determined that the Cohen Composition (or an altered version of it) infringed upon the copyright of Lose Yourself. (Beatbox MSJ Opp. at 7-9; *see also* FAC ¶ 16). There remain genuine issues of triable fact as to whether Cohen misrepresented the Cohen Composition's authorship and originality at the inception of the Labrador-Cohen Agreement to Beatbox's detriment (on a third-party beneficiary theory), which Cohen's allegations of subsequent unauthorized alterations or adaptations do not resolve. Indeed, Beatbox's alleged failure to consult with Cohen prior to altering or adapting the Cohen Composition does not absolve Cohen of liability for allegedly breaching his representations and warranties of original copyright ownership. *Plotnik v. Meihaus*, 208 Cal. App. 4th 1590, 1602 (2012) (holding that one who breaches a contract "cannot recover for a subsequent breach by the other party"). Summary judgment is therefore inappropriate on Beatbox's breach of contract claims against Cohen.

(Order at 11-12.)

As a result, this Court has already ruled on the sufficiency of Plaintiff's pleadings and has even gone further, ruling that Counts I and II may proceed against Cohen Defendants, and Cohen Defendants' MFJ amounts to nothing more than a

- 5 -

PLAINTIFF BEATBOX MUSIC PTY, LTD.'S RESPONSE TO MICHAEL COHEN'S AND MCPC HOLDINGS, LLC'S MOTION FOR JUDGMENT ON THE PLEADINGS AS TO THE FIRST AMENDED COMPLAINT'S 1ST, 2ND, & 6TH CAUSES OF ACTION

1 frivolous and duplicative argument that Cohen Defendants have already lost, in

2 violation of Rule 11. *See* Fed. R. Civ. P. 11(b).

3    Confusingly, after dedicating nearly a page of argument in support of the

4 necessity of pleading privity of contract with specificity, Cohen Defendants

5 eventually concede that the third-party beneficiary theory does not require pleading

6 privity. (MFJ Memo 2:19-3:6.) In yet another inexplicable move, Cohen Defendants

7 rely on class action consumer cases interpreting the California Commercial Code §

8 2313 breach of warranty to support the argument that Beatbox failed to plead

9 "reliance" in its FAC to support an intended beneficiary theory of liability against

10 Cohen Defendants. *Mosqueda v. Am. Honda Motor Co.*, 443 F. Supp. 3d 1115 (C.D.

11 Cal. 2020); *Asghari v. Volkswagen Grp. of Am., Inc.*, 42 F. Supp. 3d 1306 (C.D. Cal.

12 2013). Not only are the cases provided by Cohen Defendants clearly not relevant to

13 the case at hand, but Plaintiff Beatbox has plead sufficiently to put Cohen Defendants

14 on notice of its claims for third-party beneficiary status and its reliance on Cohen

15 Defendants' representations and warranties contained in the Labrador-Cohen

16 Agreement, as succinctly explained by this Court in its July 17, 2020 Order

17 explaining repeatedly that Plaintiff is proceeding against Cohen Defendants as to

18 Counts I and II under an intended beneficiary theory. (Order at 2, 6, 12.) Moreover,

19 Plaintiff has, in fact, repeatedly alleged that Plaintiff is an intended beneficiary of the

20 Labrador-Cohen Agreement; that Cohen Defendants breached the Labrador-Cohen

21 Agreement; and that Plaintiff acted in reliance of Cohen's representations and

22 warranties contained in the Labrador-Cohen Agreement generally when it agreed to

23 act as a sub-publisher of Labrador and specifically when it provided the Cohen

24 Composition to the Australian Mechanical Copyright Owners Association

25 ("AMCOS"). (FAC ¶¶ 16, 17, 44-50.) Count I of the FAC specifically alleges that

26 Defendant Cohen breached the Labrador-Cohen Agreement "wherein Defendant

27 Cohen represented and warranted that all musical compositions provided to Labrador

28 were his 'sole, exclusive and original work' and that they did not 'infringe upon or

