Douglas J. Rosner, ESQ., SBN 094466
rosnerlaw@earthlink.net
LAW OFFICES OF DOUGLAS JOSEPH ROSNER
2625 Townsgate Road, Suite 330
Westlake Village, California 91361
Telephone No. (818) 501-8400
Facsimile No.: (818) 880-4485

Attorney for Defendant/Cross-Defendants,
Labrador Entertainment, Inc. dba Spider Cues
Music Library, Labrador Entertainment, LLC,
Noel Palmer Webb, an individual and Webb Family Trusts

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| BEATBOX MUSIC, PTY, LTD.,<br><br>Plaintiff,<br><br>vs.<br><br>LABRADOR ENTERTAINMENT, INC., DBA SPIDER CUES MUSIC LIBRARY, a California corporation,<br><br>Defendants.<br><br>―――――――――――――<br><br>MICHAEL COHEN, an individual,<br><br>Cross-Complainant,<br><br>vs.<br><br>LABRADOR ENTERTAINMENT INC., D/B/A SPIDER CUES MUSIC LIBRARY, a California Corporation,<br><br>Cross-Defendant. | Case No. 2:17-cv-6108-MWF (JPRx)<br>*Assigned to the Hon. Michael W. Fitzgerald*<br><br>Memorandum of Points and Authorities in Support of Motion for Judgment on the Pleadings by Labrador Entertainment Defendants, Noel Palmer Webb, and Webb Family Trust<br><br>Hearing Date: January 11, 2021<br>Time: 10:00 a.m.<br>Place: Courtroom 5A - Los Angeles<br>Judge: Hon. Michael W. Fitzgerald<br>[Proposed Order Filed Concurrently Herewith] |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS

Case No. 2:17-cv-6108-MWF

i

| TABLE OF CONTENTS | PAGE NUMBER |
|---|---|
| NOTICE OF MOTION | 1-3 |
| MEMORANDUM OF POINTS AND AUTHORITIES | 2 |
| I. INTRODUCTION | 3 |
| II. STATEMENT OF ISSUES TO BE DECIDED | 3 |
| III. ARGUMENT | 3 |
| A. "Alter Ego Theory" is not a cause of action | 4 |
| 1. Individuals are presumptively not liable for the acts of corporate entities | 5 |
| 2. Mr. Webb has not personally guaranteed any Labrador obligations | 6 |
| 3. Labrador is not Mr. Webb's (or the trust's) alter ego | 6 |
| 4. Beatbox does not allege participation in any specific tortious conduct | 7 |
| B. Beatbox's voidable transfer claims fail, given other relief available to it | 7 |
| 1. Beatbox has not sustained any injury to support its claims | 9 |
| 2. The Court may join the LLC entity as a defendant to the contract claims | 9 |
| 3. Beatbox has adequate remedies at law against the Labrador defendants | 10 |
| C. Dismissal of Beatbox's claims with prejudice is warranted | 11 |
| IV. CONCLUSION | 12 |

# TABLE OF AUTHORITIES

**Statutes**                                                          Page Number

Federal Rule of Civil Procedure 12(c). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4, 11

Federal Rule of Civil Procedure 25(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 9, 10

Federal Rule of Civil Procedure 12(b)(6). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 11

Civil Code § 3439. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

Civil Code § 3439.07.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

**Cases**

Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.
896 F.2d 1542 (9th Cir. 1990).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Landmark Am. Ins. Co. v. Navigators Ins. Co.
354 F.Supp.3d 1078  (N.D. Cal. 2018).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)... . . . . . . . . . . . . . . . . . . . . . . . 4

Local 159 et al. v. Nor-Cal Plumbing, 185 F.3d 978 (9th Cir. 1999).. . . . . . . . . . . 4

Cambridge Elecs. Corp. v. MGA Elecs., Inc. 227 F.R.D. 313 (C.D. Cal. 2004). . . . 4

