1 | BLAISE & NITSCHKE, P.C.
2 | HEATHER L. BLAISE, ESQ. (SBN 261619)
| 123 N. Wacker Drive, Suite 250
3 | Chicago, IL 60606
| Telephone: 312-448-6602
4 | Email: hblaise@blaisenitschkelaw.com
5
6 | Attorneys for Plaintiff,
| BEATBOX MUSIC PTY, LTD.
7

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEATBOX MUSIC PTY, LTD., | CASE NO: 2:17-cv-6108 MWF (JPRx) |
| | *Assigned to the Hon. Michael W. Fitzgerald* |
| Plaintiff, | |
| | **PLAINTIFF BEATBOX MUSIC PTY, LTD.'S RESPONSE TO LABRADOR ENTERTAINMENT, INC., LABRADOR ENTERTAINMENT, LLC, NOEL WEBB AND WEBB FAMILY TRUST'S MOTION FOR JUDGMENT ON THE PLEADINGS AS TO THE FIRST AMENDED COMPLAINT'S 5TH, 7TH, & 8TH CAUSES OF ACTION** |
| v. | |
| LABRADOR ENTERTAINMENT, INC. D/B/A SPIDER CUES MUSIC LIBRARY, a California corporation; NOEL PALMER WEBB, an individual; MICHAEL COHEN, an individual; LABRADOR ENTERTAINMENT, LLC; MCPC HOLDINGS, LLC; WEBB FAMILY TRUST and DOES 1-20, inclusive, | |
| Defendants. | |
| MICHAEL COHEN, an individual, | **Hearing Date: January 11, 2021**<br>**Time: 10:00 AM**<br>**Courtroom: 5A** |
| Cross-Complainant, | |
| v. | |
| LABRADOR ENTERTAINMENT, INC. D/B/A SPIDER CUES MUSIC LIBRARY, a California Corporation, | Trial Date: November 30, 2021<br>Cross-Claim Filed: November 21, 2017<br>Action Filed: August 17, 2017 |
| Cross-Defendant. | |

- i -

1    LABRADOR ENTERTAINMENT INC.,
2    D/B/A SPIDER CUES MUSIC
     LIBRARY, a California Corporation, ET
3    AL.,
4                 Counter-Claimants,
5
                    v.
6
7    BEATBOX MUSIC PTY, LTD.,
     MICHAEL COHEN, and individual, and
8    DOES 1-20, inclusive,
9             Counter-Defendants.

10        Plaintiff Beatbox Music Pty., Ltd. ("Beatbox") respectfully submits its

11 Response in Opposition ("Response") to the Motion for Judgment on the Pleadings

12 ("Motion for Judgment," "MFJ") filed by Labrador Entertainment, LLC, Labrador

13 Entertainment, Inc. d/b/a Spider Cues Music Laboratory, Noel Webb, and the Webb

14 Family Trust (collectively, "Defendants"), as follows:

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# INTRODUCTION

Defendants' MFJ seeks judgment the pleadings under Federal Rule 12(c), and dismissal of Beatbox's fifth, seventh, and eight causes of action with prejudice. MFJ at 2. Defendants assert that Beatbox's Alter Ego Theory claim, plead as Count V of the FAC, is not cognizable as a standalone cause of action. *Id*. Defendants argue that Counts VII and VIII of the First Amended Complaint ("FAC") fail because, they say, Beatbox cannot show it has suffered any prejudice as a result of the transfer at issue and because Plaintiff has adequate legal remedies. *Id*. Defendants state in their MFJ that both entities involved in the transfer—Labrador Entertainment, Inc. and Labrador Entertainment, LLC—are parties hereto, and face liability should Plaintiff prevail on its contract claims. *Id*.

Labrador Entertainment, LLC also requests an order under Federal Rule 25(c) joining it as a defendant to Beatbox's first cause of action (breach of contract) and third cause of action (express indemnity). MFJ at 3. Labrador Entertainment, LLC argues that its joinder is appropriate and serves all parties, based on its false assertion that the parties have agreed "that the contract at issue in this lawsuit has been transferred to that LLC." *Id*.

