Douglas J. Rosner, ESQ., SBN 094466
rosnerlaw@earthlink.net
LAW OFFICES OF DOUGLAS JOSEPH ROSNER
2625 Townsgate Road, Suite 330
Westlake Village, California 91361
Telephone No. (818) 501-8400
Facsimile No.: (818) 880-4485

Attorney for Defendant/Cross-Defendants,
Labrador Entertainment, Inc. dba Spider Cues
Music Library, Labrador Entertainment, LLC,
Noel Palmer Webb, an individual and Webb Family Trusts

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| BEATBOX MUSIC, PTY, LTD.,<br><br>Plaintiff,<br><br>vs.<br><br>LABRADOR ENTERTAINMENT, INC., DBA SPIDER CUES MUSIC LIBRARY, a California corporation,<br><br>Defendants.<br><br>MICHAEL COHEN, an individual,<br><br>Cross-Complainant,<br><br>vs.<br><br>LABRADOR ENTERTAINMENT INC., D/B/A SPIDER CUES MUSIC LIBRARY, a California Corporation,<br><br>Cross-Defendant. | Case No. 2:17-cv-6108-MWF (JPRx)<br>*Assigned to the Hon. Michael W. Fitzgerald*<br><br>Reply to Plaintiff Beatbox Music Pty, LTD.'s Response to Labrador Entertainment, Inc., Labrador Entertainment, LLC, Noel Webb and Webb family Trust's Motion for Judgment on the Pleadings as to the First Amended Complaint's 5th, 7th, & 8th Causes of Action<br><br>Hearing Date: January 11, 2021<br>Time: 10:00 a.m.<br>Place: Courtroom 5A - Los Angeles<br>Judge: Hon. Michael W. Fitzgerald<br>[Proposed Order Filed Concurrently Herewith] |

REPLY TO PLAINTIFF BEATBOX MUSIC PTY, LTD.'S RESPONSE MOTION FOR JUDGMENT ON THE PLEADINGS

Case No. 2:17-cv-6108-MWF

i

**TABLE OF CONTENTS**                  **PAGE NUMBER**

I. INTRODUCTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

III. ARGUMENT.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

A. Alter Ego.... . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

1. Even if an Alter Ego Cause of Action may be asserted on its own, Beatbox fails to plead sufficient facts to support such a cause of action.. . . . . . . . . . 4

2. Beatbox is required to meet FRCP 9(b) as it alleges fraud.. ... . . . . . . . . . . . . . . . 6

3. Beatbox is not entitled to re-allege or re-plead its Alter Ego theory..... . . . . . . . . . 7

B. Beatbox's voidable transfer claims fail, given other relief available to it. . . . . . . . 8

C. Joinder of Parties. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

D. Conclusion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

REPLY TO PLAINTIFF BEATBOX MUSIC PTY, LTD.'S RESPONSE MOTION FOR JUDGMENT ON THE PLEADINGS

Case No. 2:17-cv-6108-MWF

ii

# TABLE OF AUTHORITIES

**Statutes**                                                             Page Number

Federal Rule of Civil Procedure 12(c). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 4, 7

Federal Rule of Civil Procedure 25(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3, 9

Federal Rule of Civil Procedure 12(b)(6). . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 6, 8

Federal Rule of Civil Procedure 8 (a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Federal Rule of Civil Procedure 8 (a) (2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Federal Rule of Civil Procedure 9 (b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Federal Rule of Civil Procedure 15 (a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Uniform Voidable Transactions Act (UVTA). . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Civil Code § 3439. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Federal Rule of Civil Procedure 25(a) (3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

**Cases**

Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047 (9th Cir. 2011). 2

Ashcroft v. Iqbal, 556 U.S. 662 (2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3

Conservation Force v. Salazar, 646 F.3d 1240 (9th Cir. 2011). . . . . . . . . . . . . . . . 2

Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). . . . . . . . . . . . . . . . . . . . . . . 2

