UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 17-6108-MWF (JPRx)            **Date:** January 12, 2021
**Title:** Beatbox Music Pty, Ltd. v. Labrador Entertainment, Inc., et al.

**Present:** The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):** ORDER DENYING MOTION FOR JUDGMENT ON THE PLEADINGS [170]

    Before the Court is Defendants Labrador Entertainment, Inc. ("Labrador"), Labrador Entertainment, LLC (together, the "Labrador Defendants"), Noel Palmer Webb, and Webb Family Trust's (collectively, the "Moving Defendants") Motion for Judgment on the Pleadings (the "Motion"), filed on December 11, 2020. (Docket No. 170). Plaintiff Beatbox Music Pty, Ltd. ("Beatbox") filed an opposition on December 21, 2020. (Docket No. 172). Defendants filed a reply on December 26, 2020. (Docket No. 173).

    The Court has read and considered the papers filed in connection with the Motion and held a telephonic hearing on January 11, 2021, pursuant to General Order 20-09 arising from the COVID-19 pandemic.

    For the reasons discussed below, the Court rules as follows:

- Defendants' Motion is **DENIED** with respect to the alter ego claim. Plaintiff's alter ego theory is indeed improperly pled as a stand-alone claim, but the Court declines to dismiss the claim because Plaintiff articulates a valid theory for imposing alter ego liability on Mr. Webb and the Webb Family Trust for the underlying contract claim. This issue can be addressed in the Final Pretrial Order, which will supersede the pleadings.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV 17-6108-MWF (JPRx) | Date:  January 12, 2021 |
| Title:  Beatbox Music Pty, Ltd. v. Labrador Entertainment, Inc., et al. | |

- Defendants' Motion is **DENIED** with respect to the fraudulent conveyance claims. Plaintiff's fraudulent conveyance claims are cognizable and adequately pled.

## I.   BACKGROUND

The facts of this case are well known to the parties. The Court therefore discusses the relevant facts only as necessary in the discussion section below. The Court incorporates by reference the facts set forth in the July 7, 2017 Order Denying Partial Summary Judgment (the "Prior Order") as if fully set forth herein. (Docket No. 157).

## II.   LEGAL STANDARD

The same standard of review applies to motions made under Rules 12(c) and 12(b)(6) of the Federal Rules of Civil Procedure. "Rule 12(c) is 'functionally identical' to Rule 12(b)(6) and . . . 'the same standard of review' applies to motions brought under either rule." *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011) (quoting *Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989)). "A judgment on the pleadings is properly granted when, taking all the allegations in the pleadings as true, a party is entitled to judgment as a matter of law." *Lyon v. Chase Bank USA, N.A.*, 656 F.3d 877, 883 (9th Cir. 2011) (quoting *Dunlap v. Credit Prot. Ass'n, L.P.*, 419 F.3d 1011, 1012 n.1 (9th Cir. 2005) (per curiam)).

Accordingly, in ruling on the Motion, the Court follows *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and their progeny. "To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). The Court must disregard allegations that are legal conclusions, even when disguised as facts. *See id.* at 681 ("It is the conclusory nature of respondent's allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth."); *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 996 (9th Cir. 2014). "Although 'a well-pleaded

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 17-6108-MWF (JPRx)            **Date:** January 12, 2021

**Title:** Beatbox Music Pty, Ltd. v. Labrador Entertainment, Inc., et al.

complaint may proceed even if it strikes a savvy judge that actual proof is improbable,' plaintiffs must include sufficient 'factual enhancement' to cross 'the line between possibility and plausibility.'" *Id.* at 995 (quoting *Twombly*, 550 U.S. at 556-57) (internal citations omitted).

     The Court must then determine whether, based on the allegations that remain and all reasonable inferences that may be drawn therefrom, the complaint alleges a plausible claim for relief. *See Iqbal*, 556 U.S. at 679; *Cafasso*, 637 F.3d at 1054. "Determining whether a complaint states a plausible claim for relief is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Ebner v. Fresh, Inc.*, 838 F.3d 958, 963 (9th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 679). Where the facts as pleaded in the complaint indicate that there are two alternative explanations, only one of which would result in liability, "plaintiffs cannot offer allegations that are merely consistent with their favored explanation but are also consistent with the alternative explanation. Something more is needed, such as facts tending to exclude the possibility that the alternative explanation is true, in order to render plaintiffs' allegations plausible." *Eclectic Props.*, 751 F.3d at 996-97; *see also Somers v. Apple, Inc.*, 729 F.3d 953, 960 (9th Cir. 2013).

### III. DISCUSSION

     Defendants first argue that Plaintiff's fifth cause of action titled "Alter Ego Theory" against Mr. Webb and the Webb Family Trust is not a cognizable claim. (Motion at 1). Specifically, Defendant argues that the alter ego theory claim fails because it is not a stand-alone cause of action. (*Id.*).

     "To satisfy the alter ego test, a plaintiff must make out a prima facie case (1) that there is such unity of interest and ownership that the separate personalities [of the two entities] no longer exist and (2) that failure to disregard [their separate identities] would result in fraud or injustice." *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1073 (9th Cir. 2015) (punctuation omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 17-6108-MWF (JPRx)                 **Date:** January 12, 2021
**Title:** Beatbox Music Pty, Ltd. v. Labrador Entertainment, Inc., et al.

