1  Douglas J. Rosner, ESQ., SBN 094466
   rosnerlaw@earthlink.net
2  LAW OFFICES OF DOUGLAS JOSEPH ROSNER
   2625 Townsgate Road, Suite 330
3  Westlake Village, California 91361
   Telephone No. (818) 501-8400
4  Facsimile No.: (818) 880-4485

5  Attorney for Defendant/Cross-Defendants,
   Labrador Entertainment, Inc. dba Spider Cues Music Library,
6  Labrador Entertainment, LLC, Noel Palmer Webb,
   an individual and Webb Family Trusts

7

8

9              UNITED STATES DISTRICT COURT

10      CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

11

12  BEATBOX MUSIC, PTY, LTD.,            )  Case No. 2:17-cv-6108-MWF (JPRx)
                                         )  *Assigned to the Hon. Michael W.*
13              Plaintiff,               )  *Fitzgerald*
                                         )
          vs.                            )
14                                       )  Memorandum of Points and
    LABRADOR ENTERTAINMENT,              )  Authorities in Support of Motion for
15  INC., DBA SPIDER CUES MUSIC          )  Joinder of Labrador Entertainment
    LIBRARY, a California corporation,   )  LLC under FRCP 25(c) by Labrador
16                                       )  Entertainment, Inc. and Labrador
              Defendants.                )  Entertainment, LLC
17  _____ )
                                         )  Judge: Hon. Michael W. Fitzgerald
18  AND ALL RELATED ACTIONS              )  Date: 2/22/2021
                                         )  Time: 10:00 a.m. Pacific Time
19                                       )  Location: Courtroom 5A
                                            Complaint Filed: August 17, 2017
20

21

22

23

24

25  MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR

26  JOINDER OF LABRADOR ENTERTAINMENT, LLC UNDER FRCP 25(c) BY

27  LABRADOR ENTERTAINMENT, INC. AND LABRADOR ENTERTAINMENT, LLC

28                                                          Page 1 of 12

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Beatbox Music ("Beatbox") claims that Defendant Labrador Entertainment, Inc. ("Labrador Inc.") breached an April 1, 2009 music licensing agreement (the "Agreement") that names those two entities as parties. Beatbox's operative complaint (the "FAC") accordingly revolves around a breach of contract claim and a related express indemnity claim against that entity, Labrador Entertainment Inc. FAC, ECF No. 105, ¶¶ 45, 42-50 [45-53], 59-65 [62-68].

But Labrador Inc. is no longer Beatbox's counterparty to that licensing agreement. After this litigation began, Labrador Inc. transferred all of its assets—including any and all of its interests under that Agreement—to a new entity, Labrador Entertainment, LLC ("Labrador LLC"). Labrador LLC is also a defendant in this case, but it is not currently a defendant to Beatbox's contractual claims. The two Labrador entities—both of which have appeared in this lawsuit and both of which are represented by the same attorney—bring this motion to resolve this unnecessary ambiguity and join Labrador LLC as a defendant to Beatbox's contractual claims.

Federal Rule of Civil Procedure 25(c) directly address this situation. Under that rule, "[i]f an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party." FRCP 25(c). To ensure Beatbox would have adequate legal recourse against the correct Labrador entity if it were to ultimately prevail in this litigation—and to spare all parties and the Court the unnecessary ambiguity resulting from Beatbox's claims as they are currently

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR JOINDER OF LABRADOR ENTERTAINMENT, LLC UNDER FRCP 25(c) BY LABRADOR ENTERTAINMENT, INC. AND LABRADOR ENTERTAINMENT, LLC

stated—the Labrador defendants hereby request under Federal Rule 25(c) that the
Court join Labrador LLC as a defendant to Beatbox's first cause of action (breach of
contract) and third cause of action (express indemnity). This joinder serves the
interests of all parties and of judicial efficiency.

## II.  STATEMENT OF ISSUES TO BE DECIDED

1.  Whether Labrador Entertainment, LLC may be joined under Federal Rule of
Civil Procedure 25(c) as a defendant to Beatbox's breach of contract and express
indemnity claims.

