BLAISE & NITSCHKE, P.C.
HEATHER L. BLAISE, ESQ. (SBN 261619)
123 N. Wacker Drive, Suite 250
Chicago, IL 60606
Telephone: 312-448-6602
Email: hblaise@blaisenitschkelaw.com

Attorneys for Plaintiff,
BEATBOX MUSIC PTY, LTD.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEATBOX MUSIC PTY, LTD.,<br><br>Plaintiff,<br><br>v.<br><br>LABRADOR ENTERTAINMENT, INC. D/B/A SPIDER CUES MUSIC LIBRARY, a California corporation; NOEL PALMER WEBB, an individual; MICHAEL COHEN, an individual; LABRADOR ENTERTAINMENT, LLC; MCPC HOLDINGS, LLC; WEBB FAMILY TRUST and DOES 1-20, inclusive,<br>                                    Defendants. | CASE NO: 2:17-cv-6108 MWF (JPRx)<br>*Assigned to the Hon. Michael W. Fitzgerald*<br><br>**BEATBOX MUSIC PTY, LTD.'S RESPONSE IN OPPOSITION TO THE MOTION FOR JOINDER OF LABRADOR ENTERTAINMENT, LLC** |
| MICHAEL COHEN, an individual,<br><br>Cross-Complainant,<br><br>v.<br><br>LABRADOR ENTERTAINMENT, INC. D/B/A SPIDER CUES MUSIC LIBRARY, a California Corporation,<br><br>Cross-Defendant. | **Hearing Date:** February 22, 2021<br>**Time:**           10:00 AM<br>**Courtroom:**    5A<br><br>Action Filed:      August 17, 2017<br>Cross-Claim Filed: November 21, 2017<br>Trial Date:         November 30, 2021 |

| | |
|---|---|
| 1 | LABRADOR ENTERTAINMENT INC., D/B/A SPIDER CUES MUSIC LIBRARY, a California Corporation, ET AL., |
| 2 | |
| 3 | |
| 4 | Counter-Claimants, |
| 5 | v. |
| 6 | BEATBOX MUSIC PTY, LTD., MICHAEL COHEN, and individual, and DOES 1-20, inclusive, |
| 7 | |
| 8 | |
| 9 | Counter-Defendants. |

1  Plaintiff Beatbox Music Pty, Ltd. ("Beatbox"), by and through its attorneys,
2  hereby submits its response in opposition to the Motion for Joinder of Labrador
3  Entertainment, LLC under Federal Rule of Civil Procedure 25(c) ("Motion") filed by
4  Defendants Labrador Entertainment, Inc. and Labrador Entertainment, LLC
5  (collectively, the "Labrador Defendants"). In support thereof, Plaintiff states as
6  follows:

## RELEVANT FACTS

Beatbox's First Amended Complaint, Defendant Michael Cohen's Crossclaim, and Defendant Labrador Entertainment, Inc.'s Counterclaim all relate to a composer agreement dated February 14, 2008, between Labrador Entertainment, Inc. and Michael Cohen (the "Labrador-Cohen Agreement"), and a music publishing agreement dated April 1, 2009, between Labrador Entertainment, Inc. and Beatbox (the "Labrador-Beatbox Agreement"). (*See* First Amended Complaint ("FAC") (Dkt. No. 105) ¶¶ 16, 18, Exs. A, B; Crossclaim (Dkt. No. 38) ¶¶ 9, 17, Exs. A, B; Counterclaim (Dkt. No. 139) ¶¶ 79, 108, Exs. A, B.)

Beatbox alleges that Labrador Entertainment, Inc. breached its obligations to Beatbox pursuant to the Labrador-Beatbox Agreement when it provided Beatbox with a composition that infringed the rights of third parties in violation of Section 16 of the 2009 Agreement. (*See* FAC ¶¶ 21-3, 29, 45-54.)

Beatbox alleges that Defendant Webb transferred the assets of Labrador Entertainment, Inc. to Labrador Entertainment, LLC (among other transfers) in an effort to prevent Plaintiff from satisfying its claims. (*See* FAC ¶¶ 81-93.)

Labrador Entertainment, LLC was created on October 31, 2016. (FAC ¶ 3.)

