Douglas J. Rosner, ESQ., SBN 094466
rosnerlaw@earthlink.net
LAW OFFICES OF DOUGLAS JOSEPH ROSNER
2625 Townsgate Road, Suite 330
Westlake Village, California 91361
Telephone No. (818) 501-8400
Facsimile No.: (818) 880-4485

Attorney for Defendant/Cross-Defendants,
Labrador Entertainment, Inc. dba Spider Cues
Music Library, Labrador Entertainment, LLC,
Noel Palmer Webb, an individual and Webb Family Trusts

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| BEATBOX MUSIC, PTY, LTD.,<br><br>Plaintiff,<br><br>vs.<br><br>LABRADOR ENTERTAINMENT, INC., DBA SPIDER CUES MUSIC LIBRARY, a California corporation,<br><br>Defendants.<br>―――――――――――――<br>MICHAEL COHEN, an individual,<br><br>Cross-Complainant,<br><br>vs.<br><br>LABRADOR ENTERTAINMENT INC., D/B/A SPIDER CUES MUSIC LIBRARY, a California Corporation,<br><br>Cross-Defendant.<br>―――――――――――――| Case No. 2:17-cv-6108-MWF (JPRx)<br>*Assigned to the Hon. Michael W. Fitzgerald*<br><br>Defendants' Motion to Dismiss the Second, Fourth, Seventh and Eighth Counts from First Amended Complaint for Failure to State a Claim; and Motion to Strike Prayer for Attorney's Fees and Punitive Damages; Memorandum of Points and Authorities (FRCP 12(b)(6) and 12(f)) (Proposed) Order Granting Motion (filed under separate cover)<br><br>Hearing Date: March 30, 2020<br>Time: 10:00 a.m.<br>Place: Courtroom 5A - Los Angeles<br>Judge: Hon. Michael W. Fitzgerald<br>[Proposed Order Filed Concurrently Herewith] |

DEFENDANT'S NOTICE MOTION AND MOTION TO DISMISS THE SECOND, FOURTH, SEVENTH AND EIGHTH COUNTS FROM FIRST AMENDED COMPLAINT AND MOTION TO STRIKE ATTORNEYS FEES AND PUNITIVE DAMAGES

i

**TABLE OF CONTENTS**                                    **PAGE NUMBER**

NOTICE OF MOTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1-2

PARTIES' JOINT STIPULATION PURSUANT TO L.R. 37 . . . . . . . . . . . . . . . 1-22

INTRODUCTION - LABRADOR ENTERTAINMENT, INC. . . . . . . . . . . . . . . . .  1

MEMORANDUM OF POINTS AND AUTHORITIES . . . . . . . . . . . . . . . . . . . . . .  2

I. INTRODUCTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2

A. The Claims  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2

B. Attempts to Resolve Issues Regarding a Protective Order. . . . . . . . . . . . . . . . . . 2-5

THE PARTIES' POSITIONS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  5

A. Labrador's position is that any protective order should include a "highly

confidential" designation that limits viewing of certain documents produced to

attorneys only. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6

1. Financial Records . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6

2. Corporate Documents. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  7

3. Labrador's Proposed "Highly Confidential" Language . . . . . . . . . . . . . . . . . . . . 8-9

PLAINTIFF BEATBOX'S POSITION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  9

COHEN PARTIES COMPONENT OF THIS JOINT STIPULATION . . . . . . . . . .  17

COHEN PARTIES' INTRODUCTORY STATEMENT. . . . . . . . . . . . . . . . . . . . .  17

A. The Claims . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  17

B. The Instant Dispute  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  18

COHEN PARTIES' POINTS AND AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . .  19

1   Douglas J. Rosner, ESQ., SBN 094466
    rosnerlaw@earthlink.net
2   LAW OFFICES OF DOUGLAS JOSEPH ROSNER
    2625 Townsgate Road, Suite 330
3   Westlake Village, California 91361
    Telephone No. (818) 501-8400
4   Facsimile No.: (818) 880-4485
    email: rosnerlaw@earthlink.net; Doug@DRosnerlaw.com
5   Attorney for Defendant/Cross-Defendants,
    Labrador Entertainment, Inc. dba Spider Cues Music
6   Library, Labrador Entertainment, LLC, Noel Palmer
    Webb, an individual and Webb Family Trusts

7

8

9                  UNITED STATES DISTRICT COURT

10      CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

11

12   BEATBOX MUSIC, PTY, LTD.,          )   Case No. 2:17-cv-6108-MWF (JPRx)
                                        )   Assigned to the Hon. Michael W.
13                Plaintiff,            )   Fitzgerald
                                        )
           vs.                          )
14                                      )   Notice of Motion and Joint
     LABRADOR ENTERTAINMENT,            )   Stipulation Pursuant to L.R. 37
15   INC., DBA SPIDER CUES MUSIC        )   Concerning a Discovery Protective
     LIBRARY, a California corporation, )   Order
16                                      )
                  Defendants.           )   Discovery Cut-Off: 7/23/2021
17   ─────────────────────────────      )   Pretrial Conference: 11/8/2021
                                        )   Trial Date: 11/30/2021
18        AND ALL CROSS CLAIMS

19

20

21

22

23

24

25

26

27   NOTICE OF MOTION AND JOINT STIPULATION PURSUANT TO L.R. 37 CONCERNING A

28   DISCOVERY PROTECTIVE ORDER                                Page 1 of 2

**TO THE HONORABLE COURT**, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on July 29, 2021, at 10:00 a.m., or as soon as the matter may be heard, in the courtroom of the Honorable Jean P. Rosenbluth, Magistrate Judge , located at 255 E. Temple St., Los Angeles, CA, 90012, Courtroom 690, 6th Floor, Defendant, Cross-complainant, Labrador Defendants will and hereby does move pursuant to Federal Rules of Civil Procedure Rule 26 and Local Rule 37 for an protective order deeming certain matters confidential.

This motion is based upon the parties' Joint Stipulation, all declarations and exhibits thereto, any supplemental briefing in connection with the motion, the prior papers and pleadings on file with the Court in this action, and such other evidence or argument as may be presented to the Court. This motion is made following the conference of counsel pursuant to L.R. 37-1 that Defendant's counsel, Douglas J. Rosner, had with Plaintiff's counsel, Heather Blaise and Defendant's counsel, Ronak Patel, which took place on April 16, 2021 after Defendant's counsel, Douglas J. Rosner sent to Heather Blaise and Ronak Patel three meet-and-confer letters dated January 21, 2021, February 2, 2021, February 25, 2021. Counsel have been unable to resolve their dispute, necessitating this motion.

June 14, 2021          LAW OFFICES OF DOUGLAS JOSEPH ROSNER
                       /s/ Douglas J. Rosner

                 By:   DOUGLAS J. ROSNER
                       SBN 094466
                       2625 Townsgate Road, Suite 330
                       Westlake Village, California 91302
                       Telephone No. (818) 501-8400
                       email: rosnerlaw@earthlink.net; Doug@DRosnerlaw.com
                       Attorney for Defendant/Cross-Defendants,
                       Labrador Entertainment, Inc. dba Spider Cues Music
                       Library, Labrador Entertainment, LLC, Noel Palmer
                       Webb, an individual and Webb Family Trusts

NOTICE OF MOTION AND JOINT STIPULATION PURSUANT TO L.R. 37 CONCERNING A DISCOVERY PROTECTIVE ORDER

1
2
3
4
5
6
7
8
9
10
11

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

12

BEATBOX MUSIC, PTY, LTD.,

13                          Plaintiff,

14            vs.

15  LABRADOR ENTERTAINMENT,
    INC., DBA SPIDER CUES MUSIC
16  LIBRARY, a California corporation,

17                          Defendants.

18  _____

19  AND ALL RELATED ACTIONS

)   Case No. 2:17-cv-6108-MWF (JPRx)
)   *Assigned to the Hon. Michael W.*
)   *Fitzgerald*
)
)
)   PARTIES' JOINT STIPULATION
)   PURSUANT TO L.R. 37
)
)
)   Discovery Cut-Off: 7/23/2021
)   Pretrial Conference: 11/8/2021
)   Trial Date: 11/30/2021
)
)

20
21

**INTRODUCTION - LABRADOR ENTERTAINMENT, INC.**

22          The parties to this action have made good faith efforts to resolve a dispute

23  between them over the language of a stipulated protective order. Those good faith

24  efforts, however, have not resulted in agreement to language governing a protective

25  order. Because the parties have been unable to resolve their differences, they hereby

26  submit this Joint Stipulation outlining the issues for the Court's resolution.

27

28  PARTIES' JOINT STIPULATION PURSUANT TO L.R. 37                    Page 1 of 20

**MEMORANDUM OF POINTS AND AUTHORITIES - LABRADOR**

**A. The Claims**

Plaintiff Beatbox Music Pty, Ltd. ("Beatbox") initially filed this action on August 17, 2017. (ECF No. 1). On January 24, 2020, Beatbox Music filed its First Amended Complaint, which includes counts for Breach of Contract,(Breach of Covenant of Good Faith and Fair Dealing,  Express Indemnity, Breach of Fiduciary Duty, Alter Ego Theory, Fraudulent Conveyance At Common Law and Fraudulent Conveyance Under California's Uniform Fraudulent Transfer Act. (ECF  No. 105).

Defendants Labrador Entertainment, Inc. ("Labrador"), filed an Answer and Counterclaims to the First Amended Complaint, which included the following counts: Breach of Express Contract and Indemnification against Beatbox Music, Negligence and Breach of Fiduciary against Beatbox Music and various unnamed Roe Defendants and Indemnification against Defendant Michael Cohen "FAC". (ECF No. 139).

Beatbox's, FAC against Labrador included counts for Alter Ego Theory and Fraudulent Conveyance. (ECF  No. 105). Anticipating only *Beatbox's* discovery on these counts and to move this case along, on or about January 15, 2021, Labrador sought a stipulated protective order regarding the disclosure of financial records, bank statements, financial reports, and various corporate documents.

**B**. **Attempts to Resolve Issues Regarding a Protective Order**

On January 15, 2021, Labrador's counsel proposed that the parties enter into a stipulated protective order and shared a proposed draft. (Ex. A). Initially, counsel for Cohen was not interested in agreeing to any sort of protective order. (Ex. B). In response to the protective order proposed by Labrador's counsel, Cohen's counsel stated simply "We have reviewed your proposed stipulate protective order. We will not stipulate to the protective order. Thank you." (Ex. B). When asked for a reason, Cohen's counsel replied "It is overbroad and convoluted. I also question whether any

protective order in this matter is needed at this time." (Ex. C)  Explaining further,

Labrador's counsel explained that a protective order was "is necessary to allow for

production of documents to challenge the claim of alter ego." In an email to

Labrador's counsel, Cohen's counsel explained his belief that the proposed protective

order was "convoluted" and "overbroad":

> Justifying a convoluted and overbroad protective order by saying nothing more than that the order is 'necessary' is not a justification, it is simply a conclusion  Here, you have not yet demonstrated that this protective order would help prevent annoyance, embarrassment, oppression, or undue expense or burden. We are not going to impose obligations on our client and others who may become involved in this litigation that are unnecessary or unjustified, or which are confusing or burdensome. In a similar vein, we are not going to do your work for you by redlining a twenty page document that we can barely follow. (Ex. D)

In an effort to obtain agreement on a protective order Labrador's counsel again

sent an email on February 2, 2021 to Cohen's counsel and Beatbox's counsel (Ex. E)

containing another Proposed Protective Order. (Ex. F).

In response Mr. Patel again rejected Labrador's counsel new proposed

protective order. Mr. Patel states:

> We will not sign your proposed stipulated order. When we initially spoke on this issue, I noted that our concern was, in part, with the lengthy, overly complicated, and convoluted nature of the order. Either I or Heather also pointed out that the confidential versus highly confidential distinction was particularly problematic. If memory serves, you never provided a persuasive reason for the need for that distinction. Nevertheless, you now provide us with a "new" version that is in fact highly duplicative of the original version, including the confidential versus highly confidential distinction. Given these flaws and the general incomprehensibility of the order you propose, it remains completely unacceptable. (Ex. G)

Despite his initial out-right rejection of the protective order, on February 16,

2021, counsel for Cohen circulated a revised draft of a proposed stipulated protective

order to counsel for the other parties. (Ex. H). That draft contained a number of

revisions from earlier drafts, including two major deletions: language regarding (1)

good cause and (2) the term "Highly Confidential." The good cause section explained

PARTIES' JOINT STIPULATION PURSUANT TO L.R. 37                    Page 3 of 20

1    the reasons for the parties' need for a protective order in the first place. That is, the

2    parties expected confidential business and financial information would be exchanged

3    during discovery and that it was important to the parties to keep their confidential

4    information as such.

5          The deletions also removed any references to the term "Highly Confidential," a

6    provision that Labrador requested that would include an "attorneys' eyes only"

7    component. As the good cause section explained, the financial and business

8    information that Labrador expected to produce in the case could be used by

9    competitors to achieve a competitive advantage against Labrador. A "Highly

10   Confidential" designation would allow Labrador to protect its most sensitive financial

11   and business information while also allowing the other parties to adequately prepare

12   their cases for trial.

13         In response to these deletions, counsel for Labrador requested an explanation

14   for these deletions, as it is Labrador's position that those sections should be included

15   in any protective order. On or about February 25, 2021, Counsel for Beatbox Music

16   replied that she was willing to consider agreeing to the draft as written by Cohen's

17   counsel, but was unwilling to include any reference to a "Highly Confidential"

18   designation that would make certain documents "attorneys' eyes only":

19           I am willing to consider agreeing to Ronak's proposed draft as written. I
             am not willing to agree to some other "Highly Confidential" designation
20           that results in attorneys' eyes only treatment or creates additional hurdles
             for the admission to the record. As you have pointed out, Mr. Rosner, this
21           is a breach of contract case (with fraudulent conveyances) and which
             does not involve trade secrets and/or matters of national security. If you
22           have some documents that are relevant to this case and which you believe
             your client will in some way be prejudiced by producing in the ordinary
23           course of discovery, then I suggest you bring a motion and permit the
             judge to review the documents that are causing you this concern.
24           Regards, Heather L. Blaise (Ex. I).
             A comparison of the two drafts of the protective orders is marked as Exhibit
25
     J.
26

27

28   PARTIES' JOINT STIPULATION PURSUANT TO L.R. 37                    Page 4 of 20

As a result of Beatbox and Cohen counsels' indication that they would not agree to a "Highly Confidential" designation in a protective order, as well as their deletion of the good cause section, on April 16, 2021, counsel for the parties had a telephonic meet and confer[1] in accordance with L.R. 37-1 in an effort to resolve any outstanding issues between the parties. The parties were not able to resolve the issues with the language of a protective order as a result of that meet and confer conference.

The primary dispute between the parties is whether a protective order should include the good cause language, as well as a "highly confidential" designation that would limit documents designated as such to attorneys' eyes only treatment. Labrador contends that certain documents requested by Beatbox in this action should be limited to attorneys' eyes only, while the other parties have said they will not agree to such a designation.

## THE PARTIES' POSITIONS
## <u>LABRADOR, INC'S POSITION</u>

A. Labrador's position is that any protective order should include a "highly confidential" designation that limits viewing of certain documents produced to attorneys only.

This action involves the disclosure of financial records, bank statements, financial reports, and various corporate documents—including but not limited to resolutions, share certificates, and meeting minutes. It also involves other confidential business or financial information related to Labrador, information regarding those entities' confidential business practices, or other confidential research, development, or commercial information (including information potentially implicating the privacy

---

[1]Counsel are not located in the same county and therefore were not required to meet in person pursuant to L.R. 37-1.

rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Special protection from public disclosure of these documents and from use for any purpose outside of this action is warranted in this case. Labrador addresses the importance of maintaining the confidentiality of each of these types of documents in turn now.

### 1. Financial Records

Courts may require that "commercial information not be revealed or be revealed only in a specific way." Fed. R. Civ. P. 26(c)(1)(G). This is critical because the "fruits of pre-trial discovery are, in the absence of a court order to the contrary, presumptively public." San Jose Mercury News, Inc. v. U.S. Dist. Ct., 187 F.3d 1096, 1103 (9th Cir. 1999). Fortunately, "Rule 26(c) authorizes a district court to override this presumption where 'good cause' is shown." Id. In practical terms, "[c]ourts commonly issue protective orders limiting access to sensitive information to counsel and their experts." Nutratech, Inc. v. Syntech (SSPF) Int'l, Inc., 242 F.R.D. 552, 555 (C.D. Cal. 2007). The defendant in the Nutratech business dispute, for instance, sought a protective order limiting disclosure of certain corporate financial information—including "overall sales and revenue figures" and "customer/supplier lists"— "to an 'attorney's eyes only' provision so that this information will not be directly shared with anyone except Plaintiff's attorneys or experts." Id. at 554. The Court readily acknowledged the company's need for that type of protection, and it denied plaintiff company's motion to the contrary. See also U.S. E.E.O.C. v. ABM Indus. Inc., No. 1:07-CV-01428 LJOJLT, 2010 WL 785819, at *6 (E.D. Cal. Mar. 4, 2010) ("It is well settled that the Court has the authority to shield proprietary information related to the ongoing operations of a business from public review.").

///

1       Labrador is in a similar situation here: its financial information, while

2   potentially relevant to certain claims and defenses in this litigation, should not be

3   made publicly available. Beatbox Music, a competitor to Labrador, has requested

4   various financial records of Labrador, including almost twenty years of tax returns, as

5   well as every conceivable record for bank accounts and capital assets. There is no

6   justification for exposing highly sensitive information like the company's financial

7   records, bank statements, and financial reports to public view.

8       Like every other company, Labrador faces the potential for serious harm if the

9   privacy of this information were compromised. Labrador's industry (music licensing)

10   is highly competitive, and rival companies could take advantage of information about

11   its financial standing by, for instance, using it as a basis to restructure their pricing

12   practices. Similarly, the entities that Labrador enters into agreements with would

13   immediately gain additional leverage over Labrador if they knew all of the ins and

14   outs of its financial situation.

15   **2. Corporate Documents**

16       Internal corporate documents are protectible under similar logic to the above.

17   Parties seeking discovery are, of course, entitled to "obtain discovery regarding any

18   nonprivileged matter that is relevant to any party's claim or defense and proportional

19   to the needs of the case . . . " Fed. R. Civ. P. 26(b)(1). But the Federal Rules protect

20   responding parties as well—specifically, respondent corporations "are entitled to

21   protection from 'undue burden' in discovery, including protection from misuse of

22   trade secrets by competitors." Brown Bag Software v. Symantec Corp., 960 F.2d

23   1465, 1470 (9th Cir. 1992). For internal corporate documents specifically, courts often

24   strike this balance by allowing disclosure of discoverable documents while ensuring

25   there are measures in place to maintain their confidentiality. See, e.g., U.S. E.E.O.C.

26   v. ABM Indus. Inc., No. 07-01428, 2010 WL 785819, at *4 (E.D. Cal. Mar. 4, 2010)

27

28   PARTIES' JOINT STIPULATION PURSUANT TO L.R. 37          Page 7 of 20

1  (allowing disclosure of specific board meeting minutes but granting motion for

2  protective order "[t]o the extent that the motion seeks to maintain the confidentiality

3  of the material after it is produced").

