BLAISE & NITSCHKE, P.C.
HEATHER L. BLAISE, ESQ. (SBN 261619)
123 N. Wacker Drive, Suite 250
Chicago, IL 60606
Telephone: 312-448-6602
Email: hblaise@blaisenitschkelaw.com

Attorneys for Plaintiff,
BEATBOX MUSIC PTY, LTD.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEATBOX MUSIC PTY, LTD., | CASE NO: 2:17-cv-6108 MWF (JPRx) |
| | *Magistrate Judge Jean P. Rosenbluth* |
| Plaintiff, | |
| | **NOTICE OF MOTION AND** |
| v. | **PARTIES' JOINT STIPULATION** |
| | **PURSUANT TO L.R. 37** |
| LABRADOR ENTERTAINMENT, INC. | **CONCERNING FULL AND** |
| D/B/A SPIDER CUES MUSIC | **COMPLETE COMPLIANCE WITH** |
| LIBRARY, a California corporation; | **DISCOVERY** |
| NOEL PALMER WEBB, an individual; | |
| MICHAEL COHEN, an individual; | |
| LABRADOR ENTERTAINMENT, LLC; | |
| MCPC HOLDINGS, LLC; WEBB | |
| FAMILY TRUST and DOES 1-20, | |
| inclusive, | |
| Defendants. | |
| | Discovery Cut-Off: July 23, 2021 |
| | Pre-Trial |
| AND ALL RELATED ACTIONS | Conference:      November 8, 2021 |
| | Trial Date:       November 30, 2021 |

# **TABLE OF CONTENTS**

NOTICE OF MOTION.................................................................................1
PARTIES' JOINT STIPULATION PURSUANT TO L.R. 37......................2
BEATBOX MUSIC PTY, LTD.'S INTRODUCTION..............................3
BEATBOX MUSIC PTY, LTD.'S MEMORANDUM OF POINTS AND
AUTHORITIES ........................................................................................3
   A.    Issues in Dispute.................................................................3
       1.    Labrador Defendants - Full and Complete Discovery ...................3
       2.    All Documents and Information Relating to Defendants' Transfers of All
Assets are Highly Relevant to Significant Issues in this Case for which Discovery
is Required. ..........................................................................6
       3.    Privilege Logs ...........................................................7
       4.    Cohen Defendants .....................................................9
   B.    Beatbox's Contentions ......................................................10
LABRADOR'S CONTENTIONS .............................................................11
COHEN DEFENDANTS' INTRODUCTION...........................................13
COHEN DEFENDANTS' CONTENTIONS & POINTS AND AUTHORITIES .....13
   A.    CONTENTION 1: BEATBOX'S MOTION IS INVALID AND MUST BE
DENIED BECAUSE BEATBOX HAS IMPROPERLY COMBINED AND
CONFLATED TWO DISTINCT DISPUTES INVOLVING UNRELATED
CLIENTS INTO A SINGLE MOTION...................................................14
   B.    CONTENTION 2: BEATBOX'S MOTION CANNOT BE GRANTED
BECAUSE BEATBOX HAS FAILED TO IDENTIFY WHAT DISCOVERY
IS TO BE COMPELLED.....................................................................15
   C.    CONTENTION 3: BEATBOX'S MOTION MUST BE DENIED BECAUSE
IT IS BOTH STALE AND INACCURATE. ...........................................16

## NOTICE OF MOTION

TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, AND TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on July 8, 2021, at 10:00 a.m., or as soon as the matter may be heard, in the courtroom of the Honorable Jean P. Rosenbluth, Magistrate Judge, located at 225 E. Temple St., Los Angeles, California 90012, Courtroom 690, Plaintiff Beatbox Music Pty, Ltd. ("Plaintiff"), by and through the undersigned counsel, will move pursuant to Federal Rule of Civil Procedure 26 and Local Rule 37 to compel discovery and for other relief.

This Motion is based upon the parties' Joint Stipulation, all declarations and exhibits thereto, any supplemental briefing in connection with the motion, the pleadings on file in this action, and such other further pleadings, papers, transcripts, and matters that may be properly presented to the Court. This Motion is made following multiple conferences of counsel pursuant to L.R. 37-1 held on April 16, May 5, 11, and 22, and letters sent to counsel dated April 22, 27, and May 5. Counsel have been unable to resolve their dispute, necessitating the instant Motion.

