1  Douglas J. Rosner, ESQ., SBN 094466
   rosnerlaw@earthlink.net
2  LAW OFFICES OF DOUGLAS JOSEPH ROSNER
   2625 Townsgate Road, Suite 330
3  Westlake Village, California 91361
   Telephone No. (818) 501-8400
4  Facsimile No.: (818) 880-4485

5  Attorney for Defendant/Cross-Defendants,
   Labrador Entertainment, Inc. dba Spider Cues Music Library,
6  Labrador Entertainment, LLC, Noel Palmer Webb,
   an individual and Webb Family Trusts

7

8                    UNITED STATES DISTRICT COURT

9        CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

10  BEATBOX MUSIC, PTY, LTD.,                )  Case No. 2:17-cv-6108-MWF (JPRx)
                                             )  Assigned to the Hon. Michael W.
11                    Plaintiff,             )  Fitzgerald
                                             )
          vs.                                )
12                                           )  Parties' Joint Stipulation
    LABRADOR ENTERTAINMENT,                  )  Pursuant to L.R. 37 Regarding
13  INC., DBA SPIDER CUES MUSIC              )  Motion to Compel
    LIBRARY, a California corporation,       )
14  ET AL.,                                  )  Discovery Cut-Off: 7/23/2021
                                             )  Pretrial Conference: 11/8/2021
15                    Defendants.            )  Trial Date: 11/30/2021
                                             )
16  _____         )
                                             )
17  MICHAEL COHEN, an individual,            )
                                             )
18                    Cross-Complainant,     )
                                             )
    vs.                                      )
19                                           )
    LABRADOR ENTERTAINMENT                   )
20  INC., D/B/A SPIDER CUES MUSIC            )
    LIBRARY, a California Corporation,       )
21  ET AL.                                   )
                                             )
22                    Cross-Defendant.       )

23

24

25

26

27

28  PARTIES' JOINT STIPULATION PURSUANT TO L.R. 37 REGARDING MOTION TO COMPEL

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LABRADOR ENTERTAINMENT
INC., D/B/A SPIDER CUES MUSIC
LIBRARY, a California Corporation,
ET AL.

            Counterclaimant,

            vs.

BEATBOX MUSIC, PTY, LTD. AND

MICHAEL COHEN, an individual and

ROES 1-20, Inclusive,

            Counterdefendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 2:17-cv-6108-MWF (JPRx)
Assigned to the Hon. Michael W.
Fitzgerald

Parties' Joint Stipulation
Pursuant to L.R. 37 Regarding
Motion to Compel

Discovery Cut-Off: 7/23/2021
Pretrial Conference: 11/8/2021
Trial Date: 11/30/2021

PARTIES' JOINT STIPULATION PURSUANT TO L.R. 37 REGARDING MOTION TO COMPEL

1  Douglas J. Rosner, ESQ., SBN 094466
   rosnerlaw@earthlink.net
2  LAW OFFICES OF DOUGLAS JOSEPH ROSNER
   2625 Townsgate Road, Suite 330
3  Westlake Village, California 91361
   Telephone No. (818) 501-8400
4  Facsimile No.: (818) 880-4485

5  Attorney for Defendant/Cross-Defendants,
   Labrador Entertainment, Inc. dba Spider Cues Music Library,
6  Labrador Entertainment, LLC, Noel Palmer Webb,
   an individual and Webb Family Trusts

7

8                      UNITED STATES DISTRICT COURT

9          CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

10  BEATBOX MUSIC, PTY, LTD.,          )  Case No. 2:17-cv-6108-MWF (JPRx)
                                        )  Assigned to the Hon. Michael W.
11                  Plaintiff,          )  Fitzgerald
                                        )
          vs.                           )
12                                      )  Parties' Joint Stipulation
    LABRADOR ENTERTAINMENT,             )  Pursuant to L.R. 37 Regarding
13  INC., DBA SPIDER CUES MUSIC         )  Motion to Compel
    LIBRARY, a California corporation,  )
14  ET AL.,                             )  Discovery Cut-Off: 7/23/2021
                                        )  Pretrial Conference: 11/8/2021
15                  Defendants.         )  Trial Date: 11/30/2021
                                        )
16  ─────────────────────────────      )
                                        )
    MICHAEL COHEN, an individual,       )
17                                      )
                  Cross-Complainant,    )
18  vs.                                 )
                                        )
19  LABRADOR ENTERTAINMENT              )
    INC., D/B/A SPIDER CUES MUSIC       )
20  LIBRARY, a California Corporation,  )
    ET AL.                             )
21                                      )
                  Cross-Defendant.      )
22

23

24

25

26  ─────────────────────────────────────────────────────────

27  PARTIES' JOINT STIPULATION PURSUANT TO L.R. 37 REGARDING MOTION TO COMPEL

28                                    i

1

2     LABRADOR ENTERTAINMENT    )    Case No. 2:17-cv-6108-MWF (JPRx)
    INC., D/B/A SPIDER CUES MUSIC  )    Assigned to the Hon. Michael W.

