UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| BEATBOX MUSIC, PTY, LTD.,<br><br>　　　　　Plaintiff,<br>vs.<br><br>LABRADOR ENTERTAINMENT, INC., DBA SPIDER CUES MUSIC LIBRARY, a California corporation,<br><br>　　　　　Defendants.<br><br>AND ALL RELATED ACTIONS | Case No. 2:17-cv-6108-MWF (JPRx)<br>*Assigned to the Hon. Michael W. Fitzgerald*<br><br>DECLARATION OF DOUGLAS J. ROSNER<br><br>Discovery Cut-Off: 7/23/2021<br>Pretrial Conference: 11/8/2021<br>Trial Date: 11/30/2021 |

I, Douglas J. Rosner declare as follows:

1. I am the attorney for Labrador Entertainment, Inc. ("Labrador") make this declaration in support of the Joint Stipulation regarding requests to produce documents. If called upon to testify and could and would competently testify to the facts herein.

---

PARTIES' JOINT STIPULATION PURSUANT TO L.R. 37　　　　　　　　　　　Page 1 of 3

2. Labrador propounded a second set of document requests to Plaintiff April 23, 2021. Attached hereto as Exhibit A is a true and correct copy of Labrador's second set of Request to Produce Document propounded upon Beatbox.

3. I granted to Beatbox, as requested a seven day extension until June 2, 2021 to respond to the Requests for Production.

4. On June 2, 2021, Plaintiff served its responses and objections to the Labrador Inc.'s Second Set of Requests for Production. Attached hereto as Exhibit B is a true and correct copy of Plaintiff's responses and objections to the Labrador Inc.'s Second Set of Requests for Production Labrador's second set of Request to Produce Document propounded upon Beatbox.

5. On June 4, 2021, I sent Plaintiff a meet-and-confer letter pursuant to Local Rule 37-1 concerning material deficiencies in Plaintiff's responses, highlighting, among other things, Plaintiff's improper use of boilerplate objections and its complete failure to produce any responsive documents to at least four Requests for Production, i.e., Nos. 14, 15, 16 and 17. Attached hereto as Exhibit C is a true and correct copy of the meet and confer letter.

6. Having received no response by the June 8, I sent to Plaintiff's counsel, a follow-up communication that, among other things, requested that Plaintiff's counsel "please contact [him] as soon as possible to discuss when [she] will be available[,]" and citing his "desire to conduct . . . 'a personal consultation,' to personally engage in two-way communication . . . to meaningfully discuss each contested discovery dispute in a genuine effort to avoid judicial intervention." Attached hereto as Exhibit D is a true and correct copy of the meet and confer letter.

7. In response to this, Plaintiff's counsel agreed to telephonic Rule 37.1 conference for June 10, 2021 at 10am PDT to resolve the outstanding discovery disputes raised by Labrador Inc.'s June 4th and June 8th Rule 37.1 communications.

8. On June 11, 2021, approximately thirty minutes before the parties' scheduled Rule 37.1 meet-and-confer teleconference, Plaintiff's counsel communicated that she would only be able to commit, at most, thirty minutes, even though I had scheduled for two hours. Attached hereto as Exhibit E is a true and correct copy of this email.

9. The resulting meet-and-confer lasted less than 15 minutes—from 10:00 AM PDT to 10:15 AM PDT—ending when Plaintiff's counsel abruptly terminated the call.

10. Shortly after the call, I sent via email to Beatbox's counsel asking why she abruptly cut short their scheduled meet-and-confer. Attached hereto as Exhibit F is a true and correct copy of this email.

11. I attempted Labrador's counsel attempted to re-engage the parties' scheduled meet-and-confer, asking in an email: "Do you want to continue? I stated I would listen to you. Why are you taking this position?. How are going to meet and confer if you refuse to speak on the telephone?". (Attached hereto as Exhibit I is a true and correct copy of this email. Thereafter, Beatbox's counsel rejected this invitation, stating: "I will address your concerns in writing because I do not ?nd it productive to not be permitted to speak and it is a waste of my client's money to listen to you talk over me." Attached hereto as Exhibit J is a true and correct copy of this email.

I declare, under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct. Executed on June 23, 2021.

_____
Douglas J. Rosner