BLAISE & NITSCHKE, P.C.
HEATHER L. BLAISE, ESQ. (SBN 261619)
123 N. Wacker Drive, Suite 250
Chicago, IL 60606
Telephone: 312-448-6602
Email: hblaise@blaisenitschkelaw.com

Attorneys for Plaintiff,
BEATBOX MUSIC PTY, LTD.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEATBOX MUSIC PTY, LTD.,<br><br>Plaintiff,<br><br>v.<br><br>LABRADOR ENTERTAINMENT, INC. D/B/A SPIDER CUES MUSIC LIBRARY, a California corporation; NOEL PALMER WEBB, an individual; MICHAEL COHEN, an individual; LABRADOR ENTERTAINMENT, LLC; MCPC HOLDINGS, LLC; WEBB FAMILY TRUST and DOES 1-20, inclusive,<br>            Defendants.<br><br>AND ALL RELATED ACTIONS | CASE NO: 2:17-cv-6108 MWF (JPRx)<br>*Assigned to the Hon. Michael W. Fitzgerald*<br><br>**DECLARATION OF THOMAS SPENCER KEY IN SUPPORT OF THE PARTIES' JOINT STIPULATION PURSUANT TO L.R. 37**<br><br>Trial Date:           November 30, 2021<br>FAC:                   January 24, 2020<br>Cross-Claim Filed: November 21, 2017<br>Action Filed:         August 17, 2017 |

I, Thomas Spencer Key, declare:

1. I have personal knowledge of the matters stated herein and if called upon to testify thereto, I could and would competently do so.

2. I am not a party to this action.

- 1 -
DECLARATION OF THOMAS SPENCER KEY IN SUPPORT OF THE PARTIES' JOINT STIPULATION PURSUANT TO L.R. 37

3. I am an attorney licensed to practice law before the courts of the State of Illinois.

4. I am an associate attorney at Blaise & Nitschke, P.C., counsel of record for Plaintiff Beatbox Music Pty Ltd. ("Beatbox") in the above-captioned action.

5. I submit this Declaration in support of the Parties' Joint Stipulation pursuant to L.R. 37.

6. On June 11, 2021, I attended a telephonic meet and confer between Attorneys Heather L. Blaise, Douglas Rosner, and Curtis Edmondson scheduled for 10 AM, Pacific Standard Time.

7. On the call, Attorney Rosner would not allow Attorney Blaise to speak effectively, by repeatedly interjecting before Attorney Blaise could finish speaking. This was particularly disruptive, as Attorney Blaise was attempting to respond to questions raised by Attorney Rosner, but Attorney Rosner did not allow Attorney Blaise to answer the questions posed.

8. After several interjections, Attorney Blaise stated that she would end the call if Attorney Rosner would not allow her to speak. Despite agreeing to let Attorney Blaise speak, Attorney Rosner promptly interrupted Attorney Blaise's next sentence. As a result, Attorney Blaise left the call; I remained on the conference call line, not initially aware that Attorney Blaise had disconnected.

9. Once Attorneys Rosner and Edmondson recognized that Attorney Blaise had disconnected from the call, the two Attorneys shared a laugh. Then, Attorney Rosner told Attorney Edmondson that they should "take this offline." Thereafter, both Attorneys Rosner and Edmondson disconnected.

I declare under the penalty of perjury that the foregoing is true and correct. Executed on June 22, 2021 in Chicago, Illinois.

          */s/ Thomas Spencer Key*