BLAISE & NITSCHKE, P.C.
HEATHER L. BLAISE, ESQ. (SBN 261619)
123 N. Wacker Drive, Suite 250
Chicago, IL 60606
Telephone: 312-448-6602
Email: hblaise@blaisenitschkelaw.com

Attorneys for Plaintiff,
BEATBOX MUSIC PTY, LTD.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEATBOX MUSIC PTY, LTD., <br><br> Plaintiff, <br><br> v. <br><br> LABRADOR ENTERTAINMENT, INC. D/B/A SPIDER CUES MUSIC LIBRARY, a California corporation; NOEL PALMER WEBB, an individual; MICHAEL COHEN, an individual; LABRADOR ENTERTAINMENT, LLC; MCPC HOLDINGS, LLC; WEBB FAMILY TRUST and DOES 1-20, inclusive, <br><br> Defendants. <br><br> AND ALL RELATED ACTIONS | CASE NO: 2:17-cv-6108 MWF (JPRx) <br> *Assigned to the Hon. Michael W. Fitzgerald* <br><br> **DECLARATION OF HEATHER L. BLAISE IN SUPPORT OF THE PARTIES' JOINT STIPULATION PURSUANT TO L.R. 37** <br><br><br> Trial Date: November 30, 2021 <br> FAC: January 24, 2020 <br> Cross-Claim Filed: November 21, 2017 <br> Action Filed: August 17, 2017 |

I, Heather L. Blaise, declare:

1. I have personal knowledge of the matters stated herein and if called upon to testify thereto, I could and would competently do so.

2. I am not a party to this action.

3. I am an attorney licensed to practice law before the courts of the State of California and the United States District Court for the Central District of California, as well as the courts of the State of Illinois and the United States District Court for the Northern District of Illinois.

4. I am a partner at Blaise & Nitschke, P.C., counsel of record for Plaintiff Beatbox Music Pty Ltd. ("Beatbox") in the above-captioned action.

5. I submit this Declaration in support of the Parties' Joint Stipulation pursuant to L.R. 37.

6. On June 11, 2021, I attended a telephonic meet and confer between Attorneys Thomas Spencer Key, Douglas Rosner, Curtis Edmondson, and myself, scheduled for 10 AM, Pacific Standard Time.

7. On the call, Attorney Rosner would not allow me to speak effectively, by repeatedly interjecting before I could finish speaking. This was particularly disruptive as I was attempting to respond to questions raised by Attorney Rosner, but Attorney Rosner did not allow me to answer the questions posed.

8. After several interjections, I stated that I would end the call if attorney Rosner would not allow me to speak. Despite agreeing to let me speak, Attorney Rosner promptly interrupted my next sentence. As a result, I disconnected from the call.

9. Following the call, I emailed Attorneys Rosner and Edmondson, stating: "Doug: Since you would not let me speak during our call without talking over me, I believe that any further meet and confer would be similarly unproductive and a waste of time. Please feel free to send me your draft stipulation." *See* Exhibit A.

10. Thereafter on June 11, 2021, Attorney Rosner emailed myself and Attorneys Key, Edmondson, Ronak Patel, and Dan Jacobson, "Heather, what happened." I responded, "Doug: You know exactly what happened: you insisted on taking over me and not letting me speak and so I ended the call." *See* Exhibit B.

11. In response, attorney Rosner replied by email, "Do you want to continue? I stated I would listen to you. Why are you taking this position?. How are going to meet and confer if you refuse to speak on the telephone?." I replied by email, "I will address your concerns in writing because I do not find it productive to not be permitted to speak and it is a waste of my client's money to listen to you talk over me." See Exhibit C.

12. Attorney Rosner replied by email, "Heather, thank you. So please explain for each objection to the RTP and any proposed solution." I replied "I will address your letters in writing as they are written." See Exhibit D.

