BLAISE & NITSCHKE, P.C.
HEATHER L. BLAISE, ESQ. (SBN 261619)
123 N. Wacker Drive, Suite 250
Chicago, IL 60606
Telephone: 312-448-6602
Email: hblaise@blaisenitschkelaw.com

Attorneys for Plaintiff,
BEATBOX MUSIC PTY, LTD.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEATBOX MUSIC PTY, LTD.,<br><br>Plaintiff,<br><br>v.<br><br>LABRADOR ENTERTAINMENT, INC. D/B/A SPIDER CUES MUSIC LIBRARY, a California corporation; NOEL PALMER WEBB, an individual; MICHAEL COHEN, an individual; LABRADOR ENTERTAINMENT, LLC; MCPC HOLDINGS, LLC; WEBB FAMILY TRUST and DOES 1-20, inclusive,<br>                        Defendants.<br><br>AND ALL RELATED ACTIONS | CASE NO: 2:17-cv-6108 MWF (JPRx)<br>*Magistrate Judge Jean P. Rosenbluth*<br><br>**PLAINTIFF'S SUPPLEMENT TO THE PARTIES' JOINT STIPULATION PURSUANT TO L.R. 37 CONCERNING FULL AND COMPLETE COMPLIANCE WITH DISCOVERY**<br><br><br>Discovery Cut-Off: July 23, 2021<br>Pre-Trial<br>Conference:        November 8, 2021<br>Trial Date:        November 30, 2021 |

Between June 21 and June 23, 2021, depositions of Defendants Noel Palmer Webb (both individually and as the person most knowledgeable for Defendants Labrador Entertainment, LLC [which could not proceed to completion due to lack of compliance with discovery] and Labrador Entertainment, Inc.) and Michael Cohen (both individually and as the person most knowledgeable for Defendant MCPC Holdings, LLC ("MCPC") [which could not proceed to completion due to lack of compliance with discovery]) took place over Zoom. Several documents responsive to discovery requests remain outstanding following these depositions, including documents explicitly promised during these and prior depositions, as well as documents that were revealed to exist during the depositions.

Furthermore, and perhaps most troubling, Defendant Cohen revealed that his testimony concerning the ownership of Defendant MCPC during his previous 2019 deposition was false. Despite claiming during his June 22 deposition to realize this falsehood in April of 2021, Defendant Cohen failed to supplement his testimony with accurate information until the deposition was underway. Rather than provide this information during one of the three batches of documents and discovery responses produced by the Cohen Defendants between April 2021 and June 2021, he withheld the information while the close of discovery quickly approaches. This Court should impose sanctions for this abuse of discovery, as outlined below.

**Labrador Defendants**

The documents outlined below are responsive to RTP 2, 14, 22, 29c, 30, 33 from Plaintiff's First Set of Requests for the Production of Documents to Defendant Noel Palmer Webb, 2, 18, 29, 33 from Plaintiff's First Set of Requests for the Production of Documents to Defendant Webb Family Trust ("WFT"), 2, 13, 27 from Plaintiff's First Set of Requests for the Production of Documents to Defendant Labrador Entertainment, LLC, and 2, 14, 23, 29, 31 from Plaintiff's Supplemental Requests for the Production of Documents to Defendant Labrador Entertainment, Inc. D/B/A Spider Cues Music Library, among others.

Several documents remain outstanding from the December 2 and 3, 2019 depositions of Defendant Webb, which were promised both during those depositions and the depositions taken in June of 2021. First, Defendant Webb agreed to provide a demand sent to Defendant Cohen by Webb's then-attorney. Second, Defendant Webb's then-attorney agreed to provide a redacted document attached to a November 21, 2019, email from Raena Ohiri to Noel Webb.

Additionally, several documents which were initially promised during the June 2021 depositions remain outstanding, including the word document file (including metadata) purportedly created by Defendant Webb on February 5, 2015, conveying 100% of the stock in Defendant Labrador Entertainment, Inc. to Defendant WFT.

The Webb Defendants also agreed to provide the financial assessments of Defendant Labrador Entertainment, Inc. upon which Defendant Webb testified that he relied in order to value the assets of Defendant Labrador Entertainment, Inc. for the sale of assets from Defendant Labrador Entertainment, Inc. to Defendant Labrador Entertainment, LLC. On July 8, 2021, during a meet and confer, counsel for Defendant Webb stated that he has not received this document(s) from the Webb Defendants.

The Webb Defendants also agreed to provide the letters or communications to sub-publishers directing the removal and/or deletion of the Eminem-esque cue from the Spider Cues Library.

The Webb Defendants additionally agreed to provide all documents relating to the tender of insurance coverage and the rejections (which Defendant Webb testified upon) relating to the Labrador Defendants.

Further, there are several responsive documents that the Webb Defendants have failed to produce, including Statements of Defendants Webb, WFT, Labrador Entertainment, Inc., and Labrador Entertainment LLC's payments to attorneys in this matter and proof of all payments made for attorneys' fees.

Additionally, the Webb Defendants have failed to produce statements reflecting all income of Defendants Webb, WFT, Labrador Entertainment, Inc., and Labrador Entertainment, LLC.

Finally, the Webb Defendants have failed to produce all tax returns.

