1  BLAISE & NITSCHKE, P.C.
2  HEATHER L. BLAISE, ESQ. (SBN 261619)
   123 N. Wacker Drive, Suite 250
3  Chicago, IL 60606
   Telephone: 312-448-6602
4  Email: hblaise@blaisenitschkelaw.com
5
6  Attorneys for Plaintiff,
   BEATBOX MUSIC PTY, LTD.
7
8               **UNITED STATES DISTRICT COURT**
9               **CENTRAL DISTRICT OF CALIFORNIA**
10

| | |
|---|---|
| 11  BEATBOX MUSIC PTY, LTD., | CASE NO: 2:17-cv-6108 MWF (JPRx) |
| 12              Plaintiff, | *Assigned to the Honorable Michael W. Fitzgerald* |
| 13          v. | |
| 14  LABRADOR ENTERTAINMENT, INC. | **NOTICE OF *EX PARTE* APPLICATION AND *EX PARTE* UNOPPOSED *IN PART* AND OPPOSED *IN PART* APPLICATION TO EXTEND DISCOVERY AND/OR MOTION TO MODIFY SCHEDULING ORDER** |
| 15  D/B/A SPIDER CUES MUSIC LIBRARY, a California corporation; | |
| 16  NOEL PALMER WEBB, an individual; MICHAEL COHEN, an individual; | |
| 17  LABRADOR ENTERTAINMENT, LLC; MCPC HOLDINGS, LLC; WEBB | |
| 18  FAMILY TRUST and DOES 1-20, inclusive, | |
| 19 | |
| 20              Defendants. | |
| 21 | Trial Date:        November 30, 2021 |
| 22  AND ALL RELATED ACTIONS | FAC:               January 24, 2020 |
| 23 | Cross-Claim Filed: November 21, 2017 |
| 24 | Action Filed:      August 17, 2017 |

25
26
27
28

# TABLE OF CONTENTS

TABLE OF CONTENTS...................................................................................ii

TABLE OF AUTHORITIES...........................................................................iii

NOTICE OF *EX PARTE* APPLICATION ....................................................iv

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFF'S *EX PARTE* UNOPPOSED *IN PART* AND OPPOSED *IN PART*
APPLICATION  TO EXTEND DISCOVERY AND/OR MOTION TO MODIFY
SCHEDULING ORDER ...............................................................................vii

BEATBOX MUSIC PTY, LTD.'S INTRODUCTION ................................1

BEATBOX MUSIC PTY, LTD.'S MEMORANDUM OF POINTS AND
AUTHORITIES ............................................................................................1

   A.    Causes for Extension.......................................................................3

      1.    Labrador Defendants – Protective Order .................................3

      2.    Evasiveness by Labrador Defendants ......................................5

      3.    Agreement of the Parties.........................................................9

      4.    Outstanding Discovery of Cohen Defendants ........................10

      5.    Subpoenas upon Financial Institutions .................................12

-ii-

Notice of *Ex Parte* Application and Plaintiff's *Ex Parte* Unopposed *In Part* and Opposed *In Part* Application
to Extend Discovery and/or Motion to Modify Scheduling Order

# TABLE OF AUTHORITIES

**Cases**

*Gonzalez v. Guinn*,

    No. 1:09-cv-02149-LJO-GSA-PC, 2012 U.S. Dist. LEXIS 28778

    (E.D. Cal. Mar. 5, 2012) .......................................................................................2

*Grant v. United States*,

    No. 2:11-cv-00360 LKK KJN PS, 2011 U.S. Dist. LEXIS 131662

    (E.D. Cal. Nov. 14, 2011) ....................................................................................2

*Jackson v. Laureate, Inc.*,

    186 F.R.D. 605 (E.D. Cal. 1999) ........................................................................2

*Johnson v. Mammoth Recreations, Inc.*,

    975 F.2d 604 (9th Cir. 1992) ..........................................................................1, 2

*Kuschner v. Nationwide Credit, Inc.*,

    256 F.R.D. 684 (E.D. Cal. 2009) ........................................................................2

*Watson v. Convergent Outsourcing, Inc.*,

    No. C18-0976JLR, 2019 U.S. Dist. LEXIS 12454

    (W.D. Wash. Jan. 24, 2019) ...............................................................................2

**Rules**

Fed. R. Civ. P. 16(b), ................................................................................................1

## NOTICE OF *EX PARTE* APPLICATION

TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, AND TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:

Plaintiff Beatbox Music Pty, Ltd. (hereinafter "Beatbox") hereby applies to the Court *ex parte* to extend discovery deadlines by 30-60 days and/or modify the scheduling order (Dkt. No. 164). Beatbox seeks an *ex parte* order in this case because the cause for the motion for extension is the dilatory behavior of counsel for Labrador Entertainment, Inc., Noel Palmer Webb, Labrador Entertainment, LLC, and the Webb Family Trust, (collectively "Labrador Defendants"), and Michael Cohen and MCPC Holdings, LLC (hereinafter collectively "Cohen Defendants"), including but not limited to their repeated promises for responsive documents that have yet to be provided, and their repeated promises to provide a stipulation to extend discovery which has likewise not been provided.

