Douglas J. Rosner, ESQ., SBN 094466
rosnerlaw@earthlink.net
LAW OFFICES OF DOUGLAS JOSEPH ROSNER
2625 Townsgate Road, Suite 330
Westlake Village, California 91361
Telephone No. (818) 501-8400
Facsimile No.: (818) 880-4485

J. Curtis Edmondson, SBN 236105
jcedmondson@edmolaw.com
LAW OFFICES OF J. CURTIS EDMONDSON PLLC
15490 NW Oak Hills Dr.
Beaverton, OR 97006
Telephone: (503) 336-3749
Facsimile: (503) 482-7418

Attorney for Defendant, Labrador Entertainment, Inc. dba Spider Cues Music Library, Labrador Entertainment, LLC, Noel Palmer Webb, and Web Family Trusts

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| BEATBOX MUSIC, PTY, LTD., <br><br>　　　　　Plaintiff, <br><br>　v. <br><br>LABRADOR ENTERTAINMENT, INC., DBA SPIDER CUES MUSIC LIBRARY, a California corporation, et. al., <br><br>　　　　　Defendants. <br><br>MICHAEL COHEN, an individual, <br><br>　　　　　Cross-Complainant, <br><br>　vs. <br><br>LABRADOR ENTERTAINMENT INC. DBA SPIDER CUES MUSIC LIBRARY, a California corporation, et al., | Case No. 2:17-cv-06108-MWF (JPRx) <br> Assigned to the Hon. Michael W. Fitzgerald <br><br> **SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW ISO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |

|  |  |
|---|---|
| Cross-Defendants. | ) |
| LABRADOR ENTERTAINMENT INC. DBA SPIDER CUES MUSIC LIBRARY, a California corporation, et al., | ) ) ) ) |
| Counter-Claimant, | ) |
| vs. | ) ) |
| BEATBOX MUSIC, PTY, LTD. and MICHAEL COHEN, an individual and ROES 1-20, inclusive, | ) ) ) ) |
| Counter-Defendants. | ) ) |

## STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Plaintiff did not have authority to sublicense the "*Eminem-Esque*" cue in 2014, so therefore, there can be no breach of contract or indemnity owed to Plaintiff by Labrador Entertainment Inc. dba Spider Cues Music Library, Labrador Entertainment LLC, Noel Palmer Webb, and Web Family Trusts, and no right to recover under its third-party derivative claims:

| **Undisputed Fact** | **Supporting Evidence** |
|---|---|
| 1. Labrador is a publisher of musical works known as music "cues." Cues are short tracks typically used as background music to other works, such as "jingles". | Webb Decl. ¶ 2 |
| 2. Michael Cohen supplied the *Eminem-Esque* cue at issue in this case to Labrador, pursuant | Webb Decl. ¶ 20 and Exh. 12 attached thereto. |

| | |
|---|---|
| to a Composer Agreement that warranted "no adverse claims exist or will exist with respect to the Composition(s), and the Composition(s) does not infringe upon or violate the copyrights or any other rights whatsoever of any person, firm, or entity." | |
| 3. Beatbox is a distributor of international music who was under contract since 2004 with third-party Australian Mechanical Copyright Owners Society ("AMCOS") to insure the further distribution of the music cues in New Zealand, Australia and Fiji under their laws. | BB-AMCOS Agreement (attached to Webb's Decl. as Exh. 2). |
| 4. Beatbox was required to (a) provide AMCOS with a list of its Works; (b) register the title and other details required by AMCOS; and (3) immediately notify AMCOS of each addition and deletion from that list of music works available for dubbing. | BB-AMCOS Agreement (attached to Webb's Decl. as Exh. 2). |
| 5. Labrador entered into a contract with Beatbox on April 1, 2009 which authorized Beatbox to exclusively sub-publish and market cues *for dubbing purposes only* in New Zealand, Australia and Fiji. | L-BB Agreement (attached to Webb's Decl. as Exh. 1). |
| 6. By June 3, 2009, Labrador had distributed its first full library of music to Beatbox (the "2009 | Webb Decl. ¶ 6 and Exh. 3 attached thereto. |

