Daniel Jacobson, State Bar No. 134978
Ronak Patel, State Bar No. 296296
JACOBSON & ASSOCIATES
1352 Irvine Boulevard, Suite 205
Tustin, California 92781
(714) 505-4872
dlj@jacobsonlawyers.com
rp@jacobsonlawyers.com

Attorneys for Defendant and Crossclaimant **Michael Cohen** and Defendant **MCPC Holdings, LLC**

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEATBOX MUSIC PTY, LTD,<br><br>   Plaintiff,<br><br>versus<br><br>LABRADOR ENTERTAINMENT, INC., et al,<br><br>   Defendants<br><br>MICHAEL COHEN<br><br>   Crossclaimant,<br><br>versus<br><br>LABRADOR ENTERTAINMENT, INC., et al<br><br>   Cross-Defendants. | Case No: 2:17-cv-6108 MWF (JPRx)<br><br>A<small>SSIGNED</small> T<small>O</small>::<br>Dist. Judge: Hon. Michael W. Fitzgerald<br>Mag. Judge: Hon. Jean P. Rosenbluth<br><br>**Defendant and Crossclaimant Michael Cohen and MCPC Holdings, LLC's <u>Opposition</u> to Plaintiff's Motion for Leave to Amend Its Pleadings to Add Parties**<br><br>Trial Date: November 30, 2021<br>FAC: January 24, 2020<br>Cross-Claim Filed: November 21, 2017<br>Action Filed : August 17, 2017 |

1

**C<small>OHEN</small> P<small>ARTIES</small>' O<small>PPOSITION TO</small> P<small>LAINTIFFS</small> M<small>OTION FOR</small> L<small>EAVE TO</small> A<small>MEND ITS</small> P<small>LEADINGS</small>**

## MEMORANDUM OF POINTS AND AUTHORITIES

Counterclaimant and Defendant Michael Cohen ("Cohen") and MCPC Holdings, LLC ("MCPC") ("Cohen Parties") OPPOSES the motion filed by Plaintiff at ECF No. 204 and noticed as a *Motion to Amend Pleadings to Add Parties* ("*Instant Motion*").

### I.     INTRODUCTION

By the time this *Instant Motion* is heard, this action will have been languishing before this court for over four years. The matter began as a simple breach of contract dispute, but was complicated in January 2020 when Plaintiff sought to modify the scheduling order to add claims for fraudulent transfer[1] against both existing[2] and newly proposed[3] defendants. While the court did grant that motion, it expressed serious doubt as to whether such a claim could be viable, going so far as to *explicitly reserve judgment* on the issue:

> It is a closer call whether the fraudulent transfer claims are futile. If Plaintiff's claim is hinged on the potential success of this litigation, it appears that Plaintiff's fraudulent transfer claim under UVTA may be **premature**. However, the **Court will reserve the judgment on the issue at this juncture**.

[*Order, January 17, 2020* ("Rule 16 Order"), ECF No. 102 at 10 (emphasis added)].

---

[1]
[2]
[3] MCPC Holdings, LLC, the Webb Family Trust, Labrador Entertainment, LLC, and Noel Webb.

Now, four months after the new deadline to amend pleadings had passed, a week after the close of discovery, and less than four months before trial, Plaintiff *again* seeks to modify the scheduling order so as to permit it to add new parties to the action. Plaintiff specifically now seeks to add the following parties to its fraudulent transfer[4] claims: (1) Sharon Webb ("Ms. Webb"), the wife of Defendant and Cross-Defendant Noel Webb ("Mr. Webb"); (2) the Michael Cohen Revocable Trust ("MCRT"); (3) the M.A. Family Saving Trust ("MFST"); and (4) Robert J. Mintz ("Mintz"), an attorney and the registered agent for service of process for MCPC. (collectively, the "Proposed Defendants").

As Plaintiff concedes and this court has previously ruled, the *Instant Motion* cannot be granted absent a showing of *good cause* under Rule 16, which primarily examines the Plaintiff's diligence in seeking the amendment. [Rule 16 Order, ECF No. 102, 5-6; *Instant Motion,* 4-5.] Notwithstanding, and as this court has ruled and Plaintiff further concedes, the court must still deny the motion if it deems doing so is appropriate after a consideration of five factors: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of the amendment; and (5) whether the complaint had been previously amended. [*Id.*] As shown below, *infra*, Plaintiff cannot satisfy the standards of either rule, and the *Instant Motion* must therefore be denied.

