Douglas J. Rosner, ESQ., SBN 094466
rosnerlaw@earthlink.net
LAW OFFICES OF DOUGLAS JOSEPH ROSNER
2625 Townsgate Road, Suite 330
Westlake Village, California 91361
Telephone No. (818) 501-8400
Facsimile No.: (818) 880-4485

J. Curtis Edmondson, SBN 236105
jcedmondson@edmolaw.com
LAW OFFICES OF J. CURTIS EDMONDSON PLLC
15490 NW Oak Hills Dr.
Beaverton, OR 97006
Telephone: (503) 336-3749
Facsimile: (503) 482-7418

Attorney for Defendant, Labrador Entertainment, Inc.
dba Spider Cues Music Library, Labrador Entertainment,
LLC, Noel Palmer Webb, and Web Family Trusts

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| BEATBOX MUSIC, PTY, LTD., <br><br>  Plaintiff, <br><br> v. <br><br> LABRADOR ENTERTAINMENT, INC., DBA SPIDER CUES MUSIC LIBRARY, a California corporation, et. al., <br><br>  Defendants. <br><br> MICHAEL COHEN, an individual, <br><br>  Cross-Complainant, <br><br> vs. <br><br> LABRADOR ENTERTAINMENT INC. DBA SPIDER CUES MUSIC LIBRARY, a California corporation, et al., | Case No. 2:17-cv-06108-MWF (JPRx) <br> Assigned to the Hon. Michael W. Fitzgerald <br><br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO BEATBOX'S OPPOSITION TO MOTION FOR PARTIAL SUMMARY JUDGMENT** <br><br><br> **Date: August 23, 2021** <br> **Time: 10:00 a.m.** <br> **Dept.: Courtroom 5A** <br> **Judge: Michael W. Fitzgerald** |

**Memorandum of Points and Authorities in Reply to Beatbox's Opposition to Motion for Partial Summary Judgment**

|  |  |
|---|---|
| Cross-Defendants. | ) |
|  | ) |
| LABRADOR ENTERTAINMENT INC. DBA SPIDER CUES MUSIC LIBRARY, a California corporation, et al., | ) ) ) ) |
| Counter-Claimant, | ) ) |
| vs. | ) ) |
| BEATBOX MUSIC, PTY, LTD. and MICHAEL COHEN, an individual and ROES 1-20, inclusive, | ) ) ) ) |
| Counter-Defendants. | ) ) |

# TABLE OF CONTENTS

I.  SUMMARY OF THE REPLY……………………………………………………..1

II.  REPLY ARGUMENT……………………………………………………….....2

    A.  **THE AGREEMENT CONTEMPLATES THE DELETION OF A SONG AFTER IT HAS BEEN DISTRIBUTED FROM THE PUBLISHER (LABRADOR) TO THE SUB-PUBLISHER (BEATBOX)**……………………………………2

    B.  **THERE WAS NO BREACH OF THE "WARRANTY OF INFRINGEMENT" AS THERE IS NO ACTUAL NOTICE OF CLAIMED INFRINGEMENT PRIOR TO THE EXECUTION OF CONTRACT**……………………………………3

    C.  **THERE IS NO EXTRA-TERRITORIAL CLAIM OF INFRINGEMENT IN NEW ZEALAND UNDER CALIFORNIA LAW**……………………………………5

    D.  **BEATBOX'S FAILURE TO CONTACT LABRADOR WHEN ASKED BY THE END-USER OF THE CUE ("NATIONAL PARTY") IS AN ABSOLUTE BAR TO RECOVERY**……………………………………………………..5

    E.  **THE UVTA ("FRAUDULENT CONVEYENCE") AND ALTER-EGO DEPEND ON THE UNDERLYING CONTRACTUAL ISSUES ("STAND OR FALL")**……………………………………………………..7

III.  BEATBOX'S OTHER ARGUMENTS ARE OUTSIDE THE SCOPE OF MOVING PAPERS AND SHOULD BE IGNORED……………………………...9

    A.  **CLAIM OF DEFICIENT CITATIONS TO FACTUAL RECORD**………………………..9

    B.  **CLAIM THAT LABRADOR MISSTATES PERTINENT FACTS AND LAW REGARDING INDEMNIFICATION**……………………………………………9

    C.  **CLAIM THAT THE PARTIES' AGREEMENT CONTEMPLATED LABRADOR'S INDEMNITY OBLIGATION CONTINUED INDEFINITELY**………………………… 10

