Daniel Lee Jacobson134978
dlj@jacobsonlawyers.com
Ronak Patel 296296
rp@jacobsonlawyers.com
JACOBSON & ASSOCIATES
1352 Irvine Blvd., Suite 205
Tustin, CA 92780
(714) 505-4872

Attorneys for Defendant/Crossclaimant Michael Cohen, and Defendant MCPC Holdings, LLC

U.S. District Court for the

Central District of California

| | |
|---|---|
| BEATBOX MUSIC PTY, LTD., | Case #: 2:17-cv-06108-MWF-JPR |
| Plaintiff | *Assigned to the Honorable Michael W. Fitzgerald* |
| v. | *Ex Parte* Application to Modify The Rule 16 Scheduling Order |
| LABRADOR ENTERTAINMENT, INC., et al. | *Ex Parte* Application Filed on 04/22/22 |
| Defendant | |
| AND ALL RELATED CROSSCLAIMS | Original Complaint filed: 08/22/17 |

///

///

///

- 1 -
Defendants Michael Cohen and MCPC Holding's *Ex Parte* Application to Modify The Rule 16 Scheduling Order

### Reason for Need for Ex Parte Relief

There is no time to file and have a hearing regarding the relief requested.

### Relief Requested

Defendant/Crossclaimant Michael Cohen ("Mr. Cohen"), and Defendant MCPC Holdings, LLC ("MCPC") request that the Court

    a.    Set the Final Pre-trial Conference for August 29, 2022;[1]

    b.    Have the yet-to-be-completed Rule 16 tasks be tied to the above Final Pre-trial Conference date.

    c.    So, those documents listed in the Court's September 22, 2020 Rule 16 Order, which have yet to be completed, should be separated by the same number of days as they were in the September 22, 2020 Order.  *Dkt.* 164.

In other words –

The following documents[2] would be due 21 days before the August 29, 2022 Final Pre-trial Conference (August 8, 2022)**:** (1) File Memorandum of Contentions of Fact and Law; (2) Exhibit List; (3) Witness List; (4) Status Report regarding settlement; and, (5) all Motions in Limine.

and –

---

[1] Please note:  *L.R.* 16-9 weighs heavily against the <u>continuance</u> of a Pre-trial Conference. Thus, it is important to note that the instant request is not for the <u>continuance</u> of a Final Pre-trial Condeference – this case does not have a Final Pre-trial Conference calendared, at all. The instant request is for the <u>setting</u> of a Final Pre-trial Conference.

[2] Which have yet to be served and filed.

The following documents[3] would be due 14 days before the August 29, 2022 Final Pre-trial Conference (August 15, 2022): (1) Lodge Pre-trial Conference Order; (2) file agreed set of Jury Instructions and Verdict forms; (3) file statement regarding Disputed Instructions and Verdict Forms; and file oppositions.

**Brief Recent History of Rule 16 Scheduling Order**

In February of 2022 the Court had certain Motions for Summary Judgment pending before it. In the Court's February 4, 2022 Order, the Court tied the Rule 16 deadlines to the entry of the Court's orders on those motions. "[T]he Rule 16 deadlines are EXTENDED to 45 days after the Court rules on the pending Motions for Summary Judgement. 02/04/22 Order 1:27-2:1, *Dkt*. 253.

The Court entered its rulings on said motions on April 1, 2022, making certain Rule 16 documents[4] due on May 16, 2022 (forty five-days later). The Rule 16 Scheduling Order modified by *Dkt*. 253 required other Rule 16 documents to be due one week later,[5] Monday, May 23, 2022.

///

---

[3] Which also have yet to be served and filed.

[4] Memorandum of Contentions of Fact & Law; exhibit list; witness list; status report regarding settlement, and motions in limine.

[5] Lodging the pre-trial conference order; file agreed set of jury instructions; verdict forms; statement regarding disputed instructions and verdict forms; and, file Oppositions.

Preview of Argument

## Solvable problems

*California Board of Accountancy*

The undersigned will be Defendant/Crosscomplainant Michael Cohen's and Defendant MCPC Holdings' attorney at trial of this matter. The undersigned is a member of the State of California's Board of Accountancy, having recently been reappointed to a second term by the Speaker of the California Assembly. The Board licenses and polices all of the CPAs in California. The Board usually meets six times a year for what is usually a two-day meeting. There is such a meeting on Thursday, May 19, 2022 - Friday, May 20, 2022. For a typical Board meeting, it generally takes the undersigned about three days to study the matters that will be heard by the board at said meeting. The Undersigned does not have his full materials to study until approximately the Monday of the week of the meeting. Declaration of Dan Jacobson.

The undersigned is obligated to study for the Board meeting on Monday May16, 2022, Tuesday, May 17, 2022, and Wednesday, May 18, 2022. Then I'm obligated to attend the meeting on Thursday, May 19, 2022 - Friday, May 20, 2022.[6] Declaration of Dan Jacobson.

