BLAISE & NITSCHKE, P.C.
HEATHER L. BLAISE, ESQ. (SBN 261619)
145 S. Wells Street, Suite 1800
Chicago, IL 60606
Telephone: 312-448-6602
Email: hblaise@blaisenitschkelaw.com

Attorneys for Plaintiff,
BEATBOX MUSIC PTY, LTD.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEATBOX MUSIC PTY, LTD.,<br><br>Plaintiff,<br><br>v.<br><br>LABRADOR ENTERTAINMENT, INC. D/B/A SPIDER CUES MUSIC LIBRARY, a California corporation; NOEL PALMER WEBB, an individual; MICHAEL COHEN, an individual; LABRADOR ENTERTAINMENT, LLC; MCPC HOLDINGS, LLC; WEBB FAMILY TRUST and DOES 1-20, inclusive,<br>Defendants.<br><br>AND ALL RELATED ACTIONS | CASE NO: 2:17-cv-6108 MWF (JPRx)<br>*Assigned to the Hon. Michael W. Fitzgerald*<br><br>**PLAINTIFF BEATBOX MUSIC PTY, LTD'S OPPOSITION TO *EX PARTE* APPLICATION TO MODIFY THE RULE 16 SCHEDULING ORDER**<br><br><br>Trial Date:<br>FAC:                    January 24, 2020<br>Cross-Claim Filed: November 21, 2017<br>Action Filed:        August 17, 2017 |

## <u>OPPOSITION TO DEFENDANTS' *EX PARTE* APPLICATION</u>

### Summary of Plaintiff's Opposition

Plaintiff Beatbox Music PTY, LTD. opposes Defendants Michael Cohen and MCPC Holdings, LLC's (collectively the "Cohen Defendants") *Ex Parte* Application to Modify the Rule 16 Scheduling Order for the following reasons:

1) There is no trial date set in this matter and any Final Pre-trial Conference should be tied to a trial date which is set in consultation with the Court, the attorneys of record, and the parties to this action, consistent with the instructions of Federal Rule of Civil Procedure 16(e) providing, *in pertinent part*: "**The conference must be held as close to the start of trial as is reasonable**[.]";

2) The Court's Order dated February 4, 2022 (Dkt. 253) granting Cohen Defendants' *Ex Parte* Application for Relief from Local Rules 83-9.2 and 83-9.4; and for Request that Certain Documents be Due from the Parties 45 Days after the Court Issues Its Decision on Pending Motions is clear that: "The Court's October 28, 2021 Order (Docket No. 246) granting the parties' Stipulation (Docket No. 245) is MODIFIED as follows: the Rule 16 deadlines are EXTENDED to 45 days after the Court rules on the pending Motions for Summary Judgment" which is May 16, 2022; and

3) The Cohen Defendants indicated on April 8, 2022 that they intend to file a Motion to Dismiss for lack of subject matter jurisdiction, and a Motion to Dismiss Labrador Entertainment Inc.'s First Amended Counterclaim Against Beatbox Music Pty, Ltd. and Michael Cohen (Dkt. 139), and thus, requesting yet another extension to meet the requirements of Rule 16 if Cohen Defendants legitimately intend to file any dispositive motions at this late date is a waste of judicial and party resources; and

4) The Labrador Defendants for the first time on April 9, 2022 disclosed witnesses they intend to call at trial, after the close of discovery on July 23,

2021, and only 37 days before their compliance with Rule 16 is due, making any extension highly prejudicial to Plaintiff insofar as it would make the untimely disclosure appear less egregious.

*See* Declaration of Heather L. Blaise attached hereto.

### Relief Requested

Plaintiff Beatbox request that the Court:

a. Set a trial date in consultation with all parties and attorneys of record and to fixate a Final Pre-trial Conference consistent with the parameters of Rule 16(e);

b. That compliance with Rule 16 be consistent with this Court's February 4, 2022 Order, or *in the alternative*, be linked to the setting of an actual trial date as opposed to a unilateral date selected by the Cohen Defendants as a Final Pre-Trial Conference which is unrelated to a trial date; and

c. That any re-setting of deadlines should take into account the Cohen Defendants' intention to file additional dispositive motions at this late date, in consideration of party and judicial resources.

