**IN THE HIGH COURT OF NEW ZEALAND**
**AUCKLAND REGISTRY**

**I TE KŌTI MATUA O AOTEAROA**
**TĀMAKI MAKAURAU ROHE**

CIV-2022-404-1903
[2022] NZHC 2674

| | | |
|---|---|---|
| | IN THE MATTER | of a letter of request from the United States District Court for the Central District of California, United States of America for assistance in obtaining evidence for civil proceedings before that court |
| | BETWEEN | LABRADOR ENTERTAINMENT, INC<br>Applicant |
| | AND | PETER MOORE and BALI VIRK<br>Respondents |

| | |
|---|---|
| Hearing: | On the papers |
| Counsel: | R Stewart for Applicant |
| Judgment: | 17 October 2022 |

**JUDGMENT OF WOOLFORD J**
**(Letter of Request from US Court)**

*This judgment was delivered by me on Monday, 17 October 2022 at 11:00 am pursuant to r 11.5 of the High Court Rules.*

*Registrar/Deputy Registrar*

Solicitors: Duncan Cotterill (J Scragg) Wellington
Counsel: R Stewart, Barrister, Auckland

LABRADOR ENTERTAINMENT, INC v MOORE [2022] NZHC 2674 [17 October 2022]

**Background**

[1]     This is a without notice originating application seeking orders to effect a letter of request from the United States District Court, Central District of California, Western Division (Los Angeles) to obtain evidence from two named respondents in New Zealand to be used in a civil proceeding before the US Court – *Beatbox Music Pty Ltd v Labrador Entertainment, Inc* (the US proceeding). The applicant is the defendant in the US proceeding.

[2]     This dispute arises as a consequence of the *Eight Mile Style LLC v New Zealand National Party* litigation in New Zealand (the NZ proceeding). Beatbox was the Fifth Third Party and Labrador Entertainment Inc (Labrador) the Fourth Party.

[3]     The relationship of the parties was set out by Cull J in the High Court judgment:

> [12]    Sometime prior to 8 March 2007, Michael Cohen (the fifth party) produced a track that he called *Eminem_abbr*, which was later renamed *SQ mc Eminem Esque*. Mr Cohen holds copyright in this track. On 14 February 2008, Mr Cohen granted Labrador Entertainment Inc (Labrador), a Californian-based production music library and the fourth party, the rights to licence his work commercially. Labrador in turn licensed Beatbox Music to make the track available in Australia, New Zealand and Fiji. Mr Cohen's track is referred to in this judgment as Eminem Esque.[1]

[4]     In September 2016 all parties to the NZ proceeding agreed that the NZ proceeding was to focus on the plaintiff's claims against the defendants and any question of indemnity or cross-claims amongst the other parties would be resolved subsequently.

[5]     Beatbox has now filed a claim in the United States District Court for the Central District of California, Western Division (Los Angeles) against Labrador. Beatbox claims that Labrador must indemnify it because Labrador broke its alleged promise that certain compositions are original and free from copyright.

[6]     Part of this dispute relates to Beatbox issuing a license to the New Zealand National Party granting it the right to use the track Eminem Esque in its political campaign. Labrador contends an important issue is the knowledge Beatbox had about

---

[1]    *Eight Mile Style LLC v New Zealand National Party* [2017] NZHC 2603 at [12].

this political campaign prior to issuing the license. It claims that Beatbox had actual knowledge of copyright concerns raised by the National Party before issuing the licence. Having been made aware of these concerns, Labrador says Beatbox was under an obligation to inform it, the publisher, of the issue. Instead, it gave the National Party assurances that there was nothing to worry about as long as it purchased a licence, and if the legality of the music was questioned liability would fall on the publisher.

[7] Labrador says that the two named respondents, Peter Moore and Bali Virk, have information that can help address the issue of knowledge. Mr Moore was one of three members, and the sole director, of Stan 3 Ltd, a company formed to provide advertising and creative services to the National Party for the 2014 campaign. Mr Moore communicated with Beatbox prior to the issuance of the licence. Stan 3 Ltd hired Graffiti Media to assist with production of the commercial. Ms Virk, an employee of Graffiti Media, was responsible for investigating and obtaining the license for Eminem Esque and also communicated with Beatbox. Some records of these communications are available but need to be authenticated for use in the United States court, and it appears from Labrador's perspective that some records are missing.

