Douglas J. Rosner, ESQ., SBN 094466
rosnerlaw@earthlink.net
LAW OFFICES OF DOUGLAS JOSEPH ROSNER
2625 Townsgate Road, Suite 330
Westlake Village, California 91361
Telephone No. (818) 501-8400
Facsimile No.: (818) 880-4485
email: rosnerlaw@earthlink.net; Doug@DRosnerlaw.com
Attorney for Defendant/Cross-Defendants,
Labrador Entertainment, Inc. dba Spider Cues Music
Library, Labrador Entertainment, LLC, Noel Palmer
Webb, an individual and Webb Family Trusts

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| BEATBOX MUSIC, PTY, LTD., | Case No. 2:17-cv-6108-MWF (JPRx) |
| Plaintiff, | Assigned to the Hon. Michael W. Fitzgerald |
| vs. | |
| LABRADOR ENTERTAINMENT, INC., DBA SPIDER CUES MUSIC LIBRARY, a California corporation, | LABRADOR ENTERTAINMENT, INC. DBA SPIDER CUES MUSIC LIBRARY, LABRADOR ENTERTAINMENT, LLC, NOEL PALMER WEBB, AN INDIVIDUAL AND WEBB FAMILY TRUSTS |
| Defendants. | MEMORANDUM OF CONTENTIONS OF FACT AND LAW |
| AND ALL CROSS CLAIMS | |

Discovery Cut-Off: 7/23/2021
Pretrial Conference: 11/8/2021
Trial Date: 11/30/2021

Complaint filed: 8/17/2017
Pre-Trial Conf.: 11/21/2022
Trial Date: 12/06/2022

**Table of Contents**                                                    **Page Number**

Memorandum of Contentions of Law and Fact . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2

I. Summary of Claims Plaintiff Plans to Pursue. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2

A.  Claim I: Breach of Contract.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2

B.  Claim II: Breach of Covenant of Good Faith and Fair Dealing. . . . . . . . . . . . . . .  2

C.  Claim III: Defendant must Indemnify Plaintiff Pursuant to the Contract . . . . . . .  3

D.  Claim IV: Alter Ego . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3

II. Elements for Plaintiffs' Claims and Defendants Evidence in Opposition. . . . . . . .  4

A.  Claim I: Breach of Contract . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  4

1.  Elements Breach of Contract . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  4

2.  Defendants Evidence in Opposition. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6

Claim II: Breach of Covenant of Good Faith and Fair Dealing. . . . . . . . . . . . . . . . . .  6

1.  Elements Breach of Covenant of Good Faith and Fair Dealing . . . . . . . . . . . . . .  6

2.  Defendants Evidence in Opposition . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6

C. Claim III: Indemnification . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  7

1.  Elements Indemnification . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  7

2.  Defendants Evidence in Opposition . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  7

D. Claim V . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  7

1.  Elements Alter Ego . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  7

2.  Defendants Evidence in Opposition . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  8

E. Claim VI. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  8

1. Elements Fraudulent Conveyance . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  8

2. Defendants Evidence in Opposition. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  8

III. Defendants' Counter-Claims and Affirmative Defenses . . . . . . . . . . . . . . . . . . .  14

Counter Claims . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  14

**Table of Contents (continued)**                                    **Page Number**

A.  Count I: Breach of Express Contract against Beatbox. . . . . . . . . . . . . . . . . . . .  14

1. Elements . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  14

2. Evidence in Support . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  15

B. Count II - Indemnification against Beatbox . . . . . . . . . . . . . . . . . . . . . . . . . . .  16

1. Elements . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  16

2. Evidence in Support . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  16

C.  Count III - Indemnification against Cohen. . . . . . . . . . . . . . . . . . . . . . . . . . . .  17

1. Elements . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  17

2. Evidence in Support . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  17

D. Count V - Breach of Fiduciary against Beatbox . . . . . . . . . . . . . . . . . . . . . . . .  18

1. Elements . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  18

2. Evidence in Support . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  18

AFFIRMATIVE DEFENSES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  19

A. First Affirmative Defense - Failure to State a Claim . . . . . . . . . . . . . . . . . . . .  19

1. Elements . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  19

2. Evidence in Support . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  20

B. Second Affirmative Defense - Plaintiff's Conduct . . . . . . . . . . . . . . . . . . . . . .  20

1. Elements . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  20

2. Evidence in Support . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  20

C.  Fourth Affirmative Defense - Unclean Hands . . . . . . . . . . . . . . . . . . . . . . . . .  21

1. Elements . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  21

2. Evidence in Support . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  21

D.  Sixth Affirmative Defense - Ratification and Waiver . . . . . . . . . . . . . . . . . . . .  22

1. Elements . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  22

2. Evidence in Support . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  22

**Table of Contents (continued)**                                      **Page Number**

E.  Seventh Affirmative - Estoppel  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  23

1. Elements  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  23

2. Evidence in Support  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  23

F.  Eighth Affirmative Defense - Consent of Plaintiff. . . . . . . . . . . . . . . . . . . . . . .  23

1. Elements  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  23

2. Evidence in Support  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  23

G.  Ninth Affirmative Defense - Fault of Plaintiff. . . . . . . . . . . . . . . . . . . . . . . . . . .  24

1. Elements  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  24

2. Evidence in Support  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  24

H.  Tenth Affirmative Defense- Failure to Mitigate  . . . . . . . . . . . . . . . . . . . . . . . . .  25

1. Elements  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  24

2. Evidence in Support  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  25

I.  Twelfth Affirmative Defense - Breach of Fiduciary of Plaintiff and Others  . . . .  25

1.  Elements  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  25

2. Evidence in Support . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  26

IV.  Defendants Position on Anticipated Evidentiary Issues. . . . . . . . . . . . . . . . . . . .  27

V.  Issues of Law . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  28

VI.  Bifurcation of Issues . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  28

1

## Table of Authorities

2

**Statutes**                                                                                   **Page Number**

3  Local Rule 16-4 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2

4  Civ. Code § 3439.04. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  8

5  Civ. Code § 3439.04 (a)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  8

6  Civ. Code § 3439.04 (b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  11

7  Civ. Code § 3439.04 (c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  11

8  Civ. Code § 3439.08(b) (1)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  12

9  Civ. Code § 3439.07, subd. (a)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . .  13

10  Cal. Civ. Code. § 3294 (a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  14

11  Federal Rule of Civil Procedure 12(b)(6)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  19

12  Federal Rule of Civil Procedure 42(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  28, 29

13

## Cases

14  Airborne Am., Inc. v. Kenway Composites

15  554F. Supp. 3d 1066 (S.D. Cal. 2021). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  9, 14

16  In re Kalt's Estate, 16 Cal. 2d 807. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  9

17  Moore v. Schneider, 196 Cal. 380 (1925) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  9

18  Filip v. Bucurenciu (2005) 129 Cal.App.4th 825.. . . . . . . . . . . . . . . . . . . . . . .  11

19  Berger v. Varum (2019) 35 Cal.App.5th 1013. . . . . . . . . . . . . . . . . . . . . . . . . . .  12

20  Mehrtash v. v. Mehrtash (2001) 93 Cal.App.4th 75, 80)... . . . . . . . . . . . . . . . . .  12

21  Renda v. Nevarez, 223 Cal. App. 4th 1231 (2014). . . . . . . . . . . . . . . . . . . . . . . .  13

22  Fid. Nat'l Title Ins. Co. v. Schroeder, 179 Cal. App. 4th 834.. . . . . . . . . . . . . . . .  13

23  BellAtl. Corp. v. Twombly, 550 U.S. 544 (2007).. . . . . . . . . . . . . . . . . . . . . . . .  19

24  Moriarty v. Carlson (1960) 184Cal.App.2d 51 . . . . . . . . . . . . . . . . . . . . . . . . . . .  21

25  California Bank & Trust v. DelPorti (2014) 232 Cal.App.4th 162. . . . . . . . . . . . . .  21

26  Jacobs v. Universal Development Corp.(1997) 53 Cal.App.4th 692. . . . . . . . . . . . .  21

27

28

**Cases (continued)**                                                    **Page Number**

Yanez v. Plummer (2013) 221Cal.App.4th 180. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  22

