Douglas J. Rosner, ESQ., SBN 094466
rosnerlaw@earthlink.net
LAW OFFICES OF DOUGLAS JOSEPH ROSNER
2625 Townsgate Road, Suite 330
Westlake Village, California 91361
Telephone No. (818) 501-8400
Facsimile No.: (818) 880-4485

Attorney for Defendant/Cross-Complainant,
Labrador Entertainment, Inc. dba Spider Cues Music Library,
Labrador Entertainment, LLC, Noel Palmer Webb,
an individual and Webb Family Trusts

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| BEATBOX MUSIC, PTY, LTD.,<br><br>                    Plaintiff,<br>          vs.<br><br>LABRADOR ENTERTAINMENT, INC., DBA SPIDER CUES MUSIC LIBRARY, a California corporation,<br><br>                    Defendants.<br>_____<br><br>AND ALL RELATED ACTIONS | Case No. 2:17-cv-6108-MWF (JPRx)<br>*Assigned to the Hon. Michael W. Fitzgerald*<br><br>LABRADOR'S MOTION IN LIMINE TO EXCLUDE THE NEW ZEALAND COURT JUDGMENT FROM EVIDENCE<br><br>Hearing Date: November 21, 2022<br>Time: 11:00 a.m.<br>Location: Courtroom 5A - Los Angeles<br><br>Complaint filed: 8/17/2017<br>Pre-Trial Conf.: 11/21/2022<br>Trial Date: 12/06/2022 |

LABRADOR'S MOTION IN LIMINE TO EXCLUDE THE NEW ZEALAND

COURT JUDGMENT FROM EVIDENCE                                    Page 1 of 7

Defendant/Cross-Complainant, Labrador Entertainment, Inc. dba Spider Cues Music Library, Labrador Entertainment, LLC, Noel Palmer Webb, an individual and Webb Family Trusts ("Labrador") move this Court for an order precluding the admission into evidence of the judgment of the New Zealand court against The New Zealand National Party and documents issued by or filed with the New Zealand Court.  In support of this motion, Defendants state as follows:

## I. INTRODUCTION

This entire lawsuit is predicated on the assertion that Plaintiff Beatbox incurred costs in defending against and settling a lawsuit that was brought in and litigated entirely in New Zealand. The problem for Beatbox is that the judgment of the New Zealand court is not admissible in this proceeding as it is hearsay, is not certified, and is an unregistered foreign judgment that is not recognized for the truth of the matter asserted by an American court. As such, it should be excluded in limine and not entered into evidence at the upcoming trial of this matter.

## II. ARGUMENT

### A.   THE NEW ZEALAND COURT JUDGMENT IS INADMISSIBLE HEARSAY.

The judgment of the New Zealand court is classic hearsay "to the extent that it is offered to prove the truth of the matters asserted in the judgment. . . . civil judgments do not fit comfortably into any hearsay exception." *United States v. Boulware*, 384 F.3d 794, 806 (9th Cir. 2004), cert. denied 546 U.S. 814, 126 S.Ct. 337, 163 L.Ed.2d 49 (2005); see also 2 [Kenneth S. Broun et al.,] McCormick on Evidence ... § 298, at 337 [(6th ed. 2006)](noting the historic treatment of prior judgments as hearsay); *United States v. Benjamin Brandon Grey*, 891 F.3d 1054, 1058 (D.C. Cir. 2018) (citing, among other cases, Sine and joining the "numerous courts [of appeals]" which "have held that civil

judgments introduced in subsequent cases for the truth of their underlying facts are inadmissible hearsay" and noting that "three major evidence treatises agree."); *Masimo Corp. v. Tyco Health Care Grp., L.P.*, No. CV 02-4770 MRP, 2004 WL 7094930, at \*2 (C.D. Cal. May 28, 2004)  ("If offered into evidence, the patent verdict will be excluded as hearsay that meets neither the exception in Federal Rules of Evidence (FRE) Rule 803 nor Rule 807."); *World Wide Stationery Mfg., Co. v. Bensons Int'l Sys., Inc.,* No. 3:11 CV 523, 2012 WL 12894226, at \*2 (N.D. Ohio Sept. 12, 2012) (Excluding prior judgment under FRE 403 because "[t]his Court will not entertain 'mini-trials' about facts and circumstances in prior litigation between companies not involved in the present case.").

"It is even more plain that the introduction of discrete judicial factfindings and analysis underlying the judgment to prove the truth of those findings and that analysis constitutes the use of hearsay. . . . judicial findings of facts are hearsay, inadmissible to prove the truth of the findings . . . ." *United States v. Sine*, 493 F.3d 1021, 1036 (9th Cir. 2007).

Because the decision of the New Zealand court is hearsay, it is inadmissible.

