1  BLAISE & NITSCHKE, P.C.
2  HEATHER L. BLAISE, ESQ. (SBN 261619)
   145 S. Wells Street, Suite 1800
3  Chicago, IL 60606
4  Telephone: 312-448-6602
   Email: hblaise@blaisenitschkelaw.com
5
6  Attorneys for Plaintiff,
   BEATBOX MUSIC PTY, LTD.
7

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEATBOX MUSIC PTY, LTD., | CASE NO: 2:17-cv-6108 MWF (JPRx) |
| Plaintiff, | *Assigned to the Hon. Michael W. Fitzgerald* |
| v. | |
| LABRADOR ENTERTAINMENT, INC. D/B/A SPIDER CUES MUSIC LIBRARY, a California corporation; NOEL PALMER WEBB, an individual; MICHAEL COHEN, an individual; LABRADOR ENTERTAINMENT, LLC; MCPC HOLDINGS, LLC; WEBB FAMILY TRUST and DOES 1-20, inclusive, | **PLAINTIFF BEATBOX MUSIC PTY, LTD.'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW** |
| Defendants. | |
| AND ALL RELATED ACTIONS | Trial Date:          December 6, 2022<br>FAC:                   January 24, 2020<br>Cross-Claim Filed: November 21, 2017<br>Action Filed:        August 17, 2017 |

-i-

# **TABLE OF CONTENTS**

I.   PLAINTIFF'S CLAIMS ...................................................................................1

  A.   Summary of Claims Plaintiff Plans to Pursue.......................................1

  B.   Elements of Plaintiff's Claims and Evidence in Support.....................2

    1.   Claim 1: Breach of Contract ..........................................................2

    2.   Claim 3: Express Indemnity...........................................................2

    3.   Claim 7: Fraudulent Conveyance at Common Law.........................3

    4.   Claim 8: Fraudulent Conveyance Under California's Uniform Fraudulent Transfer Act ("CUFTA") ....................................................................4

II.   DEFENDANTS' COUNTERCLAIMS & AFFIRMATIVE DEFENSES ..........5

  A.   Defendant Cohen's Answer to First Amended Complaint, Dkt. 114 ...............6

    1.   First Affirmative Defense (Failure to State a Claim)......................7

    2.   Second Affirmative Defense (Statute of Limitations) .....................7

    3.   Third Affirmative Defense (Laches)................................................7

    4.   Fourth Affirmative Defense (Unclean Hands).................................8

    5.   Fifth Affirmative Defense (Waiver) ................................................8

    6.   Sixth Affirmative Defense (Estoppel).............................................8

    7.   Seventh Affirmative Defense (No Contractual Relationship, Inclusive of "3rd party" relationship)......................................................................9

    8.   Eighth Affirmative Defense (Failure of a Condition)......................9

    9.   Ninth Affirmative Defense (Fault of Others)..................................9

    10.   Tenth Affirmative Defense (Fault of Consideration)....................10

    11.   Eleventh Affirmative Defense (Standing)....................................10

    12.   Twelfth Affirmative Defense (Ripeness) ......................................11

    13.   Thirteenth Affirmative Defense (Failure to Mitigate) ..................11

    14.   Fourteenth Affirmative Defense (Right to Raise Additional Defenses)........11

  B.   Defendant Labrador's Answer to First Amended Complaint, Dkt. 160.........12

    1.   First Affirmative Defense (Failure to State a Claim).....................12

    2.   Second Affirmative Defense (Ripeness)........................................12

    3.   Third Affirmative Defense (Standing)...........................................13

    4.   Fourth Affirmative Defense (Bonafide Sale)................................13

C.     Defendant Labrador's Counterclaim to First Amended Complaint, Dkt. 160 ....................................................................................13

1.   Claim 1: Breach of Express Contract Against Beatbox .................................14

2.   Claim 2: Indemnification against Beatbox .....................................................14

3.   Claim 3: Indemnification against Cohen .......................................................15

4.   Claim 4: Negligence against Beatbox ............................................................16

5.   Claim 5: Breach of Fiduciary against Beatbox .............................................16

III.   PLAINTIFF'S POSITION ON ANTICIPATED EVIDENTIARY ISSUES ....17

IV.   GERMANE ISSUES OF LAW ....................................................................18

1.   Whether Plaintiff was an intended beneficiary under Defendant Cohen and Labrador's February 2008 contract and thus able to recover for breach of contract under the third-party beneficiary theory ....................................................18

2.   Whether a party to a contract who has materially breached the contract can establish a valid claim or defense based on the subsequent breach of another party to the contract. .................................................................................19

3.   Originality ....................................................................................20

4.   Whether Labrador, Inc. is the alter ego of Labrador, LLC, Noel Webb, and/or Webb Family Trust and whether Michael Cohen is the alter ego of MCPC Holdings, LLC ....................................................................................20

V.   BIFURCATION OF ISSUES ....................................................................24

VI.   DEMAND FOR JURY TRIAL ....................................................................24

VII.   ATTORNEYS' FEES ....................................................................24

VIII.   ABANDONMENT OF ISSUES ....................................................................24

# TABLE OF AUTHORITIES

## Cases

*Acoustics, Inc. v. Trepte Constr. Co.,*
   14 Cal. App. 3d 887, 913 (1971)............................................................2, 14, 15, 16

*AirWair Int'l Ltd. v. Schultz,*
   84 F. Supp. 3d 943, 955 (N.D. Cal. 2015) ................................................7

*Barnes v. AT&T Pension Benefit Plan,*
   718 F. Supp. 2d 1167, 1174 (N.D. Cal. 2010) ........................................12

*Bell Atl. Corp. v. Twombly,*
   550 U.S. 544, 544, 127 S. Ct. 1955, 1958, 167 L. Ed. 2d 929 (2007)......................7

*California Sea Urchin Comm'n v. Bean,*
   883 F.3d 1173, 1180 (9th Cir. 2018), *as amended* (Apr. 18, 2018)..................11, 13

*Certain Interested Underwriters at Lloyd's, London v. Bear, LLC,*
   260 F. Supp. 3d 1271, 1278 (S.D. Cal. 2017), aff'd, 796 F. App'x 372
   (9th Cir. 2019). ................................................................13

*City of Oakland v. Oakland Police & Fire Ret. Sys.,*
   224 Cal. App. 4th 210, 239–40, 169 Cal. Rptr. 3d 51, 76–77 (2014).....................8

*Clark v. Bear Stearns & Co.,*
   966 F.2d 1318, 1320-21 (9th Cir. 1992) ...............................................23

*Comer v. Micor, Inc.,*
   436 F.3d 1098, 1102 (9th Cir. 2006)...................................................18

*Communist Party v. 522 Valencia, Inc.,*
   35 Cal. App. 4th 980, 993 (1995)...................................................20, 21

*Consolidated World Investments, Inc. v. Lido Preferred Ltd.,*
   9 Cal.App.4th 373, 380 (1992).......................................................20

