Daniel Jacobson, State Bar No. 134798
Ronak Patel, State Bar No. 296296
JACOBSON & ASSOCIATES
1352 Irvine Boulevard # 205
Tustin, California 92780
(714) 505-4872
dlj@jacobsonlawyers.com
rp@jacobsonlawyers.com

Attorney for Defendant & Cross-Claimant Michael Cohen
and Defendant MCPC Holdings, LLC

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| BEATBOX MUSIC PTY, LTD.,<br><br>                Plaintiff,<br><br>   versus<br><br>LABRADOR ENTERTAINMENT, INC., et al<br>                Defendants. | Case No: 2:17-cv-6108-MWF (JPRx)<br>Assigned to the Hon. Michael W. Fitzgerald<br><br>**Defendant and Cross-Claimant Michael Cohen's and MCPC Holdings, LLC's Memorandum of Facts & Contentions** |
| MICHAEL COHEN,<br><br>              Cross-Claimant,<br><br>   versus<br><br>LABRADOR ENTERTAINMENT, INC., et al<br>              Cross-Defendant. | Action Filed:        Aug. 17, 2017<br>Cross-Claim Filed:  Nov. 21 2017<br>FAC Filed:         Jan. 24, 2020<br>Final Pretrial Conf.: Nov. 21, 2022<br>Trial Date:        Dec. 6, 2022 |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# **TABLE OF CONTENTS**

I.    INTRODUCTION ............................................................. 4

II.   LOCAL RULE 16-4.1: CLAIMS AND DEFENSES ................................. 4

  A.  Plaintiff's Claims ..................................................... 4

    1.  Claim 1:  Cohen Breached An Express Contractual Warranty of the Composer's Agreement, to Which Beatbox is a Third Party Beneficiary. .. 4

      a.  Elements of Claim of Breach of Express Contractual Warranty ...... 4

      b.  Evidence in Opposition to Claim of Breach of Express Contractual Warranty .................................................................. 5

    2.  Claim 2: Violation of the Uniform Voidable Transaction Act ............. 5

      a.  Elements of Claim of Violation of Uniform Voidable Transactions Act 5

      b.  Key Evidence Opposition to Each Claim ........................... 6

      a.  Elements of A Common Law Fraudlent Covneyance Claim ............. 6

      b.  Key Evidence Opposition to Each Claim ........................... 6

  B.  Cohen Parties' Affirmative Defenses ................................... 7

    1.  Affirmative Defense 1: The Statute of Limitations ...................... 7

      a.  Elements of Affirmative Defense of Statute of Limitations ............. 7

      b.  Key Evidence in Support ........................................ 7

  C.  Cross-Claimant Michael Cohen's Crossclaim Against  Cross-Defendant Labrador Entertainment, Inc. ..................................... 8

    1.  Claim 1:  Express Indemnity Against Labrador ........................ 8

      a.  Elements of Express Indemnity ................................... 8

      b.  Key Evidence in Support ........................................ 8

    2.  Claim 2:  Equitable Indemnity Against Labrador ...................... 9

      a.  Elements of Equitable Indemnity Claim ............................ 9

      b.  Elements of Express Indemnity ................................... 9

  D.  Potential Evidentiary Issues ........................................10

  E.  Potential Issues of Law..............................................11

III.  LOCAL RULE 16-4.2: [ABROGATED] ..................................16

IV.   LOCAL RULE 16-4.3: BIFURCATION OF ISSUES ..............................16

V.    LOCAL RULE 16-4.4: JURY TRIAL........................................................18

VI.   LOCAL RULE 16-4.5: ATTORNEY'S FEES .............................................18

    A.   Beatbox Incorrectly Claims It Can Recover Attorneys Fees in this Action. ...................................................................................................18

    B.   Cohen Is Entitled to His Attorneys Fees if He Prevails on Beatbox's Claim..........................................................................................................20

VII.  LOCAL RULE 16-4.6: ABANDONMENT OF ISSUES...........................21

MICHAEL COHEN & MCPC HOLDINGS, LLC  MEMORANDUM OF CONTENTIONS OF FACT AND LAW

# MEMORANDUM OF CONTENTIONS OF FACT AND LAW

## I.   INTRODUCTION

Defendant and Cross-Claimant Michael Cohen ("Cohen") and Defendant MCPC Holdings, LLC ("MCPC") (collectively, "Cohen Parties") hereby submits this document as its *Memorandum of Contentions of Fact and Law*.

