Daniel Jacobson, State Bar No. 134798
Ronak Patel, State Bar No. 296296
JACOBSON & ASSOCIATES
1352 Irvine Boulevard # 205
Tustin, California 92780
(714) 505-4872
dlj@jacobsonlawyers.com
rp@jacobsonlawyers.com

Attorney for Defendant & Cross-Claimant Michael Cohen
and Defendant MCPC Holdings, LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| BEATBOX MUSIC PTY, LTD.,<br><br>               Plaintiff,<br><br>    versus<br><br>LABRADOR ENTERTAINMENT, INC., et al<br><br>            Defendants.<br><br>MICHAEL COHEN,<br><br>           Cross-Claimant,<br><br>    versus<br><br>LABRADOR ENTERTAINMENT, INC., et al<br><br>         Cross-Defendant. | Case No: 2:17-cv-6108-MWF (JPRx)<br>Assigned to the Hon. Michael W. Fitzgerald<br><br>CROSSCLAIMANT MICHAEL COHEN'S MOTION IN LIMINE TO PRECLUDE CROSS-DEFENDANT LABRADOR ENTERTAINMENT, INC., FROM PRESENTING EVIDENCE OR ARGUMENT RE: COHEN'S INDEMNITY OBLIGATION TO LABRADOR; DECLRATION OF RONAK PATEL IN SUPPORT THEREOF<br><br>Action Filed:       Aug. 17, 2017<br>Cross-Claim Filed:  Nov. 21 2017<br>FAC Filed:        Jan. 24, 2020<br>Final Pretrial Conf.: Nov. 21, 2022<br>Trial Date:       Dec. 6, 2022 |

- 1 -

## **NOTICE OF MOTION AND MOTION**

TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that at the Final Pretrial Conference in this case, which is set to take place on November 21, 2022, Defendant and Cross-Claimant Michael Cohen ("Cohen") will and hereby does move in limine for an order prohibiting Defendant Labrador Entertainment, Inc. ("Labrador") from presenting evidence or argument regarding Cohen's indemnity obligations to Labrador under the 2008 Composer's Agreement. Cohen brings this motion pursuant to Rules 402 and 403 of the *Federal Rules of Evidence* and Rules 13, 15, 16, and 41 of the *Federal Rules of Procedure*. The grounds for the motion are as follows: Labrador has no valid claim against Cohen in this litigation. Consequently, whether Cohen would be liable to Labrador is irrelevant to the resolution of this case. Further, even if it were relevant, permitting Labrador to present evidence and argument would unfairly prejudice Cohen, confuse the issues, mislead the jury, unnecessarily delay the completion of trial, and waste the time of the parties, the court, and the jurors.

Cohen's counsel met and conferred with Labrador's counsel, but they could not reach a resolution to avoid this motion. Movants bring this motion based on this notice of motion and motion, the attached declaration, the accompanying points and authorities, and on oral argument of counsel and all other pertinent papers contained in the Courts file.

DATED: October 31, 2022

JACOBSON & ASSOCIATES

By: _____
Daniel Jacobson
Ronak Patel
Attorneys for Defendant & Cross-Claimant Michael Cohen and Defendant MCPC Holdings, LLC

- 2 -

MICHAEL COHEN'S MOTION IN LIMINE RE: EVIDENCE OF INDEMNITY OF LABRADOR; DECLARATION OF RONAK PATEL

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MICHAEL COHEN'S MOTION IN LIMINE RE: EVIDENCE OF
INDEMNITY OF LABRADOR; DECLARATION OF RONAK PATEL

MOTION IN LIMINE NO. 1

## I.    INTRODUCTION

Defendant and crossclaimant Michael Cohen ("Cohen") hereby move to preclude Defendant and Cross-Defendant Labrador Entertainment, Inc. ("Labrador") from presenting evidence or argument regarding any purported indemnity obligation Cohen has to Labrador. This evidence and argument is subject to exclusion because Labrador has no claim in this matter, therefore rendering the evidence irrelevant. FRE 401, 402. Labrador cannot rely on its purported counterclaim against Plaintiff Beatbox Music Pty, Ltd. ("Plaintiff" or "Beatbox") because Cohen was not a subject to a counterclaim arising out of Plaintiff's First Amended Complaint. Any claim Labrador may have had against Cohen was due as counterclaim against Crossclaim in 2017, and Labrador forfeited that claim by not filing it and never seeking leave of court to amend. Labrador has now tried to bypass this failure by the aforementioned inclusion of the claim in its counterclaim against Beatbox. Labrador should not and cannot be permitted to pursue a claim that was filed without the authority of the Court. This is particularly true here because Cohen informed Labrador of such error and Labrador nevertheless refused to correct it. Cohen would be severely prejudiced if he is forced to defend a claim that was not brought against him and which he did not have notice of.

