Douglas J. Rosner, ESQ., SBN 094466
rosnerlaw@earthlink.net
LAW OFFICES OF DOUGLAS JOSEPH ROSNER
2625 Townsgate Road, Suite 330
Westlake Village, California 91361
Telephone No. (818) 501-8400
Facsimile No.: (818) 880-4485

Attorney for Defendant/Cross-Complainant,
Labrador Entertainment, Inc. dba Spider Cues Music Library,
Labrador Entertainment, LLC, Noel Palmer Webb,
an individual and Webb Family Trusts

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| BEATBOX MUSIC, PTY, LTD., <br><br> Plaintiff, <br> vs. <br><br> LABRADOR ENTERTAINMENT, INC., DBA SPIDER CUES MUSIC LIBRARY, a California corporation, <br><br> Defendants. <br> _____ <br><br> AND ALL RELATED ACTIONS | Case No. 2:17-cv-6108-MWF (JPRx) <br> *Assigned to the Hon. Michael W. Fitzgerald* <br><br> LABRADOR ENTERTAINMENT, INC. DBA SPIDER CUES MUSIC LIBRARY, LABRADOR ENTERTAINMENT, LLC, NOEL PALMER WEBB, AN INDIVIDUAL AND WEBB FAMILY TRUSTS'S RESPONSE TO CROSS CLAIM DEFENDANT COHEN'S MOTION IN LIMINE TO PRECLUDE EVIDENCE OR ARGUMENT RE. COHEN'S INDEMNITY OBLIGATIONS TO LABRADOR |

LABRADOR RESPONSE TO CROSS CLAIM DEFENDANT COHEN'S MOTION

IN LIMINE TO PRECLUDE EVIDENCE OR ARGUMENT RE. COHEN'S

INDEMNITY OBLIGATIONS TO LABRADOR                            Page 1 of 7

Crossclaim Defendant Michael Cohen ("Cohen") has filed a motion in limine that violates nearly every piece of legal guidance federal courts have provided concerning proper motions in limine. In summary, Cohen argues in the motion in limine that a counterclaim against party Beatbox Music Pty, Ltd. which contained a cross-claim against Cohen which was filed more than two years ago is legally a nullity because the crossclaim and the counterclaim were set forth in the same document.

Setting aside the merits of Cohen's procedural objection, Cohen actually answered the cross claim on March 27, 2020 [Dkt. 144] and despite writing letters to Labrador two years ago about this issue, Cohen never moved for relief! This motion in limine, which is actually nothing more than a thinly disguised and dilatory motion to strike/motion for summary judgment, has nothing to do with evidence and is a waste of this Court's time and time of Labrador's counsel, which has had to expend legal fees to respond to this plainly improper motion in limine.

## PROCEDURAL HISTORY

On March 2, 2020, Labrador filed a counterclaim against Beatbox in response to Beatbox amending its complaint. That counterclaim contained a crossclaim against Cohen, and Cohen answered the crossclaim on March 27, 2020 [Dkt 144].

In November 2020, more than seven months after Cohen answered the crossclaim, Cohen embarked on a letter writing campaign to Labrador complaining that

> *please be advised that you have no legal authority to do so because the purported 'counterclaim' against Cohen is void ab initio.* In other words, Labrador has no right to obtain relief via the purported 'crossclaim.' In a similar vein, the fatally defective nature of the purported 'counterclaim' means that Labrador has *no right* to conduct discovery on those claims, and, concordantly, *we have no obligation to respond to any such discovery*. The defects justifying the above-recited position stem in part from the standing arguments that we have previously raised, but perhaps more significantly arise from the fact that your pleading is invalid under the Federal Rules of

---

Civil Procedure. *In fact*, your pleading violates the Federal Rules of Civil Procedure in *multiple respects*, each fatal in its own way. [emphasis added]

(See 11/12/22 Cohen Letter to Labrador, Dkt. 296 at 13, emphases in original) This letter writing went back and forth for the next three weeks. Cohen attaches his letters to Labrador's counsel to his motion in limine, while omitting Labrador's responses, which for sake of completeness are attached hereto as Exhibits A-B. The last letter was written on December 2, 2020, and nothing more was said or done about Cohen's procedural grievances. He never filed a motion to strike the crossclaim against him, nor did he seek to withdraw his answer to the crossclaim.

