Daniel Jacobson, State Bar No. 134798
Ronak Patel, State Bar No. 296296
JACOBSON & ASSOCIATES
1352 Irvine Boulevard # 205
Tustin, California 92780
(714) 505-4872
dlj@jacobsonlawyers.com
rp@jacbosonlawyers.com

Attorney for Defendant & Cross-Claimant Michael Cohen
and Defendant MCPC Holdings, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| BEATBOX MUSIC PTY, LTD.,<br><br>          Plaintiff,<br><br>    versus<br><br>LABRADOR ENTERTAINMENT, INC., et al<br><br>          Defendants.<br>———————————————<br>MICHAEL COHEN,<br><br>          Cross-Claimant,<br><br>    versus<br><br>LABRADOR ENTERTAINMENT, INC., et al<br><br>          Cross-Defendant. | Case No: 2:17-cv-6108-MWF (JPRx)<br>Assigned to the Hon. Michael W. Fitzgerald<br><br>DEFENDANT AND CROSSCLAIMANT MICHAEL COHEN AND DEFENDANT MCPC HOLDINGS, LLC'S OPPOSITION TO PLAINTIFF BEATBOX MUSIC PTY, LTD'S MOTIONS IN LIMINE NO. 2 AND 5<br><br>Action Filed:         Aug. 17, 2017<br>Cross-Claim Filed:  Nov. 21 2017<br>FAC Filed:          Jan. 24, 2020<br>Final Pretrial Conf.: Nov. 21, 2022<br>Trial Date:          Dec. 6, 2022 |

- 1 -

COHEN PARTIES' OPPOSITION TO PLAINTIFF'S MOTIONS IN LIMINE NO. 2 & 5

# MEMORANDUM OF POINTS & AUTHORITIES
# IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 2 AND 5

## I. INTRODUCTION

By way of this memorandum of points and authorities, Defendant and Crossclaimant Michael Cohen and Defendant MCPC Holdings, LLC (collectively, "Cohen Parties") hereby oppose Plaintiff Beatbox Music Pty, Ltd. ("Plaintiff" or "Beatbox") motions in limine no. 2 and 5.

## II. OPPOSITION TO MOTION IN LIMINE NO. 2

Initially, Cohen Parties' note that **Plaintiff's motion in limine no. 2 is really four motions combined into a single motion.** Plaintiff's motion in limine no. 2 is an attempt to evade the five motions in limine limitation imposed by this Court without seeking leave of this court to file in excess of five motions. On that ground alone, Plaintiff's motion should be denied.

Beyond that, Cohen Parties wish to address specficially Plaintiff's disingenuous arguments that reliance is not necessary. Plaintiff, quite notably, does not address any of the legal arguments that the Cohen Parties have offered to Plaintiff which detail the necessity of reliance. Instead, Plaintiff disingenuously argue that the Court has already rejected this argument by recognizing that Plaintiff has alleged reliance. **An allegation is not evidence.** Plaintiff's complaint may have opened the door to trying to prove that it relied on Cohen's warranties and representations, but that does not mean it is taken as established fact. Indeed, Plaitniff's attempt to do so clearly violates the admonition of the Court to avoid turning motions in limine into motions for summary adjudication.

California law clearly establishes the necessity fo reliance to proving that Plaintiff's has a right to indemnity under the contract by virtue of the

warranties included therein. Specifically, "[w]hen there is no privity of contract, California law requires a showing that a plaintiff relied on an alleged warranty." *Asghari v. Volkswagen* 42 F. Supp. 3d 1306, 1334 (C.D. Cal., November 4 2013) [Bolding added]. "[I]n the absence of privity, California law requires a showing that a Plaintiff relied on an alleged . . . misrepresentation." *Keegan v. Am. Honda Motor Co.* 284 F.R.D. 504, 546 (C.D. Cal. 2012); "[R]eliance (or some other substitute for privity) is required for an express warranty claim against a non-selling manufacturer of a product." *Coleman v. Boston Sci. Corp.*, 2011 U.S. Dist. LEXIS 96315 *14 (E.D. Cal. 2011).

Further, Beatbox has no legal right to recover on a warranty to which it was not exposed. Under California law, "Plaintiffs cannot state a claim for breach of express warranty in the absence of allegations that they were at least exposed to them." *Cho, et al. v. Hyundai, et al.* 8:22-cv-00448-SPG-KES *Dkt.* 48, Order Denying Motion to Dismiss, p. 31 (C.D. Cal. October 21, 2022); *Peterson v. Mazda Motor of Am., Inc.*, No. SACV 13-1972-DOC (ANx), (CD. Ca. July 3 2014.) ("'dismiss[ed] claim for breach of express warranties due to "absence of allegations that [plaintiffs] were exposed to them.'")

The Court should therefore deny Plaintiff's motion in limine no. 2 in its entirety or, at a minimum, with respect to the question of reliance.

### III. OPPOSITION TO MOTION IN LIMINE NO. 5

Plaintiff argues that the cue composed by Michael Cohen infringes on the copyright of *Lose Yourself* "by Eminem." Plaintiff asserts that this "fact is established by the New Zealand Court judgment." *Plaintiff Motion in Limine* ¶ 54-56. Plaintiff attempts to rely on the doctrine of issue preclusion to assert that this issue is necessarily decided.

1  Plaintiff is wrong. As this Court previously recognized **the last time**
2  **Plaintiff attempted to argue issue preclusion, Copyright law is**
3  **limited by territotriality.** *Dckt. 256*. As the court ruled:
4      The Court also notes that the applicability of New Zealand copyright
5      law within the U.S. is unclear due to the general territorial limits of
6      intellectual property law. See, e.g., Superama Corp., Inc. v. Tokyo
7      Broad. Sys. Television, 830 F. App'x 821, 823 (9th Cir. 2020) (noting
8      that copyright infringement outside the U.S. is generally not actionable
9      under U.S. law) (citing Subafilms, Ltd. v. MGM-Pathe Commc'ns Co.,
10     24 F.3d 1088, 1098 (9th Cir. 1994) (en banc)).
11 *Id.* at 9-10.
12     The New Zealand decision was not based on the Copyright Act of 1976
13 but on the New Zealand Copyright law, which differs substantially from
14 American law. Further, Cohen was not involved in the New Zealand
15 proceedings – and, quite notably, was not added as a defendant by Plaintiff
16 itself. Beatbox disengniously argues that Cohen was named as a defendant
17 despite previously taking the position that said judgment was not enforceable
18 against Cohen when the parties litigated Labrador's motion to stay the
19 proceedings in 2018. Consequently, the Court should deny this motion.
20     ///
21     ///

## IV. CONCLUSION

For the foregoing reasons, the Cohen Parties respectfully request that this Court deny Plaintiff's motions in

DATED: November 7, 2022      JACOBSON & ASSOCIATES

By: *Ronak Patel*
Daniel Jacobson
Ronak Patel
Attorneys for Defendant & Cross-Claimant Michael Cohen and Defendant MCPC Holdings, LLC