BLAISE & NITSCHKE, P.C.
HEATHER L. BLAISE, ESQ. (SBN 261619)
145 S. Wells Street, Suite 1800
Chicago, IL 60606
Telephone: 312-448-6602
Email: hblaise@blaisenitschkelaw.com

Attorneys for Plaintiff,
BEATBOX MUSIC PTY, LTD.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEATBOX MUSIC PTY, LTD., <br><br> Plaintiff, <br><br> v. <br><br> LABRADOR ENTERTAINMENT, INC. D/B/A SPIDER CUES MUSIC LIBRARY, a California corporation; NOEL PALMER WEBB, an individual; MICHAEL COHEN, an individual; LABRADOR ENTERTAINMENT, LLC; MCPC HOLDINGS, LLC; WEBB FAMILY TRUST and DOES 1-20, inclusive, <br><br> Defendants. <br><br> AND ALL RELATED ACTIONS | CASE NO: 2:17-cv-6108 MWF (JPRx) <br> *Assigned to the Hon. Michael W. Fitzgerald* <br><br> **PLAINTIFF BEATBOX MUSIC PTY, LTD.'S OBJECTIONS TO DEFENDANT LABRADOR'S PROPOSED SPECIAL VERDICT FORMS** <br><br> Trial Date:  December 6, 2022 <br> FAC:  January 24, 2020 <br> Cross-Claim Filed: November 21, 2017 <br> Action Filed:  August 17, 2017 |

Plaintiff BEATBOX MUSIC PTY, LTD. reasserts its objections to Defendants' verdict forms as untimely, consistent with Plaintiff's Supplemental Memorandum in Opposition to Untimely Trial Materials, attached hereto.

Plaintiff BEATBOX MUSIC PTY, LTD. Objects to the Court's use of Labrador's proposed verdict forms pursuant to Rule 49 of the Federal Rules of Civil Procedure and the Court's order dated June 2, 2022 and states as follows:

**LABRADOR'S CLAIM OF BREACH OF CONTRACT AGAINST BEATBOX**

*2. Did Labrador do all, or substantially all, of the significant things that the contract required Labrador to do?*

*Yes _____ No _____*

*If your answer to question 2 is yes, skip question 3 and answer question 4. If you answered no, answer question 3 if excuse is at issue/stop here, answer no further questions, and have the presiding juror sign and date this form.*

Beatbox objects to **Question 2**, because it should be bifurcated into two separate questions. First, any answer to the question would not tell the court whether Labrador did "all" or "substantially all". Further, the phrase "significant things" is vague and confusing. Defendant does not define "significant things" in the question.

The phrase "if excuse is at issue/stop here" is confusing, not logically organized, and unintelligible.

*3. Was Labrador excused from having to do all, or substantially all, of the significant things that the contract required Labrador to do?*

*Yes _____ No _____*

*If your answer to question 3 is yes, then answer question 4. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date*

*this form.*

Beatbox objects to **Question 3**, because this question should be bifurcated into two separate questions, as any answer to the question would not tell the court whether Labrador did "all" or "substantially all". Further, the phrase "significant things" is vague and confusing. Defendant does not define "significant things" in the question.

*4. Did all the conditions that were required for Beatbox to perform occur?*

*Yes _____ No _____*

     *If your answer to question 4 is yes, skip question 5 and answer question 6. If you answered no, answer question 5 if waiver or excuse is at issue/stop here, answer no further questions, and have the presiding juror sign and date this form.*

Beatbox objects to **Question 4**, because it is confusing and not logically organized. Conditions do not occur, if there is a list of the conditions each condition should be a sub-part. Additionally, the statement "if waiver or excuse is at issue/stop here" is confusing, not logically organized, and therefore unintelligible.

*5. Were the required conditions that did not occur excused/waived?*

     *Yes _____ No _____*

     *If your answer to question 5 is yes, then answer question 6. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.*

Beatbox objects to **Question 5**, because it is confusing and not logically organized. Conditions do not occur, in this case the conditions were either met or not. The phrase "required conditions" is inconsistent with Defendant's description of

conditions in **Question 4**, which does not contain the adjective "required," if there is a list of the conditions each condition should be a sub-part. Additionally, the phrase "excused/waived" is confusing and unintelligible.

