LAISE & NITSCHKE, P.C.
HEATHER L. BLAISE, ESQ. (SBN 261619)
145 S. Wells Street, Suite 1800
Chicago, IL 60606
Telephone: 312-448-6602
Email: hblaise@blaisenitschkelaw.com

Attorneys for Plaintiff,
BEATBOX MUSIC PTY, LTD.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEATBOX MUSIC PTY, LTD.,<br><br>Plaintiff,<br><br>v.<br><br>LABRADOR ENTERTAINMENT, INC. D/B/A SPIDER CUES MUSIC LIBRARY, a California corporation; NOEL PALMER WEBB, an individual; MICHAEL COHEN, an individual; LABRADOR ENTERTAINMENT, LLC; MCPC HOLDINGS, LLC; WEBB FAMILY TRUST and DOES 1-20, inclusive,<br><br>Defendants.<br><br>AND ALL RELATED ACTIONS | CASE NO: 2:17-cv-6108 MWF (JPRx)<br>*Assigned to the Hon. Michael W. Fitzgerald*<br><br>**PLAINTIFF BEATBOX MUSIC PTY, LTD.'S OBJECTIONS TO DEFENDANTS/CROSSCLAIMANT MICHAEL COHEN'S AND MCPC HOLDINGS, LLC'S PROPOSED SPECIAL VERDICT FORM**<br><br>Trial Date:        December 6, 2022<br>FAC:              January 24, 2020<br>Cross-Claim Filed: November 21, 2017<br>Action Filed:     August 17, 2017 |

Plaintiff BEATBOX MUSIC PTY, LTD. reasserts its objections to the verdict forms as untimely, consistent with the Plaintiff's Supplemental Memorandum in Opposition to Untimely Trial Materials *See* attached.

Plaintiff BEATBOX MUSIC PTY, LTD. Objects to the Court's use of Cohen's proposed verdict forms pursuant to Rule 49 of the Federal Rules of Civil Procedure and the Court's order dated June 2, 2022 and states as follows:

**1.     Beatbox's breach of contract cause of action against Mr. Cohen**

The parties agree that Mr. Cohen and Labrador Entertainment, Inc. contracted with each other, thus creating the February 14, 2008 "Composer Agreement."

a.     Did Beatbox prove that Beatbox would in fact benefit from the February 14, 2008 "Composer Agreement?"

NO  YES

If your response to "a" is "no," then your deliberations on this cause of action are complete. Please proceed to the next cause of action.

Beatbox objects to **Question 1(a)**, because it fails to set forth the elements of Third-Party Beneficiary to a contract under California law. Additionally, it fails to give direction if the answer is yes. Beatbox proposes that the Court use Beatbox's verdict form on Third-Party Beneficiary.

**b.**     Did Beatbox prove that a motivating purpose for Mr. Cohen and Labrador Entertainment, Inc. to enter into the February 14, 2008 "Composer Agreement" was to provide a benefit to Beatbox?

NO  YES

If your response to "b" is "no," then your deliberations on this cause of action are complete. Please proceed to the next cause of action.

Beatbox objects to **Question 1(b)**, because it fails to set forth the elements of Third-Party Beneficiary to a contract under California law. Additionally, it fails to give direction if the answer is yes. Beatbox proposes that the Court use Beatbox's verdict form on Third-Party Beneficiary.

c.    Did Beatbox prove that the fact that it a non contracting party is suing Mr. Cohen for breach of the February 14, 2008 "Composer Agreement" is consistent with the objectives of that contract and the reasonable expectations of both Mr. Cohen and Labrador Entertainment, Inc.?

NO  YES

If your response to "c" is "no," then your deliberations on this cause of action are complete. Please proceed to the next cause of action.

Beatbox objects to **Question 1(c)**, because it improperly sets forth one element of Third-Party Beneficiary to a contract under California law in a confusing manner. Additionally, it fails to give direction if the answer is yes. Beatbox proposes that the Court use Beatbox's verdict form on Third-Party Beneficiary.

d.    Was it proved that Beatbox relied on a warranty contained in the February 14, 2008 "Composer Agreement?"

NO  YES

If your response to "d" is "no," then your deliberations on this cause of action are complete. Please proceed to the next cause of action.

