BLAISE & NITSCHKE, P.C.
HEATHER L. BLAISE, ESQ. (SBN 261619)
145 S. Wells Street, Suite 1800
Chicago, IL 60606
Telephone: 312-448-6602
Email: hblaise@blaisenitschkelaw.com

Attorneys for Plaintiff,
BEATBOX MUSIC PTY, LTD.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEATBOX MUSIC PTY, LTD., | CASE NO: 2:17-cv-6108 MWF (JPRx) |
| Plaintiff, | *Assigned to the Hon. Michael W. Fitzgerald* |
| v. | **PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO UNTIMELY TRIAL MATERIALS** |
| LABRADOR ENTERTAINMENT, INC. D/B/A SPIDER CUES MUSIC LIBRARY, a California corporation; NOEL PALMER WEBB, an individual; MICHAEL COHEN, an individual; LABRADOR ENTERTAINMENT, LLC; MCPC HOLDINGS, LLC; WEBB FAMILY TRUST and DOES 1-20, inclusive, | |
| Defendants. | |
| AND ALL RELATED ACTIONS | Trial Date:       December 6, 2022<br>FAC:              January 24, 2020<br>Cross-Claim Filed: November 21, 2017<br>Action Filed:     August 17, 2017 |

# SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO UNTIMELY TRIAL MATERIALS

## I.   SUMMARY OF THE OBJECTION

1.   This matter is set for a jury trial on December 6, 2022. *See* Dkt. 266.

2.   Local Rule ("L.R.") 16 places specific obligations on parties in civil proceedings in the Central District of California. To comply with L.R. 16, lead counsel for parties must meet "[a]t least forty (40) days before the date set for the Final Pretrial Conference." At that meeting, counsel are, *inter alia*, required to:

   a.   "[M]ake every effort to stipulate to facts upon which the parties know or have reason to know there can be no dispute." L.R. 16-2.2.

   b.   "[D]isclose all exhibits to be used at trial other than those contemplated to be used solely for impeachment, as set forth in Fed. R. Civ. P. 26(a)(3)(A)(iii). L.R. 16-2.3.

   c.   "[D]isclose all information required by Fed. R. Civ. P. 26(a)(3)(A)(i) and (ii) as to witnesses (including expert witnesses) to be called at trial other than those contemplated to be used solely for impeachment." L.R. 16-2.4.

   d.   "[D]iscuss the status of expert witness designations, expert witnesses, and any issues concerning experts to be raised at the Final Pretrial Conference." L.R. 16-2.5.

   e.   "[D]isclose to every other party which of the party's pleaded claims and defenses the party plans to pursue, together with the party's contentions regarding the applicable facts and law." L.R. 16-2.8.

3.   This Honorable Court's standing orders specifically require compliance with Local Rule 16, as stated in capital letters in the Court's "Order Re Jury Trial" (the "Standing Order"), which provides in pertinent part: "STRICT COMPLIANCE WITH LOCAL RULE 16 IS REQUIRED." *See* Dkt. 37.

4.   This Honorable Court's Standing Order also requires parties to submit,

fourteen (14) days prior to the Local Rule 16-2 meeting, proposed jury instructions and special verdict forms. Standing Order at 7:3-12.  The Standing Order further requires the parties to serve objections to the others' instructions and verdict forms ten (10) days prior to the Local Rule 16-2 meeting. *See* Dkt. 37.

5.     As demonstrated below, Defendants failed at every step of the process to comply with their obligations under Fed. R. Civ. P. 26; Fed. R. Civ. P. 16; L.R. 16-2.3; and the Standing Order.

6.     In addition to Plaintiff's specific objections to Defendants' Jury Instructions and Verdict Forms, Plaintiff submits this Supplemental Memorandum in Opposition to Untimely Trial Materials.

## II.    Factual background

7.     Consistent with Plaintiff's obligations under Local Rule 16-2, on October 12, 2022, the undersigned counsel and Thomas Nitschke traveled from Illinois to the office of one of defendant's attorneys in Tustin, Orange County, California (the "October 12 Meeting").

8.     The conference occurred in-person at Defendants' insistence, and occurred in Orange County despite being more properly conducted in Los Angeles County solely because Defendants refused to meet elsewhere.

