
BLAISE & NITSCHKE, P.C.
HEATHER L. BLAISE, ESQ. (SBN 261619)
145 S. Wells Street, Suite 1800
Chicago, IL 60606
Telephone: 312-448-6602
Email: hblaise@blaisenitschkelaw.com

Attorneys for Plaintiff,
BEATBOX MUSIC PTY, LTD.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEATBOX MUSIC PTY, LTD., <br><br> Plaintiff, <br> v. <br> LABRADOR ENTERTAINMENT, INC. D/B/A SPIDER CUES MUSIC LIBRARY, a California corporation; NOEL PALMER WEBB, an individual; MICHAEL COHEN, an individual; LABRADOR ENTERTAINMENT, LLC; MCPC HOLDINGS, LLC; WEBB FAMILY TRUST and DOES 1-20, inclusive, <br><br> Defendants. <br><br> AND ALL RELATED ACTIONS | CASE NO: 2:17-cv-6108 MWF (JPRx) <br> *Assigned to the Hon. Michael W. Fitzgerald* <br><br> **PLAINTIFF BEATBOX MUSIC PTY, LTD'S PROPOSED VERDICT FORMS** <br><br><br> Trial Date:          December 6, 2022 <br> FAC:              January 24, 2020 <br> Cross-Claim Filed: November 21, 2017 <br> Action Filed:       August 17, 2017 |

Plaintiff BEATBOX MUSIC PTY, LTD. respectfully requests that this Court use the attached proposed verdict forms to submit to the jury in this matter. Plaintiff submits these proposed verdict forms pursuant to Rule 49 of the Federal Rules of Civil Procedure and the Court's order dated June 2, 2022

Plaintiff reserves the right to supplement and amend these proposed verdict forms and to submit additional proposed verdict forms based on the Defendants' proposed verdict forms, any stipulations, Court's rulings before or at trial, or otherwise, as appropriate.

## I. Beatbox Claim of Breach of Contract against Cohen

Please answer the questions in the order they are numbered, starting with Question 1, and then follow the instructions appearing after your answer.

1. Did Beatbox prove that there was a contract between LABRADOR ENTERTAINMENT, INC. D/B/A SPIDER CUES MUSIC LIBRARY and Michael Alan Cohen dated February 14, 2008 for the distribution of Cohen's music called the "Composer's Agreement"?

   YES ☐     NO ☐

If your answer to Question 1 is NO, then your deliberations on this claim are complete. Skip the remaining numbered questions, and go on to Section II (Beatbox Breach of Contract Claim Against Labrador). If your answer to Question 1 is YES, then answer Question 2.

2. Did Beatbox prove that Beatbox was a licensee of LABRADOR ENTERTAINMENT, INC. D/B/A SPIDER CUES pursuant to the Beatbox and Labrador Sub-Publisher Agreement dated April 1, 2009.

   YES ☐   NO ☐

Continue to Question 3.

3. Did Beatbox prove that Beatbox was an "associate" of LABRADOR ENTERTAINMENT, INC. D/B/A SPIDER CUES MUSIC LIBRARY pursuant to the Beatbox and Labrador Sub-Publisher Agreement dated April 1, 2009

   YES ☐   NO ☐

Continue to Question 4.

4. Did Beatbox prove that it was an intended beneficiary of the Composer's Agreement between LABRADOR ENTERTAINMENT, INC. D/B/A SPIDER CUES MUSIC LIBRARY and Michael Cohen dated February 14, 2008 under Paragraphs 4.2 and 7.1?

YES ☐   NO ☐

If your answers to Question 2 through Question 4 are NO, then your deliberations on this claim are complete. Skip the remaining numbered questions, and go on to Section II (Beatbox Breach of Contract Claim Against Labrador). If you answered any Question 2 through Question 4 with YES, then answer Question 5.

5. Did Beatbox prove that Cohen promised he was the "sole author" of the song entitled "SQ mc Eminem esque" on page one of the Composer's Agreement dated February 14, 2008.

YES ☐   NO ☐

Continue to Question 6.

6. Did Beatbox prove that in Paragraph 4.1 of the Composer's Agreement dated February 14, 2008, Cohen promised that the song entitled "SQ mc Eminem esque" was his sole, exclusive and original work?

YES ☐   NO ☐

Continue to Question 7.

7. Did Beatbox prove that Cohen breached Paragraph 4.1 of the Composer's Agreement dated February 14, 2008 because Labrador could not have copyright protection in the song entitled "SQ mc Eminem esque" because the rights to the song belongs to Marshall Mathers (the performer known as "Eminem")?

