1  Daniel Lee Jacobson SBN 134978
   JACOBSON & ASSOCIATES
2  1352 Irvine Blvd., Suite 205
   Tustin, CA   92780
3  (714) 505-4872
   dlj@jacobsonlawyers.com
4
   Attorneys for Defendant/Crossclaimant Michael Cohen, and Defendant MCPC Holdings, LLC
5

6

7

8                          U.S. District Court for the

9                        Central District of California

10

11  BEATBOX MUSIC PTY, LTD.,                 Case #: 2:17-cv-06108-MWF-JPR

12                                           *Assigned for All Purposes to The*
          Plaintiff                          *Honorable Michael W. Fitzgerald,*
13                                           *Judge of the District Court*

14  v.                                       Defendants/Crossclaimants
                                             Michael Cohen's and MCPC
15  LABRADOR ENTERTAINMENT, INC., et al.     Holdings, LLC's [Proposed] Jury
                                             Instructions
16        Defendant
                                             Original Complaint filed: 08/22/17
17
    AND ALL RELATED CROSSCLAIMS
18                                           Final Pretrial Conference
19                                           DATE: 11/21/22
                                             TIME:  11:00 a.m.
20                                           Dept.:   5A
                                             Trial Date :   12/06/22
21

22

23

24

25

26

27

28

- 1 -

INDEX OF [PROPOSED] JURY INSTRUCTIONS

| Number | Title | Source | Page Number |
|---|---|---|---|
| 1 | Opening Remarks | **9th Cir. Model Civil Jury Instruction No. 1.2** | 11 |
| 2 | Burden of Proof | **9th Cir. Model Civil Jury Instruction No. 1.6** | 12 |
| 3 | Separate Parties | **9th Cir. Model Civil Jury Instruction No. 1.8** | 13 |
| 4 | Types of Evidence | **9th Cir. Model Civil Jury Instruction No. 1.9** | 14 |
| 5 | What Constitutes Evidence | **9th Cir. Model Civil Jury Instruction No. 1.10** | 15 |
| 6 | Direct Evidence & Circumstantial Evidence | **9th Cir. Model Civil Jury Instruction No. 1.12** | 16 |
| 7 | Objections | **9th Cir. Model Civil Jury Instruction No. 1.13** | 17 |
| 8 | What Might Be Considered When Assessing a Witness | **9th Cir. Model Civil Jury Instruction No. 1.14** | 18 |
| 9 | Conduct as Jurors | **9th Cir. Model Civil Jury Instruction No. 1.15** | 20 |
| 10 | Pay Close Attention | **9th Cir. Model Civil Jury Instruction No. 1.17** | 22 |
| 11 | Notetaking | **9th Cir. Model Civil Jury Instruction No. 1.18** | 23 |
| 12 | Conferences with Attorneys | **9th Cir. Model Civil Jury Instruction No. 1.20** | 24 |

Defendants/Crossclaimants Michael Cohen's and MCPC Holdings, LLC's [Proposed] Jury Instructions

| 13 | Trial Order | **9th Cir. Model Civil Jury Instruction No. 1.21** | 25 |
|----|-----------|------------------------------------------------|----|
| 14 | No Trial Related Activities Outside of Court | **9th Cir. Model Civil Jury Instruction No. 2.0** | 26 |
| 15 | Agreement as to Certain Evidence | **9th Cir. Model Civil Jury Instruction No. 2.2** | 27 |
| 16 | A Witness'Background | **9th Cir. Model Civil Jury Instruction No. 2.9** | 28 |
| 17 | Discovery | **9th Cir. Model Civil Jury Instruction No. 2.11** | 29 |
| 18 | Admissions | **9th Cir. Model Civil Jury Instruction No. 2.12** | 30 |
| 19 | Expert Testimony | **9th Cir. Model Civil Jury Instruction No. 2.13** | 31 |
| 20 | Corporation | **Beastie Boys, v. Monster Energy Company, 2014 WL 10176221 (S.D.N.Y.)** | 32 |
| 21 | Copyright | **Sources: 9th Cir. Model Civil Jury Instruction No. 17.2;** *Beastie Boys et al. v. Monster Energy Company*, **2014 WL 10176221 (S.D.N.Y.)** | 33 |
| 22 | Original Work | **9th Cir. Model Civil Jury Instruction No. 17.14** | 35 |

| 23 | Licensing Agreement | **Black's Law Dictionary, "Licensing Agreement" https://thelawdictionary.org/licensing-agreement/; Black's Law Dictionary, "Licensee" https://thelawdictionary.org/licensee/** | 36 |
|----|---------------------|------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|----|
| 24 | Visual Aids that are NOT Admitted | **9th Cir. Model Civil Jury Instruction No. 2.14** | 37 |
| 25 | Visual Aids that ARE Admitted | **9th Cir. Model Civil Jury Instruction No. 2.15** | 38 |
| 26 | Electronics | **9th Cir. Model Civil Jury Instruction No. 2.16** | 39 |

| 27 | Third Party Beneficiary | **CACI 301 Third-Party beneficiary; "A third party may bring a breach of contract action against a party to a contract only if the third party establishes . . . (1) that it is likely to benefit from the contract . . . (2) that a motivating purpose of the contracting parties is to provide a benefit to the third party, and . . . (3) that permitting the third party to bring its own breach of contract action against a contracting party is consistent with the objectives of the contract and the reasonable expectations of the contracting parties."** *Goonewardene v. ADP* 6 Cal. 5th 817, 821 (2019). | 41 |

Defendants/Crossclaimants Michael Cohen's and MCPC Holdings, LLC's [Proposed] Jury Instructions

| 28 | Reliance on a Warranty by a Third Party | "A third party . . . is not a contracting party." *Murphy v. Allstate* 17 Cal.3d 937, 944 (1976). " [T]here is no privity between [a contracting party and a non-contracting party]." *Windham at Carmel Mountain Ranch Assn. v. Superior Court* 109 Cal.App.4th 1162 (2003). [Citation, quotation marks, and brackets omitted.] Also, see *Goonewardene v. ADP* 6 Cal. 814, 821 (2019.) "When there is no privity of contract, California law requires a showing that a plaintiff relied on an alleged warranty." *Asghari v. Volkswagen* 42 F. Supp. 3d 1306, 1334 (C.D. Cal., November 4 2013). "[I]n the absence of privity, California law requires a showing that a Plaintiff relied on an alleged . . . misrepresentation." *Keegan v. Am. Honda Motor Co.* 284 F.R.D. 504, 546 (C.D. Cal. 2012). | 42 |

