Daniel Lee Jacobson SBN 134978
JACOBSON & ASSOCIATES
1352 Irvine Blvd., Suite 205
Tustin, CA   92780
(714) 505-4872
dlj@jacobsonlawyers.com

Attorneys for Defendant/Crossclaimant Michael Cohen, and Defendant MCPC Holdings, LLC

U.S. District Court for the

Central District of California

| | |
|---|---|
| BEATBOX MUSIC PTY, LTD., | Case #: 2:17-cv-06108-MWF-JPR |
| Plaintiff | *Assigned for All Purposes to The Honorable Michael W. Fitzgerald, Judge of the District Court* |
| v. | Defendants/Crossclaimants Michael Cohen's and MCPC Holdings, LLC's Statement Regarding Disputed Jury Instructions and Verdict Forms |
| LABRADOR ENTERTAINMENT, INC., et al. | |
| Defendant | Original Complaint filed: 08/22/17 |
| AND ALL RELATED CROSSCLAIMS | Final Pretrial Conference DATE: 11/21/22 TIME:  11:00 a.m. Dept.:  5A Trial Date :   12/06/22 |

Plaintiff Beatbox's proposed jury instructions:

1.      #27     Mr. Cohen & MCPC object to Beatbox's instruction # 27 because (a) it confuses between Labrador on one hand, and Mr. Cohen on the other hand. (b) It says that "Beatbox . . . claims that it entered into a contract with Labrador and . . . Michael Cohen." In fact (b) not doesn't subtly confuse Labrador and Mr.

Cohen; it blatantly confuses Labrador and Mr. Cohen. There is no evidence or contention that Beatbox "entered into a contract with . . . Michael Cohen.

Beatbox's contractual claim against Mr. Cohen is its claim that Beatbox is a third party beneficiary of the February 14, 2008 "Composer Agreement" between Mr. Cohen and Beatbox. Complaint 4:11-12. For third party beneficiary liability there are three elements, all of which are explained in Mr. Cohen's/MCPC's "Third Party Beneficiary" Instruction. That instruction is based precisely on the California Supreme Court's 2019 case of *Goonewarden v. ADP* 6 Cal. 5th 817, and contain exact wording from pp. 829-830.

# 27 goes on to further blatantly confuse Labrador with Mr. Cohen. by saying that Labrador & Mr. Cohen were paid $3,500.00 for a song. That's simply not true. Adding to the blatant confusion, # 27 says Beatbox claims that "Labrador . . . and Michael Cohen breach this contract . . . ." Here's the history of the relevant contracts:

| Contract date | Parties to the contract |
|---|---|
| February 14, 2008 "Composer Agreement" | Mr. Cohen and Labrador Entertainment, Inc. |
| April 1, 2009 contract between publisher (Labrador) and sub-publisher (Beatbox) | Labrador (publisher) and Beatbox (sub-publisher) |
| February 22, 2014 "amendment" contract | Labrador and Beatbox |

**There is no contract where Mr. Cohen and Labrador were on the same "side".** Again, Beatbox's only entry into breach of contract against Mr. Cohen is as a *Goonewardene* third party beneficiary.

- 2 -

The blatant confusion continues, "Beatbox . . . claims that Labrador . . . and Michael Cohen's breach of this contract caused harm." # 27:14-16. There is no "this" contract because there is no contract in which Mr. Cohen and Labrador are on the same "side."

Frankly, to cite CACI No. 300 as the framework to # 27's blatant lies is rude to the makers of CACI No. 300. And frankly, as for Mr. Cohen # 27 is not savable. The blatant confusion that it creates at least approaches that Labrador and Mr. Cohen were *ever* on the same side of *any* contract.

**Mr. Cohen's suggested solution to the loss of # 27**:

Mr. Cohen suggests that in place of # 27, the Court inserts those instructions which are attached hereto as Exhibits "A", "B," and "C". They explain the *current* law regarding what would allow Beatbox to recover from Mr. Cohen.

Exhibit "A" is a simple explanation that "Beatbox . . . is not a party to the contract between Labrador . . . and Michael Cohen . . . . However, Beatbox may be entitled to damages for breach of contract if it proves . . ." From that point forward Exhibit "A" is virtually a word-for-word recitation of what a third party beneficiary is under the California Supreme Court case of *Goonewardene v. ADP* 6 Cal. 5th 817, 821 (2019).

Exhibit "B" explains two intertwined laws. (i) Third party beneficiaries have no privity with the contracting parties. ["Some jurisdictions use the third party beneficiary concept to find 'privity.' [California] do[es] not believe this fiction is necessary." *Gilbert Financial v. Steelform,* 82 Cal. App. 3rd 65 n.5

(1978.); [T]here is not privity between [a contracting party and a non-contracting party." *Windham at Carmel Mountain Ranch Assn. v. Superior Court* 109 Cal. App.4th 1162 (2003).

A party without privity who meets the three 3rd party beneficiary requirements of *Goonewardene*, supra who is suing for breach of contract based breach of warranty must prove that it relied on the warranty. ["When there is no privity of contract California law requires a showing that a plaintiff lied on an alleged warranty." *Asghari v. Volkswagen* 42 F. Supp. 3d 1306, 1334 (C.D. Cal., November 4, 2013.) [I]n the absence of privity, California law requires a showing that a Plaintiff relied on an alleged . . . misrepresentation." *Keegan v. Am. Honda Motor Co.* 284 F.R.D. 504, 546 (C.D. Cal. 2012.)

Exhibit "B" says, "A non-contracting party generally cannot recover, because it has no privity with the contracting parties. However, if a non-contracting party is suing bases on breach of warranty, then it can recover if it relied on one or more warranties in the contract."

