Dan Jacobson # 134978
dlj@jacobsonlawyers.com
Ronak Patel # 296296
rp@jacobsonlawyers.com
JACOBSON & ASSOCIATES
1352 Irvine Blvd., Suite 205
Tustin, CA   92780
(714) 505-4872

Attorney for Defendant and Crossclaimant,
Michael Cohen and Defendant MCPC Holdings, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEATBOX MUSIC PTY, LTD.<br><br>Plaintiff,<br><br>v.<br><br>LABRADOR ENTERTAINMENT INC., et al.<br><br>Defendants.<br><br>MICHAEL COHEN, an individual;<br><br>Crossclaimant,<br><br>v.<br><br>LABRADOR ENTERTAINMENT INC., D/B/A/ SPIDER CUES MUSIC LIBRARY, a California Corporation;<br><br>Cross-Defendant. | CASE NO.: 2:17-cv-06108-MWF-JPR<br><br>[*Assigned to the Honorable Michael W. Fitzgerald*]<br><br>Defendant/Crossclaimant Michael Cohen and MCPC Holdings, LLC's Opposition to Beatbox's Motion in Limine to Exclude Their Expert (#4)<br><br>Complaint Filed:   08/22/17<br>Trial Date:            12/06/22 |

///

Beatbox claims that Dr. Eskelin's Report "fails to meet the disclosure requirements." Plaintiff Beatbox's Motions in Limine, p. 15: ln. 19-20. But, Plaintiff does not explain which parts of Fed. R. Civ. Pro. 26(a) ("Disclosure of Expert Testimony") were allegedly violated. Beatbox can't mention any such violations, because there has been none.

In fact, the two paragraphs that Beatbox devotes to Dr. Eskelin say very little. Plaintiff's Motion In Limine, pp. 15-16 pars. 43-45. This Opposition will identify the little criticism that is provided, and then refute it.

(A) "Nothing contained in [Dr. Eskelin's] Report identifies how Dr. [] Eskelin is remotely qualified to opine that the contractual meanings of the words 'alter' or 'adapt have no meaning in the music industry." Plaintiff's Motion In Limine, 15:24-26.

Answer to (A) First, there nothing in Dr. Eskelin's report that says that "the words 'alter' or 'adapt' have no meaning in the music industry." Dr. Eskelin's on that issue is clearly stated in Opinion 1. All 4 paragraphs, p. 4. of Dr. Eskelin report. The first paragraph says, "The words 'alter' and 'adapt' have no specialized meaning in the music industry. I have based my opinions on the ordinary meaning of those words. Those

words are no Special to music, they have general meanings In coming to this opinion, I have ultilized my **over sixty years in music**." [Emphasis added.

Then Dr. Eskelin did as the law requires. He found the plain meaning of the words in question. "The words of a contract are to be understood in their ordinary and popular sense, rather than according to their strict legal meaning; unless used by the parties in a technical sense, or unless a special meaning is given to them by usage, in which case the latter must be followed." CA Civil Code § 1644. Since there is no technical meaning for alter or adapt in music, Dr. Eskelin did what he is supposed to do; he found the "ordinary" sense of the word.

"The ordinary sense of a word is to be found in a general dictionary." (Scott v. Continental Insurance Company (1996) 44 Cal. App. 4th 24, 29-30.) So, Dr. Eskelin looked to Webster's to find the meaning of "alter" and adapt," as used in the Composer's Agreement.

(B)  "[T]he Report does not indicate [Dr.] Eskelin's background, knowledge, experience and/or training as it relates to contractual meanings and/or licensing in the music industry." Plaintiff's Motion In Limine, 15:26-16:1.

Answer to (B)  At the time of wring the report, Dr. Eskelin had **sixty years** of experience in the music industry, including the following – and note that it is safe to presume that over his **sixty years** of experience, he is encountered many contract, many words, and that he knows the industry inside and out:

*** Obtaining a Doctor of Music Education Degree from Indiana University;

*** Obtaining a Master of Arts Degree from Indiana University;

*** Obtaining a B.A. of Arts from Florida Souther College, with a Major in Music;

*** He was Director, L.A. Jazz Choir;

*** He was Director, Eskelin Singers;

*** He was Director, Valley Master Chorale;

*** He was a freelance singer;

*** He was a freelance Clarinetist/Saxophonist;

*** He was a Professor **Chair** of the Music Department at Vanguard University;

*** He was a Music Instructor at California Institute of the Arts;

*** He was an Associate Professor of Music at the University of Southern California;

*** He was a Professor of Music at Los Angeles Pierce College;

*** He was a Member of:

* American Federation of Television and Radio Artists;

* The Screen Actors Guild;

* American Federation of Teachers;

* American Choral Directors Association;

* National Association of Jazz Educators;

* National Academy of the Recording Arts and Sciences;

|   |   |   |
|---|---|---|
|   | * | American Society of Music Arrangers. |
|   | *** | He has been nominated for a **Grammy Award** *twice*. Dr. Eskelin's Report, Exhibit "A", Curriculum Vitae |
| (C) |   | "[T]he Eskelin Report is silent as to any background other than that of a musician." |
| Answer to (C) |   | Please see the response to (B). |
| (D) |   | [N]othing disclosed by Defendant Cohen indicates the [Dr.] Eskelin is qualified to opine about contractor meanings in music industry contracts . . . ." |
| Answer to (D) |   | Please see the response to (B). |

DATE: 11/07/2022

JACOBSON & ASSOCIATES

_____

Dan Jacobson, Attorneys for Defendant and Crossclaimant Michael Cohen and Defendant MCPC Holdings, LLC

- 6 -

Michael Cohen's & MCPC's Opposition to Beatbox's Motions in Limine to exclude Their Expert