Douglas J. Rosner, ESQ., SBN 094466
rosnerlaw@earthlink.net
LAW OFFICES OF DOUGLAS JOSEPH ROSNER
2625 Townsgate Road, Suite 330
Westlake Village, California 91361
Telephone No. (818) 501-8400
Facsimile No.: (818) 880-4485

Attorney for Defendant/Cross-Complainant,
Labrador Entertainment, Inc. dba Spider Cues Music Library,
Labrador Entertainment, LLC, Noel Palmer Webb,
an individual and Webb Family Trusts

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| BEATBOX MUSIC, PTY, LTD., | Case No. 2:17-cv-6108-MWF (JPRx) |
| Plaintiff, | *Assigned to the Hon. Michael W. Fitzgerald* |
| vs. | |
| LABRADOR ENTERTAINMENT, INC., DBA SPIDER CUES MUSIC LIBRARY, a California corporation, | LABRADOR ENTERTAINMENT, INC. DBA SPIDER CUES MUSIC LIBRARY, LABRADOR ENTERTAINMENT, LLC, NOEL PALMER WEBB, AN INDIVIDUAL AND WEBB FAMILY TRUSTS NOTICE OF MOTION AND MOTION TO TRIFURCATE TRIAL |
| Defendants. | |
| AND ALL RELATED ACTIONS | |
| | Judge: Hon. Michael W. Fitzgerald |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD;

PLEASE TAKE NOTICE THAT, on November 21, 2022, at 10:00 a.m. in Dept. 5A of the above-entitled court, Defendants Labrador Entertainment, INC. Dba Spider Cues Music Library, Labrador Entertainment, LLC, Noel Palmer Webb, an Individual

and Webb Family Trusts will and do move this court for an order trifurcating the issues and separating trial on legal issue to be decided by the Court, before conducting a jury trial on the issues in which a jury must be the finder of facts. In addition to bifurcating the legal issues the contribution/indemnification claims of Labrador Defendants should be trifurcated. Finally, separate trials should be held for UFTA and related common law claims, if plaintiff is successful.

**POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO BIFURCATE TRIAL**

Labrador Defendants believe that it would be most expeditious for this Court to order separate trial on the legal issues to be decided by the Court, before conducting a jury trial on the issues in which a jury must be the finder of facts. The Court's March 2022 summary judgment opinion made clear that are several issues that are for the Court to decide as which there were genuine issues of material fact. Defendants submit that a bench trial on that set of legal issues will be the most expeditious approach to the trial of this matter as resolution of some of the legal issues in Labrador Defendants' favor will obviate the need for a trial completely, while resolution of others could greatly simplify the jury's task on a second phase trial and should result in a streamlined proceeding.

This Court's authority to bifurcate comes from Federal Rule of Civil Procedure 42(b) which provides that "For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." FRCP 42(b). Courts have broad discretion to bifurcate trials to avoid costly and possibly unnecessary proceedings. *Hangarter v. Provident Life & Acc. Ins. Co.,* 373 F.3d 998, 1021 (9th Cir. 2004). *See also* 9A Charles Alan Wright, et al., Federal Practice and Procedure: Civil 3d § 2398, at 126 (2008) ("Rule 42(b) is sweeping in its terms and allows the district court, in its

discretion, to grant a separate trial of any kind of issue in any kind of case."); 8–42Moore's Federal Practice—Civil § 42.20[5][a] ("Not only does the court have discretion to bifurcate claims or issues traditionally considered to be divisible, such as liability and damages, but also, to separate for trial virtually any other issue that it thinks proper."). Mirroring the words of Rule 42(b), courts considering bifurcation look at factors such as "avoiding prejudice, separability of the issues, convenience, judicial economy, and reducing risk of confusion." *Bates v. UPS,* 204 F.R.D. 440, 448 (N.D. Cal. 2001).

The courts have found that "bifurcation may be appropriate where, for example, the litigation of the first issue might eliminate the need to litigate the second issue . . ." *Amato v. City of Saratoga Springs, N.Y.*, 170 F.3d 311, 316 (2d Cir. 1999). *See* also *Philips North America LLC v. Summit Imaging Inc.,* 2020 WL 8373416, *1 (W.D. Wash. 2020) ("Bifurcation is particularly appropriate when resolution of a single claim or issue could be dispositive of the entire case."). The resolution of discrete legal issues in an initial bench trial here might well eliminate the need for the jury to decide issues that would flow the resolution of the legal issues by the Court in an initial trial.

For example, in its summary judgment ruling, this Court noted that "the applicability of New Zealand copyright law within the U.S. is unclear due to the general territorial limitations of intellectual property law." [Dkt. 255 at 10] The determination of whether or not New Zealand copyright law applies with the U.S. is not an issue for the jury to decide, and, in order to consider the evidentiary significance of the New Zealand judgment, the jury necessarily would need to know whether New Zealand copyright law applies to the representations and warranties made by Labrador in the license. A bifurcated bench trial on the issue of the

1 applicability of New Zealand copyright law to these proceedings would greatly
2 streamline and potentially even avoid the necessity of a second phase jury trial.
3 In addition, no party asserts that the license agreement and its terms are ambiguous.
4 Given both parties believe the license agreement and its indemnity provisions are
5 unambiguous, it is for the Court to decide what the contract means, and then the jury
6 would apply that meaning to the facts to determine whether there has been a breach.
7 See, e.g., *Brobeck, Phleger & Harrison v. Telex Corp.*, 602 F.2d 866, 871 (9th
8 Cir.1979) ("Under California law, the determination of whether a written contract is
9 ambiguous is a question of law that must be decided by the court.").

