1   Douglas J. Rosner, ESQ., SBN 094466
    rosnerlaw@earthlink.net
2   LAW OFFICES OF DOUGLAS JOSEPH ROSNER
    2625 Townsgate Road, Suite 330
3   Westlake Village, California 91361
    Telephone No. (818) 501-8400
4   Facsimile No.: (818) 880-4485
    email: rosnerlaw@earthlink.net; Doug@DRosnerlaw.com
5   Attorney for Defendant/Cross-Defendants,
    Labrador Entertainment, Inc. dba Spider Cues Music
6   Library, Labrador Entertainment, LLC, Noel Palmer
    Webb, an individual and Webb Family Trusts

7

8

9                  UNITED STATES DISTRICT COURT

10      CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

11

12   BEATBOX MUSIC, PTY, LTD.,            )  Case No. 2:17-cv-6108-MWF (JPRx)
                                          )  Assigned to the Hon. Michael W.
13                  Plaintiff,            )  Fitzgerald
                                          )
          vs.                             )
14                                        )  LABRADOR ENTERTAINMENT,
     LABRADOR ENTERTAINMENT,              )  RESPONSE TO PLAINTIFF'S
15   INC., DBA SPIDER CUES MUSIC          )  MOTION TO EXCLUDE
     LIBRARY, a California corporation,   )  UNDISCLOSED EVIDENCE AND
16                                        )  UNDISCLOSED WITNESSES;
                  Defendants.             )  IRRELEVANT EVIDENCE AND
17   ────────────────────────────        )  ARGUMENT; LABRADOR'S
                                          )  SELF-PREPARED
18        AND ALL CROSS CLAIMS               SPREADSHEETS THAT PURPORT
                                             TO COMPRISE SPIDER CUES
19                                           LIBRARY; TESTIMONY AND
                                             EXPERT REPORTS; AND
20                                           EVIDENCE CONTRADICTORY
                                             TO FACTS

21

22

23

24

25

26   ────────────────────────────────────────────────────────

27   LABRADOR ENTERTAINMENT, RESPONSE TO PLAINTIFF'S MOTION TO EXCLUDE

28   EVIDENCE                                                    Pagei

**Table of Contents**                                            **Page Number**

I.  Motion in Limine No. 1 Concerning Purportedly Undisclosed Evidence and Witnesses Should Be Denied . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2

II. Beatbox's Motion in Limine No. 2 Seeking to Exclude 4 Categories of Evidence as Irrelevant Should Be Denied . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  5

III.  Beatbox's Motion in Limine No. 3 Directed at "Labrador's Self-prepared Spreadsheets That Purport to Comprise Spider Cues Library: Should Be Denied . . .  8

IV.  Beatbox's Motion in Limine No. 4 Concerning "Testimony and Expert Reports" Should Be Denied. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  9

IV.  Motion in Limine No. 5 Seeking to Exclude "Evidence Contradictory to Facts" Should Be Denied. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  11

Table of Authorities

**Statutes**

FRCP Rule 37(c)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2

Fed. R. Civ. P. 26 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2, 4

Fed. R. Civ. P. 26(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  4

Fed. R. Civ. P.  56.1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  16

**Cases**

Lanard Toys Ltd. v. Novelty, Inc., 375 Fed. App'x. 705 (9th Cir. 2010) . . . . . . . . . . .  2

Cortez v. City of Los Angeles, 2020 WL 1956813 (C.D.Cal. Jan. 14, 2020)  . . . . .  2-3

United States v. Aiyaswamy, 2017 WL 1365228 (N.D. Cal. Apr. 14, 2017)  . . . . . . .  3

Balboa Instruments. Inc. v. Gecko Electronique,
2002 WL 34453502 (C.D. Cal. Mar. 20, 2002). . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3

Sweeney v. Chang, 2019 WL 1431583 (C.D. Cal. Mar. 26, 2019). . . . . . . . . . . . . . . .  3

Sandigo v. Ocwen Loan Servicing, LLC,

**Cases (continued)**                                                    **Page Number**

2019 WL 2579341 (N.D. Cal. June 24, 2019)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

GenSci OrthoBiologics v. Osteotech, Inc.,

2001 WL 36239743 (C.D. Cal. Oct. 18, 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Luke v. Family Care and Urgent Medical Clinic,

323 Fed. Appx. 496 (9th Cir. 2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Lucero v. Ettare, 2017 WL 11693747 (N.D. Cal. June 7, 2017) .. . . . . . . . . . . . . . . 5

Colton Crane Co. v. Terex Cranes Wilmington, Inc.,

2010 WL 2035800 (C.D.Cal. May 19, 2010)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

United States v. Capriotti, 2013 WL 1563214 (E.D. Cal. Apr. 12, 2013). . . . . . . . . . 6

Jacobs v. Universal Development Corp. (1997) 53 Cal.App.4th 692 . . . . . . . . . . . . . 7

