1  BLAISE & NITSCHKE, P.C.
2  HEATHER L. BLAISE, ESQ. (SBN 261619)
   145 S. Wells Street, Suite 1800
3  Chicago, IL 60606
   Telephone: 312-448-6602
4  Email: hblaise@blaisenitschkelaw.com
5
6  Attorneys for Plaintiff,
   BEATBOX MUSIC PTY, LTD.
7

8  ## UNITED STATES DISTRICT COURT

9  ## CENTRAL DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| BEATBOX MUSIC PTY, LTD., | CASE NO: 2:17-cv-6108 MWF (JPRx)<br>*Assigned to the Hon. Michael W. Fitzgerald* |
| Plaintiff, | |
| v. | **PLAINTIFF'S EX PARTE APPLICATION TO STRIKE AND *IN THE ALTERNATIVE* RESPONSE IN OPPOSITION TO LABRADOR ENTERTAINMENT, INC. DBA SPIDER CUES MUSIC LIBRARY, LABRADOR ENTERTAINMENT, LLC, NOEL PALMER WEBB, AN INDIVIDUAL, AND WEBB FAMILY TRUST'S MOTION TO TRIFURCATE TRIAL** |
| LABRADOR ENTERTAINMENT, INC. D/B/A SPIDER CUES MUSIC LIBRARY, a California corporation, | |
| Defendants. | |
| | **Hearing Date:** November 21, 2022<br>**Time:** 10:00 a.m. PST<br>**Location:** Courtroom 5A |
| AND ALL RELATED ACTIONS | Trial Date: TBD<br>FAC: January 24, 2020<br>Cross-Claim Filed: November 21, 2017<br>Action Filed: August 17, 2017 |

- 1 -

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Plaintiff Beatbox Music Pty, Ltd. applies *ex parte* for an order striking Defendants Labrador Entertainment, Inc. d/b/a Spider Cues Music Library, Labrador Entertainment, LLC, Noel Palmer Webb, an individual, and Webb Family Trust's (collectively, "Labrador") Motion to Trifurcate Trial.

Good cause exists to grant Plaintiff's Application as Labrador's Motion to Trifurcate Trial fails to comply with the Local Rules and this Honorable Court's standing order as detailed hereinbelow. This application is based upon the enclosed Memorandum of Points and Authorities, the pleadings on file in this action, and such further pleadings, papers, transcripts, and matters that may be properly presented to the Court.

### Name, Address, Telephone Number, and Email of Counsel

Counsel for Labrador: Douglas J. Rosner, Esq.; 2625 Townsgate Road, Suite 330, Westlake Village, California 91361; (818) 501-8400; Doug@drosnerlaw.com.

Counsel for Michael Cohen and MCPC Holdings, LLC: Daniel Lee Jacobson and Ronak Patel; 1352 Irvine Blvd., Suite 205, Tustin, CA 92780; (714) 505-4872; dlj@jacobsonlawyers.com, rp@jacobsonlawyers.com.

### Notice Pursuant to L.R. 7-19.1

On November 14, 2022, at 2:58 p.m. Pacific Time, the undersigned informed counsel for the Parties via email that Plaintiff intended to file this *Ex Parte* Application and requested the Parties' positions. Labrador will oppose Plaintiff's Application. Michael Cohen and MCPC Holdings, LLC will not oppose.

### MEMORANDUM OF POINTS AND AUTHORITIES

Labrador's most recent motion entitled "LABRADOR ENTERTAINMENT, INC. DBA SPIDER CUES MUSIC LIBRARY, LABRADOR ENTERTAINMENT, LLC, NOEL PALMER WEBB, AN INDIVIDUAL AND WEBB FAMILY TRUSTS MOTION TO TRIFURCATE TRIAL" (the "Motion") is yet another example of Labrador's continued refusal to comply with the Local Rules and Standing Order of

this Court. First, Labrador failed to comply with the meet & confer requirements of L.R. 7-3 and failed to provide a statement of meeting its meet & confer obligations consistent with L.R. 7-3. Labrador has never conferred regarding a "trifurcation" of trial, nor have they proposed a bench trial as to certain issues as they have proposed in the Motion. For this reason alone, the Motion should be stricken, and Plaintiff should be entitled to its attorneys' fees for being forced to respond to the Motion as a sanction under L.R. 7-3, 7-4, 7-12, and 7-13. Moreover, Labrador actively participated in the setting of this Court's Scheduling Order entered June 2, 2022 (Dkt. 266) and failed to even mention trying any issue separately. As such, their request for trifurcation at this late date is inconsistent with the order and exemplifies a failure to act diligently, as further discussed below. To be clear, Plaintiff told Defendants months ago that it would not agree to bifurcate its claims for fraudulent conveyance and Labrador failed to make any request of this Court to rule upon such issue. In fact, Defendants did not raise the issue of bifurcation again until November 7, 2022, when Plaintiff continued to request that Defendants contribute to joint pre-trial filings; objections and obstructionist motions followed.

