BLAISE & NITSCHKE, P.C.
HEATHER L. BLAISE, ESQ. (SBN 261619)
145 S. Wells Street, Suite 1800
Chicago, IL 60606
Telephone: 312-448-6602
Email: hblaise@blaisenitschkelaw.com

Attorneys for Plaintiff,
BEATBOX MUSIC PTY, LTD.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEATBOX MUSIC PTY, LTD.,<br><br>Plaintiff,<br><br>v.<br><br>LABRADOR ENTERTAINMENT, INC.<br>D/B/A SPIDER CUES MUSIC<br>LIBRARY, a California corporation;<br>NOEL PALMER WEBB, an individual;<br>MICHAEL COHEN, an individual;<br>LABRADOR ENTERTAINMENT, LLC;<br>MCPC HOLDINGS, LLC; WEBB<br>FAMILY TRUST and DOES 1-20,<br>inclusive,<br>Defendants.<br><hr>AND ALL RELATED ACTIONS | CASE NO: 2:17-cv-6108 MWF (JPRx)<br>*Assigned to the Hon. Michael W. Fitzgerald*<br><br>**PLAINTIFF'S 1) NOTICE OF MOTION; 2) MOTION TO STRIKE LABRADOR DEFENDANTS' SUPPLEMENTAL EXPERT REPORT OF ROBERT FINK, PHD; 3) MEMORANDUM OF POINTS AND AUTHORITIES; 4) DECLARATION OF HEATHER L. BLAISE IN SUPPORT THEREOF; and 5) [PROPOSED] ORDER**<br><br>**Hearing Date:** February 6, 2023<br>**Time:** 10:00 a.m. PST<br>**Location:** Courtroom 5A<br><br>Trial Date: April 18, 2023<br>FAC: January 24, 2020<br>Cross-Claim Filed: November 21, 2017<br>Action Filed: August 17, 2017 |

## **NOTICE OF MOTION**

TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, AND TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on February 6, 2023 at 10:00 a.m., or as soon thereafter as the matter may be heard before the Honorable Michael W. Fitzgerald, in Courtroom 5A of the United States District Court for the Central District of California, located at 350 W. First Street, Los Angeles, California 90012, or as ordered by the Court, Plaintiff BEATBOX MUSIC PTY, LTD. ("Plaintiff"), by and through the undersigned counsel, will move to strike Labrador Entertainment, Inc. dba Spider Cues Music Library, Noel Palmer Webb, Labrador Entertainment, LLC, and Webb Family Trust's ("Labrador Defendants") Supplemental Expert Report of Robert Fink, Ph.D.

This motion is based upon this Notice of Motion; the Memorandum of Points and Authorities hereinbelow; the Declaration of Heather L. Blaise and exhibits thereto; the pleadings on file in this action; and such other further pleadings, papers, transcripts, and matters that may be properly presented to the Court.

This motion is made following the conference of counsel pursuant to L.R. 7-3 concerning the substance of this motion, which took place via email on November 21, 2022, and follow-up Zoom videoconference on December 13, 2022.

DATED: January 13, 2023

Respectfully submitted,
**BEATBOX MUSIC PTY, LTD.**

 */s/ Heather L. Blaise*
HEATHER L. BLAISE, ESQ. (SBN 261619)
*Attorney for Plaintiff*

Plaintiff Beatbox Music Pty., Ltd. ("Beatbox"), by and through its attorneys, Blaise & Nitschke, P.C., respectfully moves this Honorable Court, pursuant to Federal Rules of Civil Procedure 37 and 26 and to strike Labrador Defendants' Supplemental Expert Report of Robert Fink, Ph.D ("Fink"); exclude Fink as Expert Witness; and for any other relief this Court deems necessary and just.

## INTRODUCTION

On or about September 22, 2020, this Honorable Court ordered that expert discovery to closure on August 13, 2021. *See* Order Re-Setting Pretrial and Trial Dates, Dkt. 164.   On July 20, 2021, Plaintiff filed an *Ex Parte* Application to Extend Discovery and/or Motion to Modify Scheduling Order based upon multiple instances of gamesmanship and dilatory tactics by Defendants.   *See* Dkt. 202.   No order was entered on Plaintiff's *Ex Parte* Application until March 30, 2022, wherein the Application was denied as moot.   *See* Dkt. 255.   On July 23, 2021, the Labrador Defendants provided the Rebuttal Expert Report of Robert W. Fink, Ph.D. ("Original Report") to Plaintiff.   *See* Declaration of Heather L. Blaise attached hereto ("Blaise Decl."), at Exhibit A.   On August 10, 2021, Plaintiff took the deposition of Fink.   *See* Blaise Decl. at Exhibit B, Transcript.   On November 11, 2022, approximately fifteen (15) months following expert discovery cutoff, the Labrador Defendants provided the "Supplemental Report of Robert Fink" (the "Untimely Report") incorrectly dated September 6, 2022.   *See* Blaise Decl. at Exhibit C, Untimely Report.   On November 21, 2022, Plaintiff indicated its objection and requested that Labrador Defendants withdraw the Untimely Report and Labrador Defendants indicated that Plaintiff should file a motion to "provide ample time for both sides to brief the issues."   *See* Blaise Decl.   The Untimely Report is subject to strike under Rule 37 and 26.   As a result of the foregoing, Plaintiff was forced to bring this Motion.

