1  Daniel Lee Jacobson SBN 134978
   JACOBSON & ASSOCIATES
2  1352 Irvine Blvd., Suite 205
   Tustin, CA  92780
3  (714) 505-4872
   dlj@jacobsonlawyers.com
4
   Attorneys for Defendant/Crossclaimant Michael Cohen, and Defendant MCPC
5  Holdings, LLC

6

7

8                       U.S. District Court for the

9                       Central District of California

10

11

12 | BEATBOX MUSIC PTY, LTD.,              | Case #: 2:17-cv-06108-MWF-JPR
13 |                                        | *Assigned for All Purposes to The Honorable Michael W. Fitzgerald, Judge of the District Court*
   |     Plaintiff                          |
14 |                                        |
   | v.                                     | Defendants/Crossclaimants Michael Cohen's and MCPC Holdings, LLC's Errata Regarding Their Proposed Jury Instruction No. 38 (Punitive Damages), for Consideration at the Final Pretrial Conference
15 |                                        |
16 | LABRADOR ENTERTAINMENT, INC., et al.   |
17 |                                        |
   |     Defendant                          |
18 |                                        |
19 | AND ALL RELATED CROSSCLAIMS            | Original Complaint filed: 08/22/17
20 |                                        |
21 |                                        | Final Pretrial Conference:   03/20/23  11:00 a.m.
22 |                                        | Trial Date:    04/18/23

23

24  ///

25

26  ///

27

28  ///

- 1 -
Michael Cohen's and MCPC Holdings' Errata Regarding Their Proposed Punitive Damages Jury Instruction

Upon review of Defendants Michael Cohen's and MCPC Holdings hereby LLC's Proposed Jury Instruction No. 38 (Punitive Damages) it was discovered that the Instruction misstates the law of punitive damages in a manner that all of the parties' proposed punitive damages did.[1] Apparently, all of the parties utilized 9th Cir. Model Civil Jury Instruction No. 5.5, but did not properly "customize" that model instruction by stating the appropriate standard of proof required for such an instruction. That mistake is shown below, and included in Exhibit "A", which is the corrected Proposed Jury Instruction No. 38.

> ***The correction of Proposed Jury Instruction No. 38 requires the addition of a Proposed Jury Instruction No. 53, regarding "clear and convincing evidence." Proposed Jury Instruction No. 53 is Exhibit "B".*** **(Exhibit "B" does not replace anything; it is an additional instruction.)**

<u>Mistaken regarding standard of proof</u>:

At Proposed Jury Instruction No. 38, lines 6 the *incorrect* standard of proof is given. "The plaintiff has the burden of proving by *a preponderance of the evidence* that punitive damages should be awarded, and if so, the amount of such damages." [Emphasis added.]

///

---

[1] Actually, a review of Mr. Cohen's/MCPC's conformed copies of the plaintiff's proposed jury instructions (*Dkt.* 308) show that those proposed instructions do not contain a punitive damages instruction. But, the proposed jury instructions that the plaintiff's attorney had sent us, as the parties were preparing their respective instructions has a punitive damages instruction; it's just incorrectly "customized".

Michael Cohen's and MCPC Holdings' Errata Regarding Their Proposed Punitive Damages Jury Instruction

The passage should read, "The plaintiff has the burden of proving by **clear and convincing evidence** that punitive damages should be awarded, and if so, the amount of such damages." [Emphasis added.] *Bank Saderat Iran v. Telegen Corp.* 30 Fed. Appx. 741, 743 No. 98-15190 (9th Cir. Feb. 6, 2002) ["A district court sitting in diversity must apply the choice of law provisions of the forum state."]; California Civil Code § 3294(a).

DATED: January 13, 2023

Dan Jacobson, Jacobson & Associates
Attorneys for Michael Cohen &
MCPC Holdings, LLC

EXHIBIT "A"

**[Proposed] Instruction No. 38**

If you find for the plaintiff, you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate a plaintiff. Punitive damages cannot be awarded based on breach of contract.

The plaintiff has the burden of proving by clear and convincing evidence that punitive damages should be awarded and, if so, the amount of any such damages.

You may award punitive damages only if you find that the defendant's conduct that harmed the plaintiff was malicious, oppressive or in reckless disregard of the plaintiff's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiff. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law. An act or omission is oppressive if the defendant injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by misusing or abusing authority or power or by taking advantage of some weakness or disability or misfortune of the plaintiff.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice, or sympathy toward any party. In considering the amount of any punitive damages, consider the degree of reprehensibility of the defendant's conduct, including whether the conduct that harmed the plaintiff was particularly reprehensible because it also caused actual harm or posed a substantial risk of harm to people who are not parties to this case. You may not, however, set the amount of any punitive damages in order to punish the defendant for harm to anyone other than the plaintiff in this case.

In addition, you may consider the relationship of any award of punitive damages to any actual harm inflicted on the plaintiff.

You may impose punitive damages against one or more of the defendants and not others and may award different amounts against different defendants. Punitive damages may be awarded even if you award plaintiff only nominal, and not compensatory, damages.

**Source: 9th Cir. Model Civil Jury Instruction No. 5.5**

EXHIBIT "B"

**[Proposed] Instruction No. 38a**

Certain facts must be proved by clear and convincing evidence, which is a higher burden of proof. This means the party must persuade you that it is highly probable that the fact is true. I will tell you specifically which facts must be proved by clear and convincing evidence.

**Source: CACI No. 201**