1 | Douglas J. Rosner, ESQ., SBN 094466
  | rosnerlaw@earthlink.net
2 | LAW OFFICES OF DOUGLAS JOSEPH ROSNER
  | 2625 Townsgate Road, Suite 330
3 | Westlake Village, California 91361
  | Telephone No. (818) 501-8400
4 | Facsimile No.: (818) 880-4485
  | email: rosnerlaw@earthlink.net; Doug@DRosnerlaw.com
5 | Attorney for Defendant/Cross-Defendants,
  | Labrador Entertainment, Inc. dba Spider Cues Music
6 | Library, Labrador Entertainment, LLC, Noel Palmer
  | Webb, an individual and Webb Family Trusts

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| BEATBOX MUSIC, PTY, LTD., <br><br> Plaintiff, <br><br> vs. <br><br> LABRADOR ENTERTAINMENT, INC., DBA SPIDER CUES MUSIC LIBRARY, a California corporation, <br><br> Defendants. <br><br> AND ALL CROSS CLAIMS | Case No. 2:17-cv-6108-MWF (JPRx) <br> Assigned to the Hon. Michael W. Fitzgerald <br><br> OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE LABRADOR DEFENDANTS' SUPPLEMENTAL EXPERT REPORT OF ROBERT FINK, PHD <br><br> Hearing Date: February 6, 2023 <br> Time: 10:00 a.m. <br> Location: Courtroom 5A <br> FAC: January 24, 2020 <br> Cross-Claim Filed: November 21, 2017 <br> Action Filed: August 17, 2017 |

OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE LABRADOR DEFENDANTS' SUPPLEMENTAL EXPERT REPORT OF ROBERT FINK, PHD

Page i

**Table of Contents**     **Page Number**

Procedural History . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Governing Legal Standard . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

I. The Supplemental Opinions Are Not New Opinions, but Rather Extensions of the Previously Disclosed Opinions Based on Intervening Events. . . . . . . . . . . . . . . . . . . . 5

II. The Disclosure of the Supplemental Opinions after the Disclosure Deadline Is Substantially Justified and Made in Good Faith . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

III. There Is No Meaningful Prejudice to Beatbox and Any Such Prejudice Is Easily Cured. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

IV. The Supplemental Opinions Will Not Disrupt the Trial . . . . . . . . . . . . . . . . . . . 11

V. Beatbox's Summary Daubert Challenge Is Meritless . . . . . . . . . . . . . . . . . . . . . . 11

**Table of Authorities**

**Statutes**

FRCP Rule 37 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Fed. R. Civ. P. 26(a)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Rule 37(c)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

**Cases**

Yeti by Molly, Ltd. v. Deckers OutdoorCorp., 259 F.3d 1101, 1106 (9th Cir. 2001). . 4

Lanard Toys,Ltd. v. Novelty, Inc., 375 Fed. Appx. 705, 713 (9th Cir.2010) . . . . . . . . 4

OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE LABRADOR DEFENDANTS' SUPPLEMENTAL EXPERT REPORT OF ROBERT FINK, PHD

**Cases (continued)**   **Page Number**

Lefay v. Lefay, No.1:13-CV-01362 AWI, 2014 WL 6473725, at *5 (E.D. Cal. Nov. 18, 2014), aff'd, 673F. App'x 722 (9th Cir. 2016) .................... 4, 11

McClean v. State Farm Mut. Auto. Ins. Co., No. 213CV00101LDGNJK,2013 WL 12218463, at *1 (D. Nev. Dec. 6, 2013) ................................. 5

Corbrus, LLC v.8th Bridge Cap., Inc., No. 219CV10182CASAFMX, 2021 WL 4439220, at *6 (C.D.Cal. Aug. 9, 2021) ................................. 8

Dowling v. Arpaio, No. CV09-01401-PHX-JAT, 2011 WL 5592909, at *2 (D. Ariz. Nov. 17, 2011) ................................................ 8

