BLAISE & NITSCHKE, P.C.
HEATHER L. BLAISE, ESQ. (SBN 261619)
145 S. Wells Street, Suite 1800
Chicago, IL 60606
Telephone: 312-448-6602
Email: hblaise@blaisenitschkelaw.com

Attorneys for Plaintiff,
BEATBOX MUSIC PTY, LTD.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEATBOX MUSIC PTY, LTD.,<br><br>Plaintiff,<br><br>v.<br><br>LABRADOR ENTERTAINMENT, INC. D/B/A SPIDER CUES MUSIC LIBRARY, a California corporation,<br><br>Defendants.<br><br>AND ALL RELATED ACTIONS | CASE NO: 2:17-cv-6108 MWF (JPRx)<br>*Assigned to the Hon. Michael W. Fitzgerald*<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION TO STRIKE LABRADOR'S SUPPLEMENTAL EXPERT REPORT OF ROBERT FINK, PHD**<br><br>**Hearing Date:** **Feb. 6, 2023**<br>**Time:** **10:00 a.m. PST**<br>**Location:** **Courtroom 5A**<br><br>Trial Date:          April 18, 2023<br>FAC:                   January 24, 2020<br>Cross-Claim Filed: November 21, 2017<br>Action Filed:       August 17, 2017 |

# **TABLE OF CONTENTS**

INTRODUCTION ........................................................................................................1

ARGUMENT ..............................................................................................................1

   I.   THE RESPONSE TO THE MOTION TO STRIKE SHOULD BE STRICKEN AS UNTIMELY .............................................................................................1

   II.   THE UNTIMELY REPORT IS BASED ON ADDITIONAL EVIDENCE THAT WAS AVAILABLE AT THE TIME THE ORIGINAL REPORT WAS CREATED, NOT ON NEW LAW OR DATA. ......................................................3

   III.   LABRADOR DELAYED PROVIDING THE EXPERT REPORT, RESULTING IN SUBSTANTIAL PREJUDICE TO PLAINTIFF. .........................4

   IV.   LABRADOR HAS NEVER SOUGHT TO HAVE ITS REPORT DEEMED TIMELY. ...................................................................................................6

   V.   FINK'S OPINION CONTAINS LEGAL CONCLUSIONS THAT FAR EXCEED THE SCOPE OF REBUTTAL TESTIMONY. .........................................8

   VI.   THE DEBATE ABOUT WHETHER "EMINEM-ESQUE" IS INFRINGING UNDER UNITED STATES LAW IS IMMATERIAL TO THE ULTIMATE ISSUES IN THIS CASE. ........................................................................................9

# TABLE OF AUTHORITIES

**Cases**

*Aguilar v. Int'l Longshoremen's Union Local No. 10*,
 966 F.2d 443, 447 (9th Cir. 1992) ................................................................. 8

*Benikrane v. Am. Fam. Connect Prop. & Cas. Ins. Co.*,
 No. 220CV01451JCMEJY, 2022 WL 225266, 2022 U.S. Dist. LEXIS 13049
 (D. Nev. Jan. 25, 2022) ................................................................................. 6

*Burkhart v. Wash. Metro. Area Transit Auth.*,
 112 F.3d 1207, 1212-13, 324 U.S. App. D.C. 241 (D.C. Cir. 1997) .......... 9

*Davis v. Phillips 66*,
 17-CV-00128-JST, 2018 WL 692045, 2018 U.S. Dist. LEXIS 17777,
 (N.D. Cal. Feb. 2, 2018) ............................................................................... 7

*Donelson v. Providence Health & Services - Washington*,
 823 F. Supp. 2d 1179, 1193 (E.D. Wash. 2011) .......................................... 9

*Galentine v. Holland Am. Line – Westours, Inc.*,
 333 F. Supp.2d 991, 994 (W.D. Wash. 2004) .............................................. 7

*Ghazali v. Moran*,
 46 F.3d 52, 54 (9th Cir. 1995) ..................................................................... 2

*Gray v. Hudson*,
 28 F.4th 87 (9th Cir., March 10, 2022) .................................................. 3, 5

