BLAISE & NITSCHKE, P.C.
HEATHER L. BLAISE, ESQ. (SBN 261619)
145 S. Wells Street, Suite 1800
Chicago, IL 60606
Telephone: 312-448-6602
Email: hblaise@blaisenitschkelaw.com

Attorneys for Plaintiff,
BEATBOX MUSIC PTY, LTD.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEATBOX MUSIC PTY, LTD.,<br><br>Plaintiff,<br><br>v.<br><br>LABRADOR ENTERTAINMENT, INC. D/B/A SPIDER CUES MUSIC LIBRARY, a California corporation; NOEL PALMER WEBB, an individual; MICHAEL COHEN, an individual; LABRADOR ENTERTAINMENT, LLC; MCPC HOLDINGS, LLC; WEBB FAMILY TRUST and DOES 1-20, inclusive,<br><br>Defendants.<br><br>AND ALL RELATED ACTIONS | CASE NO: 2:17-cv-6108 MWF (JPRx)<br>*Assigned to the Hon. Michael W. Fitzgerald*<br><br>**DECLARATION OF HEATHER L. BLAISE IN SUPPORT OF PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION TO STRIKE LABRADOR'S SUPPLEMENTAL EXPERT REPORT OF ROBERT FINK, PHD**<br><br>**Hearing Date:** **February 6, 2023**<br>**Time:** **10:00 a.m. PST**<br>**Location:** **Courtroom 5A**<br><br>Trial Date:   April 18, 2023<br>FAC:   January 24, 2020<br>Cross-Claim Filed: November 21, 2017<br>Action Filed:   August 17, 2017 |

I, Heather L. Blaise, declare:

1. I am an attorney at law duly admitted to practice before all courts of the State of California and the U.S. District Court for the Central District of California, as

well as all the courts of the State of Illinois and the U.S. District Court for the Northern District of Illinois.

2. I submit this Declaration in support of Plaintiff Beatbox Music Pty, Ltd.'s ("Plaintiff" and/or "Beatbox") Reply in support of its Motion to Strike Labrador Defendants' Supplemental Expert Report of Robert Fink, Ph.D.

3. The facts stated herein are based upon my personal knowledge, or, where stated, upon information and belief. If called upon to testify thereto, I could and would competently do so.

4. On October 12, 2022, my law partner, Thomas J. Nitschke, and I physically flew to California and blocked four hours of time to Meet and Confer about all of the relevant topics in compliance with Rule 16 and to complete the Final Pre-Trial Conference Order.

5. Labrador's counsel never once mentioned that they planned to supplement Fink's Original Report, despite apparently having the Untimely Report for over a month, and the meeting lasted less than one (1) hour because defense counsel was not prepared to discuss the Rule 16 topics.

6. A true and correct copy of the November 21, 2022 email correspondence between the parties, is attached hereto as Exhibit A.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on January 30, 2023, in Skokie, Illinois.

        */s/ Heather L. Blaise*

Jessica Lesko <jessical@blaisenitschkelaw.com>

## Beatbox v. Labrador et al. - Meet and Confer and Ex Parte

**Douglas Rosner** <Doug@drosnerlaw.com>   Mon, Nov 21, 2022 at 3:14 PM
To: "hblaise@blaisenitschkelaw.com" <hblaise@blaisenitschkelaw.com>
Cc: Douglas Rosner <Doug@drosnerlaw.com>, Dan Jacobson <dlj@jacobsonlawyers.com>, Ronak Patel <rp@jacobsonlawyers.com>, "tjnitschke@blaisenitschkelaw.com" <tjnitschke@blaisenitschkelaw.com>, Heather Blaise <jessical@blaisenitschkelaw.com>, "M. Maxwell Berube" <mberube@blaisenitschkelaw.com>, "msanderson@blaisenitschkelaw.com" <msanderson@blaisenitschkelaw.com>, Madison Wilson <madisonw@blaisenitschkelaw.com>

Heather, Judge Fitzgerald knows our case. It would seem better to have him try this case. So my thinking is it is best to obtain a spring date from the Court. Thank you, Doug

> On Nov 21, 2022, at 1:12 PM, Office EMail <hblaise@blaisenitschkelaw.com> wrote:
>
> Doug:
>
> Are you saying that you do not agree to proceed with a magistrate and try to preserve the 12/6 date or the soonest the court has in January or possibly proceeding before another district court judge sooner as the judge strongly suggested that we all consider today? Please let me know right away so that I do not waste more time with my client asking about scheduling for 12/6; the remainder of December and January.
>
> Sincerely,
>
> Heather L. Blaise
>
> Sent from my iPhone
>
>> On Nov 21, 2022, at 1:04 PM, Douglas Rosner <Doug@drosnerlaw.com> wrote:
>>
>> You do not have grounds for ex parte.  Why not bring a noticed motion and provide ample time for both sides to brief the issues. It appears this ex parte application is made only for purposes of harassment and causing unnecessary work.
>>
>> Considering this matter will probably not be tried until spring, you have ample time to bring your motions before this Court and of course provide to Labrador ample time to brief their responses.
>>
>> Yes I oppose this ex parte application.
>>
>>> On Nov 21, 2022, at 12:59 PM, Office EMail <hblaise@blaisenitschkelaw.com> wrote:
>>>
>>> Because if we want to preserve the trial date and/or get the soonest possible one, we need our judge to rule on the outstanding issues, as I said today in court.  Given that you have blown every deadline, there is not now adequate time for a regular motion to be heard. Now, shall I assume that you will be objecting since I have asked you three times and you will not provide a direct response?
>>>
>>> Sent from my iPhone
>>>
>>>> On Nov 21, 2022, at 12:55 PM, Douglas Rosner <Doug@drosnerlaw.com> wrote:
>>>>
>>>> I am uncertain why you need an ex party application. Please explain.
>>>>
>>>>> On Nov 21, 2022, at 12:50 PM, Office EMail <hblaise@blaisenitschkelaw.com> wrote:



Doug:

Will you be objecting to my ex parte? Your responses do not address my requests which would permit us to avoid additional motion practice.

