Daniel Lee Jacobson # 134978
JACOBSON & ASSOCIATES
1352 Irvine Blvd., Suite 205
Tustin, CA   92780
(714) 505-4872
dlj@jacobsonlawyers.com

Attorneys for Defendants Michael Cohen and MCPC Holdings, LLC

## U.S. District Court for the

## Central District of California

| | |
|---|---|
| BEATBOX MUSIC PTY, LTD.,<br><br>        Plaintiff<br><br>v.<br><br>LABRADOR ENTERTAINMENT, INC., et al.<br>        Defendants | Case #: 2:17-cv-06108-MWF-JPR<br><br>**Request for Point of Discussion at the Final Pretrial Conference**<br><br>Date:          03/20/23<br>Time:          11:00 a.m.<br>Courtroom:  5A<br>Trial Date:   04/13/23<br><br>Assigned for all purposes to The Honorable Michael W. Fitzgerald, Judge of the Superior Court<br><br>Complaint Filed August 17, 2017 |

## I. Concerned Parties

The parties concerned with this Request are Plaintiff Beatbox Music Pty, LTD. ("Beatbox"), and Defendants Michael Cohen ("Mr. Cohen") and MCPC Holdings, LLC ("MCPC").

///

## II. "A Final Pretrial Conference Order shall be prepared by plaintiff's counsel . . . . It is the duty of all counsel to cooperate with plaintiff's counsel in the preparation and submission of the Final Pretrial Conference Order." *L.R.* 16-7.

*Nothing in the Rules allows the plaintiff to <u>change</u> that which is provided to the plaintiff by other parties who are* "cooperati[ng] with plaintiff's counsel in preparation of the Final Pretrial Conference Order." Yet – that is exactly what Beatbox[1] did! – it <u>changed</u> that which Mr. Cohen and MCPC provided to Beatbox for inclusion in the Final Pretrial Conference Order. That Order has been lodged by Beatbox, with the Court.

*Whole pages of Mr. Cohen's and MCPC's cooperative submissions to Beatbox have been removed and whole paragraphs have been added thereto, by Beatbox*!

## III. "The Final Pretrial Conference Order shall be substantially in the form shown in Pretrial Form No. 1 set forth in Appendix 'A' to [Cental District] Local Rules." *L.R.* 16-7.2.

Pretrial Form No. 1, found at Appendix "A" to the Central District Local Rules, says at #7, "This section of the Final Pretrial Conference Order is intended to finalize . . . the claims and claims or defenses to be presented at trial." It goes on to say that a party's failure to include a claim or defense in #7 can preclude that claim's or that defense's trial presentation. So, #7 of Pretrial Form No. 1 is quite important; and, interference with that section is very serious and very unprofessional. It's *cheating*.

## IV. Attachment Showing Beatbox's Unauthorized Deletions and Additions

On December 28, 2022, Mr. Cohen's and MCPC's lawyer wrote to Beatbox's counsel. The referenced letter is attached hereto. The letter has two exhibits. One shows the massive amounts deletions that Beatbox effectuated; the other shows the massive amounts of additions that Beatbox added.

///

---

[1] When the context allows, references to Beatbox are references to Beatbox's attorney. Use of the party's name, as opposed to the attorney's name, and use of the pronoun "it" are attempts to keep this Request civil, non-personal, and professional.

Exhibit "A"

Exhibit "A" is a copy of "Defendants/Crossclaimants Michael Cohen's and MCPC Holdings, LLC's Statement Regarding Final Pretrial Conference Report."[2] This is what was provided to Beatbox regarding #7 of Pretrial Form No. 1.

A large portion of Exhibit "A" is highlighted in yellow. Those are the portions of Mr. Cohen's and MCPC's submission that <u>Beatbox</u> **deleted** from the Final Pretrial Conference Order that it lodged with the Court. Note that there are entire pages highlighted – meaning that entire pages were **deleted**!

*For ease of finding Mr. Cohen's/MCPC's submission of their part of #7 of Pretrial Form No. 1* go to pages 4-11 of Exhibit "A". Everything highlighted was **deleted** by Beatbox! -- *All of page 9*; *almost all of page 10*, and many other paragraphs and words – gone!

Exhibit "B"

Exhibit "B" is Mr. Cohen's/MCPC's submission of #7 of Pretrial Form No. 1, except here the yellow highlighting is what Beatbox *added* to that submission. *For ease of finding Mr. Cohen's/MCPC's submission of their part of #7 of Pretrial Form No. 1 go to pages 37-42 of Exhibit "B".* Everything highlighted was **added** by Beatbox! For instance, <u>Beatbox</u> *added* an argumentative paragraph after Mr. Cohen's/MCPC's statements of its Defense 2 and Defense 3 at 37:24-27 and 38:14-17.

This interference is outrageous!

///

///

---

[2]   Sadly, Mr. Cohen's/MCPC's lawyer anticipated that there may be a problem that would prejudice his clients; thus, he wrote the Statement Regarding Final Pretrial Conference Report, which may have been considered extraneous had such a problem not arisen. In fact, Mr. Cohen's/MCPC's lawyer wrote in the document, "[P]lease understand that this author's signature on the [Final Pretrial Conference Order] does not necessarily mean that he agrees with all that is said in that document. This [is] an attempt to cooperate with the plaintiff, as per the Local Rules, yet making sure that the Court is aware of Mr. Cohen's and MCPC's wants." Mr. Cohen's and MCPC Holdings Statement 2:10-13. (Note that Exhibit "A" is comprised in such a manner that it contains Mr. Cohen's/MCPC Holdings' Statement 2:10-13.)

Request for Point of Discussion at the Final Pretrial Conference

**V. "This section [#7] of the Final Pretrial Conference Order is intended to finalize . . . the claims and defenses to be presented at trial." Pretrial Form No. 1 § #7 at Appendix "A" of the Central District Local Rules.**

It is axiomatic that in accordance with its duty to cooperate with the plaintiff's preparation of Pretrial Form No. 1, section #7, is to submit *that partys'* claims and defenses as *that party* sees them and wants to preserve them for trial. The plaintiff's acts of deleting numerous items and adding numerous items is nothing short of *cheating*.

Please note that in a demonstration of strength of restraint, Mr. Cohen and MCPC have not filed a Rule 11 motion. They just want this fixed, so that the trial can go forward with their claims and defenses intact. Therefore, they felt compelled to ask that this matter be discussed at the Final Pretrial Conference.

Please note that on January 30, 2023, this author told Beatbox's counsel that he would be filing the attached December 28, 2022 letter for the purpose of a point of discussion at the Final Pretrial Conference. That statement was made on a Zoom call. Beatbox's counsel replied that she would object. She also said that she would send a letter in response to the December 28, 2022 letter. That letter was received; it caused nothing in this document to be changed.

