UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 17-6108-MWF (JPRx) | Date: | February 16, 2023 |
| Title: | Beatbox Music Pty, Ltd. v. Labrador Entertainment, Inc., et al. | | |

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

Deputy Clerk:  
Rita Sanchez

Court Reporter:  
Not Reported

Attorneys Present for Plaintiff:  
None Present

Attorneys Present for Defendant:  
None Present

**Proceedings (In Chambers):** ORDER GRANTING MOTION TO STRIKE LABRADOR DEFENDANTS' SUPPLEMENTAL EXPERT REPORT OF ROBERT FINK, PHD [335]

Before the Court is Plaintiff Beatbox Music Pty, Ltd. Motion to Strike Labrador Defendants' Supplemental Expert Report of Robert Fink, PhD (the "Motion") filed on January 13, 2023. (Docket No. 335). Defendants Labrador Entertainment, Inc. d/b/a Spider Cues Music Library, Labrador Entertainment, LLC, Noel Palmer Webb, and Webb Family Trust (collectively, the "Labrador Defendants") filed an Opposition on January 23, 2023. (Docket No. 339). Plaintiff filed a Reply on January 30, 2023. (Docket No. 340).

The Court has read and considered the Motion and held a hearing on **February 6, 2023**.

The Motion is **GRANTED**. Labrador Defendant's Supplemental Report is an improper attempt to deepen and strengthen the Original Report and introduce new opinions fifteen months after the Expert Discovery cut-off.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 17-6108-MWF (JPRx)          **Date:** February 16, 2023
**Title:**     Beatbox Music Pty, Ltd. v. Labrador Entertainment, Inc., et al.

## I. BACKGROUND

The Court has previously summarized the background of this case in connection with the Court's Order Re: Motions for Summary Judgment; Motion to Amend (the "Summary Judgment Order") filed on March 30, 2022. (*See* Docket No. 256). The Court incorporates by reference the factual background set forth in the Summary Judgment Order.

On September 22, 2020, the Court set the Expert Disclosure (Rebuttal) deadline for June 23, 2021, and the Expert Discovery cut-off for August 13, 2021. (Order Re-Setting Pretrial and Trial Dates (Docket No. 164)). On July 23, 2021, the Labrador Defendants provided the Rebuttal Expert Report of Robert Fink, PhD ("Original Report") to Plaintiff. (*See* Declaration of Heather L. Blaise ("Blaise Decl.") (Docket No. 335-1), Ex. A). On August 10, 2021, Plaintiff took the deposition of Mr. Fink. (*Id.*, Ex. B).

On November 11, 2022, fifteen months after the discovery cut-off date, Labrador Defendant provided the Supplemental Report of Robert Fink ("Supplemental Report") to Plaintiff. (*Id.*, Ex. C). Labrador Defendants explained that the timing of supplemental disclosure was based on the issuance of the Ninth Circuit's decision in *Gray v. Hudson*, 28 F.4th 87 (9th Cir. March 10, 2022). (Opposition at 2). In *Gray*, the Ninth Circuit explained how to determine whether certain musical elements in combination are entitled to copyright protection. 28 F.4th 87, 101–102.

On November 21, 2022, when Plaintiff indicated its objection to the untimely Supplemental Report and requested that Labrador Defendant withdraw the Supplemental Report, Labrador Defendants indicated that Plaintiff should file a motion to provide ample time for both sides to brief the issue. (Blaise Decl. ¶¶ 7–8). Plaintiff soon after filed the present Motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.   CV 17-6108-MWF (JPRx)                    Date:   February 16, 2023
Title:     Beatbox Music Pty, Ltd. v. Labrador Entertainment, Inc., et al.

## II.   DISCUSSION

There is no formal deadline for supplemental reports.  Rather, Federal Rule of Civil Procedure 26(e)(1) requires that a party must supplement its required disclosures "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."  Rule 26(a)(2)(E) requires that a party must promptly supplement its expert disclosures as prescribed by Rule 26(e).

The Ninth Circuit has noted that Rule 26(e)(1) is not intended to "create[ ] a loophole through which a party who submits partial expert witness disclosures can add to them to its advantage after the court's deadline for doing so has passed."  *MRO Commc'ns, Inc. v. Am. Tel. & Tel. Co.*, 205 F.3d 1351 (9th Cir. 1999).  "The rule creates a 'duty to supplement,' not a right."  *Id.*  "The purpose of Rule 26(e)(2) *is not to add information after production of the expert reports*, and the Rule is not intended to help disguise an untimely supplemental report as a timely pretrial disclosure."  *Sherwin–Williams Co. v. JB Collision Servs., Inc.*, No. 13–CV–1946–LAB WVG, 2015 WL 4742494, at *6 (S.D. Cal. Aug. 11, 2015) (emphasis added).

