1  BLAISE & NITSCHKE, P.C.
2  HEATHER L. BLAISE, ESQ. (SBN 261619)
   145 S. Wells Street, Suite 1800
3  Chicago, IL 60606
   Telephone: 312-448-6602
4  Email: hblaise@blaisenitschkelaw.com
5
6  Attorneys for Plaintiff,
   BEATBOX MUSIC PTY, LTD.
7
8              UNITED STATES DISTRICT COURT
9              CENTRAL DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| 11  BEATBOX MUSIC PTY, LTD., | CASE NO: 2:17-cv-6108 MWF (JPRx) |
| 12                      Plaintiff, | *Assigned to the Hon. Michael W. Fitzgerald* |
| 13                      v. | |
| 14  LABRADOR ENTERTAINMENT, INC. | **PLAINTIFF'S 1) NOTICE OF MOTION; 2) MOTION TO STRIKE COHEN DEFENDANTS' REQUEST FOR POINT OF DISCUSSION AT THE FINAL PRETRIAL CONFERENCE; 3) MEMORANDUM OF POINTS AND AUTHORITIES; 4) DECLARATION OF HEATHER L. BLAISE IN SUPPORT THEREOF; and 5) [PROPOSED] ORDER** |
| 15  D/B/A SPIDER CUES MUSIC | |
| 16  LIBRARY, a California corporation; NOEL PALMER WEBB, an individual; | |
| 17  MICHAEL COHEN, an individual; LABRADOR ENTERTAINMENT, LLC; | |
| 18  MCPC HOLDINGS, LLC; WEBB | |
| 19  FAMILY TRUST and DOES 1-20, inclusive, | |
| 20                      Defendants. | |
| 21 | **Hearing Date:    March 20, 2023** |
| 22 | **Time:            10:00 a.m. PST** |
| 23 | **Location:        Courtroom 5A** |
| 24 | Trial Date:        April 18, 2023 |
| 25  AND ALL RELATED ACTIONS | FAC:               January 24, 2020 |
| 26 | Cross-Claim Filed: November 21, 2017 |
|    | Action Filed:       August 17, 2017 |
| 27 | |
| 28 | |

1

## **<u>NOTICE OF MOTION</u>**

2      TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL

3 DISTRICT OF CALIFORNIA, AND TO DEFENDANTS AND THEIR

4 ATTORNEYS OF RECORD:

5      PLEASE TAKE NOTICE that on March 20, 2023 at 10:00 a.m., or as soon

6 thereafter as the matter may be heard before the Honorable Michael W. Fitzgerald, in

7 Courtroom 5A of the United States District Court for the Central District of California,

8 located at 350 W. First Street, Los Angeles, California 90012, or as ordered by the

9 Court, Plaintiff BEATBOX MUSIC PTY, LTD. ("Plaintiff"), by and through the

10 undersigned counsel, will move to strike Defendants Michael Cohen and MCPC

11 Holdings, LLC's (collectively "Cohen Defendants") Request for Point of Discussion

12 at the Final Pretrial Conference (Dkt. 341) (hereinafter the "Request").

13      This motion is based upon this Notice of Motion; the Memorandum of Points

14 and Authorities hereinbelow; the Declaration of Heather L. Blaise and exhibits thereto;

15 the pleadings on file in this action; and such other further pleadings, papers, transcripts,

16 and matters that may be properly presented to the Court.

17      This motion is made following the conference of counsel pursuant to L.R. 7-3

18 via Zoom on January 30, 2023, and Plaintiff's response letter dated January 31, 2023.

19 *See* Dkt. 341 at 4.

20 DATED: February 17, 2023      Respectfully submitted,

21                              **BEATBOX MUSIC PTY, LTD.**

22                               */s/ Heather L. Blaise*

23                              HEATHER L. BLAISE, ESQ. (SBN 261619)
                                *Attorney for Plaintiff*

24

25

26

27

28

## MOTION TO STRIKE COHEN DEFENDANTS' REQUEST FOR POINT OF DISCUSSION AT THE FINAL PRETRIAL CONFERENCE

Plaintiff Beatbox Music Pty., Ltd. ("Beatbox"), by and through its attorneys, Blaise & Nitschke, P.C., respectfully moves this Honorable Court to strike Cohen Defendants' Request for Point of Discussion at Final Pretrial Conference, Docket No. 341 (the "Request"); and for any other relief this Court deems necessary and just.

## MEET AND CONFER

This motion is made following that conference of counsel pursuant to Local Rules for the United States District Court for the Central District of California (the "Local Rules") 7-3 as further discussed above.

