BLAISE & NITSCHKE, P.C.
HEATHER L. BLAISE, ESQ. (SBN 261619)
145 S. Wells Street, Suite 1800
Chicago, IL 60606
Telephone: 312-448-6602
Email: hblaise@blaisenitschkelaw.com

Attorneys for Plaintiff,
BEATBOX MUSIC PTY, LTD.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEATBOX MUSIC PTY, LTD., <br><br> Plaintiff, <br><br> v. <br><br> LABRADOR ENTERTAINMENT, INC. D/B/A SPIDER CUES MUSIC LIBRARY, a California corporation; NOEL PALMER WEBB, an individual; MICHAEL COHEN, an individual; LABRADOR ENTERTAINMENT, LLC; MCPC HOLDINGS, LLC; WEBB FAMILY TRUST and DOES 1-20, inclusive, <br><br> Defendants. <br><br> AND ALL RELATED ACTIONS | CASE NO: 2:17-cv-6108 MWF (JPRx) <br> *Assigned to the Hon. Michael W. Fitzgerald* <br><br> **DECLARATION OF HEATHER L. BLAISE IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE COHEN DEFENDANTS' REQUEST FOR POINT OF DISCUSSION AT THE FINAL PRETRIAL CONFERENCE** <br><br> **Hearing Date:**   **March 20, 2023** <br> **Time:**   **10:00 a.m. PST** <br> **Location:**   **Courtroom 5A** <br><br> Trial Date:   April 18, 2023 <br> FAC:   January 24, 2020 <br> Cross-Claim Filed: November 21, 2017 <br> Action Filed:   August 17, 2017 |

I, Heather L. Blaise, declare:

1. I am an attorney at law duly admitted to practice before all courts of the State of California and the U.S. District Court for the Central District of California, as

1  well as all the courts of the State of Illinois and the U.S. District Court for the
2  Northern District of Illinois.

3      2.    I submit this Declaration in support of Plaintiff Beatbox Music Pty,
4  Ltd.'s ("Plaintiff" and/or "Beatbox") Motion to Strike Cohen Defendants' Request
5  for Point of Discussion at the Final Pretrial Conference.

6      3.    The facts stated herein are based upon my personal knowledge, or,
7  where stated, upon information and belief. If called upon to testify thereto, I could
8  and would competently do so.

9      4.    On January 30, 2023, I met and conferred with counsel for the Cohen
10 Defendants and Labrador Defendants via Zoom teleconference in an additional
11 attempt to cooperate and resolve pretrial issues.

12     5.    During the meeting, Mr. Jacobson indicated his intention to file the
13 Cohen Defendants' December 28, 2022 letter with the Court, to which I immediately
14 objected.

15     6.    On January 31, 2022, I transmitted a written response to Mr. Jacobson's
16 letter outlining the many objections to Mr. Jacobson's conduct.

17     7.    A true and correct copy of the January 31, 2022 response letter is
18 attached hereto as Exhibit A.

19 I declare under penalty of perjury under the laws of the State of California that
20 the foregoing is true and correct.

21 Executed on February 17, 2023, in Skokie, Illinois.

22                                       */s/ Heather L. Blaise*

**BLAISE & NITSCHKE, P.C.**

145 S. Wells St., Suite 1800
Chicago, Illinois 60606
office: 312.448.6602
fax: 312.803.1940

HEATHER L. BLAISE
Licensed in Illinois and California

THOMAS J. NITSCHKE
Licensed in Wisconsin and Illinois

HEATHER L. BLAISE
PARTNER
HBLAISE@BLAISENITSCHKELAW.COM

January 31, 2023

**VIA E-MAIL:** dlj@jacobsonlawyers.com
Dan Jacobson
Jacobson & Associates
P.O. Box 1015
Tustin, CA 92781

Re: Beatbox Music Pty, Ltd. v. Labrador Entertainment, Inc. et al.; Case No. 2:17-cv-6108 MWF (JPRx)

Mr. Jacobson:

Your correspondence dated December 28, 2022 (the "Letter"), contains characteristic misapprehensions of pertinent rules and authority as well as unfortunate distortions of the record of this case. Yesterday, January 30, 2023, during yet another meet and confer on other pretrial issues, you indicated your intention to file the Letter with the Court, which I noted at the time and maintain is procedurally improper and we object. Given your insistence on advancing this impropriety, a written response is now warranted. For the avoidance of doubt, our office vigorously rejects any accusation or inference contained in the Letter that either we or our client has deviated from the duty of candor to the tribunal, and find your suggestion to the contrary to be wildly inappropriate. If we are forced to engage in additional motion practice to strike more of your improper filings, we will seek sanctions and our attorneys' fees against your office and your client under Rule 11.

The Letter raises issues you purport to be "**genuinely concerned**" about (emphasis original), while all of the issues are those which you and Mr. Rosner are solely responsible for creating. From the outset, we are obliged to remind you that the document you appear to be complaining about was filed November 7, 2022, which was filed in conformity with Local Rules and without the inclusion of inappropriate argument and insertions to which there was no agreement between the parties.

