BLAISE & NITSCHKE, P.C.
HEATHER L. BLAISE, ESQ. (SBN 261619)
145 S. Wells Street, Suite 1800
Chicago, IL 60606
Telephone: 312-448-6602
Email: hblaise@blaisenitschkelaw.com

Attorneys for Plaintiff,
BEATBOX MUSIC PTY, LTD.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEATBOX MUSIC PTY, LTD., <br><br> Plaintiff, <br><br> v. <br><br> LABRADOR ENTERTAINMENT, INC. D/B/A SPIDER CUES MUSIC LIBRARY, a California corporation; NOEL PALMER WEBB, an individual; MICHAEL COHEN, an individual; LABRADOR ENTERTAINMENT, LLC; MCPC HOLDINGS, LLC; WEBB FAMILY TRUST and DOES 1-20, inclusive, <br><br> Defendants. <br><br> AND ALL RELATED ACTIONS | CASE NO: 2:17-cv-6108 MWF (JPRx) <br> *Assigned to the Hon. Michael W. Fitzgerald* <br><br> **PLAINTIFF BEATBOX MUSIC PTY, LTD.'S AMENDED WITNESS LIST** <br><br><br> Trial Date:         April 18, 2023 <br> FAC:                January 24, 2020 <br> Cross-Claim Filed: November 21, 2017 <br> Action Filed:      August 17, 2017 |

Plaintiff BEATBOX MUSIC PTY, LTD. submits the following list of witnesses for trial in the above-captioned matter.

Plaintiff reserves the right to supplement and amend the proposed witness list and to submit additional proposed witnesses based on Defendants' proposed witnesses, any stipulations, Court's rulings before or at trial, or otherwise, as appropriate.

1. **Peter Baker**, Principal of Plaintiff, Beatbox Music Pty, Ltd. Mr. Baker has knowledge of the allegations contained in Plaintiff's complaint, including all amendments (hereinafter "Complaint"), his communications with Defendants and third parties, his understanding of such communications, and his claimed damages.

2. **Margaret Saadi Kramer**, production music licensing expert. Expert witness has expert knowledge and experience in the commercial music industry, with specific emphasis and expertise regarding production music licensing. Ms. Kramer is expected to testify about her qualifications and experience, along with the general customs and practices in the production music licensing industry, including domestic and foreign licensing, industry practices in dealing with third party alleged copyright infringements and actual infringements, the custom and practice in the production music licensing business for editing production music to synchronize with audiovisual works; the custom and practice in the production music licensing industry for indemnification among composers, publishers and sub-publishers; the custom and practice in the industry for rights granted in connection with production music publishing agreements; the custom and practice in the production music industry for permanently removing a cue from licensing; the custom and practice in the production music licensing industry for representations and warranties generally, including those made by rightsholders and publishers/subpublishers; the custom and practice in the production music licensing industry relating to those parties that are

contemplated in agreements for indemnity; the custom and practice in the music production industry generally relating to indemnity; the custom and practice in the music production industry relating to income streams, calculation of income streams, and the rights exploited in order to monetize music publishing cues.

3. **Alexander Stewart**, Professor of Music, and musicologist. Expert witness is believed to be testify regarding his qualifications and experience as a professional musicologist. Mr. Stewart is expected to provide expert testimony regarding his comparison of the cues known as eminen esque, Lose Yourself and the New Zealand National Party's commercial which were the subject of the New Zealand suit.

4. **Ron Mendelsohn**, production music licensing rebuttal expert. Expert witness has expert knowledge and experience in the commercial music industry, with specific emphasis and expertise regarding production music licensing. Mr. Mendelsohn is expected to testify about his qualifications and experience, along with the general customs and practices in the production music licensing industry, including domestic and foreign licensing, industry practices in dealing with third party alleged copyright infringements and actual infringements, the custom and practice for removal of cues from licensing by the publisher; the custom and practice in the production music licensing business for editing production music to synchronize with audiovisual works; the custom and practice in the production music licensing industry for indemnification among composers, publishers and sub-publishers; the custom and practice in the industry for rights granted in connection with production music publishing agreements; the custom and practice in the production music industry for permanently removing a cue from licensing; the custom and practice in the production music licensing industry for representations and warranties generally, including those made by rightsholders and

publishers/subpublishers; the custom and practice in the production music licensing industry relating to those parties that are contemplated in agreements for indemnity; the custom and practice in the music production industry generally relating to indemnity; the custom and practice in the music production industry relating to income streams, calculation of income streams, and the rights exploited in order to monetize music publishing cues; the custom and practice in the industry of receiving royalty payments for cues which have been licensed; and all other testimony directed at the rebuttal of the purported expert report of Michael Lau.

