BLAISE & NITSCHKE, P.C.
HEATHER L. BLAISE, ESQ. (SBN 261619)
145 S. Wells Street, Suite 1800
Chicago, IL 60606
Telephone: 312-448-6602
Email: hblaise@blaisenitschkelaw.com

Attorneys for Plaintiff,
BEATBOX MUSIC PTY, LTD.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEATBOX MUSIC PTY, LTD.,<br><br>Plaintiff,<br><br>v.<br><br>LABRADOR ENTERTAINMENT, INC. D/B/A SPIDER CUES MUSIC LIBRARY, a California corporation,<br><br>Defendants.<br><br>AND ALL RELATED ACTIONS | CASE NO: 2:17-cv-6108 MWF (JPRx)<br>*Assigned to the Hon. Michael W. Fitzgerald*<br><br>**PLAINTIFF BEATBOX MUSIC PTY, LTD.'S *EX PARTE* APPLICATION TO STRIKE LABRADOR DEFENDANTS' THIRD AMENDED EXHIBIT LIST AND PREVIOUSLY UNDISCLOSED EXHIBITS**<br><br>Trial Date:           April 18, 2023<br>FAC:                  January 24, 2020<br>Cross-Claim Filed: November 21, 2017<br>Action Filed:       August 17, 2017 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Plaintiff Beatbox Music Pty, Ltd. ("Beatbox") applies *ex parte* for an order striking Defendants Labrador Entertainment, Inc. d/b/a Spider Cues Music Library, Labrador Entertainment, LLC, Noel Palmer Webb, an individual, and Webb Family Trust's (collectively, "Labrador") Third Amended Exhibit List (Dkt. 357), and any previously undisclosed exhibits Labrador listed per the Declaration of Douglas J. Rosner to Supplement Rule 16 Document List (Dkt. 358), at paragraph 7, for sanctions and attorney's fees for being forced to bring this *Ex Parte* Application, and for any further relief this Honorable Court deems just and appropriate.

Good cause exists to grant Plaintiff's Application as Labrador's Third Amended Exhibit List to the extent that it is duplicative of Beatbox's Exhibit List (Dkt. 291) which included all of Labrador's previously disclosed documents that were exchanged in discovery, and the "additional" documents referenced in paragraph 7 of Mr. Rosner's declaration are untimely and improper for Labrador to surreptitiously supplement on the eve of trial in this matter. This application is based upon the enclosed Memorandum of Points and Authorities, the pleadings on file in this action, and such further pleadings, papers, transcripts, and matters that may be properly presented to the Court.

**Name, Address, Telephone Number, and Email of Counsel**

Counsel for Labrador: Douglas J. Rosner, Esq.; 2625 Townsgate Road, Suite 330, Westlake Village, California 91361; (818) 501-8400; Doug@drosnerlaw.com.

Counsel for Michael Cohen and MCPC Holdings, LLC: Daniel Lee Jacobson; 1352 Irvine Blvd., Suite 205, Tustin, CA 92780; (714) 505-4872; dlj@jacobsonlawyers.com.

**Notice Pursuant to L.R. 7-19.1**

On March 21, 2023, at 11:13 a.m. Pacific Time, the undersigned left a voice message and emailed Labrador's counsel that Plaintiff intended to file this *Ex Parte*

- 2 -

PLAINTIFF BEATBOX MUSIC PTY, LTD.'S *EX PARTE* APPLICATION TO STRIKE LABRADOR DEFENDANTS' THIRD AMENDED EXHIBIT LIST AND PREVIOUSLY UNDISCLOSED EXHIBITS

Application and requested the Labrador's position.  Labrador will oppose Plaintiff's Application.

