BLAISE & NITSCHKE, P.C.
HEATHER L. BLAISE, ESQ. (SBN 261619)
145 S. Wells Street, Suite 1800
Chicago, IL 60606
Telephone: 312-448-6602
Email: hblaise@blaisenitschkelaw.com

Attorneys for Plaintiff,
BEATBOX MUSIC PTY, LTD.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEATBOX MUSIC PTY, LTD.,<br><br>    Plaintiff,<br><br>    v.<br><br>LABRADOR ENTERTAINMENT, INC. D/B/A SPIDER CUES MUSIC LIBRARY, a California corporation; NOEL PALMER WEBB, an individual; MICHAEL COHEN, an individual; LABRADOR ENTERTAINMENT, LLC; MCPC HOLDINGS, LLC; WEBB FAMILY TRUST and DOES 1-20, inclusive,<br><br>    Defendants.<br><br>AND ALL RELATED ACTIONS | CASE NO: 2:17-cv-6108 MWF (JPRx)<br>*Assigned to the Hon. Michael W. Fitzgerald*<br><br>**JOINT LIST OF LEGAL ISSUES FOR RULING PRIOR TO JURY TRIAL**<br><br>Trial Date:        April 18, 2023<br>FAC:              January 24, 2020<br>Cross-Claim Filed: November 21, 2017<br>Action Filed:     August 17, 2017 |

NOW COMES Plaintiff Beatbox Music Pty, Ltd. ("Beatbox"), pursuant to the Court's oral order during the continued Final Pretrial Conference Hearing on March 27, 2023, and submits the following Joint List of Legal Issues for Ruling Prior to Jury Trial, with Defendants Labrador Entertainment, Inc. d/b/a Spider Cues Music Library, Noel Palmer Webb, Labrador Entertainment, LLC, Webb Family Trust

(collectively, "Labrador"), and Defendants Michael Cohen and MCPC Holdings, LLC (collectively, "Cohen"), presenting their respective legal issues for ruling before the Court, with each party preserving their objections to the same:

## BEATBOX'S PROPOSED LEGAL ISSUES

1. Whether Labrador's indemnity obligations under section 16(v) of the Beatbox-Labrador Agreement were triggered upon notice of a third-party claim under California law.

2. Does a notice of any third-party claim trigger Labrador's indemnity obligations under section 16(v) of the Beatbox-Labrador Agreement under California law?

3. Whether Cohen's indemnity obligations under section 6 of the Labrador-Cohen Agreement were triggered upon notice of a third-party claim under California law.

4. Does a notice of any third-party claim trigger Cohen's indemnity obligations under section 6 of the Labrador-Cohen Agreement under California law?

5. Does the failure to provide any notice under section 13 of the Beatbox-Labrador Agreement preclude Labrador from prevailing on a breach of contract claim against Beatbox?

6. Whether Cohen can be held liable for attorneys' fees incurred in this action under section 6 of the Labrador-Cohen Agreement.

7. Whether Labrador can be entitled to attorneys' fees incurred in this action under section 16(vi) of the Beatbox-Labrador Agreement from Beatbox.

8. Should this Court decide that a notice of a third-party claim is insufficient to trigger Labrador's indemnity obligations under section 16(v) of the Beatbox-Labrador Agreement, then the Court should use the maxims of contract interpretation to determine whether or not a third-party lawsuit filed in the jurisdiction of the "licensed territory" under the Beatbox-Labrador Agreement

triggered Labrador's indemnity obligations.

9. Should this Court decide that a third-party lawsuit filed in the jurisdiction of the "licensed territory" is insufficient to trigger Labrador's indemnity obligations under section 16(v) of the Beatbox-Labrador Agreement, then the Court should use the maxims of contract interpretation to determine whether or not a finding of infringement in the jurisdiction of the "licensed territory" under the Beatbox-Labrador Agreement triggered Labrador's indemnity obligations.

