Daniel Lee Jacobson # 134978
JACOBSON & ASSOCIATES
1352 Irvine Blvd., Suite 205
Tustin, CA   92780
(714) 505-4872
dlj@jacobsonlawyers.com

Attorneys for Defendants Michael Cohen and MCPC Holdings, LLC

# U.S. District Court for the
# Central District of California

| | |
|---|---|
| BEATBOX MUSIC PTY, LTD., | Case #: 2:17-cv-06108-MWF-JPR |
| Plaintiff | **Supplemental Jury Instructions** |
| v. | Assigned for all purposes to The Honorable Michael W. Fitzgerald, Judge of the Superior Court |
| LABRADOR ENTERTAINMENT, INC., et al. | |
| Defendants | Complaint Filed August 17, 2017
Courtroom:  5A
Trial Date:   04/19/23 |

///

**Jury Instruction No.**

If pursuant to a contract, any party did not get paid for the use of eminem esq in New Zealand, for purposes of this trial, that contract is invalid.

**Sources: Cal. Civ. Code §1605.**

**Jury Instruction No.**

A third party may not bring suit to enforce an alleged breach by a contracting party of its obligations under its contract between the other contracting parties, if the other contracting party is still available.

**Sources: "In [*Goonewardene*], unlike in [the venerated case of] *Lucas v. Hamm* 56 Cal. 2d 583 (1961), there is no need to permit a third party employee to bring suit to enforce an alleged breach by ADP of its obligations under the contract, because Altour was available and fully capable of pursuing a breach of contract action against ADP if, by failing to comply with its contractual responsibilities, ADP renders Altour liable for any violation of the applicable wage orders or labor statutes. Simply put, permitting an employee to sue ADP for an alleged breach of its contractual obligations to Altour is not necessary to effectuate the objectives of the contract."** *Goonewardene v. ADP* **6 Cal. 5th 817, 835 (2019).**