BLAISE & NITSCHKE, P.C.
HEATHER L. BLAISE, ESQ. (SBN 261619)
145 S. Wells Street, Suite 1800
Chicago, IL 60606
Telephone: 312-448-6602
Email: hblaise@blaisenitschkelaw.com

Attorneys for Plaintiff,
BEATBOX MUSIC PTY, LTD.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEATBOX MUSIC PTY, LTD., <br><br> Plaintiff, <br><br> v. <br><br> LABRADOR ENTERTAINMENT, INC. D/B/A SPIDER CUES MUSIC LIBRARY, a California corporation; NOEL PALMER WEBB, an individual; MICHAEL COHEN, an individual; LABRADOR ENTERTAINMENT, LLC; MCPC HOLDINGS, LLC; WEBB FAMILY TRUST and DOES 1-20, inclusive, <br><br> Defendants. <br><br> AND ALL RELATED ACTIONS | CASE NO: 2:17-cv-6108 MWF (JPRx) <br> *Assigned to the Hon. Michael W. Fitzgerald* <br><br> **PLAINTIFF BEATBOX MUSIC PTY, LTD.'S BRIEF REGARDING LEGAL ISSUES PRESENTED BY THE PARTIES FOR ADJUDICATION PRIOR TO TRIAL** <br><br><br><br><br> Trial Date:      April 18, 2023 <br> FAC:            January 24, 2020 <br> Cross-Claim Filed: November 21, 2017 <br> Action Filed:    August 17, 2017 |

# <u>TABLE OF CONTENTS</u>

**ISSUES OF LAW FOR ADJUDICATION PRIOR TO TRIAL** ..............................1

1.  Whether Labrador's indemnity obligations under section 16(v) of the Beatbox-Labrador Agreement were triggered upon notice of a third-party claim under California law...............................................................................................1

2.  Whether Cohen's indemnity obligations under section 6 of the Labrador-Cohen Agreement were triggered upon notice of a third-party claim under California law...............................................................................................3

3.  Plaintiff's additional legal issues proposed for adjudication prior to trial. ...........4

4.  Plaintiff was an intended beneficiary under Defendant Cohen and Labrador's February 2008 contract and thus able to recover for breach of contract under the third-party beneficiary theory. ..................................................................7

5.  Whether a party to a contract who has materially breached the contract can establish a valid claim or defense based on the subsequent breach of another party to the contract especially when the initially breaching party failed to provide notice as required under a "notice and cure" provision contained within the contract. .................................................................................................7

6.  Whether Labrador, Inc. is the alter ego of Labrador, LLC, Noel Webb, and/or Webb Family Trust and whether Michael Cohen is the alter ego of MCPC Holdings, LLC. ...............................................................................................9

7.  Whether the Court should take Judicial Notice of the judgment entered in New Zealand regarding the copyright infringement of *Lose Yourself* by *Eminem Esque.* ...................................................................................................10

8.  Whether Cohen can be held liable for attorneys' fees incurred in this action under section 6 of the Labrador-Cohen Agreement. ..........................................11

9.  The following remaining legal issues Plaintiff requests for the Court to interpret can be answered by the reading and interpretation of the Beatbox-Labrador Agreement: ................................................................................................11

    A.  *Whether Labrador can be entitled to attorneys' fees incurred in this action under section 16(vi) of the Beatbox-Labrador Agreement from Beatbox.*....12

    B.  *Whether Labrador could be shielded from liability under the Beatbox-Labrador Agreement considering section 16(v) even if Labrador had removed the Cue from the Spider Cues Music Library at any time following the formation of the Beatbox-Labrador Agreement.* .....................................12

C. *Does any language contained within the Beatbox-Labrador Agreement require Beatbox to inform Labrador about any licensing inquiries?* ..........12

**PLAINTIFF'S RESPONSE TO LABRADOR'S PROPOSED LEGAL ISSUES**..................................................................................................**12**

1. Whether the Labrador/Beatbox Agreement upon request by Labrador requires Beatbox to update the Spider Cues Library?............................................. 12

2. Whether the Labrador/Beatbox Agreement upon learning about possible legal issues with a cue requires Beatbox to communicate with Labrador, prior to issuing a license to that cue. ............................................................ 13

3. Whether the Labrador/Beatbox Agreement granted to Beatbox a right to assign the right to issue to AMCOS sub-licenses to cues?................................... 14

4. Whether the Labrador/Beatbox Agreement granted to Beatbox a right to delegate to AMCOS any duties to be performed by Beatbox?............................ 15

5. Whether the Beatbox/AMCOS agreement required Beatbox to update the Spider Cues Library after Beatbox updates the Spider Cues Library?............... 15

6. Whether the Labrador/Beatbox Agreement allows Beatbox to subtract costs incurred by AMCOS, before remitting to Labrador all fees accruing from such licenses relating to the use of the recordings,? [*sic*]................................. 16

7. Whether the Labrador/Beatbox Agreement requires Beatbox to pay to Labrador the full publisher's share (six twelfths) of performing fees accruing from use of the cue? ........................................................................... 16

8. Whether the Labrador/Beatbox Agreement requires Beatbox to pay to Cohen the full publisher's share (three twelfths) of performing fees accruing from use of the cue?.............................................................................. 16

9. Whether the Labrador/Beatbox Agreement requires Beatbox to indemnify Labrador due to Beatbox's causing Labrador losses, expenses or liability from their failure to update the Spider Cues Library upon request by Labrador?...... 17

10. Whether the Labrador/Beatbox Agreement requires Beatbox to indemnify Labrador due to Beatbox's causing Labrador losses, expenses or liability from their failure to communicate with Labrador upon learning about possible legal issues with that cue, prior to issuing a license to a cue? ........................ 17

