Daniel Jacobson, State Bar No. 134978
Ronak Patel, State Bar No. 296296
JACOBSON & ASSOCIATES
1352 Irvine Blvd. Suite 205
Tustin, California 92780
(714) 505-4782
dlj@jacobsonlawyers.com
ronak@practicingthelaw.com

Attorneys for Cross-Claimant/Defendant Michael Cohen
and Defendant MCPC Holdings, LLC

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| BEATBOX MUSIC PTY, LTD., <br><br> Plaintiff, <br> versus <br> LABRADOR ENTERTAINMENT, INC., et al <br><br> Defendants. <br><br> MICHAEL COHEN, <br><br> Cross-Claimant, <br> versus <br> LABRADOR ENTERTAINMENT, INC., <br><br> Cross-Defendant. | Case No: 2:17-cv-06108-MWF-JPR <br><br> Defendant and Cross-Claimant Michael Cohen and Defendant MCPC Holdings, LLC's EX PARTE APPLICATION to (1) QUASH the Subpoenas Issued by Plaintiff on April 3, 2023, (2) to INVOLUNTARILY DISMISS Plaintiff's Action, and (3) to Determine SUBJECT MATTER JURISDICTION <br><br> <u>Filed Concurrently With:</u> <br><br> 1. *Memorandum of Points & Authorities* <br> 2. *Declaration of Ronak Patel & Exhibits* <br> 3. *Proposed Order* <br><br> JUDGE:  Hon. Michael W. Fitzgerald <br> DATE: April 11, 2023 |

# EX PARTE APPLICATION

Defendant and Cross-Claimant Michael Cohen ("Cohen") and Defendant MCPC Holdings, LLC Holdings, LLC ("MCPC") (collectively, "Cohen Parties") hereby apply on an ex parte basis and under Local Rule 7-19 and/or the Court's inherent authority for orders:

(1) QUASHING the subpoenas that Plaintiff Beatbox Music Pty Ltd ("Beatbox" or "Plaintiff") (improperly) issued to Bank of America Corporation, Merrill Lynch, Pierce, Fenner & Smith Incorporated, Wells Fargo, and JP Morgan Chase Bank, NA on April 3, 2022;

(2) INVOLUNTARILY DISMISSING Plaintiff's Action pursuant to FRCP 41(b) and/or the Court's inherent authority;

(3) Determining whether SUBJECT MATTER JURISDICTION REMAINS.

# THE REASONS SEEKING TO QUASH THE SUPBOENAS ON AN EX PARTE BASIS

As further explained in and supported by the concurrently filed *Memorandum of Points and Authorities* and *Declaration of Ronak Patel*, as well as by the court's file of this matter, the reasons that the Cohen Parties are seeking orders quashing the subpoenas are as follows:

1. Cohen Parties are seeking this relief via ex parte because of the proximity of the trial. Plaintiff did not meet and confer regarding its plan to reissue the subpoenas, and Cohen Parties only learned of it on April 3, 2023, two weeks before trial. It was therefore impossible for the Cohen Parties to follow the noticed motion procedures for a motion to quash, and Cohen's only recourse was to seek emergency relief.

2. The subpoenas are procedurally defective because Plaintiff failed to serve or even identify the actual deponents who would testify.

3. The subpoenas are procedurally defective because Plaintiff failed to properly serve them.

- 2 -

The Cohen Partie's Ex Parte Application to QUASH Plaintiff's April 3, 2023 Subpoenas and to INVOLUNTARILY DISMISS Plaintiff's Action

4. The subpoena are procedurally defective because they command the financial institutions to attend a trial that is more than 100 miles from its principal place of business and in a different state.
5. The subpoenas are procedurally defective because there is no proof that Plaintiff tendered witness fees to the witness.
6. The subpoenas were served in violation of the Court's prior orders.
7. This Court previously quashed subpoenas.
8. A trial subpoena cannot be used to circumvent the ordinary discovery rules.

