Daniel Jacobson, State Bar No. 134978
Ronak Patel, State Bar No. 296296
JACOBSON & ASSOCIATES
1352 Irvine Blvd. Suite 205
Tustin, California 92780
(714) 505-4782
dlj@jacobsonlawyers.com
ronak@practicingthelaw.com

Attorneys for Cross-Claimant/Defendant Michael Cohen
and Defendant MCPC Holdings, LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| BEATBOX MUSIC PTY, LTD.,<br><br>　　　　　　Plaintiff,<br>versus<br>LABRADOR ENTERTAINMENT, INC., et al<br><br>　　　　　　Defendants.<br><br>MICHAEL COHEN,<br><br>　　　　　　Cross-Claimant,<br>versus<br>LABRADOR ENTERTAINMENT, INC.,<br><br>　　　　　　Cross-Defendant. | Case No: 2:17-cv-06108-MWF-JPR<br><br>Declaration of Ronak Patel ISO Defendant and Cross-Claimant Michael Cohen and Defendant MCPC Holdings, LLC's EX PARTE APPLICATION to (1) QUASH the Subpoenas Issued by Plaintiff on April 3, 2023, (2) to INVOLUNTARILY DISMISS Plaintiff's Action, and (3) to Determine SUBJECT MATTER JURISDICTION<br><br><u>Filed Concurrently With:</u><br><br>1. *Ex Parte Application*<br>2. *Memorandum of Points & Authorities*<br>3. *Proposed Order*<br><br>JUDGE: Hon. Michael W. Fitzgerald<br>DATE: April 11, 2023 |

Declaration ISO The Cohen Parties' Ex Parte Application to QUASH Plaintiff's April 3, 2023 Subpoenas and to INVOLUNTARILY DISMISS Plaintiff's Action and to Determine Subject Matter Jursidiction

**DECLARATION OF RONAK PATEL**

I, Ronak Patel, hereby declare:

(1) I am not a party to this action.

(2) I am over the age of 18.

(3) I am a California-licensed attorney and admitted to practice in the United States Court of Appeal for the Ninth Circuit, the United States District Court for the Central District of California, and the United States District Court for the Eastern District of California. I am one of the attorneys representing Defendant and Cross-Claimant Michael Cohen ("Cohen") and Defendant MCPC Holdings, LLC ("Defendant"), whom I collectively refer to hereinafter as either the "Cohen Parties" or as "my clients."

(4) I make this declaration in support of my client's *ex parte* application to quash the subpoenas served on April 3, 2023, by Plaintiff Beatbox Music Pty, Ltd. ("Plaintiff" or "Beatbox"), to involuntarily dismiss Plaintiff's action pursuant to FRCP 41(b) or the Court's inherent authority, and to determine whether subject matter jurisdiction remains should Plaintiff's action be dismissed.

(5) I have personal knowledge of the matters herein except as to those matters which are therein stated upon my information or belief, and as to those matters, I believe them to be true. If called to testify, I could and would do so competently.

(6) On September 22, 2020, the Court set the non-expert discovery deadline as July 23, 2021.

(7) On July 13, 2021 – a mere ten (10) days before the close of discovery – Plaintiff issued five subpoenas on four financial institutions. Plaintiff subpoenaed Bank of America and Merrill Lynch for records relating to the Cohen Parties, the M.A. Cohen Family Savings Trust, and the Michael Cohen Revocable Trust. Plaintiff also subpoenaed Wells Fargo (2 separate

- 2 -

Declaration ISO The Cohen Parties' Ex Parte Application to QUASH Plaintiff's April 3, 2023 Subpoenas and to INVOLUNTARILY DISMISS Plaintiff's Action and to Determine Subject Matter Jursidiction

