# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

Case No.  **CV 17-6108-MWF (JPRx)**                         Date: **July 13, 2021**
Title:  **Beatbox Music Pty., Ltd. v. Labrador Entertainment, Inc. et al.**
========================================================================
**DOCKET ENTRY: Order re Pending Discovery Motions**
========================================================================
PRESENT:

**HON. JEAN P. ROSENBLUTH, U.S. MAGISTRATE JUDGE**

| Bea Martinez | n/a |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:                ATTORNEYS PRESENT FOR DEFENDANTS:
   None present                                                       None present

**PROCEEDINGS: (IN CHAMBERS)**

The parties have pending three separate discovery motions, set for hearing on July 15.  The Court orders as follows:

1.     <u>Plaintiff's Motion to Compel Discovery</u> (ECF No. 195):  This motion is DENIED because, as Defendants point out, it does not comply with Local Rule 37-2.1.  The motion never identifies which discovery requests are in dispute, much less quote them as well as the opposing party's response, as the rule requires.  Plaintiff attempts to remedy the deficiency in its supplemental memorandum, but that is insufficient because Defendants never had the opportunity to meaningfully respond to the motion.  Given that this is not the first time Plaintiff has failed to follow court rules and deadlines in seeking to compel discovery, the Court declines to expend additional resources to remedy the situation.

2.     <u>Defendant Labrador's Motion to Compel Further Responses to RFPs 11-17</u> (ECF No. 196): The parties' briefing makes clear that they have never met and conferred concerning this motion in good faith.  At the time set for the hearing on July 15, 10 a.m., counsel are ORDERED to meet and confer face to face, over Zoom or a similar platform, to attempt to resolve the disputes or narrow them.  They must stay on the call communicating with each other for an entire hour unless they resolve the disputes entirely before then.  The hearing on the motion is moved to 11 a.m. on

MINUTES FORM 11                                                            Initials of Deputy Clerk bm
CIVIL-GEN

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

| | | |
|---|---|---|
| Case No.: | CV 17-6108-MWF (JPRx) | July 13, 2021 |
| | Beatbox Music Pty. Ltd. v. Labrador Entertainment, Inc. et al. | Page 2 |

---

July 15, by Zoom. At that time, the parties must report to the Court on the progress they have made in resolving these individual disputes. If any of the disputes remain unresolved, the Court will hear them at that time and may sanction any party whose proposals for resolving the disputes are unreasonable, indicating a lack of good faith.

    3.    <u>Defendant Labrador's Motion for a Protective Order</u> (ECF No. 194): As Judge Fitzgerald recently pointed out, the parties, unfortunately, continue to engage in "procedural sideshows." (<u>See</u> Apr. 27, 2021 Order at 3.) Hundreds if not thousands of civil litigants in this Court each year manage to agree on a protective order to govern their case without resorting to motion practice. But the parties here are apparently unwilling or incapable of doing so — even though the Court has posted a sample stipulated protective order on its procedures page on the Court's website. Using that as a starting point, the parties are ORDERED to meet and confer before the 11 a.m. hearing on July 15 in an attempt to resolve this dispute. The Court notes that a good-cause statement is required before a protective order may issue. If counsel can't agree on what constitutes good cause, they may do what many litigants agree to do without requiring Court intervention: qualify the good-cause statement with something like "Defendant believes such-and-such documents may contain confidential information . . . . ." As for a "highly confidential" designation, the time to fight over that is when, after a protective order issues, one party or another designates something as highly confidential that shouldn't be so marked. As stated in the Court's sample protective order, the parties must agree to limit their confidentiality designations to only those documents or portions thereof that qualify and may be sanctioned if they do not do so. "Highly confidential" designations are to be used exceptionally sparingly, and the Court will not countenance wholesale or improper such designations. Finally, any protective order will govern only discovery materials and will not concern the use of such materials at trial or during post-discovery hearings.

    If the parties resolve their dispute concerning a protective order before the

MINUTES FORM 11　　　　　　　　　　　　　　　　　Initials of Deputy Clerk :bm
CIVIL-GEN

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES--GENERAL

| | | |
|---|---|---|
| Case No.: | **CV 17-6108-MWF (JPRx)** | **July 13, 2021** |
| | **Beatbox Music Pty. Ltd. v. Labrador Entertainment, Inc. et al.** | **Page 3** |

-----------------------------------------------------------------

hearing, they should immediately inform the Court and as soon thereafter as possible lodge the stipulated proposed protective order with the Court.

    cc: Judge Fitzgerald

MINUTES FORM 11  
CIVIL-GEN

Initials of Deputy Clerk : bm