BLAISE & NITSCHKE, P.C.
HEATHER L. BLAISE, ESQ. (SBN 261619)
145 S. Wells Street, Suite 1800
Chicago, IL 60606
Telephone: 312-448-6602
Email: hblaise@blaisenitschkelaw.com

Attorneys for Plaintiff,
BEATBOX MUSIC PTY, LTD.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEATBOX MUSIC PTY, LTD., | CASE NO: 2:17-cv-6108 MWF (JPRx) |
| | *Assigned to the Hon. Michael W. Fitzgerald* |
| Plaintiff, | |
| v. | **NOTICE OF SUBPOENAS** |
| LABRADOR ENTERTAINMENT, INC. D/B/A SPIDER CUES MUSIC LIBRARY, a California corporation; NOEL PALMER WEBB, an individual; MICHAEL COHEN, an individual; LABRADOR ENTERTAINMENT, LLC; MCPC HOLDINGS, LLC; WEBB FAMILY TRUST and DOES 1-20, inclusive, | |
| Defendants. | |
| | Trial Date:      April 18, 2023 |
| AND ALL RELATED ACTIONS | FAC:            January 24, 2020 |
| | Cross-Claim Filed: November 21, 2017 |
| | Action Filed:    August 17, 2017 |

**PLEASE TAKE NOTICE** that on the 3rd day of April, 2023, the undersigned issued and caused to be served the attached Subpoenas to Appear and Testify at a Hearing or Trial in a Civil Action to the following:

**Bank of America Corporation**
c/o CT Corporation System
330 N Brand Blvd, Suite 700
Glendale, CA 91203
Certified Mail Receipt No. 7014 2870 0000 3221 9514

**Merrill Lynch, Pierce, Fenner & Smith Incorporated**
c/o CT Corporation System
330 N Brand Blvd, Suite 700
Glendale, CA 91203
Certified Mail Receipt No. 7014 2870 0000 3221 9507

**JPMorgan Chase Bank, N.A.**
c/o CT Corporation System
330 N Brand Blvd, Suite 700
Glendale, CA 91203
Certified Mail Receipt No. 7014 2870 0000 3221 9484

**Wells Fargo Bank, National Association**
c/o Corporation Service Company Which Will Do Business in California as CSC-Lawyers Incorporating Service
2710 Gateway Oaks Drive, Suite 150N
Sacramento, CA 95833-3505
Certified Mail Receipt No. 7014 2870 0000 3221 9491

DATED: April 3, 2023

Respectfully submitted,
**BEATBOX MUSIC PTY, LTD.**
  */s/ Heather L. Blaise*
HEATHER L. BLAISE, ESQ. (SBN 261619)
145 S. Wells Street, Suite 1800
Chicago, IL 60606
Telephone: 312-448-6602
Email: hblaise@blaisenitschkelaw.com
*Attorney for Plaintiff*

## **PROOF OF SERVICE**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Cook, State of Illinois, and my business address is 145 S. Wells Street, Suite 1800, Chicago, Illinois 60606.

On April 3, 2023, I served true copies of the following document(s) described as **Notice of Subpoena and Subpoenas to Appear and Testify at a Hearing or Trial in a Civil Action** on the interested parties in this action as follows:

**BY EMAIL OR ELECTRONIC TRANSMISSION**: By transmitting a true copy of the foregoing document(s) to the email addresses set forth below:

JACOBSON & ASSOCIATES
Dan Jacobson (SBN 134978)
dlj@jacobsonlawyers.com
1352 Irvine Boulevard, Suite 205
Tustin, CA 92780
*Attorney for Michael Cohen and MCPC Holdings, LLC*

DOUGLAS J. ROSNER (SBN 094466)
doug@drosnerlaw.com
2625 Townsgate Road, Suite 330
Westlake Village, CA 91302
*Attorney for Labrador Entertainment, Inc. d/b/a Spider Cues Music Library; Labrador Entertainment, LLC; Noel Palmer Webb; and Webb Family Trust*

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 3rd day of April, 2023 in Chicago, Illinois.

/s/ *Jessica Ann Lesko*
Jessica Ann Lesko

AO 88  (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Central District of California ▾

| | |
|---|---|
| Beatbox Music Pty, Ltd. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 2:17-cv-06108-MWF-JPR |
| Labrador Entertainment, Inc. et al. | ) |
| *Defendant* | ) |

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A CIVIL ACTION

To:      Bank of America Corporation

*(Name of person to whom this subpoena is directed)*

**YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place set forth below to testify at a hearing or trial in this civil action.  When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place: First Street Courthouse 350 West First Street Los Angeles, California 90012 | Courtroom No.: 5A |
|---|---|
| | Date and Time: 04/18/2023 at 8:30 AM |

You must also bring with you the following documents, electronically stored information, or objects *(leave blank if not applicable)*:

### SEE ATTACHED RIDER

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  04/03/2023

*CLERK OF COURT*

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                           Heather L. Blaise
                                                                          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Beatbox Music Pty, Ltd. _____ , who issues or requests this subpoena, are:
Heather L. Blaise; Blaise & Nitschke, P.C., 145 S. Wells Street, Suite 1800, Chicago, IL 60606; hblaise@blaisenitschkelaw.com; (312) 448-6602

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88  (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action  (page 2)

Civil Action No. 2:17-cv-06108-MWF-JPR

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____     on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____                    _____

                                                              *Server's signature*

                                                 _____

                                                              *Printed name and title*

                                                 _____

                                                              *Server's address*

Additional information regarding attempted service, etc.:

AO 88  (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

BLAISE & NITSCHKE, P.C.
HEATHER L. BLAISE, ESQ. (SBN 261619)
145 S. Wells Street, Suite 1800
Chicago, IL 60606
Telephone: 312-448-6602
Email: hblaise@blaisenitschkelaw.com

Attorneys for Plaintiff,
BEATBOX MUSIC PTY, LTD.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEATBOX MUSIC PTY, LTD., | CASE NO: 2:17-cv-6108 MWF (JPRx) |
| | *Assigned to the Hon. Michael W. Fitzgerald* |
| Plaintiff, | |
| v. | **SUBPOENA RIDER** |
| LABRADOR ENTERTAINMENT, INC. D/B/A SPIDER CUES MUSIC LIBRARY, a California corporation; NOEL PALMER WEBB, an individual; MICHAEL COHEN, an individual; LABRADOR ENTERTAINMENT, LLC; MCPC HOLDINGS, LLC; WEBB FAMILY TRUST and DOES 1-20, inclusive, | |
| Defendants. | |
| AND ALL RELATED ACTIONS | Trial Date:        April 18, 2023 FAC:             January 24, 2020 Cross-Claim Filed: November 21, 2017 Action Filed:      August 17, 2017 |

Bank of America Corporation ("Bank of America") is directed to produce the following documents/information specified in this Rider that are in their possession or control in regards.

  **1. Bank Statements.**

*See* the enclosed bank statement excerpts from Merrill Lynch, Fenner & Smith Incorporated ("Merrill") and Bank of America accounts (account nos. 73707770; 73702725; and 325092748288) that show online transfers to and from other Bank of America or Merrill accounts (account nos. 73702725; 73707770; 73727519; 73792719; 73728053; 325092748288; and account ending in 4489).

