1                          UNITED STATES DISTRICT COURT

2                  CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

3                  HONORABLE MICHAEL W. FITZGERALD, U.S. DISTRICT JUDGE

4

5

    BEATBOX MUSIC PARTY, LTD.,        )
6                                     )
                 Plaintiff,           )
7                                     )
                      vs.             )
8                                     )   2:17-CV-6108-MWF
    LABRADOR ENTERTAINMENT, INC., et )
9   al.,                              )
                                      )
10               Defendants.          )
    _____

11

12

13                     REPORTER'S TRANSCRIPT OF HEARING

14                        Los Angeles, California

15                       Monday, March 27, 2023

16

17

18             _____

19

20

21

22

23                     AMY DIAZ, RPR, CRR, FCRR
                       Federal Official Reporter
                       350 West 1st Street, #4455
24                     Los Angeles, CA 90012

25
             *Please order court transcripts here:  www.amydiazfedreporter.com*

```
 1        APPEARANCES OF COUNSEL:

 2
          For the Plaintiff:
 3

 4                        BLAISE & NITSCHKE PC
                          By:  Heather Blaise, Attorney at Law
 5                             Thomas Nitschke, Attorney at Law
                          123 North Wacker Drive, Suite 250
 6                        Chicago, Illinois 60606

 7

 8
          For the Defendants:
 9

10                        LAW OFFICES OF DOUGLAS J. ROSNER
                          By:  Douglas J. Rosner, Attorney at Law
11                        2625 Townsgate Road, Suite 330
                          Westlake Village, California 91361
12

13                        JACOBSON & ASSOCIATES
                          By:  Daniel Jacobson, Attorney at Law
14                        315 Centennial Way
                          Tustin, California 92780
15

16

17

18

19

20

21

22

23

24

25
```

 1 13:01:39          THE CLERK:  Calling item number 5, case number

 2 13:01:42    CV-17-6108-MWF, Beatbox Music Party, Ltd. vs. Labrador

 3 13:01:49    Entertainment, Inc., et al.

 4 13:01:51          Counsel, please state your appearance for the

 5 13:01:52    record, beginning with counsel for plaintiff.

 6 13:01:55          MS. BLAISE:  Good afternoon.  Heather Blaise,

 7 13:01:58    B-l-a-i-s-e on behalf of plaintiff.  I'm joined by Thomas J.

 8 13:02:02    Nitschke, N-i-t-s-c-h-k-e for plaintiff.

 9 13:02:07          THE COURT:  Good afternoon.

10 13:02:09          MR. JACOBSON:  I'm Dan Jacobson, and I represent

11 13:02:11    Michael -- Defendant Michael Cohen and Defendant MCPC

12 13:02:17    Holdings LLC.

13 13:02:20          THE COURT:  Good afternoon, Mr. Jacobson.

14 13:02:22          MR. JACOBSON:  Good afternoon.

15 13:02:23          MR. ROSNER:  Good morning, Your Honor.  Douglas J.

16 13:02:26    Rosner, R-o-s-n-e-r, representing Labrador defendants.

17 13:02:30          Your Honor, if I could take a moment and address the

18 13:02:33    Court?  I promise it will only take 30 seconds, if that's

19 13:02:38    okay.

20 13:02:38          THE COURT:  What is that, Mr. Rosner?

21 13:02:39          MR. ROSNER:  I have been accused of misrepresenting

22 13:02:42    something to you, and I just want to clarify the record that

23 13:02:46    what my intention was, and what my thought was, I don't know

24 13:02:49    what my exact words were, but I can tell you exactly what I

25 13:02:53    was referring to.  We were dealing with an updated witness

13:02:55  list that Beatbox filed on 2-27, docket number 350, and I was

13:03:00  comparing it to a witness list that was filed 10-27,

13:03:05  Document 292.  And clearly, they were different.  That is

13:03:08  what I was referring to.

13:03:09       I just want to make sure that is clear with the

13:03:11  Court, and I'm not being accused of misrepresenting anything

13:03:14  to you.

13:03:14       THE COURT:  All right.  Then you've stated that.

13:03:17       Let me just move on, then, to other issues.

13:03:23       First, not as to the witness list, but the exhibit

13:03:26  list, I haven't seen the newest list.  I understand, however,

13:03:33  from my staff that Beatbox has substantially cut down on the

13:03:37  exhibits that its included on its list.  I appreciate that.

