UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | |
|---|---|---|
| Case No. | CV 17-6108-MWF (JPRx) | Date:  April 13, 2023 |
| Title: | Beatbox Music Pty, Ltd. v. Labrador Entertainment, Inc., et al. | |

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

Deputy Clerk:             Court Reporter:
Rita Sanchez              Not Reported

Attorneys Present for Plaintiff:    Attorneys Present for Defendant:
None Present                        None Present

**Proceedings (In Chambers):**    ORDER RE: MOTIONS IN LIMINE [288] [294] [296] [348]

Before the Court are seven motions in limine ("MILs"). Plaintiff Beatbox Music Pty, Ltd. ("Beatbox") filed five motions in limine ("Beatbox MILs"). (Docket Nos. 294, 348). Defendants Labrador Entertainment, Inc. d/b/a Spider Cues Music Library, Labrador Entertainment, LLC, Noel Palmer Webb, and Webb Family Trust (collectively, "Labrador") filed a Motion in Limine to Exclude the New Zealand Court Judgment ("Labrador MIL"). (Docket No. 288). Defendants Michael Cohen and MCPC Holdings, LLC (together, "Cohen") filed a Motion in Limine to Preclude Labrador From Presenting Evidence or Argument re: Cohen's Indemnity Obligation to Labrador ("Cohen MIL"). (Docket No. 296).

The Court has read and considered the MILs and held hearings on **March 23, 2023** and **March 27, 2023**.

The Court notes that many of the MILs assumed determinations on then-undecided contract interpretation issues and therefore were not considered by the Court. Those MILs are **DENIED** *without prejudice*. Now that the Order re: Legal Issues has been filed (Docket No. 386), the parties shall confer on the MILs denied without prejudice and determine if any raised evidentiary disputes remain. If the parties cannot agree on the outstanding MILs, they may re-raise those MILs at the zoom status conference set for **Tuesday, April 18, 2023,** at **1:30 p.m.**  The Motion for Bifurcation will be discussed at an upcoming status conference.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 17-6108-MWF (JPRx)           Date:  April 13, 2023
Title:    Beatbox Music Pty, Ltd. v. Labrador Entertainment, Inc., et al.

## I. BEATBOX MOTIONS IN LIMINE

### A. Beatbox Motion in Limine No. 1 to Exclude Undisclosed Evidence and Witnesses

Beatbox requests that any documents that Defendants failed to turn over during discovery be excluded.  (Beatbox MILs at 1).

The Ninth Circuit interprets Rule 37(c)(1) to require a more fact-bound analysis when determining whether the failure to disclose pursuant to Rule 26 was substantially justified or harmless:

> "Among the factors that may properly guide a district court in determining whether a violation of a discovery deadline is justified or harmless are: (1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence."

*Lanard Toys Ltd. v. Novelty, Inc.*, 375 Fed. App'x. 705, 713 (9th Cir. 2010).  Courts routinely deny categorical requests to exclude evidence on failure to disclose grounds.  *See, e.g., Cortez v. City of Los Angeles*, 2020 WL 1956813, at *2 (C.D. Cal. Jan. 14, 2020) (Court denied motion in limine to preclude "defendants from producing or introducing any evidence or witnesses at trial [that] defendants failed to disclose prior to the close of discovery" stating that "[a]t this juncture [] the Court declines to issue an order precluding the hypothetical introduction, under any circumstances, of unspecified evidence or witnesses.  To the extent that defendants attempt to rely on previously undisclosed witnesses or evidence at trial, Cortez can raise that objection at trial.").  Accordingly, the Court should deny Beatbox's request to categorically deny undisclosed evidence.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 17-6108-MWF (JPRx)					Date:  April 13, 2023
Title:	Beatbox Music Pty, Ltd. v. Labrador Entertainment, Inc., et al.

