Daniel Lee Jacobson SBN 134978
JACOBSON & ASSOCIATES
1352 Irvine Blvd., Suite 205
Tustin, CA  92780
(714) 505-4872
dlj@jacobsonlawyers.com

Attorneys for Defendant/Crossclaimant Michael Cohen, and Defendant MCPC Holdings, LLC

U.S. District Court for the

Central District of California

| | |
|---|---|
| BEATBOX MUSIC PTY, LTD., | Case #: 2:17-cv-06108-MWF-JPR |
| Plaintiff | *Assigned for All Purposes to The Honorable Michael W. Fitzgerald, Judge of the District Court* |
| v. | |
| LABRADOR ENTERTAINMENT, INC., et al. | Defendants Michael Cohen's and MCPC Holdings, LLC's Brief Re Viability of 02/14/08 Mr. Cohen/Liability contract |
| Defendant | Original Complaint filed: 08/22/17 |
| AND ALL RELATED CROSSCLAIMS | Trial Date:    04/14/23 |

**I. Introduction**

This is an odd introduction. Here it is – there is no introduction. As this case is only a few dates from trial commencement, the Court asked for brevity. The introduction was sacrificed for that brevity. It is fair to say that the subject of this brief is the viability of the 02/14/08 Labrador Entertainment, Inc./Michael Cohen contract.

**II. Impossibility of performance**

"A thing is impossible in legal contemplation when it is not practicable; and a

thing is impracticable when it can only be done at an excessive and unreasonable cost." *Habitat Trust for Wildlife, Inc. v. City of Rancho Cucamonga* 175 Cal. App. 4th 1306, 1336 (2009). [Quotation marks and citation omitted.]

There is no argument but that the 02/14/08 contract was drafted by Labrador; it even has "Spider Cues," Labrador's dba emblazoned on the first page. There also appears to be no argument but that this was a take it or leave it contract. Thus, Labrador the words in the contract were *requirements* of Labrador.

Here is the *impossible requirement* foisted on Mr. Cohen for him to sign. Composer represents and warrants that the Composition(s) . . . is capable of copyright protection by [Labrador] throughout the **world**.[1] 02/14/08 contract between Mr. Cohen and Labrador. page 7, par. 4.1[Emphasis added.] While Civil Code § 1654 says that in cases of uncertainty, "the language of a contract should be interpreted most strongly against the party who caused the uncertainty to exist," that section also seems to demonstrate some suspicion on a document drafter.

The word "world" has no ambiguity. It means "the earth, together with all of its countries." https://www.bing.com/search?q=world+definition&form=ANNTH1&refig=6e4fe19fd83a4dd39f4a1ce50148afb2. The U.N. has **193** member States. https://www.un.org/en/about-us#:~:text=Currently%20made%20up%20of%20193,with%20a%20rapidly%20changing%20world. and of course there are nations which do not belong to the U.N.

Apparently if Mr. Cohen wanted to do business with Labrador, he had to have lawyers who were members of some 200 countries' Bars, research the copyright laws for each State. That is self-evidently impossible, or at least impracticable, very impracticable. With Mr. Cohen bing forced in an apparent take it or leave it contract to warrant the impossible or impracticable, Mr. Cohen should be protected from being

---

[1] The actual text says, throughout the territory. But, territory is defined earlier in the contract as the entire world.

forced to promise the impossible. See *Habitat Trust,* supra[2]

### III. Consequences of this instance of impossibility of performance

In some instances the question may arise as to the consequence of the putative breach, which was created by Labrador's *requirement* that Mr. Cohen warrant the impossible. The question might even be, well, what would happen if a court in a far-off country were to say that eminem esque was not copyrightable in that far-off country?

While Mr. Cohen strongly believes that it was New Zealand's National Party's altered/adapted "version" of eminem esque that the New Zealand Court found violative of New Zealand law, if it is determined that the song was actually eminem esque, then the above hypothetical is no longer a hypothetical. The state of affairs would be that Mr. Cohen's song was found -- in a far-off country -- to breach a warranty that Labrador *required*, but was impossible.  Impossibility excuses performance. *Vernon v. Los Angeles* 45 Cal. 2d 710, 724 (1955).

### IV. Conclusion

Brevity is a hallmark of this brief, but so is truth. This is what happened; and, no one denies such. To force liability on Mr. Cohen, when he had no choice but to warrant the impossible would be a travesty of justice.

DATED: 04/14/23                                       **JACOBSON & ASSOCIATES**

_____
Dan Jacobson, Jacobson & Assoc.
for Michael Cohen & MCPC Holdings

---

[2]     Under *Habitat Trust*, frustration of purpose could also apply, but impossibility fits better when the task Mr. Cohen was forced to warrant is literally impossible.