UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 17-6108-MWF (JPRx)        **Date:** April 17, 2023
**Title:** Beatbox Music Pty, Ltd. v. Labrador Entertainment, Inc., et al.

**Present:** The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):**      ORDER RE: REMAINING LABRADOR-COHEN CONTRACT INTERPRETATION ISSUE

Before the Court is a remaining legal issue among those legal issues jointly submitted by the parties to be considered by the Court (the "Joint List of Legal Issues"), filed on March 29, 2023. (Docket No. 368). Beatbox filed a supplemental Brief re: Legal Issues on April 11, 2023. (Docket No. 378). Cohen filed a Supplemental Brief on April 14, 2023. (Docket No. 391).

The Court has read and considered the briefs filed by the parties. The issues of unconscionability and impossibility with respect to the Labrador-Cohen Agreement are determined not to be part of the present case and shall not be included at trial.

Among the legal issues submitted for the Court's consideration before the jury trial, Cohen raised questions about whether the Labrador-Cohen Agreement should be determined to be unconscionable. (*See* Joint List of Legal Issues at 7).

Beatbox argued that Cohen should be barred from raising unconscionability now because he had not alleged unconscionability as an affirmative defense. (Beatbox Brief re: Legal Issues at 18). The Court permitted Cohen to file a supplemental brief to respond to Beatbox's argument. (Order re: Legal Issues (Docket No. 386) at 24).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  CV 17-6108-MWF (JPRx)          **Date:**  April 17, 2023
**Title:**     Beatbox Music Pty, Ltd. v. Labrador Entertainment, Inc., et al.

In his Supplemental Brief, Cohen does not address Beatbox's argument but argues that he was forced to make an impossible warranty in the Labrador-Cohen Agreement that the Compositions were "capable of protection by [Labrador] throughout the world." (Cohen Supplemental Brief at 2–3).

The Court is skeptical that there is merit to the newly raised impossibility argument. Cohen does not cite and the Court could not find any cases where similar guarantees or warranties were determined to be impossible. Perhaps this is because the impossibility doctrine typically applies to contract duties that have yet to be performed but are impossible or impracticable to complete. *See SVAP III Poway Crossings, LLC v. Fitness Int'l, LLC*, 87 Cal. App. 5th 882, 893, 303 Cal. Rptr. 3d 863 (2023) ("Case law addressing the doctrine of impossibility almost invariably refers to impossibility *of performance*, and the question to be decided is whether the party asserting the defense has demonstrated that it was impossible to perform its own contractual obligations to the other contracting party such that it may avoid liability for its non-performance.").

Regardless, Cohen's unconscionability and impossibility affirmative defenses do not appear to have been raised in Cohen's answer or amended answer and therefore are not part of this case. (*See generally*, Cohen Answer to First Amended Complaint (Docket No. 114). Similarly, these affirmative defenses were not included in Cohen's Rule 16 documents. (*See, e.g.*, Cohen Memorandum of Contentions of Fact and Law (Docket No. 295), Cohen Proposed Jury Instructions (Docket Nos. 315, 336)). Accordingly, the affirmative defenses of unconscionability and impossibility are not part of the case and shall not be raised at trial.

IT IS SO ORDERED.