**F I L E D**
CLERK, U.S. DISTRICT COURT

April 27, 2023

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ RS _____ DEPUTY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEATBOX MUSIC PTY, LTD.,<br><br>        Plaintiff,<br><br>   v.<br><br>LABRADOR ENTERTAINMENT, INC. D/B/A SPIDER CUES MUSIC LIBRARY, a California corporation; NOEL PALMER WEBB, an individual; MICHAEL COHEN, an individual; LABRADOR ENTERTAINMENT, LLC; MCPC HOLDINGS, LLC; WEBB FAMILY TRUST and DOES 1-20, inclusive,<br><br>        Defendants. | CASE NO: 2:17-cv-6108 MWF (JPRx)<br>*Assigned to the Hon. Michael W. Fitzgerald*<br><br><br>**JURY INSTRUCTIONS** |

## JURY INSTRUCTION NO. 1

### Duty of the Jury

Members of the jury: It is my duty to instruct you on the law.

These instructions are to help you understand the principles that apply to civil trials and to help you understand the evidence you heard. You will be allowed to keep this set of instructions while you deliberate. These instructions are not to be taken home and must remain in the jury room when you leave in the evenings. This set of instructions will govern your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything I may say or do that I have an opinion regarding the evidence or what your verdict should be.

**JURY INSTRUCTION NO. 2**

**Burden of Proof – Preponderance of the Evidence**

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

# JURY INSTRUCTION NO. 3

## Parties, Claims, and Affirmative Defenses

Here is a brief summary of the parties and their positions in this action:

(1) Plaintiff Beatbox Music Pty, Ltd.  ("Beatbox") is a music sub-publisher located in Australia and doing business in the Oceania region, which includes the countries of Australia and New Zealand.

(2) As part of its regular operations, Beatbox distributes its library of production music to individuals and entities who use music for audiovisual works, like commercials and television programming.

(3) As part of its regular business operations, Beatbox enters into contracts with various publishers and licensors of libraries of music compositions from other publishers, and then operates as a sub-publisher for those libraries in the Oceania Region.

(4) Defendant Labrador Entertainment, Inc. D/B/A Spider Cues Music Library ("Labrador") is a music publishing and licensing company.

(5) Defendant Michael Cohen is a music composer and songwriter.

(6) Michael Cohen is the composer of the composition / sound cue that was titled "SQ mc *Eminem-esque*" ("*Eminem-esque*").

(7) Michael Cohen composed *Eminem-esque* prior to February 14, 2008.

(8) The contract between Beatbox and Labrador is the Sub-Publisher Agreement dated April 1, 2009 (Exhibit 4).  In these Instructions this contract will be called the "Beatbox-Labrador Agreement."

(9) The contract between Labrador and Michael Cohen is the Composer's Agreement dated February 14, 2008 (Exhibit 1).  In these instructions, this contract will be called the "Labrador-Cohen Agreement."  Although

Beatbox did not sign the Labrador-Cohen Agreement, it is a beneficiary of the Labrador-Cohen Agreement and has brought a claim against Michael Cohen based on the Labrador-Cohen Agreement.

Beatbox asserts a claim of breach of contract against Labrador and a claim of breach of contract against Michael Cohen.  Beatbox has the burden of proving these claims by a preponderance of the evidence.

Labrador denies Beatbox's claim for breach of contract.  Labrador also asserts the affirmative defense of waiver and asserts that Beatbox failed to use reasonable efforts to mitigate damages.  Labrador has the burden of proving waiver by clear and convincing evidence (a standard explained later in these Instructions) and failure to mitigate by a preponderance of the evidence.

Michael Cohen denies Beatbox's claim and disputes that Beatbox can prove the elements of breach of contract against Michael Cohen.

Labrador also asserts two counterclaims against Beatbox.  The counterclaims are for breach of contract and breach of fiduciary duty.   Labrador has the burden of proving its counterclaims by a preponderance of the evidence.

Beatbox denies Labrador's two counterclaims and against those counterclaims asserts the affirmative defense of waiver and asserts that Labrador failed to use reasonable efforts to mitigate damages.  Beatbox has the burden of proving waiver by clear and convincing evidence and failure to mitigate damages by a preponderance of the evidence.

