BLAISE & NITSCHKE, P.C.
HEATHER L. BLAISE, ESQ. (SBN 261619)
145 S. Wells Street, Suite 1800
Chicago, IL 60606
Telephone: 312-448-6602
Email: hblaise@blaisenitschkelaw.com

Attorneys for Plaintiff,
BEATBOX MUSIC PTY, LTD.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEATBOX MUSIC PTY, LTD.,<br><br>Plaintiff,<br><br>v.<br><br>LABRADOR ENTERTAINMENT, INC. D/B/A SPIDER CUES MUSIC LIBRARY, a California corporation; NOEL PALMER WEBB, an individual; MICHAEL COHEN, an individual; LABRADOR ENTERTAINMENT, LLC; MCPC HOLDINGS, LLC; WEBB FAMILY TRUST and DOES 1-20, inclusive,<br><br>Defendants.<br><br>AND ALL RELATED ACTIONS | CASE NO: 2:17-cv-6108 MWF (JPRx)<br>*Assigned to the Hon. Michael W. Fitzgerald*<br><br>**PLAINTIFF BEATBOX MUSIC PTY, LTD.'S MOTION FOR ENTRY OF JUDGMENT WITH PREJUDGMENT INTEREST**<br><br>**Hearing Date:** **July 3, 2023**<br>**Time:** **10:00 a.m. PDT**<br>**Location:** **Courtroom 5A**<br><br>Jury Verdict Date: April 27, 2023<br>Trial Date: April 19, 2023<br>FAC: January 24, 2020<br>Cross-Claim Filed: November 21, 2017<br>Action Filed: August 17, 2017 |

-1-
PLAINTIFF BEATBOX MUSIC PTY, LTD.'S MOTION FOR ENTRY OF JUDGMENT WITH PREJUDGMENT INTEREST

# NOTICE OF MOTION

TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, AND TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on July 3, 2023 at 10:00 a.m., or as soon thereafter as the matter may be heard before the Honorable Michael W. Fitzgerald, in Courtroom 5A of the United States District Court for the Central District of California, located at 350 W. First Street, Los Angeles, California 90012, or as ordered by the Court, Plaintiff BEATBOX MUSIC PTY, LTD. ("Plaintiff"), by and through the undersigned counsel, will move to for entry of Judgment with prejudgment interest following the April 27, 2023 jury verdict in favor of Plaintiff awarding Plaintiff $770,963.66.

This motion is based upon this Notice of Motion; the Memorandum of Points and Authorities herein below; the Declaration of Heather L. Blaise and exhibits thereto; the pleadings on file in this action; and such other further pleadings, papers, transcripts, and matters that may be properly presented to the Court.

This motion is made following the undersigned's repeated attempts to request having the conference of counsel pursuant to L.R. 7-3 concerning the substance of this motion on April 29, 2023, May 2, 3, and 5, 2023, and finally occurring on May 12, 2023, as discussed in further detail below.

DATED: June 1, 2023                    Respectfully submitted,

**BEATBOX MUSIC PTY, LTD.**
 /s/ Heather L. Blaise
HEATHER L. BLAISE, ESQ. (SBN 261619)
*Attorney for Plaintiff*

Plaintiff Beatbox Music Pty., Ltd. ("Beatbox"), by and through its attorneys, Blaise & Nitschke, P.C., respectfully moves this Honorable Court, pursuant to Federal Rule of Civil Procedure 58, for entry of judgment with prejudgment interest, and for any other relief this Court deems necessary and just.

## INTRODUCTION

On April 27, 2023, the Court entered into the docket a Jury Verdict in favor of Plaintiff Beatbox awarding Plaintiff $770,963.66 in contract damages against Defendant Labrador (Counts I and III) and Defendant Cohen (Count I) and finding that Defendant Labrador did not prove either of its counter-claims for Breach of Contract and Breach of Fiduciary Duty and that Defendant Labrador did not prove any of its affirmative defenses. Dkt. 417. On April 14, 2023, over Plaintiff Beatbox's objection, the Court entered an order Granting Defendant Labrador's Motion to Trifurcate ordering "claims between the Labrador parties and the Cohen parties, along with Beatbox[']s fraudulent conveyance claims (Claims 7 and 8) will be tried separately." Dkts. 317 & 388.

