```
08:32:11  1   here.
08:32:11  2             But to say to you what I've said on the -- what I've
08:32:15  3   just said to Labrador:  While I included the express
08:32:19  4   indemnity claim, because you've -- it's there, you included
08:32:23  5   it in your Rule 16 papers, I am not sure the appropriateness
08:32:30  6   of instructing the jury that there are two claims here, when
08:32:34  7   in fact they are arising from the same view of the facts.
08:32:37  8             I think what -- it might be that if -- based on what
08:32:41  9   the jury says in the special verdict, based on the -- their
08:32:45 10   finding of breach of contract, I could go ahead and enter
08:32:48 11   judgment on express indemnity, but I just don't -- I have not
08:32:54 12   made a decision on the wisdom of having that listed as a
08:33:00 13   separate claim.
08:33:01 14             One of the reasons yesterday I did not go through
08:33:03 15   the claims and even the elements, as I often do in a civil
08:33:06 16   case, for that matter sometimes in a criminal case, is that
08:33:08 17   it's precisely there is -- regrettably, even post the final
08:33:12 18   pretrial conference order, there is a certain ambiguity on
08:33:19 19   what the jury is going to be instructed on.
08:33:21 20             You'll have a chance to be heard.  I'm not ruling
08:33:22 21   one way or the other.  I'm not saying you won't get that as a
08:33:24 22   set separate of instructions.  I'm just saying I haven't made
08:33:28 23   my mind up on that.
08:33:29 24             MS. BLAISE:  I understand what you are saying, and I
08:33:30 25   appreciate that.  I think what I'm saying is slightly
```

*ROUGH DRAFT*

AMY C. DIAZ, RPR, CRR OFFICIAL COURT REPORTER

**EXHIBIT E**