```
10:28:17   1   wish, and/or not discuss the case with whomever you wish.
10:28:23   2           It might be that the lawyers or later on
10:28:28   3   representatives of the lawyers might be in contact with you
10:28:32   4   or want to talk to you about your verdict.  That is a
10:28:36   5   decision which is entirely up to you.  You can do so if you
10:28:40   6   wish, but you can also politely decline to do that.
10:28:46   7           Certainly as you know, we haven't used your names
10:28:49   8   here in court, but the lawyers do know your names, and
10:28:52   9   broadly speaking where you live.  Certainly these days it
10:28:55  10   would be easy to find you if they want to.
10:28:57  11           If you are contacted by someone in the future, and
10:29:01  12   you don't want to talk about the case, then just say that.
10:29:04  13   If you are contacted a second time, after you've made it
10:29:08  14   clear you don't wish to be contacted, then please let me
10:29:11  15   know, and I'll take care of it.
10:29:13  16           Now I do have a few things to discuss here in court.
10:29:19  17   You can go back to the jury deliberation room, I'll be, I
10:29:24  18   understand that you might be hanging out for a while, since
10:29:27  19   we ordered your lunch anyway, and I encourage that.  But you
10:29:33  20   certainly don't have to, but if you would like to chat with
10:29:36  21   me, I'll be in in a few minutes to thank you personally.
10:29:41  22           With that, ladies and gentlemen, you are discharged.
10:29:44  23           (Thereupon, the jury retired from the courtroom.)
10:30:10  24           THE COURT:  Obviously, counsel, there will not be a
10:30:20  25   judgment entered immediately, because we still have the final
```

(watermark: ROUGH DRAFT)

AMY C. DIAZ, RPR, CRR OFFICIAL COURT REPORTER

EXHIBIT F

| | |
|---|---|
| 1 10:30:24 | issues to be decided. |
| 2 10:30:27 |       I -- what -- this is how I suggest that we proceed, |
| 3 10:30:33 | which is that you discuss amongst yourselves how you wish to |
| 4 10:30:39 | proceed, whether you want to have, for instance, perhaps new |
| 5 10:30:47 | trial -- a new trial motion or a written judgment as a matter |
| 6 10:30:52 | of law before we proceed to the final phase, because if that |
| 7 10:30:59 | was successful, of course, then that phase would be |
| 8 10:31:01 | unnecessary. |
| 9 10:31:02 |       I also think that it would be appropriate now for |
| 10 10:31:05 | you to attempt to have a serious mediation in this case. |
| 11 10:31:14 |       I am aware of the expenses, having been a practicing |
| 12 10:31:21 | lawyer myself, and in that sense, I have done what I believed |
| 13 10:31:27 | I could to try to keep things moving along, to keep them |
| 14 10:31:31 | simpler on that, I know Mr. Baker and Mr. Webb and Mr. Cohen |
| 15 10:31:36 | might not necessarily agree, which have been all that |
| 16 10:31:41 | successful, but I've attempted to do my best. |
| 17 10:31:44 |       So here, and I'm happy to make one of the Court's |
| 18 10:31:50 | volunteer mediators available to you in that regard as well, |
| 19 10:31:56 | or if you wished, I would ask Judge Rosenbluth if she was |
| 20 10:31:59 | willing to serve as a mediator here, as well. |
| 21 10:32:03 |       But I do think that it would be appropriate before |
| 22 10:32:06 | that.  Assuming all that happens, then you should also |
| 23 10:32:10 | discuss with yourselves whether you want to try to set a |
| 24 10:32:14 | provisional trial date now, or whether you want to have those |
| 25 10:32:17 | things play out and then set a trial date if it's necessary. |

