Dan Jacobson134978
dlj@jacobsonlawyers.com
JACOBSON & ASSOCIATES
1352 Irvine Blvd, Suite 205
Tustin, CA 92780
(714) 505-4872

Attorney for Defendant/Crossclaimant Michael Cohen, and Defendant MCPC
Holdings, LLC

U.S. District Court for the

Central District of California

| | |
|---|---|
| BEATBOX MUSIC PTY, LTD., | Case #: 2:17-cv-06108-MWF-JPR |
| Plaintiff | *Assigned to the Honorable Michael W. Fitzgerald* |
| v. | *Ex Parte* Application for Stay Due to Medical Procedure |
| LABRADOR ENTERTAINMENT, INC., et al. | Oral argument: Not calendared, as Per Court's Standing Order (Court will calendar if Needed) |
| Defendant | Trial Date (next phase): 11/07/23 |
| AND ALL RELATED CROSSCLAIMS | Original Complaint filed: 08/22/17 |

**Reason for Need for Ex Parte Relief**

There is no time to prepare moving papers and to have a hearing regarding those

papers.

- 1 -

**Relief Requested**

Defendants/Crossclaimants Michael Cohen and MCPC Holdings, LLC (the Cohen parties) request that the Court issue an emergency **very short** Stay in the above-entitled case, because their attorney (the author of this document) must prepare for and undergo a vital medical procedure.

**Facts**

The University of California at Irvine's Dr. Hooshang Meshkinpour has ordered an urgent medical procedure be performed by UCI's Dr. John Lee, on the Cohen parties' counsel. The procedure is calendared for Friday June 16, 2023. Two days of medical preparation are needed for the procedure, and a few of days are needed for recovery. (Two of those days will be on a weekend [June 17 & 18, 2023].)

The procedure is required to treat an internal wound.

In the meantime there are other daily medically-required treatments for the wound that must and are being administered.

This *ex parte* request is for a Stay to begin upon the Court's issuance of the Stay, with the start date being no later than June 12, 2023. and, the Stay running through the date which is explained shortly under the "Note" headnote.

///

///

1
2
**Name, Address, Phone Number, and Email Address of Opposing Counsel**

3
Plaintiff Beatbox Music PTY LTD.'s attorneys

4
5
6
7
8
Heather Blaise, hblaise@blaisenitschkelaw.com
Thomas Nitschke, thomask@blaisenitschkelaw.com
Jeremy Stamelman, jstamelman@kelleranderle.com
Blaise & Nitschke, P.C.
145 S Wells St, Ste 1800, Chicago, IL 60606-5161
312-448-6602

9
10
Attorneys for Defendants Labrador Entertainment, Inc.,
Labrador Entertainment, LLC, Noel Palmer Webb, and Webb Family Trust

11
12
13
14
Douglas J. Rosner, Doug@drosnerlaw.com
Law Office of Douglas J. Rosner
2625 Towngate Road, Suite 330
Westlake Village, CA   91361
818-501-8400

15
**Notice to Other Parties**   *See* Declaration of Dan Jacobson

16
17
18
19
20
21
22
On May 30, 2023 at 9:19 a.m. the Cohen parties' lawyer emailed the above lawyers, explaining the above situation and inviting the lawyers to call the Jacobson & Associates' conference-call telephone line to meet & confer. The email informed counsel that the instant application would be filed on June 2, 2023, and is attached to the accompanying Declaration of Dan Jacobson.

23
24
25
26
27
28
Beatbox's attorney Heather Blaise said that she would oppose this application.

The Labrador parties' attorney Doug Rosner did not join the call and has not otherwise said that he opposes this Application. So, it is presumed that he does not have a problem with the Application. I stayed on the phone for Mr. Rosner until after

12:20 p.m.

(a) During the conversation with Mr. Blaise, she asked what procedure was being performed on me. Her tone and attitude was extremely vitriolic. (b) I replied that such was private and I didn't want to say. I invoked California Constitution Art. 1, § 1 "Inaliable Rights." That section, creates a "'zone[] of privacy' . . . [that] extend[s] to the details of one's medical history . . . an area of privacy infinitely more intimate, more personal in quality and nature than many areas already judicially recognized. . . ." [Quotation marks and citations omitted.]

(c) "[S]tate privilege law controls if the underlying claim or defense is governed by state law." Fed. R. Evid. 501; *Star Editorial v. United States Dist. Court*, 7 F.3d 856 859 (9th Cir. 1993.) While an exclusionary rule was not at issue during the out-of-court phone call, the call concerned and was subject to Federal rules, as the call was required by Federal rules, as the instant case is a diversity case in Federal Court. Common decency rules were also in effect during the call.

The reason that the email was sent with a 2-day notification of the meet & confer is the time crunch created by (a) the just-recently-calendared and quickly-approaching date that the doctors need to do the procedure, (b) the medically-required prep-time, (c) the medical treatment that is required in the meantime, and (d) the administrative/legal work that should and needs to be done prior to the procedure.

**Conclusion**

The wound is healable, and this procedure should see to that. Thus, the undersigned should be back at work on June 20, 2023, making the requested Stay extremely short. But, that Stay is also extremely necessary.

**Note**

In the evening of June 1, 2023 the undersigned opened the email that contained Beatbox's approximately 42 page Motion for Fees and Interest. He had received that approximately 42 page Motion for Fees and Interest at about 10:37 a.m. on June 1, 2023 (according to Outlook). That email contained Beatbox's approximately 42 page Motion for Fees and Interest.

With now having to oppose a detailed approximately 42 page Motion for Fees and Interest,[1] the Cohen Parties must amend their request that the Stay be structured simply as such:

///

///

///

---
[1] Which, interestingly, happens to be calendared for July 3, 2023.

*Ex Parte* Application for Stay Due to Medical Procedure

The hearing of Beatbox's approximately 42 page Motion for Fees and Interest will be on July 17, 2023 (two weeks beyond that for which it would originally be calendared). The due dates for Opposition and Reply papers would be governed by the July 17th date; and such filing will be the only matters allowed during the Stay.[2] DATED: 06/02/23

**Jacobson & Associates**

_____
Dan Jacobson, Attorney
for Michael Cohen &
MCPC Holdings, LLC

---

[2]   There was simply no time for another phone call with counsel. Besides, when discussing (or trying to discuss this issue) with Beatbox's attorney Ms. Blaise, the vitriolic response was so strong that it is impossible for her to agree to a little longer Stay. "[L]ex _non cogit ad inutilia_." "[T]he law does not know useless acts." Newton, _An Argument for Reviving the Actual Futility Exception to the Supreme Court's Procedural Default Doctrine_ "The Journal of Appellate Practice and Process" n. 8.

As to Mr. Rosner, he didn't object to the original request, so logically he wouldn't object to this one.