BLAISE & NITSCHKE, P.C.
HEATHER L. BLAISE, ESQ. (SBN 261619)
145 S. Wells Street, Suite 1800
Chicago, IL 60606
Telephone: 312-448-6602
Email: hblaise@blaisenitschkelaw.com

Attorneys for Plaintiff,
BEATBOX MUSIC PTY, LTD.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEATBOX MUSIC PTY, LTD., | CASE NO: 2:17-cv-6108 MWF (JPRx) |
| | *Assigned to the Hon. Michael W. Fitzgerald* |
| Plaintiff, | |
| v. | |
| | **PLAINTIFF BEATBOX MUSIC PTY, LTD.'S RESPONSE IN OPPOSITION TO DEFENDANT AND CROSS-CLAIMANT MICHAEL COHEN AND DEFENDANT MCPC HOLDINGS, LLC'S *EX PARTE* APPLICATION FOR STAY DUE TO MEDICAL PROCEDURE** |
| LABRADOR ENTERTAINMENT, INC. D/B/A SPIDER CUES MUSIC LIBRARY, a California corporation; NOEL PALMER WEBB, an individual; MICHAEL COHEN, an individual; LABRADOR ENTERTAINMENT, LLC; MCPC HOLDINGS, LLC; WEBB FAMILY TRUST and DOES 1-20, inclusive, | |
| Defendants. | |
| | Third Phase Trial Date: TBD |
| AND ALL RELATED ACTIONS | Jury Verdict Date: April 27, 2023 |
| | Trial Date:        April 18, 2023 |
| | FAC:              January 24, 2020 |
| | Cross-Claim Filed: November 21, 2017 |
| | Action Filed:      August 17, 2017 |

-1-

1    Defendant/Cross-Claimant Michael Cohen and Defendant MCPC Holdings,
2   LLC's (hereinafter, collectively "Cohen") *Ex Parte* Application facially misrepresents
3   facts to this Court.  First, there is no trial date of November 7, 2023 set in this matter.
4   Second, Counsel for Cohen has utterly refused to cooperate in good faith complying
5   with this Court's Order to confer regarding selection of a panelist and this *ex parte* is
6   just another transparent dilatory tactic, as shown by the lack of good faith in even
7   meeting the most basic meet & confer requirements.

8    This Court's Order dated April 27, 2023 provided: "[a]s stated on the record, the
9   parties are order to confer regarding the next phase of trial." Dkt. 414.  Consistent with
10  these obligations, the undersigned counsel reached out to defense counsel on April 29,
11  2023 and proposed a panel mediator and requested a response before May 2, 2023.
12  Defense counsel refused to agree to the mediator proposed by Beatbox or to propose
13  any other mediator from the panel and instructed Beatbox not to contact them for "two
14  weeks."  On May 2, 2023, the undersigned counsel asked for proposed mediators and
15  requested a meet & confer in contemplation of its motion for entry of judgment and
16  other post-trial motions.  On May 3, 2023, the undersigned counsel once again asked
17  for proposed mediators and requested a meet & confer in contemplation of its post-trial
18  motions.  Mr. Jacobson did not respond.

19   Mr. Rosner refused to provide any dates of availability before May 12, 2023, on
20  the fifteenth (15) day following jury verdict on this matter.  On May 5, 2023, the
21  undersigned provided to defense counsel availability to meet and confer regarding the
22  motion filed by Beatbox for entry of judgment and other post-trial motions, and also
23  requested for Defendants to identify whether they would object.  Finally, on May 12,
24  2023, both defense counsel made themselves available to confer on the topic of entry
25  of judgment and the topic of selection of a panel mediator.  Defense counsel proposed
26  only one mediator to which they both would agree.  Plaintiff's counsel reached out to
27  said mediator for availability and was told that the mediator was not currently accepting

28

1    any panel appointments.  Counsel for Plaintiff provided this information to defense
2    counsel and requested alternates to which both Defendants would agree on May 16,
3    2023.  Neither defense counsel responded substantively and counsel for Labrador
4    responded with an email drafted from his iPhone that he was "out of office" until "May
5    22. 2023."  Declaration of Heather L. Blaise ("Blaise Decl.") at Exhibits A, B, C, and
6    D.

7         After weeks of attempting to secure Defendants' agreement to a mediator and
8    finally receiving proposed mediators from counsel for Labrador, counsel for Cohen
9    abruptly stated via email on May 23, 2023, that "[l]et's [*sic*] please move-on [*sic*] by
10   simply accepting Judge Fitzgerald's offer to ask Judge Rosenbluth to mediate.  She's
11   dealt with the case; and, [*sic*] she's a disinterested and honest judge."  *See* Blaise Decl.
12   at Exhibit D.  When asked if this meant if counsel for Cohen will not agree to any of
13   the panelists proposed by Labrador's counsel, Cohen's counsel replied back, somewhat
14   cryptically, "No."  *Id.*

15        After engaging in the above dilatory tactics for over a month, Mr. Jacobson
16   suddenly requested to meet and confer regarding the instant *ex parte* request for a stay
17   and unilaterally scheduled the time and date of the conference.  *See* Blaise Decl. at
18   Exhibit E.  This demand to meet and confer at Mr. Jacobson's chosen time came only
19   one hour and seven minutes after Plaintiff's request for a transcript dated April 14,
20   2023 was entered on the docket in this matter.  *See* Dkt. 425.  It is clear that this is yet
21   another delay tactic by Defendant Cohen.

