Dan Jacobson 134978
dlj@jacobsonlawyers.com
JACOBSON & ASSOCIATES
1352 Irvine Blvd., Suite 205
Tustin, CA   92780
(714) 505-4872

**U.S. District Court for the**

**Central District of California**

| | |
|---|---|
| BEATBOX MUSIC PTY, LTD., | Case #: 2:17-cv-06108-MWF-JPR |
| Plaintiff | Defendants Michael Cohen & MCPC, LLC's Opposition to Plaintiff Beatbox's Motion for Entry of Judgment with Prejudgment Interest |
| v. | |
| LABRADOR ENTERTAINMENT, INC., et al. | Hearing Date: 07/17/23
Courtroom:  5A
Trial Date:   04/19/23 |
| Defendants | Assigned for all purposes to The Honorable Michael W. Fitzgerald, Judge of the Superior Court |
| | Complaint Filed August 17, 2017 |

Comes Now Defendants Michael Cohen and MCPC Holdings, LLC (together the "Cohen parties") to oppose the motion of Plaintiff Beatbox Music Party LTD ("Beatbox") for "Entry of Judgment with Prejudgement Interest."[1]

**I. Introduction**

This memorandum is organized as follows.

I.    First there is this introduction.

II.   ". . . Counsel contemplating the filing of any motion must first

---

[1] Capital letters adjusted

- 1 -

contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution. The conference must take place at least 7 days prior to the filing of the motion." L.R. 7-3.

III. The conditions for changing the law of the case do not exist.

IV. It is hornbook law that District Courts have broad discretion to manage the case before it. *See*, e.g. *Williams v. Tesco Servs* 719 F.3d 968, 975 (court's control of discovery and pretrial orders)

V. This Court's trifurcation plan does not violate the Seventh Amendment and is fair.

VI. Beatbox bases its argument for prejudgment interest on an irrelevant statutory subsection.

VII. The verdict assessed nothing against MCPC Holdings, LLC.

VIII. No interest should be assessed against these opposing parties.

IX. Conclusion.

II. **". . . Counsel contemplating the filing of any motion must first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution. The conference must take place at least 7 days prior to the filing of the motion." L.R. 7-3.**

"[F]ailure to meet and confer prior to filing motions constitutes grounds for denial of a motion or imposition of other monetary or non-monetary sanctions." *English v. Estes Express Lines* 5:16-cv-01353-CAS(SKx), 2017 U.S. Dist. LEXIS 193652 *, n. 2. Beatbox's counsel's muddled emails, mixing various messages on different topics, should not be held as compliance or an attempt to comply with L.R. 7-3.

*How Beatbox's counsel failed to comply with L.R. 7-3*:

Here's a view in the light of day of Beatbox's counsel's claimed attempt to comply with L.R. 7-3.

Defendants Michael Cohen and MCPC, LLC's Opposition to Plaintiff Beatbox's
Motion for Entry of Judgment with Prejudgment Interest

Beatbox's counsel's two 04/29/23 email and one 05/03/23 email[2] make no mention of the instant motion. Declaration of Heather Blaise.

Beatbox's counsel's 05/05/23 email confusingly mentions meeting & conferring regarding the instant motion *and two other motions*. Were we to meet & confer about the filed motion **and** the ephemeral motions? In a 05/11/23 counsel mentions some other ephemeral motion.[3]

In a May 2, 2023 email counsel did mention the instant motion, but did so in a way that communicated that the filing of the motion was a foregone conclusion, thus the meet & confer would be only proforma. "Please let me know your availability to meet and confer regarding my intent to file a motion for entry of judgment."

Beatbox's counsel argues that there was a meet and confer re the instant motion on 05/12/23 at 1:00 p.m. But, as an "addendum" to a sum-up of the supposed meet and confer, the Cohen parties' lawyer said in an email to all counsel, "As you'll recall, I had told everyone prior to our phone call (1:00 p.m. on 05/12/23) that at with [sic] the time chosen by Beatbox's counsel I would only be able to stay on the line 15 minutes as I had a Zoom hearing [in San Diego Superior Court] at 1:30." Declaration of Heather Blaise Ex. "B," p. 3. Indeed, the Cohen parties' lawyer was therefore afforded only a short time to talk to the other parties' lawyers, before having to ring off, and attend (virtually) the hearing at the Vista branch of the San Diego Superior Court. A "meet & confer", at a time chosen by the moving party, in which one of the meeters and conferrers had previously announced that he could only attend 15 minutes of the conference, is inherently not a real meet and confer.