violate the copyrights or any other rights whatsoever of any person, firm, or entity.'" (FAC ¶ 42.) Indeed, the Labrador-Cohen Agreement expressly states: "This Agreement will inure to the benefit of, and be binding upon, each party's heirs, subsidiaries, affiliates, corporations, licensees, successors and assigns." *See* FAC, Exhibit A, ¶ 7.1; *see also* Dkt. 146. Under Fed. R. Civ. P. 10(c), exhibits attached to complaint are part of complaint for all purposes, control over factual allegations in operative complaint and may properly be considered in determining the sufficiency thereof. Fed. R. Civ. P. 10; *Ott v. Home Sav. & Loan Asso.*, 265 F.2d 643, 646 n.1. (9th Cir. 1958) ("Where the allegations of a pleading are inconsistent with the terms of a written contract attached as an exhibit, the terms of the latter, fairly construed, must prevail over the averments differing therefrom"). A contract, made expressly for the benefit of a third person, may be enforced by him at any time before the parties thereto rescind it. Cal Civ Code § 1559. The express language of Exhibit A to the FAC provides Plaintiff with third-party beneficiary status, and this Court should deny Cohen Defendants' baseless MFJ as to Count I on that basis alone. Further, Paragraph 48 of the FAC alleges that as a result of the representations and warranties at issue in this case that all compositions were free from any copyright infringement, Plaintiff provided the Cohen Composition to the NZ Party. Thus, although Plaintiff disputes that is must set forth facts that would support "reliance" under California law to withstand a Rule 12(c) Motion based on the express language of the Labrador-Cohen Agreement providing Plaintiff with third party beneficiary status, Plaintiff nevertheless did plead facts that would support a finding of "reliance" when it plead that it was "under the impression that all compositions were free from copyright infringement" when it placed the Cohen Composition in to the marketplace to Plaintiff's detriment. (FAC ¶¶ 48-50.) Cohen Defendants do not provide any authority to suggest that the word "reliance" must be included in the FAC to withstand a Motion under Rule 12(c). Indeed, Plaintiff need only plead facts that would permit a finding of reliance which Plaintiff clearly has in its FAC. *See* FAC

¶¶ 48-50; *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1042 (9th Cir. 2011)(explaining that detrimental reliance could have been pled by alleging that defendant's behavior "affect[ed] the terms of [plaintiff's] loans, [plaintiff's] ability to repay the loans, or [plaintiff's] obligations as borrowers[.]"). Furthermore, as noted above, a claim has "facial plausibility" if the plaintiff pleads facts allowing a court to draw a reasonable *inference* that the defendant is liable for the alleged misconduct. *See, e.g.*, *Ashcroft*, 556 U.S. 662, 678 (2009). Given that the operative contract language expressly protects the parties "licensees, successors and assigns," application of Rule 10(c) requires this Court to incorporate such language into the First Amended Complaint as alleged and draw the reasonable inference that Beatbox relied on a contract provision made expressly for its benefit. *See* FAC, Exhibit A, ¶ 7.1; *see also* Dkt. 146.

The Court already dismissed Count II without leave to amend on July 17, 2020[1]. (Order at 28.) Thus, counsel for Defendants Cohen and MCPC's decision to dedicate seven (7) pages of argument to this topic is yet another violation of Rule 11. (MFJ Memo at 7-14.) Further, the Memorandum further wastes the Court's time once again arguing that Plaintiff has not alleged that Cohen Defendants breached any contract. (MFJ Memo at 2-3.) However, a simple review of the FAC and this Court's rulings firmly establish that Plaintiff has indeed made sufficient allegations to place Cohen Defendants on notice of Plaintiff's claims that Defendant Cohen breached the Labrador-Cohen Agreement, to which Plaintiff is an express third-party beneficiary. Exhibit A to FAC; This Court has made the sufficiency of Plaintiff's allegations plain. "In the present lawsuit, Beatbox seeks indemnification from both Labrador Inc.

---

[1] Counsel for Plaintiff reads the July 17, 2020 Order to dismiss without leave to amend Count II of the FAC as to all Defendants. To the extent that the July 17, 2020 Order dismissing Count II was directed only at the Labrador Defendants, Plaintiff requests an additional opportunity to address Defendants Cohen and MCPC's arguments contained in pages 7-14 of their Memorandum.

1   and Cohen pursuant to the Labrador-Beatbox Agreement and pursuant to the

2   Labrador-Cohen Agreement (on a third-party beneficiary theory). (See FAC ¶¶ 45-

3   54).” (Order at 6.) “Cohen is not entitled to summary judgment because he has not

4   presented undisputed material facts to successfully challenge the sufficiency of

5   Beatbox's breach of contract claims.” (Order at 10.) “Even if Cohen's arguments

6   were supported by undisputed facts, none of these arguments refute any essential

7   elements of Beatbox's breach of contract claims.” (Order at 11.) The Court noted,

8   additionally, that:

9           Beatbox argues that Cohen breached the representations and
10          warranties provisions of the Labrador-Cohen Agreement by asserting
            that the Cohen Composition was his “sole, exclusive and original
11          work,” and that it did not “infringe upon or violate the copyrights or
            any other rights whatsoever of any person, firm, or entity” when the
12          New Zealand High Court determined that the Cohen Composition (or
13          an altered version of it) infringed upon the copyright of Lose
            Yourself.” (Beatbox MSJ Opp. at 7-9; see also FAC ¶ 16). There
14          remain genuine issues of triable fact as to whether Cohen
15          misrepresented the Cohen Composition's authorship and originality at
            the inception of the Labrador-Cohen Agreement to Beatbox's
16          detriment (on a third-party beneficiary theory), which Cohen's
            allegations of subsequent unauthorized alterations or adaptations do
17          not resolve. Indeed, Beatbox's alleged failure to consult with Cohen
18          prior to altering or adapting the Cohen Composition does not absolve
            Cohen of liability for allegedly breaching his representations and
19          warranties of original copyright ownership. *Plotnik v. Meihaus*, 208
20          Cal. App. 4th 1590, 1602 (2012) (holding that one who breaches a
            contract “cannot recover for a subsequent breach by the other party”).
21          Summary judgment is therefore inappropriate on Beatbox's breach of
22          contract claims against Cohen.”

23  (Order at 11-12.)

24          Cohen Defendants argue that Count II can only be alleged in insurance cases.

25  (MFJ Memo at 10.) Once again, this Court has already weighed in on this argument:

26  “Contrary to the Labrador Defendants' argument, an implied covenant claim can be

27  asserted outside of the insurance context because the covenant is implied into every

28

- 9 -

1  contract by law. *Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1369 (2010)."

2  (Order at 22.)

3      Cohen Defendants' remaining arguments relate to their objection to Plaintiff

4  seeking "tort damages" against Cohen Defendants under Count II and that Plaintiff

5  has not requested express indemnity in its FAC. Intended contract beneficiaries may

6  "possess the rights of parties to the contract." *Spinks v. Equity Residential Briarwood*

7  *Apartments*, 171 Cal. App. 4th 1004, 1033-34 (2009) (quoting *Bily v. Arthur Young &*

8  *Co.*, 3 Cal. 4th 370, 406, fn. 16 (1992); *see Prouty v. Gores Tech. Grp.*, 121 Cal. App.

9  4th 1225, 1232 (2004). Those rights may include the benefits of the implied covenant

10  of good faith and fair dealing in a proper case. *Spinks*, 171 Cal. App. 4th at 1033-34

11  (*citing Cf. Murphy v. Allstate Ins. Co.*, 17 Cal. 3d 937, 943-944 (1976). For all the

12  reasons stated above, Plaintiff has met its burden in pleading third-party beneficiary

13  status and is entitled to all the rights of Labrador under the Labrador-Cohen

14  Agreement because of the express language of the Agreement, which includes

15  express indemnity and includes the benefit of the implied covenant of good faith and

16  fair dealing. Plaintiff contends that Cohen Defendants' false representation and

17  warranty that the Cohen Composition was Cohen's original authorship is a breach of

18  the implied covenant of good faith and fair dealing and that he should be responsible

19  for any and all damages that resulted from his false representation and warranty that

20  the Cohen Composition was his original authorship. Cohen Defendants' strained

21  reading of Paragraph 58 of the FAC to reach the conclusion that "Beatbox is probably

22  attempting to bring a tort action" defies all reasonable logic. (MFJ Memo at 11:2-3.)

23  Despite that fact that Count II does not say "tort" or "tortious" anywhere in the

24  pleading and this Court has already found that contract damages would be the only

25  form of damages permitted under Count II (and dismissed Count II without leave to

26  amend), Cohen Defendants use their fabricated tort theory to embark on a five (5)

27  page argument that Count II must be dismissed because, they say, Plaintiff may not

28  bring a tort claim against Cohen Defendants under Count II, going so far as to

1  provide the history of the implied covenant of good faith and fair dealing in

2  California and superfluously containing judicial and societal policy changes for

3  seemingly no other reason than to take up space. (MFJ Memo at 10-14.) Apparently

4  encouraged by this Court's initial decision not to award sanctions against his clients

5  herein, Counsel for Cohen and MCPC once again seeks to damage Beatbox with

6  repeated, frivolous filings and grasping arguments in the MFJ. Such conduct does not

7  support Counsel's clients in this matter, nor can his shocking reiteration of arguments

8  and points already ruled upon possibly benefit any other clients he currently serves (if

9  any) – he is simply wasting this Court's time and the parties' money. Even if Count II

10  had not already been dismissed by this Court's July 17, 2020 Order and this Court is

11  persuaded that Count II impermissibly seeks tort damages, the appropriate remedy is

12  not dismissal. Rather, the Court could strike from the FAC any request for tort

13  damages under Count II. Instead, this Court has already found that Plaintiff may be

14  entitled to punitive damages for its Counts VII and VII. (Order at 26.)