Elizabeth Arden, Inc. v. Merch. of Tennis, Inc., No. 10-cv-9949-PA
2011 WL 13217930 (C.D. Cal. July 25, 2011). . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Seaman v. Valley Health Care Med. Grp., Inc., No. 09-CV-8532
2011 WL 13213625 (C.D. Cal. Apr. 25, 2011).. . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Dole Food Co. v. Patrickson, 538 U.S. 468 (2003). . . . . . . . . . . . . . . . . . . . . . . . . 5

**Cases** (Continued)            Page Number

Grosset v. Wenaas, 42 Cal.4th 1100 (2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Eleanor Licensing LLC v. Classic Recreations LLC 21 Cal.App.5th 599 (2018). . . . 6

Wyatt v. Union Mortg. Co., 24 Cal.3d 773 (1979). . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Mesler v. Bragg Management Co., 39 Cal.3d 290 (1985). . . . . . . . . . . . . . . . . . . . . 6

Hennessey's Tavern, Inc. v. Am. Air Filter Co. 204 Cal. App. 3d 1351 (1988). . . . . 6

Flynt Distrib. Co. v Harvey, 734 F.2d 1389, 1393 (9th Cir. 1984). . . . . . . . . . . . . . . 7

Cisco Sys. Inc. v. Link US, LLC, No. 18-cv-07576-CRB
2019 WL 6682838 (N.D. Cal. Dec. 6, 2019). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Mehrtash v. Mehrtash, 93 Cal. App. 4th 75 (Cal. App. 4th 2001). . . . . . . . . 8, 9, 10-11

Lehman Bros. Holdings Inc. v Cafcalas, No. 16-cv-16-03167-JAK
2018 WL 6074597 (C.D. Cal. Feb. 27, 2018). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8-9

Haskins v. Certified Escrow & Mortg. Co. 96 Cal. App. 2d 688 (1950). . . . . . . . . . . 9

In re Bernal, 207 F.3d 595 (9th Cir. 2000). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Uniloc USA Inc. v. LG Elecs. U.S.A. Inc., No. 18-cv-06737-JST
2019 WL 690290 (N.D. Cal. Feb. 19, 2019). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Minn. Min. & Mfg. Co. v. Eco Chem, Inc., 757 F.2d 1256, 1263 (Fed. Cir. 1985).  10

**Cases** (Continued)                                                                 Page Number

Lonberg v. City of Riverside, 300 F.Supp.2d 942 (C.D. Cal. 2004). . . . . . . . . . . . .  11

Dworkin v. Hustler Magazine, Inc., 867 F.2d 1188 (9th Cir. 1989). . . . . . . . . . . .  11

Harris v. Amgen, Inc., 573 F.3d 728 (9th Cir. 2009). . . . . . . . . . . . . . . . . . . . . . .  11

Greenberg v. Sunrun Inc., 233 F.Supp.3d 764 (N.D. Cal. 2017). . . . . . . . . . . . . .  11

In re Yahoo! Inc. Shareholder Derivative Litig.,
153 F.Supp.3d 1107 (N.D. Cal. 2015). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  11

Pixion, Inc. v. Citrix Sys. Inc., No. 09-cv-03496
2012 WL 762005 (N.D. Cal. Mar. 8, 2012). . . . . . . . . . . . . . . . . . . . . . . . . . . .  11

Choi v. 8th Bridge Capital, Inc., No. 17-cv-8958-CAS, 2019
WL 4956147, at *2 (C.D. Cal. Oct. 7, 2019). . . . . . . . . . . . . . . . . . . . . . . . . . .  12

**Publications**

James F. Fotenos et al., California Practice Guide: Corporation
The Rutter Group 2020. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6, 12

Douglas J. Rosner, ESQ., SBN 094466
rosnerlaw@earthlink.net
LAW OFFICES OF DOUGLAS JOSEPH ROSNER
2625 Townsgate Road, Suite 330
Westlake Village, California 91361
Telephone No. (818) 501-8400
Facsimile No.: (818) 880-4485

Attorney for Defendant/Cross-Defendants,
Labrador Entertainment, Inc. dba Spider Cues Music Library,
Labrador Entertainment, LLC, Noel Palmer Webb,
an individual and Webb Family Trusts