# STANDARD OF REVIEW

Under Rule 12(c), "[a]fter the pleadings are closed-but early enough not to delay trial-a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Judgment on the pleadings is properly granted when the court, accepting all the allegations in the pleadings as true and construing them in the light most favorable to the nonmoving party, concludes that the moving party is entitled to judgment as a matter of law. *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). No issue of material fact may be in dispute. *Id*. Importantly, Defendants' MFJ never asks for judgment as a matter of law and only requests "dismissal."

When Rule 12(c) is used to raise the defense of failure to state a claim upon which relief can be granted, the standard governing a motion for judgment on the

pleadings is the same as that governing a Rule 12(b)(6) motion. *See McGlinchy v. Shell Chemical Co.*, 845 F.2d 802, 810 (9th Cir. 1988). As a result, a motion for judgment on the pleadings for failure to state a claim may be granted "'only if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations.'" *McGlinchy*, 845 F.2d at 810 (*quoting Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)); *see also Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989) ("The principal difference between motions filed pursuant to Rule 12(b) and Rule 12(c) is the time of filing. Because the motions are functionally identical, the same standard of review applicable to a Rule 12(b) motion applies to its Rule 12(c) analog.").

Thus, "[a] judgment on the pleadings is properly granted when, taking all allegations in the pleading as true, the moving party is entitled to judgment as a matter of law." *Enron Oil Trading & Transp. Co. v. Walbrook Ins. Co.*, 132 F.3d 526, 528 (9th Cir. 1997) (*citing McGann v. Ernst & Young*, 102 F.3d 390, 392 (9th Cir. 1996)). "Not only must the court accept all material allegations in the complaint as true, but the complaint must be construed, and all doubts resolved, in the light most favorable to the plaintiff." *McGlinchy*, 845 F.2d at 810.

To withstand a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility" if the plaintiff pleads facts that allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

## ARGUMENT

**A.      Plaintiffs must plead the elements necessary to impose alter ego liability within any complaint filed herein.**

Defendants submit that Count V of Beatbox's FAC must be dismissed. FAC at 4-5. If the Court elects to dismiss Count V, Beatbox must be granted leave to amend the FAC to allege facts sufficient to support any alter ego theory of liability herein.

### 1. Two exceptions to the general rule against liability of individuals for corporate acts apply in this case.

Defendants correctly state that, typically, individuals are not liable for the acts of corporate defendants. FAC at 5. California law permits plaintiffs to recover from individuals for the acts of corporate defendants where a corporate defendant is found to serve as the "alter ego" of the individual, and where the individual is liable for tortious conduct in connection with its role with the corporation. *Misik v. D'Arco*, 197 Cal. App. 4th 1065, 1074 (2011); *In re Nassbridges*, 434 B.R. 573, 582 (Bankr. C.D. Cal. 2010). Plaintiff alleges that Webb directly ordered and authorized tortious conduct, including his fraudulent transfers that remain properly before this Court. *See* FAC at 12, 13, 16-18. Accordingly, Plaintiff has pleaded facts sufficient to give rise to liability under an alter ego theory of liability.

### 2. Labrador Entertainment, Inc. and Labrador Entertainment LLC are the alter egos of Noel Webb.

Taking the allegations of the FAC as true, the corporate defendants associated with Webb are his alter egos. There exists a unity of interest and ownership between Webb and Labrador Entertainment, Inc., Labrador Entertainment, LLC, and The Webb Family Trust. FAC at 13. Further, adherence to the fiction of the separate existence of corporate entities with which Webb is associated "would permit an abuse of the corporate privilege and would sanction fraud and permit injustice." FAC at 14.

Defendants argue that Count V sounding in "Alter Ego" is not a cause of action under California law. MFJ at 4-5. As noted in Plaintiff's response to the Motion for Judgment on the Pleadings filed by other defendants hereto, ample authority exists to suggest that pleading Alter Ego is appropriate under California law and Federal practice. *Cadence Design Sys. v. Pounce Consulting, Inc.*, No. 17-cv-04732-PJH (SK), 2019 U.S. Dist. LEXIS 68125 (N.D. Cal. Apr. 1, 2019), *Casitas A Footwear Co. v. Lbsecond, Inc.*, No. CV 18-4410 FMO (SKx), 2018 U.S. Dist. LEXIS 198046, at *7 (C.D. Cal. Nov. 19, 2018); *Leek v. Cooper*, 194 Cal. App. 4th 399, 417 (2011).