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). . . . . . . . . . . . . . . . . . . . 2-3

In re Currency Conversion Fee Antitrust Litigation
265 F.Supp.2d 385, 426 (S.D.N.Y.2003.). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Gerritsen v. Warner Bros. Entm't Inc., 116 F.Supp.3d 1104, (C.D. Cal.2015.). . . . . 4

REPLY TO PLAINTIFF BEATBOX MUSIC PTY, LTD.'S RESPONSE MOTION FOR JUDGMENT ON THE PLEADINGS

Case No. 2:17-cv-6108-MWF

iii

| | **Cases** (Continued) | Page Number |
|---|---|---|
| | Barba v. Seung Heun Lee, 2009 WL 8747368, (D. Ariz. Nov. 4, 2009). | 4 |
| | Ardente, Inc. v. Shanley, 2010 WL 546485 (N.D. Cal. Feb. 9, 2010. | 4 |
| | Leek v. Cooper, 194 Cal. App. 4th 399 (2011). | 4-5 |
| | Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002). | 6 |
| | Pacific Gas Electric v. Jesse M. Lange Distributor 2005 WL 3507968 (E.D. Cal. Dec. 21, 2005). | 6 |
| | Porter v. Jones, 319 F.3d 483 (9th Cir.2003). | 6 |
| | Edwards v. Marin Park, Inc., 356 F.3d 1058 (9th Cir.2004). | 6 |
| | Bly-Magee v. California, 236 F.3d 1014 (9th Cir.2001). | 6-7 |
| | In re Nordeen, 495 B.R. 468 (B.A.P. 9th Cir. 2013). | 7 |
| | Mirmehdi v. United States, 689 F.3d 975 (9th Cir.2012). | 7 |
| | United States ex rel. v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047 (9th Cir.2011). | 7 |
| | Foman v. Davis, 371 U.S. 178, (1962). | 8 |
| | Choi v. 8th Bridge Capital, Inc., No. 17-cv-8958-CAS, 2019 WL 4956147, at *2 (C.D. Cal. Oct. 7, 2019). | 9-10 |
| | **Publications** | |
| | James F. Fotenos et al., California Practice Guide: Corporation The Rutter Group 2020. | 10 |

REPLY TO PLAINTIFF BEATBOX MUSIC PTY, LTD.'S RESPONSE MOTION FOR JUDGMENT ON THE PLEADINGS
Case No. 2:17-cv-6108-MWF

iv

1  Douglas J. Rosner, ESQ., SBN 094466
   rosnerlaw@earthlink.net
2  LAW OFFICES OF DOUGLAS JOSEPH ROSNER
   2625 Townsgate Road, Suite 330
3  Westlake Village, California 91361
   Telephone No. (818) 501-8400
4  Facsimile No.: (818) 880-4485

5  Attorney for Defendant/Cross-Defendants,
   Labrador Entertainment, Inc. dba Spider Cues Music Library,
6  Labrador Entertainment, LLC, Noel Palmer Webb,
   an individual and Webb Family Trusts
7

8

9              UNITED STATES DISTRICT COURT

10         CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

11

12 BEATBOX MUSIC, PTY, LTD.,           ) Case No. 2:17-cv-6108-MWF (JPRx)
                                        ) *Assigned to the Hon. Michael W.*
13              Plaintiff,              ) *Fitzgerald*
         vs.                            )
14                                      ) Reply to Plaintiff Beatbox Music Pty,
   LABRADOR ENTERTAINMENT,              ) LTD.'s Response to Labrador
15 INC., DBA SPIDER CUES MUSIC          ) Entertainment, Inc., Labrador
   LIBRARY, a California corporation,   ) Entertainment, LLC, Noel Webb and
16                                      ) Webb family Trust's Motion for
                Defendants.             ) Judgment on the Pleadings as to the
17 ─────────────────────────            ) First Amended Complaint's 5th, 7th,
                                        ) & 8th Causes of Action
18 AND ALL RELATED ACTIONS              )
                                        ) Hearing Date: January 11, 2021
19                                      ) Time: 10:00 a.m.
                                          Place: Courtroom 5A - Los Angeles
20                                        Judge: Hon. Michael W. Fitzgerald