"A request to pierce the corporate veil is only a means of imposing liability for an underlying cause of action and is not a cause of action in and of itself." *Local 159 et al. v. Nor-Cal Plumbing*, 185 F.3d 978, 985 (9th Cir. 1999); *see also Cambridge Elecs. Corp. v. MGA Elecs., Inc.*, 227 F.R.D. 313, 320 n.24 (C.D. Cal. 2004). ("Piercing the corporate veil, or 'disregard of the corporate entity' is not an independent cause of action, but merely a method of imposing liability on an underlying cause of action.").

The First Amended Complaint ("FAC") alleges, in pertinent part, that: (1) there "existed a unity of interest and ownership between [Moving Defendants] such that any individuality and separateness between [Moving Defendants] has ceased, and Labrador Entertainment, Inc. is the alter ego of Webb and Labrador Entertainment, LLC and The Webb Family Trust"; and (2) "[a]dherence to the fiction of the separate existence of Labrador Entertainment, Inc., and Labrador Entertainment, LLC, and the Webb Family Trust as entities distinct from Webb would permit an abuse of the corporate privilege and would sanction fraud and permit injustice in that Plaintiff would be prohibited from enforcing the Judgment." (FAC ¶¶ 75-77 (Docket No. 105)).

Although the FAC brings a cause of action for alter ego liability, which is not cognizable as a stand-alone claim, the Court declines to dismiss Plaintiff's claim. The FAC adequately alleges the elements of alter ego liability, and it is clear that Plaintiff is articulating a valid theory of imposing liability on Mr. Webb and the Webb Family Trust for the underlying breach of contract claim.

Accordingly, the Motion is **DENIED** with respect to the alter ego claim.

Defendants next argue that Plaintiff's fraudulent conveyance claims, which are based on a transfer of assets between Labrador and its successor entity Labrador Entertainment, LLC, are not cognizable causes of action under the circumstances presented here. (Motion at 1).

A fraudulent conveyance is "a transfer by the debtor of property to a third person undertaken with the intent to prevent a creditor from reaching that interest to satisfy its

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 17-6108-MWF (JPRx)            **Date:** January 12, 2021
**Title:** Beatbox Music Pty, Ltd. v. Labrador Entertainment, Inc., et al.

claim." *Yaesu Electronics Corp. v. Tamura*, 28 Cal. App. 4th 8, 13, 33 Cal. Rptr. 2d 283 (1994).

Defendants argue that the fraudulent conveyance claims fail because both Labrador entities are defendants in this lawsuit and each faces liability in the event that Plaintiff prevails on its breach of contract claims. (*Id.*). The Court notes that Labrador Entertainment, LLC, is not a defendant with respect to the breach of contract claims, (*see* FAC ¶¶ 45-50), and Defendants have failed to explain their theory that this Court has the "power to ultimately hold either of those two defendant entities liable for the amount of any judgment." (Motion at 8).

It appears that Defendants are suggesting that the Court may sua sponte join Labrador Entertainment, LLC under Rule 25(c). (Motion at 10) ("Since the parties agree that Labrador Entertainment, Inc. transferred the 2009 contract at the crux of this case to Labrador Entertainment, LLC, such joinder is plainly appropriate."). Defendants cannot avoid the motion and service requirements of Rule 25 by simply requesting joinder of Labrador Entertainment, LLC in their Motion for Judgment on the Pleadings in the hope that this Court will use joinder to invalidate Plaintiff's fraudulent conveyance claims.

Plaintiff is the master of her own claims — she chose to bring a breach of contract claim against Labrador and fraudulent conveyance claims against both Labrador Defendants. The Court will not disturb her decision. Of course, the parties are free to stipulate to the joinder of Labrador Entertainment, LLC as a defendant to the breach of contract claim, or the Labrador Defendants may so move and allow Plaintiff an opportunity to object and discuss the issue in writing. Defendants may also challenge Plaintiff's fraudulent conveyance claims in a motion for summary judgment.

For the purposes of this motion, the Court denies Defendants' request for joinder and determines that the fraudulent conveyance claims are cognizable.

As a final matter, the Court notes that Defendants argue for the first time in their reply that Plaintiff fails to plead the fraudulent conveyance claims with the specificity

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 17-6108-MWF (JPRx)            **Date:** January 12, 2021

**Title:** Beatbox Music Pty, Ltd. v. Labrador Entertainment, Inc., et al.

required by Rule 9(b). The Court declines to consider arguments raised for the first time in a reply brief. *See Bazuaye v. INS*, 79 F.3d 118, 120 (9th Cir.1996) ("Issues raised for the first time in the reply brief are waived."). Moreover, the Court has no reason to think that amendment would not be possible here. That back-and-forth should have occurred much earlier. If the evidence and law do not support fraudulent conveyance, then Defendants can move for summary judgment.

Accordingly, the Motion is **DENIED** with respect to the fraudulent conveyance claims.

IT IS SO ORDERED.