## III.  ARGUMENT

**A.  FRCP 25(c) allows actions "to continue unabated" after interests
change hand.**

Federal Rule of Civil Procedure 25(c) reads as follows:

> (c) Transfer of Interest. If an interest is transferred, the action may be
> continued by or against the original party unless the court, on motion,
> orders the transferee to be substituted in the action or joined with the
> original party. The motion must be served as provided in Rule 25(a)(3).

This rule "is not designed to create new relationships among parties to a suit
but is designed to allow the action to continue unabated when an interest in the
lawsuit changes hands.'" *In re Bernal*, 207 F.3d 595, 598 (9th Cir. 2000). Under Rule
25(c), '[t]he transferee is not joined because its substantive rights are in question;
rather, the transferee is brought into court solely because it has come to own the
property in issue.'" *Uniloc USA Inc. v. LG Elecs. U.S.A. Inc.*, No. 18-cv-06737-JST,
2019 WL 690290, at *1 (N.D. Cal. Feb. 19, 2019) (quoting *Minn. Min. & Mfg. Co. v.*

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR
JOINDER OF LABRADOR ENTERTAINMENT, LLC UNDER FRCP 25(c) BY
LABRADOR ENTERTAINMENT, INC. AND LABRADOR ENTERTAINMENT, LLC

*Eco Chem, Inc.*, 757 F.2d 1256, 1263 (Fed. Cir. 1985)).

That is the situation here: Labrador Entertainment, LLC has "come to own" all rights and obligations under the April 1, 2009 music licensing agreement at issue, so it should be joined as an additional defendant to each of Beatbox's two contractual claims.

A cursory review of Beatbox's operative complaint (FAC, ECF No. 105) confirms that this is the case. In that complaint, Beatbox first defined "Labrador" as only Labrador Entertainment, Inc.:

> Defendant LABRADOR ENTERTAINMENT, INC. D/B/A as SPIDER
> CUES MUSIC LIBRARY. ("Labrador") is a California corporation with
> its central office located at 22400 Sentar Road, Woodland Hills,
> California 91364. Labrador was incorporated on October 17, 2000 and
> remains incorporated on the date this pleading is filed. FAC, ECF No.
> 105, ¶2.

Then, in that FAC's very next paragraph, Beatbox directly acknowledged the transfer of "all assets" from Labrador Inc. to Labrador LLC:

> Defendant LABRADOR ENTERTAINMENT, LLC is a California
> corporation with its central address located at 23679 Calabasas Rd. Suite
> 1087, Calabasas, CA 91302. LABRADOR ENTERTAINMENT, LLC
> was incorporated on October 31, 2016 and remains incorporated on the
> date this pleading is filed. Webb caused LABRADOR
> ENTERTAINMENT, INC. to transfer all of its assets to LABRADOR
> ENTERTAINMENT, LLC. and/or THE WEBB FAMILY TRUST after

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR JOINDER OF LABRADOR ENTERTAINMENT, LLC UNDER FRCP 25(c) BY LABRADOR ENTERTAINMENT, INC. AND LABRADOR ENTERTAINMENT, LLC

1  becoming aware of the claims against Defendant Labrador which are the

2  subject of this suit. FAC, ECF No. 105, ¶3

3  Doubling down on the existence of this transfer later in its Complaint, Beatbox

4  referred to "Defendant Labrador Entertainment, Inc." as now "a mere shell and sham

5  without capital, assets, stock, or stockholders." *Id*., ¶ 76 [79](a).

6  Despite these acknowledgments of the transfer—and despite its decision to

7  name Labrador LLC as a defendant in its fifth cause of action ("Alter Ego Theory";

8  ¶¶ 75-77 [78-80]), seventh cause of action ("Fraudulent Conveyance At Common

9  Law"; ¶¶ 81-84[84-87]), and eighth cause of action ("Fraudulent Conveyance Under

10 California's Uniform Fraudulent Transfer Act"; ¶¶ 86-93(89-97], Beatbox did not

11 name Labrador LLC as a defendant in its first cause of action ("Breach of Contract";

12 ¶¶ 45, [42-50 [45-53], 59-65 [62-68].) or third cause of action ("Express Indemnity";

13 ¶¶ 59-65[62-68]). Instead, its contractual claims named only Labrador Inc. as a

14 defendant and focused on the theory that it:

15  . . . breached the contract by violating Section 16(iv) of the 2009

16  Agreement which guaranteed that the compositions were original and

17  that none of the compositions infringed any other copyright work or the

18  rights of any third party.  *Id*., ¶ 47 [50].