Beatbox does not allege that the Labrador-Beatbox Agreement is an "asset" of Labrador Entertainment, Inc., nor does the Labrador-Beatbox Agreement permit that Labrador Entertainment, Inc. be entitled to assign the Labrador-Beatbox Agreement without Beatbox's express consent. (*See generally* FAC at Ex. B.) The Labrador-Beatbox Agreement provides, *in pertinent part*:

> 15. This Agreement shall be binding upon parties hereto and their respective successors and **permitted assigns**. No amendment shall be made hereto except in writing by all parties hereto[.]
> […]
> 16. The Publisher hereby represents and warrants and undertakes that:
> (i) The Publisher is free to enter into this Agreement;
> (ii) during the term of this Agreement the Publisher not grant any rights in the Compositions to any person firm or company other than the Sub Publisher for the Territory or enter into any agreement or act in any way which would derogate from the rights granted to the Sub Publisher hereunder;
> (iii) the Publisher is a party to or has entered into good and valid contracts with the writers and composers of the Compositions and such contracts enable it to comply with all terms and conditions hereof and the Publisher will do all things necessary not to be in breach of the same during the term hereof.
> (iv) the Compositions are original and that none of the Compositions infringes any other copyright work or the rights of any third party[.]

*Id.*

## APPLICABLE LAW

California Civil Code § 3439.01 defines an "asset" as "property of a debtor" and "claim" as "a right to payment, whether or not the right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." Cal. Civ. Code § 3439.01.

The Wolters Kluwer Bouvier Law Dictionary Desk Edition defines an "asset" as:

> Something of value. An asset is any property that has a value, usually assessed by its convertability into money or its equivalent. Assets may be tangible, such as real property, personal property, cash, or anything else with a physical existence. Assets also may be intangible, such as accounts receivable, claims at law, or shares of stock or bonds. The significance of an asset in law is slightly different from the meaning of asset in business and accounting, in which an asset is the future potential for revenue from a past transaction, and the potential benefit need not be realized through a legally enforceable means.

Stephen Michael Sheppard, *The Wolters Kluwer Bouvier Law Dictionary Desk Edition* (2012).

>Meanwhile, the term "liability" is defined as:

>A responsibility to do something or to make good not doing so. Liability is the responsibility that may be enforced under the law for ensuring the performance of some duty of action or omission, or for making good the injury of those harmed or threatened by not doing so. Liability is usually spoken of as civil, or private liability, for a violation of a contract, the commission of a tort, or the failure of an equitable duty such as the duty of a trustee. Criminal liability arises independently of civil liability from conduct in violation of a criminal prohibition. Liability in both senses depends upon enforceability, and if there is no person or entity that may enforce a duty against a person who fails in it, there is no liability (despite the failure of duty).

*Id.*

Federal Rule of Civil Procedure 25(c) governs the joinder of a party in an action where there is a transfer of *interest*:

>(c) Transfer of Interest. If an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party.

Fed. R. Civ. P. 25(c). Rule 25(c) applies only to transfers of interest that occur during the pendency of litigation. *Fitistics v. Unisen, Inc.*, 2013 U.S. Dist. LEXIS 198341 at *7 (C.D. Cal. Dec. 18, 2013). An order of joinder "is merely a discretionary determination by the trial court that the transferee's presence would facilitate the conduct of the litigation." *Id.* (quoting *In re Bernal*, 207 F.3d 595, 598 (9th Cir. 2000)). It maintains existing relationships in a lawsuit and permits an action to continue without interruption after an interest in a lawsuit is transferred and avoids the initiation of an entirely new lawsuit. *Id.*

Even when an interest is actually transferred, Rule 25(c) does not mandate substitution or joinder. *In re Bernal*, 207 F.3d at 598. Instead, "[a]n order of joinder is merely a discretionary determination by the trial court that the transferee's presence

would facilitate the conduct of the litigation." *Id.* (internal quotations omitted). "Substitution or joinder is *not mandatory* [even] where a transfer of interest has [actually] occurred.**"** *Sun-Maid Raisin Grow. of Cal. v. California Pack. Corp.*, 273 F.2d 282, 284 (9th Cir. 1959) (*emphasis added*). The Ninth Circuit has further noted:

> The most significant feature of Rule 25(c) is that it does not require that anything be done after an interest has been transferred. The action may be continued by or against the original party, and the judgment will be binding on his successor in interest even though he is not named. An order of joinder is merely a discretionary determination by the trial court that the transferee's presence would facilitate the conduct of the litigation.

*In re Bernal*, 207 F.3d at 598 (quoting 7C Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1958 (2d Ed. 1986)).

"Under Rule 25(c), '[t]he transferee is not joined because its substantive rights are in question; rather, the transferee is brought into court solely because it has come to own *the property* in issue.'" *Uniloc USA Inc. v. LG Elecs. U.S.A. Inc.*, 2019 U.S. Dist. LEXIS 26257, 2019 WL 690290, at *1 (N.D. Cal. Feb. 19, 2019) (citing *Minn. Min. & Mfg. Co. v. Eco Chem, Inc.*, 757 F.2d 1256, 1263 (Fed. Cir. 1985)). Accordingly, "[t]he merits of the case, and the disposition of the property, are still determined vis-a-vis the originally named parties." *Id.* Thus, Rule 25(c) rule "leaves the substitution decision to [the trial] court's sound discretion." *In re Bernal*, 207 F.3d at 598.