4          The same balance applies in full force here: any of Labrador's internal

5  corporate documents produced in this litigation should be subject to the terms of a

6  strict confidentiality agreement between the parties that includes a "Highly

7  Confidential" designation for particularly sensitive documents. If they are not,

8  Labrador risks having information about its internal business practices exposed to the

9  general public and potential rivals. This could compromise the company's ability to

10 continue to compete within its industry, as competitors and potential business partners

11 would suddenly have access to information about Labrador's internal structure while

12 Labrador would have no such information about theirs.

13         That information asymmetry is easily avoided with a standard protective order

14 protecting the confidentiality of any such information and limiting certain highly

15 sensitive documents to attorneys' eyes only. Accordingly, to expedite the flow of

16 information, to facilitate the prompt resolution of disputes over confidentiality of

17 discovery materials, to adequately protect information the parties are entitled to keep

18 confidential, to ensure that the parties are permitted reasonable necessary uses of such

19 material in preparation for and in the conduct of trial, to address their handling at the

20 end of the litigation, and serve the ends of justice, a protective order with a "Highly

21 Confidential" designation for such information is justified in this matter.

22         **3. Labrador's Proposed "Highly Confidential" Language**

23         The "Highly Confidential" language that Labrador has proposed to the other

24 parties is included as track changes in Exhibit J. See VIII, Section D, p. 93 of

25 Exhibits. As the Court can see, the proposed language would limit documents

26 designated as "Highly Confidential" to the following: (1) the Court and court

27

28 PARTIES' JOINT STIPULATION PURSUANT TO L.R. 37                    Page 8 of 20

personnel; (2) counsel of record; (3) experts and consultants retained by counsel of record; (4) graphics, translation, or design services retained by counsel of record; (5) commercial copying services retained by counsel of record; (6) during depositions, witnesses to whom disclosure is reasonably necessary and who have signed an agreement concerning information covered by the protective order; (7) any author or addressee of Highly Confidential information; or (8) any other person by stipulation or Court order.  Labrador believes this language strikes the proper balance between protecting its highly sensitive information and allowing reasonable access to potentially relevant information by the other parties.

## PLAINTIFF BEATBOX'S POSITION

Contrary to Labrador, Inc.'s suggestion, Beatbox expressly disputes that Beatbox and Labrador, Inc. are competitors.  Beatbox is a sub-publisher in New Zealand and Australia while Labrador, Inc. is a US-based publisher. (ECF No. 105). *See* Declaration of Peter Baker. Labrador, Inc. has failed to establish good cause for limiting its production of any discovery to be subject to an attorneys' eyes only designation because any limitation on Beatbox to admit evidence at trial relating to the Defendants' fraudulent conveyances (which will naturally be related to bank records and other financial documents) and Defendants' alter egos as it relates to all relevant corporate documents will be highly prejudicial to Plaintiff's case and its ability to meet its burdens at trial.  Moreover, Plaintiff should not be required to expend the resources to hire an expert to review documents relating to licensing which it could easily review and provide any necessary industry-meanings.  Beatbox contends that this is another attempt by the Labrador Defendants to delay and avoid the administration of justice, instead of focusing on the merits of the case as directed by this Court on April 27, 2021. (ECF No. 189).

///

PARTIES' JOINT STIPULATION PURSUANT TO L.R. 37                    Page 9 of 20

Rule 26(c) governs protective orders. It provides that the court may, "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense, including [. . .] [f]orbidding the disclosure of discovery." Fed. R. Civ. P. 26(c)(1)(A). The party resisting discovery bears the burden of persuasion. *SEC v. Banc de Binary*, No. 2:13-cv-993-RCJ-VCF, 2014 U.S. Dist. LEXIS 34373, at *25 (D. Nev. Mar. 14, 2014) (citing *U.S. Equal Emp't Opportunity Comm'n v. Caesars Entm't, Inc.*, 237 F.R.D. 428, 432 (D. Nev. 2006).

In order to meet that burden of persuasion, the party seeking the protective order must show good cause by demonstrating a particular need for the protection sought. Id. Rule 26(c) requires more than "broad allegations of harm, unsubstantiated by specific examples or articulated reasoning." *Cipollone v. Liggett Grp., Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986). *See also United States v. Garrett*, 571 F.2d 1323, 1326, n. 3 (5th Cir. 1978) (requiring "a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements"); *General Dynamics Corp. v. Selb Mfg. Corp.*, 481 F.2d 1204, 1212 (8th Cir. 1973), cert. denied, 414 U.S. 1162, 94 S. Ct. 926, 39 L. Ed. 2d 116 (1974); 8 C. Wright & A. Miller, Federal Practice and Procedure § 2035 (1970 & Supp. 1985). The party seeking the order must point to specific facts that support the request, "as opposed to conclusory or speculative statements about the need for a protective order and the harm which will be suffered without one. *Frideres v. Schiltz*, 150 F.R.D. 153, 156 (S.D. Iowa 1993), citing *Brittain v. Stroh Brewing Company*, 136 F.R.D. 408 (M.D.N.C. 1991). A mere showing that the discovery may involve some inconvenience or expense does not suffice to establish good cause under Rule 26(c). *United States EEOC v. Caesars Entm't, Inc*, 237 F.R.D. 428, 432 (D. Nev. 2006) (superseded by statute on other grounds), citing *Turner Broadcasting System, Inc. v. Tracinda Corporation*, 175 F.R.D. 554, 556 (D. Nev. 1997).

1    To overcome the presumption, the party seeking the protective order must show

2  good cause by demonstrating a particular need for protection. Broad allegations of

3  harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the

4  Rule 26(c) test. Moreover, the harm must be significant, not a mere trifle. *See, e.g.,*

5  *Joy v. North*, 692 F.2d 880, 894 (2d Cir. 1982) (refusing protective order where

6  proponent's only argument in its favor was the broad allegations that the disclosure of

7  certain information would "injure the bank in the industry and local community"),

8  cert. denied sub nom. *Citytrust v. Joy*, 460 U.S. 1051, 75 L. Ed. 2d 930, 103 S. Ct.

9  1498 (1983).

10    In determining whether an "undue burden" exists, a court must consider "the

11 needs of the case, the amount in controversy, the parties' resources, the importance of

12 the issues at stake in the action, and the importance of the discovery in resolving the

13 issues." FED. R. CIV. P. 26(b)(2)(C); *United States ex rel. Carter v. Bridgepoint

14 Educ., Inc.*, 305 F.R.D. 225, 237 (S.D. Cal. 2015), citing *Crosby v. La. Health Serv. &

15 Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011). Rule 26(c) also authorizes strictures on

16 discovery's extent for "good cause" and so as "to protect a party from annoyance,

17 embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).

18    Here, Labrador, Inc's proffered reasons are as follows:

19    Like every other company, Labrador faces the potential for serious harm
      if the privacy of this information were compromised. Labrador's industry
20    (music licensing) is highly competitive, and rival companies could take
      advantage of information about its financial standing by, for instance,
21    using it as a basis to restructure their pricing practices. Similarly, the
      entities that Labrador[2] enters into agreements with would immediately
22    gain additional leverage over Labrador if they knew all of the ins and
      outs of its financial situation;

23

24    [2]Considering the fact that Labrador Entertainment, Inc. is no longer a going concern based upon

25 Defendant Noel Webb's testimony, it is unclear as to how Labrador Entertainment, Inc. is continuing

26 to enter into agreements with any other party.

27

28 PARTIES' JOINT STIPULATION PURSUANT TO L.R. 37                    Page 11 of 20

1      [and]

2

3      Labrador's internal corporate documents produced in this litigation
       should be subject to the terms of a strict confidentiality agreement
4      between the parties that includes a "Highly Confidential" designation for
       particularly sensitive documents. If they are not, Labrador risks having
5      information about its internal business practices exposed to the general
       public and potential rivals. This could compromise the company's ability
6      to continue to compete within its industry, as competitors and potential
       business partners would suddenly have access to information about
7      Labrador's internal structure while Labrador would have no such
       information about theirs.
8      *See* Labrador, Inc.'s Position supra Part A(1,2) (emphasis added). Neither of the

9      proffered reasons meet their burden to show good cause because, at most, they amount

10     to an allegation of speculative harm which Labrador, Inc. admits would be applicable

11     to "every other company" involved in litigation and are not specific or significant.

12     Moreover, the cases that Labrador, Inc. cites in support of its purported need for a

13     highly confidential protective order are not on par with the circumstances in the case

14     before this Court.

15     Labrador, Inc. cites *San Jose Mercury News, Inc. v. U.S. Dist. Ct.* for the notion

16     that the "fruits of pre-trial discovery are, in the absence of a court order to the

17     contrary, presumptively public." This is improper, as the case relies upon an outdated

18     version of Rule 5.

19     It is true that some cases suggest that Rule 26(c) creates a substantive
       right of public access to discovery. *See San Jose Mercury News, Inc. v.*
20     *U.S. Dist. Court for N. Dist. of Cal.*, 187 F.3d 1096, 1103 (9th Cir. 1999)
       [. This] case, however, [was] based on a prior version of Rule 5(d) of the
21     Federal Rules of Civil Procedure that generally required all discovery
       materials to be filed with the court unless the court ordered otherwise.
22

23     *Bond v. Utreras,* 585 F.3d 1061, 1075 (7th Cir. 2009).

24

25     ///

26     ///

27

28     PARTIES' JOINT STIPULATION PURSUANT TO L.R. 37                    Page 12 of 20

1    Further, the cases that Labrador, Inc. cites in support of its claim for a highly
2  confidential designation for financial records are not on point with the case before this
3  Court; Labrador, Inc. cites to *U.S. E.E.O.C. v. ABM Indus. Inc.* for the notion that "[i]t
4  is well settled that the Court has the authority to shield proprietary information related
5  to the ongoing operations of a business from public review." However, that case
6  regarded sexual harassment in the workplace, not fraudulent conveyance. Financial
7  records were only relevant to a calculation of punitive damages, not the elements of a
8  claim such as fraudulent conveyance. No. 1:07-CV-01428 LJOJLT, 2010 WL 785819,
9  at *6 (E.D. Cal. Mar. 4, 2010).

10    Similarly, Labrador, Inc.'s citation to *Nutratech, Inc. v. Syntech (SSPF) Int'l,*
11  *Inc.* is equally improper. That case was a patent and intellectual property case, where
12  the claim at issue was the improper utilization of intellectual property; financial
13  records were only relevant to damages and not claims or defenses. 242 F.R.D. 552,
14  555 (C.D. Cal. 2007).

15    As it relates to corporate documents, Labrador, Inc. cites to *Brown Bag*
16  *Software v. Symantec Corp.*, 960 F.2d 1465, 1470 (9th Cir. 1992); this case is equally
17  inapplicable as the above citations. *Brown Bag* concerned copyright, trademark, and
18  trade secret claims, where the claims at issue involved the improper utilization of
19  source code; the source code itself, the identity of beta testers, and the developmental
20  plans of one of the softwares were designated attorneys' eyes only by agreement of
21  the parties in that case, not as a result of a court order. *Id.* Labrador, Inc. bears the
22  burden of establishing that any given document must be designated highly
23  confidential; the designation should not be applied prematurely nor presumptively.
24  *Wells Fargo Bank, National Ass'n v. Iny,* No. 2:13-cv-01561-MMD-NJK, 2014 U.S.
25  Dist. LEXIS 78875, at *10 (D. Nev. June 9, 2014).
26  ///
27
28  PARTIES' JOINT STIPULATION PURSUANT TO L.R. 37                    Page 13 of 20

United States District Judge Ann Aiken for the District of Oregon was faced with a similar issue in *Baker v. Maricles Indus., Inc.*, No. 6:16-cv-01793-AA, 2017 U.S. Dist. LEXIS 22767 (D. Or. Feb. 14, 2017). In *Baker*, the court explained: "'[a]party asserting good cause bears the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted. […] Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning,' do not establish good cause." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003). Once the party seeking to prevent disclosure shows good cause, courts "balance the public and private interests to decide whether maintaining a protective order is necessary." In re Roman Catholic Archbishop of Portland in Or., 661 F.3d 417, 424 (9th Cir. 2011) (quoting Phillips ex rel. Estates of Byrd v. Gen. Motors Corp., 307 F.3d 1206, 1211 (9th Cir. 2002)) (quotations and alteration omitted). In balancing the interests, the Ninth Circuit has directed courts to consider:

> (1) whether disclosure will violate any privacy interests; (2) whether the information is being sought for a legitimate purpose or for an improper purpose; (3) whether disclosure of the information will cause a party embarrassment; (4) whether confidentiality is being sought over information important to public health and safety; (5) whether the sharing of information among litigants will promote fairness and efficiency; (6) whether a party benefitting from the order of confidentiality is a public entity or official; and (7) whether the case involves issues important to the public.

*Baker* quoting *In re Roman Catholic Archbishop of Portland in Or.,* at 424 & n.5 (quoting *Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir.1995)).

In declining the plaintiff's request for an attorneys' eyes only designation for that plaintiff's medical records, Judge Aiken summarized the hardship that highly confidential and attorneys' eyes only designations places on litigants:

///

1
2
3
4

[T]he indiscriminate use of 'attorney's eyes only' protective orders does pose a significant handicap on the restricted litigant.' and that keep[s] litigants 'in the dark about the important facts of the case' curbs opportunities for litigants to provide 'real, meaningful input' for 'tactical decisions' or 'determining the bona fides of the information submitted by' [the answering party].

5
6
7

*Baker* at 5, *citing Arvco Container Corp. v. Weyerhaeuser Co.*, 2009 U.S. Dist. LEXIS 9264, 2009 WL 311125, *6 (W.D. Mich. Feb. 9, 2009), *(quoting DeFazio v. Hollister, Inc.,* 2007 U.S. Dist. LEXIS 98147, 2007 WL 2580633, *2 (RD. Cal. Sept. 5, 2007)).

8
9
10
11
12
13
14
15
16
17
18

Under attorney's eyes only provisions, "[d]iscovery, trial preparation, and trial are made more difficult and expensive if an attorney cannot make complete disclosure of the facts to the litigant [. . . .] It is difficult, and perhaps impossible, for an attorney to counsel a client to compromise or even abandon a case on the basis of information kept secret from the client." *Baker* at 5-6, *citing Arvco Container Corp.* at 6; *Layne Christensen Co. v. Purolite Co.*, 271 F.R.D. 240, 249-52 (D. Kan. 2010) ("The court should also consider whether prohibiting the individual's access to the information would hamper the party's ability to assess the merits of the litigation[.]"); see also *Martinez*, 2009 U.S. Dist. LEXIS 12270, 2009 WL 424785, *3 (underscoring litigant's right to discovery material at trial is to preserve the full and fair opportunity to litigate and present evidence as a matter of due process).

19
20
21
22
23
24
25
26

Moreover, the *Baker* Court recognized that additional layers of designations for disclosure of information increases the costs and length of the parties' dispute. Baker at 6, *citing Ragland v. Blue Cross Blue Shield of N.D.*, 2013 U.S. Dist. LEXIS 99369, 2013 WL 3776495, *1-*2 (D.N.D. June 25, 2013) (noting that a two-tier SPO "is likely . . . to lead to more disputes that will need to be resolved by the court rather than less" and characterizing the use of a two-tier SPO as "drastic"). These factors weigh significantly in favor of Plaintiff Beatbox here because Defendant Labrador, Inc. requested that this Court stay this action while it fraudulently conveyed assets to the

27
28

1    detriment of Plaintiff and has gone on an unrelenting campaign of unnecessary motion

2    practice designed to distract from a trial on the merits.

3         In weighing the public and private interests as the parties articulated them, the

4    *Baker* Court was not convinced that a blanket "attorney's eyes only" designation was

5    appropriate because the plaintiff's general anxiety did not justify heightened

6    confidentiality protections of a two-tiered SPO. *See Arvco Container Corp.*, 2009 U.S.

7    Dist. LEXIS 9264, 2009 WL 311125, *5 & 2009 U.S. Dist. LEXIS 9264, [WL] *8

8    ("A litigant's vague feeling of discomfort or its desire to hobble its opponent in

9    litigation" do not justify "the most restrictive possible protective order" that limits

10   access of confidential documents to the attorneys and expert witnesses). Furthermore,

11   limiting Labrador, Inc.'s disclosure requirements based on Labrador, Inc.'s hypothesis

12   about what may happen if forced to provide documents routinely produced in

13   litigation of the claims here yet without specifically addressing any particular

14   document(s) would be an abuse of the court's discretion. *Baker* at 7, citing *Hagestad v.*

15   *Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995) (explaining that "hypothesis or

16   conjecture" cannot serve as the basis of a protective order) *(quoting Valley Broad. Co.*

17   *v. U.S. Dist. Court for Dist. of Nev.*, 798 F.2d 1289, 1293 (9th Cir. 1986)).  A

18   single-tier SPO provides a layer of protection that should comfort Defendant

19   Labrador, Inc. "[S]evere consequences . . . may apply to any breach of the obligation

20   to protect information designated as confidential[,]" including "conceding contested

21   facts; prohibiting designated claims, defenses or evidence; striking pleadings in whole

22   or in part; dismissing the action or proceeding in part; rendering a default judgment

23   against the disobedient party; attorney fees; and treatment of disobedience as

24   contempt of court." *Martinez*, 2009 U.S. Dist. LEXIS 12270, 2009 WL 424785, at *3;

25   see Fed. R. Civ. P. 37(b)(2) (authorizing the award of sanctions for failure to comply

26   with discovery orders).  As such, Plaintiff Beatbox respectfully requests that this

27

28

1 Court should decline to adopt the Protective Order requested by Labrador, Inc. which
2 would permit the designation of "Highly Confidential Information" and "Attorneys'
3 Eyes Only".

**COHEN PARTIES COMPONENT OF THIS JOINT STIPULATION**

**COHEN PARTIES' INTRODUCTORY STATEMENT**

6       Cross-claimant and Defendant Michael Cohen ("Cohen") and Defendant MCPC
7 Holdings, LLC ("MCPC") (collectively, the "Cohen Parties") submit this introductory
8 statement and the subsequent contentions and points and authorities in compliance
9 with Local Rule ("LR") 37-2.1.

10 **A.**    **The Claims**

11       Because it's not essential to elucidating Cohen Parties' points and authorities,
12 the Cohen Parties will forego detailing the claims of this case so as to allow this court
13 to focus on the key issues at play. Notwithstanding, the Cohen Parties must highlight
14 an important inaccuracy in Labrador's "Memorandum of Points and Authorities"
15 ("Labrador's Portion") section of this Joint Stipulation. Labrador states:

16      Defendants Labrador Entertainment, Inc. ("Labrador"), filed an Answer
17      and Counterclaims to the First Amended Complaint, which included . . . .
18      [claims] against Beatbox Music . . . . and various unnamed Roe
19      Defendants and Indemnification against Defendant Michael Cohen
20      "FAC." (ECF No. 139)." Labrador's Portion, Section A, ¶ 2 (emphasis
21      added), currently at page 2, lines 9 through 14 of this document.[3]

22      Labrador's position is incorrect. Labrador's 'counterclaim' against Cohen was

[3]Because this joint stipulation will be finalized by Labrador, it is possible that the page and line references that quoted material may appear on a different page then the one it currently appears on in the non-finalized version of the document that the Cohen Parties currently possess. As such, and out of an abundance of caution, the Cohen Parties will refer to any references to the portion of this joint stipulation that Labrador has prepared by citing which section it appears in and what paragraph of that section it appears in, along with a designation of where the current location of the document is located.