DATED: June 17, 2021

Respectfully submitted,
**BEATBOX MUSIC PTY, LTD.**
*/s/ Heather L. Blaise*
HEATHER L. BLAISE, ESQ. (SBN 261619)
123 N. Wacker Drive, Suite 250
Chicago, IL 60606
Telephone: 312-448-6602
Email: hblaise@blaisenitschkelaw.com
*Attorney for Plaintiff*

BLAISE & NITSCHKE, P.C.
HEATHER L. BLAISE, ESQ. (SBN 261619)
123 N. Wacker Drive, Suite 250
Chicago, IL 60606
Telephone: 312-448-6602
Email: hblaise@blaisenitschkelaw.com

Attorneys for Plaintiff,
BEATBOX MUSIC PTY, LTD.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEATBOX MUSIC PTY, LTD., | CASE NO: 2:17-cv-6108 MWF (JPRx) |
| | *Assigned to the Hon. Michael W. Fitzgerald* |
| Plaintiff, | |
| v. | **PARTIES' JOINT STIPULATION PURSUANT TO L.R. 37** |
| LABRADOR ENTERTAINMENT, INC. D/B/A SPIDER CUES MUSIC LIBRARY, a California corporation; NOEL PALMER WEBB, an individual; MICHAEL COHEN, an individual; LABRADOR ENTERTAINMENT, LLC; MCPC HOLDINGS, LLC; WEBB FAMILY TRUST and DOES 1-20, inclusive, | |
| Defendants. | |
| | Discovery Cut-Off: July 23, 2021 |
| AND ALL RELATED ACTIONS | Pre-Trial Conference:        November 8, 2021 |
| | Trial Date:        November 30, 2021 |

## BEATBOX MUSIC PTY, LTD.'S INTRODUCTION

Plaintiff has made good faith efforts to resolve disputes with Defendants over outstanding discovery requests propounded by Beatbox Music Pty, Ltd. (hereinafter "Beatbox"). These discovery requests remain outstanding due to the evasiveness, obfuscation, untimeliness, and false representations of the Defendants.

## BEATBOX MUSIC PTY, LTD.'S MEMORANDUM OF POINTS AND AUTHORITIES

**A.    Issues in Dispute**

**1.    Labrador Defendants - Full and Complete Discovery**

On or about December 2, 3, and 4, 2019, the parties engaged in depositions, specifically of Noel Webb ("Webb") individually and as the person most knowledgeable about the instant lawsuit for Labrador Entertainment, Inc., as well as of Michael Cohen ("Cohen"), Peter Baker and Barbara Baker. *See* Notices of Depositions, Group Exhibit A.

On or about December 2 and 3, 2019, Webb testified that he has in his possession and/or that third parties have in their possession, to which he exercises control, numerous relevant documents responsive to discovery requests propounded in this matter that he has not yet produced. *See* Deposition Transcripts of Noel Palmer Webb, Group Exhibit B. Webb testified (as detailed further hereinbelow) that he would review the relevant documents, and/or confer with third parties to obtain such documents, and tender accordingly, and counsel for Labrador agreed on the record that such documents would be provided before the close of discovery, then set for December 6, 2019. *See* Group Exhibit B.

On or about January 13, 2020, this Court granted Beatbox's motion to amend its complaint, thereby extending the close of discovery to allow for discovery to be propounded upon those parties thereafter named Defendants in this case. This Court entered an order re-setting pre-trial and trial dates on September 22, 2020, setting the close of non-expert discovery for July 23, 2021, and the close of expert discovery for

August 13, 2021. Dkt. No. 164. On or about February 26, 2021, Beatbox propounded initial discovery requests to those parties, as well as supplemental discovery requests to those Defendants that were originally parties to the case.

On March 28, 2021, Douglas Rosner, counsel for Defendants Labrador Entertainment, Inc., Labrador Entertainment, LLC, Noel Palmer Webb, and the Webb Family Trust (hereinafter, "Labrador Defendants"), stated by email that "[a]ll your discovery responses requires substantial amount of time. I am requesting (14) day extension to respond to all of the discovery propounded by Beatbox[.]" Counsel for Beatbox granted Mr. Rosner a 7-day extension to respond to these discovery requests, with which Mr. Rosner failed to comply.

On or after April 8, 2021, counsel for Beatbox received discovery responses from counsel for Labrador Defendants. Counsel for Beatbox and counsel for Labrador Defendants met and conferred by teleconference on April 16, 2021; during that teleconference, counsel for Labrador Defendants acknowledged that these responses were deficient and incomplete, and requested (2) additional weeks to provide complete discovery. Mr. Rosner further stated on the teleconference that he would have no time to meet and confer regarding this discovery until April 29, 2021; the parties arranged for a teleconference to meet and confer regarding discovery on that date.