3     LIBRARY, a California Corporation,  )    Fitzgerald
    ET AL.                         )

4                Counterclaimant,    )    Parties' Joint Stipulation
                              )    Pursuant to L.R. 37 Regarding

5              vs.             )    Motion to Compel
                              )

6     BEATBOX MUSIC, PTY, LTD. AND  )    Discovery Cut-Off: 7/23/2021
                              )    Pretrial Conference: 11/8/2021

7     MICHAEL COHEN, an individual and  )    Trial Date: 11/30/2021
                              )

8     ROES 1-20, Inclusive,       )

9             Counterdefendants.    )

10    —————————————————— )

11

TABLE OF CONTENTS                         PAGE NUMBER

NOTICE OF MOTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1-3

Joint Stipulation Regarding Motion to Compel Plaintiff's Further Production of

Responsive Documents. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2

I. INTRODUCTION - LABRADOR . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2

II. INTRODUCTION - THE PLAINTIFF . . . . . . . . . . . . . . . . . . . . . . . . . .  6

III. DOCUMENT REQUESTS AT ISSUE . . . . . . . . . . . . . . . . . . . . . . . . .  8

A. Defendants' Requests for AMCOS Documents (Requests No. 11-13, 15). . . . . .  8

1) Defendants' Contentions Regarding the Requests for AMCOS

Documents (RFPs No. 11-13, 15). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  9

2) Plaintiff's Contentions Regarding the Requests for AMCOS Documents

(RFPs No. 11-13, 15). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  12

Defendants' Requests for Documents Re: Additions and Deletions of

CUES on SPIDER CUES MUSIC LIBRARY (Request No. 14) . . . . . . . . . . . . . . .  13

PARTIES' JOINT STIPULATION PURSUANT TO L.R. 37 REGARDING MOTION TO COMPEL

1

TABLE OF CONTENTS                                        PAGE NUMBER

2

3    1) Defendants' Contentions Regarding Their Requests for Documents Re:

4    Additions and Deletions of CUES on SPIDER CUES MUSIC LIBRARY

5    (Request No. 14) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   13

6    2) Plaintiff's Contentions Regarding Their Requests for Documents Re:

7    Additions and Deletions of CUES on SPIDER CUES MUSIC LIBRARY

8    (Request No. 14) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   15

9    C. Defendants' Requests for Communications Re: EMINEM-ESQUE

10   (Requests No. 16-17) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   16

11   1) Defendants' Contentions Regarding Their Requests for Communications Re:

12   EMINEM-ESQUE (Requests No. 16-17) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   16

13   2) Plaintiff's Contentions Regarding The Requests for Communications Re:

14   EMINEM-ESQUE (Requests No. 16-17) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   17

15

16

17

18

19

20

21

22

23

24

25

26

27   PARTIES' JOINT STIPULATION PURSUANT TO L.R. 37 REGARDING MOTION TO COMPEL

28                                                iii

Douglas J. Rosner, ESQ., SBN 094466
rosnerlaw@earthlink.net
LAW OFFICES OF DOUGLAS JOSEPH ROSNER
2625 Townsgate Road, Suite 330
Westlake Village, California 91361
Telephone No. (818) 501-8400
Facsimile No.: (818) 880-4485

Attorney for Defendant/Cross-Defendants,
Labrador Entertainment, Inc. dba Spider Cues Music Library,
Labrador Entertainment, LLC, Noel Palmer Webb,
an individual and Webb Family Trusts

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| BEATBOX MUSIC, PTY, LTD., | Case No. 2:17-cv-6108-MWF (JPRx) |
| Plaintiff, | Assigned to the Hon. Michael W. Fitzgerald |
| vs. | |
| LABRADOR ENTERTAINMENT, INC., DBA SPIDER CUES MUSIC LIBRARY, a California corporation, ET AL., | Parties' Joint Stipulation Pursuant to L.R. 37 Regarding Motion to Compel |
| Defendants. | Discovery Cut-Off: 7/23/2021 Pretrial Conference: 11/8/2021 Trial Date: 11/30/2021 |
| MICHAEL COHEN, an individual, | |
| Cross-Complainant, | |
| vs. | |
| LABRADOR ENTERTAINMENT INC., D/B/A SPIDER CUES MUSIC LIBRARY, a California Corporation, ET AL. | |
| Cross-Defendant. | |

PARTIES' JOINT STIPULATION PURSUANT TO L.R. 37 REGARDING MOTION TO COMPEL

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LABRADOR ENTERTAINMENT
INC., D/B/A SPIDER CUES MUSIC
LIBRARY, a California Corporation,
ET AL.

         Counterclaimant,

         vs.

BEATBOX MUSIC, PTY, LTD. AND

MICHAEL COHEN, an individual and

ROES 1-20, Inclusive,

         Counterdefendants.

_____

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 2:17-cv-6108-MWF (JPRx)
Assigned to the Hon. Michael W.
Fitzgerald

Parties' Joint Stipulation
Pursuant to L.R. 37 Regarding
Motion to Compel

Discovery Cut-Off: 7/23/2021
Pretrial Conference: 11/8/2021
Trial Date: 11/30/2021

TO THE HONORABLE COURT, ALL PARTIES, AND THEIR

ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on July 15, 2021, at 10:00 a.m., or as soon as the

matter may be heard, in the courtroom of the Honorable Jean P. Rosenbluth,

Magistrate Judge , located at 255 E. Temple St., Los Angeles, CA, 90012, Courtroom

690, 6th Floor, Defendant, Cross-complainant, Labrador Defendants will and hereby

does move pursuant to Federal Rules of Civil Procedure Rule 34 and  Local Rule 37

to Compel Plaintiff's Further Production of Responsive Documents.