13. Thereafter on June 11, 2021, I emailed a responsive letter to Attorney Rosner, outlining the grounds upon which Beatbox objects to several requests for production from the Labrador Defendants. In the letter, I noted that I would seek out responsive documents, should any exist, "Per a brief discussion during our June 11 teleconference, on the understanding that the request is narrowed from "ANY CUE from SPIDER CUES MUSIC LIBRARY" to "EMINEM-ESQUE", I will determine what, if any, documentation exists that is responsive to RFP 11 with the aforementioned limitation and which has not already been produced." See Rule 37-1 Response Letter attached hereto as Exhibit E.

14. Thereafter, Attorney Edmondson responded to my Rule 37-1 Response letter; I responded on June 16, 2021, requesting, "Please let me know what specific documents you are in search of because your requests are difficult to understand, which is why there are objections." See Exhibit F.

15. On June 17, 2021, I emailed Attorneys Edmondson, Patel, Jacobson, Key, and Rosner, stating, "[a]s promised, I spoke to my client about your request for Documents relating to the registration of the Cue with AMCOS and can confirm that there are no such Documents given how the procedure is conducted which is why our objections and responses to your written discovery are as indicated." See Exhibit G.

I declare under the penalty of perjury that the foregoing is true and correct.

- 3 -
DECLARATION OF HEATHER L. BLAISE IN SUPPORT OF THE PARTIES' JOINT STIPULATION PURSUANT TO L.R. 37

1 | Executed on June 22, 2021 in Chicago, Illinois.
2 | _/s/ Heather L. Blaise_
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A



Heather Blaise <hblaise@blaisenitschkelaw.com>

## Beatbox v. Labrador et al. - Email addresses

**Heather Blaise** <hblaise@blaisenitschkelaw.com>  Fri, Jun 11, 2021 at 12:15 PM
To: Douglas Rosner <Doug@drosnerlaw.com>
Cc: Douglas Rosner <Doug@drosnerlaw.com>, "Curtis Edmondson J." <jcedmondson@edmolaw.com>

Doug:

Since you would not let me speak during our call without talking over me, I believe that any further meet and confer would be similarly unproductive and a waste of time. Please feel free to send me your draft stipulation.

Sincerely,

Heather L. Blaise

[Quoted text hidden]

--
Heather L. Blaise
Blaise & Nitschke, P.C.
123 N. Wacker Dr.
Suite 250
Chicago, IL 60606
(o) (312) 448-6602
(c) (323) 637-3815
(f) (312) 803-1940
hblaise@blaisenitschkelaw.com

[Quoted text hidden]

# EXHIBIT B

**Heather Blaise** <hblaise@blaisenitschkelaw.com>

## Beatbox v. Labrador et al. - Email addresses

**Heather Blaise** <hblaise@blaisenitschkelaw.com>   Fri, Jun 11, 2021 at 12:18 PM
To: Douglas Rosner <Doug@drosnerlaw.com>
Cc: Douglas Rosner <Doug@drosnerlaw.com>, Heather Blaise <jessical@blaisenitschkelaw.com>, Ronak Patel <rp@jacobsonlawyers.com>, Dan Jacobson <dlj@jacobsonlawyers.com>, "Curtis Edmondson J." <jcedmondson@edmolaw.com>, Thomas Key <thomask@blaisenitschkelaw.com>

Doug:

You know exactly what happened: you insisted on taking over me and not letting me speak and so I ended the call.