This Court should remediate the above-described failures to produce responsive and/or promised documents by compelling the Webb Defendants to produce those documents, as well as the imposition of sanctions under FRCP 37, including compelling the production of responsive documents, prohibiting the Cohen Defendants from opposing fraudulent conveyance claims, rendering a default judgment against the Cohen Defendants, and/or any other relief this Court deems appropriate.

In addition to all of the above-described outstanding documents, Defendant Webb revealed during the June 2021 deposition of Defendant WFT that he was unaware of the sources, recipients, and reasons for several large transactions reflected in the limited financial statements that have been produced on behalf of Defendant WFT. He noted that the only other individual with the authority to initiate the transactions was his wife, Sharon Consulo Webb. As a result, her inclusion in this case as a defendant may be necessary, particularly as the fraudulent conveyance claims are concerned. Additionally, there are documents that reflect the initiation and details of the cited transfers, which the Webb Defendants should produce.

**Cohen Defendants**

Cohen Defendants agreed to produce several documents during the June 22, 2021 depositions of Defendant Cohen and Defendant MCPC, including a list of entities in which MCPC holds an ownership interest; a receipt for the check deposit indicated on Exhibit 7 of the Defendant Cohen deposition; a receipt for the check deposit indicated on Exhibit 8 of the Defendant Cohen deposition; and the loan documents relating to the loan held by MCPC from Merrill Lynch. In addition to these promised documents, Cohen Defendants have failed to produce tax returns for

either of the Cohen Defendants. The above-described documents are responsive to RTP 13, 15, 18, 19, 20, 23c, and 23d of Plaintiff's First Set of Requests for the Production of Documents to Defendant MCPC holds an ownership interest.

This Court should remediate the above-described failures to produce responsive and/or promised documents by compelling the Cohen Defendants to produce those documents within sufficient time before the close of discovery to prevent any further prejudice to Plaintiff.

In addition to the failure to produce documents, Defendant Cohen revealed during his June 22, 2021, deposition that his testimony concerning the ownership of Defendant MCPC during his previous 2019 deposition was false. Rather than personally owning Defendant MCPC as he claimed in 2019, Defendant Cohen revealed that he owned no share of MCPC. In fact, according to Defendant Cohen's June 22 testimony, the entire ownership stake in Defendant MCPC is held by a separate, previously-undisclosed entity: the M.A. Cohen Family Savings Trust. Defendant Cohen revealed that he became aware that his testimony regarding the ownership of Defendant MCPC during his 2019 deposition was false in April of 2021. Despite knowing of his false testimony for months (perhaps much longer) and producing several batches of responsive documents in discovery between April 2021 and his June 2021 deposition, Defendant Cohen withheld knowledge of this critical falsehood until his second deposition on June 22, 2021.

Defendant Cohen also claimed to have a substantial lack of information about this trust that both bears his name and possesses the assets he claimed to personally possess. Defendant Cohen claimed that the trust was formed in 2017 for Defendant Cohen by attorney Robert Mintz, but that Defendant Cohen has no knowledge of the beneficiaries of the trust.

Defendant Cohen also testified in his personal deposition on June 22, 2021 that Defendant MCPC was initially funded by his personal accounts. He then revealed during the deposition of Defendant MCPC that this testimony was also false; in fact,

according to Defendant Cohen, Defendant MCPC was actually initially funded by the Michael Cohen Revocable Trust, which he claims was created in 2016. Curiously, Defendant Cohen admitted to consulting with the attorney that formed the Michael Cohen Revocable Trust for him as "good practice," Sarah Broomer, during his 2019 deposition; yet he failed to mention the existence of either trust and the relation of the trusts to Defendant MCPC.

On July 6, 2021, counsel for Plaintiff asked counsel for Cohen Defendants by email if they "contend that [they] are in compliance with all outstanding discovery?" Counsel for Cohen Defendants acknowledged that he had not yet produced the requested documents in reply.

The Cohen Defendants' failure to timely supplement their discovery responses to reveal the above-described information runs afoul of both FRCP 26(e)(1)(A), and the instructions included with each of Plaintiff's discovery requests. The falsehoods, evasions, and other discovery abuses displayed by the Cohen Defendants should be remedied through sanctions under FRCP 37, including compelling the production of responsive documents, prohibiting the Cohen Defendants from opposing fraudulent conveyance claims, rendering a default judgment against the Cohen Defendants, and/or any other relief this Court deems necessary and just.

**All Defendants**

All Defendants in this case claim damages in the form of attorneys' fees yet refuse to produce any documents reflecting or supporting these fees or the amount thereof, let alone establishing payment of the same. As a result, Defendants should be barred from presenting any evidence relating to damages in the form of attorneys' fees.

DATED: July 8, 2021                    Respectfully submitted,

                                               **BEATBOX MUSIC PTY, LTD.**
                                                 /s/ *Heather L. Blaise*
                                               HEATHER L. BLAISE, ESQ. (SBN 261619)

|   |   |
|---|---|
| 1 | 123 N. Wacker Drive, Suite 250 |
| 2 | Chicago, IL 60606 |
| 3 | Telephone: 312-448-6602 |
|   | Email: hblaise@blaisenitschkelaw.com |
| 4 | *Attorney for Plaintiff* |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

-6-
PLAINTIFF'S SUPPLEMENT TO THE PARTIES' JOINT STIPULATION PURSUANT TO L.R. 37 CONCERNING FULL AND COMPLETE COMPLIANCE WITH DISCOVERY