Counsel for Labrador Defendants includes Douglas Rosner and J. Curtis Edmondson. Counsel for Cohen Defendants includes Dan Jacobson and Ronak Patel. Their information is as follows:

- Douglas Rosner
  2625 Townsgate Road, Ste. 330, Westlake Village, CA 91361
  Phone: (818) 501-8400
  doug@drosnerlaw.com

- J. Curtis Edmondson
  15490 NW Oak Hills Drive, Beaverton, OR 97006
  Phone: (503) 336-3749
  jcedmondson@edmolaw.com

- Dan Jacobson
  1352 Irvine Boulevard, Suite 205, Tustin, CA 92780
  Phone: (714) 505-4872
  dlj@jacobsonlawyers.com

- Ronak Patel
  1352 Irvine Boulevard, Suite 205, Tustin, CA 92780
  Phone: (714) 505-4872
  rp@jacobsonlawyers.com

Beatbox discussed its intent to file this *ex parte* application during several meet and confers, including but not limited to a zoom call between the Parties on July 13 and the court-ordered zoom on July 15, 2021, which was only attended by counsel for Beatbox and Cohen Defendants. Counsel for Beatbox also announced the intention to file this *ex parte* application via email on July 19, 2021 and held a telephonic conference with both counsel for the Labrador Defendants, and discussed with Attorney Patel telephonically on July 19, 2021 and via email and text messaging on July 20, 2021. Except for as described below, this application would be opposed by both the Cohen Defendants and the Labrador Defendants. The failure to grant this request would be extremely prejudicial to Plaintiff and not prejudicial to Defendants as it would merely grant additional time for them to comply with outstanding discovery requests and permit adequate time for all parties to move forward with dispositive motion practice in enough time to not impact the current trial date, which may also need to be moved depending on developing Covid restrictions in light of the Delta variant and Australia's lockdown protocol affecting international travel.

This *ex parte* application is based upon the following Memorandum of Points and Authorities, Declaration of Heather L. Blaise in Support, the attached Stipulation, the pleadings on file in this action, and such other further pleadings, papers, transcripts, and matters that may be properly presented to the Court.

This *ex parte* application is made following multiple conferences of counsel pursuant to L.R. 37-1 held on April 16, May 5, 11, and 22, and letters sent to counsel dated April 22, 27, May 5, May 11, July 1, July 13, July 15, and July 19. Counsel have been unable to resolve their dispute, necessitating the instant application.

DATED: July 20, 2021                    Respectfully submitted,
                                        **BEATBOX MUSIC PTY, LTD.**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*/s/ Heather L. Blaise*
HEATHER L. BLAISE, ESQ. (SBN 261619)
123 N. Wacker Drive, Suite 250
Chicago, IL 60606
Telephone: 312-448-6602
Email: hblaise@blaisenitschkelaw.com
*Attorney for Plaintiff*

NOTICE OF *EX PARTE* APPLICATION AND PLAINTIFF'S *EX PARTE* UNOPPOSED *IN PART* AND OPPOSED *IN PART* APPLICATION
TO EXTEND DISCOVERY AND/OR MOTION TO MODIFY SCHEDULING ORDER

BLAISE & NITSCHKE, P.C.
HEATHER L. BLAISE, ESQ. (SBN 261619)
123 N. Wacker Drive, Suite 250
Chicago, IL 60606
Telephone: 312-448-6602
Email: hblaise@blaisenitschkelaw.com