| | | |
|---|---|---|
| 1 | Catalog"). | |
| 2-6 | 7. In May 2009, Beatbox's owner Barbara Baker directed a Beatbox employee to remove any song that was titled "esque", including the '*Eminem Esque*' song cue from the 2009 Catalog provided by Labrador. | Webb Decl. ¶ 10 and Exh. 4 attached thereto. |
| 7-10 | 8. On April 3, 2012, Labrador published its new 2012 library to Beatbox in a new album format (the "2012 Catalog"), and Beatbox acknowledged receipt thereof. | Webb Decl. ☐ 11, and Exh. 5 attached thereto. |
| 11-14 | 9. The 2012 Catalog had 139 less cues than the 2009 Catalog, and did not have the *Eminem Esque* cue in it, which Beatbox's owner understood on April 6, 2012. | Webb Decl. ¶ 11 and 12. |
| 15-18 | 10. Between January and April 2014, Labrador republished their restructured library ("2014 Catalog") to Beatbox. The 2014 Catalog also did not have the *Eminem esque* cue in it. | Webb Decl. ☐ 14, and Exh. 6 attached thereto. |
| 19-21 | 11. On March 6, 2014, Labrador sent Beatbox an excel spreadsheet setting out tracks to remove from the previous library. | Webb Decl. ¶ 15 and Exh. 7 attached thereto. |
| 22-24 | 12. When the parties met on March 28, 2014, Beatbox agreed to replace their entire library with the one sent to them in early March 2014, and to register it with the relevant | Webb Decl. ¶ 16, and Exh. 8 attached thereto. |

| | |
|---|---|
| Performance Right Organizations (i.e., AMCOS) immediately. | |
| 13. On April 21, 2014, Labrador sent Beatbox the 2014 Catalog and "Notes for Sub-publishers" that specifically stated it had deleted some music that was not up to par. | Webb Decl. ¶ 17 and Exh. 9 attached thereto. |
| 14. Beatbox acknowledged having downloaded the 2014 Catalog on May 18, 2014, and noted some albums were missing. | Webb Decl. ¶18 and Exh. 10 attached thereto. |
| 15. Another full copy of the new library was resent to Beatbox on June 7, 2014. | Webb Decl. ¶ 19 and Exh. 11 attached thereto. |
| 16. Beatbox did not contact Labrador regarding the use of the *Eminem esque* cue in 2014, even though it had not been in Labrador's authorized libraries for over five years. | Webb Decl. ☐ 21. |
| 17. Labrador's owner, Noel Webb, created a new LLC in order to get proper insurance to run the company. | Webb Decl. ¶ 23. |

///

///

///

///

**CONCLUSIONS OF LAW**

<u>On Beatbox's First Cause of Action – Breach of Contract</u>:

    1.    Labrador was not in material breach of the AGREEMENT because Labrador had fully performed all contractual requirements which was to supply music Cues.

    2.    Beatbox was in material breach of the AGREEMENT because it had used music Cues that were not part of the 2012 Catalog or 2014 Catalog, and therefore were not licensed for distribution.

<u>On Beatbox' Fourth Cause of Action - Express Indemnity</u>:

    1.    The indemnity clause at issue in this case will not provide indemnity because Beatbox was actively negligent in releasing the music Cue when it did not have a license to use the Cue in 2014. *Rossmoor Sanitation, Inc. v. Pylon, Inc.* (1975), 13 Cal.3d 622, 628, 119 Cal.Rptr. 449, 532 P.2d 97.

    2.    Indemnity should not be afforded by Labrador because it does not further the manifest intent of the parties to the 2009 contract and where the loss sustained would not have occurred without the indemnitee's negligence. *Morton Thiokol, Inc. v. Metal Building Alteration Co.*, 193 Cal.App.3d 1025, 238 Cal.Rptr. 722 (Cal. App. 1987).

<u>On Beatbox's Fifth Cause of Action - Alter-Ego</u>:

    1.    Noel Webb was not the alter-ego of Labrador Entertainment, Inc. as there was no unity of interest or would there be an inequitable result if the acts in question were those of the corporation alone; thus, the corporate form of the business will not be disregarded. *Automotriz Del Golfo De California S. A. De C. V. v. Resnick*, 47 Cal.2d 792, 795 (1957); *Mid-Century Ins. Co. v. Gardner*, 9 Cal.App.4th 1205, 1215 (1992).

///

<u>On Beatbox's Sixth Cause of Action – Fraudulent Conveyance</u>:

1. Neither Noel Web nor Labrador Entertainment, Inc. transferred assets with the intent to prevent a creditor from reaching the interest to satisfy a third-party creditor so there can be no fraudulent conveyance in this matter.

Dated:  July 26, 2021                                                  Respectfully submitted,

/s/ J. Curtis Edmondson
_____
J. Curtis Edmondson, SBN 236105
jcedmondson@edmolaw.com
Attorney for Defendants