## II.     ARGUMENT

---

[4] Plaintiff also seeks to add all of those defendants except for Mintz as alter ego defendants, which is derivative of its fraudulent conveyance claims.

**3**

**COHEN PARTIES' OPPOSITION TO PLAINTIFFS MOTION FOR LEAVE TO AMEND ITS PLEADINGS**

The court should deny the *Instant Motion* under either or both FRCP 16 and FRCP 15. Plaintiff's motion is subject to denial becaue it failed to act with diligence. Plaintiff's motion is further subject to denial because it is brought in bad faith. Finally, Plaintiffs motion must be denied because the amendments it seeks are futile.

**A.    PLAINTIFF FAILED TO ACT WITH DILLIGENCE.**

Plaintiff contends that the information concerning the Proposed Defendants was not apparent until the depositions of the Cohen Parties on June 22, 2021, and the depositions of the Labrador Parties on June 21, 2021 and June 23, 2021. Plaintiff contends that it *could not have, in the exercise of reasonable diligence,* discovered that these parties existed *until* she deposed the parties in June. Plaintiffs argue that the information not known by it until June 21, 2021, constituted an effort to exhaust the time for discovery. [*Instant Motion*, ECF No. 204:1:1-2.25].

With respect to Plaintiff's claims relating to the Cohen Parties, Plaintiff contends that the Cohen Parties failed to supplement Cohen's deposition testimony regarding the ownership of MCPC when they learned in April 2021 that the company was held by him in his capacity as a trustee for the MCRT and the MSFT (collectively, "Cohen Trusts"). Plaintiff argues that FRCP 26(e)(1)(A) imposes a duty on Plaintiff to supplement its deposition testimony. [*Instant Motion*, ECF No. 204:12-25]. Plaintiff reasons that Defendants' conduct was calculated to "withhold this crucial information through months of discovery is a clear violation of FRCP 26(e)(1)(A)." Plaintiff further argues that Cohen

should have provided this information by supplementing its responses to Plaintiffs first set of interrogatories.

### 1. *Plaintiff's Did Not Exercise Diligence Insofar as it Procrastinated in Seeking Discovery.*

Plaintiff attempts to cast blame on the Defendants for failing to timely respond to its discovery. Plaintiff intimates that this failure prevented it from learning the names of the Proposed Defendants in time to amend its pleadings within the scheduling order set. Plaintiff, however, fails to address the fact that its discovery was not filed until February 26, 2021, at which point only *three days* remained for Plaintiff to amend its pleadings. Plaintiff did this despite the complaint being filed a year earlier, and the deadline for amending pleadings having been set approximately six months earlier. Had Plaintiff done so, it could have brought a timely motion to seek amendment. By instead procrastinating, Plaintiff guaranteed that any new discovery relating to a potential party would not come to light until after the deadline for amending the complaint had passed.

### 2. *Cohen Complied with His Discovery Obligations, which Do Not Impose a Duty to Supplement His Deposition Testimony.*

The key theory supporting Plaintiff's claim for modification is the argument that Defendants failed to supplement its deposition testimony. Plaintiff intimates that this duty arises from FRCP 26(e)(1)(A) and the instructions for the first set of interrogatories. Plaintiff position is devoid of merit. Specifically, FRCP 26(e)(1)(A) *does not apply to*

*deposition testimony.* Instead, it only applies to a "disclosure under Rule 26(a) . . . . [or a response to] an interrogatory, request for production, or request for admission." FRCP 26(e)(1)(A). Any doubt as to this is clarified by the advisory comment notes, which indicate that the rules were revised in 1993 to clarify "that the obligation to supplement responses to formal discovery requests applies to interrogatories, requests for production, and requests for admissions, but not ordinarily deposition testimony." (FRCP 26, advisory comments, 1993 amendment.) Thus, Cohen cannot be faulted for Plaintiffs failure to diligently seek discovery.