    D.  **CLAIM THAT INDEMNITY AGREEMENTS WHICH REQUIRE A PARTY TO PROTECT ITS COUNTERPARTY FROM BREACHES OF REPRESENTATIONS AND WARRANTIES ARE ENFORCEABLE UNDER CALIFORNIA LAW**…………..10

    E.  **CLAIM THAT LABRADOR'S "NOVEL" ARGUMENT OF ACTIVE VS. PASSIVE NEGLIGENCE IS LEGALLY DEFICIENT AND WHOLLY IRRELEVANT**………….11

    F.  **CLAIM THAT LABRADOR RELIES UPON INADMISSIBLE CONJECTURE ON THE ISSUE OF THE MANNER IN WHICH THE LICENSE TO THE NEW ZEALAND NATIONAL PARTY WAS ADMINISTERED**……………………………………..11

    G.    **C**LAIM THAT **L**ABRADOR HAD NO **P**RIVITY OR **I**NTEREST IN THE **BB-AMCOS A**GREEMENT**,** AND ITS **MSJ F**AILS TO THE **E**XTENT IT SEEKS TO **E**NFORCE ANY OF THE **T**ERMS OF THE **BB-AMCOS A**GREEMENT................12

IV.    **CONCLUSION** ............................................................................... 12

# TABLE OF AUTHORITIES

CASES:

*Automotriz Del Golfo De California S.A. De C.V. v. Resnick*, 47 Cal.2d 792, 795 (1957)……..6

*In re Currency Conversion Fee Antitrust Litigation*, 265 F.Supp.2d 385, 426 (S.D.N.Y. 2003)…………………………………………………………………………....7

*Klekas v. EMI Films, Inc.,* 150 Cal.App.3d 1102, 1110 (1984)…………………………………4

*Link-Belt Co. v. Star Iron & Steel Co.,* 65 Cal.App.3d 24, 29 (1976)………………………….10

*Lura v. Multaplex, Inc.*, 129 Cal.App.3d 410 (Cal. App. 1982)………………………………..2

*Roman Catholic Archbishop v. Superior Court*, 15 Cal.App. 3d 405, 411…………………….7

*Rossmoor Sanitation, Inc. v. Pylon, Inc.* (1975) 13 Cal.3d 622, 628……………………….6, 10

*Safeco Ins Co. of America vs. Robert S.*, 26 Cal 4th 758,765 (2011)………………………….3

*Skidmore v. Zeppelin,* 952 F.3d 1051, 1069 (9th Cir. 2020)……………………………………4

*Steelduct Co. v. Henger-Seltzer Co.*, 26 Cal. 2d 634 (1945)……………………………………5

*Tatung Co. v. Shu Tze Hsu,* 217 F.Supp.3d 1138, 1175 (C.D. Cal. 2016)……………………...7

*U.S. Bank Nat'l Ass'n v. Ables & Hall Builders*, 696 F. Supp. 2d 428, 440-441 (S.D.N.Y. 2010)……………………………………………………………………………5

*Varni Bros. Corp. v. Wine World, Inc.*, 35 Cal.App.4th 880, 887 (Cal. App. 1995)…………...2

*Valencia v. Shell Oil Co.*, 23 Cal.2d 840, 846 (1944)…………………………………………..5

*Warner-Lambert Pharm. Co. v. John J. Reynolds, Inc.* (S.D.N.Y.1959) 178 F.Supp. 655, 661……………………………………………………………………..2

*Williams v. Gaye,* 885 F.3d 1150, 1160 (9th Cir. 2018)………………………………………..5

STATUTES:

Cal. Civ. Code §1643……………………………………………………………………………3

Fed. R. Civ. Proc 56(c)(1)………………………………………………………………………7

OTHER SOURCES:

Restatement (Second) of Contracts § 350(1)……………………………………………………….. 5

1 Witkin, Summary of Cal.Law, supra, Contracts, § 696…………………………………………2

# MEMORANDUM OF POINTS AND AUTHORITIES

Defendants Labrador Entertainment Inc. dba Spider Cues Music Library and Labrador Entertainment, LLC (collectively, "Labrador"); Noel Palmer Webb and the Webb Family Trusts (collectively, "Webb") reply to Plaintiff Beatbox Music Pty Ltd.'s ("Beatbox") Response in opposition to the Labrador and Webb motion for summary judgment. Labrador and Webb respectfully ask this Court to enter summary judgment in their favor in view of these reply arguments.