///

---

[6] The undersigned filed an appropriate Notice of Unavailability on the same day as when the Court issued its rulings on the motions for summary judgment, but our filing was a few hours after the Court's entry of its rulings.

*Putting this case on a "regular order" track will be beneficial to the Court and to the parties*

That this case has no calendared Final Pre-trial Conference is no one's fault. However, with the calendared of such a Conference the case should move apace. Under the proposed order, Rule 16 documents will be served and filed in due course, under the Local Rules and the Federal Rules of Civil Procedure. Such are designed to have the parties completely ready for trial in a timely manner. A trial in a timely manner will bring justice to the parties and help the Court continue to operate efficiently.

*In re*: THE JACOBSON FAMILY Trust u/t/d SEPTEMBER 27, 1977, AS AMENDED, Orange County Superior Court Case # 30-2018-00975081-PR-TR-CJC

The undersigned is the Lead Petitioner in the above-named Orange County Probate Case. The trial date for that case is June 20, 2022. (The trial has been continued multiple times; and was transferred to the current judge to avoid any more continuance.) The undersigned wants to exercise his right to attend that trial. If this Court chooses to have a trial date of *Beatbox* shortly after the Rule 16 documents are due, there could be a calendar conflict.

///

**Name, Address, Phone Number, and Email Address of Opposing Counsel**

Plaintiff Beatbox Music PTY LTD.'s attorneys

Heather Blaise, hblaise@blaisenitschkelaw.com
Thomas Key, thomask@blaisenitschkelaw.com
Blaise & Nitschke, P.C.
145 S Wells St, Ste 1800, Chicago, IL 60606-5161
312-448-6602

Attorneys for Defendants Labrador Entertainment, Inc., Labrador Entertainment, LLC, Noel Palmer Webb, and Webb Family Trust "The Labrador Defendants"

J. Curtis Edmondson, jcedmondson@edmolaw.com
Law Offices of J. Curtis Edmondson PLLC
15490 NW Oak Hills Dr.
Beaverton, OR 97006
503-336-3749

Douglas J. Rosner, rosnerlay@earthlink.com
Law Office of Douglas J. Rosner
2625 Towngate Road, Suite 330
Westlake Village, CA  91361
818-501-8400

**Notice to Other Parties**   *See* Declaration of Dan Jacobson

On 04/21/22 Mr. Cohen's and MCPC's Attorney Dan Jacobson (the undersigned) spoke via telephone with J. Curtis Edmondson, attorney for (a) Labrador Entertainment, Inc.; (b) Noel Palmer Webb; (c) Labrador Entertainment, LLC; and, (d) Webb Family Trust.

**On behalf of all of his clients, Mr. Edmondson said that he concurs with the instant Application**. So obviously (a) Labrador Entertainment, Inc.; (b) Noel Palmer

Webb; (c) Labrador Entertainment, LLC; and, (d) Webb Family Trust will not oppose this Application.

On 04/21/22 both Mr. Edmondson and the undersigned tried to reach Attorney Heather Blaise on her cell phone and at her office. Ms. Blaise represents Plaintiff Beatbox Music, Pty, LTD. She didn't answer. On 04/22/22, Ms. Blaise emailed Mr. Edmondson, copying other lawyers in this case and staff for those lawyers. Below is the email that she sent.

**From:** Heather Blaise <hblaise@blaisenitschkelaw.com>
**Sent:** Friday, April 22, 2022 7:37 AM
**To:** Curtis Edmondson J. <jcedmondson@edmolaw.com>
**Cc:** rp@jacobsonlawyers.com; Dan Jacobson <dlj@jacobsonlawyers.com>; axa@jacobsonlawyers.com; Douglas Rosner <Doug@drosnerlaw.com>; Jessica Lesko <jessical@blaisenitschkelaw.com>; Thomas Key <thomask@blaisenitschkelaw.com>; msanderson@blaisenitschkelaw.com; Kelly Muenzing <kellym@blaisenitschkelaw.com>
**Subject:** Re: Meet and Confer - 9am

Curt:

I did not agree to a 9 am meet & confer today, so I am not sure where you are getting that it would "still" be set. I have been sick all week. Last I heard from Ronak, they were planning to file a Motion to Dismiss for lack of subject matter jurisdiction if we were unable to reach a settlement and he was going to be getting back to me on that topic with his maximum authority after speaking with Curt. I believe that would inform my decision on whether or not to stipulate as Dan proposes, so please provide that information: 1) whether or not Cohen is filing a motion to dismiss for lack of subject matter jurisdiction; and 2) whether or not I have Cohen's final and best settlement offer. In addition, I am still awaiting a time from you Curt to meet & confer on your untimely witness disclosures, which I have requested a time repeatedly from you without a date and time.

Sincerely,

Heather L. Blaise

Despite the above email, the undersigned called Ms. Blaise's cell phone on

04/22/22. She did not answer and the voice mail box was "full." The undersigned then called Ms. Blaise's office. A machine answered and informed the caller (the undersigned) that Ms. Blaise's firm could not answer the call. So, the undersigned left a voice mail for Ms. Blaise, giving Ms. Blaise this information.