### Compliance With Rule 16 Scheduling Order

Cohen Defendants' recitation of the current scheduling order is correct: "[T]he Rule 16 deadlines are EXTENDED to 45 days after the Court rules on the pending Motions for Summary Judgment. 02/04/22 Order 1:27-2:1, *Dkt*. 253." Thus, Rule 16 documents[1] are due on May 16, 2022.   The Rule 16 Scheduling Order

---

[1] Memorandum of Contentions of Fact & Law; exhibit list; witness list; status report regarding settlement, and motions in limine.

modified by Dkt. 253 required other Rule 16 documents to be due one week later,[2] Monday, May 23, 2022.

The Parties have already begun acting in compliance with the February 4, 2022 Order and have begun the exchange of proposed stipulations and held the first of many anticipated lengthy meet & confers, and scheduled the next meet & confer for April 26, 2022.  *See* Declaration of Heather L. Blaise.  Indeed, the parties agreed during the meet & confer held on April 8, 2022 that despite the ambiguity created by not having a trial date set, that the parties would endeavor to act in compliance with this Court's February 4, 2022 Order, unless and until a trial date was entered which could possibly amend the Rule 16 Scheduling Order.

**Granting the Relief Sought by**
**Cohen Defendants Would Be Prejudicial to Plaintiff**

The undersigned counsel is sympathetic to Attorney Jacobson's scheduling dilemma and does not necessarily oppose an extension of compliance with Rule 16, provided such extension is tied to an actual trial date that is set by the Court and in consultation with the parties and all attorneys of record.  However, the Cohen Defendants have more than one attorney, and compliance with Rule 16 should be able to be had by May 16, 2022, even if Attorney Jacobson must study on that day.

Moreover, to the extent that the Cohen Defendants legitimately intend to go forward with any of the dispositive motions that they have indicated they intend to file (most recently on April 8, 2022 for lack of subject matter jurisdiction), then any scheduling orders should contemplate time for such dispositive motion practice in the interest of party and judicial resources, and to avoid any prejudicial sandbagging that would result in the Cohen Defendants being granted an extension of time only to use that time to engage in dispositive motion practice, as opposed to Rule 16 compliance.

---

[2] Lodging the pre-trial conference order; file agreed set of jury instructions; verdict forms; statement regarding disputed instructions and verdict forms; and, file Oppositions.

1  Similarly, the Labrador Defendants' untimely disclosure of new witnesses after
2  discovery closure and within the 45 days of compliance with Rule 16 becomes
3  facially less-prejudicial should this Court extend the deadline for compliance to a date
4  unilaterally selected by Cohen Defendants and without any relation to a trial date,
5  despite Rule 16(e)'s instruction that: "The conference **must** be held as close to the
6  start of trial as is reasonable." (*Emphasis added*).

7  ### Conclusion

8  For the foregoing reasons, Plaintiff respectfully requests this Honorable Court
9  deny Cohen Defendants' *Ex Parte* Application to Modify the Rule 16 Scheduling
10  Order as stated; *alternatively*, grant the relief requested hereinabove, and for any
11  further relief this Court deems necessary and just.

12  DATED: April 25, 2022                    Respectfully submitted,

13                                           **BEATBOX MUSIC PTY, LTD.**
14                                            */s/ Heather L. Blaise*
15                                           HEATHER L. BLAISE, ESQ. (SBN 261619)
15                                           145 S. Wells Street, Suite1800
16                                           Chicago, IL 60606
17                                           Telephone: 312-448-6602
18                                           Email: hblaise@blaisenitschkelaw.com
                                             *Attorney for Plaintiff*