**Substance of request**

[8] The US Court requests this Court to obtain testimony from Mr Moore and Ms Virk at a pre-trial hearing which would include answering follow up questions from counsel and authenticating documents.

[9] Their evidence should be taken under oath to testify truthfully. It should be undertaken before a Court reporter. A verbatim transcript should be prepared in English alongside a video and audio transcript.[2] Counsel for the parties should be permitted to attend the examination in person or via video.

[10] The letter also requests a response as soon as reasonably practicable and requests that the parties be notified of the time and place for the execution of the request. It notes that Labrador estimates that the examination will take one hour.

---

[2] Labrador will make arrangements for a stenographic reporter and videographer if requested.

**Legal test**

[11]   Labrador seeks leave to commence this proceeding as an originating application and without notice.

[12]   An application without notice may be made only:[3]

    (a)   on 1 or more of the following grounds:

        (i)   that requiring the applicant to proceed on notice would cause undue delay or prejudice to the applicant:

        (ii)   that the application affects only the applicant:

        (iii)   that the application relates to a routine matter:

        (iv)   that an enactment expressly permits the application to be made without serving notice of the application:

        (v)   that the interests of justice require the application to be determined without serving notice of the application; and

    (b)   if the applicant has made all reasonable inquiries and taken all reasonable steps to ensure that the application and supporting documents contain all material that is relevant to the application, including any defence that might be relied on by any other party and any facts that would support the position of any other party.

[13]   Rule 7.56 provides, as relevant:

    (3)   The Judge may determine an application can properly be dealt with without notice only if the Judge is satisfied that:

        (a)   requiring the applicant to proceed on notice would cause undue delay or prejudice to the applicant; or

        (b)   the application affects only the applicant; or

        (c)   the application relates to a routine matter; or

        (d)   an enactment expressly permits the application to be made without serving notice of the application; or

        (e)   the interests of justice require the application to be determined without serving notice of the application.

    (4)   If the Judge determines that the application can properly be dealt with without notice, the Judge may—

        (a)   make the order sought in the application; or

---

[3]   High Court Rules 2016, r 7.23.

  (b) make any other order that the Judge thinks just in the circumstances; or

  (c) dismiss the application.

 (5) If the Judge determines that the application cannot properly be dealt with without notice, the Judge may—

  (a) give directions as to service and adjourn the determination of the application until the application has been served on persons who are affected by the application; or

  (b) if the Judge considers that the application has no chance of success, dismiss the application.

[14] Requests for evidence to be used in overseas jurisdictions for civil proceedings are governed by ss 184 and 185 of the Evidence Act 2006. Under s 184, the High Court may exercise the powers in s 185 if it is satisfied:

 (a) The application is made to implement a request issued by or on behalf of a requesting court; and

 (b) Any requirements prescribed in rules or regulations made under section 200 as to the form of the application and the manner in which it must be made are satisfied; and

 (c) The evidence to which the application relates is to be obtained for the purposes of civil proceedings which either have been instituted before the requesting court or whose institution before that court is contemplated.

[15] There are currently no requirements as to the form and manner of the request per subsection (b).[4] However, the form of the request must be in "substantial compliance" with the Hague Convention[5] which requires the request to specify:[6]

---

[4] *Cross on Evidence* at EVA184.4; *Certain Underwriters at Lloyd's London v Boles* [2015] NZHC 1361; and *Lewandowski v Siubiak* [2020] NZHC 2861.
[5] Convention on the Taking of Evidence Abroad in Civil or Commercial Matters (signed 18 March 1970, entered into force 7 October 1972).
[6] *Certain Underwriters At Lloyd's London v Boles* [2015] NZHC 1361 at [5]–[6].

  (a) the authority requesting its execution and the authority requested to execute it;

  (b) the names of addresses of the parties to the proceedings and their representatives;

  (c) the nature of the proceedings to which the evidence relates; and

  (d) the evidence to be obtained or other judicial act to be performed.