Hangarter v. Provident Life & Acc. Ins. Co., 373 F.3d 998 (9th Cir. 2004). . . . . . .  28

Bates v. UPS, 204 F.R.D. 440 (N.D. Cal. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . .  29

Amato v. City of Saratoga Springs, N.Y., 170 F.3d 311 (2d Cir. 1999) . . . . . . . . . .  29

Philips North America LLC v. Summit Imaging Inc., 2020 WL 8373416, *1 (W.D.
Wash. 2020) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  29

Brobeck, Phleger & Harrison v. Telex Corp., 602 F.2d 866 (9th Cir. 1979) . . . . . .  30

Jinro Am. Inc. v. Secure Invs., Inc., 266 F.3d 993 (9th Cir. 2001)  . . . . . . . . . . . . .  30

F.D.I.C. v. Safeco Ins. Co. of Am., No. 2:02-CV-01051-KJD, 2011 WL 4753416, at
*2 (D. Nev. Oct. 7, 2011). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  31

Shaughnessy v. Ass'n of Apartment Owners of Moana Pac., No. CIV. 09-00051 ACK,
2011 WL 97254, at *4 (D. Haw. Jan. 12, 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . .  31

American Family Mut. Ins. Co., Inc. v. Haslam, 2011 WL 1042284, *2 (D. Colo.
2011). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  31

Magazzu v. Volmar Services, Inc., 2009 WL 5194396 (D.N.J. 2009) . . . . . . . . . . .  31

Macedo v. Bosio, 86 Cal. App. 4th 1044 (2001). . . . . . . . . . . . . . . . . . . . . . . . . . . .  32

**Jury Instructions**                                                    **Page Number**

CACI California Civil Jury Instructions §§ 302 and 303 (2010)303 (2010) . . . . . . .  4

CACI 430 (New September 2003; Revised October 2004, June 2005 . . . . . . . . . . .  20

CACI California Civil Jury Instructions § 302 and 303 (2010)303 (2010) . . . . . . . . .

1-3F California Forms of Jury Instruction, Contract Defenses Instructions, Waiver,
Estoppel, and Unclean Hands, 300F.29 (2005) . . . . . . . . . . . . . . . . . . . . . 21, 22, 23

CACI 405 (New September 2003; Revised December 2009) . . . . . . . . . . . . . . . . . .  24

CACI 358 (New September 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  25

1

**Publications**                                                           **Page Number**

2     9A Charles Alan Wright, et al., Federal Practice and Procedure: Civil 3d § 2398, at

3     126 (2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   28

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Douglas J. Rosner, ESQ., SBN 094466
rosnerlaw@earthlink.net
LAW OFFICES OF DOUGLAS JOSEPH ROSNER
2625 Townsgate Road, Suite 330
Westlake Village, California 91361
Telephone No. (818) 501-8400
Facsimile No.: (818) 880-4485

Attorney for Defendant/Cross-Complainant,
Labrador Entertainment, Inc. dba Spider Cues Music Library,
Labrador Entertainment, LLC, Noel Palmer Webb,
an individual and Webb Family Trusts

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| BEATBOX MUSIC, PTY, LTD.,<br><br>Plaintiff,<br><br>vs.<br><br>LABRADOR ENTERTAINMENT, INC., DBA SPIDER CUES MUSIC LIBRARY, a California corporation,<br><br>Defendants.<br>—————————————————<br>AND ALL RELATED ACTIONS | Case No. 2:17-cv-6108-MWF (JPRx)<br>*Assigned to the Hon. Michael W. Fitzgerald*<br><br>LABRADOR ENTERTAINMENT, INC. DBA SPIDER CUES MUSIC LIBRARY, LABRADOR ENTERTAINMENT, LLC, NOEL PALMER WEBB, AN INDIVIDUAL AND WEBB FAMILY TRUSTS MEMORANDUM OF CONTENTIONS OF FACT AND LAW<br><br>Hearing Date: November 21, 2022<br>Time: 11:00 a.m.<br>Location: Courtroom 5A - Los Angeles<br><br>Complaint filed: 8/17/2017<br>Pre-Trial Conf.: 11/21/2022<br>Trial Date: 12/06/2022 |

LABRADOR'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

Page 1 of 34

**MEMORANDUM OF CONTENTIONS OF LAW AND FACT**

Pursuant to United States District Court for the Central District of California Local Rule 16-4, Defendants Labrador Entertainment, Inc. dba Spider Cues Music Library, Labrador Entertainment, LLC, Noel Palmer Webb, and The Webb Family Trust "Labrador Defendants", by and through its counsel of record, Douglas J. Rosner, hereby submits its Memorandum of Contentions of Law and Fact and states as follows:

## I. <u>SUMMARY OF CLAIMS PLAINTIFF PLANS TO PURSUE</u>

### A. Claim I: Breach of Contract

Plaintiff Beatbox alleges Defendant Labrador Entertainment, Inc. dba Spider Cues "Labrador" breached the agreement entered into on or about April 1, 2009, between Labrador and Beatbox Music Pty Ltd "Beatbox" "Agreement", by violating Section 16(iv) of the 2009 Agreement which guaranteed that the compositions were original and that none of the compositions infringed any other copyright work or the rights of any third party.

Section 16(iv) reads:

16. The Publisher hereby represents and warrants and undertakes that:
(iv) the Compositions are original and that none of the Compositions infringes any other copyright work or the rights of any third party.

### B. Claim II: Breach of Covenant of Good Faith and Fair Dealing

Plaintiff and Defendant Labrador are parties to a contract with one another under the 2009 Agreement appointing Plaintiff as the Sub-Publisher for Defendant Labrador's Music Library. Plaintiff claims every contract imposes the duty of good faith and fair dealing upon the parties in performance and enforcement of the contract and implied in the 2009 Agreement between Plaintiff Beatbox and Defendants was a covenant of good faith and fair dealing. Plaintiff alleges Defendants acted in bad faith by sending Musical Compositions that were not original and that infringed other copyright work and the

LABRADOR'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

1   rights of a third party and as a result have sustained damages.

2   **C. Claim III: Defendant must Indemnify Plaintiff Pursuant to the Contract**

3       Plaintiff Beatbox and Defendants entered into the aforementioned 2009

4   Agreement which contained, among other things, Express Indemnity and Guarantee

5   Clauses. Pursuant to the Express Indemnity and Guarantee Clauses in Section

6   16(v), Defendant Labrador

7       agrees to indemnify and hold harmless the Sub- Publisher, its successors and
        assigns of and from any and all loss, liability and expense incurred by
8       reason of any infringement of rights or other claim inconsistent with the
        Publisher's guarantees, warranties, representations, and undertaking
9       contained in this agreement.

10  Furthermore, section 16(iv) of the 2009 Agreement states that the compositions provided

11  in the Music Library are original and that none of the compositions infringe any other

12  copyright work or the rights of any third party.  Plaintiff alleges Defendants directly

13  violated section 16(iv) of the 2009 Agreement by sending Plaintiff Beatbox a Music

14  Library that was not original and  infringed other copyright work and the rights of a third

15  party.