**B.   THE NEW ZEALAND COURT JUDGMENT IS NOT FINAL, AND IT SHOULD BE EXCLUDED UNDER FRE 403.**

"Rule 403 permits the court to exclude evidence if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, or needless presentation of cumulative evidence. The district court has considerable latitude in performing the Rule 403 balancing test." *Rogers v. Raymark Indus., Inc.*, 922 F.2d 1426, 1430 (9th Cir. 1991).

Admitting the New Zealand judgment would create all the classic risks of jury confusion because, as this Court noted in its March 30, 2022 decision denying Beatbox's motion for summary judgment, the New Zealand judgment realtes to "the liability of the

national party, which was decided" and is not a decision on the liability of Beatbox itself. [Dkt. 255 at 9] Given this limited probative value, the prejudicial value is high because the jury could view the judgment as evidence that Labrador's license of the Cue to Beatbox caused Beatbox to infringe on the Eminem copyright even though the judgment of the New Zealand court made no such judgment or conclusion.  Compare *Mendenhall v. Cedarapids, Inc.,* 5 F.3d 1557, 1574 (Fed. Cir. 1993) (excluding prior infringement judgment involving another party because "[t]he jury should no more be guided to its factual determinations by Judge Hull [the judge issuing the prior judgment] than by Judge Hansen [who presided over the case below the appeal of which the Federal Circuit was considering]. Such improper influence is not tolerated, as Judge Hansen stated. Mr. Mendenhall sought to have done by Judge Hull what Judge Hansen could not legally do—influence the jury's fact finding mission.")

Further, the indemnity clause here only applies for expenses "incurred by reason of any infringement of rights or other claim inconsistent with [Labrador's] guarantees, warranties, representations, and undertaking contained in this Agreement." [2009 License Section 16(v)] There necessarily must be an infringement of rights for Beatbox to invoke the indemnity provision, or to argue that Labrador breached its representations of non-infringement. The New Zealand court judgment or any part of the proceedings below is of marginal relevance at best and would create a massive risk of jury confusion as to the status of the New Zealand proceedings, what the legal effect of those proceedings are, "whether or not the identical issue was adjudicated—namely in whether the New Zealand judgment concerned the same cue as the Cue underlying this action," [Id. at 9] and how Beatbox itself is or is not bound by the bifurcated judgment.

The risk of jury confusion is exacerbated by the fact that this Court noted that "the applicability of New Zealand copyright law within the U.S. is unclear due to the general

territorial limitations of intellectual property law." [Id. at 10] Yet, in order to consider the evidentiary significance of the New Zealand judgment, the jury necessarily would need to know whether New Zealand copyright law applies to the representations and warranties made by Labrador in the license.

Accordingly, even if relevant, the New Zealand judgment should be excluded under FRE 403.

DATED: October 31, 2022

Law Offices of Douglas Joseph Rosner

/s/ Douglas J. Rosner

By: Douglas J. Rosner
Attorney for Defendant/Cross-Complainant,
Labrador Entertainment, Inc. dba Spider Cues
Music Library, Labrador Entertainment, LLC,
Noel Palmer Webb, an individual and
Webb Family Trusts

**PROOF OF SERVICE**

**USDC, CENTRAL DISTRICT, WESTERN DIVISION**

**Case No. 2:17-cv-6108-MWF (JPRx)**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 2625 Townsgate Road, Suite 330, Westlake Village, CA, 91361.

On October 31ˢ, 2022, I served true copies of the following document(s) described as Labrador's Motion in Limine to Exclude the New Zealand Court Judgment from Evidence on the interested parties in this action as follows:

See Service List

BY EMAIL OR ELECTRONIC TRANSMISSION: By transmitting a true copy of the foregoing document(s) to the email addresses set forth on the attached service list.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 31st day of October, 2022 in Los Angeles, California.

/s/ Douglas J. Rosner

_____

Douglas J. Rosner

LABRADOR'S MOTION IN LIMINE TO EXCLUDE THE NEW ZEALAND COURT JUDGMENT FROM EVIDENCE                               Page 6 of 7

1

# <u>SERVICE LIST</u>

2

3

## USDC, CENTRAL DISTRICT, WESTERN DIVISION

## Case No. 2:17-cv-6108-MWF (JPRx)

4

5

| | |
|---|---|
| Heather Lea Blaise, Esq.<br>Blaise and Nitschke PC<br>123 North Wacker Drive, Suite 250<br>Chicago, IL 60606<br>hblaise@blaisenitschkelaw.com | Counsel for Plaintiff<br>Beatbox Music Pty, Ltd. |

6

7

8

9

10

| | |
|---|---|
| Daniel Jacobson, Esq.<br>Jacobson & Associates<br>1352 Irvine Boulevard, Suite 205<br>Tustin, CA 92780<br>rp@jacobsonlawyers.com<br>dlj@jacobsonlawyers.com | Counsel for Defendant and   Cross-Claimant<br>Michael Cohen |

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

LABRADOR'S MOTION IN LIMINE TO EXCLUDE THE NEW ZEALAND

28

COURT JUDGMENT FROM EVIDENCE                                    Page 7 of 7