*Durell v. Sharp Healthcare,*
   183 Cal. App. 4th 1350, 1367 (2010)............................................passim

*Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.,*
   499 U.S. 340 (1991) .................................................................20

*Filip v. Bucurenciu,*
   129 Cal. App. 4th 825, 28 Cal. Rptr. 3d 884, 887 (Ct. App. 2005) ......................22

*Garcia v. Mickey Fine Enterprises, Inc.,*
   No. EDCV211056JGBSHKX, 2022 WL 2168886, at *3
   (C.D. Cal. Jan. 7, 2022)..............................................................11

*Gill v. Stern (In re Stern),*
   345 F.3d 1036, 1042 n.6 (9th Cir. 2003)..............................................23

*Gustafson v. Dunman, Inc.,*
   204 Cal. App. 2d 10, 14 (1962).....................................................3, 15

*Hernandez v. Dutch Goose, Inc.*,
   No. C 13-03537 LB, 2013 WL 5781476, at *5 (N.D. Cal. Oct. 25, 2013)...............7

*Kupetz v. Wolf*,
   845 F.2d 842, 846 (9th Cir. 1988)..................................................................21

*Lucido v. Superior Court*,
   51 Cal. 3d 335, 341 (1990)...........................................................................23

*Paz v. California*,
   22 Cal.4th 550, 559, 93 Cal.Rptr.2d 703, 994 P.2d 975 (2000) ...........................16

*Pellegrini v. Weiss*,
   165 Cal.App.4th 515, 524, 81 Cal.Rptr.3d 387 (2008)........................................17

*Petro-Diamond Inc. v. SCB & Associates, LLC*,
   122 F. Supp. 3d 949, 958 (C.D. Cal. 2015).......................................................17

*POM Wonderful LLC v. Coca Cola Co.*,
   166 F. Supp. 3d 1085, 1092 (C.D. Cal. 2016)......................................................8

*Reyn's Pasta Bella, LLC v. Visa USA, Inc.*,
   442 F.3d 741, 746 n.6 (9th Cir. 2006)..............................................................23

*Robbins v. Blecher*,
   52 Cal. App. 4th 886, 892 (1997)..............................................................20, 21

*Roman Catholic Archbishop v. Superior Court*,
   15 Cal. App. 3d 405, 411 (1971)....................................................................20

*Rosen v. Masterpiece Mktg. Grp., LLC*,
   222 F. Supp. 3d 793, 799–800 (C.D. Cal. 2016)........................................6, 8, 10, 11

*Ruderman v. Rolls Royce Motor Cars, LLC*,
   511 F. Supp. 3d 1055, 1058 (C.D. Cal. 2021)....................................................18

*Silver v. Bank of America*,
   47 Cal.App.2d 639, 645 (1941).....................................................................19

*Taliaferro v. Davis*,
   216 Cal. App. 2d 398, 412, 31 Cal. Rptr. 164, 172 (Ct. App. 1963) .......................10

*Thomas v. Anchorage Equal Rts. Comm'n*,
   220 F.3d 1134, 1138 (9th Cir. 2000)..........................................................11, 13

*Turner v. Kendall (In re Turner)*,
   Nos. NC-06-1263-SDR, NC-06-1336-SDR, 2007 Bankr. LEXIS 4834,
   at *19 (B.A.P. 9th Cir. Sep. 18, 2007) .....................................................21, 22, 23

*UMG Recordings, Inc. v. Glob. Eagle Ent., Inc.*,
   117 F. Supp. 3d 1092, 1116 (C.D. Cal. 2015).....................................................9

*United States v. 5208 Los Franciscos Way*,
   385 F.3d 1187, 1191-92 (9th Cir. 2004) .....................................................21, 22

*Walia v. Aegis Ctr. Point Developers Private Ltd.*,
   N.D. Cal. Jan. 27, 2014, No. CV-12-4660-CRB,

2014 U.S. Dist. LEXIS 10433 ....................................................................23

*Wenban Estate, Inc. v. Hewlett*,
   193 Cal. 675, 696 (1924) ......................................................................20

*Wilson v. J.P. Allen Co.*,
   57 F. Supp. 3d 1249, 1253 (C.D. Cal. 2014) ......................................16

*Zivkovic v. S. Cal. Edison Co.*,
   302 F.3d 1080, 1088 (9th Cir. 2002) ..................................................12

**Statutes**

C.C. § 3439.01 ..........................................................................................22
C.C. § 3439.04 ....................................................................................21, 22
C.C. § 3439.05 ................................................................................4, 5, 23
C.C. § 3439.07 ....................................................................................21, 22
C.C. § 3439.08 ..........................................................................................22
C.C. § 3439.09 ..........................................................................................21
Cal. Civ. Code § 1559 ..............................................................................18

**Other Authorities**

CACI No. 4203 ......................................................................................4, 5

Pursuant to Local Rule 16-4 and the Court's Orders, Plaintiff ("Plaintiff") respectfully submits the following Memorandum of Contentions of Fact and Law regarding the trial scheduled to commence December 6, 2022.

# I.   PLAINTIFF'S CLAIMS

## A.   Summary of Claims Plaintiff Plans to Pursue

Plaintiff's Complaint stated eight claims against Defendants Labrador Entertainment, Inc. d/b/a Spider Cues Music Library , Labrador Entertainment, LLC, The Webb Family Trust, Noel Palmer Webb (collectively, "Labrador"), Michael Cohen ("Cohen"), and MCPC Holdings, LLC. The Court granted Defendants' motion to dismiss as to Plaintiff's Second Claim (implied covenant of good faith and fair dealing) and Fourth Claim (breach of fiduciary duty). The Court also noted that Plaintiff's Fifth and Sixth Claims (Alter Ego) were improperly pled as standalone claims but could still be considered as theories of liability. Plaintiff thus intends to pursue the following claims against Defendants:

Claim 1: Defendants Labrador and Cohen breached their contract with Plaintiff when they failed to guarantee that the compositions were original and that none of the compositions infringed any other copyright work or the rights of any third party;

Claim 3: Defendant Labrador violated express indemnity provision of its contract with Plaintiff when it failed to indemnify Plaintiff after Plaintiff incurred damages resulting from Defendant's breach of its contract with Plaintiff;

Claim 7: Defendants Labrador Entertainment, LLC, Labrador Entertainment, Inc., Noel Webb, Defendant Cohen, The Webb Family Trust, and MCPC Holdings, LLC committed fraudulent conveyance at common law when they transferred assets after becoming aware of the claims Plaintiff filed against them; and

Claim 8: Defendants Labrador Entertainment, LLC, Labrador Entertainment, Inc., The Webb Family Trust, Noel Webb, Defendant Cohen, and MCPC Holdings,

LLC violated California's Uniform Fraudulent Transfer Act when they transferred assets after becoming aware of the claims Plaintiff filed against them.