## II.   LOCAL RULE 16-4.1: CLAIMS AND DEFENSES

### A.   PLAINTIFF'S CLAIMS

#### 1.   *Claim 1:  Cohen Breached An Express Contractual Warranty of the Composer's Agreement, to Which Beatbox is a Third Party Beneficiary.*

##### a.   Elements of Claim of Breach of Express Contractual Warranty

i.   Plaintiff was a third-party beneficiary to an agreement between Defendant and another Party because either:

    a.   Plaintiff was in privity with the Defendant; or

    b.   Plaintiff relied on the contract for which it claims it is a third-party beneficiary,

ii.   Plaintiff was exposed to the warrant at issue

iii.   Plaintiff performed its obligations under the contract, or its non-performance was excused.

iv.   Defendant materially breached the agreement

v.   Defendant's breach was a substantial factor in Plaintiff's damages.

SOURCE: CACI 303; *Oasis West Realty, LLC v. Goldman,* 51 Cal. 4th 811, 821 (2011); *Richman v. Hartley* (2014) 224 Cal.App.4th 1182, 1186; Cho, et al. v. Hyundai, et al. 8:22-cv-00448-SPG-KES Dkt. 48, Order Denying Motion to Dismiss, p. 31 (C.D. Cal. October 21, 2022)

      b.    Evidence in Opposition to Claim of Breach of Express Contractual Warranty

i.    The 2008 Composer's Agreement

ii.    The Testimony of Michael Cohen

iii.    The Testimony of Peter Baker

iv.    The Recording of sq mc Eminem Esque

v.    The New Zealand National Party Commercial

vi.    Testimony of Gerald Eskelin

    **2.**    ***Claim 2: Violation of the Uniform Voidable Transaction Act***

      a.    Elements of Claim of Violation of Uniform Voidable Transactions Act

i.    The Debtor must be proven, by clear and convincing evidence, to have transferred all or substantially all of his assets

    a.    With actual intent to hinder, delay, or defraud any creditor of the debtor; or

    b.    Without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor either:

        i.    Was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor

were unreasonably small in relation to the business or
transaction;

    ii.  Intended to incur or believed or reasonably should have
believed that the debtor would incur, debts beyond the
debtor's ability to pay as they became due.

SOURCE: *Civil Code* §3439.04(a).

        b.  <u>Key Evidence Opposition to Each Claim</u>

i.  The Testimony of Michael Cohen

ii.  The Testimony of Peter Baker

    **3.**    ***Claim 3: Common Law Fraudulent Conveyance***

        a.  <u>Elements of A Common Law Fraudlent Covneyance
Claim</u>

    i.  Defendant transferred his assets with the intent to delay
or defraud creditors; and

    ii.  Plaintiff was injured by the conveyance.

SOURCE: *Mehrtash v. Mehrtash* (2001) 93 Cal.App.4th 75, 80

        b.  <u>Key Evidence Opposition to Each Claim</u>

    i.    The Testimony of Michael Cohen

    ii.    The Testimony of Peter Baker

**B.     COHEN PARTIES' AFFIRMATIVE DEFENSES**

### 1. *Affirmative Defense 1: The Statute of Limitations*

      a.   <u>Elements of Affirmative Defense of Statute of
Limitations</u>

i.   If the breach occurred more than four years before the suit
was filed, Plaintiff must plead and prove the facts showing:

   a. That it lacked knowledge or notice of the contractual
breach;

   b. How and when it actually discovered the breach;

   c. That it had no reason to suspect the breach; and

   d. That it lacked the means to discover the breach through
the exercise of reasonable diligence