## II.    FACTS

On August 17, 2017, Beatbox Music Pty Ltd. ("Plaintiff" or "Beatbox") filed this action against (moving party) Michael Cohen ("Cohen") and Labrador Entertainment, Inc. ("Labrador"). Docket No. 150 at 2-3. On November 21, 2017, Cohen filed a cross-claim against Labrador, asserting express indemnity, equitable indemnity, and breach of contract claims. *Id.*

MICHAEL COHEN'S MOTION IN LIMINE RE: EVIDENCE OF
INDEMNITY OF LABRADOR; DECLARATION OF RONAK PATEL

On December 27, 2017, Labrador responded to the crossclaim, denying liability. **Labrador did not state any counterclaims against Cohen.** After Labrador declined to file any counterclaims against Cohen, Cohen proceeded to litigate this case on the premise **that the sole party whom he had to defend himself against was Beatbox**. *Declaration of Ronak Patel* ("*Patel*") ¶ 7. Of course, this was inescapably true: Beatbox was the only party asserting any claims against Cohen. Consequently, Cohen made **critical strategic decisions** with respect to conducting discovery, responding to settlement offers, making settlement offers, and handling other aspects of litigation **in reliance** on the fact that Labrador was not asserting any claims for relief against Cohen. *Patel*. ¶ 7.

While Cohen was relying on Labrador's decision to forego filing counterclaim against Cohen, the Court set a scheduling order. That order provided that the last day for a party to amend its pleadings was September 16, 2019. *Id.* at 5; *see also* Docket No. 78. Labrador was well aware of the deadline for amending its pleader but never sought to do so before the September deadline. Discovery was then completed on December 6, 2020. *See* Docket No. 150 at 5.

Upon the close of discovery, **both Cohen and Labrador expected and desired to go trial,** which was set for June 23, 2020. *Id.* at 8 (noting that both Cohen and Labrador opposed allowing Beatbox to amend the complaint and reopen discovery). Notwithstanding, Beatbox sought leave to amend its complaint and to reopen discovery for the purpose of adding its fraudulent conveyance claims, and the Court granted Beatbox's motion. *Id.* Because Beatbox was allowed to file a First amended Complaint, Labrador had an opportunity to answer, and used that opportunity to file a counterclaim against Beatbox. In that same pleading, Labrador improperly inserted a claim against Cohen.

- 5 -

MICHAEL COHEN'S MOTION IN LIMINE RE: EVIDENCE OF INDEMNITY OF LABRADOR; DECLARATION OF RONAK PATEL

Cohen answered the complaint under the protest, specifically asserting that Labrador lacked standing to bring a new claim. The Court's new scheduling order set the last day to amend pleadings as March 1, 2021. Well before this deadline, on November 12, 2020, Cohen, through his counsel, contacted Labrador, through his counsel, and informed him of its failure to seek leave of court. *Patel* Exhibit 1. Cohen informed Labrador that its purported claim was therefore illegitimate.  Cohen reiterated this position in two follow up letters. *Patel Exhibits 2 and 3*. Labrador could have sought leave of court in the next three months, but instead refused to acknowledge that it was the court that had the right to determine whether he could file a claim in contradiction to the rules, not Labrador. Notably, Labrador has justified this decision based on the fact that Labrador previously had different counsel and that this was Labrador new counsel's first opportunity. *Patel* ¶ 10. When Cohen's counsel reminded Labrador's counsel that this was Labrador's case and not his, Labrador's counsel exclaimed "no, its my case!" *Patel.* ¶ 10. While counsel's can sympathize with Labrador's cousnel's frustration, this is Labrador's case, and its bound by its choices even if switches attorneys.

## III.   ARGUMENT

Evidence regarding any claim Labrador may have had against Cohen should be excluded. Under the Federal Rules of Evidence, evidence only admissible if its relevant. FRE 402. Evidence is only relevant if it has a tendency in reason to prove or disprove a fact of consequence to the determination of the action. FRE 401.

Here, the evidence at issue is definitionally not relevant because Labrador does not have a legitimate claim whose determination would be influenced by any such evidence. Specifically, Labrador's claim – which is a

- 6 -

MICHAEL COHEN'S MOTION IN LIMINE RE: EVIDENCE OF INDEMNITY OF LABRADOR; DECLARATION OF RONAK PATEL

breach contract claim – arises out of the same transactions or occurrence as
Cohen's counterclaim. Consequently, Labrador's claim was a mandatory
counterclaim to Cohen's crossclaim under FRCP 13. Labrador was therefore
required to file it within 21 days, i.e. December 2017. Labrador did not file it.