Pursuant to this Court's scheduling order the deadline for dispositive motions was has passed. Cohen never filed a dispositive motion against the crossclaim brought by Labrador, and this matter has proceeded toward the November 21, 2022 trial-setting.

Now, on October 31, 2022, Cohen has filed a motion in limine seeking to "prohibit[] Defendant Labrador Entertainment, Inc. [] from presenting evidence or argument regarding Cohen's indemnity obligations to Labrador under the 2008 Composer's Agreement" because "Labrador has no valid claim against Cohen in this litigation." [Dkt. 296 at 2]

## ARGUMENT

Cohen is seeking relief through the guise of a motion in limine. Cohen is not seeking to exclude any specific piece of evidence. Instead, he is seeking to exclude a broad category of "evidence or argument regarding Cohen's indemnity obligations to Labrador. In the Ninth Circuit, "motions in limine should rarely seek to exclude broad categories of evidence, as the court is almost always better situated to rule on evidentiary issues in their factual context during trial." *Colton Crane Co. v. Terex Cranes*

*Wilmington, Inc., No.* CV 08–8525 PSG (PJWx), 2010 WL 2035800, at *1 (C.D.Cal. May 19, 2010). On this basis alone, Cohen's motion in limine should be denied.

Cohen has also waived any objection to form of the crossclaim, which merely a form over substance complaint in any event. Cohen answered the crossclaim more than two and half years ago and raised the issues in its motion in limine with Labrador's counsel two years ago. Yet Cohen has taken no action until this very late stage to pursue his form over substance objections, which are in any event baseless. The Federal Rules apply a notice pleading regime, and Cohen was certainly on notice of the crossclaim against him *because he answered the crossclaim.* Any claim of prejudice is obliterated by the fact Cohen answered, and is further buried by Cohen's lengthy delay in pursuing his procedural objections. *Compare Elliott v. Versa CIC,* L.P. 349 F. Supp.3d 1000, 1002 (S.D. Cal. 2018) ("All are untimely dispositive motions, and must be DENIED for that reason. The motion's arguments that Plaintiffs' remaining Fair Housing Act [] claims are 'nonplausible' and reliance on *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)—which concern the standard for a pleading to survive a motion to dismiss—underscore the dispositive nature of Defendants' motion. After multiple scheduling extension requests by the parties October 9, 2017 was set as the final date for the parties to file dispositive motions. The instant motion comes over a year after that cut-off and is thus procedurally barred."); *Hamilton v. Atlas Turner, Inc*., 197 F.3d 58, 62 (2d Cir. 1999) ("In sum, Atlas participated in pretrial proceedings but never moved to dismiss for lack of personal jurisdiction despite several clear opportunities to do so during the four-year interval after filing its answer. These circumstances establish a forfeiture.").

Cohen's objections, even they had been timely pursued, would have failed as courts look to the substance of the claim rather than its procedural label. Compare *PNC Equip. Fin. LLC v. California Fairs Fin. Auth.,* No. CV116248MMMDTBX, 2013 WL 12128689, at *1 (C.D. Cal. June 13, 2013) ("Although titled cross-claims, 50th DAA's claims against PNC are in fact counterclaims, and the court refers to them as such."); *City & Cnty. of San Francisco v. ExxonMobil Oil Corp.,* No. C 08-03490 MHP, 2009 WL 1189594, at *5 (N.D. Cal. May 4, 2009) ("The distinction between a counterclaim and a cross-claim rests on the relative relationships of the parties to the claim. A counterclaim is brought by parties on opposing sides, whereas cross-claims are asserted between co-defendants or co-plaintiffs. Black's Law Dictionary (8th ed.2004). The courts are not always diligent when using these terms, and sometimes use one when the other more properly applies. See Charles Alan Wright, *The Law of Federal Courts* § 80, at 574 (5th ed.1994).").