*6. Did Beatbox fail to do something that the contract required Beatbox to do?*

  *Yes _____ No _____*

*or*

  *Did Beatbox do something that the contract prohibited Beatbox from doing?*

  *Yes _____ No _____*

  *If your answer to question 6 is yes, then answer question 7. If you answered no to both options, stop here, answer no further questions, and have the presiding juror sign and date this form.*

Beatbox objects to **Question 6**, because it contains two separate questions, which the jury is asked to answer in the alternative. However, the statement following the question provides the statement "if you answered not to both" which is logically impossible given the fact that the two separate questions are presented in the alternative. Additionally, Beatbox failing to do something or doing something prohibited by the contract does not automatically mean that Beatbox materially breached the contract. A minor breach is equivalent to a material breach based on the question.

*7. Was Labrador harmed by Beatbox's breach of contract?*

  *Yes _____ No _____*

  *If your answer to question 7 is yes, then answer question 8. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date*

*this form.*

Beatbox objects to **Question 7**, because it assumes a finding of breach by Beatbox, when there is no logical way to reach that conclusion based upon the previous verdict questions.

*8. What are Labrador's damages?*

>   *a. Past economic losses for failure to pay music royalties:*

>   *$ _____*

>   *b. Future economic losses for failure to pay music royalties:*

>   *If damages were awarded in sections 8 up that amount and have the jury*

*foreperson sign this verdict form.*

Beatbox objects to **Question 8**, because as a threshold matter there is no questions which precede this that establishes the failure to pay royalties. Further, the question "[w]hat are Labrador's damages" is a general question that does not permit a general answer. Instead, two statements follow this general question in subsections (a) and (b) of the question. Each subsection should be asked as questions to avoid confusion about the relationship between the general and specific questions. Additionally, "[i]f damages were awarded in sections 8 up that amount and have the jury foreperson sign this verdict form" is unintelligible.

## LABRADOR'S CLAIM OF BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING AGAINST BEATBOX

As a threshold matter, Beatbox objects to all of the verdict questions in this section because it is unclear whether Defendant is proceeding with this count, and also whether it is a standalone cause of action.

*1. Did Labrador and Beatbox enter into a contract?*

*Yes _____ No _____*

*If your answer to question 1 is yes, then answer question 2. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.*

*2. Did Labrador do all, or substantially all, of the significant things that the contract required it to do?*

*Yes _____ No _____*

*If your answer to question 2 is yes, [skip question 3 and] answer question 4. If you answered no, [answer question 3 if excuse is at issue/stop here, answer no further questions, and have the presiding juror sign and date this form].]*

*3. Was Labrador excused from having to do all, or substantially all, of the significant things that the contract required it to do?*

*Yes _____ No _____*

*If your answer to question 3 is yes, then answer question 4. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.]*

*4. Did all the conditions that were required for Beatbox's performance occur?*

*Yes _____ No _____*

*If your answer to question 4 is yes, [skip question 5 and] answer question 6. If you answered no, [answer question 5 if waiver or excuse is at issue/stop here, answer no further questions, and have the presiding juror sign and date this form].]*

*5. Were the required conditions that did not occur excused/waived?*

*Yes _____ No _____*

*If your answer to question 5 is yes, then answer question 6. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.]*

Beatbox objects to **Questions 1-5** above, because they are restatements of **Questions 1-5** in the Defendant's questions for the Breach of Contract count. Plaintiff objects for the same reasons stated in regard to the Breach of Contract count above. Additionally, the brackets "[ ]" appearing in **Questions 1-5** regarding the breach of the implied covenant of good faith and fair dealing do not appear in the questions relating to Breach of Contract. The use and placement of the brackets are confusing.

*6. Did Beatbox unfairly interfere with Labrador's right to receive the benefits of the contract?*

*Yes _____ No _____*

*If your answer to question 6 is yes, then answer question 7. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.*

Beatbox objects to **Question 6**, because it fails to ask first if Labrador had a right under the contract. If Labrador was entitled to a benefit, what that benefit was is

ambiguous. Additionally, the term "unfairly interfere" sounds in tort and is undefined, confusing and overly broad. Further the statement "right to receive the benefits of the contract" is confusing.

*8. What are [name of plaintiff]'s damages?*

> *[a.   Past [economic] loss [including [insert descriptions of claimed damages]]: $ ]*

> *[b.   Future [economic] loss [including [insert descriptions of claimed damages]]: $ ]*

> *TOTAL $*

Beatbox object to **Question 8**, in part, for the same reasons stated in **Question 6** regarding the Breach of Contract count. Additionally, the brackets "[ ]" appearing in this question are confusing making the question incomplete and confusing.