Beatbox objects to **Question 1(d)**, because reliance is not an element of Third-Party Beneficiary to a contract under California law. Additionally, it fails to give direction if the answer is yes. Beatbox proposes that the Court use Beatbox's verdict form on Third-Party Beneficiary.

e.    Did Beatbox prove that it did all, or substantially all, of the significant things that the "Composer Agreement" required it to do; or, that it was excused from having to do all, or substantially all, of the significant things that the contract required it to do?

NO  YES

If your response to "e" is "no," then your deliberations on this cause of action are complete. Please proceed to the next cause of action.

Beatbox objects to **Question 1(e)**, because Third-Party Beneficiary to a contract under California law is not required to perform under the contract, the contracting party is. Additionally, it fails to give direction if the answer is yes. Beatbox proposes that the Court use Beatbox's verdict form on Third-Party Beneficiary.

    f.    Was it proved that the song utilized by the New Zealand National Party as background music in its commercials was an altered and/or adapted version of eminem esque?

    NO  YES

If your answer to "f" is "yes," then please answer "g." If your answer to "f" is "no," then please proceed to "h."

Beatbox objects to **Question 1(f)**, because it fails to set forth the definition of altered and/or adapted as it relates to music.

    g.    Was it proven that no one consulted with Mr. Cohen regarding the alteration and/or adaptation of eminem esque, before the song was aired?

    NO  YES

If your response to "g" is "no," then your deliberations on this cause of action are complete. Please proceed to the next cause of action.

Beatbox objects to **Question 1(g)**, because there is no requirement in the contract that Mr. Cohen be consulted before any use of "eminem esque" was aired.

**2.   Beatbox's Uniform Voidable Transaction Act and common law fraudulent transfer action against Mr. Cohen and MCPC Holdings, LLC**

    a.    Did Beatbox prove that Mr. Cohen transferred one or more assets to MCPC with the actual intent to hinder, delay, or defraud Beatbox?

In determining "actual intent" you may consider, among other things, any or all of the following:

    I.    Whether the transfer was to an insider.

    II.    Whether the debtor retains possession or control of the property transferred after the transfer.

    III.    Whether the transfer was disclosed or concealed.

    IV.    Whether before the transfer was made, Mr. Cohen had been sued or threatened with suit.

    V.    Whether the transfer was of substantially all of Mr. Cohen's assets.

    VI.    Whether Mr. Cohen absconded.

    VII.    Whether Mr. Cohen removed or concealed assets.

    VIII.    Whether Mr. Cohen became insolvent shortly after the transfer was made.

NO   YES

If your response to "a" is "no," then your deliberations on this cause of action are complete. Please proceed to the next cause of action.

Beatbox objects to **Question 2(a)** as it fails to give direction if the answer is yes. Beatbox proposes that the Court use Beatbox's verdict form on Uniform Voidable Transaction Act and Common Law Fraudulent Transfer.

    b.    Did Beatbox prove that Beatbox has a right to payment from Mr. Cohen?

NO   YES

If your response to "b" is "no," then your deliberations on this cause of action are complete. Please proceed to the next cause of action.

Beatbox objects to **Question 2(b)** as it fails to state the requirements that would be required for Beatbox to be entitled to a payment from Cohen for a violation of the Uniform Voidable Transaction Act or Common Law Fraudulent Transfer by Cohen. Additionally, give direction if the answer is yes. Beatbox proposes that the Court use Beatbox's verdict form on Uniform Voidable Transaction Act and Common Law Fraudulent Transfer.

    c.    Did Beatbox prove that Mr. Cohen's conduct was a substantial factor in causing Beatbox's harm?

    NO  YES

If your response to "c" is "no," then your deliberations on this cause of action are complete. Please proceed to the next cause of action.

Beatbox objects to **Question 2(c)** as there is an independent requirement of harm under the Uniform Voidable Transaction Act or in Common Law Fraudulent Transfer. Additionally, it fails to give direction if the answer is yes. Beatbox proposes that the Court use Beatbox's verdict form on Uniform Voidable Transaction Act and Common Law Fraudulent Transfer.

DATED: November 7, 2022        Respectfully submitted,

                                        **BEATBOX MUSIC PTY, LTD.**
                                        */s/ Heather L. Blaise*
                                        HEATHER L. BLAISE, ESQ. (SBN 261619)
                                        *Attorney for Plaintiff*