9.     Given the October 12, 2022 meeting date, Defendants were therefore obligated to tender proposed jury instructions and verdict forms on or before September 28, 2022.

10.     Defendants were further required to deliver any objections to Plaintiff's proposed jury instructions and verdict forms on or before October 3, 2022.

11.     Prior to the October 12 meeting and in compliance with the Standing Order, applicable Local Rules, and Fed. R. Civ. P. 16, the undersigned counsel tendered jury instructions and verdict forms on behalf of Plaintiff to Defendants in a timely manner.

12.     Plaintiff provided the jury instructions and verdict forms on or before the

September 28, 2022 deadline to submit the same.

13.   At no time prior to the October 12 Meeting had Defendants circulated any proposed jury instructions, in violation of the Standing Order.

14.   At no time prior to the October 12 Meeting had Defendants circulated any objections to Plaintiff's proposed jury instructions and verdict forms, in violation of the Standing Order.

15.   Indeed, Defendants were entirely unprepared to discuss proposed jury instructions or verdict forms whatsoever at the October 12 Meeting.

16.   Rather than substantively discuss any objections, counsel for the Defendants focused their efforts on requesting extensions for the already-expired L.R. 16-2, Fed. R. Civ. P. 16, and Standing Order deadlines.

17.   In an email dated October 13, 2022, Ronak Patel of Jacobson & Associates, counsel for Michael Cohen and MCPC Holdings, LLC (together, the "Cohen Defendants"), sent an email demonstrating that Defendants had no intention whatsoever of complying with the Rule 16 obligations, and that it knew in advance of the undersigned counsel's travel to California that they would not be prepared to discuss the required subject matter. *See* Declaration of Heather L. Blaise ("Blaise Decl.") at Exhibit 1, Email Thread entitled "Request for Clarification Re Jury Instructions / Special Verdict," at Ronak Patel's October 13, 2022 email.

18.   Indeed, Mr. Patel admitted that he "had been working on the presumption that we would have until" the Tuesday after October 12 Meeting to provide such objections and documents, and attempted to allege a nonexistent agreement with Plaintiff's counsel to extend such a deadline. *Id.*

19.   Not only did such an agreement not exist, Plaintiff's counsel would not have undertaken the considerable expense to meet in person if Defendants' counsel had admitted in advance that they were either unwilling or unable to prepare for or substantively discuss any of the required subject matters under Local Rule 16-2, Fed. R. Civ. P. 16, or the Standing Order. *See* Blaise Decl. at Exhibit 1, at Heather L.

Blaise's October 14, 2022 email.

20.    In a letter dated as late as October 18, 2022, Dan Jacobsen, another of the Cohen Defendants' attorneys, purported to include the Cohen Defendant's objections to Plaintiff's proposed special verdict form. *See* Blaise Decl. at Exhibit 2, letter dated October 18, 2022 (the "October 18 Letter").

21.    The untimely October 18 Letter did not contain clear and concise objections and the basis therefor, but instead regurgitated incoherent recitations of legal arguments from prior briefing that the Court has already ruled against, couching each jumbled and irrelevant argument as "California law." *Id.*

22.    On October 18, 2022, Labrador then decided to join the Cohen Defendants' dogpile of untimely trial materials, delivering for the first time new proposed jury instructions, as well as a "proposed supplement" to such instructions— well over a week *after* the in-person conference, and several weeks after Labrador was obligated to provide them. *See* Blaise Decl. at Exhibit 3, Labrador's Proposed Jury Instructions; Exhibit 4, Labrador's Supplement to Proposed Jury Instructions; and Exhibit 5, October 18, 2022 emails from Labrador's counsel, Doug Rosner.

23.    Labrador then continued the flurry of untimely Rule 16 communications on October 19, 2022, by tendering a Proposed Second Supplement to Jury Instructions and a Proposed Verdict Form, weeks after the Standing Order required Defendants to provide such material to Plaintiff. *See* Blaise Decl. at Exhibits 6 and 7, Labrador's Proposed Second Supplement to Proposed Jury Instructions and Labrador's Proposed Verdict Form.