YES ☐   NO ☐

Continue to Question 8.

8. Did Beatbox prove that Cohen breached Paragraph 4.2 of the Composer's Agreement dated February 14, 2008 because Marshall Mathers (the performer known as "Eminem") and Mathers's related entities claim that the song entitled "SQ mc Eminem esque" infringed the rights of the song entitled "Lose Yourself"?

YES ☐   NO ☐

Continue to Question 9.

9. Did Beatbox prove that Cohen breached Paragraph 4.1 of the Composer's Agreement dated February 14, 2008?

- 3 -

PLAINTIFF BEATBOX MUSIC PTY, LTD'S PROPOSED VERDICT FORMS

YES ☐   NO ☐

Continue to Question 10.

10. Did Beatbox prove that Cohen breached Paragraph 4.2 of the Composer's Agreement dated February 14, 2008?

YES ☐   NO ☐

Continue to Question 11.

11. Did Beatbox prove that Cohen breached Paragraph 4.3 of the Composer's Agreement dated February 14, 2008?

YES ☐   NO ☐

Continue to Question 12.

12. Did Beatbox prove that Cohen breached Paragraph 4.4 of the Composer's Agreement dated February 14, 2008?

YES ☐   NO ☐

Continue to Question 13.

13. Did Beatbox prove that Cohen failed to hold Beatbox "harmless" as required by Cohen's obligations under Paragraph 4.3 of the Composer's Agreement dated February 14, 2008?

YES ☐   NO ☐

Continue to Question 14.

14. Did Beatbox prove that Cohen breached the Composer's Agreement dated February 14, 2008 by promising that the song entitled "SQ mc Eminem esque" was original to Cohen?

YES ☐   NO ☐

Continue to Question 15.

15. Did Beatbox prove that Cohen breached the Composer's Agreement dated February 14, 2008 by promising that the song "SQ mc Eminem esque" would not violate the rights of any other third party?

YES ☐   NO ☐

Continue to Question 16.

16. Did Beatbox prove that Cohen breached Paragraph 6.1 of the Composer's Agreement dated February 14, 2008 because Cohen failed to indemnify and hold Beatbox "free, safe, and harmless from and against any and all losses, damages, actions, causes of action, expenses or liabilities, including, without limitation, reasonable attorney's fees and costs, whether incurred before or after the entry of judgment, resulting from or by reason of any material breach of any representation or warranty made by" Cohen?

    YES ☐   NO ☐

If you answered NO to all Questions 5 through Question 16, then your deliberations on this claim are complete. Skip the remaining numbered questions and go on to Section II (Beatbox Breach of Contract Claim Against Labrador). If you answered YES to any question Question 5 through Question 16, then answer Question 17.

17. Did Beatbox prove that it sustained damages resulting from Cohen's breach(es)?

    YES ☐   NO ☐

If your answer to Question 17 is NO, then your deliberations on this claim are complete. Skip the remaining numbered questions, and go on to Section II (Beatbox Breach of Contract Claim Against Labrador). If your answer to Question 17 is YES, then answer Question 18.

18. What amount of damages is due to Beatbox from Cohen under the Composer's Agreement dated February 14, 2008?

    $_____.

Continue to Question 19.

19. Did Beatbox prove that it is entitled obtain its attorney's fees and costs incurred in the litigation of this case, *Beatbox Music Pty, Ltd. v. Labrador Entertainment, Inc. d/b/a Spider Cues Music Library, a California corporation; Noel Palmer Webb, an individual; Michael Cohen, an individual; Labrador Entertainment, LLC; MCPC Holdings, LLC; Webb Family Trust; and Does 1-20, inclusive*, based on Paragraph 6.1 of the Composer's Contract dated February 14, 2008?

    YES ☐   NO ☐

- 5 -
PLAINTIFF BEATBOX MUSIC PTY, LTD'S PROPOSED VERDICT FORMS

If your answer to Question 19 is YES, then continue to Question 20.  If your answer to Question 19 is NO, then continue to Question 21.

> 20. Did your answer to Question 18 include any attorney's fees and/or costs incurred in the litigation of this case: *Beatbox Music Pty, Ltd. v. Labrador Entertainment, Inc. d/b/a Spider Cues Music Library, a California corporation; Noel Palmer Webb, an individual; Michael Cohen, an individual; Labrador Entertainment, LLC; MCPC Holdings, LLC; Webb Family Trust; and Does 1-20, inclusive*?
>
> YES ☐   NO ☐

Go on to Section II (Beatbox Claim of Breach of Contract Claim Against Labrador).