| 29 | Exposure to a Warranty by a Third Party | **Cho, et al. v. Hyundai, et al. 8:22-cv-00448-SPG-KES Dkt. 48, Order Denying Motion to Dismiss, p. 31 (C.D. Cal. October 21, 2022) ["Plaintiffs cannot state a claim for breach of express warranty in the absence of allegations that they were at least exposed to them."]; In Re Toyota 756 F. Supp. 2d 1145, 1182 (C.D. Ca. 2010) ["'Plaintiffs cannot bas a claim on [an express warranty created by representations in advertisements] in the absence of allegations that they were exposed to them.]'" As quoted by Judge Peace Garnett in Cho, supra; Nickerson v. Goodyear Tire & Rubber Corp. No. 8:20-cv-00060-JLS-JDE (C.D. Cal. June 3, 2020 [Express warranty clams must be dismissed if the plaintiff "has made no allegation that he was ever exposed to the statements concerning express warranty in Goodyear's Tire and Care Guide, and relied thereon;" Peterson v. Mazda Motor of Am., Inc., No.** | 43 |

| 30 | Contracts read as a whole | **CACI No. 317** | 44 |
| 31 | Indemnification | ***AliveCor, Inc. v. Apple Inc.***, **No. 21-CV-03958-JSW, 2022 WL 1539521 (N.D. Cal. May 16, 2022);** *Clear Connection Corp. v. Comcast Cable Commc'ns Mgmt., LLC***, 501 F. Supp. 3d 886, 893 (E.D. Cal. 2020).** | 45 |
| 32 | Indemnity Terms | ***Queen Villas Homeowners Assn. v. TCB Prop. Mgmt.***, **149 Cal. App. 4th 1, 56 Cal. Rptr. 3d 528 (2007)** | 46 |
| 33 | Whether Damages for Breach of Contract can be Recovered from Labrador Entertainment, Inc. | **CACI No. 302** | 47 |
| 34 | Covenant of Good Faith and Fair Dealing as to Michael Cohen | ***Goonewardene v. ADP*** **6 Cal. 5th 817, 821 (2019); CACI No. 325** | 48 |
| 35 | Covenant of Good Faith and Fair Dealing as to Labrador Entertainment, Inc. | **CACI No. 325** | 50 |
| 36 | Damages | **9th Cir. Model Civil Jury Instruction No. 5.1; CACI No. 350;** *Lederer v. Gursey Schneider LLP* **22 Cal. App. 5th 508, 527** | 52 |
| 37 | Duty to Mitigate | **9th Cir. Model Civil Jury Instruction No. 5.3** | 54 |

| 38 | Punitive Damages | **9th Cir. Model Civil Jury Instruction No. 5.5** | 55 |
| 39 | Voidable Transfer, Labrador Entertainment, Inc. | **CACI No. 4200** | 57 |
| 40 | Voidable Transfer | **CACI No. 4200** | 58 |
| 41 | Voidable Transfer, Webb Family Trust | **CACI No. 4200** | 59 |
| 42 | Voidable Transfer, Mr. Cohen | **CACI No. 4200** | 60 |
| 43 | Hinder, Noel Palmer Webb | **CACI No. 4201** | 61 |
| 44 | Hinder, Labrador Entertainment, LLC | **CACI No. 4201** | 62 |
| 45 | Hinder, Webb Family Trust | **CACI No. 4201** | 63 |
| 46 | Hinder, Mr. Cohen | **CACI No. 4201** | 64 |
| 47 | Presiding Juror | **9th Cir. Model Civil Jury Instruction No. 3.1** | 65 |
| 48 | Base Verdict Only on Evidence | **9th Cir. Model Civil Jury Instruction No. 3.2** | 66 |
| 49 | Juror Communication with the Judge | **9th Cir. Model Civil Jury Instruction No. 3.3** | 68 |
| 50 | Deliberations | **9th Cir. Model Civil Jury Instruction No. 3.4** | 69 |
| 51 | Verdict Form | **9th Cir. Model Civil Jury Instruction No. 3.5** | 70 |
| 52 | Case Ending | **9th Cir. Model Civil Jury Instruction No. 3.7** | 71 |

Defendants Michael Cohen and MCPC Holdings, LLC, respectfully request that this Court use the attached proposed jury instructions to instruct the jury in this matter. The Defendants submit these proposed jury instructions pursuant to Rule 51 of the Federal Rules of Civil Procedure and the Court's order dated June 2, 2022.

**[Proposed] Instruction No. 1**

Members of the jury: You are now the jury in this case. It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it. You will be allowed to keep this set of instructions to refer to throughout the trial. These instructions are not to be taken home and must remain in the jury room when you leave in the evenings. At the end of the trial, these instructions will be collected, and I will give you a final set of instructions. It is the final set of instructions that will govern your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything I may say or do that I have an opinion regarding the evidence or what your verdict should be.

**Source: 9th Cir. Model Civil Jury Instruction No. 1.2**

**[Proposed] Instruction No. 2**

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**Source: 9th Cir. Model Civil Jury Instruction No. 1.6**

**[Proposed] Instruction No. 3**

      You should decide the case as to each defendant separately. Unless otherwise stated, the instructions apply to all parties.

**Source: 9th Cir. Model Civil Jury Instruction No. 1.8**

**[Proposed] Instruction No. 4**

The evidence you are to consider in deciding what the facts are consists of:

(1)    the sworn testimony of any witness;

(2)    the exhibits that are admitted into evidence;

(3)    any facts to which the lawyers have agreed; and

(4)    any facts that I [may instruct] [have instructed] you to accept as proved.

**Source: 9th Cir. Model Civil Jury Instruction No. 1.9**

**[Proposed] Instruction No. 5**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1)      Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)      Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3)      Testimony that is excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence only for a limited purpose, you must do so, and you may not consider that evidence for any other purpose.

(4)      Anything you may [see or hear] [have seen or heard] when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**Source: 9th Cir. Model Civil Jury Instruction No. 1.10**

**[Proposed] Instruction No. 6**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

**Source: 9th Cir. Model Civil Jury Instruction No. 1.12**

## [Proposed] Instruction No. 7

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered, or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

**Source: 9th Cir. Model Civil Jury Instruction No. 1.13**

**[Proposed] Instruction No. 8**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)     the opportunity and ability of the witness to see or hear or know the things testified to;

(2)     the witness's memory;

(3)     the witness's manner while testifying;

(4)     the witness's interest in the outcome of the case, if any;

(5)     the witness's bias or prejudice, if any;

(6)     whether other evidence contradicted the witness's testimony;

(7)     the reasonableness of the witness's testimony in light of all the evidence; and

(8)     any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

**Source: 9th Cir. Model Civil Jury Instruction No. 1.14**

**[Proposed] Instruction No. 9**

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, or computer, or any other electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, Tiktok, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch or listen to any news or media accounts or commentary about the case or anything to do with it, although I have no information that there will be news reports about this case; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use the Internet or any other resource

to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an You should decide the case as to each defendant separately. Unless otherwise stated, the instructions apply to all parties.