Exhibit "C" burst onto the scene on October 21, 2022 when Central District Judge Sherilyn Peace Garnett ruled on motion to dismiss. "Plaintiffs cannot state a claim for breach of express warranty in the absence of allegations that they were at least exposed to them. *Cho v. Hyundai* Case No. 8:22-cv-00448-SPG-KES (C.D. Cal., filed March 23, 2022) Order Granting Motion to Dismiss, p. 31 *Dkt.* 48.

In support of her ruling Judge Garnett cited *Nickerson v. Goodyear Tire Rubber Corp.*, No. 8:20-cv-00060-JLS-JDE, 2020 WL 4937561, at *5 (C.D. Cal. June 3, 2020).  Judge Garnett wrote this about *Nickerson*, quoting from that

- 4 -

Central District case. "[*Nickerson*] dismiss[ed] express warranty claim where the plaintiff 'has made no allegation that he was ever exposed to the statements concerning the express warranty in Goodyear's Tire and Care Guide, and relied thereon.'" Judge Garnett then cited and quoted a published Central District case, *In re Toyota*, 754 F. Supp. 2d 1145, 1182 (C.D. Cal. 2010). Judge Garnett quoted *Toyota*, "'Plaintiffs cannot base a claim on [an express warranty created by representations in advertisements] *in the absence of allegations that they were exposed to them*.'" [Emphasis added.] And, Judge Garnett cited and quoted the Central District case of *Peterson v. Mazda Motor of Am., Inc.*, No. SACV13–1972–DOC (ANx), (C.D. Cal. July 3, 2014), saying that that case "'dismiss[ed] claim for breach of express warranties due to 'absence of allegations that [plaintiffs] were exposed to them.'"

2.   # 29      Mr. Cohen & MCPC object to Beatbox's instruction # 29, because it does not state California's current law as to whom is a third party beneficiary. That current law is found in the 2019 California Supreme Court case of *Goonewardene v. ADP, LLC* 6 Cal.5th 817 (2019). California no longer uses the "intended beneficiary," etc. rules. At 829-830 the California Supreme Court stated its <u>current</u> definition of a third party beneficiary.

Also, if Exhibits A, B, & C (or at least "A") are utilized, there is no further need to explain the third party beneficiary doctrine. That current definition is, "(1) whether the third party would in fact benefit from the contract, . . . (2) whether a motivating purpose of the contracting parties was to provide a benefit to the third party, and (3) whether permitting a third party to bring its own breach of contract action against a contracting party is consistent

with the objectives of the contract and the reasonable expectations of the contracting parties. All three  elements must be satisfied to permit the third party action to go  forward."*Goonewardene* supra at 829-830.

Attached as Exhibit "A" is Mr. Cohen's and MCPC's proposed "Third Party Beneficiary" instruction has the correct and current California Supreme Court law.

3.   # 30     Mr. Cohen & MCPC object to Beatbox's instruction  # 30,because at 21-22, number (4) of the "damages" claimed by Beatbox. <u>Attorney fees are not recoverable</u> (with only one or two exceptions, none of which apply to this contract case). "Attorney fees are not typically recoverable in the absence of an agreement between [regarding] the parties." (Citing Code of Civil Procedure § 1021.) *Lederer v. Gursey Schneider LLP* 22 Cal. App. 5th 508, 527.

Since attorney fees are not damages, (4) in intstruction 30 must be deleted.

4.   #31     Mr. Cohen & MCPC object to Beatbox's instruction # 31. Number 31 is a joint and several instruction. But, the Labrador defendants have nothing to do with Mr. Cohen and with MCPC. The jury should assign damages as it sees fit, as damages are factual matters and fall within the jury's jurisdiction.

5.   # 35   Mr. Cohen & MCPC object to Beatbox's instruction # 35, because it does not state California's current law as to whom is a third party beneficiary. That current law is found in the 2019 California Supreme Court case of *Goonewardene v. ADP, LLC* 6 Cal.5th 817 (2019). California no longer uses the "intended beneficiary," etc. rules. At 829-830 the California Supreme Court stated its <u>current</u> definition of a third party beneficiary.

That current definition is "(1) whether the third party would in fact benefit from the contract, . . . (2) whether a motivating purpose of the contracting parties was to provide a benefit to the third party, and (3) whether permitting a third party to bring its own breach of contract action against a contracting party is consistent with the objectives of the contract and the reasonable expectations of the contracting parties. All three elements must be satisfied to permit the third party action to go forward."*Goonewardene* supra at 829-830.

Attached as Exhibit "A" is Mr. Cohen's and MCPC's proposed "Third Party Beneficiary" instruction has the correct and current California Supreme Court law.

6.    # 37     Mr. Cohen & MCPC object to Beatbox's instruction # 37. It is a damages instruction. #37 continues the confusion between Mr. Cohen & MCPC on one hand, and Labrador on the other. # 37 is based on 9th Cir. Model Civil Jury Instruction 5.1. That model instruction says, "If you find for the plaintiff [on the plaintiff's [*specify type of claim*] claim], you must determine the plaintiff's damages." In this litigation where, as shown above, confusion between Mr. Cohen and MCPC, and Labrador could run rampant, a more descriptive "*type*" would tend to quell that confusion.

Thus  Mr. Cohen and MCPC suggest that instead of "If you find of the plaintiff on the plaintiff's breach of contract claims, you must determine the plaintiff's damages," instead say, "If you find for the plaintiff on the plaintiff's third party breach of contract claim against Mr. Cohen you must determine the plaintiff's damages on that cause of action. If you find for the plaintiff on the

plaintiff's breach of contract claim against Labrador you must determine the plaintiff's damages on that cause of action."

Also, in Beatbox's circulated #37 instruction, that which should be considered is effectively an instruction on what the Court considers covered by the indemnification clause in the February 14, 2008 "Composer Agreement," the contract onto which Beatbox is attempting to glom, as a third party beneficiary. Thus what is listed as (5)-(8) in the circulated version of # 37 invades the jury's fact finding function under the 7th Amendment.