10 The specific issue to be resolved by the Court as a matter of law, in the form in
11 effect of a declaratory judgment, is the meaning of the indemnity clause, which only
12 applies to expenses "incurred by reason of any infringement of rights or other claim
13 inconsistent with [Labrador's] guarantees, warranties, representations, and
14 undertaking contained in this Agreement." [2009 License Section 16(v)] Were this
15 court to determine at a bench trial, as a matter of law, that there necessarily must bean
16 infringement of rights by a licensed cue for Beatbox to invoke the indemnity
17 provision, or that Labrador's representations of non-infringement only apply when a
18 sublicensee such as BeatBox is found to have committed infringement through its
19 sublicensing activities (and is not a representation or warranty that BeatBox would
20 never get sued), then the jury can rather easily apply the facts this Court's declaration
21 of the meaning of the agreements and the jury trial will be radically streamlined, if it
22 even occurs at all. *Compare Jinro Am. Inc. v. Secure Invs., Inc.*, 266 F.3d 993 (9thCir.
23 2001) (holding that the district court's decision that "before addressing any of the
24 parties' claims, an initial determination should be made whether the parties had
25 entered into a valid agreement and, if so, what that agreement entailed" was "a

reasonable way to promote clarity and judicial economy, because the validity of the contract directly informed the resolution of the other claims"); *F.D.I.C. v. Safeco Ins. Co. of Am.,* No. 2:02-CV-01051-KJD, 2011 WL 4753416, at *2 (D. Nev. Oct. 7,2011) ("If at the bench trial, the Court determines that FDIC succeeded to the rights of CMC when the bonds were assigned, then Safeco can properly assert defenses based on the alleged fraud by CMC. If FDIC's argument prevails and the contract is reformed to state that FDIC was the original intended obligee, then the Court will proceed on the breach of contract and other claims before the jury.").

In addition to bifurcating the legal issues in advance of a second phase jury trial, Labrador Defendants believe that the contribution/indemnification claims of Labrador Defendants should be trifurcated. Labrador Defendants seeks to be indemnified for its having been sued in this very action. Whether or not there even needs to be a trial on the indemnification cross-claim is highly dependent on the outcome of the trial over BeatBox's claim for contractual indemnification. It would bevastly more efficient to hold the issue of the crossclaim by Labrador Defendants for a subsequent trifurcated trial. Compare *Shaughnessy v. Ass'n of Apartment Owners of Moana Pac.,* No. CIV. 09-00051 ACK, 2011 WL 97254, at *4 (D. Haw. Jan. 12, 2011) (bifurcating indemnity cross claim because "if the AOAO and KC Rainbowprevail in the trial of Plaintiff's FHA claims, KC Rainbow would not need to try itsindemnification claims"). See also *American Family Mut. Ins. Co., Inc. v. Haslam*,2011 WL 1042284, *2 (D. Colo. 2011) (bifurcation appropriate when, "depending on the jury's verdict, the cross-claims may evanesce"). In addition to the matter of efficiency, there is also a prejudice consideration to permitting the indemnitycross-claim to proceed at the same time as the Beatbox claims in chief. *CompareMagazzu v. Volmar Services, Inc.,* 2009 WL 5194396 (D.N.J. 2009)

(indemnification issue was separated from negligence claim because its inclusion may have caused jury to misperceive role of indemnitor; bifurcation thus would reduce potential for prejudice).

Finally, if Defendants win this case, the UFTA and related common law claim are moot. Courts are quite aware of the potential inefficiency in concurrently trying fraudulent conveyance cases with the underlying case. This issue first arose with regard to judicial discussion of the accrual date for statute of limitations purposes. In California, courts have held that a fraudulent conveyance claim "accrue[s] on the date of judgment." *Macedo v. Bosio*, 86 Cal. App. 4th 1044, 1049, 104 Cal. Rptr. 2d 1, 4 (2001). Courts have noted that any other rule would undermine the "salutary purposes served by obviating the need for a second lawsuit while the underlying action is being pursued . . .." *Id*. This same salutary purpose strongly counsels in favor of severing Counts 7 and 8.

DATED: November 8, 2022

                                   Law Offices of Douglas Joseph Rosner

                                    /s/ Douglas J. Rosner

By: Douglas J. Rosner
Attorney for Defendant/Cross-Complainant, Labrador Entertainment, Inc. dba Spider Cues Music Library, Labrador Entertainment, LLC, Noel Palmer Webb, an individual and Webb Family Trusts

LABRADOR ENTERTAINMENT NOTICE OF MOTION AND MOTION TO TRIFURCATE TRIAL