Miraflor v. Peachstate Health Mgmt., LLC,

2020 WL 3841047 (C.D. Cal. Feb. 11, 2020) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Hana Fin., Inc. v. Hana Bank, 735 F.3d 1158 (9th Cir. 2013). . . . . . . . . . . . . . . . . . 7

Provident Life & Acc. Ins. Co. v. Adie, 176 F.R.D. 246 (E.D. Mich. 1997) . . . . . . . 7

Silicon Storage Tech., Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh,

2015 WL 12990244 (N.D. Cal. Nov. 19, 2015). . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Calico Brands, Inc. v. Ameritek Imports, Inc.,

WL 9658317 (C.D. Cal. Nov. 27, 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

O Bar Cattle Co. v. Owyhee Feeders, Inc.,

2010 WL 2404306 (D. Idaho June 10, 2010)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

United States v. Sepulveda-Hernandez, 752 F.3d 22 (1st Cir. 2014)  . . . . . . . . . . . . 10

Gordon & Breach Sci. Publishers S.A. v. Am. Inst. of Physics,

905 F. Supp. 169 (S.D.N.Y. 1995). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11-12

Bata v. Bata, 163 A.2d 493 (S.Ct.Del.1960), cert. denied,

**Cases (continued)**                                                          **Page Number**

366 U.S. 964, 81 S.Ct. 1926, 6 L.Ed.2d 1255 (1961)). . . . . . . . . . . . . . . . . . . . . . . . . . 12

In re Harmon, 250 F.3d 1240 (9th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Lucido v. Superior Court, 51 Cal.3d 335, (1990) (in bank) . . . . . . . . . . . . . . . . . . . 12

In re Massa Falida do Banco Cruziero do Sul, S.A.,

637 B.R. 675 (S.D. Fla. 2022) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

 Peterson v. Clark Leasing Corp.,

451 F.2d 1291 (9th Cir.1971) (per curiam) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

United States v. Lasky, 600 F.2d 765 (9th Cir.1979) . . . . . . . . . . . . . . . . . . . . . . . . 13

Littlejohn v. United States, 321 F.3d 915 (9th Cir.2003) . . . . . . . . . . . . . . . . . . . . 13

Clark v. Bear Stearns & Co., Inc., 966 F.2d 1318 (9th Cir.1992). . . . . . . . . . . . . . 13

Sanofi-Aventis U.S. LLC v. Mylan GmbH,

2019 WL 4861428 (D.N.J. Oct. 2, 2019). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Gordon & Breach, 905 F. Supp. at 179 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Headwaters Inc. v. U.S. Forest Serv., 399 F.3d 1047 (9th Cir.2005) . . . . . . . . . . . . 14

Taylor v. Sturgell,

553 U.S. 880, 128 S. Ct. 2161, 2173, 171 L. Ed. 2d 155 (2008). . . . . . . . . . . . . . . . 14

United States v. Bhatia, 545 F.3d 757 (9th Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . 14

Santa Margherita, S.P.A. v. Weine,

2013 WL 12125539 (C.D. Cal. Aug. 28, 2013). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Pony Express Records, Inc. v. Springsteen, 163 F.Supp.2d 465 (D.N.J. 2001) . . . . . . 15

Cuno Inc. v. Pall Corp., 729 F. Supp. 234 (E.D.N.Y. 1989) . . . . . . . . . . . . . . . . . . . . 15

**Publications**

18 C. Wright, A. Miller, E. Cooper, Federal Practice and Procedure § 4449, at 411–419

(1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

**Publications (continued)**                                        **Page Number**

18A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Fed. Prac. & Proc. §
4451, p. 373 (2d ed.2002). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   14

1   Douglas J. Rosner, ESQ., SBN 094466
    rosnerlaw@earthlink.net
2   LAW OFFICES OF DOUGLAS JOSEPH ROSNER
    2625 Townsgate Road, Suite 330
3   Westlake Village, California 91361
    Telephone No. (818) 501-8400
4   Facsimile No.: (818) 880-4485

5   Attorney for Defendant/Cross-Complainant,
    Labrador Entertainment, Inc. dba Spider Cues Music Library,
6   Labrador Entertainment, LLC, Noel Palmer Webb,
    an individual and Webb Family Trusts