Next, Labrador noticed the Motion as a regular motion and requested the Motion be set for hearing on November 21, 2022, at 10:00 a.m. However, in doing so, Labrador violates this Court's Standing Order and the Local Rules because any Motion to be heard on November 21, 2022, should have been filed on or before October 24, 2022, as required by the Court's Standing Order and to permit Plaintiff until October 31, 2022, to file a response. Instead, Plaintiff has been denied adequate time under the rules to file its response. As a result, the Motion should be stricken for failure to comply with the Court's Standing Order, L.R. 7-3, 7-4, and 7-12.

Finally, Labrador actively participated in the entry of the Scheduling Order entered June 2, 2022 (Dkt. 266). The Motion belies the fact that Labrador could have raised the same issues advanced in the Motion *before* the entry of the Order Granting Stipulated Requests to Set December 6, 2022 as Trial Date which, should this Court

accept Labrador's invitation, unnecessarily limited Plaintiff's discovery window on fraudulent conveyance issues in order to meet this Court's deadlines for trial preparations.

Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of the order. *Id.* The court may also consider the prejudice to the party opposing the modification. *Id.* Labrador participated in the Scheduling Order in this matter and waited until this late date to raise the issue of trifurcation without showing any good cause and/or due diligence.

WHEREFORE, Plaintiff Beatbox Music Pty, Ltd. respectfully requests this Honorable Court enter an Order striking Labrador's Motion to Trifurcate Trial and appropriate sanctions, or *in the alternative* to rule on the issue of initial breach and for any further relief this Court deems necessary and just.

## *IN THE ALTERNATIVE* PLAINTIFF'S RESPONSE IN OPPOSITION, *IN PART,* TO LABRADOR'S MOTION TO TRIFURCATE

Labrador moves this Court to "trifurcate" the trial in this matter based on their argument that "it would be most expeditious for this Court to order separate trial on the legal issues to be decided by the Court, before conducting a jury trial on the issues in which a jury must be the finder of facts." Dkt. 317 at 2. Labrador apparently contends that this Court's Order on Summary Judgment entered on March 30, 2022, left open legal issues for this Court to decide where there are no genuine issues of material fact. Dkt. 255. Namely, Labrador contends that this Court must rule on '"the applicability of New Zealand copyright law within the U.S. is unclear due to the general territorial limitations of intellectual property law."' Dkt. 255 at 10; Dkt. 317 at 3. While Labrador contends that "no party asserts that the license agreement and its

1    terms are ambiguous," the fact that this Court has previously ruled that the
2    applicability of New Zealand copyright law to the contracts at issue was an issue of
3    fact, implies that the Court found the contracts to be ambiguous as it relates to those
4    provisions. Dkt. 317 at 4; Dkt. 208.

5        The remainder of Labrador's argument is nonsensical and not supported by a
6    simple reading of the Labrador-Beatbox Agreement. First, the Labrador-Beatbox
7    Agreement does not require a finding of infringement to trigger the indemnity
8    requirements, as further discussed below. Second, Labrador's argument "that
9    Labrador's representations of non-infringement only apply when a sublicensee such
10   as BeatBox [sic] is found to have committed infringement through its sublicensing
11   activities" is not supported by any language in the Labrador-Beatbox Agreement.
12   Dkt. 317 at 4. Thus, neither of these items could be decided in Labrador's favor by
13   this Court as a matter of law at a bench trial.

14       However, Plaintiff does agree that the issue of initial breach could be decided
15   based as a matter of law on the robust record before this Court and would streamline
16   the issues and eliminate the circus side-show of Defendants' feigned attempts to
17   create an unsupported conclusion that Plaintiff allegedly subsequently breached the
18   Labrador-Beatbox Agreement, all in an effort to confuse the jury and escape liability.
19   For this reason, Plaintiff would agree to solely try the issue of initial breach before
20   any other issues. Indeed, Plaintiff contends that the Court could rule on that issue
21   based on the fully briefed Motion for Summary Judgment, further eliminating even
22   the necessity of a bench trial. *See* Dkt. 208.