## MEET AND CONFER

This motion is made following that conference of counsel pursuant to Local Rules for the United States District Court for the Central District of California (the

"Local Rules") 7-3 as further discussed above.

## APPLICABLE LAW

Federal Rule of Civil Procedure 26(a)(2), states *in pertinent part*:

2) Disclosure of Expert Testimony.
(A) In General. In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705.
(B) Witnesses Who Must Provide a Written Report. Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:
(i) a complete statement of all opinions the witness will express and the basis and reasons for them;
(ii) the facts or data considered by the witness in forming them;
(iii) any exhibits that will be used to summarize or support them;
(iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
(v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
(vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26.

Meanwhile, Federal Rule of Civil Procedure 37 provides:

. . .
(c) Failure to Disclose, to Supplement an Earlier Response, or to Admit.
(1) Failure to Disclose or Supplement. If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
(A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
(B) may inform the jury of the party's failure; and

(C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)–(vi).

Fed. R. Civ. P. 37.

## ARGUMENT

## I. THE SUPPLEMENTAL REPORT OF FINK SHOULD BE STRICKEN AS UNTIMELY

The Untimely Report was provided to Plaintiff fifteen (15) months after the close of expert discovery, fifteen (15) months after Plaintiff took Fink's deposition, and fifteen (15) months after all parties submitted their most recent motions for summary judgment. Labrador Defendants have not sought leave of court to have the Untimely Report deemed timely, and has failed to provide any reason based in law or in fact why the Untimely Report should be permitted to stand. At twenty-one (21) pages, the Untimely Report contains more than double the content of the Original Report, which was only ten (10) pages long. *See* Blaise Decl. at Exhibits A and C. Importantly, and as further explained below, the opinions contained in the Untimely Report were not disclosed in compliance with Federal Rule of Civil Procedure 26 prior to the closure of expert discovery; were not disclosed prior to Plaintiff taking Fink's deposition; and were not disclosed in time for Plaintiff to obtain any additional expert opinions in rebuttal. The opinions contained in the Untimely Report greatly exceed the scope of the opinions contained in the Original Report, as argued in more detail in section II, hereinbelow. Surprisingly, the Untimely Report contradicts the opinions Fink provided during his deposition. *See* Blaise Decl. at Exhibits B and C. Allowing the Untimely Report to stand would be extremely prejudicial to Plaintiff which was apparently the Labrador Defendants' motive considering that they have had this Untimely Report since on or about September 6, 2022 and failed to turn over the same to Plaintiff until November 11, 2022, just ten (10) days before the originally scheduled Final Pretrial Conference on November 21, 2022. However, even if Labrador Defendants had turned over the Untimely Report back in September 2022, it would have still been untimely

and more than one (1) year tardy.  Labrador Defendants should not be granted yet another opportunity to break the rules to the detriment of Plaintiff and the resources of the parties and this Court.

Trial courts routinely find that conduct "In determining whether a supplement under Rule 26(e) is appropriate, the court considers (1) whether the supplemental information correspond[s] to a prior Rule 26(a) disclosure and, if so, (2) whether the supplemental information [was] available at the time set for the initial disclosure." *Martinez v. Costco Wholsesale Corp.*, 336 F.R.D. 183, 186–87 (S.D. Cal. 2020); *Ibekwe v. White*, 2016 WL 6963051, at \*4 (C.D. Cal. Feb. 23, 2016) (citing *Burger v. Excel Contractors, Inc.*, 2013 WL 5781724, at \*3 (D. Nev. Oct. 25, 2013)).

"Rule 37(c)(1) gives teeth to [Rule 26's] requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).  This rule excludes untimely expert witness testimony, unless the "parties' failure to disclose the required information is substantially justified or harmless." *Yeti by Molly, Ltd.*, 259 F.3d at 1106.  Furthermore, a party that fails to comply with a scheduling order is subject to the sanctions available to a court to enforce its orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii). Fed. R. Civ. P. 16(f); *Martinez*, 336 F.R.D. at 187.