Colony Ins. Co. v. Colorado Cas. Ins. Co., No. 212CV01727APGNJK, 2014 WL 12646048,at *2 (D. Nev. May 28, 2014) ............................. 8

Gray v. Hudson, 28 F.4th 87 (9th Cir. 2022) .................... 2, 3, 6, 7, 8, 9

Williams v. Gaye, 895 F.3d 1106 (2018) ................................. 2, 3

Davis v.Phillips 66, No. 17-CV-00128-JST, 2018 WL 692045, at *2 (N.D. Cal. Feb. 2, 2018). ..................................................... 10

Compare Benkirane v. Am. Fam. Connect Prop. & Cas. Ins. Co., No.220CV01451JCMEJY, 2022 WL 225266, at *5 (D. Nev. Jan. 25, 2022) ...... 10

W. Towboat Co. v. Vigor Marine, LLC, No.C20-0416-RSM, 2021 WL 2156694, at *2 (W.D. Wash. May 27, 2021) ........................................ 10

Monroe v. Davis, Case No. 2:13-CV-00863-GMN, 2014 WL3845121, at *9 (D. Nev. Aug. 4, 2014) ................................................. 11

Galentine v. Holland Am. Line-Westours,Inc., 333 F. Supp. 2d 991, 993–94 (W.D. Wash. 2004) ..................................................... 11

**Publications**                                                                    **Page Number**

R. Clarida and T. Kjelberg, "'Gray v. Hudson' Rules on Copyrightability of Musical
Elements," New York Law Journal (May 19, 2022) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

E. Brannen and S. Rahimi, "Dark Horses, Joyful Noises, and the Building Blocks of
Musical Expression," WLF Legal Pulse (April 26, 2022). . . . . . . . . . . . . . . . . . . . . . . 9

B. Murphy, "Victory is in Katy Perry's Veins: Gray v. Perry Affirmedby CA9,"
Mondaq (March 21, 2022) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Douglas J. Rosner, ESQ., SBN 094466
rosnerlaw@earthlink.net
LAW OFFICES OF DOUGLAS JOSEPH ROSNER
2625 Townsgate Road, Suite 330
Westlake Village, California 91361
Telephone No. (818) 501-8400
Facsimile No.: (818) 880-4485

Attorney for Defendant/Cross-Complainant,
Labrador Entertainment, Inc. dba Spider Cues Music Library,
Labrador Entertainment, LLC, Noel Palmer Webb,
an individual and Webb Family Trusts

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| BEATBOX MUSIC, PTY, LTD.,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>LABRADOR ENTERTAINMENT, INC., DBA SPIDER CUES MUSIC LIBRARY, a California corporation,<br><br>　　　　　Defendants.<br>_____<br>AND ALL RELATED ACTIONS | Case No. 2:17-cv-6108-MWF (JPRx)<br>*Assigned to the Hon. Michael W. Fitzgerald*<br><br>OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE LABRADOR DEFENDANTS' SUPPLEMENTAL EXPERT REPORT OF ROBERT FINK, PHD<br><br>Hearing Date: February 6, 2023<br>Time: 10:00 a.m.<br>Location: Courtroom 5A<br>FAC: January 24, 2020<br>Cross-Claim Filed: November 21, 2017<br>Action Filed: August 17, 2017 |

OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE LABRADOR DEFENDANTS'
SUPPLEMENTAL EXPERT REPORT OF ROBERT FINK, PHD　　　　　　　　　Page 1 of 12

Defendant/Cross-Complainant, Labrador Entertainment, Inc. dba Spider Cues Music Library, Labrador Entertainment, LLC, Noel Palmer Webb, an individual and Webb Family Trusts' ("Labradors") opposition to Plaintiff's Motion to Strike Labrador Defendants' Supplemental Expert Report of Robert Fink, PHD.