*Hangarter v. Provident Life & Accident Ins. Co.*,
 373 F.3d 998, 1016 (9th Cir. 2004) ............................................................. 9

*Henderson v. Duncan*,
 779 F.2d 1421, 1423 (9th Cir. 1986) ........................................................... 2

*Ismail v. County of Orange*,
 8:10-cv-00901-VBF (AJWx), 2012 WL 12964893 (C.D. Cal. Nov. 7, 2012) .......... 2

*Malone v. U.S. Postal Serv.*,
 833 F.2d 128, 129 (9th Cir. 1987), cert. denied, 488 U.S. 819, 109 S. Ct. 59, 102 L.
 Ed. 2d 37 (1988) ........................................................................................... 2

*Metro Ford Truck Sales, Inc. v. Ford Motor Co.*,
 145 F.3d 320, 324 (5th Cir. 1998) ............................................................... 3

*Monroe v. Davis*,
 2:13-CV-0863-GMN, 2014 WL 3845121, 2014 U.S. Dist. LEXIS 107445
 (D. Nev. Aug 4, 2014) ................................................................................. 7

*Nationwide Transpo. Fin. v. Cass Info. Sys., Inc.*,
   523 F.3d 1051, 1058 (9th Cir. 2008)......................................................................9

*Obesity Research Institute, LLC v. Fiber Research International, LLC*,
   No. 15-cv-595-BAS(MDD), 2017 U.S. Dist. LEXIS 123645
   (S.D. Cal. Aug. 4, 2017)...........................................................................................8

*Peiyun Chen v. Mendoza*,
   No. 2:22-cv-07352-ODW (AFMx), 2023 U.S. Dist. LEXIS 10457
   (C.D. Cal. Jan. 20, 2023)..........................................................................................2

*Solid 21, Inc. v. Hublot of Am.*,
   685 Fed. Appx. 530, 2017 U.S. App. LEXIS 5227, 2017 WL 1101102
   (9th Cir. 2017).........................................................................................................9

*Somers v. United States F. & G. Co.*,
   191 Cal. 542, 547 [217 P. 746] (1923)..................................................................10

*Sullivan v. Dollar Tree Stores, Inc.*,
   623 F.3d 770, 777 (9th Cir. 2010)...........................................................................9

*United States v. Tamman*,
   782 F.3d 543, 553-54 (9th Cir. 2015) .................................................................8, 9

*Varco-Pruden, Inc. v. Hampshire Constr. Co.*,
   50 Cal.App.3d 654, 660 (1975).............................................................................10

**Statutes**

Cal. Civ. Code § 2772................................................................................................10

Cal. Civ. Code § 2778................................................................................................10

**Rules**

C.D. Cal. L.R. 7-8 ......................................................................................................1

C.D. Cal. L.R. 7-9 ......................................................................................................1

C.D. Cal. L.R. 7-10 ....................................................................................................1

C.D. Cal. L.R. 7-12 ....................................................................................................2

Fed. R. Civ. P. 26.......................................................................................................4

Fed. R. Evid. 401 .....................................................................................................11

Fed. R. Evid. 704 .......................................................................................................8

Plaintiff Beatbox Music Pty., Ltd. ("Beatbox"), by and through its attorneys, Blaise & Nitschke, P.C., respectfully and in reply to Labrador's Opposition (Dkt. 339, the "Untimely Response") to Plaintiff's Motion to Strike (the "Motion") Labrador Defendants' Supplemental Expert Report of Robert Fink, PhD (the "Untimely Report"), and in support of the Motion states as follows:

## INTRODUCTION

In response to a motion where Labrador's untimeliness is once again an issue, Labrador has filed an untimely brief that is riddled with misquotes, mischaracterizations, and misinformation. To the extent that the Court entertains Labrador's Untimely Response, none of Labrador's arguments excuse Labrador's continued disregard for civil procedure. The Court could grant the Motion for any number of reasons: because Labrador elected to not file the Untimely Response in compliance with Local Rule 7-9; because additional evidence and information that was available prior to the Original Report was included in the Untimely Report; because Labrador's gamesmanship continues to prejudice Plaintiff, particularly as the case is on the eve of trial; because Labrador has failed to affirmatively seek the Court's extension of expert discovery; because the Untimely Report includes blatant legal conclusions; and because the issue of whether "Eminem Esque" infringes on "Lose Yourself" under United States copyright law is utterly immaterial to Labrador's duty to indemnify Plaintiff.