The prejudice of your failure to comply with rules is facially evident.

Sincerely,

Heather L. Blaise

Sent from my iPhone

> On Nov 21, 2022, at 11:47 AM, Douglas Rosner <Doug@drosnerlaw.com> wrote:
>
> See my replies below:
>
>> On Nov 21, 2022, at 11:11 AM, Heather Blaise <hblaise@blaisenitschkelaw.com> wrote:
>>
>> Dear Counsel,
>>
>> Please let this email confirm my request for Labrador to withdraw its most recent untimely filings:
>> Labrador Agreed to and Amended Proposed Jury Instructions
>> Labrador Statement of the Case
>> Labrador Proposed Verdict Forms
>> Labrador Objections to Beatbox Proposed Verdict Forms
>
> So noted. Please provide a statement and evidence of your prejudice.
>
>> As you know, all of the above filings were due long ago and this is not in compliance with the Judge's standing order and/or Rule 16 and/or applicable Rules.
>>
>> In addition, on November 17, 2022, we received a document entitled LABRADOR ENTERTAINMENT, INC. DBA SPIDER CUES MUSIC LIBRARY, LABRADOR ENTERTAINMENT, LLC, NOEL PALMER WEBB, AN INDIVIDUAL AND WEBB FAMILY TRUSTS SUPPLEMENTAL EXPERT REPORT OF ROBERT FINK SUBMITTED SEPTEMBER 6, 2022.

> First, we received Labrador's expert report on July 23, 2021. We never received an expert report dated September 6, 2022, and even if we had, it would be untimely since expert discovery closure occurred on August 13, 2021 (Dkt. 164). Moreover, the deposition of Dr. Fink occurred on August 10, 2021. Thus, Labrador's tendering a supplemental report that greatly exceeds the scope of Dr. Fink's initial report is a clear violation of the Rules. Notably, the Supplemental Report is more than double the pages of Labrador's initial report and includes diagrams and pictures not previously disclosed.

So noted. Please provide a statement and evidence of your prejudice.

> Next, Doug Rosner's behavior in New Zealand rose to an embarrassing level of unprofessionalism and greatly exceeded the scope of any request to Judge Fitzgerald. We intend to raise these issues with Judge Fitzgerald and seek sanctions for the same.

The record will speak for itself.

> At this point, we believe that Rule 41 (and possibly Rule 11) sanctions for failing to comply with Rules are appropriate and should result in a dismissal of Labrador's claims.
>
> Please let me know if Labrador agrees to withdraw all of its untimely filings and supplemental expert report, and dismiss its claims with prejudice by 5:00 p.m. Pacific Time today. Given the uncertainty of our trial date, I plan to bring this ex parte. Please let me know if you object.
>
> Counsel for Cohen, please let me know if you would like to join and/or object to the above.
>
> We will have a call today with our client to determine Beatbox's position on the rescheduling of the trial. We have contacted the clerk to determine the Court's Spring

    dates. Once we have input from our client, we will be able to discuss the other possibilities that Judge Fitzgerald provided.

    We are available to confer on all of the above today between 3-4:30 p.m. Pacific Time, or tomorrow after 11:00 a.m. Pacific Time.

Not available.

I will be available Wednesday from 10:00 am to 1:00 pm.

    Sincerely,
    --
    Heather L. Blaise
    Blaise & Nitschke, P.C.

    145 S. Wells Street
    Suite 1800
    Chicago, IL 60606
    (o) (312) 448-6602
    (c) (323) 637-3815
    (f)  (312) 803-1940
    hblaise@blaisenitschkelaw.com

    This email does not create an attorney-client relationship.

    PRIVILEGED AND PROTECTED COMMUNICATION This e-mail and any attachments are confidential and may be subject to the Attorney-Client Privilege and, as documents prepared in the course of or in anticipation of litigation, are also subject to protection as Attorney Work Product. If you are not the intended recipient, any disclosure, copying, distribution or use of this e-mail or any attachment is prohibited. If you have received this e-mail in error, please notify us immediately by replying to the sender and delete this copy from your system.  Thank you for your cooperation.

Law Offices of Douglas Joseph Rosner
2625 Townsgate Road
Suite 330
Westlake Village,
California 91361

(818) 501 8400

Douglas Rosner
doug@drosnerlaw.com

Law Offices of Douglas Joseph Rosner
2625 Townsgate Road
Suite 330
Westlake Village,
California 91361

(818) 501 8400

Douglas Rosner
doug@drosnerlaw.com

Law Offices of Douglas Joseph Rosner
2625 Townsgate Road
Suite 330
Westlake Village,
California 91361

(818) 501 8400

Douglas Rosner
doug@drosnerlaw.com

Law Offices of Douglas Joseph Rosner
2625 Townsgate Road
Suite 330
Westlake Village,
California 91361

(818) 501 8400

Douglas Rosner
doug@drosnerlaw.com