**VI. Conclusion**

Mr. Cohen and MCPC think that the fix for this issue is easy. The Court simply has to order removal from the Final Pretrial Conference Order Beatbox's version of the *extremely* altered section #7 of Mr. Cohen's and MCPC's claims and defenses, and order that which Mr. Cohen and MCPC had actually submitted to Beatbox to replace the removed Beatbox anathema.

DATED: February 1, 2023                    JACOBSON & ASSOCIATES

_____
Dan Jacobson, Attorney for
Michael Cohen and MCPC Holdings,
LLC

ATTACHMENT

# JACOBSON & ASSOCIATES

*Attorneys at Law*
P.O. Box 1015
Tustin, CA   92781
(714) 505-4872

December 28, 2022

Heather Blaise
BLAISE & NITSCHKE
145 South Wells St.
Suite 1800
Chicago, Illinois 60606
hblaise@blaisenitschkelaw.com
*Sent via electronic mail*

|  |  |  |  |
|---|---|---|---|
| RE: | Case | : | *Beatbox Music v. Labrador Entertainment, et al.* U.S. District Court, Central District of California, Case No. 2-17-cv-6108-MWF |
|  | Our Clients | : | Michael Cohen & MCPC Holdings, LLC |
|  | Subject | : | Unauthorized changes made by Beatbox, to Defendants Michael Cohen's and MCPC's defenses as presented in the proposed Final Pretrial Conference Order |

Dear Ms. Blaise:

    As you know, we agreed that each counsel would review the Final Pretrial Conference documents that have been submitted to the Court, exchange ideas and thoughts by 01/18/23; and then meet on 01/30/23. This is the *first* of our office's exchange of ideas, etc. There may be others.

www.jacobsonlawyers.com

Letter to Heather Blaise
BLAISE & NITSCHKE
December 28, 2022
Page 2

But, frankly we are **extremely concerned** about what we have found to date; and felt compelled to get this out early. Please amend and file your Final Pretrial Conference Order ("FPCO") draft to conform to what we submitted to you re # 7 Claims and Defenses.

"A Final Pretrial Conference Order shall be prepared by plaintiff's counsel." *L.R.* 16-7.

As part of the above-mentioned Final Pretrial Conference Order ("FPCO") preparation, "[i]t is the duty of all counsel to cooperate with plaintiff's counsel in the preparation and submission of the Final Pretrial Conference Order." *L.R.* 16-7. This cooperation includes each counsel's provision to the plaintiff's counsel of his/her client's claims and defenses. *L.R.* Appendix "A" # 7. *It does not include allowing*:

\*\*\*     *Plaintiff's counsel to delete anything from a lawyer's* claims and defenses *submission, let alone – deleting full pages from that submission*;

\*\*\*     *Adding arguments in opposition to the lawyer's submission*;

\*\*\*     Changing the format of the lawyer's submission.

Yet, this is exactly what Beatbox's attorney has done!

Letter to Heather Blaise
BLAISE & NITSCHKE
December 28, 2022
Page 3

Exhibit "A" attached hereto is Mr. Cohen's and MCPC Holdings' Statement Regarding Final Pretrial Conference Report.[1] That Statement includes what Mr. Cohen and MCPC gave to Beatbox's lawyer for inclusion in Beatbox's draft of the Final Pretrial Conference Order ("FPCO"). At this point, we noted *huge* discrepancies between what we gave, and what Beatbox submitted, regarding no. 7, Mr. Cohen's and MCPC's Claims and Defenses. What Beatbox has deleted is highlighted in yellow.

Below is what Mr. Cohen and MCPC was given to include in the FPCO. The **many things that were deleted in Beatbox's draft are highlighted in yellow on Exhibit "A" and are listed here:**

a.    The ***deletion of* 8:27-28**;
b.    The ***deletion of* p. 9;**
c.    The ***deletion of* 10:1-6** and **10:12-28**;
d.    The ***deletion of* 11:1-5**;
e.    The formatting *throughout* is not what Mr. Cohen & MCPC submitted;
f.    The ***deletion of*** "Element (3) is very interesting," at **p. 8:18**.

Exhibit "B" attached hereto is Beatbox's draft of the portion of what *was* Mr. Cohen's and MCPC's no. 7, Claims and Defenses submission, so that it would be included in the FPCO. Here Beatbox chose to make many substantive ***additions and deletions*****!** Everything added is highlighted in yellow and is not part of Mr. Cohen's and MCPC's submission.

---

[1]      It is shameful that this author's words in that document were so prescient. "[P]lease understand that this author's signature on the [Final Pretrial Conference Order] does not necessarily mean that he agrees will all that is said in that document. This [is] an attempt to cooperate with the plaintiff, as per the Local Rules, yet making sure that the Court is aware of Mr. Cohen's and MCPC'S wants." Mr. Cohen's and MCPC Holdings Statement, 2:10-13.

Letter to Heather Blaise
BLAISE & NITSCHKE
December 28, 2022
Page 4

     a.     The ***addition of* 37:4**;
     b.     The ***addition of* 37:5**;
     c.     The ***addition of* 37:24-28**;
     d.     The ***addition of* 38:14-17**;
     e.     The ***addition of* 38:27-28**;
     f.     The ***addition of* 41:14-15**;
     g.     The ***addition of* 41:26.**

It is axiomatic that a lawyer is not allowed to ***change*** the submission of another lawyer. In fact, the Ninth Circuit has ruled, "It is fundamental that in relations with the court, counsel **must be scrupulously candid and truthful in representations of any matter before the court**." *United States v. Thoreen* 653 F.2d 1332, 1339. [Emphasis added.] Beatbox told the Court that our submission was ***substantially and substantively*** different from what it in fact was.

Please amend and file the FPCO to conform to what we actually wrote, so that we don't have dueling documents at the Final Pretrial Conference, and we do as the Court requires.