"In determining whether a supplement under Rule 26(e) is appropriate, the court considers (1) whether the supplemental information correspond[s] to a prior Rule 26(a) disclosure and, if so, (2) whether the supplemental information [was] available at the time set for the initial disclosure."  *Burger v. Excel Contractors, Inc.*, No. 2:12–CR–01634–APG–CW, 2013 WL 5781724, at *3 (D. Nev. Oct. 25, 2013).  "[C]ourts have rejected supplemental expert reports that were significantly different from the expert's original report and effectively altered the expert's theories, or attempted to deepen and strengthen the experts' prior reports."  *Sherwin–Williams Co. v. JB Collision Servs., Inc.*, No. 13–CV–1946–LAB WVG, 2015 WL 1119406, at *7 (S.D. Cal. Mar. 11, 2015).  "Moreover, supplementation does not cover failures of omission because the expert did an inadequate or incomplete preparation[.]  To construe supplementation to apply whenever a party wants to bolster or submit additional expert opinions would

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | |
|---|---|---|
| **Case No.** | CV 17-6108-MWF (JPRx) | **Date:** February 16, 2023 |
| **Title:** | Beatbox Music Pty, Ltd. v. Labrador Entertainment, Inc., et al. | |

wreak havoc in docket control and amount to unlimited expert opinion preparation." *Id.* (internal citation and quotation marks omitted).

In this case, the Supplemental Report appears to improperly add new opinions and additional evidence—much of which was available before the Expert Discovery Cut-off—to the Original Report. Labrador Defendants argue that the Supplemental Report merely explains how the clarified standard in *Gray* modified and bolstered the opinion's offered in the Original Report. (Opposition at 6). However, in Labrador Defendants' own words, the Supplemental Report:

- "consider[s] new pieces of comparative evidence, going more deeply into a series of examples of prior art and their expressive character[;]"
- "takes time to establish as exhaustively as possible why and how the musical building blocks at issue in this case should be considered "generic" or "clichéd[;]"
- "makes detailed reference to generic or common modes of playing possible on the six-string guitar, using fretboard diagrams, photographs of hands playing the guitar, and some musical notation."

(*Id.*). These differences significantly alter the nature of the Original Report. Indeed, the Supplemental Report, twice as long as the Original Report, includes detailed references to literature and information not included in the Original Report. (*Compare* Original Report at 1 ("Facts Considered") *with* Supplemental Report at 1 ("Facts Considered")). For instance, much of Mr. Fink's additional analysis in the Supplemental Report appears based on his review of an interview of Jeff Bass and an article by Christopher Doll, both of which were available before the Original Report was created. (*See* Supplemental Report at 5–6 n. 3, 13). Further, while the Original Report focused on rebutting Plaintiff's expert Alexander Stewart's report, the Supplemental Report only references Mr. Stewart's report in the "Facts Considered" section and instead presents new arguments untethered from Mr. Stewart's report. (*See generally Id.*). Again, in the Labrador Defendants' own words, because "there was nothing in Stewart's report about the issues, concepts, and terminology raised in *Gray*

---

**CIVIL MINUTES—GENERAL**                                                                                    4

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV 17-6108-MWF (JPRx) | Date:  February 16, 2023 |
| Title: Beatbox Music Pty, Ltd. v. Labrador Entertainment, Inc., et al. | |

*v. Hudson* . . . it was necessary to reorient the Supplemental [R]eport toward the latest case law. (Opposition at 7).

Accordingly, the Court determines that the Supplemental Report is an improper attempt to deepen and strengthen the Original Report and introduce new opinions. *See Sherwin–Williams*, 2015 WL 4742494, at *7; *see also Plumley v. Mockett*, 836 F. Supp. 2d 1053, 1062 (C.D. Cal. 2010) (supplementary disclosures do not permit a party to introduce new opinions after the disclosure deadline under the guise of a "supplement"). The Supplemental Report is untimely and not a permissible supplement under Rule 26(e).