## MEMORANDUM OF POINTS AND AUTHORITIES

On or about June 2, 2022, this Honorable Court entered an Order setting this matter for Jury Trial on December 6, 2022 and the Final Pretrial Conference and hearing on Motions in Limine on November 21, 2022. *See* Dkt. 266. The Order also set deadlines for the parties to file necessary pretrial documents including, among others, the Pretrial Conference Order to be filed by November 7, 2022. *Id.* Plaintiff repeatedly conferred with Defendants and, on November 7, 2022, filed a proposed Pretrial Conference Order which included only those portions agreed to by Plaintiff and Cohen Defendants. *See* Dkt. 341-1, proposed Final Pretrial Conference Order (the "Pretrial Order"); *see also* Dkt. 341, Notice of Lodging Pretrial Order.

On December 28, 2022, Dan Jacobson, counsel for the Cohen Parties, transmitted a letter (the "Jacobson Letter") outlining tardy objections to the November 7, 2022, proposed Pretrial Order. Dkt. 341 at 6-9. During a January 30, 2023 teleconference initiated by counsel for Plaintiff (the "Meet and Confer"), where Plaintiff yet again attempted to confer with counsel for the Cohen Defendants and the Labrador Defendants in an attempt to cooperate and resolve pretrial issues, Mr. Jacobson indicated his intention to file the Jacobson Letter with the Court, to which the undersigned counsel immediately objected. *See* Declaration of Heather L. Blaise

("Blaise Decl."), ¶¶ 4-5.  In the spirit of resolving the matter without resorting to motion practice, the undersigned counsel transmitted a written response to Mr. Jacobson on January 31, 2023, outlining the many objections to Mr. Jacobson's conduct.  *See* Blaise Decl. at Exhibit A, January 31, 2023 correspondence from Blaise & Nitschke, P.C. (the "B&N Response").

In the Jacobson Letter, Mr. Jacobson claimed to be "**genuinely concerned**" (emphasis original) about the exclusion from the Pretrial Order certain proposed materials which served no purpose, deviated from Local Rules, and which was not agreed to by Plaintiff.  *See* Dkt. 341.  Setting aside that Mr. Jacobson only raised these objections a month and a half after the initial filing—and long after the original trial date had come and gone—none of the proposed materials warranted inclusion in the Pretrial Order due to the argumentative nature.  In addition, the Cohen Defendants did not seek leave of Court to file the Request, a document which has no procedural basis and is not authorized under Local Rules, the Federal Rules of Civil Procedure, or this Honorable Court's standing orders.  Consequently, and for the reasons argued below, the Request must be stricken.

## I. The excluded material is entirely inappropriate under Local Rules governing pretrial procedure.

The parties' obligations to prepare and propose a Final Pretrial Conference Order arise from Local Rule 16.  Local Rule 16-7 provides as follows:

> L.R. 16-7 Final Pretrial Conference Order. A Final Pretrial Conference Order shall be prepared by plaintiff's counsel and signed by all counsel. It is the duty of all counsel to cooperate with plaintiff's counsel in the preparation and submission of the Final Pretrial Conference Order as required by this rule. Failure of counsel to comply shall subject counsel to the sanctions provided by L.R. 83-7 and 28 U.S.C. § 1927.

> L.R. 16-7.1 Lodging. Plaintiff shall lodge the Final Pretrial Conference Order with the Clerk eleven (11) days before the date set for the Final Pretrial Conference.

> L.R. 16-7.2 Form. The Final Pretrial Conference Order shall be substantially in the form shown in Pretrial Form No. 1 set forth in

Appendix A to these Local Rules.

Likewise, this Honorable Court's standing order, Order Re: Jury Trial, provides as follows:

> STRICT COMPLIANCE WITH LOCAL RULE 16 IS REQUIRED. THIS ORDER SETS FORTH SOME DIFFERENT AND SOME ADDITIONAL REQUIREMENTS. THIS COURT DOES NOT EXEMPT PRO PER PARTIES FROM THE REQUIREMENTS OF RULE 16. Carefully prepared memoranda of contentions of fact and law, witness lists, a joint exhibit list, and a proposed final pretrial conference order shall be submitted in accordance with the Rules, and the format of the proposed final pretrial conference order shall conform to the format set forth in Appendix A to the Local Rules. Failure to comply with these requirements may result in the final pretrial conference being taken off-calendar or continued, or in other sanctions.