Local Rule 16-7 provides as follows:

> L.R. 16-7 Final Pretrial Conference Order. A Final Pretrial Conference Order shall be prepared by plaintiff's counsel and signed by all counsel. It is the duty of all counsel to cooperate with plaintiff's counsel in the preparation and submission of the Final Pretrial Conference Order as required by this rule. Failure of counsel to comply shall subject counsel to the sanctions provided by L.R. 83-7 and 28 U.S.C. § 1927.
>
> L.R. 16-7.1 Lodging. Plaintiff shall lodge the Final Pretrial Conference Order with the Clerk eleven (11) days before the date set for the Final Pretrial Conference.

**EXHIBIT A**



Dan Jacobson
January 31, 2023
Page 2

> L.R. 16-7.2 Form. The Final Pretrial Conference Order shall be substantially in the form shown in Pretrial Form No. 1 set forth in Appendix A to these Local Rules

Judge Fitzgerald's standing order, Order Re: Jury Trial, also provides the following:

> STRICT COMPLIANCE WITH LOCAL RULE 16 IS REQUIRED. THIS ORDER SETS FORTH SOME DIFFERENT AND SOME ADDITIONAL REQUIREMENTS. THIS COURT DOES NOT EXEMPT PRO PER PARTIES FROM THE REQUIREMENTS OF RULE 16. Carefully prepared memoranda of contentions of fact and law, witness lists, a joint exhibit list, and a proposed final pretrial conference order shall be submitted in accordance with the Rules, and the format of the proposed final pretrial conference order shall conform to the format set forth in Appendix A to the Local Rules. Failure to comply with these requirements may result in the final pretrial conference being taken off-calendar or continued, or in other sanctions.

Pretrial Form No. 1 (the "Pretrial Form"), attached to the Local Rules in Appendix A, embodies the required form for all Final Pretrial Conference Orders in the Central District. As the Pretrial Form makes abundantly clear, parties are expected to list certain categories of information, including, *inter alia*, claims and defenses "contained in the complaint and answer and any court authorized amendment or supplement," with specific instructions on the format that ***must*** be followed.

Parties are directed to "list claims in summary fashion," which includes a brief, one-sentence description of the nature of the claim. *See* Pretrial Form. Parties are instructed to "identify only *affirmative* defenses, which are those matters on which the Defendant bears the burden of proof." *Id.* Parties are then directed to "[l]ist the elements separately" for each claim, counterclaim, or affirmative defense, and "Defendant should follow the same format as Plaintiff in listing claims." *Id.* Parties are then required to "[i]n brief" identify "the key evidence Defendant relies on for each counterclaim and affirmative defense[.]" *Id.* Wherever possible, parties are directed to reach an agreement on listing the elements of claims, counterclaims, and affirmative defenses.

***Nowhere*** in the Pretrial Form, the Local Rules, or Judge Fitzgerald's standing orders is a defendant permitted to unilaterally insert legal arguments into a final pretrial conference order. Thus, the reason you cannot find any authority permitting a party to remove such content is that no authority exists that allowed you to insert it to begin with.

Our office specifically informed you that we would be removing any argument from the draft November 7, 2022 Final Pretrial Conference Order, as such argument is inappropriate and not permitted under any pertinent rule, law, or authority. Your Exhibit "A" to the December 28, 2022 correspondence, Dkt. Entry 315-4, preserves your incorrect arguments and equally incorrect



**BLAISE & NITSCHKE, P.C.**

Dan Jacobson
January 31, 2023
Page 3

efforts to insert such arguments into the Final Pretrial Conference Order.

The very fact that you filed Dkt. Entry 315-4 on the same day that the Final Pretrial Conference Order was filed demonstrates that you were aware the contents thereof were not agreed and therefore would not be included, and fully demonstrates to the Court your efforts to unilaterally preserve your improper changes to the Final Pretrial Conference Order. You specifically included in your filing that your "signature on the FPCO does not necessarily mean that he agrees with all that is said in that document." *See* Dkt. Entry 315-4.

Our office is therefore given no recourse but to wonder what the purpose of your December 28, 2022 correspondence is truly. Although you feign "concern" and apparent newfound surprise at the nature of agreed filings, please note that our office will not, going forward, be agreeing to include argument, commentary, or superfluous language simply because your office proposes it, especially when it runs counter to the express rules of the Court, as it does here.

Going forward, our office will continue to comply with the Local Rules, Judge Fitzgerald's standing order, and the form of Appendix A to the Local Rules. If your office persists in its defiance of those authorities, it will have to do so in separate filings, as Beatbox cannot and will not countenance the inclusion of filings that are in flagrant violation of the Local Rules. Beatbox will also continue to circulate a renewed proposed Final Pretrial Conference Order in light of the reset Pretrial Conference date. As before, we will also seek your signature, and Mr. Rosner's, to be included on any agreed contents of the Final Pretrial Conference Order.

If your clients and your office refuse to participate in good faith or otherwise persist in introducing irrelevant and improper material into the proposed Final Pretrial Conference Order, please note that our office will continue to object to those same elements and will not include them in the final submission, as they will not be agreed upon. You are welcome to explain to Judge Fitzgerald why you believe the Local Rules, Appendix A, and Judge Fitzgerald's standing orders do not apply to you, but our office will neither assist nor indulge your efforts to find novel methods of noncompliance with even rote pretrial procedure.

Please do not hesitate to contact my office with any questions. Thanks.

Sincerely,

*/s/ Heather L. Blaise*

Heather L. Blaise

HLB:jal

Cc:   **VIA E-MAIL:** doug@drosnerlaw.com
      Douglas J. Rosner