5. **Marshall Mathers**. Witness is believed to have knowledge of the allegations contained in the Complaint, the suit brought in New Zealand regarding the Musical Composition, his communications with all parties to this suit and third parties, and his understanding of such communications. The witness is also expected to have information relating to his relationship with co-defendants and co-defendant's activities in relation to Plaintiff. Witness is believed to have in its possession financial documents and contracts relating to Plaintiff and the allegations in Plaintiff's Complaint.

6. **Noel Palmer Webb**, individually and as principal of Defendants Labrador Entertainment, Inc., Labrador Entertainment, LLC, and Webb Family Trust (collectively, "Labrador Defendants"), *adversely*. Witness is believed to have knowledge regarding his and his co-defendants' customs and practices, along with his and co-defendant activities in connection with Plaintiff; the facts alleged in Plaintiff's Complaint, Defendants' internal communications relating to Plaintiff and/or the allegations contained in the Complaint; Defendants' Answer; Affirmative Defenses and responses to discovery, his and/or co-defendants' communications with Plaintiff and third parties regarding Plaintiff and/or the allegations contained in the Complaint. The witness is also expected to have information relating to his relationship with co-

defendants and co-defendant's activities in relation to Plaintiff. Witness is believed to have in its possession financial documents and contracts relating to Plaintiff and the allegations in Plaintiff's Complaint.

7. **Michael Cohen**, individually and as principal of Defendant MCPC Holdings, LLC, *adversely*. Witness is believed to have knowledge regarding his and his co-defendants' customs and practices, along with his and activities in connection with Plaintiff; the facts alleged in Plaintiff's Complaint, Defendants' internal communications relating to Plaintiff and/or the allegations contained in the Complaint; Defendants' Answer; Affirmative Defenses and responses to discovery, his and/or co-defendants' communications with Plaintiff and third parties regarding Plaintiff and/or the allegations contained in the Complaint. The witness is also expected to have information relating to his relationship with co-defendants and co-defendant's activities in relation to Plaintiff. Witness is believed to have in its possession financial documents and contracts relating to Plaintiff and the allegations in Plaintiff's Complaint.

8. **Eric Fruits, Ph.D.**, expert for Labrador Defendants, *adversely*. Dr. Fruits is expected to provide his expert opinion as to damages in this matter.

9. **Michael Lau**, expert for Labrador Defendants, *adversely*. Mr. Lau has written an expert report and will testify about the topics and contents of this expert report.

10. **Robert Fink, Ph.D**, expert for Labrador Defendants, *adversely*. Dr. Fink is a rebuttal expert for Labrador and has expert knowledge on the analysis of music as it relates to a factual basis for the claim of infringements.

11. **Recordkeepers for Banking Institutions,** Plaintiff expects to call the recordkeepers of certain banking institutions who will provide foundational testimony

regarding certain bank records as it relates to Plaintiff's fraudulent conveyance claims.

12. **Principal of Eight Mile Style, LLC**. Witness is believed to have knowledge of the allegations contained in the Complaint filed on August 17, 2017 (hereinafter "Complaint"), the suit brought in New Zealand regarding the Musical Composition, its communications with all parties to this suit and third parties, and its understanding of such communications. The witness is also expected to have information relating to its relationship with co-defendants and co-defendant's activities in relation to Plaintiff. Witness is believed to have in its possession financial documents and contracts relating to Plaintiff and the allegations in Plaintiff's Complaint.

13. **Principal of Martin Affiliated, LLC**. Witness is believed to have knowledge of the allegations contained in the Complaint filed on August 17, 2017 (hereinafter "Complaint"), the suit brought in New Zealand regarding the Musical Composition, its communications with all parties to this suit and third parties, and its understanding of such communications. The witness is also expected to have information relating to its relationship with co-defendants and co-defendant's activities in relation to Plaintiff. Witness is believed to have in its possession financial documents and contracts relating to Plaintiff and the allegations in Plaintiff's Complaint.

**BEATBOX MUSIC PTY, LTD.**
  /s/ Heather L. Blaise
HEATHER L. BLAISE, ESQ. (SBN 261619)
*Attorney for Plaintiff*