## MEMORANDUM OF POINTS AND AUTHORITIES

On or about September 22, 2020, this Honorable Court ordered non-expert discovery closure on July 23, 2021 and expert discovery closure on August 13, 2021. *See* Order Re-Setting Pretrial and Trial Dates, Dkt. 164.  On July 20, 2021, Plaintiff filed an *Ex Parte* Application to Extend Discovery and/or Motion to Modify Scheduling Order based upon multiple instances of gamesmanship and dilatory tactics by Defendants.  *See* Dkt. 202.  No order was entered on Plaintiff's *Ex Parte* Application until March 30, 2022, wherein the Application was denied as moot.  *See* Dkt. 255.  On June 24, 2021, the Labrador Defendants provided the Expert Report of Eric Fruits, Ph.D. ("Fruits") to Plaintiff.  *See* Declaration of Heather L. Blaise attached hereto ("Blaise Decl."), at Exhibit A, Fruits Report.  On August 11, 2021, Plaintiff took the deposition of Fruits.  *See* Blaise Decl. at Exhibit B, Transcript.

On March 16, 2023, this Court ordered the parties "to agree on the Rule 16 documents that the Court should use for trial in this matter.  The parties shall agree on ONE list of the Docket Numbers and descriptions, and Plaintiff shall file that list no later than 5:00pm on 3/20/2023."  *See* Dkt. 353.  Plaintiff's counsel promptly requested from counsel for the Defendants to provide docket numbers no later than 5:00pm on Friday, March 17, 2023 to comply with the Court's order.  *See* Blaise Decl., at Exhibit C, Docket 353 Email Correspondence.  On March 20, 2023, Plaintiff's counsel filed the agreed list into the docket.  *See* Dkt. 356.

Following Plaintiff's filing, counsel for Labrador filed their Third Amended Exhibit List and Declaration of Douglas J. Rosner to Supplement Rule 16 Document List.  *See* Dkts. 357 and 358, respectively.  In his Declaration, Mr. Rosner fails to apprise the Court the complete correspondence between him and Plaintiff's counsel regarding Labrador's exhibit list.  *See* Blaise Decl., at Exhibit C.  Additionally, Mr. Rosner declared, "This Revised Exhibit List is filed as Document 357.  This list

- 3 -

PLAINTIFF BEATBOX MUSIC PTY, LTD.'S *EX PARTE* APPLICATION TO STRIKE LABRADOR DEFENDANTS' THIRD AMENDED EXHIBIT LIST AND PREVIOUSLY UNDISCLOSED EXHIBITS

supercedes [*sic*] Document 289 and includes those same documents with better describtions [*sic*] and renumbering, **except Labrador added some documents, some of which were exhibits Labrador wishes to use as demonstrative in its case and Exhibits that support the opinion of Eric Fruits**." *See* Dkt. 358 (emphasis added). By counsel's own admission, Labrador added new documents that were not previously disclosed to Plaintiff (together with Docket Entry 356, the "Untimely Documents"), and well past the Court-ordered discovery deadlines. *See* Dkts. 358; *see also* Dkt. 164.

On March 21, 2023, Plaintiff's counsel requested that Mr. Rosner immediately provide the additional documents and informed him of this *Ex Parte* Application. *See* Blaise Decl., at Exhibit D, March 21, 2023 Email Correspondence. Instead of providing only the "additional" documents referenced in paragraph 7 of his Declaration, Mr. Rosner provided a link to all of Labrador's exhibits listed in their Third Amended Exhibit List, which contained over 350 files. *See* Blaise Decl. These untimely documents should be stricken under Rule 37 and 26, and, accordingly, Plaintiff brings this *Ex Parte* Application.

## APPLICABLE LAW

Federal Rule of Civil Procedure 26(a)(2), states *in pertinent part*:

2) Disclosure of Expert Testimony.
(A) In General. In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705.
(B) Witnesses Who Must Provide a Written Report. Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:
(i) a complete statement of all opinions the witness will express and the basis and reasons for them;

(ii) the facts or data considered by the witness in forming them;
(iii) any exhibits that will be used to summarize or support them;
(iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
(v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
(vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26.

Meanwhile, Federal Rule of Civil Procedure 37 provides:

. . .
(c) Failure to Disclose, to Supplement an Earlier Response, or to Admit.
(1) Failure to Disclose or Supplement. If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
(A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
(B) may inform the jury of the party's failure; and
(C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)–(vi).

Fed. R. Civ. P. 37.