10. Should this Court decide that a notice of a third-party claim is insufficient to trigger Cohen's indemnity obligations under section 6 of the Labrador-Cohen Agreement, then the Court should use the maxims of contract interpretation to determine whether or not a third-party lawsuit filed in the one of the jurisdictions of the "Territory" under the Labrador-Cohen Agreement triggered Cohen's indemnity obligations.

11. Should this Court decide that a third-party lawsuit filed in one of the jurisdictions of the "Territory" is insufficient to trigger Cohen's indemnity obligations under section 6 of the Labrador-Cohen Agreement, then the Court should use the maxims of contract interpretation to determine whether or not a finding of infringement in one of the jurisdictions of the "Territory" under the Labrador-Cohen Agreement triggered Cohen's indemnity obligations.

12. Whether Labrador could be shielded from liability under the Beatbox-Labrador Agreement considering section 16(v) even if Labrador had removed the Cue from the Spider Cues Music Library at any time following the formation of the Beatbox-Labrador Agreement.

13. Does any language contained within the Beatbox-Labrador Agreement require Beatbox to inform Labrador about any licensing inquiries?

14. Alter Ego/Joint and Several Liability.

## LABRADOR'S PROPOSED LEGAL ISSUES

15. Whether the Labrador/Beatbox Agreement upon request by Labrador requires Beatbox to update the Spider Cues Library?

16. Whether the Labrador/Beatbox Agreement upon learning about possible legal issues with a cue requires Beatbox to communicate with Labrador, prior to issuing a license to that cue.

17. Whether the New Zealand Court Judgment is admissible to prove infringement of copyright by Labrador in the California Action?[1]

18. Whether the Labrador/Beatbox Agreement granted to Beatbox a right to assign the right to issue to AMCOS sub-licenses to cues?

19. Whether the Labrador/Beatbox Agreement granted to Beatbox a right to delegate to AMCOS any duties to be performed by Beatbox?

20. Whether the Beatbox/AMCOS agreement required Beatbox to update the Spider Cues Library after Beatbox updates the Spider Cues Library?

21. Whether the Labrador/Beatbox Agreement allows Beatbox to subtract costs incurred by AMCOS, before remitting to Labrador all fees accruing from such licenses relating to the use of the recordings,? [*sic*]

22. Whether the Labrador/Beatbox Agreement requires Beatbox to pay to Labrador the full publisher's share (six twelfths) of performing fees accruing from use of the cue?

23. Whether the Labrador/Beatbox Agreement requires Beatbox to pay to Cohen the full publisher's share (three twelfths) of performing fees accruing from use of the cue?

---

[1] Beatbox joins this request stated as follows: Whether the New Zealand Court Judgment is admissible to prove a finding of infringement in the Cue. Beatbox further requests a ruling on the legal issue that the New Zealand Court Judgment is *res judicata* and preclusive of the continued litigation of the issue of infringement.

24. Whether the Labrador/Beatbox Agreement requires Beatbox to indemnify Labrador due to Beatbox's causing Labrador losses, expenses or liability from their failure to update the Spider Cues Library upon request by Labrador?

25. Whether the Labrador/Beatbox Agreement requires Beatbox to indemnify Labrador due to Beatbox's causing Labrador losses, expenses or liability from their failure to communicate with Labrador upon learning about possible legal issues with that cue, prior to issuing a license to a cue?

26. Whether or not the Labrador/Beatbox Agreement requires Labrador to indemnify Beatbox due to a composition infringing any copyright work or the rights of any third party?

## COHEN'S PROPOSED LEGAL ISSUES

27. "The law of the case doctrine does not preclude a court from reassessing its own legal rulings in the same case." *Askins v. United States Dep't of Homeland Sec.* 899 F.3d 1035 (Ninth Cir. August 14, 2018.)