**PLAINTIFF'S RESPONSE TO COHEN'S PROPOSED LEGAL ISSUES** .......**18**

**UNRESOLVED MOTIONS IN LIMINE**................................................**19**

-iii-

PLAINTIFF BEATBOX MUSIC PTY, LTD.'S BRIEF REGARDING LEGAL ISSUES PRESENTED BY THE PARTIES FOR ADJUDICATION PRIOR TO TRIAL

# <u>TABLE OF AUTHORITIES</u>

**Cases**

*Anchor Casualty Co. v. Surety Bond Savings & Loan Asso.*,
   204 Cal. App. 2d 175 (1962)................................................................18

*Brown v. Grimes*,
   192 Cal.App.4th 265 (2011)...............................................................7

*Centex Homes v. R-Help Construction Co., Inc.*,
   32 Cal. App. 5th 1230 (2019)............................................................2

*Clark v. Bear Stearns & Co.*,
   966 F.2d 1318 (9th Cir. 1992)..........................................................11

*Communist Party v. 522 Valencia, Inc.*,
   35 Cal. App. 4th 980 (1995)...........................................................9, 10

*Consolidated World Investments, Inc. v. Lido Preferred Ltd.*,
   9 Cal.App.4th 373 (1992)..................................................................7

*De Burgh v. De Burgh*,
   39 Cal.2d 858 (1952)........................................................................7

*Don Lee Farms v. Savage River*,
   2021 Cal. Super. LEXIS 122753.......................................................9

*IP Global Invs. Am., Inc. v. Body Glove IP Holdings, LP*
   (C.D. Cal. Nov. 14, 2018) 2018 U.S. Dist. LEXIS 194461 ...............9

*Kashmiri v. Regents of Univ. of Cal.*,
   156 Cal.App.4th 809, 67 Cal. Rptr. 3d 635 (2007).........................6

*Lucido v. Superior Court*,
   51 Cal. 3d 335 (1990)......................................................................11

*National Auto. & Cas. Ins. Co. v. Payne*,
   261 Cal.App.2d 403, 409 (1968).......................................................9

*Revitch v. DIRECTV, LLC*,
   977 F.3d 713 (9th Cir. 2020)............................................................6

*Reyn's Pasta Bella, LLC v. Visa USA, Inc.*,
   442 F.3d 741 (9th Cir. 2006)...........................................................10

*Robbins v. Blecher*,
   52 Cal. App. 4th 886 (1997)..........................................................9, 10

*Roman Catholic Archbishop v. Superior Court*,
   15 Cal. App. 3d 405 (1971)..............................................................10

*Silver v. Bank of America*,
   47 Cal.App.2d 639 (1941).................................................................7

*Somers v. United States F. & G. Co.*,
   191 Cal. 542 (1923)..........................................................................2

*Varco-Pruden, Inc. v. Hampshire Constr. Co.*,
   50 Cal.App.3d 654 (1975)................................................................2
*Walia v. Aegis Ctr. Point Developers Private Ltd.*,
   N.D. Cal. Jan. 27, 2014, No. CV-12-4660-CRB, 2014 U.S. Dist. LEXIS 10433 ...11
*Wenban Estate, Inc. v. Hewlett*,
   193 Cal. 675 (1924)........................................................................9

**Statutes**
Cal. Civ. Code § 1605..........................................................................18
Cal. Civ. Code § 1614..........................................................................18
Cal. Civ. Code § 1636............................................................................5
Cal. Civ. Code § 1638............................................................................6
Cal. Civ. Code § 1639............................................................................6
Cal. Civ. Code § 1856............................................................................6
Cal. Civ. Code § 2772............................................................................1
Cal. Civ. Code § 2778......................................................................2,3,4

**Rules**
Fed. R. Evid. 404..................................................................................6

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PLAINTIFF BEATBOX MUSIC PTY, LTD.'S BRIEF REGARDING LEGAL ISSUES PRESENTED BY THE PARTIES FOR ADJUDICATION PRIOR TO TRIAL

Pursuant to Local Rule 16-4 and the Court's Orders, Plaintiff Beatbox Music Pty Ltd. ("Plaintiff") respectfully submits the following Memorandum regarding the trial scheduled to commence April 19, 2023 addressing the Legal Issues Presented by the Parties for Adjudication Prior to Trial:

## ISSUES OF LAW FOR ADJUDICATION PRIOR TO TRIAL

In addition to and in supplementation to the Germane Issues of Law identified in Plaintiff's Amended Memorandum of Contentions of Fact and Law (Dkt. 349), Plaintiff proposes the following legal issues for adjudication prior to trial, consistent with hearings before the Court on March 23, 2023 and March 27, 2023, and responds in opposition to Defendants' proposed legal issues at Dkt. 368 as follows:

**1. Whether Labrador's indemnity obligations under section 16(v) of the Beatbox-Labrador Agreement were triggered upon notice of a third-party claim under California law.**

Section 16(v) of the Beatbox-Labrador Agreement states as follows:

> The Publisher hereby represents and warrants and undertakes that: […] The Publisher agrees to indemnify and hold harmless the Sub Publisher, its successors and assigns of and from any and all loss, liability and expense incurred by reason of any infringement of rights or other claim inconsistent with the Publishers guarantees, warranties, representations and undertakings contained in this Agreement.  This indemnity shall not be adversely affected should exploitation of the recordings continue after notice of infringement of rights or other claim has been received by the Sub Publisher.

*See* Dkt. 1-2, Beatbox-Labrador Agreement.