## THE REASONS FOR SEEKING INVOLUNTARY DISMISSAL ON AN EX PARTE BASIS

As further explained in and supported by the concurrently filed *Memorandum of Points and Authorities* and *Declaration of Ronak Patel*, the reasons that the Cohen Parties are seeking orders involuntarily dismissing the case pursuant to FRCP 41(b) and/or the Court's inherent authority are as follows:

1. The proximity of the trial. Specifically, the last (but not the only) event that led to Cohen Parties' decision to seek involuntary dismissal was Plaintiff's decision to file a legal brief on April 6, 2023 that directly contradicts with the Court's express instructions at the March 27, 2023 hearing (and which was the second time in a single week that Plaintiff failed to comply with Court orders and directives, the other time being the issuance of the subpoenas). With trial now less than 2 weeks away, there was simply no time to file a noticed motion, and the Cohen Parties would therefore be irreparably damaged if it is not permitted to present this Application.
2. Plaintiff has failed to comply with and violated the orders of this court.
3. Plaintiff has failed to comply with and violated the *Federal Rules of Civil Procedure*.
4. Plaintiff has failed to comply with and violated the *Local Rules*.

- 3 -

The Cohen Partie's Ex Parte Application to QUASH Plaintiff's April 3, 2023 Subpoenas and to INVOLUNTARILY DISMISS Plaintiff's Action

5. Plaintiff has engaged in conduct that directly contravenes the express directives of Judge Fitzgerald.

6. Plaintiff has engaged in conduct that directly contravenes the express directives of Judge Rosenbluth.

7. Judge Rosenbluth has previously had to implicitly sanction Plaintiff for failure to comply with court rules.

8. The public's interest in the expeditious resolution of litigation strongly favors dismissal of this action.

9. The Court's ongoing needs to manage its heavy docket, which includes, among other cases, important criminal matters, strongly favors dismissal.

10. The continuing risk of prejudice that Plaintiff presents to Defendants by virtue of her failures to comply with court orders and rules strongly favors dismissal.

11. The absence of meaningful alternative sanctions strongly favors dismissal.

12. The public policy favoring resolution of cases on their merits, which always weighs against dismissal, is outweighed by those factors which weigh in favor of dismissal.

13. Plaintiff has failed to prosecute the action.

14. Four of the five dismissal factors strongly support dismissal.

15. If the Court determines that the purported counterclaim of Labrador Entertainment, Inc. is not properly before the Court, the involuntary dismissal of Plaintiff's action would also result in the dismissal of the entire proceeding for lack of subject matter jurisdiction, thereby saving the Court even more time and resources. Additionally, even if the Court considers the Counterclaim presently before the Court, the Court could still dismiss the counterclaim based on FRCP 41(b) or its inherent authority as it would not obviate the violations of FRCP 13, 15, and 16, achieving the same result. Finally, even if the Court finds subject matter jurisdiction remains, trying the

- 4 -

The Cohen Partie's Ex Parte Application to QUASH Plaintiff's April 3, 2023 Subpoenas and to INVOLUNTARILY DISMISS Plaintiff's Action

counterclaim and the cross-action would still be less draining on the Court's time and resources.

## SUBJECT MATTER JURISDICTION

As further explained in and supported by the concurrently filed *Memorandum of Points and Authorities* and *Declaration of Ronak Patel*, the reasons that the Cohen Parties are seeking orders a detemriantion of subject matter jurisdiction for the following reasons:

1. If plaintiff's action is dismissed, then all that would be before the Court would be Cohen's Cross-Action, assuming that the Court determines that the counterclaim is invalid.
2. Just as the counterclaim was not authorized as to Cohen, it was not authorized as to Beatbox.
3. Without beatbox, diversity is destroyed, as Cohen and Labrador are both California citizens.