|   |   |
|---|---|
| | subpoenas) and JP Morgan Chase for records relating to the Defendants Labrador Entertainment, Inc., Labrador Entertainment, LLC, Webb Family Trust, and Noel Webb (collectively, "Labrador Parties"). |
| (8) | On August 5, 2021, an informal discovery conference was held with Judge Rosenbluth regarding the subpoenas. I attended on behalf of my clients. |
| (9) | At the hearing, both the Cohen Parties and the Labrador Parties argued that the subpoenas should be quashed because, among other flaws, they were served only ten days prior to the operative July 23, 2021 non-expert discovery cutoff date imposed by scheduling order issued by the Judge Fitzgerald on September 23, 2020, and there was therefore not a sufficient period of time for compliance. |
| (10) | Judge Rosenbluth reached the same conclusion and quashed all five subpoenas. A true and correct copy of Judge Rosenbluth's order is attached hereto as **EXHIBIT 1.** |
| (11) | Prior to the informal conference, Plaintiff applied *ex parte* for an extension of the discovery cutoff. Around the same time, Plaintiff filed motions for leave to amend its complaint. |
| (12) | On March 30, 2022, Judge Fitzgerald denied Plaintiff's *ex parte* application to extend the discovery cutoff as **moot** based on the denial of Plaintiff's then-concurrently-pending *ex parte* application for leave to amend her complaint. |
| (13) | Plaintiff thereafter did not move or apply to reopen discovery on different grounds. |
| (14) | On April 3, 2023, Plaintiffs issued subpoenas on the same four institutions AGAIN (although only one to Well Fargo). True and correct copies of the subpoenas and the proof of service are collectively attached hereto as **EXHIBIT 2.** |

Declaration ISO The Cohen Parties' Ex Parte Application to QUASH Plaintiff's April 3, 2023 Subpoenas and to INVOLUNTARILY DISMISS Plaintiff's Action and to Determine Subject Matter Jursidiction

(15) As reflected in the records of the California Secretary of State, the primary place of business for the institutions subpoenaed are as follows:

    Bank of America:        Charlotte, North Carolina
    Merrill Lynch:           New York, New York
    JP Morgan Chase:      Columbous, Ohio
    Wells Fargo:            Sioux Falls, South Dakota

True and correct copies of each record, which I obtained from the website for the California Secretary of State, are attached hereto as **EXHIBITS 3, 4, 5, and 6**.

(16) I am informed and believe that Plaintiff failed to meet and confer with either my clients or the Labrador Defendants.

(17) Attached hereto as **EXHIBIT 7** is a true and correct copy of the transcript for a hearing that took place before Judge Fitzgerald on March 23, 2023.

(18) Attached hereto as **EXHIBIT 8** is a true and correct copy of the transcript for a hearing that took place before Judge Fitzgerald on March 27, 2023.

(19) Attached hereto as **EXHIBIT 9** is a true and correct copy of the <u>Order of Judge Rosenbluth</u>, dated July 13, 2021.

(20) In approximately March 2021, a motion filed by Cohen had been under submission for 120 days.

(21) Under Local Rule 83-9.2, all counsel were required to file a paper requesting a decision with the Court. While I was hestitant to bother the Court with this notice given the Court's heavy docket, I nevertheless understood that it was mandatory. No reasonable attorney could think otherwise given the use of the phrase "shall" in the rule.

- 4 -

Declaration ISO The Cohen Parties' Ex Parte Application to QUASH Plaintiff's April 3, 2023 Subpoenas and to INVOLUNTARILY DISMISS Plaintiff's Action and to Determine Subject Matter Jursidiction

(22) In our good faith effort to comply with the rule, my colleague, Daniel Jacobson, and/or I contacted Heather Blaise, attorney for Plaintiff, and asked her to work with us to satisfy the local rule.

(23) Ms. Blaise refused to comply with the rule.

(24) The fact that Ms. Blaise felt presumptuous enough to casually disregard a Local Rule as though it were a mere suggestion was shocking and left my clients in a difficult position. We therefore filed a unilateral notice in our good faith effort to comply with the rule.

(25) Incredulously, Plaintiff **retaliated** against my clients by filing a defective motion for sanctions that Plaintiff had previously appeared to have abandoned. While the motion had no prospect for success because of its plain defects, my clients were forced to expend substantial resources to defend the motion. The motion was denied.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 11th day of April, 2023, in Diamond Bar, California.

_____
Ronak Patel, Declarant