For those accounts and any other accounts held by Michael Cohen, MCPC Holdings, LLC, M. A. Cohen Family Savings Trust, and the Michael Cohen Revocable Trust, produce bank statements for the years 2014-April 18, 2023.

**2. Account Holders/Signatories**

For the above specified accounts and any other accounts held by the above-referenced defendants, produce all documents/information revealing who the account holders are (with complete contact information), whose name the accounts are in, and who the signatories on the accounts are, and who else has access of any kind of authority of any kind for said accounts (with complete contact information).

**3. Checks**

For the above specified account and any other accounts held by the above-referenced defendants, copies of all checks written from or deposited in said accounts, whether for deposits or withdrawals.

Michael Cohen:

    DOB: July 6, 1977

    Current Address: 1070 South Holt Avenue, No. 104, Los Angeles, CA 90035

    Previous Addresses: 4400 Motor Avenue, Culver City, CA 90232,

        1537 S Wooster Street, No. 105, Los Angeles, CA 90035

MCPC HOLDINGS LLC   Account Number: ███████   **24-Hour Assistance:  (866) 4MLBUSINESS**

## *YOUR WCMA ASSETS*

September 01, 2017 - September 29, 2017

| LONG  PORTFOLIO | Adjusted/Total Cost Basis | Estimated Market Value | Unrealized Gain/(Loss) | Estimated Accrued Interest | Estimated Annual Income | Current Yield% |
|---|---|---|---|---|---|---|
| **TOTAL** | 6,615.31 | **11,986.92** | 5,371.61 | | **229** | 1.91 |

## *YOUR WCMA TRANSACTIONS*

### DIVIDENDS/INTEREST INCOME TRANSACTIONS

| Date | Transaction Type | Quantity | Description | Income | Income Year To Date |
|---|---|---|---|---|---|
| **Taxable Dividends** | | | | | |
| 09/29 | *Dividend | | BANK OF AMERICA CORP | 56.28 | |
| | | | HOLDING 469.0000 | | |
| | | | PAY DATE 09/29/2017 | | |
| | *Subtotal (Taxable Dividends)* | | | *56.28* | *56.28* |
| | **NET TOTAL** | | | **56.28** | **56.28** |

### SECURITIES YOU TRANSFERRED IN/OUT

| Date | Description | Transaction Type | Quantity | Value of Securities | Year To Date |
|---|---|---|---|---|---|
| 09/01 | BANK OF AMERICA CORP | Transfer / Adjustment | 469.0000 | 11,298.21 | |
| | TR FROM 73728053 | | | | |
| 09/07 | BANK OF AMERICA CORP | Transfer / Adjustment | .4451 | 10.22 | |
| | TRANSFER FROM 737-28053 | | | | |
| | FRAC SHARE QTY TRF .4451 | | | | |
| | **NET TOTAL** | | | **11,308.43** | **11,308.43** |

### CASH/OTHER TRANSACTIONS

| Date | Transaction Type | Quantity | Description | Debit | Credit |
|---|---|---|---|---|---|
| **Other Debits/Credits** | | | | | |
| 09/01 | Transfer / Adjustment | | TR FROM 73728053 | | 34.90 |
| | *Subtotal (Other Debits/Credits)* | | | | *34.90* |
| | **NET TOTAL** | | | | **34.90** |

+



**MCPC HOLDINGS LLC**                                    Account Number: ▮▮▮▮▮▮▮

## YOUR WCMA TRANSACTIONS                               September 01, 2017 - September 29, 2017

**SECURITIES YOU TRANSFERRED IN/OUT** (continued)

| Date | Description | Transaction Type | Quantity | Value of Securities | Year To Date |
|------|-------------|------------------|----------|---------------------|--------------|
| 09/15 | VOYA CORPORATE LEADERS<br>100 FUND CL I<br>TR FROM 73727519 | Transfer / Adjustment | 2,750.0000 | 58,080.00 | |
| 09/15 | AMER FUNDS AMERICAN<br>BALANCED FUND CL F2<br>TR FROM 73727519 | Transfer / Adjustment | 1,169.0000 | 31,434.41 | |
| 09/15 | COLUMBIA BALANCED FD<br>TR FROM 73727519 | Transfer / Adjustment | 1,298.0000 | 52,737.74 | |
| | **NET TOTAL** | | | **1,687,106.34** | **1,687,106.34** |

**CASH/OTHER TRANSACTIONS**

| Date | Transaction Type | Quantity | Description | Debit | Credit |
|------|------------------|----------|-------------|-------|--------|
| **Other Debits/Credits** | | | | | |
| 09/15 | Transfer / Adjustment | | TR FROM 73727519 | | 51,080.16 |
| 09/20 | Transfer / Adjustment | | TR TO 73702719<br>N/O MCPC HOLDINGS LLC | 20,000.00 | |
| | **Subtotal (Other Debits/Credits)** | | | **20,000.00** | **51,080.16** |
| | **NET TOTAL** | | | | **31,080.16** |

## YOUR WCMA MONEY ACCOUNT TRANSACTIONS

| Date | Description | Withdrawals | Deposits | Date | Description | Withdrawals | Deposits |
|------|-------------|-------------|----------|------|-------------|-------------|----------|
| 09/18 | ML BANK DEPOSIT PROGRAM | | 51,080.00 | 09/25 | ML BANK DEPOSIT PROGRAM | | 24,077.00 |
| 09/20 | ML BANK DEPOSIT PROGRAM | 20,000.00 | | 09/26 | ML BANK DEPOSIT PROGRAM | | 335.00 |
| 09/21 | ML BANK DEPOSIT PROGRAM | 24,000.00 | | 09/29 | ML BANK DEPOSIT PROGRAM | | 156.00 |
| | **NET TOTAL** | | | | | | **31,648.00** |

+



Online at: **www.mymerrill.com**      Account Number: ▮▮▮▮▮▮      **24-Hour Assistance: (866) 4MLBUSINESS**

MCPC HOLDINGS LLC
PLEDGED TO ML LENDER
1537 S WOOSTER ST APT 105
LOS ANGELES CA 90035-3498

### Net Portfolio Value:      $1,964,791.98

Your Financial Advisor:
BARRY WEALTH MANAGEMENT GROUP
1 TOWN CENTER RD 9TH FLOOR
BOCA RATON FL    33486
1-800-937-0455

# ■ Michael LLC
This account is enrolled in the Merrill Lynch Investment Advisory Program          December 30, 2017 - January 31, 2018

|  | This Statement | Year to Date |
|---|---|---|
| **Opening Value** (12/30) | **$1,862,589.04** |  |
| Total Credits | 15,483.58 | 15,483.58 |
| Total Debits | (1,027.14) | (1,027.14) |
| Securities You Transferred In/Out | - | - |
| Market Gains/(Losses) | 87,746.50 | 87,746.50 |
| **Closing Value** (01/31) | **$1,964,791.98** |  |