13:03:41       I understand that the Labrador defendants still have

13:03:43  maybe 800 exhibits.  I doubt very much, Mr. Rosner, that if I

13:03:49  force you, which of course I won't even pretend to do, and it

13:03:55  would violate the attorney work product in a shocking way,

13:04:00  but I doubt very much that you have draft trial outlines

13:04:07  which show you using 800 exhibits.

13:04:09       So I really would appreciate if all parties would

13:04:12  continue to work on that as we go to trial.  At least now it

13:04:17  seems we do have one coherent document that we can use, at

13:04:21  least as a reference point in discussing the exhibits.

13:04:25       The next point is what the contractual issues are

13:04:30  going to be.  As we discussed previously, the situation is

1 13:04:34  that there are some issues which both parties agree under the

2 13:04:39  law should be determined by the Court, but because of the

3 13:04:44  Court's inherent and traditional authority to interpret

4 13:04:50  written documents.  There were other issues, however, because

5 13:04:54  of the nature of the presumed admissibility of extrinsic

6 13:05:01  evidence, or the fact that there appeared to be different

7 13:05:06  factual inferences to be drawn from the evidence, would

8 13:05:10  traditionally be viewed as something that a jury should

9 13:05:13  decide, but it might make sense for the Court to do so, even

10 13:05:21  if technically it was a jury question.

11 13:05:23        So as to those, I said, so if you don't -- we don't

12 13:05:27  have a fight about it later, or I don't overstep any bounds,

13 13:05:31  for the parties to let me know whether they agreed that those

14 13:05:38  were issues for the Court.  In other words, consent to a

15 13:05:43  bench trial if, in fact, after examining the issue we would

16 13:05:48  all agree that there was, in fact, a right to a jury trial.

17 13:05:52        I don't know that there has been any update on that.

18 13:05:55  Maybe that is -- you are intending to discuss that with me

19 13:05:59  now.  Obviously, as you saw on the tentative I sent out, some

20 13:06:05  of these issues on the motions in limine, I understand where

21 13:06:09  they are being raised, but I think in the -- the only -- they

22 13:06:13  are only relevant, or they are only a live dispute if the

23 13:06:17  contract interpretation goes a certain way.

24 13:06:21        So I don't think it really makes much sense to rule

25 13:06:23  on them now when we don't know exactly what issues will be

1 13:06:29   determined as contractual issues, and we certainly don't know

2 13:06:33   what the outcome is going to be.

3 13:06:36        So let's start with the scope of that.  Ms. Blaise,

4 13:06:44   there were several issues that were raised previously where I

5 13:06:49   said I was uncomfortable determining those because there just

6 13:06:53   seemed, on its face, to be a decent argument, and it should

7 13:06:56   be a matter for the jury, but I was willing to do so if the

8 13:06:59   parties thought that that was appropriate.

9 13:07:01        So what is Beatbox's position on the scope of the

10 13:07:09   contractual interpretation by the Court?

11 13:07:11        MS. BLAISE:  I have authority to agree for the Court

12 13:07:15   to decide all legal issues.

13 13:07:18        THE COURT:  All right.

14 13:07:19        MS. BLAISE:  Not factual ones.

15 13:07:21        THE COURT:  All right.  Then I think I understand

16 13:07:25   what that means.

17 13:07:25        What I will do, then, is propose -- I'll draw up a

18 13:07:29   list of what it is, then, that I would intend to do based on

19 13:07:33   that authority, and I'll send it to you, and we'll have a bit

20 13:07:39   of a conference.

21 13:07:40        Again, I've got a jury trial starting tomorrow, so

22 13:07:43   we -- it might not be until -- I don't know when we'll do it,

23 13:07:47   but send me a one-page response, whatever, I'll proceed on

24 13:07:54   that.  Because again, I don't want to -- I just don't want to

25 13:07:57   inject further disputes here by deciding something and then

1 13:08:01   having a party later --

2 13:08:03          MS. BLAISE:  May I just highlight -- sorry.  I

3 13:08:07   didn't mean to interrupt you.

4 13:08:09          THE COURT:  No.  Go ahead, Ms. Blaise.