Beatbox makes a more specific request to exclude witnesses Peter Moore and Bali Virk, who were not disclosed in the Rule 26 disclosures until April 9, 2022, over eight months after discovery had closed. (Beatbox MILs at 3). Beatbox notes that Labrador did not seek the Court's permission to file their supplemental and amended disclosures and that the Ninth Circuit has upheld decisions to exclude supplemental expert disclosures made four days before the close of discovery. (*Id.* at 4 (citing *Luke v. Family Care and Urgent Medical Clinic,* 323 Fed.Appx. 496, 500 (9th Cir. 2009)). Beatbox argues Labrador is not justified in its late additions of Moore and Virk, because both witnesses were known to Labrador since 2014. (*Id.*).

However, the Court already heard and addressed these arguments when Beatbox opposed the issuance of letters rogatory to obtain the testimony of Moore and Virk. Notably, the Court granted issuance of the letters rogatory for the purposes of allowing Labrador to use the testimony of Moore and Virk after determining that there was no indication that Labrador Defendants' failure to disclose these witnesses would harm Beatbox. (Order Granting Application for Issuance of Letters Rogatory for Foreign Subpoena for Attendance of Witness at Trial (Docket No. 274) at 5). The Court reasoned that it should have been unsurprising to Beatbox that Labrador would want to use both witnesses as they were involved in the New Zealand litigation. (*Id.*). Additionally, the Court noted that there was ample time available before trial to cure any prejudice. (*Id.*). The Court specifically considered the propriety of the late disclosure because "Labrador Defendant may wish to call these witnesses for more than just impeachment purposes[.]" (*Id.* at 4). The Court declines to reconsider this decision.

Accordingly, Beatbox's request to exclude the testimony of Moore and Virk is **DENIED**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 17-6108-MWF (JPRx)                    Date:  April 13, 2023
Title:    Beatbox Music Pty, Ltd. v. Labrador Entertainment, Inc., et al.

### B. Beatbox Motion in Limine No. 2 to Exclude Irrelevant Evidence and Argument

Beatbox requests that the Court exclude the following evidence as irrelevant: (1) incomplete bank records from entity Defendants; (2) testimony and emails of Peter Moore and Bali Virk; (3) parol evidence or argument contradictory to the express language of the contracts at issue 10; and (4) evidence and argument related to Beatbox's reliance on the Labrador-Cohen Agreement.

Federal Rule of Evidence 402 states that "[i]rrelevant evidence is not admissible."  "Relevant evidence is any evidence that has any tendency to make a fact that is of consequence to the determination of the action more or less probable than it would be without the evidence." *Lucero v. Ettare*, Case No. 15-CV-2654-KAW, 2017 WL 11693747, at *1 (N.D. Cal. June 7,2017) (citing Fed. R. Evid. 401).

As a general matter, relevance is not usually properly addressed at the motion in limine stage because the relevance of evidence needs to be judged in relation to the other evidence that comes out during the course of the trial.  *See Colton Crane Co. v. Terex Cranes Wilmington, Inc.,* No. CV 08-8525-PSG (PJWx), 2010 WL 2035800, at *1 (C.D.Cal. May 19, 2010) ("motions *in limine* should rarely seek to exclude broad categories of evidence, as the court is almost always better situated to rule on evidentiary issues in their factual context during trial.").

#### 1. Incomplete Bank Records

Beatbox requests that the Court exclude incomplete bank records from entity Defendants only showing months without fraudulent conveyances.  Beatbox argues that such records bear no relevance to the case at hand, unless they are included in the admission of the full set of bank records produced by the entity Defendants.  (Beatbox MILs at 8).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 17-6108-MWF (JPRx)          Date: April 13, 2023
Title:     Beatbox Music Pty, Ltd. v. Labrador Entertainment, Inc., et al.

Labrador argues that dates of relevant bank records directly relate to the date(s) Beatbox contends Labrador should have been aware of potential exposure to liability, and it also goes to Labrador's worth and solvency. (Labrador Opp. to Beatbox MILs (Docket No. 319) at 5–6). Labrador argues that Plaintiff's failure to identify specific pages or dates renders Beatbox's motion in limine inactionable. (*Id.*).