## JURY INSTRUCTION NO. 4

### Corporations

In this case, Beatbox and Labrador are corporations. Corporations are not living, breathing people, beings, but creations of law. Obviously, a corporation itself cannot act. However, a corporation does act through its agents, that is, its employees, officers, or authorized representatives. An action by an agent of a corporation is attributed to the corporation if the agent had the authority to make the decision or take the action complained of. All parties are equal before the law and a corporation is entitled to the same fair and conscientious consideration by you as any party.

1

## JURY INSTRUCTION NO. 5

2

### Two of More Parties

3

4        You should decide the case as to each defendant separately.  Unless

5 otherwise stated, the instructions apply to all parties.

**JURY INSTRUCTION NO. 6**

**What is Evidence**

The evidence you are to consider in deciding what the facts are consists of:

(1)    the sworn testimony of any witness;

(2)    the exhibits that are admitted into evidence;

(3)    any facts to which the lawyers have agreed; and

(4)    any facts that I have instructed you to accept as proved.

## JURY INSTRUCTION NO. 7

### What is not Evidence

In reaching your verdict, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

(1)     Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)     Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.

(3)     Testimony that is excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence only for a limited purpose, you must do so, and you may not consider that evidence for any other purpose.

(4)     Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

## JURY INSTRUCTION NO. 8

### Direct and Circumstantial Evidence

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night.  However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk.  Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

**JURY INSTRUCTION NO. 9**

**Ruling on Objections**

There are rules of evidence that control what can be received into evidence. When a lawyer asked a question or offered an exhibit into evidence and a lawyer on the other side thought that it was not permitted by the rules of evidence, that lawyer may have objected.  If I overruled the objection, the question was answered or the exhibit received.  If I sustained the objection, the question was not answered and the exhibit was not received.  Whenever I sustained an objection to a question, you must ignore that question and must not guess what the answer might have been.

Sometimes I ordered that evidence be stricken from the record and that you disregard or ignore that evidence.  That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

# JURY INSTRUCTION NO. 10

## Credibility of Witnesses

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)     the opportunity and ability of the witness to see or hear or know the things testified to;

(2)     the witness's memory;

(3)     the witness's manner while testifying;

(4)     the witness's interest in the outcome of the case, if any;

(5)     the witness's bias or prejudice, if any;

(6)     whether other evidence contradicted the witness's testimony;

(7)     the reasonableness of the witness's testimony in light of all the evidence; and

(8)     any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said.  Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

# JURY INSTRUCTION NO. 11

## Notes

Whether or not you took notes, you should rely on your own memory of the evidence.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of other jurors.

# JURY INSTRUCTION NO. 12

## No Transcript Available to the Jury

During deliberations, you will have to make your decision based on what you recall of the evidence.  You will not have a transcript of the trial.

If you wish to have a portion of the testimony read in open court, you may do so by sending me a note.  However, it is not possible that only a very small amount of testimony can be read to you; it is likely that all of the testimony of a witness will be read.  Moreover, in hearing the testimony read, you will not be seeing the demeanor and manner of the witness while testifying.  I therefore urge you to make your decision without having any testimony read.

## JURY INSTRUCTION NO. 13

### Opinion Witnesses

You heard testimony from certain opinion witnesses.  These witnesses were Michael Lau, Eric Fruits, Ph.D., Margaret Saadi Kramer, and Ron Mendelsohn.  These witnesses testified to their opinions and the reasons for their opinions.  This opinion testimony is allowed because of the education or experience of these witnesses.

Such opinion testimony should be judged like any other testimony.  You may accept it or reject it and give it as much weight as you think it deserves, considering the witnesses' education and experience, the reasons given for the opinions, and all the other evidence in the case.

**JURY INSTRUCTION NO. 14**

**Charts and Summaries Not Received in Evidence**

Certain charts and summaries not admitted into evidence have been shown to you in order to help explain the contents of records, documents, or other evidence in the case.  Charts and summaries are only as good as the underlying evidence that supports them.  You should, therefore, give them only such weight as you think the underlying evidence deserves.