This motion is made following repeated requests for conference of counsel pursuant to L.R. 7-3 and consistent with this Court's order dated April 27, 2023 providing: "As stated on the record, the parties are order to confer regarding the next phase of trial." Dkt. 414. Consistent with these obligations, the undersigned counsel reached out to defense counsel on April 29, 2023 and proposed a panel mediator and requested a response before May 2, 2023. Defense counsel refused to agree to the mediator proposed by Beatbox or to propose any other mediator from the panel and instructed Beatbox not to contact them for "two weeks." On May 2, 2023, the undersigned counsel asked for proposed mediators and requested a meet & confer in contemplation of this Motion. On May 3, 2023, the undersigned counsel once again asked for proposed mediators and requested a meet & confer in contemplation of this Motion. Mr. Jacobson did not respond. Mr. Rosner refused to provide any dates of availability before May 12, 2023, on the fifteenth (15) day following jury verdict on

this matter. On May 5, 2023, the undersigned provided to defense counsel availability to meet and confer regarding the instant motion and other post-trial motions and also requested whether they would object. Finally, on May 12, 2023, both defense counsel made themselves available to confer on this topic and the topic of selection of a panel mediator. Defense counsel proposed only one mediator to which they both would agree. Plaintiff's counsel reached out to said mediator for availability and was told that the mediator was not currently accepting any panel appointments. Counsel for Plaintiff provided this information to Defense counsel and requested alternates to which both Defendants would agree on May 16, 2023. Neither Defense counsel responded substantively and Counsel for Labrador responded with an email drafted from his iPhone that we was "out of office" until "May 22. 2023." Declaration of Heather L. Blaise ("Blaise Decl.") at Exhibits A, B, C, and D.

After weeks of attempting to secure Defendants' agreement to a mediator and finally receiving proposed mediators from counsel for Labrador, counsel for Cohen abruptly stated via email on May 23, 2023, that "[l]et's [sic] please move-on [sic] by simply accepting Judge Fitzgerald's offer to ask Judge Rosenbluth to mediate. She's dealt with the case; and, [sic] she's a disinterested and honest judge." *See* Blaise Decl. at Exhibit D. When asked if this meant if counsel for Cohen will not agree to any of the panelists proposed by Labrador's counsel, Cohen's counsel replied back, somewhat cryptically, "No." *Id.*

Accordingly, entry of final judgment as to Plaintiff Beatbox's breach of contract claims and all counter-claims and affirmative defenses is appropriate to avoid additional delay and prejudice to Beatbox. Federal Rule of Civil Procedure 58(a) provides that the judgment "must be set out in a separate document." Rule 58(d) further provides that "[a] party may request that judgment be set out in a separate document as required by Rule 58(a)."

PLEASE TAKE FURTHER NOTICE THAT, concurrently herewith, Plaintiff is filing and lodging with the Court a proposed judgment in accordance with L.R. 5-4.4,

and requests that judgment be entered thereon.

## RELEVANT FACTS

This matter was set to go to trial on all claims, counter-claims, and cross-claims for this first time on March 19, 2019. Dkt. 37. The case was stayed on Labrador's Motion until September 27, 2019 when trial was set for June 23, 2020. Dkt. 78. On September 22, 2020, the matter was continued to November 30, 2021. Dkt. 164. On October 28, 2021, the Court vacated November 30, 2021 trial date upon the ruling of the then-pending Motions for Summary Judgment. Dkt. 246. On June 6, 2022, the trial was continued to December 6, 2022. Dkt. 266. On November 29, 2022, the trial was once again continued to April 18, 2023 and then once again to April 19, 2023. Dkts. 331 & 375.