*ROUGH DRAFT*

| | | |
|---|---|---|
| 1 | 10:32:27 | So I'm going to leave that for you for a while, so |
| 2 | 10:32:29 | you can talk to each other.  After that, I -- if you want to |
| 3 | 10:32:34 | have either a status conference with me, then just contact |
| 4 | 10:32:40 | Ms. Sanchez, and we'll set that up. |
| 5 | 10:32:42 | The other thing would be if you want to submit a |
| 6 | 10:32:45 | written stipulation to me, setting out maybe, you know, for |
| 7 | 10:32:50 | instance deadlines, or a briefing schedule, or a request that |
| 8 | 10:32:53 | I appoint a panel mediator, or ask Judge Rosenbluth, then let |
| 9 | 10:33:01 | me know, and we'll proceed in that fashion. |
| 10 | 10:33:03 | Otherwise, I -- I know a lot of work has gone into |
| 11 | 10:33:07 | this case, so I congratulate all of the lawyers on a well |
| 12 | 10:33:13 | tried case. |
| 13 | 10:33:14 | Is there anything from Beatbox at this time? |
| 14 | 10:33:18 | MS. BLAISE:  Yes, Your Honor, I'm just wondering, |
| 15 | 10:33:21 | what is the rationale for not having a judgment entered as it |
| 16 | 10:33:25 | relates to this case now, as opposed to waiting?  Because the |
| 17 | 10:33:31 | way that the bifurcation came out is it's our -- or |
| 18 | 10:33:35 | trifurcation -- is it's our case on the fraudulent |
| 19 | 10:33:38 | conveyance, which part of the reason for the trifurcation was |
| 20 | 10:33:41 | because, at least the argument was that we didn't have a |
| 21 | 10:33:46 | judgment.  Now we do have a judgment. |
| 22 | 10:33:47 | And the other component of the case is their claims |
| 23 | 10:33:50 | against each other, which have nothing to do with us. |
| 24 | 10:33:52 | THE COURT:  To a degree, but nonetheless, there is |
| 25 | 10:34:00 | potentially true that if you went forward on a joint and |

```
 1 10:34:10   several liability, you could obviously go after, presumably
 2 10:34:16   Labrador right now, but only Labrador.
 3 10:34:18           So I think -- and then there also would be a --
 4 10:34:22   there could be a request for a stay, if there is later on an
 5 10:34:25   appeal, there could be a request for a stay.  Just because it
 6 10:34:30   was done before trial started doesn't mean that there aren't
 7 10:34:34   very significant issues which are subject to appellate
 8 10:34:37   review, especially since they were issues of -- they were
 9 10:34:43   issues of law, in which I might have erred, and that includes
10 10:34:48   the third-party beneficiary theory under which Beatbox made
11 10:34:55   Mr. Cohen liable.
12 10:34:57           So I just -- to immediately go after Mr. -- Labrador
13 10:35:03   and Mr. Cohen and then while they are still sorting out who
14 10:35:07   owes what, I don't think would be very -- a good use of time.
15 10:35:12           But you are free to make a request for entry of
16 10:35:14   judgment if you want to do it in writing.  I'm indicating to
17 10:35:17   you what my views are.
18 10:35:19           I must say, Ms. Blaise, you have never hesitated to
19 10:35:22   spend your client's money to get things from me that I have
20 10:35:26   indicated to you that I have no intention of getting you.
21 10:35:28   But please feel free to proceed in that fashion.
22 10:35:31           Your aggressiveness in this case in a sense has paid
23 10:35:34   off in the verdict, there is no question about that, but on
24 10:35:37   the other hand, it has also resulted, no doubt, in quite a
25 10:35:42   few fees to Beatbox.
```

13

```
10:35:44   1              So you've got to balance those two things, as you
10:35:48   2    have been.
10:35:49   3              Anything from Labrador or Mr. Cohen?
10:35:53   4              MR. ROSNER:  No, Your Honor.  But I would encourage
10:35:55   5    some kind of method of sitting down and trying to resolve
10:35:59   6    this.
10:35:59   7              THE COURT:  No, and I agree.  Like I said, just -- I
10:36:03   8    would rather the two of you -- the three of you talk to each
10:36:05   9    other first, but if there is no agreement on that, then it is
10:36:08  10    my intention to order it.  I would rather, obviously, that
10:36:12  11    the three of you talk to each other first.
10:36:14  12              Mr. Jacobson, anything from Mr. Cohen?
10:36:18  13              MR. JACOBSON:  Your Honor, how much was the -- was
10:36:23  14    the amount?
10:36:29  15              MR. ROSNER:  77 -- oh, sorry, let me -- $770,963.66
10:36:36  16    in United States currency.
10:36:39  17              MR. JACOBSON:  770,000.
10:36:41  18              THE COURT:  963.
10:36:43  19              MR. JACOBSON:  963.  Thank you so much.
10:36:46  20              THE COURT:  Thank you, counsel.
10:36:46  21              (Thereupon, the Court was in recess.)
          22
          23
          24
          25
```