22        However, the most egregious of Mr. Jacobson's misrepresentations to this Court
23   is his articulation of the substance of the June 1, 2023 call that occurred with Ms. Blaise
24   and Mr. Nitschke on the conference call line.  Given the cryptic nature of Mr.
25   Jacobson's request to meet and confer on the topic of a stay, taken together with not
26   only the continued obstructive behavior of both Defendants but also the asset transfers
27   that previously occurred during the pendency of this proceeding, Ms. Blaise requested
28

PLAINTIFF BEATBOX MUSIC PTY, LTD.'S RESPONSE IN OPPOSITION TO DEFENDANT AND CROSS-CLAIMANT MICHAEL
COHEN AND DEFENDANT MCPC HOLDINGS, LLC'S *EX PARTE* APPLICATION FOR STAY DUE TO MEDICAL PROCEDURE

1    that Mr. Jacobson describe the nature of the procedure, the diagnosis, and the name of

2    the treating physician.  *See* Blaise Decl.; *see also* Declaration of Thomas J. Nitschke

3    ("Nitschke Decl.").

4          Mr. Jacobson refused to provide any of that information and instead began

5    reciting the California Constitution.  *See* Blaise Decl.  Ms. Blaise explained that when

6    she had a medical issue necessitating the re-scheduling of certain depositions in this

7    case in July 2021, she provided doctor's notes to the Defendants in lieu of bringing an

8    *ex parte* application.  *Id.*

9          Ms. Blaise explained that she would need this information to ascertain whether

10   or not it would be likely to be as brief as a stay as Mr. Jacobson represented and whether

11   or not, given the extensive work necessary to be done in this case, the Court might

12   ultimately conclude that the Cohen Defendants potentially needed to obtain new

13   counsel to avoid additional delays, particularly to the extent that such delays further

14   prejudiced the rights of Plaintiff.  *Id.*  Mr. Jacobson still refused to provide any details

15   about the nature of the "procedure" and instead suggested that he provide a letter from

16   a governmental body stating that he cannot fly on airlines.  *Id.*

17         Ms. Blaise indicated that if he would not provide the information necessary for

18   her to make an analysis of prejudice to her client, she would have to oppose his *ex parte*

19   application.   Ms. Blaise was not "vitriolic" and was simply trying to ascertain

20   information that Mr. Jacobson refused to provide.  *See* Nitschke Decl.  Indeed, Mr.

21   Jacobson did not even provide all of the information to Ms. Blaise which he included

22   on his *ex parte* application and in violation of his obligations to meet and confer prior

23   to the filing of an *ex parte* application under L.R. 7-19.  *Id.*  Instead, Mr. Jacobson filed

24   a false account of the conversation that occurred and omitted from his *ex parte* that he

25   refused to provide any information regarding the nature of the procedure, despite

26   placing such information in the public record through his *ex parte* application.

27   Dkt. 428.

28

1   When Ms. Blaise asked him to correct his filing pursuant to his obligations under
2   Rule 11, Mr. Jacobson responded as follows: "You asked what the procedure was, not
3   what it was for. Bless your heart, my good friend." *See* Blaise Decl. at Exhibit F.

4   As a result of the false information contained within Cohen's *Ex Parte*
5   Application and the failure by Mr. Jacobson to correct the same, Mr. Jacobson failed
6   to meet and confer in good faith pursuant to Local Rule 7-19, and Cohen's *ex parte*
7   application should be denied on that basis alone.   Moreover, Cohen's response to
8   Plaintiff's Motion for Entry of Judgment with Prejudgment Interest (Dkt. 427) is due
9   on or before June 12, 2023, and has only ten (10) pages of argument, and is not forty-
10  two (42) pages long as Mr. Jacobson has once again misrepresented to this Court.   In
11  the time that Mr. Jacobson has taken to advance Cohen's *ex parte* application, the
12  response to Plaintiff's Motion for Entry of Judgment with Prejudgment Interest could
13  have been prepared and filed.   Indeed, Mr. Jacobson admits that he continues to be able
14  to provide legal work while awaiting his June 16, 2023 procedure.   *See* Dkt. 428-1,
15  Declaration of Dan Jacobson.   To the extent that this Court elects to grant Defendant
16  Cohen's request, Plaintiff requests for the entry of a firm date to resolve all outstanding
17  scheduling for the remainder of this case, and any other relief this Court deems
18  necessary and just.

19  DATED: June 5, 2023                Respectfully submitted,
20                                     **BEATBOX MUSIC PTY, LTD.**
                                        */s/ Heather L. Blaise*
21                                     HEATHER L. BLAISE, ESQ. (SBN 261619)
22                                     145 S. Wells Street, Suite 1800
                                       Chicago, IL 60606
23                                     Telephone: 312-448-6602
                                       Email: hblaise@blaisenitschkelaw.com
24                                     *Attorney for Plaintiff*
25
26
27
28