So, Beatbox has attempted to carry its burden of proving a meet & confer regarding the instant motion with and by (a) three emails that don't mention the instant

---

[2] Please note a comment in this email may refer to another email that cryptically references a meet and confer

[3] Although in the Notice of Motion no 05/11/23 email is mentioned; there is mention of a 05/12/23, that this author can't find. Maybe a typo.

motion,[4] (b) an email about the instant motion and two disappeared or non-existent motions, and (c) one email about another disappeared or non-existent motion.

*Mediator issue*:

Just prior to the creation of this brief, the respective attorneys for Beatbox and the Cohen parties have signed a stipulation for Paul Carter to mediate this case. But, before that recent development the "score" in the mediation selection process was as follows:

| Beatbox | : | Suggested **one** mediator |
|---|---|---|
| The Labrador parties | : | Suggested **seven** mediators |
| The Cohen parties | : | Suggested **three** mediators, and that the parties accept Judge Fitzgerald's invitation to ask Judge Rosenbluth to mediate this case |

Further, on at least **four** occasions the Cohen parties' attorney emailed to the attorneys for all parties, a suggestion that we utilize a traditional Southern California method for mediator selection. He did so in exactly or nearly exactly these words, *No one ever replied*. "At least in Southern California, the time honored and successful method of selecting a mediator or arbitrator is for each part[y] [sic] to write down the names of three or five mediators, then the parties exchange their respective lists at a particular time. Each party can nix one or two of the names on the other parties' lists, depending on whether each list has three or five names."[5] Declaration of Heather Blaise Exs. "A", "C", & "D".

**III. The conditions for changing the law of the case do not exist**.

Beginning at 6:7 of Beatbox's Ps & As, Beatbox goes back to when the Court decided to trifurcate the instant case, and Beatbox tries to re-litigate the issue.

---

[4] One of those emails may impliedly mention this motion by referencing another email. It's confusing.

[5] The last time I did this was in a two-party mandatory arbitration case. *Two* of the potential arbitrators were on <u>both</u> lists.

"Labrador's argument in favor of trifurcation . . . ." But, "[t]he law of the case doctrine . . . [states,] 'when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.'" *United States v. Park Place Plaza* 563 F.3d 907, 927, citing and quoting *Arizona v. California*, 460 U.S. 605, 618 (1983). "Under the [Federal law of the case] doctrine, a court is generally precluded from reconsidering an issue previously decided by the same court . . . in the identical case." *Lower Elwha Band of S'Klallams v. Lummi Indian Tribe,* 235 F.3d 443, 452 (9th Cir. 2000). However, the law of the case doctrine is discretionary. *United States v. Lummi Nation* 763 F.3d 1180, 1185 (9th Cir. August 19, 2014.) Would tampering with the Court's trifurcation ruling abuse that discretion?

At 6:8-6:11 of Beatbox's brief Beatbox says that the following were "contemplated" when the Court decided to order this case into phases 1-3. (1) There can be a Bench trial on remaining legal issues.[6] (2) There can be a bench trial "for claims of Labrador against Cohen" [and of course, vice versa].[7] (3)[8] We would know who would prevail on the phase 1 issues.[9]

Moments before the jury returned its verdict on the morning of the 2nd day of deliberation, the Court correctly affirmed its decision to trifurcate. "I will say now while we all are in a state of ignorance that regardless of what the verdict is, I think the wisdom of separating out the issues into three buckets has been shown, because the jury obviously felt that it was focused on what the specific issues were in this case." Declaration of Dan Jacobson Ex. "A", Court Reporter Amy Diaz's rough draft of the

---

[6] Not only was this known at the time that the Court granted trifurcation, there can still be such. in fact the Cohen parties think that this would be good idea, especially if the trial is oo briefs, with short closing arguments on a law and motion calendar.

[7] Just as with the previous issue, this was known at the time that the Court granted trifurcation, and such a trial can still take place; and, the Cohen parties think that this would be an efficious and good idea.

[8] Listed as (4) in Beatbox's Ps & As.

[9] It is self-evident that it was not known who would prevail in phase 1, at the time of ordering trifurcation.

- 5 -

transcript from 04/27/23, p:1 lines 13-18.

The Court was right then, and it would be wrong to go against its trifurcation decision now.