15                                    **Alter Ego**

16         Cohen Defendants argue that Count VI of the FAC sounding in "Alter Ego" is

17  not a cause of action under California law based on another of counsel for Cohen

18  Defendants' strained arguments and without any citation to authority. Had counsel for

19  Cohen Defendants bothered to do a modicum of legal research before advancing this

20  ill-fated argument, he would have discovered ample authority to suggest that pleading

21  Alter Ego in a complaint is appropriate under California law and Federal practice.

22  *Cadence Design Sys. v. Pounce Consulting, Inc.*, No. 17-cv-04732-PJH (SK), 2019

23  U.S. Dist. LEXIS 68125 (N.D. Cal. Apr. 1, 2019), *Casitas A Footwear Co. v.*

24  *Lbsecond, Inc.*, No. CV 18-4410 FMO (SKx), 2018 U.S. Dist. LEXIS 198046, at *7

25  (C.D. Cal. Nov. 19, 2018); *Leek v. Cooper*, 194 Cal. App. 4th 399, 417 (2011)

26  (noting a split of authority whether the alter ego doctrine must be pleaded in the

27  complaint, noting that a complaint must set forth facts sufficiently precise to place the

28  defendant(s) on notice about the complained-of conduct and remedies sought, and

1   holding that "[t]o recover on an alter ego theory, a plaintiff need not use the words

2   'alter ego,' but must *allege* sufficient facts to show a unity of interest and ownership,

3   and an unjust result if the corporation is treated as the sole actor." *Leek*, 194 Cal.

4   App. 4th at 415. (*citing Signal Hill Aviation Co. v. Stroppe*, 96 Cl.App.3d 627, 636

5   (1979) and *Vasey v. California Dance Co.*, 70 Cal.App.3d 742, 749 (1977) (*emphasis*

6   *added*)). A plaintiff will succeed on an alter ego claim where he can show: "(1) such

7   a unity of interest and ownership between the corporation and its equitable owner that

8   no separation actually exists, and (2) an inequitable result if the acts in question are

9   treated as those of the corporation alone." *Leek*, 194 Cal. App. 4th at 415 (*citing*

10  *Sonora Diamond Corp. v. Superior Court*, 83 Cal.App.4th 523, 538 (2000)). Beatbox

11  must allege sufficient facts to show a unity of interest and ownership, and an unjust

12  result if the corporation is treated as the sole actor

13      The Northern District of California case *Pacific Bell Telephone Co. v. 88*

14  *Connection Corp.* is additionally instructive. *Pac. Bell Tel. Co. v. 88 Connection*

15  *Corp.*, No. 15-cv-04554-LB, 2016 U.S. Dist. LEXIS 77345, at *10-13 (N.D. Cal.

16  June 14, 2016). The defendants in that case advanced a similar argument to the one

17  that the Cohen Defendants advance here: that Plaintiff has not pleaded facts to

18  support the Alter Ego Count with sufficient specificity Fed. R. Civ. P. 9(b).

19      The *Pac Bell* Court explained:

20      The defendants argue that the plaintiffs have not pleaded facts
        showing that the defendants acted in "bad faith" or with "fraudulent
21      intent." The defendants contend that such allegations are necessary to
22      pleading a viable alter-ego theory.

23      It is not clear that they are necessary. Some cases do describe alter-
        ego liability as entailing "conduct amounting to bad faith." But the
24      bulk of case law seems to omit or even expressly disavow a bad-faith
25      or fraudulent-intent requirement. In a 2013 alter-ego decision, for
        example, the California Court of Appeals held:
26

27          The trial court erred in requiring [the plaintiff] to prove
            that the [defendants] acted with wrongful intent. The law
28          does not require such proof. [The plaintiff] was required

- 12 -

to prove that the [defendants'] acts caused an "inequitable result.". . . . [T]he [defendants'] intent is beside the point.