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| BEATBOX MUSIC, PTY, LTD., <br><br> Plaintiff, <br> vs. <br><br> LABRADOR ENTERTAINMENT, INC., DBA SPIDER CUES MUSIC LIBRARY, a California corporation, <br><br> Defendants. <br><br> AND RELATED COUNTERCLAIMS | Case No. 2:17-cv-6108-MWF (JPRx) <br> *Assigned to the Hon. Michael W. Fitzgerald* <br><br> Memorandum of Points and Authorities in Support of Motion for Judgment on the Pleadings by Labrador Entertainment Defendants, Noel Palmer Webb, and Webb Family Trust <br><br> Judge: Hon. Michael W. Fitzgerald <br> Date: January 11, 2021 <br> Time: 10:00 a.m. Pacific Time <br> Location: Courtroom 5A <br><br> Complaint Filed: August 17, 2017 |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS

Case No. 2:17-cv-6108-MWF      Page 1 of 13

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Beatbox Music and Defendant Labrador Entertainment, Inc. each claim that the other has breached an April 1, 2009 music licensing agreement between them. But what began as a simple contract claim when Beatbox first filed this lawsuit back in August 2017 has grown much more complex in the course of three years of litigation since then. Labrador brings this motion for judgment on the pleadings to remove some of that unnecessary complexity and empower the parties to work towards resolving the contract dispute at the heart of this case.

Beatbox's operative complaint still revolves around the company's core breach of contract claims against Labrador. [First Amended Complaint "FAC", ECF No. 105, ¶¶ 45, 42-50 [45-53], 59-65 [62-68] (related express indemnity claim).]. Dozens of the FAC's other allegations, however, fail to amount to cognizable legal claims. Specifically, Beatbox's FAC includes: (1) a fifth cause of action titled "Alter Ego Theory" against Labrador's founder Noel Webb and other defendants (Id. ¶¶ 75-77 [78-80]); and (2) seventh and eighth causes of action under California's voidable transfer law based on a transfer of assets between Labrador and its successor entity Labrador Entertainment, LLC (Id. ¶¶ 81-85 [84-88] and ¶¶ 86-93 [89-96]). None of these claims amount to a cause of action, and each should be dismissed.

Beatbox's "Alter Theory Ego" claim fails because alter ego liability is not a standalone cause of action. Its "Fraudulent Conveyance" claims fail because both Labrador entities are defendants in this lawsuit and each faces liability should Beatbox ultimately prevail on its breach of contract claims. Labrador accordingly requests the Court dismiss Beatbox's fifth, seventh, and eighth causes of action on

these bases. Since the Court already dismissed Beatbox's second and fourth causes of action earlier this summer (Order, ECF No. 157, at 28) (order resolving motion to dismiss)—granting this motion will leave Beatbox and Labrador with only the core contract claims left to litigate. Doing so serves the interest of judicial economy.

Finally, to ensure that Beatbox would have adequate legal recourse against both Labrador entities if it were to ultimately prevail, Labrador Entertainment, LLC requests that the Court join it under Federal Rule 25(c) as a defendant to Beatbox's first and third causes of action (breach of contract and express indemnity). The parties agree that Labrador Entertainment, Inc. transferred the music licensing agreement at the crux of this case to Labrador Entertainment, LLC, so that joinder is appropriate. (See FAC, ECF No. 105 ¶¶82 [85] 87 [90], Ans. to FAC, ECF No. 160 ¶¶2, 6.)

## II. STATEMENT OF ISSUES TO BE DECIDED

1. Whether Beatbox's standalone cause of action for "Alter Ego Liability" against Mr. Webb and the Webb Family Trust is a cognizable claim.

2. Whether a claim under California's voidable transfer law is cognizable where both parties to the transfer at issue have appeared as co-defendants.

3. Whether Labrador Entertainment, LLC may be joined under Federal Rule 25(c) as a defendant to Beatbox's breach of contract claims.

## III. ARGUMENT

"Judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." [*Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1990).] "When a party invokes Rule 12(c) to raise the defense of

failure to state a claim, the motion faces the same test as a motion [to dismiss] under Rule 12(b)(6)." [*Landmark Am. Ins. Co. v. Navigators Ins. Co.*, 354 F.Supp.3d 1078, 1081 (N.D. Cal. 2018).] To survive a motion for judgment on the pleadings or motion to dismiss, a complaint must include "enough facts to state a claim to relief that is plausible on its face." [*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).]