1   Notably, the cases cited by Defendants in their MFJ all pre-date the opinion
2   issued in *Leek v. Cooper*, which discussed a split of authority as to whether alter ego
3   must be pleaded in a complaint, noting that a complaint must set forth facts
4   sufficiently precise to place defendant(s) on notice about the complained-of conduct
5   and remedies sought, and holding that "[t]o recover on an alter ego theory, a plaintiff
6   need not use the words 'alter ego,' but must *allege* sufficient facts to show a unity of
7   interest and ownership, and an unjust result if the corporation is treated as the sole
8   actor." *Leek*, 194 Cal. App. 4th at 415. (*citing Signal Hill Aviation Co. v. Stroppe*, 96
9   Cl.App.3d 627, 636 (1979) and *Vasey v. California Dance Co.*, 70 Cal.App.3d 742,
10  749 (1977) (*emphasis added*)). A plaintiff will succeed on an alter ego claim in
11  showing: "(1) such a unity of interest and ownership between the corporation and its
12  equitable owner that no separation actually exists, and (2) an inequitable result if the
13  acts in question are treated as those of the corporation alone." *Leek*, 194 Cal. App. 4th
14  at 415 (*citing Sonora Diamond Corp. v. Superior Court*, 83 Cal.App.4th 523, 538
15  (2000)). *Lopez v. Escamilla*, 48 Cal. App. 5th 763, 765 (2020); *Conde v. Sensa*, 2016
16  U.S. Dist. LEXIS 144313, *7-9 (S.D. Cal. Oct. 17, 2016); *Zoe Mktg. v. Impressons,
17  LLC*, 2015 U.S. Dist. LEXIS 181789, *18-19 (S.D. Cal. June 1, 2015).

18      Defendants' MFJ asserts that, should this Court allow Plaintiff's Alter Ego
19  claim against them to stand, that Plaintiff's allegations are insufficiently specific to
20  state a claim for relief. MFJ at 5-7. Plaintiff has clearly met the requirements imposed
21  by Rule 8 as explained in *Pacific Bell Telephone Co. v. 88 Connection Corp. Pac.
22  Bell Tel. Co. v. 88 Connection Corp.*, No. 15-cv-04554-LB, 2016 U.S. Dist. LEXIS
23  77345, at *10-13 (N.D. Cal. June 14, 2016). The defendants in that case advanced a
24  similar argument to the one advanced here, and have been advanced by other
25  defendants herein: that Plaintiff has not pleaded facts to support its Alter Ego count
26  against them with sufficient specificity Fed. R. Civ. P. 9(b).
27      The *Pac Bell* Court explained:
28

1
2
3
The defendants argue that the plaintiffs have not pleaded facts showing that the defendants acted in "bad faith" or with "fraudulent intent." The defendants contend that such allegations are necessary to pleading a viable alter-ego theory.

4
5
6
7
It is not clear that they are necessary. Some cases do describe alter-ego liability as entailing "conduct amounting to bad faith." But the bulk of case law seems to omit or even expressly disavow a bad-faith or fraudulent-intent requirement. In a 2013 alter-ego decision, for example, the California Court of Appeals held:

8
9
10
> The trial court erred in requiring [the plaintiff] to prove that the [defendants] acted with wrongful intent. The law does not require such proof. [The plaintiff] was required to prove that the [defendants'] acts caused an "inequitable result." […] [T]he [defendants'] intent is beside the point.

11
12
The Southern District of California reviewed this topic in 2012 and, citing both Ninth Circuit and California Supreme Court precedent, likewise concluded that alter-ego liability does not require bad faith:

13
14
15
16
17
18
19
> [T]he California Supreme Court has declared that it is not necessary that the party asserting the alter-ego theory prove actual fraud. It is enough if the recognition of the two entities as separate would result in an injustice. The later alter-ego cases from the California Supreme Court, namely *Mesler* and *Resnick*, are silent on whether bad faith or fraud must be proven in order to satisfy the second prong of the alter-ego doctrine, though neither required such a showing. The Ninth Circuit has recognized *Mesler* and *Resnick* and has applied them without requiring a showing of fraud or bad faith.