21

22

23

24

25

26

27 Reply to Plaintiff Beatbox Music Pty, LTD.'s Response to Motion for Judgment on

28 the Pleadings                                                    Page 1 of 10

## I. INTRODUCTION

Defendants' Motion for Judgment on the Pleadings (MFJ) seeks judgment on the pleadings pursuant to FRCP 12(c), and judgment of Beatbox Music, Pty, LTD 'Beatbox"'s fifth, seventh, and eight causes of action with prejudice.

Clearly this Motion seeks a judgment under FRCP 12(c), not a dismissal of the allegations pursuant to FRCP 12(b)(6). While the allegations will be "dismissed" from further proceedings, this is not the same as a pre-answer dismissal allowing Plaintiff to re-allege facts sufficient to support their original theory.

Federal Rule of Civil Procedure 12(c) provides "[a]fter the pleadings are closed - but early enough not to delay trial - a party may move for judgment on the pleadings." A Rule 12(c) motion is "functionally identical" to a Rule 12(b)(6) motion, and the same legal standard applies to both. [*Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011).] When considering a Rule 12(c) motion, a district court "must accept the facts as pled by the nonmovant." (*Id.* at 1053.) The district court then must apply the Iqbal standard to determine "whether the complaint's factual allegations, together with all reasonable inferences, state a plausible claim for relief." [*Cafasso*, 637 F.3d at 1054 & n.4 (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).]

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" [*Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).] To survive a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." [*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).] "A claim has facial plausibility when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." [*Ashcroft v. Iqbal*, 556 U.S. at 678.] "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." (internal quotation marks omitted) (*Id.*)

Beatbox's Alter Ego Theory claim, plead as Count V of the First Amended Complaint ("FAC"), is not cognizable as a standalone cause of action, and even if it were, Beatbox fails to plead adequate facts to allow a Court to find in their favor.

Counts VII and VIII of the FAC fail because Beatbox cannot show it has suffered any prejudice as a result of the transfer at issue and otherwise has adequate legal remedies. Both entities involved in the transfer, Labrador Entertainment, Inc. and Labrador Entertainment, LLC, are parties, and face liability should Plaintiff prevail on its contract claims.

Labrador Entertainment, LLC also requests an order under FRCP 25(c) joining it as a defendant to Beatbox's first cause of action (breach of contract) and third cause of action (express indemnity). This joinder is appropriate and serves all parties. Beatbox is wrong in its response when it alleges Labrador falsely asserts "the parties have agreed 'that the contract at issue in this lawsuit has been transferred to that LLC,'" (Pl. Resp., ECF 172 3:15-17.) Citing the operative pleadings in its motion, Labrador states the opposite is true, "[t]he parties agree that Labrador Entertainment, Inc. transferred the music licensing agreement at the crux of this case to Labrador Entertainment, LLC, so that joinder is appropriate." (Labrador's Mem. of P&A, ECF No. 170-1, 8:8-11.)

///
///

## II. ARGUMENT

### A. Alter Ego

### 1. Even if an Alter Ego Cause of Action may be asserted on its own, Beatbox fails to plead sufficient facts to support such a cause of action

Plaintiff has discussed at length the legal standard for pleading a cause of action for Alter Ego. Simply, conclusory allegations of "alter ego" are insufficient to state a claim.