19  Neither the transfer nor the LLC is mentioned anywhere in Beatbox's two

20 contractual claims. Given the full transfer of assets from Labrador Inc. to Labrador

21 LLC—and Beatbox's open acknowledgment of that transfer—this seems to be an

22 oversight. Labrador LLC should be joined to these two claims as a codefendant.

23

24

---

25 MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR

26 JOINDER OF LABRADOR ENTERTAINMENT, LLC UNDER FRCP 25(c) BY

27 LABRADOR ENTERTAINMENT, INC. AND LABRADOR ENTERTAINMENT, LLC

28  Page 5 of 12

**B.  Under FRCP 25(c), a transferee entity may request to be joined as a defendant.**

Labrador LLC is not required to simply abide Beatbox's erroneous choice of parties. In a FRCP 25(c) transfer-of-interest situation, "[t]he transferee has the option either to appear as a party of record or to allow the action to continue in the name of the transferor (and any judgment rendered accordingly)." SUBSTITUTION OF PARTIES, RUTTER GROUP PRACTICE GUIDE: FEDERAL CIVIL PROCEDURE BEFORE TRIAL, CALIFORNIA & 9TH CIR. EDITIONS, § 7:367 (April 2020 Update) (emphasis in original). By way of this motion, Labrador LLC opts for the former: it wishes to appear as an additional party of record for Beatbox's two contractual claims. The Labrador defendants consent to Labrador Inc. remaining a defendant to those contractual claims as well.

**C.  District courts have considerable discretion in considering FRCP 25(c) motions.**

"If an interest is transferred, Rule 25(c) of the Federal Rules of Civil Procedure allows a court, on a motion, to order the transferee to be substituted in the action." *Copelan v. Techtronics Indus. Co.*, 95 F. Supp. 3d 1230, 1234 (S.D. Cal. 2015). "The decision to grant or deny substitution under Rule 25(c) rests within the sound discretion of the court." *Id*., at 1235; see also *Hyatt Chalet Motels, Inc. v. Salem Bldg. & Const. Trades Council*, 298 F. Supp. 699, 704 (D. Or. 1968) (Rule 25(c) "gives the court a generous discretion in connection with the continuance of actions where there has been a transfer of an interest.").

///

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR JOINDER OF LABRADOR ENTERTAINMENT, LLC UNDER FRCP 25(c) BY LABRADOR ENTERTAINMENT, INC. AND LABRADOR ENTERTAINMENT, LLC

Courts readily employ this discretion to order substitutions when it is helpful to do so. In *Copelan v. Techtronics Industries Co., Ltd.*, for instance, a district court considered whether to substitute in a bankruptcy trustee after the plaintiff who had brought the case filed for bankruptcy in bankruptcy court. *Id*., at 1233-34. There, the defendants opposed the substitution motion "on the grounds their [previously filed] motion to dismiss [wa]s still pending and substitution of the Trustee 'does not change the fact that this case should be dismissed in its entirety on judicial estoppel grounds.'" *Id*., at 1235. The Court found that this was no obstacle to substitution, noting: "Undisputedly, the change is merely formal and does not alter the factual allegations in the lawsuit as to the events or the participants." *Id*. The same is true here: adding Labrador LLC as a defendant is a "merely formal" change that does not indicate anything about liability or about the strength of Beatbox's underlying claims. And unlike the situation in *Copelan*, there is not even a pending motion here that Beatbox might point to as grounds to oppose this motion.

Elsewhere, in *Hilbrands v. Far East Trading Co., Inc.*, an employee filed a lawsuit related to injuries she sustained during her employment. 509 F.2d 1321, 1322 (9th Cir. 1975). As that lawsuit was pending, she received an award from the Workmen's Compensation Commission, which subrogated her employer to her rights against the named defendant. *Id*. Noting that the transfer of interest occurred during the pendency of the action, the Court had no difficulty concluding that "Rule 25(c) governed" and that substitution could have been appropriate if the parties had been allowed to file a 25(c) motion. *Id*., at 1323. The Ninth Circuit reversed and remanded the case in-part, noting that doing would give the defendant the ability to "properly

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR JOINDER OF LABRADOR ENTERTAINMENT, LLC UNDER FRCP 25(c) BY LABRADOR ENTERTAINMENT, INC. AND LABRADOR ENTERTAINMENT, LLC

present a motion pursuant to Rule 25(c)." *Id*. Like the defendant in that case, Labrador LLC seeks substitution now that it has "properly present[ed] a motion pursuant to Rule 25(c)."