## ARGUMENT

Joinder is wholly inappropriate here. The only relevant "interest" Labrador Entertainment, Inc. holds is the breached Labrador-Beatbox Agreement. However, despite Labrador Defendants' argument to the contrary, a breached contract is a liability and not an asset. Moreover, even if a breached contract were to be considered an asset, the Labrador-Beatbox Agreement could not have been transferred or assigned to Labrador Entertainment, LLC without Beatbox's express consent under the terms of the Labrador-Beatbox Agreement, which was not granted. (*See* FAC, Ex.

B, ¶¶ 15, 16(ii)). Moreover, Labrador Entertainment, LLC's "presence" in this litigation is pre-existing, and joinder will do nothing to facilitate this matter further. *See Fitistics v. Unisen, Inc.*, 2013 U.S. Dist. LEXIS 198341 at *7.

**I.    Joinder of Labrador Entertainment, LLC as a defendant to Counts I and III is inappropriate and a waste of resources, and would not facilitate the conduct of this litigation because the breached Labrador-Beatbox Agreement is neither an asset nor is it assignable.**

Labrador Entertainment, LLC is already a defendant in the above-captioned cause making joinder unnecessary and inappropriate. Without analogizing to any relevant authority or pointing to any provision in the Labrador-Beatbox Agreement that would permit the same, the Labrador Defendants conclude that "Labrador Entertainment, LLC has 'come to own' all rights and obligations under the April 1, 2009 music licensing agreement at issue," and further that "[Labrador Entertainment, LLC] should be joined as an additional defendant to each of Beatbox's two contractual claims." (Motion at 4.) Notably, the Labrador-Beatbox Agreement does not permit Labrador, Inc. to assign its rights and/or obligations without Beatbox's written consent and a breached contract is not an asset, but a liability.

Counsel for the Labrador Defendants suggests that Beatbox's omission of Labrador Entertainment, LLC as a defendant in its breach of contract and express indemnity causes of action is an oversight on Beatbox's part. (Motion at 5.) No such oversight has occurred. Labrador Entertainment, Inc. breached the Labrador-Beatbox Agreement in many ways, including but not limited to: when it executed the Labrador-Beatbox Agreement without having authority to grant the rights it purports to grant; and when it provided infringing compositions to Beatbox. Both of these breaches occurred *years* before Labrador Entertainment, LLC was even an entity which occurred in October 31, 2016. Thus, Beatbox, as Plaintiff, has intentionally asserted causes of action against the appropriate defendants in a manner that is plainly not plagued by oversight.

Instead, as noted hereinabove, "Rule 25(c) is not designed to create new relationships among parties to a suit but is designed to allow the action to continue unabated when an interest in the lawsuit changes hands." *Fitistics*, 2013 U.S. Dist. LEXIS 198341 at *7 (*quoting In re Bernal*, 207 F.3d 595, 598 (9th Cir. 2000) (internal citations omitted)). There is no risk of this lawsuit stalling due to an interest changing hands in this case. Indeed, one is left to wonder: what is the true purpose of the Motion? If there is no risk that Labrador Entertainment, Inc.'s assets are beyond Beatbox's reach (Motion at 10), and counsel for both parties is the same, such a motion only serves to increase Beatbox's legal fees at this late stage of the litigation (not to mention the Labrador Defendants'), when counsel for the Labrador Defendants could easily have raised its request much earlier instead of waiting until Defendant Webb revealed during his deposition that he transferred all the *assets* of Labrador Entertainment, Inc. and after significant unsuccessful motion practice attempting to get out from under Beatbox's fraudulent conveyance claims.

Indeed, this Court has noted that "[t]he purpose of Rule 25(c) is to ensure that the conduct of litigation, or a judgment in favor of a plaintiff, are not defeated by a transfer of interest away from the original defendant." *Aspex Eyewear, Inc. v. Miracle Optics, Inc.*, 2009 U.S. Dist. LEXIS 140932 (C.D. Cal. Jul. 14, 2009). Put simply, Labrador Defendants continue their dilatory tactics and needlessly increase the costs of litigation by filing the instant Motion.