1   untimely, based on a claim that Labrador forfeited years ago (by failing to file a

2   mandatory counterclaim), and was filed without seeking the court's authorization or

3   Cohen's stipulation. Accordingly, it is void ab initio.[4]

4   **B.      The Instant Dispute**

5          Labrador requested that the Cohen Parties and Beatbox each agree to a

6   protective order. Declaration of Ronak Patel ("Patel Decl.") ¶ _____. Labrador

7   presented this proposed protective order as being necessitated by discovery requests

8   from Beatbox relating to what Labrador claims qualifies as sensitive business

9   information. ¶ _____. Notwithstanding, Labrador's proposed protective order contained

10  no words of limitation, and would, on its plain terms, apply to all discovery going

11  forward in this litigation.

12         The Cohen Parties requested that Labrador prepare a more coherent proposed

13  order, and that it forego the confusing use of both highly confidential and confidential

14  designations. In response, Labrador provided a lightly revised document, one which

15  maintained the confusing highly confidential versus confidential designation.

16  Labrador refused to make the document any clearer.  In the recognition that Labrador

17  was not willing to do the work to try to prepare a more reasonable protective order,

18  and mindful of its obligations under the Federal Rules of Civil Procedure, the Local

19  Rules, and ethical rules, Cohen Parties prepared a draft of a protective order for

20  circulation. Cohen Parties prepared this draft order by using the model order offered

21  by the Northern District of California as a base model, which the Cohen Parties

22  thereafter edited.

23  _____

24      [4]Cohen anticipates that Labrador will offer various arguments in his supplemental memorandum to defend his defective claim. Cohen at this time will not address those (likely) arguments insofar as this

25  is a discovery pleading and should stay focused on the discovery issues. Notwithstanding, Cohen requests that if the court is inclined to rule on the issue then that Cohen be provided an opportunity to

26  address any arguments that Labrador raises in its supplemental memorandum.

27

28  PARTIES' JOINT STIPULATION PURSUANT TO L.R. 37                    Page 18 of 20

1   The Cohen Parties provided  Beatbox and Labrador with the revised version.

2   Beatbox expressed its willingness to stipulate to the proposed order that the Cohen

3   Parties prepared. Labrador, however, insisted on two things: (1) the insertion of a

4   good faith statement, and (2) an attorneys-eyes only provision (the equivalent of its

5   highly confidential label). With regards to the former point, Labrador claims that the

6   Cohen Parties refuse to allow any good faith statement in the protective order. To the

7   contrary, Cohen Parties repeatedly noted that it would seriously review any new

8   proposed good faith statement that Labrador wanted to present while conferring with

9   Beatbox and Labrador.

10   ## COHEN PARTIES' POINTS AND AUTHORITIES

11   Prior to submitting its portion of this joint stipulation, the Cohen Parties

12   received the portion prepared by Beatbox. Because Cohen Parties positions mirror

13   those of Beatbox, and for the sake of avoiding duplication or unnecessary

14   supplementation, the Cohen Parties adopt by this reference the issues and arguments

15   set forth by Beatbox for the purposes of this joint stipulation.

16   DATED: June 14, 2021   LAW OFFICES OF DOUGLAS JOSEPH ROSNER

17   /s/ Douglas J. Rosner

18   By:   DOUGLAS J. ROSNER
       SBN 094466
19     Attorney for Defendant
       Attorney for Defendant/Cross-Defendants,
20     Labrador Entertainment, Inc. dba
       Spider Cues Music Library,
21     Labrador Entertainment, LLC, Noel Palmer Webb,
       an individual and Webb Family Trusts
22     2625 Townsgate Road, Suite 330
       Westlake Village, California 91302
23     Telephone No. (818) 501-8400
       email: rosnerlaw@earthlink.net

24

25   ///

26   ///

27

28   PARTIES' JOINT STIPULATION PURSUANT TO L.R. 37                    Page 19 of 20

1   DATED:  June 13, 2021            BEATBOX MUSIC PTY, LTD.
2                                     /s/ Heather L. Blaise, Esq.

3                                    HEATHER L. BLAISE, ESQ. (SBN 261619)
                                     123 N. Wacker Drive, Suite 250
                                     Chicago, IL 60606
4                                    Telephone: 312-448-6602
                                     Email: hblaise@blaisenitschkelaw.com
5                                    Attorney for Plaintiff

6

7   DATED:  June   1, 2021           JACOBSON & ASSOCIATES
                                      /s/ Ronak Patel
8                                    Dan Jacobson, Ronak Patel
                                     Attorney for Defendant and Cross-Claimant,
9                                    Michael Cohen

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28  PARTIES' JOINT STIPULATION PURSUANT TO L.R. 37              Page 20 of 20

EXHIBIT A

1  Douglas J. Rosner, ESQ., SBN 094466
   rosnerlaw@earthlink.net
2  LAW OFFICES OF DOUGLAS JOSEPH ROSNER
   2625 Townsgate Road, Suite 330
3  Westlake Village, California 91361
   Telephone No. (818) 501-8400
4  Facsimile No.: (818) 880-4485

5  Attorney for Defendant/Cross-Defendants,
   Labrador Entertainment, Inc. dba Spider Cues Music Library,
6  Labrador Entertainment, LLC, Noel Palmer Webb,
   an individual and Webb Family Trusts

7

8

9                    UNITED STATES DISTRICT COURT

10        CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

11

12  BEATBOX MUSIC, PTY, LTD.,              )   Case No. 2:17-cv-6108-MWF (JPRx)
                                           )   *Assigned to the Hon. Michael W.*
13                 Plaintiff,              )   *Fitzgerald*
                                           )
             vs.                           )
14                                         )   Stipulated Protective Order
    LABRADOR ENTERTAINMENT,                )
15  INC., DBA SPIDER CUES MUSIC            )
    LIBRARY, a California corporation,     )
16                                         )
                   Defendants.             )
17  _____       )
                                           )
18  AND ALL RELATED ACTIONS                )
                                           )

19

20        WHEREAS, to facilitate the production and receipt of information during

21  discovery in the above-captioned litigation ("the Litigation"), the parties agree and

22  stipulate, through their respective counsel, to the entry of the following Protective

23  Order for the protection of Confidential and Highly Confidential Materials (as defined

24  herein) that may be produced or otherwise disclosed during the course of this Litigation

25  by any party or non-party. The Court has been fully advised in the premises and has

26  found good cause for its entry.

27

28  STIPULATED PROTECTIVE ORDER                                    Page 1 of 22

1    Accordingly, IT IS HEREBY ORDERED that the terms and conditions of this
2    Protective Order shall govern the handling of discovery materials in the Litigation:
3    1. **Applicability of Order**: This Order does not and will not govern any trial
4    proceedings in this Litigation, but will otherwise be applicable to and govern the
5    handling of documents, depositions, deposition exhibits, interrogatory responses,
6    responses to requests for admissions, responses to requests for production of
7    documents, and all other discovery obtained pursuant to the Federal Rules of Civil
8    Procedure by or from a party in connection with the Litigation.  Further, the
9    protections conferred by this Stipulation and Order also includes (A)  any information
10   copied or extracted from Protected Material; (B) all copies, excerpts, summaries, or
11   compilations of Protected Material; and (C) any testimony, conversations, or
12   presentations by Parties or their Counsel that might reveal Protected Material  (this
13   information hereinafter referred to as "Discovery Material"). As used herein,
14   "Producing Party" or "Disclosing Party" shall refer to the parties to this action that
15   give testimony or produce documents or other information, and "Receiving Party"
16   shall refer to the parties to this action that receive such information.

17   2. **Designation of Material:** Any Producing Party may designate Discovery
18   Material that is in their possession, custody or control to be produced to a Receiving
19   Party as "Confidential" or "Highly Confidential" under the terms of this Order if the
20   Producing Party in good faith reasonably believes that such Discovery Material
21   contains non-public, confidential material as defined in sections 4 and 5 below,
22   (hereinafter "Confidential Material" or "Highly Confidential Material").
23   ///
24   ///
25   ///
26   ///
27
28   STIPULATED PROTECTIVE ORDER                                    Page 2 of 22

3. **Exercise of Restraint and Care in Designating Material for Protection.** Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. Mass, indiscriminate, or routinized designations are prohibited.

4. **Confidential Material:** For purposes of this Order, Confidential Material is any information that a party believes in good faith to be confidential or sensitive information, including, but not limited to, trade secrets, research, design, development, financial, technical, marketing, planning, personal, or commercial information, as such terms are used in Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure and any applicable case law interpreting Rule 26(c)(1)(G) or the former Rule 26(c)(7).

5. **Highly Confidential Material:** For purposes of this Order, Highly Confidential Material is any Confidential Material as defined in paragraph 4 which also includes non-public product design and testing information or extremely sensitive, highly confidential, non-public information, consisting either of trade secrets or proprietary or other highly confidential business, financial, regulatory, or strategic information (including information regarding business plans, technical data, and non-public designs), the disclosure of which would create a substantial risk of competitive or business injury to the Producing Party.

6. **Designating Confidential Material or Highly Confidential Material:** The designation of Discovery Material as Confidential Material or Highly Confidential Material for purposes of this Order shall be made in the following manner:

///

///

STIPULATED PROTECTIVE ORDER                                    Page 3 of 22

a. **Documents:** In the case of documents or other materials (apart from depositions or other pre-trial testimony), designation shall be made by affixing the legend "Confidential" or "Highly Confidential" to each page containing any Confidential or Highly Confidential Material, respectively.

b. **Deposition and Other Proceedings:** In the case of depositions or other pre-trial testimony, designation of the portion of the transcript (including exhibits) which contains Confidential Material or Highly Confidential Material shall be made (i) by a statement to such effect on the record during the proceeding in which the testimony is received, or (ii) by written notice served on counsel of record in this Litigation within thirty (30) business days after the receipt of the draft transcript of such proceeding. However, before such thirty (30) day period expires, all testimony, exhibits and transcripts of depositions or other testimony shall be treated as Highly Confidential Material. All portions of deposition transcripts not designated Confidential Material or Highly Confidential Material as provided in paragraphs 4 and 5 shall be deemed not confidential.

c. **Non-Written Materials:** Any non-written Confidential Material or Highly Confidential Material (e.g., videotape, audio tape, computer disk, etc.) may be designated as such by labeling the outside of such non-written material designated as "Confidential" or "Highly Confidential." In the event a Receiving Party generates any "hard copy" transcription or printout from any such designated non-written materials, the person who generates such "hard copy" transcription shall take reasonable steps to maintain the confidentiality of such materials.

7. **Inadvertent Disclosure**: The inadvertent failure to designate Discovery Material as Confidential or Highly Confidential does not constitute a waiver of such claim and may be remedied by prompt supplemental written notice upon discovery of the inadvertent disclosure, with the effect that such Discovery Material will be subject

to the protections of this Order. The Receiving Party shall exercise good faith efforts to ensure that copies it makes of Discovery Material produced to it, and copies made by others who obtained such Discovery Material directly or indirectly from the Receiving Party, include the appropriate confidentiality legend, to the same extent that the Discovery Material has been marked with the appropriate confidentiality legend by the Producing Party.

8. **Notes of Confidential Material or Highly Confidential Material:** Any notes, lists, memoranda, indices, compilations prepared or based on an examination of Confidential Material or Highly Confidential Material, that quote from or paraphrase, Confidential Material or Highly Confidential Material with such specificity that the Confidential Material or Highly Confidential Material can be identified, or by reasonable logical extension can be identified, shall be accorded the same status of confidentiality as the underlying Confidential Material or Highly Confidential Material from which they are made and shall be subject to all of the terms of this Protective Order.

9. **Notice To Non-Parties:** Any Party issuing a subpoena to a non-party shall enclose a copy of this Protective Order with a request that, within ten (10) calendar days, the non-party either request the protection of this Protective Order or notify the issuing party that the non-party does not need the protection of this Protective Order or wishes to seek different protection.

10. **Persons Authorized To Receive Confidential Material:** Discovery Material designated "Confidential" may be disclosed, summarized, described, characterized or otherwise communicated or made available in whole or in part only to the following persons:

///

///

STIPULATED PROTECTIVE ORDER                                          Page 5 of 22

a. The Court, persons employed by the Court who are necessary for the handling of the Litigation, and court reporters transcribing the testimony or argument at a hearing, trial or deposition in this Litigation or any appeal there from;

b. Counsel of record in this Litigation, as well as paralegals, technical, administrative and clerical employees working under the direct supervision of such counsel;

c. Subject to paragraph 12 hereof, experts or consultants assisting any counsel of record in this Litigation, provided such experts and consultants have signed the "Agreement Concerning Information Covered by Protective Order" attached hereto as Exhibit A;

d. Individual named plaintiffs who have a need to know such information for purposes of this Litigation and who have signed the "Agreement Concerning Information Covered by Protective Order" attached hereto as Exhibit A;

e. Officers, directors or employees of parties who have a need to know such information for purposes of this Litigation and who have signed the "Agreement Concerning Information Covered by Protective Order" attached hereto as Exhibit A;

f. Graphics, translation, or design services retained by counsel of record in this Litigation for purposes of this Litigation, provided such services have signed the "Agreement Concerning Information Covered by Protective Order" attached hereto as Exhibit A. A signature by an authorized representative of company the company who confirms that he or she has appropriately advised the relevant employees of the confidentiality obligations in this order and taken reasonable steps to comply thereto shall be sufficient;

///

///

///

g. Commercial copy vendors retained by counsel of record in this action for purposes of this Litigation, provided such vendors have signed the "Agreement Concerning Information Covered by Protective Order" attached hereto as Exhibit A. A signature by an authorized representative of company the company who confirms that he or she has appropriately advised the relevant employees of the confidentiality obligations in this order and taken reasonable steps to comply thereto shall be sufficient;

h. During their depositions, witnesses in the Litigation who agree on the record to maintain the confidentiality of relevant documents or information shown to them or who have signed the "Agreement Concerning Information Covered by Protective Order" attached hereto as Exhibit A (except that persons described in sub-paragraph (i) below do not need to sign Exhibit A to be shown Confidential Material in their depositions). In the event of refusal of the witness to execute such confidentiality agreement, such witness shall nevertheless be deemed bound by the terms of this Order; furthermore the party or parties seeking to use such information and the Producing Party will secure from a court having jurisdiction over such witness such order and directions directed specifically to such witness containing such provisions as are consistent with the terms of this Order; and the Producing Party will cooperate fully in the making of any such application;

i. Any person indicated by a document marked as Confidential Material to be an author, addressee, or copy recipient of the Confidential Material, or as to whom there has been testimony, whether at deposition or trial, or by declaration or affidavit, that the person was the author or recipient of the Confidential Material; and

j. Any other person, only upon order of the Court or upon stipulation of the Producing Party who has signed the "Agreement Concerning Information Covered by Protective Order" attached hereto as Exhibit A.

11.  Persons Authorized To Receive Highly Confidential Material:
Except as specifically provided for in this or subsequent Court orders, Highly Confidential Material or its contents shall not be disclosed, summarized, described, or otherwise communicated or made available in whole or in part to any person or entity, directly or indirectly, other than the following:

a. The Court, persons employed by the Court who are necessary for the handling of the Litigation, and court reporters transcribing the testimony or argument at a hearing, trial or deposition in this Litigation or any appeal there from;

b. Counsel of record in this Litigation, as well as paralegals, technical, administrative and clerical employees working under the direct supervision of such counsel, provided each has signed the "Agreement Concerning Information Covered by Protective Order" attached hereto as Exhibit A;

c. Subject to paragraph 12 hereof, experts or consultants necessary to assist counsel of record in this Litigation, provided such experts and consultants have signed the "Agreement Concerning Information Covered by Protective Order" attached hereto as Exhibit A;

d. Graphics, translation, or design services retained by counsel for purposes of preparing demonstrative or other exhibits, provided such services have signed the "Agreement Concerning Information Covered by Protective Order" attached hereto as Exhibit A;

e. Commercial copy vendors retained by counsel for purposes of this Litigation, provided such vendors have signed the "Agreement Concerning Information Covered by Protective Order" attached hereto as Exhibit A;

///

///

///

STIPULATED PROTECTIVE ORDER                                         Page 8 of 22

f. During their depositions, witnesses in the Litigation to whom disclosure is reasonably necessary and who have signed the "Agreement Concerning Information Covered by Protective Order" attached hereto as Exhibit A (except that persons described in sub-paragraph (g) below do not need to sign Exhibit A to be shown Highly Confidential Material in their depositions);

g. Any person indicated by a document marked Highly Confidential Material to be an author, addressee, or copy recipient of the Highly Confidential Material, or as to whom there has been testimony, whether at deposition or trial or by declaration or affidavit, that the person was the author or recipient of the Highly Confidential Material; and

h. Any other person, only upon order of the Court or upon stipulation of the Producing Party, and who has signed the "Agreement Concerning Information Covered by Protective Order" attached hereto as Exhibit A.

12. **Qualification of Outside Experts and Consultants:** Neither Confidential nor Highly Confidential Material shall be disclosed to any outside experts or consultants who are current employees of a direct competitor of any of the Labrador entities named in the Litigation. With respect to outside experts or consultants who were employed by a direct competitor of any of the Labrador entities named in the Litigation within one (1) year from the date of this Order, Confidential and Highly Confidential Material may be shared with those experts or consultants only after counsel for the Labrador entities named as defendants in this Litigation are given at least twenty (20) days prior written notice of the identity of the expert or consultant to whom such Confidential or Highly Confidential Material is to be disclosed (including his or her name, address, current job title and the names of any direct competitors by which he has been employed), are afforded an opportunity to object to the disclosure of the Confidential or Highly Confidential Material, and a resolution to any such

STIPULATED PROTECTIVE ORDER                                    Page 9 of 22

objection has been reached. Notwithstanding paragraphs 10(c) and 11(c), confidential Material or Highly Confidential Material may be provided to experts or consultants only for the purpose of aiding, assisting, or allowing such expert or consultant to prepare a written opinion, to prepare to testify, or to assist counsel for a party in this Litigation.

13.  **Restriction on Disclosure in Actions Outside the United States:** Neither Confidential nor Highly Confidential Material shall be disclosed, shared, distributed, or otherwise provided in any manner to legal counsel in pending or threatened litigation against any of the Labrador entities outside of the United States through any other provision of this Protective Order, including but not limited to paragraphs 10, 11 and 12, regardless of whether such legal counsel can be classified as a consultant or affiliate of any US attorney of record in any legal proceedings against any of the Labrador entities within the United States.

14.  **Use of Discovery Material:** Discovery Material containing Confidential and/or Highly Confidential Material shall be used solely for purposes of the Litigation, including any appeal and retrial. Any person or entity in possession of Discovery Material designated Confidential or Highly Confidential (defined below) shall maintain those materials in accordance with Paragraph 17 below.

15.  **Agreement Must Be Signed Prior To Disclosure:** Each person to whom Confidential or Highly Confidential Material may be disclosed that is also required to sign the "Agreement Concerning Information Covered by Protective Order" (attached hereto as Exhibit A) pursuant to Paragraphs 10(c)-10(h), 10(j), 11(b)-11(f), and 11(h) shall do so prior to the time such Material is disclosed to him or her.

///

///

16.  **Exclusion of Individuals From Depositions:** Counsel for any Producing Party shall have the right to exclude from depositions any person who is not authorized by this Order to receive documents or information designated Confidential or Highly Confidential, but only during periods of examination or testimony directed to or comprising information that is Confidential or Highly Confidential.