Then, on April 28, 2021, Mr. Rosner cancelled the April 29 teleconference, requesting to reschedule for April 30. Then, at 8:42 PDT on the evening of April 29, Mr. Rosner provided amended discovery responses to counsel for Beatbox by email, mere hours before the teleconference scheduled for the following day. Despite the untimeliness of these responses, Mr. Rosner included additional objections in the April 29 responses that were not present in those responses propounded on or around April 8.

After receiving these amended discovery responses, counsel for Beatbox sent a letter on May 5, 2021 pursuant to L.R. 37-1 – L.R. 37-4, outlining the outstanding

discovery requests and responding to several inapplicable and/or bad-faith objections raised by counsel for Labrador Defendants. *See* Letter to counsel for Labrador Defendants dated May 5, 2021, Exhibit C. Counsel for Beatbox and counsel for Labrador Defendants met and conferred by teleconference to discuss these amended responses on May 11, 2021. During that teleconference, counsel for Labrador Defendants repeatedly argued that Plaintiff was not entitled to a full and complete discovery relating to any transfers of assets of the Defendants as pled in Counts VII and VIII of the First Amended Complaint (Dkt. Nos. 105, 146) (hereinafter the "Complaint"), because counsel for Labrador Defendants continues to argue that Plaintiff is only entitled to discovery relating to transfers between Labrador Entertainment, Inc. and Labrador Entertainment, LLC despite several court orders, which should disabuse counsel for Labrador Defendants of that limited notion of the claims against his clients. *See* Dkt. Nos. 176, 182, and 185. Ultimately, counsel for Labrador Defendants agreed to provide responsive documents to accompany these amended responses no later than May 21, 2021. No such documents were received until May 25, 2021, and then, only documents regarding Labrador Entertainment, Inc. and Labrador Entertainment, LLC's discovery responses had been sent by Mr. Rosner; as of May 24, 2021, Mr. Rosner stated that the "[d]ocuments for Noel and trust" were not yet complete.

Further, during the May 11, 2021 teleconference, co-counsel for Labrador Defendants, Curtis Edmondson stated that he would reach out to the Court for information concerning discovery motion practice and the option for an informal hearing, and then relay the information to counsel for Beatbox. Mr. Edmondson failed to communicate this information in a timely fashion, with no information provided until May 26, 2021.

Finally, and possibly most concerning, Mr. Rosner has – to wit – falsified the method of delivery on Proof of Service documents for discovery responses, despite declaring under penalty of perjury that the information was correct. For example, Mr.

Rosner submitted a document entitled "PROOF OF SERVICE USB FLASH DRIVE (YELLOW LABEL)" in which Mr. Rosner claims to have served the USB Flash Drive on May 21, 2021 with the following declaration:

> **BY USPS Priority Mail:** I enclosed said document(s) in an envelope or package provided by USPS and addressed to the persons at the addresses listed in the Service List. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilizes drop box of USPS or delivered such document(s) to a courier or driver authorized by USPS to receive documents.

*See* Proof of Service USB Flash Drive (Yellow Label), Exhibit D.

The proofs of service for the contemporary discovery responses contained the same date and language, including Labrador Entertainment, Inc.'s Second Amended Response to Plaintiff's Supplemental Requests for the Productions of Documents to Defendant Labrador Entertainment, Inc.; Labrador Entertainment LLC's Second Amended Response to Plaintiff's First Set of Requests for the Productions of Documents to Defendant Labrador Entertainment, LLC; Third Amended Labrador Entertainment, Inc.'s Responses to Plaintiff's Second Set of Interrogatories, and; Second Amended Labrador Entertainment, LLC Responses to Plaintiff's First Set of Interrogatories. Yet, upon review of the USPS Shipping Label upon receipt of these documents, the service was not by overnight mail but rather by Priority Mail 2-day shipping. *See* USPS Shipping Label, Exhibit E. This abuse of process, along with the dilatory and dishonest behavior outlined above runs afoul of FRCP 37.

## 2. All Documents and Information Relating to Defendants' Transfers of All Assets are Highly Relevant to Significant Issues in this Case for which Discovery is Required.

The Complaint alleges counts sounding in Fraudulent Conveyance at Common Law and Fraudulent Conveyance under California's Uniform Fraudulent Transfer Act, and thus all documents and responses relating to the transfer of assets are relevant and discoverable under Fed. R. Civ. P. 26(b)(1). *Wells Fargo Bank, Nat'l Ass'n v. Iny*, No. 2:13-cv-01561-MMD-NJK, 2014 U.S. Dist. LEXIS 62381, at *7 (D.