This motion is based upon the parties' Joint Stipulation, all declarations and

exhibits thereto, any supplemental briefing in connection with the motion, the prior

papers and pleadings on file with the Court in this action, and such other evidence or

argument as may be presented to the Court. This motion is made following the

conference of counsel pursuant to L.R. 37-1 that Defendant's counsel, Douglas J.

Rosner, had with Plaintiff's counsel, Heather Blaise, June 10, 2021 at 10am PDT to

resolve the outstanding discovery disputes raised by Labrador Inc.'s June 4th and June 8th Rule 37.1 communications. Counsel have been unable to resolve their dispute, necessitating this motion.

June 23, 2021          LAW OFFICES OF DOUGLAS JOSEPH ROSNER

/s/ Douglas J. Rosner

By:   DOUGLAS J. ROSNER
       SBN 094466
       2625 Townsgate Road, Suite 330
       Westlake Village, California 91302
       Telephone No. (818) 501-8400
       email: rosnerlaw@earthlink.net
       Attorney for Defendant/Cross-Defendants,
       Labrador Entertainment, Inc. dba Spider Cues Music
       Library, Labrador Entertainment, LLC, Noel Palmer
       Webb, an individual and Webb Family Trusts

PARTIES' JOINT STIPULATION PURSUANT TO L.R. 37 REGARDING MOTION TO COMPEL

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | | |
|---|---|---|
| BEATBOX MUSIC, PTY, LTD.,<br><br>                    Plaintiff,<br>          vs.<br><br>LABRADOR ENTERTAINMENT,<br>INC., DBA SPIDER CUES MUSIC<br>LIBRARY, a California corporation,<br><br>                    Defendants.<br>_____<br><br>AND ALL RELATED ACTIONS | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 2:17-cv-6108-MWF (JPRx)<br>*Assigned to the Hon. Michael W.*<br>*Fitzgerald*<br><br>PARTIES' JOINT STIPULATION<br>PURSUANT TO L.R. 37<br><br>Discovery Cut-Off: 7/23/2021<br>Pretrial Conference: 11/8/2021<br>Trial Date: 11/30/2021 |

**Joint Stipulation Regarding Motion to Compel Plaintiff's Further
Production of Responsive Documents**

The parties to this action have made good faith efforts to resolve a dispute

between them Beatbox's response to Labrador Inc.'s RTPs.  All remaining parties do

not take  part in this Joint Stipulation as the issues do not pertain to them.

*///*

Pursuant to Rule 37 of the Federal Rules of Civil Procedure (the "Federal Rules") and Local Rule 37-1 of the Local Rules of the Central District of California, defendants Labrador Entertainment, Inc. D/B/A Spider Cues Music Library ("Labrador Inc."), a California Corporation; Noel Palmer Webb, an individual; Labrador Entertainment, LLC; and Webb Family Trust's (collectively, "Labrador Defendants"), on the one hand, and plaintiff Beatbox Music Pty., Ltd ("Plaintiff" or "Beatbox"), on the other hand, hereby respectfully submit the following Joint Stipulation Regarding Labrador Inc.'s Motion to Compel Plaintiff's Further Production of Documents (the "Joint Stipulation"). All remaining parties do not take part in this Joint Stipulation as the issues do not pertain to them.

## I.    INTRODUCTION – LABRADOR

Because the Court is familiar with the case history and issues—as it has previously set forth in numerous dispositive rulings including on motions to dismiss and summary judgment — the Labrador defendants will forego a lengthy recitation of this case and will limit their discussion of the case to the issues relevant to the dispute giving rise to this Joint Stipulation. At bottom, this dispute is over the sustained and material discovery recalcitrance of Plaintiff Beatbox that has left the Labrador defendants with no other option but to seek the intervention of the Court.

The parties' claims all relate to a composer agreement dated February 14, 2008, between Labrador Inc. and Michael Cohen (the "Labrador-Cohen Agreement"), and a music publishing agreement dated April 1, 2009, between Labrador Inc. and Beatbox (the "Labrador-Beatbox Agreement"). (See Beatbox's First Amended Complaint ("FAC"), ECF Docket No. 105, ¶¶16, 18; Cohen's Crossclaim, ECF Docket No. 38 ¶¶ 9, 17; Labrador's First Amended Answer to First Amended Complaint, ECF Docket No. 139, ¶¶ 79, 108).

///

On March 2, 2020, Labrador Inc. filed an Answer and Counterclaim, which it amended on March 7, 2020. (ECF Docket Nos. 132, 139). In the Counterclaim, Labrador Inc. asserts five claims for relief: (1) breach of contract against Beatbox; (2) indemnification against Beatbox; (3) indemnification against Cohen; (4) negligence against Beatbox; and (5) breach of fiduciary duty against Beatbox. (Counterclaim ¶¶187-220).

This Joint Stipulation is necessary because Plaintiff has refused to produce, or to verify that it has produced all relevant and responsive documents in its possession, custody, or control as required under the Federal Rules of Civil Procedure. Moreover, Beatbox counsel has effectively terminated her good faith meet-and-confer obligations required by Local Rule 37.1.