> On Fri, Jun 11, 2021 at 12:17 PM Douglas Rosner <Doug@drosnerlaw.com> wrote:
> Heather, what happened. We had a meet and confer. What happened? You entered the call at 10:04 a.m. pst. Then it appeared you hung up at 10:13 a.m. pst.
>
>> On Jun 11, 2021, at 9:50 AM, Office EMail <hblaise@blaisenitschkelaw.com> wrote:
>>
>> Please use the email address provided on my appearance which is what you are required to use.
>>
>> Further, I note that you blocked 2 hours of time. I do not have 2 hours today. I have no more than 30 minutes.
>> Please let me know if you would like to reschedule.
>>
>> Sent from my iPhone
>>
>>> On Jun 10, 2021, at 4:12 PM, Douglas Rosner <Doug@drosnerlaw.com> wrote:
>>>
>>> As her paralegal I would appreciate you insuring Heather receives ALL communications.
>>>
>>> Sent from my iPhone
>>>
>>>> On Jun 10, 2021, at 1:58 PM, Jessica Lesko <jessical@blaisenitschkelaw.com> wrote:
>>>>
>>>> Good afternoon counsel,
>>>>
>>>> Please be aware that I have been getting some emails from you that are intended for attorney Heather Blaise, but they are sent to me.
>>>>
>>>> In the To section of the emails, it appears that my email address is attached to Heather's name. See screengrab below:
>>>>
>>>> <image.png>
>>>>
>>>> Please direct your messages for Heather to hblaise@blaisenitschkelaw.com to ensure receipt in case I am not available to forward them.
>>>>
>>>> Thank you,
>>>> --

# EXHIBIT C

Heather Blaise <hblaise@blaisenitschkelaw.com>

## Beatbox v. Labrador et al. - Email addresses

**Heather Blaise** <hblaise@blaisenitschkelaw.com>　　　　　　　　　　　　Fri, Jun 11, 2021 at 12:29 PM
To: Douglas Rosner <Doug@drosnerlaw.com>, "Curtis Edmondson J." <jcedmondson@edmolaw.com>, Thomas Key <thomask@blaisenitschkelaw.com>
Cc: Douglas Rosner <Doug@drosnerlaw.com>

> I will address your concerns in writing because I do not find it productive to not be permitted to speak and it is a waste of my client's money to listen to you talk over me.
>
> On Fri, Jun 11, 2021 at 12:21 PM Douglas Rosner <Doug@drosnerlaw.com> wrote:
>> Do you want to continue? I stated I would listen to you. Why are you taking this position?. How are going to meet and confer if you refuse to speak on the telephone?.
>>
>>> On Jun 11, 2021, at 10:18 AM, Heather Blaise <hblaise@blaisenitschkelaw.com> wrote:
>>>
>>> Doug:
>>>
>>> You know exactly what happened: you insisted on taking over me and not letting me speak and so I ended the call.
>>>
>>>
>>> On Fri, Jun 11, 2021 at 12:17 PM Douglas Rosner <Doug@drosnerlaw.com> wrote:
>>>> Heather, what happened. We had a meet and confer. What happened? You entered the call at 10:04 a.m. pst. Then it appeared you hung up at 10:13 a.m. pst.
>>>>
>>>>> On Jun 11, 2021, at 9:50 AM, Office EMail <hblaise@blaisenitschkelaw.com> wrote:
>>>>>
>>>>> Please use the email address provided on my appearance which is what you are required to use.
>>>>>
>>>>> Further, I note that you blocked 2 hours of time. I do not have 2 hours today. I have no more than 30 minutes.
>>>>> Please let me know if you would like to reschedule.
>>>>>
>>>>> Sent from my iPhone
>>>>>
>>>>>> On Jun 10, 2021, at 4:12 PM, Douglas Rosner <Doug@drosnerlaw.com> wrote:
>>>>>>
>>>>>>  As her paralegal I would appreciate you insuring Heather receives ALL communications.
>>>>>>
>>>>>> Sent from my iPhone
>>>>>>
>>>>>>> On Jun 10, 2021, at 1:58 PM, Jessica Lesko <jessical@blaisenitschkelaw.com> wrote:
>>>>>>>
>>>>>>>
>>>>>>> Good afternoon counsel,
>>>>>>>
>>>>>>> Please be aware that I have been getting some emails from you that are intended for attorney Heather Blaise, but they

# EXHIBIT D

Heather Blaise <hblaise@blaisenitschkelaw.com>

## Beatbox v. Labrador et al. - Email addresses

**Heather Blaise** <hblaise@blaisenitschkelaw.com>  Fri, Jun 11, 2021 at 12:42 PM
To: Douglas Rosner <Doug@drosnerlaw.com>, "Curtis Edmondson J." <jcedmondson@edmolaw.com>, Thomas Key <thomask@blaisenitschkelaw.com>
Cc: Douglas Rosner <Doug@drosnerlaw.com>

I will address your letters in writing as they are written.