Attorneys for Plaintiff,
BEATBOX MUSIC PTY, LTD.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEATBOX MUSIC PTY, LTD., | CASE NO: 2:17-cv-6108 MWF (JPRx) |
| | *Assigned to the Hon. Michael W. Fitzgerald* |
| Plaintiff, | |
| v. | |
| | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S *EX PARTE* UNOPPOSED *IN PART* AND OPPOSED *IN PART* APPLICATION TO EXTEND DISCOVERY AND/OR MOTION TO MODIFY SCHEDULING ORDER** |
| LABRADOR ENTERTAINMENT, INC. D/B/A SPIDER CUES MUSIC LIBRARY, a California corporation; NOEL PALMER WEBB, an individual; MICHAEL COHEN, an individual; LABRADOR ENTERTAINMENT, LLC; MCPC HOLDINGS, LLC; WEBB FAMILY TRUST and DOES 1-20, inclusive, | |
| Defendants. | |
| | |
| AND ALL RELATED ACTIONS | Discovery Cut-Off: July 23, 2021 Pre-Trial Conference:   November 8, 2021 Trial Date:   November 30, 2021 |

## BEATBOX MUSIC PTY, LTD.'S INTRODUCTION

Plaintiff has made good faith efforts to resolve disputes with Defendants over outstanding discovery requests propounded by Beatbox Music Pty, Ltd. (hereinafter "Beatbox") and to complete depositions of the parties, expert discovery including depositions, and discovery including depositions relating to rebuttal expert witnesses. These discovery requests and depositions are likely to remain outstanding through the close of discovery and relevant deadlines due to a variety of factors, including but not limited to, the lack of a protective order sought by Labrador Defendants which will not be issued until after the close of fact discovery, counsel for the Labrador Defendants' failure to attend the court-ordered meet and confer on July 15, 2021, illness plaguing counsel for Beatbox (*See* Decl. ¶ 24.), Covid-19 pandemic lockdowns facing Sydney, Australia that impact Beatbox and other deposition witnesses, the unavailability of Labrador Defendants' expert Michael Lau, and the unavailability of the Honorable Jean P. Rosenbluth, Magistrate Judge to rule on additional discovery motions and/or improper designation of documents as "Attorneys' Eyes Only" in this case due to a vacation. In order to allow for compliance with outstanding discovery and remaining depositions, Plaintiff moves this Court to extend all discovery deadlines by 30-60 days.

## BEATBOX MUSIC PTY, LTD.'S MEMORANDUM OF POINTS AND AUTHORITIES

Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of the order. *Id.* The court may also consider the prejudice to the party opposing the modification. *Id.* A party may obtain relief from the court's deadline date for discovery by demonstrating good cause for allowing further discovery. Fed. R. Civ.

-1-

NOTICE OF *EX PARTE* APPLICATION AND PLAINTIFF'S *EX PARTE* UNOPPOSED *IN PART* AND OPPOSED *IN PART* APPLICATION TO EXTEND DISCOVERY AND/OR MOTION TO MODIFY SCHEDULING ORDER

P. 16(b)(4). *Gonzalez v. Guinn*, No. 1:09-cv-02149-LJO-GSA-PC, 2012 U.S. Dist. LEXIS 28778, at *2 (E.D. Cal. Mar. 5, 2012).

Good cause exists to modify a schedule if the schedule "cannot reasonably be met despite the diligence of the party seeking the extension." *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (citing Federal Rule of Civil Procedure 16); *Watson v. Convergent Outsourcing, Inc.*, No. C18-0976JLR, 2019 U.S. Dist. LEXIS 12454, at *3 (W.D. Wash. Jan. 24, 2019). ("In general, the pretrial scheduling order can only be modified 'upon a showing of good cause.'") (citing *Johnson,* 975 F.2d at 607).

In *Johnson*, the Ninth Circuit Court of Appeals described Rule 16's "good cause" inquiry: "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension…." *Grant v. United States*, No. 2:11-cv-00360 LKK KJN PS, 2011 U.S. Dist. LEXIS 131662, at *11-13 (E.D. Cal. Nov. 14, 2011).

> [T]o demonstrate diligence under Rule 16's "good cause" standard, the movant may be required to show the following: (1) that she was diligent in assisting the Court in creating a workable Rule 16 order; (2) that her noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and (3) that she was diligent in seeking amendment of the Rule 16 order, once it became apparent that she could not comply with the order. *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999); *accord Kuschner v. Nationwide Credit, Inc.*, 256 F.R.D. 684, 687 (E.D. Cal. 2009).

*Grant v. United States*, No. 2:11-cv-00360 LKK KJN PS, 2011 U.S. Dist. LEXIS 131662, at *14 (E.D. Cal. Nov. 14, 2011).

As shown below, Counsel for Plaintiff was diligent in assisting the Court with a workable Rule 16 order and even raised the issue of additional Covid closures in

Australia and the impact the same would have on discovery and the setting of the trial date. Moreover, no prejudice will be had by either Defendants as this Motion is a direct result of their failure to respond to discovery accordingly.