**B.    PLAINTIFF HAS EXHIBITED BAD FAITH IN SEEKING THE RELIEF AT ISSUE BY MISREPRESENTING THE MAGISTRATE JUDGE'S DISCOVERY ORDER.**

Plaintiff has acted in bad faith in bringing the *Instant Motion*. Specifically, Plaintiff has demonstrated a *flagrant disregard* for the orders of this court, the FRCP, and the local rules. Evidence of this can be seen in Plaintiffs attempt to prove diligence by arguing that it diligently sought to compel discovery. [*Instant Motion*, ECF No. 204, 17:27-18:25.] In the *Instant Motion*, Plaintiff represents to this court the following with respect to the Magistrate Judge's July 13, 2021 order:

> [Plaintiff's motion] to compel production of the outstanding discovery . . . was denied without prejudice . . . . [because] Plaintiff's Counsel failed to comply with Local Rule 37.2; *despite the Magistrate Judge's ruling*, *Plaintiff's Counsel substantially complied with Local Rule 37-2.1 on its face,* and *remedied* any potential deficiencies through *Plaintiff's supplement* (which sought to limit the issues presented to the court considering discovery had been ongoing since the date of the

filing of the stipulation) pursuant to the Magistrate's standing order regarding Local Rule 37-2.3 and *her Order permitting supplemental memoranda* for each discovery motion no later than July 8."

[*Id.* at 17:27- 18:9 (emphasis added); *see also* ECF No. 195, 197, 198, and 200.]

An examination of the Magistrate Judge's Order and other papers on the court's docket reveal that Plaintiff's characterization of the order and the events surrounding cannot be maintained in good faith.

**1. *Plaintiff's Claim to Have Complied with LR 37-2.1 "On Its Face" is Absurd (On Its Face).***

First, Plaintiff's contention that it complied with the rules on its face cannot be reconciled with the plain language of the rule. Specifically, the text of Local Rule ("LR") 37-2 very clearly indicates that the moving party must identify the *specific requests and interrogatories* at issue, and to do so by *repeating them verbatim*. Indeed, the Rule is *exceedingly clear* as to the necessity of specifying the requests and answers at issue:

> For example, if the sufficiency of an answer to an interrogatory is at issue, the stipulation *must contain, verbatim,* both the interrogatory and the allegedly insufficient answer, followed by each party's contentions as to that particular interrogatory, *separately stated.*

(LR 37-2.1.)

**2. *Plaintiff's Did Not Remedy the Defects in its Motion by Way of the Supplemental Memorandum – as the Court Has <u>Already Ruled.</u>***

Plaintiff argues that it remedied any defects in terms of non-compliance by its supplement on July 8, 2021. Not only is this legally incorrect, but the argument is one that cannot be offered in good faith. Indeed, the argument is in direct contradiction to the plain ruling of the court, which anticipated this argument and discarded with it. [ECF No. 200 at 1.] Specifically, the court held:

> This motion is DENIED because, as Defendants point out, it does not comply with Local Rule 37-2.1. The motion *never identifies which discovery requests are in dispute, much less quote them* as well as the opposing party's response, *as the rule requires*. Plaintiff *attempts to remedy* the deficiency in its supplemental memorandum, but that is *insufficient* because *Defendants never had the opportunity to meaningfully respond to the motion*.

[ECF No. 200 (emphasis added).]

Plaintiffs failures are not mere technicalities. As Judge Rosenbluth's order demonstrates, Plaintiff's failures were endemic, and so severe that it deprived the Cohen Parties of any "opportunity to meaningfully respond." [*Id.*] Notably, Plaintiff's claims are further in difficult to accept as being in good faith insofar as Plaintiff knew of these deficiencies *prior* to filing the motion, and could have simply corrected it prior to filing the motion. This is clear because the Cohen Parties made this very argument in its joint stipulation, as the court recognizes. [*Id.*] Thus, the court should treat these arguments as being offered in bad faith, and should deny the amendment.

### 3. *The Magistrate Judge's Order Cannot Be Reasonably Interpreted as Denying the Motion "Without Prejudice."*

Plaintiff's bad faith is further exhibited by its argument that the Judge's Order was "without prejudice." Plaintiff provides no explanation as to how it reached this decision, and no such explanation appears to exist. While the federal rules do not explicitly set a default rule in terms of the prejudice in denying a discovery motion, it can be inferred that such motions are denied with prejudice unless otherwise stated. Specifically, the rules in the FRCP which address prejudice all identify when orders should be assumed as to be issued "without prejudice," suggesting that if the same was true for the discovery motions, it would be stated in the rules. *See, e.g.,* FRCP 41(a)(2).