## I. SUMMARY OF THE REPLY

Labrador raises five points in reply to Beatbox's opposition:

A. The Agreement allows for the removal of a musical work even though that is not explicitly stated. Contractual gaps are often interpreted and applied by the Court at the summary judgment stage. A reasonable interpretation of the Agreement allows for songs to be removed once distributed by the publisher to the sub-publisher. The contrary interpretation would be that the Publisher would have to terminate the Agreement every time a minor change to the song library or catalog had to be made. Since Beatbox has not shown by admissible evidence that the Cue at issue was part of the 2012 or 2014 catalogs, this issue is ripe for summary judgment and there is no triable issue of fact.

B. The Cue was not part of the 2012 and 2014 catalog, and Beatbox did not have the right to distribute the Cue, distribution of an unlicensed work is not actionable by a sub-publisher.

C. There is no claim of infringement under California law as the New Zealand judgment has no binding or preclusive effect in this case under the doctrine of extra-territoriality.

D. Agreement, Beatbox has a contractual obligation to contact the publisher on any clearance issues under a duty to mitigate damages and was actively negligent in failing not to do so.

E. The derivative claims (alter-ego and fraudulent conveyance) clearly stand or fall with the core contractual claims as they are predicated on liability for the contractual claims.

## II. REPLY ARGUMENT

### A. THE AGREEMENT CONTEMPLATES THE DELETION OF A SONG AFTER IT HAS BEEN DISTRIBUTED FROM THE PUBLISHER (LABRADOR) TO THE SUB-PUBLISHER (BEATBOX)

Beatbox's argument that when a contract is silent as to provision, that there is no provision (See Opp at ECF 212, pg. 2, ln 7-8). This argument fails in that under California law the contract must be interpreted to make it lawful and effective. Cal Civ Code §§1643, 1866.

Just because a term is omitted in a contract does not mean that the Court under the doctrine of judicial construction cannot construct a reasonable term. See *Lura v. Multaplex, Inc.*, 129 Cal.App.3d 410 (Cal. App. 1982) relying on *Warner-Lambert Pharm. Co. v. John J. Reynolds, Inc.* (S.D.N.Y.1959) 178 F.Supp. 655, 661, aff'd 280 F.2d 197 (finding that silence as to the term of duration in a contract implies a "reasonable term"). As was explained in *Varni Bros. Corp. v. Wine World, Inc.*, 35 Cal.App.4th 880, 887 (Cal. App. 1995), usage can be invoked only to interpret, and not create contractual terms, but a reasonable usage may supply an omitted term, or otherwise supplement an agreement (citing to 1 Witkin, Summary of Cal.Law, supra, Contracts, § 696). This process is allowable if the Court can determine if the parties had a manifestation to allow omitted term.

The object of the contract is the distribution of the recordings and their identification of the recordings within the catalogs (i.e., libraries), in this case using Excel spreadsheets. Beatbox

Reply to Plaintiff's Opposition to MSJ    Page  2

does not dispute that the Agreement is silent as to both <u>additions</u> and <u>deletions</u>, a point conveniently ignored in Beatbox's opposition. Since Labrador was able to <u>add songs</u> in 2009 to Beatbox's library by delivering Excel spreadsheets and the associated music files (Webb Decl., Exh. 19 to 30), it stands to reason that Labrador could <u>delete songs</u> by delivering new Excel spreadsheets and the associated music files (Webb Decl., Exh. 31). This is exactly what was done in 2012 and 2014, without an objection at that time by Beatbox. Also Beatbox does not object to Labrador's position that the 2012 and 2014 libraries lacked the Cue (*Eminem-Esque*).

The opposite construction would be that the parties never intended to either add or delete music songs because that provision is not expressed in the contract. But that construction would destroy the objective of the contract, which was to distribute music to the mutual benefit of both parties. See Cal Civ Code §1643; *Safeco Ins Co. of America vs. Robert* S., 26 Cal 4th 758,765 (2011). An alternate, but strained interpretation, would be that the parties intended to add music using Excel spreadsheets, but to remove music, Labrador would have to terminate the entire contract. This seems absurd when the parties are dealing with hundreds or thousands of musical works.