(a) the date of the filing of the instant ex parte Application regarding Rule 16, (b) the substance of the instant Application, (c) the following information: if Beatbox chooses to oppose the instant Application, Beatbox's Opposition must be filed no later than 24 hours after service of the Application or one Court after such service. Said voice mail was followed with an email giving the same information.

Thus, the undersigned does not know if Beatbox will oppose this Application; but, given that we did not accede to Ms. Blaise's emailed request for irrelevant information, we think that Beatbox may oppose this Application.

<u>*Memorandum of Points and Authorities*</u>

**A. '"The trial judge must meet situations as they arise and to do this must have broad power to cope with the complexities and contingencies inherent in the adversary process."'**
***Loher v. Thomas*** **825 F.3d 1103, 1114-1115 (9th Ct. 2016), citing and quoting *Morris v. Slappy*, 461 U.S. 1, 111 (1983).**

That the Court's 04/01/22 entry of its decisions in the then-pending motions for summary judgment would end up in a "Mouse Trap" type metaphoric contraption that

would end with the instant case conflicting with California's operation of its administrative functions is an almost unrepeatable fluke.[7]

The undersigned will be Defendant/Crosscomplainant Michael Cohen's and Defendant MCPC Holding's attorney at trial of this matter; and thus, must be deeply involved in the preparation of Rule 16 documents.

The undersigned is a member of the State of California's Board of Accountancy, having recently been reappointed to a second term by the Speaker of the California Assembly. The Board licenses and polices all of the CPAs in California. The Board usually meets six times a year for what is usually a two-day meeting. There is such a meeting on Thursday, May 19, 2022 - Friday, May 20, 2022. For a typical Board meeting, it generally takes the undersigned about three days to study the matters that will be heard by the board at said meeting. The undersigned generally does not have his full materials to study until approximately the Monday of the week of the meeting. Declaration of Dan Jacobson.

The Speaker of the Assembly expects the undersigned to be fully prepared for Board of Accountancy meetings. As mentioned, since it generally takes the undersigned about three days to prepare for such a meeting, the undersigned had planned to study for the Board meeting on Monday, May 16, 2022, Tuesday, May 17, 2022, and Wednesday, May 18, 2022. Then, of course, the Speaker expects the

---

[7] The Undersigned filed an appropriate Notice of Unavailability on the same day as when the Court issued its rulings on the motions for summary judgment, but our filing was a few hours after the Court's entry of its rulings.

1. undersigned to attend the meeting on Thursday, May 19, 2022 - Friday, May 20, 2022.
2. Declaration of Dan Jacobson.

   The requested adjustment to the Rule 16 issues does not disturb the trial of this case. In fact, getting back "regular order" regarding this case should aid it in preparation for a timely trial. Thus, the requested relief should be granted.

**B. "[T]he courts must "look to the practical realities and necessities inescapably involved in reconciling competing interests, in order to determine the "'special blend of what is necessary, what is fair, and what is workable.'"**
***Int'l Brotherhood of Teamsters*** **v. United States, 431 U.S. 324, 374 (1977), citing and quoting *Lemon v. Kurtzman* 411 U.S. 192, 200-201 (op. of Burger, C.J.) (1973).**

*Regular order*

That this case has no calendared Final Pre-trial Conference is no one's fault. However, with the calendaring of such a Conference this case should move apace, as it will be on the "regular order" track. Under the proposed order, Rule 16 documents will be served and filed in due course, under the Local Rules and the Federal Rules of Civil Procedure. Such are designed to have the parties completely ready for trial in a timely manner. A trial in a timely manner will bring justice to the parties and help the Court continue to operate efficiently.

///

///

*In re*: THE JACOBSON FAMILY Trust u/t/d SEPTEMBER 27, 1977, AS *AMENDED,* Orange County Superior Court Case # 30-2018-00975081-PR-TR-CJC

The undersigned is the Lead Petitioner in the above-named Orange County Probate Case. The trial date for that case is June 20, 2022. (The trial has been continued multiple times; and was transferred to the current judge to avoid any more continuances.) The undersigned wants to exercise his right to be at that trial. If this Court chooses to have a trial date of *Beatbox* shortly after the Rule 16 documents are due, there could be a calendar conflict.

### Conclusion

For reasons that have no fault attached to them, this case's posture will intersect and interfere with California's smooth operation of its administrative functions. Also without fault is the fact that this case lacks the rudder of a calendared Final Pre-trial Conference. Again, without anyone's fault, an unadjusted Rule 16 Order could interfere with the undersigned's right to attend a State Court Trial, in which he is the Lead Petitioner.

DATED: 04/22/22                                    **Jacobson & Associates**

_____
Dan Jacobson, Attorneys
for Michael Cohen &
MCPC Holdings, LLC