As appropriate, the request must also specify:

  (e) the name and addresses of persons to be examined;

  (f) the questions to be put the persons to be examined or a statement of the subject matter about which they are to be examined;

  (g) the documents or other property to be inspected; and

  (h) any requirement that the evidence be given on that or affirmation and any special form to be used.

[16] Section 185 provides:

**185 Power of High Court to give effect to application for assistance**

  (1) If this section applies, the High Court or a Judge may—

    (a) order that any provision for the taking of evidence in New Zealand that the High Court or the Judge considers appropriate for giving effect to the request to which the application relates, be made:

    (b) include in that order a requirement for any specified person to do any specified thing that the High Court or the Judge considers appropriate for that purpose.

  (2) An order under subsection (1) may include, without limitation, provision—

    (a) for the examination of witnesses, either orally or in writing at any agreed time or at any specified time and place:

  (b) for the production of documents:

  (c) for the inspection, photographing, preservation, custody, or detention of any property:

  (d) for the taking of samples of any property and the carrying out of any experiments on or with any property:

  (e) for the medical examination of any person:

  (f) without limiting paragraph (e), for the taking and testing of samples of blood from any person.

(3) An order under subsection (1) may not require any particular steps to be taken unless they are steps that can be required to be taken by way of obtaining evidence for the purposes of civil proceedings in the High Court (whether or not proceedings of the same description as those to which the application for the order relates).

(4) Subsection (3) does not preclude the making of an order requiring a person to give evidence (either orally or in writing) otherwise than on oath if this is asked for by the requesting court.

(5) An order under subsection (1) may not require a person—

  (a) to state what documents relevant to the proceedings to which the application for the order relates are or have been in the person's possession, custody, or power:

  (b) to produce any documents other than particular documents specified in the order as being documents appearing to the court making the order to be, or to be likely to be, in the person's possession, custody, or power and relevant to the proceedings.

(6) A person who, pursuant to an order under subsection (1), is required to attend at any place, is entitled to the same conduct money and payment for expenses and loss of time as on attendance as a witness in civil proceedings before the High Court.

(7) An order made under subsection (1) may be enforced in the same manner as if it were an order made by the High Court or Judge in proceedings pending in the High Court or before the Judge.

[17] Having regard to subsection (3), the practicalities of the deposition would be covered by rr 9.17–9.24 of the High Court Rules.[7]

[18] Generally, s 185 does not allow for discovery orders to be made. This can clash with requests of United States courts (in particular) where the broad pre-trial

---

[7] See *Cross on Evidence* at [EVA185.3].

deposition process includes both testimony and documents.[8] However, if the documents will be or could be produced as evidence in the United States proceedings rather than being strictly for the purpose of discovery the Court is willing to loosely interpret s 185.[9]

[19] The Court has a discretion over whether to grant the orders sought. The Court should ask: first, whether the intended witness can reasonably be expected to give evidence on the topics mentioned and second, whether the request legitimately seeks evidence for use at trial or impermissibly seeks to engage in investigation.[10] The Court should not overstep the requesting court's assessment of relevance or admissibility.[11]

[20] It is also necessary for the Court to recognise the principle of comity and accede to the request if it can properly be done.[12] However, the Court should also keep in mind the need to protect intended witnesses from an oppressive request.[13] There is a balance to be struck in each case between the legitimate requirements of the foreign Court and the burden those requirements may place on the intended witness.

**Case law**

*Certain Underwriters At Lloyd's London v Boles*

[21] In this case, the applicant sought that Mr Boles give evidence for the purpose of an overseas proceeding.[14] Moore J was satisfied that the request was in substantial compliance with the requirements of the Hague Convention and the matters contained in s 184(a) and (c) of the Evidence Act. Moore J did not consider any matter beyond the s 184 procedural matters. The Judge granted leave for the application to proceed as an originating application. It appears from the intituling that the respondent was