16  **D. Claim V: Alter Ego**

17      Plaintiff attempts to allege there exists and at all times herein relevant there existed

18  a unity of interest and ownership between Labrador Entertainment, Inc. dba Spider Cues

19  Music Library, Labrador Entertainment, LLC, Noel Palmer Webb, and The Webb

20  Family Trust such that any individuality and separateness between Labrador

21  Entertainment, Inc., Labrador Entertainment, LLC, the Webb Family Trust, and Webb

22  has ceased, and Labrador Entertainment, Inc. is the alter ego of Webb and Labrador

23  Entertainment, LLC and The Webb Family Trust.

24  ///

25

26  _____

27  LABRADOR'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

28                                                          Page 3 of 34

## II.  ELEMENTS FOR PLAINTIFFS' CLAIMS AND DEFENDANTS EVIDENCE IN OPPOSITION

**A.  Claim I: Breach of Contract**

**1. Elements Breach of Contract**

Plaintiff must prove each of the following elements by a preponderance of the evidence:

a. That the contract terms were clear enough that the parties could understand what each was required to do;

b. That the parties agreed to give each other something of value;

c. That the parties agreed to the terms of the contract;

d. That Plaintiff did all, or substantially all, of the significant things that the contract required it to do;

e. That Defendant failed to do something that the contract required it to do; and

f. That Plaintiff was harmed by that failure.

*See* CACI California Civil Jury Instructions §§ 302 and 303 (2010) 303 (2010).

**2.  Defendants Evidence in Opposition**

(*Defendants do not dispute element 2 or 3 of Plaintiffs Claim I as to Breach of Contract*).

As to the rest of the elements of Claim I Defendant states the following evidence and facts in opposition:

That the Contract Terms Were Clear Enough That the Parties Could Understand What Each Was Required to Do and Plaintiff Failed to Abide by the Express and Implied Terms in the Agreement.

The contract should be interpreted as whole. Beatbox failed to update its Music Library and remove Eminem Esque prior to issuing the license to the National Party. The parties agreed that Beatbox would introduce and exploit all recordings included in the

LABRADOR'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

music library catalogue known as Spider Cues Music (the "Music Library"),  under the terms of the Agreement, though not explicit, Beatbox promised it would import, update, introduce and exploit each of the Recordings in the Music Library issued and delivered by Labrador to Beatbox and not issue any Recording that was not included in or removed from the Music Library. Beatbox had the right to grant non-exclusive licenses to its clients. Beatbox, rather than issuing these licenses directly, assigned this right to AMCOS. To accomplish this, Beatbox was required to immediately provide to AMCOS the Music Library and thereafter each addition and deletion. Under the Agreement, the issuance of any license to any Recordings of the Music Library was limited to only those Recording that Labrador delivered to Beatbox and not deleted from the Music Library. The Agreement is devoid of any term giving Beatbox permission to issue a license to a Recording that was not included in the Music Library or beyond the scope of granting a sub license for dubbing only in the territory.

Plaintiff challenges that it was required to update the Music Library that it received from Labrador removing the cue "Eminem Esque". Evidence of emails, Excel files, statements and testimony will show that the Music Library was updated and Eminem Esque was removed prior to Beatbox's wrongful issuance to the National Party the license for use of Eminem Esque ("License").

Defendants intend to use Testimony of Michael Lau, Peter Baker, Barbara Baker, Noel Webb, Robert Moore and  Bali Virk;  Labrador/Beatbox Agreement, AMCOS/Beatbox Agreement, Brief of Evidence of Peter Robert Moore for New Zealand Trial, Robert Moore's Testimony at New Zealand Trial Email exchanges between Beatbox, Bali Virk, Peter Moore and other producers of the political advertisements for the New Zealand National Party to show that Plaintiff:

///

LABRADOR'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

- Failed to perform the licensing activities in granting non-exclusive licenses in the Licensed Territory in accordance with generally accepted music industry standards, and with thoroughness, competence, and care ordinarily exercised by other sub-publishers working

- Using best commercial endeavors to exploit the recordings for the benefit of the parties concerned. (See discussion above.)

- Prior to obtaining any consent from Labrador, assigned benefits and delegated duties provided for in the Agreement, to the Australasian Mechanical Copyright Owners Society Limited "AMCOS"

**B. Claim II: Breach of Covenant of Good Faith and Fair Dealing**

**1. Elements Breach of Covenant of Good Faith and Fair Dealing**

To prevail on a claim for breach of the implied covenant of good faith and fair dealing, a plaintiff must prove:

a. the existence of a contractual relationship between the plaintiff and defendant,

b. plaintiff's performance (or excuse from performance) of its obligations under the contract;

c. that the defendant unfairly prevented the plaintiff from receiving the benefits it was entitled to under the contract; and

d. injury to the plaintiff as result of defendant's conduct.

**2. Defendants Evidence in Opposition**

Prior to its issuance of the license, Beatbox, had been notified that there was a potential issue of copyright infringement, but failed to investigate or alert Labrador.

In the Agreement, Beatbox represented and warranted that it would use its "best commercial endeavours", to exploit the recordings for the benefit of the parties

LABRADOR'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

concerned.  This required Beatbox to undertake its "best efforts" in performing its
obligations. Best efforts is universally understood to be the highest standard, requiring
everything to be done by a party, except bankruptcy, in order to accomplish the stated
objective.

There is evidence that Beatbox, prior to the issuance of the License, received
actual notice of potential infringement issues. On or about June 18, 2014, an exchange
of emails among and between Lewis Mckenzie, an employee of Beatbox and Peter
Moore and Bali Virk, producers of the New Zealand National Party promotion
material, showed actual notice of the possible copyright infringement issue.
Furthermore the testimony of both Peter Moore and Bali Virk will affirm these
communications.

## C.  Claim III:  Indemnification

### 1.  Elements Indemnification

To Prove the elements of a cause of action for Breach of Indemnification
Plaintiff must prove:

a. showing of fault on the part of the indemnitor; and

b. resulting damages to the indemnitee for which the indemnitor is contractually
or equitably responsible.

### 2.  Defendants Evidence in Opposition

All evidence cited above in support of Claim 1 and 2 for Breach of Contract and
Breach of Covenant of Good Faith and Fair Dealing.

## D.  Claim V

### 1.  Elements Alter Ego

To Prove the elements of a cause of action for Alter Ego  Plaintiff must prove:

a.  Unity of Interests. The shareholders in question have treated the corporation

LABRADOR'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

as their "alter ego," rather than as a separate entity; and.

     b.  Inequitable Result.

**2.  Defendants Evidence in Opposition**

     See discussion below as to Fraudulent Conveyance.

**E.  Claim VI**

**1. Elements Fraudulent Conveyance**

     The UFTA prohibits debtors from transferring or placing property beyond the reach of their creditors when that property should be available for the satisfaction of the creditors' legitimate claims. California Civil Code § 3439.04 applies to a transfer made:

     a. With actual intent to hinder, delay, or defraud any creditor of the debtor;

     b. Without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor either:

     c. Was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction;

     d. Intended to incur or believed or reasonably should have believed that the debtor would incur, debts beyond the debtor's ability to pay as they became due. §3439.04(a).

**2. Defendants Evidence in Opposition**

     Plaintiff Has No Claim for Common Law Fraudulent Conveyance Because it Has No Lien Nor a Judgment.

     Plaintiff has no claim for fraudulent conveyance under common law because, "unlike the UFTA, California common law has an additional requirement that the creditor 'have a specific lien on the property or ... prosecute[ ] his claim to judgment.

LABRADOR'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

California courts as far back as the 1800s have held that a defrauded creditor must have a lien on the property or reduce their claim to judgment to assert a claim for common-law fraudulent conveyance." *Airborne Am., Inc. v. Kenway Composites*, 554 F. Supp. 3d 1066, 1073 (S.D. Cal. 2021) [(quoting *In re Kalt's Estate*, 16 Cal. 2d 807, 811, 108 P.2d 401 (1940) and also quoting *Moore v. Schneider*, 196 Cal. 380, 387, 238 P. 81 (1925) (discussing how it is "universally held" that for a creditor to have a claim for fraudulent conveyance, it must hold a lien on the property or reduce its claim to judgment)].