**B.   Elements of Plaintiff's Claims and Evidence in Support**

**1.   Claim 1: Breach of Contract**

**a)   Elements**

(1)   A contract existed between Defendants and Plaintiff;

(2)   Plaintiff performed, or were excused from performing, as required under the contract;

(3)   Defendants breached the contract; and

(4)   Plaintiff suffered damages resulting from Defendants' breach.

*Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1367 (2010); *Acoustics, Inc. v. Trepte Constr. Co.*, 14 Cal. App. 3d 887, 913 (1971).

**b)   Key Evidence in Support**

Plaintiff's key evidence in support of its breach of contract claim consists of: (1) the April 2009 contract between Plaintiff and Labrador; (2) the February 2008 contract between Defendant Labrador and Defendant Cohen; (3) evidence related to Plaintiff's performance under the April 2009 contract; (4) evidence related to the "SQ mc eminem esque" cue copyright infringement of "Lose Yourself;" (5) evidence related to the "SQ mc eminem esque" cue infringement case in New Zealand; (6) evidence of Plaintiff providing Defendants notice of a claim of infringement related to the "SQ mc eminem esque" cue; (7) evidence related to Plaintiff's damages incurred as a result of Defendants' breaches; (8) testimony from parties and witnesses regarding the claims and defenses asserted in this case; and (9) evidence and testimony from expert witness. This is not intended to be an exhaustive list of the evidence Plaintiff may use at trial.

**2.   Claim 3: Express Indemnity**

**a)    Elements**

A breach of representations and warranties claim is based upon breach of contract. *Gustafson v. Dunman, Inc.*, 204 Cal. App. 2d 10, 14 (1962). The elements of breach of contract are:

(1)    A contract existed between Defendants and Plaintiff;

(2)    Plaintiff performed, or were excused from performing, as required under the contract;

(3)    Defendants breached the contract; and

*(4)    Plaintiff suffered damages resulting from Defendants' breach.*

*Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1367 (2010); *Acoustics, Inc. v. Trepte Constr. Co.*, 14 Cal. App. 3d 887, 913 (1971).

**b)    Key Evidence in Support**

Plaintiff's key evidence in support of its express indemnity claim consists of: (1) the April 2009 contract between Plaintiff and Labrador; (2) the February 2008 contract between Defendant Labrador and Defendant Cohen; (3) evidence related to Plaintiff's performance under the April 2009 contract; (4) evidence related to the "SQ mc eminem esque" cue copyright infringement of "Lose Yourself;" (5) evidence related to the "SQ mc eminem esque" cue infringement case in New Zealand; (6) evidence of Plaintiff providing Defendants notice of a claim of infringement related to the "SQ mc eminem esque" cue; (7) evidence related to Plaintiff's damages incurred as a result of Defendants' breaches; (8) testimony from parties and witnesses regarding the claims and defenses asserted in this case; and (9) evidence and testimony from expert witness. This is not intended to be an exhaustive list of the evidence Plaintiff may use at trial.

**3.    Claim 7: Fraudulent Conveyance at Common Law**

**a)    Elements**

(1)   That Plaintiff has a right to payment from Debtor;

(2)   That Debtor transferred property and/or incurred an obligation to Defendant;

(3)   That Debtor did not receive a reasonably equivalent value in exchange for the transfer and/or obligation;

(4)   That Plaintiff's right to payment from Debtor arose before Debtor transferred property and/or incurred an obligation

(5)   That Debtor was insolvent at that time or became insolvent as a result of the transfer or obligation;

(6)   That Plaintiff was harmed; and

(7)   That Debtor's conduct was a substantial factor in causing Plaintiff's harm.

CACI No. 4203; C.C. § 3439.05

### b)   Key Evidence in Support

Plaintiff's key evidence in support of its fraudulent conveyance at common law claim consists of: (1) evidence related to Defendants' notice of potential claims against them; (2) evidence related to the transfer of certain assets; (3) evidence that transfers were made to insiders who retained control of the assets; (4) evidence that Defendants still hold the transferred assets as alter ego entities; (5) evidence related to Plaintiff's damages incurred as a result of Defendants' fraudulent transfers; (6) testimony from parties and witnesses regarding the claims and defenses asserted in this case; and (7) evidence and testimony from expert witness. This is not intended to be an exhaustive list of the evidence Plaintiff may use at trial.

### 4.   Claim 8: Fraudulent Conveyance Under California's Uniform Fraudulent Transfer Act ("CUFTA")

### a)   Elements

(1)   That Plaintiff has a right to payment from Debtor;

(2)   That Debtor transferred property and/or incurred an obligation to Defendant;

(3)   That Debtor did not receive a reasonably equivalent value in exchange for the transfer and/or obligation;

(4)   That Plaintiff's right to payment from Debtor arose before Debtor transferred property and/or incurred an obligation

(5)   That Debtor was insolvent at that time or became insolvent as a result of the transfer or obligation;

(6)   That Plaintiff was harmed; and

(7)   That Debtor's conduct was a substantial factor in causing Plaintiff's harm.

CACI No. 4203; C.C. § 3439.05

### b)   Key Evidence in Support

Plaintiff's key evidence in support of its fraudulent conveyance at common law claim consists of: (1) evidence related to Defendants' notice of potential claims against them; (2) evidence related to the transfer of certain assets; (3) evidence that transfers were made to insiders who retained control of the assets; (4) evidence that Defendants still hold the transferred assets as alter ego entities; (5) evidence related to Plaintiff's damages incurred as a result of Defendants' fraudulent transfers; (6) testimony from parties and witnesses regarding the claims and defenses asserted in this case; and (7) evidence and testimony from expert witness. This is not intended to be an exhaustive list of the evidence Plaintiff may use at trial.

## II.   DEFENDANTS' COUNTERCLAIMS & AFFIRMATIVE DEFENSES

As a threshold matter all of Defendants' Affirmative Defenses are improperly pled in that they fail to meet the standard set forth in *Rosen v. Masterpiece Mktg. Grp., LLC*, 222 F. Supp. 3d 793, 799–800 (C.D. Cal. 2016). The *Rosen* states that:

> "[B]are statements reciting mere legal conclusions" are deemed insufficient under the heightened *Twombly–Iqbal* standard. *Hiramanek v. Clark*, No. 13-00228, 2015 WL 693222, at *1 (N.D. Cal. Feb. 18, 2015) (citing *Perez*, 2012 WL 1029425 at *8). An answer that alleges enough facts to indentify the grounds of defense is likewise inadequate under this standard because "the burden is on the **defendant** to proffer sufficient facts and law to support an affirmative defense" *CTF Dev., Inc.*, 2009 WL 3517617 at *7–8 (emphasis in original). The facts alleged must show "more than a sheer possibility" that an affirmative defense applies. *Cf. Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937. "[J]ust as a plaintiff's complaint must allege enough supporting facts to nudge a legal claim across the line separating plausibility from mere possibility, a defendant's pleading of affirmative defenses must put a plaintiff on notice of the underlying factual bases of the defense." *Hartford Underwriters Ins. Co.*, 313 F.R.D. at 574 (citing *Perez,* 2012 WL 1029425 at *8).
> b. <u>The Reasoning</u>
> Other district courts in the Ninth Circuit have decided that "*Twombly* and *Iqbal* changed the legal foundation underlying the Ninth Circuit's *Wyshak* decision." *Powertech Tech., Inc. v. Tessera*, Inc., No. C 10-945 CW, 2012 WL 1746848, at *4 (N.D. Cal. May 16, 2012). These Courts have held that the reasoning in *Twombly* and *Iqbal* applies with equal force in the context of affirmative defenses, and further note that, at the time the Court of Appeals for the Ninth Circuit decided *Wyshak*, it applied the same "fair notice" standard to both complaints and affirmative defenses. *See e.g., Perez*, 2012 WL 1029425 at *6–7. Consequently, these courts view the Supreme Court's departure from *Conley* as "redefin[ing] the pleading requirements under Rule 8" generally. *See id.*

*Rosen v. Masterpiece Mktg. Grp., LLC*, 222 F. Supp. 3d 793, 799–800 (C.D. Cal. 2016).

**A.     Defendant Cohen's Answer to First Amended Complaint, Dkt. 114**

### 1.   First Affirmative Defense (Failure to State a Claim)

Defendant Cohen states only "Beatbox's First Amended Complaint, and each and every cause of action therein fails to state facts sufficient to constitute a claim against Cohen upon which relief can be granted." In order for Defendants to succeed on this affirmative defense they would need set forth the pleading requirements of each of Plaintif's claims and show how Plaintiff failed to meet each requirement. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 544, 127 S. Ct. 1955, 1958, 167 L. Ed. 2d 929 (2007).

### 2.   Second Affirmative Defense (Statute of Limitations)

Defendant Cohen's Second Affirmative Defense states: "Beatbox's claims are barred by the applicable statute of limitations, including but not limited to, California Code of Civil Procedure Sections 337, 339, and 343."

"Without more, the mere citation of some statutory provisions is not enough; there must be some factual allegation showing that those provisions relate to the action. *See Miller v. Ghirardelli,* No. C12–04936 LB, 2013 WL 3153388, at \*4 (N.D. Cal. June 19, 2013)" *Hernandez v. Dutch Goose, Inc.*, No. C 13-03537 LB, 2013 WL 5781476, at \*5 (N.D. Cal. Oct. 25, 2013)

### 3.   Third Affirmative Defense (Laches)

Defendant Cohen's Third Affirmative Defense states: "Beatbox's claims are barred, in whole or in part, by the doctrine of laches."

> To prevail on a laches defense, a defendant must show two elements: (1) the claimant unreasonably delayed in filing suit based on when the claimant knew or should have known of the allegedly infringing conduct; and (2) as a result of the delay, the defendant suffered prejudice. *Danjaq LLC v. Sony Corp.,* 263 F.3d 942, 952–56 (9th Cir.2001). "Prejudice" means that the claimant "took actions or suffered consequences that it would not have, had the plaintiff brought suit promptly."

*AirWair Int'l Ltd. v. Schultz*, 84 F. Supp. 3d 943, 955 (N.D. Cal. 2015).

### 4.    Fourth Affirmative Defense (Unclean Hands)

Defendant Cohen's Fourth Affirmative Defense states: "Beatbox's claims are barred, in whole or in part, by the doctrine of unclean hands."

> To prevail on a defense of unclean hands, a defendant must demonstrate by clear and convincing evidence (1) "that the plaintiff's conduct is inequitable;" and (2) "that the conduct relates to the subject matter of [the plaintiff's] claims." *Fuddruckers*, 826 F.2d at 847 (citing *CIBA– GEIGY Corp. v. Bolar Pharm.*, 747 F.2d 844, 855 (3d Cir.1984)); see also *TrafficSchool.com, Inc. v. Edriver, Inc.*, 653 F.3d 820, 833 (9th Cir.2011) (holding that a defendant must demonstrate that an unclean hands defense applies with "clear, convincing evidence").

*POM Wonderful LLC v. Coca Cola Co.*, 166 F. Supp. 3d 1085, 1092 (C.D. Cal. 2016)

### 5.    Fifth Affirmative Defense (Waiver)

Defendant Cohen's Fifth Affirmative Defense states: "Beatbox's claims are barred, in whole or in part, because Beatbox, by its conduct has waived those claims."

First, this is not compliant under *Rosen v. Masterpiece Mktg. Grp., LLC* and second it fails to state which claims are to be waived.

### 6.    Sixth Affirmative Defense (Estoppel)

Defendant Cohen's Sixth Affirmative Defense states: "Beatbox's claims are barred, in whole or in part by virtue of the doctrine of Estoppel."

> "'Generally speaking, four elements must be present in order to apply the doctrine of equitable estoppel: (1) the party to be estopped must be apprised of the facts; (2) he must intend that his conduct shall be acted upon, or must so act that the party asserting the estoppel had a right to believe it was so intended; (3) the other party must be ignorant of the true state of facts; and (4) he must rely upon the conduct to his injury.'" ( *240 Golden Gate Water Ski Club v. County of Contra Costa* (2008) 165 Cal.App.4th 249, 257, 80 Cal.Rptr.3d 876 (Golden Gate ), quoting **77 Driscoll v. City of Los Angeles* (1967) 67 Cal.2d 297, 305, 61 Cal.Rptr. 661, 431 P.2d 245 (Driscoll ).)

*City of Oakland v. Oakland Police & Fire Ret. Sys.*, 224 Cal. App. 4th 210, 239–40, 169 Cal. Rptr. 3d 51, 76–77 (2014), as modified on denial of reh'g (Mar. 26, 2014).

-8-

### 7. Seventh Affirmative Defense (No Contractual Relationship, Inclusive of "3rd party" relationship)

Defendant Cohen's Seventh Affirmative Defense states: "Beatbox's claims are barred because there is no contractual relationship between Beatbox and Cohen, nor is there a contractual 3rd party relationship between Beatbox and Cohen."

> "To plead a claim for intentional interference with prospective business advantage, a plaintiff must allege "(1) a specific economic relationship between the plaintiff and some third person containing the probability of future economic benefit to the plaintiff; (2) knowledge by defendant of the existence of the relationship; (3) intentional acts on the part of the defendant designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) damages proximately caused by the defendant's acts." Panavision Int'l, L.P. v. Toeppen, 945 F.Supp. 1296, 1305 (C.D.Cal.1996) (citing Eichman v. Fotomat Corp., 871 F.2d 784, 800 (9th Cir.1989); Youst v. Longo, 43 Cal.3d 64, 71 n. 6, 233 Cal.Rptr. 294, 729 P.2d 728 (1987); Buckaloo v. Johnson, 14 Cal.3d 815, 826–29, 122 Cal.Rptr. 745, 537 P.2d 865 (1975)), aff'd, 141 F.3d 1316 (9th Cir.1998)."