SOURCE: *Code of Civil Procedure* § 337; *Czajkowski v. Haskell &
White,* 208 Cal. App. 4th 166, 174 (2012); *Baker v. Beech Aircraft Corp.*,
96 Cal.App.3d 321, 327 (Cal. Ct. App. 1979) (2 Witkin, Cal. Procedure
(2d ed. 1970) Actions, § 339, pp. 1180-1181, original italics)

      b.   <u>Key Evidence in Support</u>

i.   Testimony of Michael Cohen

ii.   Testimony of Peter Baker

iii.   Testimony of Noel Webb

### C. CROSS-CLAIMANT MICHAEL COHEN'S CROSSCLAIM AGAINST CROSS-DEFENDANT LABRADOR ENTERTAINMENT, INC.

#### 1. *Claim 1: Express Indemnity Against Labrador*

##### a. Elements of Express Indemnity

i.   Cross-Defendant entered a contract with Cross-Claimant;

ii.  Cross-Defendant agreed in the contract to indemnify the Cross-Claimant from third party claims resulting from Cross-Defendants exercise of rights granted to Cross-Defendant by Cross-Claimant if Cross-Defendant's exercise of those rights is in violation of the contract;

iii. Cross-Claimant was subject to a third party claim as a result of Cross-Defendant's exercise of rights granted to it by Cross-Claimant in violation of the contract with Cross-Claimant; and

iv.  Defendant failed to indemnify the Cross-Claimant

SOURCE: *Gouvis Engineering v. Superior Court* (1995) 37 Cal.App.4th 642, 646.

##### b. Key Evidence in Support

i.   Testimony of Michael Cohen

ii.  Testimony of Noel Webb

iii. Testimony of Peter Baker

iv.  Composer's Agreement

v.   New Zealand Commercial

1

vi.    Testimony of Gerald Eskelin

2

3

4

5

### 2. *Claim 2:  Equitable Indemnity Against Labrador*

6

7

8

a.    <u>Elements of Equitable Indemnity Claim</u>

9

10

Plaintiff must show:

11

12

i.     Fault on the part of the Cross-Defendant;

13

ii.    Resulting damages to the Cross-Claimant; and

14

iii.   Cross-Defendant is equitably responsible for Cross-

15

Claimant's injuries

16

17

SOURCE: *Gouvis Engineering v. Superior Court* (1995) 37 Cal.App.4th 642,

18

646.

19

20

b.    <u>Elements of Express Indemnity</u>

21

22

vii.   Testimony of Michael Cohen

23

viii.  Testimony of Noel Webb

24

ix.    Testimony of Peter Baker

25

x.     Composer's Agreement

26

xi.    New Zealand Commercial

27

xii.   Testimony of Gerald Eskelin

28

/ / /

### D.   POTENTIAL EVIDENTIARY ISSUES

i.   The admissibility of the New Zealand Judgment. Cohen Parties contend it is not admissible under Federal Rules of Evidence 402 and 403. As explained further below, the copyright act has territorial limitations, and therefore a finding of infringement in New Zealand has no relevance as to whether Cohen misrepresented the originality of the Composer's Agreement in 2008.

ii.   The admissibility of evidence of Cohen being liable to Labrador for breach of contract. Cohen contends Labrador cannot do so because it failed to file a legitimate counterclaim against Cohen. To the extent that it attempted to do so in in its later counterclaim against Beatbox, it did so in blatant violation of FRCP 13, 15, and 16, including, in particular, failing to obtain leave of court to file a claim against Cohen (or Beatbox, for that matter). The evidence is therefore irrelevant under FRE 402 and 403. Further, Cohen has consistently told Labrador that it failed to abide by the rule and Labrador never acted to rectify its failure to seek leave of court. Cohen would be prejudiced if the evidence of the illegitimate claim were permitted now, as he spent years preparing his case on the presumption that Labrador was not seeking to hold him liable, and then Labrador reaffirmed that presumption by failing to seek leave of court even when

specifically informed in November 2020. Thus, even if the
evidence was somehow otherwise relevant, FRE 403
precludes its inclusion insofar as it would several prejudice
Cohen, waste time, and confuse the jury.