The counterclaim does not alter this conclusion. The counterclaim is not
the proper vehicle to allege a claim against a party other than the party
whose pleading is being responded to. Beatbox filed the First Amended
Complaint, not Cohen. If Beatbox had not filed that FAC – which it was
ONLY allowed to do because it properly sought leave to amend tis pleadings
– Labrador would never have had the opportunity to insert the claim. To
allow Labrador to hijack its answer to Beatbox FAC to assert counterclaim
that it had forfeited years prior would work an injustice and severely
prejudice Cohen. Notably, it would be particularly unjust because this Court
had (correctly) denied Beatbox a second opportunity to amend its pleadings
finding Beatbox did not show diligence. Labrador should not be permitted
more rights than the other parties in this case. Finally, Cohen should not be
punished for reasonably relying on Labrador's failure to bring a claim
against until after the close of discovery. Consequently, even if the claim was
otherwise legitimate, the court can and should dismiss it for non-compliance
with the rules of federal procedure. FRCP 41.

/ / /

MICHAEL COHEN'S MOTION IN LIMINE RE: EVIDENCE OF
INDEMNITY OF LABRADOR; DECLARATION OF RONAK PATEL

IV.   CONCLUSION

For the foregoing reasons, Cohen requests that the Court exclude all evidence and argument by Labrador regarding Cohen's purported indemnity obligations to Labrador.

DATED: October 31, 2022                    JACOBSON & ASSOCIATES

By:  _____
                                           Daniel Jacobson
                                           Ronak Patel
                                           Attorneys for Defendant & Cross-Claimant Michael Cohen and Defendant MCPC Holdings, LLC

- 8 -

MICHAEL COHEN'S MOTION IN LIMINE RE: EVIDENCE OF INDEMNITY OF LABRADOR; DECLARATION OF RONAK PATEL

DECLARATION OF RONAK PATEL

I, Ronak Patel, hereby declare:

(1)   I am not a party to this action.

(2)   I am over the age of eighteen.

(3)   I am a California-licensed attorney. Through the law firm
        Jacobson & Associates, I am one of the attorneys of record for
        Defendant and Crossclaimant Michael Cohen ("Cohen").

(4)   I make this declaration in support of CROSSCLAIMANT
        MICHAEL COHEN'S MOTION IN LIMINE TO PRECLUDE
        CROSS-DEFENDANT LABRADOR ENTERTAINMENT, INC.,
        FROM PRESENTING EVIDENCE OR ARGUMENT RE:
        COHEN'S INDEMNITY OBLIGATION TO LABRADOR.

(5)   The facts herein are of my personal knowledge and, if called to
        testify, I could and would do so competently.

(6)   I have served as an attorney on this case for most of the time since
        it has been filed (I left the case for a short period, from
        approximately July 2019 through July 2020, but remained aware
        of its proceedings).

(7)   The fact that Labrador Entertainment, Inc. ("Labrador") did not
        file a counterclaim against Cohen in 2017 had a significant impact
        on how my client viewed the case and the risks associated
        therewith. That in turn informed litigation strategy and decisions
        regarding settlement.

(8)   In November 12, 2020, I wrote to Doug Rosner, who became
        attorney of record for Labrador in or about March 2020, regarding
        the the fact that when he filed his client's answer to Beatbox
        Music Pty Ltd.'s first amended complaint, he improperly included
        a claim against Cohen. I informed Mr. Rosner that this was

- 9 -

MICHAEL COHEN'S MOTION IN LIMINE RE: EVIDENCE OF
INDEMNITY OF LABRADOR; DECLARATION OF RONAK PATEL

improper. I supported this with a lengthy analysis. A true and correct copy of that letter is attached hereto as Exhibit 1.

(9)    When I wrote the letter, I expected Labrador's counsel would move to amend. To my surprise, he refused to acknowledge his error. I continued to discuss this with him and made clear that we did not deem him to have any claim against him. True and correct copies of letters I sent to this end, dated November 24, 2020 and December 2, 2020, are attached hereto as Exhibits 2 and 3.

(10)   I spoke with Mr. Rosner on several occasions regarding his counterclaim. At one point, Mr. Rosner noted that he had not had been involved in the case at the beginning and this was his first opportunity to prove "his case." I understood where Mr. Rosner was coming from, but reminded him that this was client's case, not his. Mr. Rosner shouted at me, exclaiming "no, its my case!"

(11)   Prior to filing this motion, I met and conferred with counsel for Labrador, but we were unable to reach a resolution.

I declare under penalty of perjury that the foregoing is true and correct. Executed on October 31, 2022, at Diamond Bar, California.