Further, "[c]o-parties become opposing parties within the meaning of Fed.R.Civ.P. 13(a) after one such party pleads an initial cross-claim against the other" and any claim against the now "opposing party" is a counterclaim. *Rainbow Mgmt. Grp., Ltd. v. Atlantis Submarines Hawaii, L.P.,* 158 F.R.D. 656, 660 (D. Haw. 1994). See also Earle M. *Jorgenson Co. v. T.I. United States, Ltd.*, 133 F.R.D. 472, 474 (E.D.Penn.1991) ("[O]nce a cross-claim has been pleaded, the cross-claimant becomes an opposing party, and 'the party against whom the cross-claim is asserted must plead as a counterclaim any right to relief that party has against the cross-claimant that arise from the same transaction or occurrence'" (internal citations omitted)).

///

///

Finally, Cohen seeks summary judgment in the guise of a motion in limine. His brief is clear in this respect, stating that "even if the claim was otherwise legitimate, the court can and should dismiss it for non-compliance with the rules of federal procedure." [Dkt. 296 at 7] A motion in limine is not the proper basis to "dismiss" a complaint, crossclaim or counterclaim. Rather, a motion in limine exists to rule on the admissibility of evidence. Simply put, "[m]otions in limine address evidentiary questions and are inappropriate devices for resolving substantive issues." *Natural Resources Defense Council v. Rodgers,* No. CIV-S-88-1658(LKK), 2005 WL 1388671, at *1 n.2 (E.D. Cal. June 9, 2005).

Courts have little tolerance for efforts to use motions in limine to accomplish what motions to dismiss or summary judgment motions are designed to address. Compare *Elliott*, 349 F. Supp.3d at 1002 ("Despite being labelled as a motion in limine, Defendants bring a dispositive motion they 'ha[ve] 'disguised' as a motion in limine to 'effectively bar' [Plaintiffs] from raising [any] cause of action at trial.'" (quoting *Guzik Tech. Enters. v. Western Digitial Corp.,* No. 5:11-cv-03786-PSG, 2013 WL 6227626, at *8 (N.D. Cal. Nov. 22, 2013)); *Erhart v. Bofi Holding, Inc.*, 2022 WL 107112 at *2 (S.D. Cal. Jan. 11, 2022) ("The Court turns to the final category of evidence targeted by the Bank's motion—Erhart's allegations concerning high deposit concentration risk. . . . BofI's motion in limine is a request for summary judgment in disguise, and the Court denies the motion to exclude this evidence."); *Bakst v. Cmty. Mem. Health Sys.*, No. CV 09-08241 MMM (FFMx), 2011 WL 13214315, at *8 (C.D. Cal. Mar. 7, 2011) ("[A] motion in limine is not a proper vehicle by which to seek summary judgment on a claim."); Via *Waves Comm'cns, LLC v. ARC Phone Canada, Inc.*, No. CV–01–10370 CAS (MANx), 2004 WL 5486633, *4 (C.D. Cal. October 19, 2004) (denying a motion in limine that was

"a late and improper attempt to obtain summary judgment.").

## CONCLUSION

For the reasons discussed herein, Cohen's motion in limine should be denied.

DATED: November 7, 2022

                Law Offices of Douglas Joseph Rosner

                /s/ Douglas J. Rosner
                _____
                By: Douglas J. Rosner
                Attorney for Defendant/Cross-Complainant,
                Labrador Entertainment, Inc. dba Spider Cues
                Music Library, Labrador Entertainment, LLC,
                Noel Palmer Webb, an individual and
                Webb Family Trusts

EXHIBIT A

LAW OFFICES
# Douglas Joseph Rosner

2625 TOWNSGATE ROAD
SUITE 330
WESTLAKE VILLAGE, CA 91361

(818) 501-8400
rosnerlaw@earthlink.net

November 19, 2020

**VIA ONLY Email: dlj@jacobsonlawyers.com, axa@jacobsonlawyers.com, management@jacobsonlawyers.com**
JACOBSON & ASSOCIATES
Daniel Lee Jacobson
Ronak Patel
315 Centennial Way
Tustin, CA 92780
P.O. Box 1015
Tustin, CA 92781

RE: *Labrador Entertainment, Inc. et al. adv. Beatbox et al.*

Dear Ronak:

Thank you for your November 12, 2020 letter. We also received the recent Notice of Appearance stating that you have returned to this case after previously withdrawing as counsel for Defendant Michael Cohen in July 2019. See Dkt. Nos. 75, 169. Welcome back.