**LABRADOR'S CLAIM OF BREACH OF FIDUCIARY AGAINST BEATBOX**

*In determining the measure of damages for Beatbox's Breach of Fiduciary Duty as to Labrador, you should consider:*

Beatbox objects to the statement above because it assumes a finding of Breach of Fiduciary Duty by Plaintiff before the jury has even had an opportunity to determine whether such a breach occurred.

*1. Did Beatbox fail to act as a reasonable and careful representative for Labrador in New Zealand?*

*Yes _____ No _____*

Beatbox objects to **Question 1**, because it assumes that Beatbox was required to "act as a reasonable and careful representative" on behalf of Labrador. This also misstates the legal standard for fiduciary duties, as "careful" is not equivalent to or descriptive of the duty of care. Additionally, "in New Zealand" is irrelevant because fiduciary duties are not geographically limited.

2.  If Yes, then go to 3, if No, then answer no further questions, enter the amount of damage in "3" and have the presiding juror sign the form

Beatbox objects to **Question 2**, because it is not a question. It is apparently an instruction for **Question 1** and is confusing.  Additionally, the statement instructs the jury to "answer no further questions" while simultaneously instructing the jury to "enter the amount of damage" for the next question. This is confusing and unintelligible.

3. Did Labrador have past damages?

    Yes_____   No_____

    If Yes, then go to 2, if No, then answer no further questions and have the presiding juror sign the form.

Beatbox objects to **Question 3**, because it is confusing and overly broad. The term "past damages" is vague and undefined. Additionally, the statement "[i]f yes, then go to 2" is confusing, because **Question 2** precedes this **Question 3** and **Question 2** is not a question as mentioned above.

4. Enter reasonable value of the profits that Labrador lost up to the present time due to Beatbox's failure as a fiduciary in New Zealand.

    Amount Awarded: _____

Beatbox objects to **Question 4**, because it assumes that Labrador lost profits and that lost profits were caused by "Beatbox's failure as a fiduciary in New Zealand". The preceding questions fail to ask the jury whether Beatbox failed as a fiduciary. **Question 4** incorrectly assumes that an affirmative answer to the preceding question , which does not, establish a failure as a fiduciary, rather merely asks if Beatbox failed to act as a "reasonable and careful representative."

5. Will Labrador have future damages?

    Yes_____   No_____

*If Yes, then go to 4, if No, then answer no further questions, enter the amount of damage in "2" and have the presiding juror sign the form.*

Beatbox objects to **Question 5**, based upon the relevance of future damages, without identifying what type of damages that may be. This question also asks the jury to return to **Question 4** or to **Question 2**, which is confusing and unintelligible.

*6. (Future Damages) The reasonable value of the business opportunity and profits.*

*with reasonable probability, Labrador lost will be lose in the future due to Beatbox's*

*failure as a fiduciary in New Zealand.*

*Amount Awarded: _____*

Beatbox objects to **Question 6**, because it is nonsensical. Labrador vaguely defines future damages in a confusing way. Beatbox also objects to the relevance of "New Zealand" in this question, because location is irrelevant.

*7.  Did Beatbox engage in the conduct with malice, oppression, or fraud?*

*If Yes, then go to 6, if No, then answer no further questions, enter the sum of the amount of damage in "2" and "4" and have the presiding juror sign the form.*

Beatbox objects to **Question 7** as it is vague as to which "conduct" Labrador is referring to, and the use of "malice, oppression and fraud" which are legal conclusions undefined by Labrador and would require a separate question.

*6. What amount of punitive damages, if any, do you award Labrador?*

*Amount Awarded: _____*

Beatbox objects to the **Second Question 6**, because it is the second question labeled "6" in this verdict form and is confusing. This question also incorrectly states that the jury will award punitive damages to Labrador by providing a value as a response to the question.

**LABRADOR'S CLAIM OF NEGLIGENCE AGAINST BEATBOX**

*1. Was Beatbox negligent?*

    *Yes _____ No _____*

    *If your answer to question 1 is yes, then answer question 2. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.*

Beatbox objects to **Question 1**, because it fails to set forth the elements of negligence as separate questions and is an oversimplification of the negligence standard.