24.    As late as October 21, 2022, the Cohen Defendants further compounded the pattern of untimely disclosures by sending a document titled "DEFENDANT/CROSSCLAIMANT MICHAEL COHEN AND DEFENDANT MCPC HOLDINGS, LLC'S JOINT FURTHER OBJECTIONS TO PROPOSED JURY INSTRUCTIONS" (the "Cohen Further Objections"). *See* Blaise Decl. at Exhibit 8, the Cohen Further Objections

25.     Although the Further Objections purported to be "redlined" objections, a separate Microsoft Word document—which retains Plaintiff's original title of "Plaintiff Beatbox Music Pty, Ltd.'s Proposed Jury Instructions"—actually contains the untimely objections in redline format. *See* Blaise Decl. at Exhibit 9, Defendant Cohen's redlined objections.

26.     The Court need not consider the Defendants' untimely objections, untimely jury instructions, and untimely verdict form proposals. Each of these untimely documents violate the Standing Order, Local Rule 16-2, and the very spirit of Fed. R. Civ. P. 16.

27.     Though the Court need not reach these issues and despite the overwhelming prejudice of Defendants' eleventh-hour objections and proposals, Plaintiff has nevertheless endeavored to respond to the frivolous arguments in separate filings.

28.     Likewise, Labrador's grossly late tender of the Proposed Second Supplement to Proposed Jury Instructions and the Proposed Verdict Form should be disallowed due to Labrador's repeated failure to comply with the Standing Order, *et al*.

**III.     Relevant Law**

29.     As the Ninth Circuit has made abundantly clear the repercussions of a party blatantly disregarding scheduling orders entered under Rule 16:

> "A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril. The district court's decision to honor the terms of its binding scheduling order does not simply exalt procedural technicalities over the merits of [plaintiff's] case. Disregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier. Rule 16 was drafted to prevent this situation . . ."

*Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) (internal quotes and cites omitted); *see also Aceves v. Coach Royal 003 LP*, No. 8:21-cv-

01901-CJC (JDEx), 2022 U.S. Dist. LEXIS 189495, at *4 (C.D. Cal. Oct. 17, 2022), citing *L.H. v. Schwarzenegger*, 2008 U.S. Dist. LEXIS 9632, 2008 WL 268983, at *6 (E.D. Cal. Jan. 29, 2008) ("Rule 16 and the court's scheduling order are not optional directives; the court is bound by them."); *Tessera, Inc. v. Sony Corp.*, 2013 U.S. Dist. LEXIS 2311, 2013 WL 97794, at *3 (N.D. Cal. Jan. 7, 2013) ("A scheduling order is not a mere suggestion or a trifle that can be disregarded when it becomes inconvenient; it is an order from the court. Just like any other order, the court expects compliance.").

30.     As the Standing Order, Local Rule 16, and Fed. R. Civ. P. 16 make abundantly clear, parties are not free to disregard court-ordered deadlines and substitute its own preferences for the agreed-upon course of litigation.

31.     Permitting Labrador and the Cohen Defendants to flagrantly violate the Standing Order and all other court-ordered deadlines would unduly prejudice Plaintiff.

32.     Labrador and the Cohen Defendants' untimely deluge of objections and proposals, coupled with their lack of any preparation whatsoever for the Local Rule 16 conference, has effectively precluded Plaintiff from participating in a meaningful exchange of positions in advance of Court's pretrial conference.

## V.     CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court enter an order: 1) barring Labrador or the Cohen Defendants from introducing an untimely special verdict form; 2) barring Labrador or the Cohen Defendants from introducing any untimely jury instructions; 3) ruling in favor of Plaintiff's proposed jury instructions being used at trial; 4) ruling in favor of Plaintiff's proposed special verdict form being used at trial; 5) for Defendants to be monetarily sanctioned for the attorney's fees and costs associated with the October 12 Meeting for which Defendants were utterly unprepared, as well as for the costs and attorney's fees associated with preparing Plaintiff's responses to Defendants' untimely proposals and

objections; and 6) for such other and further relief as the Court deems just and proper.

DATED: November 7, 2022             Respectfully submitted,

**BEATBOX MUSIC PTY, LTD.**

 */s/ Heather L. Blaise*

HEATHER L. BLAISE, ESQ. (SBN 261619)

145 S. Wells Street, Suite1800

Chicago, IL 60606

Telephone: 312-448-6602

Email: hblaise@blaisenitschkelaw.com

*Attorney for Plaintiff*