## II. Beatbox Claim of Breach of Contract against Labrador

Please answer the questions in the order they are numbered, starting with Question 1, and then follow the instructions appearing after your answer.

1. Did Beatbox prove that there was a contract between LABRADOR ENTERTAINMENT, INC. D/B/A SPIDER CUES MUSIC LIBRARY and Beatbox Music Pty, Ltd. dated April 1, 2009 for the exploitation of the Spider Cues Music Library in Australia, New Zealand and Figi known as the "Sub-Publisher Agreement"?

   YES ☐   NO ☐

If your answer to Question 1 is NO, then your deliberations on this claim are complete. Skip the remaining numbered questions, and go on to Section III (Beatbox Fraudulent Conveyance Claims Against Cohen). If your answer to Question 1 is YES, then answer Question 2.

2. Did Beatbox prove that the Spider Cues Music Library included Cohen's song "SQ mc Eminem esque" on April 1, 2009 when Beatbox entered into the Sub-Publisher Agreement with Labrador?

   YES ☐   NO ☐

If your answer to Question 2 is NO, then your deliberations on this claim are complete. Skip the remaining numbered questions, and go on to Section III (Beatbox Fraudulent Conveyance Claims Against Cohen). If your answer to Question 2 is YES, then answer Question 3.

3. Did Beatbox prove that Labrador breached Paragraph 16 (i) of the Sub-Publisher Agreement dated April 1, 2009 because Labrador was not "free" to enter into the Sub-Publisher Agreement since it did not have the right to grant any rights belonging to Marshall Mathers (the performer known as "Eminem") or for the song entitled "Lose Yourself"?

   YES ☐   NO ☐

Continue to Question 4.

4. Did Beatbox prove that Labrador breached Paragraph 16 (iii) because Labrador did not have the right to grant any rights belonging to Marshall Mathers (the performer known as "Eminem") or for the song entitled "Lose Yourself"?

   YES ☐   NO ☐

Continue to Question 5.

5. Did Beatbox prove that Labrador breached the promise Labrador made in Paragraph 16(iv) of the Beatbox and Labrador Sub-Publisher Agreement dated April 1, 2009 because "SQ mc Eminem esque" infringed the rights of Marshall Mathers (the performer known as "Eminem")?

   YES ☐    NO ☐

Continue to Question 6.

6. Did Beatbox prove that Labrador breached the promise Labrador made in Paragraph 16(iv) of the Beatbox and Labrador Sub-Publisher Agreement dated April 1, 2009 because "SQ mc Eminem esque" infringed the rights of Marshall Mathers (the performer known as "Eminem") .and/or his entities?

   YES ☐    NO ☐

Continue to Question 7.

7. Did Beatbox prove that Labrador breached the promise Labrador made in Paragraph 16(iv) of the Beatbox and Labrador Sub-Publisher Agreement dated April 1, 2009 because "SQ mc Eminem esque" infringed upon the song "Lose Yourself".

   YES ☐    NO ☐

Continue to Question 8.

8. Did Beatbox prove that Labrador breached the promise Labrador made in Paragraph 16(iv) of the Beatbox and Labrador Sub-Publisher Agreement dated April 1, 2009 because "SQ mc Eminem esque" was not original, as that term is understood under United States Copyright law?

   YES ☐    NO ☐

Continue to Question 9.

9. Did Cohen prove that Cohen did not grant to Labrador the ability to use "SQ mc Eminem esque" in the manner it was used by the New Zealand National Party commercial under the terms of the Composer's Agreement dated February 14, 2008?

   YES ☐    NO ☐

If you answered YES to Question 9, continue to Question 10 and Question 11. If you answered NO to Question 9, continue to Question 12.

10. Did Beatbox prove that Labrador did not have sufficient rights from Cohen under the Composer's Agreement dated February 14, 2008 to make the promises it made to Beatbox in Paragraph 16(i) of the Sub-Publisher Agreement dated April 1, 2009?

    YES ☐    NO ☐

11. Did Beatbox prove that Labrador breached Paragraph 16 (iii) because Labrador did not have sufficient contracts with Cohen to grant the rights Labrador granted to Beatbox?

    YES ☐    NO ☐

Continue to Question 12.