**Source: 9th Cir. Model Civil Jury Instruction No. 1.15**

**[Proposed] Instruction No. 10**

      I urge you to pay close attention to the trial testimony as it is given. During deliberations you will not have a transcript of the trial testimony.

**Source: 9th Cir. Model Civil Jury Instruction No. 1.17**

**[Proposed] Instruction No. 11**

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you go to the jury room to decide the case. Do not let notetaking distract you. When you leave, your notes should be left in the jury room. No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

**Source: 9th Cir. Model Civil Jury Instruction No. 1.18**

**[Proposed] Instruction No. 12**

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

**Source: 9th Cir. Model Civil Jury Instruction No. 1.20**

1

**[Proposed] Instruction No. 13**

2

     Trials proceed in the following way: First, each side may make an opening

3

statement. An opening statement is not evidence. It is simply an outline to help you

4

understand what that party expects the evidence will show. A party is not required to

5

make an opening statement.

6

     The plaintiff will then present evidence, and counsel for the defendant may cross-

7

examine. Then the defendant may present evidence, and counsel for the plaintiff may

8

cross-examine.

9

     After the evidence has been presented, I will instruct you on the law that applies

10

to the case and the attorneys will make closing arguments.

11

     After that, you will go to the jury room to deliberate on your verdict.

12

**Source: 9th Cir. Model Civil Jury Instruction No. 1.21**

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**[Proposed] Instruction No. 14**

    **You At the End of Each Day of the Case:**

    As I indicated before this trial started, you as jurors will decide this case based solely on the evidence presented in this courtroom. This means that, after you leave here for the night, you must not conduct any independent research about this case, the matters in the case, the legal issues in the case, or the individuals or other entities involved in the case. This is important for the same reasons that jurors have long been instructed to limit their exposure to traditional forms of media information such as television and newspapers. You also must not communicate with anyone, in any way, about this case. And you must ignore any information about the case that you might see while browsing the internet or your social media feeds.

    **At the Beginning of Each Day of the Case:**

    As I reminded you yesterday and continue to emphasize to you today, it is important that you decide this case based solely on the evidence and the law presented here. So you must not learn any additional information about the case from sources outside the courtroom. To ensure fairness to all parties in this trial, I will now ask each of you whether you have learned about or shared any information about this case outside of this courtroom, even if it was accidental.

**Source: 9th Cir. Model Civil Jury Instruction No. 2.0**

1  **[Proposed] Instruction No. 15**

2       The parties have agreed to certain facts to be placed in evidence as Exhibit ___. You

3  must therefore treat these facts as having been proved.

4  **Source: 9th Cir. Model Civil Jury Instruction No. 2.2**

Defendants/Crossclaimants Michael Cohen's and MCPC Holdings, LLC's [Proposed] Jury Instructions

**[Proposed] Instruction No. 16**

The evidence that a witness [e.g., has been convicted of a crime, lied under oath on a prior occasion, etc.] may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

**Source: 9th Cir. Model Civil Jury Instruction No. 2.9**

1   **[Proposed] Instruction No. 17**

2       Evidence [will now be] [was] presented to you in the form of answers of one of the

3   parties to written interrogatories submitted by the other side. These answers were given

4   in writing and under oath before the trial in response to questions that were submitted

5   under established court procedures. You should consider the answers, insofar as possible,

6   in the same way as if they were made from the witness stand.

7   **Source: 9th Cir. Model Civil Jury Instruction No. 2.11**

Defendants/Crossclaimants Michael Cohen's and MCPC Holdings, LLC's [Proposed] Jury Instructions

**[Proposed] Instruction No. 18**

Evidence [will now be] [was] presented to you in the form of admissions to the truth of certain facts.  These admissions were given in writing before the trial, in response to requests that were submitted under established court procedures.  You must treat these facts as having been proved.

**Source: 9th Cir. Model Civil Jury Instruction No. 2.12**

**[Proposed] Instruction No. 19**

You are about to hear testimony from [name] who will testify to opinions and the reasons for [his] [her] opinions. This opinion testimony is allowed, because of the education or experience of this witness.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

**Source: 9th Cir. Model Civil Jury Instruction No. 2.13**

**[Proposed] Instruction No. 20**

In this case, a defendant is a corporation. Corporations are not living, breathing people, beings, but creations of law. Obviously, the corporation itself cannot act. However, a corporation does act through its agents, that is, its employees, officers or authorized representatives. An action by an agent of a corporation is attributed to the corporation if the agent had the authority to make the decision or take the action complained of.

**Source: Beastie Boys, v. Monster Energy Company, 2014 WL 10176221 (S.D.N.Y.)**

**[Proposed] Instruction No. 21**

Copyright is the exclusive right to copy. This right to copy includes the exclusive rights to, or authorize others to:

(1)

reproduce the copyrighted work in copies, including phonorecords;

(2)

recast, transform, or adapt the work, that is prepare derivative works based upon the copyrighted work, including but not limited to synching musical compositions and sound recordings to audio-visual works; and

(3)

distribute copies of the copyrighted work to the public by sale or other transfer of ownership or by rental or lease or lending;

It is the owner of a copyright who may exercise these exclusive rights. The term "owner" includes the author of the work, an assignee, and/or an exclusive licensee. In general, copyright law protects against reproduction, adaptation, public distribution, public performance, and public display of identical or substantially similar copies of the owner's copyrighted work without the owner's permission. An owner may enforce these rights to exclude others in an action for copyright infringement.

"Copyright" is the name for the protection that the law extends to the author of an original work against the unauthorized use or appropriation of that work by others. In ordinary circumstances, the author of a copyrighted work is the owner of the copyright in that work and the copyright owner has the right to exclude any other person from reproducing, preparing derivative works, distributing, performing, displaying or using the work covered by copyright for a specific period of time.

There are two kinds of copyrights at issue in this case: Copyrights in musical compositions and copyrights in sound recordings. The difference is simple: A musical composition is composed by a composer, while a song recording is recorded by a

musician. A person who owns a copyright in either a musical composition or a sound recording has the right to prevent anyone else from using that work without the owner's permission.