Model Instruction 5.2 gives examples of what should be considered; common thing like "pain and suffering." In this case what is recoverable is up for debate. So, things like "copyright infingements" may be open to *argument*, but they don't belong in an instruction from the bench. Exhibit "D" is a much more appropriate damages instruction. Exhibit "D" also makes clear that attorney fees are not recoverable as damages. *Lederer v. Gursey Schneider LLP* 22 Cal. App. 5th 508, 527.

7.    # 39    Mr. Cohen and MCPC object to # 39 because it is an instruction on punititive damages, that does not include an admonition stating that such damages cannot be based on a breach of contract. Civil Code § 3294(a). To remedy the situation Mr. Cohen and MCPC suggest that at the end # 39's first paragraph the following be interliniated, "Punitive damages cannot be awarded, based on a breach of contract."

8.    # 40    Mr. Cohen and MCPC object to # 40 because it says that nominal damages are allowed, without saying that such damages are not allowed for breach of contract, except in odd situations not applicable here. *Sweet v.*

*Johnson* 169 Cal.App.2d 360, 634 (1959). Therefore the instruction should be
deleted.

9.    #44    Mr. Cohen and MCPC object to # 44. The word "Defendan<u>t</u>s" is used at
(1) in a manner that once again may  confuse as to about whom the instruction
is talking. "Defendant Michael Cohen" should be interliniated to avoid
confusion.

<u>Plaintiff Beatbox's proposed verdict form</u>:

Attached hereto as Exhibit "E" is a 10/18/22 letter to all counsel, explaining Mr.
Cohen's and MCPC's point of view as to Beatbox's circulated verdict form. Some of
the below objections cite to that letter. This seemed to be the most effieient and
effective way of presenting Mr. Cohen's and MCPC's objections.

Attached as Exhibit "F" is Mr. Cohen's and MCPC's suggested verdict form.
The form covers only those issues that are appropriately those of either Mr. Cohen and
MCPC.

1.    # 1    Irrelevant, as Beatbox was not a 3rd party beneficiary of the February 14,
2008 Cohen/Labrador "Composer Agreement." 10/18/22 letter, p. 1 "(a)
Beatbox is not a 3rd party beneficiary of the February 14, 2008 Cohen/Labrador
contract."

2.    # 4    Mr. Cohen and MCPC object to this question because it asks if Beatbox
proved that it was an "intended beneficiary" of the February 14, 2008
Cohen/Labrador "Composer Agreement."

Since 2019 "Intended beneficiary" has no longer been a part of
California's 3rd party beneficiary lexicon. 10/18/22 letter, p. 1 "(a) Beatbox is
not a 3rd party beneficiary of the February 14, 2008 Cohen/Labrador contract."

3.     # 5     Irrelevant, as Beatbox was not a 3rd party beneficiary of the February 14, 2008 Cohen/Labrador "Composer Agreement." 10/18/22 letter, p. 1 "(a) Beatbox is not a 3rd party beneficiary of the February 14, 2008 Cohen/Labrador contract."

The question is further irrelevant because it doesn't ask to whom Mr. Cohen may have made this warranty. The fact is that he made it to Labrador only. (As a warranty. There was no such promise made to anyone.)

4.     # 6     Irrelevant, as Beatbox was not a 3rd party beneficiary of the February 14, 2008 Cohen/Labrador "Composer Agreement." 10/18/22 letter, p. 1 "(a) Beatbox is not a 3rd party beneficiary of the February 14, 2008 Cohen/Labrador contract."

The question is further irrelevant because it doesn't ask to whom Mr. Cohen may have made this warranty. The fact is that he made it to Labrador only. (As a warranty. There was no such promise made to anyone.)

5.     # 6     Irrelevant, as Beatbox was not a 3rd party beneficiary of the February 14, 2008 Cohen/Labrador "Composer Agreement." 10/18/22 letter, p. 1 "(a) Beatbox is not a 3rd party beneficiary of the February 14, 2008 Cohen/Labrador contract."

The question is further irrelevant because it doesn't ask to whom Mr. Cohen may have made this warranty. The fact is that he made it to Labrador only. (As a warranty. There was no such promise made to anyone.)

6.     # 7     Irrelevant and ambiguous. The question does not ask to whom Mr. Cohen may have breached the warranty. He didn't make it to the world. So, a general breach is ridiculous.

7.    # 8    Irrelevant and ambiguous. The question does not ask to whom Mr. Cohen may have breached the warranty. He didn't make it to the world. So, a general breach is ridiculous.

8.    # 9    Irrelevant and ambiguous. The question does not ask to whom Mr. Cohen may have breached the warranty. He didn't make it to the world. So, a general breach is ridiculous.

9.    # 10    Irrelevant and ambiguous. The question does not ask to whom Mr. Cohen may have breached the warranty. He didn't make it to the world. So, a general breach is ridiculous.

10.    # 11 Irrelevant and ambiguous. The question does not ask to whom Mr. Cohen may have breached the warranty. He didn't make it to the world. So, a general breach is ridiculous.

11.    # 12    Irrelevant and ambiguous. The question does not ask to whom Mr. Cohen may have breached the warranty. He didn't make it to the world. So, a general breach is ridiculous.

12.    # 13    Irrelevant, as Beatbox was not a 3rd party beneficiary of the February 14, 2008 Cohen/Labrador "Composer Agreement." 10/18/22 letter, p. 1 "(a) Beatbox is not a 3rd party beneficiary of the February 14, 2008 Cohen/Labrador contract."

13.    # 14    Irrelevant, as Beatbox was not a 3rd party beneficiary of the February 14, 2008 Cohen/Labrador "Composer Agreement." 10/18/22 letter, p. 1 "(a) Beatbox is not a 3rd party beneficiary of the February 14, 2008 Cohen/Labrador contract."