7

8

9                   UNITED STATES DISTRICT COURT

10        CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

11

12   BEATBOX MUSIC, PTY, LTD.,              )   Case No. 2:17-cv-6108-MWF (JPRx)
                                            )   *Assigned to the Hon. Michael W.*
13                    Plaintiff,            )   *Fitzgerald*
                                            )
             vs.                            )
14                                          )   LABRADOR ENTERTAINMENT,
     LABRADOR ENTERTAINMENT,                )   RESPONSE TO PLAINTIFF'S
15   INC., DBA SPIDER CUES MUSIC            )   MOTION TO EXCLUDE
     LIBRARY, a California corporation,     )   UNDISCLOSED EVIDENCE AND
16                                          )   UNDISCLOSED WITNESSES;
                     Defendants.            )   IRRELEVANT EVIDENCE AND
17   _____       )   ARGUMENT; LABRADOR'S
                                            )   SELF-PREPARED
18   AND ALL RELATED ACTIONS                )   SPREADSHEETS THAT PURPORT
                                            )   TO COMPRISE SPIDER CUES
19                                              LIBRARY; TESTIMONY AND
                                                EXPERT REPORTS; AND
20                                              EVIDENCE CONTRADICTORY
                                                TO FACTS

21

22

23

24

25

26

27   LABRADOR ENTERTAINMENT, RESPONSE TO PLAINTIFF'S MOTION TO EXCLUDE

28   EVIDENCE                              1

Defendant/Cross-Complainant, Labrador Entertainment, Inc. dba Spider Cues Music Library, Labrador Entertainment, LLC, Noel Palmer Webb, an individual and Webb Family Trusts submit their Response to Plaintiff's Motion to Exclude Undisclosed Evidence and Undisclosed Witnesses; Irrelevant Evidence and Argument; Labrador's Self-prepared Spreadsheets That Purport to Comprise Spider Cues Library; Testimony and Expert Reports; and Evidence Contradictory to Facts.

Beatbox has filed twelve motions in limine (which Beatbox combined into what it calls five such motions), all of which should be denied. Most seek to contest or weigh evidence, which is the role of the jury. The motions are largely an abuse of the motion in limine process, as is discussed herein.

## I.  MOTION IN LIMINE NO. 1 CONCERNING PURPORTEDLY UNDISCLOSED EVIDENCE AND WITNESSES SHOULD BE DENIED.

Beatbox fails to cite any case law to support a motion limine to categorically preclude any purportedly previously undisclosed witnesses or evidence. In fact, the law concerning categorical in limine motions is to the contrary because FRCP Rule 37(c)(1) requires a court faced with evidence not disclosed in accordance with Rule 26 to determine whether the failure to disclose was substantially justified or harmless. "Among the factors that may properly guide a district court in determining whether a violation of a discovery deadline is justified or harmless are: (1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence." *Lanard Toys Ltd. v. Novelty, Inc.*, 375 Fed. App'x. 705, 713 (9th Cir. 2010).

Because the *Lanard Toys* inquiry is so fact-bound, courts regularly deny such blanket motions because the Rule 37(c)(1) determination must be made on a case by case basis. *See, e.g., Cortez v. City of Los Angeles*, 2020 WL 1956813, at *2 (C.D.

LABRADOR ENTERTAINMENT, RESPONSE TO PLAINTIFF'S MOTION TO EXCLUDE EVIDENCE                                               2

Cal. Jan. 14, 2020) (Court denied motion in limine to preclude "defendants from producing or introducing any evidence or witnesses at trial [that] defendants failed to disclose prior to the close of discovery" stating that "[a]t this juncture [] the Court declines to issue an order precluding the hypothetical introduction, under any circumstances, of unspecified evidence or witnesses. To the extent that defendants attempt to rely on previously undisclosed witnesses or evidence at trial, Cortez can raise that objection at trial."); *United States v. Aiyaswamy*, 2017 WL 1365228, at *4 (N.D. Cal. Apr. 14, 2017) ("The Court declines to make a blanket ruling that Defendant's failure to comply with its discovery obligations will necessary lead to the exclusion of the undisclosed evidence . . . While a Defendant's introduction of evidence by surprise at trial may require exclusion of that evidence, such a determination must be made on a case-by-case basis.); *Balboa Instruments. Inc. v. Gecko Electronique*, 2002 WL 34453502, at *1 (C.D. Cal. Mar. 20, 2002) (granting motion in limine as specified late-disclosed evidence but "[t]he Court denies plaintiff's Motion in Limine as to all other unspecified witnesses and documents not produced by the March 1, 2000 discovery cut-off date.").

As to the effort to exclude the testimony of Peter Moor and Bali Virk, Beatbox has failed to establish prejudice. Beatbox admits that the witnesses were set forth in a formal amended Rule 26 disclosure in April 2022, seven months ago. Beatbox did nothing to address this purported late disclosure over the ensuing seven months, waiting until the eve of trial to complain. It had knowledge Labrador's intent to call these witnesses and ample time and opportunity to depose them but chose not to. *Compare Sweeney v. Chang*, 2019 WL 1431583, at *5 (C.D. Cal. Mar. 26, 2019) (Where witnesses were disclosed a year before trial, "defendant accordingly would have had ample opportunity to interview or depose these individuals. Accordingly,