23       Although Labrador admits that the Labrador-Beatbox Agreement is not
24   ambiguous, Labrador incorrectly refers to the Labrador-Beatbox Agreement as a
25   license agreement. Dkt. 317 at 4. In actuality, the Labrador-Beatbox Agreement
26   appoints Beatbox as Labrador Entertainment, Inc.'s Sub Publisher to introduce and
27   exploit Labrador's Spider Cues Library in the territories of Australia, New Zealand
28

and Fiji. *See* Dkt. 1-2. In the Labrador-Beatbox Agreement, Labrador, the publisher, represented and warranted as follows, *in pertinent part*:

> 16. The Publisher hereby represents and warrants and undertakes that:
> (i) The Publisher is free to enter into this Agreement:
> […]
> (iii) the Publisher is party to or has entered into good and valid contracts with the writers and composers of the Compositions and such contracts enable it to comply with all terms and conditions hereof and the Publisher will do all things necessary not to be in breach of the same during the term hereof.
> […]
> (iv) the Compositions are original and that none of the Compositions infringes any other copyright work or the rights of any third party[.]
> (v) The Publisher agrees to indemnify and hold harmless the Sub Publisher, its successors and assigns of and from any and all loss, liability and expense incurred by reason of any infringement of rights or other claim inconsistent with the Publishers guarantees, warranties, representations and undertakings contained in this Agreement. This indemnity shall not be adversely affected should exploitation of the recordings continue after notice of infringement of rights or other claim has been received by the Sub Publisher.

Labrador-Beatbox Agreement, Dkt. 1-2.

Labrador breached the Labrador-Beatbox Agreement at its inception for many reasons and none of them require this Court to consider the outcome of the New Zealand infringement action. First, Labrador cannot dispute that the *SQ mc eminem esque* cue (the "Cue") belonged to the Spider Cues Library at the time that Labrador entered into the Labrador-Beatbox Agreement on April 1, 2009. Dkt. 1-2. However, Labrador did not disclose to Beatbox that the Labrador-Cohen Agreement entered into on February 14, 2008, contained the limitation that the right to alter, expand, adapt, and translate the [Cue] required "consultation with Composer" (the "Consultation Clause"). Dkt. 1-1, ¶ 1(1.1)(e). Thus, Labrador breached its representations and warranties of Paragraph 16(i) because it was not free to enter into the Labrador-Beatbox Agreement absent Beatbox's knowledge and agreement to the Consultation Clause. Labrador further breached Paragraph 16(iii) because Labrador

did not enter into good and valid contracts with Cohen to enable Labrador to comply with the Labrador-Beatbox Agreement because the Labrador-Beatbox Agreement did not contain any caveats for compliance with the Consultation Clause.

Next, Labrador breached the Labrador-Beatbox Agreement at its inception by providing the subject Cue to Beatbox when it was both not original and infringed the rights of a third party, namely the performer who goes by the tradename "Eminem." The representations and warranties do not require a finding of copyright infringement to trigger Labrador's indemnity requirements. The use of the tradename "Eminem" in the title of the Cue is enough to amount to an infringement of the rights of a third party sufficient to trigger indemnity.

Further, Paragraph 16(v) makes clear that Labrador's indemnity obligations were triggered by any "claim inconsistent with [Labrador's] guarantees, warranties, representations and undertakings contained in this Agreement." Thus, a mere "claim" was enough to trigger Labrador's indemnity obligations and the finding of the New Zealand Court of infringement was not necessary to trigger the indemnity. Further, Cohen's claims in this case that Labrador lacked the rights which it granted to Beatbox also triggered Labrador's indemnity obligations without regard for the finding of infringement in New Zealand.

Finally, Labrador's wild goose chase in New Zealand for deposition testimony that Beatbox somehow had knowledge of a claim for infringement by unrelated third parties would similarly not have provided a defense to Labrador considering that Paragraph 16(v) states: "This indemnity shall not be adversely affected should exploitation of the recordings continue after notice of infringement of rights or other claim has been received by the Sub Publisher." As this Court properly held, "one who breaches a contract 'cannot recover for a subsequent breach by the other party.'" Dkt. 157 at 12, citing *Plotnik v. Meihaus*, 208 Cal. App. 4th 1590, 1602 (2012).