The conduct in *Martinez* was far less egregious than that of Fink and Labrador but nevertheless merited the exclusion of the untimely disclosed opinions.  *See Martinez*, 336 F.R.D. at 191.  In *Martinez*, a party's expert provided a supplemental expert report on April 30, 2020, three days after the court-ordered deadline of April 27, 2020.  *Id.* at 186.  The court weighed the factors, including the considerable time available to the party and their expert, and the fact that requests were actually made to extend the deadline.  *Id.*  The *Martinez* court found that even a three-day delay in disclosing opinions, when the bases therefor were available to the expert and party prior to the closure of discovery—warranted the barring of the untimely disclosed opinions.

*Id.* at 187.

Likewise, Labrador has not even sought modification of the scheduling order to permit its untimely supplemental report, which according to the Ninth Circuit would require a showing of "good cause, an inquiry which focuses on the reasonable diligence of the moving party." *Noyes v. Kelly Servs.,* 488 F.3d 1163, 1164 n. 6 (9th Cir. 2007). "[I]n part, the 'good cause' standard requires the parties to demonstrate that 'noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding [a party's] diligent efforts to comply, because of the development of matters which could have not been reasonably foreseen.'" *Sherwin-Williams Co. v. JB Collision Servs., Inc.*, 2015 U.S. Dist. LEXIS 30022, 2015 WL 1119406, at *7 (S.D. Cal. Mar. 11, 2015).

Consequently, the Untimely Report must be barred.

## II. THE UNTIMELY REPORT SHOULD BE STRICKEN AS INSUFFICIENT AND FOR EXCEEDING THE SCOPE OF THE ORIGINAL REPORT

Federal Rule of Civil Procedure 26(a)(2), states in pertinent part:

2) Disclosure of Expert Testimony.
(A) In General. In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705.
(B) Witnesses Who Must Provide a Written Report. Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:
(i) a complete statement of all opinions the witness will express and the basis and reasons for them;
(ii) the facts or data considered by the witness in forming them;
(iii) any exhibits that will be used to summarize or support them;
(iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
(v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
(vi) a statement of the compensation to be paid for the study and

1 testimony in the case.

2 Fed. R. Civ. P. 26.

3     The Untimely Report fails to meet the disclosure requirements above in

4 numerous ways. For example, (1) the Untimely Report lists only the "CV of Robert

5 Fink, Ph.D." as "EXHIBITS USED" in support of Fink's expert opinion, which

6 actually was not even attached to the report itself that was served on November 17,

7 2022, in violation of Rule 26(2)(B)(iii); and (2) in the "QUALIFICATIONS" section,

8 Fink states, "I have published numerous widely-cited articles on popular music and

9 analysis in prestigious academic journals, including the flagship journals of the

10 American Musicology Society (AMS) and the Society for American Music (SAM)[,]"

11 yet these "numerous articles" are not listed pursuant to Rule 26(2)(B)(iv). *See* Blaise

12 Decl. at Exhibit C. Accordingly, the Untimely Report should be stricken. If an expert

13 report is not submitted in accordance with Rule 26(a), this Court has the discretion to

14 exclude the evidence associated with the expert "on a motion, at a hearing, or at a trial,

15 unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c); *see*

16 *also Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir.2001)

17 (noting that "[t]wo express exceptions ameliorate the harshness of Rule 37(c)(1): The

18 information may be introduced if the parties' failure to disclose the required

19 information is substantially justified or harmless"). *Schenk v. Novartis Pharm. Corp.*,

20 No. CV-12-08223-PCT-NVW, 2014 U.S. Dist. LEXIS 100175, at *9 (D. Ariz. July 23,

21 2014).

22     Any attempt at supplementing the rebuttal expert disclosure should be denied,

23 because "supplementary disclosures are intended only to supplement, and are not to be

24 used to provide an extension of the deadline to provide expert reports" and the cutoff

25 for rebuttal expert disclosure was July 23, 2021. *Metro Ford Truck Sales, Inc. v. Ford*

26 *Motor Co.*, 145 F.3d 320, 324 (5th Cir. 1998); *see* Dkt. 164. Where an initial disclosure

27 is so incomplete that it does not satisfy Rule 26(a)(2)(B), and the second report contains

28 the information, reasoning and opinions which must be disclosed in the initial

disclosure, the expert may be limited to testifying to only opinions disclosed in the timely initial report.  *Johnson v. Sacramento Cty.*, No. CIV-S-06-0169 DFL GGH, 2007 U.S. Dist. LEXIS 6298, at *6-7 (E.D. Cal. Jan. 12, 2007) *citing Keener v. U.S.*, 181 F.R.D. 639, 642 (D. Mont. 1998); *see also Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990).