Plaintiff Beatbox Music, Ltd. ("Beatbox") has moved to exclude the supplemental opinions of Labradors' timely disclosed expert witness Robert Fink. To be clear, there is no dispute that Mr. Fink was timely disclosed as a rebuttal expert witness and that he was deposed by Beatbox on August 10, 2021 in accordance with the scheduling order. What Beatbox is complaining about is not the disclosure of Mr. Fink as an expert—instead Beatbox seeks to limit the scope of Mr. Fink's testimony to opinions he had disclosed prior to his August 10, 2021 deposition and to exclude the opinions expressed in November 11, 2022 Supplemental Report.

As is discussed herein, Beatbox's motion should be denied as the timing of the supplemental disclosures was substantially justified based on the issuance of the Ninth Circuit's decision in *Gray v. Hudson*, 28 F.4th 87 (2022) which changed the law concerning the "extrinsic test" for copyright infringement in a way which bolstered Mr. Fink's opinion that Beatbox had indeed provided cues which complied with United States copyright laws. The supplemental opinion merely explains the way *Gray* clarified the 9th Circuit's 2018 decision in *Williams v. Gaye*, 895 F.3d 1106 (2018), which included a test that Mr. Fink addressed in his report.

**PROCEDURAL HISTORY**

Per the order of this Court, expert discovery was to be completed on August 13, 2021. Dkt. 164. On July 23, 2021, the Labrador Defendants provided the Rebuttal Expert Report of Robert W. Fink, Ph.D. ("Original Report") to Plaintiff, and on August 10, 2021, Plaintiff took the deposition of Fink. See Blaise Decl. at Exhibit B, Transcript.

---

OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE LABRADOR DEFENDANTS' SUPPLEMENTAL EXPERT REPORT OF ROBERT FINK, PHD                    Page 2 of 12

1. On March 10, 2022, the 9th Circuit issued its decision in *Gray v. Hudson*, 28 F.4th 87 (2022) which modified its prior holding in *Williams v. Gaye*, 895 F.3d 1106 (2018) in important ways related to the "extrinsic test" for infringement under the United States Copyright Act.

2. On March 30, 2022, this Court issued its opinion denying summary judgment, and in that opinion, this Court noted that while Beatbox argued that "[t]he Eminem esque cue is infringing under issue preclusion based on the New Zealand action" [Dkt. 255 at 8], summary judgment would be denied because "the applicability of New Zealand copyright law within the U.S. is unclear due to the general territorial limits of intellectual property law." [Id. at 10] Thus, one of the issues that had to be tried per this Court's summary judgment decision is whether the Eminem Esque "Cue" violated U.S. copyright law as that is the issue under the indemnity clause.

3. In the course of preparing the pretrial order, the issue of the *Gray* decision was considered by Labrador's counsel. While Mr. Fink is a rebuttal expert, and while the extrinsic test discussed in Gray was part of his initial timely analysis, out of an abundance of caution Labrador decided to provide notice of Gray and the way it extended Mr. Fink's already disclosed opinions via a supplemental rebuttal expert report which was submitted on November 11, 2022.

4. At the time the supplemental Fink report was submitted, the trial of this matter was set to proceed on December 6, 2022 [Dkt. 266] Despite the looming trial, Beatbox took no action to seek to exclude the supplemental expert opinion.

5. Subsequently and prior to December 6, 2022, this Court continued the trial to April 18, 2023. [Doc 331]  Beatbox filed the motion to exclude on January 13, 2023.

///

///

## GOVERNING LEGAL STANDARD

FRCP Rule 37 requires each party to disclose expert witnesses by a certain deadline set by the court. Fed. R. Civ. P. 26(a)(2). "Rule 37(c)(1) gives teeth to these requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). The information may be used at trial, however, if the party's failure to disclose the required information is substantially justified or harmless. Fed. R. Civ. P. 37(c)(1).