## ARGUMENT

### I. THE RESPONSE TO THE MOTION TO STRIKE SHOULD BE STRICKEN AS UNTIMELY

The United States District Court for the Central District of California establishes mandatory briefing schedules for all motions. *See* C.D. Cal. L.R. ("L.R.") 7-8, 7-9, and 7-10. A party filing opposing papers to a motion must do so "not later than twenty-one days before the date designated for the hearing of the motion in all [instances other than a new trial motion]." *See* L.R. 7-9. Additionally, Local Rule 7-12 provides that

"[t]he failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion."  C.D. Cal. L.R. 7-12; *see also Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

Within this Court's broad discretion in striking the Untimely Report pursuant to a local rule, a court must weigh: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the [parties]; (4) the public policy favoring disposition of cases o[n] their merits; and (5) the availability of less drastic sanctions." *Ghazali*, 46 F.3d at 53 (*quoting Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)); *see also Peiyun Chen v. Mendoza*, No. 2:22-cv-07352-ODW (AFMx), 2023 U.S. Dist. LEXIS 10457, at *2 (C.D. Cal. Jan. 20, 2023).  However, "[e]xplicit findings with respect to these factors are not required."  *Ismail v. County of Orange*, 8:10-cv-00901-VBF (AJWx), 2012 WL 12964893, at *1 (C.D. Cal. Nov. 7, 2012) (first citing *Henderson*, 779 F.2d at 1424; and then citing *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 129 (9th Cir. 1987), cert. denied, 488 U.S. 819, 109 S. Ct. 59, 102 L. Ed. 2d 37 (1988)).

In the present case, the Motion is scheduled for hearing on February 6, 2023.  *See* Dkt. 335.  Labrador did not file its Untimely Response until January 23, 2023, a mere fourteen (14) days before the hearing date.  *See* Dkt. 339.  The Untimely Response is therefore prejudicial itself—particularly when the issue of timeliness is the entire substance of the original Motion—and served to deprive Plaintiff the opportunity to reply to Labrador's arguments fourteen (14) days prior to the Hearing.

Labrador should not be rewarded for its ongoing delay tactics and rank gamesmanship, nor should the Court indulge Labrador's contempt for the Local Rules and this Honorable Court's standing orders.  Consequently, the Untimely Response should be stricken in its entirety, or, *in the alternative*, Plaintiff respectfully requests that this Honorable Court deems the instant Reply to be timely filed.

## II. THE UNTIMELY REPORT IS BASED ON ADDITIONAL EVIDENCE THAT WAS AVAILABLE AT THE TIME THE ORIGINAL REPORT WAS CREATED, NOT ON NEW LAW OR DATA.

In the Untimely Response, Labrador attempts to mislead this Honorable Court by claiming that the Untimely Report contains only "extensions" of "previously disclosed opinions" which were based on "intervening events," by which Labrador apparently means the Third Circuit's ruling in *Gray v. Hudson*, 28 F.4th 87 (9th Cir., March 10, 2022). *See* Dkt. 339. However, the Untimely Report is actually premised on information and data readily available to Fink at the time of the Original Report, including: "information contained in journalistic interviews and legal depositions by Jeff Bass, producer and co-author of "Lose Yourself"; "a systematic survey of prior art supported by [Fink's] knowledge of rock guitar technique"; "published, peer-reviewed musicological scholarship on the tonal and melodic language of American popular music in the rock era by Christopher Doll." (Dkt. 335-4, p. 5, "Facts Considered"). The Christopher Doll report referenced in the Untimely Report was published in 2017. *See* Dkt. 335-4, p. 13.