                         Sincerely,

                         **JACOBSON & ASSOCIATES**

                         Dan Jacobson

Attachments:      a/s

EXHIBIT "A"

1   Daniel Lee Jacobson SBN 134978
    JACOBSON & ASSOCIATES
2   1352 Irvine Blvd., Suite 205
    Tustin, CA   92780
3   (714) 505-4872
    dlj@jacobsonlawyers.com
4
    Attorneys for Defendant/Crossclaimant Michael Cohen, and Defendant MCPC
5   Holdings, LLC

6

7

8                       U.S. District Court for the

9                       Central District of California

10

11

12  BEATBOX MUSIC PTY, LTD.,                Case #: 2:17-cv-06108-MWF-JPR

13        Plaintiff                         *Assigned for All Purposes to The
                                            Honorable Michael W. Fitzgerald,
14  v.                                      Judge of the District Court*

15  LABRADOR ENTERTAINMENT,                  Defendants/Crossclaimants
                                             Michael Cohen's and MCPC
16  INC., et al.                             Holdings, LLC's Statement
                                             Regarding Final Pretrial
17        Defendant                          Conference Report

18  AND ALL RELATED CROSSCLAIMS             Original Complaint filed:
                                            08/22/17
19
                                            Trial Date: 12/06/22
20
                                            Final Pretrial Conference
21                                          DATE: 11/21/22
                                            TIME:  11:00 a.m.
22                                          Dept.:   5A
                                            T.D. :   12/06/22
23

24

25

26

27

28

Michael Cohen's and MCPC's attorney has signed the Final Pretrial Conference Order ("FPCO") drafted by the plaintiff. The plaintiff's attorney requested that the parties "redline" that draft with Word's track changes. At the point of writing this, that draft has been redlined and is being emailed to the plaintiff's attorney. This author (Mr. Cohen's and MCPC's attorney) is concerned that relining means that the final version will either have what Mr. Cohen and MCPC, or the plaintiff, or the Labrador parties want. It is understood that a delete can be deleted and undeleted.[1]

So, this document is being filed. It is understood that each parties' wants may in fact appear in the Order, but one or two of the parties may have their words wash away into the column on the side of the page. Thus, please understand that this author's signature on the FPCO does not necessarily mean that he agrees with all that is said in that document. This all an attempt to cooporate with the plaintiff, as per the Local Rules, yet making sure that the Court is aware of Mr. Cohen's and MCPC'S wants. signature does not mean that Mr. Cohen's and MCPC's attorney agrees with the Where nothing is so noted herein,  Mr. Cohen and MCPC agree with the plaintiff.

At some point the plaintiff adds to its organization of the facts, Roman numerals and capital letters; but keeps the same numbering system, beginning at "Parties" under Undisputed facts (Those numbers on the draft are (1)-(90).) For the sake of clarity and simplicity, Mr. Cohen and MCPC have just used the numbers provided by the plaintiff.

<u>1.</u>     <u>The pleadings which raise the issue</u>

At (c) Labrador's supposed First Amended "counterclaim" is listed. There are no issues arises out of any pleading of Labrador or the Labrador parties, as against Mr. Cohen or MCPC Holdings, Inc. Reasons for that are detailed in Mr. Cohen's attorney Ronak Patel's 11/12/20 letter, attached hereto as Exhibit "A". What is entitled by the Labarador parties as a "counterclaim" is *void ab initio*. See Exhibit "A" and footnote 1.

---

[1] The word "delete" is used because of its common understanding, rather Word's "accept" or "reject" nomenclature.

3.    Trial time

      Mr. Cohen and MCPC estimate 7 trial days.

5.    Admitted facts.

      (9)        Disputed. MCPC Holdings, LLC is not a corporation. It is a Limited
      Liability Company.

      (29)       Disputed. Any warranties in the Composer's Agreement were made
      solely to Labrador Entertainment, Inc.

      (30)       Disputed. Any warranties in the Composer's Agreement were made
      solely to Labrador Entertainment, Inc.

      (31)       Disputed. The representation of what the Composer's Agreement
      says is incorrect. After the word "resulting" the Composer's Agreement
      *actually* says, "from or by reasons of any material breach of any
      representation or warranty made by [Mr. Cohen]."

      (52)       Disputed. High Court's decision par. 300.

      (59)             Disputed. The citation in the FPCO draft does not
                 support the fact stated.

      (60)             Disputed. The citation in the FPCO draft does not
                 support the fact stated.

      (80)             Disputed." The citations do not support the fact that
                 Mr. Cohen knew of the New Zealand <u>court</u> case in 2014.

      (81)             Disputed. The citation in the FPCO does not support
                 the fact stated.

      (83)             Disputed. The citations in the FPCO does not support
                 the fact stated.

(85)        Disputed. There is no citation for the fact stated.

(86)        An entire citation & all exhibits are the citations for the fact stated. It is not practicable to check such a "citation". So, disputed.

(88)        Disputed. The citation in the draft FPCO does not support the fact stated.

(90)        Disputed. The citation in the FPCO does not support the fact stated.

7.   <u>Claims & Defenses</u>[2]

(a)   <u>Mr. Cohen and MCPC (MCPC, to the extent that there's an attempt to somehow charge MCPC with breach of contract) plan to pursue the following defenses:</u>

Defense 1:  The plaintiff was not a contracting party or a third party beneficiary to the February 14, 2008 Mr. Cohen/Labrador "Composer Agreement" *Goonewardene v. ADP* 6 Cal. 5th 817 (2019).

Defense 2:  Under California law a third party beneficiary to a contract has no privity. *Gilbert Financial v. Steelform,* 82 Cal. App. 3rd 65 n.5 (1978)

///

///

///

---

[2] Co-defendants the Labrador parties filed what they called a "counterclaim" against Mr. Cohen. The pleading is *void ab initio,* as those parties had no right to seek relief from Mr. Cohen for numerous reasons. Those reasons including that the time for filing any new or amended pleading had passed years before the filing; and [u]nder Fed. R. Civ. Pro. 15(a)(2) leave of court would have been required. No discovery has been done on this illegitimate pleading. Attached as Exhibit "A" is a 11/12/20 letter fully explaining why that pleading is literally a dead letter.

When a non-contracting party is suing for breach of contract, based on breach of warranty, and is trying to achieve third party beneficiary status, that plaintiff party must show that it relied on the subject warranty, in order to gain such status. "When there is no privity of contract, California law requires a showing that a plaintiff relied on an alleged warranty." *Asghari v. Volkswagen* 42 F. Supp. 3d 1306, 1334 (C.D. Cal., November 4 2013). The plaintiff cannot show reliance and Mr. Cohen/MCPC can show non-reliance.

Defense 3:   Under California law a third party beneficiary to a contract has no privity. *Gilbert Financial v. Steelform,* 82 Cal. App. 3rd 65 n.5 (1978)

When a non-contracting party is suing for breach of contract, based on breach of warranty, and is trying to achieve third party beneficiary status, that plaintiff party must *at least* show that it was *exposed* to such subject warranty, in order to gain such status. *In re Toyota*, 754 F. Supp. 2d 1145, 1182 (C.D. Cal. 2010) The plaintiff cannot show that exposure. Mr. Cohen/MCPC can show non-exposure.

Thus, the plaintiff cannot prove breach of contract. A contract-relationship (third party beneficiary) was <u>never</u> form between Mr. Cohen and Beatbox (and not MCPC and Beatbox, MCPC was years away from its legal birth when Mr. Cohen & Labrador contracted). Without breach of contract, the plaintiff's other claims have no validity.

Defense 4
(and Claim 1)

The February 14, 2008 Mr. Cohen/Labrador Composer Agreement says that if there were to be any alteration or adaptation of eminem esque, Mr. Cohen had to first be consulted. Composer Agreement § 1.1(e). The New Zealand National Party played a version of eminem esque that had been altered and adapted. Mr. Cohen was never consulted. Thus, Mr. Cohen shouldn't be held liable.