"Rule 37(c)(1) gives teeth to [Rule 26's] requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). This rule excludes untimely expert witness testimony, unless the "parties' failure to disclose the required information is substantially justified or harmless." *Yeti by Molly, Ltd.*, 259 F.3d at 1106. "The burden is on the party facing sanctions to prove harmlessness." *Ibekwe*, 2016 WL 6963051, at *4 (citing *Yeti by Molly, Ltd.*, 259 F.3d at 1106–1107) (affirming district court's decision to exclude defendant's witness testimony where defendant disclosed evidence 28 days prior to trial even where the exclusion made it "difficult, perhaps almost impossible" for defendant to rebut plaintiff's claim).

The Court determines that Labrador Defendants fail to demonstrate either justifiability or harmlessness. Before Labrador Defendants provided Plaintiff with the Original Report, Mr. Fink was able to access much of the material he later included in the Supplemental Report. (*See* Blaise Decl., Ex. C at 5, 13). Labrador Defendants argue that the Ninth Circuit decision in *Gray* amounts to information that could not have been known to the parties at the close of expert discovery. (Opposition at 8). However, this alone does not justify the delay as the *Gray* decision was issued seven months before Labrador Defendants provided the Supplemental Report to Plaintiff. Further, Plaintiff explains that Labrador Defendants never once mentioned that they

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  CV 17-6108-MWF (JPRx)          **Date:**  February 16, 2023
**Title:**     Beatbox Music Pty, Ltd. v. Labrador Entertainment, Inc., et al.

planned to supplement the Original Report, including during an October 12, 2022, meet and confer regarding the final pre-trial conference order.  (Reply at 6).  Additionally, the Court is uncomfortable with the notion that new case law would justify the belated conversion of a rebuttal report into a new "supplemental" report with previously undisclosed information, new opinions, and novel theories.  *See Enborg v. Ethicon, Inc.,* No. 22-CV-2477-AWI (BAK), 2022 WL 1651897, at *4 (E.D. Cal. May 24, 2022) ("Rule 26(e) is not a device to allow a party's expert to engage in additional work, or to annul opinions or offer new ones to perfect a litigation strategy") (internal quotations and citations omitted).  Indeed, such a notion would permit parties to use Rule 26(e) to supplement expert reports frequently and could "wreak havoc on docket control and amount to unlimited expert opinion preparation."  *See Sherwin–Williams Co.*, 2015 WL 1119406, at *7.

     Additionally, Labrador Defendants do not establish that inclusion of the Supplemental Report would be harmless.  Labrador Defendants argue that Plaintiff would not face any prejudice because there is ample time for Plaintiff to obtain additional information from Mr. Fink or depose him.  (Opposition at 10).  The Final Pretrial Conference is currently set for March 27, 2023.  (Docket No. 331).  However, because the Supplemental Report contains new opinions, extensively different from the initial rebuttal opinions, Plaintiff argues that inclusion of the Supplemental Report would require it to obtain additional expert opinions from its own experts and conduct additional depositions on the eve of trial.  (Reply at 7).  Plaintiff stresses that the Supplemental Report comes 15 months after the expert discovery cut-off and seven months after the *Gray* decision.  (*Id.* at 5).  Given the long delay and likelihood of significant additional cost, the Court will not "impos[e] further litigation costs and expense on [the objecting party], all in an effort to accommodate [the untimely party's] non-compliance."  *See Martinez v. Costco Wholsesale Corp.*, 336 F.R.D. 183, 190–91 (S.D. Cal. 2020).

     Accordingly, the Motion is **GRANTED**.  The Court **ORDERS** the Supplemental Report to be stricken, and **ORDERS** that the Supplemental Report may not be used at trial.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**   CV 17-6108-MWF (JPRx)                    **Date:**   February 16, 2023
**Title:**       Beatbox Music Pty, Ltd. v. Labrador Entertainment, Inc., et al.

     Plaintiff also requests that the Court bar Mr. Fink from offering any testimony regarding what is or is not "infringing." (Motion at 11). The Court determines that if Mr. Fink's testimony exceeds his expertise or amounts to legal conclusions, it can be addressed in motions in limine or as the testimony is delivered.

     Plaintiff also requests that the Court award attorneys' fees. (Motion at 10–11). Because at least one court had previously used its discretion to permit supplemental expert reports where recent decisions significantly revised the applicable law of the case, the Court declines to award attorneys' fees here. *See Rsch. Corp. Techs., Inc. v. Microsoft Corp.,* No. CV-01-658-TUC (RCJ), 2009 WL 10674002, at *1 (D. Ariz. June 5, 2009) (permitting supplemental expert reports after three Supreme Court decisions and two Federal Circuit decisions altered relevant patent law and there was five months before trial was set to begin).

     IT IS SO ORDERED.