Pretrial Form No. 1 (the "Pretrial Form"), attached to the Local Rules in Appendix A, embodies the required form for all Final Pretrial Conference Orders in the Central District.  As the Pretrial Form makes abundantly clear, parties are expected to list certain categories of information, including, *inter alia*, claims and defenses "contained in the complaint and answer and any court authorized amendment or supplement," with specific instructions on the format that must be followed.  *See* Pretrial Form No. 1.

Parties are directed to "list claims in summary fashion," which includes a brief, one-sentence description of the nature of the claim.  *See* Pretrial Form.  Parties are instructed to "identify only affirmative defenses, which are those matters on which the Defendant bears the burden of proof."  *Id.*  Parties are then directed to "[l]ist the elements separately" for each claim, counterclaim, or affirmative defense, and "Defendant should follow the same format as Plaintiff in listing claims."  *Id.*  Parties are then required to "[i]n brief" identify "the key evidence Defendant relies on for each counterclaim and affirmative defense[.]"  *Id.*  Wherever possible, parties are directed to reach an agreement on listing the elements of claims, counterclaims, and affirmative defenses.

Nowhere in the Pretrial Form, the Local Rules, or this Honorable Court's standing orders is a defendant permitted to unilaterally insert legal arguments into a final pretrial conference order.  Thus, the reason Cohen Defendants cannot find any authority permitting a party to "remove" such content—which is the crux of Cohen Defendants' Request and the Jacobson Letter—is that no authority exists that allowed a defendant to insert such language to begin with.

The undersigned counsel specifically informed Mr. Jacobson that Plaintiff would be removing any argument from the draft November 7, 2022 Pretrial Order, as such argument is inappropriate and not permitted under any pertinent rule, law, or authority. *See* Blaise Decl. at Exhibit A, the B&N Response.  Furthermore, the Cohen Defendants *already* filed an improper document without leave of Court, Docket No. 315-4, which preserved their incorrect arguments and equally incorrect efforts to insert such arguments into the Pretrial Order.

The very fact that the Cohen Parties had *already* filed Docket No. 315-4 on the same day that the Pretrial Order was filed demonstrates that they were fully aware that their superfluous changes to the Pretrial Order were not agreed and therefore would not be included, and fully demonstrates to the Court that the Cohen Defendants sought to preserve their improper and unilateral changes to the Pretrial Order.  *See* Dkt. 315-4. The Cohen Defendants also made specific, albeit bizarre, mention in Docket No. 315-4 that Jacobson's "signature on the [Pretrial Order] does not necessarily mean that he agrees with all that is said in that document." *Id.*

## II.   Plaintiff is entitled to sanctions for Defendants' disregard of local rules.

Compliance with the Local Rules and this Honorable Court's standing orders is not optional, and defendants who fail to comply with the Final Pretrial Conference Order procedure and corresponding exhibit documents are subject to sanctions.  *See Fiffles v. IPU Group North America, Inc.*, No. CV 16-6706 MRW, 2017 U.S. Dist. LEXIS 163025, at *1 (C.D. Cal. Oct. 2, 2017).

Mr. Jacobson's continued insistence on including argument, commentary, and

other superfluous material into the Pretrial Order runs afoul of Local Rule 16-7 and this Honorable Court's standing orders.   Likewise, Mr. Jacobson's repeated filings advancing these theories, made over the objection of counsel and not in the spirit of cooperation required by the Local Rules, runs afoul of the Cohen Defendants' duty to cooperate in preparing a document for which an explicit, routine form exists.

Furthermore, the instant Request filed by Mr. Jacobson, which regurgitates previous arguments filed in Docket No. 315-4 and comes on the heels of Plaintiff's renewed efforts to confer with both Labrador Defendants and Cohen Defendants on the myriad of unresolved pretrial matters prior, serves no purpose but to harass and delay Plaintiff.

Given the Cohen Defendants' blatant disregard for standard pretrial procedure, the Court's standing orders, the scheduling orders in this case, and the Local Rules, the Cohen Defendants' conduct warrants the entry of monetary sanctions pursuant to Local Rule 83-7 in response to the bad faith filing of the Response and the willful disobedience of the mandatory form of pretrial orders found in both the Response and Docket No. 315-4.

WHEREFORE, Plaintiff respectfully requests that this Court enter an order:

1) Striking the Cohen Defendants' Request;
2) Granting Plaintiff its attorneys' fees and costs for being forced to bring this Motion; and
3) For any and all other relief this Court deems necessary and just.

DATED: February 17, 2023

Respectfully submitted,
**BEATBOX MUSIC PTY, LTD.**

 */s/ Heather L. Blaise*
HEATHER L. BLAISE, ESQ. (SBN 261619)
*Attorney for Plaintiff*