## ARGUMENT

### I.   THE UNTIMELY DOCUMENTS SHOULD BE STRICKEN.

Labrador has continued their longstanding practice of sandbagging and late disclosure, the same gamesmanship which has previously necessitated, *inter alia*, Plaintiff's Motion to Strike Labrador Defendants' Supplemental Expert Report of Robert Fink, Ph.D. (the "Motion to Strike"). *See* Dkt. 335. Notably, this Court granted the prior Motion to Strike on very similar grounds—in the Motion to Strike, Labrador sought to have their rebuttal expert disclose new opinions and evidence—a fact which Labrador was aware of when it chose, on the eve of the pretrial, to surprise

1  Plaintiff with the disclosure of new expert documents.  *See* Dkt. 344.

2  The Untimely Documents were provided to Plaintiff a mere two (2) days prior to the final pretrial conference scheduled before this Honorable Court on March 23, 2023, nineteen (19) months after Plaintiff took Fruits's deposition, and more than nineteen (19) months after all parties submitted their most recent motions for summary judgment.  Labrador Defendants have not sought leave of court to have the Untimely Documents deemed timely, and Labrador has failed to provide any reason based in law or in fact why the Untimely Documents should be allowed at trial.  The Untimely Documents were disclosed for the first time *after* the filing of an exhibit list and after repeated attempts by Plaintiff to obtain the compliance of Labrador's counsel with required pretrial procedures.  *See* Blaise Decl. at Exhibit C.

Importantly, and as further explained below, the opinions contained in the Untimely Documents were not disclosed in compliance with Federal Rule of Civil Procedure 26 prior to the closure of expert discovery; were not disclosed prior to Plaintiff taking Fruits's deposition; and were not disclosed in time for Plaintiff to obtain any additional expert opinions in rebuttal.  Although Labrador refuses to identify what the "additional documents" actually are, the Untimely Documents likely exceed the scope of the opinions contained in Fruits's Report, as argued in more detail in section II, hereinbelow.  Allowing the Untimely Documents to stand would be extremely prejudicial not only to Plaintiff, but also to the administration of justice and this Court's orders, which was apparently the Labrador Defendants' motive considering Labrador Defendants failed to turn over the Untimely Documents to Plaintiff until March 21, 2023, just two (2) days before the scheduled Final Pretrial Conference and well after the Final Pretrial Conference had previously been set for November 21, 2022.  However, even if Labrador Defendants had turned over the Untimely Documents back in November 2022, it would have still been untimely and more than one (1) year tardy.  Labrador Defendants should not be granted yet another opportunity to break the rules to the detriment of Plaintiff and the resources of the

parties and this Court.

Labrador's conduct is even more egregious given that it refused on multiple requests to identify which documents were, by their own admission, "new," instead pointing Plaintiff solely to the haystack of their *entire exhibit list* and a link to *over 350 files* without any identification, organization, or designation whatsoever. This conduct falls woefully short of Labrador's obligations under both the letter and spirit the Federal Rules of Civil Procedure, this Honorable Court's standing orders and scheduling orders, and the Local Rules.

Trial courts routinely find that conduct "In determining whether a supplement under Rule 26(e) is appropriate, the court considers (1) whether the supplemental information correspond[s] to a prior Rule 26(a) disclosure and, if so, (2) whether the supplemental information [was] available at the time set for the initial disclosure." *Martinez v. Costco Wholsesale Corp.*, 336 F.R.D. 183, 186–87 (S.D. Cal. 2020); *Ibekwe v. White*, 2016 WL 6963051, at *4 (C.D. Cal. Feb. 23, 2016) (citing *Burger v. Excel Contractors, Inc.*, 2013 WL 5781724, at *3 (D. Nev. Oct. 25, 2013)).

"Rule 37(c)(1) gives teeth to [Rule 26's] requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). This rule excludes untimely expert witness testimony, unless the "parties' failure to disclose the required information is substantially justified or harmless." *Yeti by Molly, Ltd.*, 259 F.3d at 1106. Furthermore, a party that fails to comply with a scheduling order is subject to the sanctions available to a court to enforce its orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii). Fed. R. Civ. P. 16(f); *Martinez*, 336 F.R.D. at 187.