In light of *Askins*:

    a. If Mr. Cohen was never paid by Labrador, Beatbox, or any other Oceana entity was there a failure of consideration regarding the Mr. Cohen/Beatbox contract?

    b. If there was a failure of consideration to Mr. Cohen, was the Mr. Cohen/Labrador contract valid?

    c. If the Mr. Cohen/Labrador contract was invalid, can Mr. Cohen be liable to Beatbox?;

    c. "As a general rule, privity of contract is a required element of any express breach of warranty cause of action." *Burr v. Sherwin Williams Co.* 42 Cal.2d 682, 695 (1954). "[T]here is no privity between [a contracting party and a non-contracting party]. *Windham at Carmel Mountain Ranch Assoc. v. Superior Court* 109 Cal.App.4th 1162, 1169 (2003)

       d. As such if Beatbox never relied or even saw any warranty contained in the 02/14/08 Mr. Cohen/Labrador contract such warranty, was there a 3rd party beneficiary contract formed between Beatbox and Mr. Cohen? *Coleman v. Boston Sci. Corp.* 1:10-dv-01968-OWW-SKO, 2011 U.S. Dist. Lexis 9313*, 11*-12. (Cal. E.D. Apr. 20, 2011), *Asghari v. Volkswagen* 42 F. Supp. 3d 1306, 1334 (C.D. Cal., November 4, 2013), *Keegan v. Am. Honda Motor Co.* 284 F.R.D. 504, 546 (C.D. Cal. 2012), *Cho, et al. v. Hyundai, et al.* 8:22-cv-00448-SPG-KES *Dkt.* 48, Order Denying Motion to Dismiss, p. 31 (C.D. Cal. October 21, 2022); *In Re Toyota* 756 F. Supp. 2d 1145, 1182 (C.D. Ca. 2010); *Nickerson v. Goodyear Tire & Rubber Corp.* No. 8:20-cv-00060-JLS-JDE (C.D. Cal. June 3, 2020); *Peterson v. Mazda Motor of Am., Inc.*, No. SACV 13-1972-DOC (ANx), (CD. Ca. July 3 2014.)

       e. In light of the fact that Beatbox had no privity in the 02/14/08 Mr. Cohen/Labrador contract, if Beatbox did not rely on on a warranty or have some other substitute, was a 3rd party beneficiary contract formed between Beatbox and Mr. Cohen?

       f. Can beatbox glom onto the contract, if that contract was invalid or unenforceable, for lack of consideration?

       g. "Plaintiffs cannot state a claim for breach of contact of express warranty in the absence of allegations that they were at least exposed to this." *Cho, et al. v. Hyundai, et al.* 822-cv-004488 SP-KES *Dkt. 48*, order Denying Motion to Dismiss, p. 31 (C.D. Ca. October 21, 2022.)

28.   "[R]eliance (or some other substitute for privity) is that is required for an express warranty claim against a nonselling manufacturer of a product." *Boston Scientific Corp. v. Boston v. Scientific Corp.* 1:10-CV-0119.

29.   In light of the wording of par. 6.1 of the 02/14/08 Labrador/Mr. Cohen, is said paragraph an attorney fees clause?

30.   Do the words "alter" and "adapt" as used in par. 1.1(e) of the 02/14/08

1  Labrador/Mr. Cohen contract have a technical musical industry meaning?

2        31.    If Labrador was the scrivener of the 02/14/08 Labrador/Mr. Cohen contract, if Mr. Cohen did not have any practical or practicable opportunity to make changes to said contract; is said contract unconscionable in light of the fact that the Mr. Cohen was required to warrant that all of the compositions represented by said contract be capable of being protected by copyright in every county in the world, including all 193 Member States of the United Nations? <u>About Us | United Nations</u>

      32.    The elements of a 3rd party beneficiary contract are, "(1) whether the third party would in fact benefit from the contract, but also (2) whether a motivating purpose of the contracting parties was to provide a benefit to the third party, and (3) whether permitting a third party to bring its own breach of contract action against a contracting party is consistent with the objectives of the contract and the reasonable expectations of the contracting parties. All three elements must be satisfied to permit the third party action to go forward." *Goonewardene* 6 Cal.5th 817, 830 (2019).

DATED: March 29, 2023

    Respectfully submitted,
    **BEATBOX MUSIC PTY, LTD**
     /s/ *Heather L. Blaise*
    HEATHER L. BLAISE, ESQ. (SBN 261619)
    *Attorney for Plaintiff*