Plaintiff is entitled to indemnification regardless of whether the works at issue are "infringing" under United States and/or California law.  "Indemnity is a contract by which one engages to save another from a legal consequence of the conduct of one of the parties, or of some other person."  Cal. Civ. Code § 2772.  Under California law, such contracts for indemnification are enforceable.  "An indemnity against claims, or demands, or liability, expressly, or in other equivalent terms, embraces the costs of

-1-

PLAINTIFF BEATBOX MUSIC PTY, LTD.'S BRIEF REGARDING LEGAL ISSUES PRESENTED BY THE PARTIES FOR ADJUDICATION PRIOR TO TRIAL

defense against such claims, demands, or liability incurred in good faith, and in the exercise of a reasonable discretion[.]"  Cal. Civ. Code, § 2778, subd. 3.  It is well-established that an indemnitor in an indemnity contract generally undertakes to protect the indemnitee against loss or damage through liability to a third person.  *Somers v. United States F. & G. Co.*, 191 Cal. 542, 547 [217 P. 746] (1923). A clause which contains the words "indemnify" and "hold harmless" is an indemnity clause which generally obligates the indemnitor to reimburse the indemnitee for any damages the indemnitee becomes obligated to pay third persons.  *Varco-Pruden, Inc. v. Hampshire Constr. Co.*, 50 Cal.App.3d 654, 660 (1975).  Indemnification agreements ordinarily relate to third party claims.  *Ibid.*

The duty to defend under an indemnification agreement arises "immediately upon the proper tender of defense of a claim embraced by the indemnity agreement." *Centex Homes v. R-Help Construction Co., Inc.*, 32 Cal. App. 5th 1230, 1236 (2019). This duty arises "from the mere allegation" in an underlying action arising from the subject matter covered by the indemnity agreement.  *Id.*  Because "the duty to defend arises as a matter of law," the duty is "not a question of fact for the jury," and it is for this Honorable Court to decide as a matter of law if the claim at issue is "embraced by the indemnity agreement[s]" at issue.  *Id.*

California statute provides specific standards of proof depending on the notice provided to the indemnitor.  Civil Code section 2778(3)-(7) provides:

In the interpretation of a contract of indemnity, the following rules are to be applied, unless a contrary intention appears: […]
3. An indemnity against claims, or demands, or liability, expressly, or in other equivalent terms, embraces the costs of defense against such claims, demands, or liability incurred in good faith, and in the exercise of a reasonable discretion;
4. The person indemnifying is bound, on request of the person indemnified, to defend actions or proceedings brought against the latter in respect to the matters embraced by the indemnity, but the person indemnified has the right to conduct such defenses, if he chooses to do

so;

5. If, after request, the person indemnifying neglects to defend the person indemnified, a recovery against the latter suffered by him in good faith, is conclusive in his favor against the former;

6. If the person indemnifying, whether he is a principal or a surety in the agreement, has not reasonable notice of the action or proceeding against the person indemnified, or is not allowed to control its defense, judgment against the latter is only presumptive evidence against the former;

7. A stipulation that a judgment against the person indemnified shall be conclusive upon the person indemnifying, is inapplicable if he had a good defense upon the merits, which by want of ordinary care he failed to establish in the action.

Cal. Civ. Code § 2778.

As further discussed below, under Civil Code section 2778(5), Labrador and Cohen both had notice and an opportunity to defend Beatbox in the New Zealand Action yet neglected to and a judgment was entered against Beatbox on or about October 25, 2017, making judgment in favor of Beatbox and against Labrador and Cohen "conclusive."  Neither Labrador nor Cohen are entitled to avoid the conclusive determination afforded by § 2778(5) because they both had reasonable notice of the New Zealand Action and chose not to defend. Cal. Civ. Code § 2778(5-7).

Accordingly, the notice of any third-party claim triggered Labrador's indemnity obligations under section 16(v) of the Beatbox-Labrador Agreement under California law.

**2. Whether Cohen's indemnity obligations under section 6 of the Labrador-Cohen Agreement were triggered upon notice of a third-party claim under California law.**

Section 6 of the Labrador-Cohen Agreement provides, *in pertinent part*:

Composer will indemnify and hold Owner and all entities associated with Owner, free, safe, and harmless from and against any and all losses, damages, actions, causes of action, expenses or liabilities, including, without limitation, reasonable attorney's fees and costs, whether incurred before or after the entry of judgment" related to either

"any material breach of any representation or warranty made herein by
Composer" or "any third party claims resulting from Owner's exercises
of it's [*sic*] rights hereunder, including, without limitation, the right to
alter, change, adapt and translate the Composition(s).

*See* Dkt. 1-1, Labrador-Cohen Agreement.

For the same reason Labrador's indemnity obligations were triggered on notice
of a third-party claim under California law, as were Cohen's. *See, e.g.,* Cal. Civ. Code
§ 2778, *et seq*. Nothing contained within any of the indemnity and hold harmless
language at issue in the Agreements requires any finding under United States law that
a particular cue was infringing, nor does California law require an indemnitee to seek
a secondary judgment for the costs of defense incurred in defending the specific subject
of indemnification. The Defendants cannot dispute that they received notice of the
third-party claim on or about September 16, 2014. Moreover, they cannot dispute that
they were added as additional defendants to the New Zealand Action on or about
February 2015 and yet still failed to indemnify Beatbox consistent with their
obligations under the Agreements and California law. *See* Dkt. 58. Consequently, this
Court must find as a matter of California law that Labrador and Cohen had a duty to
defend Plaintiff as early as September 16, 2014, and in any event, not later than
February 2015.

As a result of the notice provided to Defendants of the underlying indemnity
obligation, the jury should receive an instruction that Labrador and Cohen breached
their indemnity and hold harmless obligations to Beatbox and the only issue for the
jury should be the amount of damages Beatbox is entitled to from each party based on
the scope of the language contained in each Agreement.