## COMPLIANCE WITH LOCAL RULE 7-19.1

Pursuant to Local Rule 7-19.1, Cohen Parties' attorneys certify that they have made a reasonable, good faith effort to orally advise counsel for all other parties of substance of this application. Based on those efforts, which are further explained in the concurrently filed *Declaration of Ronak Patel*, the Cohen Parties advise the Court as follows:

### *Efforts to Inform Beatbox's Attorneys*

On April 7, 2023, Cohen Parties' attorneys[1] attempted to contact Plaintiff's attorneys on two separate lines (office and cell), but were unable to reach Plaintiff's attorneys. Attorney Ronak Patel (i.e. the signatory of this application), one of Cohen Parties'

---
[1]

- 5 -

The Cohen Partie's Ex Parte Application to QUASH Plaintiff's April 3, 2023 Subpoenas and to INVOLUNTARILY DISMISS Plaintiff's Action

attorneys,[2] left a detailed message on Plaintiff's attorneys office line, informed Plaintiff's attorney that she could call Cohen Parties' attorneys at any time for the remainder of the day on the weekend with any questions, and asked her to inform Cohen Parties' attorneys of whether her client would oppose the Application or any component thereof. Cohen Partie' attorney did not leave a voicemail on the Plaintiff's attorneys cell because the voicemail was full.

On April 10, 2023, Cohen Parties' attorneys emailed Plaintiff's attorneys and invited them to call him at their convenience.

On April 11, 2023, after waiting some time to allow Plaintiff's attorneys to call him, Cohen Parties' attorneys again contacted Plaintiff's attorney's office and called Plaintiff's attorney's cell. Plaintiff's attorney did not answer.

Cohen Parties have thus not heard from Plaintiff's attorneys prior to the filing of this Application, but believes that Plaintiff's attorneys would almost certainly oppose the Application.

The contact information for Plaintiff's attorneys is:

BLAISE & NITSCHKE, P.C.
HEATHER L. BLAISE, ESQ. (SBN 261619)
145 S. Wells Street, Suite 1800
Chicago, IL 60606
Telephone: 312-448-6602
Email: hblaise@blaisenitschkelaw.com

### Efforts to Inform Labrador Defendants' Attorneys

Cohen Party's attorneys first contacted counsel for the Labrador Defendants on April 7, 2023, by instructing his assistant to contact him and relay information about the application to their attorneys and to inquire as to their client's intent to oppose. After learning that the Doug Rosner, the Labrador Defendant's attorneys, inquired for further information about the application, attorney Ronak Patel personally called Doug Rosner. When Mr. Rosner answered, Mr. Patel identified himself and explained that he was calling regarding the Beatbox litigation and a forthcoming ex parte application. Mr. Rosner curtly responded as follows: "**Fuck you**." He then immediately hung up the phone. The phone call lasted only 27 seconds.

About a minute later, Mr. Rosner called Mr. Patel as though they had not just spoken and told Mr. Patel that he was sorry he could not take Mr. Patel's call earlier. He then asked for information about the application. We spoke for approximately 9 minutes. At the end, Mr. Rosner informed me that his client would join in the aspect of the application which seeks to quash the subpoenas (two of which target his clients), but that he did not join in our application to involuntarily dismiss Beatbox. Mr. Rosner explained that he would not do so because of my intent to inform the Court of the subject matter jurisdiction issue that might be created by the involuntary dismissal of Beatbox and the Cohen Parties' continuing position that Labrador has no valid counterclaim or that if it does it should be dismissed.

The contact information for the Labrador Defendants attorneys is:

    Douglas Rosner, State Bar No. 094466

    2625 Townsgate Road, Suite 330

    Telephone: (818) 501-4485

///

- 7 -

The Cohen Partie's Ex Parte Application to QUASH Plaintiff's April 3, 2023 Subpoenas and to INVOLUNTARILY DISMISS Plaintiff's Action

1  This application is made on the grounds set forth in the attached Memorandum in
2  Support; the concurrently lodged Proposed Order; all pleadings and papers filed in this
3  action; the argument of counsel; and further evidence as the Court may consider at or
4  before the disposition of this Application.

6  DATED: April 11, 2023

JACOBSON & ASSOCIATES

By: *[signature]*

Daniel Jacobson
Ronak Patel
Attorneys for Defendant/Cross-Claimant Michael Cohen and Defendant MCPC Holdings, LLC

- 8 -

The Cohen Partie's Ex Parte Application to QUASH Plaintiff's April 3, 2023 Subpoenas and to
INVOLUNTARILY DISMISS Plaintiff's Action