This account is pledged as collateral for Loan Management Account # 737-02719

## ASSETS

|  | January 31 | December 29 |
|---|---|---|
| Cash/Money Accounts | 61,737.00 | 47,118.02 |
| Fixed Income | - | - |
| Equities | 587,697.66 | 566,957.16 |
| Mutual Funds | 1,315,360.36 | 1,248,513.86 |
| Options | - | - |
| Other | - | - |
| *Subtotal (Long Portfolio)* | *1,964,795.02* | *1,862,589.04* |
| **TOTAL ASSETS** | **$1,964,795.02** | **$1,862,589.04** |

## LIABILITIES

|  |  |  |
|---|---|---|
| Debit Balance | (3.04) | - |
| Short Market Value | - | - |
| **TOTAL LIABILITIES** | **(3.04)** | - |
| **NET PORTFOLIO VALUE** | **$1,964,791.98** | **$1,862,589.04** |

*Merrill Lynch Wealth Management makes available products and services offered by Merrill Lynch, Pierce, Fenner & Smith Incorporated (MLPF&S) and other subsidiaries of Bank of America Corporation.  MLPF&S is a registered broker-dealer, Member Securities Investor Protection Corporation (SIPC) and a wholly owned subsidiary of Bank of America Corporation.  Investment products:* | Are Not FDIC Insured | Are Not Bank Guaranteed | May Lose Value |

021      4438      MCPC 000233    *3 of 27*

MCPC HOLDINGS LLC                    Account Number: ▇▇▇▇▇▇▇                    **24-Hour Assistance:  (866) 4MLBUSINESS**

## *YOUR WCMA TRANSACTIONS*
December 30, 2017 - January 31, 2018

**CASH/OTHER TRANSACTIONS** (continued)

| Date | Transaction Type | Quantity | Description | Debit | Credit |
|---|---|---|---|---|---|
| **Electronic Transfers** | | | | | |
| 01/30 | Funds Received | | FR BAC#325092748288 MCPC HOLDINGS LLC | | 4,770.00 |
| | ***Subtotal (Electronic Transfers)*** | | | | ***4,770.00*** |
| **Other Debits/Credits** | | | | | |
| 01/29 | Foreign Tax Withholding | | CANADIAN PACIFIC RAILWAY LTD PAY DATE 01/29/2018 | 6.84 | |
| 01/31 | Foreign Tax Withholding | | CANADIAN PACIFIC RAILWAY LTD PAYDATE 01/29/18 | | 6.84 |
| 01/31 | Foreign Tax Withholding | | CANADIAN PACIFIC RAILWAY LTD PAYDATE 01/29/18 | 11.40 | |
| | ***Subtotal (Other Debits/Credits)*** | | | ***18.24*** | ***6.84*** |
| | **NET TOTAL** | | | | **14,241.93** |

**ADVISORY AND OTHER FEES**

| Date | Fee Type | Quantity | Description | Debit | Credit |
|---|---|---|---|---|---|
| 01/03 | Advisory Program Fee | | INV. ADVISORY FEE JAN | 1,008.90 | |
| | **NET TOTAL** | | | **1,008.90** | |

## *YOUR WCMA MONEY ACCOUNT TRANSACTIONS*

| Date | Description | Withdrawals | Deposits | Date | Description | Withdrawals | Deposits |
|---|---|---|---|---|---|---|---|
| 01/02 | ML BANK DEPOSIT PROGRAM | | 1.00 | 01/22 | ML BANK DEPOSIT PROGRAM | | 774.00 |

+

021                                              4438                    **MCPC 000254**  *24 of 27*

MCPC HOLDINGS LLC                    Account Number: ▓▓▓▓▓▓        **24-Hour Assistance:  (866) 4MLBUSINESS**

## *YOUR WCMA TRANSACTIONS*

November 30, 2019 - December 31, 2019

### DIVIDENDS/INTEREST INCOME TRANSACTIONS

| Date | Description | Transaction Type | Quantity | Reinvestment | Income | Income Year To Date |
|------|-------------|------------------|----------|--------------|--------|---------------------|
| **Taxable Dividends** | | | | | | |
| 12/27 | BANK OF AMERICA CORP | * Dividend | | | 87.94 | |
| | HOLDING 488.5500 PAY DATE 12/27/2019 | | | | | |
| 12/27 | BANK OF AMERICA CORP | Reinvestment Program | | (87.94) | | |
| 12/27 | BANK OF AMERICA CORP | Reinvestment Share(s) | 2.4666 | | | |
| | PRINCIPAL REINV AMOUNT   $87.94 REINV PRICE  $35.65200 QUANTITY BOT   2.4666 | | | | | |
| | *Subtotal (Taxable Dividends)* | | | | *87.94* | *319.90* |
| | **NET TOTAL** | | | **(87.94)** | **87.94** | **319.90** |

### CASH/OTHER TRANSACTIONS

| Date | Description | Transaction Type | Quantity | Debit | Credit |
|------|-------------|------------------|----------|-------|--------|
| **Other Debits/Credits** | | | | | |
| 12/11 | TR FROM 73707770 | Transfer / Adjustment | | | 300.00 |
| | *Subtotal (Other Debits/Credits)* | | | | *300.00* |
| | **NET TOTAL** | | | | **300.00** |

### ADVISORY AND OTHER FEES

| Date | Fee Type | Quantity | Description | Debit | Credit |
|------|----------|----------|-------------|-------|--------|
| 12/12 | Business Account Fee | | ACCOUNT FEE | 300.00 | |
| | **NET TOTAL** | | | **300.00** | |

4438

**MCPC 000638**   *6 of 8*



MCPC HOLDINGS LLC                                   Account Number: ▮▮▮▮▮▮

## *YOUR WCMA TRANSACTIONS*

November 30, 2019 - December 31, 2019

**REALIZED GAINS/(LOSSES)**

| Description | Quantity | Acquired Date | Liquidation Date | Sale Amount | Cost Basis | Gains/(Losses) ✪ This Statement | Year to Date |
|---|---|---|---|---|---|---|---|
| EXXON MOBIL CORP    COM | 300.0000 | N/A | 12/11/19 | 20,721.14 | N/A | N/A | |
| x ALGER SPECTRA FUND | 1187.7080 | 08/28/12 | 12/11/19 | 28,600.01 | 16,740.20 | 11,859.81 | |
| *Subtotal (Long-Term)* | | | | | | *11,859.81* | *39,485.26* |
| *Subtotal (Short-Term)* | | | | | | | *384.74* |
| **TOTAL** | | | | **49,321.15** | **16,740.20** | **11,859.81** | **39,870.00** |

✪ - Excludes transactions for which we have insufficient data

X The cost basis on the sale or redemption of this security is determined utilizing the First-In First-Out (FIFO) accounting methodology. If you transferred this security to Merrill Lynch from another firm, the cost basis may have been reported to you by the other firm using an average cost methodology. If you previously used an average cost methodology in reporting sales transactions of this security to the IRS, you may need to use an adjusted basis other than the one shown above. Please consult your tax advisor for more information.

N/A - Results which cannot be calculated because of insufficient data are reflected by an N/A entry in the capital gain or (loss) column and are not included in the realized capital gain and loss summary.

The capital gains and losses shown above may not reflect all transactions which must be reported on your 2019 tax return. These reportable transactions will appear on your January statement.