5 13:08:11          MS. BLAISE:  I just wanted to highlight, too,

6 13:08:14   depending on how you decide to do this, if you are going to

7 13:08:16   give us a list of things to consider, or if you want us to

8 13:08:19   propose a list, but two things that we didn't touch on last

9 13:08:22   time, but then in reading your tentative, it seems that it

10 13:08:27   would be in the legal issues column, is the issue of the

11 13:08:33   indemnity language between Labrador and Beatbox, as well,

12 13:08:36   which is -- it's the identical language that the Court found,

13 13:08:41   that Beatbox wouldn't be entitled to attorney's fees.

14 13:08:44          So that is -- while, yes, in your tentative it says

15 13:08:49   no one has raised it, but it has been raised in terms of it's

16 13:08:53   the exact same language.  So that issue.

17 13:08:55          And then also, there is a notice and cure provision

18 13:09:00   in the Beatbox/Labrador agreement which I believe was raised

19 13:09:04   in the motion for summary judgment.  But that would be also a

20 13:09:10   legal issue that there is -- there is no dispute of fact,

21 13:09:14   there never was a notice of alleged default.

22 13:09:19          THE COURT:  Then why don't -- since I'll be -- have

23 13:09:23   this jury trial, why don't you talk to each other and say,

24 13:09:30   here are the issues -- and again, I -- here are issues that

25 13:09:36   we've previously agreed were, in fact, legal issues; here are

1 13:09:41  other issues that have been raised that fall within that, and

2 13:09:45  see if you can reach a list.

3 13:09:47       And then you can -- I'll ask Beatbox to file that as

4 13:09:52  the plaintiff, and I'll take a look at it.  And then that

5 13:09:57  will be the basis, then, for us to try to have another

6 13:10:00  conference on these issues.

7 13:10:03       So anything, then, before discussing the motions in

8 13:10:14  limine?  And I intend to do that in the order in which they

9 13:10:19  were raised.

10 13:10:20       I've got a criminal calendar starting at 2, so we'll

11 13:10:23  see how much we can try to get done here.  If we get through

12 13:10:30  all of them, that would be great.

13 13:10:31       So --

14 13:10:33       MS. BLAISE:  As it relates to -- sorry -- as it

15 13:10:36  relates to us filing the legal issues to be ruled upon -- can

16 13:10:41  you hear me?

17 13:10:42       THE COURT:  Yes, I can, Ms. Blaise, thank you.  No

18 13:10:45  trouble this time.

19 13:10:46       MS. BLAISE:  When would you like that by --

20 13:10:49       THE COURT:  When do you think you could get it to

21 13:10:51  me?

22 13:10:51       MS. BLAISE:  So I think I would like to have a very

23 13:10:56  quick turnaround, because to the extent that you need any

24 13:10:59  additional briefing, and we are trying to meet this jury

25 13:11:02  trial date, I would like to do it very quickly.  And I would

```
 1 13:11:05  like for there to be a lot of cooperation from the other side
 2 13:11:08  on getting back to me.
 3 13:11:09          So, you know, maybe we propose it by 5 PM today, and
 4 13:11:15  if we have any comments to it, by 5 PM tomorrow, and we --
 5 13:11:20          THE COURT:  That would be -- I agree that the
 6 13:11:21  earlier it is, the better, because that way it gives us more
 7 13:11:24  flexibility in trying to get it done before the 18th.
 8 13:11:31          So, counsel, any objection to getting back
 9 13:11:36  tomorrow -- by the end of business tomorrow on your comments,
10 13:11:40  so then -- and to the extent -- look, let's say, then, you
11 13:11:44  don't have to file it, then, until the following Wednesday on
12 13:11:51  that, because that way if there is disagreement, you have a
13 13:11:54  chance to talk to each other.
14 13:11:56          So any objection to that schedule?
15 13:12:01          MR. ROSNER:  The only thing I would suggest, Your
16 13:12:03  Honor, is that we do be given a schedule for meeting and
17 13:12:07  conferring.
18 13:12:08          I would be more than happy to speak with Ms. Blaise
19 13:12:12  or Mr. Nitschke and Mr. Jacobson referencing the legal
20 13:12:16  issues.  And then after that discussion, then we'll be more
21 13:12:20  than happy to submit something to Ms. Blaise.
22 13:12:22          I'm with you on timeliness, but by the end of today,
23 13:12:27  I think is a little short.
24 13:12:30          THE COURT:  Well, why don't we --
25 13:12:32          MS. BLAISE:  We'll prepare it, though.  We will
```

1  13:12:35   prepare it and circulate it.  You will have all day tomorrow

2  13:12:38   to look at it.