While the Court is sympathetic to Beatbox's arguments, the Court agrees that it is premature to make a relevancy determination on the unspecified bank records. Without more information and context regarding what evidence Labrador is actually seeking to introduce and why it is seeking to introduce it, the Court cannot determine if the partial bank records are irrelevant. *See Colton Crane Co.*, 2010 WL 2035800, at *1

Accordingly, Beatbox's request to exclude incomplete bank records is **DENIED**, but the Court will revisit Beatbox's objections if renewed at trial.

### 2. Testimony and Emails of Peter Moore and Bali Virk

Depends on interpretation of the contract.

### 3. Parol Evidence or Argument Contradictory to the Express Language of the Contracts at Issue

Depends on interpretation of the contract.

### 4. No Legal Requirement for Reliance

Beatbox argues that Cohen's contention that Beatbox must establish that it actually saw and read the Labrador-Cohen Agreement to proceed on its beneficiary theory is legally incorrect. (Beatbox MILs at 12). Beatbox argues that that Cohen should not be entitled to argue or present evidence relating to "reliance" as it is irrelevant and would only confuse a jury. (*Id.* at 15).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 17-6108-MWF (JPRx)					Date:  April 13, 2023
Title:	Beatbox Music Pty, Ltd. v. Labrador Entertainment, Inc., et al.

Cohen re-raises arguments from his Motion for Judgment on the Pleadings that California law establishes the necessity for reliance to prove Plaintiff has a right to indemnity.  (Cohen Opp. to Beatbox MILs no. 2 and 5 (Docket No. 305 of 2–3)).

The Court previously denied Cohen's Motion for Judgment on the Pleadings determining that: "that the express language of the Labrador-Cohen Agreement provides Plaintiff with third-party beneficiary status: 'This Agreement will inure to the benefit of, and be binding upon, each party's heirs, subsidiaries, affiliates, corporations, licensees, successors and assigns.'"  (Order Denying Motion for Judgment on the Pleadings (Docket No. 185) at 4–5 (quoting FAC, Ex. A ("Labrador-Cohen Agreement")).

The California Supreme Court concluded that third party actions may go forward when the express provisions of the contract at issue, as well as the all other relevant circumstances under which the contract was agreed to, reveal that (1) the third party would in fact benefit from the contract, (2) a motivating purpose of the contracting parties was to provide a benefit to the third party, and (3) permitting a third party to bring its own breach of contract action against a contracting party is consistent with the objectives of the contract and the reasonable expectations of the contracting parties.  *See Goonewardene v. ADP, LLC*, 6 Cal. 5th 817, 830, 243 Cal. Rptr. 3d 299 (2019).  Here, the express language of the Labrador-Cohen Agreement quoted above meets all three elements and Plaintiff meets the definition of Labrador's affiliate, licensee, and/or assigns.

Because the Court has previously determined that the Labrador-Cohen Agreement provides Plaintiff with third-party beneficiary status, any evidence presented solely to address this settled issue is irrelevant.  Accordingly, the request to exclude evidence relating to "reliance" is **GRANTED,** unless it is relevant to another issue as well.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 17-6108-MWF (JPRx)                    Date:  April 13, 2023
Title:     Beatbox Music Pty, Ltd. v. Labrador Entertainment, Inc., et al.

### C. Beatbox Motion in Limine No. 3 to Exclude Labrador's Self-Prepared Spreadsheets That Purport to Comprise Spider Cues Library

Beatbox requests that the Court exclude Labrador's spreadsheets purportedly depicting a list of all compositions comprising Spider Cues Library at various times throughout the relationship of the parties. (Beatbox MILs at 15). Beatbox argues that the spreadsheets are self-serving, self-prepared, unauthenticated, and unreliable and that any probative value contained therein is outweighed by the risk of confusion of the issues at trial and misleading the jury. (*Id.* at 15–16 (citing Fed. R. Evid. 403, 901(a), 201(b), and 902)).