# JURY INSTRUCTION NO. 15

## Charts Received in Evidence

Certain charts have been admitted into evidence to illustrate information brought out in the trial.  Charts are only as good as the testimony or other admitted evidence that supports them.  You should, therefore, give them only such weight as you think the underlying evidence deserves.

**JURY INSTRUCTION NO. 16**

**Breach of Contract – Essential Factual Elements**

**(Beatbox Claim Against Labrador)**

To recover damages from Labrador for breach of the Beatbox-Labrador Agreement, Beatbox must prove each of the following elements by a preponderance of the evidence:

(1) That one of the following is true:

    (a) Beatbox did all, or substantially all, of the significant things that the Beatbox-Labrador Agreement required it to do; *or*

    (b) Beatbox was excused from having to perform any of its obligations under the Beatbox-Labrador Agreement if Labrador breached its promises relating to *Eminem-esque* at the inception of the Beatbox-Labrador Agreement on April 1, 2009;

(2) That either Labrador failed to do something that the Beatbox-Labrador Agreement required it to do *or* that Labrador did something that the Beatbox-Labrador Agreement prohibited it from doing;

(3) That Beatbox was harmed; and

(4) That Labrador was a substantial factor in causing Beatbox's harm.

Beatbox contends that Labrador breached the Beatbox-Labrador Agreement as of the date of its inception on April 1, 2009, for the following alleged reasons, among others:

    (i)    Labrador guaranteed that *Eminem-esque* would not infringe any other copyrighted work or the rights of any third party;

-19-

1

2

3

4

5

(ii)     That any obligations of Beatbox under the Beatbox-Labrador Agreement were excused when Labrador conveyed the infringing *Eminem-esque*.

## JURY INSTRUCTION NO. 17

### Affirmative Defense – Waiver

### (Labrador)

Labrador claims that it did not have to perform any obligation under the Beatbox-Labrador Agreement because Beatbox gave up its right to have Labrador perform any obligations.  This is called a "waiver."  To succeed, Labrador must prove each of the following elements by clear and convincing evidence:

(1)  That Beatbox knew that Labrador promised to deliver a cue that was an original and non-infringing cue; and

(2)  That Beatbox freely and knowingly gave up its right to have Labrador deliver an original and non-infringing cue.

A waiver may be oral or written or may arise from conduct that shows that Labrador gave up that right.

If Labrador proves that Beatbox gave up its right to Labrador's performance of the obligation identified above, then Labrador was not required to perform that obligation.

When a party has the burden of proving any claim or defense by clear and convincing evidence, it means that the party must present evidence that leaves you with a firm belief or conviction that it is highly probable that the factual contentions of the claim or defense are true. This is a higher standard of proof than proof by a preponderance of the evidence, but it does not require proof beyond a reasonable doubt.

## JURY INSTRUCTION NO. 18

### Breach of Contract – Essential Factual Elements
### (Beatbox Claim Against Michael Cohen)

To recover damages from Michael Cohen for breach of the Labrador-Cohen Agreement, Beatbox must prove each of the following elements by a preponderance of the evidence:

(1)    That Labrador or Beatbox did all, or substantially all, of the significant things that the Labrador-Cohen Agreement required them to do;

(2)    That either Michael Cohen failed to do something that the Labrador-Cohen Agreement required him to do *or* that Michael Cohen did something that the Labrador-Cohen Agreement prohibited him from doing;

(3)    That Beatbox was harmed; and

(4)    That Michael Cohen's breach of the Labrador-Cohen Agreement  was a substantial factor in causing Beatbox's harm.

Beatbox contends that Michael Cohen breached the Labrador-Cohen Agreement for the following alleged reasons, among others:

(i)    from its inception, by guaranteeing that *Eminem-esque* did not infringe any copyrighted work or the rights of any third party; and

(ii)    failing to indemnify Beatbox.

# JURY INSTRUCTION NO. 19

## Breach of Contract – Essential Factual Elements

## (Labrador Counterclaim Against Beatbox)

To recover damages against Beatbox for breach of the Beatbox-Labrador Agreement, Labrador must prove each of the following elements by a preponderance of the evidence:

(1)  That Labrador did all, or substantially all, of the significant things that the Beatbox-Labrador Agreement required Labrador to do;

(2)  That either Beatbox failed to do something that the Beatbox-Labrador Agreement required it to do *or* that Beatbox did something that the Beatbox-Labrador  Agreement prohibited it from doing;

(3) That Labrador was harmed; and

(4) That Beatbox's breach of the Beatbox-Labrador Agreement was a substantial factor in causing Labrador's harm.