On April 14, 2023, just five (5) days before trial was set to commence, this Court granted Defendant Labrador's November 8, 2022 Motion to Trifurcate Trial over Plaintiff Beatbox's objection, ordering that the "claims between the Labrador parties and the Cohen parties, along with Beatbox[']s fraudulent conveyance claims (Claims 7 and 8) will be tried separately." The Court also explained that it had "previously granted Labrador[']s Motion to Trifurcate [317] in part. The Court now grants the motion in full, for the reasons discussed at today's hearing and set forth in Labrador[']s brief." Dkt. 388.

Importantly, in addressing Beatbox's concerns about the prejudice, delay, and expense to Beatbox in granting Labrador's Motion to Trifurcate, the Court stated: "we wouldn't have to do this [third phase of trial] two years from now. I would obviously try to fit it in as quickly as we could." Dkt. 425, 9:21-22. Further, the Court explained:

> [A]nd we can do that [e.g., ruling on outstanding discovery issues relating to financials relevant to Plaintiff's fraudulent conveyance and transfer claims] immediately, and I'll try to fit in the next trial as soon as we know what happened in this one. But it will be a separate trial. It will be in front of a different jury. That is kind of the whole point. Our jury on Wednesday would be relieved to have its focus as narrow as possible.

Plaintiff Beatbox Music Pty, Ltd.'s Motion for Entry of Judgment with Prejudgment Interest

*Id.*, 11:17-23. The Court further explained on the second day of trial, April 20, 2023, the Court could enter a judgment on the issue of express indemnity "based on what the jury says in the special verdict, based on the – their finding of breach of contract[.]" *See* Exhibit E to Blaise Decl., excerpt of rough transcript from April 20, 2023.

### A. Plaintiff is entitled to the entry of Judgment following the unanimous jury verdict in its favor.

Labrador's argument in favor of trifurcation under Federal Rule of Civil Procedure 42(b) contemplated the following phases: 1) for a bench trial on the legal issues remaining; 2) for claims of Labrador against Cohen; and 4) that Plaintiff's Counts 7 and 8 would be moot if the defendants were to win at phase one of the jury trial. Dkt. 317. However, Plaintiff received a complete victory at trial and the jury returned a unanimous verdict in Plaintiff's favor, finding both, Labrador and Cohen (on an intended third-party beneficiary theory) breached their contracts with Beatbox and awarded damages in the amount of $770,963.66.

Fed. R. Civ. P. 42(b) provides that the court may bifurcate (or trifurcate) "for convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." However, "when ordering a separate trial, the court must preserve any federal right to a jury trial." Fed. R. Civ. P. 42(b)

With respect to trial, the moving party has the burden of proving that bifurcation will promote judicial economy or avoid inconvenience or prejudice to the parties. *Spectra–Physics Lasers, Inc. v. Uniphase Corp.*, 144 F.R.D. 99, 101 (N.D.Cal.1992). The decision to bifurcate proceedings is within the sound discretion of the district court. *See Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1021 (9th Cir.2004). Rule 42(b) confers "broad discretion" on the court "to bifurcate a trial to permit deferral of costly and possibly unnecessary proceedings pending resolution of potentially dispositive preliminary issues." *Jinro America Inc. v. Secure Investments, Inc.*, 266

F.3d 993, 998 (9th Cir.2001), *opinion amended on denial of reh'g*, 272 F.3d 1289 (9th Cir.2001).  The Ninth Circuit has held that the district court "did not abuse its discretion in ordering the trial bifurcated" when the "approach was a reasonable way to promote clarity and judicial economy, because the validity of [a] contract directly informed the resolution of the other claims." *Id.*