### IV. It is hornbook law that District Courts have broad discretion to manage the case before it *See*, e.g. *Williams v. Tesco Servs* 719 F.3d 968, 975 (court's control of discovery and pretrial orders)

The entry of judgment, and whether to do so when a thoughtful plan calls for such is manifestly within the District Court's discretion. In this case that thoughtful plan called, and calls for inter alia, "ruling on outstanding discovery issues" before entering judgment. Beatbox's Ps & As, 5:20-25, whereat Beatbox quotes the transcript from Dkt. 425 at 9:21-9:22 and at 11:17-11:23. Yet, Beatbox has made no apparent move (other than an apparent email communication) to do anything on those "outstanding discovery issues."

In fact, it is the Court that had to issue the following OSC in order to get those issues resolved. On 06/20/23 the Court ordered, "Beatbox is ORDERED to show cause, in writing, why it should be permitted to subpoena Defendants' financial institutions by Monday, July 3, 2023."

The Court is using its broad discretion to make trifurcation work. But, Beatbox has to cooperate by obeying the OSC, and explaining "why it should be permitted to subpoena Defendants' financial institutions." And, the defense parties should file thoughtful responses. The Court's broad discretion to manage this case should not be interrupted. The wisdom shown by trifurcation will produce a whole and appropriate judgment.

### V. This Court's trifurcation plan does not violate the Seventh Amendment and is fair

In its Seventh Amendment argument against the already-decided trifurcation plan, Beatbox cites *Gasoline Prod. Co. v. Champlain Ref. Co.,* 283 U.S. 494, 499 (1931). However, the author of this memorandum cannot find the *Gasoline Prod. Co.* quotation presented by Beatbox. But, the paragraphs in Beatbox's Ps & As generally

say that trifurcation is allowed when it is well thought-out, especially if that thinking leads the jury concentration on a particular issue. Beatbox's Ps & As 6:7-7:17. That's what the Court did in this case. It chose to use its discretion to implement a well thought-out trifurcation plan that concentrated the jury on the issue of breach.

However, at the bottom of page 7 it all falls apart. *Without citation* Beatbox argues, "However, a bifurcation undermines the guarantees of the Seventh Amendment when following a complete victory on a jury verdict Plaintiff is unfairly prejudiced and delayed from enforcing its verdict because of the remaining issues that the Court found to be not sufficiently intertwined to deny Labrador's request to bifurcate." Beatbox's Ps & As, 7:26-8:4.

### VI. Beatbox bases its argument for prejudgment interest on an irrelevant statutory subsection.

Beatbox begins its Ps & As argument that Beatbox is entitled to prejudgment interest from the time of breach at 10:18. But, it does so using an inapplicable subsection of Civil Code § 3287. That inapplicable subsection is § 3287(a). As that subsection is inapplicable, Beatbox's argument fails. The inapplicable Civil Code § 3287(a) says, "A person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in the person upon a particular day, is entitled also to recover interest thereon from that day . . . ."[10]

Here's why Civil Code § 3287(a) is not applicable. In order for § 3287(a) to apply the creditor must be entitled to "damages certain," or the damages must be "capable of being made certain by calculation."

---

[10] In attempting to use Civil Code § 3287(a) Beatbox makes because what individually may be considered "typos", but together confuse the reading and make it hard to find and read than it should be. (1) Beatbox cites only to Civil Code § "3287," (10:22 &10:25-26) without citing to subsection (a), leaving the reader to search subsections (a), (b), & (c) for what Beatbox might be referencing; (2) that search is made difficult because subsection (a), which is what the Cohen parties think is the citation meant by Beatbox begins, "A person," while the supposed Beatbox citation begins, "Every person," (10:23) which is actually the beginning of subsection (b); and, (3) Beatbox unnecessarily replaces the Code's "vested in the person upon a particular day" with "vested in [it] upon a particular day."

"Words used in a statute . . . should be given the meaning they bear in ordinary use." *Lungren v. Deukmejian* 45 Cal. 3d 727, 735 (1988). Of course that "ordinary use" can be found in case law; but, it can also be found in an ordinary dictionary. *Scott v. Continental Insurance Company* 44 Cal.App.4th 24, 29-30 (1996).