The Southern District of California reviewed this topic in 2012 and, citing both Ninth Circuit and California Supreme Court precedent, likewise concluded that alter-ego liability does not require bad faith:

> [T]he California Supreme Court has declared that it is not necessary that the party asserting the alter-ego theory prove actual fraud. It is enough if the recognition of the two entities as separate would result in an injustice. The later alter-ego cases from the California Supreme Court, namely *Mesler* and *Resnick*, are silent on whether bad faith or fraud must be proven in order to satisfy the second prong of the alter-ego doctrine, though neither required such a showing. The Ninth Circuit has recognized *Mesler* and *Resnick* and has applied them without requiring a showing of fraud or bad faith.

This court is bound by the Ninth Circuit's view of California law, as expressed in Orloff and RRX, that bad faith is not an alter-ego requisite. The court need go no further into the matter now. Even if bad faith is necessary to a viable alter-ego theory, the plaintiffs have sufficiently pleaded facts that would allow a fact-finder "to draw the reasonable inference" that the defendant acted with the necessary intent. The following allegations seem pertinent in this respect:

> • The defendants "implemented a scheme through which they disguise their customers' long-distance calls as local calls, . . . and thereby evade their obligations to pay" the mandatory fees.;
> • The defendants have "game[d] the system" to avoid FCC regulations requiring payment of fees to the plaintiffs.;
> • The defendants have not complied with a prior judgment finding them liable for unpaid fees.; and
> • Defendant Zhao "conceived, intended, and used" 88 Connection "as a device to avoid individual liability.".

The court therefore will not dismiss the plaintiffs' alter-ego claim for failure to allege bad faith or fraudulent intent.

1  *Pac. Bell Tel. Co. v. 88 Connection Corp.*, No. 15-cv-04554-LB, 2016 U.S. Dist.

2  LEXIS 77345, at *10-13 (N.D. Cal. June 14, 2016)(internal citations omitted).

3      Similarly, the FAC alleges sufficient facts in relation to Count VI and the FAC

4  has already been found to sufficiently allege facts to support Count VII Fraudulent

5  Conveyance at Common Law and Count VIII Fraudulent Conveyance Under

6  California's Uniform Fraudulent Transfer Act. (FAC ¶¶ 78-93.) *See* Order at 3, 25, 26

7  ("DENIES the MTD as to Beatbox's seventh and eighth claims of statutory and

8  common law fraudulent conveyance because they are sufficiently pled and ripe for

9  adjudication"; "Beatbox has also asserted a claim for fraudulent conveyance under

10  California common law. (FAC ¶¶ 85-89). Because the necessary elements and

11  available remedies for a fraudulent transfer under common law are the same as under

12  the UFTA, the common law claim is adequately pled for the same reasons stated

13  above. *See, e.g., Lehman Bros. Holdings Inc. v. Cafcalas*, No. LA CV-16-03167 JAK

14  (PJWx), 2018 WL 6074597, at *6 (C.D. Cal. Feb. 27, 2018) (citation omitted).";

15  "Here, because Beatbox's fraud-based claims survive the MTD, Beatbox's request for

16  punitive damages survives as well.").

17      Thus, this Court has already ruled that Plaintiff has alleged all fraud-based

18  claims with sufficient specificity to withstand a Motion to Dismiss and the Cohen

19  Defendants' MFJ should be denied. To the extent that this Court deems any

20  allegations lacking with respect to the Alter Ego Count VI of the FAC and/or Counts

21  VII and VIII, in which fraud and/or bad faith are alleged, Plaintiff respectfully seeks

22  leave to amend with greater specificity.

23  <center>**CONCLUSION**</center>

24      WHEREFORE, for the reasons stated hereinabove, Plaintiff respectfully

25  requests that this Court enter an order dying Defendants' Motion or, in the

26  alternative, granting Plaintiff leave to amend its First Amended Complaint, and for

27  any and all such other further relief as this Court deems necessary and proper.

28

1   DATED: October 26, 2020                Respectfully submitted,

2                                          **BEATBOX MUSIC PTY, LTD.**

3                                             */s/ Heather L. Blaise*

4                                          HEATHER L. BLAISE, ESQ. (SBN 261619)

5                                          123 N. Wacker Drive, Suite 250
                                           Chicago, IL 60606
6                                          Telephone: 312-448-6602

7                                          Email: hblaise@blaisenitschkelaw.com

8                                          *Attorney for Plaintiff*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF BEATBOX MUSIC PTY, LTD.'S RESPONSE TO MICHAEL COHEN'S AND MCPC HOLDINGS, LLC'S MOTION FOR JUDGMENT ON THE PLEADINGS AS TO THE FIRST AMENDED COMPLAINT'S 1ST, 2ND, & 6TH CAUSES OF ACTION