Here, Beatbox's FAC contains: (1) a claim for "Alter Ego Liability" that is not a standalone cause of action; and (2) two claims under California's fraudulent conveyance law that cannot justify relief in the context of this lawsuit. Since none of those allegations "state[s] a claim to relief that is plausible on its face[,]" against either of the two Labrador entities, Noel Webb, or the Webb Family Trust (collectively "Defendants"), Defendants request that the Court grant this motion and dismiss each of Beatbox's claims. (*Twombly* at 570.)

**A.  "Alter Ego Theory" is not a cause of action.**

"A request to pierce the corporate veil is only a means of imposing liability for an underlying cause of action and is not a cause of action in and of itself." [*Local 159 et al. v. Nor-Cal Plumbing*, 185 F.3d 978, 985 (9th Cir. 1999); see also *Cambridge Elecs. Corp. v. MGA Elecs., Inc.*, 227 F.R.D. 313, 320 n.24 (C.D. Cal. 2004).] ("Piercing the corporate veil, or 'disregard of the corporate entity' is not an independent cause of action, but merely a method of imposing liability on an underlying cause of action.").

Beatbox's fifth cause of action—a three-paragraph set of conclusory allegations titled simply "Alter Ego Theory" (FAC ECF No. 105, ¶¶ 75-77 [78-80]—can quickly be dismissed on this basis alone. Beatbox's FAC attempts to do exactly what the Ninth Circuit case law cited above expressly does not permit: bring

an alter ego claim that stands separate and apart from any of the company's actual causes of action. Central District courts have readily dismissed standalone alter ego allegations in analogous situations. [E.g., *Elizabeth Arden, Inc. v. Merch. of Tennis, Inc.*, No. 10-cv-9949-PA, 2011 WL 13217930, at *7 (C.D. Cal. July 25, 2011. (granting motion to dismiss alter ego "claim"); *Seaman v. Valley Health Care Med. Grp., Inc.*, No. 09-CV-8532, 2011 WL 13213625, at *4 (C.D. Cal. Apr. 25, 2011) (dismissing alter ego "claim" with prejudice).]

Even if Beatbox's alter ego allegations were tied to a viable cause of action, they could still be dismissed insufficiently specific here. Rather than including in its FAC any particular theory about how Mr. Webb or the Webb Family Trust misused the corporate form, Beatbox simply recites a rote set of alter ego liability allegations in an attempt to expand the scope of this litigation as drastically as possible and gain additional leverage over Mr. Webb. These conclusory allegations are not enough to justify the continued presence of Mr. Webb or the trust as defendants in this case. Disregarding the corporate form is the exception, not the norm, and there is no reason to deviate from that well-established principle here.

**1. Individuals are presumptively not liable for the acts of corporate entities.**

Corporations are separate legal entities. They are distinct from the individuals who create them and distinct from their shareholders. [E.g., *Dole Food Co. v. Patrickson*, 538 U.S. 468, 474 (2003); *Grosset v. Wenaas*, 42 Cal.4th 1100, 1108 (2008).] As such, a corporation's shareholders, directors, and officers are generally not personally responsible for that corporation's obligations. This distinction is a fundamental basis of corporate law.

There are three exceptions to this general rule. First, individuals can personally guarantee corporate obligations if they so choose. [See JAMES F. FOTENOS ET AL., CALIFORNIA PRACTICE GUIDE: CORPORATIONS ¶ 2:48 (THE RUTTER GROUP 2020.] Second, individuals can be personally liable as defendants in specific causes of action if the corporation serves as their "alter ego." *[Eleanor Licensing LLC v. Classic Recreations LLC*, 21 Cal.App.5th 599, 615 (2018).] Third, individuals can become personally liable for torts of a corporation if they "directly ordered, authorized or participated in [] tortious conduct." *[Wyatt v. Union Mortg. Co.*, 24 Cal.3d 773, 785 (1979).] None of these exceptions applies here.