20
21
22
23
This court is bound by the Ninth Circuit's view of California […] that bad faith is not an alter-ego requisite. The court need go no further into the matter now. Even if bad faith is necessary to a viable alter-ego theory, the plaintiffs have sufficiently pleaded facts that would allow a fact-finder "to draw the reasonable inference" that the defendant acted with the necessary intent[.]

24
25
*Pac. Bell Tel. Co. v. 88 Connection Corp.*, No. 15-cv-04554-LB, 2016 U.S. Dist. LEXIS 77345, at *10-13 (N.D. Cal. June 14, 2016)(internal citations omitted).

26
27
28
Similarly, sufficient facts are alleged in to Count V and the FAC has already been found to sufficiently allege facts to support Count VII and Count VIII. *See* Order at 3, 25, 26 ("Beatbox's seventh and eighth claims of statutory and common

- 5 -

1  law fraudulent conveyance because they are sufficiently pled and ripe for

2  adjudication"; "Beatbox has also asserted a claim for fraudulent conveyance under

3  California common law. (FAC ¶¶ 85-89). Because the necessary elements and

4  available remedies for a fraudulent transfer under common law are the same as under

5  the UFTA, the common law claim is adequately pled for the same reasons stated

6  above. *See, e.g., Lehman Bros. Holdings Inc. v. Cafcalas*, No. LA CV-16-03167 JAK

7  (PJWx), 2018 WL 6074597, at *6 (C.D. Cal. Feb. 27, 2018) (citation omitted).

8      This Court has already ruled that Plaintiff has alleged its claims with sufficient

9  specificity to withstand a motion for summary judgment. Defendants' MFJ should be

10  denied. To the extent that this Court deems any allegations lacking with respect to the

11  Alter Ego Count V of the FAC and/or Counts VII and VIII, in which fraud and/or bad

12  faith are alleged, Plaintiff respectfully seeks leave to amend with greater specificity.

13      **3.  Beatbox alleges Defendants' participation in multiple tortious acts.**

14      Defendants also incorrectly assert that "this is a breach of conduct lawsuit, and

15  Beatbox's operative complaint does not contain any tort claims." MFJ at 7. They then

16  urge this Court, without citation to any authority, to ignore the common law "tortious

17  conduct" exception as a separate basis of individual liability for the acts of a

18  corporate defendant. *Id*. However, Plaintiff's FAC includes claims for fraudulent

19  transfer. *See generally*, FAC, Dkt. 105 at 12-18. California's federal courts recognize

20  fraudulent transfers as tortious. *See Gottex Fund Mgmt. v. MKA Real Estate*

21  *Opportunity Fund I, LLC*, 2013 U.S. Dist. LEXIS 198339 *10 (N.D. Cal. 2013).

22  Thus, Beatbox has pleaded that Mr. Webb has engaged in tortious conduct.

23  **B.   Beatbox's fraudulent conveyance claims must stand.**

24      Defendants suggest that neither California's Uniform Fraudulent Transfer Act

25  ("UFTA") nor the Uniform Voidable Transactions Act ("UVTA") apply in this case.

26  MFJ at 8. Beatbox cannot succeed on its fraudulent transfer claims because, they say,

27  Beatbox cannot show that it has suffered any prejudice where "no property has been

28  put 'beyond [its] reach.'" MFJ at 9. In a convoluted attempt to avoid the implications

1   of their actions, Defendants posit that this Court may join Labrador Entertainment,

2   LLC, as a defendant to Plaintiff's breach of contract claims as the transferee. MFJ at

3   9-10. Its joinder, they say, would then render the fraudulent transfer causes of action

4   against Labrador Entertainment, LLC and Labrador Entertainment, Inc. inviable

5   where the assets alleged to be fraudulently conveyed would thereby still be within

6   Plaintiff's "reach" by virtue of its contract claims. MFJ at 9-10. Defendants suggest,

7   without any authority, that this Court has the power to "ultimately hold either

8   [Labrador Entertainment, Inc. or Labrador Entertainment, LLC] liable for the amount

9   of any judgment" and that "[Beatbox] faces no prejudice as a result of the transfer."