"Conclusory allegations of 'alter ego' status are insufficient to state a claim. "[P]urely conclusory allegations cannot suffice to state a claim based on veil-piercing or alter-ego liability, even under the liberal notice pleading standard." [*In re Currency Conversion Fee Antitrust Litigation*, 265 F.Supp.2d 385, 426 (S.D.N.Y.2003.) ] "[I]n order to overcome the presumption of separateness afforded to related corporations, [plaintiff] is required to plead more specific facts supporting its claims, not mere conclusory allegations" [Internal citation and quotations omitted] [*Gerritsen v. Warner Bros. Entm't Inc.*, 116 F.Supp.3d 1104, 1136-1137 (C.D. Cal. 2015.] See also *Barba v. Seung Heun Lee*, 2009 WL 8747368, at *4 (D. Ariz. Nov. 4, 2009). "In alleging alter ego liability under the pleading standard of Rule 8(a), the plaintiff must do more that make conclusory statements regarding an alter ego relationship between individual and corporate defendants; the plaintiff must allege specific facts supporting application of the alter ego doctrine." (*Id.*)

Alter ego "is not a cause of action but a doctrine for determining the party upon whom liability should be imposed" [*Ardente, Inc. v. Shanley*, 2010 WL 546485 at *4 (N.D. Cal. Feb. 9, 2010.] Beatbox proffers *Leek v. Cooper*, 194 Cal. App. 4th 399 (2011) to support their claim alter ego is a standalone Cause of Action. *Leak* does not. Importantly, *Leak* requires specific facts in the allegations and stating, "[A]n

allegation that a person owns all of the corporate stock and makes all of the management decisions is insufficient to cause the court to disregard the corporate entity," [Internal citations omitted.] *Leak* continues with a sample of items plaintiffs may allege in order to assert an alter ego claim:

> [c]ommingling of funds and other assets, failure to segregate funds of the separate entities, and the unauthorized diversion of corporate funds or assets to other than corporate uses . . . ; . . . the treatment by an individual of the assets of the corporation as his own . . . ; . . . the failure to obtain authority to issue stock or to subscribe to or issue the same . . . ; . . . the holding out by an individual that he is personally liable for the debts of the corporation . . . ; the failure to maintain minutes or adequate corporate records . . . ; . . . sole ownership of all of the stock in a corporation by one individual or the members of a family . . . ; . . . the failure to adequately capitalize a corporation; the total absence of corporate assets, and undercapitalization . . .;. . . the use of a corporation as a mere shell, instrumentality or conduit for a single venture or the business of an individual or another corporation . . .;. . . the concealment and misrepresentation of the identity of the responsible ownership, management and financial interest, or concealment of personal business activities . . . ; . . . the disregard of legal formalities and the failure to maintain arm's length relationships among related entities . . . ; . . . the use of the corporate entity to procure labor, services or merchandise for another person or entity . . .;. . . the diversion of assets from a corporation by or to a stockholder or other person or entity, to the detriment of creditors, or the manipulation of assets and liabilities between entities so as to concentrate the assets in one and the liabilities in another . . . ; . . . the contracting with another with intent to avoid performance by use of a corporate entity as a shield against personal liability, or the use of a corporation as a subterfuge of illegal transactions . . .;. . . and the formation and use of a corporation to transfer to it the existing liability of another person or entity.' . . (internal citations omitted.) (*Id.* at 417-418.)

Beatbox fails to allege none of these, or any others, only a handful of conclusory conclusions of unity of interests, mere shells, and similar boilerplate allegations. Even if Beatbox could allege sufficient facts to show a unity of interest and ownership, to support a theory of alter ego liability, additionally allegations would be required to show an inequitable result if Mr. Noel Webb was not an alter ego of the corporations.

Difficulty in enforcing a judgment does not alone satisfy this. [Internal citation omitted.] (*Id*. at 418.) Required are allegations of bad faith conduct causing inequity by allowing Mr. Webb to hide behind the corporate form. (*Id*.) None is alleged.