Rule 25(c) substitutions can also be appropriate in situations involving business agreements between parties. 3 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE, § 1958 (October 2020 Update) (FRCP 25(c) "applies to ordinary transfers and assignments, as well as to corporate mergers."). *Sun-Maid Raisin Growers of California v. California Packing Corporation* is a particularly dramatic example of this. 273 F.2d 282, 283 (9th Cir. 1959). There, two companies settled a trademark lawsuit over their respective trademarks Sun-Maid and Sun-Kist. A decade later, one of the parties believed that the other was not honoring the settlement agreement, and it won an injunction on those grounds to continue to enforce the agreement. With the injunction active against it, the *Sun-Kist* then entity sold its interest in the SUN-KIST trademark to yet another entity. *Id.*, at 283. After making that assignment, the new owner of the trademark moved to dissolve the injunction.

The Ninth Circuit held that there was no reason to do so. It emphasized that "[t]he assignment of the trademark did not in and of itself cause all rights under the contract and injunction to vanish magically as in a puff of smoke." *Id.*, at 284. The same is true here: Beatbox will maintain its rights under the music licensing agreement at issue regardless of whether Labrador LLC is added as a defendant alongside Labrador Inc. The Ninth Circuit ultimately declined to join additional parties in the *Sun-Maid* case based on the unique circumstances of that

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR JOINDER OF LABRADOR ENTERTAINMENT, LLC UNDER FRCP 25(c) BY LABRADOR ENTERTAINMENT, INC. AND LABRADOR ENTERTAINMENT, LLC

situation—doing so would have required revisiting a twenty-year-old order—but it continued to emphasize the role of district courts' discretion to make 25(c) rulings, writing that "[s]ubstitution or joinder is not mandatory where a transfer of interest has occurred." *Id.* Labrador requests that the Court exercise that discretion here to streamline resolution of this case.

**D. This motion is necessary, given Beatbox's refusal to stipulate to this change.**

Motions under Federal Rule 25(c) are somewhat uncommon because parties generally stipulate to adjusting the parties named as defendants when it becomes appropriate to do so. This litigation has now gone on for several years, however, and it has grown rather contentious in that time. For whatever reason, Beatbox has continued to refuse to stipulate to add Labrador LLC as an additional defendant to its contract claims—despite Defendants' request that it do so for the reasons described in this motion. Defendants' attorney met and conferred with Beatbox's attorney on these issues as required, but that meet-and-confer process unfortunately did not result in a stipulation. In the absence of any such stipulation, Labrador LLC had no choice but to file this motion to advance the issue.

In its ruling on Labrador's Motion for Judgment on the Pleadings, the Court already anticipated that the situation might reach this point. See Order Resolving Motion for Judgment on the Pleadings, ECF No. 176, at 5 ("Of course, the parties are free to stipulate to the joinder of Labrador Entertainment, LLC as a defendant to the breach of contract claim, or the Labrador Defendants may so move and allow Plaintiff an opportunity to object and discuss the issue in writing.") While Labrador would

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR JOINDER OF LABRADOR ENTERTAINMENT, LLC UNDER FRCP 25(c) BY LABRADOR ENTERTAINMENT, INC. AND LABRADOR ENTERTAINMENT, LLC

Page 9 of 12

have preferred to resolve this matter without having to seek court intervention and litigate this motion, it will also not allow Beatbox's intransigence to dictate which issues are and are not addressed in this lawsuit.