Lacking any valid basis for their Motion (as judicial efficiency certainly cannot be reasonably argued here), the Labrador Defendants urge this Court to use its discretion and join Labrador Entertainment, LLC as Defendants to Beatbox's Count I ("Count I," breach of contract, and Count III ("Count III," express indemnity). Authority relied upon by the Labrador Defendants in their Motion is inapposite to the instant case for reasons set forth below. (Motion at 6-9.)

*Hilbrands v. Far East Trading Co., Inc.* involved the subrogation of an employer to the rights of an injured employee to recover against another entity.

*Hilbrands v. Far East Trading Co.*, 509 F.2d 1321, 1322 (9th Cir. 1975). It is inapplicable to the instant matter in its entirety.

In *Sun-Maid Raisin Growers v. Cal. Packing Corp.*, 273 F.2d 282, 283-34 (9th Cir. 1959), defendant-appellant sought to dissolve an injunction, contending that the purpose of the injunction was to protect a trademark and that plaintiff-appellee had since transferred its interest in said trademark. *Sun-Maid*, 273 F.2d at 283-34. Just as *Hilbrands* does not apply here, neither does *Sun-Maid*.

Labrador Defendants' reliance on the cases above undercuts its argument and should be disregarded by this Court.

Numerous cases applying Rule 25(c) articulate the principle that joinder or substitution of a party under the Rule does not affect the substantive rights of the parties or the transferee. *See, e.g.*, *Aspex Eyewear, Inc. v. Miracle Optics, Inc.*, 2009 U.S. Dist. LEXIS 140932 at *10 (C.D. Cal. Jul. 16, 2009) (citing *Minnesota Min. & Mfg. Co. v. Eco Chem, Inc.*, 757 F.2d 1256, 1263 (Fed. Cir. 1985) ("The transferee is not joined because its substantive rights are in question; rather, the transferee is brought into court solely because it has come to own the property in issue. The merits of the case, and the disposition of the property, are still determined vis-a-vis the originally named parties"); and *Citibank v. Grupo Cupey, Inc.*, 382 F.3d 29, 32 (1st Cir. 2004) ("Rule 25(c) is merely a procedural device designed to facilitate the conduct of the case, and does not alter the substantive rights of the parties or the transferee," quoting James Wm. Moore et al., *Moore's Federal Practice* ¶ 25.32 (3d ed. 2004). Indeed, Rule 25(c) is a procedural device that does not typically alter the substantive rights of a party." 2009 U.S. Dist. LEXIS 140932 at *10 (quoting *Mars, Inc. v. JCM American Corp.*, 2007 U.S. Dist. LEXIS 17351, 2007 WL 776786, *1 (D.N.J. Mar. 9, 2007)).

The leading case in the Ninth Circuit discussing Rule 25(c) and its application is *In re Bernal*, previously referenced hereinabove. 207 F.3d at 596-597. In that case, a Chapter 7 bankruptcy debtor brought an adversary complaint against the defendant,

a state student aid commission that was the guarantor of the notes for the original student loan lender to the plaintiff former student. *Id.* Defendant failed to file an answer, and default was entered. *Id.* Subsequently defendant assigned the notes to appellant, which then moved to intervene and set aside the default against defendant. *Id.* at 597. The bankruptcy court denied the motion because appellant was not a proper party in intervention, since it had no interest in the notes at the time the complaint was filed or when the default was entered, and the bankruptcy appellate panel affirmed. *Id.* at 599.

    The Ninth Circuit affirmed the trial court's election to deny the defendant's motion to join the proposed defendant, who was the assignee of promissory notes at issue in that case. *Id.* at 599. The *Bernal* court noted that the proposed defendant "[did] not even begin to explain why [. . .] its predecessor [. . .] allowed its default to be taken, and *that* is what it would have to do were it allowed to substitute into this action now that it has been assigned [the defendant's] rights. It made no attempt to show that its presence would 'facilitate the conduct of the litigation.'" *Id.* (quoting Wright § 1958 at 557). Thus, the Ninth Circuit held that the trial court (the bankruptcy court, in that case) did not abuse its discretion in denying the motion for joinder. *Id.* at 599.

    As in *Bernal*, Labrador Defendants' Motion fails to show that Labrador Entertainment, LLC's presence under joinder herein would facilitate this matter in any way. It generally suggests that joinder would "ensure Beatbox would have adequate legal recourse against the correct Labrador entity if it were to ultimately prevail in this litigation—and [] spare all parties and the Court the unnecessary ambiguity resulting from Beatbox's claims as they are currently stated." (Motion at 2-3.) In essence, counsel for Labrador Defendants suggests that without joinder, Beatbox somehow lacks adequate legal recourse if it prevails.