17.  **Storage Of Confidential Material or Highly Confidential Material:** The recipient of any Confidential Material or Highly Confidential Material that is provided under this Protective Order shall maintain such information in a reasonably secure and safe manner that ensures that access is limited to the persons authorized under this Order.

18.  **Filing of Confidential Material or Highly Confidential Material:** Without written permission from the Producing Party or a court order, a party may not file in the public record in this action any Confidential Material or Highly Confidential Material. The parties shall comply with Local Rule 79-5 when seeking to file Confidential Material or Highly Confidential Material under seal.  The party desiring to place any Confidential Material or Highly Confidential Material before the Court shall lodge the information in a sealed envelope along with an application to file the papers or the portion thereof containing Confidential Material or Highly Confidential Material under seal and a copy of a Proposed Order Sealing Documents. Said envelope shall be endorsed with the title of the Litigation, an indication of the nature of the contents of such sealed envelope, the identity of the party filing the materials, the phrase "Confidential Material" or "Highly Confidential Material," and a statement substantially in the following form:

THIS ENVELOPE CONTAINS MATERIALS SUBJECT TO A PROTECTIVE ORDER ENTERED IN THIS LITIGATION. IT IS NOT TO BE OPENED NOR ARE ITS CONTENTS TO BE DISPLAYED,

1  REVEALED, OR MADE PUBLIC,  EXCEPT BY ORDER OF THE

2  COURT.  UNLESS THE COURT ORDERS THAT IT NOT BE FILED,

3  IT SHALL BE FILED UNDER SEAL.

4  Additionally, within seven (7) days from the date that the papers (or portions thereof)

5  were filed under seal consistent with the above procedures, the party who filed the

6  papers under seal also shall file in the public record a version of the papers that has

7  been redacted to omit the Confidential Material or Highly Confidential Material (or

8  any references thereto).

9      The parties shall also comply with Local Rule 5.2-1 with respect to the

10  appropriate treatment of personal identifier information in connection with any filing

11  with the Court.

12      19.  **No Prejudice:** Agreeing to be bound by this Protective Order, agreeing

13  to and/or producing or receiving Confidential Material or Highly Confidential

14  Material or otherwise complying with the terms of this Order shall not:

15      a. Prejudice in any way the rights of the parties to object to the production of

16  documents they consider not subject to discovery, or operate as an admission by any

17  party that the restrictions and procedures set forth herein constitute adequate

18  protection for any particular information deemed by any party to be Confidential

19  Material or Highly Confidential Material;

20      b. Prejudice in any way the rights of any party to object to the authenticity or

21  admissibility into evidence of any document, testimony or other evidence subject to

22  this Order;

23      c. Prejudice in any way the rights of a party to seek a determination by the

24  Court whether any Confidential Material or Highly Confidential Material should be

25  subject to the terms of this Order;

26  ///

27

28  STIPULATED PROTECTIVE ORDER                                    Page 12 of 22

d. Prejudice in any way the rights of a party to petition the Court for a protective order relating to any purportedly confidential information; or

e. Prevent a Disclosing Party from authorizing disclosure of its own Confidential Material or Highly Confidential Material to any party.

20.  **Challenging Designation of Materials:** A party shall not be obligated to challenge the propriety of a Confidential Material or Highly Confidential Material designation at the time made, and failure to do so shall not preclude a subsequent challenge thereto during the pendency of this Litigation.

a. **Challenge:** The Receiving Party may challenge the propriety of a Confidential Material or Highly Confidential Material designation by providing to Producing Party a writing which briefly: (i) identifies with reasonable particularity the documents and/or information which are the subject of the challenge; and (ii) describes the basic legal or factual grounds for the challenge.

b. **Meet and Confer and Motion:** Once a challenge is made, the Producing Party will bear the burden of initiating and conducting a sufficient meet and confer (per Local Rule 37-1); and, if necessary, Producing Party will bear the burdens of proof and persuasion in moving for a Protective Order (per Local Rule 37-2) to uphold the challenged Confidential Material or Highly Confidential Material designation(s). If the Producing Party does not initiate the discovery motion process under Local Rule 37 within ninety (90) days of a challenge, the subject Confidential Material designation or Highly Confidential Material designation is effectively withdrawn and the subject documents and material may be used for all purposes in this Litigation. The Receiving Party must make de-designation requests in good faith. Mass, indiscriminate, or routinized requests for de-designation are prohibited.

///

///

STIPULATED PROTECTIVE ORDER                                    Page 13 of 22

c. **Status of Challenged Designation Pending Judicial Determination:** Until the court rules on the timely filed Motion for Protective Order, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

21.  **No Application to Public or Otherwise Available Information:** This Order shall not limit or restrict a Receiving Party's use of information that the Receiving Party can demonstrate: (i) was lawfully in the Receiving Party's possession prior to such information being designated as protected material in the Litigation and that the Receiving Party is not otherwise obligated to treat as confidential; (ii) was obtained without any benefit or use of protected material from a third party having the right to disclose such information to the Receiving Party without restriction or obligation of confidentiality; (iii) was independently developed by it after the time of disclosure by personnel who did not have access to the Producing Party's protected material; or (iv) has been published to the general public.  If the Receiving Party believes that the Disclosing Party has designated information that is covered by any of the preceding categories as Confidential Material or Highly Confidential Material, the Receiving Party shall challenge the propriety of such designation using the procedure outlined in paragraph 20 above. Any challenged designation remains in force until the propriety of such designation has been decided as outlined above.

22.  **No Waiver of Privilege:** Disclosure (including production) of information that a Party or non-party later claims should not have been disclosed because of a privilege, including, but not limited to, the attorney-client privilege or work product doctrine ("Privileged Information"), shall not constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, attorney work-product, or other ground for withholding production as to which the Producing Party would be entitled in the litigation or any other federal or state proceeding. This Order is intended to provide

the full protection afforded by Federal Rule of Evidence 502(d), providing that "A Federal court may order that the privilege or protection is not waived by disclosure connected with the litigation pending before the court – in which event the disclosure also is not a waiver in any other Federal or State proceeding." Upon discovery by a Producing Party (or upon receipt of notice from another Party) that he/she/it may have produced Privileged Information, the Producing Party shall, within ten (10) days of such discovery, request the return of such information in writing by indentifying the Privileged Information and stating the basis on which the Privileged Information should be withheld from production. After being notified, all other Parties must promptly return, sequester, or destroy the Privileged Information and any copies he/she/it has; must not use or disclose the information until the claim is resolved; and must take reasonable steps to retrieve the Privileged Information if he/she/it disclosed the Privileged Information before being notified. If any Party disputes the privilege claim ("Objecting Party"), that Objecting Party shall notify the Producing Party of the dispute and the basis therefore in writing within thirty (30) days of receipt of the request for the return of the Privileged Information. The Parties thereafter shall meet and confer in good faith regarding the disputed claim within thirty (30) days. In the event that the Parties do not resolve their dispute, either Party may bring a motion for a determination of whether a privilege applies. If such a motion is made, the Producing Party shall submit to the Court for in camera review under seal a copy of the disputed information in connection with its motion papers. The submission to the Court shall not constitute a waiver of any privilege or protection. The Producing Party must preserve the information claimed to be privileged or otherwise protected until the claim is resolved.

///

///

Except as expressly set forth herein, nothing in this provision shall limit the bases on which the Objecting Party may challenge the assertion of any privilege or protection by the Producing Party. In addition, nothing in this provision shall permit the Producing Party to seek to withhold or "claw back" a previously-produced document in this Litigation if that document was the subject of deposition testimony in this Litigation and the Producing Party did not provide notice, as described above in paragraph 6(b), within thirty (30) days after the deposition that the document was privileged or protected and should be returned.

23. **Additional Parties or Attorneys:** In the event additional parties join or intervene in this action, the newly joined party(ies) shall not have access to Confidential Material or Highly Confidential Material until its counsel has executed and, at the request of any party, filed with the Court its agreement to be fully bound by this Order. If any additional attorneys make appearances in this Litigation, those attorneys shall not have access to Confidential Material or Highly Confidential Material until they execute the "Agreement Concerning Information Covered by Protective Order" attached hereto as Exhibit A.

24. **Protective Order Remains In Force:** This Protective Order shall remain in force and effect until modified, superseded, or terminated by consent of the parties or by order of the Court made upon reasonable written notice. Unless otherwise ordered, or agreed upon by the parties, this Protective Order shall survive the termination of this action. The Court retains jurisdiction even after termination of this action to enforce this Protective Order and to make such amendments, modifications, deletions and additions to this Protective Order as the Court may from time to time deem appropriate.

25. **No Prejudice For Further Relief:** This Protective Order is without prejudice to the right of any party to seek other or further relief from the Court.

26.  **No Waiver of Grounds For Producing Material:** This Protective Order shall not be construed as waiving any right to assert a claim of privilege, relevance, overbreadth, burdensomeness or other grounds for not producing material called for, and access to such material shall be only as otherwise provided by the discovery rules and other applicable laws.

27.  **Conclusion of Litigation:** Within ninety (90) days after receiving notice of the entry of an order, judgment or decree finally disposing of this Litigation, all persons having received Confidential Material or Highly Confidential Material shall either return such material and all copies thereof to counsel for the Producing Party, or destroy all such Confidential Material or Highly Confidential Material and, in either case, certify that fact to counsel for the Producing Party. Counsel of record shall make arrangements for the return of Confidential Material or Highly Confidential Material that counsel of record provided to any persons or entities in paragraphs 11 and 12, except the Court, court personnel and court reporters. Outside counsel of record for the parties shall be entitled to retain court papers, depositions, trial transcripts and attorney work product, provided that such outside counsel of record shall not disclose Confidential Material or Highly Confidential Material to any person except pursuant to a court order or agreement with the party that produced the Confidential Material or Highly Confidential Material. All material returned to the parties or their counsel by the Court shall likewise be disposed of in accordance with this paragraph.

28.  **No Loss of Confidential or Highly Confidential Status By Use In Litigation or Appeal:** In the event that any Confidential or Highly Confidential Material is used in any court proceeding in this Litigation or any appeal therefrom, such Confidential or Highly Confidential Material shall not lose its status as Confidential or Highly Confidential through such use. Counsel shall comply with all

applicable local rules and shall confer on such procedures that are necessary to protect the confidentially of any documents, information and transcripts used in the course of any court proceedings, including petitioning the Court to close the court room.

29. **Protected Material Subpoenaed or Ordered Produced in Other Actions:** If any person receiving documents covered by this Order (the "Receiver") is served with a subpoena, order, interrogatory, or document or civil investigative demand (collectively, a "Demand") issued in any other action, investigation, or proceeding, and such Demand seeks Discovery Material that was produced or designated as Confidential Material or Highly Confidential Material by someone other than the Receiver, the Receiver shall give prompt written notice by hand or facsimile transmission within ten (10) business days of receipt of such Demand to the person, party, or third party who produced or designated the material as Confidential Material or Highly Confidential Material, and shall object to the production of such materials on the grounds of the existence of this Order. The burden of opposing the enforcement of the Demand shall fall upon the party who produced or designated the material as Confidential Material or Highly Confidential Material. Unless the person, party, or third party who produced or designated the Confidential Material or Highly Confidential Material obtains an order directing that the Demand not be complied with, and serves such order upon the Receiver prior to production pursuant to the Demand, the Receiver shall be permitted to produce documents responsive to the Demand on the Demand response date. Compliance by the Receiver with any order directing production pursuant to the Demand of any Confidential Material or Highly Confidential Material shall not constitute a violation of this Order. Nothing in this Order shall be construed as authorizing a party to disobey a lawful subpoena issued in another action.

30.  **Advice Based on Discovery Material Allowed:** Nothing in this Protective Order shall bar or otherwise restrict any attorney from rendering advice to his client with respect to this litigation and, in the course of rendering advice, referring to or relying generally on the examination of Confidential Material or Highly Confidential Material; provided, however, that in rendering such advice and in otherwise communicating with his client, the attorney shall not disclose the contents of any Confidential Material or Highly Confidential Material produced by another party if that disclosure would be contrary to the terms of this Protective Order.

31.  **Redaction Allowed:** Any Producing Party may redact from the documents and things it produced matter that the Producing Party claims is subject to attorney-client privilege, work product immunity, a legal prohibition against disclosure, or any other privilege or immunity. The Producing Party shall mark each thing where matter has been redacted with a legend stating "REDACTED," as appropriate, or a comparable notice. Where a document consists of more than one page, at least each page on which information has been redacted shall be so marked. The Producing Party shall preserve an unredacted version of each such document.

32.  **Violations of Protective Order:** In the event that any person or party should violate the terms of this Protective Order, the aggrieved Disclosing Party should apply to the Court obtain relief against any such person or party violating or threatening to violate any of the terms of this Protective Order. In the event that the aggrieved Disclosing Party seeks injunctive relief, it must petition the District Judge for such relief, which may be granted at the sole discretion of the District Judge. The parties and any other person subject to the terms of this Protective Order agree that this Court shall retain jurisdiction over it and them for the purpose of enforcing this Protective Order.

///

1    33.  **Headings:** The headings herein are provided only for the convenience of

2  the parties, and are not intended to define or limit the scope of the express terms of

3  this Protective Order.

4  Dated:

_____
5                                 Honorable Michael W. Fitzgerald
                                   United States District Judge
6
                                   Respectfully stipulated to and submitted by,
7
   Dated:                          Law Offices of  Douglas Joseph Rosner
8
                                   /s/ Douglas J. Rosner
9
                                   _____
10                                 By: Douglas J. Rosner
                                   Attorney for Defendant/Cross-Defendants,
                                   Labrador Entertainment, Inc. dba Spider Cues
11                                 Music Library, Labrador Entertainment, LLC,
                                   Noel Palmer Webb, an individual and
12                                 Webb Family Trusts

13 Dated:                          Blaise & Nitschke, P.C.

14                                  /s/ Heather L. Blaise

15                                 _____
                                   By: Heather L. Blaise, Esq.
16                                 Attorney for Plaintiff  Beatbox Music PTY, LTD

   Dated:                          JACOBSON & ASSOCIATES
17
                                   /s/ Dan Jacobson
18
                                   _____
19                                 By: Dan Jacobson
                                   Attorneys for Defendant
20                                 Michael Cohen

21

22

23

24

25

26

27

28 STIPULATED PROTECTIVE ORDER                                  Page 20 of 22

1

**EXHIBIT A**

2

UNITED STATES DISTRICT COURT

3

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

4

5

| | |
|---|---|
| BEATBOX MUSIC, PTY, LTD., | ) Case No. 2:17-cv-6108-MWF (JPRx) |
| Plaintiff, | ) *Assigned to the Hon. Michael W.* |
| vs. | ) *Fitzgerald* |
| | ) |
| LABRADOR ENTERTAINMENT, | ) AGREEMENT CONCERNING |
| INC., DBA SPIDER CUES MUSIC | ) INFORMATION COVERED BY |
| LIBRARY, a California corporation, | ) STIPULATED PROTECTIVE |
| | ) ORDER |
| Defendants. | ) |
| _____ | ) |
| AND ALL RELATED ACTIONS | ) |
| | ) |

6

7

8

9

10

11

12

13

14      I, _____, hereby acknowledge that I

15 have received a copy of the Stipulated Protective Order entered in this action (Case

16 Case No. 2:17-cv-6108-MWF (JPRx) by the United States District Court for the

17 Central District of California, Western Division (hereinafter, "the Protective Order").

18      I have either read the Protective Order or have had the terms of the Protective

19 Order explained to me by my attorney.

20      I understand the terms of the Protective Order and agree to comply with and to

21 be bound by such terms.

22      If I receive documents or information designated as Confidential Material or

23 Highly Confidential Material, (as those terms are defined in the Protective Order), I

24 understand that such information is provided to me pursuant to the terms and

25 restrictions of the Protective Order.

26 ///

27

28 STIPULATED PROTECTIVE ORDER                                         Page 21 of 22

I agree to hold in confidence and not further disclose or use for any purpose (other than is permitted by the Protective Order) any information disclosed to me pursuant to the terms of the Protective Order.

I hereby submit myself to the jurisdiction of the United States District Court for the Central District of California for resolution of any matters pertaining to the Protective Order.

My address is _____

My present employer is _____

Dated: _____

Signed:_____

STIPULATED PROTECTIVE ORDER                                    Page 22 of 22

EXHIBIT B

From: **Ronak Patel** rp@jacobsonlawyers.com
Subject: Re:: STIPULATED Protective Order Final
Date: January 16, 2021 at 6:54 PM
To: rosnerlaw@earthlink.net
Cc: Dan Jacobson dlj@jacobsonlawyers.com, Heather Blaise hblaise@blaisenitschkelaw.com

RP

Doug,

We have reviewed your proposed stipulate protective order.  We will not stipulate to the protective order.

Thank you.

Best,

Ronak Patel

On 1/15/21 6:23 PM, Dan Jacobson wrote:

*Jacobson & Associates*

*Contracts   ***   Insurance   ***   Construction   ****

*Employment   ***   Business*

**From:** Doug Rosner via Adobe Acrobat <message@adobe.com>
**Sent:** Friday, January 15, 2021 3:27 PM
**To:** dlj@jacobsonlawyers.com
**Subject:** STIPULATED Protective Order Final

    

# Doug Rosner has shared STIPULATED Protective Order Final.pdf

*Open*

SENT BY       Doug Rosner

Dear Ms. Blaise:

Included is a proposed Stipulated Protective Order. You have now received Special Interrogatives seeking Plaintiff's factual support for its claims of Alter Ego. It is the intention of the Labrador parties to voluntarily produce documents for Plaintiff's examination to facilitate the responses to Special Interrogatives. But to do so Labrador parties requires the Protective Order. Can you please review the

MESSAGE
FROM

EXHIBIT C

**From: Ronak Patel** rp@jacobsonlawyers.com
**Subject:** Re: : STIPULATED Protective Order Final
**Date:** January 16, 2021 at 7:56 PM
**To:** Douglas Rosner rosnerlaw@earthlink.net
**Cc:** Dan Jacobson dlj@jacobsonlawyers.com, Heather Blaise hblaise@blaisenitschkelaw.com

RP

It is overbroad and convoluted. I also question whether any protective order in this matter is needed at this time.

Best,

Ronak Patel

On 1/16/21 7:52 PM, Douglas Rosner wrote:

Please provide each reason.

Sent from my iPhone

On Jan 16, 2021, at 6:54 PM, Ronak Patel <rp@jacobsonlawyers.com> wrote:

Doug,

We have reviewed your proposed stipulate protective order.  We will not stipulate to the protective order.

Thank you.

Best,

Ronak Patel

On 1/15/21 6:23 PM, Dan Jacobson wrote:

Jacobson & Associates

Contracts   ***   Insurance   ***   Construction   ***

Employment   ***   Business

**From:** Doug Rosner via Adobe Acrobat <message@adobe.com>
**Sent:** Friday, January 15, 2021 3:27 PM
**To:** dlj@jacobsonlawyers.com
**Subject:** STIPULATED Protective Order Final





Doug Rosner has shared STIPULATED Protective Order Final.pdf

Open

EXHIBIT D

**From:** **Ronak Patel** rp@jacobsonlawyers.com
**Subject:** Re: : STIPULATED Protective Order Final
**Date:** January 17, 2021 at 10:26 AM
**To:** Douglas Rosner rosnerlaw@earthlink.net
**Cc:** Dan Jacobson dlj@jacobsonlawyers.com, Heather Blaise hblaise@blaisenitschkelaw.com

Doug,

Since you sent the last two emails separately, I am going to restate the first email for Heather and Dan, as it is not in the inline of this message (the second email is) and as they were omitted from the previous exchange.