1   Nev. May 6, 2014) (finding relevance and discoverability "[i]n light of Plaintiff's
2   allegations, Defendants' bank and financial records are relevant, *inter alia*, to
3   Plaintiff's assertion that Defendants fraudulently conveyed assets […] while indebted
4   to Plaintiffs."). Indeed, "Defendants' banking records are highly relevant to
5   significant issues in this case for which discovery is required." *Id.* at 9. Moreover,
6   Plaintiff seeks punitive damages in which discovery to determine the defendants' net
7   worth is appropriate. *Vieste, LLC v. Hill Redwood Dev.*, No. C-09-04024 JSW
8   (DMR)) 2011 U.S. Dist. LEXIS 29137, at *10 (N.D. Cal. Mar. 9, 2011). *See also*,
9   *Grosbeck v. Panther Transportation, Inc.*, 251 F.R.D. 162 (M.D. Pa. 2008). In claims
10  for fraudulent conveyances of assets and punitive damages, broad discovery into the
11  defendants' financial condition and assets is warranted. *See Wells Fargo Bank, N.A.*
12  *v. Iny*, 2014 U.S. Dist. LEXIS 62381, 2014 WL 1796216 (D. Nev. 2014) (fraudulent
13  conveyances of property, cash and securities); *Paws Up Ranch, LLC v. Green*, 2013
14  U.S. Dist. LEXIS 167174, 2013 WL 6184940 (D. Nev. 2014) (fraud, racketeering,
15  conversion and unjust enrichment); *State Farm Mut. Auto. Ins. Co. v. CPT Medical*
16  *Services, P.C.*, 375 F.Supp.2d 141, 156-157 (E.D.N.Y. 2005) (common law fraud and
17  RICO); and *Constitution Bank v. Levine*, 151 F.R.D. 278 (E.D. Pa. 1993) (fraudulent
18  conveyance of assets). As a result, the discovery sought by Plaintiff is highly relevant
19  and discoverable and Defendants' delay and refusal in turning over a full and
20  complete disclosure is prejudicing Plaintiff, and Defendants should be ordered to
21  comply or face sanctions, up to and including the entry of a judgment against them.
22  FRCP 37(b)(2)(A)(iii), (v-vi); *Garrison v. Ringgold*, 2020 U.S. Dist. LEXIS 208122,
23  (S.D. Cal. Nov. 6, 2020).

24      **3.    Privilege Logs**

25      During the May 11, 2021 teleconference, counsel for Labrador Defendants
26  further argued that there was no requirement to provide a privilege log for any
27  information that was being withheld on the basis of attorney-client privilege. "The
28  party asserting the attorney-client privilege has the burden of proving that the

1  privilege applies to a given set of documents or communications." *In re Grand Jury*
2  *Investigation*, 974 F.2d 1068, 1070 (9th Cir. 1992); *see also United States v. Ruehle*,
3  583 F.3d 600, 607 (9th Cir. 2009) (the party asserting the privilege must demonstrate
4  that the relationship exists and that the communication is privileged). A proper
5  assertion requires a showing of the following elements: "(1) [w]here legal advice of
6  any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the
7  communications relating to that purpose, (4) made in confidence (5) by the client, (6)
8  are at his instance permanently protected (7) from disclosure by himself or by the
9  legal adviser, (8) unless the protection be waived." *United States v. Graf*, 610 F.3d
10  1148, 1156 (9th Cir. 2010) (*quoting In re Grand Jury Investigation*, 974 F.2d at 1071
11  n.2); *Regents of Univ. of California v. Affymetrix, Inc.*, 326 F.R.D. 275, 278 (S.D.
12  Cal. 2018).

13      The attorney-client privilege protects only communications—disclosures of
14  underlying facts are not protected. *Upjohn Co. v. United States*, 449 U.S. 383, 395,
15  101 S. Ct. 677, 66 L. Ed. 2d 584 (1981). Also, "[t]he fact that a person is a lawyer
16  does not make all communications with that person privileged." *United States v.*
17  *Martin*, 278 F.3d 988, 999 (9th Cir. 2002). Indeed, the privilege is strictly construed
18  by the courts "[b]ecause it impedes full and free discovery of the truth." *Id.* (*quoting*
19  *Weil v. Investment/Indicators, Research & Management*, 647 F.2d 18, 24 (9th Cir.
20  1981)).