Specifically, Labrador Inc. propounded a second set of document requests to Plaintiff in May 2021. (Declaration of Douglas Joseph Rosner ("Rosner Decl.¶2") , Ex. A.). After Labrador counsel's granted a seven day extension as requested by Beatbox, on June 2, 2021, Plaintiff served its responses and objections to the Labrador Inc.'s Second Set of Requests for Production. (Rosner Decl. ¶3 , Ex. B). On June 4, 2021, Labrador Inc.'s counsel sent Plaintiff a meet-and-confer letter pursuant to Local Rule 37-1 concerning material deficiencies in Plaintiff's responses, highlighting, among other things, Plaintiff's improper use of boilerplate objections and its complete failure to produce any responsive documents to at least four Requests for Production, i.e., Nos. 14, 15, 16 and 17. (Rosner Decl. ¶4, Ex. C). That letter also requested a response communication by June 8, 2021.  *Id.*

Having received no response by the June 8, Labrador Inc.'s counsel sent a follow-up communication that, among other things, requested that Plaintiff's counsel "please contact [him] as soon as possible to discuss when [she] will be available[,]" and citing his "desire to conduct . . . 'a personal consultation,' to personally engage in

two-way communication . . . to meaningfully discuss each contested discovery dispute in a genuine effort to avoid judicial intervention." (Rosner Decl. ¶6 , Ex. D.).

In response to this, Plaintiff's counsel agreed to telephonic Rule 37.1 conference for June 10, 2021 at 10am PDT to resolve the outstanding discovery disputes raised by Labrador Inc.'s June 4th and June 8th Rule 37.1 communications.

On June 11, 2021, approximately thirty minutes before the parties' scheduled Rule 37.1 meet-and-confer teleconference, Plaintiff's counsel communicated that she would only be able to commit, at most, thirty minutes, even though Mr. Rosner had scheduled for two hours. (Rosner Decl. ¶7 , Ex. E). The resulting meet-and-confer lasted less than 15 minutes—from 10:00 AM PDT to 10:15 AM PDT—ending when Plaintiff's counsel abruptly terminated the call.

Shortly after the call, Labrador's counsel emailed Beatbox's counsel asking why she abruptly cut short their scheduled meet-and-confer: "Heather, what happened. We had a meet and confer. What happened? You entered the call at 10:04 a.m. pst. Then it appeared you hung up at 10:13 a.m. pst." (Rosner Decl. ¶10 Ex. F). That same day, Beatbox's counsel responded: "Doug: You know exactly what happened: you insisted on taking over me and not letting me speak and so I ended the call." (Ex. F). Labrador's counsel attempted to re-engage the parties' scheduled meet-and-confer, asking in an email: "Do you want to continue? I stated I would listen to you. Why are you taking this position? How are going to meet and confer if you refuse to speak on the telephone?". (Ex. I).

Thereafter, Beatbox's counsel rejected this invitation, stating: "I will address your concerns in writing because I do not ?nd it productive to not be permitted to speak and it is a waste of my client's money to listen to you talk over me." (Ex. I). Later that day, Beatbox's counsel sent a letter, which stated, in pertinent part:

<u>Telephonic Meet and Confer</u>

On June 11 at 10 AM PST, counsel for the Parties attempted to hold a meet and confer telephonically. Unfortunately, instead of allowing for a productive conversation, you repeatedly interjected, not allowing me to complete any of my sentences. It is ironic that you quoted Shuffle Master in your June 10 letters, stating your "desire to conduct" with me "a 'personal consultation,' to personally engage in two-way communication with you to meaningfully discuss each discovery dispute in a genuine effort to avoid judicial intervention. You showed no such interest the very next day; your rude behavior rendered any such telephonic meet and confer completely unproductive – as a result, we respond to your letter in written form.

(Ex. J).

In response, Labrador's counsel—who was also on the parties' June 11th telephonic meet-and-confer—wrote the following in an effort to correct Beatbox counsel's description of what took place on the meet-and-confer:

Heather:

Doug has forwarded me your letter of June 11 about the meet and confer of today. I was on this call, which was very short, and you hung up on us. Your letter is not accurate.

The local rules require that counsel not draft: '…letters for the purpose of ascribing to opposing counsel a position he or she has not taken, or to create "a record" of events that have not occurred…'.   That is what you have done here in your letter.

There is about five months to trial. Your client has refused to produce key documents and your objections are, in some instances, hard to understand.  It would be good if we can wrap up discovery with some efficiency.

(Curtis Decl. ¶2 Ex. G and H.).

Beatbox counsel has effectively terminated her duty to take part in good faith Rule 37.1 meet-and-confer discussions regarding the outstanding discovery dispute. There remains significant discovery disputes between the parties: specifically, the resolving the longstanding discovery recalcitrance of Beatbox, which has culminated most recently in entirely deficient Requests to Produce ("RFP") discovery responses replete with boilerplate objections and a complete failure to produce additional relevant documents in response to at least four separate request all involving highly

1   relevant and material discovery.

2        As explained below, the documents and materials that Defendants have

3   requested in their first set of document requests are directly relevant to the claims,

4   defenses, and issues in the action. Indeed, the relevance of the majority of the

5   documents and materials Defendants have requested is not in issue. Further, the

6   requested documents and materials are among the most fundamental and basic items

7   that Plaintiff is obligated to produce, such as materials relating to Labrador's breach of

8   fiduciary duty allegations and those regarding negligence. Both of these

9   claims—involving Labrador's failures to promptly and regularly communicate certain

10  CUE-information to AMCOS in accordance with the parties' contract and Beatbox's

11  duties as Labrador's agent, make all the RFPs at issue both proper and narrowly

12  tailored to seek relevant materials as required under Rule 26.