I have noticed the depositions as I intend to take them.

> On Fri, Jun 11, 2021 at 12:36 PM Douglas Rosner <Doug@drosnerlaw.com> wrote:
>
> Heather, thank you. So please explain for each objection to the RTP and any proposed solution.
>
> Further, we need to establish deposition dates and times.
>
> Doug
>
>> On Jun 11, 2021, at 10:29 AM, Heather Blaise <hblaise@blaisenitschkelaw.com> wrote:
>>
>> I will address your concerns in writing because I do not find it productive to not be permitted to speak and it is a waste of my client's money to listen to you talk over me.
>>
>> On Fri, Jun 11, 2021 at 12:21 PM Douglas Rosner <Doug@drosnerlaw.com> wrote:
>> Do you want to continue? I stated I would listen to you. Why are you taking this position?. How are going to meet and confer if you refuse to speak on the telephone?.
>>
>>> On Jun 11, 2021, at 10:18 AM, Heather Blaise <hblaise@blaisenitschkelaw.com> wrote:
>>>
>>> Doug:
>>>
>>> You know exactly what happened: you insisted on taking over me and not letting me speak and so I ended the call.
>>>
>>> On Fri, Jun 11, 2021 at 12:17 PM Douglas Rosner <Doug@drosnerlaw.com> wrote:
>>> Heather, what happened. We had a meet and confer. What happened? You entered the call at 10:04 a.m. pst. Then it appeared you hung up at 10:13 a.m. pst.
>>>
>>>> On Jun 11, 2021, at 9:50 AM, Office EMail <hblaise@blaisenitschkelaw.com> wrote:
>>>>
>>>> Please use the email address provided on my appearance which is what you are required to use.
>>>>
>>>> Further, I note that you blocked 2 hours of time. I do not have 2 hours today. I have no more than 30 minutes.
>>>> Please let me know if you would like to reschedule.
>>>>
>>>> Sent from my iPhone
>>>>
>>>>> On Jun 10, 2021, at 4:12 PM, Douglas Rosner <Doug@drosnerlaw.com> wrote:

# EXHIBIT E

**BLAISE & NITSCHKE, P.C.**

123 N. Wacker, Suite 250
Chicago, Illinois 60606
office: 312.448.6602
fax: 312.803.1940

HEATHER L. BLAISE
Licensed in Illinois and California

THOMAS J. NITSCHKE
Licensed in Wisconsin and Illinois

June 11, 2021

**VIA E-MAIL:** rosnerlaw@earthlink.net
Douglas Rosner

Re:   Beatbox Music Pty, Ltd. v.
      Labrador Entertainment Inc.
      et al.; Case No. 2:17-cv-6109

Dear Counsel,

In the spirit of L.R. 37-1 (the "Local Rules"), please accept this correspondence with regard to the above-captioned matter as a meet and confer.

**Telephonic Meet and Confer**

On June 11 at 10 AM PST, counsel for the Parties attempted to hold a meet and confer telephonically. Unfortunately, instead of allowing for a productive conversation, you repeatedly interjected, not allowing me to complete any of my sentences. It is ironic that you quoted *Shuffle Master* in your June 10 letters, stating your "desire to conduct" with me "a 'personal consultation,'" to personally engage in two-way communication with you to meaningfully discuss each discovery dispute in a genuine effort to avoid judicial intervention. You showed no such interest the very next day; your rude behavior rendered any such telephonic meet and confer completely unproductive – as a result, we respond to your letter in written form.

**Your Claim of Boilerplate Objections**

Beatbox does not agree that its genuine objections are properly classified as "boilerplate", as the objections are particular to the propounded request. Furthermore, Labrador Defendants' objections to the discovery requests propounded by Beatbox were not dissimilar and so it is difficult to understand why you find them inappropriate here.