1.      Counsel for Plaintiff was diligent in assisting the Court with a workable Rule 16 order as evident by her contributions to the Joint Report of Parties Re: Proposed Trial Dates. *See* Dkt. 163.

2.      At the time of the Rule 16 scheduling conference, counsel for Beatbox could not have been aware of the dilatory actions that would be taken by counsel for the Labrador Defendants and the Cohen Defendants, whereby Beatbox would lack material documents relating to its fraudulent conveyance claims despite those documents being plainly responsive to valid discovery requests. Further, counsel for Beatbox had no way to be aware of the information learned during the depositions of Noel Webb and Michael Cohen; during those depositions, Beatbox learned of key developments including Sharon Webb's involvement in the fraudulent conveyances alleged by Beatbox and Michael Cohen's prior false testimony regarding the ownership of Defendant MCPC Holdings, LLC.

3.      Once it became clear that Beatbox would not receive the responsive documents before the close of discovery as evidenced by a meet and confer late last night, July 19, 2021; an email with partial responses from Labrador's counsel on the eve of July 19, 2021 that necessitates document productions not yet received; and that Beatbox learned of key material factual revelations during June depositions that necessitate further investigation, counsel for Beatbox filed the instant application. Counsel for Beatbox has endured through illness to prepare this application. *See* Decl. ¶ 24.

A.      **Causes for Extension**

1.      **Labrador Defendants – Protective Order**

Although counsel for Beatbox and the Cohen Defendants have agreed upon the language for a protective order since at least February 25, 2021, counsel for Labrador Defendants continue to demand language for a highly confidential designation such that information cannot be disclosed to experts and/or the Plaintiff. This is a clear delay tactic by counsel for the Labrador Defendants, as they seek to run out the clock on discovery; counsel for Labrador Defendants have withheld crucial documents, including but not limited to bank statements and tax returns on the grounds that no protective order has been issued in this case. *See*, *e.g.*, Labrador Entertainment Inc., D/B/A Spider Cues Music Library's Second Amended Response to Plaintiff's Supplemental Requests for the Production of Documents to Defendant Labrador Entertainment, Inc., May 21, 2021 attached hereto as Exhibit A. Indeed, on July 19, 2021, after business hours, four (4) days before the close of discovery, and after previously repeatedly stating that Labrador Defendants had turned over all responsive documents, Attorney Edmundson stated that he would not have time to pdf all of the responsive financial documents of Labrador, but that he would make the voluminous documents available for inspection and copying to Plaintiff's counsel in California. *See* Decl. ¶ 16.

This Court ordered the parties to meet and confer regarding the Labrador Defendants' discovery motions on July 15, 2021. Dkt. No. 200. Curiously, both counsel for the Labrador Defendants failed to attend, with one, Douglas Rosner, providing no response or reason for his absence at this court-ordered zoom call.

Due to the unavailability of the Honorable Jean P. Rosenbluth, the Magistrate Judge in this case, through the week of July 19, 2021, no protective order will be issued until at least July 26, 2021, after the close of fact discovery. If this Court allows discovery to close without the entry of the protective order and the production of responsive documents thereafter, the Labrador Defendants will have succeeded in abusing the discovery process to avoid responsive production to valid discovery

1  requests, leaving Plaintiff no opportunity to challenge AEO designations and/or
2  determine if additional forensic accountant expert testimony would be necessary for
3  the fraudulent conveyance theories. This Court should not allow the Labrador
4  Defendant's actions to stand, instead extending discovery deadlines by at least 30
5  days.

6              **2.    Evasiveness by Labrador Defendants**

7          On or about December 2 and 3, 2019, Webb testified that he has in his
8  possession and/or that third parties have in their possession, to which he exercises
9  control, numerous relevant documents responsive to discovery requests propounded
10 in this matter that he has not yet produced. *See* 2019 Deposition Transcripts of Noel
11 Palmer Webb attached hereto as Group Exhibit B. Webb testified (as detailed further
12 hereinbelow) that he would review the relevant documents, and/or confer with third
13 parties to obtain such documents, and tender accordingly, and counsel for Labrador
14 agreed on the record that such documents would be provided before the close of
15 discovery, then set for December 6, 2019. *See* Group Exhibit B, Vol. I, 116:15-25;
16 117:16 – 118:5.