Further, public policy supports the interpretation that the order was with prejudice. If discovery motions were assumed to be granted without prejudice, courts would be inundated with repetitive efforts to file and refile discovery motions, and parties would not have as strong as an incentive to comply with the rules.

Finally, the court's order itself strongly suggests that the court was issuing an order without prejudice. Specifically, while Judge Rosenbluth did not expressly state that the matter was denied "without prejudice," Judge Rosenbluth made clear that it was unpleased with Plaintiff's continuous failures with respect to comply with the local rules and court orders, and that such failures caused Plaintiff to forfeit the right to further court intervention. The court expressed this point of view by stating the following:

> Given that this is not *the first time Plaintiff has failed to follow court rules and deadlines* in seeking to compel discovery, the Court declines to *expend additional resources to remedy the situation.*

[ECF No. 200 at 1 (emphasis added); *see also* ECF No. 102 at 7 (allowing Plaintiff's motion to amend despite her procedural defects but specifically stating that "counsel are warned to scrupulously comply with all Local Rules in the future." (emphasis added).)].

Plaintiffs contention that the motion was denied without prejudice simply cannot be reconciled with the court's holding. After all, denying the motion without prejudice would necessarily mean that the court would be at risk of the motion being re-presented, in which case it would be forced to "expend additional resources to remedy the situation." [ECF No. 200 at 1.] Plaintiffs matter of fact claim that the court left the door open despite this language and its effort to *brazenly bypass* the magistrate judge's ruling and authority to get a second bite at the apple is strong indicia of Plaintiff's bad faith, and supports denial of the motion.

C. **THE AMENDMENTS WOULD BE HIGHLY PREJDUICIAL TO DEFENDANTS.**

Plaintiffs motion should also be denied as highly prejudicial to the defendants. Specifically, this action has languished in this court for over four years (as of the time of the hearing). The notions of due process and fair play that apply in all actions would necessarily require this litigation to restart, as there would be *up to* four parties added who would not have yet exercised their rights.  This would force Defendants to spend another year waiting for resolution on their claim, and to incur the concomitant attorneys fees and costs that would arise along the way.

D. **THE MOTION IS FUTILE.**

Finally, Plaintiff's motion must be denied as futile.

### 1. *The Motion is Futile Because Plaintiff Has Not Shown It is At Risk of An Actual Concrete Injury.*

First, Plaintiff has yet to allege facts or produce or obtain evidence suggesting that the Cohen Defendants would not be able to pay the judgment in this matter. Thus, Plaintiff's motion lacks the most elemental components of a federal action, namely, the existence of a "case or controversy" in which it was at risk of a "concrete injury." Thus, the court should revisit its prior decision in which it noted that it was reserving judgment on the viability of the claim, and dismiss the matter on the grounds that it is, as the court put it, "premature."

### 2. *The Motion is Futile Because the Cohen Trusts Cannot Be Sued.*

Finally, the *Instant Motion* must be denied as *futile* with respect to the Cohen Trusts. Plaintiff's allegations assert that the Cohen Trusts are "entities" which are liable for the fraudulent transfers that it alleges. There is a key flaw to Plaintiff's position: a trust is *not an entity or separate legal person under California law*. "As recognized in California: "Unlike a corporation, a trust is not a legal entity. Legal title to property owned by a trust is held by the trustee `"A . . . trust . . . is simply a collection of assets and liabilities. As such, it has no capacity to sue or be sued, or to defend an action."`* Stoltenberg v. Newman* (2009) 179 Cal.App.4th 287, 293; *see also Presta v. Tepper* (2009) 179 Cal.App.4th 909, 914 ("A trust itself cannot sue or be sued"); *Moeller v. Superior Court*

(1997) 16 Cal. 4th 1124, 1132 n.3; 60 Cal.Jur.3d, Trusts § 355 (1994).) Plaintiff's motion would therefore necessarily fail as to the Cohen Trusts. This remains true even though the Webb Trust was previously added, as the Cohen Parties had no interest or duty – let alone right – to challenge that party's addition to the complaint.

### III.   CONCLUSION

As the foregoing demonstrates, Plaintiff's motion must be denied.

DATED: July 19, 2021

**JACOBSON & ASSOCIATES**

By: /s/ Ronak Patel

Daniel Jacobson
Ronak Patel
Attorneys for Cross-Claimant and Defendant **Michael Cohen** and Defendant MCPC Holdings, LLC