Labrador asks that this Court reject Beatbox's argument that the Agreement, when lacking the language for addition and deletion of music, did not allow for the parties to add and delete music during their business relationship.

**B. THERE WAS NO BREACH OF THE "WARRANTY OF INFRINGEMENT" AS THERE IS NO ACTUAL NOTICE OF CLAIMED INFRINGEMENT PRIOR TO THE EXECUTION OF CONTRACT**

Beatbox argues that Labrador expressly breached the contract *ab initio* by delivering a work that *infringed* (see Opposition, ECF 212, pg 9, ln 27 – pg. 10, ln 1), "because it falsely warranted that the Cue was an original work free and clear from adverse claims of

Reply to Plaintiff's Opposition to MSJ    Page 3

infringement". The parties do not dispute that the contract was entered into 2009, and Beatbox has introduced no evidence to show that prior to 2009, Eight Mile Style (or other related party), had given notice to Labrador or Cohen, that the Cue entitled *Eminem-Esque* infringed. Labrador will testify that no such claim was ever made. (Webb Decl, ¶6).

Under California law, there is no actionable claim of infringement unless there has been some activity by the defendant which compromises the work. *Klekas v. EMI Films, Inc.,* 150 Cal.App.3d 1102, 1110 (1984). This is logical. Copyright Infringement under the United States Law is a legal conclusion that is arrived at via a Federal Court judgment. "Notice of an alleged infringement" could have to be spelled out in the Agreement, but the Agreement only calls for warranty to apply if "…the Compositions are original and that none of the Compositions infringes any other copyright work or the rights of any third party…" There is no evidence to show that Cohen's work is not "original" under U.S. Copyright law. *Skidmore v. Zeppelin,* 952 F.3d 1051, 1069 (9th Cir. 2020) "…Although copyright protects only original expression, it is not difficult to meet the famously low bar for originality". Beatbox could have put in a provision in the Agreement, "Labrador must have musicologist review each work an issue a non-infringement opinion", but Beatbox did not demand such a provision and no such requirement exists.

Beatbox's argument that an infringement warranty is breached on the date of execution of the contract, even if the composer or publisher has no prior claims of infringement is counterintuitive. If adopted, this would force composers to never warrant anything, and for publishers to ask for clearance letters on every work a composer provides. No business would get done in the music industry and creative works would cease since a priori knowledge of future

infringement can never be contemplated. See *Williams v. Gaye*, 885 F.3d 1150, 1160 (9th Cir. 2018)(infringement of Marvin Gaye's song published in 1976 held actionable in 2012).

### C. THERE IS NO EXTRATERRITORIAL CLAIM OF INFRINGEMENT IN NEW ZEALAND UNDER CALIFORNIA LAW?

Beatbox does not present any argument against the fact that there was no claim of infringement under California Law and that the judgment has no extraterritorial effect.

### D. BEATBOX'S FAILURE TO CONTACT LABRADOR WHEN ASKED BY THE END-USER OF THE CUE ("NATIONAL PARTY") IS ABSOLUTE BAR TO RECOVERY

Under California law, every party has an absolute obligation to mitigate damages, either in contract or tort. A plaintiff may not recover damages that been avoided if reasonable and appropriate mitigation efforts within plaintiff's means had been taken. *Steelduct Co. v. Henger-Seltzer Co.*, 26 Cal. 2d 634 (1945) ("Plaintiff cannot recover for loss which by reasonable means it could have avoided"). This duty does not apply when the cost to the Plaintiff is excessive. See *Valencia v. Shell Oil Co.*, 23 Cal.2d 840, 846 (1944). But this common law rule is adopted in every jurisdiction. See *U.S. Bank Nat'l Ass'n v. Ables & Hall Builders*, 696 F. Supp. 2d 428, 440-441 (S.D.N.Y. 2010) (citing Restatement (Second) of Contracts § 350(1)). "In a breach of contract action, a plaintiff ordinarily has a duty to mitigate the damages that [it] incurs. If the plaintiff fails to mitigate [its] damages, the defendant cannot be charged with them."

Here is a case where the cost to Beatbox to inquire about the Cue was the equivalent of a long distance phone call (or cheaper still, an email). When the National Party's representatives inquired about the Cue, Amy Bodsworth of AMCOS stated that the song hadn't been registered in their system. (See e-mail 6/16/14 to Bali Virk of Graffiti Media)(Exh. 33). Bali Virk then sought clearance from Lewis Mackenzie at Beatbox on June 16, 2014 for the Cue. (See, Exh. 34). Beatbox had an obligation to contact Labrador to confirm the Cue was fee to use when it did had a questionable registration. Or at the very least, Beatbox had an obligation to check the Excel spreadsheets sent from Labrador to confirm that the Cue was removed in 2012 and 2014.