---

[8] At [EVA185.7].
[9] At [EVA185.6], citing *Perry v Molteno* (1999) 13 PRNZ 546; *TT Jones Inc v Creighton LLC* (HC, Rotorua CP 2/03, 23 July 2003, Venning J); and *Re Nattrass* (1997) 10 PRNZ 335.
[10] *Republic of Kazakhstan v Mega Ltd* [2016] NZHC 963, [2016] NZAR 810 citing *First American Corporation v Zayed* [1999] 1 WLR 1154 ; [1998] 4 AllER 439 (EWCA).
[11] *Republic of Kazakhstan v Mega Ltd* [2016] NZHC 963, [2016] NZAR 810 citing *First American Corporation v Zayed* [1999] 1 WLR 1154, [1998] 4 AllER 439 (EWCA); and *Re Asbestos Insurance Coverage* [1985] 1 WLR 331 (HL) at 339
[12] *Republic of Kazakhstan v Mega Ltd* [2016] NZHC 963, [2016] NZAR 810 citing *First American Corporation v Zayed* [1999] 1 WLR 1154 ; [1998] 4 AllER 439 (EWCA).
[13] At [45].
[14] *Certain Underwriters at Lloyd's London v Boles* [2015] NZHC 1361.

not involved with the application although this is not stated in the body of the judgment.

[22] The Judge made orders in the following terms:

> [11] I therefore order that:
>
> (a) leave is granted to bring this proceeding by originating application;
>
> (b) the respondent is to appear before the High Court at Auckland on a day to be fixed by the Registrar and notified to the respondent at least 10 working days beforehand;
>
> (c) a transcript of the respondent's evidence is to be made which, along with any documents produced by the respondent, is to be authenticated under the seal of the High Court;
>
> (d) the transcript and other documents are to be transmitted along with a copy of this order to the Superior Court of Washington in a sealed envelope addressed to King Country Superior Court, Clerk for the Honourable Kenneth Schubert, King County Courthouse, 516 Third Ave, Seattle, Washington 98104, United States of America; and
>
> (e) the applicant is to meet all costs incurred in the attendance of the respondent as a witness and all costs of the Registrar in preparing and sending the sealed copies to the United States.
>
> [12] I also direct that this order and any further orders made pursuant to this application be served on the applicant, the respondent and Safeco Insurance Company of Illinois.

*Republic of Kazakhstan v Mega Ltd*

[23] In *Republic of Kazakhstan v Mega Ltd*, the Republic of Kazakhstan commenced proceedings against unknown hackers in the United States District Court for the Southern District of New York.[15] It requested information from Mega Ltd, a New Zealand registered company, to identify the hackers. The application was opposed by Mega Ltd. Its reason for opposition was that it takes a principled stance that is willing to comply with court orders but will reasonably challenge them to protect the privacy of its users.

---

[15] *Republic of Kazakhstan v Mega Ltd* [2016] NZHC 963, [2016] NZAR 810.

[24] Moore J was satisfied that the application should be granted. He rejected Mega Ltd's contentions that the orders were tantamount to discovery orders, the proceedings were not civil and that the evidence would breach the Privacy Act 1993. Accordingly, the Judge made orders in the following terms:

> **Orders**
>
> [123]    I direct:
>
> (a) The issuing of the subpoena requiring an authorised representative of Mega to attend at the High Court for examination before the Registrar and to produce documents in Mega's possession, custody and/or control sufficient to identify the:
>
> (i) IP addresses;
>
> (ii) email addresses;
>
> (iii) contact information;
>
> (iv) account information; and
>
> (v) payment information,
>
> connected to the accounts of certain users of [Mega's] website <https://mega.nz>, as detailed in paragraph 14 of the Letter of Request dated 28 October 2015 issued by the SDNY to the High Court of New Zealand, for the purpose of civil proceedings that have been instituted before the SDNY.
>
> (b) The parties are to consult with a view to filing a joint memorandum within 10 working days of the date of this judgment:
>
> (i) advising the Court of the identity of Mega's authorised representative and such other details as may be necessary for the issuing of the subpoena;
>
> (ii) this will include the date fixed for the hearing and its duration following consultation with the Registry;
>
> (iii) advising the terms of any protective order/s necessary to be made in this jurisdiction governing access to and dissemination of any evidence adduced in this Court pursuant to the subpoena.
>
> (c) Leave is reserved to either party to apply for such further or other orders/directions as counsel consider are necessary to expedient to give effect to these orders.
>
> (d) Leave may be exercised by memorandum directed to the Registrar and marked for my attention in the first instance.