There is no evidence of an intent to defraud under the UFTA. There is no dispute between the parties that the assets of Labrador Entertainment Corporation were sold to Labrador Entertainment LLC in 2017. Plaintiff appears to be arguing that this sale of assets was intended to defraud Plaintiff by making it more difficult for Plaintiff to collect a judgment should it win this case. The problem for Plaintiff is that there is zero evidence to support Plaintiff's apparent assumption.

There are two types of fraudulent transfers–actual fraud and constructive fraud. Actual fraud means that the debtor had the intent to defraud a creditor. Usually, a debtor donates his or her assets to an "insider" who is a friend or family member, thereby leaving nothing to pay creditors. Constructive fraud does not require proof of an actual intent to hinder or delay a creditor's rights. Rather, it looks to the underlying financial result of the transaction to conclude whether a fraudulent transfer has occurred. For example, where the debtor was insolvent and did not receive reasonably equivalent value for the property transferred, the transfer may be deemed constructively fraudulent.

The only evidence in the record establishes that the corporate form of the business was changed to facilitate the purchase of insurance that was necessary for

---

LABRADOR'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

Labrador to continue its business with certain customers. Specifically, as will be explained under oath at trial, Defendant LLC's owner Noel Webb was having difficulty obtaining E&O insurance in 2016 because of the Beatbox claim. Creating a new corporate entity allowed LLC to obtain the E&O insurance that Corporation was unable to procure. [In addition, Defendant Webb is waiving the attorney/client privilege with Gibson Pagter and Stewart Wallach, his general business attorney who will testify that the change was made on his advice and counsel, and will explain the entirely non-fraudulent purpose of the creation of the LLC entity. The evidence will show that the change to a new entity was not an effort to evade judgment but an effort to ensure that any future claims had a base of insurance from which to secure a judgment.

None of the steps involved in the creation of, and transfer to, a new corporate entity deprived Plaintiff of attachable assets in any way, shape or form. The record evidence shows that not only the assets of Labrador were sold by Corporation to LLC—the contract between Plaintiff and Labrador was also assigned from Corporation to LLC.

Thus, LLC remained contractually accountable to Plaintiff in exactly the same way the Corporation was contractually bound. This is not a case where the contract stayed with one entity while the assets that could satisfy a judgment were transferred, leaving the contracting entity an empty shell. To the contrary, here, as a result of the transfer, LLC became the Labrador contracting party and all of the assets of the Corporation became assets of LLC. The sale and transfer created no net change in Plaintiff's ability to satisfy a judgment. This not exactly the hallmark of a fraudulent scheme to judgment-proof assets.

///

LABRADOR'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

Nor is there any significance from a judgment-proofing standpoint of the transfer of the shares in the Corporation from Webb personally to his family trust. Shares of stock are shares of stock. Shares of stock limit the liability of the stockholder. It makes zero difference to any creditor of the Corporation that the family trust owns the shares and not Webb personally.

In order for Plaintiff to show that the above noted set of facts constitutes an "actual intent" to defraud, the UFTA specifies eleven factors which must be considered. See Civ. Code § 3439.04(b) and *Filip v. Bucurenciu* (2005) 129 Cal.App.4th 825, 834. In applying these factors, Plaintiff bears the burden of proof in showing actual fraudulent intent by a preponderance of the evidence. California Civil Code § 3439.04 (c). These factors do not indicate an intent to defraud because the assets moved with the contracts, and fair value was received for the sale. Labrador Inc. obtained an independent valuation of its assets, and that is the amount LLC paid the corporation. There is zero evidence that this was not fair value received. Plaintiff did not do its own valuation not does it have any evidence that the valuation was inaccurate or that the Labrador parties should not have relied on the valuation. Labrador make the change in corporate form for a non-fraudulent reason, it did not conceal its actions, and it followed proper procedures by obtaining a valuation. There can be no evidence of an intent to defraud under these circumstance

As discussed above, the only evidence of "reasonably equivalent value exchanged" is the valuation, and it shows that a reasonably equivalent value was in fact exchanged. That alone dooms an effort to attempt to prove constructive fraud. But there is also no evidence that the transaction left the debtor insolvent as the debtor in this instance was the corporation as the corporation is the entity that contracted with Plaintiff and the corporation was the entity Plaintiff initially sued. The corporation

LABRADOR'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

received the compensation specified by the valuation, which meant it was not rendered insolvent by the transaction. If anything it was rendered more solvent as it was paid in liquid capital for illiquid assets.

Plaintiff has not been injured by the change in corporate form and resulting transfer.

In addition to having to prove an actual or constructive intent to defraud, Plaintiff must also establish it was injured by the allegedly fraudulent transfer. "A well-established principle of the law of fraudulent transfers is, 'A transfer may be attacked only by one who is injured thereby. Mere intent to delay or defraud is not sufficient; injury to the creditor must be shown affirmatively. In other words, prejudice to the plaintiff is essential.'" *Berger v. Varum* (2019) 35 Cal.App.5th 1013, 1020 (quoting *Mehrtash v. v. Mehrtash* (2001) 93 Cal.App.4th 75, 80). That prejudice also goes to the issue of remedy. The UFTA provides all sorts of injunctive type remedies, but Plaintiff's prayer for relief seems to focus on damages, punitive damages and a prayer that "Labrador and Webb be held jointly and severally liable for all elements of the judgment." (Prayers for relief for counts 7 and 8 at Dkt. 105 page 19) The UFTA is greatly limited in its scope with regard to claims for damages deriving from the UFTA violation itself. "A creditor who successfully attacks a transfer under the UFTA is not automatically entitled to a money judgment against the person for whose benefit the transfer was made. The statute provides that to the extent a transfer is voidable, 'the creditor may recover judgment' for the lesser of the value of the asset or the amount needed to satisfy the creditor's claim, and the 'judgment may be entered' against the person for whose benefit the transfer was made. (Civ. Code § 3439.08, subd. (b)(1), italics added.) Ordinarily, when a statute provides a court 'may' do something, the statute is permissive, not mandatory, and

LABRADOR'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

grants the court a discretionary authority." *Renda v. Nevarez*, 223 Cal. App. 4th 1231, 1237, 167 Cal. Rptr. 3d 874, 877–78 (2014). The UFTA cannot be used to create a duplicative recovery. *See id.* at 1237-38 ("A well-established principle, applied both at law and in equity, is that a plaintiff is entitled to only a single recovery for a distinct harm suffered, and double or duplicative recovery for the same harm is prohibited. [citation] Here, the harm Renda suffered consisted of the damages caused by the fraud, breach of contract, and negligence that underlay his prior action against Nevarez Renda's present UFTA action is an effort to collect on the prior judgment by recovering monies Nevarez transferred to other defendants to avoid paying that judgment. [citation] The UFTA does not impose on the debtor any liability additional to or distinct from the existing claim of the creditor; it simply allows the creditor to obtain "[a]voidance of the transfer ...to the extent necessary to satisfy the creditor's claim." (Civ. Code § 3439.07, subd. (a)(1), italics added in the original.)

As the trial will show, Plaintiff can prove no injury. The transfers did not leave the corporation unable to satisfy a judgment, and to the extent it might limit  the corporation's assets, LLC remains liable as it assumed the contract with Plaintiff via an assignment. LLC is not hiding behind corporate formalities here. If Plaintiff wins, there will be no piercing the corporate veil type defense. That was not the purpose of the transaction creating LLC, and the Labrador entities will not play that game here in a court of law and will so stipulate. Such a stipulation ensures that no property was put beyond reach of Plaintiff. *See Fid. Nat'l Title Ins. Co. v. Schroeder*, 179 Cal. App. 4th 834, 845, 101 Cal. Rptr. 3d 854, 862 (2009) ("A creditor has not been injured unless the transfer puts beyond reach property the creditor could subject to payment of his or her debt.").