*UMG Recordings, Inc. v. Glob. Eagle Ent., Inc.*, 117 F. Supp. 3d 1092, 1116 (C.D. Cal. 2015).

### 8. Eighth Affirmative Defense (Failure of a Condition)

Defendant Cohen's Eighth Affirmative Defense states:

To the extent that this Court may find that Beatbox has a contractual or 3rd party contractual relationship with Cohen, Beatbox's claims are barred by virtue of the failure of a condition required to occur, when in fact the occurrence of said condition is necessary for Cohen to have liability to Beatbox.

### 9. Ninth Affirmative Defense (Fault of Others)

Defendant Cohen's Ninth Affirmative Defense states: "If Beatbox has suffered and/or will suffer damages, Beatbox suffered or will suffer said damages, in whole or in part, as a result of the fault of persons other than Cohen."

First this is not compliant in *Rosen v. Masterpiece Mktg. Grp., LLC* and second it fails to state just who the others are, or even begin to address the affirmative defense if there are no others.

### 10.     Tenth Affirmative Defense (Fault of Consideration)

Defendant Cohen's Tenth Affirmative Defense states: "To the extent that this Court may find that Beatbox has a contractual relationship with Cohen, Beatbox's claims fail because of failure of consideration."

First this fails to meet the pleading requirements under *Rosen v. Masterpiece Mktg. Grp., LLC*. Second, if the court finds a contractual relationship, by definition the contractual relationship requires. Accordingly, it would be impossible for the court to find a relationship if there was a failure of consideration.

> Accordingly, the rationale of the cases dealing with failure of consideration is that where the consideration fails in whole or in part through the fault of a party whose duty it is to render it, the other party may invoke such failure as a basis for rescinding or terminating the contract, provided the failure or refusal to perform constitutes a breach in such an essential particular as to justify rescission or termination.

*Taliaferro v. Davis*, 216 Cal. App. 2d 398, 412, 31 Cal. Rptr. 164, 172 (Ct. App. 1963).

### 11.     Eleventh Affirmative Defense (Standing)

Defendant Cohen's Eleventh Affirmative Defense states: Beatbox lacks standing to bring its claims, partially because of its lack of a contractual relationship or a 3d [*sic*] party contractual relationship with Cohen.

> In order to have standing, a plaintiff must show: "(1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs.*

*(TOC), Inc.*, 528 U.S. 167, 180–81, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000).

*California Sea Urchin Comm'n v. Bean*, 883 F.3d 1173, 1180 (9th Cir. 2018), *as amended* (Apr. 18, 2018).

### 12.   Twelfth Affirmative Defense (Ripeness)

Defendant Cohen's Twelfth Affirmative Defense states: "The allegations contained in the FAC are not ripe and thus are not capable of being adjudicated."

> "The constitutional component of the ripeness inquiry is often treated under the rubric of standing and, in many cases, ripeness coincides squarely with standing's injury in fact prong.3 Sorting out where standing ends and ripeness begins is not an easy task. Indeed, because the focus of our ripeness inquiry is primarily temporal in scope, ripeness can be characterized as standing on a timeline."

*Thomas v. Anchorage Equal Rts. Comm'n*, 220 F.3d 1134, 1138 (9th Cir. 2000).

### 13.   Thirteenth Affirmative Defense (Failure to Mitigate)

Defendant Cohen's Thirteenth Affirmative Defense states:

> To the extent this Court were to find that Beatbox suffered or will suffer damages and to the extent that this Court were to find Cohen liable, in whole or in part, for such damages, Beatbox's recovery would be bared in whole or in part, because Beatbox failed to mitigate those damages[.]

This defense fails to meet pleading requirements under *Rosen v. Masterpiece Mktg. Grp., LLC* because the defense "fail[s] to identify in what manner [Plaintiff] failed to mitigate [its] damages, or even how [it] could have done so." *Garcia v. Mickey Fine Enterprises, Inc.*, No. EDCV211056JGBSHKX, 2022 WL 2168886, at *3 (C.D. Cal. Jan. 7, 2022) (internal citation omitted).

### 14.   Fourteenth Affirmative Defense (Right to Raise Additional Defenses)

Defendant Cohen's Fourteenth Affirmative Defense states:

> Beatbox has failed to describe the causes of action with sufficient particularity to enable Cohen to determine all of its legal and equitable rights. Beatbox [*sic*] therefore reserves the right to amend and/or supplement its Answer and affirmative defenses to assert any and all pertinent defenses ascertained through investigation and discovery in this action.

A reservation of right to raise additional defenses is not an affirmative defense.

## B.   Defendant Labrador's Answer to First Amended Complaint, Dkt. 160

### 1.   First Affirmative Defense (Failure to State a Claim)

Defendant Labrador's First Affirmative Defense states: "As a First and Separate Affirmative Defense, Defendants assert that the FAC and each purported claim alleged therein fail to state facts sufficient to constitute a claim against Defendants."

There is ample authority that "[f]ailure to state a claim is not a proper affirmative defense but, rather, asserts a defect in [a plaintiff's] prima facie case." *Barnes v. AT&T Pension Benefit Plan*, 718 F. Supp. 2d 1167, 1174 (N.D. Cal. 2010); *see also Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002) ("A defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense.").

### 2.   Second Affirmative Defense (Ripeness)

Defendant Labrador's Second Affirmative Defense states: "As a Second and Separate Affirmative Defense, Defendants assert that the allegations contained in the FAC are not ripe and thus are not capable of being adjudicated."

> "The constitutional component of the ripeness inquiry is often treated under the rubric of standing and, in many cases, ripeness coincides squarely with standing's injury in fact prong.3 Sorting out where standing ends and ripeness begins is not an easy task. Indeed, because the focus of our ripeness inquiry is primarily temporal in scope, ripeness can be characterized as standing on a timeline."

*Thomas v. Anchorage Equal Rts. Comm'n*, 220 F.3d 1134, 1138 (9th Cir. 2000).

### 3.    Third Affirmative Defense (Standing)

Defendant Labrador's Second Affirmative Defense states: "As a Third and Separate Affirmative Defense, Defendants assert that Beatbox lacks standing that would impose any legal or equitable duties on Defendants."

> In order to have standing, a plaintiff must show: "(1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180–81, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000).

*California Sea Urchin Comm'n v. Bean*, 883 F.3d 1173, 1180 (9th Cir. 2018), *as amended* (Apr. 18, 2018).

### 4.    Fourth Affirmative Defense (Bonafide Sale)

Defendant Labrador's Second Affirmative Defense states: "As a Fourth and Separate Affirmative Defense, Defendants assert that the sale of assets from Labrador to Labrador LLC was for good consideration and a bonafide sale."