**E.    POTENTIAL ISSUES OF LAW**

    i.    Whether Labrador has a cognizable claim against Cohen.
Cohen contends that Labrador has no cognizable claim.
Labrador's claim was a mandatory counterclaim that shoud
have been filed in 2017 when Cohen filed his crossclaim.
Labrador chose not to, and Cohen then spent over two years
proceeding throughout this litigation and making strategic
and settlement decision that were calculated on its total lack
of risk with respect to liability against Labrador. Then, when
Beatbox amended its complaint with leave of court after the
close of discovery, Labrador filed a counterclaim without
seeking leave of court. Additionally, a counterclaim cannot
be filed against a party other than the pleader. *See* Rule 13.
Cohen informed Labrador of this error well ahead of the new
deadline for leave to amend pleadings. Labrador could have
sought leave court to rectify its error, but it did not. Cohen
would be prejudiced if the evidence of the illegitimate claim
were permitted now, as he spent years preparing his case on
the presumption that Labrador was not seeking to hold him
liable, and then Labrador reaffirmed that presumption by
failing to seek leave of court even when specifically informed
in November 2020.

ii.    Whether Beatbox is a third-party beneficiary. Cohen contends that Beatbox is not a third-party beneficiary if it cannot show privity or reliance on a contract. A third-party beneficiary, by definition, does not have privity. While in other jurisdictions, a third-party beneficiary can "borrow" the privity that exists between the contracting parties, "California] do[es] not believe this fiction is necessary." (*Gilbert Financial v. Steelform,* 82 Cal. App. 3rd 65 n.5 (1978).) Note that Beatbox has not pleaded privity. As such it has basically admitted that there is no privity, because, "'Facts alleging a breach, like all essential elements of a breach of contract* cause of action, must be pleaded with specificity.'" *Grand Fabric Int'l v. Melrose Textile,* Case No. 18-748, 2018 U.S. DIST LEXIS 227592, at *3-4 (C.D. Cal. 2018), citing and quoting *Levy v. State Farm Mutual Automobile Ins. Co.* 150 Cal. App. 4th 1, 5 (2007). Beatbox had no privity.

"When there is no privity of contract, California law requires a showing that a plaintiff relied on an alleged warranty." *Asghari v. Volkswagen* 42 F. Supp. 3d 1306, 1334 (C.D. Cal., November 4 2013) [Bolding added]. "[I]n the absence of privity, California law requires a showing that a Plaintiff relied on an alleged . . . misrepresentation." *Keegan v. Am. Honda Motor Co.* 284 F.R.D. 504, 546 (C.D. Cal. 2012); "[R]eliance (or some other substitute for privity) is required for an express warranty claim against a non-selling

- 12 -

manufacturer of a product." *Coleman v. Boston Sci. Corp.*, 2011 U.S. Dist. LEXIS 96315 *14 (E.D. Cal. 2011).

iii.   Whether Beatbox has a legal right to recover on a warranty to which it was not exposed. Cohen contends that it cannot. Under California law, "Plaintiffs cannot state a claim for breach of express warranty in the absence of allegations that they were at least exposed to them." *Cho, et al. v. Hyundai, et al.* 8:22-cv-00448-SPG-KES *Dkt.* 48, Order Denying Motion to Dismiss, p. 31 (C.D. Cal. October 21, 2022); *Peterson v. Mazda Motor of Am., Inc.*, No. SACV 13-1972-DOC (ANx), (CD. Ca. July 3 2014.) "'dismiss[ed] claim for breach of express warranties due to "absence of allegations that [plaintiffs] were exposed to them.'"

iv.   Whether Beatbox can argue that a derivative work is not an adaptation. Cohen argues it cannot. Beatbox took this position in its successful opposition to Defendant's motion for partial summary judgment, which was denied on July 17, 2020. Dckt. 157. Cohen contends that Beatbox should therefore be bound to this interpretation. *Gospel Missions of Am. v. City of L.A.*, 328 F.3d 548, 557 (9th Cir. 2003) (the Court may bind a party to statements it made in past briefs).