_Ronak Patel_
_____
Ronak Patel, Declarant

MICHAEL COHEN'S MOTION IN LIMINE RE: EVIDENCE OF INDEMNITY OF LABRADOR; DECLARATION OF RONAK PATEL

# EXHIBIT 1

# JACOBSON & ASSOCIATES

*Attorneys at Law*
P.O. Box 1015
Tustin, CA   92781
(714) 505-4872

November 12, 2020

Douglas J. Rosner, Esq.
LAW OFFICES OF DOUGLAS JOSEPH ROSNER
2625 Townsgate Road, suite 330
Westlake Village, California 91361
rosnerlaw@earthlink.net
*Sent via Electronic Mail Only*

|  |  |  |
|---|---|---|
| RE: | Case: | *Beatbox Music Pty. Ltd v. Labrador Entertainment, Inc., et al* |
|  |  | U.S. District Court for the Central District of California |
|  | Our Client: | Michael Cohen and MCPC Holdings, LLC |
|  | SUBJECT: | ***The Invalidity of Labrador's March 2020 Pleadings*** |

Mr. Rosner:

    As you are aware, the court issued a new scheduling order on September 23, 2020. Among the dates set by the order were the following:

| | |
|---|---|
| Last Day to Add Parties/Amend Pleadings: | March 1, 2021 |
| Non-Expert Discovery Cut-Off: | July 23, 2021 |

    As you know, both of these deadlines ***had passed long ago*** under the prior scheduling order. The modification of the scheduling order resulted from the new claims filed by Beatbox Music Pty Ltd. ("Beatbox") ***with the express consent of the court***.[1]  Notwithstanding, we anticipate that, now that these deadlines have been modified as for the limited purposes discussed above, you may attempt to use this modification as a premise for pursuing certain claims that you stated against our client, Michael Cohen ("Cohen"), including, without limitation, by propounding discovery relating to those aforementioned claims. In this regard I refer specifically to the claims stated in the document that you filed on March 2, 2020, and titled "Answer to Amended Complaint and Counterclaim Against Beatbox Music Pty, Ltd. and

---

[1] *See* Order dated January 17, 2020, ECF 102.

Mr. Douglas Rosner
*Beatbox Music Pty Ltd v. Labrador Entertainment, Inc., et al*
November 12, 2020
Page 2 of 6

Michael Cohen,"[2] and on March 7, 2020, titled "First Amended Answer to Amended Complaint and Counterclaim Against Beatbox Music Pty, Ltd. and Michael Cohen."[3] Both of these purported '*counterclaims*' concern Labrador's indemnity claims against Cohen in favor of Labrador arising out of a *purported written agreement*[4] between the parties.

To the extent that we correctly anticipate that you will seek to litigate the matters risen in your purported 'counterclaim' as it pertains to Mr. Cohen, ***please be advised that you have no legal authority to do so because the purported 'counterclaim' against Cohen is <u>void ab initio</u>***. In other words, Labrador has ***no right*** to obtain relief via the purported 'crossclaim.' In a similar vein, the fatally defective nature of the purported 'counterclaim' means that Labrador has ***no right*** to conduct discovery on those claims, and, concordantly, ***we have no obligation to respond to any such discovery.***

The defects justifying the above-recited position stem in part from the standing arguments that we have previously raised, but perhaps more significantly arise from the fact that your pleading is invalid under the Federal Rules of Civil Procedure. ***In fact***, your pleading violates the Federal Rules of Civil Procedure in ***multiple respects,*** each fatal in its own way.

## 1.  The FRCP Does Not Authorize Counterclaims Against A Cross-Party.

Initially, we note that you have mischaracterized the pleadings that you filed in March 2020 insofar as you have referred to each of them as your client's "counterclaim" against Cohen. This mischaracterization of your pleading is not without consequence, as it is fundamentally inconsistent with the Federal Rules of Civil Procedure, which explicitly distinguishes crossclaims from counterclaims. Specifically, Rule 13 provides that a counterclaim is a claim made in response to a claim made against the counterclaimant, while a crossclaim is filed against another defendant in the matter ***who has not (or who has not yet) filed a claim against the cross claimant.*** In other words, a claim against a party other than the party who has brought a claim against the filer must be sought via crossclaim.

---

[2] ECF 132.

[3] ECF 139.

[4] As an aside, we note that your purported counterclaim is defective insofar as it relies on an exhibit that doesn't exist. Specifically, Labrador references a written agreement between Labrador and Cohen under which Paragraph 6.1 obligates Cohen to indemnify Cohen. Labrador has failed, however, to attached the full contract, even omitting the very section that it cites as its basis for relief. As such, your complaint fails to allege the contract at issue.

Mr. Douglas Rosner
*Beatbox Music Pty Ltd v. Labrador Entertainment, Inc., et al*
November 12, 2020
Page 3 of 6

Here, your March 2020 filings purport to state a counterclaim against Cohen. It is beyond dispute, however, that your March 2020 filings was in ***direct response*** to Beatbox, who had filed an amended complaint ***with the consent of the court***. As such, in the context of your response, Cohen was ***not a counter-party*** but instead a ***cross-party***. Therefore, you purported counterclaim is ***facially void,*** as it is in a proscribed form.