We are confused by both the timing and content of your letter. As you know, our office first appeared as counsel for the Labrador defendants nine months ago in late February 2020. Dkt. No. 119. Almost immediately after that, in March 2020, our client filed: (1) an answer to certain claims in Plaintiff Beatbox Music's operative complaint; (2) a motion to dismiss other claims in that complaint; and (3) a set of claims against Mr. Cohen. Dkt. Nos. 132, 133, 139. That all seemed rather unremarkable.

At least it did until now. Eight months later, your letter suddenly (and unexpectedly) claims that our client's March 2020 counterclaims were in fact "void ab initio"; "facially void"; procedurally improper; time-barred; "hypothetical"; subject to "forfeiture"; "invalid"; a "legal nullity" and otherwise inadequate. We disagree, of course. Much more significantly, so does Mr. Cohen: he filed an answer to those claims on March 27, 2020. Dkt. No. 144. If Labrador's claims were truly as weak as your letter makes them out to be, presumably Mr. Cohen would have initiated a meet-and-confer process eight months ago about a potential motion to dismiss them. It's not clear why we would now have that conversation nearly a year after Mr. Cohen has already filed an answer, but I am always happy to speak with you in more detail about Labrador's claims if that would be useful.

JACOBSON & ASSOCIATES
Daniel Lee Jacobson
Ronak Patel
November 19, 2020
Page Two


**1. Mr. Cohen has always anticipated Labrador's claims against him.**

Your letter notes that Labrador's claims against Mr. Cohen were "immediately obvious from the start of litigation" (p. 5). Then it states that by pursuing those claims, Labrador will "completely change the nature of this litigation [and] severely harm Cohen" *Id*.

This is fundamentally inconsistent: either Mr. Cohen has anticipated these claims all along or he was surprised by their existence when Labrador filed them back in March. The former is almost certainly true here, as Labrador's claims arise from the exact same contract that Cohen's claims against it are based on. See Dkt. No. 38, ¶¶ 7-9, Exhibit A (February 2018 Composer's Agreement between Michael Cohen and Labrador Entertainment, Inc.) Even if Labrador's claims were far less obvious, the company would still be able to further amend its pleadings as necessary. The Federal Rules strongly favor resolution of cases on the merits, and to that end, "[a] district court shall grant leave to amend freely when justice so requires[.]" *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir.2001); FRCP 15(a). Ninth Circuit case law reinforces the fact that "this policy is to be applied with extreme liberality." *Id*. There is no reason to deviate from that well-accepted norm here, especially given the Court's most recent scheduling order setting the timeline for this case.

**2. Labrador's claims against Mr. Cohen are timely.**

Contrary to Mr. Cohen's new allegations, Labrador has neither acted in bad faith nor "waited nearly three years" to bring its claims against him. First, as we both know, this case was stayed pending the outcome of litigation in New Zealand from April 2018 to July 2019, and neither party could bring additional claims during that time. Dkt. Nos. 58, 73. Second, as discussed above, our office only entered this case earlier this year, and Labrador filed its operative pleadings very shortly after that. In the coming weeks, we hope that the parties can move away from unfounded accusations of litigation gamesmanship and back towards a professional working relationship focused on resolving this matter.

JACOBSON & ASSOCIATES
Daniel Lee Jacobson
Ronak Patel
November 19, 2020
Page Three

**3. Labrador may continue to amend its pleadings and seek additional discovery.**

    Finally, as your letter readily acknowledges, the Court has set new deadlines for the parties to amend pleadings (March 1, 2021) and complete non-expert discovery (July 23, 2021). Dkt. No. 168. The observation that "both of these deadlines had passed long ago under the prior scheduling order" is confusing and irrelevant: any old scheduling orders have now been replaced, of course, by the new scheduling order. To the extent that your letter invites us to disregard the express provisions of that new order, we decline to do so.

    Despite Mr. Cohen's somewhat combative conduct to date, Labrador remains hopeful that the parties can resolve the claims between them amicably in the coming months. To that end, please give me a call so that we can discuss the status of this case in more detail.