*2. Did Labrador suffer serious emotional distress?*

    *Yes _____ No _____*

    *If your answer to question 2 is yes, then answer question 3. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.*

Beatbox objects to **Question 2**, because Labrador is not a person and it and cannot suffer emotional damages. Even if they could, this question misstates the legal standard for emotional damages arising in tort.

*3. Was Beatbox's negligence a substantial factor in causing Labrador's serious emotional distress?*

    *Yes _____ No _____*

    *If your answer to question 3 is yes, then answer question 4. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date*

*this form.*

Beatbox objects to **Question 3**, because Labrador is not a person and it and cannot suffer emotional damages. Further, this question assumes that the jury's answers to the previous questions can properly support a finding of negligence, which it cannot, because the elements of negligence are not properly set forth this verdict form.

*4. What are Labrador's damages?*

    *a. Past economic loss*

        *[lost earnings     $ ]*

        *[lost profits  $ ]*

        *[medical expenses  $ ]*

        *[other past economic loss    $ ]*

        *Total Past Economic Damages: $ ]*

    *[b. Future economic loss*

        *[lost earnings     $ ]*

        *[lost profits  $ ]*

        *[medical expenses  $ ]*

        *[other future economic loss    $ ]*

        *Total Future Economic Damages: $ ]*

    *[c. Past noneconomic loss, including [physical pain/mental suffering:]    $ ]*

    *[d. Future noneconomic loss, including [physical pain/mental suffering:]    $ ]*

*TOTAL $*

Beatbox objects to **Question 4**, because it asks for medical expenses and physical pain/mental suffering, which are irrelevant in this case. Further, Beatbox is unaware of any evidence which would entitle Labrador to "lost earnings", "lost profits", "medical expenses", "other past economic loss", "physical pain/mental suffering" and "future noneconomic loss."

**VERDICT FORM – BREACH OF LABRADOR-BEATBOX INDEMNITY**

Beatbox objects to the title of this verdict form ("VERDICT FORM – BREACH OF LABRADOR-BEATBOX INDEMNITY") because it is confusing. Breach of Indemnity is not a cause of action.

*1. Did Labrador and Beatbox enter into a contract requiring indemnity?*

    *Yes _____ No _____*

    *If your answer to question 1 is yes, then answer question 2. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.*

Beatbox objects to **Question 1**, because it is irrelevant and confusing. The fact that a contract contains an indemnity provision does not automatically mean that the indemnity provision operates in favor of Labrador. Labrador fails to accurately describe or define indemnity. Assuming arguendo that Labrador would be the beneficiary of an indemnity clause this question fails to list what they might be indemnified from.

*2. Did Labrador do all, or substantially all, of the significant things that the contract required Labrador to do?*

    *Yes _____ No _____*

*If your answer to question 2 is yes, skip question 3 and answer question 4. If you answered no, answer question 3 if excuse is at issue/stop here, answer no further questions, and have the presiding juror sign and date this form.*

*3. Was Labrador excused from having to do all, or substantially all, of the significant things that the contract required Labrador to do?*

*Yes _____ No _____*

*If your answer to question 3 is yes, then answer question 4. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.*

*4. Did all the conditions that were required for Beatbox's performance occur?*

*Yes _____ No _____*

*If your answer to question 4 is yes, skip question 5 and answer question 6. If you answered no, answer question 5 if waiver or excuse is at issue/stop here, answer no further questions, and have the presiding juror sign and date this form.*

*5. Were the required conditions that did not occur excused or waived?*

*Yes _____ No _____*

*If your answer to question 5 is yes, then answer question 6. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.*

*6. Did Beatbox fail to do something that the contract required Beatbox to do?*

*Yes _____ No _____*

or

*Did Beatbox do something that the contract prohibited Beatbox from doing?*

*Yes _____ No _____*

*If your answer to question 6 is yes, then answer question 7. If you answered no to both options, stop here, answer no further questions, and have the presiding juror sign and date this form.*

*7. Was Labrador harmed by Beatbox's breach of contract?*

*Yes _____ No _____*

*If your answer to question 7 is yes, then answer question 8. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.*

Beatbox objects to **Questions 2-7** in this verdict form quoted above for the same reasons stated above relating to the questions provided by Labrador for the Breach of Contract questions, because **Questions 2-7** merely recite the same questions asked by Labrador with respect to the Breach of Contract count above. Additionally, **Questions 2-7** do not mention indemnity, and no connection between indemnity and Breach of Contract is explained by Labrador. The final sentence of **Question 7** is also confusing and unintelligible.