12. Did Beatbox prove that Labrador breached the Sub-Publisher Agreement Paragraph 16(v) dated April 1, 2009 when Labrador failed to indemnify and hold harmless Beatbox "from any and all loss, liability and expense incurred by reason of any infringement of rights or other claim inconsistent with [Labrador's] guarantees, warranties, representations, and undertakings contained in" the Sub-Publisher Agreement as a result of Marshall Mathers' and his entities' claims of infringement?

    YES ☐    NO ☐

Continue to Question 13.

13. Did Beatbox prove that Labrador breached the Sub-Publisher Agreement Paragraph 16(v) dated April 1, 2009 when Labrador failed to indemnify and hold harmless Beatbox "from any and all loss, liability and expense incurred by reason of any infringement of rights or other claim inconsistent with [Labrador's] guarantees, warranties, representations, and undertakings contained in" the Sub-Publisher Agreement as a result of Cohen's claims that Labrador does not have the rights from Cohen which are granted in the Sub-Publisher Agreement dated April 1, 2009.

    YES ☐    NO ☐

Continue to Question 14.

14. Did Beatbox prove that the indemnity promised by Labrador in Paragraph 16(v) of the Sub-Publisher Agreement dated April 1, 2009 "shall not be

adversely affected should the exploitation of the [song entitled "SQ mc Eminem esque"] continue after notice of infringement of rights or other claim has been received by" Beatbox.

YES ☐   NO ☐

Continue to Question 15.

15. Did Beatbox prove that Labrador breached the Sub-Publisher Agreement when it transmitted the song entitled "SQ mc Eminem esque" to Beatbox for exploitation without the permission of Marshall Mathers or his entities?

YES ☐   NO ☐

If you answered NO to all Questions 3 through Question 15, then your deliberations on this claim are complete. Skip the remaining numbered questions, and go on to Section III (Beatbox Fraudulent Conveyance Against Cohen). If you answered YES to any of Question 3 through Question 15, then answer Question 16.

16. Did Beatbox prove that it sustained damages resulting from Labrador's breach(es)?

YES ☐   NO ☐

If your answer to Question 16 is NO, then your deliberations on this claim are complete. Skip the remaining numbered questions, and go on to Section III (Beatbox Fraudulent Conveyance Against Cohen). If your answer to Question 16 is YES, then answer Question 17.

17. What amount of damages is due to Beatbox from Labrador under the Sub-Publisher Agreement dated April 1, 2009?

$_____.

Continue to Question 18.

18. Did Labrador prove any of Labrador's affirmative defenses?

YES ☐   NO ☐

Go on to Section III (Beatbox Claim of Common Law Fraudulent Conveyance Against Labrador Entertainment, LLC, Webb, Webb Family Trust, and Labrador Entertainment, Inc).

III. **Beatbox Claim of Common Law Fraudulent Conveyance Against Labrador Entertainment, LLC, Webb, Webb Family Trust, and Labrador Entertainment, Inc**

Please answer the questions in the order they are numbered, starting with Question 1, and then follow the instructions appearing after your answer.

1. Did Beatbox prove that after becoming aware of the claims against him by Beatbox, Noel Palmer Webb caused Labrador Entertainment, Inc. D/B/A as Spider Cues Music Library to transfer assets of it to THE WEBB FAMILY TRUST and/or to Labrador Entertainment, LLC?

    YES ☐   NO ☐

2. Did Beatbox prove that Webb continued to direct and divert payments which belonged to Labrador Entertainment, Inc. D/B/A as Spider Cues Music Library to Labrador Entertainment, LLC with the intent to prevent Beatbox from reaching that interest to satisfy its claim?

    YES ☐   NO ☐

3. Did Beatbox prove that Labrador Entertainment, Inc. D/B/A as Spider Cues Music Library transferred assets with the intent to hinder, delay, or defraud Beatbox?

    YES ☐   NO ☐

4. Did Beatbox prove that Labrador Entertainment, Inc. D/B/A as Spider Cues Music Library's conduct was to prevent Beatbox Music Pty, Ltd. from satisfying any award of damages for Section II above?

    YES ☐   NO ☐

Only if all of your answers to any Questions 1-4 is NO, then your deliberations on this Count are complete and you should proceed to Section IV. If any of your answers to Questions 1-4 is YES, then answer Questions 5 and 6.

5. What was the value of the assets Noel Palmer Webb caused Labrador Entertainment, Inc, to transfer to THE WEBB FAMILY TRUST and then to Labrador Entertainment, LLC?

    $_____.