**Sources: 9th Cir. Model Civil Jury Instruction No. 17.2;** *Beastie Boys et al. v. Monster Energy Company*, **2014 WL 10176221 (S.D.N.Y.)**

Defendants/Crossclaimants Michael Cohen's and MCPC Holdings, LLC's [Proposed] Jury Instructions

**[Proposed] Instruction No. 22**

An original work may include or incorporate elements taken from prior works.  The original part of the copyrighted work is the part created:

(1)    independently by the work's author, that is, the author did not copy it from another work; and

(2)    by use of at least some minimal creativity.

In copyright law, the "original" part of a work need not be new or novel.

**Source: 9th Cir. Model Civil Jury Instruction No. 17.14**

**[Proposed] Instruction No. 23**

A licensing agreement is a written contract between the owner/licensor/assignor of a copyright and a licensee/assignee to use, make, or sell copies of the original. A licensee/assignee is a person to whom a grant of rights has been licensed/assigned.

In this case, Michael Cohen and Labrador Entertainment, Inc. D/B/A Spider Cues Music Library entered into a licensing agreement, in approximately February 2008, whereby Labrador was the licensee/assignee for the use of "SQ mc Eminem esque."

Labrador Entertainment, Inc. D/B/A Spider Cues Music Library and Beatbox entered into a licensing agreement, in approximately 2009, whereby Beatbox was the licensee/assignee for the use of "SQ mc Eminem esque."

**Source:  Black's  Law  Dictionary,  "Licensing  Agreement" https://thelawdictionary.org/licensing-agreement/;  Black's  Law  Dictionary, "Licensee" https://thelawdictionary.org/licensee/**

1  **[Proposed] Instruction No. 24**

2

3       Certain charts and summaries not admitted into evidence [may be] [have been]

4  shown to you in order to help explain the contents of books, records, documents, or other

5  evidence in the case. Charts and summaries are only as good as the underlying evidence

6  that supports them. You should, therefore, give them only such weight as you think the

7  underlying evidence deserves.

8  **Source: 9th Cir. Model Civil Jury Instruction No. 2.14**

**[Proposed] Instruction No. 25**

Certain charts and summaries [may be] [have been] admitted into evidence to illustrate information brought out in the trial.  Charts and summaries are only as good as the testimony or other admitted evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

**Source: 9th Cir. Model Civil Jury Instruction No. 2.15**

**[Proposed] Instruction No. 26**

Those exhibits received in evidence that are capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room. A computer, projector, printer, and accessory equipment will be available to you in the jury room.

A court technician will show you how to operate the computer and other equipment; how to locate and view the exhibits on the computer; and how to print the exhibits. You will also be provided with a paper list of all exhibits received in evidence. You may request a paper copy of any exhibit received in evidence by sending a note through the [clerk] [bailiff]. If you need additional equipment or supplies or if you have questions about how to operate the computer or other equipment, you may send a note to the [clerk] [bailiff], signed by your foreperson or by one or more members of the jury. Do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room with [the clerk] [the bailiff] present for the sole purpose of assuring that the only matter that is discussed is the technical problem. When the court technician or any nonjuror is in the jury room, the jury shall not deliberate. No juror may say anything to the court technician or any nonjuror other than to describe the technical problem or to seek information about operation of the equipment.  Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case. You may not use the computer for any other purpose. At my direction, technicians have taken steps to ensure that the computer does not permit access to the Internet or to any "outside" website, database, directory, game, or other material.  Do not attempt to alter the computer to obtain access to such materials. If you discover that the computer provides or allows access to such materials, you must inform the court immediately and refrain from viewing such materials. Do not

remove the computer or any electronic data [disk] from the jury room, and do not copy any such data.

**Source: 9th Cir. Model Civil Jury Instruction No. 2.16**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**[Proposed] Instruction No. 27**

Beatbox Music Pty. LTD is not a party to the contract between Michael Cohen and Labrador Entertainment D/B/A as Spider Cues Music Library and Michael Cohen. However, Beatbox may be entitled to damages for breach of contract if it proves (1) that it is likely to benefit from the contract . . . (2) that a motivating purpose of the contracting parties is to provide a benefit to the third party, and . . . (3) that permitting the third party to bring its own breach of contract action against a contracting party is consistent with the objectives of the contract and the reasonable expectations of the contracting parties.

You should consider all of the circumstances under which the contact was made. It is not necessary for Beatbox Music Pty. LTD to have been named in the contract.

**Sources:  CACI 301 Third-Party beneficiary; "A third party may bring a breach of contract action against a party to a contract only if the third party establishes . . . (1) that it is likely to benefit from the contract . . . (2) that a motivating purpose of the contracting parties is to provide a benefit to the third party, and . . . (3) that permitting the third party to bring its own breach of contract action against a contracting party is consistent with the objectives of the contract and the reasonable expectations of the contracting parties."** *Goonewardene v. ADP* **6 Cal. 5th 817, 821 (2019).**

### [Proposed] Instruction No. 28

A non-contracting party generally cannot recover, because it has no privity with the contracting parties. However, if a non-contracting party is suing based on breach of warranty, then it can recover if it relied on one or more warranties in the contract.

**Sources:**     **"A third party . . . is not a contracting party."** *Murphy v. Allstate* **17 Cal.3d 937, 944 (1976). " [T]here is no privity between [a contracting party and a non-contracting party]."** *Windham at Carmel Mountain Ranch Assn. v. Superior Court* **109 Cal.App.4th 1162 (2003). [Citation, quotation marks, and brackets omitted.] Also, see** *Goonewardene v. ADP* **6 Cal. 814, 821 (2019.) "When there is no privity of contract, California law requires a showing that a plaintiff relied on an alleged warranty."** *Asghari v. Volkswagen* **42 F. Supp. 3d 1306, 1334 (C.D. Cal., November 4 2013). "[I]n the absence of privity, California law requires a showing that a Plaintiff relied on an alleged . . . misrepresentation."** *Keegan v. Am. Honda Motor Co.* **284 F.R.D. 504, 546 (C.D. Cal. 2012).**

**[Proposed] Instruction No. 29**

In order to recover, one of the items that Beatbox must prove is that it saw or in another way perceived a warranty that was issued by Mr. Cohen to Labrador Entertainment, Inc. and was contained in the February 14, 2008 "Composer Agreement" between Mr. Cohen and Labrador Entertainment Inc.