Irrelevant and ambiguous. The question does not ask to whom Mr.

Cohen may have breached the warranty. He didn't make it to the world. So, a general breach is ridiculous.

The question is further irrelevant because it doesn't ask to whom Mr. Cohen may have made this warranty. The fact is that he made it to Labrador only. (As a warranty. There was no such promise made to anyone.)

14.    # 16    Irrelevant, as Beatbox was not a 3rd party beneficiary of the February 14, 2008 Cohen/Labrador "Composer Agreement." 10/18/22 letter, p. 1 "(a) Beatbox is not a 3rd party beneficiary of the February 14, 2008 Cohen/Labrador contract."

15.    #19    Irrelevant, as Beatbox was not a 3rd party beneficiary of the February 14, 2008 Cohen/Labrador "Composer Agreement." 10/18/22 letter, p. 1 "(a) Beatbox is not a 3rd party beneficiary of the February 14, 2008 Cohen/Labrador contract."

Further, par. 6.1 of the Cohen/Labrador February 14, 2008 "Composer Agreement" is not attorney's fees clause, and thus such fees are not available there-through. *Alka Partners, LP v. DB Fund Services, LLC* 4 Cal. App. 5th 574, 600; (2016); *Salkind v. Cefradine, Inc.* 194 Clapp. 1010, 1024 (2011); Fed. R. Civ. Pro. 54(d)(2)(A).

DATED:    November 7, 2022    **JACOBSON & ASSOCIATES**

_____
Dan Jacobson, Jacobson & Associates
Attorneys for Michael Cohen &
MCPC Holdings, LLC

- 12 -

EXHIBIT "A"

<u>**Special Jury Instruction No.       Third Party Beneficiary**</u>

Beatbox Music Pty. LTD is not a party to the contract between Michael Cohen and Labrador Entertainment D/B/A as Spider Cues Music Library and Michael Cohen. However, Beatbox may be entitled to damages for breach of contract if it proves (1) that it is likely to benefit from the contract . . . (2) that a motivating purpose of the contracting parties is to provide a benefit to the third party, and . . . (3) that permitting the third party to bring its own breach of contract action against a contracting party is consistent with the objectives of the contract and the reasonable expectations of the contracting parties.

You should consider all of the circumstances under which the contact was made. It is not necessary for Beatbox Music Pty. LTD to have been named in the contract.

**Sources:  CACI 301 Third-Party beneficiary; "A third party may bring a breach of contract action against a party to a contract only if the third party establishes . . . (1) that it is likely to benefit from the contract . . . (2) that a motivating purpose of the contracting parties is to provide a benefit to the third party, and . . . (3) that permitting the third party to bring its own breach of contract action against a contracting party is consistent with the objectives of the contract and the reasonable expectations of the contracting parties."** *Goonewardene v. ADP* **6 Cal. 5th 817, 821 (2019).**

EXHIBIT "B"

**<u>Special Jury Instruction No ___. Reliance</u>**

A non-contracting party generally cannot recover, because it has no privity with the contracting parties. However, if a non-contracting party is suing based on breach of warranty, then it can recover if it relied on one or more warranties in the contract.

     **Sources:**    **"A third party . . . is not a contracting party."** *Murphy v. Allstate* **17 Cal.3d 937, 944 (1976). " [T]here is no privity between [a contracting party and a non-contracting party]."** *Windham at Carmel Mountain Ranch Assn. v. Superior Court* **109 Cal.App.4th 1162 (2003). [Citation, quotation marks, and brackets omitted.] Also, see** *Goonewardene v. ADP* **6 Cal. 814, 821 (2019.) "When there is no privity of contract, California law requires a showing that a plaintiff relied on an alleged warranty."** *Asghari v. Volkswagen* **42 F. Supp. 3d 1306, 1334 (C.D. Cal., November 4 2013). "[I]n the absence of privity, California law requires a showing that a Plaintiff relied on an alleged . . . misrepresentation."** *Keegan v. Am. Honda Motor Co.* **284 F.R.D. 504, 546 (C.D. Cal. 2012).**

1

EXHIBIT "C"

**Special Jury Instruction No ___. Exposure to warranty**

In order to recover, one of the items that Beatbox must prove is that it saw or in another way perceived a warranty that was issued by Mr. Cohen to Labrador Entertainment, Inc. and was contained in the February 14, 2008 "Composer Agreement" between Mr. Cohen and Labrador Entertainment Inc.


      **Sources:**    ***Cho, et al. v. Hyundai, et al.* 8:22-cv-00448-SPG-KES *Dkt.* 48, Order Denying Motion to Dismiss, p. 31 (C.D. Cal. October 21, 2022) ["Plaintiffs cannot state a claim for breach of express warranty in the absence of allegations that they were at least exposed to them."]; *Nickerson v. Goodyear Tire & Rubber Corp.*, No. 8:20-cv-00060-JLS-JDE, 2020 WL 4937561, at \*5 (C.D. Cal. June 3, 2020) (dismissing express warranty claim where the plaintiff "has made no allegation that he was ever exposed to the statements concerning the express warranty in Goodyear's Tire and Care Guide, and relied thereon"); *In re Toyota*, 754 F. Supp. 2d 1145, 1182 (C.D. Cal. 2010) ("Plaintiffs cannot base a claim on [an express warranty created by representations in advertisements] in the absence of allegations that they were exposed to them."); *Peterson v. Mazda Motor of Am., Inc.*, No. SACV 13–1972–DOC (ANx), 2014 WL 12817797, at \*5 (C.D. Cal. July 3, 2014) (dismissing claim for breach of express warranties due to "absence of allegations that [plaintiffs] were exposed to them.").**

EXHIBIT "D"

**<u>Special Jury Instruction No.     Damages</u>**

It is the duty of the Court to instruct you about the measure of damages. By
instructing you on damages, the Court does not mean to suggest for which party
your verdict should be rendered.