plaintiff demonstrates that there was no 'prejudice or surprise to the party against whom the evidence is offered,' and defendant's 'ability to cure the prejudice was high.'"); *Sandigo v. Ocwen Loan Servicing, LLC*, 2019 WL 2579341, at *1 (N.D. Cal. June 24, 2019) ("the harsh sanction of exclusion under FRCP 37 is not necessary here because the prejudice to Plaintiff can otherwise be cured" because "there are almost two months until trial, there is sufficient time for Plaintiff to take Ms. Spurlock's deposition"); *GenSci OrthoBiologics v. Osteotech, Inc.*, 2001 WL 36239743, at *13 (C.D. Cal. Oct. 18, 2001) ("the disclosure of the seven witnesses on September 5, 2000 [a year prior] is not sufficiently prejudicial to warrant exclusion."). Beatbox's citation to *Luke v. Family Care and Urgent Medical Clinic*, 323 Fed. Appx. 496, 500 (9th Cir. 2009) [Dkt 294 at 8] is not to the contrary as the Luke court merely upheld the discretion of the district court to exclude the evidence under the particular facts and circumstances of that case. Here, Beatbox delayed in complaining about late disclosure and also failed to act to cure any prejudice by deposing these witness in the more than half a year following disclosure.

Further, Beatbox was aware of these witnesses earlier than the formalized amended Rule 26 disclosure in April 2022 as Labrador made these names known to Beatbox on July 22, 2021. A party is not required under Rule 26(e) to supplement information "that has been otherwise made known to the parties in writing or during the discovery process." See Fed. R. Civ. P. 26, 1993 Amendment Advisory Committee Note.

///

///

///

///

LABRADOR ENTERTAINMENT, RESPONSE TO PLAINTIFF'S MOTION TO EXCLUDE EVIDENCE                                                4

In the matter of *Eight Mile Style, LLC vs. New Zealand National Party* CIV-2014-485-11220 [2017] NZHC 2603 ("New Zealand Case") the emails of Peter Moore and Bali Virk were produced during the discovery process. Further, Peter Moore not only filed a brief of evidence he testified at that trial. Beatbox was a named party and was aware of the testimony of Peter Moore and the emails of both these witnesses.

## II. BEATBOX'S MOTION IN LIMINE NO. 2 SEEKING TO EXCLUDE 4 CATEGORIES OF EVIDENCE AS IRRELEVANT SHOULD BE DENIED.

Beatbox's "second" motion in limine is really four different motions in limine predicated on the lack of relevance of four different categories of documents. "Relevant evidence is any evidence that has any tendency to make a fact that is of consequence to the determination of the action more or less probable than it would be without the evidence." *Lucero v. Ettare*, 2017 WL 11693747, at *1 (N.D. Cal. June 7, 2017) (citing Fed. R. Evid. 401). As a general matter, relevance is not usually properly addressed at the motion in limine stage because the relevance of evidence needs to be judged in relation to the other evidence that comes out during the course of the trial. *See Colton Crane Co. v. Terex Cranes Wilmington, Inc.,* 2010 WL 2035800, at *1 (C.D.Cal. May 19, 2010) ("motions *in limine* should rarely seek to exclude broad categories of evidence, as the court is almost always better situated to rule on evidentiary issues in their factual context during trial.").

Beatbox first argues that unspecified parts of the "bank records" produced in the case are irrelevant. It does not identify what specific pages it wants the Court to exclude and Labrador is vexed as to how to respond except to note that the dates of relevant bank records directly relates to the date(s) Beatbox contends Labrador should have been aware of potential exposure to liability, and it also goes to Labrador's worth

LABRADOR ENTERTAINMENT, RESPONSE TO PLAINTIFF'S MOTION TO EXCLUDE EVIDENCE                                            5

and solvency. Both of these are elements of a CUFTA claim. *See United States v. Capriotti*, 2013 WL 1563214, at *21 (E.D. Cal. Apr. 12, 2013) ("California recognizes a theory of constructive intent where the party 'reasonably should have believed that he or she would incur, debts beyond his or her ability to pay as they became due.' [] [W]ithout actual fraudulent intent, a transfer may be constructively fraudulent where the debtor does not receive a reasonably equivalent value and it is made when the debtor is insolvent or which renders the debtor insolvent."). But in any event, the failure to specify specific pages or dates renders Beatbox's motion in limine inactionable.

The second relevance argument concerns the "irrelevant testimony and emails of Peter Moore and Bali Virk." The purported lack of relevance is based on Beatbox's interpretation of the Labrador-Beatbox contract – an interpretation that Labrador rejects. Since the jury will be deciding whether, as Beatbox asserts, the agreement "does not impose any obligation on Beatbox to seek additional assurances about the rights that are granted," [Dkt. 294 at 13] the jury will decide the weight of the evidence from Moore and Virk. Beatbox's motion in limine here is essentially a rehash of its summary judgment positions, which this Court denied, and the motion in limine stage is not the proper place to litigate summary judgment type issues. *See also Venture Corp. v. Barrett*, No. 2015 WL 2088999, at *4 n.50 (N.D. Cal. May 5, 2015) ("These motions [in limine] rehash the same arguments Barrett made in support of his motion for partial summary judgment and which the court denied as precluded by genuine disputes of material fact. All are untimely dispositive motions, and must be DENIED for that reason").