As a result of the foregoing, this Court could enter a finding in favor of Plaintiff that Defendant Labrador breached the Labrador-Beatbox Agreement at its

1    inception which would streamline the trial, making Labrador's allegations of
2    subsequent breaches by Beatbox wholly irrelevant. In addition, this Court could find
3    that Labrador's failure to comply with the default notice requirements of Paragraph
4    13 of the Labrador-Beatbox Agreement should be dispositive of any Labrador claim
5    of alleged subsequent breach by Beatbox.

6           A court must "consider the contract as a whole and interpret its language in
7    context so as to give effect to each provision, rather than interpret contractual
8    language in isolation." *Wind Dancer Production Group* at 69, citing *Legacy Vulcan*
9    *Corp. v. Superior Court*,185 Cal.App.4th 677, 688 (2010). "If contractual language is
10   clear and explicit and does not involve an absurdity, the plain meaning governs."
11   *Wind Dancer Production Group* at 69. Here, the unambiguous terms of the Labrador-
12   Beatbox Agreement state that the territories at issue were Australia, New Zealand,
13   and Fiji. *See* Dkt. 1-2. Though Labrador asserts that New Zealand copyright law is at
14   issue in this case, this Court does not need to make a determination of whether the *SQ*
15   *mc eminem esque* Cue violated New Zealand copyright law. First, a New Zealand
16   court has already made that determination, but secondly, at perhaps most importantly,
17   Defendants' duty to indemnify Plaintiff was triggered the moment a claim of
18   infringement was made in New Zealand. The outcome of that claim is a tangential
19   issue related primarily to damages, not liability. Regardless, Labrador cannot feign
20   surprise of a claim under New Zealand copyright law considering, as stated above, a
21   consideration of the Labrador-Beatbox Agreement was the introduction and
22   exploitation of Labrador's Spider Cues Library in the territories of Australia, New
23   Zealand, and Fiji. *See* Dkt. 1-2.

24          All of the authority provided by Labrador in its Motion support a conclusion
25   that this Court rule on the issue of Labrador's initial breach of the Labrador-Beatbox
26   Agreement. *Amato v. City of Saratoga Springs, N.Y.*, 170 F.3d 311, 316 (2d Cir.
27   1999). *See also Philips North America LLC v. Summit Imaging Inc.*, 2020 WL
28   8373416, *1 (W.D.Wash. 2020) ("Bifurcation is particularly appropriate when

resolution of a single claim or issue could be dispositive of the entire case."). If this Court determines that Labrador breached the Labrador-Beatbox Agreement, then it will not be necessary to rule and/or have a jury to decide on Labrador's claims of subsequent breaches against Beatbox.

However, the authority cited by Labrador in its Motion does not support a bifurcation of Beatbox's claims for fraudulent conveyance because the factors, such as "avoiding prejudice, separability of the issues, convenience, judicial economy, and reducing risk of confusion," weigh in favor of Beatbox maintaining Counts 7 and 8. *Bates v. UPS*, 204 F.R.D. 440, 448 (N.D. Cal.2001). First, Plaintiff will be greatly prejudiced in that Plaintiff has expended significant resources to prepare for trial as to Counts 7 and 8. Further, the factual evidence about Defendants' notice of the claims against them would require an unnecessary trial with duplicative evidence and witnesses, resulting in inefficiencies, including calling the same witnesses multiple times and examining them on the same information, which would necessarily be inconvenient and a waste of judicial resources. Moreover, it unfairly gives Defendants multiple chances to attempt to correct their testimony. However, most importantly, it runs the risk of confusing and inconveniencing the jury to the extent that they are unable to maintain impartiality. Fed. R. Civ. P. 42(b).

WHEREFORE, Plaintiff Beatbox Music Pty, Ltd. respectfully requests this Honorable Court enter an Order striking Labrador's Motion to Trifurcate Trial and appropriate sanctions, or *in the alternative* to rule on the issue of initial breach and for any further relief this Court deems necessary and just.

DATED: November 14, 2022

Respectfully submitted,
**BEATBOX MUSIC PTY, LTD.**
 */s/ Heather L. Blaise*
HEATHER L. BLAISE, ESQ. (SBN 261619)
*Attorney for Plaintiff*