The purpose of the changes to Rule 26, effective some 16 years ago, was to greatly reduce, or possibly eliminate, the need for depositions of experts.  *Oliner v. Kontrabecki* (*In re Cent. European Indus. Dev. Co., LLC*), 427 B.R. 149, 159 (Bankr. N.D. Cal. 2009), *citing Salgado by Salgado v. GMC*, 150 F.3d 735, 742 n.6 (7th Cir. 1998) (stating that an expert report must be detailed and complete so that "opposing counsel is not forced to depose an expert in order to avoid ambush at trial and sufficiently complete so as to shorten or decrease the need for expert depositions and conserve resources").  The Untimely Report greatly exceeds the Original Report and attempts to rely on a case, *Gray v. Hudson*, 28 F.48th 87 (2022), that came out after expert discovery cut off, August 13, 2021, and after a finding of infringement was entered in the case, *Eight Mile Style LLC v. New Zealand National Party* [2017] NZHC 2603, where Fink provided expert testimony.  *See* Blaise Decl. at Exhibit C, "LIST OF CASES" section.

## II.   FINK SHOULD BE EXCLUDED AS AN EXPERT WITNESS AS UNQUALIFIED TO OPINE ON WHETHER OR NOT ANY TRACK IS INFRINGING OF ANOTHER

Fink's opinion in the Original Report was limited to the following:

In my expert opinion EE, while clearly designed to have what Stewart calls a "sound-alike quality" with respect to Eminem's LY, does not infringe on it.
Furthermore, NP, although derived from EE, is not identical to it, as Stewart claims, and EE is not necessarily implicated in any infringing relationship asserted to exist between NP and LY.

*See* Blaise Decl. at Exhibit A.

Fink's  Untimely  Report  greatly  exceeds  the  scope  of  his  original  opinion,

1   stating:

> It is undeniable that the authors of "Eminem Esque" openly sought to create an instrumental track which would evoke the general sound and feel of the instrumental bed for Eminem's "Lose Yourself." This is not, in itself, evidence of infringement, which requires substantial similarity in the actual musical expression. Recent case law implies that, when determining whether similarity is substantial, the generic nature of the musical material should be taken into account: in effect, where copyrighted musical expressions are commonplace, cliched, trite, or conventional, their protection is "thin," requiring a very high level of similarity, approaching direct copying, for similarity to be considered substantial. In my expert opinion, the repeating guitar ostinato, or "riff," at the heart of Eminem's "Lose Yourself" is just such a commonplace expression of a well-used musical idea, and the corresponding guitar riff in "Eminem Esque," although based on a similar musical idea, is not similar enough in its details to sustain a judgement of infringement.

*See* Blaise Decl. at Exhibit C.

Given that Fink is not an attorney and his resume lacks mention of any legal training, he is not qualified to opine as to whether or not a "judgement [*sic*] of infringement" could be sustained or whether or not Cohen and Labrador are "liable." Moreover, Fink is not qualified to opine on the meaning of "recent case law" given that he is not an attorney and has no legal training.  In addition, the Untimely Report fails to disclose what "recent case law" Fink is relying upon even if he did have the requisite legal training to opine regarding the same, in further violation of Federal Rule of Civil Procedure 26(a)(2)(B)(ii).

For the foregoing reasons, the Untimely Report should be stricken.

**III.   PLAINTIFF SHOULD BE AWARDED ITS ATTORNEYS' FEES FOR BEING FORCED TO BRING THIS MOTION AS A DISCOVERY SANCTION**

Plaintiff twice attempted to resolve the facially deficient issues with Labrador Defendants prior to being forced to bring this Motion.  Labrador Defendants refused to comply with Rule 26 and 37, and insisted on pursuing the use of the Untimely Report. Labrador Defendants continue to ignore the court-ordered deadlines.  Such

1  gamesmanship should not be tolerated, and Labrador Defendants should not be

2  permitted to prejudice Plaintiff by continuing to file pleadings contrary to orders and

3  deadlines.

> The court has the discretion to fashion appropriate sanctions for incomplete expert reports. We have constructed a five-part test, with three subparts to the fifth part, to determine whether a case-dispositive sanction under Rule 37(b)(2) is just: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." The sub-parts of the fifth factor are whether the court has considered lesser sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of case-dispositive sanctions. This "test" is not mechanical. It provides the district court with a way to think about what to do, not a set of conditions precedent for sanctions or a script that the district court must follow.

*Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007) (internal footnotes omitted).

WHEREFORE, Plaintiff respectfully requests that this Court enter an order:

1) Striking the Untimely Report of Fink;

2) Barring Fink from offering any testimony regarding what is or is not "infringing" as a non-attorney;

3) Barring Fink from offering any testimony not disclosed in his Original Report;

4) Granting Plaintiff its attorneys' fees and costs for being forced to bring this Motion; and

5) For any and all other relief this Court deems necessary and just.

DATED: January 13, 2023                Respectfully submitted,
                                       **BEATBOX MUSIC PTY, LTD.**
                                       */s/ Heather L. Blaise*
                                       HEATHER L. BLAISE, ESQ. (SBN 261619)
                                       *Attorney for Plaintiff*