The party making the late disclosure bears the burden of establishing that the failure to disclose is substantially justified or harmless. *See Yeti by Molly,* 259 F.3d at 1107. In determining whether substantial justification or harmlessness exist, the Ninth Circuit has instructed courts to consider "(1) prejudice or surprise to the other party, (2) the ability of that party to cure the prejudice, (3) the likelihood of disruption of trial, and (4) bad faith or willfulness in not disclosing the evidence." *Lanard Toys, Ltd. v. Novelty, Inc.*, 375 Fed. Appx. 705, 713 (9th Cir.2010). When applying these factors, it is important for this Court to keep in mind that "[t]he law always favors disposition of cases on their merits. The Court wants to see both sides present to the finder of fact all relevant and material evidence not foreclosed by other rules; it looks with disfavor on sanctions which might prevent all the facts and authorized opinions from being presented. This is particularly so where other remedies are available to compensate for a failure to follow rules and schedules." *Lefay v. Lefay*, No. 1:13-CV-01362 AWI, 2014 WL 6473725, at *5 (E.D. Cal. Nov. 18, 2014), aff'd, 673 F. App'x 722 (9th Cir. 2016).

///

///

## ARGUMENT

### I. THE SUPPLEMENTAL OPINIONS ARE NOT NEW OPINIONS, BUT RATHER EXTENSIONS OF THE PREVIOUSLY DISCLOSED OPINIONS BASED ON INTERVENING EVENTS

Beatbox's motion fails to identify one single passage, let alone multiple passages, of Mr. Fink's supplemental report that purportedly constitute new opinions rather than proper supplementation. Rather than such specificity, Beatbox appears to ask this Court to infer the opinions are new from the fact that "[a]t twenty-one (21) pages, the Untimely report contains more than double the content of the original report, which was only ten (10) pages long." [Dkt. 335 at 5] However, the mere comparative length does not meet Beatbox's burden to show that there are actually "new" opinions which must be stricken. As another court in this Circuit noted when presented with a similar argumentative approach,

> [h]aving reviewed the matter, the Court finds that Plaintiff's argument is undeveloped and unsubstantiated. Plaintiff relies on conclusory statements and broad citations with no clear examples of where Plitt's report goes beyond its stated purpose of rebutting Burkett's report. Indeed, the only argument Plaintiff offers in his motion is that "Plitt's expert opinions are approximately eight (8) pages long while his rebuttal opinions are only two and half pages [sic] (2 ½)." Docket No. 20, at 3. Plaintiff then cites to 13 pages of Plitt's report. Id. The Reply gives slightly more detail, stating that Plitt "outlines in detail 'new' fact opinions generated from his section 'IV. Review of Claim File' and even from Defendant's medical expert, Dr. Reynold Rimoldi." Docket No. 23, at 3. None of these conclusory statements, however, shows that Plitt's report offers more than rebuttal testimony.

*McClean v. State Farm Mut. Auto. Ins. Co.*, No. 213CV00101LDGNJK, 2013 WL 12218463, at *1 (D. Nev. Dec. 6, 2013).

Beatbox's failure to object to any specific passage or language in the supplemental report is a fatal "tell", as if Beatbox could have identified such a truly new opinion, it surely would have done and so and proclaimed unfairness loudly and

repeatedly. In reality, the supplemental report merely explains how the clarified standard in *Gray* modified and bolstered the opinion's offered in Fink's timely initial report. In that report, Fink opined that,

> Stewart's report seeks to manufacture substantial similarity by appealing to an undefined notion of "core expression." His claim appears to be that because EE (and NP) use a number of the same stock musical devices as LY – even though, taken one by one, these devices are either (a) so generic as to be the common coin of the popular musical language or (b) altered so as not to be substantially similar – that the sum total of these in-substantial similarities crosses over to be substantial similarity. As a professional musicologist, I recognize the power of a "pattern of similarities" to stimulate academic discourse. But in the forensic analysis of copyright infringement, I disagree that simply adding together multiple instances of non-infringement can create infringement.

Initial Fink Rebuttal Report at 2:¶2.