The Original Report references none of this literature or information apparently obtained by Fink, instead premising all of his opinions on "a critical reading of the detailed expert report submitted by Alexander Stewart" and listening to "the same three tracks that Professor Stewart did, in order to form my own opinion of his conclusions[.]" The incorporation of new articles and information in the Untimely Report, none of which were disclosed at the time of the Original Report or at the time Dr. Fink was deposed, is not a "supplementary disclosure" whatsoever but clearly intended by Labrador as an end-run around the deadline to provide an expert report. It is axiomatic that "supplementary disclosures are intended only to supplement, and are not to be used to provide an extension of the deadline to provide expert reports." *Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 324 (5th Cir. 1998).

In addition to newly consulted information and data, the Untimely Report

delivers entirely new opinions, particularly a novel theory that can be best summarized as follows: Fink now contends that Eminem-Esque is not an infringing work because, while it contains elements similar to Lose Yourself, it does a poor job recreating them, resulting in Fink's bizarre conclusion that the composer "deliberately marred their own work, to make sure that no listener would mistake it for the original." *See* Dkt. 335-4, p. 23. This opinion is entirely absent from the Original Report and is such a departure from Fink's deposition testimony that it constitutes a new opinion, not the mere "extension" claimed by Labrador.

Fink also devotes considerable effort to coining new phrasing in the Untimely Report to overcome his inability at his deposition to articulate a coherent opinion separating vocal elements of tracks from other musical elements. In the Untimely Report, Fink for the first time coins the term "bed" to refer to "the instrumental accompaniment, composed by Jeff Bass" in Lose Yourself, a term Fink employs five more times in the "Statement of Opinion" and "Precise of Argument" sections of his Untimely Report. *See* Dkt. 335-4, pp. 5-6. By rewriting his opinion to include new phrasing well after his deposition and the closure of expert discovery, Fink—at Labrador's admitted initiative—has substantially altered the substance of his opinion without providing any supporting communications, documentations, or research materials relied upon, all while failing to comply with Rule 26(a)(2)(B).

Furthermore, contrary to the Untimely Response's argument that the *Gray* decision's articulation of the "extrinsic evidence" test was somehow a catalyst for the Untimely Report, nowhere does Fink acknowledge that *Gray*, or any communications or articles about *Gray*, were among the materials he considered in drafting the Untimely Report. *See* Dkt. 335-4. Even if Fink had disclosed whether he relied on, or was directed to review *Gray*, nothing within the *Gray* case represents a novel standard of law which would have been unavailable to Labrador at the time of the Original Report.

### III. LABRADOR DELAYED PROVIDING THE EXPERT REPORT, RESULTING IN SUBSTANTIAL PREJUDICE TO PLAINTIFF.

In the Untimely Response, Labrador openly admits that it did not arrive at the need for its Untimely Disclosure until it was [i]n the course of preparing the pretrial order[.]" Dkt. 339, p. 3, lines 13-18. In essence, Labrador waited until the eve of trial to disclose the Untimely Opinion despite the fact that *Gray v. Hudson* was decided seven months prior. *See Gray v. Hudson*, 28 F.4th 87 (9th Cir., March 10, 2022). Furthermore, nowhere in the Untimely Response does Labrador even attempt to reconcile that the Untimely Report is dated September 6, 2022, but only served on Plaintiff as late as November 17, 2022. *See* Dkt. 335-4, Untimely Report. Labrador instead attempts to pull the wool over the Court's eyes by calling the Untimely Report a "November 11 [*sic*], 2022 Supplemental Report," nomenclature which belies the two (2) months that Labrador apparently sat on the Untimely Report and failed to seek any form of relief that would remotely entitle it to greatly exceed the scope of the Original Report, which was only a rebuttal, fifteen months after expert discovery cut off.

Fink's Declaration attached to the Untimely Response further complicates this already unreliable timeline, as Fink claims that his report is "dated November 11, 2022" despite the face of the Untimely Report claiming it was dated September 6, 2022. *See* Dkt. 339-1. Furthermore, Labrador has not, and cannot, explain why a document it now claims was generated on November 11, 2022, would have been sent even six (6) days later, on November 17, 2022. *See* Dkt. 335-4, p. 2.