If Mr. Cohen is held liable, Labrador has to pay indemnification to Mr. Cohen.

(b)   <u>Elements</u>

Defense 1    Defense 1 sort of buries the lead. Here we unearth the lead. Defense 1 above says, *The plaintiff* was not a contracting party or *a third party beneficiary.* The issue is whether Beatbox was a third party beneficiary. The California Supreme Court clarified California third party beneficiary doctrine in *Goonewardene v. ADP* 6 Cal. 5th 817 (2019). At p. 821 the *Goonewardene* Court laid out the essential elements of obtaining third party beneficiary status. They are:

> "(1) that [the aspiring 3rd party beneficiary] is likely to benefit from the contract [the February 14, 2008 Mr. Cohen/Labrador Composer Agreement];"

> "(2) that a motivating purpose of the contracting parties is to provide a benefit to the third party;" and

> "(3) that permitting the third party to bring its own breach of contract action against a contracting party is consistent with the objectives of the contract and the reasonable expectations of the contracting parties."

Defense 2    Defense 2 begins with a legal fact. That is that under California law a third party beneficiary to a contract has no privity. *Gilbert Financial v. Steelform,* 82 Cal. App. 3rd 65 n.5 (1978); "[T]here is no privity between [a contracting party and a non-contracting party." *Windham at Carmel Mountain Ranch Assn. v. Superior Court* 109 Cal. App. 4th 1162 (2003). [Citation, quotation marks, and brackets omitted.] "A third party . . . is not a contracting party." *Murphy v. Allstate* 17 Cal. 3d 937, 944 (1976).

///

///

///

The essential element of Defense 2 emanates from the rule, "When there is no privity of contract, California law requires a showing that a plaintiff relied on an alleged warranty." *Asghari v.*

- 6 -

*Volkswagen* 42 F. Supp. 3d 1306, 1334 (C.D. Cal., November 4 2013). The element that Beatbox must prove is:

(1) "show[] that [Beatbox] relied on an alleged warranty."

Defense 3    Again, under California law a third party beneficiary to a contract has no privity. *Gilbert Financial v. Steelform,* 82 Cal. App. 3rd 65 n.5 (1978); "[T]here is no privity between [a contracting party and a non-contracting party." *Windham at Carmel Mountain Ranch Assn. v. Superior Court* 109 Cal. App. 4th 1162 (2003). [Citation, quotation marks, and brackets omitted.] "A third party . . . is not a contracting party." *Murphy v. Allstate* 17 Cal. 3d 937, 944 (1976).

When a non-contracting party is suing for breach of contract, based on breach of warranty, and is trying to achieve third party beneficiary status, that plaintiff party must *at least* show that it was *exposed* to such subject warranty, in order to gain such status. "Plaintiff[] cannot base a claim on [an express warranty] in the absence of allegations that they were exposed to them." *In re Toyota*, 754 F. Supp. 2d 1145, 1182 (C.D. Cal. 2010). So, the element that Beatbox must prove is:

(1)    Plaintiff must prove that it was exposed to the warranties.

Defense 4
(and Claim 1)    The February 14, 2008 Mr. Cohen/Labrador Composer Agreement  says that if there were to be any alteration or adaptation of eminem esque, Mr. Cohen had to first be consulted. Composer Agreement § 1.1(e). The New Zealand National Party played a version of eminem esque that had been altered and adapted. Mr. Cohen was never consulted. Thus, Mr. Cohen shouldn't be held liable. The elements are:

(1) eminem esque was altered or adapted;
(2) Mr. Cohen was not contacted before the alteration or adaptation.

If Mr. Cohen is held liable, his crossclaim against Labrador Entertainment, Inc. is in play. The two most important causes of action therein are express indemnity and equitable indemnity.

Elements regarding express indemnity

    (1)    Mr. Cohen must prove that there is an indemnity clause in the February 14, 2008 Cohen/Labrador Composer Agreement.

    (2)    Mr. Cohen must prove (to the Court) that the words of the indemnity clause cover Mr. Cohen's loss, and require Labrador to be responsible for such loss.
See generally, *Myers Building Industries, Ltd. v. Interface Technology* 13 Cal. App. 4th, 949,969 (1993)

    (c)    <u>Key evidence</u>

Defense 1:    All three elements of the *Goonewardene v. ADP* 6 Cal. 5th 817, 821 (2019) requirements will rely mainly on witnesses.

Element (3) is very interesting, "that permitting the third party to bring its own breach of contract action against a contracting party is consistent with the objectives of the contract and the *reasonable expectations* of the contracting parties."

///

Did Mr. Cohen *reasonably expect* a series of assignment/licensing to lead to his cue being used by the New Zealand National Party, resulting

a lawsuit against him? This question must be asked while realizing that Labrador Entertainment, Inc. contracted with Beatbox, and Labrador is still around. Beatbox could sue it rather than trying to walk over hot coals in a faulty attempt to be deemed a third party beneficiary of the February 14, 2008 Mr. Cohen/Labrador Composer Agreement.

*Goonewardene* is instructive. There an employee of "Altour" sued ADP, the payroll company for Altour regarding payroll issues. But, Altour was still around; and, Altour and ADP had a contract.

The Court said, "[T]here is no need to permit a third party employee to bring suit to enforce an alleged breach by ADP of its obligations under the [Altour/ADP] contract, because Altour is available and is fully capable of pursuing a breach of contract action against ADP if, by failing to comply with its contractual responsibilities, ADP renders Altour liable for any violation of the applicable wage orders or labor statutes. Simply put, permitting an employee to sue ADP for an alleged breach of its contractual obligations to Altour is not necessary to effectuate the objectives of the contract." *Goonewardene,* supra   836 6 Cal. 5th 817, at 836

///

In *Beatbox* we have the same framework. Mr. Cohen and Labrador had a contract, just as the *Goonewardene* employee and employer (Altour) had a contract. In *Beatbox* Labrador and Beatbox had a contract, just as in

*Goonewardene* ADP and Altour had a contract. One just has to change the names of the persons involved and one sees that these are the same cases. "[T]here is no need to permit a third party [music company] to bring suit to enforce an alleged breach by [Labrador] of its obligations under the [Labrador/Beatbox] contract, because [Labrador] is available."

Defense 2          The essential element for the jury in Defense 2 is that Beatbox must "show[] that [Beatbox] relied on an alleged warranty." Of course that an alleged warranty in the February 14, 2008 Mr. Cohen/Labrador Composer Agreement. This, Beatbox cannot do. That's because the managing director, the founder of Beatbox testified that outside of the instant litigation he had never seen the February 14, 2008 Mr. Cohen/Labrador Composer Agreement, and that "Labrador never provided me with a copy of [the February 14, 2008 Mr. Cohen/Labrador Composer Agreement]." Deposition of Beatbox Managing Director Peter Baker, 39:25-40:3 & 40:7-16.