The conduct in *Martinez* was far less egregious than that of Fruits and Labrador but nevertheless merited the exclusion of the untimely disclosed opinions. *See Martinez*, 336 F.R.D. at 191. In *Martinez*, a party's expert provided a supplemental expert report on April 30, 2020, three days after the court-ordered

PLAINTIFF BEATBOX MUSIC PTY, LTD.'S *EX PARTE* APPLICATION TO STRIKE LABRADOR DEFENDANTS' THIRD AMENDED EXHIBIT LIST AND PREVIOUSLY UNDISCLOSED EXHIBITS

deadline of April 27, 2020. *Id.* at 186. The court weighed the factors, including the considerable time available to the party and their expert, and the fact that requests were actually made to extend the deadline. *Id.* The *Martinez* court found that even a three-day delay in disclosing opinions, when the bases therefor were available to the expert and party prior to the closure of discovery—warranted the barring of the untimely disclosed opinions. *Id.* at 187.

Likewise, Labrador has not even sought modification of the scheduling order to permit their untimely supplemental report, which according to the Ninth Circuit would require a showing of "good cause, an inquiry which focuses on the reasonable diligence of the moving party." *Noyes v. Kelly Servs.,* 488 F.3d 1163, 1164 n. 6 (9th Cir. 2007). "[I]n part, the 'good cause' standard requires the parties to demonstrate that 'noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding [a party's] diligent efforts to comply, because of the development of matters which could have not been reasonably foreseen.'" *Sherwin-Williams Co. v. JB Collision Servs., Inc.*, 2015 U.S. Dist. LEXIS 30022, 2015 WL 1119406, at *7 (S.D. Cal. Mar. 11, 2015).

Consequently, the Untimely Documents must be barred.

## II. THE UNTIMELY DOCUMENTS SHOULD BE STRICKEN AS INSUFFICIENT AND FOR EXCEEDING THE SCOPE OF THE ORIGINAL REPORT.

Federal Rule of Civil Procedure 26(a)(2), states in pertinent part:

2) Disclosure of Expert Testimony.
(A) In General. In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705.
(B) Witnesses Who Must Provide a Written Report. Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must

contain:
(i) a complete statement of all opinions the witness will express and the basis and reasons for them;
(ii) the facts or data considered by the witness in forming them;
(iii) any exhibits that will be used to summarize or support them;
(iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
(v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
(vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26.

If expert discovery is not submitted in accordance with Rule 26(a), this Court has the discretion to exclude the evidence associated with the expert "on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c); *see also Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir.2001) (noting that "[t]wo express exceptions ameliorate the harshness of Rule 37(c)(1): The information may be introduced if the parties' failure to disclose the required information is substantially justified or harmless"). *Schenk v. Novartis Pharm. Corp.*, No. CV-12-08223-PCT-NVW, 2014 U.S. Dist. LEXIS 100175, at *9 (D. Ariz. July 23, 2014).

Any attempt at supplementing an expert disclosure after the closure of expert discovery should be denied, because "supplementary disclosures are intended only to supplement, and are not to be used to provide an extension of the deadline to provide expert reports" and the cutoff for rebuttal expert disclosure was July 23, 2021. *Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 324 (5th Cir. 1998); *see* Dkt. 164. Where an initial disclosure is so incomplete that it does not satisfy Rule 26(a)(2)(B), and a subsequent disclosure contains the information, reasoning and opinions which must be disclosed in the initial disclosure, the expert may be limited to testifying to only opinions disclosed in the timely initial report. *Johnson v. Sacramento Cty.*, No. CIV-S-06-0169 DFL GGH, 2007 U.S. Dist. LEXIS 6298, at

*6-7 (E.D. Cal. Jan. 12, 2007) *citing Keener v. U.S.*, 181 F.R.D. 639, 642 (D. Mont. 1998); *see also Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990).