**3. Plaintiff's additional legal issues proposed for adjudication prior to trial.**

Plaintiff proposes that the following legal questions should be answered in the
affirmative based on the maxims and canons of contract interpretation:

a. Should this Court decide that a notice of a third-party claim is insufficient

-4-

PLAINTIFF BEATBOX MUSIC PTY, LTD.'S BRIEF REGARDING LEGAL ISSUES PRESENTED BY THE PARTIES FOR
ADJUDICATION PRIOR TO TRIAL

to trigger Labrador's indemnity obligations under section 16(v) of the Beatbox-Labrador Agreement, then the Court should use the maxims of contract interpretation to determine whether or not a third-party lawsuit filed in the jurisdiction of the "licensed territory" under the Beatbox-Labrador Agreement triggered Labrador's indemnity obligations.

      b.     Should this Court decide that a third-party lawsuit filed in the jurisdiction of the "licensed territory" is insufficient to trigger Labrador's indemnity obligations under section 16(v) of the Beatbox-Labrador Agreement, then the Court should use the maxims of contract interpretation to determine whether or not a finding of infringement in the jurisdiction of the "licensed territory" under the Beatbox-Labrador Agreement triggered Labrador's indemnity obligations.

      c.     Should this Court decide that a notice of a third-party claim is insufficient to trigger Cohen's indemnity obligations under section 6 of the Labrador-Cohen Agreement, then the Court should use the maxims of contract interpretation to determine whether or not a third-party lawsuit filed in the one of the jurisdictions of the "Territory" under the Labrador-Cohen Agreement triggered Cohen's indemnity obligations.

      d.     Should this Court decide that a third-party lawsuit filed in one of the jurisdictions of the "Territory" is insufficient to trigger Cohen's indemnity obligations under section 6 of the Labrador-Cohen Agreement, then the Court should use the maxims of contract interpretation to determine whether or not a finding of infringement in one of the jurisdictions of the "Territory" under the Labrador-Cohen Agreement triggered Cohen's indemnity obligations.

      The resolution of each of these issues requires the Court to apply the same body of law.  In California, "[a] contract must be so interpreted as to give effect to the mutual intention of the parties as it existed at the time of contracting."  Cal. Civ. Code § 1636. The analysis of the mutual intention of the parties is normally determined "from the

written terms [of the contract] alone," so long as the "contract language is clear and explicit and does not lead to absurd results." *Kashmiri v. Regents of Univ. of Cal.*, 156 Cal.App.4th 809, 67 Cal. Rptr. 3d 635, 652 (2007); *see also* Cal. Civ. Code §§ 1638 ("The language of a contract is to govern its interpretation, if the language is clear and explicit, and does not involve an absurdity."), 1639 ("When a contract is reduced to writing, the intention of the parties is to be ascertained from the writing alone, if possible[.]"). *Revitch v. DIRECTV, LLC*, 977 F.3d 713, 717 (9th Cir. 2020).

Interpreting that either the Beatbox-Labrador Agreement and/or the Labrador-Cohen Agreement required a finding of infringement in a third-party action in the United States and under California law when the territory of the exploitation covered by the Agreements was expressly out of the United States would result in absurdity. Moreover, there is nothing contained in the Agreements that are or have been alleged to be ambiguous necessitating the need to consider parol evidence as Labrador has indicated.  Although Labrador has left Plaintiff to guess which documents correspond with various entries on its proposed exhibit list, the parol evidence that Labrador is apparently seeking to introduce includes irrelevant third-party communications and third-party subpublisher agreements for exploitation in unrelated jurisdictions and time periods.  As a result, this proposed parol evidence is both completely irrelevant and a bizarre attempt to introduce inadmissible character evidence of Labrador's behavior in other third-party contractual relationships. *See* Fed. R. Evid. 404; *see also* Dkt. 366, Labrador's Proposed Exhibits 1628 (irrelevant July 24, 2012 email re: French agreement); 1626-1627 (Labrador agreements with unrelated United Kingdom subpublisher); 1634 (irrelevant emails with South Korean subpublisher). This Court should not consider parol evidence in interpreting the Beatbox-Labrador Agreement and should not permit Labrador to introduce such parol evidence to the jury.  The Parol Evidence Rule (codified in California Code of Civil Procedure section 1856) prohibits evidence of promises or representations that are contrary to the written terms of a

contract that was intended to be a complete and final statement of the parties' agreement.

**4. Plaintiff was an intended beneficiary under Defendant Cohen and Labrador's February 2008 contract and thus able to recover for breach of contract under the third-party beneficiary theory.**

This Court has previously and repeatedly instructed Cohen that Beatbox qualifies as an intended third-party beneficiary under the Labrador-Cohen Agreement. *E.g.*, Dkt. 185 at 4-5. To the extent that this Court is considering accepting Cohen's continued invitations to reconsider this issue, Plaintiff requests an additional opportunity to provide additional memoranda directed at the same and incorporates by reference the arguments Plaintiff advanced in its Amended Memorandum of Contentions of Fact and Law. Dkt. 349.

**5. Whether a party to a contract who has materially breached the contract can establish a valid claim or defense based on the subsequent breach of another party to the contract especially when the initially breaching party failed to provide notice as required under a "notice and cure" provision contained within the contract.**

It is well-settled under California law that "[o]ne who himself breaches a contract cannot recover [or shield himself from liability for his initial breach] for a subsequent breach by the other party." *Silver v. Bank of America*, 47 Cal.App.2d 639, 645 (1941); *Consolidated World Investments, Inc. v. Lido Preferred Ltd.*, 9 Cal.App.4th 373, 380 (1992). Here, both Defendants Cohen and Labrador were first to breach their respective representations and warranties under their respective contracts as to the "SQ mc eminem esque" cue. As such, both contracts were materially breached by Defendants Cohen and Labrador at their inception, which excused further performance by the innocent party: Plaintiff. *De Burgh v. De Burgh*, 39 Cal.2d 858, 863 (1952); *see Brown v. Grimes*, 192 Cal.App.4th 265, 277-278 (2011) ("Normally the question of whether a breach of an obligation is a material breach, so as to excuse performance by the other party, is a question of fact."). "However, if reasonable minds

-7-

PLAINTIFF BEATBOX MUSIC PTY, LTD.'S BRIEF REGARDING LEGAL ISSUES PRESENTED BY THE PARTIES FOR ADJUDICATION PRIOR TO TRIAL