**CASH/OTHER TRANSACTIONS**

| Date | Description | Transaction Type | Quantity | Debit | Credit |
|---|---|---|---|---|---|
| **Other Debits/Credits** | | | | | |
| 12/05 | TR TO 73702719 | Transfer / Adjustment | | 3,500.00 | |
| | N/O MCPC HOLDINGS LLC | | | | |
| 12/11 | TR TO 73702725 | Transfer / Adjustment | | 300.00 | |
| | N/O MCPC HOLDINGS LLC | | | | |
| | *Subtotal (Other Debits/Credits)* | | | *3,800.00* | |
| | **NET TOTAL** | | | **3,800.00** | |

+

022                                                   4438                                   **MCPC 000945** *29 of 32*



**Your checking account**

MCPC HOLDINGS LLC   |   Account #▬▬▬▬▬   |   November 1, 2020 to November 30, 2020

# Deposits and other credits

| Date | Description | | | Amount |
|---|---|---|---|---|
| 11/24/20 | Online Banking transfer from CHK 4489 Confirmation# 1324264207 | | | 1,125.70 |
| 11/24/20 | BKOFAMERICA MOBILE 11/24 3699494357 DEPOSIT | *MOBILE | CA | 1,082.08 |
| 11/24/20 | BKOFAMERICA MOBILE 11/24 3699496319 DEPOSIT | *MOBILE | CA | 110.94 |
| **Total deposits and other credits** | | | | **$2,318.72** |

# Service fees

The Monthly Fee on your Business Fundamentals Checking account was waived for the statement period ending 10/30/20. A check mark below indicates the requirement(s) you have met to qualify for the Monthly Fee waiver on the account.

○ $250+ in new net purchases on a linked Business debit card

○ $250+ in new net purchases on a linked Business credit card

✓ $3,000+ minimum daily balance in primary checking account

○ $5,000+ average monthly balance in primary checking account

○ $15,000+ combined average monthly balance in linked business accounts

○ enrolled in Preferred Rewards for Business

For information on how to open a new product, link an existing service to your account, or about Preferred Rewards for Business please call 1.888.BUSINESS or visit bankofamerica.com/smallbusiness.

BANK OF AMERICA BUSINESS ADVANTAGE

## Thanks. Your business means a lot to us.

When you're running a small business, a little personal attention can make a big difference. Our small business specialists will work with you to help strengthen your business and plan for the future.
Visit **bankofamerica.com/SmallBusiness** to learn more.

SSM-01-20-2149.B  |  2875325

MCPC 001610

AO 88  (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California ▾

| | |
|---|---|
| Beatbox Music Pty. Ltd. | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No.  2:17-cv-06108-MWF-JPR |
| Labrador Entertainment, Inc. et al. | ) |
| *Defendant* | ) |

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A CIVIL ACTION

To:    JPMorgan Chase Bank, N.A.

*(Name of person to whom this subpoena is directed)*

    **YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place set forth below to testify at a hearing or trial in this civil action.  When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place:  First Street Courthouse<br>350 West First Street<br>Los Angeles, California 90012 | Courtroom No.:  5A |
|---|---|
| | Date and Time:  04/18/2023 at 8:30 AM |

    You must also bring with you the following documents, electronically stored information, or objects *(leave blank if not applicable)*:

### SEE ATTACHED RIDER

    The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    04/03/2023

        *CLERK OF COURT*

                                      OR

                                                                   Heather L. Blaise

        *Signature of Clerk or Deputy Clerk*                           *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____

        Beatbox Music Pty. Ltd. _____ , who issues or requests this subpoena, are:

Heather L. Blaise; Blaise & Nitschke, P.C., 145 S. Wells Street, Suite 1800, Chicago, IL 60606; hblaise@blaisenitschkelaw.com; (312) 448-6602

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88  (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action  (page 2)

Civil Action No. 2:17-cv-06108-MWF-JPR

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88  (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

BLAISE & NITSCHKE, P.C.
HEATHER L. BLAISE, ESQ. (SBN 261619)
145 S. Wells Street, Suite 1800
Chicago, IL 60606
Telephone: 312-448-6602
Email: hblaise@blaisenitschkelaw.com

Attorneys for Plaintiff,
BEATBOX MUSIC PTY, LTD.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEATBOX MUSIC PTY, LTD.,<br><br>Plaintiff,<br><br>v.<br><br>LABRADOR ENTERTAINMENT, INC. D/B/A SPIDER CUES MUSIC LIBRARY, a California corporation; NOEL PALMER WEBB, an individual; MICHAEL COHEN, an individual; LABRADOR ENTERTAINMENT, LLC; MCPC HOLDINGS, LLC; WEBB FAMILY TRUST and DOES 1-20, inclusive,<br>Defendants. | CASE NO: 2:17-cv-6108 MWF (JPRx)<br>*Assigned to the Hon. Michael W. Fitzgerald*<br><br>**SUBPOENA RIDER** |
| AND ALL RELATED ACTIONS | Trial Date:        April 18, 2023<br>FAC:              January 24, 2020<br>Cross-Claim Filed: November 21, 2017<br>Action Filed:     August 17, 2017 |

JP Morgan Chase Bank, N.A. ("Chase Bank"), is directed to produce the following documents/information specified in this Rider that are in their possession or control in regards.

**1. Bank Statements.**

*See* enclosed corporate governance document providing for the opening of a Chase bank account (account no. 831807388) for Labrador Entertainment, Inc.

For that account and any other accounts held by Labrador Entertainment, Inc., Labrador Entertainment, LLC, Noel Palmer Webb, or the Webb Family Trust, produce bank statements for the years 2014-April 18, 2023.

### 2. Account Holders/Signatories

For the above specified account and any other accounts held by the above-referenced defendants, produce all documents/information revealing who the account holders are (with complete contact information), whose name the accounts are in, and who the signatories on the accounts are, and who else has access of any kind of authority of any kind for said accounts (with complete contact information).

### 3. Checks

For the above specified account and any other accounts held by the above-referenced defendants, copies of all checks written from or deposited in said accounts, whether for deposits or withdrawals.

Noel Palmer Webb:

DOB: May 10, 1952

Address: 22400 Sentar Road, Woodland Hills, CA 91364

## CORPORATE RESOLUTION OF
## LABRADOR ENTERTAINMENT, INC.

BE IT RESOLVED, that a meeting was called on May 10, 2016, and a motion became before the shareholders present, and it was decided that Labrador Entertainment, Inc., open a checking account #831807388 for Labrador Entertainment, Inc at Chase Bank in CA by depositing $2000 into the account, transferred from it's previous account at Wells Fargo. No other issues came before the corporation and the meeting was adjourned.

LABRADOR ENTERTAINMENT, INC

By: _____
    Noel Webb, President

Date: ___11/64/2√___      By: _____
    Noel Webb, Sec'y

THE ACTUAL EVEN TOOL PLACE ON MAY 10, 2016

4515

ATTORNEY EYES ONLY

AO 88  (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California ▾

| | |
|---|---|
| Beatbox Music Pty, Ltd. | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No.  2:17-cv-06108-MWF-JPR |
| Labrador Entertainment, Inc. et al. | ) |
| *Defendant* | ) |

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A CIVIL ACTION

To:    Merrill Lynch, Pierce, Fenner & Smith, Inc.