3  13:12:39        THE COURT:  Precisely, Ms. Blaise.  It was my

4  13:12:43   understanding that what was being proposed was that Beatbox

5  13:12:46   would give out its list of what it understands has been

6  13:12:49   decided, and what additionally might be done.  And then you

7  13:12:52   would get that, and then you would have tomorrow to respond.

8  13:12:56   And then Wednesday you would have a chance to chat.

9  13:12:58        So that is what is on the table.

10 13:13:00        Is there any objection to that schedule?

11 13:13:02        MR. ROSNER:  No objection, Your Honor.

12 13:13:04        THE COURT:  Mr. Jacobson?

13 13:13:05        MR. JACOBSON:  No.

14 13:13:06        THE COURT:  All right.  Then so ordered.

15 13:13:08        Then anything else, Ms. Blaise, before we start

16 13:13:12   talking about --

17 13:13:14        MS. BLAISE:  Just one more thing, only because I'm

18 13:13:16   trying not to have a lot of going back and forth.

19 13:13:19        It would be my understanding that we would omit the

20 13:13:22   issue of reliance and third-party beneficiary from this list

21 13:13:26   because it's already been ruled upon.

22 13:13:27        Is that Your Honor's instruction, or do you want me

23 13:13:29   to include it?  Because I know that it's going to come as a

24 13:13:34   request.

25 13:13:35        THE COURT:  If the defendants want to have it on

1  13:13:36   there, then include it, and then we'll work it out.  If they

2  13:13:41   want to have it on there, then include it.  I mean --

3  13:13:43           MS. BLAISE:  Okay.

4  13:13:44           THE COURT:  -- I think we are seeing what the issues

5  13:13:46   are in that regard.

6  13:13:48           Then I think -- any response, Ms. Blaise, on your

7  13:13:56   Motion in Limine Number 1?

8  13:13:59           I --

9  13:14:00           MS. BLAISE:  Just one comment.

10 13:14:01           THE COURT:  Yes.

11 13:14:01           MS. BLAISE:  This is on the New Zealand depositions,

12 13:14:08   or undisclosed -- hold on.  Let me --

13 13:14:11           THE COURT:  Yes.

14 13:14:11           MS. BLAISE:  Number 1 is undisclosed.

15 13:14:15           I can probably make it easier, if you just want me

16 13:14:19   to touch on -- I read the tentative, and I could just touch

17 13:14:22   on the things that --

18 13:14:22           THE COURT:  Oh, sure.  Let's proceed in that fashion

19 13:14:25   then.

20 13:14:25           MS. BLAISE:  To make it faster potentially.

21 13:14:28           The only real issue with the tentative, I understand

22 13:14:35   I'm going to be preserving my objections, and some of these

23 13:14:38   might be premature --

24 13:14:39           THE COURT:  Yes.

25 13:14:40           MS. BLAISE:  -- of course.

1   13:14:40      But the one point that I just wanted to raise on the

2   13:14:44   New Zealand dep issue was that originally it was proposed as

3   13:14:48   these deponents were not disclosed and didn't need to be

4   13:14:54   disclosed, and they were going to be used for impeachment

5   13:14:56   purposes.

6   13:14:57      And I understand Your Honor's explanation about

7   13:14:59   there is no prejudice and they were known parties, but

8   13:15:04   originally how the whole thing was brought before the Court

9   13:15:07   was that they were going to be used for impeachment.  And the

10  13:15:10   order permitting it to go forward didn't really nail that

11  13:15:14   down, even though we had a conversation at the hearing about

12  13:15:17   it. So that is one.

13  13:15:19      And then, two, we have internal objections.

14  13:15:23      THE COURT:  Ms. Blaise, I didn't understand you.

15  13:15:26   You have, what?

16  13:15:27      MS. BLAISE:  We have objections within the

17  13:15:28   transcripts that I think are going to need to be ruled upon,

18  13:15:33   as well.

19  13:15:33      So that is just another layer of -- to the extent

20  13:15:36   that they are going to be admissible, we need to deal with

21  13:15:40   the objections.  And the fact that it really, it was very

22  13:15:43   broad, more so than the request that was originally.