Labrador argues that its witnesses will provide authenticating testimony as well as testimony concerning the status of the spreadsheets as business records at trial. Accordingly, the Court determines that the raised authentication issues are most appropriately raised at trial. *See Calico Brands, Inc. v. Ameritek Imports, Inc.*, Case No. 05-CV-205-PJW, 2007 WL 9658317, at *1 (C.D. Cal. 2007) ("Plaintiffs oppose the motion. They represent that they will be able to authenticate the IRI reports at trial . . . Defendants' motion to exclude this evidence and testimony is denied, without prejudice to renew during trial."); *O Bar Cattle Co. v. Owyhee Feeders, Inc.*, Case No. 08-CV-149-S-EJL (CWD) 2010 WL 2404306, at *6 (D. Idaho 2010) ("Whether these reports satisfy either of the exceptions to the hearsay rule and whether the offering party lays a proper foundation and can authenticate the reports cannot be determined at this time. Therefore, the motion in limine is denied as to these reports.").

Similarly, Beatbox's concerns that the spreadsheets are self-serving and unreliable go to the weight of the evidence are therefore more appropriately addressed through cross-examination than through a motion in limine. *See Primiano v. Cook*, 598 F.3d 558, 564 (9th Cir. 2010) (shaky but admissible evidence is to be attacked by cross examination, contrary evidence, and attention to the burden of proof, not exclusion.).

Accordingly, Beatbox's request to exclude Labrador's spreadsheet is **DENIED**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 17-6108-MWF (JPRx)					Date:  April 13, 2023
Title:	Beatbox Music Pty, Ltd. v. Labrador Entertainment, Inc., et al.

**D.	Beatbox Motion in Limine No. 4 to Exclude Certain Testimony and Expert Reports**

Beatbox requests that the Court exclude three reports and related testimony. (Beatbox MILs at 16–21).

Rule 702 provides that a "witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if" all of the following elements are met:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

The inquiry into the admissibility of an expert opinion under Federal Rule 702 is a "flexible one." *Primiano v. Cook*, 598 F.3d 558, 564 (9th Cir. 2010) (citing *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 592-94 (1993)).  The Ninth Circuit has explained that "[s]haky but admissible evidence is to be attacked by cross examination, contrary evidence, and attention to the burden of proof, not exclusion." *Id.* at 564.  "[T]he test under *Daubert* is not the correctness of the expert's conclusions but the soundness of his methodology." *Id.* at 564 (quotation marks omitted).  As such, the role of a district court is that of "a gatekeeper, not a fact finder." *Id.* at 565 (quotation marks omitted); *see*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.**  CV 17-6108-MWF (JPRx) | **Date:**  April 13, 2023 |
| **Title:**  Beatbox Music Pty, Ltd. v. Labrador Entertainment, Inc., et al. | |

*also Alaska Rent-A-Car, Inc. v. Avis Budget Grp., Inc.*, 738 F.3d 960, 969-70 (9th Cir. 2013) (same).  An expert may rely on the opinions of other experts, *MediaTek Inc. v. Freescale Semiconductor, Inc.*, 2014 WL 971765, at *1 (N.D. Cal. Mar. 5, 2014), and may adopt his party's version of the disputed facts. *Rutenberg v. Ortho-McNeil Janssen Pharms., Inc.*, CV 12-08344 DSF (FFMx), 2017 WL 5634986, at *5 (C.D. Cal. Mar. 27, 2017).  Attacks to the factual underpinnings of an expert's opinions therefore bear on the weight of the opinion, not its admissibility.  *Higley v. Cessna Aircraft Co.*, CV 10-3345-JCG, 2013 WL 12112167, at *4 (C.D. Cal. July 8, 2013).