Labrador contends that Beatbox breached the Beatbox-Labrador Agreement for the following alleged reasons, among others:

(i)      Beatbox failed to update and maintain the music library and communicate to Labrador any issues that arose regarding the Spider Cues Library;

(ii)     Beatbox failed to remove the song *Eminem-esque* from the music library as instructed by Labrador;

(iii)    Beatbox failed to timely notify Labrador, prior to the issuance of the license for the use of *Eminem-esque* by the New Zealand National Party for their political advertisement, about potential litigation;

-23-

(iv)    Beatbox failed to notify AMCOS of the alleged additions and deletions to the Spider Cues Library; and

(v)     Beatbox failed to pay to Labrador all the amounts that were due to Labrador under the Beatbox-Labrador Agreement.

## JURY INSTRUCTION NO. 20

## Affirmative Defense – Waiver

### (Beatbox)

Beatbox claims that it did not have to perform any obligation under the Beatbox-Labrador Agreement because Labrador gave up its right to have Beatbox perform any obligations. This is called a "waiver." To succeed, Beatbox must prove each of the following elements by clear and convincing evidence:

(1) That Labrador knew any of the following:

      A. Beatbox was required to comply with Paragraph 13 of the Beatbox-Labrador Agreement; and/or

      B. Beatbox would remove any music from licensing if Labrador expressly instructed Beatbox to so remove; and/or

      C. AMCOS granted licenses for the production music that Beatbox exploits in New Zealand and Australia; and/or

      D. AMCOS charged Beatbox a commission for licensing the production music that Beatbox exploits in New Zealand and Australia; and/or

      E. Beatbox was required to comply with Paragraph 10 of the Beatbox-Labrador Agreement; and/or

      F. Beatbox was required to comply with Paragraph 18 of the Beatbox-Labrador Agreement; and

(2) That Labrador freely and knowingly gave up its right to have Beatbox perform these obligations.

-25-

A waiver may be oral or written or may arise from conduct that shows that Labrador gave up that right.

If Beatbox proves that Labrador gave up its right to Beatbox's performance of any of those obligations identified above, then Beatbox was not required to perform these obligations.

When a party has the burden of proving any claim or defense by clear and convincing evidence, it means that the party must present evidence that leaves you with a firm belief or conviction that it is highly probable that the factual contentions of the claim or defense are true. This is a higher standard of proof than proof by a preponderance of the evidence, but it does not require proof beyond a reasonable doubt.

**JURY INSTRUCTION NO. 21**

**Breach of Fiduciary Duty – Essential Factual Elements**

**(Labrador Counterclaim Against Beatbox)**

An agent owes what is known as a fiduciary duty to its principal. A fiduciary duty imposes on an agent a duty to act with the utmost good faith in the best interests of its principal.

Labrador claims that it was harmed by Beatbox's breach of the fiduciary duty to use reasonable care. To establish this claim, Labrador must prove all of the following:

(1) That Beatbox was Labrador's agent;

(2) That Beatbox acted on Labrador's behalf for purposes of licensing production music in New Zealand and Australia;

(3) That Beatbox failed to act as a reasonably careful agent would have acted under the same or similar circumstances;

(4) That Labrador was harmed; and

(5) That Beatbox's conduct was a substantial factor in causing Labrador's harm.

Labrador contends that Beatbox breached its fiduciary duty to use reasonable care for the following alleged reasons, among others:

(i) Failing to maintain an accurate list of cues that could be marketed and licensed;

(ii) Distributing cues that were not on this list, namely the cue *Eminem-esque*;

(iii) Beatbox failed to notify AMCOS of the alleged additions and

-27-

deletions to the Spider Cues Library; and

(iv)  Failing to communicate to Labrador, prior to the issuance of the license to the New Zealand National Party, that the New Zealand National Party was concerned about *Eminem-esque*.