However, when a federal jury returns a unanimous verdict on liability and damages in favor of Plaintiff, the bifurcation (or in this case, *trifurcation*) of claims should not work to deny Plaintiff the Seventh Amendment's "guarantee of a trial by jury is the general right of a litigant to have only one jury pass on a common issue of fact." *Gasoline Prod. Co. v. Champlin Ref. Co.*, 283 U.S. 494, 499 (1931) ("Here we hold that, where the requirement of a jury trial has been satisfied by a verdict according to law upon one issue of fact, that requirement does not compel a new trial of that issue even though another and separable issue must be tried again.").  As the Fifth Circuit has explained in relying upon *Gasoline*: "there is an important limitation on ordering a separate trial of issues under Rule 42(b): the issue to be tried must be so distinct and separate from the others that a trial of it alone may be had without injustice." *McDaniel v. Anheuser-Busch, Inc.*, 987 F.2d 298, 305 (5th Cir. 1993).

This rule has an additional, pragmatic basis—to avoid the intolerable result of two juries rendering inconsistent verdicts. *Id*.  Further, when there is a vague dividing line between liability and damages, courts have also cautioned that separate trials of liability and damages "must be approached with trepidation" and the use of bifurcation "must be grounded upon a clear understanding between the court and counsel of the issue or issues involved in each phase and what proof will be required to pass from one phase to the next." *State of Ala. v. Blue Bird Body Co.*, 573 F.2d 309, 318–19 (5th Cir. 1978) (internal citations omitted); see also, *Miller v. Fairchild Industries, Inc.*, 885 F.2d 498, 511 (9th Cir.1989).  However, a bifurcation undermines the guarantees of the Seventh Amendment when following a complete victory on a jury verdict Plaintiff is unfairly prejudiced and delayed from enforcing its verdict because of the remaining

issues that the Court found to be not sufficiently intertwined to deny Labrador's request to bifurcate.  This is especially inequitable when the remaining issues to be tried have no effect on the verdict of liability and damages against both Defendants, based on the Court's rulings and verdict forms.

The Court ruled on the "Legal Issues" which the Court referred to as phase 1 of Labrador's request for bifurcation on April 13, 2023.  Dkt. 386.  On April 14, 2023, the Court specifically mentioned that it viewed Plaintiff's fraudulent conveyance and Uniform Voidable Transfer Act claims as similar to a post-judgment collection issue, stating on the record that "the whole fraudulent conveyance, in a sense, it's almost a collection issue in some ways."  See Dkt. 425, 6:6-9.  The parties then conducted a seven (7) day jury trial on the factual issues remaining, exclusive of the cross-claim between Labrador and Cohen and Plaintiff's Counts VII and VIII.  Plaintiff received a complete victory on the jury verdict and requested the entry of a judgment in the amount of $770,963.66 against each defendant consistent with the unanimous verdict against each defendant as to Count I (against Labrador and Cohen) and Count III (against Labrador) of the First Amended Complaint.  Dkt. 105.  The Court denied the request for the entry of judgment consistent with the jury's verdict with the following exchange occurring on the record:

> THE COURT: Obviously, counsel, there will not be a judgment entered immediately, because we still have the final issues to be decided.
>
> I--what-- this is how I suggest that we proceed, which is that you discuss amongst yourselves how you wish to proceed, whether you want to have, for instance, perhaps new trial--a new trial motion or a written judgment as a matter of law before we proceed to the final phase, because if that was successful, of course, then that phase would be unnecessary.
>
> I also think that it would be appropriate now for you to attempt to have a serious mediation in this case.
>
> I am aware of the expenses, having been a practicing lawyer myself, and in that sense, I have done what I believed I could to try to keep things moving along, to keep them simpler on that, I know Mr. Baker and Mr. Webb and Mr. Cohen might not necessarily agree, which have been all

that successful, but I've attempted to do my best.

So here, and I'm happy to make one of the Court's volunteer mediators available to you in that regard as well, or if you wished, I would ask Judge Rosenbluth if she was willing to serve as a mediator here, as well.

But I do think that it would be appropriate before that. Assuming all that happens, then you should also discuss with yourselves whether you want to try to set a provisional trial date now, or whether you want to have those things play out and then set a trial date if it's necessary.