A plain reading of the above statutory law is explained in well-established case law. *Axell v. Axell* 114 Cal. App. 2d 248 says at 255 that *Lineman v. Schmid,* 32 Cal.2d. 204 (1948) states that "traces the history of the application of section 3287 in determining when interest is allowable for breach of contract, reviews many cases on the subject and approves the rule as stated in *Cox v. McLaughlin*, 76 Cal. 60." Referring to the *Cox* decision, the *Lineman* Court said, "If damages were not susceptible to ascertainment, either by computation from the contract or from established market rates interest was not allowable until the amount due had been determined by judicial process." *Lineman*, <u>supra</u> at 209-210.

The *Beatbox* Court ruled that Beatbox was a 3rd party beneficiary of the Mr. Cohen/Labrador 02/14/08 contract. A true and correct copy of that contract is attached to the Declaration of Dan Jacobson at Ex. "B". The base damages in *Beatbox* apparently deal with a judgment against Beatbox obtained in New Zealand. Beatbox did not include any proof of those damages in the record of the instant motion. But, it is self-evident that par. 2 ("Payment") or any other part of the 02/14/08 Mr. Cohen/Labrador contract provides no way to ascertain or compute the damages. It is also self-evident that the amount of damages suffered by the plaintiff in the New Zealand case probably depend on things like sales or the lack thereof of the *Lose Yourself*, and maybe other things that not included in the instant record.

Since Civil Code § 3287(a) requires damages to be, "certain, or capable of being made certain by calculation" and such is not the case for the 3rd party beneficiary (Beatbox) of the Mr. Cohen/Labrador 02/14/08 contract, the subsection on which Beatbox relies for its prejudgment interest is inapplicable. Thus, Beatbox's entire § 3287(a) discussion on vesting and when vesting occurs is irrelevant (as vesting is a

word inherent and applicable to § 3287(a), not the subsection that actually applies).

That subjection is Civil Code § 3287(b), which says, "Every person who is entitled under any judgment to receive damages based upon a cause of action in contract where the claim was unliquidated, may also recover interest hereon from a date prior to the entry of judgment as the court also may, its discretion, fix, but in no event earlier than the date the action was filed."

That Beatbox's claim against Mr. Cohen was unliquidated is unquestionable. Recall, the ordinary use of a word can be provided a general dictionary *Scott,* supra 44 Cal.App.4th 24, 29-30 (1996). "Unliquidated" means "not calculated or established as a specific amount." https://www.merriam-webster.com/.

### VII.   The verdict assessed nothing against MCPC Holdings, LLC.

The verdict assesses nothing against MCPC, and MCPC was not part of the subject contract. Thus, nothing should be assessed against MCPC.

### VIII.   Beatbox should be awarded no interest.

The *Beatbox* complaint was filed on 08/22/17. So, the running of interest cannot start before then; and, the date doesn't have to and shouldn't start now. The statute says that every person entitled to a contract judgment "**may**[11] also recover interest." No interest is mentioned in the 02/14/08 Mr. Cohen/Labrador contract, the contract to which Beatbox is as a 3rd party beneficiary. But, element (3) of California's new test for who or what is a 3rd party beneficiary argues for no judgment to be assessed against Mr. Cohen.

That third element is, "whether permitting a third party to bring its own breach of contract action against a contracting party is consistent with the objectives of the contract and the reasonable expectations of the contracting parties." *Goonewardene v. ADP,* 6 Cal. 5th 817, 830 (2019). To state the obvious the Mr. Cohen/Labrador contract was between Mr. Cohen and Labrador. Beatbox had nothing to do with it. If no interest

---

[11]   Capital letters adjusted

was "consistent with the objectives . . . and the reasonable expectations of the contracting parties [Mr. Cohen & Labrador]," then surely *adding* interest for a 3rd party beneficiary "is [not] consistent with the objectives of the contract."

### IX. Conclusion.

No interest should be assessed against Mr. Cohen and MCPC because:

a. Beatbox failed to meet & confer before filing the instant motion.
b. The conditions for changing the law of the case do not exist.
c. The Court has broad discretion to manage its cases.
d. This Court's trifurcation plan does not violate the Seventh Amendment and is fair.
e. Beatbox bases its argument for prejudgment interest on an irrelevant statutory subsection.
f. The verdict assessed nothing against MCPC Holdings, LLC.
g. *Goonewardene*'s 3rd element prevents interest to be assessed against these opposing parties.

DATED: 06/23/23                               **JACOBSON & ASSOCIATES**

_____
Dan Jacobson, Attorney for
Michael Cohen & MCPC
Holdings, LLC

Defendants Michael Cohen and MCPC, LLC's Opposition to Plaintiff Beatbox's
Motion for Entry of Judgment with Prejudgment Interest