**2. Mr. Webb has not personally guaranteed any Labrador obligations.**

Beatbox makes no allegations that Mr. Webb or the trust has personally guaranteed any of the Labrador entities' corporate obligations. This first exception is not relevant here.

**3. Labrador is not Mr. Webb's (or the trust's) alter ego.**

Beatbox offers only three conclusory paragraphs' worth of alter ego allegations. Complaint, ¶¶ 75-77 [78-80]. These broad allegations are insufficient, given that "the corporate form will be disregarded only in narrowly defined circumstances and only when the ends of justice so require." *[Mesler v. Bragg Management Co.*, 39 Cal.3d 290, 301 (1985).]

As discussed above, alter ego liability is not "a claim for substantive relief." [*Hennessey's Tavern, Inc. v. Am. Air Filter Co.*, 204 Cal. App. 3d 1351, 1359 (Cal. App. 3d. 1988).] Rather, it is a "procedural" ground for "disregard[ing] the corporate entity as a distinct defendant and to hold the alter ego individuals liable on the obligations of the corporation." [Id.] "To apply the alter ego doctrine, [a] court must

determine (1) that there is such unity of interest and ownership that the separate personalities of the corporation and the individuals no longer exist and (2) that failure to disregard the corporation would result in fraud or injustice." [*Flynt Distrib. Co.* v. *Harvey*, 734 F.2d 1389, 1393 (9th Cir. 1984).] "The Ninth Circuit has found this standard met when, for example, the individual defendants were 'the sole shareholders of the corporations and the sole partners of the partnerships,' 'converted the assets of the various corporations and partnerships for their own use and dealt with them as if they were one,' and left a number of the corporations undercapitalized." [*Cisco Sys. Inc. v. Link US, LLC*, No. 18-cv-07576-CRB, 2019 WL 6682838, at *3 (N.D. Cal. Dec. 6, 2019). ] Here by contrast, Beatbox's FAC rests only on a conclusory bullet-point list of rote allegations about how Mr. Webb created and maintained the entities at issue. This is not an adequate basis to impose alter ego liability for any of Beatbox's claims.

**4. Beatbox does not allege participation in any specific tortious conduct.**

Individuals who direct, order, or authorize corporations under their control to commit torts can also be held liable for those acts. But this is a breach of conduct lawsuit, and Beatbox's operative complaint does not contain any tort claims. There is no reason to consider the traditional common law "tortious conduct" exception as a separate basis of individual liability.

**B. Beatbox's voidable transfer claims fail, given other relief available to it.**

California's voidable transfer statute, Civil Code § 3439, exists to ensure that creditors are not left holding the bag if an unscrupulous debtor tries to evade its obligations by moving assets to another entity. That is a nonissue here, given that both the transferor (Labrador Entertainment, Inc.) and transferee (Labrador

Entertainment, LLC) are named defendants facing potential liability should Beatbox ultimately prevail on its claims. Neither the California's Uniform Fraudulent Transfer Act ("UFTA") nor the Uniform Voidable Transactions Act ("UVTA") which replaced it four years ago applies in this case. [See Cal. Civ. Code § 3439 (UVTA effective January 1, 2016).]

Beatbox specifically alleges that "Webb caused Defendant Labrador Entertainment, Inc." to transfer all its assets "to Defendant Labrador Entertainment, LLC[.]" (FAC, ECF No. 105, ¶ 82 [85].) Both Labrador Entertainment, Inc. and Labrador Entertainment, LLC have answered the Complaint and confirmed that a "transfer[] for consideration the assets of Labrador [Inc.] to Labrador LLC" did in fact occur. (Ans. to FAC, ECF No. 160 ¶¶ 2, 6.) Given those appearances and the Court's power to ultimately hold either of those two defendant entities liable for the amount of any judgment, no assets have been moved "beyond the reach" of Beatbox. Since the company faces no prejudice as a result of this transfer, the voidable transfer statute does not apply.