10  MFJ at 8. In fact, Defendants go even further. They assert that remedies available to

11  Beatbox for breach of contract claims "already afford sufficient relief."  However,

12  Labrador Entertainment, Inc. is insolvent as testified to by Defendant Noel Webb has

13  already testified that Labrador Entertainment, Inc. is insolvent; he has raided the

14  assets of Labrador Entertainment, Inc. and collects money payable to Labrador

15  Entertainment, Inc. and pays it to different entities based on a subjective process

16  conceptualized and executed entirely by Webb, himself. See excerpt of December 3,

17  2019 Deposition of Noel Webb, transcript, attached hereto as Exhibit A, at 210-215.

18  Moreover, Defendant Webb has further continued transferring the copyright assets of

19  Labrador Entertainment, Inc. as recently as December 11, 2020. *See, e.g.*, December

20  11, 2020 email attached hereto as Exhibit B.

21        Defendants cite Federal Rule 25(c)[1] in support of their argument that this Court

22  may join Labrador Entertainment, LLC as a breach of contract defendant. *Id*. Neither

---

24  [1] Rule 25, entitled "Substitution of Parties," provides in pertinent part that "if an

25  interest is transferred*, the action may be continued by or against the original party

26  unless the court, on motion, orders the transferee to be substituted in the action or

    joined with the original party*." F.R.C.P. 25(c). Importantly, the motion must be

27  served as provided in Rule 25(a)(3), which requires that a motion to substitute,

    together with a notice of hearing, must be served on the parties as provided in Rule

28  5 and on nonparties as provided in Rule 4. F.R.C.P. 25(a)(3).

1   Plaintiff nor Defendants have filed any motion seeking to join or substitute Labrador

2   Entertainment, LLC as a breach of contract defendant herein. Accordingly, pursuant

3   to Federal Rule 25(c), this action may be properly continued against Labrador

4   Entertainment, Inc., as pleaded in the FAC. *See* F.R.C.P. 25(c).  Defendants cannot

5   avoid the motion and service requirements of Rule 25 by simply requesting joinder of

6   Labrador Entertainment, LLC to Plaintiff's breach of contract claims in the hope that

7   this Court will further dismiss any equitable claims against Defendants in light of an

8   asserted adequacy of Plaintiff's remedies at law.

9   **C.      Dismissal of Beatbox's claims with prejudice is unwarranted.**

10         Defendants seek dismissal of the fifth, seventh and eighth claims without leave

11  to amend. MFJ at 11-12. Incredibly, this request for relief appears in the same MFJ as

12  Defendants' argument that this Court should add a defendant to Plaintiff's breach of

13  contract claim. *See* MFJ at 9-12. Defendants would have this Court first join what it

14  admits are proper defendants to this action and simultaneously dismiss claims against

15   them without the benefit of discovery.[2]

16         Defendants note that federal Rule 12(c) does not expressly authorize courts to

17  grant leave to amend a defective pleading after granting a motion for judgment on the

18  pleadings. MFJ at 11. However, Rule 15(a) provides that "leave [to amend] shall be

19  freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). Generally, leave to

20  amend is "denied only upon showing of bad faith, undue delay, futility, or undue

21  prejudice..." *Chudacoff v. Univ. Med. Gtr. of S. Nevada*, 649 F.3d 1143, 1152 (9th

22  Cir. 2011). Rule 15(a) "is to be applied with extreme liberality," *Morongo Band of*

23  *Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).

24         As with a 12(b)(6) motion, dismissal without leave to amend is appropriate

25  only when it is "clear" that the challenged claims "could be saved by any

26

27  ─────────────

28  [2] Plaintiff intends to issue additional written discovery on December 22, 2020 to further uncover the extent to which Defendants have gone to fraudulently transfer and conceal assets as revealed in the depositions already taken in this case.

1   amendment." *Harris v. Amgen, Inc.*, 573 F.3d 728, 737 (9th Cir. 2009). None of the
2   cases relied upon by Defendants establish that any amendment would be futile.