**2. Beatbox is required to meet FRCP 9(b) as it alleges fraud.**

FRCP 8(a)'s simplified pleading standard applies to all civil actions, except for those stated in Rule 9(b) that "provides for greater particularity in all averments of fraud or mistake." [*Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002); See also *Pacific Gas Electric v. Jesse M. Lange Distributor*, 2005 WL 3507968, at *3 (E.D. Cal. Dec. 21, 2005).]

"To survive a motion to dismiss for failure to state a claim under FRCP 12(b)(6)[1], a complaint generally must satisfy only the minimal notice pleading requirements of [Federal] Rule [of Civil Procedure] 8(a)(2)." [internal quote omitted.] [*Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) citing *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir.2003).] However, where a complaint includes allegations of fraud, Federal Rule of Civil Procedure 9(b) requires more specificity including an account of the "time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations."[internal quote omitted.] (*Id*.) citing *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir.2004) (citation omitted). "To comply with Rule 9(b), allegations of fraud must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." [internal quote omitted.] (*Id*.) citing *Bly-Magee v.*

---

[1] A Rule 12(c) motion is "functionally identical" to a Rule 12(b)(6) motion, and the same legal standard applies to both. (*Cafasso*, 637 F.3d at 1054 n.4.)

Reply to Plaintiff Beatbox Music Pty, LTD.'s Response to Motion for Judgment on the Pleadings                                                                                                          Page 6 of 10

*California,* 236 F.3d 1014, 1019 (9th Cir.2001) (citation, quotations omitted).

In the instant case Beatbox specifically alleges "Fraudulent Conveyance" in both its Seventh and Eight Cause of Actions requiring it to meet the higher pleading standards of FRCP 9(b). Beatbox failed to allege any specificity of fact regarding an alter ego theory to meet this standard.

### 3. Beatbox is not entitled to re-allege or re-plead its Alter Ego theory.

This instant Motion for a Judgment of the Pleadings is pursuant to FRCP 12(c). A judgment pursuant to this Rule creates a final judgment on those allegations against the Labrador Defendants. Beatbox requests leave to amend its FAC to add specific allegations to further its alter ego theory. It did not make an offer of proof in support of the request. Beatbox is not entitled to amend its pleadings within the context of FRCP 12(c), the Court should not give Plaintiffs an opportunity to bring "new" claims it could have previously brought.

Even if the Court were to consider allowing Beatbox to amend at this late stage, a decision to allow an amendment is against the weight of justice. "[A] party is not entitled to an opportunity to amend his complaint if any potential amendment would be futile . . ." as amended. ) (internal citations omitted). [*In re Nordeen*, 495 B.R. 468, 490 (B.A.P. 9th Cir. 2013) citing *Mirmehdi v. United States*, 689 F.3d 975, 985 (9th Cir.2012).] This is particularly true if plaintiffs have had a prior opportunity to amend their complaint. (*Id.*) [See also *United States ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058 (9th Cir.2011) ("The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint.") (internal citations omitted).] While FRCP 15(a) declares leave to amend "shall be freely given when justice so requires," (internal quotation omitted.) Courts may deny such a request due to undue delay, bad faith, or dilatory motive on the part

of the Plaintiff. [*Foman v. Davis*, 371 U.S. 178, 182 (1962).]  This case has been pending since 2017.  Beatbox has had ample time and the parties have spent an inordinate amount of time, energy, and money in this matter to date.  Requiring the defendants to defend yet more allegations at this late juncture is unjust.  Labrador brings this motion seeking a Judgment on the Pleadings, not 12(b)(6) dismissal of allegations.  This Court should find for Labrador and should not grant leave for Beatbox to amend.

**B.  Beatbox's voidable transfer claims fail, given other relief available to it.**

Beatbox's allegations of Fraudulent Transfers are included within remedies under the Uniform Voidable Transactions Act (UVTA) and the Uniform Fraudulent Transfer Act (UFTA) which replaced it four years ago applies in this case. [See Cal. Civ. Code § 3439 (UVTA effective January 1, 2016).] Each of these Acts require "entitlement to relief and inadequacy of a remedy at law." [*Mehrtash v. Mehrtash*, 93 Cal. App. 4th 75, 80 (Cal. App. 4th 2001).]  Because Beatbox has a remedy at law already plead, breach of contract, Beatbox is not entitled to a second (or third) remedy at law.