Labrador appreciates that many Federal Rule 25(c) situations are much more complicated than this one. For instance, a new defendant may sometimes bring in new issues regarding personal and subject matter jurisdiction. But no such issues are present here, as both the transferor (Labrador Entertainment, Inc.) and transferee (Labrador Entertainment, LLC) are already named defendants facing potential liability should Beatbox ultimately prevail on its various claims. Both have appeared in this lawsuit, and there is no risk that any assets have been moved beyond the reach of Beatbox. There is simply no downside to this change, which serves the interests of both parties as they continue to litigate this matter.

Even before Labrador initiated its most recent meet-and-confer process, Beatbox was already on notice that Labrador was interested in joining the LLC as an additional defendant. Labrador discussed the issue directly in its recent motion for judgment on the pleadings. ECF No. 170-1, at 14-15. In opposition, Beatbox raised only procedural objections:

> Defendants cite Federal Rule 25(c) in support of their argument that this Court may join Labrador Entertainment, LLC as a breach of contract defendant. *Id*. Neither Plaintiff nor Defendants have filed any motion seeking to join or substitute Labrador Entertainment, LLC as a breach of contract defendant herein. Accordingly, pursuant to Federal Rule 25(c), this action may be properly continued against Labrador

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR JOINDER OF LABRADOR ENTERTAINMENT, LLC UNDER FRCP 25(c) BY LABRADOR ENTERTAINMENT, INC. AND LABRADOR ENTERTAINMENT, LLC

1   Entertainment, Inc., as pleaded in the FAC. See F.R.C.P. 25(c).

2   Defendants cannot avoid the motion and service requirements of Rule 25

3   by simply requesting joinder of Labrador Entertainment, LLC to

4   Plaintiff's breach of contract claims in the hope that this Court will

5   further dismiss any equitable claims against Defendants in light of an

6   asserted adequacy of Plaintiff's remedies at law. ECF No. 172, at 9-10.

7   Now that Labrador has addressed those issues by way of this motion, it is not

8   readily apparent that Beatbox has any remaining objections to adding Labrador LLC

9   as a defendant to its contract claims.

10   **E.  Joining the LLC as a defendant serves the interest of judicial efficiency.**

11   As a final matter, Labrador notes that joining it as a defendant to Beatbox's

12   existing contract claims serves the interest of judicial efficiency. Once the joinder

13   occurs, the parties will be able to work towards a more thorough and complete

14   resolution of the claims between them and remove this matter from the Court's

15   docket. Labrador accordingly requests that the Court join the LLC as a defendant to

16   Beatbox's first cause of action (breach of contract) and third cause of action (express

17   indemnity).

18   **IV.  <u>CONCLUSION</u>**

19   During the pendency of this litigation, Labrador Entertainment, Inc. transferred

20   its interest in the music licensing agreement that is at the core of this lawsuit to

21   Labrador Entertainment, LLC. As the transferee of that interest, Labrador LLC may

22   request under Federal Rule of Civil Procedure 25(c) to be joined as a defendant to the

23   relevant contractual claims. It does so now: specifically, both Labrador defendants

24

25   MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR

26   JOINDER OF LABRADOR ENTERTAINMENT, LLC UNDER FRCP 25(c) BY

27   LABRADOR ENTERTAINMENT, INC. AND LABRADOR ENTERTAINMENT, LLC

28                                                                    Page 11 of 12

request that the Court join Labrador LLC as a defendant to Beatbox's first claim (breach of contract) and related third claim (express indemnity). This joinder is proper and serves the interests of both parties, plus the interest of judicial efficiency.

January 20, 2021            LAW OFFICES OF DOUGLAS JOSEPH ROSNER

                            /s/ Douglas J. Rosner

                    By:     _____
                            DOUGLAS J. ROSNER
                            SBN 094466
                            Attorney for Defendant
                            Attorney for Defendant/Cross-Defendants,
                            Labrador Entertainment, Inc. dba
                            Spider Cues Music Library,
                            Labrador Entertainment, LLC, Noel Palmer Webb,
                            an individual and Webb Family Trusts
                            2625 Townsgate Road, Suite 330
                            Westlake Village, California 91302
                            Telephone No. (818) 501-8400
                            email: rosnerlaw@earthlink.net

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR

JOINDER OF LABRADOR ENTERTAINMENT, LLC UNDER FRCP 25(c) BY

LABRADOR ENTERTAINMENT, INC. AND LABRADOR ENTERTAINMENT, LLC