    A searching review of relevant case law in this jurisdiction yields no results on point supporting Labrador Defendants' request for relief. Indeed, it appears this

District has addressed joinder requests relatively infrequently – and almost never in the context of a defendant's motion to join an additional (rather than substitute) defendant, let alone a defendant who is already a party to the suit.

Plaintiff urges this Court to consider the holding in *Munoz v. PHH Mortg. Corp.*, 2020 U.S. Dist. LEXIS 57575 (E.D. Cal. Apr. 1, 2020), wherein the United States District Court for the Eastern District of California considered the plaintiff's motion to join a defendant following the merger of the defendant to the existing litigation with the party proposed to be joined. *See generally*, *Munoz*, 2020 U.S. Dist. LEXIS 57575. In *Munoz*, the court considered whether the transfer of interest between the defendant and the proposed defendant was sufficient to justify joinder under Rule 25(c) and noted that such an analysis is a question of state law. 2020 U.S. Dist. LEXIS 57575 at *7, citing *LiButti v. United States*, 178 F.3d 114, 124 (2d Cir. 1999) ("Successor liability [under Rule 25(c)] is a question of State law[.]")

After finding that the proposed defendant was not a "mere continuation" of the defendant as required by Maryland law (which it was obligated to apply under the facts of that case), the court then considered the proposed joinder. *See* 2020 U.S. Dist. LEXIS 57575 at *25. It denied the plaintiff's motion, because it was "not convinced that [the proposed defendant's] joinder [was] necessary, as its presence would likely not facilitate the conduct of litigation at [the] late stage of th[e] action." *Id.* Specifically, it cited the potential for discovery and briefing on the question of liability, as well as "other unforeseen possibilities." *Id.* Other California federal district courts have noted that late joinder of a party pursuant to Rule 25(c) may be denied when joinder would "require a significant investment of judicial time and resources" and could "complicate and substantially lengthen" litigation. *McKesson Info. Sols., Inc. v. Bridge Med., Inc.*, 2006 U.S. Dist. LEXIS 9904, 2006 WL 658100, at *3 (E.D. Cal. Mar. 13, 2006).

The Labrador Defendants request that the Court join Labrador Entertainment, LLC as a defendant to Beatbox's first and third causes of action because, it

concludes, joinder would serve "the interests of all parties and of judicial efficiency." (Motion at 3.) Given that counsel for Labrador Entertainment, Inc. also represents Labrador Entertainment, LLC herein, the suggestion that "[o]nce the joinder occurs, the parties will be able to work towards a more thorough and complete resolution of the claims between them" is facially disingenuous. It is abundantly clear that the Labrador Defendants seek to add Labrador Entertainment, LLC as a defendant as to Counts I and III in an ill-fated attempt to eviscerate Plaintiff's Counts V, VII and VIII by suggesting this Court entertain a legal fiction that Plaintiff somehow consented to Labrador Entertainment, Inc's "assignment" of a breached contract to Labrador Entertainment, LLC. Even if Labrador Entertainment, LLC was a successor in any interest here, which it is not and could not have been under the terms of the Labrador-Beatbox Agreement, the Ninth Circuit noted in *Bernal*, any judgment herein would be binding on Labrador Entertainment, LLC if it actually was successor in a relevant interest, even though it is not named. *See In re Bernal*, 207 F.3d at 598. For all of these reasons, this court should deny the Labrador Defendants' motion to join Labrador Entertainment, LLC as to Counts I and II on the theory that Labrador Entertainment, LLC is the success-in-interest to the Labrador-Beatbox Agreement Contract that Labrador Entertainment, Inc. breached upon sending an infringing composition and by otherwise breaching its representations and warranties and which was expressly not assignable without Plaintiff's consent.

WHEREFORE, Plaintiff Beatbox Music Pty, Ltd. requests that the Court enter an Order:

    a. denying Defendants Labrador Entertainment, Inc. and Labrador Entertainment, LLC's Motion for Joinder with prejudice;

    b. ordering Labrador Defendants to pay all of Plain attorneys' fees and expenses reasonably incurred in opposing the Motion for Joinder; and

    c. granting Plaintiff such other and further relief as the Court deems necessary and just.

| | |
|---|---|
| DATED: February 1, 2021 | Respectfully submitted, |
| | **BEATBOX MUSIC PTY, LTD.** |
| | */s/ Heather L. Blaise* |
| | HEATHER L. BLAISE, ESQ. (SBN 261619) |
| | 123 N. Wacker Drive, Suite 250 |
| | Chicago, IL 60606 |
| | Telephone: 312-448-6602 |
| | Email: hblaise@blaisenitschkelaw.com |
| | *Attorney for Plaintiff* |