"This is necessary to allow for production of documents to challenge the claim of alter ego. What is your interest regarding this issue?"

Justifying a convoluted and overbroad protective order by saying nothing more than that the order is "necessary" is not a justification, it is simply a conclusion. Here, you have not yet demonstrated that this protective order would help prevent annoyance, embarrassment, oppression, or undue expense or burden. We are not going to impose obligations on our client and others who may become involved in this litigation that are unnecessary or unjustified, or which are confusing or burdensome. In a similar vein, we are not going to do your work for you by redlining a twenty page document that we can barely follow.

As to your question of what our interest is in the protective order, I feel that is pretty obvious: you are asking us to stipulate to this order which, by its terms, affects all future production and use of discovery in this litigation. We have a clear interest in how discovery proceeds in this litigation as our clients are: (1) defendants in Beatbox's first amended complaint against all of our clients and all of your clients, and (2) one of our clients, Mr. Cohen, is a cross-claimant in the crossclaim that he filed against one of your clients, i.e. Labrador Entertainment, Inc.

As a final note, I ask that, in the future, you refrain from affixing a signature for Mr. Jacobson (or myself) without first obtaining his (or my) express written consent.

Thank you.

Best,

Ronak Patel, Esq.
JACOBSON & ASSOCIATES


On 1/16/21 8:31 PM, Douglas Rosner wrote:
Keeping in mind the last email I sent to you, please propose a revision. Surely, requiring a motion for a matter we should be able to resolve is a waste of time and money.

Sent from my iPhone

> On Jan 16, 2021, at 7:56 PM, Ronak Patel <rp@jacobsonlawyers.com> wrote:
>
>
> It is overbroad and convoluted. I also question whether any protective order in this matter is needed at this time.
>
> Best,
>
> Ronak Patel
>
> On 1/16/21 7:52 PM, Douglas Rosner wrote:
>> Please provide each reason.
>>
>> Sent from my iPhone
>>
>>> On Jan 16, 2021, at 6:54 PM, Ronak Patel <rp@jacobsonlawyers.com> wrote:
>>>
>>> Doug

EXHIBIT E

**From:** **Douglas Rosner** rosnerlaw@earthlink.net
**Subject:** Re: : STIPULATED Protective Order Final
**Date:** February 2, 2021 at 12:28 PM
**To:** Ronak Patel rp@jacobsonlawyers.com
**Cc:** Doug Rosner rosnerlaw@earthlink.net, Dan Jacobson dlj@jacobsonlawyers.com, Heather Blaise hblaise@blaisenitschkelaw.com

---

Please find herein included a proposed Stipulated Protective Order.



STIPULATED
Protect...21.pdf

Please review and if it meets with your approval please date, sign and return via email.

In the event you object to any provision please designate your objection and reason.

Thank you in advance for your cooperation.

Douglas J. Rosner

On Jan 17, 2021, at 10:26 AM, Ronak Patel <rp@jacobsonlawyers.com> wrote:

Doug,

Since you sent the last two emails separately, I am going to restate the first email for Heather and Dan, as it is not in the inline of this message (the second email is) and as they were omitted from the previous exchange.

"This is necessary to allow for production of documents to challenge the claim of alter ego. What is your interest regarding this issue?"

Justifying a convoluted and overbroad protective order by saying nothing more than that the order is "necessary" is not a justification, it is simply a conclusion. Here, you have not yet demonstrated that this protective order would help prevent annoyance, embarrassment, oppression, or undue expense or burden. We are not going to impose obligations on our client and others who may become involved in this litigation that are unnecessary or unjustified, or which are confusing or burdensome. In a similar vein, we are not going to do your work for you by redlining a twenty page document that we can barely follow.

As to your question of what our interest is in the protective order, I feel that is pretty obvious: you are asking us to stipulate to this order which, by its terms, affects all future production and use of discovery in this litigation. We have a clear interest in how discovery proceeds in this litigation as our clients are: (1) defendants in Beatbox's first amended complaint against all of our clients and all of your clients, and (2) one of our clients, Mr. Cohen, is a cross-claimant in the crossclaim that he filed against one of your clients, i.e. Labrador Entertainment, Inc.

As a final note, I ask that, in the future, you refrain from affixing a signature for Mr. Jacobson (or myself) without first obtaining his (or my) express written consent.

Thank you.

Best,

Ronak Patel, Esq.
JACOBSON & ASSOCIATES

On 1/16/21 8:31 PM, Douglas Rosner wrote:
Keeping in mind the last email I sent to you, please propose a revision.  Surely, requiring a motion for a matter we should be able to resolve is a waste of time and money.

Sent from my iPhone

On Jan 16, 2021, at 7:56 PM, Ronak Patel <rp@jacobsonlawyers.com> wrote:

It is overbroad and convoluted. I also question whether any protective order in this matter is needed at this time.

Best,

Ronak Patel

On 1/16/21 7:52 PM, Douglas Rosner wrote:
Please provide each reason.

Sent from my iPhone

On Jan 16, 2021, at 6:54 PM, Ronak Patel <rp@jacobsonlawyers.com> wrote:

Doug,

We have reviewed your proposed stipulate protective order.  We will not stipulate to the protective order.

Thank you.

Best,

Ronak Patel

On 1/15/21 6:23 PM, Dan Jacobson wrote:

Jacobson & Associates

Contracts   ***   Insurance   ***   Construction   ***

Employment   ***   Business

**From:** Doug Rosner via Adobe Acrobat <message@adobe.com>
**Sent:** Friday, January 15, 2021 3:27 PM
**To:** dlj@jacobsonlawyers.com
**Subject:** STIPULATED Protective Order Final

EXHIBIT F

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| BEATBOX MUSIC, PTY, LTD.,<br><br>                    Plaintiff,<br><br>        vs.<br><br>LABRADOR ENTERTAINMENT,<br>INC., DBA SPIDER CUES MUSIC<br>LIBRARY, a California corporation,<br><br>                    Defendants.<br>────────────────────────────<br><br>AND ALL RELATED ACTIONS | Case No. 2:17-cv-6108-MWF (JPRx)<br>*Assigned to the Hon. Michael W.*<br>*Fitzgerald*<br><br>Stipulated Protective Order |

## I.    PURPOSES AND LIMITATIONS

A. Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the

applicable legal principles. The parties further acknowledge, as set forth in Section XIII C., below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

## II.     GOOD CAUSE STATEMENT

A.  This action is likely to involve financial records, bank statements, financial reports, and various corporate documents—including but not limited to resolutions, share certificates, and meeting minutes. It may also involve other confidential business or financial information related to Labrador Entertainment, Inc. and Labrador Entertainment, LLC (collectively "Labrador"), information regarding those entities' confidential business practices, or other confidential research, development, or commercial information (including information potentially implicating the privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Special protection from public disclosure of these documents and from use for any purpose outside of this action is warranted in this case.

Labrador addresses the importance of maintaining the confidentiality of each of these types of documents in turn now.

B.  Financial Records. Courts may require that "commercial information not be revealed or be revealed only in a specific way." Fed. R. Civ. P. 26(c)(1)(G). This is critical because the "fruits of pre-trial discovery are, in the absence of a court order to the contrary, presumptively public." *San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1103 (9th Cir.1999). Fortunately, "Rule 26(c) authorizes a district court to override this presumption where 'good cause' is shown." *Id*. In practical

terms, "[c]ourts commonly issue protective orders limiting access to sensitive
information to counsel and their experts." *Nutratech, Inc. v. Syntech (SSPF) Int'l,
Inc.,* 242 F.R.D. 552, 555 (C.D. Cal. 2007). The defendant in the *Nutratech* business
dispute, for instance, sought a protective order limiting disclosure of certain corporate
financial information—including "overall sales and revenue figures" and
"customer/supplier lists"— "to an 'attorney's eyes only' provision so that this
information will not be directly shared with anyone except Plaintiff's attorneys or
experts." *Id*., at 554. The Court readily acknowledged the company's need for that
type of protection, and it denied plaintiff company's motion to the contrary. *See also
U.S. E.E.O.C. v. ABM Indus. Inc.*, No. 1:07-CV-01428 LJOJLT, 2010 WL 785819, at
*6 (E.D. Cal. Mar. 4, 2010) ("It is well-settled that the Court has the authority to
shield proprietary information related to the ongoing operations of a business from
public review.").  Labrador is in a similar situation here: its financial information,
while potentially relevant to certain claims and defenses in this litigation, should not
be made publicly available. There is no justification for exposing highly sensitive
information like the company's financial records, bank statements, and financial
reports to public view. Like every other company, Labrador faces the potential for
serious harm if the privacy of this information were compromised. Labrador's
industry (music licensing) is highly competitive, and rival companies could take
advantage of information about its financial standing by, for instance, using it as a
basis to restructure their pricing practices.  Similarly, the entities that Labrador enters
into agreements with would immediately gain additional leverage over Labrador if
they knew all of the ins and outs of its financial situation.

C.  Corporate Documents. Internal corporate documents are protectable under
similar logic.  Parties seeking discovery are, of course, entitled to all information
"reasonably calculated to lead to the discovery of admissible evidence." *Brown Bag*

1  *Software v. Symantec Corp.*, 960 F.2d 1465, 1470 (9th Cir. 1992). But the Federal

2  Rules protect responding parties as well—specifically, respondent corporations "are

3  entitled to protection from 'undue burden' in discovery, including protection from

4  misuse of trade secrets by competitors." *Id*. For internal corporate documents

5  specifically, courts often strike this balance by allowing disclosure of discoverable

6  documents while ensuring there are measures in place to maintain their

7  confidentiality. *See, e.g., U.S. E.E.O.C. v. ABM Indus. Inc.*, No. 07-01428, 2010 WL

8  785819, at *4 (E.D. Cal. Mar. 4, 2010) (allowing disclosure of specific board meeting

9  minutes but granting motion for protective order "[t]o the extent that the motion seeks

10 to maintain the confidentiality of the material after it is produced").

11      The same balance applies in full force here: any of Labrador's internal

12 corporate documents produced in this litigation should be subject to the terms of a

13 strict confidentiality agreement between the parties. If they are not, Labrador risks

14 having information about its internal business practices exposed to the general public.

15 This could compromise the company's ability to continue to compete within its

16 industry, as competitors and potential business partners would suddenly have access

17 to information about Labrador's internal structure while Labrador would have no

18 such information about them. That information asymmetry is easily avoided with a

19 standard protective order protecting the confidentiality of any such information.

20      Accordingly, to expedite the flow of information, to facilitate the prompt

21 resolution of disputes over confidentiality of discovery materials, to adequately

22 protect information the parties are entitled to keep confidential, to ensure that the

23 parties are permitted reasonable necessary uses of such material in preparation for and

24 in the conduct of trial, to address their handling at the end of the litigation, and serve

25 the ends of justice, a protective order for such information is justified in this matter. It

26 is the intent of the parties that information will not be designated as confidential for

27

28 STIPULATED PROTECTIVE ORDER                                          Page 4 of 21

tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

**III.   DEFINITIONS**

A. Action: This pending federal law suit.

B. Challenging Party: A Party or Non-Party that challenges the designation of information or items under this Order.

C. "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." Information or Items: Information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

D. Counsel: Outside Counsel of Record and House Counsel (as well as their support staff).

E. Designating Party: A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

F. Disclosure or Discovery Material: All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

G. Expert: A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

H. House Counsel: Attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

---

STIPULATED PROTECTIVE ORDER

I. Non-Party: Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

J. Outside Counsel of Record: Attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

K. Party: Any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

L. Producing Party: A Party or Non-Party that produces Disclosure or Discovery Material in this Action.

M. Professional Vendors: Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

N. Protected Material: Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

O. Receiving Party: A Party that receives Disclosure or Discovery Material from a Producing Party.

**IV.   SCOPE**

A. The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

///

STIPULATED PROTECTIVE ORDER                                             Page 6 of 21

B. Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

**V.    DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**VI.    DESIGNATING PROTECTED MATERIAL**

A. Exercise of Restraint and Care in Designating Material for Protection

1. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

2. Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

///

STIPULATED PROTECTIVE ORDER                                        Page 7 of 21

3. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

B. Manner and Timing of Designations

1. Except as otherwise provided in this Order (see, e.g., Section B. 2. b. below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

2. Designation in conformity with this Order requires the following:

a. For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend") or "HIGHLY CONFIDENTIAL"(hereinafter "HIGHLY CONFIDENTIAL legend") to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

b. A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the

Producing Party must affix the "CONFIDENTIAL or "HIGHLY CONFIDENTIAL legend" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

                 c. For testimony given in depositions, that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition all protected testimony.

                 d. For information produced in form other than document and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

       C. Inadvertent Failure to Designate

                 1. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**VII.  CHALLENGING CONFIDENTIALITY DESIGNATIONS**

       A. Timing of Challenges

                 1. Any party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

///

///

B. Meet and Confer

      1. The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.

C. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

## VIII.  ACCESS TO AND USE OF PROTECTED MATERIAL

A. Basic Principles

      1. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section XIV below.

      2. Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

B.  Designation of Material: Any Producing Party may designate Discovery Material that is in their possession, custody or control to be produced to a Receiving Party as "Confidential" or "Highly Confidential" under the terms of this Order if the Producing Party in good faith reasonably believes that such Discovery Material contains non-public, confidential material as defined in sections VIII B. 1. and 2.

below, (hereinafter "Confidential Material" or "Highly Confidential Material").

1.  Confidential Material: For purposes of this Order, Confidential Material is any information that a party believes in good faith to be confidential or sensitive information, including, but not limited to, trade secrets, research, design, development, financial, technical, marketing, planning, personal, or commercial information, as such terms are used in Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure and any applicable case law interpreting Rule 26(c)(1)(G) or the former Rule 26(c)(7).

2.  Highly Confidential Material: For purposes of this Order, Highly Confidential Material is any Confidential Material as defined in paragraph VIII B 1. which also includes non-public product design and testing information or extremely sensitive, highly confidential, non-public information, consisting either of trade secrets or proprietary or other highly confidential business, financial, regulatory, or strategic information (including information regarding business plans, technical data, and non-public designs), the disclosure of which would create a substantial risk of competitive or business injury to the Producing Party.

C.  Persons Authorized To Receive Confidential Material: Discovery Material designated "Confidential" may be disclosed, summarized, described, characterized or otherwise communicated or made available in whole or in part only to the following persons:

1.  The Court, persons employed by the Court who are necessary for the handling of the Litigation, and court reporters transcribing the testimony or argument at a hearing, trial or deposition in this Litigation or any appeal there from;

///

///

2.  Counsel of record in this Litigation, as well as paralegals, technical, administrative and clerical employees working under the direct supervision of such counsel;

3.  Experts or consultants assisting any counsel of record in this Litigation, provided such experts and consultants have signed the "Agreement Concerning Information Covered by Protective Order" attached hereto as Exhibit A;

4.  Individual named plaintiffs who have a need to know such information for purposes of this Litigation and who have signed the "Agreement Concerning Information Covered by Protective Order" attached hereto as Exhibit A;

5.  Officers, directors or employees of parties who have a need to know such information for purposes of this Litigation and who have signed the "Agreement Concerning Information Covered by Protective Order" attached hereto as Exhibit A;

6.  Graphics, translation, or design services retained by counsel of record in this Litigation for purposes of this Litigation, provided such services have signed the "Agreement Concerning Information Covered by Protective Order" attached hereto as Exhibit A. A signature by an authorized representative of company the company who confirms that he or she has appropriately advised the relevant employees of the confidentiality obligations in this order and taken reasonable steps to comply thereto shall be sufficient;

7.  Commercial copy vendors retained by counsel of record in this action for purposes of this Litigation, provided such vendors have signed the "Agreement Concerning Information Covered by Protective Order" attached hereto as Exhibit A. A signature by an authorized representative of company the company who confirms that he or she has appropriately advised the relevant

STIPULATED PROTECTIVE ORDER                                    Page 12 of 21

employees of the confidentiality obligations in this order and taken reasonable steps to comply thereto shall be sufficient;

8.  During their depositions, witnesses in the Litigation who agree on the record to maintain the confidentiality of relevant documents or information shown to them or who have signed the "Agreement Concerning Information Covered by Protective Order" attached hereto as Exhibit A (except that persons described in sub-paragraph (i) below do not need to sign Exhibit A to be shown Confidential Material in their depositions). In the event of refusal of the witness to execute such confidentiality agreement, such witness shall nevertheless be deemed bound by the terms of this Order; furthermore the party or parties seeking to use such information and the Producing Party will secure from a court having jurisdiction over such witness such order and directions directed specifically to such witness containing such provisions as are consistent with the terms of this Order; and the Producing Party will cooperate fully in the making of any such application;

9.  Any person indicated by a document marked as Confidential Material to be an author, addressee, or copy recipient of the Confidential Material, or as to whom there has been testimony, whether at deposition or trial, or by declaration or affidavit, that the person was the author or recipient of the Confidential Material; and

10.  Any other person, only upon order of the Court or upon stipulation of the Producing Party who has signed the "Agreement Concerning Information Covered by Protective Order" attached hereto as Exhibit A.

D.  Persons Authorized To Receive Highly Confidential Material: Except as specifically provided for in this or subsequent Court orders, Highly Confidential Material or its contents shall not be disclosed, summarized, described, or otherwise communicated or made available in whole or in part to any person or entity, directly or indirectly, other than the following:

1.  The Court, persons employed by the Court who are necessary for the handling of the Litigation, and court reporters transcribing the testimony or argument at a hearing, trial or deposition in this Litigation or any appeal there from;

2.  Counsel of record in this Litigation, as well as paralegals, technical, administrative and clerical employees working under the direct supervision of such counsel, provided each has signed the "Agreement Concerning Information Covered by Protective Order" attached hereto as Exhibit A;

3.  Experts or consultants necessary to assist counsel of record in this Litigation, provided such experts and consultants have signed the "Agreement Concerning Information Covered by Protective Order" attached hereto as Exhibit A;

4.  Graphics, translation, or design services retained by counsel for purposes of preparing demonstrative or other exhibits, provided such services have signed the "Agreement Concerning Information Covered by Protective Order" attached hereto as Exhibit A;

5.  Commercial copy vendors retained by counsel for purposes of this Litigation, provided such vendors have signed the "Agreement Concerning Information Covered by Protective Order" attached hereto as Exhibit A;

6.  During their depositions, witnesses in the Litigation to whom disclosure is reasonably necessary and who have signed the "Agreement Concerning Information Covered by Protective Order" attached hereto as Exhibit A;

7.  Any person indicated by a document marked Highly Confidential Material to be an author, addressee, or copy recipient of the Highly Confidential Material, or as to whom there has been testimony, whether at deposition or trial or by declaration or affidavit, that the person was the author or recipient of the

STIPULATED PROTECTIVE ORDER                                    Page 14 of 21

Highly Confidential Material; and

8.  Any other person, only upon order of the Court or upon stipulation of the Producing Party, and who has signed the "Agreement Concerning Information Covered by Protective Order" attached hereto as Exhibit A.

## IX.   PROTECTED MATERIAL SUPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

A. If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" that Party must:

1. Promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

2. Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

3. Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

B. If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" before a determination by the Court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

///

## X.  A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

A. The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

B. In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1. Promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2. Promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3. Make the information requested available for inspection by the Non-Party, if requested.