21      Under the Federal Rules of Civil Procedure, a party withholding otherwise
22  discoverable information on the basis of attorney-client privilege must (1) make the
23  claim expressly and (2) "describe the nature of the documents, communications, or
24  tangible things not produced or disclosed—and do so in a manner that, without
25  revealing information itself privileged or protected, will enable other parties to assess
26  the claim." *Orthopaedic Hosp. v. DJO Glob., Inc.*, No. 3:19-cv-00970-JLS-AHG,
27  2020 U.S. Dist. LEXIS 241393, at *3-4 (S.D. Cal. Dec. 22, 2020), *quoting* Fed. R.
28  Civ. P. 26(b)(5). This is accomplished by using a privilege log that identifies "(a) the

1  attorney and client involved, (b) the nature of the document, (c) all persons or entities

2  shown on the document to have received or sent the document, (d) all persons or

3  entities known to have been furnished the document or informed of its substance, and

4  (e) the date the document was generated, prepared, or dated." *Id.* at 4, *quoting In re*

5  *Grand Jury Investigation*, 974 F.2d at 1071; *Kannan v. Apple Inc.*, No.

6  17CV07305EJDVKD, 2019 U.S. Dist. LEXIS 188387, 2019 WL 5589000, at *1

7  (N.D. Cal. Oct. 30, 2019). As a result, Defendants should be ordered to provide a

8  privilege log for all documents that are being withheld on the basis of attorney-client

9  privilege.

10  **4.    Cohen Defendants**

11  Ronak Patel, counsel for Michael Cohen and MCPC Holdings, LLC

12  (hereinafter, the "Cohen Defendants") has exhibited a pattern of dilatory behavior in

13  responding to discovery requests through his failure to attach the files and documents

14  that he claims are attached to emails. For example, on or about April 2, 2021, Mr.

15  Patel submitted discovery responses on behalf of the Cohen Defendants, with a file

16  entitled "Defendant MCPC Holdings, LLC's Objections and Responses to Plaintiff

17  Beatbox Music Pty Ltd.'s Special Interrogatories (Set One)" that consisted solely of

18  a verification page; no responses to this set of discovery requests were included.

19  Then, after being notified of the deficiency, Mr. Patel sent a picture file comprised of

20  an image appearing to be of the first page of the outstanding discovery response on

21  April 22, 2021. Mr. Patel only provided an actual responsive document after being

22  notified to the repeated deficiency during an April 22, 2021 teleconference, in which

23  counsel for Cohen Defendants and counsel for Beatbox discussed the outstanding

24  discovery responses and Mr. Patel's series of bad-faith and inapplicable objections

25  contained therein.   The responsive document provided was unverified; a verified

26  copy was not provided until April 25, 2021. *See* L.R. 37-1 Letters to Ronak Patel

27  dated April 22, 2021 and April 27, 2021, Group Exhibit F.

28

1    The pattern continued whereby Mr. Patel agreed to waive certain inapplicable

2    objections and to provide responsive documents during a May 5, 2021

3    teleconference to discuss outstanding discovery; Mr. Patel agreed to provide

4    amended responses no later than May 10, 2021 and the relevant documents no later

5    than May 21, 2021. Thereafter, Mr. Patel requested an extension until May 12, 2021,

6    which counsel for Beatbox did not agree to, but counsel for Beatbox agreed to "wait

7    to bring any further stipulation" until reviewing the amended responses if Mr. Patel

8    provided the responses no later than May 12, 2021. Then, on May 12, 2021, after the

9    close of business, Mr. Patel sent an email stating "[f]ind attached the amended RFPD

10   responses for Cohen and MCPC, and the amended interrogatories for Cohen."

11   Despite this statement, no files were attached to Mr. Patel's email. The next morning,

12   counsel for Beatbox informed Mr. Patel that no attachments were present; Mr. Patel

13   did not respond until May 17, 2021, when he provided the amended responses

14   without the relevant documents to be produced. In addition to being dilatory, the

15   amended responses contained several bad-faith and inapplicable objections,

16   including objections that Mr. Patel had agreed to withdraw during the parties'

17   previous teleconference. Further, the relevant documents that Mr. Patel agreed to

18   produce along with the amended responses have not been produced as of the time of

19   filing; as a result, Beatbox must present this stipulation. *See* Email from Mr. Patel to

20   dated June 7, 2021, attached hereto as Exhibit G.

21   **B.    Beatbox's Contentions**

22        Beatbox contends that the dilatory and bad-faith behavior exhibited by counsel

23   for Labrador Defendants and counsel for Cohen Defendants has prejudiced Beatbox

24   in this case; to wit, the actions of these parties have been aimed at running out the

25   clock on discovery in order to keep relevant evidence and information from Beatbox.