13       For all of the foregoing reasons, the Labrador Defendants believe that Plaintiff

14  has failed to comply with its discovery obligations in this action, and that the only way

15  it will do so is if the Court issues an Order requiring it to produce all relevant and

16  responsive documents in his possession, custody, or control, including those set forth

17  in the RFPs at issue described below.

18  **II.    INTRODUCTION – THE PLAINTIFF**

19       Defendants' recitation of the facts surrounding the "meet & confer" that

20  occurred on June 11, 2021 attempt to re-create the events that transpired on the call

21  and the actions that thereafter occurred.  Counsel for Plaintiff listened patiently to

22  Attorney Rosner's explanation of the information sought.  However, from the moment

23  Counsel for Plaintiff began speaking Attorney Rosner refused to listen and began

24  talking over Attorney Blaise and raising his voice to drown out Attorney Blaise's

25  statements.  Before ending the call, Attorney Blaise stated that if Attorney Rosner was

26  not going to let her speak after she listened to him, that she will just end the call.

27

28

However, Attorney Rosner would not stop.  As a result, Ms. Blaise ended that call and followed up with an email as to why she did not find it productive and offered to attempt to obtain additional information from Plaintiff regarding Labrador's request for Documents relating to the Cue's registration with AMOCOS.  See Declarations of Heather L. Blaise and Thomas S. Key and emails attached thereto.  Prior to ending the call, Attorney Blaise explained to Attorney Rosner that RFP 11 assumed that any "Documents" existed for the registration of any cue and that she did not believe that any such "Documents" exist.  Attorney Rosner stated that the point of RFP 11 was to determine the process of registration.  To which, Attorney Blaise stated that was not what RFP 11 sought and that such a question would be better suited for a deposition.  Moreover, the request is overly broad in that it seeks "Documents" for all cues from the Spider Cues Library ever registered AMCOS.  Given that this case involves one single cue, the Eminem-esque Cue and not the entire Spider Library, Attorney Blaise agreed to go back to Plaintiff and determine if there were any "Documents" showing the registration of the Eminem-esque Cue.  See Declaration of Heather L. Blaise and emails dated June 11, 16, and 17, 2021.  Attorney Blaise explained the basis for her objections in writing and requested that if Labrador could provide exactly what documents they were in search of, Attorney Blaise would be happy to seek them from Plaintiff which Attorney Rosner agreed to in his June 11, 2021 email stating: "So please explain for each objection to the RTP and any proposed solution."  See Declaration of Heather L. Blaise at Exhibit D.  Indeed, on June 17, 2021, Attorney Blaise sent the following email:

    Curt:

    We have already responded on the dates, as you know.  I am checking with my client on available dates and times for its deposition.  Mr. Baker's mother died and the funeral was today and I am awaiting availability.

1    I would like to resolve all the remaining discovery issues, including but
     not limited to, your clients' failure to turn over bank documents showing
2    transfers of assets and my ability to use those records in this proceeding
3    and at trial.  When are you available to request an informal hearing with
     the magistrate?

4
     In addition and as promised, I spoke to my client about your request for
5    Documents relating to the registration of the Cue with AMCOS and can
     confirm that there are no such Documents given how the process is
6    conducted which is why our objections and responses to your written
     discovery are as indicated.
7

8    *See* Declaration of Heather L. Blaise at Exhibit G.

9        Rather than providing more clarity on the documents sought or to agree to

10   attempt to resolve the dispute informally after numerous requests for the same by

11   Plaintiff, Labrador proceeded with this Joint Stipulation.

12

13   III.   DOCUMENT REQUESTS AT ISSUE

14       **A.  Defendants' Requests for AMCOS Documents (Requests No. 11-13, 15)**

15              **<u>Request for Production No. 11</u>**

16       **REQUEST FOR PRODUCTION NO.11.**  ALL DOCUMENTS that RELATE
     TO YOUR REGISTRATION with AMCOS of ANY CUE from SPIDER CUES
17   MUSIC LIBRARY.

18       **RESPONSE:** Responding Party objects that this request is vague and
     ambiguous as to time. Further, this request is overbroad as stated, unduly burdensome,
19   and is not proportional to the needs of the case. FRCP 26(b)(1).  Notwithstanding the
     preceding objections, Responding Party responds: Responding Party has no
20   documents to produce. Investigation continues.

21
              **<u>Request for Production No. 12</u>**
22

23
         **REQUEST FOR PRODUCTION NO. 12.**  ALL DOCUMENTS that
24   RELATE TO the METADATA necessary for YOUR REGISTRATION with AMCOS
     of ANY CUE from SPIDER CUES MUSIC LIBRARY.
25   ///

26   ///

27

28   PARTIES' JOINT STIPULATION PURSUANT TO L.R. 37              Page 8 of 18

**RESPONSE:** Responding Party objects that this request is vague and ambiguous as to time. Further, this request is overbroad as stated, unduly burdensome, and is not proportional to the needs of the case. FRCP 26(b)(1).  Notwithstanding the preceding objections, Responding Party responds: Responding Party has no documents to produce. Investigation continues.

### Request for Production No. 13

**REQUEST FOR PRODUCTION NO. 13.** ALL DOCUMENTS that RELATE TO ANY NOTIFICATION by YOU to AMCOS of each ADDITION or DELETION of ANY CUE from the SPIDER CUES MUSIC LIBRARY.