**Complained-of Requests**

While your letter did not address Request for Production 11, you elected to confer on my objections to the same. Specifically, you stated that the request sought to understand the process of registering a cue with AMCOS. I explained that the information you seek is likely the subject of a deposition question and that my client has already been deposed on this topic. Further, in response to your request for an explanation as the objection on unduly burdensome, I explained that this case is about a single cue and not the entire SPIDER CUES MUSIC LIBRARY- thus, your request seeks irrelevant information and would be unduly burdensome and unnecessary to produce. Per a brief discussion during our June 11 teleconference, on the understanding that the request is narrowed from "ANY CUE from SPIDER CUES MUSIC LIBRARY" to "EMINEM-ESQUE", I will determine what, if any, documentation exists that is responsive to RFP 11 with the aforementioned limitation and which has not already been produced. Importantly, you advanced a theory of the

BLAISE & NITSCHKE, P.C.

Beatbox v. Labrador, et al.
June 11, 2021
Page 2

case stating that you get to prove that "Beatbox failed to do something" in regards to the AMCOS registration amounting an alleged breach of contract. First, and as I was trying to state as you yelled over me and refused to let me speak, your client breached the contract at the moment it sent the infringing cue and thus, nothing (even assuming that my client failed to properly register the cue with AMCOS, which it did not) my client could not have breach the agreement by failing to register with AMCOS, (leaving aside materiality which would also be lacking). *Plotnik v. Meihaus*, 208 Cal. App. 4th 1590, 1602 (2012 ) (holding that one who breaches a contract "cannot recover for a subsequent breach by the other party").Finally, it is apparent that the registration was indeed completed because if it were not, it would not have been licensed by AMCOS and the resulting litigations would not have occurred.

Request for Production 14: Beatbox cannot determine whether or not it is withholding documents in response to this request because it is unintelligible as stated. Investigation continues.

Request for Production 15: As per Beatbox's reasonable inquiry, no relevant responsive documents have been identified. Investigation continues.

Requests for Production 16 and 17: These requests, one the inverse of the other, are both far too burdensome for Beatbox to determine what responsive documents exist, if any. Investigation continues.

**Relevance**
Request for Production 15: No valid defense nor claim bear any relevance to the propounded request.

Requests for Production 14; 16-17: Beatbox did not raise an objection on the grounds of relevance in response to these requests; your statement that "[h]ere, most of the document requests, 14, 16 and 17, seek information related to plaintiff's communications with Labrador and ANY PERSON related to the CUES and EMINEM-ESQUE" is pointless and improper and seeks privileged information.

**Depositions**

I have noticed the depositions as I intend to take them. The dates you have proposed are too far away as I indicated in my response. Your clients have two attorneys with appearances on this case and certainly one of you must be available, especially given that they will be conducted electronically and without in-person appearance being required. Seek a protective order if you wish but please do provide the reason(s) for both you and your co-counsel's unavailability.

Finally, I have emailed you about informally asking the magistrate to weigh in on our ongoing discovery disputes, which I have not received a response. I also spent considerable time conferring with you and preparing for the Joint Stipulation which you have had in your possession for weeks,


Beatbox v. Labrador, et al.
June 11, 2021
Page 3

yet have not filed. Please file it and set the matter for an informal discussion with the magistrate if you still deem it to be a possibility moving towards resolution and a full and complete response to my client's discovery requests.

If you wish me to re-consider the objections we have made or would like to limit your requests in a manner that makes sense to lead to relevant and admissible evidence which has not already been produced, then please tell me precisely what documents for which you are looking.

Nothing herein is intended to be or should be construed as a complete statement or admission of the facts, or a waiver of any of my Clients' claims, rights, or remedies (whether legal or equitable), all of which are expressly reserved.