17         On or about January 13, 2020, this Court granted Beatbox's motion to amend
18 its complaint (Dkt. No. 102), thereby extending the close of discovery to allow for
19 discovery to be propounded upon those parties thereafter named Defendants in this
20 case. This Court entered an order re-setting pre-trial and trial dates on September 22,
21 2020, setting the close of non-expert discovery for July 23, 2021, and the close of
22 expert discovery for August 13, 2021. Dkt. No. 164. On or about February 26, 2021,
23 Beatbox propounded initial discovery requests to those parties, as well as
24 supplemental discovery requests to those Defendants that were originally parties to
25 the case. *See* Decl. ¶¶ 6, 19.

26         On March 28, 2021, Douglas Rosner, counsel for Defendants Labrador
27 Entertainment, Inc., Labrador Entertainment, LLC, Noel Palmer Webb, and the

28

-5-

NOTICE OF *EX PARTE* APPLICATION AND PLAINTIFF'S *EX PARTE* UNOPPOSED *IN PART* AND OPPOSED *IN PART* APPLICATION
TO EXTEND DISCOVERY AND/OR MOTION TO MODIFY SCHEDULING ORDER

1  Webb Family Trust (hereinafter, "Labrador Defendants"), stated by email that "[a]ll

2  your discovery responses requires substantial amount of time. I am requesting (14)

3  day extension to respond to all of the discovery propounded by Beatbox[.]" Counsel

4  for Beatbox granted Mr. Rosner a 7-day extension to respond to these discovery

5  requests, with which Mr. Rosner failed to comply. *See* Decl. ¶ 8.

6  On or after April 8, 2021, counsel for Beatbox received discovery responses

7  from counsel for Labrador Defendants. Counsel for Beatbox and counsel for

8  Labrador Defendants met and conferred by teleconference on April 16, 2021; during

9  that teleconference, counsel for Labrador Defendants acknowledged that these

10  responses were deficient and incomplete, and requested (2) additional weeks to

11  provide complete discovery. *See* Decl. ¶ 8. Mr. Rosner further stated on the

12  teleconference that he would have no time to meet and confer regarding this

13  discovery until April 29, 2021; the parties arranged for a teleconference to meet and

14  confer regarding discovery on that date.

15  Then, on April 28, 2021, Mr. Rosner cancelled the April 29 teleconference,

16  requesting to reschedule for April 30. Then, at 8:42 PDT on the evening of April 29,

17  Mr. Rosner provided amended discovery responses to counsel for Beatbox by email,

18  mere hours before the teleconference scheduled for the following day. Despite the

19  untimeliness of these responses, Mr. Rosner included additional objections in the

20  April 29 responses that were not present in those responses propounded on or around

21  April 8. *See* Decl. ¶ 9.

22  After receiving these amended discovery responses, counsel for Beatbox sent a

23  letter on May 5, 2021 pursuant to L.R. 37-1 – L.R. 37-4, outlining the outstanding

24  discovery requests and responding to several inapplicable and/or bad-faith objections

25  raised by counsel for Labrador Defendants. *See* Letter to counsel for Labrador

26  Defendants dated May 5, 2021 attached hereto as Exhibit C. Counsel for Beatbox

27  and counsel for Labrador Defendants met and conferred by teleconference to discuss

28

these amended responses on May 11, 2021. During that teleconference, counsel for Labrador Defendants repeatedly argued that Plaintiff was not entitled to a full and complete discovery relating to any transfers of assets of the Defendants as pled in Counts VII and VIII of the First Amended Complaint (Dkt. Nos. 105, 146) (hereinafter the "Complaint"), because counsel for Labrador Defendants continues to argue that Plaintiff is only entitled to discovery relating to transfers between Labrador Entertainment, Inc. and Labrador Entertainment, LLC despite several court orders, which should disabuse counsel for Labrador Defendants of that limited notion of the claims against his clients. *See* Dkt. Nos. 176, 182, and 185. Ultimately, counsel for Labrador Defendants agreed to provide responsive documents to accompany these amended responses no later than May 21, 2021. No such documents were received until May 25, 2021, and then, only documents regarding Labrador Entertainment, Inc. and Labrador Entertainment, LLC's discovery responses had been sent by Mr. Rosner; as of May 24, 2021, Mr. Rosner stated that the "[d]ocuments for Noel and trust" were not yet complete. Tax returns and bank statements (for Webb individually and for either Labrador entity), among other documents, remain outstanding, however some documents were produced in June by the Labrador Defendants. *Id.* ¶¶ 6, 19-20

On July 13, 2021, Magistrate Judge Jean P. Rosenbluth ordered the Parties to meet and confer on July 15, 2021 to discuss the protective order that counsel for the Labrador Defendants claimed was necessary for production of the outstanding documents. *See* Dkt. 200, Order re Pending Discovery Motions, attached hereto and incorporated herein as Exhibit D. Despite the court-ordered meet & confer being scheduled at the time originally scheduled for a hearing in this matter, counsel for Labrador failed to attend the meet & confer. Their absence has further delayed their compliance with discovery, necessitating the instant motion from Plaintiff for extension of discovery and motion deadlines by 30-60 days.