Reply to Plaintiff's Opposition to MSJ     Page 5

What is most striking is the communication from Lewis MacKenzie at Beatbox who stated to Peter Moore on June 18, 2014:

> **The agreement we have with the publisher gives us assurance that the music does not infringe on copyright and is free to be used for production purposes. If any issues were to arise regarding copyright then the responsibility would fall 100% upon the publisher so there is no need for worry. In this regard.** (Ex 35).

Beatbox presents no evidence that Lewis MacKenzie is a licensed to practice law in California, and yet he is allowed to provide an unwarranted legal opinion regarding the interpretation of a California contract. Beatbox's "legal opinions" to third parties in 2014 were not only incorrect, they appear to have been rendered by a music salesman. (Lewis's title is 'Music Consultant'). Beatbox never sought clearance from Labrador. Beatbox never obtained a legal opinion of non-infringement prior to use. See *Stryker Corp. v. Davol Incorporated*, 234 F.3d 1252, 1260 (Fed. Cir. 2000), finding of contempt for reliance on unqualified opinion of counsel. It is clear that Beatbox's unqualified legal opinion to Peter Moore and the misinterpretation of the Agreement that was the cause of the lawsuit by Eminem in New Zealand, not the Cue supplied in 2009 and them removed in 2012 by Labrador.

Plaintiff misconstrues this argument as "inventing contractual duties" that won't excuse the obligation to indemnify. A claim of indemnity will not succeed when the person seeking indemnity has been ***actively*** negligent. *Rossmoor Sanitation, Inc. v. Pylon, Inc.*, 13 Cal.3d 622 (Cal. 1975). Beatbox provided no evidence in opposition to the MSJ: 1) that Beatbox had removed the Cue from the available works in 2009, pursuant to Barbara Baker's instruction to its own employee to remove the Cue in 2009; 2) that Beatbox advised AMCOS to delete the Cue from available works registered in New Zealand when Labrador removed that Cue along with others from distribution in 2012; or 3) that Beatbox had contacted

Labrador about clearing the Cue for use in 2014.  Thus, these three facts clearly indicate Beatbox was ***actively negligent*** in allowing the distribution of the Cue in 2014, and is barred from seeking or obtaining indemnity from Labrador. (See MSJ  ECF 207-1 and Separate Statement of Facts ECF 207-6).

### E. THE UVTA ("FRAUDULENT CONVEYENCE") AND ALTER-EGO CLAIMS DEPEND ON THE UNDERLYING CONTRACTUAL ISSUES ("STAND OR FALL")

The Plaintiff's alter ego action must stand or fall with the underlying claim against the corporation because two conditions must be met before it will be invoked—that there is both a unity of interest and ownership that the separate personalities of the corporation and the individual no longer exist, and there must be an inequitable result if the acts in question are treated as those of the corporation alone. *Automotriz Del Golfo De California S.A. De C. V. v. Resnick*, 47 Cal.2d 792, 795 (Cal. 1957).  Conclusory allegations of "alter ego" status are insufficient to state a claim. Rather, a plaintiff must allege specifically both of the elements of alter ego liability, as well as facts supporting each. *In re Currency Conversion Fee Antitrust Litigation,* 265 F.Supp.2d 385, 426 (S.D.N.Y. 2003).

In Plaintiff's Opposition, Beatbox agrees that it will take an abuse of the corporate privilege to justify holding the equitable owner of the corporation liable under *Roman Catholic Archbishop v. Superior Court*, 15 Cal.App. 3d 405, 411 (Opposition, pg. 16).  Yet, in the opposition, the mere conclusory allegations and citations to the law are insufficient to create a triable issue of fact under FRCP 56(c)(1)(party must show by citation to particular parts of the materials in the record that there is a disputed material fact or the presence of a genuine dispute of fact).  Beatbox merely alleges that "Labrador's Extreme Conduct Warrants the Remedies Provided by *Alter Ego*" in a heading, and implies that there was misuse of the corporate laws by a sham corporate entity formed to commit fraud—no evidence of which can be found in the record. (Opposition, pg. 16-17.)