|     |     |                                                                                                                                                                                              |
| --- | --- | -------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------- |
|     |     | The leave extends to, but is not limited to, any request for an order that the Republic provides security for Mega's authorised representatives and/or the Registrar's costs if that cannot be agreed. |
|     | (e) | The oral testimony and documentary evidence adduced from Mega's authorised representative is to be made available to Judge Ramos of the SDNY by the Registrar of this Court.                 |
|     | (f) | The Republic is to meet all reasonable costs incurred by Mega in complying with these orders and all costs of the Registrar in remitting the statements and evidence to the United States and matters incidental thereto. |

*Lewandowski v Siubiak*

[25]   In this case the Solicitor-General made an originating application seeking orders to effect a letter of request from the District Court at Gorzów Wielkopolski in the Republic of Poland.[16]  The request included a list of questions to ask the subject persons.

[26]   Mallon J granted permission for the proceeding to commence as an originating application under r 19.5 of the High Court Rules 2016, stating the nature of the application makes it an appropriate one for the originating procedure.

[27]   The subject persons were willing to give evidence (it related to a civil case one had initiated in Poland before moving to New Zealand).  Mallon J was satisfied the requirements of s 184 were met and made orders for the examination to take place.

**Analysis**

[28]   It is possible for the Court to grant such an application on a without notice basis, as appears to have been the case in *Certain Underwriters*.  This appears to be appropriate because the only requirements for the exercise of discretion are procedural.  However, the Court must keep in mind the need to protect intended witnesses from an oppressive request, which may militate towards notice being given.  However, in the context of this case, it is unlikely that the request is oppressive towards Mr Moore and Ms Virk.  They are to be examined on a series of communications between each person and Beatbox in relation to the knowledge Beatbox had of the

---

16   *Lewandowski v Siubiak* [202] NZHC 2861.

National Party's election campaign and concerns around copyright infringement. This is a relatively limited topic. Labrador estimates that the examination will take one hour. Granting the application will not affect any of Mr Moore and Ms Virk's rights or liabilities.

[29]    Additionally, if the application was required to proceed on notice it may mean delays in New Zealand result in the US proceeding, currently scheduled for early December, cannot proceed on the scheduled date, or that it would proceed but with Labrador not having access to evidence it needs for its defence. The latter would prejudice Labrador, although it is not clear whether or not the former would. The claim has origins in a 2015 claim lodged as part of the *Eight Mile Style* proceedings (before it was agreed to postpone such claims) so any further delay would not surpass the seven years already elapsed.

[30]    There is also the question of whether the application should be served on Beatbox, who is not the respondent to this application but will be affected by the application. It is noted that Beatbox will, however, receive notice of the examination (if the application is granted) and will be permitted to question the witnesses. Service of the application on Beatbox is therefore not required.

[31]    Finally, the letter of request does not attach a list of proposed questions for the witnesses (as was the case in *Lewandowski*). It is arguable whether it provides "a statement of the subject matter about which they are to be examined". There is no such explicit statement, but I am of the view it can readily be inferred from the letter.

[32]    In all the circumstances, I am satisfied that the letter of request from the US Court should be granted.

[33]    I therefore make an order that:

   (a)    Leave is granted to bring this proceeding by way of originating application.

(b) The respondents are to be examined, on oath before a Judge, Registrar, or Deputy Registrar (or before a person that the Court appoints) ("the Examiner") at the High Court at Auckland at a time and on a date to be fixed by the Examiner.

(c) The applicant is to notify each respondent, the requesting Court and the representatives of the parties named in the letter of request of the time, date and place fixed by the Examiner for the examination by email at least 10 working days beforehand.

(d) The applicant is to serve copies of the application, the affidavit and memorandum of counsel filed in support of the application on each respondent via their email addresses detailed in the supporting affidavit within five working days.

(e) Counsel for the parties (whether named in the letter of request or otherwise) are permitted to attend the examination in person or by way of audio visual link and may question the respondents (or either of them) in relation to the matters and documents identified in the letter of request.

(f) A verbatim written transcript, and an audio visual recording, of each respondent's evidence (along with any documents they may produce) is to be authenticated and transmitted to the requesting authority and counsel for the parties by the Examiner.

(g) The applicant shall meet the Examiner's costs, including in preparing and transmitting the deposition of each respondent to the requesting authority and to counsel for the parties.