///

LABRADOR'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

Page 13 of 34

Finally, Plaintiff has no ability to obtain punitive damages here. "While California courts have held that a plaintiff asserting a common-law fraudulent transfer claim may recover punitive and consequential damages, these courts have only recognized this remedy where the plaintiff is a judgment creditor." *Airborne Am., Inc. v. Kenway Composites*, 554 F. Supp. 3d 1066, 1074 (S.D. Cal. 2021) (dismissing punitive damages claim by a plaintiff that was a creditor but had not obtained a judgment making it a judgment creditor). Because Plaintiff is not a judgment creditor, it cannot pursue punitive damages under its common law fraudulent conveyance count.

To receive punitive damages under the UFTA, a plaintiff "may recover damages for the sake of example and by way of punishing" a defendant who is "guilty of oppression, fraud, or malice." Cal. Civ. Code § 3294 (a). No oppressions fraud or malice can be shown here.

**III.  Defendants' Counter-Claims and Affirmative Defenses**

<b>Counter Claims</b>

**A.  Count I: Breach of Express Contract against Beatbox**

**1.  Elements**

To prevail on its counter claim Defendant must prove:

a.  On or about April 14, 2009, Labrador, Inc. and Beatbox entered into a written contract referred to herein as Beatbox Agreement;

b.  Labrador, Inc. has performed all conditions, covenants and promises required on their part to be performed in accordance with the terms and conditions of the Beatbox Agreement;

c.  Beatbox made a series of promises regarding Beatbox's receipt, introduction, exploitation and granting of non-exclusive licenses of the of the Library, in Australia

LABRADOR'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

and New Zealand;

d.  These promises included, but are not limited to, representations and warranties and other terms set forth by Plaintiff and Defendants were damaged as a result of Plaintiffs Breach.

**2.  Evidence in Support**

Beatbox breached the Beatbox Agreement by among, other matters:

a.  Failing to perform the licensing activities in granting non-exclusive licenses in the Licensed Territory in accordance with generally accepted music industry standards, and with thoroughness, competence, and care ordinarily exercised by other sub-publishers working with the licensing of similar rights;

b.  Failing to use its best commercial endeavors to exploit the recordings for the benefit of the parties concerned;

c.  By assigning to AMCOS benefits licensed to Beatbox to AMCOS, without first obtaining the written consent of Labrador, Inc.;

d.  Failing to comply with Performing Rights in the recordings subject to the Copyright Societies in the USA and its affiliated societies in the licensed territory;

e.  Failing to indemnify and hold harmless Labrador, Inc. from any and all loss, liability and expense incurred by reason of any infringement of rights or other claim inconsistent with the Sub Publishers guarantees, warranties, representations and undertakings contained in the Beatbox Agreement;

f.  Failing to pay to Labrador, Inc. 50% (fifty per cent) of all fees accruing from such licenses relating to the use of the recordings, including mechanical/ synchronization royalties received by Beatbox as a result of exploitation of rights herein granted to Beatbox;

///

LABRADOR'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

g.  Failing to provide an industry wide process to obtain from Labrador, Inc. "the Library."

As a result of these breaches, Plaintiff has suffered damage.

All evidence cited above in support of Claim 1 and 2 for Breach of Contract and Breach of Covenant of Good Faith and Fair Dealing.

**B.  Count II - Indemnification against Beatbox**

**1.  Elements**

To prevail on its counter claim Defendant must prove:

a.  Counterclaimant and Counter defendant Beatbox entered into a written agreement;

b.  Pursuant to paragraph 16 (vi) Beatbox agreed to: indemnify and hold harmless the Labrador, Inc. it's successors and assigns of and from any and all loss, liability and expense incurred by reason of any infringement of rights or other claim inconsistent with the Sub Publishers guarantees, warranties, representations and undertakings contained in this Agreement;

c.  As a direct and proximate result of Beatbox's actions, Labrador, Inc. has incurred and continues to incur an undetermined amount of damages.

**2.  Evidence in Support**

By virtue of the Beatbox Agreement or applicable law, Beatbox is required to hold harmless and indemnify Labrador, Inc. for the amount of any judgment or settlement, and for expenses, costs, legal fees, and other damages and costs that Labrador, Inc. incurs in connection Beatbox's breach of guarantees, warranties, representations and undertakings contained in this Agreement.  All evidence cited above in support of Claim 1 and 2 for Breach of Contract and Breach of Covenant of Good Faith and Fair Dealing.

LABRADOR'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

## C. Count III - Indemnification against Cohen

### 1. Elements

To prevail on its counter claim Defendant must prove:

a. Counter claimant and Counter defendant Cohen entered a written agreement. Pursuant to paragraph 6.1 of the agreement: Cohen will indemnify and hold Labrador, Inc. and all entities associated with Labrador, Inc. free, safe, and harmless from and against any and all losses, damages, actions, causes of action, expenses or liabilities, including, without limitation, reasonable attorney's fees and costs, whether incurred before or after the entry of judgment, resulting from or by reasons of any material breach of any representation or warranty made herein by Cohen;

b. Other parties have alleged that Labrador, Inc. is liable as a direct and proximate result of Cohen's actions. Because of these allegations, Labrador, Inc. has incurred and continues to incur an undetermined amount of damages.

### 2. Evidence in Support

By virtue of the Cohen Agreement or applicable law, Cohen is required to hold harmless and indemnify Labrador, Inc. for the amount of any judgment or settlement, and for expenses, costs, legal fees, and other damages and costs that Labrador, Inc. incurs in connection Cohen's breach of guarantees, warranties, representations and undertakings contained in this Agreement. The total amount of Labrador, Inc.'s costs and attorneys' fees is not yet known, and Labrador, Inc. will ask leave of this Court to insert such amount at the time of trial. All evidence cited above in support of Claim 1 and 2 for Breach of Contract and Breach of Covenant of Good Faith and Fair Dealing.

///

///

LABRADOR'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

**D.  Count V - Breach of Fiduciary against Beatbox**

**1.  Elements**

To prevail on its counter claim Defendant must prove:

a.  Beatbox is an agent to Labrador, Inc. by way of its designation as a sub-publisher to Labrador, Inc.;

b.  As a sub-publisher of the Library of Labrador, Inc. Beatbox licenses to third parties the contents of the Library;

c.  Labrador, Inc. expected that Beatbox would assume all of the duties to properly maintain, update, exploit, protect and sub-license the contents of the Library;

d.  Beatbox was responsible to Labrador, Inc. for the accounting and payment of all fees accruing from such sub-licenses of the Beatbox Recordings. Beatbox was required to obtain from Labrador, Inc. prior written permission before parting with or assigning to any other person or party any of the benefits licensed to it under the terms of the Labrador Agreement. Further, Beatbox represented and warranted that it would use its best commercial endeavors to exploit the recordings for the benefit of the parties concerned.

**2.  Evidence in Support**

Some of the ways that Beatbox breached their fiduciary duties include:

a.  Failing to perform the licensing activities in granting non-exclusive licenses in the Licensed Territory in accordance with generally accepted music industry standards, and with thoroughness, competence, and care ordinarily exercised by other sub-publishers working with the licensing of similar rights;

b.  Failing to use its best commercial endeavors to exploit the recordings for the benefit of the parties concerned;

LABRADOR'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

c.  Assigning to AMCOS benefits that were licensed to it to AMCOS, without first obtaining the written consent of Labrador, Inc.;

d.  After Beatbox wrongly assigned to AMCOS the benefits Labrador, Inc. licensed to Beatbox, Beatbox failed to comply with the duties it owed to AMCOS, including the duty to immediately notify AMCOS of each deletion from the list of music cues;

e.  Failing to comply with Performing Rights in the recordings subject to the Copyright Societies in the USA and its affiliated societies in the licensed territory. Failing to provide an industry wide process to obtain from Labrador, Inc. the Library.