> To prevail on a claim for breach of fiduciary duty, a plaintiff must prove that: (1) a fiduciary duty exists; (2) the duty was breached; and (3) the breach proximately caused plaintiff's damages. *Gracey v. Eaker*, 837 So.2d 348, 353 (Fla. 2002). Under Florida law, an insurance broker has a fiduciary relationship with the insured that requires the broker to inform and explain the coverage it has secured at the client's directions. *Wachovia Ins. Servs. v. Toomey*, 994 So.2d 980, 987 (Fla. 2008).

*Certain Interested Underwriters at Lloyd's, London v. Bear, LLC*, 260 F. Supp. 3d 1271, 1278 (S.D. Cal. 2017), aff'd, 796 F. App'x 372 (9th Cir. 2019).

### C.    Defendant Labrador's Counterclaim to First Amended Complaint, Dkt. 160

-13-

On March 2, 2020, Labrador Inc. filed an Answer and Counterclaim, which it amended on March 7, 2020. (Docket Nos. 132, 139). In the Counterclaim, Labrador Inc. asserts five claims for relief: (1) breach of contract against Beatbox; (2) indemnification against Beatbox; (3) indemnification against Cohen; (4) negligence against Beatbox; and (5) breach of fiduciary duty against Beatbox. (Counterclaim ¶¶ 187-220).

### 1. Claim 1: Breach of Express Contract Against Beatbox

#### a) Elements

(1)   A contract existed between Defendants and Plaintiff;

(2)   Defendant performed, or was excused from performing, as required under the contract;

(3)   Plaintiff breached the contract; and

(4)   Defendant suffered damages resulting from Plaintiff's breach.

*Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1367 (2010); *Acoustics, Inc. v. Trepte Constr. Co.*, 14 Cal. App. 3d 887, 913 (1971).

#### b) Key Evidence in Defense

Plaintiff's key evidence in defense of Defendant's counterclaim for breach of contract is stated in Plaintiff's Claim 1. Plaintiff also intends to introduce evidence that Defendant breached the April 2009 contract between Plaintiff and Defendant at its inception and thus cannot recover under a breach of contract claim. Plaintiff further states that Defendant will not be able to produce evidence to support this claim. This is not intended to be an exhaustive list of the evidence Plaintiff may use at trial.

### 2. Claim 2: Indemnification against Beatbox

#### a) Elements

A breach of representations and warranties claim is based upon breach of contract. *Gustafson v. Dunman, Inc.*, 204 Cal. App. 2d 10, 14 (1962). The elements of breach of contract are:

(1)  A contract existed between Defendants and Plaintiff;

(2)  Defendant performed, or was excused from performing, as required under the contract;

(3)  Plaintiff breached the contract; and

(4)  Defendant suffered damages resulting from Plaintiff's breach.

*Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1367 (2010); *Acoustics, Inc. v. Trepte Constr. Co.*, 14 Cal. App. 3d 887, 913 (1971).

### b)  Key Evidence in Defense

Plaintiff's key evidence in defense of Defendant's counterclaim for indemnification is stated in Plaintiff's Claim 2. Plaintiff further states that Defendant will not be able to produce evidence to support this claim. This is not intended to be an exhaustive list of the evidence Plaintiff may use at trial.

### 3.  Claim 3: Indemnification against Cohen

### a)  Elements

A breach of representations and warranties claim is based upon breach of contract. *Gustafson v. Dunman, Inc.*, 204 Cal. App. 2d 10, 14 (1962). The elements of breach of contract are:

(1)  A contract existed between Defendant Labrador and Defendant Cohen;

(2)  Defendant Labrador performed, or was excused from performing, as required under the contract;

(3)  Defendant Cohen breached the contract; and

(4)  Defendant Labrador suffered damages resulting from Defendant Cohen's breach.

*Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1367 (2010); *Acoustics, Inc. v. Trepte Constr. Co.*, 14 Cal. App. 3d 887, 913 (1971).

### b) Key Evidence in Defense

This claim is not directed at Plaintiff and thus Plaintiff does not intend to produce evidence in defense of Defendant's counterclaim for indemnification. To the extent Plaintiff is required to produce evidence for this claim, said evidence is stated in Plaintiff's Claim 2. This is not intended to be an exhaustive list of the evidence Plaintiff may use at trial.

### 4. Claim 4: Negligence against Beatbox

### a) Elements

(1)   That Plaintiff owed Defendant a duty of care;

(2)   That Plaintiff breached that duty;

(3)   That the breach was the legal and proximate cause of Defendant's injury; and

(4)   That Defendant suffered damages.

*Wilson v. J.P. Allen Co.*, 57 F. Supp. 3d 1249, 1253 (C.D. Cal. 2014) citing *Paz v. California*, 22 Cal.4th 550, 559, 93 Cal.Rptr.2d 703, 994 P.2d 975 (2000).

### b) Key Evidence in Defense

Plaintiff's key evidence in defense of Defendant's counterclaim for negligence is stated in Plaintiff's Claims 1 and 2. Plaintiff further states that Defendant will not be able to produce evidence to support this claim. This is not intended to be an exhaustive list of the evidence Plaintiff may use at trial.

### 5. Claim 5: Breach of Fiduciary against Beatbox

### a) Elements

(1)   The existence of a fiduciary duty;

(2)   A breach of that duty; and

1    (3)    Damage caused by the breach.

2    *Petro-Diamond Inc. v. SCB & Associates, LLC*, 122 F. Supp. 3d 949, 958 (C.D. Cal.

3    2015) citing *Pellegrini v. Weiss*, 165 Cal.App.4th 515, 524, 81 Cal.Rptr.3d 387

4    (2008).

5                    **b)    Key Evidence in Defense**

6    Plaintiff's key evidence in defense of Defendant's counterclaim for breach of

7    fiduciary duty is stated in Plaintiff's Claims 1 and 2. Plaintiff also intends to

8    introduce evidence showing that it did not owe a fiduciary duty to Defendant and that

9    Defendant breached the April 2009 contract between Plaintiff and Defendant at its

10   inception. Plaintiff further states that Defendant will not be able to produce evidence

11   to support this claim. This is not intended to be an exhaustive list of the evidence

12   Plaintiff may use at trial.

13   **III.    PLAINTIFF'S POSITION ON ANTICIPATED EVIDENTIARY ISSUES**

14   As reflected in its Motions *in Limine*, Plaintiff believes the following evidence

15   is inadmissible:

16   1.    Undisclosed evidence, including without limitation, bank records

17   relating to Plaintiff's fraudulent conveyance claims not previously produced;

18   2.    Undisclosed witnesses, including without limitation, Peter Moore and

19   Bali Virk;

20   3.    Irrelevant bank documents;

21   4.    Irrelevant testimony and emails of Peter Moore and Bali Virk;

22   5.    Parol evidence or argument contradictory to the express language of the

23   contracts at issue;