v.   Whether Beatbox can argue that the Composer's Agreement did not provide indemnity for use of the sound recording of sq Eminem esque given its past admission *and current position* that Labrador is liable to Beatbox because the Composer's Agreement did not grant an express license to

the sound recording of sq Eminem esqe but only the composition. Dckt. 208 8:15-26; *Gospel Missions of Am. v. City of L.A.*, 328 F.3d 548, 557 (9th Cir. 2003) (the Court may bind a party to statements it made in past briefs).Under the US Copyright Act of 1976, a licensee only enjoys those rights which are **expressly stated in a signed writing**, subject to any restrictions imposed by the owner/assignee/licensor. *See* 17 U.S.C. §§ 201, 204; *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996) (quoting 17 U.S.C. § 201(d)(2)). *Silvers v. Sony Pictures Entm't, Inc.*, 402 F.3d 881, 887 (9th Cir. 2005); *Micro Star v. Formgen, Inc.*, 154 F.3d 1107, 1113 (9th Cir. 1998); *Effects Assocs. Inc. v. Cohen*, 908 F.2d 555, 557-58 (9th Cir. 1990).

vi. Whether Beatbox can deny that the claims in New Zealand arose out of its use of the sound recording as opposed to the composition. Cohen argues it cannot because of its past pleadings, including the First Amended Complaint, which specifically alleges that Beatbox provided the sound recording of the song at issue to AMCOS, and that the sound recording was used to create the commercial. *American Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988) ("Factual assertions in pleadings ..., unless amended, are considered judicial admissions conclusively binding on the party who made them."); *Stanislaus Food Prods. Co. v. USS-POSCO Indus.*, 782 F. Supp. 2d 1059, 1075 (E.D. Cal. 2011) ("The court does not ignore the prior allegations in

determining the plausibility of the current pleadings.") (internal citations omitted).

vii.  Whether Beatbox was not bound by the consultation requirement for adapting or altering the composition because of the Court's prior decision that Beatbox would not have to abide by the provision if Cohen breached first. Dckt. 157. Cohen contends that beatbox was bound by the consultation decision, and that the court should revisit the issue. "The law of the case doctrine does not preclude a court from reassessing its own legal rulings in the same case." . . . ¶ . . . The law of the case doctrine does not, however, bar a court from reconsidering its own orders before judgment is entered or the court is otherwise divested of jurisdiction over the order. [Citations.] Any order or other decision, however designated, that adjudicates fewer than all  the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities. *Askins v. United States Dep't of Homeland Sec.* 899 F.3d 1038 (9th Cir. 2018). [Internal quotation marks, brackets, and paratheses omitted.]

viii.  Whether Beatbox's fraudulent conveyance claims are ripe. Cohen contends that they are not. The Court previously reserved judgment on whether the claims were premature. *See* Dckt. 150 at 10 ("If Plaintiff's claim is hinged on the potential success of this litigation, it appears that Plaintiff's fraudulent transfer claim under UVTA may be

premature."). Cohne contends the court should now revisit that decision. The claims are premature. Specifically, the UVTA and common law conveyance claims involve a fraudulent transfer by a "debtor" of property to a third person with the intent to prevent a "creditor" from reaching that interest to satisfy its claims. (*Id.*). Beatbox, however, is not a "creditor" because Beatbox has not yet prevailed in this lawsuit and therefore has not established a legal right to payment form Michael Cohen or Labrador

## III.   LOCAL RULE 16-4.2: [ABROGATED]

*This section was abrogated and does not require any information.* L.R. 16-4.2. *It is included as a heading a section only to make clear that something required was not omitted.*

## IV.   LOCAL RULE 16-4.3: BIFURCATION OF ISSUES

To the extent that the Court does not deem the fraudulent conveyance claims unripe for adjudication, Cohen respectfully request that this Court bifurcate the contract/indemnity claim from the fraudulent conveyance related claims. In addition to Cohen, Defendant and Cross-Claimant Michael Cohen and Defendants Labrador Entertainment, Inc., Labrador Entertainment, LLC, Noel Webb ("Webb"), and the Webb Family Trust agree that bifurcation is appropriate. Only Plaintiff Beatbox Music Pty Ltd. opposes bifurcation.