## 2.   The Claim Against Cohen Should Have Been Filed In December 2017.

While your purported ocunterclaim cannot surivve as it is not a mechanism envisioend by the Federal Rules of Civil Procedure in this context, there is an even more fundamental flaw infecting your purported March 2020 'counterclaim.' Specifically, while a counterclaim by Labrador against Cohen was impermissible in the context of a responsive pleading to Beatbox's first amended complaint, a counterclaim ***would have been*** the proper way to proceed – had time for doing so not ***long ago expired***.

Specifically, the Federal Rules of Civil Procedure not only distinguish crossclaims from counterclaims, but further subdivide counterclaims into two classes: ***compulsory counterclaims*** and ***permissive counterclaims***.[5] Compulsory counterclaims are claims which arise out of the same transaction or occurrence that is at issue in the subject matter of the "opposing party's claim," and which do not require the court to add another party over whom the court cannot obtain jurisdiction.[6] Claims outside this category are permissive. Critically, where a claim constitutes a compulsory counterclaim, the counterclaim ***must be filed at the time of the initial response (i.e. "pleading") to the complaint, i.e. within 21 days of service of the complaint.***[7]

Here, the indemnity claims Labrador asserts in its defective March 2020 filings ***indisputably arise*** from the same transaction or occurrence that was presented by Cohen's November 2017 crossclaim. Specifically, Cohen's crossclaim against Labrador asserts indemnity rights under the 2008 Composer's Agreement with respect to the use of music governed by the contract, namely, the track now known as *eminem-esqe*. Based on its defective March 2020 filings, it appears[5] that Labrador is seeking the same kind of relief under the same contract and with regards to the use of the same music. Indeed, it is essentially a ***mirror image claim***.

Further, the party who would be subject to the hypothetical counterclaim – i.e. Cohen – was already a party and under the court's jurisdiction at the time that the pleading was due, and there are therefore no jurisdictional bars. In the absence of a jursidictinoal obstacle and with the transactions at issue being identical, there simply can be no reasonable dispute that Labrador's obligations under Rule 13 with respect to compulsory counterclaims was triggered by the filing of Cohen's November 2017 crossclaim, and was therefore due at the time of

---

[5] *See id.*

Mr. Douglas Rosner
*Beatbox Music Pty Ltd v. Labrador Entertainment, Inc., et al*
November 12, 2020
Page 4 of 6

Labrador's December 2017 answer to the crossclaim. Labrador having failed to present a counterclaim as part of its responsive pleading (answer) to Cohen's crossclaim **triggers a forfeiture of any such claim** under the terms of the Federal Rules of Civil Procedure. Labrador's March 2020 filings are therefore **invalid and do not suffice as a counterclaim** within the meaning of the Federal Rules of Civil Procedure, and any subsequent filing would necessarily be untimely.

### 3.   Labrador Failed to Obtain the Court's or Cohen's Consent.

An equally fundamental failure of Labrador's March 2020 filings manifests in the fact that Labrador's act of filing the March 2020 pleadings with the court constituted a direct violation of the Federal Rules of Civil Procedure. Specifically, because the claims Labrador now asserts in its March 2020 filings should have been filed in December 2017 with the answer to the crossclaim, the **only way** that Labrador could have filed its counterclaim is by either **obtaining the consent of Cohen or the Court**. This requirement is expressly stated in Rule 15 of the Federal Rules of Civil Procedure, which provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave." As you well know, Cohen never provided written consent to Labrador filing this claim, and no such written consent appears in the record. Likewise, Labrador failed to bring a motion to request the court's leave to file an amended complaint. This is a **necessary step**, as indeed revealed by the fact that the court **already expressly explained this requirement** when it ruled on the Motion to Amend filed by Beatbox, for which an order issued on January 17, 2020. Labrador's March 2020 filings therefore are a **legal nullity**, and can be disregarded without consequence.

### 4.   The Court Will Not Grant Leave to Labrador to File an Amended Answer.

Finally, to the extent you may be contemplating seeking court permission to amend your answer at this stage, we note that the law strongly favors denying any request you may lodge to amend your answer. In taking this position, Cohen recognizes that leave must generally "be freely given when justice so requires it," a generally liberal policy as to allowing amendments. Notwithstanding, the Supreme Court of the United States has identified five factors which must be considered by a court prior to granting any leave to amend. While two fo those factors are neutral in this matter and therefore may be disregarded,[6] the remaining three factors—namely, (1) bad faith, (2) undue delay, and (3) prejudice to the opposing party[7] – **weigh heavily in favor of denial**. Specifically, I observe the following:

---

[6] Those two factors referred to as neutral are futility of the amendment and previous amendments. *Foman v. Davis,* 371 U.S. 178, 182 (1962).