    Thank you in advance for your continued attention.

    Sincerely,

LAW OFFICES OF DOUGLAS JOSEPH ROSNER

By:
    Douglas J. Rosner

EXHIBIT B

LAW OFFICES
# Douglas Joseph Rosner

2625 TOWNSGATE ROAD
SUITE 330
WESTLAKE VILLAGE, CA 91361

(818) 501-8400
rosnerlaw@earthlink.net

December 2, 2020

**VIA ONLY Email** rp@jacobsonlawyers.com, dlj@jacobsonlawyers.com, axa@jacobsonlawyers.com
JACOBSON & ASSOCIATES
Daniel Lee Jacobson
Ronak Patel
315 Centennial Way
Tustin, CA 92780
P.O. Box 1015
Tustin, CA 92781

RE: *Labrador Entertainment, Inc. et al. adv. Beatbox et al.*
Case No. 17-6108 (C.D. Cal.)

Dear Ronak:

We have received your firm's November 24, 2020 letter (the "Second Letter"), which largely reiterates arguments made in its November 12, 2020 letter (the "First Letter").

Apparently declining our invitation to work together towards a resolution of this dispute, the Second Letter opens by characterizing our firm as "oblivious to the facts, the Federal Rules of Civil Procedure, and even the most basic principles of the legal system." We are none of those things, and Mr. Cohen's decision to continue to fall back on that type of invective leaves Labrador seriously questioning his interest in having a good faith discussion on the substance of what is at issue here.

And what exactly is at issue here? As we understand it, Mr. Cohen has two distinct grievances. First, he worries that Labrador may seek to amend its pleadings, as expressly contemplated by the Court's most recent scheduling order, Dkt. No. 164. Second, he believes that Labrador's claims against him filed in March 2020 are "invalid" for various procedural reasons. The first grievance is premature, as Labrador has not yet made any indication that it will amend its claims against Mr. Cohen. The second is irrelevant, as Labrador's operative claims are valid, and Mr. Cohen answered them eight months ago. While we question what Mr. Cohen hopes to accomplish by way of these letters, we again walk through this second issue in detail below in the interest of moving both parties past it and towards trial.

JACOBSON & ASSOCIATES
Daniel Lee Jacobson
Ronak Patel
December 2, 2020
Page Two

**1. Mr. Cohen and Labrador have asserted and answered claims against each other.**

Mr. Cohen, a defendant in this lawsuit, filed a crossclaim against his co-defendant Labrador in November 2017. Dkt. No. 38. Labrador answered that crossclaim a few weeks later. Dkt. No. 40. After an extended stay pending the outcome of parallel litigation between the parties in New Zealand, Labrador filed a counterclaim against Mr. Cohen in March 2020. Mr. Cohen answered that counterclaim later that month. Dkt. No. 144.

Eight months later, Mr. Cohen has launched into a procedural attack on Labrador's claims against him, framing those claims as "a legal nullity" that can be "disregarded without consequence." Mr. Cohen clearly does not actually believe this: if he did, he would simply "disregard" them "without consequence" rather than directing his attorneys to put together an extended diatribe about their validity. Mr. Cohen's actions and the Federal Rules both compel the same conclusion: Labrador's claims are a valid component of this litigation.

**2. Labrador properly brought a counterclaim rather than a crossclaim.**

The First Letter argues that the "FRCP Does Not Authorize Counterclaims Against A Cross-Party." pp. 2-3. This is wrong. "A counterclaim may be asserted against any opposing party: i.e., against any party who has previously asserted a claim against the counterclaimant." THE RUTTER GROUP, FEDERAL CIVIL PROCEDURE BEFORE TRIAL, § 8:1105 (April 2020 Update). Relevant here, "[w]here Defendant A has crossclaimed against Defendant B, the latter may counterclaim to the crossclaim ([as] Defendant A is the 'opposing party')[.]" Id., § 8:1106. After Mr. Cohen crossclaimed against Labrador, Labrador clearly had the right to counterclaim against him.