*8. What are Beatbox's damages?*

*a. Expenses $ _____*

*b. Costs      $ _____*

*c. Other Damages $ _____*

*If damages were awarded in sections 8 up that amount and have the jury foreperson sign this verdict form.*

Beatbox objects to **Question 8**, because the final sentence of this question is logically incorrect and unintelligible ("…in sections 8 up that amount…"). Beatbox has submitted its own verdict form relative to its claim against Labrador for Breach of Contract and request the Court use Beatbox's Verdict form.

**VERDICT FORM – BREACH OF LABRADOR-BEATBOX INDEMNITY**

Beatbox objects to the title of this verdict form ("VERDICT FORM – BREACH OF LABRADOR-BEATBOX INDEMNITY") is itself confusing. Breach of Indemnity is not a cause of action. **Questions 1-7** of this verdict form are listed below, followed by Beatbox's objections to the same.

*1. Did Labrador and Cohen enter into a contract requiring indemnity?*

    *Yes _____ No _____*

    *If your answer to question 1 is yes, then answer question 2. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.*

    *2. Did Labrador do all, or substantially all, of the significant things that the contract required Labrador to do?*

    *Yes _____ No _____*

    *If your answer to question 2 is yes, skip question 3 and answer question 4. If you answered no, answer question 3 if excuse is at issue/stop here, answer no further questions, and have the presiding juror sign and date this form.*

    *3. Was Labrador excused from having to do all, or substantially all, of the significant things that the contract required Labrador to do?*

*Yes _____ No _____*

*If your answer to question 3 is yes, then answer question 4. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.*

*4. Did all the conditions that were required for Cohen's performance occur?*

*Yes _____ No _____*

*If your answer to question 4 is yes, skip question 5 and answer question 6. If you answered no, answer question 5 if waiver or excuse is at issue/stop here, answer no further questions, and have the presiding juror sign and date this form.*

*5. Were the required conditions that did not occur excused or waived?*

*Yes _____ No _____*

*If your answer to question 5 is yes, then answer question 6. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.*

*6. Did Cohen fail to do something that the contract required Beatbox to do?*

*Yes _____ No _____*

*or*

*Did Cohen do something that the contract prohibited Beatbox from doing?*

*Yes _____ No _____*

*If your answer to question 6 is yes, then answer question 7. If you answered no*

*to both options, stop here, answer no further questions, and have the presiding juror sign and date this form.*

*7. Was Labrador harmed by Cohen's breach of contract?*

*Yes _____ No _____*

*If your answer to question 7 is yes, then answer question 8. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.*

*8. What are Cohen's damages?*

*a. Expenses $ _____*

*b. Costs      $ _____*

*c. Other Damages $ _____*

*If damages were awarded in sections 8 up that amount and have the jury foreperson sign this verdict form.*

**Questions 1-7** were previously asked by Labrador in relation to the other counts above. Beatbox objects for the same reasons listed above in relation to those verdict forms. Additionally, these questions relate to *Cohen*, which is confusing here because the title of this verdict form relates only to Labrador and Beatbox.

## LABRADOR'S DEFENSE OF UNCLEAN HANDS AGAINST BEATBOX

*1. Was Beatbox's conduct unconscionable, inequitable, unfair, or deceitful, as it relates to circumstances surrounding the issuance of the sub license for the advertisements of the New Zealand National Party?*

*Yes _____ No _____*

*If you answered yes, answer no further questions, and have the presiding juror sign and date this form. If you answered no, proceed to question 2.*

Beatbox objects to this question, because fails to set forth all of the elements of unclean hands. Importantly, an affirmative answer to this question by the jury could mean that that jury finds that Beatbox's conduct could be *unconscionable, inequitable, unfair, or deceitful*. A finding that Beatbox's conduct was any one of these things does not establish the specific basis for the defense of unclean hands. Further, Labrador fails to describe the necessary relationship between unclean hands and the subject matter of the litigation. Labrador merely asks about Beatbox's conduct "as it relates to circumstances surrounding the issuance of the sub license for the advertisements of the New Zealand National Party." This is vague and does not properly describe the relationship between the conduct of Beatbox and this litigation.