6. What amount of punitive damages will punish Defendants Noel Palmer Webb, Labrador Entertainment, Inc, THE WEBB FAMILY TRUST, Labrador Entertainment, LLC and to deter similar acts in the future?

$_____.

If you found in favor of Beatbox in Section II and whether or not you found in favor of Beatbox in Section III, go on to Section IV (Beatbox Claim of Violation of Uniform Fraudulent Conveyance Act Against Labrador Entertainment, LLC, Webb, Webb Family Trust, and Labrador Entertainment, Inc).

PLAINTIFF BEATBOX MUSIC PTY, LTD'S PROPOSED VERDICT FORMS

IV. **Beatbox Claim of Violation of Uniform Fraudulent Conveyance Act Against Labrador Entertainment, LLC, Webb, Webb Family Trust, and Labrador Entertainment, Inc.**

Please answer the questions in the order they are numbered, starting with Question 1, and then follow the instructions appearing after your answer.

1. Did Beatbox prove that after becoming aware of the claims against him by Beatbox, Noel Palmer Webb caused Labrador Entertainment, Inc. D/B/A as Spider Cues Music Library to transfer assets of it to THE WEBB FAMILY TRUST and/or to Labrador Entertainment, LLC?

   YES ☐   NO ☐

2. Did Beatbox prove that Webb continued to direct and divert payments which belonged to Labrador Entertainment, Inc. D/B/A as Spider Cues Music Library to Labrador Entertainment, LLC to prevent Beatbox from reaching that interest to satisfy its claim?

   YES ☐   NO ☐

3. Did Beatbox prove that Labrador Entertainment, Inc. D/B/A as Spider Cues Music Library transferred substantially all of its assets without receiving reasonably equivalent value in exchange for the transfer and resulting in insolvency of Labrador Entertainment, Inc.?

   YES ☐   NO ☐

4. Did Beatbox prove that Labrador Entertainment, Inc. D/B/A as Spider Cues Music Library's conduct was to prevent Beatbox Music Pty, Ltd. from satisfying any award of damages for Section II above?

   YES ☐   NO ☐

5. Did Beatbox prove that Labrador Entertainment, Inc. reasonably anticipated that Beatbox would be unable to collect from Labrador Entertainment, Inc. due to the transfers?

   YES ☐   NO ☐

6. Did Beatbox prove that Labrador Entertainment, LLC, Webb, Webb Family Trust aided and abetted Labrador Entertainment, Inc in the commission of the intentional tort of fraudulent transfer?

   YES ☐   NO ☐

Only if all of you answers to Questions 1-6 is NO, then your deliberations on this Count are complete and you should proceed to Section V. If any of your answers to Questions 1-6 is YES, then answer Questions 7 and 8.

7. What was the value of the assets Noel Palmer Webb caused Labrador Entertainment, Inc, to transfer to THE WEBB FAMILY TRUST and to Labrador Entertainment, LLC?

   $_____.

8. What amount of punitive damages will punish Defendants Noel Palmer Webb, Labrador Entertainment, Inc, THE WEBB FAMILY TRUST, Labrador Entertainment, LLC and to deter similar acts in the future?

   $_____.

If you found in favor of Beatbox in Section I and whether or not if you found in favor of Beatbox in Section III or IV, go on to Section V (Beatbox Claim of Common Law Fraudulent Conveyance Act Against Michael Cohen and MCPC Holdings, LLC).

**V.  Beatbox Claim of Common Law Fraudulent Conveyance Act Against Michael Cohen and MCPC Holdings, LLC.**

Please answer the questions in the order they are numbered, starting with Question 1, and then follow the instructions appearing after your answer.

1. Did Beatbox prove that after becoming aware of the claims against him by Beatbox, Michael Cohen transferred his assets to MCPC Holdings, LLC?

   YES ☐   NO ☐

2. Did Beatbox prove that Michael Cohen transferred his assets to MCPC Holdings, LLC. with the intent to prevent Beatbox from reaching that interest to satisfy its claim?

   YES ☐   NO ☐

3. Did Beatbox prove that Michael Cohen transferred his assets with the intent to hinder, delay, or defraud Beatbox?

   YES ☐   NO ☐

4. Did Beatbox prove that Michael Cohen's conduct was to prevent Beatbox Music Pty, Ltd. from satisfying any award of damages sought in Section I above?

   YES ☐   NO ☐

Only if all of your answers to any Questions 1-4 is NO, then your deliberations on this Count are complete and you should proceed to Section VI. If any of your answers to Questions 1-4 is YES, then answer Questions 5 and 6.