**Sources:      Cho, et al. v. Hyundai, et al. 8:22-cv-00448-SPG-KES Dkt. 48, Order Denying Motion to Dismiss, p. 31 (C.D. Cal. October 21, 2022) ["Plaintiffs cannot state a claim for breach of express warranty in the absence of allegations that they were at least exposed to them."]; In Re Toyota 756 F. Supp. 2d 1145, 1182 (C.D. Ca. 2010) ["'Plaintiffs cannot bas a claim on [an express warranty created by representations in advertisements] in the absence of allegations that they were exposed to them.]'" As quoted by Judge Peace Garnett in Cho, supra; Nickerson v. Goodyear Tire & Rubber Corp. No. 8:20-cv-00060-JLS-JDE (C.D. Cal. June 3, 2020 [Express warranty clams must be dismissed if the plaintiff "has made no allegation that he was ever exposed to the statements concerning express warranty in Goodyear's Tire and Care Guide, and relied thereon;" Peterson v. Mazda Motor of Am., Inc., No. SACV 13-1972-DOC (ANx), (CD. Ca. July 3 2014.) "'dismiss[ed] claim for breach of express warranties due to "absence of allegations that [plaintiffs] were exposed to them.'"**

1

**[Proposed] Instruction No. 30**

2

In deciding what the words of a contract meant to the parties, you should consider the

3

whole contract, not just isolated parts. You should use each part to help you interpret the

4

others, so that all the parts make sense when taken together.

5

**Source: CACI No. 317**

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**[Proposed] Instruction No. 31**

Generally, "indemnity" is defined under California law as an obligation of one party to pay or satisfy the loss or damage incurred by another party.

To recover under an indemnification agreement, the indemnitee must establish: (1) the parties' contractual relationship; (2) the indemnitee's performance of that portion of the contract which gives rise to the indemnification claim; (3) the facts showing a loss within the meaning of the parties' indemnification agreement; and (4) the amount of damages sustained. *Four Star Elec., Inc. v. F & H Constr.*, 7 Cal. App. 4th 1375, 1380, 10 Cal.Rptr.2d 1 (1992).

"An indemnitee seeking to recover on an agreement for indemnification must allege ... the indemnitee's performance of that portion of the contract which gives rise to the indemnification claim." *Four Star Elec.*, 7 Cal. App. 4th at 1380, 10 Cal.Rptr.2d 1. In other words, an indemnification provision indicating an ongoing indemnity obligation does not require the indemnitee's full performance of the contract. *Id.* at 1382, 10 Cal.Rptr.2d 1 (holding the indemnitee's full performance of the contract not necessary to assert indemnification clause when the clause required indemnity for liabilities which "accrue" during the life of the agreement).

California law does not require Beatbox to have fully performed under the any of the contracts at issue in this case, Beatbox's partial performance is sufficient to invoke the indemnification provision. *See Four Star Elec.*, 7 Cal. App. 4th at 1382, 10 Cal.Rptr.2d 1.

**Sources: *AliveCor, Inc. v. Apple Inc.*, No. 21-CV-03958-JSW, 2022 WL 1539521 (N.D. Cal. May 16, 2022); *Clear Connection Corp. v. Comcast Cable Commc'ns Mgmt., LLC*, 501 F. Supp. 3d 886, 893 (E.D. Cal. 2020).**

**[Proposed] Instruction No. 32**

Terms "indemnify" and "hold harmless" are not synonymous; "indemnify" is an offensive right allowing an indemnitee to seek indemnification, and "hold harmless" is defensive, the right not to be bothered by the other party itself seeking indemnification.

**Source:** ***Queen Villas Homeowners Assn. v. TCB Prop. Mgmt.*, 149 Cal. App. 4th 1, 56 Cal. Rptr. 3d 528 (2007)**

**[Proposed] Instruction No. 33**

To recover damages from Labrador Entertainment, Inc. D/B/A as Spider Cues Music Library for breach of contract, Beatbox Music Pty, Ltd. must prove all of the following:

(1)    That Beatbox Music Pty, Ltd., and Labrador Entertainment, Inc. D/B/A as Spider Cues Music Library entered into a contract;

(2)    That Beatbox Music Pty, Ltd. did all, or substantially all, of the significant things that the contract required it to do;

(3)    That guaranteeing that the compositions were original and that none of the compositions infringed any other copyright work or the rights of any third party was required by the contract for Labrador Entertainment, Inc. D/B/A as Spider Cues Music Library;

(4)    That because Marshall Mathers (the performer known as "Eminem") claimed that "SQ mc Eminem esque" violated the Copyright of "Lose Yourself" Labrador Entertainment, Inc. D/B/A as Spider Cues Music Library breached its guarantees and the contract;

(5)    In addition, Cohen claims that Labrador's grant of rights to Beatbox violated Cohen's agreement with Labrador and Beatbox contends that Labrador also breached its contract with Beatbox because Cohen's claims that Labrador did not have sufficient rights to comply with the terms of the Beatbox-Labrador Agreement;

(6)    That Beatbox Music Pty, Ltd. was harmed; and

(7)    That Labrador Entertainment, Inc. D/B/A as Spider Cues Music Library's breach of contract was a substantial factor in causing Beatbox Music Pty, Ltd.'s harm.

**Source: CACI No. 302**

- 47 -

**[Proposed] Instruction No. 34**

In every contract contract or agreement there is an implied promise of good faith and fair dealing. This implied promise means that each party will not do anything to unfairly interfere with the right of any other party to receive the benefits of the contract. Good faith means honesty of purpose without any intention to mislead or take unfair advantagae of another. Generally speaking, it means being faithful to one's duty or obligation. However, the implied promise of good faith and fair dealing cannot create obligations that are inconsistent with the terms of the contract.

Beatbox Music Pty, Ltd. did not enter into a contract with Defendant Michael Cohen. However, Beatbox Music Pty, Ltd. can still recover on a bad faith claim against Defendant Michael Cohen if it proves all of the following:

(1)    That Beatbox Music Pty, Ltd. is likely to benefit from the Mr. Cohen/Labrador Entertainment, Inc. February 14, 2008 Composer Agreement;

(2) That a motivating purpose of Mr. Cohen and Labrador Entertainment, Inc. is to provide a benefit to Beatbox Music Pty, Ltd.;

(3) That permitting t Beatbox Music Pty, Ltd. to bring its own breach of contract action against Defendant Michael Cohen is consistent with the objectives of the contract and the reasonable expectations of the both Mr. Cohen and Labrador Entertainment, Inc.;

(4) That Beatbox Music Pty, Ltd. was exposed to or relied on the warranties given by Mr. Cohen to Labrador Entertainment, Inc. in the February 14, 2008 Mr. Cohen/Labrador Entertainment, Inc. Composer Agreement;

(5)     That Defendant Michael Cohen acted in bad faith to block Beatbox Music Pty, Ltd. from receiving a material benefit promised by the contract.