If you find for the plaintiff on the plaintiff's breach of contract claim against
Labrador you must determine the plaintiff's damages on that cause of action. If
you find for the plaintiff on the plaintiff's third party breach of contract claim
against Mr. Cohen you must determine the plaintiff's damages on that cause of
action. The plaintiff has the burden of proving damages by a preponderance of the
evidence. Damages means the amount of money that will reasonably and fairly
compensate the plaintiff for any injury you find was caused by the defendant.
To recover damages for any harm that you decide was caused by Labrador,
Beatbox must prove that when the contract was made, both parties knew or could
reasonably have foreseen that the harm was likely to occur in the ordinary course
of events as result of the breach of the contract.

To recover damages for any harm that you decide was caused by Mr. Cohen,
Beatbox must prove that when the contract was made, both contracting parties (Mr.
Cohen and Labrador) knew or could reasonably have foreseen that the harm was
likely to occur in the ordinary course of events as result of the breach of the
contract.
Attorney fees are not recoverable as damages.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or
conjecture.

**Source: 9th Cir. Model Civil Jury Instruction No. 5.1; CACI No. 350;** *Lederer*
*v. Gursey Schneider LLP* **22 Cal. App. 5th 508, 527**

EXHIBIT "E"

# JACOBSON & ASSOCIATES

*Attorneys at Law*
P.O. Box 1015
Tustin, CA   92781
(714) 505-4872

November 12, 2020

Douglas J. Rosner, Esq.
LAW OFFICES OF DOUGLAS JOSEPH ROSNER
2625 Townsgate Road, suite 330
Westlake Village, California 91361
rosnerlaw@earthlink.net
*Sent via Electronic Mail Only*

|  | RE: | Case: | *Beatbox Music Pty. Ltd v. Labrador Entertainment, Inc., et al* |
|---|---|---|---|
|  |  |  | U.S. District Court for the Central District of California |
|  |  | Our Client: | Michael Cohen and MCPC Holdings, LLC |
|  |  | SUBJECT: | ***The Invalidity of Labrador's March 2020 Pleadings*** |

Mr. Rosner:

As you are aware, the court issued a new scheduling order on September 23, 2020. Among the dates set by the order were the following:

| Last Day to Add Parties/Amend Pleadings: | March 1, 2021 |
|---|---|
| Non-Expert Discovery Cut-Off: | July 23, 2021 |

As you know, both of these deadlines ***had passed long ago*** under the prior scheduling order. The modification of the scheduling order resulted from the new claims filed by Beatbox Music Pty Ltd. ("Beatbox") ***with the express consent of the court***.[1] Notwithstanding, we anticipate that, now that these deadlines have been modified as for the limited purposes discussed above, you may attempt to use this modification as a premise for pursuing certain claims that you stated against our client, Michael Cohen ("Cohen"), including, without limitation, by propounding discovery relating to those aforementioned claims. In this regard I refer specifically to the claims stated in the document that you filed on March 2, 2020, and titled "Answer to Amended Complaint and Counterclaim Against Beatbox Music Pty, Ltd. and

---

[1] *See* Order dated January 17, 2020, ECF 102.

Mr. Douglas Rosner
*Beatbox Music Pty Ltd v. Labrador Entertainment, Inc., et al*
November 12, 2020
Page 2 of 6

Michael Cohen,"[2] and on March 7, 2020, titled "First Amended Answer to Amended
Complaint and Counterclaim Against Beatbox Music Pty, Ltd. and Michael Cohen."[3] Both of
these purported '*counterclaims*' concern Labrador's indemnity claims against Cohen in favor
of Labrador arising out of a *purported written agreement*[4] between the parties.

To the extent that we correctly anticipate that you will seek to litigate the matters risen in
your purported 'counterclaim' as it pertains to Mr. Cohen, ***please be advised that you have no
legal authority to do so because the purported 'counterclaim' against Cohen is <u>void ab initio</u>.***
In other words, Labrador has ***no right*** to obtain relief via the purported 'crossclaim.' In a
similar vein, the fatally defective nature of the purported 'counterclaim' means that Labrador
has ***no right*** to conduct discovery on those claims, and, concordantly, ***we have no obligation
to respond to any such discovery.***

The defects justifying the above-recited position stem in part from the standing arguments
that we have previously raised, but perhaps more significantly arise from the fact that your
pleading is invalid under the Federal Rules of Civil Procedure. ***In fact***, your pleading violates
the Federal Rules of Civil Procedure in ***multiple respects,*** each fatal in its own way.

## 1.   The FRCP Does Not Authorize Counterclaims Against A Cross-Party.

Initially, we note that you have mischaracterized the pleadings that you filed in March 2020
insofar as you have referred to each of them as your client's "counterclaim" against Cohen.
This mischaracterization of your pleading is not without consequence, as it is fundamentally
inconsistent with the Federal Rules of Civil Procedure, which explicitly distinguishes
crossclaims from counterclaims. Specifically, Rule 13 provides that a counterclaim is a claim
made in response to a claim made against the counterclaimant, while a crossclaim is filed
against another defendant in the matter ***who has not (or who has not yet) filed a claim against
the cross claimant.*** In other words, a claim against a party other than the party who has brought
a claim against the filer must be sought via crossclaim.

---

[2] ECF 132.

[3] ECF 139.

[4] As an aside, we note that your purported counterclaim is defective insofar as it relies on an exhibit
that doesn't exist. Specifically, Labrador references a written agreement between Labrador and
Cohen under which Paragraph 6.1 obligates Cohen to indemnify Cohen. Labrador has failed,
however, to attached the full contract, even omitting the very section that it cites as its basis for
relief. As such, your complaint fails to allege the contract at issue.