///

///

LABRADOR ENTERTAINMENT, RESPONSE TO PLAINTIFF'S MOTION TO EXCLUDE
EVIDENCE                                    6

Beatbox's third relevancy motion in limine concerns "parol evidence or argument contradictory to the express language of the contracts at issue." [Dkt 294 at 14] Again, Beatbox's motion is to a category of documents and does not specify a single document or type of testimony it wants this Court to exclude. Further, how could this Court possibly rule on whether evidence is "contradictory to the express language of the contracts at issue" without hearing the evidence in the context of the other evidence that is introduced at trial, either in document or testimonial form? *Compare Miraflor v. Peachstate Health Mgmt., LLC*, 2020 WL 3841047 at *5 (C.D. Cal. Feb. 11, 2020) ("Defendants move to exclude parol evidence that would add to, take from, or vary the terms of the MSA. . . . The only specific evidence identified by the Defendants is testimony by Hersperger regarding negotiations of the MSA, MIL3 at 4, which Plaintiff's opposition does not address. However, without knowing the content of Hersperger's anticipated testimony, that Court cannot determine if any such testimony will seek to add to, take from, or vary the terms of the MSA, as opposed to some other purpose.").

Additionally, this parol evidence argument should have been raised at summary judgment and was denied. The "tell" in Beatbox's argument is the page of discussion about the Court's role in interpreting contracts and when ambiguities make the matter a jury issue as opposed to a bench issue. [Dkt. 294 at 14-15] The presence or absence of ambiguities is a summary judgment issue and is not to be decided on a motion in limine as "[a] motion *in limine* is not the proper vehicle for seeking a dispositive ruling on a claim." *Hana Fin., Inc. v. Hana Bank*, 735 F.3d 1158, 1162 n.4 (9th Cir. 2013). *See also Provident Life & Acc. Ins. Co. v. Adie*, 176 F.R.D. 246, 250 (E.D. Mich. 1997) ("If [defendant] wanted to preclude [plaintiff] from raising these defenses at trial because there was no genuine issue of material fact as to them, then he should

1  not have filed a motion *in limine . . .*  but should instead have filed a summary

2  judgment motion").

3      The fourth relevance argument made by Beatbox goes to reliance arguments

4  made by Defendant Cohen, and are not germane to evidence or argument that

5  Labrador intends to introduce.

6  ### III.  BEATBOX'S MOTION IN LIMINE NO. 3 DIRECTED AT

7  ### "LABRADOR'S SELF-PREPARED SPREADSHEETS THAT PURPORT TO

8  ### COMPRISE SPIDER CUES LIBRARY: SHOULD BE DENIED.

9      Beatbox's third motion in limine seeks to exclude unspecified "spreadsheets"

10  which Beatbox asserts are "self-serving, unauthenticated self-prepared" documents

11  which "purport to be lists of all compositions comprising the Spider Cues Library at

12  various times throughout the relationship of the Parties." [Dkt. 294 at 18] This motion

13  in limine is baseless, as the primary evidentiary objection is that the spreadsheets have

14  not yet been authenticated.  But even Beatbox's own motion concedes these

15  spreadsheets are "self-prepared" which means, at trial, Labrador witnesses will

16  provide the authenticating testimony as well as testimony concerning the status of the

17  spreadsheets as business records. These objections are of the type that must be made at

18  trial. *Compare Silicon Storage Tech., Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh*,

19  2015 WL 12990244, at *3 (N.D. Cal. Nov. 19, 2015) ("the fact that [two witnesses]

20  were unable to authenticate these Exhibits does not render the Exhibits inadmissible.

21  SST asserts that other witnesses may be able to authenticate these documents. If SST

22  can authenticate the documents at trial and establish that they fall within a hearsay

23  exception, SST may move to admit the Exhibits into evidence. Accordingly, the Court

24  DENIES without prejudice the Insurers' motion in limine"); *Calico Brands, Inc. v.*

25  *Ameritek Imports, Inc.*, WL 9658317, at *1 (C.D. Cal. Nov. 27, 2007) ("Plaintiffs

26

27  LABRADOR ENTERTAINMENT, RESPONSE TO PLAINTIFF'S MOTION TO EXCLUDE

28  EVIDENCE                                    8

oppose the motion. They represent that they will be able to authenticate the IRI reports at trial . . .  Defendants' motion to exclude this evidence and testimony is denied, without prejudice to renew during trial."); *O Bar Cattle Co. v. Owyhee Feeders, Inc.*, 2010 WL 2404306, at *6 (D. Idaho June 10, 2010)  ("Whether these reports satisfy either of the exceptions to the hearsay rule and whether the offering party lays a proper foundation and can authenticate the reports cannot be determined at this time. Therefore, the motion in limine is denied as to these reports. The Court will rule upon their admissibility if and when they are offered at trial. The offering party of these reports will have to satisfy the applicable rules of evidence before such reports are admitted at trial.").