The Supplemental Report explained how these same opinions applied in the context of the factors set forth in *Gray*, even though Mr. Fink did not expressly reference *Gray*, as he is a musicologist and not a lawyer.

The Supplemental Report has been expanded to respond to a new framework for evaluating substantial similarity laid out in a court case, *Gray v. Hudson*, which had not been issued when the original rebuttal report was written. This decision introduced not only a newly articulated standard for protectable originality in musical compositions, but also discusses certain kinds of generic musical "building blocks" in great detail, using specific musical examples to significantly nuance the idea of protected expression in music.

As a musicologist, Fink believed that the new standards set out in *Gray* were directly relevant to the musical compositions at stake in this case and rewrote his opinion to (a) reference the new framework and the musical terminology in *Gray* directly; (b) focus closely on the "generic" nature of the musical building blocks at issue in the present case, deepening his analysis at the precise points that would make

the relevance of *Gray* the most clear; (c) provide an exposition of his points which would be as clear as possible, using all the explanatory resources at his command.

The Supplementary Report makes the same argument and reaches the same conclusion as the original Rebuttal Report. It is not based on new readings of either of the two musical compositions at issue, "Lose Yourself" or "Eminem-Esque." It does consider new pieces of comparative evidence, going more deeply into a series of examples of prior art and their expressive character. It also takes time to establish as exhaustively as possible why and how the musical building blocks at issue in this case should be considered "generic" or "clichéd," since this is a key point highlighted by the court's decision in Gray.

In so doing, the Supplemental Report makes detailed reference to generic or common modes of playing possible on the six-string guitar, using fretboard diagrams, photographs of hands playing the guitar, and some musical notation. The additional space taken up by these supporting diagrams, illustrations, and notation is one reason that the new Supplemental Report requires more pages than the original Rebuttal.

Much of this supporting material was implicit in Fink's original report, which, as a rebuttal, was concerned with a previous report by Alexander Stewart. But there was nothing in Stewart's report about the issues, concepts, and terminology raised in *Gray v. Hudson*, since that decision had not been written when Stewart wrote his original report. It was thus necessary to reorient the Supplemental report toward the latest case law.

///
///
///
///

## II. THE DISCLOSURE OF THE SUPPLEMENTAL OPINIONS AFTER THE DISCLOSURE DEADLINE IS SUBSTANTIALLY JUSTIFIED AND MADE IN GOOD FAITH.

"A number of courts have recognized that a late-disclosed expert opinion may be 'substantially justified' when it addresses information or circumstances that could not have been known to the parties at the close of expert discovery." *Corbrus, LLC v. 8th Bridge Cap., Inc.*, No. 219CV10182CASAFMX, 2021 WL 4439220, at *6 (C.D. Cal. Aug. 9, 2021) (citing and quoting from *Dowling v. Arpaio*, No. CV 09-01401-PHX-JAT, 2011 WL 5592909, at *2 (D. Ariz. Nov. 17, 2011) (declining to strike untimely expert opinion offered in response to new information obtained during defendant's deposition, but permitting limited re-opening of expert discovery); *Colony Ins. Co. v. Colorado Cas. Ins. Co.*, No. 212CV01727APGNJK, 2014 WL 12646048, at *2 (D. Nev. May 28, 2014) (declining to exclude "supplemental report [ ] based on discovery obtained after the deadline" for expert disclosures)). The *Corbrus* court itself found substantial justification existed where "Trinh's new opinion was offered in response to new information regarding the likelihood that Congress would re-authorize the EB-5 program before June 30, 2021." 2021 WL 4439220, at *6.