Labrador fails to reconcile the chronological contradictions of the Untimely Report, but the Untimely Response does betray the author of the gamesmanship— Labrador. After all, it is Labrador's counsel who considered "the issue of the *Gray* decision," and it was Labrador who "decided to provide notice of *Gray* and the way it extended Mr. Fink's already disclosed opinions via a supplemental rebuttal expert report which was submitted on November 11 [*sic*], 2022." Dkt 339, p. 3, lines 13-18. Meaning either Labrador sat on the Untimely Report for two months before deciding, on the eve of trial, that the information provided was worthy of disclosure, or the Untimely Report is backdated in an attempt to conceal the delay in incorporating an

already six-month-old case into Fink's reasoning.

Even more concerning, on October 12, 2022, Plaintiff's counsel physically flew to California and blocked four hours of time to Meet and Confer about all of the relevant topics in compliance with Rule 16 and to complete the Final Pre-Trial Conference Order. *See* Declaration of Heather L. Blaise ("Blaise Decl."). Tellingly, Labrador's counsel never once mentioned that they planned to supplement Fink's Original Report, despite apparently having the Untimely Report for over a month, and the meeting lasted less than one (1) hour because defense counsel was not prepared to discuss the Rule 16 topics. *Id.*

### IV. LABRADOR HAS NEVER SOUGHT TO HAVE ITS REPORT DEEMED TIMELY.

Labrador apparently does not believe that the Court's orders and deadlines apply to it or its attorneys. No other explanation can justify Labrador's cavalier argument in the Untimely Response that "[t]here is simple [*sic*] no meaningful prejudice let alone prejudice that is substantially incurable" caused by Labrador's abject disregard for this Honorable Court's scheduling orders, standing orders, the Local Rules for the United States District Court for the Central District of California, and the Federal Rules of Civil Procedure. *See* Dkt. 339, p. 10, lines 10-11.

None of Labrador's cited cases support its radical position that the rules do not apply to Labrador. In some of the cases from other districts that Labrador cites, the report at issue was made ***prior to, or very close to, the close of rebuttal expert discovery, not over a year later***. *See Benikrane v. Am. Fam. Connect Prop. & Cas. Ins. Co.,* No. 220CV01451JCMEJY, 2022 WL 225266, 2022 U.S. Dist. LEXIS 13049 at *5 (D. Nev. Jan. 25, 2022) ("Defendant disclosed Mr. Hamilton and his report on the deadline to disclose rebuttal experts" (internal quotes omitted)); ("The Campbell and Johnson reports were disclosed less than a month after the expert disclosure deadline…"); *Galentine v. Holland Am. Line – Westours, Inc.,* 333 F. Supp.2d 991, 994 (W.D. Wash. 2004) ("While certainly late and past the deadline, Plaintiff did

provide the report only eleven days later").

In the other cases, the district court correctly found that when a party lacks any reasonable excuse for the inadequacy of his disclosures, the party is not substantially justified in their failure to comply with Rule 26(a)(2)(C). *See Davis v. Phillips 66*, 17-CV-00128-JST, 2018 WL 692045, 2018 U.S. Dist. LEXIS 17777, at *3 (N.D. Cal. Feb. 2, 2018); *Monroe v. Davis*, 2:13-CV-0863-GMN, 2014 WL 3845121, 2014 U.S. Dist. LEXIS 107445, at *6 (D. Nev. Aug 4, 2014); (In ruling to bar a separate report that was late by a matter of weeks, "[t]he Court therefore finds that Plaintiff's failure to include Dr. Smith's expert report with his expert disclosure was not 'substantially justified.'").

Notably absent from the Untimely Response is a coherent argument as to *what* the substantial justification for the Untimely Report is, only that "[t]he essence of Mr. Fink's opinion is the same—the Cue provided to Beatbox was non-infringing" (to wit, Mr. Fink persists in tendering legal conclusions disguised as opinion). Dkt. 339, p. 14, lines 5-13. Rather than defend the indefensible, Labrador simply concludes that Plaintiff should be forced to re-depose Fink about the extensive reformulation Fink has undertaken to support his unfounded legal conclusions, and the new bases therefor. Moreover, Labrador's proposed solution fails to consider that Fink's Original Report was disclosed only as rebuttal witness and the information and reasoning in the Untimely Report would require Plaintiff to obtain additional expert opinions from its own experts and conduct additional depositions accordingly on the eve of trial.