///

///

          Since the warranties upon which Beatbox has based its breach of contract cause of action, and the February 14, 2008 Mr. Cohen/Labrador Composer Agreement is the only place that the warranties issued by Mr.

- 10 -

==Cohen exist – Beatbox's Managing Director could not have relied on the==
==warranties – he had never even seen them. (And, it is the Managing==
==Director who would have to see the warranties in order for Beatbox to see==
==them.)==

Defense 3        The essential element that Beatbox must prove that it was exposed to the warranties. It can't do that because of the above testimony.

Defense 4
(and Claim 1)

       The essential elements are:

       (1) eminem esque was altered or adapted;

       (2) Mr. Cohen was not contacted before the alteration or adaptation.

There is no argument as to (2). Mr. Cohen was not contacted before any alteration or adaptation. As to (1) that will be dependent on the jury listening to the cues in question, and on expert testimony.

///

///

       10.        Mr. Cohen & MCPC object to the admission of the following:

| Exhibit # | Description | Objection |
|---|---|---|
| 2 B | Dkt. No. 139 Labrador Defendants' First Answer to 1st Am. Complaint | Relevancy, hearsay, argumentative |

| 4 D | Dkt. No. 105: Plaintiff's 1st Am. Complaint | Relevancy, hearsay, argumentative |
|---|---|---|
| 5 E | December 2, 2019 Deposition Transcript of Defendant Noel Palmer Webb, and Exhibits attached thereto | Relevancy, hearsay, argumentative, deposition should contain many objections upon which no rulings have been made |
| 6 F | Dkt. No. 53: Plaintiff's Memorandum in Opposition to Labrador Entertainment, Inc.'s Motion to Stay | Relevancy, hearsay, argumentative |
| 8 H | December 4, 2019 deposition Transcript of Peter Baker, individually and as the Person Most Knowledgeable for Beatbox Music, and exhibits attached thereto | Relevancy, hearsay, argumentative, deposition should contain many objections upon which no rulings have been made |
| 9 I | June 22, 2021 Deposition Transcript of Michael Cohen, individually, and exhibits attached thereto | Relevancy, hearsay, argumentative, deposition should contain many objections upon which no rulings have been made |
| 10 J | December 3, 2019 Deposition Transcript of Michael Cohen, individually and exhibits attached thereto | Relevancy, hearsay, argumentative, deposition should contain many objections upon which no rulings have been made |
| 11 K | December 3, 2019 Deposition Transcript of Noel Palmer Webb, individually, and exhibits attached thereto | Relevancy, hearsay, argumentative, deposition should contain many objections upon which no rulings have been made |
| 12 L | June 21, 2021 Deposition Transcript of Noel Palmer Webb, individually, and exhibits attached thereto | Relevancy, hearsay, argumentative, deposition should contain many objections upon which no rulings have been made |
| 13 M | June 23, 2021 Deposition Transcript of Noel Palmer Webb, as representative for Labrador Entertainment, Inc. and exhibits attached thereto | Relevancy, hearsay, argumentative, deposition should contain many objections upon which no rulings have been made |

| 14 N | June 22, 2021 Deposition Transcript of Noel Palmer Webb, as representative of Labrador Entertainment, LLC | Relevancy, hearsay, argumentative, deposition should contain many objections upon which no rulings have been made |
|------|------|------|
| 15 O | June 22, 2021 Transcript of Michael Cohen as representative of MCPC Holdings, LLC | Relevancy, hearsay, argumentative, deposition should contain many objections upon which no rulings have been made |
| 17 Q | Dkt. No. 1: Plaintiff's Original Complaint filed August 17, 2017 | Relevancy, hearsay, argumentative |
| 18 R | Dkt. No. 26: Answer to Complaint of Defendant Labrador Entertainment, Inc., D/B/A Spider cues Music Library | Relevancy, hearsay, argumentative |

11.     Mr. Cohen & MCPC have sent their witness list to the plaintiff for inclusion on the universal list. However, they will also submit their own by the end of the day.

///

///

///

12.     Mr. Cohen & MCPC are opposing the plaintiff's #s 1, 2, 4, & 5 MILs.

DATED: November 7, 2022                    **JACOBSON & ASSOCIATES**

_____

Dan Jacobson, Attorneys for
Michael Cohen & MCPC Holdings, LLC

EXHIBIT "A"

# JACOBSON & ASSOCIATES

*Attorneys at Law*
P.O. Box 1015
Tustin, CA   92781
(714) 505-4872

November 12, 2020

Douglas J. Rosner, Esq.
LAW OFFICES OF DOUGLAS JOSEPH ROSNER
2625 Townsgate Road, suite 330
Westlake Village, California 91361
rosnerlaw@earthlink.net
*Sent via Electronic Mail Only*

|        | RE: | Case: | *Beatbox Music Pty. Ltd v. Labrador Entertainment, Inc., et al* |
|--------|-----|-------|---|

RE:   Case:   *Beatbox Music Pty. Ltd v. Labrador Entertainment, Inc., et al*
             U.S. District Court for the Central District of California
       Our Client:   Michael Cohen and MCPC Holdings, LLC
       SUBJECT:   ***The Invalidity of Labrador's March 2020 Pleadings***

Mr. Rosner:

As you are aware, the court issued a new scheduling order on September 23, 2020. Among the dates set by the order were the following:

Last Day to Add Parties/Amend Pleadings:          March 1, 2021
Non-Expert Discovery Cut-Off:          July 23, 2021

As you know, both of these deadlines ***had passed long ago*** under the prior scheduling order. The modification of the scheduling order resulted from the new claims filed by Beatbox Music Pty Ltd. ("Beatbox") ***with the express consent of the court***.[1] Notwithstanding, we anticipate that, now that these deadlines have been modified as for the limited purposes discussed above, you may attempt to use this modification as a premise for pursuing certain claims that you stated against our client, Michael Cohen ("Cohen"), including, without limitation, by propounding discovery relating to those aforementioned claims. In this regard I refer specifically to the claims stated in the document that you filed on March 2, 2020, and titled "Answer to Amended Complaint and Counterclaim Against Beatbox Music Pty, Ltd. and

---

[1] *See* Order dated January 17, 2020, ECF 102.

Mr. Douglas Rosner
*Beatbox Music Pty Ltd v. Labrador Entertainment, Inc., et al*
November 12, 2020
Page 2 of 6

Michael Cohen,"[2] and on March 7, 2020, titled "First Amended Answer to Amended Complaint and Counterclaim Against Beatbox Music Pty, Ltd. and Michael Cohen."[3] Both of these purported '*counterclaims*' concern Labrador's indemnity claims against Cohen in favor of Labrador arising out of a *purported written agreement[4]* between the parties.