The purpose of the changes to Rule 26, effective some 16 years ago, was to greatly reduce, or possibly eliminate, the need for depositions of experts. *Oliner v. Kontrabecki* (*In re Cent. European Indus. Dev. Co., LLC*), 427 B.R. 149, 159 (Bankr. N.D. Cal. 2009), *citing Salgado by Salgado v. GMC*, 150 F.3d 735, 742 n.6 (7th Cir. 1998) (stating that an expert report must be detailed and complete so that "opposing counsel is not forced to depose an expert in order to avoid ambush at trial and sufficiently complete so as to shorten or decrease the need for expert depositions and conserve resources").  That Labrador not only intends to sandbag Plaintiff with new documents, but *will not even identify which new documents it intends to use*, is further evidence of their sanctionable behavior.

### III. PLAINTIFF SHOULD BE AWARDED ITS ATTORNEYS' FEES FOR BEING FORCED TO BRING THIS *EX PARTE* APPLICATION AS A DISCOVERY SANCTION.

Plaintiff twice attempted to resolve the facially deficient issues with Labrador Defendants prior to being forced to bring this *Ex Parte* Application.  Labrador Defendants refused to comply with Rule 26 and 37, and instead apparently insists on pursuing the use of the Untimely Documents.  Labrador Defendants continue to ignore the court-ordered deadlines.  This stark refusal comes *after* this Honorable Court has already admonished Labrador on an extraordinarily similar issue in the Motion to Strike, when the Court struck as untimely the attempt by Labrador Defendants to supplement the Expert Report of their rebuttal expert witness.  Such gamesmanship should not be tolerated, and Labrador Defendants should not be permitted to prejudice Plaintiff by continuing to file pleadings contrary to orders and deadlines.

> The court has the discretion to fashion appropriate sanctions for incomplete expert reports. We have constructed a five-part test, with three subparts to the fifth part, to determine whether a case-dispositive

- 10 -

PLAINTIFF BEATBOX MUSIC PTY, LTD.'S *EX PARTE* APPLICATION TO STRIKE LABRADOR DEFENDANTS' THIRD AMENDED EXHIBIT LIST AND PREVIOUSLY UNDISCLOSED EXHIBITS

sanction under Rule 37(b)(2) is just: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." The sub-parts of the fifth factor are whether the court has considered lesser sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of case-dispositive sanctions. This "test" is not mechanical. It provides the district court with a way to think about what to do, not a set of conditions precedent for sanctions or a script that the district court must follow.

*Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007) (internal footnotes omitted).

### IV. LABRADOR DEFENDANTS CONTINUE THEIR BLATANT DISREGARD FOR THIS HONORABLE COURT'S ORDERS.

As further evidence of their gamesmanship, even while drafting this *Ex Parte* Application, the Labrador Defendants have engaged in further violative conduct by, for the first time on the day before the Final Pretrial Conference, attempting to introduce as evidence videotaped deposition testimony despite laying no foundation, performing none of the required conferences or attempts to reach agreement, and with extreme prejudice to the rights of Plaintiff.

WHEREFORE, Plaintiff respectfully requests that this Court enter an order:

1) Barring the use of the Untimely Documents at trial;
2) Barring Fruits from offering any testimony not disclosed in his original report and not otherwise barred by pending *motions in limine*;
3) Barring the use of videotaped deposition testimony at trial;
4) Granting Plaintiff its attorneys' fees and costs for being forced to bring this *Ex Parte* Application;
5) Enter default judgment against Labrador Defendants under Rule 37(b)(2)(A)(vi); and
6) For any and all other relief this Court deems necessary and just.

- 11 -

Plaintiff Beatbox Music Pty, Ltd.'s *Ex Parte* Application to Strike Labrador Defendants' Third Amended Exhibit List and Previously Undisclosed Exhibits

| | | |
|---|---|---|
| 1 | DATED: March 22, 2023 | Respectfully submitted, |
| 2 | | **BEATBOX MUSIC PTY, LTD.** |
| 3 | | /s/ *Heather L. Blaise* |
| | | HEATHER L. BLAISE, ESQ. (SBN 261619) |
| 4 | | *Attorney for Plaintiff* |

- 12 -

PLAINTIFF BEATBOX MUSIC PTY, LTD.'S *EX PARTE* APPLICATION TO STRIKE LABRADOR DEFENDANTS' THIRD AMENDED EXHIBIT LIST AND PREVIOUSLY UNDISCLOSED EXHIBITS