1  cannot differ on the issue of materiality, the issue may be resolved as a matter of law."
2  *Ibid.*

3       Assuming *arguendo* that this Court determines that a material breach by the
4  Defendants at the inception of the Agreements necessitates the determination of
5  infringement under United States Law, the Court does not need to reach this issue to
6  find in Plaintiff's favor as a matter of law.  There is no factual dispute that Defendants
7  failed to indemnify or hold Beatbox harmless in the New Zealand Action.  As argued
8  in greater detail above, under California law, Defendants were required to indemnify
9  as early as September 16, 2014, and in any event not later than February 2015.  Thus,
10  Labrador should only be permitted to argue that any alleged breach by Beatbox of the
11  Beatbox-Labrador Agreement had to occur prior to September 16, 2014, if this Court
12  determines that notice of the third-party claim triggered Labrador's indemnity
13  obligations; or prior to February 2015, if this Court determines that Labrador's
14  indemnity obligations were triggered when it was added as a defendant to the New
15  Zealand Action.  Permitting Labrador to present evidence and/or argument of
16  Beatbox's alleged breaches after Labrador's indemnity obligations were triggered
17  would only confuse the jury and be prejudicial.  In the event that this Court permits
18  Labrador to offer such evidence of Beatbox's alleged breaches occurring after
19  Labrador's indemnity obligations were triggered, the jury should receive a limiting
20  instruction.

21       Finally, even if this Court were to consider permitting Labrador to present
22  evidence and/or make argument relating to Beatbox's alleged breach at any time before
23  or after Labrador's failure to indemnify and/or hold harmless, there is no factual dispute
24  that Labrador failed to provide any notice under section 13 of the Beatbox-Labrador
25  Agreement which preclude Labrador from prevailing on a breach of contract claim
26  against Beatbox as a matter of law.  Section 13 of the Beatbox-Labrador Agreement
27  provides:

28

> Should the Sub-Publisher default in rendering any statement of account or in making any payments as hereinbefore provided or in fully complying with any material terms or conditions herein required of the Sub-Publisher to be performed, and should such default continue for 30 (thirty) days after the Publisher has sent notice of such default by registered mail and fax to the Sub-Publisher, the Publisher shall have the right to terminate and cancel this Agreement as of expiration of the said 30 (thirty) days, or should the Sub-Publisher make any assignment for the benefit of creditors or take the benefit of any bankruptcy act (save for the purpose of reconstruction) or should the Sub-Publisher be petitioned into bankruptcy, then in each and every such event the Publisher shall be entitled to terminate and cancel this Agreement, and the Sub-Publisher shall account to the Publisher forthwith for any outstanding fees not accounted for up to the time of such cancellation.

*See* Dkt. 1-2, Beatbox-Labrador Agreement at 3.

Labrador cannot establish that it ever provided any notice to Beatbox under section 13 and this is dispositive of its allegations of breach of contract. Where a party fails to strictly comply with a notice and cure provision then that party's breach of contract claim fails. *IP Global Invs. Am., Inc. v. Body Glove IP Holdings, LP* (C.D. Cal. Nov. 14, 2018) 2018 U.S. Dist. LEXIS 194461 at *11; *see also Don Lee Farms v. Savage River*, 2021 Cal. Super. LEXIS 122753, *13. Even if Labrador claims to have provided "notice," whether a notice of circumstances is sufficient is a question of fact. *National Auto. & Cas. Ins. Co. v. Payne*, 261 Cal.App.2d 403, 409 (1968).

**6. Whether Labrador, Inc. is the alter ego of Labrador, LLC, Noel Webb, and/or Webb Family Trust and whether Michael Cohen is the alter ego of MCPC Holdings, LLC.**

Ordinarily, a corporation is regarded as a legal entity, separate and distinct from its stockholders, officers and directors, with separate and distinct liabilities and obligations. *Wenban Estate, Inc. v. Hewlett*, 193 Cal. 675, 696 (1924); *Communist Party v. 522 Valencia, Inc.*, 35 Cal. App. 4th 980, 993 (1995); *Robbins v. Blecher*, 52 Cal. App. 4th 886, 892 (1997). A corporate identity may be disregarded--the "corporate veil" pierced--where an abuse of the corporate privilege justifies holding

-9-

PLAINTIFF BEATBOX MUSIC PTY, LTD.'S BRIEF REGARDING LEGAL ISSUES PRESENTED BY THE PARTIES FOR ADJUDICATION PRIOR TO TRIAL

the equitable ownership of a corporation liable for the actions of the corporation. *Roman Catholic Archbishop v. Superior Court*, 15 Cal. App. 3d 405, 411 (1971). Under the alter ego doctrine, then, when the corporate form is used to perpetrate a fraud, circumvent a statute, or accomplish some other wrongful or inequitable purpose, the courts will ignore the corporate entity and deem the corporation's acts to be those of the persons or organizations actually controlling the corporation, in most instances the equitable owners. *Robbins*, 52 Cal. App. 4th at 892; *Communist Party*, 35 Cal. App. 4th at 993-994. The alter ego doctrine prevents individuals or other corporations from misusing the corporate laws by the device of a sham corporate entity formed for the purpose of committing fraud or other misdeed.

Here, Defendants set up new business and/or trusts in order to transfer substantially all of their assets with the intent to perpetrate a fraud, circumvent a statute, or accomplish some other wrongful or inequitable purpose. As such, the Court should ignore the corporate entity and deem the corporation's acts to be those of the persons or organizations actually controlling the corporation: Defendants. *Robbins*, 52 Cal. App. 4th at 892; *Communist Party*, 35 Cal. App. 4th at 993-994.