*(Name of person to whom this subpoena is directed)*

    **YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place set forth below to testify at a hearing or trial in this civil action.  When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| | | |
|---|---|---|
| Place:  First Street Courthouse<br>350 West First Street<br>Los Angeles, California 90012 | Courtroom No.:  5A | |
| | Date and Time:  04/18/2023 at 8:30 AM | |

    You must also bring with you the following documents, electronically stored information, or objects *(leave blank if not applicable)*:

### SEE ATTACHED RIDER

    The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   04/03/2023

                *CLERK OF COURT*

                                          OR

|  |  |
|---|---|
| *Signature of Clerk or Deputy Clerk* | Heather L. Blaise<br>*Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
         Beatbox Music Pty, Ltd.        , who issues or requests this subpoena, are:
Heather L. Blaise; Blaise & Nitschke, P.C., 145 S. Wells Street, Suite 1800, Chicago, IL 60606; hblaise@blaisenitschkelaw.com; (312) 448-6602

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88  (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action  (page 2)

Civil Action No. 2:17-cv-06108-MWF-JPR

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0.00___ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88  (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

1  BLAISE & NITSCHKE, P.C.
2  HEATHER L. BLAISE, ESQ. (SBN 261619)
   145 S. Wells Street, Suite 1800
3  Chicago, IL 60606
   Telephone: 312-448-6602
4  Email: hblaise@blaisenitschkelaw.com
5
6  Attorneys for Plaintiff,
   BEATBOX MUSIC PTY, LTD.
7
8              UNITED STATES DISTRICT COURT
9             CENTRAL DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| 11  BEATBOX MUSIC PTY, LTD., | CASE NO: 2:17-cv-6108 MWF (JPRx) |
| 12  Plaintiff, | *Assigned to the Hon. Michael W. Fitzgerald* |
| 13  v. | |
| 14  LABRADOR ENTERTAINMENT, INC. | **SUBPOENA RIDER** |
| 15  D/B/A SPIDER CUES MUSIC | |
|     LIBRARY, a California corporation; | |
| 16  NOEL PALMER WEBB, an individual; | |
| 17  MICHAEL COHEN, an individual; | |
| 18  LABRADOR ENTERTAINMENT, LLC; | |
|     MCPC HOLDINGS, LLC; WEBB | |
| 19  FAMILY TRUST and DOES 1-20, | |
| 20  inclusive, | |
|          Defendants. | |
| 21 | Trial Date:        April 18, 2023 |
| 22  AND ALL RELATED ACTIONS | FAC:               January 24, 2020 |
| 23 | Cross-Claim Filed: November 21, 2017 |
|    | Action Filed:      August 17, 2017 |
| 24 | |

25       Merrill Lynch, Pierce, Fenner & Smith Incorporated ("Merrill") is directed to
26  produce the following documents/information specified in this Rider that are in their
27  possession or control in regards.
28       **1.  Bank Statements.**

*See* the enclosed bank statement excerpts from Merrill and Bank of America accounts (account nos. 73707770; 73702725; and 325092748288) that show online transfers to and from other Bank of America or Merrill accounts (account nos. 73702725; 73707770; 73727519; 73792719; 73728053; 325092748288; and account ending in 4489).

For those accounts and any other accounts held by Michael Cohen, MCPC Holdings, LLC, M. A. Cohen Family Savings Trust, and the Michael Cohen Revocable Trust, produce bank statements for the years 2014-April 18, 2023.

### 2. Account Holders/Signatories

For the above specified accounts and any other accounts held by the above-referenced defendants, produce all documents/information revealing who the account holders are (with complete contact information), whose name the accounts are in, and who the signatories on the accounts are, and who else has access of any kind of authority of any kind for said accounts (with complete contact information).

### 3. Checks

For the above specified account and any other accounts held by the above-referenced defendants, copies of all checks written from or deposited in said accounts, whether for deposits or withdrawals.

Michael Cohen:

    DOB: July 6, 1977

    Current Address: 1070 South Holt Avenue, No. 104, Los Angeles, CA 90035

    Previous Addresses: 4400 Motor Avenue, Culver City, CA 90232,

        1537 S Wooster Street, No. 105, Los Angeles, CA 90035

MCPC HOLDINGS LLC                    Account Number: ███████        **24-Hour Assistance:  (866) 4MLBUSINESS**

## *YOUR WCMA ASSETS*

*September 01, 2017 - September 29, 2017*

| LONG  PORTFOLIO | Adjusted/Total Cost Basis | Estimated Market Value | Unrealized Gain/(Loss) | Estimated Accrued Interest | Estimated Annual Income | Current Yield% |
|---|---|---|---|---|---|---|
| **TOTAL** | 6,615.31 | **11,986.92** | 5,371.61 | | **229** | 1.91 |

## *YOUR WCMA TRANSACTIONS*

### DIVIDENDS/INTEREST INCOME TRANSACTIONS

| Date | Transaction Type | Quantity | Description | Income | Income Year To Date |
|---|---|---|---|---|---|
| **Taxable Dividends** | | | | | |
| 09/29 | *Dividend | | BANK OF AMERICA CORP | 56.28 | |
| | | | HOLDING 469.0000 | | |
| | | | PAY DATE 09/29/2017 | | |
| | *Subtotal (Taxable Dividends)* | | | *56.28* | *56.28* |
| | **NET TOTAL** | | | **56.28** | **56.28** |

### SECURITIES YOU TRANSFERRED IN/OUT

| Date | Description | Transaction Type | Quantity | Value of Securities | Year To Date |
|---|---|---|---|---|---|
| 09/01 | BANK OF AMERICA CORP | Transfer / Adjustment | 469.0000 | 11,298.21 | |
| | TR FROM 73728053 | | | | |
| 09/07 | BANK OF AMERICA CORP | Transfer / Adjustment | .4451 | 10.22 | |
| | TRANSFER FROM 737-28053 | | | | |
| | FRAC SHARE QTY TRF .4451 | | | | |
| | **NET TOTAL** | | | **11,308.43** | **11,308.43** |

### CASH/OTHER TRANSACTIONS

| Date | Transaction Type | Quantity | Description | Debit | Credit |
|---|---|---|---|---|---|
| **Other Debits/Credits** | | | | | |
| 09/01 | Transfer / Adjustment | | TR FROM 73728053 | | 34.90 |
| | *Subtotal (Other Debits/Credits)* | | | | *34.90* |
| | **NET TOTAL** | | | | **34.90** |

+

008                                                    4438                    **MCPC 000006**  *6 of 9*



**MCPC HOLDINGS LLC**                                      Account Number: ▉▉▉▉▉▉▉.

## *YOUR WCMA TRANSACTIONS*                                September 01, 2017 - September 29, 2017

**SECURITIES YOU TRANSFERRED IN/OUT** (continued)

| Date | Description | Transaction Type | Quantity | Value of Securities | Year To Date |
|------|-------------|------------------|----------|---------------------|--------------|
| 09/15 | VOYA CORPORATE LEADERS<br>100 FUND CL I<br>TR FROM 73727519 | Transfer / Adjustment | 2,750.0000 | 58,080.00 | |
| 09/15 | AMER FUNDS AMERICAN<br>BALANCED FUND CL F2<br>TR FROM 73727519 | Transfer / Adjustment | 1,169.0000 | 31,434.41 | |
| 09/15 | COLUMBIA BALANCED FD<br>TR FROM 73727519 | Transfer / Adjustment | 1,298.0000 | 52,737.74 | |
| | **NET TOTAL** | | | **1,687,106.34** | **1,687,106.34** |