23  13:15:51      THE COURT:  As to the second of those, when there is

24  13:15:58   video, and ideally the video will be edited, then I will -- I

25  13:16:02   get a transcript, I rule on the objections, and then the

13:16:05  video is edited accordingly.

13:16:07          If there is -- if it's being -- the transcript is

13:16:12  just being read in court, then I look ahead, I see it's

13:16:15  coming up, and I just say, overruled, sustained.  And then

13:16:21  whoever is reading it knows to read or skip over whatever it

13:16:24  is, depending on the ruling.

13:16:26          So here, if you give me the transcript that is

13:16:28  marked up, then I will rule on it, so you can have the chance

13:16:32  to edit the videos.

13:16:35          Now, on the first point, let me hear from counsel as

13:16:42  to what the scope was, because I'll have to go back and then

13:16:45  look at what happened in that regard to -- what is your

13:16:49  understanding of the thing to the scope of what those

13:16:54  witnesses are testifying on?  Is it just for impeachment or

13:16:58  can they be used in your case in chief?

13:17:03          MR. ROSNER:  Your Honor, I do defer to the Court,

13:17:05  but I also defer to your order.  And your order is document

13:17:08  number 274 entered September 7, 2022.  Application is

13:17:14  granted.  We had an opportunity to depose the witnesses.

13:17:20  They had a right to object.  They could have asked the same

13:17:23  questions.

13:17:23          The testimony was whether the plaintiff had

13:17:26  knowledge of any potential risk of copyright violations, as

13:17:31  well as authenticated related documents.

13:17:32          So, Your Honor, I did -- I did -- I thought I abided

AMY C. DIAZ, RPR, CRR OFFICIAL COURT REPORTER

1 13:17:37  by your order.  So in terms of what your order says, I need

2 13:17:40  to challenge Ms. Blaise just based on your order, because

3 13:17:46  that is really what I think --

4 13:17:48          THE COURT:  I'll have to go back and look at this,

5 13:17:50  obviously.

6 13:17:51          But Ms. Blaise, you certainly have the right to

7 13:17:54  raise the issue.

8 13:17:54          Anything -- Mr. Jacobson, is there anything you want

9 13:17:59  to say in regard to this, in regard to the New Zealand

10 13:18:02 witnesses?

11 13:18:03          MR. JACOBSON:  No, I don't.

12 13:18:08          THE COURT:  Thank you.

13 13:18:09          Then Ms. Blaise, let me go back and look at all of

14 13:18:13 that with your objection in mind.

15 13:18:17          Do you have any other issues, then, with the

16 13:18:22 tentative, as abbreviated as it is, obviously?

17 13:18:26          MS. BLAISE:  No.  And, I mean, obviously preserving

18 13:18:29 my --

19 13:18:29          THE COURT:  Sure.

20 13:18:30          MS. BLAISE:  -- objections, and the fact that I hope

21 13:18:32 to proceed on them again, depending on how some of the legal

22 13:18:35 issues flush out.  I think that there is a lot left

23 13:18:40 unresolved.  I understand the tentative, and that is the one

24 13:18:42 main thing that I saw.

25 13:18:45          THE COURT:  Thank you.

13:18:45  1          Anything, then, from the Labrador defendants in

13:18:59  2     regard to the tentative?

13:19:03  3          MR. ROSNER:  No, Your Honor.  But I am going to

13:19:05  4     cull -- for the list again, just to confirm with the Court,

13:19:11  5     the exhibit list, I am going to cull the exhibit list.  I

13:19:17  6     will review that as requested.  I planned on doing it.  I'm

13:19:20  7     sorry, Your Honor.

13:19:21  8          THE COURT:  Yeah.  Go ahead.

13:19:23  9          MR. ROSNER:  I'm just saying it was just a short

13:19:25  10    amount of time.  And I took your instructions as to you

13:19:28  11    better put it in there or else.

13:19:29  12          And I also noticed Ms. Blaise -- and I'm very

13:19:33  13    grateful for that, thank you, Ms. Blaise -- took out a lot of

13:19:37  14    duplicate e-mails I placed in there.  She had a lot of

13:19:40  15    e-mails, as well.  I will definitely review it and cull it

13:19:44  16    down for you, Your Honor.  Absolutely correct.