While "the Ninth Circuit has held that an expert witness cannot give an opinion as to her legal conclusion, *i.e.*, an opinion on an ultimate issue of law," *MJC Am. Ltd. v. Gree Elec. Appliances of Zhuhai*, 2015 WL 12743880, at *6 (C.D. Cal. Apr. 14, 2015) (quotation marks omitted), "if the terms used by an expert witness do not have a specialized meaning in law and do not represent an attempt to instruct the jury on the law, or how to apply the law to the facts of the case, the testimony is not an impermissible legal conclusion." *United States v. Diaz*, 876 F.3d 1194, 1199 (9th Cir. 2017).  Moreover, "a witness may properly be called upon to aid the jury in understanding the facts in evidence even though reference to those facts is couched in legal terms," where the witness's references to the law are "ancillary" to an ultimate issue in the case.  *Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1017 (9th Cir. 2004) (quotation marks omitted).  For these reasons, "the rejection of expert testimony is the exception rather than the rule." *Myers for Myers v. United States*, 2005 WL 8147424, at *33 (S.D. Cal. Apr. 22, 2005).

### 1. Cohen Expert Dr. Gerald Eskelin

Depends on contractual interpretation.

### 2. Labrador Expert Dr. Eric Fruits

Beatbox argues that Dr. Fruits' testimony consists of simple arithmetic calculations based upon unsupported factual assumptions and inadmissible input data

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 17-6108-MWF (JPRx)        **Date:** April 13, 2023
**Title:**     Beatbox Music Pty, Ltd. v. Labrador Entertainment, Inc., et al.

provided by Labrador Defendants. (Beatbox MILs at 18). Beatbox also argues that Labrador should not be entitled to admit evidence or advance arguments that Beatbox is in any way liable to Labrador for its attorneys' fees and/or costs in this matter. (*Id.* at 19). Beatbox therefore requests that the Court exclude the Fruits Report, Dr. Fruits' testimony, and any request for Beatbox to be responsible for Labrador's attorney's fees.

Labrador argues that any challenge to the source and sufficiency of the data Dr. Fruits considers are issues for cross-examination. (Labrador Opp. to Beatbox MILs at 10 (citing *Slick v. CableCom, LLC*, Case No. 22-CV-3415-JSC, 2022 WL 4181003, at *2 (N.D. Cal. Sept. 12, 2022) (stating expert "opinion can be admitted even if the underlying data is not admissible" citing FRE 703)). Labrador also notes that Dr. Fruits efforts to take all the disparate pieces of evidence to calculate and tabulate is helpful to the jury. Labrador points out that Beatbox cites no cases where a damages expert who adds up various items of damages to aid the jury has been excluded. (*Id.*).

The Court agrees with Labrador. Any attack on the factual assumptions and input data underpinning Dr. Fruits' opinion bears on the weight, not the admissibility, of his opinion and is therefore more appropriately addressed through cross-examination. *See Higley v. Cessna Aircraft Co.*, 2013 WL 12112167, at *4. The Court also determines Dr. Fruits' use of simple arithmetic is an insufficient ground for exclusion. *See Bluetooth SIG, Inc. v. FCA US LLC*, 468 F. Supp. 3d 1342, 1347 (W.D. Wash. 2020) (denying motion to exclude because the expert conducted "simple arithmetic" or "elementary mathematical calculations" and the calculations bore on the requested relief); *see also McMorrow v. Mondelez Int'l, Inc.*, No. 17-CV-2327-BAS-JLB, 2021 WL 859137, at *6 (S.D. Cal. Mar. 8, 2021) (denying motion to exclude on the basis that use of a simple arithmetic formula to calculate actual damages makes an expert's opinion unreliable or unhelpful to a factfinder).

The Court also agrees that a motion in limine is not the proper mechanism for determining whether attorney's fees and costs are recoverable within the meaning of the subject agreements. While the Court previously determined "that Beatbox can

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 17-6108-MWF (JPRx)              Date:  April 13, 2023
Title:    Beatbox Music Pty, Ltd. v. Labrador Entertainment, Inc., et al.

recover attorneys' fees and costs incurred in defending against third party claims, but cannot recover legal expenses incurred in pursuing the instant suit," the issue of whether Labrador may be entitled to attorneys' fees on any of its counterclaims has not been determined, or even raised, in pretrial motions.  (Order re: Labrador's MTD (Docket No. 157) at 26–27).