## JURY INSTRUCTION NO. 22

### Interpretation of the Contracts

In deciding what the words of a contract meant to the parties, you should consider the whole contract, not just isolated parts. You should use each part to help you interpret the others, so that all the parts make sense when taken together.

You should assume that the parties intended the words in their contracts to have their usual and ordinary meaning unless you decide that the parties intended the words to have a special meaning.

A usage of trade or industry custom and practice can be said to exist at a given point in time only if the claimed usage or practice had existed for a sufficient length of time, and was so prevalent within the relevant industry, that anyone working within the relevant industry should have reasonably known about and understood the usage or practice.

**JURY INSTRUCTION NO. 23**

**Interpretation – Disputed Words**


Beatbox and Michael Cohen dispute the meaning of the following words in the Labrador-Cohen Agreement, under which Beatbox is a beneficiary: "The right to alter, expand, adapt, and translate the Composition(s) in consultation with Composer."

Beatbox claims that the words mean to make a derivative copyright work that does not include synchronization of music to an audiovisual work.  Michael Cohen claims that the words mean that of an ordinary dictionary meaning. Beatbox must prove that its interpretation is correct by a preponderance of the evidence.

**JURY INSTRUCTION NO. 24**

**Interpretation – Best Efforts**

In the Beatbox-Labrador Agreement, Beatbox represented and warranted that Beatbox "will use its best commercial endeavors to exploit the recordings for the benefit of the parties concerned."  Whether a party exercised its best efforts to fulfill its duties under the contract is construed in the context of the circumstances in a particular case.

Because the Beatbox-Labrador Agreement does not specifically define the phrase "best efforts," Beatbox must have used the diligence of a reasonable person under comparable circumstances.  Best efforts does not mean every conceivable effort.  Nor did it require Beatbox to ignore its own interests, spend itself into bankruptcy, or incur substantial losses to perform its contractual obligations.

Rather, the best efforts standard required Beatbox to make such efforts as were reasonable in light of Beatbox's ability and the means at its disposal and of Labrador's justifiable expectations.

# JURY INSTRUCTION NO. 25
## Indemnity

Generally, "indemnity" is defined as an obligation of one party to pay or satisfy the loss or damage incurred by another party.

If you find that Beatbox had the authority to license *Eminem-esque* at the time of the infringement, Labrador's duty to indemnify Beatbox was triggered upon notice of the New Zealand claim that *Eminem-esque* violated the copyright of a song by Eminem.

Similarly, Michael Cohen's indemnity obligations to Beatbox contained in Section 6.1 of the Labrador-Cohen Agreement were triggered by notice of the claim that *Eminem-esque* infringed the copyright of a song by Eminem.

Beatbox was not required to have fully performed under any of the contracts at issue in this case. Beatbox's partial performance is sufficient to invoke the indemnification provision.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## JURY INSTRUCTION NO. 26

### Agent – Scope of Authority Defined

An agent is acting within the scope of authority if the agent is engaged in the performance of duties which were expressly or impliedly assigned to the agent by the principal.

## JURY INSTRUCTION NO. 27

### Damages – Proof

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for Beatbox on either or both of its breach of contract claims or for Labrador on either or both of its counterclaims, then you must determine Beatbox's or Labrador's damages (as the case may be).  The party who prevailed on its claim(s) has the burden of proving damages by a preponderance of the evidence.  Damages means the amount of money that will reasonably and fairly compensate a party for any injury that was caused.

It is for you to determine what damages, if any, have been proved.  Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

Beatbox contends that you should consider the following injuries in calculating its damages:

    (i)    All of the damages Beatbox incurred to resolve the claims of copyright infringement in the New Zealand case, including but not limited to, its contribution to the settlement with the plaintiffs in the New Zealand case;

    (ii)    All the attorneys' fees and costs that Beatbox incurred in defending the copyright infringement action in New Zealand; and

    (iii)    All of the income withheld from Beatbox pursuant to its indemnity obligations to third parties (e.g., APRA/AMCOS) as a result of the infringement action in New Zealand.

Labrador contends that you should consider the following injuries in calculating its damages:

     (i)     All the attorneys' fees and costs that Labrador incurred in defending the copyright infringement action in New Zealand;

     (ii)    All sums that Beatbox failed to pay Labrador for sums received for exploitation of the Spider Cues library.