So I'm going to leave that for you for a while, so you can talk to each other. After that, I-- if you want to have either a status conference with me, then just contact Ms. Sanchez, and we'll set that up.

The other thing would be if you want to submit a written stipulation to me, setting out maybe, you know, for instance deadlines, or a briefing schedule, or a request that I appoint a panel mediator, or ask Judge Rosenbluth, then let me know, and we'll proceed in that fashion.

Otherwise, I--I know a lot of work has gone into this case, so I congratulate all of the lawyers on a well tried case.

Is there anything from Beatbox at this time?

MS. BLAISE: Yes, Your Honor, I'm just wondering, what is the rationale for not having a judgment entered as it relates to this case now, as opposed to waiting? Because the way that the bifurcation came out is it's our—or trifurcation-- is it's our case on the fraudulent conveyance, which part of the reason for the trifurcation was because, at least the argument was that we didn't have a judgment. Now we do have a judgment.

And the other component of the case is their claims against each other, which have nothing to do with us.

THE COURT: To a degree, but nonetheless, there is potentially true that if you went forward on a joint and several liability, you could obviously go after, presumably Labrador right now, but only Labrador.

So I think-- and then there also would be a--there could be a request for a stay, if there is later on an appeal, there could be a request for a stay. Just because it was done before trial started doesn't mean that there aren't very significant issues which are subject to appellate review, especially since they were issues of-- they were issues of law, in which I might have erred, and that includes the third-party beneficiary theory under which Beatbox made Mr. Cohen liable.

> So I just-- to immediately go after Mr.—Labrador and Mr. Cohen and then while they are still sorting out who owes what, I don't think would be very--a good use of time.
>
> But you are free to make a request for entry of judgment if you want to do it in writing. I'm indicating to you what my views are.
>
> I must say, Ms. Blaise, you have never hesitated to spend your client's money to get things from me that I have indicated to you that I have no intention of getting you. But please feel free to proceed in that fashion.
>
> Your aggressiveness in this case in a sense has paid off in the verdict, there is no question about that, but on the other hand, it has also resulted, no doubt, in quite a few fees to Beatbox.
>
> So you've got to balance those two things, as you have been.

Exhibit F to Blaise Decl., excerpt of transcript from April 27, 2023.

The need for entry of judgment is particularly acute given that the balance of Plaintiff's trifurcated claims, namely common law fraudulent transfer and Uniform Voidable Transfer Act claims, arise from conduct undertaken by the Defendants during the pendency of *this very case*. Plaintiff Beatbox requests the entry of judgment for $770,963.66 against Labrador Entertainment, Inc. and against Michael Cohen separately and consistent with the jury verdict, plus prejudgment interest under California law, as further discussed below.

**B.    Plaintiff is entitled to Prejudgment Interest in the amount of $409,366.83 under Cal. Civ. Code § 3287.**

Prejudgment interest is a substantive matter governed by California law and pursuant to the parties' written contracts at issue in this case. Dkts. 1-1 & 1-2; *In re Exxon Valdez*, 484 F.3d 1098, 1101 (9th Cir. 2007). California Civil Code § 3287 provides that "Every person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in [it] upon a particular day, is entitled also to recover interest thereon from that day." *See* Cal. Civ. C. § 3287. The Ninth Circuit explains:

> Section 3287(a) allows recovery of interest from the time the creditor's right to recover "is vested," and we have previously explained that

> "California cases uniformly have interpreted the 'vesting' requirement as being satisfied at the time that the amount of damages become certain or capable of being made certain, not the time liability to pay those amounts is determined." "Damages are deemed certain or capable of being made certain within the provisions of subdivision (a) of section 3287 where there is essentially no dispute between the parties concerning the basis of computation of damages if any are recoverable but where their dispute centers on the issue of liability giving rise to damage." Consequently, prejudgment interest under section 3287(a) becomes available as of the day the amount at issue becomes "calculable … mechanically, on the basis of uncontested and conceded evidence," and it is available "as a matter of right," rather than at the discretion of a court.