UVTA and UFTA case law confirm this. Under the statute, any "plaintiff seeking the equitable relief of setting aside a transfer of property must show entitlement to relief and inadequacy of a remedy at law." [*Mehrtash v. Mehrtash*, 93 Cal. App. 4th 75, 80 (Cal. App. 4th 2001).] Beatbox will not be able to make that showing, as its breach of contract remedies at law already afford sufficient relief. The company's twin claim under California common law does nothing to change this conclusion, as "the necessary elements and available remedies for a fraudulent transfer under common law are the same as under the [Uniform Act]." (Order on Motion to Dismiss, ECF No. 157, at 25 [citing *Lehman Bros. Holdings Inc. v.*

*Cafcalas*, No. 16-cv-16-03167-JAK, 2018 WL 6074597, at *6 (C.D. Cal. Feb. 27, 2018).]

### 1. Beatbox has not sustained any injury to support its claims.

"A transfer in fraud of creditors may be attacked only by one who is injured by the transfer. A creditor does not sustain injury unless the transfer puts beyond [its] reach property which [it] otherwise would be able to subject to the payment of [its] debt." [*Haskins v. Certified Escrow & Mortg. Co.*, 96 Cal. App. 2d 688, 691 (1950).] "Cases decided under the Uniform Act have consistently held that prejudice to the plaintiff is essential to relief." (*Id.*; *Mehrtash*, 93 Cal. App. 4th at 80.) (reaffirming that "prejudice to the plaintiff is essential" and framing the holding in *Haskins* as stating a "well-established principle of the law").

Here, Beatbox cannot show any prejudice resulting from the transfer because no property has been put "beyond [its] reach." (*Haskins*, 96 Cal. App. 2d at 691.) Both the transferor entity (Labrador Entertainment, Inc.) and the transferee entity (Labrador Entertainment, LLC) are parties to this lawsuit, so this Court may simply add the LLC as a defendant to Beatbox's contract claims under Rule 25(c) and hold that entity liable as appropriate.

### 2. The Court may join the LLC entity as a defendant to the contract claims.

Beatbox may object that its contract claims currently name only one of the two Labrador entities (the Inc.) as a defendant. (FAC, ECF ¶¶ 45, 42-50 [45-53], 59-65 [62-68.] This is easily rectified, as the Court may simply join the transferee entity (the LLC) under Federal Rule 25(c) as a defendant to those claims. This joinder serves the interests of judicial efficiency, as it will allow the parties to finally resolve

the core contract claims between them rather than starting to litigate an irrelevant fraudulent transfer claim. Labrador accordingly requests that the Court join the LLC as a defendant to Beatbox's first and third causes of action.

Rule 25(c) exists to address exactly this type of situation. The rule "is not designed to create new relationships among parties to a suit but is designed to allow the action to continue unabated when an interest in the lawsuit changes hands.'" *[In re Bernal*, 207 F.3d 595, 598 (9th Cir. 2000).] Under Rule 25(c), '[t]he transferee is not joined because its substantive rights are in question; rather, the transferee is brought into court solely because it has come to own the property in issue.'" *[Uniloc USA Inc. v. LG Elecs. U.S.A. Inc.*, No. 18-cv-06737-JST, 2019 WL 690290, at *1 (N.D. Cal. Feb. 19, 2019) (quoting *Minn. Min. & Mfg. Co. v. Eco Chem, Inc.*, 757 F.2d 1256, 1263 (Fed. Cir. 1985).] Since the parties agree that Labrador Entertainment, Inc. transferred the 2009 contract at the crux of this case to Labrador Entertainment, LLC, such joinder is plainly appropriate. (See FAC, ECF No. 105 ¶¶44 [47] 82 [85] 87 [90], Ans. to FAC, ECF No. 160 ¶¶2, 6.)

**3. Beatbox has adequate remedies at law against the Labrador defendants.**

The UVTA provides for various forms of equitable relief such as: "[a]voidance of the transfer or obligation to the extent necessary to satisfy the creditor's claim"; "[a]n attachment or other provisional remedy against the asset transferred or other property of the transferee"; "[a]n injunction against further disposition by the debtor or a transferee"; and "[a]ppointment of a receiver to take charge of the asset transferred or other property of the transferee." (Cal. Civ. Code § 3439.07. ) But as with all equitable relief, these remedies are only available after a party "show[s] entitlement to relief and inadequacy of a remedy at law." [*Mehrtash v. Mehrtash*, 93

Cal. App. 4th 75, 80 (2001).] Beatbox will not be able to do so in this contract dispute, as the compensatory damages it seeks would be entirely adequate should it ultimately prevail on its claims.