3        *In re Yahoo! Inc. Shareholder Derivative Litig.*, 153 F.Supp.3d 1107 (N.D.
4   Cal. 2015), the District Court examined claims for relief brought derivatively on
5   behalf of Yahoo! Inc. for breaches of fiduciary duty and waste of corporate assets. *In
6   re Yahoo!*, 153 F.Supp.3d at 1112-13. The defendants sought dismissal on two
7   grounds: 1) the plaintiffs' failure to plead demand futility; and 2) their failure to state
8   claims under 12(b)(6). *Id*. at 1113. In granting the defendants' motions, the court
9   noted that "[a]ny further amended complaint would have to plead demand
10  futility…and demand plainly could not be excused given that…all of Yahoo's current
11  directors joined the board after the events at issue in this litigation. *Id*. at n. 14.
12  Defendants' reliance on  *In re Yahoo!* ignores the facts here, Plaintiff has adequately
13  alleged fraud-based claims and its alter ego claim is supported by ample facts and
14  additional discovery is likely to result in additional information to support Plaintiff's
15  claims. This is not a case like *In re Yahoo!* where no facts that could be alleged that
16  would allow Plaintiff to state a claim against Defendants. *Id*. at n.14 (dismissing
17  claims without leave to amend where plaintiffs had "not identified any facts that
18  indicate amendment could cure the defects in the Complaint").

19       Defendants' reliance on *Pixion, Inc. v. Citrix Sys. Inc.*, No. 09-cv-03496, 2012
20  WL 762005, at *8 (N.D. Cal. Mar. 8, 2012) frankly defies understanding. *Pixion* is a
21  patent infringement case, addressing questions of the conduct raised by counterclaims
22  asserting that the patents at issue were invalid by virtue of the conduct. *Pixion*, 2012
23  WL 762005 at *1. In *Pixion*, the United States District Court for the Northern District
24  of California granted the plaintiff/counter-defendant's motion for judgment on the
25  pleadings and denied leave to amend. *Id*. at *22. In so doing, it evaluated the
26  plaintiff's intent to deceive, a requirement for proving inequitable conduct as alleged
27  by the defendant in its counterclaim. *Id*. at *21. It found that amendment of the
28

1  defendant/counter-plaintiff's claims would be futile because a future finding of

2  specific intent to deceive was not factually supported. *Id*. at *22.

3      Here, contrary to Defendants' argument, should this Court find that either

4  Beatbox's alter ego cause of action or either of its fraudulent conveyance causes of

5  action are currently insufficiently plead, Beatbox could still allege that it has suffered

6  harm sufficient to justify relief under California's voidable transfer statutes, including

7  the inadequacy of its remedies at law.

8      Should this Court dismiss Count V, Plaintiff respectfully requests leave to

9  amend the FAC to incorporate allegations of alter ego liability in Plaintiff's

10  remaining claims. *See, e.g., Fund Raising v. Alaskans for Clean Water*, 2009 U.S.

11  Dist. LEXIS 106549, *13. Although Plaintiff has pled sufficient facts to establish

12  alter ego liability, *assuming arguendo* that the Court dismisses Count V, Plaintiff

13  respectfully requests leave to amend to FAC to make additional allegations of alter

14  ego liability. As a result, this Court should grant Plaintiff leave to amend the FAC to

15  properly comport with the pleading requirements of California law.

16                          **CONCLUSION**

17      WHEREFORE, for the reasons stated hereinabove, Plaintiff respectfully

18  requests that this Court enter an order denying Defendants' MFJ or, *in the alternative*,

19  granting Plaintiff leave to amend its First Amended Complaint, and for any and all

20  such other further relief as this Court deems necessary and proper.

21  DATED: December 21, 2020          Respectfully submitted,

22

23                          **BEATBOX MUSIC PTY, LTD.**
                              */s/ Heather L. Blaise*
24                          HEATHER L. BLAISE, ESQ. (SBN 261619)
25                          123 N. Wacker Drive, Suite 250
                           Chicago, IL 60606
26                          Telephone: 312-448-6602
27                          Email: hblaise@blaisenitschkelaw.com
                            *Attorney for Plaintiff*
28