**C.  Joinder of Parties**

Beatbox claims it is improper for Defendant to join further parties because it would be procedurally improper.  However, both the transferor (Labrador Entertainment, Inc.) and transferee (Labrador Entertainment, LLC) already are named defendants facing potential liability should Beatbox ultimately prevail on its claims. Further, Beatbox argues because the corporation is allegedly insolvent, it cannot seek a remedy against them.  However, as Defendant has indicated in the original MFJ, the Court has power to ultimately hold either corporation liable for the amount of any judgment, and no assets have been moved beyond the reach of Beatbox.  Beatbox's

Fraudulent Transfer causes of action are unnecessarily redundant to this action, and the Court should find for Defendants.

Pursuant to FRCP 25(c) Labrador does seek to join Labrador Entertainment, LLC as a party to the First and Third Causes of Action. FRCP 25(c) states, "[i]f an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party. The motion must be served as provided in Rule 25(a)(3)."

This is proper because the contract in this matter has been transferred from Labrador Entertainment, Inc. to Labrador Entertainment, LLC. Such a joinder is plainly appropriate because the parties agree Labrador Entertainment, Inc. transferred the music licensing agreement to Labrador Entertainment, LLC. Beatbox argues in its response to the motion, no motion has been filed seeking to join or substitute Labrador Entertainment, LLC. [Pl. Resp., ECF 172 9:21-22 fn. 1 - 10:1-8.] However, that is exactly what Labrador is asking this Court to do in this Motion. Though a unique request in this motion, Labrador is seeking to bring in proper parties, already involved. Labrador failure to meet the service requirements of FRCP 25(a)(3). [*Id.* 10:1-8.)] appears to be Beatbox's primarily opposition. There is no prejudice to any to-be-served party, thus a moot point.

**D. Conclusion**

Beatbox has spent much of the past three years layering unnecessary complexity on top of its very simple breach of contract lawsuit. Motions for judgment on the pleadings exist to "save the parties needless and often considerable time and expense which otherwise would be incurred during discovery and trial." *[Choi v. 8th Bridge Capital, Inc.*, No. 17-cv-8958-CAS, 2019 WL 4956147, at *2

---

Reply to Plaintiff Beatbox Music Pty, LTD.'s Response to Motion for Judgment on the Pleadings                                                                                          Page 9 of 10

(C.D. Cal. Oct. 7, 2019) (quoting James F. Fotenos et al., California Practice Guide: Corporations ¶ 2:48 (THE Rutter Group 2020)]. Those benefits are on full display here, given that Beatbox has spent much of the past three years layering unnecessary complexity on top of its very simple breach of contract lawsuit. Fortunately, this Court has already addressed much of the problem by dismissing two of Beatbox's superfluous claims earlier this summer. (Order, ECF No. 157.) As it resolves this motion, it now has the power to clean up the rest of unnecessary confusion Beatbox has created and turn this action into what it should have been in the first place: a straightforward breach of contract dispute between corporations. Labrador requests that it do so.

DATED: December 28, 2020

LAW OFFICES OF DOUGLAS JOSEPH ROSNER

/s/ Douglas J. Rosner

By: _____
DOUGLAS J. ROSNER
SBN 094466
Attorney for Defendant
Attorney for Defendant/Cross-Defendants,
Labrador Entertainment, Inc. dba
Spider Cues Music Library,
Labrador Entertainment, LLC, Noel Palmer Webb,
an individual and Webb Family Trusts
2625 Townsgate Road, Suite 330
Westlake Village, California 91302
Telephone No. (818) 501-8400
email: rosnerlaw@earthlink.net