C. If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.

Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

## XI.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

A. If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (1) notify in writing the Designating Party of the unauthorized disclosures, (2) use its best efforts to retrieve all unauthorized copies of the Protected Material, (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (4) request such person or persons to execute the "Acknowledgment and Agreement to be Bound" that is attached hereto as Exhibit A.

## XII.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

A. When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the Stipulated Protective Order submitted to the Court.

///

///

///

STIPULATED PROTECTIVE ORDER

## XIII.  MISCELLANEOUS

A. Right to Further Relief

1. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

B. Right to Assert Other Objections

1. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

C. Filing Protected Material

1. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

## XIV.  FINAL DISPOSITION

A. After the final disposition of this Action, as defined in Section V, within sixty (60) days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1)

STIPULATED PROTECTIVE ORDER                                    Page 18 of 21

identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section V.

B. Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Respectfully stipulated to and submitted by,

Dated:                         Law Offices of  Douglas Joseph Rosner
                               /s/
                               _____
                               By: Douglas J. Rosner
                               Attorney for Defendant/Cross-Defendants,
                               Labrador Entertainment, Inc. dba Spider Cues
                               Music Library, Labrador Entertainment, LLC,
                               Noel Palmer Webb, an individual and
                               Webb Family Trusts
Dated:                         Blaise & Nitschke, P.C.

                                /s/
                               _____
                               By: Heather L. Blaise, Esq.
                               Attorney for Plaintiff  Beatbox Music PTY, LTD

Dated:                         JACOBSON & ASSOCIATES

                               /s/
                               _____
                               By: Dan Jacobson
                               Attorneys for Defendant
                               Michael Cohen

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

Dated:
                               _____
                               Honorable Michael W. Fitzgerald
                               United States District Judge

**EXHIBIT A**

**AGREEMENT CONCERNING INFORMATION COVERED BY PROTECTIVE ORDER**

I, _____[print or type full name], of _____ print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [DATE] in the case of Beatbox Music, PTY, LTD., Plaintiff, Vs. Labrador Entertainment, INC., DBA Spider Cues Music Library, a California corporation, Defendants and and All Related Actions, Case No. 2:17-cv-6108-MWF (JPRx).  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date:_____  City and State where sworn and signed:_____

Printed Name:_____  Signature:_____

STIPULATED PROTECTIVE ORDER                                      Page 21 of 21

EXHIBIT G

**From:** rp@jacobsonlawyers.com
**Subject:** Re: : STIPULATED Protective Order Final
**Date:** February 8, 2021 at 4:58 PM
**To:** Douglas Rosner  rosnerlaw@earthlink.net
**Cc:** Doug Rosner  rosnerlaw@earthlink.net, Dan Jacobson  dlj@jacobsonlawyers.com, Heather Blaise  hblaise@blaisenitschkelaw.com

Doug:

I apologize for the delay in returning your message.

We will not sign your proposed stipulated order.

When we initially spoke on this issue, I noted that our concern was, in part, with the lengthy, overly complicated, and convoluted nature of the order. Either I or Heather also pointed out that the confidential versus highly confidential distinction was particularly problematic. If memory serves, you never provided a persuasive reason for the need for that distinction.Nevertheless, you now provid us with a "new" version that is in fact highly duplicative of the original version, including the confidential versus highly confidential distinction. Given these flaws and the general incomprehensibility of the order you propose, it remains completely unacceptable.

Please let us know if you have any questions.

Best,

Ronak Patel, Esq.
JACOBSON & ASSOCIATES
1352 Irvine Boulevard, Suite 205
Tustin, California 92780
(714) 505-4872
On Feb 2, 2021, 12:29 PM -0800, Douglas Rosner <rosnerlaw@earthlink.net>, wrote:

> Please find herein included a proposed Stipulated Protective Order.
>
> Please review and if it meets with your approval please date, sign and return via email.
>
> In the event you object to any provision please designate your objection and reason.
>
> Thank you in advance for your cooperation.
>
> Douglas J. Rosner
>
>> On Jan 17, 2021, at 10:26 AM, Ronak Patel <rp@jacobsonlawyers.com> wrote:
>>
>> Doug,
>>
>> Since you sent the last two emails separately, I am going to restate the first email for Heather and Dan, as it is not in the inline of this message (the second email is) and as they were omitted from the previous exchange.
>>
>>    "This is necessary to allow for production of documents to challenge the claim of alter ego. What is your interest regarding this issue?"
>>
>> Justifying a convoluted and overbroad protective order by saying nothing more than that the order is "necessary" is not a justification, it is simply a conclusion.  Here, you have not yet demonstrated that this protective order would help prevent annoyance, embarrassment, oppression, or undue expense or burden. We are not going to impose obligations on our client and others who may become involved in this litigation that are unnecessary or unjustified, or which are confusing or burdensome. In a similar vein, we are not going to do your work for you by redlining a twenty page document that we can barely follow.
>>
>> As to your question of what our interest is in the protective order, I feel that is pretty obvious you are asking us to stipulate to this order which, by its terms, affects all future production and use of discovery in this litigation. We have a clear interest in how discovery proceeds in this litigation as our clients are: (1) defendants in Beatbox's first amended complaint against all of our clients and all of your clients, and (2) one of our clients, Mr. Cohen, is a cross-claimant in the crossclaim that he filed against one of your clients, i.e. Labrador Entertainment, Inc.
>>
>> As a final note, I ask that, in the future, you refrain from affixing a signature for Mr. Jacobson (or myself) without first obtaining his (or my) express written consent.
>>
>> Thank you.
>>
>> Best,
>>
>> Ronak Patel, Esq.
>> JACOBSON & ASSOCIATES
>>
>>
>>> On 1/16/21 8:31 PM, Douglas Rosner wrote:
>>> Keeping in mind the last email I sent to you, please propose a revision.  Surely, requiring a motion for a matter we should be able to resolve is a waste of time and money.
>>>
>>> Sent from my iPhone
>>>
>>>> On Jan 16, 2021, at 7:56 PM, Ronak Patel <rp@jacobsonlawyers.com> wrote:
>>>>
>>>> It is overbroad and convoluted. I also question whether any protective order in this matter is needed at this time.
>>>>
>>>> Best,
>>>>
>>>> Ronak Patel
>>>>
>>>>> On 1/16/21 7:52 PM, Douglas Rosner wrote:
>>>>> Please provide each reason.
>>>>>
>>>>> Sent from my iPhone
>>>>>
>>>>>> On Jan 16, 2021, at 6:54 PM, Ronak Patel <rp@jacobsonlawyers.com> wrote:
>>>>>>
>>>>>>
>>>>>> Doug,
>>>>>>
>>>>>> We have reviewed your proposed stipulate protective order.  We will not stipulate to the protective order.
>>>>>>
>>>>>> Thank you.
>>>>>>
>>>>>> Best,
>>>>>>
>>>>>> Ronak Patel
>>>>>>
>>>>>>> On 1/15/21 6:23 PM, Dan Jacobson wrote:

EXHIBIT H

Daniel Jacobson, Esq., State Bar No. 134978
dlj@jacobsonlawyers.com
Ronak Patel, Esq., State Bar No. 296296
rp@jacobsonlawyers.com
JACOBSON & ASSOCIATES
1352 Irvine Boulevard, Suite
Tustin, California 92781

Attorneys for Defendant/Cross-Defendant
**Michael Cohen** and Defendant **MCPC Holdings, LLC.**

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| BEATBOX MUSIC PTY, LTD. | Case No.: 2-17-cv-6108-MWB (JPRx) |
| *Plaintiff*, | *Assigned to the Hon. Michael W. Fitzgerald* |
| versus | |
| LABRADOR ENTERTAINMENT, INC., ET AL. | **STIPULATED PROTECTIVE ORDER** |
| *Defendants* | |
| MICHAEL COHEN | |
| *Crossclaimant,* | |
| versus | Complaint Filed:     August 17, 2017 |
| LABRADOR ENTERTAINMENT, INC., ET AL. | Crossclaim Filed:    November 21, 2017<br>FAC Filed:              January 24, 2020 |
| *Cross-Defendants*. | Trial Date: |

1

1.      <u>CONTEXT, PURPOSES, AND LIMITATIONS</u>

The above-captioned matter involves the claims of Plaintiff Beatbox Music Pty Ltd. ("Beatbox") and the related crossclaims of Michael Cohen ("Cohen"). Specifically, Beatbox alleges various breach of contract and fraudulent transfer claims against Labrador Entertainment, Inc., Labrador Entertainment, LLC, Noel Palmer Webb, and the Webb Family Trust (collectively, the "Labrador Parties"), and against Cohen and MCPC Holdings, LLC. Meanwhile, Cohen claims breach of contract and express indemnity against Labrador Entertainment, Inc.

Labrador Parties have informed the remaining parties that they require a protective order for the purposes of discovery. Specifically, Labrador Parties argue that disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. **Accordingly, the parties hereby stipulate to and petition the court to enter this Stipulated Protective Order**.

The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; the local rules set forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2.      <u>DEFINITIONS</u>

2.1     <u>Challenging Party</u>:   a Party or Non-Party that challenges the designation of information or items under this Order.

2.2     <u>"CONFIDENTIAL" Information or Items</u>:   information or things that

2

constitute a trade secret, as that term is defined by Section 3246.1 of the California *Civil Code*.

2.3    Counsel (without qualifier):   Outside Counsel of Record and House Counsel (as well as their support staff).

2.4    Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.5    Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6    Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.7    House Counsel:  attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.8    Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9    Outside Counsel of Record:   attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.10   Party:   any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.11   Producing Party:   a Party or Non-Party that produces Disclosure or Discovery Material in this action.

3

2.12   <u>Professional Vendors</u>:   persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13   <u>Protected Material</u>:   any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.14   <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.   <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.   <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be

deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.   DESIGNATING PROTECTED MATERIAL

5.1   Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2   Manner and Timing of Designations.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)   for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)   for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony.

(c)   for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     <u>Timing of Challenges</u>.   Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     <u>Meet and Confer</u>.   The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     <u>Judicial Intervention</u>.   If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Central District of California Local Rule 7 within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such

motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7.      ACCESS TO AND USE OF PROTECTED MATERIAL

7.1     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)  the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b)  the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

(c)   Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

(d)  the court and its personnel;

(e)   court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation;

(f)  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

8.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

(a)   promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)   promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)   cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in

1    this action to disobey a lawful directive from another court.

2    9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS

3          LITIGATION

4          (a)   The terms of this Order are applicable to information produced by a

5    Non-Party in this action and designated as "CONFIDENTIAL." Such information

6    produced by Non-Parties in connection with this litigation is protected by the

7    remedies and relief provided by this Order. Nothing in these provisions should be

8    construed as prohibiting a Non-Party from seeking additional protections.

9          (b)   In the event that a Party is required, by a valid discovery request, to

10   produce a Non-Party's confidential information in its possession, and the Party is

11   subject to an agreement with the Non-Party not to produce the Non-Party's

12   confidential information, then the Party shall:

13          (1)   promptly notify in writing the Requesting Party and the Non-Party

14   that some or all of the information requested is subject to a confidentiality

15   agreement with a Non-Party;

16          (2)   promptly provide the Non-Party with a copy of the Stipulated

17   Protective Order in this litigation, the relevant discovery request(s), and a

18   reasonably specific description of the information requested; and

19          (3)   make the information requested available for inspection by the

20   Non-Party.

21          (c)   If the Non-Party fails to object or seek a protective order from this

22   court within 14 days of receiving the notice and accompanying information, the

23   Receiving Party may produce the Non-Party's confidential information responsive

24   to the discovery request. If the Non-Party timely seeks a protective order, the

25   Receiving Party shall not produce any information in its possession or control that is

26   subject to the confidentiality agreement with the Non-Party before a determination

27   by the court.  Absent a court order to the contrary, the Non-Party shall bear the

28   burden and expense of seeking protection in this court of its Protected Material.

10.  UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) and inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order.

11.  INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

12.  MISCELLANEOUS

12.1  Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2  Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on

any ground to use in evidence of any of the material covered by this Protective Order.

12.3   Use of Protected Material. Nothing in this order shall be construed as limiting the ability of any party to file, rely on, or in any way use the Protected Material before the court for the purposes of establishing their claim and/or defense.

12.4   Good Faith Duty to Designating Party. Notwithstanding the foregoing section, the party seeking to file, rely on, or in any way use Protected Material before the court for the purposes of establishing their claim and/or defense, the party will give the Designating Party notice of their intent so that Designating Party may promptly seek to file the documents under seal consistent with California Central District Rule 79. The burden of obtaining an order sealing the document is solely on the Designating Party.

13.   <u>FINAL DISPOSITION</u>

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not knowingly retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and

hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4. Notwithstanding the foregoing, failure to destroy or return Protected Material shall not constitute a violation of this order unless a court find that the failure was purposeful or that it involved bad faith on the part of the Receiving Party.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

[ADD SIGNATURES]

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

_____                    _____
DATED                                          THE HONORABLE MICHAEL W. FITZGERALD
                                                       UNITED STATES DISTRICT COURT

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

Party to Be Bound ("Subject Party"):   _____

Subject Party's Address   _____

_____

_____

Agent for Service of Process ("Agent")   _____

Agent's Address   _____

_____

I, the Subject Party, declare under penalty of perjury that I have read the Stipulated Protective Order in its entirety and understand that it was issued by the United States District Court for the Central District of California on the date noted on the order in Case No. 2-17-cv-6108-MWB (JPRx), i.e. the action known as *Beatbox Music Pty Ltd. v. Labrador Entertainment, Inc., et al.,* and its related crossclaim, *Michael Cohen v. Labrador Entertainment, Inc., et al.*

I agree to abide by the terms of the protective order in good faith, and further submit to the jurisdiction of the United States District Court for the Central District of California, for the purpose of enforcing the terms of the stipulated protective order at issue, even if such proceedings occur after termination of this action.

***CONTINUE TO NEXT PAGE***

**Subject Party Initials: _____**

1

I hereby appoint the Agent as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

**BY SIGNING BELOW, I REPRESENT THAT I HAVE READ THE FIRST PAGE OF THIS ORDER AND INITIALED THE SAME ON THAT PAGE.**

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

EXHIBIT I

**From:** Heather Blaise hblaise@blaisenitschkelaw.com
**Subject:** Re: Protective Order - Circulation Draft
**Date:** February 25, 2021 at 3:06 PM
**To:** Douglas Rosner rosnerlaw@earthlink.net
**Cc:** Ronak Patel rp@jacobsonlawyers.com, Dan Jacobson dlj@jacobsonlawyers.com, Ariana Arestegui axa@jacobsonlawyers.com, Jessica Lesko jessical@blaisenitschkelaw.com, Thomas Key thomask@blaisenitschkelaw.com, Elisabeth Gavin lisag@blaisenitschkelaw.com

Counsels:

I am willing to consider agreeing to Ronak's proposed draft as written.  I am not willing to agree to some other "Highly Confidential" designation that results in attorneys' eyes only treatment or creates additional hurdles for the admission to the record.  As you have pointed out, Mr. Rosner, this is a breach of contract case (with fraudulent conveyances) and which does not involve trade secrets and/or matters of national security.  If you have some documents that are relevant to this case and which you believe your client will in some way be prejudiced by producing in the ordinary course of discovery, then I suggest you bring a motion and permit the judge to review the documents that are causing you this concern.

Regards,

Heather L. Blaise

On Tue, Feb 16, 2021 at 7:54 PM Douglas Rosner <rosnerlaw@earthlink.net> wrote:
> Ronak,
>
> Thank you for your proposed draft.
>
> I have included for your review a comparison of my Stipulated Protective order forwarded to you on February 2, 2021 and your proposed protective order.
>
>
>  I have noted at least 2 majors deletions - language regarding good cause and the term, "Highly Confidential".  Please explain why you removed the language regarding good cause and how limiting disclosure of the documents referred to in good cause only to attorneys eyes fails to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of the trial. Thank you, Douglas J. Rosner

EXHIBIT J

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| BEATBOX MUSIC, PTY, LTD., <br> Plaintiff, <br> vs. <br> LABRADOR ENTERTAINMENT, INC., DBA SPIDER CUES MUSIC LIBRARY, a California corporation, <br> Defendants. <br> AND ALL RELATED ACTIONS | Case No. 2:17-cv-6108-MWF (JPRx) <br> *Assigned to the Hon. Michael W. Fitzgerald* <br> Stipulated Protective Order |

**I. PURPOSES AND LIMITATIONS**

Commented [Watermark1]: ... [30]
Style Definition ... [28]
Style Definition ... [27]
Style Definition ... [26]
Style Definition ... [25]
Style Definition ... [24]
Style Definition ... [23]
Style Definition ... [22]
Style Definition ... [21]
Style Definition ... [20]
Style Definition ... [19]
Style Definition ... [18]
Style Definition ... [17]
Style Definition ... [16]
Style Definition ... [15]
Style Definition ... [14]
Style Definition ... [13]
Style Definition ... [12]
Style Definition ... [11]
Style Definition ... [10]
Style Definition ... [9]
Style Definition ... [8]
Style Definition ... [7]
Style Definition ... [6]
Style Definition ... [5]
Style Definition ... [4]
Style Definition ... [3]
Style Definition ... [2]
Style Definition ... [1]
Deleted: Daniel Jacobson, Esq., State Bar
Formatted ... [29]
Deleted: 134978¶ ... [33]
Formatted ... [31]
Moved down [1]: No.
Formatted ... [32]
Moved down [2]: No.
Formatted ... [34]
Deleted: 296296¶ ... [35]
Formatted ... [36]
Formatted ... [37]
Formatted ... [38]
Deleted: ¶
Formatted ... [39]
Formatted ... [40]
Formatted ... [41]
Formatted ... [59]
Formatted ... [60]
Deleted: .:
Deleted: -
Formatted ... [62]
Deleted: MWB
Inserted Cells ... [58]
Formatted ... [42]
Formatted ... [61]
Formatted ... [43]
Formatted ... [44]
Deleted: .
Formatted ... [45]
Formatted ... [63]
Deleted:
Formatted ... [46]
Formatted ... [47]
Formatted ... [64]

A.  Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section XIII C., below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

## II.    GOOD CAUSE STATEMENT

A.  This action is likely to involve financial records, bank statements, financial reports, and various corporate documents—including but not limited to resolutions, share certificates, and meeting minutes. It may also involve other confidential business or financial information related to Labrador Entertainment, Inc. and Labrador

Entertainment, LLC (collectively "Labrador"), information regarding those entities' confidential business practices, or other confidential research, development, or commercial information (including information potentially implicating the privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Special protection from public disclosure of these documents and from use for any purpose outside of this action is warranted in this case.

Labrador addresses the importance of maintaining the confidentiality of each of these types of documents in turn now.