26   In order to counteract these tactics, Beatbox contends that this Court must compel

27   production of relevant documents and information by Cohen Defendants and

28

1   Labrador Defendants as requested by Beatbox, in accordance with the L.R. 37-1
2   Letters to Mr. Patel and to Mr. Rosner. *See* Exhibits C, F.

3       This Court can most effectively resolve these issues by compelling the
4   production of documents and information requested by Beatbox, in accordance with
5   the outstanding requests outlined in the above-cited letters; such a result would
6   certainly be in the best interest of justice. In the alternative, the Court should enter a
7   default against the Defendants, bar them from presenting evidence at trial, award
8   attorneys' fees and costs, and any other relief this Court deems necessary and just.
9   Fed. R. Civ. P. 37(b)(2)(A).

10                      **<u>LABRADOR'S CONTENTIONS</u>**

11      Because the Court is familiar with the case history and issues—as it has
12  previously set forth in numerous dispositive rulings including on motions to dismiss
13  and summary judgment — the Labrador defendants will forego a lengthy recitation of
14  this case and will limit their discussion of the case to the issues relevant to the dispute
15  giving rise to this Joint Stipulation. At bottom, this dispute is over the sustained and
16  material discovery recalcitrance of Plaintiff Beatbox that has left the Labrador
17  defendants with no other option but to seek the intervention of the Court.

18      There were numerous attempts to meet and confer. The parties only discussed
19  the outstanding discovery related to Labrador Entertainment, Inc. and Labrador
20  Entertainment, LLC. There was not meaningful discussions regarding outstanding
21  discovery for Noel Webb or Webb Family Trust.

22      The following documents were served upon Plaintiff:

23      A.      May 21, 2021 - Third Amended Labrador Entertainment, Inc. d/b/a
24  Spider Cues Music Library's Responses to Plaintiff's Second Set of Interrogatories;

25      B.      May 21, 2021 - Labrador Entertainment Inc., d/b/a Spider Cues Music
26  Library's Second Amended Response to Plaintiffs Supplemental Requests for the
27  Production of Documents to Defendant Labrador Entertainment, Inc.;

28

C.      May 21, 2021 - Labrador Entertainment LLC's Second Amended Response to Plaintiff's First Set of Requests for the  Production of Documents to Defendant Labrador;

D.      May 21, 2021 - Second Amended Labrador Entertainment, LLC Responses to Plaintiff's First Set of Interrogatories;

E.      May 24, 2021 - Webb Family Trust's Second Amended Responses to Plaintiffs First Set of Interrogatories;

F.       May 24, 2021 - Webb Family Trust's Second Amended Response to Plaintiffs First Set of Requests for the Production of Documents;

G.      At or about April 21, 2021 Documents Bate stamped 1-1566;

H.      At or about May 21, 2021 Documents Bate stamped 2000-3831;

I.       At or about May 24, 2021 Documents Bate stamped  3701-4972;

J.       At or about May 31, 2021 Documents Bate stamped 4200 to 4401.

Labrador has produced almost 5000 documents.

As to Plaintiff's claim that "Mr. Rosner has – to wit – falsified the method of delivery on Proof of Service documents for discovery responses, despite declaring under penalty of perjury that the information was correct." this claim is not supported by any fact. There are two types of priority mail, "Priority Mail" and Priority Mail Express." Mr. Rosner choose Priority Mail and that is what is stated on the proof of service and label. Is Plaintiff claiming it did not get the documents?

Finally, Beatbox fails to follow the L.R. 37-2.1. Rule L.R.37-2.1 reads in pertinent part as follows:

> ... The stipulation must contain all issues in dispute and, as to each such issue, the contentions and points and authorities of each party. The stipulation may not refer the Court to any other documents.  For example, if the sufficiency of an answer to an interrogatory is at issue, the stipulation must contain, verbatim, both the interrogatory and the allegedly insufficient answer, followed by each party's contentions as to that particular interrogatory, separately stated.  If the allegations made in a prior filing are relevant, a copy of that prior filing should be attached as an exhibit. ...   The specification of the issues in dispute,

and the parties' contentions and points and authorities as to such issues, may be preceded by an introductory statement from each party ... When a party states its contentions on a particular issue, such party must also state how it proposed to resolve the dispute over that issue at the conference of counsel.

Labrador defendants have provided responses to all of Plaintiff's discovery. Further, if was intelligible what Plaintiff was seeking, Labrador defendants would be willing to comply with any proper request.  Labrador defendants believe that they have properly complied with all of Plaintiff's request including the production of almost 5000 documents.