**RESPONSE:** Responding Party objects that this request is vague and ambiguous as to time. Further, this request is overbroad as stated, unduly burdensome, and is not proportional to the needs of the case. FRCP 26(b)(1).  Notwithstanding the preceding objections, Responding Party responds:
See documents attached as Bates Nos. BEATBOX 000587-588. Investigation continues.

### Request for Production No. 15

**REQUEST FOR PRODUCTION NO. 15.** ALL STATEMENTS YOU RECEIVED FROM AMCOS THAT RELATE TO the SPIDER CUES MUSIC LIBRARY.

**RESPONSE:** Responding Party objects that this request is vague and ambiguous as to time. Also, the request is duplicative and seeks documents already in Propounding Party's control. Further, this request is overbroad as stated, unduly burdensome, and is not proportional to the needs of the case. FRCP 26(b)(1). Finally, the request seeks documents that are not relevant to any party's claim or defense. Id. Without waiving the above, investigation continues.

**1) Defendants' Contentions Regarding the Requests for AMCOS Documents (RFPs No. 11-13, 15).**

It is beyond question that the AMCOS documents sought in RFP Nos. 11-13 and 15 are relevant and discoverable under Federal Rule 26 as they relate to counts that Labrador has made that relate to Beatbox's conduct as its agent (under the contract), and insofar as it acted negligently in this regard, causing Labrador damages.

As the Court has made clear several times in this case—and the parties' themselves have acknowledged—Beatbox is an agent of Labrador under the sub-publishing contract between the parties. Also, the law is clear: an agent is a fiduciary, and as such assumes "a fiduciary duty to act loyally for the principal's benefit in all matters connected with the agency relationship." *Burton Way Hotels, Ltd. v. Four Seasons Hotels Ltd.*, No. CV11-303 PSG (PLAx), 2012 WL 12883616, at *17 (C.D. Cal. Feb. 23, 2012) (citations omitted). The specific documents that RFPs 11-13 and 15 seek all relate to Beatbox's conduct in negligently failing to properly and regularly report its CUES to AMCOS as the territorial PRO. It is beyond question that these documents are relevant to Labrador's claims.

Each of these RTP's request documents to show or not show whether Beatbox breached the duties owed to Labrador.

**a. Registration.** Beatbox was required to first immediately register all of the CUES of the Spider Cues Library and to immediately notify AMCOS to update this Library with any addition to or deletion.  Labrador contends Beatbox breached this duty and these documents may show they did.  (Counterclaim, ECF Doc. No. ¶¶68-72).

b. **Metadata.**  Again, the Metadata may show the failure of Beatbox to immediately register and update the Library.  (Counterclaim, ECF Doc. No.  ¶¶68-72).

c. **Any notification by Beatbox to Amcos**. This too will show whether Beatbox to immediately registered and updated the Library.

d. **Statements received by Beatbox from Amcos.** Finally these statement will show the date the CUE was registered, deleted or added.  Further, Labrador contends that Beatbox failed to pay to Labrador fifty per cent of all licence fees. (Counterclaim, ECF Doc. No.  ¶192) These statements will show how much Beatbox received from AMCOS and the amount of money AMCOS charged Beatbox for it's services.

**Vague and Ambiguous**. The party objecting to discovery as vague or ambiguous has the burden to show such vagueness or ambiguity by demonstrating that "more tools beyond mere reason and common sense are necessary to attribute ordinary definitions to terms and phrases." *E.g. Moss v. Blue Cross & Blue Shield of Kan., Inc.*, 241 F.R.D. 683, 696 (D.Kan.2007); *Johnson v. Kraft Foods N. Am., Inc.*, 238 F.R.D. 648, 655 (D.Kan.2006); accord Milinazzo v. State Farm Ins. Co., 247 F.R.D. 691, 695 (S.D.Fla.2007) ("party properly objecting to an objection on the grounds of vagueness must explain the particular ways in which a request is vague"). Beatbox has failed to meet its burden therefore the objection should be overruled.

**Unduly Burdensome**.  In making a decision regarding burdensomeness, a court must balance the burden on the interrogated party against the benefit to the discovering party of having the information. *See*, e.g., *Hoffman v. United Telecommunications, Inc.,* 117 F.R.D. 436, 438 (D.Kan.1987) (citing *Rich v. Martin Marietta Corp.*, 522 F.2d 333 (10th Cir.1975)); see also *Sadofsky v. Fiesta Prods., LLC*, 252 F.R.D. 143, 152 (E.D.N.Y.2008) (balancing burden imposed by interrogatory against relevance of the information sought to the action); Discovery should be allowed unless the hardship is unreasonable in the light of the benefits to be secured from the discovery. *Azimi v. UPS, Inc.*, 2007 WL 2010937 *8, 2007 U.S. Dist. LEXIS 49762 *25 (D.Kan.2007) (*citing Snowden v. Connaught Lab., Inc*., 137 F.R.D. 325, 333 (D.Kan.1991)).  As a threshold matter, Beatbox's objection is insufficient, as an objecting party must specifically establish the nature of any alleged burden, usually by affidavit or other reliable evidence. *See*, e.g., *Burton Mechanical Contractors, Inc. v. Foreman*, 148 F.R.D. 230, 233 (N.D.Ind.1992). Beatbox failed to support its objection with any explanation or citation to evidence.

///

///

**Not proportional to the needs of the case**. Indeed as discussed above whether Beatbox breached its duty to register and update with AMCOS the Library is central to Labrador's case, the amount in controversy could exceed six figures and Beatbox has immediate access to these documents. Certainly, any benefit from obtaining these documents that show whether or not Beatbox breached its duties is outweighed by any claimed burden or expense.