Very truly yours,

*H. Blaise* (signature)

Heather L. Blaise

HLB:tsk

# EXHIBIT F

Heather Blaise <hblaise@blaisenitschkelaw.com>

## Beatbox v. Labrador et al. - Email addresses

**Heather Blaise** <hblaise@blaisenitschkelaw.com>  Wed, Jun 16, 2021 at 1:52 PM
To: "J. Curtis Edmondson" <jcedmondson@edmolaw.com>
Cc: Douglas Rosner <Doug@drosnerlaw.com>, Dan Jacobson <dlj@jacobsonlawyers.com>, Ronak Patel <rp@jacobsonlawyers.com>, Thomas Key <thomask@blaisenitschkelaw.com>, "J. Curtis Edmondson" <jcedmondson@edmolaw.com>

Dear Curtis:

Please let me know what specific documents you are in search of because your requests are difficult to understand, which is why there are objections.

Sincerely,

Heather L. Blaise

> On Fri, Jun 11, 2021 at 9:08 PM J. Curtis Edmondson <jcedmondson@edmolaw.com> wrote:
>
> Heather,
>
> Attached is my response to your letter. My letter addresses the first part of your letter re: the telephonic meet and confer.
>
> As for the other topics, I will let Doug take the laboring oar.
>
> B. Regards,
>
> J. Curtis Edmondson, Patent Attorney, Edmondson IP Law
> Office address is: Weil Bldg, 229 E. Main Street, #203, Hillsboro OR 97124
> Mailing address is: 15490 NW Oak Hills Drive, Beaverton, OR 97006
> ph: (503) 336-3749 | fax: (503) 482-7418 | jcedmondson@edmolaw.com | www.edmolaw.com
> Law Licenses: CA SBN 236105 | WA SBN 43795 | DC BAR NO 998407 | OR SBN 190536 | USPTO 57027- Engineering Licenses: CA PE 13377 | WA PE 43728
>
> Edmondson IP Law
>
>> On 06/11/2021 5:35 PM Heather Blaise <hblaise@blaisenitschkelaw.com> wrote:
>>
>> Please find attached.
>>
>> On Fri, Jun 11, 2021 at 12:44 PM Douglas Rosner <Doug@drosnerlaw.com> wrote:
>>
>>> Those dates and times are unavailable. Either agree to move the dates or I need to file a protective order.
>>>
>>> On Jun 11, 2021, at 10:42 AM, Heather Blaise <hblaise@blaisenitschkelaw.com> wrote:
>>>
>>> I will address your letters in writing as they are written.
>>>
>>> I have noticed the depositions as I intend to take them.
>>>
>>> On Fri, Jun 11, 2021 at 12:36 PM Douglas Rosner <Doug@drosnerlaw.com> wrote:
>>>
>>>> Heather, thank you. So please explain for each objection to the RTP and

# EXHIBIT G



Heather Blaise <hblaise@blaisenitschkelaw.com>

---

## Depo dates. : Informal Discovery Conferences - 17-cv-6108 - MWF - JPRx - Beatbox vs. Labrador Entertainment, et. al.

---

**Heather Blaise** <hblaise@blaisenitschkelaw.com>     Thu, Jun 17, 2021 at 11:07 AM
To: Edmolaw <jcedmondson@edmolaw.com>
Cc: Ronak Patel <rp@jacobsonlawyers.com>, Dan Jacobson <dlj@jacobsonlawyers.com>, Thomas Key <thomask@blaisenitschkelaw.com>, Douglas Rosner <doug@drosnerlaw.com>, "J. Curtis Edmondson" <jcedmondson@edmolaw.com>, Jessica Lesko <jessical@blaisenitschkelaw.com>

Curt:

We have already responded on the dates, as you know. I am checking with my client on available dates and times for its deposition. Mr. Baker's mother died and the funeral was today and I am awaiting availability.

I would like to resolve all the remaining discovery issues, including but not limited to, your clients' failure to turn over bank documents showing transfers of assets and my ability to use those records in this proceeding and at trial. When are you available to request an informal hearing with the magistrate?

In addition and as promised, I spoke to my client about your request for Documents relating to the registration of the Cue with AMCOS and can confirm that there are no such Documents given how the process is conducted which is why our objections and responses to your written discovery are as indicated.

Sincerely,

Heather L. Blaise

[Quoted text hidden]