1    On July 19, 2021, not until after a 40 minute meet & confer, Counsel for
2    Labrador Defendants and after repeatedly representing that they have turned over all
3    documents responsive to Plaintiff's discovery requests, for the **first time** said that the
4    documents responsive to all transfer of assets sought by Plaintiff would be so
5    voluminous that counsel for Labrador Defendants would make them available for
6    inspection and copying in California and then later reneged and  stated that they
7    would provide complete transaction information **only** for transactions that Plaintiff
8    specifically identified. *See* Decl. ¶¶ 15-17. Plaintiff has sought the following
9    discovery since at least February 26, 2021:

10    "Provide Documents of any and all asset transfers YOU have made to or
11    received from any other co-defendant and/or third party since the inception of the
12    New Zealand claim." Labrador, LLC First Set RFP 21; Webb Family Trust First Set
13    RFP 22; Labrador, Inc Supplemental RFP 24; Webb First Set RFP 27.

14    "Provide Documents, including but not limited to monthly statements,
15    cancelled checks, and signature cards for all accounts at all banks and/or any
16    financial institutions to which YOU have access, over which YOU have control, or
17    from which YOU have any authority to disburse funds, from September 16, 2014 to
18    the date of production." Labrador, LLC First Set RFP 23; Webb Family Trust First
19    Set RFP 23; Webb First Set RFP 29; and

20    "Provide statements for any and all bank accounts held by YOU since
21    September 16, 2014 to the present."  Labrador, Inc Supplemental RFP 27.
22    *See* Decl. ¶ 6.

23    Plaintiff requested that Labrador Defendants agree to extend discovery for the
24    purposes of their compliance with this outstanding discovery sought by Plaintiff
25    since February 26, 2021, which Labrador Defendants refused and instead agreed to
26    provide additional documentation only for such transactions that Beatbox
27    specifically identifies (despite the outstanding discovery seeking the same), after

28

business hours, four days before the close of discovery, while Counsel for Plaintiff is seriously ill and battling an upper respiratory and sinus infection. *See* Decl ¶ 24. Counsel has since sent an email purporting to provide the documents with no link nor attachments included with the email. *See* Decl. ¶ 18. Due to this continued evasiveness and non-compliance with discovery, Plaintiff moves this Court to extend discovery and motion deadlines by 30-60 days. This extension should be granted per counsel for Labrador Defendant's stated remarks, "If you can find an expert who would say Lab was worth >67K then designate one." *Id.*

### 3.    Agreement of the Parties

The Parties have agreed to extend discovery for the purpose of taking depositions of Jonathan Carter, PMK Beatbox, PMK Webb Family Trust, Michael Lau, and Eric Fruits, Ph.D., until at least August 23, 2021. The Parties have also agreed to extend the deadline for rebuttal experts until August 30, 2021.

Counsel for the Cohen Defendants have agreed to stipulate to an extension of fact discovery to move to quash and/or compel the subpoenas issued by Beatbox on the Financial Institutions, although the Cohen Defendants substantively object to the subpoenas. The Labrador defendants do not agree to this extension.

However, even as of the day of this filing at 5:19 p.m. PST, after input as to the draft stipulation following the agreements made on July 19, 2020 had been sought by Plaintiff's counsel throughout the business day, rather than proposing changes to the draft prepared by Counsel for Cohen Defendants (which correctly laid out the parties' agreements save for a few modifications that Attorney Blaise and Attorney Patel had agreed to include), Attorney Rosner circulated a new draft stipulation which was inconsistent with the dates agreed upon by the parties and contained additional stipulations (namely an agreement to take additional depositions of Plaintiff's expert witnesses who have already been deposed and which Labrador elected not to participate in at the time of said depositions) which Attorney Rosner expressly knew

1  were not agreed upon by the Cohen Defendants and which Attorney Rosner indicated

2  on July 19, 2021 that he would be filing his own *ex parte* application to resolve the

3  same. *See* Decl. ¶ 25.

4       *See* attached Stipulation executed by the Parties.