Likewise, The Fraudulent Conveyance claims must stand or fall with the underlying contract claims in Plaintiff's case.  As detailed in the underlying MSJ, Labrador is entitled to

**Reply to Plaintiff's Opposition to MSJ     Page  7**

summary judgment on these claims because Beatbox has no evidence that the transfer of assets from Labrador Entertainment, Inc. to Labrador Entertainment, LLC was made "with the <u>intent</u> to prevent a creditor from reaching the interest to satisfy it's claim." *Tatung Co. v. Shu Tze Hsu*, 217 F.Supp.3d 1138, 1186 (C.D. Cal. 2016). There is simply no evidence to point to that the transfer of the assets was anything more than a means to acquire insurance for the business. (ECF 207-2, Webb Decl. 23 and 25.) Both entities exist today, and Beatbox, if they are successful in their underlying contractual claims, can execute a future judgment against both companies, since neither Labrador company has transferred assets to third parties in order to avoid satisfying its creditors, or diverted the income from recording portfolios. (ECF 207-2, Webb Decl. 25 and 26.) The corporation was formed in 2001—long before the Beatbox contract existed. (ECF 207-2-Webb Decl. 22.)

    Beatbox claims in its Opposition the conclusion that Labrador created various entities in an effort to transfer all of their assets fraudulently to "hinder, delay or defraud" the Plaintiff. (Opposition pg. 18.) When examined more closely, Plaintiff cites to no evidence that shows any fraud, intent to defraud, etc. that creates a triable issue of fact. It merely references the eleven badges of fraud as provided in ECF 208. Accordingly, these fraudulent conveyance claims fail in creating a triable issue of fact.

**Reply to Plaintiff's Opposition to MSJ    Page 8**

### III. BEATBOX'S OTHER ARGUMENTS ARE OUTSIDE THE SCOPE MOVING PAPERS AND SHOULD BE IGNORED

In an effort to prevent summary judgment from being entered in this case, Beatbox makes seven (7) superfluous arguments that have no relevance to the Court's determination of Labrador's MSJ. Each of these "claims" should be ignored as they have no relevance to Labrador's motion or consist only of unsupported argument.

#### A. Claim of Deficient Citations to Factual Record

Beatbox claims that there is a lack of citation to the factual record. One look at the summary of facts in the MSJ proves this allegation wrong. The inclusion of words such as "sweeping generalization", "mental gymnastics" and "skimpy" arguments, along with claims that the Court should not "fill[] the void" or "salvage [the] unsupported argument" are simply red herrings and should be ignored. Further, there is no reference to areas in the MSJ where the argument is lacking in citation—thus, questioning the reliability of this claim.

#### B. Claim that Labrador Misstates Pertinent Facts and Law Regarding Indemnification

Beatbox claims that Labrador misstates the pertinent facts and law regarding indemnification (Opposition, pg. 12-13). This is unsupported by the evidence. Beatbox does not point to any particular case that is misquoted or misstates the law in California, as one would expect when such a claim is made.

Instead, Beatbox apparently now realizes it was only granted the right to disseminate the recordings for dubbing purposes only in its contract with Labrador. (See ECF 207-2, Exh. 1, 5 to Webb Decl.) At this stage of litigation, well after Plaintiff could have amended it's operative complaint, such claims are wholly irrelevant and outside the scope of Labrador's MSJ. Beatbox is the one who provided the draft contract to Labrador, so if there is something missing in the

parties' agreement, it should be resolved in favor of Labrador. This latest attempt to argue "new facts" by Beatbox is completed inappropriate on the MSJ and should be disregarded.

### C. CLAIM THAT THE PARTIES' AGREEMENT CONTEMPLATED LABRADOR'S INDEMNITY OBLIGATION CONTINUED INDEFINITELY

Beatbox alleges that the plain language of the parties' agreement specifically contemplated that Labrador's indemnity obligation in the event the Cue continued to be exploited after Labrador became aware it was an infringing work, apparently indefinitely (Opposition, pg. 13-14.). This would be true if Labrador had left the Cue in the available libraries sent to Beatbox in 2012 and 2014. However, Labrador repeatedly advised Beatbox of cues that needed to be removed from distribution (ECF 207-2, Webb Decl. 9 and Exh. 5; 11 and Exh. 6; 12 and Exh. 7; SS 8, 10 and 11). The Bakers understood the Cue was not in the 2012 catalog when they met with the Webbs on April 6, 2012 (ECF 207-2,Webb Decl. 9-10; SS 9), and the Bakers agreed to replace their existing library with Labrador's new 2014 library when the parties met again on March 28, 2014. (ECF 207-2, Webb Decl. 12 and Exh. 7; SS 13).