_____

Woolford J

**In the High Court of New Zealand**
**Auckland Registry**

**I Te Kōti Matua O Aotearoa**
**Tamaki Makaurau Rohe**                                         CIV-2022-404- 1903

| | |
|---|---|
| **In the matter** | a letter of request from the Unites States District Court for the Central District of California, United States of America for assistance in obtaining evidence for civil proceedings before that court |
| **Between** | **LABRADOR ENTERTAINMENT, INC** |
| | Applicant |
| **And** | **PETER MOORE** and **BALI VIRK** |
| | Respondents |

### COURT ORDER

17 **October 2022**

DUPLICATE



Duncan Cotterill
Solicitor acting: Jonathan Scragg
PO Box 10-376, Wellington 6134

Phone +64 4 499 3280
Fax +64 4 499 3308
jonathan.scragg@duncancotterill.com
sean.brennan@duncancotterill.com

Counsel instructed:  Robert Stewart

**COURT ORDER**

**BEFORE THE HONOURABLE JUSTICE WOOLFORD**

**17 October 2022**

After reading the without notice originating application by the Applicant dated 3 October 2022 seeking orders to reflect a letter of request from the United States District Court Central District of California, the affidavit of Douglas Joseph Rosner affirmed on 27 September 2022, and the memorandum of counsel for the Applicant dated 3 October 2022, this **COURT ORDERS**:

1. Leave is granted to bring this proceeding by way of originating application.

2. The Respondents are to be examined on oath before a Judge, Registrar, or Deputy Registrar (or before a person that the Court appoints) ("the Examiner") at the High Court at Auckland at a time and on a date to be fixed by the Examiner.

3. The Applicant is to notify each Respondent, the requesting court and the representatives of the parties named in the letter of request of the time, date and place fixed by the Examiner for the examination by email at least 10 working days beforehand.

4. The Applicant is to serve copies of the application, the affidavit and memorandum of counsel filed in support of the application on each Respondent via their email addresses detailed in the supporting affidavit within five working days.

5. Counsel for the parties (whether named in the letter of request or otherwise) are permitted to attend the examination in person or by way of audio visual link and may question the Respondents (or either of them) in relation to the matters and documents identified in the letter of request.

6. A verbatim written transcript, and an audio visual recording, of each Respondent's evidence (along with any documents they may produce) is to be authenticated and transmitted to the requesting authority and counsel for the parties by the Examiner.

7. The Applicant shall meet the Examiner's costs, including in preparing and transmitting the deposition of each Respondent to the requesting authority and to counsel for the parties.

_____
(Deputy) Registrar
Date: 17 October 2022

2

IN THE HIGH COURT OF NEW ZEALAND
AUCKLAND REGISTRY

I TE KŌTI MATUA O AOTEAROA
TĀMAKI MAKAURAU ROHE                                CIV-2022-404-1903

| | |
|---|---|
| IN THE MATTER OF | Civil proceedings commenced in the United States District Court for the Central District of California, United States of America |
| BETWEEN | BEATBOX MUSIC, PTY LTD<br><br>Plaintiff |
| AND | LABRADOR ENTERTAINMENT INC<br><br>Defendant |
| AND IN THE MATTER OF | A letter of request for the examination in New Zealand of PETER MOORE c/o Big on Brand, and BALI VIRK c/o Graffiti Media |

## NOTICE OF APPOINTMENT

20 October 2022

CROWN LAW
TE TARI TURE O TE KARAUNA
PO Box 2858
WELLINGTON 6140
Tel: 04 472 1719
Fax: 04 473 3482

Contact Person:
Matt McKillop / Chrystal Tocher
Matt.McKillop@crownlaw.govt.nz / Chrystal.Tocher@crownlaw.govt.nz

1

TO:

**Peter Moore**

and

**Bali Virk**

Pursuant to an order of this Court made in this proceeding by the Honourable Justice Woolford on 17 October 2022, I appoint 10.00 am on Thursday 10 November 2022 as the time, and the High Court at Auckland as the place, for taking the examination of Peter Moore of Big on Brand, and Bali Virk of Graffiti Media in terms of the said order.

Date: 20 October 2022

_____
Deputy Registrar
G C Sulliman