In breaching their fiduciary duties, Beatbox has caused Labrador, Inc. to incur substantial damages to be remedied at law.

All evidence cited above in support of Claim 1 and 2 for Breach of Contract and Breach of Covenant of Good Faith and Fair Dealing.

## AFFIRMATIVE DEFENSES

### A.  First Affirmative Defense - Failure to State a Claim

### 1. Elements

Plaintiff's lack of specificity in its pleadings for its causes of action and they lack of evidence provided in discovery to support such claims.

Federal Rule of Civil Procedure 12(b)(6) states that Defendants may bring a motion to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, Plaintiffs Complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *BellAtl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level... on

LABRADOR'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. Plaintiffs fail to state facts sufficient to constitute claims against Defendants.  Therefore, this affirmative defense applies.

**2.  Evidence in Support**

As a First and Separate Affirmative Defense, Defendants assert that the FAC and each purported claim alleged therein fail to state facts sufficient to constitute a claim against Defendants.

**B. Second Affirmative Defense - Plaintiff's Conduct**

**1.  Elements**

Labrador claims that it is not responsible for Beatbox's harm because of Beatbox's conduct. Specifically, Labrador claims that the harms Beatbox complains of were in fact caused by its actions including, but not limited to, failing to:

a.  Update the Spider Cues Library when requested by Beatbox;

b.  To communicate to Labrador concerns by potential licensees about Eminem Esque; failing to pay to Labrador money received by Beatbox for licensing of the music cues from the Spider Cues Library;

c.  Paying all money due to Labrador from Beatbox for the licensing of the Cues.

CACI 430 (New September 2003; Revised October 2004, June 2005, December 2005, December 2007, May 2018, May 2020, November 2020)

**2.  Evidence in Support**

As a Second and Separate Affirmative Defense, Defendants assert that some or all of the purported claims in the FAC are barred, in whole or in part, by material breaches, negligence or other wrongful conduct by Plaintiff and by the conduct of their agents, attorneys, and representatives. All evidence cited above in

LABRADOR'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

support of Claim 1 and 2 for Breach of Contract and Breach of Covenant of Good Faith and Fair Dealing.

**C. Fourth Affirmative Defense - Unclean Hands**

**1. Elements**

Defendants must show:

a.  Beatbox's misconduct was connected to his claim of Breach of Contract;

b.  Such misconduct was of such prejudicial nature that it would be unfair to allow Beat Box to recover;

c.  As such Beatbox is barred from recovering.

1-3F California Forms of Jury Instruction, Contract Defenses Instructions, Waiver, Estoppel, and Unclean Hands, 300F.29 (2005).

The rule is settled in California that whenever a party who, as actor, seeks to set judicial machinery in motion and obtain some remedy, has violated conscience, good faith or other equitable principle in his prior conduct, then the doors of the court will be shut against him in limine; the court will refuse to interfere on his behalf to acknowledge his right, or to afford him any remedy." *Moriarty v. Carlson* (1960) 184 Cal.App.2d 51, 55.  The doctrine of unclean hands bars a plaintiff from relief when the plaintiff has engaged in misconduct relating directly to the transaction concerning which suit is brought.  *California Bank & Trust v. DelPorti* (2014) 232 Cal.App.4th 162, 167. The doctrine is applicable to legal claims as well as equitable ones. *Jacobs v. Universal Development Corp.* (1997) 53 Cal.App.4th 692, 699.

**2. Evidence in Support**

As a Fourth and Separate Affirmative Defense, Defendants assert that some or all of the purported claims in the FAC against Defendants are barred, in whole or in part, by the unclean hands of Plaintiff. Labrador claims that Beatbox's misconduct

LABRADOR'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

precludes enforcement of his claim for Breach of Contract. See above discussion in Defendant's evidence in opposition to Plaintiffs claim of breach of contract. All evidence cited above in support of Claim 1 and 2 for Breach of Contract and Breach of Covenant of Good Faith and Fair Dealing.

**D. Sixth Affirmative Defense - Ratification and Waiver**

**1. Elements**

Defendants must show:

a.  Beatbox's misconduct was connected to his claim of Breach of Contract;

b.  Such misconduct was of such prejudicial nature that it would be unfair to allow Beat Box to recover;

c.  As such Beatbox is barred from recovering.

1-3F California Forms of Jury Instruction, Contract Defenses Instructions, Waiver, Estoppel, and Unclean Hands, 300F.29 (2005).

Conduct is not a substantial factor in causing harm if the same harm would have occurred without that conduct. As long as the conduct was a "but for" cause of the plaintiff's harm, it need not have been the sole cause. *Yanez v. Plummer* (2013) 221 Cal.App.4th 180, 190.

**2.  Evidence in Support**

As a Sixth and Separate Affirmative Defense, Defendants assert that some or all of the purported claims in the FAC against Defendants are barred, in whole or in part, because, Plaintiff, on their own behalf and through the actions of their agents, attorneys, and representatives, ratified the actions of Defendants, thereby waiving any and all claims against Defendants, if any. All evidence cited above in support of Claim 1 and 2 for Breach of Contract and Breach of Covenant of Good Faith and Fair Dealing.

LABRADOR'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

**E. Seventh Affirmative - Estoppel**

**1. Elements**

Defendants must show:

a.  Beatbox's misconduct was connected to his claim of Breach of Contract;

b.  Such misconduct was of such prejudicial nature that it would be unfair to allow Beatbox to recover;

c.  As such Beatbox is barred from recovering.

1-3F California Forms of Jury Instruction, Contract Defenses Instructions, Waiver, Estoppel, and Unclean Hands, 300F.29 (2005).

**2. Evidence in Support**

As a Seventh and Separate Affirmative Defense, Defendants assert that some or all of the purported claims and causes of action in the FAC against Defendants are barred, in whole or in part, by the equitable doctrine of estoppel because of the conduct of Plaintiff and their agents, attorneys, and representatives. All evidence cited above in support of Claim 1 and 2 for Breach of Contract and Breach of Covenant of Good Faith and Fair Dealing.

**F. Eighth Affirmative Defense - Consent of Plaintiff**

**1.  Elements**

Plaintiff agreed to, and participated in, those actions which plaintiff's claim to have caused injury or damage. Since such participation and consent were given knowingly and voluntarily, plaintiff's claims are invalid.

**2. Evidence in Support**

As an Eighth and Separate Affirmative Defense, Defendants assert that Plaintiff gave consent both expressly and impliedly for any purported failure, breaches, or conduct of Defendants as alleged. All evidence cited above in support of Claim 1 and

LABRADOR'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

Page 23 of 34

2 for Breach of Contract and Breach of Covenant of Good Faith and Fair Dealing.

**G. Ninth Affirmative Defense - Fault of Plaintiff**

**1. Elements**

Labrador claims that Beatbox's own negligence contributed to its harm. To succeed on this claim, Labrador must prove both of the following:

   a.  That Beatbox was negligent; and

   b.  That Beatbox's negligence was a substantial factor in causing harm.

If Labrador proves the above, Beatbox's damages are reduced by the determination of the percentage of Beatbox's responsibility.

Source: CACI 405 (New September 2003; Revised December 2009)

**2.  Evidence in Support**

As a Ninth and Separate Affirmative Defense, Defendants assert that some or all of the purported claims in the FAC are barred, in whole or in part, by the fault of Plaintiff and of their agents, attorneys, and representatives. All evidence cited above in support of Claim 1 and 2 for Breach of Contract and Breach of Covenant of Good Faith and Fair Dealing.