24   6.    Argument asserting "reliance" as an element of third-party beneficiary

25   theory;

26   7.    Labrador's self-prepared spreadsheets that purport to comprise Spider

27

28                                        -17-

Cues Library;

8.    The testimony and expert report of Dr. Gerald Eskelin as he is unqualified to opine as to the meaning of contract terms;

9.    The testimony and expert report of Dr. Eric Fruits;

10.    Evidence contradictory to the fact that the *Eminem Esque* cue is an infringement of the song *Lose Yourself*;

11.    Evidence contradictory to the fact that the Defendants' duty to indemnify was triggered upon the notice of the infringement claim in New Zealand; and

12.    Exclusion of fact witnesses.

## IV.    <u>GERMANE ISSUES OF LAW</u>

1.    <u>Whether Plaintiff was an intended beneficiary under Defendant Cohen and Labrador's February 2008 contract and thus able to recover for breach of contract under the third-party beneficiary theory.</u> "To sue as a third-party beneficiary of a contract, the third party must show that the contract reflects the express or implied intention of the parties to the contract to benefit the third party." *Ruderman v. Rolls Royce Motor Cars, LLC*, 511 F. Supp. 3d 1055, 1058 (C.D. Cal. 2021), dismissed sub nom. *Ruderman v. Rolls Royce Motor Cars Na, LLC*, 21-55068, 2021 WL 3142040 (9th Cir. June 1, 2021) (citing *Comer v. Micor, Inc.*, 436 F.3d 1098, 1102 (9th Cir. 2006)). A contract, made expressly for the benefit of a third person, may be enforced by him at any time before the parties thereto rescind it. Cal. Civ. Code § 1559. Contrary to Defendants' assertions, there is no reliance requirement for Plaintiff to enforce the Labrador-Cohen Agreement as an express intended beneficiary.  As this Court previously explained:

> With respect to Defendants' argument that Plaintiff has failed to plead privity, the Court has repeatedly noted that Plaintiff is proceeding against Cohen Defendants under an intended beneficiary theory, rather

than privity. (Order at 2, 6, 12) ("There remain genuine issues of triable fact as to whether Cohen misrepresented the Cohen Composition's authorship and originality at the inception of the Labrador-Cohen Agreement to Beatbox's detriment (on a third-party beneficiary theory).") (emphasis added). This conclusion is based on Plaintiff's express allegations, repeated throughout the FAC, that "Plaintiff was an intended beneficiary of the written agreement between Defendant Cohen and Defendant Labrador." (FAC ¶¶ 16, 17, 44-50). Furthermore, the express language of the Labrador-Cohen Agreement provides Plaintiff with third-party beneficiary status: "This Agreement will inure to the benefit of, and be binding upon, each party's heirs, subsidiaries, affiliates, corporations, licensees, successors and assigns." (See FAC, Exhibit A). Defendants' privity and third-party beneficiary arguments therefore fail.

Defendants' breach and reliance arguments also fail. Plaintiff expressly alleges that "Defendants breached the contract by violating Section 16(iv) of the 2009 Agreement which guaranteed that the compositions were original and that none of the compositions infringed any other copyright work or the rights of any third party." (FAC ¶ 47). And Plaintiff alleges that it acted in reliance on Cohen's representations and warranties contained in the Labrador-Cohen Agreement generally when it agreed to act as a sub-publisher of Labrador and specifically when it provided the Cohen Composition to the Australian Mechanical Copyright Owners Association ("AMCOS"). (Id. ¶¶ 16, 17, 44-50) (alleging that Plaintiff was "under the impression that all compositions were free from copyright infringement" when it placed the Cohen Composition into the marketplace to Plaintiff's detriment.).

Dkt. 185 at 4-5.

2.      Whether a party to a contract who has materially breached the contract can establish a valid claim or defense based on the subsequent breach of another party to the contract. It is well-settled under California law that "[o]ne who himself breaches a contract cannot recover [or shield himself from liability for his initial breach] for a subsequent breach by the other party." *Silver v. Bank of America*, 47 Cal.App.2d 639, 645 (1941); *Consolidated World Investments, Inc. v. Lido Preferred*

*Ltd.*, 9 Cal.App.4th 373, 380 (1992). Here, both Defendants Cohen and Labrador breached their respective representations and warranties under their respective contracts as to the "SQ mc eminem esque" cue. As such, both contracts were materially breached by Defendants Cohen and Labrador at their inception, which excused further performance by the innocent party: Plaintiff. *De Burgh v. De Burgh*, 39 Cal.2d 858, 863 (1952); *see Brown v. Grimes*, 192 Cal.App.4th 265, 277-278 (2011) ("Normally the question of whether a breach of an obligation is a material breach, so as to excuse performance by the other party, is a question of fact.").

3.     <u>Originality</u>. Both Labrador and Cohen represented and warranted that the Cue would be original as that term is understood under US Copyright Law. "Originality" under the United States Copyright Act means that the work was not copies from the work of others and was independently created by the author. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340 (1991).

4.     <u>Whether Labrador, Inc. is the alter ego of Labrador, LLC, Noel Webb, and/or Webb Family Trust and whether Michael Cohen is the alter ego of MCPC Holdings, LLC</u>. Ordinarily, a corporation is regarded as a legal entity, separate and distinct from its stockholders, officers and directors, with separate and distinct liabilities and obligations. *Wenban Estate, Inc. v. Hewlett*, 193 Cal. 675, 696 (1924); *Communist Party v. 522 Valencia, Inc.*, 35 Cal. App. 4th 980, 993 (1995); *Robbins v. Blecher*, 52 Cal. App. 4th 886, 892 (1997). A corporate identity may be disregarded-- the "corporate veil" pierced--where an abuse of the corporate privilege justifies holding the equitable ownership of a corporation liable for the actions of the corporation. *Roman Catholic Archbishop v. Superior Court*, 15 Cal. App. 3d 405, 411 (1971). Under the alter ego doctrine, then, when the corporate form is used to perpetrate a fraud, circumvent a statute, or accomplish some other wrongful or inequitable purpose, the courts will ignore the corporate entity and deem the

corporation's acts to be those of the persons or organizations actually controlling the corporation, in most instances the equitable owners. *Robbins*, 52 Cal. App. 4th at 892; *Communist Party*, 35 Cal. App. 4th at 993-994. The alter ego doctrine prevents individuals or other corporations from misusing the corporate laws by the device of a sham corporate entity formed for the purpose of committing fraud or other misdeed.

Here, Defendants set up new business and/or trusts in order to transfer substantially all of their assets with the intent to perpetrate a fraud, circumvent a statute, or accomplish some other wrongful or inequitable purpose. As such, the Court should ignore the corporate entity and deem the corporation's acts to be those of the persons or organizations actually controlling the corporation: Defendants. *Robbins*, 52 Cal. App. 4th at 892; *Communist Party*, 35 Cal. App. 4th at 993-994.