To the extent that the Court does not deem the fraudulent conveyance claims ripe for adjudication, the Court should bifurcate trial as set forth above because doing so would substantially improve judicial efficiency and potentially reduce the burden that this case imposes on the Court system, as

well as the parties. Specifically, Plaintiff's fraudulent conveyance claims presuppose that Plaintiff has legitimate and enforceable claims against Cohen and Labrador**.**

Specifically and as noted above, *infra*, the UVTA and common law conveyance claims involve a fraudulent transfer by a "debtor" of property to a third person with the intent to prevent a "creditor" from reaching that interest to satisfy its claims. (*Id.*). Beatbox, however, is not a "creditor" because Beatbox has not yet prevailed in this lawsuit and therefore has not established a legal right to payment form Michael Cohen or Labrador. **If Plaintiff fails to establish that it has such a claim against Cohen or Labrador, then Plaintiff will necessarily be unable to prove its fraudulent conveyance claims because there would be no claim from which Cohen would have been seeking to withhold assets and no claim upon which Beatbox could be deemed a creditor of Cohen**. *See* Order, January 17, 2020 (recognizing that "[i]f Plaintiff's claim is hinged on the potential success of this litigation, it appears that Plaintiff's fraudulent transfer claim under UVTA may be premature," but reserving judgment).

Further, bifurcation will simplify issues for the jury and ameliorate the high likelihood of confusion of the issues and avoid undue prejudice to Cohen and the other parties supporting bifurcation.

FIRST, bifurcation would allow the jury to focus on the contract issue, the subject matter of which is distinct from the question of whether any asset transfers by Cohen should be voided. It would be much more difficult if they were simultaneously required to analyze financial transactions and dealings, assess the intent in making them, and evaluating Cohen's financial resources at the time (which is necessary to determining if Cohen was insolvent, a prerequisite to liability).

SECOND, bifurcating trial is useful here because of the different standards of proof at play. Specifically, while the contract claims are all subject to the preponderance of evidence standard, the fraudulent conveyance claims and the associated punitive damages claims rely on a **clear and convincing standard**. *Reddy v. Gonzalez* (1992) 8 Cal.App.4th 118, 123

THIRD, bifurcating ensures that the jury will not make improper assumptions as to Cohen or Labrador's conduct based on Plaintiff's (spurious) allegation of fraudulent conveyances. Indeed, Defendants face a serious risk of prejudice that the jury may decide to find Plaintiff as having prevailed on its breach of contract claims even if the evidence doesn't support if the jury found that Cohen or Labrador's conduct with respect to any assets transfers seemed improper. To allow Plaintiff the opportunity to do so would be tantamount to permitting the Plaintiff to submit character evidence, which is prohibited under the *Federal Rules of Evidence*. FRE 404.

## V. LOCAL RULE 16-4.4: JURY TRIAL

The matter discussed herein are to be tried by jury.

## VI. LOCAL RULE 16-4.5: ATTORNEY'S FEES

### A. BEATBOX INCORRECTLY CLAIMS IT CAN RECOVER ATTORNEYS FEES IN THIS ACTION.

With regards to attorneys' fees and costs, Beatbox argues it can recover legal expenses in this action based on the indemnification provision in Composer's Agreement. Beatbox is incorrect. **As this Court has already held (Dckt. 157 at 26-27)** in the context of Beatbox's claim for attorneys fees against Labrador based on an indemnification provision, "an indemnification

provision allows one party to recover costs incurred defending actions by third parties, not attorney fees incurred in an action between the parties to the contract". *See Rideau v. Stewart Title of California, Inc.,* 235 Cal. App. 4th 1286, 1298 (2015).