[7] *Id.*

Mr. Douglas Rosner
*Beatbox Music Pty Ltd v. Labrador Entertainment, Inc., et al*
November 12, 2020
Page 5 of 6

**Bad Faith**. There is ample evidence that your filings likely reflect bad faith on the part of Labrador. Specifically, the Federal Rules of Civil Procedure make the necessity of filing a counterclaim abundantly clear, and the claim at issue is something that was immediately obvious from the start of the litigation – again, it is the very mere image of the crossclaim filed by Cohen which triggered Labrador's duty to counterclaim. Labrador's failure to counterclaim at that time – likely a product of its then-rush to have the matter subjected to a lengthy stay – evince bad faith.

The presence of bad faith on the part of Labrador manifests even more clearly by virtue of the March 2020 filings. Specifically, Labrador exercised bad faith insofar as it very clearly knew that it needed to seek leave to amend from the court or the consent of the opposing party. Labrador cannot feign ignorance to his reality insofar as that very issue was decided in the order issued on January 17, 2020, which specifically discussed the process for Rule 15 amendments. That Labardor nevertheless attempted to *sneak its claim in* is strong evidence of bad faith.

**Undue Delay**. The counterclaim should have been filed in December 2017 as part of Labrador's answer to the crossclaim. Labrador, however, waited until March 2020 – over two years later – before even **attempting** to file any kind of claim against Cohen. Further, evne this would require **very generous treatment** of the March 2020 filings insofar as those filings are ineffective for lack of consent. Thus, at the time of this letter – November 2020 – Labrador has waited nearly three years without seeking the court's consent or Cohen's consent to amending its pleadings. We note that this is in **stark contrast** to the circumstances that the court cited in granting leave to Beatbox, in which they recognized that Beatbox could not have learned of its claims until the deposition of the parties, and that it acted expeditiously thereafter to obtain leave, bringing a motion within a month of discovery of the claim. Here, Labrador knew of its claim for years, but did nothing, simply delaying matters needlessly.

**Prejudice to Cohen**. As recognized by Judge Fitzgerald in his January 17, 2020 order, this factor is the most salient factor with respect to determining the propriety of allowing leave to amend. Here, it is clear that Cohen would be severely prejudiced insofar as he has spent the last three years of his life working on this litigation with the expectation that he did not have to defend against any indemnity claims beyond those filed by Beatbox. Notably, this reality likely influenced a number of Cohen's strategic and tactical decisions throughout this litigation, and a timely filed counterclaim would likely have changed the trajectory of this case in ways that are not ascertainable at this point. To allow Labrador to amend its pleading now and co**mpletely change the nature of this litigation would severely harm Cohen**, something which this court is unlikely to countenance.

*Accordingly, any effort to amend your complaint would be an act of futility.*

Mr. Douglas Rosner
*Beatbox Music Pty Ltd v. Labrador Entertainment, Inc., et al*
November 12, 2020
Page 6 of 6

*****

     Please advise us if you have any questions or response to our letter. If you need to reach me by email, you can contact me at rp@jacobsonlawyers.com.  Thank you for your attention to this matter.

Very truly yours,

**JACOBSON & ASSOCIATES**

Ronak Patel, Esq.


CC:    Dan Jacobson, JACOBSON & ASSOCIATES (by email only)
        Heather Blaise, BLAISE & NITSCHKE (by email only)

# EXHIBIT 2

# JACOBSON & ASSOCIATES

*Attorneys at Law*
P.O. Box 1015
Tustin, CA 92780
(714) 505-4872
rp@jacobsonlawyers.com

November 24, 2020

**<u>TRANSMITTED VIA EMAIL ONLY</u>**

Douglas J. Rosner
LAW OFFICES OF DOUGLAS JOSEPH ROSNER
2625 Townsgate Road, Suite 330
Westlake Village, California 91361
rosner@earthlink.net

RE:     Case:  *Beatbox Music Pty Ltd. v. Labrador Entertainment, Inc., et al*
                US District Court for the Central District of California
           Client: Michael Cohen; MCPC Holdings, LLC

Dear Mr. Rosner:

      I was just made aware of the letter you sent to our office on November 19, 2020 (hereinafter referred to as "your Letter"). In the future, I would appreciate it if you would extend the courtesy of copying me on correspondence concerning this case and my client, particularly when that correspondence is addressed to me. You can do this by using my email address, rp@jacobsonlawyers.com, the same email address from which I sent the November 12, 2020 letter ("our Previous Letter") to which your Letter responds. Furthermore, should you need to mail us anything as a hardcopy, we request that you address it to our ***current address***, 1352 Irvine Boulevard, Suite 250, Tustin, California 92781, which has been stated on our pleadings for over a year now. As a final preliminary note, my colleague's surname is "Jacobson," not "Jacobsen."