Even if Labrador's claims had been erroneously labelled as counterclaims rather than crossclaims (or vice-versa), the Court would still have the discretion to consider them. E.g., *PNC Equip. Fin. LLC v. California Fairs Fin. Auth.*, No. 11-cv-6248, 2013 WL 12128689, at *1 (C.D. Cal. June 13, 2013) ("Although titled cross-claims, [defendant's] claims against [plaintiff] are in fact counterclaims, and the court refers to them as such.") Mr. Cohen's semantic arguments about crossclaims and

JACOBSON & ASSOCIATES
Daniel Lee Jacobson
Ronak Patel
December 2, 2020
Page Three

counterclaims are just that. His baseless attempt to elevate form over substance fails, as Labrador's claims are authorized under the Federal Rules and are a proper subject of this lawsuit.

### 3. Labrador's counterclaim against Mr. Cohen was timely.

Mr. Cohen next suggests that Labrador waited too long to bring a counterclaim against him. Even setting aside the hypocrisy of Mr. Cohen's decision to wait eight months before raising this issue of timeliness, Labrador filed its counterclaims at an appropriate stage of this litigation.

Shortly after Beatbox filed its original complaint in 2017, the parties shifted their attention to the litigation in New Zealand. In the months leading up to the formal stay in this case between April 2018 and July 2019, there was serious uncertainty about if and when litigation in the United States would ever be appropriate. As Labrador summarized in a January 2019 statement to the Court regarding the New Zealand lawsuit, "[n]either Cross Complainant Michael Cohen nor Plaintiffs Beatbox Music, Pty., Ltd. dispute the parallels between this case and the indemnity portions of the New Zealand Action. In particular, they do not dispute that both cases: involve Beatbox, Labrador, and Cohen; arise out the April 2009 Agreement and the February 2008 Agreements; involve the same witnesses: Peter Baker, Nikki Martin, Michael Cohen, and Noel Webb; involve the same documents; and assert the same contract and indemnity claims." Dkt. No. 69 at 2. Once litigation in the United States did ramp back up, Labrador filed its counterclaim against Mr. Cohen.

Mr. Cohen casts aside this history so he can insist that Labrador "waited nearly three years" to bring its counterclaim against him. This is a brazen mischaracterization of the timeline of this case. Mr. Cohen filed his claims against Labrador in November 2017, and the stay took effect a few months later in April 2018. After the stay lifted in mid-2019, Labrador changed counsel and filed its counterclaim in March 2020. There has been no "three year" delay here. Even if there had been, these claims did not come as a surprise to Mr. Cohen: as the Second Letter readily admits, he anticipated their potential existence all the way back to the earliest days of this lawsuit. See p. 2. Given that very long lead time and the fact that this case is not set for trial until November 2021, Mr. Cohen has not suffered any type of prejudice as a result of these claims.

JACOBSON & ASSOCIATES
Daniel Lee Jacobson
Ronak Patel
December 2, 2020
Page Four

**4. Labrador was not required to bring its counterclaim against Mr. Cohen in 2017.**

The Federal Rules specifically contemplate the possibility of two parties participating in similar litigation across multiple forums. Most directly relevant here, a party need not bring a compulsory counterclaim if "when the action was commenced, the claim was the subject of another pending action." FRCP 13(a)(2)(A). By the time Mr. Cohen brought his claims against Labrador here in the Central District, the New Zealand litigation was already in full swing. That litigation included Labrador's claim that "it has a right of indemnification from Mr. Cohen pursuant to a warranty as to originality it received from Mr. Cohen when it acquired Eminem Esque." See Dkt. 69 at 6. Given that the parties were already in the process of litigating that claim in New Zealand, Labrador was not required to bring a duplicative claim in the United States at the outset of this litigation.

Even if Labrador had neglected to file a compulsory counterclaim, it would have been entitled to amend its pleadings to add such a claim at any time after that. As we have noted, the Federal Rules strongly favor resolution of cases on the merits, and to that end, "[a] district court shall grant leave to amend freely when justice so requires[.]" *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001). The Ninth Circuit requires that "this policy is to be applied with extreme liberality." Id. The policy is so strong, in fact, that federal courts "may decline to grant leave to amend only if there is strong evidence of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment, etc." *Sonoma Cty. Ass'n of Retired Employees v. Sonoma Cty.*, 708 F.3d 1109, 1117 (9th Cir. 2013). None of those exceptions is present in this case, so such any amendment would have served the interest of judicial economy. The Court's recent scheduling order pushing out the deadline for parties to amend their pleadings to March 2021 (Dkt. No. 164) only reenforces this conclusion.