Additionally, the above-mentioned reference to "question 2" is confusing because there is no question 2 in this section. To the extent that this refers to another one of the defenses asserted by Labrador, Labrador fails to properly explain that reference.

### LABRADOR'S DEFENSE OF OFFSET-RECOVERY

*2. Did Beatbox sustain damages or suffer any injuries as a result of its own acts or failures to act, including breaches of his own duties and obligations to Labrador?*

*Yes _____ No _____*

*If you answered yes, answer no further questions, and have the presiding juror sign and date this form. If you answered no, proceed to question 3.*

Beatbox objects to this question, because fails to set forth all of the elements of "offset-recovery" and was not pleaded by Labrador in its Answer to Beatbox's First Amended Complaint and is thus irrelevant

There is no question 1 in this verdict form, which is confusing. The reference to "question 3" is also confusing because there is no question 3 contained within this section. **Question 2** asks whether Beatbox sustained "any injuries" which is a broad

question, and even the slightest injury would theoretically establish the defense of offset based upon the language used above. Additionally, the reference to Beatbox as "his" is confusing and inaccurate.

## LABRADOR'S SUBSTANTIAL FACTOR DEFENSE AGAINST BEATBOX

*3. Were the harms Beatbox complains in fact caused by its actions including, but not limited to, failing to: update the Spider Cues Library when requested by Beatbox; to communicate to Labrador concerns by potential licensees about Eminem Esque.*

     *Yes _____ No _____*

*If you answered yes, answer no further questions, and have the presiding juror sign and date this form. If you answered no, proceed to question 4.*

The defense of "substantial factor" was not pleaded by Labrador in its Answer to Beatbox's First Amended Complaint. Therefore, Beatbox objects to this verdict form as improper. If it were proper, it fails to set forth the individual elements of "substantial factor" defense.

Additionally, the above-mentioned reference to "question 4" is confusing because there is no question 4 in this section. To the extent that this refers to another one of the defenses asserted by Labrador, Labrador fails to properly explain that reference.

## LABRADOR'S DEFENSE OF PLAINTIFF'S CONDUCT AGAINST BEATBOX

*4. Beatbox's harms were in fact caused by Beatbox's own actions including, but not limited to, failing to: update the Spider Cues Library when requested by Beatbox; to communicate to Labrador concerns by potential licensees about Eminem Esque; failing to pay to Labrador money received by Beatbox for licensing of the music cues from the Spider Cues Library; paying all money due to Labrador from Beatbox for the licensing of the Cues.*

*Yes _____ No _____*

*If you answered yes, answer no further questions, and have the presiding juror sign and date this form. If you answered no, proceed to question 5.*

Beatbox objects to this question, because it is a statement and not a question. Additionally, Plaintiff objects to the examples of Plaintiff's conduct provided, because this question does not ask if Beatbox engaged in any of this conduct, but rather states they did, which is confusing and improper. Importantly, none of these allegations are contained in Labrador's Affirmative Defenses to Beatbox's First Amended Complaint. These examples of conduct are also highly suggestive, and do not establish the affirmative defense that Labrador seeks to establish with this verdict form.

Additionally, the above-mentioned reference to "question 5" is confusing because there is no question 5 in this section. To the extent that this refers to another one of the defenses asserted by Labrador, Labrador fails to properly explain that reference.

## LABRADOR'S DEFENSE OF RECOVERY LIMITED TO DAMAGES PROXIMATELY CAUSED BY BREACH AGAINST BEATBOX

*5. Were Beatbox damages sustained or suffered as a result of its own acts or failures to act, including breaches of his own duties and obligations to Labrador.*

*Yes _____ No _____*

*If you answered yes, answer no further questions, and have the presiding juror sign and date this form. If you answered no, proceed to question 6.*

Beatbox objects to this verdict form, because the title is confusing and inaccurate. Further if it was proper, it would be better positioned in Labrador's verdict form for Breach of Contract. Additionally, it is not an affirmative defense that was pleaded by Labrador in its Answer to Beatbox's First Amended Complaint and improper.

Finally, the above-mentioned reference to "question 6" is confusing because there is no question 6 in this section. To the extent that this refers to another one of the defenses asserted by Labrador, Labrador fails to properly explain that reference.