5. What was the value of the assets that Michael Cohen transferred to MCPC Holdings, LLC.

   $_____.

6. What amount of punitive damages will punish Defendants Michael Cohen and MCPC Holdings, LLC to deter similar acts in the future?

   $_____.

If you found in favor of Beatbox in Section I and whether or not you found in favor of Beatbox in Section V, go on to Section VI (Beatbox Claim of Violation of Uniform Fraudulent Conveyance Act Against Michael Cohen and MCPC Holdings, LLC).

**VI.   Beatbox Claim of Violation of Uniform Fraudulent Conveyance Act Against Michael Cohen and MCPC Holdings, LLC**

Please answer the questions in the order they are numbered, starting with Question 1, and then follow the instructions appearing after your answer.

1. Did Beatbox prove that after becoming aware of the claims against him by Beatbox, Michael Cohen transferred his assets to MCPC Holdings, LLC?

    YES ☐   NO ☐

2. Did Beatbox prove that Michael Cohen transferred his assets to MCPC Holdings, LLC. with the intent to prevent Beatbox from reaching that interest to satisfy its claim?

    YES ☐   NO ☐

3. Did Beatbox prove that Michael Cohen transferred his assets with the intent to hinder, delay, or defraud Beatbox?

    YES ☐   NO ☐

4. Did Beatbox prove that Michael Cohen's conduct was to prevent Beatbox Music Pty, Ltd. from satisfying any award of damages sought in Section I above?

    YES ☐   NO ☐

5. Did Beatbox prove that Michael Cohen reasonably anticipated that Beatbox would be unable to collect from Michael Cohen due to the transfers?

    YES ☐   NO ☐

6. Did Beatbox prove that MCPC Holdings, LLC aided and abetted Michael Cohen in the commission of the intentional tort of fraudulent transfer?

    YES ☐   NO ☐

7. Did Beatbox prove that Michael Cohen transferred substantially all of his assets to MCPC Holdings, LLC without receiving reasonably equivalent value in exchange for the transfer and resulting in insolvency of Michael Cohen?

    YES ☐   NO ☐

Only if all of your answers to any Questions 1-7 is NO, then your deliberations on this Count are complete and you should proceed to Section VII. If any of your answers to Questions 1-7 is YES, then answer Questions 8 and 9.

    8. What was the value of the assets Michael Cohen transferred to MCPC Holdings, LLC?

       $_____.

    9. What amount of punitive damages will punish Defendants Michael Cohen and MCPC Holdings, LLC to deter similar acts in the future?

       $_____.

Go on to Section VII (Signature Page).

**VII. Signature Page**

_____      _____
Presiding Juror

_____      _____

_____      _____

_____      _____

_____      _____

DATE:_____


# PROOF OF SERVICE

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Cook, State of Illinois, and my business address is 145 S. Wells Street, Suite 1800, Chicago, Illinois 60606.

On September 28, 2022, I served true copies of the following document(s) described as **Plaintiff Beatbox Music Pty, Ltd.'s Proposed Verdict Forms** on the interested parties in this action as follows:

**BY EMAIL OR ELECTRONIC TRANSMISSION**: By transmitting a true copy of the foregoing document(s) to the email addresses set forth on the attached service list.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 28th day of September, 2022 in Chicago, Illinois.

/s/ *Jessica Ann Lesko*
Jessica Ann Lesko

# SERVICE LIST

JACOBSON & ASSOCIATES
Dan Jacobson (SBN 134978)
dlj@jacobsonlawyers.com
Ronak Patel (SBN 296296)
rp@jacobsonlawyers.com
1352 Irvine Boulevard, Suite 205
Tustin, CA 92780
*Attorneys for Michael Cohen and MCPC Holdings, LLC*

DOUGLAS J. ROSNER (SBN 094466)
doug@drosnerlaw.com
2625 Townsgate Road, Suite 330
Westlake Village, CA 91302
*Attorney for Labrador Entertainment, Inc. d/b/a Spider Cues Music Library; Labrador Entertainment, LLC; Noel Palmer Webb; and Webb Family Trust*

J. CURTIS EDMONDSON (SBN 236105)
jcedmondson@edmolaw.com
Law Offices of J. Curtis Edmondson, PLLC
15490 NW Oak Hills Drive
Beaverton, OR  97006
*Attorney for Labrador Entertainment, Inc. d/b/a Spider Cues Music Library; Labrador Entertainment, LLC; Noel Palmer Webb; and Webb Family Trust*