**Source:** *Goonewardene v. ADP* **6 Cal. 5th 817, 821 (2019); CACI No. 325**

**[Proposed] Instruction No. 35**

In every contract contract or agreement there is an implied promise of good faith and fair dealing. This implied promise means that each party will not do anything to unfairly interfere with the right of any other party to receive the benefits of the contract. Good faith means honesty of purpose without any intention to mislead or take unfair advantagae of another. Generally speaking, it means being faithful to one's duty or obligation. However, the implied promise of good faith and fair dealing cannot creat obligations that are inconsistent with the terms of the contract.

Beatbox Music Pty, Ltd. claims that Defendant Labrador Entertainment, Inc. violated the duty to act fairly and in good faith. To establish this claim, Beatbox Music Pty, Ltd. must prove all of the following:

(1)    That Beatbox Music Pty, Ltd. and Defendant Labrador Entertainment, Inc. entered into a contract;

(2) That Beatbox Music Pty, Ltd. did all, or substantially all of the signfican things that the contract required it to do;

(3)    That all conditions required by Defendant Labrador Entertainment, Inc.'s performances had occurred;

(4)    That Defendant Labrador Entertainment, Inc. act in bad faith to block Beatbox Music Pty, Ltd. from receiving a material benefit promised by the contract.

**Source: CACI No. 325**

**[Proposed] Instruction No. 36**

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff on the plaintiff's breach of contract claim against Labrador you must determine the plaintiff's damages on that cause of action. If you find for the plaintiff on the plaintiff's third party breach of contract claim against Mr. Cohen you must determine the plaintiff's damages on that cause of action. The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant.

To recover damages for any harm that you decide was caused by Labrador, Beatbox must prove that when the contract was made, both parties knew or could

reasonably have foreseen that the harm was likely to occur in the ordinary course of events as result of the breach of the contract.

To recover damages for any harm that you decide was caused by Mr. Cohen, Beatbox must prove that when the contract was made, both contracting parties (Mr. Cohen and Labrador) knew or could reasonably have foreseen that the harm was likely to occur in the ordinary course of events as result of the breach of the contract. Attorney fees are not recoverable as damages.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

**Source: 9th Cir. Model Civil Jury Instruction No. 5.1; CACI No. 350;** *Lederer v. Gursey Schneider LLP* **22 Cal. App. 5th 508, 527**

**[Proposed] Instruction No. 37**

The plaintiff has a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages.

The defendant and/or counter-defendant has the burden of proving by a preponderance of the evidence:

(1)    that the plaintiff and/or counter-plaintiff failed to use reasonable efforts to mitigate damages; and

(2)    the amount by which damages would have been mitigated.

**Source: 9th Cir. Model Civil Jury Instruction No. 5.3**

**[Proposed] Instruction No. 38**

If you find for the plaintiff, you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate a plaintiff. Punitive damages cannot be awarded based on breach of contract.

The plaintiff has the burden of proving by a preponderance of the evidence that punitive damages should be awarded and, if so, the amount of any such damages.

You may award punitive damages only if you find that the defendant's conduct that harmed the plaintiff was malicious, oppressive or in reckless disregard of the plaintiff's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiff. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law. An act or omission is oppressive if the defendant injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by misusing or abusing authority or power or by taking advantage of some weakness or disability or misfortune of the plaintiff.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice, or sympathy toward any party. In considering the amount of any punitive damages, consider the degree of reprehensibility of the defendant's conduct, including whether the conduct that harmed the plaintiff was particularly reprehensible because it also caused actual harm or posed a substantial risk of harm to people who are not parties to this case. You may not, however, set the amount of any punitive damages in order to punish the defendant for harm to anyone other than the plaintiff in this case.

In addition, you may consider the relationship of any award of punitive damages

to any actual harm inflicted on the plaintiff.

You may impose punitive damages against one or more of the defendants and not others and may award different amounts against different defendants.  Punitive damages may be awarded even if you award plaintiff only nominal, and not compensatory, damages.

**Source: 9th Cir. Model Civil Jury Instruction No. 5.5**

**[Proposed] Instruction No. 39**

Beatbox Music Pty, Ltd. claims it was harmed because Labrador Entertainment, Inc. D/B/A as Spider Cues Music Library transferred assets to Noel Palmer Webb in order to avoid paying a debt to Beatbox Music Pty, Ltd. This is called "actual fraud." To establish this claim against Defendant Labrador Entertainment, Inc, Beatbox Music Pty, Ltd. must prove all of the following:

(1)   That Beatbox Music Pty, Ltd. has a right to payment from Defendant Labrador Entertainment, Inc. for any damages determined at trial;

(2)   That Labrador Entertainment, Inc. D/B/A as Spider Cues Music Library transferred assets to Noel Palmer Webb;

(3)   That Labrador Entertainment, Inc. D/B/A as Spider Cues Music Library transferred assets with the intent to hinder, delay, or defraud one or more of their creditors;

(4)   That Beatbox Music Pty, Ltd. was harmed; and

(5)   That Labrador Entertainment, Inc. D/B/A as Spider Cues Music Library's conduct was a substantial factor in causing Beatbox Music Pty, Ltd.'s harm.

To prove intent to hinder, delay, or defraud creditors, it is not necessary to show that Labrador Entertainment, Inc. D/B/A as Spider Cues Music Library had a desire to harm their creditors. Beatbox Music Pty, Ltd. need only show that Labrador Entertainment, Inc. D/B/A as Spider Cues Music Library intended to remove or conceal assets to make it more difficult for their creditors to collect payment.

It does not matter whether Beatbox Music Pty, Ltd.'s right to payment arose before or after Defendants transferred assets.

**Source: CACI No. 4200**

**[Proposed] Instruction No. 40**

Beatbox Music Pty, Ltd. claims it was harmed because Labrador Entertainment, Inc. D/B/A as Spider Cues Music Library transferred assets to Labrador Entertainment, LLC, in order to avoid paying a debt to Beatbox Music Pty, Ltd. This is called "actual fraud." To establish this claim against Defendants Labrador Entertainment, Inc., and Labrador Entertainment, LLC, Beatbox Music Pty, Ltd. must prove all of the following:

(1)   That Beatbox Music Pty, Ltd. has a right to payment from Defendants Labrador Entertainment, Inc., and Labrador Entertainment, LLC for any damages determined at trial;

(2)   That Webb caused Labrador Entertainment, Inc. D/B/A as Spider Cues Music Library to transfer assets to Webb Family Trust and/or Labrador Entertainment, LLC;

(3)   That Labrador Entertainment, Inc. D/B/A as Spider Cues Music Library transferred assets with the intent to hinder, delay, or defraud one or more of their creditors;

(4)   That Beatbox Music Pty, Ltd. was harmed; and

(5)   That Labrador Entertainment, Inc. D/B/A as Spider Cues Music Library's conduct was a substantial factor in causing Beatbox Music Pty, Ltd.'s harm.