Mr. Douglas Rosner
*Beatbox Music Pty Ltd v. Labrador Entertainment, Inc., et al*
November 12, 2020
Page 3 of 6

Here, your March 2020 filings purport to state a counterclaim against Cohen. It is beyond dispute, however, that your March 2020 filings was in ***direct response*** to Beatbox, who had filed an amended complaint ***with the consent of the court***. As such, in the context of your response, Cohen was ***not a counter-party*** but instead a ***cross-party***. Therefore, you purported counterclaim is ***facially void,*** as it is in a proscribed form.

## 2.   The Claim Against Cohen Should Have Been Filed In December 2017.

While your purported ocunterclaim cannot surivve as it is not a mechanism envisioend by the Federal Rules of Civil Procedure in this context, there is an even more fundamental flaw infecting your purported March 2020 'counterclaim.' Specifically, while a counterclaim by Labrador against Cohen was impermissible in the context of a responsive pleading to Beatbox's first amended complaint, a counterclaim ***would have been*** the proper way to proceed – had time for doing so not ***long ago expired***.

Specifically, the Federal Rules of Civil Procedure not only distinguish crossclaims from counterclaims, but further subdivide counterclaims into two classes: ***compulsory counterclaims*** and ***permissive counterclaims***.[5] Compulsory counterclaims are claims which arise out of the same transaction or occurrence that is at issue in the subject matter of the "opposing party's claim," and which do not require the court to add another party over whom the court cannot obtain jurisdiction.[6] Claims outside this category are permissive. Critically, where a claim constitutes a compulsory counterclaim, the counterclaim ***must be filed at the time of the initial response (i.e. "pleading") to the complaint, i.e. within 21 days of service of the complaint.***[7]

Here, the indemnity claims Labrador asserts in its defective March 2020 filings ***indisputably arise*** from the same transaction or occurrence that was presented by Cohen's November 2017 crossclaim. Specifically, Cohen's crossclaim against Labrador asserts indemnity rights under the 2008 Composer's Agreement with respect to the use of music governed by the contract, namely, the track now known as *eminem-esqe*. Based on its defective March 2020 filings, it appears[5] that Labrador is seeking the same kind of relief under the same contract and with regards to the use of the same music. Indeed, it is essentially a ***mirror image claim***.

Further, the party who would be subject to the hypothetical counterclaim – i.e. Cohen – was already a party and under the court's jurisdiction at the time that the pleading was due, and there are therefore no jurisdictional bars. In the absence of a jursidictinoal obstacle and with the transactions at issue being identical, there simply can be no reasonable dispute that Labrador's obligations under Rule 13 with respect to compulsory counterclaims was triggered by the filing of Cohen's November 2017 crossclaim, and was therefore due at the time of

---

[5] *See id.*

Mr. Douglas Rosner
*Beatbox Music Pty Ltd v. Labrador Entertainment, Inc., et al*
November 12, 2020
Page 4 of 6

Labrador's December 2017 answer to the crossclaim. Labrador having failed to present a counterclaim as part of its responsive pleading (answer) to Cohen's crossclaim ***triggers a forfeiture of any such claim*** under the terms of the Federal Rules of Civil Procedure. Labrador's March 2020 filings are therefore ***invalid and do not suffice as a counterclaim*** within the meaning of the Federal Rules of Civil Procedure, and any subsequent filing would necessarily be untimely.

### 3.   Labrador Failed to Obtain the Court's or Cohen's Consent.

An equally fundamental failure of Labrador's March 2020 filings manifests in the fact that Labrador's act of filing the March 2020 pleadings with the court constituted a direct violation of the Federal Rules of Civil Procedure. Specifically, because the claims Labrador now asserts in its March 2020 filings should have been filed in December 2017 with the answer to the crossclaim, the ***only way*** that Labrador could have filed its counterclaim is by either ***obtaining the consent of Cohen or the Court***. This requirement is expressly stated in Rule 15 of the Federal Rules of Civil Procedure, which provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave." As you well know, Cohen never provided written consent to Labrador filing this claim, and no such written consent appears in the record. Likewise, Labrador failed to bring a motion to request the court's leave to file an amended complaint. This is a ***necessary step***, as indeed revealed by the fact that the court ***already expressly explained this requirement*** when it ruled on the Motion to Amend filed by Beatbox, for which an order issued on January 17, 2020. Labrador's March 2020 filings therefore are a ***legal nullity***, and can be disregarded without consequence.

### 4.   The Court Will Not Grant Leave to Labrador to File an Amended Answer.

Finally, to the extent you may be contemplating seeking court permission to amend your answer at this stage, we note that the law strongly favors denying any request you may lodge to amend your answer. In taking this position, Cohen recognizes that leave must generally "be freely given when justice so requires it," a generally liberal policy as to allowing amendments. Notwithstanding, the Supreme Court of the United States has identified five factors which must be considered by a court prior to granting any leave to amend. While two fo those factors are neutral in this matter and therefore may be disregarded,[6] the remaining three factors— namely, (1) bad faith, (2) undue delay, and (3) prejudice to the opposing party[7] – ***weigh heavily in favor of denial***. Specifically, I observe the following:

---

[6] Those two factors referred to as neutral are futility of the amendment and previous amendments. *Foman v. Davis,* 371 U.S. 178, 182 (1962).

[7] *Id.*

Mr. Douglas Rosner
*Beatbox Music Pty Ltd v. Labrador Entertainment, Inc., et al*
November 12, 2020
Page 5 of 6

**Bad Faith**. There is ample evidence that your filings likely reflect bad faith on the part of Labrador. Specifically, the Federal Rules of Civil Procedure make the necessity of filing a counterclaim abundantly clear, and the claim at issue is something that was immediately obvious from the start of the litigation – again, it is the very mere image of the crossclaim filed by Cohen which triggered Labrador's duty to counterclaim. Labrador's failure to counterclaim at that time – likely a product of its then-rush to have the matter subjected to a lengthy stay – evince bad faith.