The same is true for the other objections to the spreadsheets which go to the weight of the evidence and not its admissibility. Whether the spreadsheets are "self-serving" or "unreliable" are fair issues for cross-examination as such questions go to the weight the jury should give to the evidence. But "[a] motion *in limine* "is not a proper vehicle for a party to ask the Court to weigh the sufficiency of the evidence to support a particular claim or defense, because '[t]hat is the function of a motion for summary judgment, with its accompanying and crucial procedural safeguards.'" *Elliott v. Versa CIC, L.P.*, 349 F. Supp.3d 1000, 1002 (S.D. Cal. 2018) (quoting *Bowers v. Nat'l Collegiate Athletic Ass'n*, 563 F.Supp.2d 508, 532 (D.N.J. 2008)).

## IV.  BEATBOX'S MOTION IN LIMINE NO. 4 CONCERNING "TESTIMONY AND EXPERT REPORTS" SHOULD BE DENIED.

*See* Defendant/Crossclaimant Michael Cohen and MCPC Holdings, LLC's Opposition to Beatbox's Motion in Limine to Exclude Their Expert (#4)[Dkt. 316]

///

///

LABRADOR ENTERTAINMENT, RESPONSE TO PLAINTIFF'S MOTION TO EXCLUDE EVIDENCE                                       9

Beatbox also challenges the "testimony and expert report" of Dr. Eric Fruits, who is an economist. Beatbox contends that his report and testimony "consists of simple arithmetic calculations based upon unsupported factual assumptions and inadmissible input data provided by the Labrador Defendants." [Dkt. 294 at 20] With no elaboration at all, Beatbox asserts that his opinion contains "little to no specialized knowledge and should be excluded." [Dkt. 294 at 21]

It is hard to know what to make of these poorly explained arguments, all of which seem to go to the weight of the testimony. *Daubert* is not invoked, nor does Beatbox attempt to apply the *Daubert* factors to the work of Dr. Fruits. An expert obviously can rely on hearsay such as "inadmissible input data." *Slick v. CableCom, LLC*, 2022 WL 4181003, at *2 (N.D. Cal. Sept. 12, 2022) (stating expert "opinion can be admitted even if the underlying data is not admissible" citing FRE 703). And the source and sufficiency of the data are issues for cross-examination that go the weight to be afforded to Dr. Fruit's opinions by the jury.

As to the alleged "simplicity" of the mathematics applied by Dr. Fruits, Beatbox just asserts it is simple. But simple according to what standard? "Fruit states that I'll have to give you my understanding as an economist because I'm not an accountant, and I'm not going to pretend to be one." Deposition of Eric Fruits, Ph. D. 20:3-6.

The effort to take all the disparate pieces of evidence and mathematically calculate and tabulate is definitely helpful to the jury and Beatbox's unelaborated opinion that it reflects no "specialized knowledge" cannot be credited.  Beatbox also badly mischaracterizes *United States v. Sepulveda-Hernandez*, 752 F.3d 22, 34-35 (1st Cir. 2014) which merely held a chemist could be asked to do simple multiplication without qualifying as an expert. Beatbox cites no cases which exclude the work of a damages expert who adds up the various items of damages to aid the jury, who

LABRADOR ENTERTAINMENT, RESPONSE TO PLAINTIFF'S MOTION TO EXCLUDE EVIDENCE                                         10

1  otherwise would have to pull out a calculator and it themselves.

2      The last argument in the challenge to Dr. Fruits is almost a non-sequitur, as

3  Beatbox starts arguing that "Labrador is not entitled to its attorneys fees from Beatbox

4  under any theory of liability", which is an argument that should have been raised at

5  summary judgment. *See* supra at 6:17-19. A motion in limine is not the proper

6  mechanism for ruling on whether attorneys fees and costs are recoverable within the

7  meaning of the words of the subject agreements.

8      ### V.  MOTION IN LIMINE NO. 5 SEEKING TO EXCLUDE "EVIDENCE

9      ### CONTRADICTORY TO FACTS" SHOULD BE DENIED.

10     The last motion in limine seeks to litigate the merits and meaning of certain

11 pieces of contradictory evidence. For example, Beatbox argues that Labrador (and

12 Cohen) cannot argue that the "Eminem Esque" Cue did not infringe the Eminem

13 copyright, largely based on a claim that the New Zealand judgment against The New

14 Zealand National Party (not against Beatbox let alone against Cohen or Labrador)

15 constitutes collateral estoppel. [See Dkt. 294 at 22-23] This is nothing more than yet

16 another disguised backdoor motion for summary judgment by Beatbox.