Here, the supplemental report addresses "information or circumstances that could not have been known to the parties at the close of expert discovery" in the form of a 9th Circuit decision – *Gray*—that was issued nine months after the close of expert discovery. As the supplemental report explains,

> [r]ecent case law implies that, when determining whether similarity is substantial, the generic nature of the musical material should be taken into account: in effect, where copyrighted musical expressions are commonplace, cliched, trite, or conventional, their protection is "thin," requiring a very high level of similarity, approaching direct copying, for similarity to be considered substantial. In my expert opinion, the repeating guitar ostinato, or "riff," at the heart of Eminem's "Lose

> Yourself" is just such a commonplace expression of a well-used musical idea, and the corresponding guitar riff in "Eminem Esque," although based on a similar musical idea, is not similar enough in its details to sustain a judgement of infringement.

[Dkt. 335-4 at 5] That "recent case law" reference is made in connection with *Gray v. Hudson*, 28 F.4th 87 (9th Cir. 2022), which is considered to be an important "decision articulat[ing] the current state of Ninth Circuit law regarding the threshold of protectable originality in music infringement cases, and because so many music cases are brought in the Ninth Circuit the ruling will likely be significant to music litigators nationwide." R. Clarida and T. Kjelberg, "'Gray v. Hudson' Rules on Copyrightability of Musical Elements," New York Law Journal (May 19, 2022).[1] See also E. Brannen and S. Rahimi, "Dark Horses, Joyful Noises, and the Building Blocks of Musical Expression," WLF Legal Pulse (April 26, 2022) ("This recent decision is noteworthy because it underscores that minor scales, chord progressions, and other conventional building blocks of musical expression belong to the public.").[2]

The supplemental report merely constituted an effort by Mr. Fink to take his already expressed opinions and order and analyze the data and information to accord with the approach set forth by the Ninth Circuit in *Gray*. As one legal comentator explained, *Gray* is "a deep dive into music theory" which helpfully broke down the analysis of extrinsic similarity by the following component parts: length, melody in minor scale, rythym, musical textures, time and quality of sound, pitch sequence, and

---

[1] https://www.law.com/newyorklawjournal/2022/05/19/gray-v-hudson-rules-on-copyrightability-of-musical-elements/.

[2] https://www.wlf.org/2022/04/26/wlf-legal-pulse/dark-horses-joyful-noises-and-the-building-blocks-of-musical-expression/

OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE LABRADOR DEFENDANTS' SUPPLEMENTAL EXPERT REPORT OF ROBERT FINK, PHD          Page 9 of 12

melodic shape. B. Murphy, "Victory is in Katy Perry's Veins: Gray v. Perry Affirmed by CA9," Mondaq (March 21, 2022).[3]

## III. THERE IS NO MEANINGFUL PREJUDICE TO BEATBOX AND ANY SUCH PREJUDICE IS EASILY CURED

There is no identified prejudice to Beatbox then generalized assertions of prejudice. The essence of Mr. Fink's opinion is the same—the Cue provided to Beatbox was non-infringing. If the supplemental report gives Beatbox reason to want to obtain additional information from Mr. Fink, there is ample time to do so through document requests or an additional deposition as the trial of this matter is approximately four months away. There is simple no meaningful prejudice let alone prejudice that is substantially incurable, and it is notable that "Courts that have imposed an exclusion sanction have generally done so when the complaining party was unable to take discovery or respond to her opponent's testimony." *Davis v. Phillips* 66, No. 17-CV-00128-JST, 2018 WL 692045, at *2 (N.D. Cal. Feb. 2, 2018). *Compare Benkirane v. Am. Fam. Connect Prop. & Cas. Ins. Co.*, No. 220CV01451JCMEJY, 2022 WL 225266, at *5 (D. Nev. Jan. 25, 2022) ("Such a solution is in line with other courts in the district that have found deposition sufficient to cure the prejudice of improperly disclosed expert witnesses while still allowing the case to be disposed of on its merits."); *W. Towboat Co. v. Vigor Marine, LLC*, No. C20-0416-RSM, 2021 WL 2156694, at *2 (W.D. Wash. May 27, 2021) ("Notwithstanding the parties' June 28, 2021 trial date [one month from the opinion], Vigor's [late-disclosed] witnesses remain available to depose should Western choose