Shockingly, though not surprisingly, Labrador advances an argument that: "the trial of this matter was set to proceed on December 6, 2022 [Dkt. 266]. Despite the looming trial, Beatbox took no action to seek to exclude the supplemental expert opinion." Dkt. 337, Untimely Response, p. 3, line 19-21. Labrador first disclosed the Untimely Report on November 17, 2022, weeks after Plaintiff filed its October 31, 2022 MOTION IN LIMINE to Exclude 1) Undisclosed Evidence and Undisclosed Witnesses; 2) Irrelevant Evidence and Argument; 3) Labrador's Self-Prepared

Spreadsheets that Purport to Comprise Spider Cues Library; 4) Testimony and Expert Reports; and 5) Evidence Contradictory to Facts filed by Plaintiff Beatbox Music Pty, Ltd., which was set to be heard on November 21, 2022 and which would have been directed at Labrador's Untimely Report.  *See* Dkt. 294.

Labrador's claim that Beatbox never objected to the Untimely Report is further belied by the correspondence between their respective counsel in the days immediately after November 17, 2022.  *See* Blaise Decl. at Exhibit A.

In retrospect, Labrador's refusal to stipulate to the routine motion in limine barring undisclosed evidence and required Plaintiff to engage in additional motion practice to prevent such gamesmanship now makes perfect sense.  Labrador's open disregard for the Court's orders and all applicable rules should not be rewarded, and the Untimely Report must be stricken accordingly.

### V. FINK'S OPINION CONTAINS LEGAL CONCLUSIONS THAT FAR EXCEED THE SCOPE OF REBUTTAL TESTIMONY.

Labrador protests that Fink's opinion is not a legal conclusion yet in the same breath offers his legal conclusion to the Court; namely, that "Eminem Esque" "is not similar enough in its details to sustain a judgment of infringement[.]"  Dkt. 339, p. 12, line 2.  "In general, an expert may only testify as to 'scientific, technical, or other specialized knowledge [that] will assist the trier of fact to understand the evidence or determine a fact in issue[.]'"  *Obesity Research Institute, LLC v. Fiber Research International, LLC*, No. 15-cv-595-BAS(MDD), 2017 U.S. Dist. LEXIS 123645, at *9 (S.D. Cal. Aug. 4, 2017), quoting *United States v. Tamman*, 782 F.3d 543, 553-54 (9th Cir. 2015) (citing Fed. R. Evid. 702(a); *Aguilar v. Int'l Longshoremen's Union Local No. 10*, 966 F.2d 443, 447 (9th Cir. 1992)).

"An opinion is not objectionable just because it embraces an ultimate issue." Fed. R. Evid. 704(a). "That said, an expert witness cannot give an opinion as to her legal conclusion, i.e., an opinion on an ultimate issue of law." *Nationwide Transpo. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1058 (9th Cir. 2008) (quoting *Hangarter*

-8-

*v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004)); *see also Solid 21, Inc. v. Hublot of Am.*, 685 Fed. Appx. 530, 2017 U.S. App. LEXIS 5227, 2017 WL 1101102, at *1 (9th Cir. 2017) (applying *Nationwide*'s proposition regarding expert witnesses and legal conclusions following the 2011 Amendment to Federal Rule of Evidence 704); *Tamman*, 782 F.3d at 553-54 ("[A]n expert cannot testify to a matter of law amounting to a legal conclusion.").