To the extent that we correctly anticipate that you will seek to litigate the matters risen in your purported 'counterclaim' as it pertains to Mr. Cohen, ***please be advised that you have no legal authority to do so because the purported 'counterclaim' against Cohen is <u>void ab initio</u>.*** In other words, Labrador has **no right** to obtain relief via the purported 'crossclaim.' In a similar vein, the fatally defective nature of the purported 'counterclaim' means that Labrador has **no right** to conduct discovery on those claims, and, concordantly, ***we have no obligation to respond to any such discovery.***

The defects justifying the above-recited position stem in part from the standing arguments that we have previously raised, but perhaps more significantly arise from the fact that your pleading is invalid under the Federal Rules of Civil Procedure. ***In fact***, your pleading violates the Federal Rules of Civil Procedure in ***multiple respects,*** each fatal in its own way.

### 1.   The FRCP Does Not Authorize Counterclaims Against A Cross-Party.

Initially, we note that you have mischaracterized the pleadings that you filed in March 2020 insofar as you have referred to each of them as your client's "counterclaim" against Cohen. This mischaracterization of your pleading is not without consequence, as it is fundamentally inconsistent with the Federal Rules of Civil Procedure, which explicitly distinguishes crossclaims from counterclaims. Specifically, Rule 13 provides that a counterclaim is a claim made in response to a claim made against the counterclaimant, while a crossclaim is filed against another defendant in the matter ***who has not (or who has not yet) filed a claim against the cross claimant.*** In other words, a claim against a party other than the party who has brought a claim against the filer must be sought via crossclaim.

---

[2] ECF 132.

[3] ECF 139.

[4] As an aside, we note that your purported counterclaim is defective insofar as it relies on an exhibit that doesn't exist. Specifically, Labrador references a written agreement between Labrador and Cohen under which Paragraph 6.1 obligates Cohen to indemnify Cohen. Labrador has failed, however, to attached the full contract, even omitting the very section that it cites as its basis for relief. As such, your complaint fails to allege the contract at issue.

Mr. Douglas Rosner
*Beatbox Music Pty Ltd v. Labrador Entertainment, Inc., et al*
November 12, 2020
Page 3 of 6

Here, your March 2020 filings purport to state a counterclaim against Cohen. It is beyond dispute, however, that your March 2020 filings was in ***direct response*** to Beatbox, who had filed an amended complaint ***with the consent of the court***. As such, in the context of your response, Cohen was ***not a counter-party*** but instead a ***cross-party***. Therefore, you purported counterclaim is ***facially void,*** as it is in a proscribed form.

## 2. The Claim Against Cohen Should Have Been Filed In December 2017.

While your purported ocunterclaim cannot surivve as it is not a mechanism envisioend by the Federal Rules of Civil Procedure in this context, there is an even more fundamental flaw infecting your purported March 2020 'counterclaim.' Specifically, while a counterclaim by Labrador against Cohen was impermissible in the context of a responsive pleading to Beatbox's first amended complaint, a counterclaim ***would have been*** the proper way to proceed – had time for doing so not ***long ago expired***.

Specifically, the Federal Rules of Civil Procedure not only distinguish crossclaims from counterclaims, but further subdivide counterclaims into two classes: ***compulsory counterclaims*** and ***permissive counterclaims***.[5] Compulsory counterclaims are claims which arise out of the same transaction or occurrence that is at issue in the subject matter of the "opposing party's claim," and which do not require the court to add another party over whom the court cannot obtain jurisdiction.[6] Claims outside this category are permissive. Critically, where a claim constitutes a compulsory counterclaim, the counterclaim ***must be filed at the time of the initial response (i.e. "pleading") to the complaint, i.e. within 21 days of service of the complaint.***[7]

Here, the indemnity claims Labrador asserts in its defective March 2020 filings ***indisputably arise*** from the same transaction or occurrence that was presented by Cohen's November 2017 crossclaim. Specifically, Cohen's crossclaim against Labrador asserts indemnity rights under the 2008 Composer's Agreement with respect to the use of music governed by the contract, namely, the track now known as *eminem-esqe*. Based on its defective March 2020 filings, it appears[5] that Labrador is seeking the same kind of relief under the same contract and with regards to the use of the same music. Indeed, it is essentially a ***mirror image claim***.

Further, the party who would be subject to the hypothetical counterclaim – i.e. Cohen – was already a party and under the court's jurisdiction at the time that the pleading was due, and there are therefore no jurisdictional bars. In the absence of a jursidictinoal obstacle and with the transactions at issue being identical, there simply can be no reasonable dispute that Labrador's obligations under Rule 13 with respect to compulsory counterclaims was triggered by the filing of Cohen's November 2017 crossclaim, and was therefore due at the time of

---

[5] *See id.*

Mr. Douglas Rosner
*Beatbox Music Pty Ltd v. Labrador Entertainment, Inc., et al*
November 12, 2020
Page 4 of 6

Labrador's December 2017 answer to the crossclaim. Labrador having failed to present a counterclaim as part of its responsive pleading (answer) to Cohen's crossclaim **triggers a forfeiture of any such claim** under the terms of the Federal Rules of Civil Procedure. Labrador's March 2020 filings are therefore **invalid and do not suffice as a counterclaim** within the meaning of the Federal Rules of Civil Procedure, and any subsequent filing would necessarily be untimely.

### 3. Labrador Failed to Obtain the Court's or Cohen's Consent.

An equally fundamental failure of Labrador's March 2020 filings manifests in the fact that Labrador's act of filing the March 2020 pleadings with the court constituted a direct violation of the Federal Rules of Civil Procedure. Specifically, because the claims Labrador now asserts in its March 2020 filings should have been filed in December 2017 with the answer to the crossclaim, the **only way** that Labrador could have filed its counterclaim is by either **obtaining the consent of Cohen or the Court**. This requirement is expressly stated in Rule 15 of the Federal Rules of Civil Procedure, which provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave." As you well know, Cohen never provided written consent to Labrador filing this claim, and no such written consent appears in the record. Likewise, Labrador failed to bring a motion to request the court's leave to file an amended complaint. This is a **necessary step**, as indeed revealed by the fact that the court **already expressly explained this requirement** when it ruled on the Motion to Amend filed by Beatbox, for which an order issued on January 17, 2020. Labrador's March 2020 filings therefore are a **legal nullity**, and can be disregarded without consequence.