**7. Whether the Court should take Judicial Notice of the judgment entered in New Zealand regarding the copyright infringement of *Lose Yourself* by *Eminem Esque*.**

The Court may take judicial notice of court filings and other matters of public record. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006). "Under California law, issue preclusion prohibits re-litigation of issues decided in a prior proceeding if (1) the issue is identical to the issue decided in the prior proceeding, (2) the issue was actually litigated in the prior proceeding, (3) the issue was necessarily decided in the prior judgment, (4) the prior judgment was final and on the merits, and (5) the party against whom preclusion is brought must be identical to or in privity with the party in the prior proceeding." *Walia v. Aegis Ctr. Point Developers*

1  *Private Ltd.*, N.D. Cal. Jan. 27, 2014, No. CV-12-4660-CRB, 2014 U.S. Dist. LEXIS

2  10433, citing *Lucido v. Superior Court*, 51 Cal. 3d 335, 341 (1990); see also *Clark v.*

3  *Bear Stearns & Co.*, 966 F.2d 1318, 1320-21 (9th Cir. 1992).

4      Here, the issue of copyright infringement is identical to that of the New Zealand

5  proceedings, because the copyright infringement at issue in both is the copyright

6  infringement of *Lose Yourself* by *Eminem Esque* in New Zealand, the relevant licensed

7  territory at issue in the Labrador Agreement.  Notably, the Labrador-Cohen Agreement

8  asserts the originality of *Eminem Esque* throughout the entire "Territory," which it

9  defined as "the world."  Dkt. 1-1, Section 1.1.  Furthermore, the issue of copyright

10  infringement was litigated and necessarily decided in the New Zealand proceedings.

11  Since the determination that *Eminem Esque* infringed the copyright of *Lose Yourself*

12  was final and on the merits, and both Defendants Labrador Entertainment, Inc. and

13  Michael Cohen are named in the New Zealand proceedings, the Court should take

14  judicial notice that *Eminem Esque* infringed the copyright of *Lose Yourself*.

15  **8. Whether Cohen can be held liable for attorneys' fees incurred in this action**
16  **under section 6 of the Labrador-Cohen Agreement.**

17      Plaintiff seeks attorney's fees and costs of suit incurred herein pursuant to

18  contract under a third-party beneficiary theory of the Labrador-Cohen Agreement.  *See*

19  Dkt. 1-1, Section 6.1 ("Composer will indemnify and hold Owner and all entities

20  associated with Owner, free, safe, and harmless from and against any and all losses,

21  damages, actions, causes of action, expenses or liabilities, including, without

22  limitation, **reasonable attorney's fees and costs**, whether incurred before or after the

23  entry of judgment" related to either "any material breach of any representation or

24  warranty made herein by Composer" or "any third party claims resulting from Owner's

25  exercises of it's [*sic*] rights hereunder, including, without limitation, the right to alter,

26  change, adapt and translate the Composition(s)") (emphasis added).

27  **9. The following remaining legal issues Plaintiff requests for the Court to**

28

-11-

interpret can be answered by the reading and interpretation of the Beatbox-Labrador Agreement:

**A. *Whether Labrador can be entitled to attorneys' fees incurred in this action under section 16(vi) of the Beatbox-Labrador Agreement from Beatbox.***

For the same reason this Court determined that Beatbox is not entitled to attorneys' fees from Labrador for the fees incurred in this action, Labrador is not entitled to attorneys' fees from Beatbox for those incurred in this action. *See* Dkt. 157 at 27.

**B. *Whether Labrador could be shielded from liability under the Beatbox-Labrador Agreement considering section 16(v) even if Labrador had removed the Cue from the Spider Cues Music Library at any time following the formation of the Beatbox-Labrador Agreement.***

The final sentence of section 16(v) says: "This indemnity shall not be adversely affected should exploitation of the recordings continue after notice of infringement of rights or other claim has been received by the Sub Publisher." Thus, even if Labrador had removed the cue (which it did not and which would require factual analysis) such a removal would not permit Labrador to escape liability for failure to indemnify and hold harmless.

**C. *Does any language contained within the Beatbox-Labrador Agreement require Beatbox to inform Labrador about any licensing inquiries?***

As searching review of the Beatbox-Labrador Agreement reveals that the answer is a resounding "no." *See* Dkt. 1-2.

## PLAINTIFF'S RESPONSE TO LABRADOR'S PROPOSED LEGAL ISSUES

Plaintiff objects to Labrador's proposal that this Court should address the following "legal issues":

**1. Whether the Labrador/Beatbox Agreement upon request by Labrador requires Beatbox to update the Spider Cues Library?**

Plaintiff agrees that a review of the Beatbox-Labrador Agreement would reveal that it does not have any language that would require Beatbox to "update the Spider

Cues Library."  However, this request by Labrador also assumes an improper factual determination that is unsupported by the record, namely that Labrador made any such request and/or that such a request to "update" would result in the removal of a cue from licensing.  As there is no stipulation or even a scintilla of evidence to support this proposed determination, this is not an appropriate legal issue for this Court's adjudication.  Moreover, the express language of section 1 of the Beatbox-Labrador Agreement is as follows: Labrador "appoints [Beatbox] as their sole Sub Publisher for the licensed territory for the introduction and exploitation as hereinafter mentioned of all recordings made to be **issued** during the term of this Agreement and **any extensions** thereto by the Publisher of the musical compositions and sound recordings **issued**[.]".  *See* Dkt. 1-2 (*emphasis added*). Labrador cannot dispute that it issued the Cue and the Agreement contemplates "extensions," not removal of cues which were already "issued."   *Id*.   In addition, the parties clearly contemplated a scenario where exploitation occurs after even actual notice of an infringement claim of a third party and expressly agreed that Labrador's indemnity obligations to Beatbox "shall not be adversely affected should the exploitation of the recordings continue after notice of infringement of rights or other claim had been received by [Beatbox]".  *See* Dkt. 1-2. As a result, Labrador should not be entitled to present evidence or argue that some purported "update" somehow limited the indemnity and hold harmless exposure to which it contractually and expressly agreed.  *Id.*