**CASH/OTHER TRANSACTIONS**

| Date | Transaction Type | Quantity | Description | Debit | Credit |
|------|------------------|----------|-------------|-------|--------|
| **Other Debits/Credits** | | | | | |
| 09/15 | Transfer / Adjustment | | TR FROM 73727519 | | 51,080.16 |
| 09/20 | Transfer / Adjustment | | TR TO 73702719<br>N/O MCPC HOLDINGS LLC | 20,000.00 | |
| | **Subtotal (Other Debits/Credits)** | | | **20,000.00** | **51,080.16** |
| | **NET TOTAL** | | | | **31,080.16** |

## *YOUR WCMA MONEY ACCOUNT TRANSACTIONS*

| Date | Description | Withdrawals | Deposits | Date | Description | Withdrawals | Deposits |
|------|-------------|-------------|----------|------|-------------|-------------|----------|
| 09/18 | ML BANK DEPOSIT PROGRAM | | 51,080.00 | 09/25 | ML BANK DEPOSIT PROGRAM | | 24,077.00 |
| 09/20 | ML BANK DEPOSIT PROGRAM | 20,000.00 | | 09/26 | ML BANK DEPOSIT PROGRAM | | 335.00 |
| 09/21 | ML BANK DEPOSIT PROGRAM | 24,000.00 | | 09/29 | ML BANK DEPOSIT PROGRAM | | 156.00 |
| | **NET TOTAL** | | | | | | **31,648.00** |

+



**Online at: www.mymerrill.com**          Account Number: ▮▮▮▮          **24-Hour Assistance: (866) 4MLBUSINESS**

MCPC HOLDINGS LLC
PLEDGED TO ML LENDER
1537 S WOOSTER ST APT 105
LOS ANGELES CA 90035-3498

## Net Portfolio Value:          $1,964,791.98

Your Financial Advisor:
BARRY WEALTH MANAGEMENT GROUP
1 TOWN CENTER RD 9TH FLOOR
BOCA RATON FL    33486
1-800-937-0455

# ◼ Michael LLC

This account is enrolled in the Merrill Lynch Investment Advisory Program          *December 30, 2017 - January 31, 2018*

|  | *This Statement* | *Year to Date* |
|---|---|---|
| **Opening Value** (12/30) | **$1,862,589.04** | |
| Total Credits | 15,483.58 | 15,483.58 |
| Total Debits | (1,027.14) | (1,027.14) |
| Securities You Transferred In/Out | - | - |
| Market Gains/(Losses) | 87,746.50 | 87,746.50 |
| **Closing Value** (01/31) | **$1,964,791.98** | |

This account is pledged as collateral for Loan Management Account # 737-02719

## ASSETS

|  | *January 31* | *December 29* |
|---|---|---|
| Cash/Money Accounts | 61,737.00 | 47,118.02 |
| Fixed Income | - | - |
| Equities | 587,697.66 | 566,957.16 |
| Mutual Funds | 1,315,360.36 | 1,248,513.86 |
| Options | - | - |
| Other | - | - |
| *Subtotal (Long Portfolio)* | *1,964,795.02* | *1,862,589.04* |
| **TOTAL ASSETS** | **$1,964,795.02** | **$1,862,589.04** |

## LIABILITIES

|  |  |  |
|---|---|---|
| Debit Balance | (3.04) | - |
| Short Market Value | - | - |
| **TOTAL LIABILITIES** | **(3.04)** | **-** |
| **NET PORTFOLIO VALUE** | **$1,964,791.98** | **$1,862,589.04** |

*Merrill Lynch Wealth Management makes available products and services offered by Merrill Lynch, Pierce, Fenner & Smith Incorporated (MLPF&S) and other subsidiaries of Bank of America Corporation. MLPF&S is a registered broker-dealer, Member Securities Investor Protection Corporation (SIPC) and a wholly owned subsidiary of Bank of America Corporation. Investment products:* | Are Not FDIC Insured | Are Not Bank Guaranteed | May Lose Value |

021                                        4438                    MCPC 000233    *3 of 27*

MCPC HOLDINGS LLC                     Account Number: ▓▓▓▓▓▓▓              **24-Hour Assistance: (866) 4MLBUSINESS**

## *YOUR WCMA TRANSACTIONS*

December 30, 2017 - January 31, 2018

**CASH/OTHER TRANSACTIONS** (continued)

| Date | Transaction Type | Quantity | Description | Debit | Credit |
|------|------------------|----------|-------------|-------|--------|
| **Electronic Transfers** | | | | | |
| 01/30 | Funds Received | | FR BAC#325092748288 MCPC HOLDINGS LLC | | 4,770.00 |
| | *Subtotal (Electronic Transfers)* | | | | *4,770.00* |
| **Other Debits/Credits** | | | | | |
| 01/29 | Foreign Tax Withholding | | CANADIAN PACIFIC RAILWAY LTD PAY DATE 01/29/2018 | 6.84 | |
| 01/31 | Foreign Tax Withholding | | CANADIAN PACIFIC RAILWAY LTD PAYDATE 01/29/18 | | 6.84 |
| 01/31 | Foreign Tax Withholding | | CANADIAN PACIFIC RAILWAY LTD PAYDATE 01/29/18 | 11.40 | |
| | *Subtotal (Other Debits/Credits)* | | | *18.24* | *6.84* |
| | **NET TOTAL** | | | | **14,241.93** |

**ADVISORY AND OTHER FEES**

| Date | Fee Type | Quantity | Description | Debit | Credit |
|------|----------|----------|-------------|-------|--------|
| 01/03 | Advisory Program Fee | | INV. ADVISORY FEE JAN | 1,008.90 | |
| | **NET TOTAL** | | | **1,008.90** | |

## *YOUR WCMA MONEY ACCOUNT TRANSACTIONS*

| Date | Description | Withdrawals | Deposits | Date | Description | Withdrawals | Deposits |
|------|-------------|-------------|----------|------|-------------|-------------|----------|
| 01/02 | ML BANK DEPOSIT PROGRAM | | 1.00 | 01/22 | ML BANK DEPOSIT PROGRAM | | 774.00 |

+

021                                              4438                    **MCPC 000254**  *24 of 27*

MCPC HOLDINGS LLC                    Account Number: ▮▮▮▮▮▮▮            **24-Hour Assistance:  (866) 4MLBUSINESS**