13:19:45  17          THE COURT:  Thank you.

13:19:46  18          Mr. Jacobson, anything that you would like to add?

13:19:52  19          MR. JACOBSON:  Yes, Your Honor.

13:19:53  20          First, I would like to point out that we have four

13:19:55  21    exhibits.

13:19:57  22          THE COURT:  All right.

13:19:59  23          MR. JACOBSON:  Anyways...

13:20:02  24          THE COURT:  I'm sure the jury will pay all the more

13:20:04  25    attention to them because of their --

1  13:20:08        MR. JACOBSON:  One or two of them will be blown up

2  13:20:11   and will be blown up.

3  13:20:12        So as -- as the Court knows, reliance and

4  13:20:22   third-party beneficiary is very important to us, and I've

5  13:20:27   read your tentative.

6  13:20:32        I think I can clarify this clearer -- clarify this

7  13:20:41   clearer -- better if -- if I have an opportunity to do so in

8  13:20:53   a very short fashion, and can I do that in relation to the

9  13:21:03   list that we are going to be making or --

10 13:21:12        THE COURT:  Look, I raised this before.  There is

11 13:21:14   always this tension between having -- on dealing with issues

12 13:21:22   at the final pretrial conference.  Some of them are summary

13 13:21:24   judgment-ish, but they really do go to the scope of the

14 13:21:27   trial.

15 13:21:28        So I'm not averse to looking at them in a broader

16 13:21:33   way than just motions in limine.  So at the same time, like I

17 13:21:44   said on the motions in limine, it just becomes a little, I

18 13:21:48   think, unfair to all parties to just expect some big issue to

19 13:21:51   be decided on that.

20 13:21:51        So why don't you then propose, in addition to

21 13:21:54   submitting with the list of how you believe -- how you would

22 13:22:01   like to see those issues further -- I mean, we aren't going

23 13:22:05   to have some full-blown thing of 25 pages.  I mean, we've got

24 13:22:08   to get it done before the 18th.

25 13:22:11        Or, you know, one way or the other, let's say you do

1 13:22:14   convince me that it's a factual issue and something the jury

2 13:22:18   should decide, even that has to be decided, obviously, by the

3 13:22:20   18th.

4 13:22:21        So just -- if you want to propose -- I'm not saying

5 13:22:24   that I'll necessarily let you, you know which way the wind is

6 13:22:28   blowing on this, but at the same time, I want to make sure

7 13:22:30   everyone feels that he or it or they have been heard.

8 13:22:37        So let's just propose, then, how you -- when the

9 13:22:42   list gets submitted, of how you would propose having -- being

10 13:22:48   further heard on those issues, on the reliance and the

11 13:22:51   third-party beneficiary status.  And why, frankly, you don't

12 13:22:59   think it was decided previously, which is obviously

13 13:23:04   important.

14 13:23:04        But for now, you don't need to argue that on the

15 13:23:07   list.  Obviously, just say, here is what I'm proposing is a

16 13:23:10   reasonable way to be heard on this further.  And maybe I'll

17 13:23:12   say, no, I think you have been heard like enough, or I might

18 13:23:16   say, yeah, that sounds reasonable, I'll let you do it.  Just

19 13:23:20   propose something, and have Ms. Blaise include it on the list

20 13:23:23   when it gets submitted.

21 13:23:26        MR. JACOBSON:  Frankly, Your Honor, I think probably

22 13:23:28   the most efficient way would be to put it in the trial brief.

23 13:23:34        THE COURT:  All right.  Then we'll then just, you

24 13:23:38   know, then propose that.

25 13:23:39        Thank you, counsel.  Is there anything else, then?

1 13:23:44    And I'll let Ms. Blaise get working on her list, and I

2 13:23:49    appreciate Beatbox taking the laboring more on that.

3 13:23:53             All right.   Thank you, counsel.

4 13:23:57             MR. JACOBSON:   Your Honor, thank you very much.

5 13:23:58             MS. BLAISE:   Thank you, Your Honor.

6                              *****     *****     *****

7

8             I certify that the foregoing is a correct transcript from the

9             record of proceedings in the above-titled matter.

10

11

12

13             ---------------------------

14

15             Amy C. Diaz, RPR, CRR              March 27, 2023

16             S/  Amy Diaz

17

18

19

20

21

22

23

24

25