Accordingly, the request to exclude the Fruits Report and expert testimony is **DENIED**.

### 3. Labrador's Expert Dr. Fink

Depends on contractual interpretation re: U.S. law or New Zealand law.

### E. Beatbox Motion in Limine No. 5 to Exclude Evidence Contradictory to Facts

#### 1. Evidence that the *Eminem Esque* cue does not infringe *Lose Yourself*

Depends on contractual interpretation.

#### 2. Evidence Regarding Whether Defendants' Duty to Indemnify was Triggered upon Notice of the Infringement Claim

Depends on contractual interpretation

## II. LABRADOR MOTION IN LIMINE

Depends on contractual interpretation.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 17-6108-MWF (JPRx)					Date:  April 13, 2023
Title:	Beatbox Music Pty, Ltd. v. Labrador Entertainment, Inc., et al.

## III.   COHEN MOTION IN LIMINE

Cohen requests that the Court preclude Labrador from presenting evidence or argument regarding any purported indemnity obligation Cohen has to Labrador because Labrador does not have a claim against Cohen.  (Cohen MIL at 4).  Cohen argues that any such evidence or argument is not relevant because Labrador never timely stated a counterclaim against Cohen.  (*Id.* at 5–7).

On November 21, 2017, Cohen filed a cross-claim against Labrador, asserting express indemnity, equitable indemnity, and breach of contract claims.  (Docket No. 38).  On December 28, 2017, Labrador responded to the cross-claim by denying liability but did not state any counterclaims against Cohen.  (Docket No. 40).

After receiving leave to amend its complaint, Beatbox filed its First Amended Complaint on January 24, 2020.  (Docket No. 105).  On March 2, 2020, Labrador filed its answer to Beatbox's First Amended Complaint, which included counterclaims against Beatbox and a counterclaim for indemnification against Cohen.  (Docket No. 132).  Cohen answered the cross-claim on March 27, 2020.  (Docket No 144).  Cohen now argues that it filed its answer in protest to the counterclaim.   (Cohen MIL at 6).  However, the answer did not explicitly raise a timeliness objection other than perhaps its boilerplate fifth affirmative defense which stated "each cause of action against Cohen is barred, in whole or in part, because Labrador, Inc., by its conduct has waived the claims contained in each such cause of action."  (Cohen Answer to Labrador Counterclaim at 19).

On November 12, 2020, Cohen's counsel wrote a letter to Labrador's counsel asserting that Labrador had no legal authority to file its counterclaim against Cohen.  The parties exchanged letters and no resolution was reached.  Cohen never filed a motion to dispose of the cross-claim against him.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | |
|---|---|---|
| Case No. | CV 17-6108-MWF (JPRx) | Date: April 13, 2023 |
| Title: | Beatbox Music Pty, Ltd. v. Labrador Entertainment, Inc., et al. | |

    Because Cohen answered Labrador's arguably untimely counterclaim and never brought a motion to dispose of it, the Court determines that Cohen waived his timeliness objection. *See Elliott v. Versa CIC,* L.P. 349 F. Supp. 3d 1000, 1002 (S.D. Cal. 2018) (refusing to dismiss potentially procedurally improper claim on motion in limine where defendants never explained why they could not, through appropriate diligence, have moved at the appropriate stage of the litigation to address the objections they now raise). Further, Cohen's motion in limine is really a disguised attempt to bar Labrador's counterclaim and is therefore improper. *See Bakst v. Cmty. Mem. Health Sys.*, No. CV 09-08241-MMM (FFMx), 2011 WL 13214315, at *8 (C.D. Cal. Mar. 7, 2011) ("[A] motion in limine is not a proper vehicle by which to seek summary judgment on a claim.") (collecting cases).

    Accordingly, the request to exclude evidence and argument related to Labrador's counterclaim is **DENIED**.

    IT IS SO ORDERED.