The amount of damages (if any) should be awarded in U.S. dollars.  You have heard evidence of certain amounts given in Australian dollars or New Zealand dollars.  As of today, one Australian dollar is worth .67 U.S. dollars.  One New Zealand dollar is worth .62 U.S. dollars.  Use these exchange rates to convert the damages (if any) into U.S. dollars.

**JURY INSTRUCTION NO. 28**

**Damages From Multiple Defendants**

In this case, Beatbox seeks damages from Labrador and Michael Cohen. You must determine the liability of each Defendant to Beatbox separately.

If you determine that more than one of the Defendants is liable to Beatbox for damages, you will be asked to find Beatbox's total damages.

In deciding on the amount of damages, consider only Beatbox's claimed losses.  Do not attempt to divide the damages between the Defendants.

## JURY INSTRUCTION NO. 29
### Damages – Mitigation

Both Beatbox and Labrador had a duty to use reasonable efforts to mitigate their alleged damages.  To "mitigate" means to avoid or reduce damages.

To prove that the opposing party failed to mitigate damages, Beatbox or Labrador (as the case may be) has the burden of proving the following by a preponderance of the evidence:

(1) That the opposing party failed to use reasonable efforts to mitigate its alleged damages; and

(2) The amount by which the alleged damages would have been mitigated.

In other words, the alleged failure to mitigate damages might reduce damages not at all, or in part, or completely.

Labrador contends that Beatbox failed to mitigate damages by failing to stop the issuance of *Eminem-esque* upon allegedly receiving notice that there may be an issue regarding copyright infringement and failing to settle the New Zealand case prior to Labrador having to expend substantial funds to defend itself.

Beatbox contends that Labrador failed to mitigate damages by failing to indemnify and settle with the New Zealand plaintiffs before Beatbox was required to incur significant damages in New Zealand in the form of attorneys' fees and required indemnity to APRA/AMCOS.

## JURY INSTRUCTION NO. 30

### Duty to Deliberate

Before you begin your deliberations, elect one member of the jury as your presiding juror.  The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so.  Your verdict must be unanimous.  That means each answer on the Verdict Form must be unanimous.

You should only deliberate when all nine of you are present.  If some of you arrive early, for example, you should wait to discuss the case until all nine of you are present.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**JURY INSTRUCTION NO. 31**

**Consideration of Evidence – Conduct of the Jury**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial.  Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses, or the lawyers—until you have

been excused as jurors.  If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court.  Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process.  If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete, or misleading information that has not been tested by the trial process.  Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial.   Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

# JURY INSTRUCTION NO. 32
## Evidence in Electronic Format

Those exhibits received in evidence that are capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room.  A computer, projector, printer, and accessory equipment will be available to you in the jury room.

A court technician will show you how to operate the computer and other equipment and how to locate and view the exhibits on the computer.  If you need additional equipment or supplies or if you have questions about how to operate the computer or other equipment, you may send a note to the clerk, signed by your foreperson or by one or more members of the jury.  Do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room with the clerk present for the sole purpose of assuring that the only matter that is discussed is the technical problem.  When the court technician or any nonjuror is in the jury room, the jury shall not deliberate.  No juror may say anything to the court technician or any nonjuror other than to describe the technical problem or to seek information about operation of the equipment.  Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case.  You may not use the computer for any other purpose.  At my direction, technicians have taken steps to ensure that the computer does not permit access to the Internet or to any "outside" website, database, directory, game, or other material.  Do not attempt to alter the computer to obtain access to such materials.  If you discover that the computer provides or allows access to such materials, you must inform the court immediately

and refrain from viewing such materials.  Do not remove the computer or any
electronic data from the jury room, and do not copy any such data.

# JURY INSTRUCTION NO. 33

## Communication with the Court

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you.  No member of the jury should ever attempt to communicate with me except by a signed writing.  I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

1

2

3

## JURY INSTRUCTION NO. 34

### Return of Verdict

4    A verdict form has been prepared for you.  After you have reached

5  unanimous agreement on a verdict, your foreperson should complete the verdict

6  form according to your deliberations, sign and date it, and advise the clerk that you

7  are ready to return to the courtroom.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28