*Diaz v. Kubler Corp.*, 785 F.3d 1326, 1329 (9th Cir. 2015) (*citing Evanston Ins. Co. v. OEA, Inc.*, 566 F.3d 915, 921 (9th Cir.2009) (collecting cases); *see also Cataphora Inc. v. Parker*, 848 F.Supp.2d 1064, 1072 (N.D.Cal.2012) (discussing California cases and reaching same conclusion); *Leff v. Gunter*, 33 Cal.3d 508, 189 Cal.Rptr. 377, 658 P.2d 740 (1983)); *see also Cheema v. L.S. Trucking, Inc.*, 39 Cal. App. 5th 1142, 1151, 252 Cal.Rptr.3d 606 (2019), *as modified on reh'g* (Oct. 7, 2019) ("The trial court erroneously confused uncertainty over the amount of damages with uncertainty as to whether there is liability for damages in an amount that is certain. The former precludes the mandatory award of prejudgment interest...but the latter does not."). "Courts generally apply a liberal construction in determining whether a claim is certain" under section 3287. *State of California v. Cont'l Ins. Co.*, 15 Cal. App. 5th 1017, 1038, 223 Cal.Rptr.3d 716 (2017) (*citing Howard v. Am. Nat. Fire Ins. Co.*, 187 Cal.App. 4th 498, 535, 115 Cal.Rptr.3d 42 (2010)). One purpose of the award is to make the party whole as of the date of the initial injury. *Lakin v. Watkins Associated Industries*, 6 Cal.4th 644, 663 (1993). The test for determining "certainty" is whether the defendant actually knows the amount owed or could have computed the amount from reasonably available information. *Wisper Corp. v. California Commerce Bank*, 49 Cal.App.4th 948, 960 (1996).

California Civil Code § 3287(a) provides that Plaintiff Beatbox is entitled to

-11-
PLAINTIFF BEATBOX MUSIC PTY, LTD.'S MOTION FOR ENTRY OF JUDGMENT WITH PREJUDGMENT INTEREST

recover prejudgment interest on Plaintiff's breach of contract damages as a matter of right. Under California Civil Code § 3289 the obligation shall bear interest at a rate of 10 percent per annum after the breach. The parties disputed liability but did not contest Plaintiff's damages, which were in an amount certain, or capable of being made certain by calculation. During the jury trial in this matter, neither of the Defendants challenged the amount of damages sought by Beatbox, they only challenged their respective liability.

Each item of damages was immediately calculable upon accruing. Due to the Defendants' failure to indemnify, Beatbox incurred damages over a multi-year period, beginning as early as 2015. As the jury verdict awarded the full amount of damages reflected in Beatbox's itemization of damages reflected on Trial Exhibit 36, each separate line item that was awarded was immediately due and owing and was therefore calculable at the time it arose. *See* Exhibit G to Blaise Decl., spreadsheet of interest calculations. Taken together and accounting for an offset in interest for Labrador's share of the deductions made by AMCOS, the total interest due and owing as of the date of filing this Motion is $409,366.83, with additional prejudgment interest accruing at the rate of $211.22 per day.

WHEREFORE, Plaintiff Beatbox respectfully requests the entry of a judgment following jury verdict in the amount of $1,180,330.50, plus an additional $211.22 per day every day following June 1, 2023, and any other relief this Court deems necessary and just.

DATED: June 1, 2023                    Respectfully submitted,

                                         **BEATBOX MUSIC PTY, LTD.**

                                         */s/ Heather L. Blaise*
                                         HEATHER L. BLAISE, ESQ. (SBN 261619)
                                         145 S. Wells Street, Suite 1800
                                         Chicago, IL 60606
                                         Telephone: 312-448-6602
                                         Email: hblaise@blaisenitschkelaw.com
                                         *Attorney for Plaintiff*