### C. Dismissal of Beatbox's claims with prejudice is warranted.

Federal Rule 12(c) does not expressly authorize courts to grant a party leave to amend a defective pleading after granting a motion for judgment on the pleadings. But courts occasionally do so, reasoning that a motion for judgment on the pleadings "is functionally identical" to a motion to dismiss under Federal Rule 12(b)(6). [*Lonberg v. City of Riverside*, 300 F.Supp.2d 942, 945 (C.D. Cal. 2004) (citing *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989).] As with a 12(b)(6) motion, dismissal without leave to amend is appropriate when it is "clear" that the challenged claims "could be saved by any amendment." [*Harris v. Amgen, Inc.*, 573 F.3d 728, 737 (9th Cir. 2009)]; see, e.g., Greenberg v. Sunrun Inc., 233 F.Supp.3d 764, 775 (N.D. Cal. 2017) (dismissing a party's claims when "leave to amend would be futile"); *In re Yahoo! Inc. Shareholder Derivative Litig.*, 153 F.Supp.3d 1107, 1128 n.14 (N.D. Cal. 2015) (dismissing claims without leave to amend where plaintiffs had "not identified any facts that indicate amendment could cure the defects in the Complaint"); *Pixion, Inc. v. Citrix Sys. Inc.*, No. 09-cv-03496, 2012 WL 762005, at *8 (N.D. Cal. Mar. 8, 2012) (granting motion for judgment on pleadings without leave to amend).]

Beatbox's standalone claim for "Alter Ego Liability" and its voidable transfer claims are clearly unsupportable. Even if granted leave to amend, Beatbox would still have no way to plead a standalone alter ego liability cause of action or allege that it has suffered harm sufficient to justify relief under California's voidable transfer

statute. Dismissing Beatbox's futile claims without leave to amend at this point serves the interests of judicial economy by sparing both parties the burden and expense of continuing to litigate: the parties have already been doing so for over three years, so Beatbox should not be allowed to start over from scratch now. If it is, the company will continue to burden the Court with more meritless claims, and Labrador will have no choice but to continue to file motions like this one. Labrador accordingly requests that the Court simplify this litigation by dismissing Beatbox's fifth, seventh, and eighth claims without leave to amend.

## IV. CONCLUSION

Motions for judgment on the pleadings exist to "save the parties needless and often considerable time and expense which otherwise would be incurred during discovery and trial." [*Choi v. 8th Bridge Capital, Inc.*, No. 17-cv-8958-CAS, 2019 WL 4956147, at *2 (C.D. Cal. Oct. 7, 2019) (quoting THE RUTTER GUIDE).] Those benefits are on full display here, given that Beatbox has spent much of the past three years layering unnecessary complexity on top of its very simple breach of contract lawsuit. Fortunately, this Court has already addressed much of the problem by dismissing two of Beatbox's superfluous claims earlier this summer. (Order, ECF No. 157.)  As it resolves this motion, it now has the power to clean up the rest of unnecessary confusion Beatbox has created and turn this action into what it should have been in the first place: a straightforward breach of contract dispute between corporations. Labrador requests that it do so.

*[Signature follows on next page]*

---

Dated: December 11, 2020

LAW OFFICES OF DOUGLAS JOSEPH ROSNER

/s/ Douglas J. Rosner

By: DOUGLAS J. ROSNER
SBN 094466
Attorney for Defendant
Attorney for Defendant/Cross-Defendants,
Labrador Entertainment, Inc. dba
Spider Cues Music Library,
Labrador Entertainment, LLC, Noel Palmer Webb,
an individual and Webb Family Trusts
2625 Townsgate Road, Suite 330
Westlake Village, California 91302
Telephone No. (818) 501-8400
email: rosnerlaw@earthlink.net