B.  Financial Records. Courts may require that "commercial information not be revealed or be revealed only in a specific way." Fed. R. Civ. P. 26(c)(1)(G). This is critical because the "fruits of pre-trial discovery are, in the absence of a court order to the contrary, presumptively public." *San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1103 (9th Cir.1999). Fortunately, "Rule 26(c) authorizes a district court to override this presumption where 'good cause' is shown." *Id*. In practical terms, "[c]ourts commonly issue protective orders limiting access to sensitive information to counsel and their experts." *Nutratech, Inc. v. Syntech (SSPF) Int'l, Inc.*

242 F.R.D. 552, 555 (C.D. Cal. 2007). The defendant in the *Nutratech* business dispute, for instance, sought a protective order limiting disclosure of certain corporate financial information—including "overall sales and revenue figures" and "customer/supplier lists"— "to an 'attorney's eyes only' provision so that this information will not be directly shared with anyone except Plaintiff's attorneys or experts." *Id.*, at 554. The Court readily acknowledged the company's need for that type of protection, and it denied plaintiff company's motion to the contrary. *See also U.S. E.E.O.C. v. ABM Indus. Inc.*, No. 1:07-CV-01428 LJOJLT, 2010 WL 785819, at *6 (E.D. Cal. Mar. 4, 2010) ("It is well-settled that the Court has the authority to shield proprietary information related to the ongoing operations of a business from public review.").  Labrador is in a similar situation here: its financial information, while potentially relevant to certain claims and defenses in this litigation, should not be made publicly available. There is no justification for exposing highly sensitive information like the company's financial records, bank statements, and financial reports to public view. Like every other company, Labrador faces the potential for serious harm if the privacy of this information were compromised. Labrador's industry (music licensing) is highly competitive, and rival companies could take advantage of information about its financial standing by, for instance, using it as a

basis to restructure their pricing practices.  Similarly, the entities that Labrador enters into agreements with would immediately gain additional leverage over Labrador if they knew all of the ins and outs of its financial situation.

　　C.  Corporate Documents. Internal corporate documents are protectable under similar logic.  Parties seeking discovery are, of course, entitled to all information "reasonably calculated to lead to the discovery of admissible evidence." *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1470 (9th Cir. 1992). But the Federal Rules protect responding parties as well—specifically, respondent corporations "are entitled to protection from 'undue burden' in discovery, including protection from misuse of trade secrets by competitors." *Id.* For internal corporate documents specifically, courts often strike this balance by allowing disclosure of discoverable documents while ensuring there are measures in place to maintain their confidentiality. *See, e.g., U.S. E.E.O.C. v. ABM Indus. Inc.*, No. 07-01428, 2010 WL 785819, at *4 (E.D. Cal. Mar. 4, 2010) (allowing disclosure of specific board meeting minutes but granting motion for protective order "[t]o the extent that the motion seeks to maintain the confidentiality of the material after it is produced").

　　The same balance applies in full force here: any of Labrador's internal corporate documents produced in this litigation should be subject to the terms of a

strict confidentiality agreement between the parties. If they are not, Labrador risks having information about its internal business practices exposed to the general public. This could compromise the company's ability to continue to compete within its industry, as competitors and potential business partners would suddenly have access to information about Labrador's internal structure while Labrador would have no such information about them. That information asymmetry is easily avoided with a standard protective order protecting the confidentiality of any such information.

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

**III.   DEFINITIONS**

A. Action: This pending federal law suit.

B. Challenging Party: A Party or Non-Party that challenges the designation of

information or items under this Order.

C. "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." Information or Items

Information (regardless of how it is generated, stored or maintained) or tangible things

that qualify for protection under Federal Rule of Civil Procedure 26(c), and as

specified above in the Good Cause Statement.

D. Counsel: Outside Counsel of Record and House Counsel (as well as their

support staff).

E. Designating Party: A Party or Non-Party that designates information or items

that it produces in disclosures or in responses to discovery as "CONFIDENTIAL," or

"HIGHLY CONFIDENTIAL."

F. Disclosure or Discovery Material: All items or information, regardless of the

medium or manner in which it is generated, stored, or maintained (including, among

other things, testimony, transcripts, and tangible things), that are produced or

generated in disclosures or responses to discovery in this matter.

G. Expert: A person with specialized knowledge or experience in a matter

pertinent to the litigation who has been retained by a Party or its counsel to serve as an

expert witness or as a consultant in this Action.

H. House Counsel: Attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

I. Non-Party: Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

J. Outside Counsel of Record: Attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

K. Party: Any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

L. Producing Party: A Party or Non-Party that produces Disclosure or Discovery Material in this Action.

M. Professional Vendors: Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium)

and their employees and subcontractors.

N. Protected Material: Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL."

O. Receiving Party: A Party that receives Disclosure or Discovery Material from a Producing Party.

**IV. SCOPE**

A. The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

///

B. Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

**V. DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be

deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## VI.    DESIGNATING PROTECTED MATERIAL

### A.    Exercise of Restraint and Care in Designating Material for Protection

1.    Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

2.    Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the

Designating Party to sanctions.

////

3. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

B. Manner and Timing of Designations.

1. Except as otherwise provided in this Order (see, e.g., Section B. 2. b, below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

2. Designation in conformity with this Order requires the following:

a. For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend") or "HIGHLY CONFIDENTIAL"(hereinafter "HIGHLY CONFIDENTIAL legend") to each page that contains protected material. If only a portion or portions of the material on a page

qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

    b. A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL, or "HIGHLY CONFIDENTIAL, legend" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

    c. For testimony given in depositions, that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition all protected testimony.

d. For information produced in form other than document and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

C. Inadvertent Failure to Designate

1. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

VII.  CHALLENGING CONFIDENTIALITY DESIGNATIONS

A. Timing of Challenges

1. Any party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

///

///

B. Meet and Confer

1. The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.

C. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

**VIII. ACCESS TO AND USE OF PROTECTED MATERIAL.**

A. Basic Principles

1. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section XIV below.

2. Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

B.   Designation of Material: Any Producing Party may designate Discovery Material that is in their possession, custody or control to be produced to a Receiving Party as "Confidential" or "Highly Confidential" under the terms of this Order if the Producing Party in good faith reasonably believes that such Discovery Material contains non-public, confidential material as defined in sections VIII B. 1. and 2. below, (hereinafter "Confidential Material" or "Highly Confidential Material").

1.   Confidential Material: For purposes of this Order, Confidential Material is any information that a party believes in good faith to be confidential or sensitive information, including, but not limited to, trade secrets, research, design, development, financial, technical, marketing, planning, personal, or commercial information, as such terms are used in Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure and any applicable case law interpreting Rule 26(c)(1)(G) or the former Rule 26(c)(7).

2.   Highly Confidential Material: For purposes of this Order, Highly Confidential Material is any Confidential Material as defined in paragraph VIII B 1.

Formatted: Normal, No widow/orphan control

Formatted: Normal, Line spacing:  At least 0 pt, No widow/orphan control

which also includes non-public product design and testing information or extremely sensitive, highly confidential, non-public information, consisting either of trade secrets or proprietary or other highly confidential business, financial, regulatory, or strategic information (including information regarding business plans, technical data, and non-public designs), the disclosure of which would create a substantial risk of competitive or business injury to the Producing Party.

C.  Persons Authorized To Receive Confidential Material: Discovery Material designated "Confidential" may be disclosed, summarized, described, characterized or otherwise communicated or made available in whole or in part only to the following persons:

1.  The Court, persons employed by the Court who are necessary for the handling of the Litigation, and court reporters transcribing the testimony or argument at a hearing, trial or deposition in this Litigation or any appeal there from;

///

///

2.  Counsel of record in this Litigation, as well as paralegals, technical, administrative and clerical employees working under the direct supervision of

Formatted: Normal, No widow/orphan control

Formatted: Normal, No widow/orphan control

such counsel;

3.  Experts or consultants assisting any counsel of record in this Litigation, provided such experts and consultants have signed the "Agreement Concerning Information Covered by Protective Order" attached hereto as Exhibit A;

4.  Individual named plaintiffs who have a need to know such information for purposes of this Litigation and who have signed the "Agreement Concerning Information Covered by Protective Order" attached hereto as Exhibit A;

5.  Officers, directors or employees of parties who have a need to know such information for purposes of this Litigation and who have signed the "Agreement Concerning Information Covered by Protective Order" attached hereto as Exhibit A;

6.  Graphics, translation, or design services retained by counsel of record in this Litigation for purposes of this Litigation, provided such services have signed the "Agreement Concerning Information Covered by Protective Order" attached hereto as Exhibit A. A signature by an authorized representative of company the company who confirms that he or she has appropriately advised the relevant employees of the confidentiality obligations in this order and taken

**Formatted:** Normal, No widow/orphan control

**Formatted:** Normal, Line spacing:  At least 0 pt, No widow/orphan control

reasonable steps to comply thereto shall be sufficient;

7.  Commercial copy vendors retained by counsel of record in this action for purposes of this Litigation, provided such vendors have signed the "Agreement Concerning Information Covered by Protective Order" attached hereto as Exhibit A. A signature by an authorized representative of company the company who confirms that he or she has appropriately advised the relevant employees of the confidentiality obligations in this order and taken reasonable steps to comply thereto shall be sufficient;

8.  During their depositions, witnesses in the Litigation who agree on the record to maintain the confidentiality of relevant documents or information shown to them or who have signed the "Agreement Concerning Information Covered by Protective Order" attached hereto as Exhibit A (except that persons described in sub-paragraph (i) below do not need to sign Exhibit A to be shown Confidential Material in their depositions). In the event of refusal of the witness to execute such confidentiality agreement, such witness shall nevertheless be deemed bound by the terms of this Order; furthermore the party or parties seeking to use such information and the Producing Party will secure from a court having jurisdiction over such witness such order and directions directed specifically to such witness containing such

Formatted: Normal, No widow/orphan control

Formatted: Normal, No widow/orphan control

provisions as are consistent with the terms of this Order; and the Producing Party will cooperate fully in the making of any such application;

9.   Any person indicated by a document marked as Confidential Material to be an author, addressee, or copy recipient of the Confidential Material, or as to whom there has been testimony, whether at deposition or trial, or by declaration or affidavit, that the person was the author or recipient of the Confidential Material; and

10.   Any other person, only upon order of the Court or upon stipulation of the Producing Party who has signed the "Agreement Concerning Information Covered by Protective Order" attached hereto as Exhibit A.

D.   Persons Authorized To Receive Highly Confidential Material: Except as specifically provided for in this or subsequent Court orders, Highly Confidential Material or its contents shall not be disclosed, summarized, described, or otherwise communicated or made available in whole or in part to any person or entity directly or indirectly, other than the following:

1.   The Court, persons employed by the Court who are necessary for the handling of the Litigation, and court reporters transcribing the testimony or argument at a hearing, trial or deposition in this Litigation or any appeal there from;

2.  Counsel of record in this Litigation, as well as paralegals, technical, administrative and clerical employees working under the direct supervision of such counsel, provided each has signed the "Agreement Concerning Information Covered by Protective Order" attached hereto as Exhibit A;

3.  Experts or consultants necessary to assist counsel of record in this Litigation, provided such experts and consultants have signed the "Agreement Concerning Information Covered by Protective Order" attached hereto as Exhibit A;

4.  Graphics, translation, or design services retained by counsel for purposes of preparing demonstrative or other exhibits, provided such services have signed the "Agreement Concerning Information Covered by Protective Order" attached hereto as Exhibit A;

5.  Commercial copy vendors retained by counsel for purposes of this Litigation, provided such vendors have signed the "Agreement Concerning Information Covered by Protective Order" attached hereto as Exhibit A;

6.  During their depositions, witnesses in the Litigation to whom disclosure is reasonably necessary and who have signed the "Agreement Concerning Information Covered by Protective Order" attached hereto as Exhibit A;

7.  Any person indicated by a document marked Highly Confidential Material to be an author, addressee, or copy recipient of the Highly Confidential Material, or as to whom there has been testimony, whether at deposition or trial or by declaration or affidavit, that the person was the author or recipient of the Highly Confidential Material; and

8.  Any other person, only upon order of the Court or upon stipulation of the Producing Party, and who has signed the "Agreement Concerning Information Covered by Protective Order" attached hereto as Exhibit A.

**IX.   PROTECTED MATERIAL SUPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

A. If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" that Party must:

1. Promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

2. Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of

this Stipulated Protective Order; and

      3. Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

      B. If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" before a determination by the Court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

///

## X. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

      A. The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing

in these provisions should be construed as prohibiting a Non-Party from seeking

additional protections.

     B. In the event that a Party is required, by a valid discovery request, to produce

a Non-Party's confidential information in its possession, and the Party is subject to an

agreement with the Non-Party not to produce the Non-Party's confidential

information, then the Party shall:

       1. Promptly notify in writing the Requesting Party and the Non-Party that

some or all of the information requested is subject to a confidentiality agreement with

a Non-Party;

       2. Promptly provide the Non-Party with a copy of the Stipulated

Protective Order in this Action, the relevant discovery request(s), and a reasonably

specific description of the information requested; and

       3. Make the information requested available for inspection by the Non-

Party, if requested.

     C. If the Non-Party fails to seek a protective order from this court within 14

days of receiving the notice and accompanying information, the Receiving Party may

produce the Non-Party's confidential information responsive to the discovery request.

If the Non-Party timely seeks a protective order, the Receiving Party shall not produce

any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**XI.  UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL.**

A. If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (1) notify in writing the Designating Party of the unauthorized disclosures, (2) use its best efforts to retrieve all unauthorized copies of the Protected Material, (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (4) request such person or persons to execute the "Acknowledgment and Agreement to be Bound" that is attached hereto as Exhibit A.

**XII.  INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL.**

A. When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil

Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the Stipulated Protective Order submitted to the Court.

///

///

///

## XIII. MISCELLANEOUS

    A. Right to Further Relief

        1. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

    B. Right to Assert Other Objections

        1. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no

Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

C. Filing Protected Material

1. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

XIV. FINAL DISPOSITION

A. After the final disposition of this Action as defined in Section V, within sixty (60) days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1)

identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section V.

     B. Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD,**

Respectfully stipulated to and submitted by,

Dated: _____ Law Offices of Douglas Joseph Rosner

_____ /s/ _____

By: Douglas J. Rosner
Attorney for Defendant/Cross-Defendants,
Labrador Entertainment, Inc. dba Spider Cues
Music Library, Labrador Entertainment, LLC,
Noel Palmer Webb, an individual and
Webb Family Trusts

Dated: _____ Blaise & Nitschke, P.C.

_____ /s/ _____

By: Heather L. Blaise, Esq.
Attorney for Plaintiff Beatbox Music PTY, LTD

Dated: JACOBSON & ASSOCIATES

/s/

By: Dan Jacobson
Attorneys for Defendant
Michael Cohen

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

Dated:

Honorable Michael W. Fitzgerald
United States District Judge

**EXHIBIT A**

**AGREEMENT CONCERNING INFORMATION COVERED BY PROTECTIVE ORDER**

I, ____________ [print or type full name], of ____________

Formatted: Normal, No widow/orphan control
Formatted: Font: Times New Roman
Formatted: Font: Times New Roman, Not Bold
Formatted: Left, Right: 0", No widow/orphan control, Tab stops: Not at 3.25"
Deleted: ¶
DATED THE HONORABLE MICHAEL W. FITZGERALD¶
UNITED STATES DISTRICT COURT¶
Page Break
Section Break (Continuous)
Formatted: Font: Times New Roman, No underline
Formatted: Right: 0", Line spacing: Double, No widow/orphan control
Formatted: Font: Times New Roman, Not Bold, No underline
Deleted: ACKNOWLEDGMENT AND
Formatted: Font: Times New Roman, No underline
Deleted: TO BE BOUND
Formatted: Font: Times New Roman, Not Bold, No underline
Deleted: ¶
Party to Be Bound ("Subject Party"): ... [136]
Deleted: the Subject Party,
Formatted: Font: Times New Roman
Formatted: Normal, Line spacing: At least 0 pt, No widow/orphan control

print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [DATE] in the case of Beatbox Music, PTY, LTD., Plaintiff, Vs. Labrador Entertainment, INC., DBA Spider Cues Music Library, a California corporation, Defendants and and All Related Actions, Case No. 2:17-cv-6108-MWF (JPRx).  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

        I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective

Order.

Date:                      City and State where sworn and signed:

Printed Name:                       Signature:

Formatted: Normal, No widow/orphan control

Deleted: BY SIGNING BELOW, I REPRESENT THAT I HAVE READ THE FIRST PAGE OF THIS ORDER AND INITIALED THE SAME ON THAT PAGE.¶

Formatted: Font: Times New Roman

Deleted: : _____

Formatted: Font: Times New Roman

Deleted: : _____

Formatted: Font: Times New Roman

Deleted: ¶

Formatted: Font: Times New Roman

Deleted: name: _____

Formatted: Font: Times New Roman

Deleted: : _____¶

Formatted: Font: Times New Roman, 12 pt

Formatted: Normal, Line spacing:  At least 0 pt, No widow/orphan control

| Page 1: [1] Style Definition | Author | 2/16/21 5:39:00 PM |

Normal-Indent

| Page 1: [2] Style Definition | Author | 2/16/21 5:39:00 PM |

Pleading Caption

| Page 1: [3] Style Definition | Author | 2/16/21 5:39:00 PM |

ECF Case Number

| Page 1: [4] Style Definition | Author | 2/16/21 5:39:00 PM |

Judges Info

| Page 1: [5] Style Definition | Author | 2/16/21 5:39:00 PM |

Signature Line

| Page 1: [6] Style Definition | Author | 2/16/21 5:39:00 PM |

Closing

| Page 1: [7] Style Definition | Author | 2/16/21 5:39:00 PM |

Balloon Text

| Page 1: [8] Style Definition | Author | 2/16/21 5:39:00 PM |

v

| Page 1: [9] Style Definition | Author | 2/16/21 5:39:00 PM |

Party ECF Fields

| Page 1: [10] Style Definition | Author | 2/16/21 5:39:00 PM |

HTML Address

| Page 1: [11] Style Definition | Author | 2/16/21 5:39:00 PM |

TOA Heading

| Page 1: [12] Style Definition | Author | 2/16/21 5:39:00 PM |

Table of Authorities

| Page 1: [13] Style Definition | Author | 2/16/21 5:39:00 PM |

TOC 1

| Page 1: [14] Style Definition | Author | 2/16/21 5:39:00 PM |

OrderType

| Page 1: [15] Style Definition | Author | 2/16/21 5:39:00 PM |

Block Quote

| Page 1: [16] Style Definition | Author | 2/16/21 5:39:00 PM |

Footer

| Page 1: [17] Style Definition | Author | 2/16/21 5:39:00 PM |

Header

| Page 1: [18] Style Definition | Author | 2/16/21 5:39:00 PM |

Footnote Text: Justified, Indent: First line:  0.5", Line spacing:  Exactly 11.7 pt

| Page 1: [19] Style Definition | Author | 2/16/21 5:39:00 PM |

Heading 9

| Page 1: [20] Style Definition | Author | 2/16/21 5:39:00 PM |

Heading 8

| Page 1: [21] Style Definition | Author | 2/16/21 5:39:00 PM |
| --- | --- | --- |

Heading 7

| Page 1: [22] Style Definition | Author | 2/16/21 5:39:00 PM |
| --- | --- | --- |

Heading 6

| Page 1: [23] Style Definition | Author | 2/16/21 5:39:00 PM |
| --- | --- | --- |

Heading 5

| Page 1: [24] Style Definition | Author | 2/16/21 5:39:00 PM |
| --- | --- | --- |

Heading 4

| Page 1: [25] Style Definition | Author | 2/16/21 5:39:00 PM |
| --- | --- | --- |

Heading 3

| Page 1: [26] Style Definition | Author | 2/16/21 5:39:00 PM |
| --- | --- | --- |

Heading 2

| Page 1: [27] Style Definition | Author | 2/16/21 5:39:00 PM |
| --- | --- | --- |