## COHEN DEFENDANTS' INTRODUCTION

Defendants **Michael Cohen** and **MCPC Holdings, LLC** ("Cohen Defendants") are admittedly perplexed by this 'Joint Stipulation' that Beatbox intends to use to support the instant motion. After all, this document is not really a 'Joint Stipulation,' at least not within the spirit or text of the Rule 37 of the *Local Rules*. Further, to the extent that it could be treated as a Joint Stipulation under Local Rule 37, Beatbox has utterly failed to comply with the Rule. As shown below, this non-compliance was not merely technical, but results in substantive deficiencies in the motion. It is therefore the Cohen Defendant's position that the court should deny the motion, at least to the extent that this court deems the motion to be an appropriate request for relief.

## COHEN DEFENDANTS' CONTENTIONS & POINTS AND AUTHORITIES

Local Rule 37-2.1 requires the parties to identify the issues in dispute, and, as to each issue, the contentions and points and authorities of each party. Beatbox has not clearly indicated what specific issues are at stake, but based on the two paragraphs that Beatbox has delineated as applying to the Cohen Defendants, and the two paragraphs marked "Beatbox's Contentions," the issues present appear to be (1) a general failure to provide responses to some of the discovery recently propounded by

Beatbox, and (2) the failure to produce documents. The Cohen Defendants'
contentions and supporting points and authorities are as follows:

A.    **CONTENTION 1: BEATBOX'S MOTION IS INVALID AND MUST BE
DENIED BECAUSE BEATBOX HAS IMPROPERLY COMBINED
AND CONFLATED TWO DISTINCT DISPUTES INVOLVING
UNRELATED CLIENTS INTO A SINGLE MOTION.**

Beatbox's motion is made pursuant to Rule 37 of the *Federal Rules of Civil
Procedure* and its companion Local Rule. The purpose of these Rules is to resolve
disputes between one party and another party. Here, Beatbox has filed a **single
motion** against **two unrelated parties** with each of whom it has **a distinct dispute.**

The impermissibility of combining these disputes is supported by the text of
the rules. Consider FRCP 37. FRCP 37 describes the required notice using the plural,
i.e. to "all other parties," it describes the motion in the singular, e.g. "**the person or
party** failing to make disclosure or discovery in an effort to obtain it without court
action." (FRCP 37(a)(1) (emphasis added).)

The divergence makes sense with the underlying nature of a motion at hand.
For example, a protective order will impact multiple parties and therefore multiple
parties may wish to oppose the protective order. Here, however, an order compelling
discovery or disclosure would only be targeted at the party who was refusing to make
that disclosure. This is born by the text of the respective rules. For example, FRCP 26
explicitly requires that a party seeking a protective order at least attempt to "confer
with other affected **parties** in an effort to resolve the dispute without court action."
(FRCP 26(c)(1).)  Rule 37, on the other hand, explicitly requires the party seeking an
order to compel to at least attempt "to confer with the **person or party** failing to
make disclosure or discovery in an effort to obtain it without court action."

Given this limitation, Beatbox's motion is patently invalid. After all, it is
axiomatic that Cohen Defendants are not able to force Labrador to meet Defendants'
demands, and vice versa. There is thus no reason to combine the motions into one.
Further, doing so is prejudicial to the parties, as it risks conflating issues, or

1  attempting to use one party's conduct to go after another party simply for sanctions or

2  as a litigation tactic.

3       Indeed, that appears to be possible here, as Beatbox has of the 28 paragraphs

4  that comprise Beatbox's portion of the joint stipulation, only four paragraphs refer to

5  the Cohen Defendants, and only two of those four are specific to the dispute with

6  Cohen. *See, supra,* Beatbox's Points and Authorities, Section A, Subsection (1), and

7  Section B. This is not a page limit issue, as Local Rule 37-2.1 explicitly states that

8  "the page limitation established by L.R. 11.6 **does not apply to stipulations**

9  **regarding discovery disputes**." L.R. 37-21 (emphasis added). There was therefore

10  no reason that Beatbox could not provide a detailed discussion regarding the Cohen

11  Defendants. Thus, and as further elucidated below, the Cohen Defendants appear to

12  be a mere after thought – an appendage on a motion that really concerns Labrador

13  and its alleged misconduct. Beatbox Motion is therefore invalid and must be denied.

14
**B.     CONTENTION 2: BEATBOX'S MOTION CANNOT BE GRANTED**
15      **BECAUSE BEATBOX HAS FAILED TO IDENTIFY WHAT**
        **DISCOVERY IS TO BE COMPELLED.**
16

17       Assuming, *arguendo*, that the court wishes to entertain Beatbox's motion, it

18  should still deny it because Beatbox has failed to comply with Local Rule 37-2.1.