The Court's intervention is necessary to compel the production and proper responses on these RFPs.

**2) Plaintiff's Contentions Regarding the Requests for AMCOS Documents (RFPs No. 11-13, 15).**

First, Defendants repeatedly state that Beatbox was required to complete registrations "immediately" which is not a requirement imposed upon Beatbox and indeed, their Requests bake in that false conclusion - which is one of the reasons that the requests cannot be answered more completely.  Nevertheless, and as indicated in Attorney Blaise's email dated June 17, 2021, Beatbox confirmed that no documents which are in Beatbox's possession exist as a result of the registration of the Eminem-esque Cue.  See Declaration of Heather L. Blaise at Exhibit G.

As it relates the RFP 12, there are no documents that relate to Metadata that is "necessary" for the registration of cues with AMCOS.

As it relates to RFP 13, the only document which is in Beatbox's possession which is responsive to this request has already been provided and is at Bates Nos. BEATBOX 000587-000588.

///

///

///

///

PARTIES' JOINT STIPULATION PURSUANT TO L.R. 37          Page 12 of 18

**B. Defendants' Requests for Documents Re: Additions and Deletions of CUES on SPIDER CUES MUSIC LIBRARY (Request No. 14)**

### Request for Production No. 14

**REQUEST FOR PRODUCTION NO. 14.** ALL DOCUMENTS that RELATE TO ANY COMMUNICATION to LABRADOR of each ADDITION or DELETION of ANY CUE from the SPIDER CUES MUSIC LIBRARY

**RESPONSE:** Responding Party objects that this request is vague and ambiguous as to time. Also, the request is duplicative and seeks documents already in Propounding Party's control. Further, this request is overbroad as stated, unduly burdensome, and is not proportional to the needs of the case. FRCP 26(b)(1). Finally, the request is unintelligible as stated in the context of LABRADOR as the original publisher. Without waiving the above, investigation continues.

**1) Defendants' Contentions Regarding Their Requests for Documents Re: Additions and Deletions of CUES on SPIDER CUES MUSIC LIBRARY (Request No. 14)**

It is also beyond question that the documents related to the additions and deletions of CUES on SPIDER CUES MUSIC LIBRARY sought in RFP No. 14 are relevant and discoverable under Federal Rule 26 as these documents relate to counts that Labrador has made that relate to Beatbox's conduct as its agent (under the contract), and insofar as it acted negligently in this regard, causing Labrador damages. As the Court has made clear several times in this case—and the parties' themselves have acknowledged—Beatbox is an agent of Labrador under the sub-publishing contract between the parties. Also, the law is clear: an agent is a fiduciary, and as such assumes "a fiduciary duty to act loyally for the principal's benefit in all matters connected with the agency relationship." *Burton Way Hotels, Ltd. v. Four Seasons Hotels Ltd.*, No. CV11-303 PSG (PLAx), 2012 WL 12883616, at *17 (C.D. Cal. Feb. 23, 2012) (citations omitted). The specific documents that RFP No. 14 seeks all relate to Beatbox's conduct in negligently operating under the parties' contract as it relates

to adding and deleting CUES in the Spider Cues Library—exactly as the RFP seeks. It is beyond question that these documents are relevant to Labrador's claims. The Court's intervention is necessary to compel the production and proper responses on this RFP.

**Request is duplicative and seeks documents already in Propounding Party's control.**   The subject matter is very specific, does Beatbox have any documents that show it communicated to Labrador regarding each time it added or deleted a CUE in the Library? If it has such documents, Beatbox should produce them, if they do not, they should state it has conducted a search with due diligence, briefly describe the search and then state, the documents requested do not exist. This issue is central to Labrador's claims.

**Vague and Ambiguous**. The party objecting to discovery as vague or ambiguous has the burden to show such vagueness or ambiguity by demonstrating that "more tools beyond mere reason and common sense are necessary to attribute ordinary definitions to terms and phrases." *E.g. Moss v. Blue Cross & Blue Shield of Kan., Inc.*, 241 F.R.D. 683, 696 (D.Kan.2007); *Johnson v. Kraft Foods N. Am., Inc.*, 238 F.R.D. 648, 655 (D.Kan.2006); accord Milinazzo v. State Farm Ins. Co., 247 F.R.D. 691, 695 (S.D.Fla.2007) ("party properly objecting to an objection on the grounds of vagueness must explain the particular ways in which a request is vague"). Beatbox has failed to meet its burden therefore the objection should be overruled.

**Unduly Burdensome**.  In making a decision regarding burdensomeness, a court must balance the burden on the interrogated party against the benefit to the discovering party of having the information. *See*, e.g., *Hoffman v. United Telecommunications, Inc.,* 117 F.R.D. 436, 438 (D.Kan.1987) (citing *Rich v. Martin Marietta Corp.*, 522 F.2d 333 (10th Cir.1975)); see also *Sadofsky v. Fiesta Prods., LLC*, 252 F.R.D. 143, 152 (E.D.N.Y.2008) (balancing burden imposed by

interrogatory against relevance of the information sought to the action); Discovery should be allowed unless the hardship is unreasonable in the light of the benefits to be secured from the discovery. *Azimi v. UPS, Inc.*, 2007 WL 2010937 *8, 2007 U.S. Dist. LEXIS 49762 *25 (D.Kan.2007) (*citing Snowden v. Connaught Lab., Inc*., 137 F.R.D. 325, 333 (D.Kan.1991)).  As a threshold matter, Beatbox's objection is insufficient, as an objecting party must specifically establish the nature of any alleged burden, usually by affidavit or other reliable evidence. *See*, e.g., *Burton Mechanical Contractors, Inc. v. Foreman*, 148 F.R.D. 230, 233 (N.D.Ind.1992). Beatbox failed to support its objection with any explanation or citation to evidence.