5                    **4.    Outstanding Discovery of Cohen Defendants**

6       Ronak Patel, counsel for the Cohen Defendants has exhibited a pattern of

7  dilatory behavior, although apparently not intentionally, in responding to discovery

8  requests through his failure to attach the files and documents that he claims are

9  attached to emails. For example, on or about April 2, 2021, Mr. Patel submitted

10 discovery responses on behalf of the Cohen Defendants, with a file entitled

11 "Defendant MCPC Holdings, LLC's Objections and Responses to Plaintiff Beatbox

12 Music Pty Ltd.'s Special Interrogatories (Set One)" that consisted solely of a

13 verification page; no responses to this set of discovery requests were included. Then,

14 after being notified of the deficiency, Mr. Patel sent a picture file comprised of an

15 image appearing to be of the first page of the outstanding discovery response on

16 April 22, 2021. Mr. Patel only provided an actual responsive document after being

17 notified to the repeated deficiency during an April 22, 2021 teleconference, in which

18 counsel for Cohen Defendants and counsel for Beatbox discussed the outstanding

19 discovery responses and Mr. Patel's series of bad-faith and inapplicable objections

20 contained therein. The responsive document provided was unverified; a verified copy

21 was not provided until April 25, 2021. *See* L.R. 37-1 Letters to Ronak Patel dated

22 April 22, 2021 and April 27, 2021, Group Exhibit E.

23      The pattern continued whereby Mr. Patel agreed to waive certain inapplicable

24 objections and to provide responsive documents during a May 5, 2021

25 teleconference to discuss outstanding discovery; Mr. Patel agreed to provide

26 amended responses no later than May 10, 2021 and the relevant documents no later

27 than May 21, 2021. *See* Decl. ¶ 26. Thereafter, Mr. Patel requested an extension until

28

May 12, 2021, which counsel for Beatbox did not agree to, but counsel for Beatbox agreed to "wait to bring any further stipulation" until reviewing the amended responses if Mr. Patel provided the responses no later than May 12, 2021. *Id.* Then, on May 12, 2021, after the close of business, Mr. Patel sent an email stating "[f]ind attached the amended RFPD responses for Cohen and MCPC, and the amended interrogatories for Cohen." *Id.* Despite this statement, no files were attached to Mr. Patel's email. *Id.* The next morning, counsel for Beatbox informed Mr. Patel that no attachments were present; Mr. Patel did not respond until May 17, 2021, when he provided the amended responses without the relevant documents to be produced. *Id.* In addition to being dilatory, the amended responses contained several bad-faith and inapplicable objections, including objections that Mr. Patel had agreed to withdraw during the parties' previous teleconference. *Id.*

Although the Cohen Defendants produced a series of responsive documents in June, several documents remain outstanding, including but not limited to tax returns, bank statements, check receipts, and documents promised during the depositions of Michael Cohen on June 22, 2021 and which remain outstanding as of this filing. *See* Decl. ¶ 26.

Additionally, as the Court may recall, on or about December 3, 2019, Defendant Cohen testified that he holds his investment portfolio in MCPC Holdings, LLC, of which he testified to be the sole owner and to which he transferred all of his assets which prompted the filing of the First Amended Complaint. *See* Deposition of Michael Cohen, individually, December 3, 2019, 83:12-84:2, attached hereto and incorporated herein as Exhibit F. During his June 22, 2021 deposition, Defendant Cohen initially reaffirmed this testimony during his December 3, 2019 Deposition as person most knowledgeable for Defendant MCPC Holdings. *See* Deposition of Defendant Michael Cohen, Representative for MCPC Holdings, June 22, 2021, 8:21-23, attached hereto and incorporated herein as Exhibit G. Yet, on or about June 22,

2021, Defendant Cohen revealed that his testimony concerning the ownership of Defendant MCPC Holdings, LLC during his previous 2019 deposition was false. *See* Exhibit G, 9:14-17. Rather than personally owning Defendant MCPC Holdings, LLC as he testified under oath to in 2019, Defendant Cohen revealed that in actuality he owned no shares of MCPC Holdings, LLC. *Id.* Defendant Cohen testified that Defendant MCPC Holdings, LLC is actually owned in full by the M. A. Cohen Family Savings Trust. *See* Exhibit G, 9:18-23.