### D. CLAIM THAT INDEMNITY AGREEMENTS WHICH REQUIRE A PARTY TO PROTECT ITS COUNTERPARTY FROM BREACHES OF REPRESENTATIONS AND WARRANTIES ARE ENFORCEABLE UNDER CALIFORNIA LAW

Beatbox claims that parties to an indemnity contract may apply only if the promisor was negligent, or conversely, even if the promisor was not negligent. (Opposition, pg. 14.) Yet, the indemnity language in this case does not involve the situation that Plaintiff seeks to turn the contract into. Beatbox cites to cases that emphasize great freedom in allocating responsibilities as they see fit, etc. (Opposition, pg. 15). Yet, Labrador is merely applying the law that is applicable to the type of indemnity clause the parties had—a general indemnity clause, in this case. *Rossmoor Sanitation, Inc. v. Pylon, Inc.* (1975) 13 Cal.3d 622, 628. Other arguments that do not apply to the facts of the case should be disregarded.

### E. CLAIM THAT LABRADOR'S "NOVEL" ARGUMENT OF ACTIVE VS. PASSIVE NEGLIGENCE IS LEGALLY DEFICIENT AND WHOLLY IRRELEVANT

Plaintiff claims that Labrador's "novel" argument regarding passive vs. active negligence is legally deficient and wholly irrelevant. The identification of whether the one seeking indemnification is passively or actively negligent is exactly what California law has provided since 1975. *Id*. Even though *Link-Belt Vo. v. Star Iron & Steel Co., 65 Cal.App.3d 24*, may have dealt with equitable indemnity as compared to express indemnity, both are subject to public policy that disfavors one trying to escape the consequences of its own negligence (*Id*. at 29; *Rossmoor, supra*, 13 Cal.3d at 628). Beatbox's argument that passive vs. active negligence as a determinative factor in indemnification cases is novel, legally deficient and irrelevant is without any merit whatsoever.

### F. CLAIM THAT LABRADOR RELIES UPON INADMISSIBLE CONJECTURE ON THE ISSUE OF THE MANNER IN WHICH THE LICENSE TO THE NEW ZEALAND NATIONAL PARTY WAS ADMINISTERED

Beatbox claims that Labrador relies upon inadmissible conjecture on the issue of the manner in which the license to the New Zealand National Party was administered. Specifically, Beatbox states that Webb's testimony regarding the administration of copyright licenses in New Zealand lacks foundation. Even if true, it does not matter how specifically the licensing of the Cue was handled in New Zealand because Labrador entered into a contract with Beatbox for Beatbox to handle the exploitation of the recordings provided by Labrador in New Zealand (ECF 207-2, Exh. 1 to Webb Decl.) Moreover, Beatbox does not point to any facts or even paragraphs in Webb's declaration that should be excluded—it challenges the Court to disregard "any portion" of Labrador's argument relying upon a declarant's testimony that lacks personal knowledge, or to disregard Webb's Declaration in its entirety based on an unproven claim that it raises issues of credibility. Such claim should also be disregarded and ignored in its entirety.

**Reply to Plaintiff's Opposition to MSJ   Page  11**

### G. CLAIM THAT LABRADOR HAD NO PRIVITY OR INTEREST IN THE BB-AMCOS AGREEMENT, AND ITS MSJ FAILS TO THE EXTENT IT SEEKS TO ENFORCE ANY OF THE TERMS OF THE BB-AMCOS AGREEMENT

Beatbox alleges that Labrador seeks to enforce the BB-AMCOS agreement. Labrador's MSJ seeks no such thing. It does, however, rely upon one of the requirements of the agreement imposed upon Beatbox as evidence to be used in interpreting the parties' contract on the deletion of musical works between the parties. Such superfluous argument should be ignored.

## V. CONCLUSION

For the foregoing reasons, Labrador and Webb request entry of summary judgment in their favor.

Dated: August 9, 2021                      /s/ J. Curtis Edmondson
                                           J. Curtis Edmondson
                                           Attorney for Defendants