**H. Tenth Affirmative Defense- Failure to Mitigate**

**1.  Elements**

If Labrador is found to  breached the contract and the breach caused harm, Labrador must then establish:

   a.  Beatbox is not entitled to recover damages for harm that Beatbox could have avoided with reasonable efforts or expenditures and efforts in light of the circumstances facing it at the time, including its ability to make the efforts or expenditures without undue risk or hardship;

   b. Beatbox failed to make reasonable efforts to avoid harm.

LABRADOR'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

Page 24 of 34

Source: CACI 358 (New September 2003)

**2.  Evidence in Support**

As a Tenth and Separate Affirmative Defense, Defendants assert that some or all of the purported claims in the FAC are barred, in whole or in part, by Plaintiff's failure to mitigate their alleged damages. All evidence cited above in support of Claim 1 and 2 for Breach of Contract and Breach of Covenant of Good Faith and Fair Dealing.

**I. Twelfth Affirmative Defense - Breach of Fiduciary of Plaintiff and Others**

**1.  Elements**

To establish this claim, Labrador must prove all of the following:

a.  That Beatbox was Labrador's exclusive representative in New Zealand

b.  That Beatbox acted on behalf of Labrador for the purpose of licensing cues and collecting royalties for cues provided to Beatbox by Labrador in territories listed in Beatbox/Labrador contract, to license cues and collect royalties for cues provided to Beatbox by Labrador.

c.  That Beatbox failed to act as a reasonably careful representative by:

d.  failing to maintain an accurate list of cues that could be marketed and licensed;

e.  by distributing cues that were not on this list, namely the cue "Eminem-Esque";

f.  failed to check if a particular cue could be used for a "high risk" end-user, namely for a political advertisement;

g.  Failing to communicate to Labrador, prior to the issuance of the license to be used by the New Zealand National Party in its advertisments, that the New Zealand National Party was concerned about being sued if they used the Eminem Esque;

---

LABRADOR'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

h.  by falsely representing to third parties that Labrador was responsible for any claims;

i.  failed to put the best interest of Labrador above Beatbox.

**2.  Evidence in Support**

As a Twelfth and Separate Affirmative Defense to the FAC, Defendants assert that Defendants are informed and believes and thereon allege that the injuries and damages alleged in the FAC, if any, without admitting any injury or damage to Plaintiff, occurred, were proximately caused by either the sole breach of fiduciary duties of or contributed to by the breach of fiduciary duties of Plaintiff or third parties not within the control of Defendants. Beatbox breached their fiduciary duties among other matters by failing to:

a.  Perform the licensing activities in granting non-exclusive licenses in the Licensed Territory in accordance with generally accepted music industry standards, and with thoroughness, competence, and care ordinarily exercised by other sub-publishers working with the licensing of similar rights;

b.  To use its best commercial endeavors to exploit the recordings for the benefit of the parties concerned;

c.  To comply with the Beatbox Agreement and assigned to AMCOS benefits licensed to it to AMCOS, without first obtaining the written consent of Labrador, Inc.;

d.  To comply with its duties to AMCOS, including the duty to immediately notify AMCOS of each deletion from the list of music cues, after Beatbox      wrongly assigned to AMCOS the benefits Labrador, Inc. licensed to Beatbox;

e.  To comply with Performing Rights in the recordings subject to the Copyright Societies in the USA and its affiliated societies in the licensed territory;

LABRADOR'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

f.  To provide an industry wide process to obtain from Labrador, Inc. the Library.

Defendants request, that to the extent Plaintiff's damages were caused by breach of fiduciary duties of all persons or parties, named and unnamed, served or unserved, and the degree to which said breach of fiduciary duties contributed to the happening of the incident and the nature and extent of the injuries actually sustained, if any, be determined by the trier of fact. Plaintiff's recovery, if any, should be barred, or reduced in proportion to the amount by which the breach of fiduciary duties of Plaintiff or others contributed to the happening of the injuries and damages alleged. All evidence cited above in support of Claim 1 and 2 for Breach of Contract and Breach of Covenant of Good Faith and Fair Dealing.

**IV.  Defendants Position on Anticipated Evidentiary Issues**

As reflected in Labrador Defendants' motion in limine, Defendants believe the following evidence is inadmissible. Evidence of the judgment of the New Zealand court against The New Zealand National Party and documents issued by or filed with the New Zealand Court.  Further, Labrador Defendants have filed objections to the exhibit list submitted by Plaintiff and has indicated in the filing the applicable Federal Rules for each exhibit objected to.

**V.  Issues of Law**

The following issues of law were identified in Defendants' Motion for Summary Judgment/Summary Adjudication.

Whether the eminem esque cue ("Cue") is infringing under issue preclusion based on the New Zealand action?

Whether the applicability of New Zealand copyright law within the U.S. is due to the general territorial limits of intellectual property law.

---

LABRADOR'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

1  Whether evidence should be excluded of the judgment of the New Zealand
2  court against The New Zealand National Party and documents issued by or filed with
3  the New Zealand Court.

4  **VI.  Bifurcation of Issues**

5  Labrador Defendants believe that it would be most expeditious for this Court to
6  order separate trial on the legal issues to be decided by the Court, before conducting a
7  jury trial on the issues in which a jury must be the finder of facts. The Court's March
8  2022 summary judgment opinion made clear that are several issues that are for the
9  Court to decide as which there were genuine issues of material fact. Defendants
10  submit that a bench trial on that set of legal issues will be the most expeditious
11  approach to the trial of this matter as resolution of some of the legal issues in Labrador
12  Defendants' favor will obviate the need for a trial completely, while resolution of
13  others could greatly simplify the jury's task on a second phase trial and should result
14  in a streamlined proceeding.

15  This Court's authority to bifurcate comes from Federal Rule of Civil Procedure
16  42(b) which provides that "For convenience, to avoid prejudice, or to expedite and
17  economize, the court may order a separate trial of one or more separate issues, claims,
18  crossclaims, counterclaims, or third-party claims." FRCP 42(b).  Courts have broad
19  discretion to bifurcate trials to avoid costly and possibly unnecessary proceedings.
20  *Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1021 (9th Cir. 2004). *See*
21  also 9A Charles Alan Wright, et al., Federal Practice and Procedure: Civil 3d § 2398,
22  at 126 (2008) ("Rule 42(b) is sweeping in its terms and allows the district court, in its
23  discretion, to grant a separate trial of any kind of issue in any kind of case."); 8–42
24  Moore's Federal Practice—Civil § 42.20[5][a] ("Not only does the court have
25  discretion to bifurcate claims or issues traditionally considered to be divisible, such as

26  

27  LABRADOR'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

28

liability and damages, but also, to separate for trial virtually any other issue that it

thinks proper."). Mirroring the words of Rule 42(b), courts considering bifurcation

look at factors such as "avoiding prejudice, separability of the issues, convenience,

judicial economy, and reducing risk of confusion." *Bates v. UPS*, 204 F.R.D. 440, 448

(N.D. Cal. 2001).

The courts have found that "bifurcation may be appropriate where, for example,

the litigation of the first issue might eliminate the need to litigate the second issue . . ."

*Amato v. City of Saratoga Springs*, N.Y., 170 F.3d 311, 316 (2d Cir. 1999). *See* also

*Philips North America LLC v. Summit Imaging Inc.,* 2020 WL 8373416, *1 (W.D.

Wash. 2020) ("Bifurcation is particularly appropriate when resolution of a single

claim or issue could be dispositive of the entire case."). The resolution of discrete

legal issues in an initial bench trial here might well eliminate the need for the jury to

decide issues that would flow the resolution of the legal issues by the Court in an

initial trial.