5.   <u>Whether Defendants committed fraudulent transfers under the CUFTA and/or common law</u>. Under the CUFTA, a creditor is able to avoid the transfer of a debtor's asset that is actually or constructively fraudulent and which is made within four years prior to the date the avoidance action is filed. C.C. §§ 3439.07 & 3439.09. *Turner v. Kendall (In re Turner)*, Nos. NC-06-1263-SDR, NC-06-1336-SDR, 2007 Bankr. LEXIS 4834, at *19 (B.A.P. 9th Cir. Sep. 18, 2007). An actual fraudulent transfer is one made by the debtor with the "actual intent to hinder, delay, or defraud [a] creditor." C.C. § 3439.04(a). Because intent is difficult to prove, case law has evolved to allow actual intent to be established by reference to external circumstances (i.e., badges of fraud). *See United States v. 5208 Los Franciscos Way*, 385 F.3d 1187, 1191-92 (9th Cir. 2004); *Kupetz v. Wolf*, 845 F.2d 842, 846 (9th Cir. 1988). Under California law, the badges of fraud from which an inference of fraudulent intent may be drawn include the following, and each of the relevant factors weigh in favor of Beatbox and against the Labrador Defendants:

(1) Whether the transfer or obligation was to an insider;
(2) Whether the debtor retained possession or control of the property

transferred after the transfer;

(3) Whether the transfer or obligation was disclosed or concealed;

(4) Whether before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit;

(5) Whether the transfer was of substantially all the debtor's assets;

(6) Whether the debtor absconded;

(7) Whether the debtor removed or concealed assets;

(8) Whether the value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred;

(9) Whether the debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred;

(10) Whether the transfer had occurred shortly before or shortly after a substantial debt was incurred; and/or

(11) Whether the debtor transferred the essential assets of the business to a lienholder who transferred the assets to an insider of the debtor.

CC § 3439.04(b); *Turner v. Kendall (In re Turner)*, Nos. NC-06-1263-SDR, NC-06-1336-SDR, 2007 Bankr. LEXIS 4834, at *29-36 (B.A.P. 9th Cir. Sep. 18, 2007), citing *5208 Los Franciscos Way*, 385 F.3d at 1191-92 (9th Cir. 2004). Under CUFTA, a creditor's remedies for a fraudulent transfer include "avoidance of a transfer, attachment, and the equitable remedies of injunction and receivership as well as "any other relief the circumstances may require.'" *Filip v. Bucurenciu*, 129 Cal. App. 4th 825, 28 Cal. Rptr. 3d 884, 887 (Ct. App. 2005)(citing C.C. § 3439.07(a)(3)(C)).

C.C. § 3439.07(a)(1) allows a creditor to obtain "[a]voidance of the transfer […] to the extent necessary to satisfy the creditor's claim." To the extent a transfer is voidable by a creditor, "the creditor may recover judgment for the value of the asset transferred [. . .] or the amount necessary to satisfy the creditor's claim, whichever is less." C.C. § 3439.08(b). The asset value of a transfer "equal[s] the value of the asset at the time of the transfer, subject to adjustment as the equities may require." *Id*. § 3439.08(c). "Asset" is defined as the value of the property minus the amount

1  encumbered by valid liens and exempt under nonbankruptcy law. *Id.* § 3439.01(a)(1)-

2  (2). *Turner v. Kendall (In re Turner)*, Nos. NC-06-1263-SDR, NC-06-1336-SDR,

3  2007 Bankr. LEXIS 4834, at *29-36 (B.A.P. 9th Cir. Sep. 18, 2007).

4      The same is true under a common law theory of fraudulent conveyance. A

5  transfer will be considered constructively fraudulent if, when it was made, the debtor

6  did not receive reasonably equivalent value in exchange for the transfer and the

7  debtor was insolvent at that time or became insolvent as a result of the transfer. C.C.

8  § 3439.05; *Gill v. Stern (In re Stern)*, 345 F.3d 1036, 1042 n.6 (9th Cir. 2003).

9      Here, Defendants transferred substantially all of their assets to separate entities

10  as identified in Plaintiff's First Amended Complaint. Said transfers effectively

11  rendered Defendants insolvent. The transfers identified in the FAC were made after

12  the judgment entered in New Zealand and in contemplation of judgment(s) being

13  entered in this matter. There is no evidence that Defendants received reasonably

14  equivalent value for all of their assets.

15      6.   <u>Whether the Court should take Judicial Notice of the judgment entered

16  in New Zealand regarding the copyright infringement of *Lose Yourself* by *Eminem*

17  *Esque.*</u> The Court may take judicial notice of court filings and other matters of public

18  record. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir.

19  2006). "Under California law, issue preclusion prohibits re-litigation of issues

20  decided in a prior proceeding if (1) the issue is identical to the issue decided in the

21  prior proceeding, (2) the issue was actually litigated in the prior proceeding, (3) the

22  issue was necessarily decided in the prior judgment, (4) the prior judgment was final

23  and on the merits, and (5) the party against whom preclusion is brought must be

24  identical to or in privity with the party in the prior proceeding." *Walia v. Aegis Ctr.*

25  *Point Developers Private Ltd.*, N.D. Cal. Jan. 27, 2014, No. CV-12-4660-CRB, 2014

26  U.S. Dist. LEXIS 10433, citing *Lucido v. Superior Court*, 51 Cal. 3d 335, 341 (1990);

27

28

see also *Clark v. Bear Stearns & Co.*, 966 F.2d 1318, 1320-21 (9th Cir. 1992).

Here, the issue of copyright infringement is identical to that of the New Zealand proceedings, because the copyright infringement at issue in both is the copyright infringement of *Lose Yourself* by *Eminem Esque* in New Zealand, the relevant licensed territory at issue. Furthermore, the issue of copyright infringement was litigated and necessarily decided in the New Zealand proceedings. Since the determination that *Eminem Esque* infringed the copyright of *Lose Yourself* was final and on the merits, and both Defendants Labrador Inc. and Michael Cohen are named in the New Zealand proceedings, the Court should take judicial notice that *Eminem Esque* infringed the copyright of *Lose Yourself*.

## V.   BIFURCATION OF ISSUES

The parties have not requested bifurcation of any issues at this time. Plaintiff objects to any bifurcation of its claims.

## VI.   DEMAND FOR JURY TRIAL

Plaintiff made a timely jury demand for all issues triable.

## VII.   ATTORNEYS' FEES

Plaintiff seeks attorney's fees and costs of suit incurred herein pursuant to contract under a third-party beneficiary theory of the Labrador-Cohen Agreement.

## VIII.   ABANDONMENT OF ISSUES

Plaintiff has not abandoned any issues.

DATED: October 31, 2022          Respectfully submitted,

**BEATBOX MUSIC PTY, LTD.**

   */s/ Heather L. Blaise*

HEATHER L. BLAISE, ESQ.(SBN 261619)
*Attorney for Plaintiff*