As the Court previously explained (Dckt. 157 at 26-27), a clause that contains the words "indemnify" and "hold harmless" generally obligates the indemnitor to reimburse the indemnitee for any damages the indemnitee becomes obligated to **pay third persons**—that is, it relates to third party claims, **not attorney fees incurred in litigation between the parties to the indemnity agreement itself**. *See Carr Business Enterprises, Inc. v. City of Chowchilla*, 166 Cal. App. 4th 14, 22-23 (2008) (barring recovery of attorney fees incurred in enforcing indemnification agreement).

Here, the language in the Composer's Agreement contains language similar to that of the 2009 Labrador-Beatbox Agreement. Specifically, the 2009 Labrador-Beatbox Agreement provided:

"[Labrador Inc.] agrees to indemnify and hold harmless [Beatbox], its successors and assigns of and from any and all loss, liability and expense incurred by reason of any infringement of rights or other claim inconsistent with [Labrador Inc.'s] guarantees, warranties, representations and undertakings contained in [the Labrador-Beatbox Agreement]."

Dckt. 157 at 27 (quoting the 2009 Labrador-Beatbox Agreement").

Analyzing this language, the Court has already held that attorneys fees for the instant action were not recoverable. *Id.* The Court specifically explained that "based on the contractual language at issue here, the Court determines that Beatbox can recover attorneys' fees and costs incurred in defending against third party claims, but cannot recover legal expenses incurred in pursuing the instant suit. *Id.*

The situation is precisely the same with Cohen. Specifically, the Composer's Agreement contains the following highly similar language:

> Composer will indemnify and hold Owner and all entities associated with Owner, free safe, and harmless from and against any and all Iosses, damages, actions, causes of action, expenses or liabilities, including, without limitation, reasonable attorney's fees and costs, whether incurred before or after the entry of judgment, resulting from or by reasons of any material breach of any representation or warranty made herein by Composer.

*Composer's Agreement* ¶ 6.1.

Just as with the Labrador Agreement, the indemnity provision in the Composer's Agreement contemplate a third party claim. "Thus, based on the contractual language at issue here . . . . that Beatbox can recover attorneys' fees and costs incurred in defending against third party claims, but cannot recover legal expenses incurred in pursuing the instant suit." Dckt. 157 at 27.

## B. COHEN IS ENTITLED TO HIS ATTORNEYS FEES IF HE PREVAILS ON BEATBOX'S CLAIM.

Cohen is entitled to his attorneys fees if he defeats Beatbox's breach of contract claims. Specifically, California law governs whether attorneys fees are available. Hancock Labs v. Admiral Ins. Co. 777 F.2d 520, 525 (9th Cir. 1985) ("State law governs whether there should be an award of attorney fees in diversity actions."). As noted above, Beatbox is insisting the contract at issue permits it to recover attorneys fees.  Under California law, "[i]t is now settled that a party is entitled to attorney fees under section 1717 even when the party prevails on grounds the contract is inapplicable, invalid, unenforceable or nonexistent, if the other party would have been entitled to attorney's fees had it prevailed." *Hsu v. Abarra* (1995) 9 Cal. 4th 863 (quotation and citation

omitted); *accord International Billing Services, Inc. v. Emigh* 84 Cal. App.4th 1175, 1191 (Cal. Ct. App. 2000); *Bovard v. American Horse Enterprises, Inc.* (1988) 201 Cal. App. 3d 832, 842, *accord, Anmaco, Inc. v. Bohlken* (1993) 13 Cal. App. 4th 891, 902; *Walsh v. New West Federal Savings & Loan Assn.* (1991) 234 Cal. App. 3d 1539, 1547. Here, as this Court has already recognized, Beatbox has no right to attorneys fees. Because Beatbox is nevertheless pressing on in seeking to recover attorneys fees, it must pay attorneys fees if it fails to succeed on the breach of contract claim.

## VII.  LOCAL RULE 16-4.6: ABANDONMENT OF ISSUES

Cohen does not specifically abandon any issues at this time.

DATED: October 31, 2022                    JACOBSON & ASSOCIATES

By: _____

_____
Daniel Jacobson
Ronak Patel
Attorneys for Defendant & Cross-
Claimant Michael Cohen and
Defendant MCPC Holdings, LLC