      With that out of the way, I turn to the matter at hand: please allow this letter to serve as a response[1] to your Letter. As you will recall, our Previous Letter provided a detailed accounting of the fatal flaws that renders the pleadings at issue void *ab initio*, including citations to and a discussion of the relevant portions of the Federal Rules of Civil Procedure

---

[1] Please note we are not suggesting that this "response" is an exhaustive detailing of the many flaws that pervade your recent letter, and the absence of a discussion as to one or more of the those flaws is not intended to and should not be construed as a waiver of those issues or a tacit acceptance of your arguments.

Mr. Doug Rosner
Re: Beatbox Music Pty, Ltd. V. Labrador Entertainment, Inc., et al.
November 24, 2020
Page 2 of 4

and case law interpreting those same portions.  It was therefore utterly disappointing and,
frankly, quite shocking to read your letter, which *at best* is oblivious to the facts, the Federal
Rules of Civil Procedure, and even the most basic principles of the legal system.  As such,
and as explained in detail below, we maintain our position that we stated in our Previous
Letter.

> **1.   MR. COHEN DID NOT ANTICIPATE YOUR MARCH 2020
>      CLAIMS BECAUSE LABRADOR HAD INDUCED HIM INTO
>      BELIEVING THAT THEY WERE NOT PURSUING THOSE
>      CLAIMS IN DECEMBER 2017.**

In your letter, you suggest that Mr. Cohen's position, as relayed in the Previous
Letter, was logically inconsistent.  Specifically, you suggest that Mr. Cohen cannot claim
that Labrador's claims were "immediately obvious from the start of litigation" while also
claiming that allowing your new pleadings to be recognized would "completely change the
nature of this litigation [and] severely harm Cohen."

There is no conflict.  It is indeed true that the *potential* for indemnity claims under
the 2008 Composers Agreement to be brought by Labrador *at the start of this litigation*.
That all changed, however, in December 2017, when Labrador served an answer to Mr.
Cohen's claims but did not file a counterclaim.  As I explained previously, Labrador's
claims constitute a compulsory counterclaim (not just "a set of claims") and were therefore
due **at that time**.[2]  When Mr. Cohen received the answer and saw no counterclaim, Mr.
Cohen reached the *reasonable conclusion* that Labrador was not pursuing those claims.
This conclusion remained intact for the next **two years**, i.e. through March 2020.  In that
time, Mr. Cohen has been required to make a number of important choices in this case,
from assessing the potential for settlement to what discovery questions should be asked. If
Labrador's claims were allowed now, it would indeed change the nature of the litigation as
Cohen would now be defending against two parties instead of just one.  Accordingly, your
attempt to minimize the severe prejudice that would be inflicted upon my client falls flat
on its face.

> **2.   YOUR LETTER MISREPRESENTS THE CONTROLLING LAW.**

You further argue that whether or not Mr. Cohen was expecting the claim was
irrelevant because of the Ninth Circuit standard of liberality as to allowing leave to amend
a pleading. In doing so, however, you do not address the *express limitation* on that
liberality rule, i.e. the requirement that justice requires allowing the amendment at issue.
Instead, you simply conclude that there is no reason to deviate from this standard.  This
alone would be insufficient as, again, liberality only works if justice requires it.  As I
previously explained in detail in my previous letter, courts in fact look at various factors,

---

[2] FRCP 13.

Mr. Doug Rosner
Re: Beatbox Music Pty, Ltd. V. Labrador Entertainment, Inc., et al.
November 24, 2020
Page 3 of 4

all of which are neutral in this case or in favor of Mr. Cohen's position.  Please see my prior letter for an explanation as to why this is the case.

### 3.      YOUR ARUGMENTS RE COHEN'S RESPONSE FAIL.

Your letter further suggests that our position is faulty because we did not ask to meet and confer with you for a potential motion to dismiss and because we answered the complaint. Once again, you are mistaken.  The answer, which notes that your claim is void, is a precautionary effort to preserve rights.  As for the motion to dismiss, our client had *no power* to file a motion to dismiss because *there is no pleading to dismiss*.  As I stated in my Previous Letter, a party cannot amend their complaint until they either have (1) *consent of the affected party*, OR (2) *brought a successful motion for an order permitting an amendment.*  This is not a controversial requirement; in fact, in this very case, Mr. Blaise sought such leave before filing her amended complaint.  You could have taken this step to, and clearly knew Judge Fitzgerald's view insofar as he discussed it in detail in his January 2017 order.  Instead, you actively ignored the relevant rules of civil procedure and just tried to force your way in through Beatbox's new amendment.