JACOBSON & ASSOCIATES
Daniel Lee Jacobson
Ronak Patel
December 2, 2020
Page Five

**5. Labrador did not waive its right to bring a counterclaim against Mr. Cohen.**

Against that backdrop of required liberality in pleading, Mr. Cohen's First Letter nonetheless argues for a draconian interpretation of the Federal Rules. Distorting Federal Rule 13's requirement that "[a] pleading must state as a counterclaim any claim that . . . the pleader has against an opposing party if the claim arises out of the transaction or occurrence that is the subject matter of the opposing party's claim[,]" Mr. Cohen concludes that any claim not stated "within 21 days of service of the complaint" is lost forever. See FRCP 13(a)(1)(A); First Letter at 3. This is not the law.

Mr. Cohen's waiver argument directly contradicts both the language and ethos of the modern Federal Rules. Indeed, Federal Rule 15—which broadly authorizes amendments, as discussed above—exists specifically so parties can avoid the "injustices which sometimes resulted from strict adherence to earlier technical pleading requirements." *Andrews Farms v. Calcot, Ltd.*, 527 F. Supp. 2d 1239, 1254 (E.D. Cal. 2007); see also THE RUTTER GROUP, FEDERAL CIVIL PROCEDURE BEFORE TRIAL, § 8:1187 (April 2020 Update) ("Amendments to add an omitted counterclaim are controlled by Rule 15, governing amendment of pleadings generally."). If the parties ever had the occasion to litigate the question of whether Labrador should be allowed to amend its claims in this lawsuit, the Court would swiftly decline Mr. Cohen's invitation to bring about any such "injustice" here.

**6. By waiting eight months, Mr. Cohen has severely limited his procedural options.**

If Mr. Cohen believed that Labrador's counterclaim was untimely, he could have moved the Court to strike it from the docket eight months ago. Like all motions to strike, that drastic motion would have been "disfavored"—e.g., *Armstead v. City of Los Angeles*, 66 F. Supp. 3d 1254, 1273 (C.D. Cal. 2014)—and Labrador would have opposed it. Instead, Mr. Cohen filed an answer (Dkt. No. 144) and both parties turned their attention to other aspects of this litigation. Winning any type of motion about Labrador's March 2020 filings would be even more difficult at this stage, given that Mr. Cohen appears to have no explanation for his eight-month delay in raising this issue and that a motion to strike would now be untimely.

JACOBSON & ASSOCIATES
Daniel Lee Jacobson
Ronak Patel
December 2, 2020
Page Six

**7. Mr. Cohen is obligated to respond in full to any discovery requests served on him.**

Mr. Cohen bluffs that he is under "no obligation to respond to any [] discovery" related to Labrador's claims against him. First Letter at 2. If Mr. Cohen truly wishes to open himself up to sanctions by ignoring valid discovery requests, he is free to do so at his own peril. Labrador is well aware of its rights to move to compel responses and seek those sanctions (and attorney's fees) as necessary.

**8. Local Rule 7-3 requires a conference of counsel, not an exchange of letters.**

If Mr. Cohen is indeed contemplating some type of motion and believes that his incendiary letters represent a good faith effort to meet and confer about these issues, he is mistaken. The Central District's Local Rule 7-3 requires a "conference of counsel" in which the attorneys for each side "discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution." Nothing like that has occurred here.

In each of our letters, we have attempted to move away from inflammatory rhetoric and back towards a good faith resolution of these issues. We hope that your office will respond in kind. Please know that your attacks on the competence and integrity of our firm serve no purpose other than to jeopardize your office's credibility with all parties and with the Court.

If you would like to arrange for a conference to discuss any of the issues in this letter, please contact our office. Thank you.

Sincerely,

LAW OFFICES OF DOUGLAS JOSEPH ROSNER

By:
Douglas J. Rosner