## LABRADOR'S DEFENSE OF FAILURE TO MITIGATE AGAINST BEATBOX

*6. Do you find that plaintiff Beatbox could have, through reasonable efforts or expenditures, reduced any of the harm or damages she claims to have suffered?*

> *Yes _____ No _____*

> *If "yes", please identify the amount which plaintiff Beatbox's economic damages or non-economic damages should be reduced based on plaintiff plaintiff Beatbox's failure to mitigate her damages?*

*Amount of reduction of economic damages $ _____ .*

*Amount of reduction of non-economic damages $ _____ .*

> *If you answered yes, answer no further questions, and have the presiding juror sign and date this form. If you answered no, proceed to question 7.*

Beatbox objects to this question, because Labrador failed to plead that "Beatbox could have, through reasonable efforts or expenditures, reduced any of the harm or damages she claims to have suffered" Importantly, this verdict form is entirely devoid of the necessary elements required to establish the defense of the failure to mitigate damages.

Plaintiff also objects to this verdict form, because the damage section does not have an instruction for the jury if they answer no. Further, "economic damages" and "non-economic damages" are undefined, incomplete and confusing.

Additionally, the above-mentioned reference to "question 7" is confusing because there is no question 7 in this section. To the extent that this refers to another one of the defenses asserted by Labrador, Labrador fails to properly explain that reference.

## LABRADOR'S DEFENSE OF NEGLIGENCE OF PLAINTIFF AGAINST BEATBOX

*7. Was Beatbox's own negligence a substantial factor in causing its own harm.*

*If "yes", please identify the amount which plaintiff Beatbox's economic damages or non-economic damages should be reduced based on plaintiff Beatbox's own negligence.*

*Amount of reduction of economic damages $ _____.*

*Amount of reduction of non-economic damages $ _____.*

*If you answered yes, answer no further questions, and have the presiding juror sign and date this form. If you answered no, proceed to question 8.*

Beatbox objects to this verdict form, because it fails to set forth the essential elements of negligence. **Question 7** above asks the jury to form a legal conclusion as to negligence, but the question is entirely void of any description or reference to the elements of negligence. As a result, this verdict form is incomplete, and the question improperly asks the jury to form a legal conclusion as to negligence by Beatbox without first asking whether Beatbox's conduct meets the elements of negligence.

Beatbox also objects to this verdict form, because the damage section does not have an instruction for the jury if they answer no. Beatbox also objects to this verdict form because "economic damages" and "non-economic damages" are undefined and confusing.

Additionally, the above-mentioned reference to "question 8" is confusing because there is no question 8 in this section. To the extent that this refers to another one of the defenses asserted by Labrador, Labrador fails to properly explain that reference.

**LABRADOR'S DEFENSE OF BREACH OF FIDUCIARY OF PLAINTIFF AGAINST BEATBOX**

*8. Was Beatbox's Breach of its Fiduciary duty to Labrador a substantial factor in causing its own harm.*

*Yes _____ No _____*

*If "yes", please identify the amount which plaintiff Beatbox's economic*

- 23 -

*damages or non-economic damages should be reduced based on plaintiff Beatbox's own negligence.*

*Amount of reduction of economic damages $ _____.*

*Amount of reduction of non-economic damages $ _____.*

Beatbox objects to this verdict form, in part, because it fails to set forth the essential elements of a Breach of Fiduciary Duty. As a result, this verdict form improperly asks the jury to form a legal conclusion as to a Breach of Fiduciary Duty by Beatbox without first presenting the elements of, or asking whether Beatbox's conduct meets the elements of, a Breach of Fiduciary Duty.

Beatbox also objects to this verdict form, because the damage section does not have an instruction for the jury if they answer no. Plaintiff also objects to this verdict form because "substantial factor", "economic damages" and "non-economic damages" are undefined and confusing.

DATED: November 7, 2022          Respectfully submitted,

**BEATBOX MUSIC PTY, LTD.**
 */s/ Heather L. Blaise*
HEATHER L. BLAISE, ESQ. (SBN 261619)
145 S. Wells Street, Suite 1800
Chicago, IL 60606
Telephone: 312-448-6602
Email: hblaise@blaisenitschkelaw.com
*Attorney for Plaintiff*

PLAINTIFF BEATBOX MUSIC PTY, LTD.'S OBJECTIONS TO DEFENDANT LABRADOR'S PROPOSED SPECIAL VERDICT FORMS