To prove intent to hinder, delay, or defraud creditors, it is not necessary to show that Labrador Entertainment, Inc. D/B/A as Spider Cues Music Library had a desire to harm their creditors. Beatbox Music Pty, Ltd. need only show that Labrador Entertainment, Inc. D/B/A as Spider Cues Music Library intended to remove or conceal assets to make it more difficult for their creditors to collect payment.

It does not matter whether Beatbox Music Pty, Ltd.'s right to payment arose before or after Defendants transferred assets.

**Source: CACI No. 4200**

**[Proposed] Instruction No. 41**

Beatbox Music Pty, Ltd. claims it was harmed because Labrador Entertainment, Inc. D/B/A as Spider Cues Music Library transferred assets to Webb Family Trust in order to avoid paying a debt to Beatbox Music Pty, Ltd. This is called "actual fraud." To establish this claim against Defendants Labrador Entertainment, Inc., and Webb Family Trust, Beatbox Music Pty, Ltd. must prove all of the following:

(1)     That Beatbox Music Pty, Ltd. has a right to payment from Defendants Labrador Entertainment, Inc., and Webb Family Trust for any damages determined at trial;

(2)     That Labrador Entertainment, Inc. D/B/A as Spider Cues Music Library transferred assets to Webb Family Trust;

(3)     That Labrador Entertainment, Inc. D/B/A as Spider Cues Music Library transferred assets with the intent to hinder, delay, or defraud one or more of their creditors;

(4)     That Beatbox Music Pty, Ltd. was harmed; and

(5)     That Labrador Entertainment, Inc. D/B/A as Spider Cues Music Library's conduct was a substantial factor in causing Beatbox Music Pty, Ltd.'s harm.

To prove intent to hinder, delay, or defraud creditors, it is not necessary to show that Labrador Entertainment, Inc. D/B/A as Spider Cues Music Library had a desire to harm their creditors. Beatbox Music Pty, Ltd. need only show that Labrador Entertainment, Inc. D/B/A as Spider Cues Music Library intended to remove or conceal assets to make it more difficult for their creditors to collect payment.

It does not matter whether Beatbox Music Pty, Ltd.'s right to payment arose before or after Defendants transferred assets.

**Source: CACI No. 4200**

**[Proposed] Instruction No. 42**

Beatbox Music Pty, Ltd. claims it was harmed because Michael Cohen transferred assets to MCPC Holdings, LLC, in order to avoid paying a debt to Beatbox Music Pty, Ltd. This is called "actual fraud." To establish this claim against Defendant Michael Cohen, Beatbox Music Pty, Ltd. must prove all of the following:

(1)     That Beatbox Music Pty, Ltd. has a right to payment from Defendant Michael Cohen for any damages determined at trial;

(2)     That Michael Cohen transferred assets to MCPC Holdings, LLC;

(3)     That Michael Cohen transferred assets with the intent to hinder, delay, or defraud one or more of their creditors;

(4)     That Beatbox Music Pty, Ltd. was harmed; and

(5)     That Michael Cohen's conduct was a substantial factor in causing Beatbox Music Pty, Ltd.'s harm.

To prove intent to hinder, delay, or defraud creditors, it is not necessary to show that Michael Cohen had a desire to harm their creditors. Beatbox Music Pty, Ltd. need only show that Michael Cohen intended to remove or conceal assets to make it more difficult for their creditors to collect payment.

It does not matter whether Beatbox Music Pty, Ltd.'s right to payment arose before or after Defendant Michael Cohen transferred assets.

**Source: CACI No. 4200**

**[Proposed] Instruction No. 43**

In determining whether Labrador Entertainment, Inc. D/B/A as Spider Cues Music Library intended to hinder, delay, or defraud any creditors by transferring assets to Noel Palmer Webb, you may consider, among other factors, the following:

(1)     Whether the transfer was to a relative, business partner, or similar entity;

(2)     Whether Labrador Entertainment, Inc. D/B/A as Spider Cues Music Library retained possession or control of the property after it was transferred;

(3)     Whether the transfer was disclosed or concealed;

(4)     Whether before the transfer was made Labrador Entertainment, Inc. D/B/A as Spider Cues Music Library had been sued or threatened with suit;

(5)     Whether the transfer was of substantially all of Labrador Entertainment, Inc. D/B/A as Spider Cues Music Library's assets;

(6)     Whether Labrador Entertainment, Inc. D/B/A as Spider Cues Music Library removed or concealed assets;

(7)     Whether the value received by Labrador Entertainment, Inc. D/B/A as Spider Cues Music Library was not reasonably equivalent to the value of the asset transferred;

(8)     Whether Labrador Entertainment, Inc. D/B/A as Spider Cues Music Library was insolvent or became insolvent shortly after the transfer was made; and

(9)     Whether the transfer occurred shortly before or shortly after a substantial debt was incurred.

Evidence of one or more factors does not automatically require a finding that Labrador Entertainment, Inc. D/B/A as Spider Cues Music Library acted with the intent to hinder, delay, or defraud creditors. The presence of one or more of these factors is evidence that may suggest the intent to delay, hinder, or defraud.

**Source: CACI No. 4201**

**[Proposed] Instruction No. 44**

In determining whether Labrador Entertainment, Inc. D/B/A as Spider Cues Music Library intended to hinder, delay, or defraud any creditors by transferring assets to Labrador Entertainment, LLC, you may consider, among other factors, the following:

(1)     Whether the transfer was to a relative, business partner, or similar entity;

(2)     Whether Labrador Entertainment, Inc. D/B/A as Spider Cues Music Library retained possession or control of the property after it was transferred;

(3)     Whether the transfer was disclosed or concealed;

(4)     Whether before the transfer was made Labrador Entertainment, Inc. D/B/A as Spider Cues Music Library had been sued or threatened with suit;

(5)     Whether the transfer was of substantially all of Labrador Entertainment, Inc. D/B/A as Spider Cues Music Library's assets;

(6)     Whether Labrador Entertainment, Inc. D/B/A as Spider Cues Music Library removed or concealed assets;]

(7)     Whether the value received by Labrador Entertainment, Inc. D/B/A as Spider Cues Music Library was not reasonably equivalent to the value of the asset transferred;

(8)     Whether Labrador Entertainment, Inc. D/B/A as Spider Cues Music Library was insolvent or became insolvent shortly after the transfer was made; and

(9)     Whether the transfer occurred shortly before or shortly after a substantial debt was incurred.