The presence of bad faith on the part of Labrador manifests even more clearly by virtue of the March 2020 filings. Specifically, Labrador exercised bad faith insofar as it very clearly knew that it needed to seek leave to amend from the court or the consent of the opposing party. Labrador cannot feign ignorance to his reality insofar as that very issue was decided in the order issued on January 17, 2020, which specifically discussed the process for Rule 15 amendments. That Labardor nevertheless attempted to *sneak its claim in* is strong evidence of bad faith.

**Undue Delay**. The counterclaim should have been filed in December 2017 as part of Labrador's answer to the crossclaim. Labrador, however, waited until March 2020 – over two years later – before even ***attempting*** to file any kind of claim against Cohen. Further, evne this would require ***very generous treatment*** of the March 2020 filings insofar as those filings are ineffective for lack of consent. Thus, at the time of this letter – November 2020 – Labrador has waited nearly three years without seeking the court's consent or Cohen's consent to amending its pleadings. We note that this is in ***stark contrast*** to the circumstances that the court cited in granting leave to Beatbox, in which they recognized that Beatbox could not have learned of its claims until the deposition of the parties, and that it acted expeditiously thereafter to obtain leave, bringing a motion within a month of discovery of the claim. Here, Labrador knew of its claim for years, but did nothing, simply delaying matters needlessly.

**Prejudice to Cohen**. As recognized by Judge Fitzgerald in his January 17, 2020 order, this factor is the most salient factor with respect to determining the propriety of allowing leave to amend. Here, it is clear that Cohen would be severely prejudiced insofar as he has spent the last three years of his life working on this litigation with the expectation that he did not have to defend against any indemnity claims beyond those filed by Beatbox. Notably, this reality likely influenced a number of Cohen's strategic and tactical decisions throughout this litigation, and a timely filed counterclaim would likely have changed the trajectory of this case in ways that are not ascertainable at this point. To allow Labrador to amend its pleading now and co***mpletely change the nature of this litigation would severely harm Cohen***, something which this court is unlikely to countenance.

***Accordingly, any effort to amend your complaint would be an act of futility.***

Mr. Douglas Rosner
*Beatbox Music Pty Ltd v. Labrador Entertainment, Inc., et al*
November 12, 2020
Page 6 of 6

*****

Please advise us if you have any questions or response to our letter. If you need to reach me by email, you can contact me at rp@jacobsonlawyers.com.  Thank you for your attention to this matter.

Very truly yours,

**JACOBSON & ASSOCIATES**

Ronak Patel, Esq.

CC:    Dan Jacobson, JACOBSON & ASSOCIATES (by email only)
       Heather Blaise, BLAISE & NITSCHKE (by email only)

EXHIBIT "F"

U.S. District Court for the

Central District of California

| | |
|---|---|
| BEATBOX MUSIC PTY, LTD., | Case #: 2:17-cv-06108-MWF-JPR |
| Plaintiff | *Assigned for All Perposes to The Honorable Michael W. Fitzgerald, Judge of the District Court* |
| v. | [Proposed] Verdict Form Regarding Michael Cohen and MCPC Holdings, LLC |
| LABRADOR ENTERTAINMENT, INC., et al. | |
| Defendant | Trial Date: 12/06/22 |
| AND ALL RELATED CROSSCLAIMS | |

**1.    Beatbox's breach of contract cause of action against Mr. Cohen**

The parties agree that Mr. Cohen and Labrador Entertainment, Inc. contracted with each other, thus creating the February 14, 2008 "Composer Agreement."

a.    Did Beatbox prove that Beatbox would in fact benefit from the February 14, 2008 "Composer Agreement?"

NO ____ YES ____

If your response to "a" is "no," then your deliberations on this cause of action is complete. Please proceed to the next cause of action.

b.     Did Beatbox prove that a motivating purpose for Mr. Cohen and Labrador Entertainment, Inc. to enter into the February 14, 2008 "Composer Agreement" was to provide a benefit to Beatbox?

NO _____ YES _____

If your response to "b" is "no," then your deliberations on this cause of action is complete. Please proceed to the next cause of action.

c.     Did Beatbox prove that permitting it (a non-contracting party) to bring its own breach of contract action against Mr. Cohen (a contracting party), regarding the February 14, 2008 "Composer Agreement" is consistent with the objectives of the contract and the reasonable expectations of both Mr. Cohen and Labrador Entertainment, Inc.?

NO _____ YES _____

If your response to "c" is "no," then your deliberations on this cause of action is complete. Please proceed to the next cause of action.

d.     Did Beatbox prove that Beatbox saw or in any way perceived a warranty that was issued by Mr. Cohen to Labrador Entertainment, Inc. and was contained in the February 14, 2008 "Composer Agreement" between Mr. Cohen and Labrador Entertainment Inc.

If your response to "d" is "no," then your deliberations on this cause of action is complete. Please proceed to the next cause of action.

e.     Did Beatbox prove that Beatbox relied on a warranty contained in the February 14, 2008 "Composer Agreement" between Mr. Cohen and Labrador Entertainment, Inc.?

NO _____ YES _____

Verdict Form Regarding Michael Cohen and MCPC Holdings, LLC

If your response to "f" is "no," then your deliberations on this cause of action is complete. Please proceed to the next cause of action.

      f.      Did Beatbox prove that it did all, or substantially all, of the significant things that the "Composer Agreement" required it to do; or, that it was excused from having to do all, or substantially all, of the significant things that the contract required it to do?