17     The judgment of the New Zealand court is inadmissible for the reasons set forth

18 in Labrador's motion in limine [Dkt 288], and as this Court noted in its summary

19 judgment order, there are contested issues of fact as to whether the application of New

20 Zealand copyright laws has application here in the United States. These two facts

21 alone require denial of the motion in limine.

22     But the motion also fails in its application of principles of issues preclusion to

23 the instant case. "'[T]he rule of collateral estoppel, often difficult of application to

24 domestic judgments  . . . , presents additional difficulties when sought to be applied to

25 foreign judgments.'" *Gordon & Breach Sci. Publishers S.A. v. Am. Inst. of Physics,*

26

27 LABRADOR ENTERTAINMENT, RESPONSE TO PLAINTIFF'S MOTION TO EXCLUDE

28 EVIDENCE                                    11

905 F. Supp. 169, 179 (S.D.N.Y. 1995) (quoting *Bata v. Bata*, 163 A.2d 493, 505
(S.Ct.Del.1960), cert. denied, 366 U.S. 964, 81 S.Ct. 1926, 6 L.Ed.2d 1255 (1961)).
Beatbox fails to recognize these "additional difficulties", which is particularly
pertinent since Beatbox, as the movant seeking preclusion, bears the burden of proof.
*In re Harmon*, 250 F.3d 1240, 1245 (9th Cir. 2001) (quoting and citing *Lucido v.
Superior Court*, 51 Cal.3d 335, 272 Cal.Rptr. 767, 795 P.2d 1223, 1225 (1990) (in
bank)).

Beatbox's motion, to put it charitably, contains scant analysis of the issue
preclusion factors. The paucity of analysis does not even come close to carrying
Beatbox's burden of proof. Beatbox merely notes that the factors, make summary
statements about "facts" which more appropriate for notice pleading in a complaint,
and cites zero cases applying the issue preclusion factors to a situation that is even
remotely similar to the issue the court faces, which is a foreign judgment from New
Zealand against a party not in front of this Court (The New Zealand National Party)
applying New Zealand copyright law. Beatbox's motion ignores these crucial
differences, as well as numerous others.

Beatbox has not proven that the issue decided in the New Zealand is not
identical to the issues before this Court because Labrador intends to argue that the Cue
did not violate U.S. copyright law. Accordingly, the application of U.S. copyright law
to the Cue was not litigated in New Zealand and that issue was not "necessarily
decided" in New Zealand. Compare *In re Massa Falida do Banco Cruziero do Sul,
S.A.*, 637 B.R. 675, 695 (S.D. Fla. 2022)("The identity of issues requirement is strictly
applied in cases of offensive and defensive collateral estoppel such that the issue must
be exactly the same and not merely similar in nature and close in time."); Peterson v.
Clark Leasing Corp., 451 F.2d 1291, 1292 (9th Cir.1971) (per curiam) ("Issues are not

LABRADOR ENTERTAINMENT, RESPONSE TO PLAINTIFF'S MOTION TO EXCLUDE
EVIDENCE                                    12

identical if the second action involves application of a different legal standard, even though the factual setting of both suits be the same."). Beatbox has not directed this Court or Labrador to any portion or passage of the New Zealand judgment which establishes the purported identity of issues. Without such an analysis, this Court cannot even begin an issue preclusion analysis. *See United States v. Lasky*, 600 F.2d 765, 769 (9th Cir.1979) ("It is not enough that the party introduce the decision of the prior court; rather, the party must introduce a sufficient record of the prior proceeding to enable the trial court to pinpoint the exact issues previously litigated.").

Nor has Beatbox shown that the burden of proof was the same in the New Zealand court as is the case here in an American federal district court. Compare *Littlejohn v. United States*, 321 F.3d 915, 924 (9th Cir.2003) ("differences in the burden of proof . . . prevent issue preclusion"); *Clark v. Bear Stearns & Co., Inc.*, 966 F.2d 1318, 1322 (9th Cir.1992) ("[C]ollateral estoppel does not preclude claims that have a different burden of proof than previously decided claims . . . "); *Sanofi-Aventis U.S. LLC v. Mylan GmbH*, 2019 WL 4861428, at *1 (D.N.J. Oct. 2, 2019) ("Sanofi, in opposition, argues that issue preclusion or collateral estoppel cannot apply where, as here, the first and second proceedings apply different burdens of proof. . . . Sanofi's argument here does not rely on procedural differences but on differences in the legal standard" which required rejection of issue preclusion).