---

[3]https://www.mondaq.com/unitedstates/copyright/1171950/victory-is-in-katy-perry39s-veins-gray-v-perry-affirmed-by-ca9

OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE LABRADOR DEFENDANTS' SUPPLEMENTAL EXPERT REPORT OF ROBERT FINK, PHD     Page 10 of 12

to do so before trial."); *Monroe v. Davis*, Case No. 2:13-CV-00863-GMN, 2014 WL 3845121, at *9 (D. Nev. Aug. 4, 2014) ("The Court finds that this situation can be 'easily remedied' by opening discovery for the limited purpose of allowing Defendants to depose and rebut Dr. Cash"); *Galentine v. Holland Am. Line-Westours, Inc.,* 333 F. Supp. 2d 991, 993–94 (W.D. Wash. 2004) (denying exclusion where defendants were able to take a late-disclosed expert's deposition before trial).

## IV. THE SUPPLEMENTAL OPINIONS WILL NOT DISRUPT THE TRIAL.

Nor is there a cognizable reason to believe the supplemental Fink opinions will disrupt the trial. He was timely disclosed as a rebuttal expert and he was timely deposed. Beatbox already knew he would be testifying and Beatbox already knew the grounds and bases for his opinions, and Beatbox has ample time to prepare for the supplementation Mr. Fink has provided. There is more than ample time to redepose Mr. Fink prior to trial if Beatbox is so inclined. There would be zero need to continue the April 2023 trial date to accommodate the supplemental opinions of Mr. Fink. Compare *Lefay v. Lefay*, No. 1:13-CV-01362 AWI, 2014 WL 6473725, at *5 (E.D. Cal. Nov. 18, 2014), aff'd, 673 F. App'x 722 (9th Cir. 2016) ("The Court finds that inasmuch as the pretrial conference is still some two months away and trial more than three months away, granting a modification of the expert disclosure deadline will not disrupt the Court's docket and should not delay or disrupt trial.").

## V. BEATBOX'S SUMMARY DAUBERT CHALLENGE IS MERITLESS

Beatbox also seeks to exlude Mr. Fink's opinion on the ground that Mr. Fink opines on whether the Cue infringes and Mr. Fink "is not an attorney and he resume lacks mention of any legal training." [Dkt. 335 at 10] This objection is specious. Mr. Fink makes no such ultimate legal conclusion. Rather, he expresses his opinion as a musicologist that "the repeating guitar ostinato, or "riff,' at the heart of Eminem's

'Lose Yourself' is just such a commonplace expression of a well-used musical idea" and "is not similar enough in its details to sustain a judgment of infringement" because, as the report later elaborates, "the material is so basic and common as to be part of the general language . . . ." [Dkt. 335-2 at 3 and 7]

The supplemental report then gives substantial detail reporting these musicological conclusions by analyzing – individually and as a whole -- the guitar part, the bass part, the 16th note triplet "flicks", the "iconic" piano part, the sustained strings, the drum part and the synthesized brass. [Fink Supplemental Report passim]

What Beatbox really seems to object to is terminology. Mr. Fink's conclusion is that, as a musicologist, the compositions are not sufficiently similar and he provides musicological context and analysis to explain why. At trial, as part of a motion in limine, this Court can limit how explicit an expert can be on the ultimate conclusion. But such a rule would apply to all expert testimony and is likely better addressed as the testimony is delivered. But the expert report itself is not evidence and Mr. Fink's musicological qualifications and analysis are not challenged by Beatbox. Accordingly, the motion to exclude Mr. Fink's supplemental opinions on Daubert qualifications grounds should be denied.

DATED: January 23, 2023  Law Offices of Douglas Joseph Rosner

/s/ Douglas J. Rosner

By: <u>Douglas J. Rosner</u>
Attorney for Defendant/Cross-Complainant,
Labrador Entertainment, Inc. dba Spider Cues
Music Library, Labrador Entertainment, LLC,
Noel Palmer Webb, an individual and WF TrustTrusts