"In other words, an expert may offer his opinion as to facts that, if found, would support a conclusion that the legal standard at issue was satisfied, but he may not testify as to whether the legal standard has been satisfied." *Donelson v. Providence Health & Services - Washington*, 823 F. Supp. 2d 1179, 1193 (E.D. Wash. 2011), quoting *Burkhart v. Wash. Metro. Area Transit Auth.*, 112 F.3d 1207, 1212-13, 324 U.S. App. D.C. 241 (D.C. Cir. 1997). "Legal conclusions are inadmissible because the jury would have no way of knowing whether the preparer of the report was cognizant of the requirements underlying the legal conclusion and, if not, whether the preparer might have a higher or lower standard than the law requires." *Sullivan v. Dollar Tree Stores, Inc.*, 623 F.3d 770, 777 (9th Cir. 2010).

The Untimely Report, and the Untimely Response's defense of it, both hinge on Labrador's desperate insistence that this opinion—about whether ultimate liability for infringement could be sustained, a textbook example of a legal conclusion—is somehow not a legal conclusion. Fink's own choice of words (particularly, but not limited to, "to sustain a judgment of infringement") betray the truth: Fink's legal conclusions are, in fact, legal conclusions. The legal conclusion is furthermore counterfactual, as the New Zealand Judgment alone demonstrates. Consequently, Fink and his Untimely Report must be barred to avoid prejudice to Plaintiff and to avoid misleading and confusing the jury.

**VI. THE DEBATE ABOUT WHETHER "EMINEM-ESQUE" IS INFRINGING UNDER UNITED STATES LAW IS IMMATERIAL TO THE ULTIMATE ISSUES IN THIS CASE.**

The Untimely Report should also be stricken as it is entirely irrelevant to the ultimate issues of liability in this case, as nothing within the indemnity language at issue in Labrador's Agreement with Beatbox requires a finding under United States law that a particular cue was infringing, nor does California law require an indemnitee to seek a secondary judgment for the costs of defense incurred in defending the specific subject of indemnification.

"Indemnity is a contract by which one engages to save another from a legal consequence of the conduct of one of the parties, or of some other person." Cal. Civ. Code § 2772. Under California law, such contracts for indemnification are enforceable. "An indemnity against claims, or demands, or liability, expressly, or in other equivalent terms, embraces the costs of defense against such claims, demands, or liability incurred in good faith, and in the exercise of a reasonable discretion[.]" Cal. Civ. Code § 2778, subd. 3. It is well-established that an indemnitor in an indemnity contract generally undertakes to protect the indemnitee against loss or damage through liability to a third person. *Somers v. United States F. & G. Co.*, 191 Cal. 542, 547 [217 P. 746] (1923). A clause which contains the words "indemnify" and "hold harmless" is an indemnity clause which generally obligates the indemnitor to reimburse the indemnitee for any damages the indemnitee becomes obligated to pay third persons. *Varco-Pruden, Inc. v. Hampshire Constr. Co.*, 50 Cal.App.3d 654, 660 (1975). Indemnification agreements ordinarily relate to third party claims. *Ibid.*

Notably, nowhere in California indemnification law is a party required to prove that the claim being defended against would be viable within the state of California, nor is an ultimate finding of liability even necessary to trigger indemnification rights. Thus, an academic debate about whether a U.S. court would have found "Eminem Esque" to be infringing of "Lose Yourself" does not move the needle to determine if (1) Plaintiff incurred costs, attorney's fees, or liability; (2) those costs, attorney's fees, or liability arose from a **claim** of copyright infringement; and (3) whether Labrador has failed to reimburse Plaintiff for those costs, attorney's fees, or liability. As a result,

Fink's Supplemental Report should be stricken pursuant to Fed. R. Evid. 401, *et seq.*, as the Report is not relevant to an ultimate material issue of fact.

      WHEREFORE, Plaintiff respectfully request that this Court enter an order:

1) Striking the Untimely Report of Fink;

2) Excluding Fink from opining as to any opinion regarding what is or is not "infringing" as a non-attorney;

3) Granting Plaintiff its attorneys' fees and costs for being forced to bring this Motion; and

4) For any and all other relief this Court deems necessary and just.

DATED: January 30, 2023

Respectfully submitted,
**BEATBOX MUSIC PTY, LTD.**
 /s/ *Heather L. Blaise*
HEATHER L. BLAISE, ESQ. (SBN 261619)
*Attorney for Plaintiff*