### 4. The Court Will Not Grant Leave to Labrador to File an Amended Answer.

Finally, to the extent you may be contemplating seeking court permission to amend your answer at this stage, we note that the law strongly favors denying any request you may lodge to amend your answer. In taking this position, Cohen recognizes that leave must generally "be freely given when justice so requires it," a generally liberal policy as to allowing amendments. Notwithstanding, the Supreme Court of the United States has identified five factors which must be considered by a court prior to granting any leave to amend. While two fo those factors are neutral in this matter and therefore may be disregarded,[6] the remaining three factors—namely, (1) bad faith, (2) undue delay, and (3) prejudice to the opposing party[7] – **weigh heavily in favor of denial**. Specifically, I observe the following:

---

[6] Those two factors referred to as neutral are futility of the amendment and previous amendments. *Foman v. Davis,* 371 U.S. 178, 182 (1962).

[7] *Id.*

Mr. Douglas Rosner
*Beatbox Music Pty Ltd v. Labrador Entertainment, Inc., et al*
November 12, 2020
Page 5 of 6

**Bad Faith**. There is ample evidence that your filings likely reflect bad faith on the part of Labrador. Specifically, the Federal Rules of Civil Procedure make the necessity of filing a counterclaim abundantly clear, and the claim at issue is something that was immediately obvious from the start of the litigation – again, it is the very mere image of the crossclaim filed by Cohen which triggered Labrador's duty to counterclaim. Labrador's failure to counterclaim at that time – likely a product of its then-rush to have the matter subjected to a lengthy stay – evince bad faith.

The presence of bad faith on the part of Labrador manifests even more clearly by virtue of the March 2020 filings. Specifically, Labrador exercised bad faith insofar as it very clearly knew that it needed to seek leave to amend from the court or the consent of the opposing party. Labrador cannot feign ignorance to his reality insofar as that very issue was decided in the order issued on January 17, 2020, which specifically discussed the process for Rule 15 amendments. That Labardor nevertheless attempted to *sneak its claim in* is strong evidence of bad faith.

**Undue Delay**. The counterclaim should have been filed in December 2017 as part of Labrador's answer to the crossclaim. Labrador, however, waited until March 2020 – over two years later – before even ***attempting*** to file any kind of claim against Cohen. Further, evne this would require ***very generous treatment*** of the March 2020 filings insofar as those filings are ineffective for lack of consent. Thus, at the time of this letter – November 2020 – Labrador has waited nearly three years without seeking the court's consent or Cohen's consent to amending its pleadings. We note that this is in ***stark contrast*** to the circumstances that the court cited in granting leave to Beatbox, in which they recognized that Beatbox could not have learned of its claims until the deposition of the parties, and that it acted expeditiously thereafter to obtain leave, bringing a motion within a month of discovery of the claim. Here, Labrador knew of its claim for years, but did nothing, simply delaying matters needlessly.

**Prejudice to Cohen**. As recognized by Judge Fitzgerald in his January 17, 2020 order, this factor is the most salient factor with respect to determining the propriety of allowing leave to amend. Here, it is clear that Cohen would be severely prejudiced insofar as he has spent the last three years of his life working on this litigation with the expectation that he did not have to defend against any indemnity claims beyond those filed by Beatbox. Notably, this reality likely influenced a number of Cohen's strategic and tactical decisions throughout this litigation, and a timely filed counterclaim would likely have changed the trajectory of this case in ways that are not ascertainable at this point. To allow Labrador to amend its pleading now and co***mpletely change the nature of this litigation would severely harm Cohen***, something which this court is unlikely to countenance.

*Accordingly, any effort to amend your complaint would be an act of futility.*

Mr. Douglas Rosner
*Beatbox Music Pty Ltd v. Labrador Entertainment, Inc., et al*
November 12, 2020
Page 6 of 6

*****

       Please advise us if you have any questions or response to our letter. If you need to reach me by email, you can contact me at rp@jacobsonlawyers.com.  Thank you for your attention to this matter.

                                Very truly yours,

                                **JACOBSON & ASSOCIATES**

                                Ronak Patel, Esq.

CC:    Dan Jacobson, JACOBSON & ASSOCIATES (by email only)
          Heather Blaise, BLAISE & NITSCHKE (by email only)

EXHIBIT "B"

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEATBOX MUSIC PTY, LTD., | CASE NO: 2:17-cv-6108 MWF (JPRx) |
| Plaintiff, | *Assigned to the Hon. Michael W. Fitzgerald* |
| v. | **FINAL PRETRIAL CONFERENCE ORDER** |
| LABRADOR ENTERTAINMENT, INC. D/B/A SPIDER CUES MUSIC LIBRARY, a California corporation; NOEL PALMER WEBB, an individual; MICHAEL COHEN, an individual; LABRADOR ENTERTAINMENT, LLC; MCPC HOLDINGS, LLC; WEBB FAMILY TRUST and DOES 1-20, inclusive, | |
| Defendants. | |
| AND ALL RELATED ACTIONS | Trial Date:        December 6, 2022 |
| | FAC:              January 24, 2020 |
| | Cross-Claim Filed: November 21, 2017 |
| | Action Filed:      August 17, 2017 |

"guilty of oppression, fraud, or malice." Cal. Civ. Code. § 3294(a). No oppressions fraud or malice can be shown here.

## COHEN DEFENDANTS

(a)    Defendants Mr. Cohen and MCPC (MCPC, to the extent that there's an attempt to somehow charge MCPC with breach of contract) plan to pursue the following defenses:

Defense 1:

The plaintiff was not a contracting party or a third party beneficiary to the February 14, 2008 Mr. Cohen/Labrador "Composer Agreement." *Goonewardene v. ADP* 6 Cal. 5th 817 (2019).

Defense 2:

Under California law a third party beneficiary to a contract has no privity. *Gilbert Financial v. Steelform,* 82 Cal. App. 3rd 65 n.5 (1978).

When a non-contracting party is suing for breach of contract, based on breach of warranty, and is trying to achieve third party beneficiary status, that plaintiff party must show that it relied on the subject warranty, in order to gain such status. "When there is no privity of contract, California law requires a showing that a plaintiff relied on an alleged warranty." *Asghari v. Volkswagen* 42 F. Supp. 3d 1306, 1334 (C.D. Cal., November 4 2013). The plaintiff cannot show reliance and Mr. Cohen/MCPC can show non-reliance.

Plaintiff contends that "reliance" is not required under the facts of this case, especially when the representation and warranty by Labrador of the existence of a sufficient contract to convey rights to Beatbox was expressly relied upon within the material terms of the Labrador-Beatbox Agreement.

Defense 3:

Under California law a third party beneficiary to a contract has no privity. *Gilbert Financial v. Steelform,* 82 Cal. App. 3rd 65 n.5 (1978)

When a non-contracting party is suing for breach of contract, based on breach of warranty, and is trying to achieve third party beneficiary status, that plaintiff party must *at least* show that it was *exposed* to such subject warranty, in order to gain such status. *In re Toyota*, 754 F. Supp. 2d 1145, 1182 (C.D. Cal. 2010) The plaintiff cannot show that exposure. Mr. Cohen/MCPC can show non-exposure.