**2. Whether the Labrador/Beatbox Agreement upon learning about possible legal issues with a cue requires Beatbox to communicate with Labrador, prior to issuing a license to that cue.**

Plaintiff agrees that a review of the Beatbox-Labrador Agreement would reveal that it does not have any language that would require "Beatbox to communicate with Labrador, prior to issuing a license to that cue."   In fact, the Beatbox-Labrador Agreement expressly does not require Beatbox to communicate with Labrador about

any request prior to issuing any license.  Importantly, Labrador represents and warrants to Beatbox that (i) [Labrador] is free to enter into this Agreement; […] (iii) [Labrador] is a party to or has entered into good and valid contracts with [Cohen] and such contracts enable [Labrador] to comply with all terms and conditions hereof and [Labrador] will do all things necessary not to be in breach of the same during the term hereof; (iv) the Compositions are original and that none of the Compositions infringes any other copyright work or the rights of any third party." *See* Dkt. 1-2.  However, this request also assumes a fact that is in dispute, namely, that Beatbox learned anything "about possible legal issues with a cue," which Beatbox expressly disputes.  Moreover, and as discussed above, the intention of the parties as expressed in writing contemplates a scenario where exploitation occurs after even actual notice of an infringement claim of a third party and expressly agreed that Labrador's indemnity obligations to Beatbox "shall not be adversely affected should the exploitation of the recordings continue after notice of infringement of rights or other claim had been received by [Beatbox]".  *See* Dkt. 1-2.  As a result, Labrador should not be entitled to present evidence or argue that some purported "update" somehow limited the indemnity and hold harmless exposure to which it contractually and expressly agreed.  *Id.*  There is no record of a notice of a third-party claim prior to the claim by Marshall Mathers and his related entities received by Beatbox on or about September 16, 2014.  Permitting Labrador to attempt to produce evidence and/or argument to contradict this fact would only confuse the jury and this Court can find that even if Beatbox had learned of a "possible legal issue with a cue", i.e., a "notice of infringement of rights" Beatbox's right to Labrador's indemnity and hold harmless obligations could not be adversely affected.

**3. Whether the Labrador/Beatbox Agreement granted to Beatbox a right to assign the right to issue to AMCOS sub-licenses to cues?**

Beatbox objects to this proposed consideration for adjudication by the Court of this issue as it is a mixed issue of law and fact.  A review of sections 1 and 5; an

-14-

understanding of how production music licensing occurs in the Licensed Territory; and what it legally means to be an exclusive licensee as opposed to an assignee, as well as AMCOS's role in the Licensed Territory would be necessary to answer this question. However, none of this is relevant, nor should it be presented to the jury in light of Labrador's preceding material breach and its failure to comply with the notice and cure provision contained in section 13 of the Beatbox-Labrador Agreement, as explained in more detail above. *See* Dkt. 1-2.

**4. Whether the Labrador/Beatbox Agreement granted to Beatbox a right to delegate to AMCOS any duties to be performed by Beatbox?**

Beatbox objects to this proposed consideration for adjudication by the Court of this issue as it is a mixed issue of law and fact.  A review of sections 1 and 5; an understanding of how production music licensing occurs in the Licensed Territory; and what it legally means to be an exclusive licensee as opposed to an assignee, as well as AMCOS's role in the Licensed Territory would be necessary to answer this question. However, none of this is relevant, nor should it be presented to the jury in light of Labrador's preceding material breach and its failure to comply with the notice and cure provision contained in section 13 of the Beatbox-Labrador Agreement, as explained in more detail above. *See* Dkt. 1-2.

**5. Whether the Beatbox/AMCOS agreement required Beatbox to update the Spider Cues Library after Beatbox updates the Spider Cues Library?**

Plaintiff agrees that a review of the Beatbox-Labrador Agreement would reveal that the Agreement does not contain any language that would require Beatbox to "update the Spider Cues Library."  However, this request facially is incomprehensible and seemingly potentially contains a request for a factual determination.  Namely, that Labrador made any such request and/or that such a request to "update" would result in the removal of a cue from licensing, as discussed in greater detail above.  Moreover, Labrador does not have standing to enforce the irrelevant Beatbox-AMCOS Agreement

to which Labrador is not a party.  Thus, this is not an appropriate legal issue for this Court's determination.

**6. Whether the Labrador/Beatbox Agreement allows Beatbox to subtract costs incurred by AMCOS, before remitting to Labrador all fees accruing from such licenses relating to the use of the recordings,? [*sic*]**

Plaintiff agrees that a review of sections 5 and 9 of the Beatbox-Labrador Agreement would reveal that "[Beatbox] shall remit to [Labrador] 50% of all monies received for the exploitation of the library, including mechanical/ synchronization royalties received by [Beatbox] as a result of exploitation of rights herein granted to [Beatbox]."  Thus, Beatbox was required to remit 50% of what it *received*.  However, none of this is relevant, nor should it be presented to the jury in light of Labrador's preceding material breach and its failure to comply with the notice and cure provision contained in section 13 of the Beatbox-Labrador Agreement, as explained in more detail above.  *See* Dkt. 1-2

**7. Whether the Labrador/Beatbox Agreement requires Beatbox to pay to Labrador the full publisher's share (six twelfths) of performing fees accruing from use of the cue?**

A simple review of the Beatbox-Labrador Agreement at section 8 reveals that Beatbox is not required to pay Labrador for Performance Right Organization royalties as the Agreement states expressly that payment is to be paid "directly by the societies." Once again, this proposed legal issue from Labrador is neither accurate nor relevant and should not be presented to the jury in light of Labrador's preceding material breach and its failure to comply with the notice and cure provision contained in section 13 of the Beatbox-Labrador Agreement, as explained in more detail above.  *See* Dkt. 1-2

**8. Whether the Labrador/Beatbox Agreement requires Beatbox to pay to Cohen the full publisher's share (three twelfths) of performing fees accruing from use of the cue?**

On its face, the Beatbox-Labrador Agreement does not identify Cohen. Moreover, section 8 expressly identifies that the parties agree that the full publisher's

share is six twelfths and that Performance Rights Organization payments would come directly from the societies.  Yet again, this proposed legal issue from Labrador is neither accurate nor relevant, and it should not be presented to the jury in light of Labrador's preceding material breach and its failure to comply with the notice and cure provision contained in section 13 of the Beatbox-Labrador Agreement, as explained in more detail above.  *See* Dkt. 1-2

**9.  Whether the Labrador/Beatbox Agreement requires Beatbox to indemnify Labrador due to Beatbox's causing Labrador losses, expenses or liability from their failure to update the Spider Cues Library upon request by Labrador?**

Plaintiff agrees that the Beatbox-Labrador Agreement provides the circumstances under which Beatbox would be required to indemnify Labrador.  Yet again, this request contains another assumption of fact that is unsupported by the record.  Namely, Labrador improperly implies that there is any evidence to support, much less the establish of an uncontested issue of fact, that Beatbox "caus[ed] Labrador losses, expenses or liability from their failure to update the Spider Cues Library upon request by Labrador."  Thus, this is not an appropriate legal issue for this Court's determination.

**10. Whether the Labrador/Beatbox Agreement requires Beatbox to indemnify Labrador due to Beatbox's causing Labrador losses, expenses or liability from their failure to communicate with Labrador upon learning about possible legal issues with that cue, prior to issuing a license to a cue?**

Plaintiff agrees that the Beatbox-Labrador Agreement provides the circumstances under which Beatbox would be required to indemnify Labrador.  Unsurprisingly, this request also embeds an inappropriate factual assertion in its premise.  Namely, Labrador improperly contends that Beatbox "caus[ed] Labrador losses, expenses or liability from their failure to communicate with Labrador upon learning about possible legal issues with that cue, prior to issuing a license."  These factual allegations regarding communication are expressly disputed by Beatbox.  Thus,

1     this is not an appropriate legal issue for this Court's determination.

2     **<ins>PLAINTIFF'S RESPONSE TO COHEN'S PROPOSED LEGAL ISSUES</ins>**

3       Plaintiff addresses the issue of its Intended Beneficiary theory above.  For the

4     first time in this matter, Cohen raises the following:

5       "If Labrador was the scrivener of the 02/14/08 Labrador/Mr. Cohen
6       contract, if Mr. Cohen did not have any practical or practicable
7       opportunity to make changes to said contract; is said contract
8       unconscionable in light of the fact that the Mr. Cohen was required to
9       warrant that all of the compositions represented by said contract be
10       capable of being protected by copyright in every county in the world, including all 193 Member States of the United Nations? <ins>About Us | United Nations</ins>"

11       Cohen has not alleged Unconscionability as an affirmative defense and as a

12     result, the parties have not engaged in any discovery as to this issue.  Cohen should be

13     barred from raising this issue now.  Moreover, unconscionability is a fact-specific

14     analysis and hardly a legal issue for this Court to decide.  This Court should bar Cohen

15     from arguing and/or submitting evidence relating to any so-called unconscionability

16     defense.

17       Cohen raises this issue of failure of consideration relating to the Labrador-Cohen

18     Agreement.  First, consideration requires factual analysis and is not an appropriate legal

19     issue for this Court's determination.  A written instrument such as the Labrador-Cohen

20     agreement is "presumptive evidence of a consideration." Cal. Civ. Code § 1614. Under

21     California law, good consideration can be "[a]ny benefit conferred, or agreed to be

22     conferred, by any other person, to which the promisor is not lawfully entitled, or any

23     prejudice suffered, or agreed to be suffered, by such person, other than such as he is at

24     the time of consent lawfully bound to suffer, as an inducement to the promisor."  Cal.

25     Civ. Code § 1605. Consideration does not have to move to the promisor and can benefit

26     third parties.  *Anchor Casualty Co. v. Surety Bond Savings & Loan Asso.*, 204 Cal.

27     App. 2d 175, 182 (1962).   Given the broad definition of consideration and the

28

presumption of consideration evidenced by the written instrument, there is not a scintilla of evidence that Cohen can offer to prove conclusively that there was a failure of consideration.  There was a bargained for exchange in that Labrador agreed to act as Cohen's publisher and Cohen testified to receiving payments from Labrador in furtherance of the same.  Thus, Cohen should not be permitted to attempt to confuse the jury with this baseless argument.  In the unlikely event that Cohen's failure of consideration argument has any merit whatsoever, it once again proves Labrador to be in material breach of its representations and warranties under section 16 of the Beatbox-Labrador Agreement.  *See* Dkt. 1-2.

## UNRESOLVED MOTIONS IN LIMINE

Once the Court has ruled upon the threshold issues presented above, the following legal issues will remain outstanding from the Motions *in limine*: (1)Testimony and Emails of Peter Moore and Bali Virk; (2) Parol Evidence or Argument Contradictory to the Express Language of the Contracts at Issue; (3)Cohen Expert Dr. Gerald Eskelin; (4)Labrador's Expert Dr. Fink; (5)Evidence that the *Eminem Esque* cue does not infringe *Lose Yourself*; (6)Evidence Regarding Whether Defendants' Duty to Indemnify was Triggered upon Notice of the Infringement Claim.

DATED: April 6, 2023                    Respectfully submitted,

**BEATBOX MUSIC PTY, LTD.**

 */s/ Heather L. Blaise*
HEATHER L. BLAISE, ESQ. (SBN 261619)
145 S. Wells Street, Suite 1800
Chicago, IL 60606
Telephone: 312-448-6602
Email: hblaise@blaisenitschkelaw.com
*Attorney for Plaintiff*