## *YOUR WCMA TRANSACTIONS*

November 30, 2019 - December 31, 2019

### DIVIDENDS/INTEREST INCOME TRANSACTIONS

| Date | Description | Transaction Type | Quantity | Reinvestment | Income | Income Year To Date |
|---|---|---|---|---|---|---|
| **Taxable Dividends** | | | | | | |
| 12/27 | BANK OF AMERICA CORP | * Dividend | | | 87.94 | |
| | HOLDING 488.5500 PAY DATE 12/27/2019 | | | | | |
| 12/27 | BANK OF AMERICA CORP | Reinvestment Program | | (87.94) | | |
| 12/27 | BANK OF AMERICA CORP | Reinvestment Share(s) | 2.4666 | | | |
| | PRINCIPAL REINV AMOUNT   $87.94 REINV PRICE  $35.65200 QUANTITY BOT | | 2.4666 | | | |
| | *Subtotal (Taxable Dividends)* | | | | *87.94* | *319.90* |
| | **NET TOTAL** | | | **(87.94)** | **87.94** | **319.90** |

### CASH/OTHER TRANSACTIONS

| Date | Description | Transaction Type | Quantity | Debit | Credit |
|---|---|---|---|---|---|
| **Other Debits/Credits** | | | | | |
| 12/11 | TR FROM 73707770 | Transfer / Adjustment | | | 300.00 |
| | *Subtotal (Other Debits/Credits)* | | | | *300.00* |
| | **NET TOTAL** | | | | **300.00** |

### ADVISORY AND OTHER FEES

| Date | Fee Type | Quantity | Description | Debit | Credit |
|---|---|---|---|---|---|
| 12/12 | Business Account Fee | | ACCOUNT FEE | 300.00 | |
| | **NET TOTAL** | | | **300.00** | |



**MCPC HOLDINGS LLC**                                          Account Number: ▇▇▇▇▇▇▇

## *YOUR WCMA TRANSACTIONS*                                        November 30, 2019 - December 31, 2019

**REALIZED GAINS/(LOSSES)**

| | Description | Quantity | Acquired Date | Liquidation Date | Sale Amount | Cost Basis | Gains/(Losses) ✿ | |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | *This Statement* | *Year to Date* |
| | EXXON MOBIL CORP    COM | 300.0000 | N/A | 12/11/19 | 20,721.14 | N/A | N/A | |
| x | ALGER SPECTRA FUND | 1187.7080 | 08/28/12 | 12/11/19 | 28,600.01 | 16,740.20 | 11,859.81 | |
| | *Subtotal (Long-Term)* | | | | | | *11,859.81* | *39,485.26* |
| | *Subtotal (Short-Term)* | | | | | | | *384.74* |
| | **TOTAL** | | | | **49,321.15** | **16,740.20** | **11,859.81** | **39,870.00** |

✿ - Excludes transactions for which we have insufficient data

X The cost basis on the sale or redemption of this security is determined utilizing the First-In First-Out (FIFO) accounting methodology. If you transferred this security to Merrill Lynch from another firm, the cost basis may have been reported to you by the other firm using an average cost methodology. If you previously used an average cost methodology in reporting sales transactions of this security to the IRS, you may need to use an adjusted basis other than the one shown above. Please consult your tax advisor for more information. N/A - Results which cannot be calculated because of insufficient data are reflected by an N/A entry in the capital gain or (loss) column and are not included in the realized capital gain and loss summary.

The capital gains and losses shown above may not reflect all transactions which must be reported on your 2019 tax return. These reportable transactions will appear on your January statement.

**CASH/OTHER TRANSACTIONS**

| Date | Description | Transaction Type | Quantity | Debit | Credit |
|---|---|---|---|---|---|
| **Other Debits/Credits** | | | | | |
| 12/05 | TR TO 73702719 | Transfer / Adjustment | | 3,500.00 | |
| | N/O MCPC HOLDINGS LLC | | | | |
| 12/11 | TR TO 73702725 | Transfer / Adjustment | | 300.00 | |
| | N/O MCPC HOLDINGS LLC | | | | |
| | *Subtotal (Other Debits/Credits)* | | | *3,800.00* | |
| | **NET TOTAL** | | | **3,800.00** | |



**Your checking account**

MCPC HOLDINGS LLC   |   Account #██████████   |   November 1, 2020 to November 30, 2020

# Deposits and other credits

| Date | Description | | | Amount |
|------|-------------|--|--|-------:|
| 11/24/20 | Online Banking transfer from CHK 4489 Confirmation# 1324264207 | | | 1,125.70 |
| 11/24/20 | BKOFAMERICA MOBILE 11/24 3699494357 DEPOSIT | *MOBILE | CA | 1,082.08 |
| 11/24/20 | BKOFAMERICA MOBILE 11/24 3699496319 DEPOSIT | *MOBILE | CA | 110.94 |
| **Total deposits and other credits** | | | | **$2,318.72** |

# Service fees

The Monthly Fee on your Business Fundamentals Checking account was waived for the statement period ending 10/30/20. A check mark below indicates the requirement(s) you have met to qualify for the Monthly Fee waiver on the account.

○ $250+ in new net purchases on a linked Business debit card

○ $250+ in new net purchases on a linked Business credit card

✓ $3,000+ minimum daily balance in primary checking account

○ $5,000+ average monthly balance in primary checking account

○ $15,000+ combined average monthly balance in linked business accounts

○ enrolled in Preferred Rewards for Business

For information on how to open a new product, link an existing service to your account, or about Preferred Rewards for Business please call 1.888.BUSINESS or visit bankofamerica.com/smallbusiness.

---

BANK OF AMERICA BUSINESS ADVANTAGE

## Thanks. Your business means a lot to us.

When you're running a small business, a little personal attention can make a big difference. Our small business specialists will work with you to help strengthen your business and plan for the future.
Visit **bankofamerica.com/SmallBusiness** to learn more.

SSM-01-20-2149.B | 2875325

MCPC 001610

AO 88 (Rev. 02/14) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California ▾

| | |
|---|---|
| Beatbox Music Pty, Ltd. | ) |
| *Plaintiff* | ) |
| v. | ) |
| Labrador Entertainment, Inc. et al. | ) |
| *Defendant* | ) |

Civil Action No.   2:17-cv-06108-MWF-JPR

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A CIVIL ACTION

To:     Wells Fargo Bank, National Association

*(Name of person to whom this subpoena is directed)*

**YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place set forth below to testify at a hearing or trial in this civil action. When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place: First Street Courthouse<br>350 West First Street<br>Los Angeles, California 90012 | Courtroom No.: 5A |
|---|---|
| | Date and Time: 04/18/2023 at 8:30 AM |

You must also bring with you the following documents, electronically stored information, or objects *(leave blank if not applicable)*:

### SEE ATTACHED RIDER

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   04/03/2023

*CLERK OF COURT*

OR

_____     _____
*Signature of Clerk or Deputy Clerk*                    Heather L. Blaise
                                                        *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Beatbox Music Pty, Ltd._____ , who issues or requests this subpoena, are:
Heather L. Blaise; Blaise & Nitschke, P.C., 145 S. Wells Street, Suite 1800, Chicago, IL 60606;
hblaise@blaisenitschkelaw.com; (312) 448-6602

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88  (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action  (page 2)

Civil Action No. 2:17-cv-06108-MWF-JPR

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88  (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

**(i)** is a party or a party's officer; or

**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:

**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**

The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

1  BLAISE & NITSCHKE, P.C.
2  HEATHER L. BLAISE, ESQ. (SBN 261619)
   145 S. Wells Street, Suite 1800
3  Chicago, IL 60606
   Telephone: 312-448-6602
4  Email: hblaise@blaisenitschkelaw.com
5
6  Attorneys for Plaintiff,
   BEATBOX MUSIC PTY, LTD.
7
8              **UNITED STATES DISTRICT COURT**
9              **CENTRAL DISTRICT OF CALIFORNIA**
10

| | |
|---|---|
| BEATBOX MUSIC PTY, LTD., | CASE NO: 2:17-cv-6108 MWF (JPRx) |
| | *Assigned to the Hon. Michael W. Fitzgerald* |
| Plaintiff, | |
| v. | **SUBPOENA RIDER** |
| LABRADOR ENTERTAINMENT, INC. D/B/A SPIDER CUES MUSIC LIBRARY, a California corporation; NOEL PALMER WEBB, an individual; MICHAEL COHEN, an individual; LABRADOR ENTERTAINMENT, LLC; MCPC HOLDINGS, LLC; WEBB FAMILY TRUST and DOES 1-20, inclusive, | |
| Defendants. | |
| | Trial Date:        April 18, 2023 |
| AND ALL RELATED ACTIONS | FAC:            January 24, 2020 |
| | Cross-Claim Filed: November 21, 2017 |
| | Action Filed:    August 17, 2017 |

25      Wells Fargo Bank, N.A. ("Wells Fargo Bank"), is directed to produce the
26  following documents/information specified in this Rider that are in their possession
27  or control in regards.
28      **1.  Bank Statements.**

*See* enclosed corporate governance document providing describing a previous Wells Fargo Checking account for Labrador Entertainment, Inc. *See* also the enclosed bank statement excerpt from a Wells Fargo checking account (account no. 6408676234) that shows online transfers to another account owned by Webb, ending in 1230. *See* also enclosed email revealing a Wells Fargo account (account no. 3113230068) held by Labrador Entertainment, Inc.

For those accounts and any other accounts held by Labrador Entertainment, Inc., Labrador Entertainment, LLC, Noel Palmer Webb, or the Webb Family Trust, produce bank statements for the years 2014-April 18, 2023.

### 2. Account Holders/Signatories

For the above specified accounts and any other accounts held by the above-referenced defendants, produce all documents/information revealing who the account holders are (with complete contact information), whose name the accounts are in, and who the signatories on the accounts are, and who else has access of any kind of authority of any kind for said accounts (with complete contact information).

### 3. Checks

For the above specified account and any other accounts held by the above-referenced defendants, copies of all checks written from or deposited in said accounts, whether for deposits or withdrawals.

Noel Palmer Webb:

DOB: May 10, 1952

Address: 22400 Sentar Road, Woodland Hills, CA 91364

## CORPORATE RESOLUTION OF
## LABRADOR ENTERTAINMENT, INC.

BE IT RESOLVED, that a meeting was called on May 10, 2016, and a motion became before the shareholders present, and it was decided that Labrador Entertainment, Inc., open a checking account #831807388 for Labrador Entertainment, Inc at Chase Bank in CA by depositing $2000 into the account, transferred from it's previous account at Wells Fargo.  No other issues came before the corporation and the meeting was adjourned.


LABRADOR ENTERTAINMENT, INC

By: _____
          Noel Webb, President

Date: ___11/ 6 4/2 √___    By: _____
          Noel Webb, Sec'y

THE ACTUAL EVEN TOOL PLACE ON MAY 10, 2016

4515

ATTORNEY EYES ONLY

Account number:   **6408676234**   ■   January 1, 2018 - January 31, 2018   ■   Page 2 of 3



## Interest summary

| | |
|---|---|
| Interest paid this statement | $0.50 |
| Average collected balance | $58,599.67 |
| Annual percentage yield earned | 0.01% |
| Interest earned this statement period | $0.50 |
| Interest paid this year | $0.50 |
| Total interest paid in 2017 | $6.78 |

## Transaction history

| Date | Check Number | Description | Deposits/ Additions | Withdrawals/ Subtractions | Ending daily balance |
|---|---|---|---|---|---|
| 1/5 | | Online Transfer to Webb N Wells Fargo Prime Checking xxxxxx1230 Ref #Ib0453HIpm on 01/05/18 | | 10,000.00 | 57,309.35 |
| 1/31 | | Interest Payment | 0.50 | | 57,309.85 |
| **Ending balance on 1/31** | | | | | **57,309.85** |
| **Totals** | | | **$0.50** | **$10,000.00** | |

*The Ending Daily Balance does not reflect any pending withdrawals or holds on deposited funds that may have been outstanding on your account when your transactions posted.  If you had insufficient available funds when a transaction posted, fees may have been assessed.*

### Monthly service fee summary

For a complete list of fees and detailed account information, see the Wells Fargo Account Fee and Information Schedule and Account Agreement applicable to your account (EasyPay Card Terms and Conditions for prepaid cards) or talk to a banker. Go to wellsfargo.com/feefaq for a link to these documents, and answers to common monthly service fee questions.

| Fee period 01/01/2018 - 01/31/2018 | Standard monthly service fee $15.00 | You paid $0.00 |
|---|---|---|
| **How to avoid the monthly service fee** | Minimum required | This fee period |
| Have any **ONE** of the following account requirements | | |
| ·  Total amount of qualifying direct deposits | $1,000.00 | $0.00 ☐ |
| ·  Linked Wells Fargo home mortgage | 1 | 0 ☐ |
| ·  Combined balances in linked accounts, which may include | $10,000.00 | $57,309.35 ☑ |
|   ·  Minimum daily balance in checking, savings, time accounts (CDs) and FDIC-insured retirement accounts | | |

JD/JD

 # IMPORTANT ACCOUNT INFORMATION

**Important information about legal process fees.**

The fee for legal order processing, which includes handling levies, writs, garnishments, and any other legal documents that require funds to be attached, remains $125. However, effective 2/16/18, the bank will assess no more than two legal process fees per account, per calendar month.    Please note, the calendar month may not coincide with your statement cycle.

ATTORNEY EYES ONLY

**From:** **Noel Webb** spidercues@spidercues.com 
**Subject:** Spider Cues half year
**Date:** August 19, 2010 at 5:51 PM
**To:** Beatbox Music  peter@beatboxmusic.com

Hi.  This is a form e mail being sent to all Spider Cues' sub-publishers. If you're following the format described below, please continue.  If not, please do read.  Thank you.

Your statements for Spider Cues should be calculated every half year; On June 30th and on Dec. 31st.
Please itemize each Spider Cues cue booked and include the amount you received, the show, and other needed information.
Most importantly, please make sure payment is in our hands within 90 days of each date above.
We need to receive payment by Sept. 30th and by March 30th. (Sept. 30th is coming right up).

Please wire the amount to:
Labrador Entertainment, Inc
Bank Acct. #3113230068
Wells Fargo Bank (818-222-5091 / Calabasas, CA. 91302)
Swift - WFBIUS6S
Aba routing - 121000248

Thank you for your consideration.


Noel Webb



Spider Cues Music
22400 Sentar Rd.
Woodland Hills, Ca. 91364
818-264-9126
spidercues@spidercues.com
www.spidercues.com

LABDOC127