Heading 1

| Page 1: [28] Style Definition | Author | 2/16/21 5:39:00 PM |
| --- | --- | --- |

Normal: Line spacing:  single, Widow/Orphan control

| Page 1: [29] Formatted | Author | 2/16/21 5:39:00 PM |
| --- | --- | --- |

Left:  1.38", Right:  0.38", Top:  1.33", Bottom:  1.68", Section start: Continuous, Header
distance from edge:  1", Footer distance from edge:  1.06"

| Page 1: [30] Commented [Watermark1] | Comment |
| --- | --- |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

27

28

| Page 1: [31] Formatted | Author | 2/16/21 5:39:00 PM |
|---|---|---|

Left, Right:  0", No widow/orphan control, Tab stops:  3.38", Centered

| Page 1: [32] Formatted | Author | 2/16/21 5:39:00 PM |
|---|---|---|

Font: Times New Roman

| Page 1: [33] Deleted | Author | 2/16/21 5:39:00 PM |
|---|---|---|

| Page 1: [34] Formatted | Author | 2/16/21 5:39:00 PM |
|---|---|---|

Font: Times New Roman

| Page 1: [35] Deleted | Author | 2/16/21 5:39:00 PM |
|---|---|---|

| Page 1: [36] Formatted | Author | 2/16/21 5:39:00 PM |
|---|---|---|

Font: Times New Roman, Not Bold

| Page 1: [37] Formatted | Author | 2/16/21 5:39:00 PM |
|---|---|---|

Left, Right:  0", No widow/orphan control, Tab stops:  3.38", Centered

| Page 1: [38] Formatted | Author | 2/16/21 5:39:00 PM |
|---|---|---|

Font: Times New Roman, Not Bold

| Page 1: [39] Formatted | Author | 2/16/21 5:39:00 PM |
|---|---|---|

Font: Times New Roman, Not Bold

| Page 1: [40] Formatted | Author | 2/16/21 5:39:00 PM |
|---|---|---|

Font: Times New Roman, Not Bold

| Page 1: [41] Formatted | Author | 2/16/21 5:39:00 PM |
|---|---|---|

Left, Right:  0", No widow/orphan control

| Page 1: [42] Formatted | Author | 2/16/21 5:39:00 PM |
|---|---|---|

Font: Times New Roman

| Page 1: [43] Formatted | Author | 2/16/21 5:39:00 PM |
|---|---|---|

Right:  0", Line spacing:  single, No widow/orphan control

| Page 1: [44] Formatted | Author | 2/16/21 5:39:00 PM |
|---|---|---|

Font: Times New Roman

| Page 1: [45] Formatted | Author | 2/16/21 5:39:00 PM |
|---|---|---|

Font: Times New Roman

| Page 1: [46] Formatted | Author | 2/16/21 5:39:00 PM |
|---|---|---|

Indent: Left:  0", Right:  0", Line spacing:  single, No widow/orphan control

| Page 1: [47] Formatted | Author | 2/16/21 5:39:00 PM |
|---|---|---|

Font: Times New Roman, Not Italic

| Page 1: [47] Formatted | Author | 2/16/21 5:39:00 PM |
|---|---|---|

Font: Times New Roman, Not Italic

| Page 1: [48] Deleted | Author | 2/16/21 5:39:00 PM |
|---|---|---|

| Page 1: [49] Formatted | Author | 2/16/21 5:39:00 PM |
|---|---|---|

Font: Times New Roman

| Page 1: [50] Formatted | Author | 2/16/21 5:39:00 PM |
|---|---|---|

Font: Times New Roman

| Page 1: [51] Formatted | Author | 2/16/21 5:39:00 PM |
|---|---|---|

Right:  0", Line spacing:  single, No widow/orphan control

| Page 1: [52] Formatted | Author | 2/16/21 5:39:00 PM |
|---|---|---|

Font: Times New Roman

| Page 1: [53] Deleted | Author | 2/16/21 5:39:00 PM |
|---|---|---|

| Page 1: [54] Formatted | Author | 2/16/21 5:39:00 PM |
|---|---|---|

Indent: Left:  0", Right:  0", Line spacing:  single, No widow/orphan control

| Page 1: [55] Formatted | Author | 2/16/21 5:39:00 PM |
|---|---|---|

Font: Times New Roman, Not Italic

| Page 1: [55] Formatted | Author | 2/16/21 5:39:00 PM |
|---|---|---|

Font: Times New Roman, Not Italic

| Page 1: [56] Formatted | Author | 2/16/21 5:39:00 PM |
|---|---|---|

Indent: Left:  0", Right:  0", Line spacing:  single, No widow/orphan control

| Page 1: [57] Formatted | Author | 2/16/21 5:39:00 PM |
|---|---|---|

Font: Times New Roman

| Page 1: [58] Inserted Cells | Author | 2/16/21 5:39:00 PM |
|---|---|---|

Inserted Cells

| Page 1: [59] Formatted | Author | 2/16/21 5:39:00 PM |
|---|---|---|

Font: Times New Roman

| Page 1: [60] Formatted | Author | 2/16/21 5:39:00 PM |
|---|---|---|

Normal, Right:  0", Line spacing:  single, No widow/orphan control

| Page 1: [61] Formatted | Author | 2/16/21 5:39:00 PM |
|---|---|---|

Font: Times New Roman

| Page 1: [62] Formatted | Author | 2/16/21 5:39:00 PM |
|---|---|---|

Font: Times New Roman

| Page 1: [63] Formatted | Author | 2/16/21 5:39:00 PM |
|---|---|---|

Font: Times New Roman

| Page 1: [64] Formatted | Author | 2/16/21 5:39:00 PM |
|---|---|---|

Font: Times New Roman

| Page 1: [65] Formatted | Author | 2/16/21 5:39:00 PM |
|---|---|---|

Normal, Right:  0", Space Before:  0 pt, Line spacing:  single, No widow/orphan control

| Page 1: [66] Formatted | Author | 2/16/21 5:39:00 PM |
|---|---|---|

Font: Times New Roman, Not Italic

| Page 1: [67] Formatted | Author | 2/16/21 5:39:00 PM |
|---|---|---|

Font: Times New Roman, Not Bold

| Page 1: [68] Formatted | Author | 2/16/21 5:39:00 PM |
|---|---|---|

Right:  0", Line spacing:  single, No widow/orphan control

| Page 1: [69] Deleted | Author | 2/16/21 5:39:00 PM |
|---|---|---|

| Page 1: [70] Formatted | Author | 2/16/21 5:39:00 PM |
|---|---|---|

Font: Times New Roman, 14 pt

| Page 1: [71] Formatted | Author | 2/16/21 5:39:00 PM |
|---|---|---|

Right:  0", Line spacing:  single, No widow/orphan control

| Page 1: [72] Deleted | Author | 2/16/21 5:39:00 PM |
|---|---|---|

| Page 1: [73] Formatted | Author | 2/16/21 5:39:00 PM |
|---|---|---|

Right:  0", Line spacing:  single, No widow/orphan control

| Page 1: [74] Formatted | Author | 2/16/21 5:39:00 PM |
|---|---|---|

Font: Times New Roman

| Page 1: [75] Deleted | Author | 2/16/21 5:39:00 PM |
|---|---|---|

| Page 1: [76] Formatted | Author | 2/16/21 5:39:00 PM |
|---|---|---|

Font: Times New Roman

| Page 1: [77] Deleted | Author | 2/16/21 5:39:00 PM |
|---|---|---|

| Page 1: [78] Formatted | Author | 2/16/21 5:39:00 PM |
|---|---|---|

Font: Times New Roman

| Page 1: [79] Deleted | Author | 2/16/21 5:39:00 PM |
|---|---|---|

| Page 1: [80] Formatted | Author | 2/16/21 5:39:00 PM |
|---|---|---|

Left, Right:  0", Line spacing:  Double, Outline numbered + Level: 1 + Numbering Style: I, II, III, … + Start at: 1 + Alignment: Left + Aligned at:  0" + Indent at:  0", No widow/orphan control

| Page 1: [81] Formatted | Author | 2/16/21 5:39:00 PM |
|---|---|---|

Font: Times New Roman, Bold, No underline

| Page 1: [82] Formatted | Author | 2/16/21 5:39:00 PM |
|---|---|---|

Font: Times New Roman, Bold, No underline

| Page 1: [82] Formatted | Author | 2/16/21 5:39:00 PM |
|---|---|---|

Font: Times New Roman, Bold, No underline

| Page 1: [82] Formatted | Author | 2/16/21 5:39:00 PM |
|---|---|---|

Font: Times New Roman, Bold, No underline

| Page 1: [82] Formatted | Author | 2/16/21 5:39:00 PM |
|---|---|---|

Font: Times New Roman, Bold, No underline

| Page 2: [83] Deleted | Author | 2/16/21 5:39:00 PM |
|---|---|---|

| Page 29: [84] Formatted | Author | 2/16/21 5:39:00 PM |
|---|---|---|

Normal, No widow/orphan control

| Page 29: [85] Formatted | Author | 2/16/21 5:39:00 PM |
|---|---|---|

Normal, Line spacing:  At least 0 pt, No widow/orphan control

| Page 7: [86] Formatted | Author | 2/16/21 5:39:00 PM |
|---|---|---|

Left, Indent: First line:  0", Right:  0", Line spacing:  Double, No widow/orphan control

| Page 7: [87] Formatted | Author | 2/16/21 5:39:00 PM |
|---|---|---|

Font: Times New Roman, No underline

| Page 7: [88] Formatted | Author | 2/16/21 5:39:00 PM |
|---|---|---|

Font: Times New Roman

| Page 7: [89] Formatted | Author | 2/16/21 5:39:00 PM |
|---|---|---|

Font: Times New Roman

| Page 7: [90] Formatted | Author | 2/16/21 5:39:00 PM |
|---|---|---|

Font: Times New Roman, No underline

| Page 7: [91] Formatted | Author | 2/16/21 5:39:00 PM |
|---|---|---|

Font: Times New Roman, No underline

| Page 7: [92] Formatted | Author | 2/16/21 5:39:00 PM |
|---|---|---|

Font: Times New Roman

| Page 7: [93] Formatted | Author | 2/16/21 5:39:00 PM |
|---|---|---|

Font: Times New Roman

| Page 7: [94] Deleted | Author | 2/16/21 5:39:00 PM |
|---|---|---|

| Page 7: [95] Formatted | Author | 2/16/21 5:39:00 PM |
|---|---|---|

Font: Times New Roman

| Page 7: [96] Formatted | Author | 2/16/21 5:39:00 PM |
|---|---|---|

Font: Times New Roman, Not Italic

| Page 7: [97] Formatted | Author | 2/16/21 5:39:00 PM |
|---|---|---|

Font: Times New Roman

| Page 7: [98] Formatted | Author | 2/16/21 5:39:00 PM |
|---|---|---|

Font: Times New Roman, No underline

| Page 7: [99] Formatted | Author | 2/16/21 5:39:00 PM |
|---|---|---|

Font: Times New Roman

| Page 7: [100] Formatted | Author | 2/16/21 5:39:00 PM |
|---|---|---|

Font: Times New Roman, No underline

| Page 7: [101] Formatted | Author | 2/16/21 5:39:00 PM |
|---|---|---|

Font: Times New Roman

| Page 7: [102] Formatted | Author | 2/16/21 5:39:00 PM |
|---|---|---|

Font: Times New Roman

| Page 7: [103] Formatted | Author | 2/16/21 5:39:00 PM |
|---|---|---|

Font: Times New Roman

| Page 7: [104] Formatted | Author | 2/16/21 5:39:00 PM |
|---|---|---|

Font: Times New Roman, No underline

| Page 7: [105] Formatted | Author | 2/16/21 5:39:00 PM |
|---|---|---|

Font: Times New Roman

| Page 7: [106] Formatted | Author | 2/16/21 5:39:00 PM |
|---|---|---|

Font: Times New Roman

| Page 7: [107] Formatted | Author | 2/16/21 5:39:00 PM |
|---|---|---|

Font: Times New Roman, No underline

| Page 7: [108] Formatted | Author | 2/16/21 5:39:00 PM |
|---|---|---|

Font: Times New Roman

| Page 7: [109] Formatted | Author | 2/16/21 5:39:00 PM |
|---|---|---|

Font: Times New Roman

| Page 29: [110] Formatted | Author | 2/16/21 5:39:00 PM |
|---|---|---|

Normal, No widow/orphan control

| Page 29: [111] Formatted | Author | 2/16/21 5:39:00 PM |
|---|---|---|

Normal, No widow/orphan control

| Page 8: [112] Formatted | Author | 2/16/21 5:39:00 PM |
|---|---|---|

Font: Times New Roman

| Page 8: [113] Formatted | Author | 2/16/21 5:39:00 PM |
|---|---|---|

Font: Times New Roman, No underline

| Page 8: [113] Formatted | Author | 2/16/21 5:39:00 PM |
|---|---|---|

Font: Times New Roman, No underline

| Page 8: [114] Formatted | Author | 2/16/21 5:39:00 PM |
|---|---|---|

Font: Times New Roman

| Page 8: [115] Formatted | Author | 2/16/21 5:39:00 PM |
|---|---|---|

Font: Times New Roman

| Page 8: [116] Formatted | Author | 2/16/21 5:39:00 PM |
|---|---|---|

Font: Times New Roman, No underline

| Page 8: [116] Formatted | Author | 2/16/21 5:39:00 PM |
|---|---|---|

Font: Times New Roman, No underline

| Page 8: [117] Formatted | Author | 2/16/21 5:39:00 PM |
|---|---|---|

Font: Times New Roman

| Page 8: [118] Formatted | Author | 2/16/21 5:39:00 PM |
|---|---|---|

Font: Times New Roman, No underline

| Page 8: [118] Formatted | Author | 2/16/21 5:39:00 PM |
|---|---|---|

Font: Times New Roman, No underline

| Page 8: [119] Formatted | Author | 2/16/21 5:39:00 PM |
|---|---|---|

Font: Times New Roman

| Page 8: [120] Formatted | Author | 2/16/21 5:39:00 PM |
|---|---|---|

Font: Times New Roman

| Page 8: [121] Formatted | Author | 2/16/21 5:39:00 PM |
|---|---|---|

Font: Times New Roman

| Page 8: [122] Formatted | Author | 2/16/21 5:39:00 PM |
|---|---|---|

Font: Times New Roman

| Page 8: [122] Formatted | Author | 2/16/21 5:39:00 PM |
|---|---|---|

Font: Times New Roman

| Page 8: [123] Formatted | Author | 2/16/21 5:39:00 PM |
|---|---|---|

Font: Times New Roman, No underline

| Page 8: [123] Formatted | Author | 2/16/21 5:39:00 PM |
|---|---|---|

Font: Times New Roman, No underline

| Page 8: [124] Formatted | Author | 2/16/21 5:39:00 PM |
|---|---|---|

Font: Times New Roman

| Page 8: [125] Formatted | Author | 2/16/21 5:39:00 PM |
|---|---|---|

Font: Times New Roman

| Page 8: [126] Formatted | Author | 2/16/21 5:39:00 PM |
|---|---|---|

Font: Times New Roman, No underline

| Page 8: [126] Formatted | Author | 2/16/21 5:39:00 PM |
|---|---|---|

Font: Times New Roman, No underline

| Page 8: [127] Formatted | Author | 2/16/21 5:39:00 PM |
|---|---|---|

Font: Times New Roman

| Page 8: [128] Formatted | Author | 2/16/21 5:39:00 PM |
|---|---|---|

Font: Times New Roman

| Page 8: [129] Formatted | Author | 2/16/21 5:39:00 PM |
|---|---|---|

Font: Times New Roman, No underline

| Page 8: [129] Formatted | Author | 2/16/21 5:39:00 PM |
|---|---|---|

Font: Times New Roman, No underline

| Page 8: [130] Formatted | Author | 2/16/21 5:39:00 PM |
|---|---|---|

Font: Times New Roman

| Page 29: [131] Formatted | Author | 2/16/21 5:39:00 PM |
|---|---|---|

Normal, Line spacing:  At least 0 pt, No widow/orphan control

| Page 9: [132] Formatted | Author | 2/16/21 5:39:00 PM |
|---|---|---|

Left, Right:  0", Line spacing:  Double, Outline numbered + Level: 1 + Numbering Style: I, II, III, … + Start at: 1 + Alignment: Left + Aligned at:  0" + Indent at:  0", No widow/orphan control

| Page 29: [133] Formatted | Author | 2/16/21 5:39:00 PM |
|---|---|---|

Normal, Line spacing:  At least 0 pt, No widow/orphan control

| Page 13: [134] Deleted | Author | 2/16/21 5:39:00 PM |

| Page 29: [135] Formatted | Author | 2/16/21 5:39:00 PM |

Normal, Line spacing:  At least 0 pt, No widow/orphan control

| Page 29: [136] Deleted | Author | 2/16/21 5:39:00 PM |

| Page 30: [137] Deleted | Author | 2/16/21 5:39:00 PM |

| Page 30: [138] Formatted | Author | 2/16/21 5:39:00 PM |

Left, Right:  0", Line spacing:  Double, No widow/orphan control

| Page 30: [139] Deleted | Author | 2/16/21 5:39:00 PM |

EXHIBIT K

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   **CV 17-6108 MWF (JPRx)**                    Date: September 22, 2020

Title        **Beatbox Music, Pty, Ltd. v. Labrador Entertainment, Inc., et al.**

Present: The Honorable:    MICHAEL W. FITZGERALD, United States District Judge

|  Rita Sanchez  | Not Reported |
| :---: | :---: |
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| :---: | :---: |
| Not Present | Not Present |

**Proceedings:  (IN CHAMBERS) ORDER RE-SETTING PRETRIAL AND TRIAL DATES**

The Court has reviewed the parties' Joint Report of Proposed Trial Dates, filed September 21, 2020.  (Docket No. 163).  Based on the parties' proposal, the Court sets the following dates:

| | |
| --- | --- |
| Last Day to Add Parties/Amend Pleadings | March 1, 2021 |
| Non-expert Discovery Cut-off | July 23, 2021 |
| Expert Disclosure (Initial) | June 25, 2021 |
| Expert Disclosure (Rebuttal) | July 23, 2021 |
| Expert Discovery Cut-off | August 13, 2021 |
| Last Day to Hear Motions | August 23, 2021 |
| Last Day to Conduct ADR Proceeding | September 10, 2021 |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.    **CV 17-6108 MWF (JPRx)**                    Date: September 22, 2020

Title        **Beatbox Music, Pty, Ltd. v. Labrador Entertainment, Inc., et al.**

| | |
|---|---|
| File Memorandum of Contentions of Fact and Law, Exhibit and Witness Lists, Status Report regarding settlement, and all Motions in Limine | October 18, 2021 |
| Lodge Pretrial Conference Order, file agreed set of Jury Instructions and Verdict forms, file statement regarding Disputed Instructions and Verdict Forms, and file oppositions | October 25, 2021 |
| Final Pretrial Conference and Hearing on Motions in Limine | November 8, 2021, at 11:00 a.m. |
| Trial Date (Est. _____ Days) | November 30, 2021, at 8:30 a.m. |

      The parties shall be familiar with and must adhere to the Court's Order Re Jury Trial, available on the Procedures and Schedules page of the Court's website (http://www.cacd.uscourts.gov/honorable-michael-w-fitzgerald).

Initials of Preparer:  RS/sjm