19  Specifically, Local Rule 37-2.1, in pertinent part, provides as follows:

20       The stipulation must contain all issues in dispute and, as to each such
         issue, the contentions and points and authorities of each party. **The**
21       **stipulation may not refer the Court to any other documents**. For
         example, if the sufficiency of an answer to an interrogatory is at issue,
22       t**he stipulation must contain, verbatim, both the interrogatory and**
         **the allegedly insufficient answer.**
23

24       The purpose for this rule is clear: for the other party to have a fair chance of

25  articulating its reasons for disputing a motion to compel, it must necessarily be told

26  what exactly is sought to be compelled. More importantly, the rule enables the court

27  to appropriately understand the dispute and resolve it an efficient manner, and to not

28  have to wade through voluminous discovery documents, letters, and other exhibits to

determine what exactly is at issue. In their portion of the joint stipulation, Beatbox has not identified a **single specific discovery request as an issue,** instead generically referring to its initial meet and confer correspondence. This is patently improper under the above-stated rule. Consequently**, there is nothing for this court to compel**, and the motion should therefore be denied.

## C.   CONTENTION 3: BEATBOX'S MOTION MUST BE DENIED BECAUSE IT IS BOTH STALE AND INACCURATE.

Further, to the extent the court does consider Beatbox's motion, it should be denied because the basis for it is not accurately stated, and has otherwise been resolved. Most notably, counsel for Beatbox states that documents "have not been produced as of the time of this filing." This is patently untrue, as counsel for Cohen Defendants did in fact produce over 1400 pages of documents on June 14, 2021. While it is true that Beatbox prepared this stipulation prior to the provision of those documents, evidence submitted by Beatbox itself demonstrated that counsel for Cohen Defendants informed Beatbox that he was in the process of preparing the documents on the day before the draft of the joint stipulation was sent to them. *See Blaise Declaration* Exhibit G. The issue should therefore be disregarded as moot.

Additionally, Beatbox misrepresents various occurrences in an attempt to insinuate bad faith on the part of counsel for Cohen Defendants. As one example, Beatbox notes that a document for the interrogatories contained only a verification page when sent on April 2, 2021, and then was not corrected until April 22, 2021. This was an unintentional error in the merging process, one which counsel for the Cohen Defendants was not aware of until Beatbox informed them in a letter sent prior to their discovery conference on the same day as that conference, less than four hours before the conference. As soon as counsel for Defendant saw this, he attempted to correct the error by sending the responses, but erroneously copied the file into his email. However, within minutes of doing so he sent another email with the documents. Given that it was a failure in the merger process, Beatbox knew the

1   verification applied to the document, but insisted on having a merged PDF, which

2   Defendant for co-counsel eventually agreed to out of politeness. (*Declaration of*

3   *Ronak Patel*).

4       Likewise, Beatbox's complaints that Cohen Defendants counsel backtracked

5   on an offer to remove certain objections fails to disclose that Cohen Defendant's

6   counsel represented that this was erroneous with respect to nearly all objections. The

7   Cohen Defendants further requested that Beatbox clarify what issues remain in

8   dispute in an effort to narrow the issues, But Beatbox's counsel never provided

9   Cohen Defendant's counsel with its position. (*Declaration of Ronak Patel*).

10      Beatbox is simply trying to find any basis for sanctions, and its efforts should

11  not be countenanced.

12  Dated: June 17, 2021            **BLAISE & NITSCHKE, P.C.**

13                                   */s/ Heather L. Blaise*

14                                  HEATHER L. BLAISE, ESQ. (SBN 261619)

                                    *Attorney for Plaintiff Beatbox Music Pty, Ltd.*
15

16  Dated: June 17, 2021            **LAW OFFICES OF DOUGLAS JOSEPH**

17                                  **ROSNER**

                                     */s/ Douglas J. Rosner*
18

19                                  DOUGLAS J. ROSNER, ESQ. (SBN 094466)

                                    *Attorney for Defendant/Cross-Defendants*
20
                                    *Labrador Entertainment, Inc. d/b/a Spider*
21                                  *Cues Music Library, Noel Palmer Webb,*

22                                  *Defendants Labrador Entertainment, LLC,*

                                    *and Webb Family Trust*
23

24  Dated: June 17, 2021            **JACOBSEN & ASSOCIATES**

25                                   */s/ Ronak Patel*

26                                  RONAK PATEL, ESQ. (SBN 296296)

                                    *Attorneys for Defendant/Cross-Claimant*
27                                  *Michael Cohen and Defendant MCPC*

28                                  *Holdings, LLC*