**Not proportional to the needs of the case**. Indeed as discussed above whether Beatbox breached its duty to register and update with AMCOS the Library is central to Labrador's case, the amount in controversy could exceed six figures and Beatbox has immediate access to these documents. Certainly, any benefit from obtaining these documents that show whether or not Beatbox breached its duties is outweighed by any claimed burden or expense.

**2) Plaintiff's Contentions Regarding Their Requests for Documents Re: Additions and Deletions of CUES on SPIDER CUES MUSIC LIBRARY (Request No. 14)**

The documents sought do not exist because requests for deletions or additions would come from Labrador, as the original publisher, to Beatbox and not the other way around as the request presumes.  Further, the only document in Beatbox's possession which relates to a request for a deletion has already been produced at Bates Nos. BEATBOX 000587-000588.

///

///

///

C.  Defendants' Requests for Communications Re: EMINEM-ESQUE

(Requests No. 16-17)

**Request for Production No. 16**

**REQUEST FOR PRODUCTION NO. 16.** ALL COMMUNICATIONS from YOU to ANY PERSON THAT RELATE TO EMINEM-ESQUE.

**RESPONSE:** Responding Party objects that this request is vague and ambiguous as to time. Also, the request is duplicative and seeks documents already in Propounding Party's control. Further, this request is overbroad as stated, unduly burdensome, and is not proportional to the needs of the case. FRCP 26(b)(1). Finally, the request seeks documents that may be subject to attorney-client confidentiality. Id. Without waiving the above, investigation continues.

**Request for Production No. 17**

**REQUEST FOR PRODUCTION NO. 17. ALL COMMUNICATIONS TO YOU from ANY PERSON THAT RELATE TO EMINEM-ESQUE.**

**RESPONSE:** Responding Party objects that this request is vague and ambiguous as to time. Also, the request is duplicative and seeks documents already in Propounding Party's control. Further, this request is overbroad as stated, unduly burdensome, and is not proportional to the needs of the case. FRCP 26(b)(1). Finally, the request seeks documents that may be subject to attorney-client confidentiality. Id.  Without waiving the above, investigation continues. Plaintiff retains the right to seasonably supplement and/or amend these Responses.

**1) Defendants' Contentions Regarding Their Requests for Communications Re: EMINEM-ESQUE (Requests No. 16-17)**

Finally, it is uncontroversial that documents related to EMINEM-ESQUE sought in RFP Nos. 16-18 are relevant and discoverable under Federal Rule 26 as these documents relate to counts that Labrador has made that relate to Beatbox's conduct as its agent (under the contract), and insofar as it acted negligently in this regard, causing Labrador damages. As the Court has made clear several times in this case—and the parties' themselves have acknowledged—Beatbox is an agent of

Labrador under the sub-publishing contract between the parties. Also, the law is clear: an agent is a fiduciary, and as such assumes "a fiduciary duty to act loyally for the principal's benefit in all matters connected with the agency relationship." *Burton Way Hotels, Ltd. v. Four Seasons Hotels Ltd.*, No. CV11-303 PSG (PLAx), 2012 WL 12883616, at *17 (C.D. Cal. Feb. 23, 2012) (citations omitted). The specific documents that RFP Nos. 16 and 17 seek all relate to Beatbox's conduct in negligently operating under the parties' contract as it relates to EMINEM-ESQUE—the very CUE at issue in this case—and exactly as the RFP seeks. It is beyond question that these documents are relevant to Labrador's claims.

The Court's intervention is necessary to compel the production and proper responses on this RFP.

**2) Plaintiff's Contentions Regarding The Requests for Communications Re: EMINEM-ESQUE (Requests No. 16-17)**

Plaintiff has already produced 592 documents which include all relevant and non-privileged communications.  It is unclear what additional documentation Labrador is in search of.

DATED: June 22, 2021   LAW OFFICES OF DOUGLAS JOSEPH ROSNER

/s/ Douglas J. Rosner

By:   DOUGLAS J. ROSNER
       SBN 094466
       Attorney for Defendant
       Attorney for Defendant/Cross-Defendants,
       Labrador Entertainment, Inc. dba
       Spider Cues Music Library,
       Labrador Entertainment, LLC, Noel Palmer Webb,
       an individual and Webb Family Trusts
       2625 Townsgate Road, Suite 330
       Westlake Village, California 91302
       Telephone No. (818) 501-8400
       email: rosnerlaw@earthlink.net

1 | DATED:  June   , 2021     BEATBOX MUSIC PTY, LTD.

2

3 | HEATHER L. BLAISE, ESQ. (SBN 261619)
4 | 123 N. Wacker Drive, Suite 250
Chicago, IL 60606
5 | Telephone: 312-448-6602
Email: hblaise@blaisenitschkelaw.com
6 | Attorney for Plaintiff

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28 | PARTIES' JOINT STIPULATION PURSUANT TO L.R. 37                    Page 18 of 18