Despite testifying that he learned that his 2019 testimony regarding his ownership of Defendant MCPC Holdings, LLC was false in April of 2021, Defendant Cohen failed to correct the record during several rounds of production. *See* Cohen Defendants Proof of Service, April 2, 2021; Email from counsel for Cohen Defendants dated April 22, 2021; Email from counsel for Cohen Defendants dated May 17, 2021; Cohen Defendants Proof of Service, June 14, 2021, attached hereto and incorporated herein as Group Exhibit H. The Cohen Defendants' decision to withhold this crucial information through months of discovery is a clear violation of FRCP 26(e)(1)(A), and the instructions included with Plaintiff's discovery requests. *See* Instructions of Plaintiff's First Set of Interrogatories to Defendant Michael Cohen, attached hereto and incorporated herein as Exhibit I. This is clearly a prejudicial attempt by the Cohen Defendants to exhaust the time for discovery based on false information to the detriment of Plaintiff.

Due to the Cohen Defendants' failure to comply with discovery requests and failure to reasonably supplement false testimony, Plaintiff moves this Court to extend discovery and motion deadlines by 30-60 days.

### 5.    Subpoenas upon Financial Institutions

Due to the outstanding responsive documents, including bank statements, check receipts, signature cards, and other documents relevant to Plaintiff's fraudulent conveyance claims, Plaintiff was forced to issue subpoenas upon JPMorgan Chase

1  Bank, N.A., Bank of America Corporation, Wells Fargo Bank, N.A., and Merrill

2  Lynch, Pierce, Fenner & Smith Incorporated (hereinafter "the Financial Institutions")

3  for the responsive documents. Plaintiff issued these subpoenas on July 2, 2021. *See*

4  Subpoenas, attached hereto and incorporated herein as Group Exhibit J. Due to

5  objections by counsel for Defendants, as well as Plaintiff's good faith attempt to

6  resolve the outstanding discovery through voluntary production by the Defendants,

7  Plaintiff withdrew the subpoenas before the Financial Institutions could comply.

8  Plaintiff reissued those subpoenas on July 13, 2021, with 30 days for the Financial

9  Institutions to comply as required by law. *See* Decl. ¶ 27. This Court should extend

10  discovery to allow for compliance with those subpoenas as these financial documents

11  are necessary for Plaintiff to proceed to dispositive motion practice and trial and

12  Defendants have refused to fully comply with Plaintiffs' discovery requests.

13  Beatbox's Contentions

14      Beatbox contends that the dilatory and bad-faith behavior exhibited by counsel

15  for Labrador Defendants and counsel for Cohen Defendants has prejudiced Beatbox

16  in this case; to wit, the actions of these parties have been aimed at running out the

17  clock on discovery in order to keep relevant evidence and information from Beatbox.

18  In order to counteract these tactics, Beatbox contends that this Court must extend the

19  deadline for motions and discovery so as to allow for the production of documents

20  and response of bank subpoenas and taking of remaining depositions.

21      The extension of motion and discovery deadlines, including but not limited to

22  expert disclosure, that Plaintiff seeks will support dispositive motion practice in the

23  interest of judicial economy. This Court can most effectively resolve these issues by

24  extending all discovery deadlines by thirty (30) to sixty (60) days, along with any

25  other relief this Court deems as just; such a result would certainly be in the best

26  interest of justice.

27

28

NOTICE OF *EX PARTE* APPLICATION AND PLAINTIFF'S *EX PARTE* UNOPPOSED *IN PART* AND OPPOSED *IN PART* APPLICATION TO EXTEND DISCOVERY AND/OR MOTION TO MODIFY SCHEDULING ORDER

1    WHEREFORE, for the reasons stated hereinabove, Plaintiff respectfully

2  requests that this Court enter an order:

3    a.    Amending this Court's September 22, 2020 Order Re-Setting Pretrial

4  and Trial Dates extending the Non-expert Discovery Cut-off, Expert Disclosure,

5  Expert Rebuttal Disclosure, Expert Discovery Cut-off, and the Last Day to Hear

6  Motions by 30 days and preferably 60 days each;

7    b.    For any and all such other relief as this Honorable Court deems

8  necessary and proper.

9  DATED: July 20, 2021                    Respectfully submitted,

10                                         **BEATBOX MUSIC PTY, LTD.**

11                                           */s/ Heather L. Blaise*

12                                         HEATHER L. BLAISE, ESQ. (SBN 261619)
                                           123 N. Wacker Drive, Suite 250

13                                         Chicago, IL 60606
                                           Telephone: 312-448-6602

14                                         Email: hblaise@blaisenitschkelaw.com

15                                         *Attorney for Plaintiff*

16

17

18

19

20

21

22

23

24

25

26

27

28