For example, in its summary judgment ruling, this Court noted that "the

applicability of New Zealand copyright law within the U.S. is unclear due to the

general territorial limitations of intellectual property law." [Dkt. 255 at 10] The

determination of whether or not New Zealand copyright law applies with the U.S. is

not an issue for the jury to decide, and, in order to consider the evidentiary

significance of the New Zealand judgment, the jury necessarily would need to know

whether New Zealand copyright law applies to the representations and warranties

made by Labrador in the license. A bifurcated bench trial on the issue of the

applicability of New Zealand copyright law to these proceedings would greatly

streamline and potentially even avoid the necessity of a second phase jury trial.

In addition, no party asserts that the license agreement and its terms are ambiguous.

---

LABRADOR'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

Given both parties believe the license agreement and its indemnity provisions are unambiguous, it is for the Court to decide what the contract means, and then the jury would apply that meaning to the facts to determine whether there has been a breach. See, e.g., *Brobeck, Phleger & Harrison v. Telex Corp*., 602 F.2d 866, 871 (9th Cir. 1979) ("Under California law, the determination of whether a written contract is ambiguous is a question of law that must be decided by the court.").

The specific issue to be resolved by the Court as a matter of law, in the form in effect of a declaratory judgment, is the meaning of the indemnity clause, which only applies to expenses "incurred by reason of any infringement of rights or other claim inconsistent with [Labrador's] guarantees, warranties, representations, and undertaking contained in this Agreement." [2009 License Section 16(v)] Were this Court to determine at a bench trial, as a matter of law, that there necessarily must be an infringement of rights by a licensed cue for Beatbox to invoke the indemnity provision, or that Labrador's representations of non-infringement only apply when a sublicensee such as Beatbox is found to have committed infringement through its sublicensing activities (and is not a representation or warranty that BeatBox would never get sued), then the jury can rather easily apply the facts this Court's declaration of the meaning of the agreements and the jury trial will be radically streamlined, if it even occurs at all.  Compare *Jinro Am. Inc. v. Secure Invs., Inc.,* 266 F.3d 993, 998 (9th Cir. 2001) (holding that the district court's decision that "before addressing any of the parties' claims, an initial determination should be made whether the parties had entered into a valid agreement and, if so, what that agreement entailed" was "a reasonable way to promote clarity and judicial economy, because the validity of the contract directly informed the resolution of the other claims"); *F.D.I.C. v. Safeco Ins. Co. of Am.,* No. 2:02-CV-01051-KJD, 2011 WL 4753416, at *2 (D. Nev. Oct. 7,

LABRADOR'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

2011) ("If at the bench trial, the Court determines that FDIC succeeded to the rights of CMC when the bonds were assigned, then Safeco can properly assert defenses based on the alleged fraud by CMC. If FDIC's argument prevails and the contract is reformed to state that FDIC was the original intended obligee, then the Court will proceed on the breach of contract and other claims before the jury.").

In addition to bifurcating the legal issues in advance of a second phase jury trial, Labrador Defendants believe that the contribution/indemnification claims of Labrador Defendants should be trifurcated. Labrador Defendants seeks to be indemnified for its having been sued in this very action. Whether or not there even needs to be a trial on the indemnification cross-claim is highly dependent on the outcome of the trial over BeatBox's claim for contractual indemnification. It would be vastly more efficient to hold the issue of the crossclaim by Labrador Defendants for a subsequent trifurcated trial.  Compare *Shaughnessy v. Ass'n of Apartment Owners of Moana Pac.,* No. CIV. 09-00051 ACK, 2011 WL 97254, at *4 (D. Haw. Jan. 12, 2011) (bifurcating indemnity cross claim because "if the AOAO and KC Rainbow prevail in the trial of Plaintiff's FHA claims, KC Rainbow would not need to try its indemnification claims"). *See also American Family Mut. Ins. Co., Inc. v. Haslam*, 2011 WL 1042284, *2 (D. Colo. 2011) (bifurcation appropriate when, "depending on the jury's verdict, the cross-claims may evanesce"). In addition to the matter of efficiency, there is also a prejudice consideration to permitting the indemnity cross-claim to proceed at the same time as the BeatBox claims in chief.  Compare *Magazzu v. Volmar Services, Inc.,* 2009 WL 5194396  *6 (D.N.J. 2009) (indemnification issue was separated from negligence claim because its inclusion may have caused jury to misperceive role of indemnitor; bifurcation thus would reduce potential for prejudice).

LABRADOR'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

Finally, if Defendants win this case, the UFTA and related common law claim are moot. Courts are quite aware of the potential inefficiency in concurrently trying fraudulent conveyance cases with the underlying case. This issue first arose with regard to judicial discussion of the accrual date for statute of limitations purposes. In California, courts have held that a fraudulent conveyance claim "accrue[s] on the date of judgment." *Macedo v. Bosio*, 86 Cal. App. 4th 1044, 1049 (2001). Courts have noted that any other rule would undermine the "salutary purposes served by obviating the need for a second lawsuit while the underlying action is being pursued . . .." Id. This same salutary purpose strongly counsels in favor of severing Counts 7 and 8.

DATED: October  31st, 2022

Law Offices of  Douglas Joseph Rosner

/s/ Douglas J. Rosner

By: Douglas J. Rosner
Attorney for Defendant/Cross-Complainant,
Labrador Entertainment, Inc. dba Spider Cues
Music Library, Labrador Entertainment, LLC,
Noel Palmer Webb, an individual and
Webb Family Trusts

LABRADOR'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

Page 32 of 34

1

**PROOF OF SERVICE**

2

**USDC, CENTRAL DISTRICT, WESTERN DIVISION**

3

**Case No. 2:17-cv-6108-MWF (JPRx)**

4

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

5

At the time of service, I was over 18 years of age and not a party to this

6

action. I am employed in the County of Los Angeles, State of California. My

7

business address is 2625 Townsgate Road, Suite 330, Westlake Village, CA, 91361.

8

On October 31st, 2022, I served true copies of the following document(s)

9

described as Labrador Entertainment, Inc. Dba Spider Cues Music Library, Labrador

10

Entertainment, LLC, Noel Palmer Webb, an Individual and Webb Family Trusts's

11

Memorandum of Contentions of Fact and Law as follows:

12

See Service List

13

BY EMAIL OR ELECTRONIC TRANSMISSION: By transmitting a true copy

14

of the foregoing document(s) to the email addresses set forth on the attached service

15

list.

16

I declare under penalty of perjury that the foregoing is true and correct.

17

Executed on this 31st day of October, 2022 in Los Angeles, California.

18

/s/ Douglas J. Rosner

19

Douglas J. Rosner

20

21

22

23

24

25

26

27

LABRADOR'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

28

Page 33 of 34

1

## SERVICE LIST

2

### USDC, CENTRAL DISTRICT, WESTERN DIVISION

3

### Case No. 2:17-cv-6108-MWF (JPRx)

4

5

Heather Lea Blaise, Esq.                          Counsel for Plaintiff
6      Blaise and Nitschke PC                            Beatbox Music Pty, Ltd.
       123 North Wacker Drive, Suite 250
7      Chicago, IL 60606
       hblaise@blaisenitschkelaw.com
8

9

10     Daniel Jacobson, Esq.                       Counsel for Defendant and   Cross-
       Jacobson & Associates                       Claimant
11     1352 Irvine Boulevard, Suite 205            Michael Cohen
       Tustin, CA 92780
12     rp@jacobsonlawyers.com
       dlj@jacobsonlawyers.com
13

14

15

16

17

18

19

20

21

22

23

24

25

26
       _____
27     LABRADOR'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

28                                                            Page 34 of 34