### 4.      LABRADOR'S CLAIM IS UNTIMELY.

Your attempt to argue that Labrador's pleadings were timely filed are patently wrong.  Specifically, you try to push back against the notion that Labrador waited nearly three years before filing its claim by noting that the case was stayed from April 2018 to July 2019, and that neither party could bring additional claims in that time.  In doing so, you against betray your fundamental failure to understand the issue at hand.  The stay did indeed commence in April 2018, but that was **four months** after the time for Labrador's *compulsory* counter claim to be filed.  As such, your claim is untimely even without considering the stay (a stay that Labrador requested.)

Notwithstanding the foregoing, it is informative to consider the fact that if, *arguendo*, we confer some undeserved legitimacy to your claim as to the stay, *it would still fail* because the stay – as you note – ended in July 2019.  Why did Labrador wait until March 2020 then if the stay was the only problem?  The answer to that question is pretty clear, as the final (and most important) point, below, explains.

### 5.      YOUR OFFICES ARE <u>NOT</u> A PARTY IN THIS ACTION, LABRADOR IS.

At multiple points in the letter, you argue that it is unfair to charge Labrador's claims as untimely given that your "office only entered this case earlier this year, and Labrador filed its operative pleadings very shortly after that." **The time of your office's entry to the case is utterly irrelevant.** While you may not have been on the case until this year, *Labrador was on this case since 2017*, and it is *Labrador that is the party to this*

Mr. Doug Rosner
Re: Beatbox Music Pty, Ltd. V. Labrador Entertainment, Inc., et al.
November 24, 2020
Page 4 of 4

***action – not your offices.***   Labrador does not get a fresh start just because it hired a new lawyer or because it was failed by its old lawyers, and Labrador remains responsible for the choices of his prior lawyers, who were acting on his behalf.  Here, his prior lawyers chose not to pursue a counterclaim despite the fact that it was compulsory and despite the fact that they knew they had the claim.  ***In other words, Labrador*** chose not to pursue a counterclaim despite the fact that it was compulsory and despite the fact that they knew they had the claim.  To the extent that relinquishing these rights is detrimental to Labrador's interests, that is, quite frankly, ***not Mr. Cohen's problem.***

*****

Please do not hesitate to contact us with any questions.  Thank you.

Sincerely,

**JACOBSON & ASSOCIATES**

Ronak Patel, Esq.

Cc:   Daniel Jacobson, JACOBSON & ASSOCIATES
       Heather Blaise, BLAISE & NIETSCHKE

# EXHIBIT 3

# JACOBSON & ASSOCIATES

*Attorneys at Law*
P.O. Box 1015
Tustin, CA 92780
(714) 505-4872
rp@jacobsonlawyers.com

December 2, 2020

**<u>TRANSMITTED VIA EMAIL ONLY</u>**

Douglas J. Rosner
LAW OFFICES OF DOUGLAS JOSEPH ROSNER
2625 Townsgate Road, Suite 330
Westlake Village, California 91361
rosner@earthlink.net

      RE:     Case:  *Beatbox Music Pty Ltd. v. Labrador Entertainment, Inc., et al*
                     US District Court for the Central District of California
               Client: Michael Cohen; MCPC Holdings, LLC

Dear Mr. Rosner:

        We are in receipt of your letter, dated December 2, 2020. It is unfortunate that you again misrepresent the facts of this case, refuse to engage with the substance of the issue, and ignore large swaths of well-established law. It does us no good to try to explain to you the clear failure of your client to act on its rights if you are not going to engage in the substance of the issue. As such, we decline to respond to your regurgitated, incorrect, and/or spurious positions, although we expressly reserve the right to respond to them at a later time should circumstances so warrant. Likewise, we do not intend to respond to any response to this letter, as doing so would clearly be pointless given your unwillingness to engage with the issue in good faith, but we again expressly reserve the right to respond to any future communications or arguments, however and whenever they are presented, as we see fit.

        That being said, we briefly address your attempt to characterize our communications as a "meet and confer." This is not a meet and confer. This nothing more than a courtesy. We are not planning to bring a motion against nothing, which is what your pleadings are – nothing. We are under no onus to act.

       / / /

       / / /

Mr. Doug Rosner
Re: Beatbox Music Pty, Ltd. V. Labrador Entertainment, Inc., et al.
December 2, 2020
Page 2 of 2


Please do not hesitate to contact us with any questions.  Thank you.



Sincerely,

**JACOBSON & ASSOCIATES**

Ronak Patel, Esq.


Cc:    Daniel Jacobson, JACOBSON & ASSOCIATES
       Heather Blaise, BLAISE & NIETSCHKE