Evidence of one or more factors does not automatically require a finding that Labrador Entertainment, Inc. D/B/A as Spider Cues Music Library acted with the intent to hinder, delay, or defraud creditors. The presence of one or more of these factors is evidence that may suggest the intent to delay, hinder, or defraud.

**Source: CACI No. 4201**

**[Proposed] Instruction No. 45**

In determining whether Labrador Entertainment, Inc. D/B/A as Spider Cues Music Library intended to hinder, delay, or defraud any creditors by transferring assets to Webb Family Trust, you may consider, among other factors, the following:

(1)    Whether the transfer was to a relative, business partner, or similar entity;

(2)    Whether Labrador Entertainment, Inc. D/B/A as Spider Cues Music Library retained possession or control of the property after it was transferred;

(3)    Whether the transfer was disclosed or concealed;

(4)    Whether before the transfer was made Labrador Entertainment, Inc. D/B/A as Spider Cues Music Library had been sued or threatened with suit;

(5)    Whether the transfer was of substantially all of Labrador Entertainment, Inc. D/B/A as Spider Cues Music Library's and/or Michael Cohen's assets;

(6)    Whether Labrador Entertainment, Inc. D/B/A as Spider Cues Music Library removed or concealed assets;]

(7)    Whether the value received by Labrador Entertainment, Inc. D/B/A as Spider Cues Music Library was not reasonably equivalent to the value of the asset transferred;

(8)    Whether Labrador Entertainment, Inc. D/B/A as Spider Cues Music Library was insolvent or became insolvent shortly after the transfer was made; and

(9)    Whether the transfer occurred shortly before or shortly after a substantial debt was incurred.

Evidence of one or more factors does not automatically require a finding that Labrador Entertainment, Inc. D/B/A as Spider Cues Music Library acted with the intent to hinder, delay, or defraud creditors. The presence of one or more of these factors is evidence that may suggest the intent to delay, hinder, or defraud.

**Source: CACI No. 4201**

**[Proposed] Instruction No. 46**

In determining whether Michael Cohen intended to hinder, delay, or defraud any creditors by transferring assets to MCPC Holdings, LLC, you may consider, among other factors, the following:

(1)    Whether the transfer was to a relative, business partner, or similar entity;

(2)    Whether Michael Cohen retained possession or control of the property after it was transferred;

(3)    Whether the transfer was disclosed or concealed;

(4)    Whether before the transfer was made Michael Cohen had been sued or threatened with suit;

(5)    Whether the transfer was of substantially all of Michael Cohen's assets;

(6)    Whether Michael Cohen removed or concealed assets;]

(7)    Whether the value received by Michael Cohen was not reasonably equivalent to the value of the asset transferred;

(8)    Whether Michael Cohen was insolvent or became insolvent shortly after the transfer was made; and

(9)    Whether the transfer occurred shortly before or shortly after a substantial debt was incurred.

Evidence of one or more factors does not automatically require a finding that Michael Cohen acted with the intent to hinder, delay, or defraud creditors. The presence of one or more of these factors is evidence that may suggest the intent to delay, hinder, or defraud.

**Source: CACI No. 4201**

**[Proposed] Instruction No. 47**

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**Source: 9th Cir. Model Civil Jury Instruction No. 3.1**

**[Proposed] Instruction No. 48**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses, or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth,

and the accuracy of their testimony is tested through the trial process.  If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete, or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

**Source: 9th Cir. Model Civil Jury Instruction No. 3.2**

**[Proposed] Instruction No. 49**

   If it becomes necessary during your deliberations to communicate with me, you may send a note through the [clerk] [bailiff], signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing. I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

**Source: 9th Cir. Model Civil Jury Instruction No. 3.3**

**[Proposed] Instruction No. 50**

If during jury deliberations a request is made by the jury or by one or more jurors for a readback of a portion or all of a witness's testimony, and the court in exercising its discretion determines after consultation with the lawyers that a readback should be allowed, the Committee recommends the following admonition be given in open court with both sides present:

Because a request has been made for a [readback] [playback] of the testimony of [witness's name] it is being provided to you, but you are cautioned that all [readbacks] [playbacks] run the risk of distorting the trial because of overemphasis of one portion of the testimony. [Therefore, you will be required to hear all the witness's testimony on direct and cross-examination, to avoid the risk that you might miss a portion bearing on your judgment of what testimony to accept as credible.] [Because of the length of the testimony of this witness, excerpts will be [read] [played].] The [readback] [playback] could contain errors. The [readback] [playback] cannot reflect matters of demeanor [, tone of voice,] and other aspects of the live testimony.  Your recollection and understanding of the testimony controls.  Finally, in your exercise of judgment, the testimony [read] [played] cannot be considered in isolation but must be considered in the context of all the evidence presented.

Although a court has broad discretion to read back excerpts or the entire testimony of a witness when requested by a deliberating jury, precautionary steps should be taken. Absent the parties' stipulation to a different procedure, the jury should be required to hear the readback in open court, with counsel for both sides present, and after giving the admonition set out above. *See United States v. Newhoff*, 627 F.3d 1163, 1167 (9th Cir. 2010); see also JURY INSTRUCTIONS COMMITTEE OF THE NINTH CIRCUIT, A MANUAL ON JURY TRIAL PROCEDURES § 5.1.C (2013).

**Source: 9th Cir. Model Civil Jury Instruction No. 3.4**

**[Proposed] Instruction No. 51**

A verdict form has been prepared for you. [Explain verdict form as needed.] After you have reached unanimous agreement on a verdict, your [presiding juror] [foreperson] should complete the verdict form according to your deliberations, sign and date it, and advise the [clerk] [bailiff] that you are ready to return to the courtroom.

**Source: 9th Cir. Model Civil Jury Instruction No. 3.5**

**[Proposed] Instruction No. 52**

Now that the case has been concluded, some of you may have questions about the confidentiality of the proceedings. Now that the case is over, you are free to discuss it with any person you choose. By the same token, however, I would advise you that you are under no obligation whatsoever to discuss this case with any person.

If you do decide to discuss the case with anyone, I would suggest you treat it with a degree of solemnity in that whatever you do decide to say, you would be willing to say in the presence of the other jurors or under oath here in open court in the presence of all the parties.

Finally, always bear in mind that if you do decide to discuss this case, the other jurors fully and freely stated their opinions with the understanding they were being expressed in confidence. Please respect the privacy of the views of the other jurors.

Finally, if you would prefer not to discuss the case with anyone, but are feeling undue pressure to do so, please feel free to contact the courtroom deputy, who will notify me, and I will assist.

**Source: 9th Cir. Model Civil Jury Instruction No. 3.7**