NO ____   YES ___

If your response to "e" is "no," then your deliberations on this cause of action is complete. Please proceed to the next cause of action..

      g.      Was it proved that the song utilized by the New Zealand National Party as background music in its commercials was an altered and/or adapted version of eminem esque?

NO ____   YES ____

If your answer to "g" is "yes," then please answer "h." If your answer to "i" is "no," then please proceed to "h."

      h.      Was it proved that no one consulted with Mr. Cohen regarding the alteration and/or adaptation of eminem esque, before the song was aired?

NO ____   YES ___

If your response to "g" is "no," then your deliberations on this cause of action is complete. Please proceed to the next cause of action.

      i.      Was Beatbox harmed by Mr. Cohen's breach of contract?

NO ____   YES ___

Verdict Form Regarding Michael Cohen and MCPC Holdings, LLC

j.     What are Beatbox's monetary damages that were in the reasonable

expectations of the parties, resulting from Mr. Cohen's breach of a

warranty in the February 14, 2008 "Composer Agreement?"

$ _____.

///

///

///

**2.     Beatbox's Uniform Voidable Transaction Act and common law fraudulent transfer action against Mr. Cohen and MCPC Holdings, LLC**

    a.    Did Beatbox prove that Mr. Cohen transferred one or more assets to MCPC with the actual intent to hinder, delay, or defraud Beatbox?

In determining "actual intent" you may consider, among other things, any or all of the following:

    I.    Whether the transfer was to an insider.

    II.    Whether the debtor retains possession or control of the property transferred after the transfer.

    III.    Whether the transfer was disclosed or concealed.

    IV.    Whether before the transfer was made, Mr. Cohen had been sued or threatened with suit.

    V.    Whether the transfer was of substantially all of Mr. Cohen's assets.

    VI.    Whether Mr. Cohen absconded.

    VII.    Whether Mr. Cohen removed or concealed assets.

    VIII.    Whether Mr. Cohen became insolvent shortly after the transfer was made.

    NO ___ YES ___

If your response to "a" is "no," then your deliberations on this cause of action are complete. Please proceed to the next cause of action.

    b.    Did Beatbox prove that Beatbox has a right to payment from Mr. Cohen?

    NO ___ YES ___

If your response to "b" is "no," then your deliberations on this cause of action are complete. Please proceed to the next cause of action.

c.      Did Beatbox prove that Mr. Cohen's conduct was a substantial factor in causing Beatbox's harm?

NO ___   YES ___

If your response to "c" is "no," then your deliberations on this cause of action are complete. Please proceed to the next cause of action.

d.      What was Beatbox's harm, cause by Mr. Cohen's transfer?

$_____.

///

///

///

- 6 -

**3.     Mr. Cohen's breach of contract action against Labrador Entertainment, Inc.**

The parties agree that Mr. Cohen and  Labrador Entertainment, Inc. entered into a contract on February 14, 2008; and, that contract was entitled "Composer Agreement".

a.     Did Mr. Cohen prove that he did, or substantially did all, of the significant things that the contract required him to do; or that he was excused from doing such things?

NO ___ YES ___

If your response to "a" is "no," then your deliberations are complete. Please proceed to the next cause of action.

b.     Did all of the conditions that were required for Labrador Entertainment, Inc.'s performance occur; or were the required conditions excused or waived?

NO ___ YES ___

c.     Did Labrador Entertainment, Inc. fail to do something that the contract required it to do; or, did Labrador Entertainment, Inc. do something that the contract required that it not do?

NO ____ YES ___

d.     Was Mr. Cohen harmed by Labrador Entertainment, Inc.'s breach of contract?

NO ___ YES ___

If your response to "d" is "no," then your deliberations are complete. Please proceed to the next cause of action.

- 7 -

    e.    What are Mr. Cohen's monetary damages that were in the reasonable

expectations of the parties, resulting from Labrador Entertainment, Inc's

breach of a warranty in the February 14, 2008 "Composer Agreement?"

$_____

**4.     Mr. Cohen's express indemnity action against Labrador Entertainment, Inc.**

   a.     Was it proved that the February 14, 2008 "Composer Agreement" had a clause that required Labrador Entertainment, Inc. to indemnify Mr. Cohen for money that Mr. Cohen might owe a third party as a result of Labrador Entertainment, Inc.'s action(s) under the contract.

   NO ___   YES ___

If your response to "a" is "no," then your deliberations are complete. Please contact the Courtroom Deputy and tell her that you are done.

   b.     Was it proved that the "Composer Agreement" prohibited Labrador Entertainment, Inc. from licensing or assigning the right to a third party to alter or adapt eminem esque without requiring that third party to consult with Mr. Cohen before such alteration or adaptation.

   NO ___   YES ___

If your response to "b" is "no," then your deliberations are complete. Please contact the Courtroom Deputy and tell her that you are done.

   c.     Was it proved that Labrador Entertainment, Inc. licensed or assigned the right to Beatbox, and /or allowed its licensee(s) or assignee(s) to alter or adapt eminem esque without requiring consultation with Mr. Cohen before such alteration or adaptation?

   NO ___   YES ___

If your response to "c" is "no," then your deliberations are complete. Please contact the Courtroom Deputy and tell her that you are done.

///

- 9 -

d.      Was Labrador Entertainment, Inc.'s action(s) regarding licensing or assigning eminem esque with the right to alter or adapt eminem esque a substantial factor in harm to Mr. Cohen?

NO ___  YES ___

If your response to "d" is "no," then your deliberations are complete. Please contact the Courtroom Deputy and tell her that you are done.

e.      How much are Mr. Cohen's damages, as a result of Labrador Entertainment, Inc.'s owing under the express indemnity clause?

$_____.

///

///

///

Verdict Form Regarding Michael Cohen and MCPC Holdings, LLC