Also requiring rejection of issue preclusion is that fact that the issue of whether Labrador violated the Eminem copyright was not decided in the New Zealand proceeding. Rather, the matter decided was whether The New Zealand National Party used the cue in a way inconsistent with New Zealand law. Labrador was three steps removed from The New Zealand National Party's use (the sublicense to Beatbox, Beatbox's license to The New Zealand National Party and The New Zealand National

LABRADOR ENTERTAINMENT, RESPONSE TO PLAINTIFF'S MOTION TO EXCLUDE EVIDENCE                                    13

Party's use). Further, Labrador is not and was not in privity with The New Zealand National Party, which is the party which was found to have violated New Zealand copyright law. Nor did Labrador participate in the trial of the claim against The New Zealand National Party. The law is clear that "mere commonality of interest [amongst litigants] does not suffice" to meet the requirements for issue preclusion. *Gordon & Breach*, 905 F. Supp. at 179 (citing 18 C. Wright, A. Miller, E. Cooper, Federal Practice and Procedure § 4449, at 411–419 (1981)). See also *Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1054 (9th Cir.2005) (holding that "parallel legal interests alone, identical or otherwise, are not sufficient to establish privity").

Rather, Beatbox is required to show that Labrador "'assume[d] control' over the litigation in which that judgment was rendered." *Taylor v. Sturgell*, 553 U.S. 880, 895, 128 S. Ct. 2161, 2173, 171 L. Ed. 2d 155 (2008). "To determine whether [Labrador] 'assumed control over' a previous action so as to be bound by its judgment" Beatbox was required to examine and demonstrate "whether the 'relationship between the nonparty and a party was such that the nonparty had the same practical opportunity to control the course of the proceedings.'" *United States v. Bhatia*, 545 F.3d 757, 759–60 (9th Cir. 2008) (quoting 18A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Fed. Prac. & Proc. § 4451, p. 373 (2d ed.2002)). Beatbox has not come close to meeting this burden. Compare *id*. ("The facts alleged by *Bhatia* in support of his privity argument come nowhere close to establishing privity between the government and Inderra. . . . nothing in the record supports the claim that the government controlled or influenced the civil litigation, or took the 'laboring oar.' . . . . the FBI did not direct or review Inderra's filings, had no "opportunity to present proofs and argument," and did nothing to influence or affect Inderra's litigation strategy.").

///

LABRADOR ENTERTAINMENT, RESPONSE TO PLAINTIFF'S MOTION TO EXCLUDE EVIDENCE                                           14

This case is similar to *Santa Margherita, S.P.A. v. Weine*, 2013 WL 12125539 (C.D. Cal. Aug. 28, 2013), which involved an effort to use issue preclusion from a judgment of a German court in trademark infringement case.  There, at least the parties were the same, but even the similarity of parties did not lead to the application of issue preclusion because "This proceeding and the German Litigation share common factual issues, but do not involve the same rule of law or the same claims. The German court ruled under the German Trademark Act. Plaintiff's claims here are based on the Lanham Act. German and U.S. intellectual property law differ . . . The difference in legal standards weighs against application of the doctrine of collateral estoppel." *Id*. at *7.  See also *Pony Express Records, Inc. v. Springsteen*, 163 F.Supp.2d 465, 476 (D.N.J. 2001) ("The existence of a different legal standard suggests that the issue decided in the UK litigation may not be the same as the issue before this court."); *Cuno Inc. v. Pall Corp*., 729 F. Supp. 234, 238 (E.D.N.Y. 1989) ("Where the prior adjudication was by a foreign nation's court applying its patent law to its patents, the barriers to reliance on the foreign judgment for collateral estoppel purposes become almost insurmountable.")

If this Court wants to seriously entertain issue preclusion, on the paltry record Beatbox has provided which is crammed into a lengthy multi-part motion in limine, Labrador respectfully requests a specific briefing schedule on the matter of issue preclusion.

Beatbox also seeks a backdoor summary judgment on whether Labrador's duty to indemnify was triggered upon Beatbox's notice of the New Zealand infringement claims. [Dkt. 294 at 24] Its argument boils down to "we are going to win our contract interpretation so any evidence to the contrary is irrelevant." This has nothing to do with the admissibility of evidence and everying to do with the weight. If Beatbox

thought its contract interpretations were so clear, it should have moved for summary judgment on the question. Armed with a summary judgment, it then could have sought to exclude evidence inconsistent with the summary judgment ruling. Instead it crams a whole summary argument, without a Rule 56.1 statement, into the middle of a serial motion in limine. The law cited herein and in Labrador's response to Cohen's motion in limine make clear that what Beatbox seeks is an improper use of the motion in limine process.

DATED: November 14, 2022

Law Offices of Douglas Joseph Rosner

/s/ Douglas J. Rosner

By: Douglas J. Rosner
Attorney for Defendant/Cross-Complainant,
Labrador Entertainment, Inc. dba Spider Cues
Music Library, Labrador Entertainment, LLC,
Noel Palmer Webb, an individual and
Webb Family Trusts

LABRADOR ENTERTAINMENT, RESPONSE TO PLAINTIFF'S MOTION TO EXCLUDE EVIDENCE                                        16