Thus, the plaintiff cannot prove breach of contract. A contract-relationship (third party beneficiary) was <u>never</u> form between Mr. Cohen and Beatbox (and not MCPC and Beatbox, MCPC was years away from its legal birth when Mr. Cohen & Labrador contracted). Without breach of contract, the plaintiff's other claims have no validity.

Plaintiff contends that "exposure" is not required under the facts of this case, especially when the representation and warranty by Labrador of the existence of a sufficient contract to convey rights to Beatbox was expressly relied upon within the material terms of the Labrador-Beatbox Agreement.

Defense 4 (and Claim 1):

The February 14, 2008 Mr. Cohen/Labrador Composer Agreement says that if there were to be any alteration or adaptation of eminem esque, Mr. Cohen had to first be consulted. Composer Agreement § 1.1(e). The New Zealand National Party played a version of eminem esque that had been altered and adapted. Mr. Cohen was never consulted. Thus, Mr. Cohen shouldn't be held liable.

If Mr. Cohen is held liable, Labrador has to pay indemnification to Mr. Cohen.

(b)     The elements required to establish Defendant's counterclaims and affirmative defenses are:

Defense 1:

Defense 1 sort of buries the lead. Here we unearth the lead. Defense 1 above says, *The plaintiff* was not a contracting party or *a third party beneficiary.* The issue is whether Beatbox was a third party beneficiary. The California Supreme Court clarified California third party beneficiary doctrine in *Goonewardene v. ADP* 6 Cal. 5th 817 (2019). At p. 821 the *Goonewardene* Court laid out the essential elements of obtaining third party beneficiary status. They are:

> "(1) that [the aspiring 3rd party beneficiary] is likely to benefit from the contract [the February 14, 2008 Mr. Cohen/Labrador Composer Agreement];"

> "(2) that a motivating purpose of the contracting parties is to provide a benefit to the third party;" and

> "(3) that permitting the third party to bring its own breach of contract action against a contracting party is consistent with the objectives of the contract and the reasonable expectations of the contracting parties."

Defense 2:

Defense 2 begins with a legal fact. That is that under California law a third party beneficiary to a contract has no privity. *Gilbert Financial v. Steelform,* 82 Cal. App. 3rd 65 n.5 (1978); "[T]here is no privity between [a contracting party and a non-contracting party." *Windham at Carmel Mountain Ranch Assn. v. Superior Court* 109 Cal. App. 4th 1162 (2003). [Citation, quotation marks, and brackets omitted.] **"A third party . . . is not a contracting party."** *Murphy v. Allstate* 17 Cal. 3d 937, 944 (1976).

The essential element of Defense 2 emanates from the rule, "When there is no privity of contract, California law requires a showing that a plaintiff relied on an

alleged warranty." *Asghari v. Volkswagen* 42 F. Supp. 3d 1306, 1334 (C.D. Cal., November 4 2013). The element that Beatbox must prove is:

(1) "show[] that [Beatbox] relied on an alleged warranty."

Defense 3:

Again, under California law a third party beneficiary to a contract has no privity. *Gilbert Financial v. Steelform,* 82 Cal. App. 3rd 65 n.5 (1978); "[T]here is no privity between [a contracting party and a non-contracting party." *Windham at Carmel Mountain Ranch Assn. v. Superior Court* 109 Cal. App. 4th 1162 (2003). [Citation, quotation marks, and brackets omitted.] "A third party . . . is not a contracting party." *Murphy v. Allstate* 17 Cal. 3d 937, 944 (1976).

When a non-contracting party is suing for breach of contract, based on breach of warranty, and is trying to achieve third party beneficiary status, that plaintiff party must *at least* show that it was *exposed* to such subject warranty, in order to gain such status. "Plaintiff[] cannot base a claim on [an express warranty] in the absence of allegations that they were exposed to them." *In re Toyota*, 754 F. Supp. 2d 1145, 1182 (C.D. Cal. 2010). So, the element that Beatbox must prove is:

(1)     Plaintiff must prove that it was exposed to the warranties.

Defense 4 (and Claim 1);

The February 14, 2008 Mr. Cohen/Labrador Composer Agreement  says that if there were to be any alteration or adaptation of eminem esque, Mr. Cohen had to first be consulted. Composer Agreement § 1.1(e). The New Zealand National Party played a version of eminem esque that had been altered and adapted. Mr. Cohen was never consulted. Thus, Mr. Cohen shouldn't be held liable. The elements are:

(1)      eminem esque was altered or adapted;

(2)      Mr. Cohen was not contacted before the alteration or adaptation.

If Mr. Cohen is held liable, his crossclaim against Labrador Entertainment, Inc. is in play. The two most important causes of action therein are express indemnity and equitable indemnity.

Elements regarding express indemnity

(1)     Mr. Cohen must prove that there is an indemnity clause in the February 14, 2008 Cohen/Labrador Composer Agreement.

(2)     Mr. Cohen must prove (to the Court) that the words of the indemnity clause cover Mr. Cohen's loss, and require Labrador to be responsible for such loss.

See generally, *Myers Building Industries, Ltd. v. Interface Technology* 13 Cal. App. 4th, 949,969 (1993).

(c)     In brief, the key evidence Defendant relies on for each counterclaim and affirmative defense is:

Defense 1:

All three elements of the *Goonewardene v. ADP* 6 Cal. 5th 817, 821 (2019) requirements will rely mainly on witnesses.

 "that permitting the third party to bring its own breach of contract action against a contracting party is consistent with the objectives of the contract and the *reasonable expectations* of the contracting parties."

Defense 2:

Cohen contends the essential element for the jury in Defense 2 is that Beatbox must "show[] that [Beatbox] relied on an alleged warranty." Of course that an alleged warranty in the February 14, 2008 Mr. Cohen/Labrador Composer Agreement.

Defense 3:

Cohen contends the essential element that Beatbox must prove that it was exposed to the warranties.


Defense 4 (and Claim 1):

Cohen contends the essential elements are:

(1) eminem esque was altered or adapted;

(2) Mr. Cohen was not contacted before the alteration or adaptation.

There is no argument as to (2). Mr. Cohen was not contacted before any alteration or adaptation. As to (1) that will be dependent on the jury listening to the cues in question, and on expert testimony.


### PLAINTIFF'S AFFIRMATIVE DEFENSES TO LABRADOR COUNTERCLAIM

1. Labrador's Conduct
2. Breach of Contract
3. Unclean Hands
4. Waiver
5. Ratification and Waiver
6. Estoppel
7. Consent
8. Fault of Labrador
9. Failure to Mitigate
10. Negligence of Labrador and Others
11. Breach of Fiduciary of Labrador and Others


Third Party Plaintiffs and Defendants: